Hearing Date and Time:  May 25, 2021 at 10:00 a.m. (Eastern Time)
Response Deadline:  May 17, 2021 at 4:00 p.m. (Eastern Time)

THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN BALLOTS SUBMITTED IN
CONNECTION WITH THE ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM.  PARTIES
RECEIVING THIS NOTICE OF THE DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR BALLOT(S)
ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO
DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S). IF YOU HAVE
QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MICHAEL T. BUSCHMANN, ESQ., AT (212) 310-
8016.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

## NOTICE OF HEARING ON DEBTORS' TWENTY-EIGHTH
## OMNIBUS OBJECTION TO BALLOTS (DUPLICATE CLAIMS)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that, on April 26, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Twenty-Eighth Omnibus Objection to Ballots (Duplicate Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and expunge, in full or in part, one or more proofs of ballots filed in connection with the Administrative Expense Claims Consent Program[2] listed on **Exhibit A** annexed to this Notice (the "**Ballots**"), on the ground(s) that such Ballot(s) are duplicative of one or more Ballots(s) asserted against the Debtors in the Administrative Expense Claims Consent Program, as identified on **Exhibit A**.  **Any Ballot(s) that the Bankruptcy Court disallows and expunges will be treated as if it had not been filed and the holder of such Ballot(s) will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed to this Notice as **Exhibit B**, shall apply and govern the Objection.  The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods.  Therefore, please review the Claims Hearing Procedures carefully.  Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Ballot(s) without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the disallowance and expungement of its applicable Ballot(s) as listed on **Exhibit A** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the disallowance and expungement of its applicable Ballot(s) as listed on **Exhibit A** annexed hereto, then Claimant MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **May 17, 2021, at 4:00 p.m.  (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at <u>www.nysb.uscourts.gov</u>), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No.

---

[2]  As defined in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5139)) (the "**Plan**"), as applicable.

405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

   **PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Ballot; (iii) a concise statement setting forth the reasons why the Ballot should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Ballot, to the extent not included with the Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Ballot on Claimant's behalf.

   **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein.  A Response will be deemed timely filed, served, and received only if the original Response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D.  Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

   **PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **July 15, 2020, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**").  If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Claim(s), then the Hearing on the Objection with respect to such Claim(s) will be held at a later date.  If the Debtors do not continue the Hearing with respect to such Claim(s), then a Hearing on the Objection will be conducted on the above date.

   **PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection with respect to the Ballots listed on **<u>Exhibit A</u>** hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **<u>Exhibit B</u>** to the Objection, which order may be entered without further notice or opportunity to be heard.

   **PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Ballots listed on **<u>Exhibit A</u>**, the Debtors retain the right to object on other grounds to the

Ballots (or to any other Ballot(s) Claimant may have submitted) at a later date.  Claimant will receive a separate notice of any such objection(s).

   **PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

   **PLEASE TAKE FURTHER NOTICE** that any responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

   **PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.  **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated:  April 26, 2021
   New York, New York

      */s/ Garrett A. Fail*
      Ray C. Schrock, P.C.
      Jacqueline Marcus
      Garrett A. Fail
      Sunny Singh
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York  10153
      Telephone:  (212) 310-8000
      Facsimile:  (212) 310-8007

      *Attorneys for Debtors*
      *and Debtors in Possession*

## Exhibit A

**Duplicate Ballots**

**Debtors' Twenty-Eighth Omnibus Objection to Claims**
**Exhibit 1 - Duplicate Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | Ballots to be Disallowed | | | Surviving Ballots | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Asserted Ballot Amount | | Surviving Ballot No. | Asserted Ballot Amount |
| 1. | Centra Marketing & Communications LLC | 182353801042443 | $3,250.00 | Centra Marketing & Communications LLC | 182353801042444 | $3,250.00 |
| 2. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016149 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 3. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016150 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 4. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016151 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 5. | Continental Tire The Americas, LLC | 182353801040091 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 6. | Continental Tire The Americas, LLC | 182353801040092 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 7. | Continental Tire The Americas, LLC | 182353801040093 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 8. | Crown Equipment Corporation | 182353801042762 | $276,782.78 | Crown Equipment Corporation | 182353801042763 | $276,782.78 |
| 9. | PACIFIC IMPORTS IND | 182353801019699 | $3,782.92 | PACIFIC IMPORTS IND | 182353801019701 | $3,785.92 |
| 10. | Resilion, LLC | 182353801040644 | $250,013.89 | Resilion, LLC | 182353801040645 | $250,013.89 |
| 11. | RETAIL CONTRACTING SERVICE INC | 182353801040649 | $67,272.74 | RETAIL CONTRACTING SERVICE INC | 182353801040650 | $67,272.74 |
| 12. | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America, Inc. | 182353801041707 | $430,139.14 | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America, Inc. | 182353801041708 | $430,139.14 |
| 13. | VARIETY ACCESSORIES LLC | 182353801021010 | $7,879.20 | VARIETY ACCESSORIES LLC | 182353801021011 | $7,879.20 |

## Exhibit B

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re                                                       :          **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,     :          **Case No. 18-23538 (RDD)**
                                                            :
         **Debtors.**[1]                                  :          **(Jointly Administered)**

------------------------------------------------------------- x

## <u>COURT-ORDERED CLAIMS HEARING PROCEDURES</u>

         The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## <u>Claims Hearing Procedures</u>

1.       Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.       The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive, Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]  Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

   (i)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

   (ii)      For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as <u>**Exhibit 2**</u> (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.      Discovery with respect to a Contested Claim will not be permitted until either:  (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.      **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

**Hearing Date and Time:  July 15, 2020 at 10:00 a.m. (Eastern Time)**
**Response Deadline:  June 30, 2020 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al*., | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

--------------------------------------------------------------x

## DEBTORS' TWENTY-EIGHTH OMNIBUS
## OBJECTION TO PROOFS OF CLAIM (DUPLICATE BALLOTS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

THIS THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN BALLOTS SUBMITTED IN CONNECTION WITH THE ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM.  PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR BALLOT(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, MICHAEL T. BUSCHMANN, ESQ., AT (212) 310-8016.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

**Background**

1.    Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.    On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement* Among *Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors'*

2

*Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.      On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").[2]

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4390) (the "**Disclosure Statement**").

## Jurisdiction

7.      This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order, substantially in the form annexed hereto as **Exhibit B** (the "**Proposed Order**"), disallowing and expunging, as applicable, the ballots filed in the Administrative Expense Claims Consent Program listed on **Exhibit A** annexed hereto, under the column heading *"Ballots to be Disallowed"* (the "**Duplicate Ballots**").

9.      The Debtors have examined the Duplicate Ballots, all documentation provided with respect to each Duplicate Ballots, and the Debtors' respective books and records, and have determined in

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Confirmation Order.

each case the Duplicate Ballots are duplicative, either in whole or in part, of at least one corresponding claim identified under the heading "*Surviving Ballots*" on **Exhibit A** (the "**Surviving Ballots**").

10.     This Objection does not affect any of the Surviving Ballots and does not constitute an admission or acknowledgement by the Debtors that any such claims should be allowed.  Unless the Surviving Ballots was previously allowed, the Debtors preserve their rights to later object on any basis to any Surviving Ballots and to any Duplicate Ballots as to which the Bankruptcy Court does not grant the relief requested herein.

## The Duplicate Claims Should Be Disallowed and Expunged

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Further, Bankruptcy Rule 3007(d) permits the Debtors to file objections to more than one claim on the basis that, among other things, such claims "duplicate other claims."  Fed. R. Bankr. P. 3007(d)(1).

13.     The Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 892 (Bankr.

S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

This Bankruptcy Court routinely disallows and expunges duplicative claims filed against the same debtor.

*See, e.g. In re Tops Holding II Corporation*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 11, 2019)

(ECF No. 880) (disallowing and expunging duplicative claims); *In re Ezra Holdings Ltd.*, Case No. 17-

22405 (RDD) (Bankr. S.D.N.Y. Sept. 10, 2018) (ECF No. 464) (same); *In re 21st Century Oncology

Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. Apr. 27, 2018) (ECF No. 1078) (same); *In

re The Great Atlantic & Pacific Tea Company, Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Sept.

1, 2016) (ECF No. 3161) (same); *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y.

Jan. 21, 2015) (ECF No. 1354) (same); *In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Bankr.

S.D.N.Y. Sept. 18, 2013) (ECF No. 702) (same); *In re Hostess Brands, Inc.*, Case No. 12-22052 (RDD)

(Bankr. S.D.N.Y. Dec. 5, 2012) (ECF No. 1886) (same); *In re Delphi Corporation*, Case No. 05-44481

(RDD) (Bankr. S.D.N.Y. June 29, 2007) (ECF No. 8442) (same).

14.    The Debtors have determined that each Duplicate Ballot is duplicative, either in

whole or in part, of the applicable Surviving Ballot because the Duplicate Balot either (i) was filed by or

on behalf of the same claimant against the same Debtor for a liability arising from identical bases, even

though the ballots are otherwise not exact duplicates, (ii) asserts the same liability arising from identical

bases against multiple Debtors that can only be properly asserted, if at all, against one Debtor, and in

particular the Debtor listed in the Surviving Ballot, or (iii) when aggregated with other Duplicate Ballots,

asserts a total claim in the same amount, against the same Debtor, and arising from an identical basis as

the corresponding Surviving Claim.

15.    To avoid the possibility of multiple recoveries by the same creditor, the Debtors

request that the Bankruptcy Court disallow and expunge in their entirety the Duplicate Ballots as indicated

in **Exhibit A**.  The Surviving Ballots will remain a part of the Debtors' Administrative Expense Claims

Consent Program, subject to pending and further objections.

16.     Accordingly, the Debtors seek entry of the Proposed Order disallowing and expunging in their entirety the Duplicate Ballots as indicated in **Exhibit B**.

## **Reservation of Rights**

17.     The Debtors hereby reserve the right to object in the future to any of the Ballots subject to this Objection (including the Duplicate Ballots and the Surviving Ballots) on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted. A separate notice and hearing will be scheduled for any such objection.

## **Notice**

18.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated:  April 26, 2021
New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Duplicate Ballots**

**Debtors' Twenty-Eighth Omnibus Objection to Claims**                                    **In re: Sears Holdings Corporation, et al.**
**Exhibit 1 - Duplicate Claims**                                                          **Case No. 18-23538 (RDD)**

| | Ballots to be Disallowed | | | Surviving Ballots | | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Asserted Ballot Amount | | Surviving Ballot No. | Asserted Ballot Amount |
| 1. | Centra Marketing & Communications LLC | 182353801042443 | $3,250.00 | Centra Marketing & Communications LLC | 182353801042444 | $3,250.00 |
| 2. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016149 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 3. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016150 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 4. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016151 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 5. | Continental Tire The Americas, LLC | 182353801040091 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 6. | Continental Tire The Americas, LLC | 182353801040092 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 7. | Continental Tire The Americas, LLC | 182353801040093 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 8. | Crown Equipment Corporation | 182353801042762 | $276,782.78 | Crown Equipment Corporation | 182353801042763 | $276,782.78 |
| 9. | PACIFIC IMPORTS IND | 182353801019699 | $3,782.92 | PACIFIC IMPORTS IND | 182353801019701 | $3,785.92 |
| 10. | Resilion, LLC | 182353801040644 | $250,013.89 | Resilion, LLC | 182353801040645 | $250,013.89 |
| 11. | RETAIL CONTRACTING SERVICE INC | 182353801040649 | $67,272.74 | RETAIL CONTRACTING SERVICE INC | 182353801040650 | $67,272.74 |
| 12. | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America, Inc. | 182353801041707 | $430,139.14 | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America, Inc. | 182353801041708 | $430,139.14 |
| 13. | VARIETY ACCESSORIES LLC | 182353801021010 | $7,879.20 | VARIETY ACCESSORIES LLC | 182353801021011 | $7,879.20 |

## **Exhibit B**

## **Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                          :        **Chapter 11**
                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,      :        **Case No. 18-23538 (RDD)**
                                               :
        **Debtors.**[1]                        :        **(Jointly Administered)**
---------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE BALLOTS)

Upon the *Debtors' Twenty-Eighth Omnibus Objection to Proofs of Claim (Duplicate Ballots)*, filed April 26, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Duplicate Ballots, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief

requested in the Objection having been provided, and it appearing that no other or further notice need be

provided in accordance with the Amended Case Management Order; and such notice having been adequate

and appropriate under the circumstances, and it appearing that other or further notice need be provided;

and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on May

25, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before

the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set

forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient

cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each

claim listed on **<u>Exhibit 1</u>** annexed hereto, under the heading "*Ballots to be Disallowed*" (the "**Duplicate**

**Ballots**"), is disallowed in its entirety and each such Duplicate Ballot shall be deemed set at $0 for

purposes of the Administrative Expense Claims Consent Program, and no distributions shall be made to

Non-Settled Administrative Expense Claims on behalf of the Duplicate Ballot.

3.      The disallowance of the Duplicate Claims does not constitute any admission or

finding concerning any of the claims listed on **<u>Exhibit 1</u>** annexed hereto, under the heading "*Surviving*

*Ballots*" (the "**Surviving Ballots**"), and the Surviving Ballots are neither allowed nor disallowed by this

Order.

4.      The rights of the Debtors to object to the Surviving Ballots, in whole or in part, and

on any basis, are specifically preserved.

5.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Duplicate Ballots referenced or identified in the Objection that is not listed on **Exhibit 1**.

6.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court, as applicable, are authorized to take all actions necessary or appropriate to give effect to this Order.

7.      The terms and conditions of this Order are effective immediately upon entry.


Dated:   _____, 2021
            White Plains, New York


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Duplicate Ballots**

**Debtors' Twenty-Eighth Omnibus Objection to Claims**
**Exhibit 1 - Duplicate Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | Ballots to be Disallowed | | | Surviving Ballots | |
|---|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Asserted Ballot Amount | | Surviving Ballot No. | Asserted Ballot Amount |
| 1. | Centra Marketing & Communications LLC | 182353801042443 | $3,250.00 | Centra Marketing & Communications LLC | 182353801042444 | $3,250.00 |
| 2. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016149 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 3. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016150 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 4. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016151 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 5. | Continental Tire The Americas, LLC | 182353801040091 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 6. | Continental Tire The Americas, LLC | 182353801040092 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 7. | Continental Tire The Americas, LLC | 182353801040093 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 8. | Crown Equipment Corporation | 182353801042762 | $276,782.78 | Crown Equipment Corporation | 182353801042763 | $276,782.78 |
| 9. | PACIFIC IMPORTS IND | 182353801019699 | $3,782.92 | PACIFIC IMPORTS IND | 182353801019701 | $3,785.92 |
| 10. | Resilion, LLC | 182353801040644 | $250,013.89 | Resilion, LLC | 182353801040645 | $250,013.89 |
| 11. | RETAIL CONTRACTING SERVICE INC | 182353801040649 | $67,272.74 | RETAIL CONTRACTING SERVICE INC | 182353801040650 | $67,272.74 |
| 12. | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America, Inc. | 182353801041707 | $430,139.14 | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America, Inc. | 182353801041708 | $430,139.14 |
| 13. | VARIETY ACCESSORIES LLC | 182353801021010 | $7,879.20 | VARIETY ACCESSORIES LLC | 182353801021011 | $7,879.20 |