IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | ) | |
| | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors[1]. | ) | (Jointly Administered) |

### FIFTH SUPPLEMENTAL DECLARATION OF FTI CONSULTING IN SUPPORT OF THE APPLICATION AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>NUNC PRO TUNC TO OCTOBER 25, 2018</u>

Pursuant to 28 USC Section 1746, Matthew Diaz declares as follows:

1. I, Matthew Diaz am a Senior Managing Director with FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI"), an international consulting firm. I submit this declaration (the "Supplemental Declaration") to supplement the prior declarations of Samuel E. Star and the undersigned that were submitted in connection with FTI's retention in these

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

chapter 11 cases. Unless otherwise noted, I have personal knowledge of the facts set forth herein.[2]

2. On October 15, 2018, the above-captioned debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On December 6, 2018, the Official Committee of Unsecured Creditors (the "Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed an application to retain FTI as its financial advisor (the "Application"). In support of the Application, FTI filed a declaration (the "Original Declaration") executed by Samuel E. Star on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code. On December 19, 2018, the Court entered an order authorizing the retention of FTI as financial advisor to the Committee (the "Retention Order"). On February 13, 2019, FTI filed a supplemental declaration executed by Samuel E. Star on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code [Docket No. 2577] (the "First Supplemental Declaration"). On January 13, 2020, FTI filed a supplemental declaration executed by Samuel E. Star on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code [Docket No. 6334] (the "Second Supplemental Declaration"). On September 1, 2020, FTI filed a supplemental declaration executed by the undersigned on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code [Docket No. 8412] (the "Third Supplemental Declaration"). On January 8, 2021, FTI filed a supplemental declaration executed by Samuel E. Star on behalf of FTI in accordance with the applicable sections of the Bankruptcy

---

2. Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

2

Code [Docket No. 9219] (the "Fourth Supplemental Declaration," and collectively with the First, Second, Third, and Fourth Supplemental Declarations, the "Prior Declarations").

4. In connection with the preparation of the Original Declaration, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. As noted in the Original Declaration, it is FTI's policy and intent to update its ongoing relationship search during these proceedings.

5. To this end, I wanted to disclose that FTI Technology Consulting LLC ("FTI Technology"), a wholly-owned subsidiary of FTI that provides technology-related and other e-discovery services, has been engaged by Adobe Systems Inc. (the "FTI Technology Engagement") to provide e-discovery services, including document collection, processing, hosting, production, analytics and predictive coding workflows, in connection with an adversary proceeding styled *Kmart Holding Corporation v. Adobe Inc. fdba Adobe Systems Incorporated*, Adv. Pro. No. 20-06530-RDD (the "Adversary Proceeding"), where Adobe Systems Inc. is a defendant to an action prosecuted by a Debtor. The services to be provided under the FTI Technology Engagement do not include making any assessment regarding the claims asserted in the Adversary Proceeding, including their validity or value.

6. To maintain the confidentiality of the client information in connection with FTI's engagement on behalf of the Committee (the "FTI Committee Engagement"), FTI will protect the client information through the use of its information wall procedures. In conjunction with the foregoing, FTI has established and will maintain the following internal procedures: (i) each FTI professional on the FTI Committee Engagement ("FTI Committee Professionals") and on the FTI Technology Engagement ("FTI Technology Professionals") shall acknowledge in writing

that he or she may receive certain nonpublic information and that he or she is aware of the information wall in effect and will follow the information wall procedures therein; (ii) FTI Committee Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to Committee activities or Committee membership with FTI Technology Professionals, and FTI Technology Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to the FTI Technology Engagement or the Adversary Proceeding, with FTI Committee Professionals, except that a good-faith communication of publicly-available information shall not be presumed to be a breach of the obligations of FTI or any FTI Committee Professionals or FTI Technology Professionals under such information wall procedures; (iii) FTI is setting up electronic internal security walls to ensure that only FTI employees involved directly with or working on the FTI Committee Engagement may have access to the information, databases, e-mails, schedules or any other information relating to that engagement; (iv) FTI shall periodically monitor, consistent with its ordinary course compliance practice, communications through electronic means among FTI Committee Professionals and FTI Technology Professionals to ensure that such exchanges are performed in a manner consistent with the information wall procedures; (v) FTI shall immediately disclose to Committee counsel and the United States Trustee any material breaches of the procedures described herein. If FTI ceases to act as advisor to the Committee, it will continue to follow the procedures set forth above until the later of (x) the date on which the Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors becomes effective by its terms and (y) the date a judgment is entered in the Adversary Proceeding or the Adversary Proceeding is otherwise settled or dismissed.

7. As such, to the best of my knowledge, FTI continues to not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct

Executed this 4th day of May, 2021

                                              */s/ Matthew Diaz*

                                              Matthew Diaz