Hearing Date and Time: May 25, 2021 at 10:00 am

**THE SARACHEK LAW FIRM**
Joseph E. Sarachek, Esq. (NY Bar #2163228)
670 White Plains Road – Penthouse
Scarsdale, NY. 10583
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** <br><br> **SEARS HOLDING CORPORATION,** *et al.*[1]**,** <br><br> **Debtors.** | **Chapter 11** <br><br> **Case No. 18-23538 (RDD)** <br><br> **(Jointly Administered)** |

**OBJECTION OF MIEN CO. LTD., FUZHOU FUSHAN PNEUMATIC CO., LTD., A&A (HK) INDUSTRIAL LTD., VOGUE TEX, GIZA SPINNING AND WEAVING, WING HING, HELEN ANDREWS, LTD, SAMIL SOLUTIONS, SHANGHAI FOCHIER, MINGLE FASHION, AND ESJAY INTERNATIONAL TO MOTION OF DEBTORS TO AMEND TERMS OF ENGAGEMENT OF PREFERENCE FIRMS**

TO:  THE HONORABLE ROBERT D. DRAIN
     UNITED STATES BANKRUPTCY JUDGE

Mien Co. Ltd., Fuzhou Fushan Pneumatic Co., Ltd., A&A (Hk) Industrial Ltd., Vogue Tex, Giza Spinning And Weaving, Wing Hing, Helen Andrews, Ltd, Samil Solutions, Shanghai Fochier, Mingle Fashion, And Esjay (the "Objecting Parties"), by and through their undersigned counsel, The Sarachek Law Firm, hereby file this objection (the "Objection") to the *Motion of Debtors*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*to Amend Terms of Engagement of Preference Firms* (the "Motion") [Dkt. 9469].  In support of the Objection, the Objecting Parties state as follows:

## STATEMENT

1. The Debtors have filed the Motion with this Court seeking to modify the terms of engagement letters with various preference firms because these law firms are not being paid enough money to collect on potential preferences.  The Motion asserts that the preference cases are much more complicated than the law firms anticipated at the outset, and therefore more work is involved.  The Objecting Parties urge the Court to deny this Motion and stop the madness that has plagued this case.  The body of the Motion fails to clearly delineate the existing fee arrangements and the proposed new fee arrangements and provides no sworn testimony for this Court to rule.

2. To date, the law firms involved with preference suits have only collected $16 million.  There is a reason for this lethargic collection rate on preferences, and it is not the Debtors' books and records.  The reason preference recovery is so poor is that it was the Debtors' ordinary course of business to pay vendors late.  Therefore, vendors have valid defenses to the majority of the Debtors preference actions.

3. There is an $80 million hole in the Debtors estate which must be closed in order to pay secured and administrative creditors and for the Debtors plan to go effective.  See *Sears Holdings Status Update Presentation to the Court* dated April 27, 2021 [Dkt. 9445].  In paragraphs 15 and 16 of the Motion, the Debtors provides a repricing proposal that illustrates the likely additional recovery on preference suits. Taking the mid-range illustrated in Tier 3, one could surmise that the Debtors are looking at recovering between $17,457,784 and $26,186,676 over the next year.  This additional recovery will provide limited incremental distribution to creditors.  Simply put, granting the relief sought in the Motion will not close the hole.

4.      The Objecting Parties are part of a group of Administrative Creditors who are owed approximately $70 million.  The Objecting Parties have either opted into the Administrative Consent Program or accepted non-opt out status which limits their recovery to 75% or 80% of their allowed administrative expense claims, respectively.  To date, they have only been paid 28.7% of their claims.  They object to the relief sought in the Motion because it will not get them paid faster or make them whole.  They object to the relief sought in the Motion because it is indicative of Debtors who are managed by a Restructuring Committee that has lost sight of reality.  If the Debtors want to seek to take some action to assist secured and administrative creditors, they should cut the burn rate of professionals in these cases and stop filing motions such as this one, settle the ESL litigation, and focus on making an interim distribution with the funds that are currently on hand with the estate.

## CONCLUSION

5.      For the above reasons, the Objecting Creditors request that the Court deny the relief sought in the Motion.

Date:   New York, NY
        May 13, 2021

Respectfully submitted,

THE SARACHEK LAW FIRM

 /s/ Joseph E. Sarachek
Joseph E. Sarachek
67 White Plains Rd., Penthouse Suite
Scarsdale, NY. 10583
Telephone: (646) 517-5420
Facsimile: (646) 861-4950
joe@sarscheklawfirm.com