DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)
*Attorneys for Orient Craft Limited*

**Hearing Date and Time:**
May 25, 2021, at 10:00 a.m.
**Related to Doc. 9469**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                    Chapter 11

SEARS HOLDING CORPORATION, *et al.*,          Case No. 18-23538 (RDD)

                                    Debtors.        (Jointly Administered)
-------------------------------------------------------X

## OBJECTION BY ORIENT CRAFT LIMITED TO MOTION OF DEBTORS TO AMEND TERMS OF ENGAGEMENT OF PREFERENCE FIRMS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

1.      Orient Craft Limited ("Orient Craft") objects to the Debtors' motion filed on May 5, 2021 [Doc. 9469] (the "Motion") to amend the terms of engagement of the firms who were retained to prosecute preference actions for the Debtors estates.

**Background**

2.      Orient Craft is a foreign vendor with an undisputed administrative claim, under § 503(b)(9) in the amount of $272,761.72.[1]

3.      On October 15, 2019, the Court confirmed the Debtors' Modified Second Amended Joint Chapter 11 Plan (the "Plan"). It is now nineteen (19) months later and the Plan is still not effective. Also, there appears to be no future date by which the Plan is projected to go effective.

---

[1] Orient Craft's total § 503(b)(9) claim is composed of Claim No. 1135 for $142,405.00; Claim No. 1142 for $116,591.22; and Claim No. 7843 for $13,765.50.

Apparently, the Plan becoming effective is dependent on the results of pending litigation against ESL and others.

4.    Orient Craft opted out of the Administrative Creditors Settlement Plan, so that its allowed claim would not be reduced by 20-25%. Thus, Orient Craft may not receive any distribution until the Plan becomes effective.

**The Preference Firms**

5.    Four months prior to the Plan being confirmed, the Debtors retained several firms to assist with data collection, defense analysis, and litigation assistance related to certain avoidance action against non-insider, non-affiliate third parties and for claims arising under chapter 5 of the Bankruptcy Code (the "Preference Firms"), pursuant to Orders entered on June 26, 2019 and June 27, 2019, each effective *nunc pro tunc* to April 1, 2019 (ECF No. 4362) (the "Retention Orders").

6.    Pursuant to the Retention Orders, the Preference Firms are to be compensated in accordance with a Contingency Fee Schedule set forth in their engagement letters. The engagement letters were signed for the Debtors by its Chief Restructuring Officer.

**Serious Allegations by Preference Firms**

7.    The Preference Firms now seek to increase their compensation "due to various factors" allegedly not known to "the parties"[2] sometime "at the outset"[3] of the Preference Firms' engagement. Motion, at 13.

---

[2] It is unclear whether "the parties" refers only to the Preference Firms or also includes the Debtors.

[3] It is unclear whether "at the outset" refers to the due diligence period during which the Preference Firms formulated their proposals to the Debtors, or after their engagements began.

8.    According to the Debtors, the Preference Firms agreed to the Contingency Fee Schedule "before the documentation and information necessary to accurately address the Avoidance Actions was available."[4] *Id.*

9.    According to the Debtors, the Preference Firms now allege "that a significant portion of the documentation and information provided to the Preference Firms prior to the engagement turned out to be inaccurate or incomplete, requiring additional time, money and resources to prosecute the Avoidance Actions." *Id.* According to the Debtors, the Preference Firms now allege "that they had not been fully apprised of the number of contracts that had been assumed by the Debtors and assigned to Transform, which necessarily reduced potential preference claims."[5] *Id.* at ¶ 14. According to the Debtors, the Preference Firms apparently allege that "the volume and amount of cash in advance payments[6] was not known at the time the Contingency Fee Schedule was negotiated and there was little information regarding prepetition payments that the Debtors had made using treasury wires."[7] *Id.* According to the Debtors, the Preference Firms have asserted that the foregoing factors "reduced the aggregate amount recoverable in respect of Avoidance Actions…."[8] *Id.*

---

[4] This statement is very surprising considering the amount of time and expense that was involved in the Debtors preparation of evidence that was presented to the Court at the confirmation hearing, specifically including potential preference recoveries.

[5] This statement is very surprising given the amount of time and expense by the Debtors' professionals in connection with the Transform asset sale.

[6] It is unclear what relevance "cash in advance payments" has to do with potential preference recoveries.

[7] It is unclear what relevance payments "using treasury wires" has to do with potential preference recoveries.

[8] The Preference Firms have made very serious allegations, as if they are making out a claim of fraudulent inducement. These allegations also seem to challenge information given to the Court by the Debtors at the confirmation hearing. Confirmation of the Plan was predicated, in part, on the Plan going effective relatively soon, based on the Debtors' projections of net preference recoveries.

**Objection**

10.     The Debtors now propose to increase the compensation payable to the Preference Firms by 2% and give them a $500,000 bonus if they achieve certain "agreed upon" but undisclosed "threshold" gross recoveries.

11.     Orient Craft objects to any increased compensation or bonus to the Preference Firms, until after the Plan becomes effective and Orient Craft's allowed administrative claim is paid in full. Without the proposed increased compensation and $500,000 bonus, the Preference Firms are expected to receive millions of dollars in fees; in fact, they may receive close to $10,000,000. Meanwhile, to date, Orient Craft has not received a single dollar on account of its allowed administrative claim.

12.     Accordingly, Orient Craft objects to the Motion.

Dated: New York, New York
       May 13, 2021

                                DAVIDOFF HUTCHER & CITRON LLP

                                By: /s/ David H. Wander
                                    David H. Wander, Esq.
                                    Alexander R. Tiktin, Esq.
                                605 Third Avenue
                                New York, New York 10158
                                (212) 557-7200
                                dhw@dhclegal.com
                                art@dhclegal.com
                                *Attorneys for Orient Craft Limited*