AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Joseph L. Sorkin
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUNDERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF THIRD MOTION TO ENFORCE THE ASSET PURCHASE AGREEMENT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby submits this joinder (the "Joinder") to the *Debtors' Supplemental Reply in Further Support of Third Motion to Enforce the Asset Purchase Agreement* [ECF No. 9507] (the "Supplemental Reply," and the underlying motion [ECF No. 9395], the "Motion to Enforce").[2]  In support of this Joinder, the Creditors' Committee respectfully states as follows.

## JOINDER

1. The Creditors' Committee continues to support the Debtors' Motion to Enforce and submits that for the reasons set forth therein, as well as those articulated in the Supplemental Reply, this Court should uphold its Preliminary Ruling and grant the Debtors' requested relief.

2. By its Supplemental Memorandum, Transform endeavors—once again—to turn reality on its head to the detriment of the Debtors' estates and creditors.  Indeed, Transform argues, among other things, that receipt by counsel to the Creditors' Committee of a "draft proposed amendment" to the APA "during the highly contested sale hearing" somehow constituted tacit consent by all creditors to Transform's undisclosed and illogical interpretation of a provision that was neither before the Court nor otherwise at issue at the time; and moreover, if enforced as Transform suggests, would deprive the Debtors' estates of millions of dollars of value.  *See* Transcript of April 27, 2021 Hearing at 54:14–15, 58:11–12; Suppl. Mem. ¶ 8.  This contention strains credulity and is belied by Transform's own submissions.

3. As the fiduciary for all unsecured creditors, the Creditors' Committee has participated in every aspect of the Chapter 11 Cases with a keen focus on maximizing the value

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Reply or the Motion to Enforce, as applicable.

2

of the Debtors' estates. Therefore, any suggestion by Transform that the Creditors' Committee considered (and consented to) a provision in the First Amendment that would modify the APA to permit Transform, *in its sole discretion*, to siphon millions of dollars away from the Debtors' estates and creditors simply is a bridge too far. In fact, the Creditors' Committee's limited comments to First Amendment and the related correspondence—upon which Transform appears to rely—make abundantly and explicitly clear that the Creditors' Committee was focused on the "release related provisions," and that the First Amendment remained "subject to further review and comment in all respects." *Declaration of Sean A. O'Neal*, dated May 11, 2021 [ECF No. 9485], Exhibit A, A-1. Finally, as recognized in the Preliminary Ruling and elucidated in the Supplemental Reply, notice to the Creditors' Committee—or any other party—is a far cry from "approval" by this Court. *See* Apr. 27 Hr'g Tr. at 62:3–14 (stating that it did not "appear to [the Court] that the material change that would be represented by Transform's reading of [Section 2.13(a)] was, in fact, ever described to the Court, and indeed was not approved by the Court when it . . . signed and entered the sale approval order"); Supp. Reply ¶ 7.

4.    Accordingly, for these reasons and those set forth in the Debtors' Motion to Enforce and Supplemental Reply, the Creditors' Committee respectfully requests that the Court uphold its Preliminary Ruling and grant the Debtors' requested relief.

5.    The Creditors' Committee expressly reserves all rights with respect to the Debtors' Motion to Enforce, Transform's Supplemental Memorandum and the Debtors' Supplemental Reply, including the right to supplement and join in any other filings, take discovery and present further arguments at any hearing on the Motion to Enforce. For the avoidance of doubt, nothing contained herein shall constitute a waiver of any of the rights or remedies of the Creditors' Committee, each of which is expressly reserved.

| | |
|---|---|
| New York, New York<br>Dated:  May 18, 2021 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Joseph L. Sorkin<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>         pdublin@akingump.com<br>         jsorkin@akingump.com<br>         sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |