WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
```
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |

```
---------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION PURSUANT TO**
**28 U.S.C. § 1746 REGARDING DEBTORS' TWENTY-EIGHTH**
**OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE BALLOTS)**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1.      On April 26, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Twenty-Eighth Omnibus Objection to Proofs of Claim (Duplicate Ballots)* (ECF No. 9443) (the "**Omnibus Objection**").

2.      In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for May 17, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1,** to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4.      A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

WEIL:\97978020\1\73217.0004

5.      Accordingly, the Debtors respectfully request that the Proposed Order be

entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  May 18, 2021
        New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\97978020\1\73217.0004

## Exhibit A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                          :          **Chapter 11**
                                               :
**SEARS HOLDINGS CORPORATION,** *et al.,*      :          **Case No. 18-23538 (RDD)**
                                               :
            **Debtors.**[1]                    :          **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE BALLOTS)

Upon the *Debtors' Twenty-Eighth Omnibus Objection to Proofs of Claim (Duplicate Ballots)*, filed April 26, 2021 at ECF No. 9443 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Duplicate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Ballots, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** annexed hereto, under the heading "*Ballots to be Disallowed*" (the "**Duplicate Ballots**"), is disallowed in its entirety and each such Duplicate Ballot shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent Program, and no distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the Duplicate Ballot.

3.      The disallowance of the Duplicate Claims does not constitute any admission or finding concerning any of the claims listed on **Exhibit 1** annexed hereto, under the heading

"*Surviving Ballots*" (the "**Surviving Ballots**"), and the Surviving Ballots are neither allowed nor disallowed by this Order.

    4.  The rights of the Debtors to object to the Surviving Ballots, in whole or in part, and on any basis, are specifically preserved.

    5.  This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Duplicate Ballots referenced or identified in the Objection that is not listed on **Exhibit 1**.

    6.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court, as applicable, are authorized to take all actions necessary or appropriate to give effect to this Order.

    7.  The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
    White Plains, New York


       _____
       HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

## **Duplicate Ballots**

**Debtors' Twenty-Eighth Omnibus Objection to Claims**
**Exhibit 1 - Duplicate Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | | | |
|---|---|---|---|---|---|---|
| | **Ballots to be Disallowed** | | | **Surviving Ballots** | | |
| **Ref #** | **Name of Claimant** | **Affected Ballot No.** | **Asserted Ballot Amount** | | **Surviving Ballot No(s).** | **Asserted Ballot Amount** |
| 1. | Centra Marketing & Communications LLC | 182353801042443 | $3,250.00 | Centra Marketing & Communications LLC | 182353801042444 | $3,250.00 |
| 2. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016149 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 3. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016150 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 4. | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801016151 | $59,131.57 | CONSUMER ELECTRONICS DISTRIBUTORS | 182353801040090 | $59,131.57 |
| 5. | Continental Tire The Americas, LLC | 182353801040091 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 6. | Continental Tire The Americas, LLC | 182353801040092 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 7. | Continental Tire The Americas, LLC | 182353801040093 | $137,894.14 | Continental Tire The Americas, LLC | 182353801040094 | $137,894.14 |
| 8. | Crown Equipment Corporation | 182353801042762 | $276,782.78 | Crown Equipment Corporation | 182353801042763 | $276,782.78 |
| 9. | Resilion, LLC | 182353801040644 | $250,013.89 | Resilion, LLC | 182353801040645 | $250,013.89 |
| 10. | RETAIL CONTRACTING SERVICE INC | 182353801040649 | $67,272.74 | RETAIL CONTRACTING SERVICE INC | 182353801040650 | $67,272.74 |
| 11. | VARIETY ACCESSORIES LLC | 182353801021010 | $7,879.20 | VARIETY ACCESSORIES LLC | 182353801021011 | $7,879.20 |
| 12 | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America | 182353801020118 | $430,139.14 | Royal Appliance Mfg. Co., Inc., d/b/a TTI Floor Care North America | 182353801041707  182353801041708 | $189,935.88 against Kmart Corporation (see Ballot No. 182353801041707) $240,203.26 against Sears, Roebuck & Co. (see Ballot No. 182353801041708) |

**<u>Exhibit B</u>**

**Redline**

WEIL:\97978020\1\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                   :        **Chapter 11**
                                                        :
**SEARS HOLDINGS CORPORATION,** *et al.*,  :        **Case No. 18-23538 (RDD)**
                                                        :
                       **Debtors.**[1]                   :        **(Jointly Administered)**
----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE BALLOTS)

Upon the *Debtors' Twenty-Eighth Omnibus Objection to Proofs of Claim (Duplicate Ballots)*, filed April 26, 2021 at ECF No. 9443 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

the Duplicate Ballots, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having ~~held a hearing to consider the relief requested in the Objection on May 25, 2021 (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having~~ determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.     The Objection is granted to the extent set forth herein.

2.     Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** annexed hereto, under the heading "*Ballots to be Disallowed*" (the "**Duplicate Ballots**"), is disallowed in its entirety and each such Duplicate Ballot shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent

2

Program, and no distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the Duplicate Ballot.

3.      The disallowance of the Duplicate Claims does not constitute any admission or finding concerning any of the claims listed on **Exhibit 1** annexed hereto, under the heading "*Surviving Ballots*" (the "**Surviving Ballots**"), and the Surviving Ballots are neither allowed nor disallowed by this Order.

4.      The rights of the Debtors to object to the Surviving Ballots, in whole or in part, and on any basis, are specifically preserved.

5.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to, any Duplicate Ballots referenced or identified in the Objection that is not listed on **Exhibit 1**.

6.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court, as applicable, are authorized to take all actions necessary or appropriate to give effect to this Order.

7.      The terms and conditions of this Order are effective immediately upon entry.

Dated   _____, 2021
:       White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

3