WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                      :    Chapter 11
                                                           :
**SEARS HOLDINGS CORPORATION,** *et al.*,                  :    Case No. 18-23538 (RDD)
                                                           :
Debtors.[1]                                                :    (Jointly Administered)
                                                           :
------------------------------------------------------------x

## DEBTORS' REPLY IN SUPPORT OF DEBTORS'
## TWENTY-THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in reply to the *Response to Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability) (RE: CLAIM NOS. 19509, 18092, 13404)* (*sic*) (ECF No. 9341) (the "**Response**") filed by James Edmond Smith ("**Mr. Smith**").

### Reply

1. Mr. Smith failed to satisfy his burden that he is entitled to *over $1.2 billion* in secured, priority, and unsecured claims.

2. Mr. Smith asserts this staggering amount in three (3) claims for purported wages and benefits earned as an employee of the Debtors: claims number 8092, 13404 and 19509 (collectively, the "**Claims**"). The documentation included with his Claims and his Response falls far short of supporting Mr. Smith's entitlement to *any amount* from any Debtor.

    a. Claim number 8092 asserts an aggregate claim of $1,860,000 consisting of: a secured claim of $874,000, a claim of $836,000 seeking priority pursuant to Bankruptcy Code section 507(a)(4) for hourly wages, and a general unsecured claim of $150,000. The only documentation supporting this claim is one page that appears to be a portion of a report created by Mr. Smith in November 2017, alleging he was an "Associate" at Sears Holdings Corporation that since around July 2014 "had not received certain benefits that are due to him, including health benefits and vacation."

    b. Claim number 13404 asserts a claim of $392,000 on a secured and section 507(a)(4)-priority basis, which appears to be partially duplicative of claim number 8092. But Mr. Smith attached to this claim (i) an alleged employment agreement whereby Mr. Smith was

2

allegedly employed as an "Investor" by Sears Roebuck and Co. in 2011 on a salaried basis and (ii) a portion of what appears to be a draft addendum to a restricted stock award agreement referring to Mr. Smith as a "Director."

        c.      Claim number 19509 asserts a claim for $1,244,046,492.83. Mr. Smith asserts this claim is entitled to priority pursuant to Bankruptcy Code section 507(a)(5) for contributions to an employee benefit plan, and Mr. Smith appears to assert all but $399.97 of this claim is secured by a letter of credit issued by First Trust of Illinois. The only documentation appended to this proof of claim is a picture of a portion of one page addressed to "Sears Investment Inc." at Mr. Smith's address, with Mr. Smith shown as a beneficiary of a $1.244 billion letter of credit.

        3.      The Debtors had no record of Mr. Smith being employed as an associate, investor, or director of any of the Debtors, and no reason to believe that Mr. Smith was entitled to $1.244 billion of contributions to an employee benefit plan. "Sears Investment Inc." is not a Debtor in these cases.[2] As set forth above and discussed below, the Claims did not contain any documentation that would support the liability asserted. The Debtors therefore objected to each of the Claims on the basis that none included sufficient documentation to support the liabilities asserted; further the Debtors objected to claim number 19509 on the basis that it was filed May 18, 2019, after the bar date established in these cases. ECF No. 9284 (the "**Objection**").

        4.      In his Reply, Mr. Smith alleges additional facts inconsistent with his Claims, but offered no documentation whatsoever in support of any of his statements or Claims.

---

[2] A Google search reveals that it purports to be a "Consultant in Los Angeles," and appears entirely unrelated to the Debtors in these cases: https://searsinvestmentinc.business.site/ .

3

5.　　　The Debtors therefore request that the Court grant their Objection to the Claims and disallow the Claims in their entirety at a sufficiency hearing.

6.　　　A proof of claim does not, by itself, constitute *prima facie* evidence of the validity and amount of the claim, and a claimant must "set forth the facts necessary to support the claim" in order to enjoy such a presumption.[3]  If a claimant does not provide the necessary facts, "the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish its validity."[4]  In addition, a claimant asserting priority bears the burden of establishing their entitlement to such priority.[5]  Statutory priorities under the Bankruptcy Code are to be construed and awarded narrowly and consistent with the intent of the Bankruptcy Code.[6]

7.　　　Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the

---

[3] *In re Marino*, 90 B.R. 25, 28 (Bankr D. Conn. 1988) (holding that claimant's proof of claim was not entitled to the presumption of *prima facie* validity because it did not set forth the necessary facts); *see also In re Aiolova*, 2013 WL 5818893 (Bankr. S.D.N.Y. Oct. 29, 2013) ("If a proof of claim is not supported by the requisite documentation, it is not presumed to be *prima facie* valid."); *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

[4] *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 10864205, at *4 (Bankr. S.D.NY. Aug. 6., 2012); *aff'd sub nom. Shah v. Motors Liquidation Co. GUC Tr.*, No. 12 CIV. 8783 (JPO), 2013 WL 12085091 (S.D.N.Y. June 3, 2013), *aff'd sub nom. In re Motors Liquidation Co.*, 566 F. App'x 87 (2d Cir. 2014).

[5] *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

[6] *See, e.g., Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 669 (2006) (noting the longstanding principle that administrative claims "must be tightly construed" to accomplish the Bankruptcy Code's objective of equal distribution to creditors); *In re Bayou Grp., LLC*, 431 B.R. 549, 558 (Bankr. S.D.N.Y. 2010) (emphasizing "the general rule that priorities must be narrowly construed in light of the presumption in bankruptcy cases that the debtor's limited resources will be equally distributed among all unsecured creditors"); *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 479 (Bankr. S.D.N.Y. 2006) ("Because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed.") (quoting *Tr. of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 100 (2d Cir. 1986)).

debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Upon an objection, the claimant has the burden to demonstrate the validity of the claim.[7]

        8.    Mr. Smith has not alleged facts necessary to support his secured, priority or unsecured Claims and provided no documentation sufficient to support them. The Court has reason to question the authenticity of what little documentation Mr. Smith attached to the Claims and the veracity of his inconsistent statements.

        a.    Claim 8092 seeks a priority claim for an incredible *22,000 hours* of work. The Claim seeks *65 times* the maximum cap permitted by the Bankruptcy Code for a time period outside of the statutory window for priority claims (starting in 2014). Moreover, the description of alleged collateral serving as the basis for the secured Claim is "Contract (work) Sears88 HR," which would not entitle Mr. Smith to recovery as a secured creditor.

        b.    In Claim 13404, Mr. Smith alleges he had a different title ("investor" rather than "associate") and worked for a different Debtor (Sears Roebuck and Co not Sears Holdings Corporation) at a different time than he alleges in Claim 8092 (2011 vs 2014). He alleges he was employed on a salaried-basis, not an hourly-basis as he previously alleged. It is unclear what Mr. Smith is alleging is collateral for his secured claim, but possibly a "work contract and [benefits]," which would not support a secured claim. The Debtors have no record of the agreement Mr. Smith attaches. It appears that the name of the purported signatory of the agreement was copied from another document, and the creator of the agreement mistakenly transposed the first and last names in the process.[8] The purported agreement itself appears to be a draft or form

---

[7] *See Residential Capital, LLC*, 2016 WL 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, 2012 WL 1886755, at *3 (S.D.N.Y. 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010).

[8] *Compare* Claim 13404 page 6 (stating "Phelan K William" on purported employment agreement) *with* Claim 13404 page 7 (stating "By:/S/ Phelan, William K."). It is unlikely that William K. Phelan would have signed a document

of a document, with brackets throughout, and the font of Mr. Smith's name written on to the document is different than the font of the text of the rest of the document.

        c.    The single picture attached to late claim 19509 is not a complete document, and it references a company that is not a Debtor in this case and that appears to be unrelated entirely to the Debtors in these cases.

        d.    Mr. Smith's Response alleges Mr. Smith had yet another title: a "Sr Director," not an "associate" or an "investor," and that he "worked for Sears Roebuck and Co since 2013," not 2011 as he previously alleged.

9.    Mr. Smith's Response does not rebut the Debtors' Objection or contain any information sufficient to carry Mr. Smith's burden. Mr. Smith has offered no cause to permit him to file a late claim in these cases.

10.    The Objection should be sustained Claims should be disallowed in their entirety at a sufficiency hearing.[9]

Dated: May 21, 2021
       New York, New York

                              /s/ Garrett A. Fail
                              Ray C. Schrock, P.C.
                              Jacqueline Marcus
                              Garrett A. Fail
                              Sunny Singh
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              *Attorneys for Debtors*
                              *and Debtors in Possession*

---

that stated his name was "Phelan K William."

[9] At a minimum, the Court may reclassify at a sufficiency hearing as a general unsecured, non-priority claim each of the Claims, as there is no proper basis for a secured or priority claim to be asserted. The Court and the U.S. Trustee may also subject Mr. Smith's allegations to scrutiny before any further estate resources are spent on the Claims.

WEIL:\97983671\2\73217.0004