UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              :    CHAPTER 11
                                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,                              :    Case No. 18-23538 (RDD)
                                                                   :
Debtors.[1]                                                        :    (Jointly Administered)
                                                                   :    (ECF Nos. 9284, 9341 & 9520)
------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM (NO LIABILITY CLAIMS)

### (James Edmond Smith's Claims)

Upon the *Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims)*, filed February 9, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order (i) disallowing and expunging the No Liability Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

WEIL:\97987969\6\73217.0004

accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedure Order, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances and it appearing that other or further notice need be provided; and upon the *Response to Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims) (RE: CLAIM NOS. 19509, 18092, 13404)* (ECF No. 9341) (*sic*) submitted by claimant James Edmond Smith; and upon the *Debtors' Reply in Support of Debtors' Twenty-Third Omnibus Objection to Proofs of Claim* (ECF No. 9520) (the "**Reply**"); and the Court having held a hearing on the Objection, on May 25, 2021 (the "**Hearing**"); and upon the record of the Hearing all of the proceedings had before the Court; and, after due deliberation and for the reasons stated in its bench ruling at the Hearing, the Court having found and determined that the legal and factual bases set forth in the Objection and the Reply and at the Hearing establish good and sufficient cause for the relief granted herein and that the claimant has not carried his burden of proof with respect to such claims at issue; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit 1** annexed hereto, under the heading "*Affected Proof of Claim No.*" is disallowed and expunged in its entirety from the Debtors' claims register.

3.  This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.  The terms and conditions of this Order are effective immediately upon entry.

Dated:  June 7, 2021
        White Plains, New York

                                            /s/ Robert D. Drain
                                            HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE