UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                        :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,       :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                              :        (Jointly Administered)
:
------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS' THIRD MOTION
### TO ENFORCE THE ASSET PURCHASE AGREEMENT

Upon the motion, dated April 6, 2021 (Docket No. 9395), and supporting declarations (Docket Nos. 9396, 9437) (collectively, the "**Third Motion to Enforce**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order enforcing the Asset Purchase Agreement, dated as of January 17, 2019, by and among Transform Holdco LLC, Sears Holdings

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Fl., New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Third Motion to Enforce.

Corporation, and its Subsidiaries and the Sale Order; and upon the objection (Docket No. 9426) and supporting declaration (Docket No. 9427) filed by Transform Holdco LLC ("**Transform**"); and the Court having held a hearing to consider the relief requested in the Third Motion to Enforce on April 27, 2021 (the "**Hearing**"); and upon the supplemental memoranda of law requested by the Court at the Hearing (Docket Nos. 9483, 9507) and supporting declarations (Docket Nos. 9485, 9486, 9506) filed by Transform and the Debtors, respectively, and the *Joinder of the Official Committee of Unsecured Creditors to Debtors' Supplemental Reply in Further Support of Third Motion to Enforce the Asset Purchase Agreement* (Docket No. 9508) (collectively, the "**Supplemental Filings**"); and the Court having jurisdiction to consider the Third Motion to Enforce and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Third Motion to Enforce and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Third Motion to Enforce having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the Hearing and all of the proceedings had before the Court; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, which the Supplemental Filings have not led the Court to modify, the Court having determined that the legal and factual bases set forth in the Third Motion to Enforce and at the Hearing establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having been

informed that the parties have agreed on the form of this Order, including the calculation of the payment provided for in paragraph 2 hereof; now, therefore, it is hereby

**ORDERED THAT:**

1. The Third Motion to Enforce is granted to the extent provided herein.

2. Within ten (10) business days of the entry of this Order, Transform shall effectuate the payment to the Debtors of $6,274,398 USD, which represents the total amount of cash owed to the Debtors in respect of the Foreign Subsidiary Cash ($6,307,666 USD), less $33,268 USD, the portion of the Indian Gains Tax (as defined in the Settlement Agreement, dated September 17, 2020, by and among Transform and the Debtors (Docket No. 8445)) that was assessed based upon the cash held in the Indian subsidiaries' bank accounts.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: June 15, 2021
       White Plains, New York

                                  */s/ Robert D. Drain*
                              THE HONORABLE ROBERT D. DRAIN
                               UNITED STATES BANKRUPTCY JUDGE