**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
In re                                                          :
:                Chapter 11 Case No.
**SEARS HOLDINGS CORPORATION**, *et al.*,   :
Debtors.[1]                                                    :                18-23538 (RDD)
:
:                **(Jointly Administered)**
:
---------------------------------------------------------------X

## MOTION OF TRANSFORM HOLDCO LLC FOR A STAY PENDING APPEAL

Transform Holdco LLC ("Transform"), by and through its undersigned counsel, files this *Motion on Behalf of Transform Holdco LLC for a Stay Pending Appeal of the Order Granting the Debtors' Third Motion to Enforce* (the "Motion") pursuant to Rule 8007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bankruptcy Rule 9006(b), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), seeking entry of an order, substantially

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 W. 44nd St., 17th Fl., New York, NY 10036.

in the form attached as <u>Exhibit A</u> hereto, staying the effective date of the *Order Granting the Debtors' Third Motion to Enforce the Asset Purchase Agreement* (Docket No. 9574) (the "<u>Order</u>") pending appeal to the United States District Court for the Southern District of New York.

On June 15, 2021, this Court entered the Order (Docket No. 9574) granting the *Debtors' Third Motion to Enforce the Asset Purchase Agreement* (Docket No. 9395), and ordering Transform to effectuate payment to the Debtors of $6,274,398. Through this motion, Transform seeks a stay of the effectiveness of the Order and the payment of the disputed cash pending appeal. Each factor in the Second Circuit's four factor balancing test favors Transform, and the Court therefore should grant the requested stay.

## JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157(b)(2)(A) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 8007 and Bankruptcy Code section 105(a).

## ARGUMENT

**I.   THE FOUR FACTOR BALANCING TEST SUPPORTS GRANTING A STAY PENDING APPEAL**

Courts in the Second Circuit employ a four factor balancing test to determine whether to grant a stay pending appeal of a bankruptcy court order pursuant to Bankruptcy Rule 8007. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) ("[T]he Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed.") Specifically, courts consider: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Id.* at 346. The Court need

2

not find that all four factors favor Transform in order to grant the stay. *See Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) ("[T]he necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors," and "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [petitioner] will suffer absent the stay.") (internal quotations and citations omitted); *see also In re Adelphia Commc'ns Corp.*, 361 B.R. at 349 ("The requisite showing of substantial possibility of success is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other.") (internal quotations omitted).

### A.    Transform Will Suffer Irreparable Injury Absent a Stay

Transform will suffer irreparable injury without a stay because the Debtors are insolvent. *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781-82 (2d Cir. 2010) ("[A] finding of irreparable harm may lie in connection with an action for money damages where the claim involves an obligation owed by an insolvent or a party on the brink of insolvency."); *Brenntag Int'l Chems. Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999) (finding monetary injury to be irreparable based on a finding of insolvency because "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied" and "courts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents"); *3M Co. v. HSBC Bank USA, N.A.*, 16 Civ. 5984 (PGG), 2018 WL 1989563, at *7-8 (S.D.N.Y. Apr. 25, 2018) (finding irreparable harm for monetary injury where "it appears unlikely that [petitioner] could recover these funds from [respondent]" based on respondent's "financial condition").

As of April 27, 2021, the Debtors represented to this Court that their projected uses of cash exceeded their estimated cash available by $80.8 million, and that they "expected" to make up this gap with contingent recoveries from pending and contemplated litigation. *Status Update*

*Presentation to the Court* at 5 (Docket No. 9445).  The Debtors have been unable to achieve administrative solvency nearly 20 months after plan confirmation and cannot claim to be solvent. *See* 11 U.S.C. § 101(32) (defining "insolvent" as "financial condition such that the sum of such entity's debts is greater than all of such entity's property").

Courts also recognize that a party will suffer irreparable harm where, as here, "identifiable proceeds" will be dissipated absent a stay.  *AQ Asset Mgmt. LLC v. Levine*, 974 N.Y.S.2d 332, 342 (N.Y. App. Div. 2013); *see Amity Loans, Inc. v. Sterling Nat'l Bank & Tr. Co. of N.Y.*, 575 N.Y.S.2d 854, 855 (N.Y. App. Div. 1991); *accord U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 489, 496 (4th Cir. 1999).  As of April 10, 2021, the Debtors represented that they had only $18.3 million in total available cash, but would have $115.5 million in total projected uses through the end of the calendar year.  *Status Update Presentation to the Court* at 5 (Docket No. 9445).  Once Transform's cash is transferred to the Debtors, it will be difficult, if not impossible, for Transform to trace it, and it is likely that the Debtors will use it to address a small part of their significant cash shortfall.

### B.  No Party will Suffer Substantial Injury by Granting a Stay

The Debtors will not suffer injury if the Court grants a stay of the transfer of cash.  The Debtors are not a going concern – no business interest, business partner, or consumer will be adversely affected by the granting of a stay.  While Debtors require additional funds to go effective, $6,274,398 will not be nearly sufficient to make up the more than $80 million gap, and none of the Debtors' other contingent recoveries are imminent.  The Debtors will not suffer substantial harm if transfer of such cash were to be delayed for a brief time while the appeal is pending.

### C.  Transform has a Substantial Possibility of Success on Appeal

This factor requires an inquiry as to whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success." *Hirschfeld v. Bd. of Elections in City of*

4

*New York*, 984 F.2d 35, 39 (2d Cir. 1993) (explaining that movant was not required to show a likelihood of success, but instead only a possibility of success); *see CQS ABS Master Fund Ltd. v. MBIA Inc.*, No. 12 Civ. 6840 (RJS), 2014 WL 11089340, at *3 (Jan. 29, 2014) ("Plaintiffs do not need to show very much – the issue need only be a fair ground for litigation, which means that the case is more than frivolous.") (cleaned up). Although the Court ultimately ruled for the Debtors, the Court found that "the arguments of both sides [we]re reasonabl[y] counterbalanced against each other." Apr. 27, 2021 Hr'g Tr. 50:5-6. Given the Court's recognition that the parties' arguments on the issue of contractual interpretation at the heart of this case are "reasonabl[y] counterbalanced," Transform must at least have a substantial possibility of success on appeal.

    **D.**    **The Public Interest Will Not Be Disserved by a Stay**

Finally, the Court must assess whether the "public interest would not be disserved" by the granting of the stay. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The public interest here favors a stay. The Debtors are shell companies with no operating business; by contrast, Transform operates retail and home services businesses that provide essential goods and services to consumers across America under very challenging circumstances to operate such businesses. Further, where litigation arises between two private parties, such as the Debtors and Transform, "the public interest is best served by equitable relief which safeguards the financial interests of both parties and preserves the status quo pending resolution of the underlying claims." *Arrowhead Gen. Ins. Ag'y, Inc. v. Lincoln Gen. Ins. Co.*, C.A. No. 1:16-CV-1138, 2016 WL 3522961, at *7 (M.D. Pa. June 28, 2016).

    **E.**    **In the Alternative, the Court Should Grant a Temporary Stay**

In the alternative, if the Court denies Transform's request for a stay pending the resolution of its appeal, Transform requests a temporary stay for the short period while it applies to the District Court for a stay until the stay motion before the District Court is decided. *Cf. Centauri*

*Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 186, 196 (S.D.N.Y. 2007) (granting a temporary stay "so that plaintiff may apply to the Court of Appeals for the Second Circuit for a stay pending appeal" and citing cases holding the same).

### F.    No Bond Should be Required

Bankruptcy Rule 8007 grants the Court discretion to determine whether a bond is necessary to stay the case. *See* Fed. R. Bankr. P. 8007 (providing that "[t]he district court . . . *may* condition relief on filing a bond or other security with the bankruptcy court.") (emphasis added). Courts have held that a bond is unnecessary where there is little to no risk of injury to appellees. *See, e.g., In re Sphere Holding Corp.*, 162 B.R. 639, 644 (Bankr. E.D.N.Y. 1994). Given that the Debtors have no risk of substantial injury, *see* I.B, *supra*, a bond here is unnecessary. In the event that the Court determines that a bond is necessary in order to grant a stay pending appeal, Transform respectfully requests that the Court stay the order for a period of ten business days to allow Transform to obtain a bond.

### CONCLUSION

For the foregoing reasons, Transform respectfully requests that this Court enter the order, substantially in the form attached hereto as Exhibit A granting a stay of the effectiveness of the Order pursuant to Bankruptcy Rule 8007(a), and grant other such relief as it deems just and proper.

Dated: June 16, 2021
      New York, New York

                                 CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   /s/ Sean A. O'Neal_____
      Sean A. O'Neal
      Andrew Weaver
      Samuel Levander

      One Liberty Plaza
      New York, NY 10006
      Telephone: (212) 225-2000
      Facsimile: (212) 225-3999

*Counsel for Transform Holdco LLC*

7

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br>Debtors.[2] | **Chapter 11 Case No.**<br><br>**18-23538 (RDD)**<br><br>**(Jointly Administered)** |

# ORDER GRANTING
## MOTION OF TRANSFORM HOLDCO LLC FOR A STAY PENDING APPEAL

Upon the motion (the "Motion to Stay") of Transform Holdco LLC ("Transform"), by and through its undersigned counsel, for entry of an order staying the effective date of the Order Granting the Debtors' Third Motion to Enforce the Asset Purchase Agreement (Docket No. 9574) (the "Order") pending appeal to the United States District Court for the Southern District of New York; and the Court having jurisdiction to decide the Motion to Stay and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference*

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 W. 44nd St., 17th Fl., New York, NY 10036.

*M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Stay and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion to Stay establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Stay is granted.

2. The Order (Docket No. 9574) is stayed, and all acts thereunder or in accordance therewith are hereby enjoined and prohibited, until further order of this Court.

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) Transform is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) Transform may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

White Plains, New York
Dated: _____, 2021

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE