UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
In re                                                             :
                                                                  :   Chapter 11 Case No.
SEARS HOLDINGS CORPORATION, *et al.*,                             :
Debtors.[1]                                                       :   18-23538 (RDD)
                                                                  :
                                                                  :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------X

**MOTION OF TRANSFORM HOLDCO LLC FOR
ORDER SHORTENING NOTICE WITH RESPECT TO MOTION
OF TRANSFORM HOLDCO LLC FOR A STAY PENDING APPEAL**

Transform Holdco LLC ("Transform"), by and through its undersigned counsel, hereby submits this motion for expedited consideration of the *Motion of Transform Holdco LLC for a Stay Pending Appeal* (the "Motion to Shorten") and for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 W. 44nd St., 17th Fl., New York, NY 10036.

**BACKGROUND**

1. On April 6, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed the *Third Motion to Enforce the Asset Purchase Agreement* (Docket No. 9395) (the "Third Motion to Enforce") and supporting declarations (Docket Nos. 9396, 9437) requesting that the Court grant the Third Motion to Enforce and enter an order compelling Transform to effectuate the transfer to the Debtors of $6,307,666 pursuant to the Asset Purchase Agreement.

2. Transform subsequently filed an objection to the Third Motion to Enforce (Docket No. 9426) and a supporting declaration (Docket No. 9427).

3. The Court held a hearing to consider the relief requested in the Third Motion to Enforce on April 27, 2021 (the "Motion to Enforce Hearing").

4. Per the Court's direction during the Motion to Enforce Hearing, the Debtors and Transform filed supplemental memoranda of law (Docket Nos. 9483, 9507) and supporting declarations (Docket Nos. 9485, 9486, 9506).

5. On June 15, 2021, this Court entered the Order (Docket No. 9574) (the "Turnover Order") granting the Debtors' Third Motion to Enforce, and ordering Transform to effectuate payment to the Debtors of $6,274,398 within ten (10) business days of the entry of the Turnover Order. By Transform's calculation, this means that unless stayed, the payment is due on June 29, 2021 (the "Payment Deadline").[2]

---

[2] If June 18, 2021 or June 21, 2021 is declared a holiday by the President or Congress in observation of Juneteenth, the Payment Deadline may be June 30, 2021.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

4.      Contemporaneously with the filing of this Motion to Shorten, Transform filed the Motion for Stay seeking entry of an order staying the effective date of the Turnover Order pending appeal to the United States District Court for the Southern District of New York. Through this Motion to Shorten, Transform respectfully requests the Motion for Stay be heard prior to June 29, 2021, the Payment Deadline.

## BASIS FOR RELIEF

5.      Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period otherwise required for the requested relief. *See* Fed. R. Bankr. P. 9006(c)(1). Transform respectfully submits that circumstances of these cases warrant shortening notice of the Motion to Stay.

6.      Transform's Motion to Stay requests that the Court stay the effectiveness of the Turnover Order and the payment of the disputed cash pending appeal. Under the Turnover Order,

Transform must complete payment to the Debtors within ten business days. If the notice period for the Motion to Stay is not shortened, the Motion to Stay could be moot before it can be heard by this Court.

7.  Based on the foregoing, Transform respectfully requests to shorten the notice period such that a hearing on the Motion to Stay the effectiveness of the Turnover Motion may be held before the Payment Deadline.

## NOTICE

8.  Notice of this Motion to Shorten has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (Docket No. 405) (the "Case Management Order"). Transform respectfully submits that no further notice is required.

9.  No previous request for the relief sought herein has been made by Transform to this or any other court.

## CONCLUSION

WHEREFORE for the reasons set forth herein, Transform respectfully requests that this Court (a) enter the order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: June 16, 2021
      New York, New York

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   */s/ Sean A. O'Neal*
       Sean A. O'Neal
       Andrew Weaver
       Samuel Levander

       One Liberty Plaza
       New York, NY 10006
       Telephone: (212) 225-2000
       Facsimile: (212) 225-3999

       *Counsel for Transform Holdco LLC*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 Case No. |
| SEARS HOLDINGS CORPORATION, *et al.*, Debtors.[1] | 18-23538 (RDD) |
|  | (Jointly Administered) |

**ORDER SHORTENING NOTICE WITH RESPECT TO MOTION**
**OF TRANSFORM HOLDCO LLC FOR A STAY PENDING APPEAL**

Upon the motion to shorten notice, dated June 16, 2021 ("Motion to Shorten"), of Transform Holdco LLC ("Transform"), by and through its undersigned counsel, for entry of an order shortening the time for notice of the hearing to consider the *Motion for a Stay Pending Appeal* ("Motion for Stay"), all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to decide the Motion to Shorten and the relief requested therein pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 W. 44nd St., 17th Fl., New York, NY 10036.

U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (Docket No. 405), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Shorten is granted.

2. A hearing on the Motion for Stay will be held on _____ [DATE], at _____ [TIME] (Eastern Time) (the "Hearing Date").

3. All objections to the Motion for Stay must be asserted in writing, conform to the Bankruptcy Rules and Local Rules, be filed with the Bankruptcy Court in accordance with the terms set forth in the Motion for Stay, and be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (Docket No. 405), so as to be filed and received no later than 4:00pm (Eastern Time) on the date that is one calendar day before the Hearing Date.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable

2

upon its entry, (ii) Transform is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) Transform may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

White Plains, New York
Dated: _____, 2021

                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE