Roland Gary Jones, Esq.
**JONES & ASSOCIATES**
1325 Avenue of the Americas 28th Floor
New York, NY 10019
Tel: (347) 862-9254
Fax: (212) 202-4416
Email: rgj@rolandjones.com
*Counsel for Colgate-Palmolive Company Distr. LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.* | Case No: 18-23538-RDD |
| *Debtors.* | (Jointly Administered) |
| ------------------------------------------------------------ | |

**COLGATE-PALMOLIVE COMPANY DISTR. LLC'S RESPONSE TO DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS**

Colgate-Palmolive Company Distr. LLC ("Colgate"), by and through its undersigned counsel, hereby submits this Response ("Response") to Sears Holding Corporation, et al.'s ("Debtors") Twenty-Ninth Omnibus Objection to Proofs of Claim and Ballots [Dkt. 9444] (the "Objection"). In support of the Response, Colgate respectfully states as follows:

**PRELIMINARY STATEMENT**

On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Subsequent to the Petition Date, Colgate filed a proof of claim ("Claim No. 4468").

Claim No. 4468 is for $262,488.72. Of this amount, $151,614.63 is an administrative priority claim under 11 U.S.C. §503(b)(9). The Debtors seek to reduce Colgate's administrative priority claim to $136,517.98. The Debtors allege that Colgate's administrative priority claim is either not supported by the evidence or subject to setoff due to unclaimed credits.

1

The Debtors' requested relief is, however, without basis. As discussed further below, there is sufficient evidence to support Colgate's administrative priority claim.

The Debtors have provided no evidence of the unclaimed credits in the Objection.

## BACKGROUND

1. The Debtors operated a chain of retail stores throughout the United States, Guam, Puerto Rico, and the U.S. Virgin Islands.

2. Colgate did business with the Debtors for some years prior to the bankruptcy. The Defendant sold various home consumer products to the Debtors on wholesale. The Debtors would then resell these goods at retail.

3. The Defendant would invoice the Debtors with each shipment of goods.

4. On the Petition Date, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. As of the Petition Date, Colgate is owed $262,488.72 on account of such goods for which the Debtors had not paid. *See Claim No. 4468*.

5. In the twenty (20) day period prior to the Petition Date, the Debtors received goods from Colgate for use in the Debtors' business. During this period, the Debtors received goods totaling $151,614.63. This amount is entitled to administrative priority pursuant to 11 U.S.C. §503(b)(9).

6. A table summarizing the unpaid invoices' details, such as the date, amount, and date of receipt of the goods, is herein attached as Exhibit A.

7. Copies of Colgate's invoices evidencing the shipment and receipt of such goods during the 20-day period are attached as Exhibit B. Each invoice bears a stamp which, on information and belief, indicates when the goods from Colgate were received by the Debtors and signed by the person who received the goods.

8.  The invoices in <u>Exhibit B</u> total $151,614.63.

9.  On November 7, 2018, the Debtors' claims agent received Claim No. 4468.

10. On April 26, 2021, the Debtors filed the aforementioned Objection seeking to, *inter alia*, reduce Colgate's administrative priority claim pursuant to 11 U.S.C. § 503(b)(9) from $151,614.63 to $136,517.98.

### RELIEF REQUESTED

11. Colgate requests that the Court: (1) deny the Objection to the extent that it seeks to reduce Colgate's 11 U.S.C. §503(b)(9) administrative priority claim from $151,614.63 to $136,517.98; and (2) allow Colgate's administrative priority claim in the amount of $151,614.63.

### ARGUMENT IN SUPPORT OF COLGATE'S
### 11 U.S.C. §503(b)(9) ADMINISTRATIVE CLAIM

12. Under section 503(b)(9), "the value of any goods **received** by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business" is entitled to administrative expense status. 11 U.S.C. § 503(b)(9) (emphasis added).

13. The term "receipt" or "received" is not defined in the Bankruptcy Code. As such, courts have had to rely on the definition of receipt in the Uniform Commercial Code. *See In re O.W. Bunker Holding N. Am. Inc.*, 606 B.R. 513, 518 (Bankr. D. Conn. 2019) ("Because 'receipt' or 'received' is not defined in the Bankruptcy Code, the Court relies not only on the provisions of the UCC, but also on case law in which other courts have interpreted the meaning of these terms under section 503[b][9]").

14. Goods are "received" under 11 U.S.C. § 503(b)(9) if they are in physical possession by the buyer or his agent. *See In re World Imports, Ltd.*, 862 F.3d 338, 346 (3d Cir. 2017) ("receipt as used in 11 U.S.C. § 503(b)(9) requires physical possession by the buyer or his agent.").

3

15. As noted earlier above, each invoice in <u>Exhibit B</u> bears a stamp which, on information and belief, indicates when the goods from Colgate were received by the Debtors and signed by the person who received the goods.

16. As evidenced by <u>Exhibit B</u>, the Debtors received $151,614.63 in goods from Colgate within twenty (20) days prior to the Petition Date. The Debtor has not paid for these goods. Colgate has satisfied the requirements of §503(b)(9) and is entitled to the allowance of its 503(b)(9) administrative expense claim in the amount of $151,614.63.

WHEREFORE, for the reasons set forth above, Colgate respectfully requests that the Court: (1) deny the Objection to the extent that it seeks to reduce Colgate's 11 U.S.C. § 503(b)(9) administrative claim from $151,614.63 to $136,517.98; and (2) allow Colgate's administrative priority claim in the amount of $151,614.63.

Date: June 16, 2021.

By: */s/Roland Gary Jones*
Roland Gary Jones, Esq.
**JONES & ASSOCIATES**
1325 Avenue of the Americas 28th Floor
New York, NY 10019
Tel: (347) 862-9254
Fax: (212) 202-4416
Email: rgj@rolandjones.com

*Counsel for Colgate-Palmolive Company*