**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                   :

**In re**                               :            **Chapter 11**
                                     :

**SEARS HOLDINGS CORPORATION,** *et al.*,      :            **Case No. 18-23538 (RDD)**
                                     :

           **Debtors.**[1]                   :            **(Jointly Administered)**
                                     :

------------------------------------------------------- x

### STIPULATION AND AGREED ORDER BETWEEN CERTAIN AFFILIATES OF TRANSFORM HOLDCO LLC AND LIBERTY MUTUAL INSURANCE COMPANY

This stipulation and agreed order (the "**Stipulation and Order**") is entered into between (1) Transform Midco, LLC; Transform SR Acceptance, LLC; and Transform KM, LLC (collectively, "**Transform**"); and (2) Liberty Mutual Insurance Company ("**Liberty**"). Transform and Liberty collectively are referred to in this Stipulation and Order as the "**Parties**," and each as a "**Party**."

The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.       On October 15, 2018, Sears and their debtor affiliates commenced the above-captioned jointly administered bankruptcy proceedings. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.       The Parties agree that (a) Liberty issued numerous surety bonds (the "**Bonds**") on behalf of, or at the request of, the Debtors, and (b) in conjunction with the Bonds, Sears and/or related affiliates executed multiple agreements of indemnity (collectively, the "**Indemnity Agreements**") in favor of Liberty.

C.       As part of the surety bond program by Liberty for Sears, and as authorized/required by the Indemnity Agreements, Sears provided collateral to Liberty in the form of Irrevocable Standby Letter of Credit No. 69613028 in the principal amount of $23,723,059.00 dated April 25, 2018 (the "**ILOC**"). The ILOC was issued by Citibank, NA, with Sears Roebuck Acceptance Corp. and Kmart Corporation, on behalf of Sears Holding Corp., being the applicant.

D.       Both pre- and post-petition, Liberty received numerous claims against the Bonds, and as a result of those claims, Liberty incurred losses, as well as attorney's fees, costs and expenses. In the normal course of business, Liberty would draw down on the ILOC to reimburse losses pursuant to rights granted in the Indemnity Agreements.

E.       Liberty ultimately received notice from Citibank that the ILOC would not be renewed according to its terms. Accordingly, and pursuant to its rights under the ILOC, as well as the Indemnity Agreements, Liberty drew down on the remaining proceeds available under the ILOC (the "**Proceeds**"). As of the date of this Stipulation, Liberty continues to hold the Proceeds

2

to collateralized exposure on the Bonds tied to claims, as well as anticipated attorney's fees, costs, and expenses.

F.    This Court previously approved an Asset Purchase Agreement by and between certain Debtors and Transform (as amended, the "**APA**"), in which Transform acquired certain assets and agreed to assume certain liabilities, all of which are defined and governed by the terms of the APA and were approved by the Bankruptcy Court pursuant to its Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief (D.I. 2507) (the "**Sale Order**").

G.    In connection with its future operations, Transform has asked Liberty to issue bonds on its behalf. As part of the Transform bond program, collateral is required by Liberty. Given the terms of the APA and the Sale Order, Transform requests that Liberty return part or all of the Proceeds as Acquired Assets (as defined in the APA) (subject to further negotiation between Liberty and Transform, and with any return being in Liberty's sole discretion).

H.    The Parties agree that the Court has jurisdiction over this Stipulation and Order pursuant to 28 U.S.C. § 1334, that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

3

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Bankruptcy Court finds and the parties agree that Liberty is permitted in its sole discretion, and subject to further agreement(s) with Transform, to return part or all of the Proceeds directly to Transform and that such proceeds are Acquired Assets under the APA and the Sale Order.

3.      This Stipulation and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

4.      Each of the undersigned who executes this Stipulation and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

5.      This Stipulation and Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

6.      This Stipulation and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

7.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation and Order.

4

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as

of the day and year first below written.

Dated: June 8, 2021

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By:  */s/ Luke A. Barefoot*
  Sean A.O'Neal
  Luke A. Barefoot
  One Liberty Plaza
  New York, New York 10006
  (212) 225-2000

*Attorneys for Transform Holdco LLC*

**LANGLEY LLP**

By:  */s/ Brandon K. Bains*
  Keith A. Langley
  Brandon K. Bains
  1301 Solana Blvd.,
  Bldg. 1, Suite 1545
  Westlake, Texas 76262
  214-722-7160 Telephone
  klangley@l-llp.com
  bbains@l-llp.com
  Admitted Pro Hac Vice

*Attorneys for Liberty Mutual Ins. Co.*

**SO ORDERED**, there being no objections, after due notice to Transform's motion, by notice of presentment dated June 8, 2021, for approval hereof.

Dated: June 17, 2021
  White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5