Hearing Date and Time:  July 27, 2021 at 10:00 a.m. (Eastern Time)
Response Deadline:  July 9, 2021 at 4:00 p.m. (Eastern Time)

---

THE DEBTORS' THIRTIETH OMNIBUS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM AND BALLOTS SUBMITTED IN CONNECTION WITH THE ADMINISTRATIVE EXPENSE CLAIMS CONSENT PROGRAM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) OR BALLOTS ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S) OR BALLOTS.  IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL MICHAEL T. BUSCHMANN, ESQ. AT (212) 310-8016

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
```
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
```
------------------------------------------------------------x
```

## NOTICE OF HEARING ON DEBTORS' THIRTIETH OMNIBUS
## <u>OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that, on June 18, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Thirtieth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and/or expunge one or more proofs of claim (the "**Proofs of Claim**") and/or ballots filed in the Administrative Expense Claims Consent Program[2] (the "**Ballots,**" and together with the Proofs of Claim, the '**Claims**") listed on **Exhibit A** annexed hereto, on the ground(s) that the Debtors have no liability, in part, under such Proof of Claim or Ballot because for each Proof of Claim or Ballot either: (i) The Ballot provided by the Claimant are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim; (ii) assert no administrative expense claim amount or a claim amount of $0.00; (iii) the Claim asserted in Ballots are identical to Proofs of Claim previously disallowed by the Bankruptcy Court; (iv) the corresponding Proofs of Claim for Ballots asserting identical relief have been withdrawn; (v) the Claim was satisfied and/or released, as the associated contract was assumed and assigned to Transform Holdco LLC; (vi) the basis for the Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course; and/or (vii) the claim has been waived or withdrawn pursuant to an agreement with the Debtors.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, shall apply and govern the Objection to the Claims. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the reduction of a Proof of Claim or Ballot without further notice to the respective Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the reduction of its applicable Claim(s) or Ballot(s), as listed on **Exhibit A** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the reduction of its applicable Claim(s) or Ballot(s), as listed on **Exhibit A** annexed hereto, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **July 9, 2021, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at

---

[2] As defined in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5139)) (the "**Plan**"), as applicable.

www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim or Ballot; (iii) a concise statement setting forth the reasons why the Claim or Ballot should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim or Ballot on Claimant's behalf.

**CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the *Amended Case Management Order* and the procedures set forth herein.  A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D.  Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, via Zoom, the link for which the Court will send to all participants to register for prior to the date, on **July 27, 2021, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**").  If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) or Ballots that are the subject of such Response.  If the Debtors do continue the Hearing with respect to such Claim(s) or Ballot(s), then the Hearing on the Objection with respect to such Claim(s) or Ballot(s) will be held at a later date.  If the Debtors do not continue the Hearing with respect to such Claim(s) or Ballot(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit B** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does disallow the Claims or Ballots subject to the Objection, the Debtors retain the right to object on other grounds to the Claim(s) or Ballot(s) (or to any other Claim(s) or Ballot(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that any responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.

Dated: June 18, 2021
New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | Schedule of Claims to be Expunged & Disallowed | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 1. | ANN CREEK LTD | 182353801017739 | N/A | Amount not specified |
| 2. | Atascadero Mutual Water Co | 182353801021504 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 3. | Atlanta ISD | 182353801017875 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 4. | Baker & Hostetler LLP | 182353801039738 | N/A | Claim has been withdrawn |
| 5. | Benton PUD | 182353801021530 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 6. | BIRCHWOOD SNOW & LANDSCAPING CONTRACTORS | 182353801039977 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 7. | Bottling Group, LLC | 182353801042936 | 14622 | The claim has been waived or withdrawn pursuant to an agreement with the Debtors |
| 8. | City of Eagle Pass | 182353801018338 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 9. | City of Eagle Pass | 182353801018339 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 10. | City of Eagle Pass | 182353801018339 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 11. | City of Eagle Pass | 182353801018338 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | Schedule of Claims to be Expunged & Disallowed |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 12. | City of El Paso | 182353801018341 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 13. | City of El Paso | 182353801018340 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 14. | CITY OF EL PASO | 182353801023791 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 15. | City of El Paso | 182353801018341 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 16. | City of El Paso | 182353801018340 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 17. | City of El Paso | 182353801023791 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 18. | City of Frisco, TX | 182353801021795 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 19. | City of McAllen | 182353801018749 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 20. | CITY OF MCALLEN | 182353801024072 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 21. | City of Santa Rosa, CA-Water & Sewer | 182353801022044 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 22. | City of Stephenville | 182353801043427 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**

**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.

Case No. 18-23538 (RDD)

| Schedule of Claims to be Expunged & Disallowed | | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 23. | City of Sulphur Springs | 182353801043428 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 24. | City of Tallmadge, OH | 182353801022087 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 25. | Coachman Joint Venture LP | 182353801017695 | 15408 | The claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC |
| 26. | County of Henrico, VA | 182353801024927 | N/A | Claim has been withdrawn; The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 27. | County of Henrico, VA | 182353801022218 | 8000 | Claim has been withdrawn |
| 28. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 29. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 30. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 31. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 32. | Dallas County | 182353801017927 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 33. | Dentons US LLP | 182353801039787 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| | | | **Schedule of Claims to be Expunged & Disallowed** | |
| **Ref #** | **Name of Claimant** | **Affected Ballot No.** | **Affected Proof of Claim No.** | **Reason for Proposed Disallowance** |
| 34. | Eagle Pass ISD | 182353801017945 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 35. | Eagle Pass ISD | 182353801017946 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 36. | Eagle Pass ISD | 182353801017945 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 37. | Eagle Pass ISD | 182353801017946 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 38. | Elizabethtown Area Water Authority | 182353801022282 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 39. | Ellis County | 182353801017948 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 40. | Ellis County | 182353801017948 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 41. | Galveston County | 182353801018278 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 42. | GREG HASTO | 182353801016171 | N/A | Amount not specified |
| 43. | Harris County | 182353801018281 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 44. | Harris County | 182353801018280 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 45. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 46. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 47. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 48. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 49. | Hawaii Electric Light Co., Inc. (HELCO) | 182353801022417 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 50. | Hawaiian Electric Company (HECO) | 182353801022419 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 51. | Hidalgo County | 182353801018360 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 52. | Hood CAD | 182353801018363 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | Schedule of Claims to be Expunged & Disallowed | |
|---|---|---|---|---|

| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
|---|---|---|---|---|
| 53. | Hopkins County | 182353801018364 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 54. | Jasper County | 182353801013762 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 55. | Jim Wells CAD | 182353801018767 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 56. | Jim Wells CAD | 182353801018768 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 57. | Jim Wells CAD | 182353801018767 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 58. | Jim Wells CAD | 182353801018768 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 59. | Kauai Island Utility Cooperative | 182353801022496 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 60. | LEGACY MANUFACTURING COMPANY INC | 182353801014710 | N/A | Amount not specified |
| 61. | LITTLE ADVENTURES LLC | 182353801014782 | N/A | Amount not specified |
| 62. | Maui Electric Company (MECO) | 182353801022589 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 63. | MICHAEL G FONS | 182353801019242 | N/A | Amount not specified |
| 64. | MICHAEL MACEY | 182353801019244 | N/A | Amount not specified |
| 65. | MONTGOMERY COUNTY | 182353801013763 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 66. | MONTGOMERY COUNTY | 182353801013764 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 67. | MONTGOMERY COUNTY | 182353801025434 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 68. | MONTGOMERY COUNTY | 182353801025433 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 69. | Navarro County | 182353801013580 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 70. | NCR Corporation | 182353801040531 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 71. | NEAL MACUDZINSKI O D OPTIC 1758 | 182353801019454 | N/A | Amount not specified |
| 72. | NEW YORK STATE DEPARTMENT OF TAXATION AND | 182353801013654 | N/A | Claim has been withdrawn |
| 73. | Nueces County | 182353801017985 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| | | | | Schedule of Claims to be Expunged & Disallowed |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 74. | Peyton C. Cochrane, Tax Collector, Tuscaloosa County, Alabama | 182353801018216 | N/A | Claim has been withdrawn |
| 75. | POLK COUNTY | 182353801025741 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 76. | Polk County | 182353801018110 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 77. | Porter Internet Sales LLC | 182353801019849 | 7145 | Amount not specified |
| 78. | Prairie Electric Company Inc | 182353801041389 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 79. | PROTECTOR BRANDS LLC | 182353801019944 | N/A | Amount not specified |
| 80. | Seyfarth Shaw LLP | 182353801039724 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 81. | SHIPMAN & GOODWIN LLP | 182353801020360 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 82. | Suburban Natural Gas | 182353801022905 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 83. | Sulphur Springs ISD | 182353801018391 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 84. | Tarrant County | 182353801018785 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 85. | Tarrant County | 182353801018394 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 86. | Tarrant County | 182353801018786 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 87. | Town of Watertown, NY | 182353801023000 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 88. | Upton, Mickits and Heymann, LLP | 182353801039803 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 89. | Wood County | 182353801018050 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

## Exhibit B

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                 :

In re                           :          **Chapter 11**
                                 :

**SEARS HOLDINGS CORPORATION**, *et al.*,  :          **Case No. 18-23538 (RDD)**
                                 :

                   **Debtors.**[1]         :          **(Jointly Administered)**
                                 :

-------------------------------------------------------------x

## <u>COURT-ORDERED CLAIMS HEARING PROCEDURES</u>

       The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## <u>Claims Hearing Procedures</u>

1.      Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

2.    The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

  1.    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

  2.    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

8.    **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.


BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re** | : | **CHAPTER 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
---------------------------------------------------------------x

## DEBTORS' THIRTIETH OMNIBUS OBJECTION TO
## PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM AND BALLOTS SUBMITTED. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS OR BALLOTS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL MICHAEL T. BUSCHMANN, ESQ. AT (212) 310-8016**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

## Background

1.     Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.     On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances,*

*(III) Authorizing the Assumption and Assignment of* Certain *Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.      On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Plan**") (*see* ECF No. 5370) (the "**Confirmation Order**").[2]

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 4390).

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.      The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing the ballots and, to the extent applicable and necessary, their related proofs of claims listed on **Exhibit A** annexed hereto, under the headings "*Affected Ballot No.*" and/or "*Affected Proof of Claim No.*" (the "**No Liability Claims**").  The Debtors further seek to have the No Liability Claims expunged in their entirety

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the Plan (*see* ECF No. 5139), as applicable.

from the Claims Register and any ballots filed in the Administrative Expense Claims Consent Program set at $0.00, and thus not entitled to receive any distributions under the program.

9.    The Debtors have examined each No Liability Claim, all documentation provided with respect to each No Liability Claim, and the Debtors' respective books and records and have determined, in each case, that the No Liability Claim asserts a claim against a Debtor, through a ballot or proof of claim form, as applicable, for which the Debtors are not liable for the entire alleged claim.  Each of the respective ballots or proofs of claims associated with the No Liability Claims should be reduced on the basis that it falls into at least one of the following categories: (i) The ballot provided by the claimant for No Liability Claim is not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the No Liability Claim; (ii) assert no administrative expense claim amount or a claim amount of $0.00; (iii) the No Liability Claim asserted in ballots are identical to proofs of claim previously disallowed by order of the Bankruptcy Court; (iv) the corresponding proofs of claim for the No Liability Claim that assert identical relief have been withdrawn; (v) the No Liability Claim was satisfied and/or released, as the associated contract was assumed and assigned to Transform Holdco LLC; (vi) the basis for the No Liability Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course; and/or (vii) the corresponding proof of claim and/or ballot for the No Liability has been waived or withdrawn pursuant to an agreement with the Debtors.

10.    The Debtors, therefore, request that the No Liability Claims be disallowed in their entirety.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

### The Disputed Claims Should Be Disallowed in Accordance With This Motion

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Residential Capital, LLC*, 2016 WL 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c),* 508 B.R. 814 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, 2012 WL 1886755, at *3 (S.D.N.Y. 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010).

12.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "have been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3).

13.     In addition, a Claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority.  *See, e.g.*, *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

14.     Further, this Bankruptcy Court routinely disallows and expunges claims for which no supporting documentation has been submitted by the claimant. *See, e.g., In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Apr. 11, 2017) (ECF No. 1164) (disallowing and expunging claims without sufficient documentation); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Apr. 21, 2016) (ECF No. 478) (same). In addition, "[i]f a proof of claim is not supported by the requisite documentation, it is not presumed to be *prima facie* valid." *In re Aiolova*, 2013 WL 5818893 (Bankr. S.D.N.Y. Oct. 29, 2013).

15.     The Debtors have reviewed the No Liability Claims, all documents furnished by the claimants with respect to the No Liability Claims, and the Debtors' books and records, and have determined that each corresponding ballot and/or proof of claim, as applicable, asserts a claim for which the Debtors are not liable for at least one of the bases set forth in paragraph 9 above.

16.     To ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the Debtors' estates in the Administrative Expense Claims Consent Program or otherwise, the Debtors request that the Court disallow the No Liability Claims as set forth in **Exhibit A**.

## Reservation of Rights

17.     The Debtors hereby reserve the right to object, as applicable, in the future to any proofs of claim or ballot subject to this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a Claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

## Notice

18.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management*

*Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: June 18, 2021
        New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Reorganized Debtors*

**<u>Exhibit A</u>**

**No Liability Claims**

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | | |
|---|---|---|---|---|
| **Schedule of Claims to be Expunged & Disallowed** | | | | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 1. | ANN CREEK LTD | 182353801017739 | N/A | Amount not specified |
| 2. | Atascadero Mutual Water Co | 182353801021504 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 3. | Atlanta ISD | 182353801017875 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 4. | Baker & Hostetler LLP | 182353801039738 | N/A | Claim has been withdrawn |
| 5. | Benton PUD | 182353801021530 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 6. | BIRCHWOOD SNOW & LANDSCAPING CONTRACTORS | 182353801039977 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 7. | Bottling Group, LLC | 182353801042936 | 14622 | The claim has been waived or withdrawn pursuant to an agreement with the Debtors |
| 8. | City of Eagle Pass | 182353801018338 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 9. | City of Eagle Pass | 182353801018339 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 10. | City of Eagle Pass | 182353801018339 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 11. | City of Eagle Pass | 182353801018338 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| | | **Schedule of Claims to be Expunged & Disallowed** | | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 12. | City of El Paso | 182353801018341 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 13. | City of El Paso | 182353801018340 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 14. | CITY OF EL PASO | 182353801023791 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 15. | City of El Paso | 182353801018341 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 16. | City of El Paso | 182353801018340 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 17. | City of El Paso | 182353801023791 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 18. | City of Frisco, TX | 182353801021795 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 19. | City of McAllen | 182353801018749 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 20. | CITY OF MCALLEN | 182353801024072 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 21. | City of Santa Rosa, CA-Water & Sewer | 182353801022044 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 22. | City of Stephenville | 182353801043427 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**                                                                    **In re: Sears Holdings Corporation, et al.**
**Exhibit 1 - Disallowed Claims**                                                                                              **Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| **Schedule of Claims to be Expunged & Disallowed** | | | | |
| **Ref #** | **Name of Claimant** | **Affected Ballot No.** | **Affected Proof of Claim No.** | **Reason for Proposed Disallowance** |
| 23. | City of Sulphur Springs | 182353801043428 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 24. | City of Tallmadge, OH | 182353801022087 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 25. | Coachman Joint Venture LP | 182353801017695 | 15408 | The claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC |
| 26. | County of Henrico, VA | 182353801024927 | N/A | Claim has been withdrawn; The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 27. | County of Henrico, VA | 182353801022218 | 8000 | Claim has been withdrawn |
| 28. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 29. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 30. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 31. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 32. | Dallas County | 182353801017927 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 33. | Dentons US LLP | 182353801039787 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |

**Debtors' Thirtieth Omnibus Objection to Claims**

**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**

**Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| **Schedule of Claims to be Expunged & Disallowed** | | | | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 34. | Eagle Pass ISD | 182353801017945 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 35. | Eagle Pass ISD | 182353801017946 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 36. | Eagle Pass ISD | 182353801017945 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 37. | Eagle Pass ISD | 182353801017946 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 38. | Elizabethtown Area Water Authority | 182353801022282 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 39. | Ellis County | 182353801017948 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 40. | Ellis County | 182353801017948 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 41. | Galveston County | 182353801018278 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 42. | GREG HASTO | 182353801016171 | N/A | Amount not specified |
| 43. | Harris County | 182353801018281 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 44. | Harris County | 182353801018280 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 45. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 46. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 47. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 48. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 49. | Hawaii Electric Light Co., Inc. (HELCO) | 182353801022417 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 50. | Hawaiian Electric Company (HECO) | 182353801022419 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 51. | Hidalgo County | 182353801018360 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 52. | Hood CAD | 182353801018363 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.
Case No. 18-23538 (RDD)

| | | | Schedule of Claims to be Expunged & Disallowed | |
|---|---|---|---|---|

| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
|---|---|---|---|---|
| 53. | Hopkins County | 182353801018364 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 54. | Jasper County | 182353801013762 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 55. | Jim Wells CAD | 182353801018767 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 56. | Jim Wells CAD | 182353801018768 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 57. | Jim Wells CAD | 182353801018767 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 58. | Jim Wells CAD | 182353801018768 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 59. | Kauai Island Utility Cooperative | 182353801022496 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 60. | LEGACY MANUFACTURING COMPANY INC | 182353801014710 | N/A | Amount not specified |
| 61. | LITTLE ADVENTURES LLC | 182353801014782 | N/A | Amount not specified |
| 62. | Maui Electric Company (MECO) | 182353801022589 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 63. | MICHAEL G FONS | 182353801019242 | N/A | Amount not specified |
| 64. | MICHAEL MACEY | 182353801019244 | N/A | Amount not specified |
| 65. | MONTGOMERY COUNTY | 182353801013763 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 66. | MONTGOMERY COUNTY | 182353801013764 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 67. | MONTGOMERY COUNTY | 182353801025434 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 68. | MONTGOMERY COUNTY | 182353801025433 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 69. | Navarro County | 182353801013580 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 70. | NCR Corporation | 182353801040531 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 71. | NEAL MACUDZINSKI O D OPTIC 1758 | 182353801019454 | N/A | Amount not specified |
| 72. | NEW YORK STATE DEPARTMENT OF TAXATION AND | 182353801013654 | N/A | Claim has been withdrawn |
| 73. | Nueces County | 182353801017985 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| | | | **Schedule of Claims to be Expunged & Disallowed** | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 74. | Peyton C. Cochrane, Tax Collector, Tuscaloosa County, Alabama | 182353801018216 | N/A | Claim has been withdrawn |
| 75. | POLK COUNTY | 182353801025741 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 76. | Polk County | 182353801018110 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 77. | Porter Internet Sales LLC | 182353801019849 | 7145 | Amount not specified |
| 78. | Prairie Electric Company Inc | 182353801041389 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 79. | PROTECTOR BRANDS LLC | 182353801019944 | N/A | Amount not specified |
| 80. | Seyfarth Shaw LLP | 182353801039724 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 81. | SHIPMAN & GOODWIN LLP | 182353801020360 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 82. | Suburban Natural Gas | 182353801022905 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 83. | Sulphur Springs ISD | 182353801018391 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 84. | Tarrant County | 182353801018785 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 85. | Tarrant County | 182353801018394 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 86. | Tarrant County | 182353801018786 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 87. | Town of Watertown, NY | 182353801023000 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 88. | Upton, Mickits and Heymann, LLP | 182353801039803 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 89. | Wood County | 182353801018050 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

## Exhibit B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                :        CHAPTER 11
                                                     :
SEARS HOLDINGS CORPORATION, *et al.*,                :        Case No. 18-23538 (RDD)
                                                     :
            Debtors.[1]                              :        (Jointly Administered)

------------------------------------------------------------x

## ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS
## OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

Upon the *Debtors' Thirtieth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)*, filed June 18, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing the No Liability Claims (as defined below)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and, as applicable, expunging the relevant proof of claim, and (ii) granting related relief, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Objection on July 27, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim and ballot listed on **Exhibit 1** annexed hereto, under the headings "*Affected Ballot No.*" and "*Affected Proof of Claim No.*" (the "**Disputed Claims**") is disallowed in its entirety.

3.      Each ballot listed on **Exhibit 1** that is disallowed pursuant to this order shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent Program, and no

distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the No Liability Claims ballots.

4.      Each proof of claim listed on **Exhibit 1** that is disallowed pursuant tot his Order shall be expunged in its entirety from the Debtors' claims register.

5.      This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6.      Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

7.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

8.      The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
         White Plains, New York

                                        _____
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**No Liability Claims**

WEIL:\98026196\3\73217.0004

**Debtors' Thirtieth Omnibus Objection to Claims**

**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.

Case No. 18-23538 (RDD)

| | | | | |
|---|---|---|---|---|
| **Schedule of Claims to be Expunged & Disallowed** | | | | |
| **Ref #** | **Name of Claimant** | **Affected Ballot No.** | **Affected Proof of Claim No.** | **Reason for Proposed Disallowance** |
| 1. | ANN CREEK LTD | 182353801017739 | N/A | Amount not specified |
| 2. | Atascadero Mutual Water Co | 182353801021504 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 3. | Atlanta ISD | 182353801017875 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 4. | Baker & Hostetler LLP | 182353801039738 | N/A | Claim has been withdrawn |
| 5. | Benton PUD | 182353801021530 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 6. | BIRCHWOOD SNOW & LANDSCAPING CONTRACTORS | 182353801039977 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 7. | Bottling Group, LLC | 182353801042936 | 14622 | The claim has been waived or withdrawn pursuant to an agreement with the Debtors |
| 8. | City of Eagle Pass | 182353801018338 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 9. | City of Eagle Pass | 182353801018339 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 10. | City of Eagle Pass | 182353801018339 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 11. | City of Eagle Pass | 182353801018338 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**

**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.

Case No. 18-23538 (RDD)

| | | | | |
|---|---|---|---|---|
| | | **Schedule of Claims to be Expunged & Disallowed** | | |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 12. | City of El Paso | 182353801018341 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 13. | City of El Paso | 182353801018340 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 14. | CITY OF EL PASO | 182353801023791 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 15. | City of El Paso | 182353801018341 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 16. | City of El Paso | 182353801018340 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 17. | City of El Paso | 182353801023791 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 18. | City of Frisco, TX | 182353801021795 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 19. | City of McAllen | 182353801018749 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 20. | CITY OF MCALLEN | 182353801024072 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 21. | City of Santa Rosa, CA-Water & Sewer | 182353801022044 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 22. | City of Stephenville | 182353801043427 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | Schedule of Claims to be Expunged & Disallowed |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 23. | City of Sulphur Springs | 182353801043428 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 24. | City of Tallmadge, OH | 182353801022087 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 25. | Coachman Joint Venture LP | 182353801017695 | 15408 | The claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC |
| 26. | County of Henrico, VA | 182353801024927 | N/A | Claim has been withdrawn; The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 27. | County of Henrico, VA | 182353801022218 | 8000 | Claim has been withdrawn |
| 28. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 29. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 30. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 31. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 32. | Dallas County | 182353801017927 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 33. | Dentons US LLP | 182353801039787 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |

**Debtors' Thirtieth Omnibus Objection to Claims**

**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**

**Case No. 18-23538 (RDD)**

| | | | | |
|---|---|---|---|---|
| | | | | **Schedule of Claims to be Expunged & Disallowed** |
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 34. | Eagle Pass ISD | 182353801017945 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 35. | Eagle Pass ISD | 182353801017946 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 36. | Eagle Pass ISD | 182353801017945 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 37. | Eagle Pass ISD | 182353801017946 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 38. | Elizabethtown Area Water Authority | 182353801022282 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 39. | Ellis County | 182353801017948 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 40. | Ellis County | 182353801017948 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 41. | Galveston County | 182353801018278 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 42. | GREG HASTO | 182353801016171 | N/A | Amount not specified |
| 43. | Harris County | 182353801018281 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 44. | Harris County | 182353801018280 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 45. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 46. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 47. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 48. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 49. | Hawaii Electric Light Co., Inc. (HELCO) | 182353801022417 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 50. | Hawaiian Electric Company (HECO) | 182353801022419 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 51. | Hidalgo County | 182353801018360 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 52. | Hood CAD | 182353801018363 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**

**Exhibit 1 - Disallowed Claims**

*In re: Sears Holdings Corporation, et al.*

*Case No. 18-23538 (RDD)*

| | Schedule of Claims to be Expunged & Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 53. | Hopkins County | 182353801018364 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 54. | Jasper County | 182353801013762 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 55. | Jim Wells CAD | 182353801018767 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 56. | Jim Wells CAD | 182353801018768 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 57. | Jim Wells CAD | 182353801018767 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 58. | Jim Wells CAD | 182353801018768 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 59. | Kauai Island Utility Cooperative | 182353801022496 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 60. | LEGACY MANUFACTURING COMPANY INC | 182353801014710 | N/A | Amount not specified |
| 61. | LITTLE ADVENTURES LLC | 182353801014782 | N/A | Amount not specified |
| 62. | Maui Electric Company (MECO) | 182353801022589 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 63. | MICHAEL G FONS | 182353801019242 | N/A | Amount not specified |
| 64. | MICHAEL MACEY | 182353801019244 | N/A | Amount not specified |
| 65. | MONTGOMERY COUNTY | 182353801013763 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 66. | MONTGOMERY COUNTY | 182353801013764 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 67. | MONTGOMERY COUNTY | 182353801025434 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 68. | MONTGOMERY COUNTY | 182353801025433 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 69. | Navarro County | 182353801013580 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 70. | NCR Corporation | 182353801040531 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 71. | NEAL MACUDZINSKI O D OPTIC 1758 | 182353801019454 | N/A | Amount not specified |
| 72. | NEW YORK STATE DEPARTMENT OF TAXATION AND | 182353801013654 | N/A | Claim has been withdrawn |
| 73. | Nueces County | 182353801017985 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**
**Case No. 18-23538 (RDD)**

| | | | | Schedule of Claims to be Expunged & Disallowed |
|---|---|---|---|---|

| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
|---|---|---|---|---|
| 74. | Peyton C. Cochrane, Tax Collector, Tuscaloosa County, Alabama | 182353801018216 | N/A | Claim has been withdrawn |
| 75. | POLK COUNTY | 182353801025741 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 76. | Polk County | 182353801018110 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 77. | Porter Internet Sales LLC | 182353801019849 | 7145 | Amount not specified |
| 78. | Prairie Electric Company Inc | 182353801041389 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 79. | PROTECTOR BRANDS LLC | 182353801019944 | N/A | Amount not specified |
| 80. | Seyfarth Shaw LLP | 182353801039724 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 81. | SHIPMAN & GOODWIN LLP | 182353801020360 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 82. | Suburban Natural Gas | 182353801022905 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 83. | Sulphur Springs ISD | 182353801018391 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 84. | Tarrant County | 182353801018785 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 85. | Tarrant County | 182353801018394 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 86. | Tarrant County | 182353801018786 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 87. | Town of Watertown, NY | 182353801023000 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 88. | Upton, Mickits and Heymann, LLP | 182353801039803 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 89. | Wood County | 182353801018050 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |