Presentment Date and Time: July 1, 2021 at 10:00 a.m. (Eastern Time)
Objection Deadline: June 30, 2021 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                         :        Chapter 11
:
**SEARS HOLDINGS CORPORATION**, *et al.*,         :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                       :        (Jointly Administered)
:
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**STIPULATION, AGREEMENT, AND ORDER GRANTING**
**LIMITED RELIEF FROM THE AUTOMATIC STAY (KIMBERLY CROCOLL)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement and Order Granting Limited Relief from the Automatic Stay (Kimberly Crocoll)* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **July 1, 2021 at 10:00 a.m. (Eastern Time)**.  A copy of the Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **June 30, 2021 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Stipulation, a hearing will be held on a date **to be determined** (the "**Hearing**") to consider the Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**").

WEIL:\98033985\1\99910.G475

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  June 23, 2021
       New York, New York

          /s/ *Jacqueline Marcus*
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone:  (212) 310-8000
          Facsimile:  (212) 310-8007
          Ray C. Schrock, P.C.
          Jacqueline Marcus
          Garrett A. Fail
          Sunny Singh

          *Attorneys for Debtors*
          *and Debtors in Possession*

# Exhibit 1

**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :       Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.***,**               :
                                                            :       Case No. 18-23538 (RDD)
                                                            :
           Debtors.[1]                                      :       (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (KIMBERLY CROCOLL)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Kmart Corporation ("**Kmart**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Kimberly Crocoll ("**Claimant**"). The Debtors and the Claimant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates, including Kmart (collectively, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On October 5, 2018, the Claimant commenced an action against Kmart, May Mayumi Goto, and Does 1-20, that is pending in the Superior Court of California for the County of Nevada, titled *Kimberly Crocoll v. Kmart Corporation, et al.*, Docket No. CU18-083249 (the "**Prepetition Action**"). The Prepetition Action alleges that Kmart and Goto erroneously furnished medication to which Claimant had an allergic reaction and as a result of which she suffered damages, and included causes of action of negligence against the named defendants.

C. On March 14, 2019, the Debtors scheduled the Claimant as the holder of a contingent, unliquidated, and disputed claim (Claim No. 10673) (the "**Scheduled Claim**").

D. On March 29, 2019, Claimant submitted a proof of claim in these chapter 11 cases asserting an unliquidated claim against Kmart (Claim No. 12400) (the "**Proof of Claim**").

E. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified, solely to the extent necessary to permit Claimant to dismiss Kmart and any other named Debtor defendants from the Prepetition Action and continue prosecution of the Prepetition Action against any non-Debtor defendants; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Kmart or any other Debtor that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Claimant may take any steps necessary, including filing an agreed motion in the Prepetition Action, to dismiss Kmart and any other named Debtor defendants from the Prepetition Action.

4. As of the Effective Date, the Claimant hereby agrees to waive any right to recovery in the Prepetition Action against Kmart and the other Debtors and any other party that may assert indemnification claims against the Debtors, including any prepetition claims.

5. As of the Effective Date, the Proof of Claim and the Scheduled Claim shall be deemed withdrawn with prejudice and Claimant shall not file any further proofs of claim relating to the Prepetition Action or asserting otherwise any claims against the Debtors relating to the Prepetition Action.

6. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

8. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

9. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

4

10. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors, and any authorized assigns.

16. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without

regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: June 23, 2021 | Dated: June 23, 2021 |
| By: */s/ Jacqueline Marcus* <br> Jacqueline Marcus <br> Garrett A. Fail <br> Sunny Singh <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br><br> *Attorneys for Debtors and Debtors in Possession* | By: */s/ Stephen C. Baker* <br> Stephen C. Baker <br> Diamond Baker Mitchell Cole, LLP <br> 149 Crown Point Court, Suite B <br> Grass Valley, California 95945 <br> Telephone: (530) 272-9977 <br> Facsimile: (530) 272-8463 <br><br> *Attorneys for the Claimant* |

**SO ORDERED:**

Dated: _____, 2021
　　　　White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE