UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                          :
                                                               :     Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :
                                                               :     Case No. 18-23538 (RDD)
                                                               :
            Debtors.[1]                                        :     (Jointly Administered)
------------------------------------------------------------x

## STIPULATION AND ORDER GRANTING STAY PENDING APPEAL

This Stipulation and Order (the "**Stipulation**") is made as of June 29, 2021, by and between Sears Holdings Corporation ("**SHC**" or "**Sears**") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Transform Holdco LLC ("**Transform**" and together with the Debtors, the "**Parties**"), through their respective and duly authorized counsel of record.

## RECITALS

WHEREAS, on April 6, 2021, the Debtors filed *Debtors' Third Motion to Enforce the Asset Purchase Agreement* [Docket No. 9395] (the "**Third Motion to Enforce**"), seeking an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Fl., New York, NY 10019.

compelling Transform to transfer to the Debtors approximately $6.3 million in cash held as of the Closing Date[2] in bank accounts owned by certain of the Debtors' Foreign Subsidiaries (the "**Foreign Subsidiary Cash**") pursuant to, *inter alia*, Section 2.13(a) of the APA as amended by *Amendment No. 1 to Asset Purchase Agreement* [Docket No. 2599];

WHEREAS, on June 15, 2021, the Court issued the *Order Granting the Debtors' Third Motion to Enforce the Asset Purchase Agreement* [Docket No. 9574] (the "**Order**") which directed Transform to effectuate payment of the Foreign Subsidiary Cash to the Debtors in the amount of $6,274,398.00;

WHEREAS, on June 16, 2021, Transform filed its *Notice of Appeal* [Docket No. 9581] and related *Motion for a Stay Pending Appeal* [Docket No. 9576] (the "**Stay Motion**");

WHEREAS, the Parties have reached an agreement with respect to the Stay Motion.

**NOW, THEREFORE,** based upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby Stipulated and Agreed and, upon Court approval, it shall be ordered, as follows:

1. Execution of the Order shall be stayed (the "**Stay**") pending entry of a final, non-appealable order in respect of Transform's appeal of the Order, subject to the following terms:

    a. By no later than **July 15, 2021**, Transform shall transfer $6,274,398.00 to a segregated, interest-bearing account (the "**Segregated Account**") held and controlled by the Debtors in accordance with the terms of this Stipulation. Such transfer shall be effectuated by wire transfer of immediately available funds from Transform to the Segregated Account in accordance with wiring instructions to be provided by the Debtors. The amount in the Segregated Account, including all interest thereon, is referred to herein as the "**Segregated Amount**." Unless and until there is a final, non-appealable order in respect of Transform's appeal of the Order, the Debtors will not be able to use the funds in the Segregated Account for any purpose.

---

[2] Unless otherwise defined, capitalized terms shall have the meanings ascribed to such terms in the Third Motion to Enforce.

2

    b. Upon entry of a final, non-appealable order affirming the Order, the Debtors shall be entitled to use the funds in the Segregated Account in a manner consistent with the exercise of their reasonable business judgment and applicable law.

    c. Within seven (7) business days of entry of a final, non-appealable order reversing the Order, the Debtors shall transfer the Segregated Amount to Transform, by wire transfer to an account to be identified by Transform. Upon entry of a final, non-appealable order reversing the Order, the funds in the Segregated Account subject to such reversal will be deemed the property of Transform without further order of the Court.

    d. If for any reason Transform fails to transfer $6,274,398.00 to the Segregated Account on or by July 15, 2021, the Stay shall be automatically lifted without further order of the Bankruptcy Court and the Order shall immediately become effective. The Debtors shall thereafter be entitled to: (i) seek to enforce the Order, and (ii) utilize amounts to be paid by Transform pursuant to the Order in a manner consistent with the exercise of their reasonable business judgment and applicable law.

    e. Notwithstanding anything to the contrary herein, if a final, non-appealable order provides that some portion of the Segregated Amount belongs to the Debtors (the "**Debtor Amount**") and some other portion of the Segregated Amount belongs to Transform (the "**Transform Amount**"), the Debtors shall be entitled to use the Debtor Amount as provided in paragraph 1(b) herein and shall transfer the Transform Amount to Transform as provided in paragraph 1(c) herein, provided that all accrued interest in the Segregated Account shall be distributed, pro rata, to the Debtors or Transform, as applicable, based on the portion of the Segregated Amount that belongs to the Debtors or to Transform.

2. For the avoidance of doubt, following the establishment and funding of the Segregated Account in accordance with the terms of this Stipulation, Transform reserves the right to file a motion, on at least fourteen (14) days' notice to the Debtors and the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and other parties on the Master Service List, with opportunity for a hearing, seeking to replace the Segregated Account with a bond in an amount equal to the Segregated Amount plus additional interest that may accrue under applicable law on the Segregated Amount through the date of final resolution of Transform's appeal of the Order, without prejudice to the Debtors' or Creditors' Committee's rights to object to the same.

3. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

4. This Stipulation may be executed in one or more counterparts, including electronic counterparts, all of which together shall constitute one and the same instrument.

5. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

(Signature Page Follows)

**IN WITNESS WHEREOF**, this Stipulation has been executed and delivered as of the date first above written.

Dated: June 29, 2021
       New York, New York

| | |
|---|---|
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | WEIL, GOTSHAL & MANGES LLP |
| By: /s/ *Andrew Weaver* | By: /s/ *Jacqueline Marcus* |
| Sean A. O'Neal<br>Andrew Weaver<br>Samuel Levander | Jacqueline Marcus<br>Jared R. Friedmann<br>Jennifer Brooks Crozier |
| *Attorneys for Transform Holdco LLC*<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 | *Attorneys for Debtors and Debtors in Possession*<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

**SO ORDERED:**

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: White Plains, New York
       June 29, 2021