**Objection Deadline: July 20, 2021 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: July 27, 2021 at 10:00 a.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform SR Brands LLC*

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al*,[1] | Case No. 18-23538-RDD |
| Debtors. | Jointly Administered |

## NOTICE OF TRANSFORM SR BRANDS LLC'S MOTION TO ENFORCE ORDER

**PLEASE TAKE NOTICE** that on July 13, 2021, Transform SR Brands LLC

("Transform") filed the *Motion to Enforce Order (I) Approving the Asset Purchase Agreement*

*Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and*

*Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief requested in the Motion will be **conducted through Zoom** before The Honorable Robert D. Drain, United States Bankruptcy Judge, on **July 27, 2021 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing"). Parties wishing to participate at the Hearing are required to register their appearance by 4:00 PM on July 26, 2021 at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any objection to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court by July 20, 2021 at 4:00 p.m. (Prevailing Eastern Time) (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, ECF No. 405, entered on November 1, 2018 (the "**Amended Case Management Order**").

PLEASE TAKE FURTHER NOTICE that the relief requested in the Motion may affect your rights. Please read the pleadings carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

PLEASE TAKE FURTHER NOTICE that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney

must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may

decide that you do not oppose the relief requested in the Pleadings and may enter orders granting

the relief requested.


Dated: July 13, 2021
New York, New York

/s/ Luke A. Barefoot
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform SR Brands LLC*

Objection Deadline: July 20, 2021 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: July 27, 2021 at 10:00 a.m. (Prevailing Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform SR Brands LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538-RDD |
| Debtors. | Jointly Administered |

**MOTION TO ENFORCE ORDER (I) APPROVING THE ASSET
PURCHASE AGREEMENT AMONG SELLERS AND BUYER, (II) AUTHORIZING
THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND
LEASES IN CONNECTION THEREWITH AND (IV) GRANTING RELATED RELIEF**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Transform SR Brands LLC ("Transform") hereby submits this motion to enforce (the "Motion to Enforce") this Court's *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*, ECF No. 2507 (the "Sale Order"), which approved the sale of certain assets of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").  In this Motion to Enforce, Transform seeks to enforce the Sale Order and enjoin Diana M. Arney from pursuing or otherwise asserting successor liability claims in the action captioned *Arney v. Electrolux Home Products Inc. et al.*, Case No. 2020 L 012403 (Il. Cit. Ct. 2020) (the "Illinois Action"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1.      It is an undisputed fact that this Court's Sale Order provided Transform with broad protections against successor liability claims.  In fact, this Court found that such protections were an integral part of the overall sale transaction because without refuge from these claims Transform would not have pursued the sale transaction at all.  In truth, it is unlikely that any buyer would have submitted a bid to purchase the Debtors' assets if the estates and the Court's Sale Order could not guarantee freedom from successor liability claims.  As such, the promise of immunity from such claims helped the estates maximize the value of their assets to the benefit of all stakeholders.

2.      In the Illinois Action that precipitated this Motion to Enforce, the plaintiff, Ms. Arney, has put these protections in question in an attempt to collaterally attack the Sale Order.  The Illinois Action is a product liability suit in which the plaintiff has sued various defendants, including one of the Debtors and Transform.  Although the theory of liability against Transform

is unclear on the face of the Complaint,[2] it appears that the allegedly defective product was bought nearly ten years prior to the Debtors' bankruptcy filing, and ten years prior to Transform's existence as a corporate entity.  While the Complaint fails to allege any actions taken by Transform that would support Ms. Arney's claim, her request to engage in discovery on the question of whether Transform is a legal successor to the Debtors makes it clear that she is suing Transform on some permutation of successor liability.  Given the unambiguous language of the Sale Order, Ms. Arney's efforts to obtain discovery that would allow her to proceed on such a theory constitute an improper attempt to relitigate the findings in the Sale Order in the Illinois Action.

3.      This Court does not need to wade into the merits of Ms. Arney's allegations — and to the extent the claims against Transform are based on a theory of successor liability, neither does the Illinois Court.  Transform as an entity did not exist until 2018.  It made a decision to purchase the Debtors' assets with the express, explicit condition that there would be no successor liability.  To bring any action against Transform on the basis of a successor liability claim is a flagrant violation of the Sale Order and disregards key policy goals of the bankruptcy system.  Furthermore, discovery on the question of successor liability is a fools' errand that will result in nothing but a futile attempt to obtain findings that are in contravention of the Sale Order.

4.      Transform files this Motion to Enforce in order to ensure that the Illinois Action cannot proceed on the basis of a successor liability theory and to avoid engaging in costly discovery with respect to this issue.

## **FACTUAL BACKGROUND**

---

[2]      Inititally capitalized terms used but not otherwise defined in the preliminary statement have the meanings ascribed to them below.

5.      Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 14, 2019, the Debtors conducted an auction for the sale of all or substantially all of their assets, and the bid put forth by Transform Holdco LLC ("Holdco") was selected as the winner. *See Notice of Successful Bidder and Sale Hearing*, ECF No. 1730. Holdco is the ultimate and parent entity of Transform.

6.      After a long and contested sale hearing, the Court approved the proposed sale transaction on February 7, 2019 and entered the Sale Order on February 8, 2019. *See* Sale Order. The Sale Order approved the sale of substantially all of the Debtors' assets to Holdco and its Affiliated Designees (together, "Buyer") free and clear of all Claims (as defined in the Sale Order) pursuant to that certain Asset Purchase Agreement attached as Exhibit B thereto (the "Purchase Agreement"). *See* Sale Order ¶¶ 19–24; Purchase Agreement, §§ 2.1, 2.4; *see also* Purchase Agreement, Preamble (defining "Buyer" as "Transform Holdco LLC, a Delaware Limited Liability Company [] together with any applicable Affiliated Designee"). The Purchase Agreement defines "Affiliate" as an entity "directly or indirectly … controlled by" another entity through "ownership of voting securities," "contract," or "otherwise" and defines an "Affiliated Designee" as an affiliate to whom Holdco assigns "all or any part of its rights or obligations." Purchase Agreement §§ 1.1, 13.6. Since Transform is an Affiliate Designee of Holdco, the protections of the Sale Order and Purchase Agreement — including protections against successor liability — also apply to it.

7.      In the Sale Order, this Court found that the sale and transfer "will not subject the Buyer … to any liability (including any successor liability) under any laws, including any bulk-transfer laws, or any theory of successor or transferee liability…*de facto* merger or substantial continuity or similar theories, with respect to the operation of the Debtors' business prior to the

Closing." Sale Order ¶ M.  Further, the Court determined unequivocally that "the Buyer is not and

shall not be deemed a successor to the Debtors or their respective estates [and] Buyer's acquisition

of the Acquired Assets … shall be free and clear of any 'successor liability' claims of any nature

whatsoever." *Id.*

8.    In fact, the Court held that the protection from successor liability was integral to

the economics of the sale transaction when it determined that:

> The total consideration to be provided under the Asset Purchase Agreement reflects
> the Buyer's reliance on this Sale Order to provide it, pursuant to sections 105(a)
> and 363(f) of the Bankruptcy Code, with title to and possession of the Acquired
> Assets owned by the Debtors free and clear of all Claims (including, without
> limitation, any potential derivative, vicarious, transferee or successor liability
> claims).

Sale Order ¶ T.  Moreover, the Court found that the "Buyer would not purchase the Acquired

Assets but for the protections against any claims based on 'successor liability' theories as specified

herein."  Sale Order ¶ M.  Therefore, this Court determined that the Buyer had relied on these

protections not only when formulating and electing to close on its bid, but also when deciding

whether to pursue a bid at all.

9.    In furtherance of this finding, the Sale Order explicitly stated, more than once, that

the Buyer was not inheriting any successor liability from the Debtors as a result of its purchase.

For example, the Sale Order stated that:

> the Buyer Related Parties and their successors and *assigns* shall have no liability
> for any Claim against the Debtors or the Debtors' estates or Excluded Liabilities,
> whether known or unknown as of the Closing Date, now existing or hereafter
> arising, whether fixed or contingent, whether derivatively, vicariously, as a
> transferee, successor, alter ego, or otherwise … including Claims or Excluded
> Liabilities arising under, without limitation … any common law doctrine of *de facto*
> merger or successor or transferee liability, successor-in-interest liability theory or
> any other theory of or related to successor liability.

Sale Order ¶ 22 (emphasis added).  In addition, the Sale Order provided that, by virtue of the sale

transaction, the Buyer and its "affiliates, successors and assigns shall not be deemed or considered

to (i) be a legal successor, or otherwise be deemed a successor to any of the Debtors." Sale Order
¶ 27. The Sale Order also provided that the Court retained "exclusive jurisdiction" to "interpret,
enforce, and implement" this Order. Sale Order ¶ 58.

10.    On November 19, 2020, Ms. Arney filed a complaint (the "Complaint") in the
Circuit Court of Cook County (the "Illinois Court") against Electrolux Home Products Inc.,
Transform, and Sears, Roebuck and Co. (collectively, the "Illinois Action Defendants")[3] for
injuries allegedly sustained in an accident involving a dryer fire on January 7, 2020. *See Black
Decl.*, Ex. A. The Complaint alleges *inter alia* a product liability case arising from the Illinois
Action Defendants' alleged design, manufacture, and/or sale of the dryer at issue. *See id.* at ¶¶ 5–
8. The Complaint fails to clearly identify when Ms. Arney purchased the dryer and what actions
support Transform's liability with respect to the alleged incident.[4]

11.    On May 19, 2021, Transform filed the *Defendant Transform SR Brand LLC's 735
ILCS 5/2-619.1 Motion to Dismiss Plaintiff's Complaint*. *See* Black Decl., Ex. B (the "Motion to
Dismiss"). In the Motion to Dismiss, Transform stated that it has reason to believe that the dryer
was sold to Ms. Arney in 2008. Therefore, Transform argued, among other things, that the
Complaint should be dismissed because Transform did not exist until 2018 and Transform could
not be liable for any claims on the basis of any successor liability given the findings in this Court's
Sale Order. *See id.* at 4–7.

---

[3]    Ms. Arney subsequently voluntarily dismissed the Complaint against Sears, Roebuck and Co.

[4]    The Complaint also fails to clearly articulate a theory of liability with respect to Transform, specifically
whether Transform was being sued on the basis of its own actions or on the basis of successor liability. Any ambiguity
on this point, however, has been resolved through plaintiff's opposition to the motion to dismiss and efforts to obtain
discovery on precisely what the sale order forecloses: a theory of successor liability. *See* Black Decl., Ex. D ¶¶ 4–7.

6

12.    On May 26, 2021, Ms. Arney responded and requested seven days to evaluate Transform's Motion to Dismiss.  *See* Black Decl., Ex. D, ¶ 6.  On June 23, 2021, Ms. Arney requested that the Court place Transform's Motion to Dismiss on continuance and requested leave to engage in discovery pertaining to exceptions to successor corporate non-liability.  *See* Black Decl., Ex. C ¶¶ 4–5 (the "<u>Motion to Permit Discovery</u>").  Ms. Arney alleged in the Motion to Permit Discovery that she needed knowledge of material facts in order to respond to Transform's Motion to Dismiss and that "written interrogatories and document requests" to Transform would help her learn the necessary facts.  *See id.* ¶¶ 5–8.

13.    On June 23, 2021, Transform filed a Response to Plaintiff's Motion for Discovery.  *See* Black Decl., Ex. D.  However, despite Transform's objections to discovery, the Illinois Court granted Ms. Arney's request to conduct "written discovery, request documents, and take depositions, if necessary," on her theories of successor liability and placed Transform's Motion to Dismiss on continuance.  *See* Black Decl., Ex. E Circuit Court of Cook County Order (the "<u>Discovery Order</u>").  Following entry of the Discovery Order, counsel for Transform emailed with the Illinois Court highlighting some of the relevant provisions of the Sale Order and made the point that allowing plaintiff's discovery to go forward would effectively ignore those findings.  *See* Black Decl., Ex. F.  The Illinois Court responded to that email and informed Transform's counsel that it had not made a "final determination" on Transform's Motion to Dismiss because "the plaintiff (and the Court) needs discovery before making a final determination as to whether to agree to disagree with your representations."  *Id.*  Counsel for Transform clarified to the Illinois Court that it was merely conveying this Court's legally binding conclusions  (not offering its own representations of the facts) but received no response to date.  *See id.*

14.     Therefore, while Transform vigorously opposed these efforts, they have not been met with success.  Only after exhausting its options before the Illinois Court, and in order to avoid discovery that will allow Ms. Arney to mount a collateral attack on the Sale Order, does Transform return to this Court to enforce the critical protections granted to it by this Court.

15.     On June 30, 2021, in accordance with the Illinois Court's direction, Ms. Arney issued discovery requests and interrogatories to Transform (the "Discovery Requests").  *See* Black Decl., Ex. G Interrogatories Related to Defendant's Motion to Dismiss ¶ 7; *see also* Black Decl., Ex. H, Request for Production Related to Defendant's Motion to Dismiss.[5]  Under Illinois law, Transform has until July 28, 2021, twenty-eight days from the date of the Discovery Requests, to respond..[6]

## JURISDICTION

16.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) to interpret and enforce the Sale Order, and to grant the relief requested in this Motion.  *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (stating that the Bankruptcy Court plainly has jurisdiction to interpret and enforce its prior orders); *In re Millennium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005) ("Bankruptcy courts retain jurisdiction to enforce and interpret their own orders").  In addition, the Sale Order explicitly provides that "the Court shall retain exclusive jurisdiction to . . . interpret, enforce, and implement" this Order.  Sale Order ¶ 58.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[5]     The Discovery Requests are fairly sweeping.  For example, the interrogatories ask Transform to identify "each and every shareholder and/or stockholder of Sears, Roebuck and Co." in 2017 and 2018.  Black Decl., Ex. G. Meanwhile, the document requests seek "[a]ny and all communcations relating to Transform SR Brands LLC and/or Transform Holdco LLC becoming successor to Sears, Roebuck and Co."  Black Decl., Ex. H.

[6]     Following the filing of the Motion to Enforce, Transform intends to seek a stay of the discovery deadlines in the Illinois Action pending a decision from this Court on the Motion to Enforce.

**ARGUMENT**

17.     While the Complaint itself does not expressly set forth a theory of successor liability, and does not even allege when Ms. Arney purchased the product, her pursuit of discovery on this question in response to Transform's Motion to Dismiss unquestionably confirms the underlying theory of liability.  Therefore, Ms. Arney's attempts to hold Transform liable for any alleged injuries or damages she suffered as a result of a product she bought from the Debtors more than a decade ago are an obvious violation of the Sale Order, as are her attempts to illicit discovery on the issue of successor liability.  *See e.g.*, *In re Motors Liquidation Co.*, 514 B.R. 377, 383 (Bankr. S.D.N.Y. 2014) (finding that plaintiffs' claims in connection with vehicle manufactured before a sale pursuant to Section 363 of the Bankruptcy Code were barred by the provisions of the sale order precluding successor liability).

18.     Bankruptcy Courts often acknowledge the way successor liability protections help debtors maximize the value of their assets, to the benefit of all parties in interest.  *See e.g.*, *Douglas v. Stamco*, 363 Fed. Appx. 100, 102–03 (2d Cir. 2010) ("[T]o the extent that the 'free and clear' nature of the sale (as provided for in the Asset Purchase Agreement ('APA') and § 363(f)) was a crucial inducement in the sale's successful transaction, it is evident that the potential chilling effect of allowing a tort claim subsequent to the sale would run counter to a core aim of the Bankruptcy Code, which is to maximize the value of the assets and thereby maximize potential recovery to the creditors.") (footnote omitted); *Volvo White Truck Corp. v. Chambersburg Beverage Inc. (In re the White Motor Credit Corp.)*, 75 B.R. 944, 951 (Bankr. N.D. Ohio 1897) ("The successor liability specter would chill and deleteriously affect sales of corporate assets, forcing debtors to accept less on sales to compensate for this potential liability.  This negative effect on sales would only benefit product liability claimants, thereby subverting specific statutory priorities established by the

Bankruptcy Code."). Indeed, this Court found that Transform would not have entered into the sale transaction without protections from successor liability claims. *See* Sale Order ¶¶ M, T. To allow the Illinois Action and related discovery to continue against Transform on the basis of any successor liability theory would contravene this policy goal. It would also contravene the Court's authority and express orders while forcing Transform to incur unnecessary expense.

19. Ms. Arney alleges in her Motion to Permit Discovery that she lacks several material facts that are essential for her to respond to Transform's Motion to Dismiss. *See* Black Decl., Ex. C, ¶¶ 4–6. As examples of material facts, Ms. Arney points to Transform's "identity of ownership, officers, directors, management, shareholders, and stock;" whether there was a "continuation of the seller's business operations;" and, more generally, whether one of the four exceptions to successor corporate non-liability applies to Transform. *Id.* ¶ 5. However, Ms. Arney's vague suggestions as to what extensive written discovery, document requests, and possible depositions may yield are not sufficient to cure the threshold, outcome-determinative issue: the *legal* conclusion established by *this* Court's order that Transform acquired the relevant assets of Debtors with *no* successor or derivative liability means that Ms. Arney simply has the wrong defendant. *See* Sale Order ¶¶ 23, 27. This is not a factual dispute that discovery could help decipher — this is an issue of law. Moreover, any factual issues that Ms. Arney may obtain in discovery would only be used in the Illinois Action to mount an improper collateral attack on this Court's findings.

20. Transform makes no arguments on the merits of Ms. Arney's alleged injuries, and, as already stated, this Court does not need to pass judgment on them. Ms. Arney could continue pursuing her claims against some other, more appropriate party, but if Ms. Arney insists on proceeding in this manner, Transform reserves all rights and defenses, including the right to seek costs and attorney's fees as sanctions for her willful violation of the Sale Order. Ms. Arney's

proposed discovery on the question of successor liability amounts to nothing more than a futile fishing expedition mounted for the express purpose that the Sale Order forbids.  For Transform to have to comply with interrogatories and document requests in furtherance of such a fruitless endeavor would not only be time consuming and expensive, but also undermine the very basis on which Transform relied when choosing to consummate the sale transaction.  For the Illinois Action to proceed with Transform as a named Defendant on the basis of successor liability would be a direct conflict with this Court's orders and a waste of judicial resources.  On that basis, Transform asks this Court to enforce its own Sale Order pursuant to its exclusive jurisdiction and enjoin Ms. Arney from pursuing the Illinois Action any further on a theory of successor liability, including, but not limited to, her discovery requests.

## <u>CONCLUSION</u>

21.    No amount of discovery will support this misguided litigation strategy.  As such, Transform respectfully requests that this Court issue an order enjoining Ms. Arney from pursuing, asserting or taking any other action in furtherance of any claims against Transform and any of its affiliates, successors and assigns to the extent such claims are premised on successor liability or any similar theory of liability, including, without limitation, engaging in further discovery in support thereof.

*[Remainder of Page Left Blank Intentionally]*

11

Dated:   July 13, 2021         */s/ Luke A. Barefoot*
        New York, New York   Sean A. O'Neal, Esq.
                                Luke A. Barefoot, Esq.
                                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                One Liberty Plaza
                                New York, New York 10006
                                Telephone: (212) 225-2000
                                Facsimile: (212) 225-3999

                                *Attorneys for Transform SR Brands LLC*

**EXHIBIT A**

<u>Proposed Order</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

SEARS HOLDINGS CORPORATION, *et al*,[1]

Debtors.

Chapter 11

Case No. 18-23538-RDD

Jointly Administered

## ORDER ENFORCING THE ORDER (I) APPROVING THE ASSET PURCHASE AGREEMENT AMONG SELLERS AND BUYER, (II) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND LEASES IN CONNECTION THEREWITH AND (IV) GRANTING RELATED RELIEF

Upon Defendants' *Motion to Enforce Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Granting Related Relief*, ECF No. ____ (the "Motion to Enforce") [2] in the above-captioned

proceeding; and the Court having considered the Motion to Enforce, the *Declaration of Kimberly*

*Black in Support of Defendant's Motion to Enforce Order (I) Approving the Asset Purchase*

*Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets*

*Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption*

*and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV)*

*Granting Related Relief,* ECF No. ____; and the Court having jurisdiction to consider the Motion

to Enforce and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334

and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and

notice of the Motion to Dismiss having been given in accordance with the Federal Rules of

Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the

Southern District of New York; and the Court having held a hearing to consider the Motion to

Enforce at which time all interested parties were offered the opportunity to be heard with respect

to the Motion to Enforce (the "Hearing"); and after due deliberation and sufficient cause appearing

therefor:

**IT IS HEREBY FOUND AND ORDERED THAT**:

1.       For the reasons set forth on the record at the Hearing, the Motion to Enforce is

GRANTED as set forth herein.

2.       This Court's *Order (I) Approving the Asset Purchase Agreement Among Sellers*

*and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens,*

*Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of*

---

[2]       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to
Enforce.

*Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*, ECF No. 2507 (the "Sale Order"), remains in full force and effect.  All parties are ordered to comply with the provisions of the Sale Order.

3.      Pursuant to the unambiguous terms of the Sale Order, Transform SR Brands LLC ("Transform") is not a legal successor and cannot be otherwise deemed to be a successor to any of the Debtors.

4.      Diana M. Arney is hereby enjoined from pursuing, asserting or taking any other action in furtherance of any claims against Transform and any of its affiliates, successors and assigns to the extent such claims are premised on successor liability or any similar theory of liability.  For the avoidance of doubt, this includes engaging in further discovery in furtherance of successor liability claims in connection with the action *Arney v. Electrolux Home Products Inc. et al.*, Case No. 2020 L 012403 (Il. Ct. Ct. 2020).

5.      The Court retains exclusive jurisdiction to interpret and enforce this Order.

Dated: _____, 2021
White Plains, New York

_____
The Honorable Robert D. Drain
United States Bankruptcy Judge