WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
::
In re                                                        :   Chapter 11
::
**SEARS HOLDINGS CORPORATION, *et al.*,**                    :   Case No. 18-23538 (RDD)
::
Debtors.[1]                                                  :   (Jointly Administered)
::
------------------------------------------------------------x

**DEBTORS' OBJECTION TO**
**MOTION TO EXTEND TIME TO APPEAL**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in response to the *Motion to Extend Time to Appeal and Objection* (ECF No. 9641) (the "**Motion**") filed by James Edmond Smith ("**Mr. Smith**").

### Background

1. On February 9, 2021, the Debtors filed the *Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims)* (*see* ECF No. 9284) (the "**23rd Omnibus Objection**"), which sought to disallow and expunge multiple proofs of claims filed by Mr. Smith that asserted claims in the aggregate amount in excess of $1 billion.[2] Mr. Smith responded to the 23rd Omnibus Objection on March 4, 2021 (*see* ECF No. 9341) (the "**Response**"). On May 21, 2021, the Debtors filed a reply in support of the 23rd Omnibus Objection. *See* ECF No. 9520.

2. In accordance with the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (*see* ECF No. 3014) (the "**Claims Procedure Order**"), the Debtors adjourned the 23rd Omnibus Objection on multiple occasions as they worked with Mr. Smith in an attempt to consensually reconcile the Claims. Most recently, on April 23, 2021, the Debtors adjourned the 23rd Omnibus Objection to May 25, 2021. *See* ECF No. 9435. The Debtors provided notice of same to Mr. Smith. *See* ECF No. 9456. After numerous conversations with Mr. Smith, and based on a review of the information provided with the Claims and the Debtors' books and records, the Debtors determined the Claims were

---

[2] The proofs of claim objected to were numbers 8092, 13404, and 19509 (collectively, the "**Claims**").

unsubstantiated. Therefore, the Debtors determined to go forward with the hearing on the 23rd Omnibus Objection on May 25, 2021 (the "**Hearing**").

3. The Debtors' provided additional notice of the Hearing on May 18, 2021 (*see* ECF No. 9511) (the "**Second Notice**"). The Debtors served Mr. Smith with the Second Notice via first class mail and email. *See* ECF No. 9523. In addition, Debtors' counsel emailed and called Mr. Smith multiple times in the days leading up to the Hearing to explain that the Hearing on the 23rd Omnibus Objection would be going forward.

4. On May 25, 2021, Mr. Smith failed to appear at the Hearing. Nonetheless, the Court reviewed and considered Mr. Smith's Response. At the Hearing, the Court sustained the 23rd Omnibus Objection and disallowed and expunged the Claims in full. The Court ruled on the substance of the Claims (or lack thereof) and did not rule against Mr. Smith based on his failure to appear at the Hearing. The Court found that the Claims lacked merit and Mr. Smith's Claims and Response lacked credibility. *See In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) Hr'g Tr. 18:20 (Bankr. S.D.N.Y. May 25, 2021) (stating "I will grant the objection to these claims in full. They're truly bizarre documents that have no support whatsoever other than what appear to be forgeries").

5. On May 26, 2021, Mr. Smith spoke to Debtors' counsel regarding the status of the Claims and Debtors' counsel explained that the Hearing took place and the Court disallowed and expunged the Claims. On June 7, 2021, the Court entered the *Supplemental Order Granting Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims) (James Edmond Smith's Claims)* (*see* ECF No. 9553) (the "**Order**"), which started the clock on Mr. Smith's time to file a notice of appeal. Mr. Smith spoke to Debtors' counsel again on June 9 and June 30, 2021.

6. Pursuant to Fed. R. Bankr. P. 8002(a)(1), Mr. Smith had until Monday, June 21, 2021, to file a notice of appeal of the Order. Mr. Smith did not file a notice of appeal by the requisite date. Mr. Smith filed the Motion on July 12, 2021.

### **The Motion Should be Denied**

7. The Debtors object to any extension of time to appeal the Order. The Court may extend the time for a party to file a notice of appeal only "if the party shows excusable neglect." *See* Bankruptcy Rule 8002(d)(1)(B). As a substantive matter, the Motion is fatally deficient. Both the Bankruptcy Rules and the case law make it clear that Mr. Smith, the party seeking the extension, bears the burden of establishing "excusable neglect." *See In re Hillard*, 36 B.R. 80, 82 (S.D.N.Y. 1984); *Xuchang Rihetai Human Hair Goods, Co. v. Sun and Xie (In re Hongjun Sun)*, 323 B.R. 561, 563 (Bankr. E.D.N.Y. 2005). The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) outlined certain factors to be considered when evaluating "excusable neglect." While the court in *Pioneer* addressed excusable neglect in the context of an untimely filed proof of claim, the same factors have been held to apply to a determination under Bankruptcy Rule 8002(d). *See In re Enron Corp.*, 364 B.R. 482, 486 (S.D.N.Y. 2007); *Joslin v. Wechsler (In re Wechsler)*, 246 B.R. 490, 492 (S.D.N.Y. 2000); *United States Lines, Inc. v. United States (In re McClean Indus., Inc.)*, 196 B.R. 670, 674 n. 1 (S.D.N.Y. 1996).

8. The Motion is largely indecipherable and fails to even assert excusable neglect as a basis for Mr. Smith's failure to file a timely appeal. Mr. Smith, therefore, has utterly failed to satisfy his burden to demonstrate that he should be granted additional time to appeal the Order. More importantly, the Debtors' estates should not be required to incur additional expenses to defend a meritless appeal.

**Conclusion**

9.      There is absolutely no basis to extend the time to appeal the Order and no merit to the Claims. Accordingly, the Debtors respectfully request the Court deny the Motion.

Dated: July 20, 2021
       New York, New York

/s/ Garrett A. Fail
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*