WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
In re                                           :   Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, et al.,             :   Case No. 18-23538 (RDD)
                                                :
                       Debtors.[1]              :   (Jointly Administered)
-----------------------------------------------------------x
```

## CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' THIRTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On April 26, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Thirtieth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)* (ECF No. 9588) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for July 9, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

2

5.      Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: July 22, 2021
       New York, New York

*/s/ Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                  :     CHAPTER 11
                                                       :
**SEARS HOLDINGS CORPORATION**, *et al.*,              :     Case No. 18-23538 (RDD)
                                                       :
Debtors.[1]                                            :     (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

Upon the *Debtors' Thirtieth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)*, filed June 18, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing the No Liability Claims (as defined below)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and, as applicable, expunging the relevant proof of claim, and (ii) granting related relief, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT**

   1.   The Objection is granted to the extent set forth herein.

   2.   Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim and ballot listed on **Exhibit 1** annexed hereto, under the headings "*Affected Ballot No.*" and "*Affected Proof of Claim No.*" (the "**Disputed Claims**") is disallowed in its entirety.

   3.   Each ballot listed on **Exhibit 1** that is disallowed pursuant to this order shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent Program, and no

2

distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the No Liability Claims ballots.

4. Each proof of claim listed on **Exhibit 1** that is disallowed pursuant tot his Order shall be expunged in its entirety from the Debtors' claims register.

5. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

7. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

8. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
       White Plains, New York

                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## No Liability Claims

WEIL:\98078690\1\73217.0004

**Debtors' Thirtieth Omnibus Objection to Claims**  
**Exhibit 1 - Disallowed Claims**

**In re: Sears Holdings Corporation, et al.**  
**Case No. 18-23538 (RDD)**

| | Schedule of Claims to be Expunged & Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 1. | ANN CREEK LTD | 182353801017739 | N/A | Amount not specified |
| 2. | Atascadero Mutual Water Co | 182353801021504 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 3. | Atlanta ISD | 182353801017875 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 4. | Baker & Hostetler LLP | 182353801039738 | N/A | Claim has been withdrawn |
| 5. | Benton PUD | 182353801021530 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 6. | BIRCHWOOD SNOW & LANDSCAPING CONTRACTORS | 182353801039977 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 7. | City of Eagle Pass | 182353801018338 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 8. | City of Eagle Pass | 182353801018339 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 9. | City of El Paso | 182353801018340 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 10. | City of El Paso | 182353801018341 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**  
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | Schedule of Claims to be Expunged & Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 11. | CITY OF EL PASO | 182353801023791 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 12. | City of Frisco, TX | 182353801021795 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 13. | City of McAllen | 182353801018749 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 14. | CITY OF MCALLEN | 182353801024072 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 15. | City of Santa Rosa, CA-Water & Sewer | 182353801022044 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 16. | City of Stephenville | 182353801043427 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 17. | City of Sulphur Springs | 182353801043428 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 18. | City of Tallmadge, OH | 182353801022087 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 19. | Coachman Joint Venture LP | 182353801017695 | 15408 | The claim was satisfied and/or released, as associated contract was assumed and assigned to Transform Holdco LLC |
| 20. | County of Henrico, VA | 182353801024927 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**  **In re: Sears Holdings Corporation, et al.**
**Exhibit 1 - Disallowed Claims**  **Case No. 18-23538 (RDD)**

| | Schedule of Claims to be Expunged & Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 21. | Cypress - Fairbanks ISD | 182353801013557 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 22. | Cypress - Fairbanks ISD | 182353801018282 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 23. | Cypress - Fairbanks ISD | 182353801013558 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 24. | Cypress - Fairbanks ISD | 182353801018283 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 25. | Dallas County | 182353801017927 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 26. | Dentons US LLP | 182353801039787 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 27. | Eagle Pass ISD | 182353801017945 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 28. | Eagle Pass ISD | 182353801017946 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 29. | Elizabethtown Area Water Authority | 182353801022282 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 30. | Ellis County | 182353801017948 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 31. | Galveston County | 182353801018278 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 32. | GREG HASTO | 182353801016171 | N/A | Amount not specified |
| 33. | Harris County | 182353801018280 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**  
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | Schedule of Claims to be Expunged & Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 34. | Harris County | 182353801018281 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 35. | HARRIS COUNTY, ET AL | 182353801018349 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 36. | HARRIS COUNTY, ET AL | 182353801018350 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 37. | Hawaii Electric Light Co., Inc. (HELCO) | 182353801022417 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 38. | Hawaiian Electric Company (HECO) | 182353801022419 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 39. | Hidalgo County | 182353801018360 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 40. | Hood CAD | 182353801018363 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 41. | Hopkins County | 182353801018364 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 42. | Jasper County | 182353801013762 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 43. | Jim Wells CAD | 182353801018767 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 44. | Jim Wells CAD | 182353801018768 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 45. | Kauai Island Utility Cooperative | 182353801022496 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 46. | LEGACY MANUFACTURING COMPANY INC | 182353801014710 | N/A | Amount not specified |
| 47. | LITTLE ADVENTURES LLC | 182353801014782 | N/A | Amount not specified |
| 48. | Maui Electric Company (MECO) | 182353801022589 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 49. | MICHAEL G FONS | 182353801019242 | N/A | Amount not specified |

**Debtors' Thirtieth Omnibus Objection to Claims**    In re: Sears Holdings Corporation, et al.
**Exhibit 1 - Disallowed Claims**    Case No. 18-23538 (RDD)

| | | | | Schedule of Claims to be Expunged & Disallowed |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 50. | MICHAEL MACEY | 182353801019244 | N/A | Amount not specified |
| 51. | MONTGOMERY COUNTY | 182353801013763 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 52. | MONTGOMERY COUNTY | 182353801013764 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 53. | MONTGOMERY COUNTY | 182353801025433 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 54. | MONTGOMERY COUNTY | 182353801025434 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 55. | Navarro County | 182353801013580 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 56. | NEAL MACUDZINSKI O D OPTIC 1758 | 182353801019454 | N/A | Amount not specified |
| 57. | NEW YORK STATE DEPARTMENT OF TAXATION AND | 182353801013654 | N/A | Claim has been withdrawn |
| 58. | Nueces County | 182353801017985 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 59. | Peyton C. Cochrane, Tax Collector, Tuscaloosa County, Alabama | 182353801018216 | N/A | Claim has been withdrawn |
| 60. | POLK COUNTY | 182353801025741 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 61. | Polk County | 182353801018110 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 62. | Porter Internet Sales LLC | 182353801019849 | 7145 | Amount not specified |
| 63. | Prairie Electric Company Inc | 182353801041389 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 64. | PROTECTOR BRANDS LLC | 182353801019944 | N/A | Amount not specified |
| 65. | Seyfarth Shaw LLP | 182353801039724 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 66. | SHIPMAN & GOODWIN LLP | 182353801020360 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 67. | Suburban Natural Gas | 182353801022905 | N/A | The ballot provided by the Claimant(s) are not supported by the Debtors' books and records, or no supporting documentation was provided for all or a portion of the Claim |
| 68. | Sulphur Springs ISD | 182353801018391 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 69. | Tarrant County | 182353801018394 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 70. | Tarrant County | 182353801018785 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |
| 71. | Tarrant County | 182353801018786 | N/A | Claim asserted in ballot identical to previously disallowed Proof of Claim |

**Debtors' Thirtieth Omnibus Objection to Claims**  **In re: Sears Holdings Corporation, et al.**
**Exhibit 1 - Disallowed Claims**  **Case No. 18-23538 (RDD)**

| | Schedule of Claims to be Expunged & Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Reason for Proposed Disallowance |
| 72. | Town of Watertown, NY | 182353801023000 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 73. | Upton, Mickits and Heymann, LLP | 182353801039803 | N/A | Basis for the Disputed Claim was paid or satisfied by the Debtors or by non-debtor third parties in the ordinary course |
| 74. | Wood County | 182353801018050 | N/A | Amount not specified; Claim asserted in ballot identical to previously disallowed Proof of Claim |

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                    :    CHAPTER 11
                                                         :
**SEARS HOLDINGS CORPORATION**, *et al.*,                :    Case No. 18-23538 (RDD)
                                                         :
Debtors.[1]                                              :    (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS
### OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

Upon the *Debtors' Thirtieth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)*, filed June 18, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing the No Liability Claims (as defined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

below) and, as applicable, expunging the relevant proof of claim, and (ii) granting related relief, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and ~~the Court having held a hearing to consider the relief requested in the Objection on July 27, 2021 (the "**Hearing**"); and upon the record of the Hearing, and~~ upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each proof of claim and ballot listed on **Exhibit 1** annexed hereto, under the headings "*Affected Ballot No.*" and "*Affected Proof of Claim No.*" (the "**Disputed Claims**") is disallowed in its entirety.

2

3. Each ballot listed on **Exhibit 1** that is disallowed pursuant to this order shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent Program, and no distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the No Liability Claims ballots.

4. Each proof of claim listed on **Exhibit 1** that is disallowed pursuant tot his Order shall be expunged in its entirety from the Debtors' claims register.

5. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

6. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disputed Claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

7. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

8. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
       White Plains, New York

_____

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4