UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                :     CHAPTER 11
                                                        :
SEARS HOLDINGS CORPORATION, *et al.*, :     Case No. 18-23538 (RDD)
                                                        :
          Debtors.[1]               :     **(Jointly Administered)**
                                                         :     **(ECF Nos. 9641 & 9664)**
---------------------------------------------------------------x

## ORDER DENYING MOTION TO
## EXTEND TIME TO FILE NOTICE OF APPEAL

Upon the motion, dated July 12, 2021 (ECF No. 9641) (the "**Motion**") of James Edmond Smith in the above-captioned chapter 11 cases of Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), requesting an order extending the time to file a notice of appeal of the *Supplemental Order Granting Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims) (James Edmond Smith's Claims)* (ECF No. 9553); and upon the Debtors' objection to the Motion, dated July 20, 2021 (ECF No. 9664); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on the Motion on July 27, 2021; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that Mr. Smith has not carried his burden to show excusable neglect for purposes of Fed. R. Bankr. P. 8002(d)(1)(B), it is hereby

**ORDERED THAT:**

1. The Motion is denied.

2. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 29, 2021
White Plains, New York

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE