UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    :    CHAPTER 11
                                                         :
SEARS HOLDINGS CORPORATION, *et al.*,                    :    Case No. 18-23538 (RDD)
                                                         :
        Debtors.[1]                                      :    (Jointly Administered)
------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING, IN PART, DEBTORS' TWENTY-NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (REDUCE AND ALLOW) AS TO BURWOOD GROUP, INC.

Upon the *Debtors' Twenty-Ninth Omnibus Objection to Proofs of Claim and Ballots (Reduce and Allow)*, filed April 26, 2021 at ECF No. 9444 (the "**Objection**")[2] by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); and upon the *Certificate of No Objection Pursuant to 28 U.S.C. § 1746 Regarding Debtors' Twenty-Ninth Omnibus Objection to Proofs of Claim or Ballots (Reduce and Allow),* filed by the Debtors on August 3, 2021 (ECF No. 9712)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

(the "**CNO**"); and the Court having jurisdiction to consider the Objection, the CNO, and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection, CNO, and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the having been provided, and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Objection and CNO establish just cause for the relief granted herein, which has been agreed between the Debtors and Burwood (defined below) and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Proof of Claim No. 2076 filed by Burwood Group, Inc. ("**Burwood**") shall be expunged from the claims registered and disallowed.

3. Proof of Claim No. 20556 filed by Burwood shall be amended as follows:

(a) a claim in the amount of $598,544.30 shall be allowed, be entitled to administrative priority pursuant to Bankruptcy Code section 503(b)(9), and shall be considered a Non-Settled Administrative Expense Claim in the Administrative Expense Claims Consent Program (as defined in the order confirming the chapter 11 plan in these cases, the "**Allowed Burwood Administrative Claim**"); and

(b) a claim in the amount of $134,531.82 shall remain asserted as a general unsecured claim and subject to allowance or disallowance.

4.  Burwood shall have no other Administrative Expense Claim against the Debtors other than the Allowed Burwood Admin Claim. The Allowed Burwood Admin Claim shall be identified in the Administrative Expense Claims Consent Program with Ballot No. 182353801040007, which shall be amended to reflect the amount of the Allowed Burwood Admin Claim (the "**Burwood Ballot**").

5.  Nothing in this Order constitutes any finding or determination concerning the validity of any general unsecured claim asserted by Burwood. All rights and defenses of the Creditors' Committee and the Liquidating Trust (each as defined in the Confirmation Order), as applicable, with respect to any general unsecured claim asserted by Burwood are expressly preserved.

6.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7.  The terms and conditions of this Order are effective immediately upon entry.

Dated:  August 4, 2021
        White Plains, New York

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE