UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re : Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*, : Case No. 18-23538 (RDD)
:
Debtors.[1] : (Jointly Administered)
: (ECF No. 9706)
-----------------------------------------------------------------x

### ORDER IN AID OF EXECUTION OF
### THE MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN
### OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

Upon the motion, dated and served July 30, 2021 (ECF No. 9706) (the "**Motion**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for approval, pursuant to sections 105(a) and 1142 of title 11 of the United States Code, for an order in aid of execution of the Plan, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion (see Affidavit of Service at ECF No. 9721) and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances; and there being no objections to the Motion; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein based on the failure of the holders of Uncashed Checks to cash such distributions over a protracted time, including after the fixing, on due notice of a deadline to do so, and that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is granted to the extent set forth therein.

2. August 20, 2021 is established as the deadline (the "**Uncashed Check Deadline**") for record holders of Uncashed Checks to request from the Debtors the reissuance of the Uncashed Checks.

3. Any record holder with an Uncashed Check that did not request reissuance before the Uncashed Check Deadline shall forfeit and forever be barred from claiming such amounts in the Uncashed Check.

2

WEIL:\98121238\1\73217.0004

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: August 24, 2021
      White Plains, New York

                                                  */s/ Robert D. Drain*
                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE