UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among Sears Auto Center, Sears Holding Corporation, Sears, Robuck and Co. et al., on the one hand, and Kamrin T. and Kaidin T., by and through their guardian ad litem Danielle Belton Taylor, Danielle Belton Taylor, and Dennis Taylor (collectively, the "**Claimants**"), on the other hand. The Debtors and the Claimants collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

# RECITALS

A. **WHEREAS**, on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. **WHEREAS**, on January 11, 2017, Claimants commenced an action in the Superior Court of the State of California for the County of Alameda, Case No. RG 17845161 (the "**Prepetition Action**") against Sears Auto Center, Sears Holding Corporation, and Sears, Roebuck and Co., and thereafter filed a First Amended Complaint therein on December 28, 2017. The Prepetition Action involves claims asserted by the Claimants for alleged injuries as a result of an incident that occurred on June 4, 2016 at the Sears Auto Center in Hayward, California.

C. **WHEREAS**, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to permit the Claimants to continue the Prepetition Action against the Debtors solely to recover from any available insurance proceeds under the Debtors' umbrella insurance

policy,[2] including the policy issued by National Union Fire Insurance Company of Pittsburgh, PA ("**National Union**") Policy No. 19086574 (as renewed, amended, modified, endorsed or supplemented from time to time), and any other applicable excess policy that has not been exhausted (collectively, the "**Policies**"), in effect and potentially covering liability of the Debtors on the date of the subject incident; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimants from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. To the extent that Claimants are successful in obtaining a judgment against the Debtors or a settlement is reached, Claimants understand that Claimants' recovery from the Policies is limited solely to those amounts covered by the Policies, and within the Policies' applicable limits. Provided, however, for the avoidance of doubt, the Debtors shall not be responsible for any self-insured retention or deductible.

3. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimants against Sears' or any of the other Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise

---

[2] The Debtors' general liability policy that would otherwise cover the Prepetition Action (the "**GL Policy**") has purportedly been exhausted, however, the Claimants allege damages that may be covered, at least in part, by National Union's Policy. The Debtors represent that the GL Policy has been exhausted.

3

assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimants' claims.

4. The Debtors have tendered a request for defense of the Prepetition Action to National Union for the insurance policy applicable to the Prepetition Action.

5. The Debtors shall not be responsible for or required to prosecute or to participate in the prosecution of any dispute with the Insurer over a duty to defend.

6. For the avoidance of doubt, to the extent Claimants obtain a judgment against any of Debtors, including, without limitation, a default judgment, Claimants shall never seek to enforce any portion of any such judgment against Debtors directly, under any circumstances whatsoever, and shall only pursue enforcement of such judgment against the proceeds of the Policies. Claimants understand and agree that, as a consequence of the foregoing, some or all of any such judgment may be uncollectible. Additionally, Claimants understand that the Debtors are not responsible for any costs or fees associated related to the prosecution or defense of the Prepetition Action.

7. The Debtors shall have no responsibility or liability for the Insurer's denial of coverage or refusal to defend.

8. On the Effective Date, any and all proofs of claims filed against the Debtors by Claimants shall be deemed withdrawn.

9. Nothing in this Stipulation or in the proceedings that take place as a result of the relief provided herein shall, or shall be deemed to, affect the Debtors' rights with respect to (a) coverage under any applicable insurance policies, or (b) any claims or defenses that have been or may be asserted in the Action or any other litigation or contested matter, all of which rights are expressly reserved.

4

10. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Action or any other matter.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

16. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  August 30, 2021                                    Dated:  August 30, 2021

By:  /s/ Garrett A. Fail                                    By:  /s/ Juan C. Victoria
    Ray C. Schrock, P.C.                              Matthew S. McNicholas
    Jacqueline Marcus                                 Juan C. Victoria
    Garrett A. Fail                                   McNicholas & McNicholas, LLP
    Sunny Singh                                       10866 Wilshire Boulevnrd,,Suite 1400
    WEIL, GOTSHAL & MANGES LLP                        Los Angeles, CA  90024-4338
    767 Fifth Avenue                                  Tel:  (310) 474-1582
    New York, NY 10153                                Fax: (310) 475-7871
    Tel.:  (212) 310-8000
    Fax:  (212) 310-8007                              *Attorney for the Claimants*

*Attorneys for Debtors
and Debtors in Possession*

**So Ordered:**

Dated:  September 9, 2021
       White Plains, New York

                        /s/ Robert D. Drain
                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE