Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999

- and -

Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(**Admitted pro hac vice*)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**FEE EXAMINER'S SIXTH STATUS REPORT REGARDING
REVIEW OF INTERIM FEE AND EXPENSE APPLICATIONS**

Paul E. Harner, as fee examiner (the "Fee Examiner"), respectfully submits this sixth status report regarding his ongoing review of professional fee and expense applications in the above-captioned chapter 11 cases.

**Background**

1. On October 15, 2018, Sears Holdings Corporation and certain of its affiliates (the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 22, 2019, the Court entered its *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"). At the direction of the Court, the Office of the United States Trustee appointed the Fee Examiner to monitor the fees and expenses incurred by professionals retained in these chapter 11 cases and to provide periodic reports regarding the fee applications submitted for approval by such professionals, with or without a filed objection.

3. Prior to the appointment of the Fee Examiner, certain of the professionals retained pursuant to Court order in these chapter 11 cases (the "Retained Professionals") filed their first interim applications for compensation and reimbursement of expenses from October 15, 2018 through February 28, 2019. Since the appointment of the Fee Examiner, the Debtors and the

2

Official Committee of Unsecured Creditors have retained additional professionals, who have also filed interim fee applications that are subject to review by the Fee Examiner. To date, certain Retained Professionals have filed their first through eighth interim fee applications. On June 28, 2019, October 24, 2019, January 30, 2020, June 17, 2020, October 15, 2020, February 23, 2021, and June 1, 2021, the Court entered orders approving the first, second, third, fourth, fifth, sixth, and seventh interim fee applications of the Retained Professionals, respectively, subject to the review and reservation of rights by the Fee Examiner with respect to the approval of any Retained Professional's final fee application. *See* Docket Nos. 4409, 5507, 6811, 8036, 9009, 9312, & 9545.

## Status Report

4.    The Fee Examiner has completed his review of the first interim fee and expense applications of the Retained Professionals and has provided preliminary reports regarding those fee and expense applications (the "First Preliminary Reports") to all of the lead professionals for their review and response. Additionally, the Fee Examiner has provided certain preliminary reports regarding second through seventh interim applications to Retained Professionals (the "Subsequent Preliminary Reports" and together with the First Preliminary Reports, the "Preliminary Reports"). The review of the most recent interim fee applications is being conducted and preliminary reports for the applications will be provided to the Retained Professionals shortly. The Fee Examiner has also made himself available to hear the concerns of certain parties in interest regarding the fees accruing in these chapter 11 cases.

5.    Because the Fee Examiner Order contemplates treatment of the Preliminary Reports as settlement communications under Federal Rule of Evidence 408, the Fee Examiner considers the Preliminary Reports confidential and has submitted them for the purpose of

3

identifying concerns; requesting additional information; and facilitating discussions with the professionals regarding potentially appropriate fee and expense adjustments.

6. The Fee Examiner has received responses from certain Retained Professionals regarding their Preliminary Reports, and is continuing discussion with those professionals. The Fee Examiner has also reached agreements with certain other professionals, including those that have already submitted final fee and expense applications. Notwithstanding that he remains hopeful agreements will be reached with all Retained Professionals, several issues regarding many of the Retained Professionals' fee applications continue to remain unresolved. The Fee Examiner believes that ongoing discussions regarding the Preliminary Reports will continue to inform the review process.

7. The Fee Examiner still awaits initial responses from certain Retained Professionals regarding their First Preliminary Reports as well as various Subsequent Preliminary Reports. Although these professionals still have not responded to invitations for discussions regarding the Preliminary Reports, the Fee Examiner is continuing to work towards a resolution of the issues raised in the Preliminary Reports with the Retained Professionals. The Fee Examiner will file necessary and appropriate final reports with respect to any agreed-upon adjustments to pending fee and expense approval requests.

8. Out of an abundance of caution, the Fee Examiner again requests that the proposed eighth omnibus order approving Retained Professionals' interim fee applications, like the previous orders, include, and the Fee Examiner expects that the Retained Professionals will continue to agree that any similar order granting later interim fee applications likewise will include, a provision specifically reserving the Fee Examiner's right to object formally to the approval of any fees or

expenses, either as part of the final fee and expense application process or otherwise in advance of the final approval of fee and expense applications.

Dated: September 13, 2021

/s/ Paul E. Harner
Paul E. Harner
SHEPPARD, MULLIN, RICHTER, & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 869-0694

*Fee Examiner*

/s/ Chantelle D. McClamb
Vincent J. Marriott, III*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 665-8500

-and-

BALLARD SPAHR LLP
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4465
*admitted *pro hac vice*

*Counsel for the Fee Examiner*