Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 5/19/2021 1:27 PM    2020L012403

FILED
5/19/2021 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L012403

13386504

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DIANA M. ARNEY,                                )
                                               )
                    Plaintiff,                 )
                                               )
        v.                                     )
                                               )        Case No.  20 L 012403
                                               )
ELECTORLUX HOME PRODUCTS, INC.,                )
TRANSFORM SR BRANDS LLC, Individually          )
and d/b/a SEARS, and SEARS, ROEBUCK AND        )
CO.,                                           )
                                               )
                    Defendants.                )

### DEFENDANT TRANSFORM SR BRAND LLC'S 735 ILCS 5/2-619.1
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant **TRANSFORM SR BRANDS LLC** (hereinafter "Transform") and through its attorneys, O'HAGAN, MEYER LLC, and for its Motion to Dismiss pursuant to 735 ILCS 5/2-619.1 states as follows:

### INTRODUCTION

Plaintiff brings this action against various Defendants for injuries allegedly sustained in an accident involving a dryer fire occurring on January 7, 2020. (Exhibit A, Plaintiff's Complaint). Plaintiff's alleges *inter alia* a product liability case arising from Electrolux/Sears/Transform's alleged design/manufacture/sale of the dryer at-issue. Sears filed for bankruptcy in 2018 and the bankruptcy proceedings are still pending. In 2019, Transform (with the approval of the US Bankruptcy Court) acquired some assets from Sears during its bankruptcy, but explicitly did not assume Sears' liabilities relating to the design/manufacture/sale of products prior to its acquisition of assets.

Plaintiff's Complaint should be dismissed pursuant to both 735 ILCS 5/2-615 and 735 ILCS 5/2-619(a)(9).  As it relates to 2-615, Plaintiff's Complaint does not allege facts as to the

# EXHIBIT D

FILED DATE: 5/19/2021 1:27 PM    2020L012403

actions taken by Transform as opposed to Sears or when the subject dryer was designed, manufactured, or even sold to Plaintiff. Such facts are material as Transform did not exist as a corporate entity until 2019. Alternatively, Plaintiff's Complaint should be dismissed with prejudice pursuant to 2-619(a)(9) as again, Transform did not exist until 2019 and if recovery is sought on a successor liability theory, Transform did not assume any of the relevant liabilities of Sears which form the basis of the present lawsuit.

## STANDARD OF LAW

735 ILCS 5/2-619.1 provides for combined motions to dismiss:

> Motions with respect to pleadings under Section 2-615, motions for involuntary dismissal or other relief under Section 2-619, and motions for summary judgment under Section 2-1005 may be filed together as a single motion in any combination. A combined motion, however, shall be in parts. Each part shall be limited to and shall specify that it is made under one of Sections 2-615, 2-619, or 2-1005. Each part shall also clearly show the points or grounds relied upon under the Section upon which it is based.

A motion to dismiss based on section 2–619 motion admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim. *Schusse v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 334 Ill. App. 3d 960, 963 (1st Dist. 2002).

A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. 735 ILCS 5/2-615; *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 429 (2006). §2-603 of the Illinois Code of Civil Procedure states, in relevant part, "all pleadings shall contain **a plain and concise statement of the pleader's cause of action**, counterclaim, defense, or reply." 735 ILCS 5/2-603(a) (emphasis added). Illinois is a fact pleading jurisdiction, and conclusions of law and conclusory factual allegations must be disregarded for the purposes of

FILED DATE: 5/19/2021 1:27 PM   2020L012403

a §2-615 Motion to Dismiss. *Chandler v. Illinois Central Railroad Co.*, 207 Ill.2d 331, 348 (2003); *Purmal v. Robert Wadington & Associates,* 354 Ill.App.3d 715, 720 (1st Dist. 2004). Additionally, when reviewing a motion to dismiss under §2-615, the Court deems admitted all well pleaded facts; however, **conclusions of law or allegations of fact unsupported by specific allegations are to be disregarded**. *Hume & Liechty Veterinary Association v. Hodes*, 259 Ill.App.3d 367, 369 (1st Dist. 1994) (emphasis added).

## BACKGROUND FACTS

Sears, Roebuck and Co. filed for Chapter 11 bankruptcy in the United States District Court, Southern District of New York on or about October 2018. Transform Holdco LLC[1] was not created until September 28, 2018. (Exhibit B, Delaware Corporation search for Transform Holdco LLC). Transform SR Brands, LLC is a subsidiary of Transform Holdco and was not created until January 23, 2019. (Exhibit C, Delaware Corporation search for Transform SR Brands, LLC). During the course of the Sears bankruptcy, Transform Holdco LLC purchased (with approval of the Bankruptcy Court) various assets from the Sears debtor. (Exhibit D, Order approving asset purchase). The subject dryer at-issue was purchased in November 2008. (Exhibit E, Records for sale of dryer); (Exhibit F, Affidavit of Julie Roman).

As of the date of this Motion, the Sears bankruptcy is still pending. As a result of this pending bankruptcy, Plaintiff voluntarily dismissed Sears on January 6, 2021. (Absent relief from the automatic stay extant under section 362 of the Bankruptcy Code, judicial actions and proceedings commenced against the debtor are "void ab initio." *Maritime Elec. Co., Inv. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991)). However, Plaintiff's suit continues against

---

[1] Transform SR LLC, Transform KM LLC, Transform SR Holdings LLC, and Transform SR Holding Management LLC are subsidiaries of Transform Holdco LLC. https://www.sec.gov/Archives/edgar/data/1548309/000154830919000045/sho8k-031819.htm

Transform under what appears to be a successor liability theory despite the fact that Transform did not assume the relevant liabilities of Sears which would give rise to the instant lawsuit as evidenced in the asset purchase agreement.

## ARGUMENT

I.    <u>Plaintiff's Complaint should be dismissed, or alternatively a more definite statement made, as it lacks factual allegations regarding Transform's involvement in the underlying product liability action (dismissal/amendment sought pursuant to 2-615).</u>

Plaintiff's Complaint at Law does not allege the date of purchase or date of manufacture of the dryer at-issue. As elaborated in further detail below, date of purchase and/or date of manufacture are material as the movant (Transform) did not exist as a corporate entity until 2019. While Defendant has information or belief that the underlying transaction occurred sometime in 2008, it requests that the Complaint be amended to include factual allegations constituting a more definite statement so that it can determine its defenses accordingly.

In addition, the Complaint lacks factual allegations as to the actions allegedly taken by Transform as opposed to Sears. The Complaint contains identical boilerplate product liability claims against both entities despite the fact that the Transform Defendant did not exist prior to 2019. Notably, the above information contained in the Background Facts section of the instant motion is publicly available through filings either with the Federal Bankruptcy Court, Delaware Corporation registry, or SEC filings. As such, it is not unreasonable to require Plaintiff to plead some facts as to whether she is alleging that Transform directly played a role in the design/manufacture/sale of the underlying dryer or if she is merely alleging some successor liability arising from the purchase of various Sears assets in the course of the Sears bankruptcy.

Further, Transform should be dismissed pursuant to 2-615 because the Complaint does not plead any facts as to how Transform purchased assets of Sears that encompassed the instant

FILED DATE: 5/19/2021 1:27 PM    2020L012403

lawsuit. The well-settled general rule is that a corporation that purchases the assets of another corporation is not liable for the debts or liabilities of the transferor corporation. *Vernon v. Schuster*, 179 Ill. 2d 338, 344–45 (1997). There are four exceptions to the general rule of successor corporate nonliability: (1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. *Id.* The facts of *Vernon* are instructive. The plaintiff purchased a boiler from defendant, Diversey Heating (James Schuster was the sole proprietor). Schuster passed away and his son assumed business operations. Plaintiff argued that Diversey Heating failed to honor a warranty when the boiler malfunctioned after Schuster's death. The Illinois Supreme Court affirmed dismissal under 2-615 finding:

> We also note that plaintiffs did not allege that defendant falls within any of the other three exceptions to the rule of successor corporate nonliability. Plaintiffs did not allege that James Schuster and defendant agreed that defendant would assume James Schuster's liabilities and obligations. Plaintiffs did not allege and, logically, could not allege, that defendant consolidated or merged with James Schuster. Also, plaintiffs did not allege that James Schuster fraudulently transferred Diversey Heating to defendant to escape liability. We agree with the circuit court that, under the rule of successor corporate nonliability, defendant is not liable for the obligations of his father's sole proprietorship.

*Vernon v. Schuster*, 179 Ill. 2d 338, 349, 688 N.E.2d 1172, 1177 (1997)

Here, similar to the plaintiff in *Vernon*, Plaintiff fails to plead any of the above exceptions as to how Transform assumed the relevant liabilities of Sears which forms the basis of the instant lawsuit. For these reasons, Plaintiff's Complaint should be dismissed or alternatively amended (pursuant to 2-615) to include such relevant facts so that Defendant may be apprised of the nature of claims brought against it.

II. Plaintiff's Complaint should be dismissed as Transform did not exist at the time of the underlying allegations and otherwise did not assume the relevant liabilities of

5

FILED DATE: 5/19/2021 1:27 PM    2020L012403

    <u>Sears, Roebuck and Co. which form the basis of this lawsuit (dismissal sought
pursuant to 2-619(a)(9)).</u>

    Transform should be dismissed pursuant to 2-619(a)(9) because (1) Transform did not exist as an entity at the time of the alleged design/manufacture/sale of the underlying dryer and (2) the asset purchase agreement clearly shows that Transform did not assume the asset purchase agreement. See *Vernon v. Schuster*, 179 Ill. 2d 338, 344–45 (1997).

    Here, the subject dryer was purchased in 2008. (Exhibit E, F). Axiomatically, any design, manufacture, issuance of warnings, or sale would have occurred prior to 2008. Transform did not exist at that time and was not formed until at least 10 years after that date. (Exhibit B and C, Delaware Corporation Search results). Since Transform did not exist at the time of the underlying allegations which form the basis of Plaintiff's lawsuit, Transform could not have possibly been involved in the design/manufacture/sale of the subject dryer at-issue. As such, Transform should be dismissed with prejudice on that basis alone.

    In addition, the reasoning of *Vernon* should be extended under 2-619(a)(9) as the facts are undisputable relating to successor liability. Specifically, the asset purchase agreement clearly excluded purchase of liabilities relating to prior claims concerning design/manufacture/sale of products. This agreement was approved by the United States Bankruptcy Court Southern District of New York. (Exhibit D). Article II concerns the purchase and sale of acquired assets (Page 139). Section 2.4 covers excluded liabilities; specifically, sections 2.4(a), (c), and (d) include the following language:

    Section 2.4 Excluded Liabilities.

    None of Buyer, any Affiliate of Buyer or any Assignee shall assume, be deemed to assume or become obligated hereunder in any way to pay or perform (whether as a successor to any Seller or otherwise) any Liabilities of any Sellers or any of their respective Affiliates of any kind or nature, known, unknown, contingent or otherwise, whether direct or indirect, matured or unmatured, other than the

Assumed Liabilities, (the foregoing including the following, the "Excluded Liabilities") which shall include the following Liabilities:

(a) all Liabilities of the Seller or any of its Subsidiaries arising out of the ownership of the Acquired Assets or operation of the Business or the Acquired Assets prior to the Closing Date other than Cure Costs, Other Payables, the Assumed 503(b)(9) Claims, Severance Reimbursement Obligations, and Ordered Inventory;

(b) all Liabilities relating to the payment or performance of obligations arising solely out of facts or circumstances in existence prior to the Closing Date or Designation Assignment Date, as applicable, with respect to the Assigned Agreements;

(c) all Liabilities arising from or related to any claim, Action, arbitration, audit, hearing, investigation, suit, litigation or other proceeding (whether civil, criminal, administrative, investigative, or informal and whether pending or threatened or having any other status) arising out of the Assumed Liabilities, the Acquired Assets or the operation of the Business prior to the Closing Date or relating to facts, actions, omissions, circumstances or conditions existing, occurring or accruing prior to the Closing Date against any Seller or its Affiliates;

(d) **all Liabilities to the extent arising prior to the Closing Date or arising from or related to the operation of a Seller's business or any of Sellers' products or services, including any Liability relating to (i) design or manufacturing defects (whenever discovered) and (ii) warranties, product liability, safety or other Liability, in the cases of clauses (i) and (ii), relating to any product sold or manufactured by any Seller or any of its Affiliates;**

(Page 146 of the attached pdf, emphasis added).

Pursuant to the Federal Bankruptcy Order, the liabilities which form the basis of this present lawsuit were clearly excluded from purchase – namely section 2.4(d) for "Liabilities to the extent arising prior to the Closing Date or arising from or related to the operation of a Seller's business or any of Sellers' products or services, including any Liability relating to (i) design or manufacturing defects (whenever discovered) and (ii) warranties, product liability, safety or other Liability, in the cases of clauses (i) and (ii), relating to any product sold or manufactured by any Seller or any of its Affiliates."

FILED DATE: 5/19/2021 1:27 PM    2020L012403

In effect, Plaintiff's claim seeks recovery for alleged actions taken by Sears, Roebuck and Co. in the design/manufacture/sale of the dryer at issue. However, due to the fact that Sears is bankruptcy and under an automatic stay (per section 362(a) of Chapter 11 of the Bankruptcy Code), any such claims are barred. See *Maritime Elec. Co., Inv. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) (Absent relief from the automatic stay extant under section 362 of the Bankruptcy Code, judicial actions and proceedings commenced against the debtor are "void ab initio.") Plaintiff's attempt to bypass the bankruptcy by litigating against the Transform entity which patently did not assume the liabilities of Sears entity relating to the subject dryer is improper and contrary to the Bankruptcy Code.

Further, based on the plain language of the Federal Order approving the asset purchases, none of the four *Vernon* exceptions are applicable. Again, the Asset Purchase Agreement expressly exempts purchases of liability and the proceedings and transfers occurred in a bankruptcy setting where there was no consolidation or merger. In addition, Transform was not a continuation of the seller as it was not a corporate continuation of Sears since Sears remains in bankruptcy. Finally, the transaction was not fraudulent as evidenced by the Federal Bankruptcy Court's approval Order. For these reasons, Transform should be dismissed with prejudice pursuant to Section 619(a)(9).

## CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to 735 ILCS 5/2-615 as it lacks facts regarding the underlying transaction and involvement of the Transform vs. Sears entities as it relates to the design/manufacture/sale of the product. In addition, Plaintiff's Complaint should be dismissed with prejudice against Transform pursuant to 735 ILCS 5/2-619(a)(9) because it did not exist at the time of the underlying transactions (and therefore impossible to have taken part in the

FILED DATE: 5/19/2021 1:27 PM    2020L012403

design/manufacture/sale of the product) and otherwise did not assume the relevant debts/liabilities

which form the basis of this lawsuit of the bankrupt Sears entity.

O'HAGAN MEYER, LLC

By:      s/ Lucas Sun
_____
One of the Attorneys for Defendant
Transform SR Brands LLC

James P. Balog, Esq.
Lucas Sun, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com

FILED DATE: 5/19/2021 1:27 PM   2020L012403