Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

18-23538-shl    Doc 9807-5    Filed 09/13/21    Entered 09/13/21 22:04:19    Exhibit
Pg 1 of 5

FILED
6/17/2021 2:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L012403

13728061

FILED DATE: 6/17/2021 2:07 PM   2020L012403

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DIANA M. ARNEY, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2020 L 012403 |
| | ) |
| v. | ) Calendar A |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC., | ) |
| and TRANSFORM SR BRANDS LLC, | ) |
| Individually and d/b/a SEARS, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION FOR CONTINUANCE OF DEFENDANT'S MOTION AND PERMIT DISCOVERY

NOW COMES the Plaintiff, DIANA M. ARNEY, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, in her Motion for Continuance of Defendant's Motion to Dismiss and Permit Discovery, states as follows:

1. This matter arises out of a products liability action involving a clothes dryer that ignited and started a house fire, causing severe and permanent injuries to the Plaintiff, Diana Arney, including including respiratory distress, requiring prolonged hospitalizations and in-patient care at skilled nursing facilities.

2. Plaintiff filed suit against Defendant Transform SR Brands LLC alleging strict product liabilty, negligence, and joint venture.

3. Defendant Transform SR Brands LLC filed a Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILC 5/2-619.1 based primarily upon successor corporation non-liability.

4. Pursuant to Illinois law, there are four exceptions to successor corporate non-liability: (1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent

**EXHIBIT E**

FILED DATE: 6/17/2021 2:07 PM    2020L012403

purpose of escaping liability for the seller's obligations. *Digiulio v. Goss Inten. Corp.*, 389 Ill. App. 3d 1052 (1st Dist. 2009).

5. The material facts necessary to examine the above exceptions and respond to Defendant's Motion, such as the identity of ownership, officers, directors, management, shareholders, and stock, and whether there is a continuation of the seller's business operations, etc., are not available to Plaintiff. *Vernon v. Schuster*, 179 Ill. 2d 338 (1997).

6. The material facts necessary to examine those exceptions and respond to Defendant's Motion are within the knowledge of Defendant, an adverse party, and thus, Plaintiff is unable to procure affidavits from witnesses within Defendant's control.

7. Plaintiff believes written interrogatories and document requests directed to Defendant will allow her to learn the material facts necessary to respond to Defendant's Motion to Dismiss, including, but not limited to identity of ownership, officers, directors, management, shareholders, and stock, etc., and whether there is a continuation of the seller's business operations. Plaintiff further believes that written discovery will reveal the names of witnesses with knowledge of the above material facts, and Plaintiff will need the depositions of these individuals.

8. Pursuant to Illinois Supreme Court Rule 191(b), Plaintiff is seeking leave to conduct written discovery, request documents, and take depositions on the referenced above issues before responding to Defendant's Motion.

9. Plaintiff's Counsel has provided an affidavit pursuant to Supreme Court Rule 191(b), attached as Exhibit A.

WHEREFORE, and for each and all of the foregoing reasons, Plaintiff respectfully requests that his Honorable Court enter an Order continuing Defendant's Motion to Dismiss and permit Plaintiff to conduct written discovery, request documents, and take depositions, if necessary, to respond to Defendant's Motion to Dismiss.

FILED DATE: 6/17/2021 2:07 PM 2020L012403

Respectfully Submitted,

_____
Attorneys for Plaintiff

Sean P. Murray
Julie L. Pustilnik
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**
225 W. Wacker, Suite 1650
Chicago, IL 60606
312-586-1700
smurray@tpmblegal.com
jpustilnik@tpmblegal.com

3

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

18-23538-shl    Doc 9807-5    Filed 09/13/21    Entered 09/13/21 22:04:19    Exhibit
Pg 4 of 5

FILED
6/17/2021 2:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L012403

13728061

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DIANA M. ARNEY, | ) |
| Plaintiff, | ) Case No.: 2020 L 012403 |
| v. | ) Calendar A |
| ELECTROLUX HOME PRODUCTS, INC., and TRANSFORM SR BRANDS LLC, Individually and d/b/a SEARS, | ) |
| Defendants. | ) |

## ATTORNEY AFFIDAVIT

I, Julie Pustilnik, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am an attorney with the law firm of TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, attorneys of record for the Plaintiff, DIANA M. ARNEY.

3. That Defendant TRANSFORM SR BRANDS LLC filed a Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILC 5/2-619.1 based primarily upon successor corporation non-liability.

4. That there are four exceptions to successor corporate non-liability, (1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations. *Digiulio v. Goss Inten. Corp.*, 389 Ill. App. 3d 1052 (1st Dist. 2009).

5. That the material facts necessary to examine those exceptions and respond to Defendant's Motion, such as the identity of ownership, officers, directors, management,

1

shareholders, and stock, and whether there is a continuation of the seller's business operations, etc., are not available to Plaintiff. *Vernon v. Schuster*, 179 Ill. 2d 338 (1997).

6. That the material facts necessary to examine those exceptions and respond to Defendant's Motion are within the knowledge of Defendant, an adverse party, and thus, Plaintiff is unable to procure affidavits from witnesses within Defendant's control.

7. That Plaintiff believes written interrogatories, document requests, and depositions, will allow her to learn the material facts necessary to respond to Defendant's Motion to Dismiss, including, but not limited to identity of ownership, officers, directors, management, shareholders, and stock, etc., and whether there is a continuation of the seller's business operations.

8. That Plaintiff believes written discovery will reveal the names of witnesses with knowledge of the above material facts, and Plaintiff will need the depositions of these individuals.

9. That this Affidavit is submitted in compliance with Supreme Court Rule 191(b).

FURTHER, Affiant, sayeth not.

*/s/ Julie L. Pustilnik*
Julie L. Pustilnik

SUBSCRIBED AND SWORN TO
before me this 17th day
of June, 2021.

*/s/ Christine Kinnerk*
Notary Public

OFFICIAL SEAL
CHRISTINE M KINNERK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/09/24

2