**Lucas Sun**

| | |
|---|---|
| From: | Lucas Sun |
| Sent: | Wednesday, June 23, 2021 12:16 PM |
| To: | LAW CALAcc (OCJ); Christine Kinnerk |
| Cc: | Sean Murray; Julie Pustilnik; James Balog; Courtenay.jalics@tuckerellis.com; Jay.shultz@tuckerellis.com; Emani Evans |
| Subject: | Re: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery |

Thank you Judge - I understand that part about the motion to dismiss.

My issue arises from the fact that the discovery that Plaintiff is seeking concerning the successor liability theory of recovery - **cannot possibly be at-issue** based on the relevant portion of the bankruptcy order.

The Federal Bankruptcy Court explicitly found that there can be no successor liability, so how can discovery be allowed on an issue that is already legally resolved? This is a collateral estoppel issue at this point. These are not my representations on behalf of my client - I am citing a legally binding Federal Bankruptcy Order for these final findings.

Lucas Sun
ASSOCIATE ATTORNEY

One E Wacker Dr. | Suite 3400 | Chicago | IL | 60601
DIRECT 312.422.6154 | CELL 630.234.4645

**O'HAGAN MEYER**
ATTORNEYS & ADVISORS

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Washington D.C. • Wilmington, DE

---

From: LAW CALAcc (OCJ) <Law.Calacc@cookcountyil.gov>
Sent: Wednesday, June 23, 2021 12:03 PM
To: Lucas Sun <LSun@ohaganmeyer.com>; Christine Kinnerk <ckinnerk@tpmblegal.com>
Cc: Sean Murray <smurray@tpmblegal.com>; Julie Pustilnik <jpustilnik@tpmblegal.com>; James Balog <JBalog@ohaganmeyer.com>; Courtenay.jalics@tuckerellis.com <Courtenay.jalics@tuckerellis.com>; Jay.shultz@tuckerellis.com <Jay.shultz@tuckerellis.com>; Emani Evans <EEvans@ohaganmeyer.com>
Subject: [EXTERNAL] RE: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery

Counsel:
Your motion has not been denied. The purpose of allowing discovery on your motion is for the parties to exchange information. No ruling has been made on your motion because the plaintiff (and the Court) needs discovery before making a final determination as to whether to agree or disagree with your representations.

**EXHIBIT G**

**From:** Lucas Sun [mailto:LSun@ohaganmeyer.com]
**Sent:** Wednesday, June 23, 2021 11:50 AM
**To:** LAW CALAcc (OCJ); Christine Kinnerk
**Cc:** Sean Murray; Julie Pustilnik; James Balog; Courtenay.jalics@tuckerellis.com; Jay.shultz@tuckerellis.com; Emani Evans
**Subject:** Re: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery

---

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Dear Judge O'Hara,

I just wanted to clarify an issue that I raised in my Motion to Dismiss about the successor liability theory that Plaintiff is seeking discovery on.

We have a Federal Bankruptcy order that specifically finds that there is "No successor or other derivative liability." Is my understanding correct that we are to disregard the legal findings of the Federal Bankruptcy Court? (relevant portion attached).

M.  **No Successor or Other Derivative Liability.** The sale and transfer of the Acquired Assets of the Debtors to the Buyer, including the assumption by the Debtors and assignment, transfer and/or sale to the Buyer of the Assigned Agreements, will not subject the Buyer or ESL to any liability (including any successor liability) under any laws, including any bulk-transfer laws, or any theory of successor or transferee liability, antitrust, environmental, product line, *de facto* merger or substantial continuity or similar theories, with respect to the operation of the Debtors' business prior to the Closing, and for each Assigned Agreement, the applicable Assumption Effective Date, except that, upon the Closing or such other date as specified in the Asset Purchase Agreement, the Buyer shall become liable for the applicable Assumed Liabilities. The Buyer: (i) is not, and shall not be considered or deemed a mere continuation of,

---

[4]  The "Final Junior DIP Order" shall mean the *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (Docket No. 1436).

[5]  The "Junior DIP Secured Obligations" shall have the meaning ascribed to it in the Final Junior DIP Order.

[6]  As such term is defined in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (Docket No. 3).

11

or successor to, the Debtors in any respect; (ii) has not, *de facto* or otherwise, merged with or into the Debtors; and (iii) is not a continuation or substantial continuation, and is not holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors and there is no continuity of enterprise between the Debtors and the Buyer. Accordingly, the Buyer is not and shall not be deemed a successor to the Debtors or their respective estates as a result of the consummation of the transactions contemplated by the Asset Purchase Agreement, and except with respect to any Assumed Liabilities or as otherwise set forth in the Asset Purchase Agreement, Buyer's acquisition of the Acquired Assets from the Debtors shall be free and clear of any "successor liability" claims of any nature whatsoever. Buyer would not purchase the Acquired Assets but for the protections against any claims based upon

Lucas Sun
ASSOCIATE ATTORNEY

One E Wacker Dr. | Suite 3400 | Chicago | IL | 60601
DIRECT 312.422.6154 | CELL 630.234.4645

## O'HAGAN MEYER
ATTORNEYS & ADVISORS

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Washington D.C. • Wilmington, DE

---

**From:** LAW CALAcc (OCJ) <Law.Calacc@cookcountyil.gov>
**Sent:** Wednesday, June 23, 2021 11:37 AM
**To:** Lucas Sun <LSun@ohaganmeyer.com>; Christine Kinnerk <ckinnerk@tpmblegal.com>
**Cc:** Sean Murray <smurray@tpmblegal.com>; Julie Pustilnik <jpustilnik@tpmblegal.com>; James Balog <JBalog@ohaganmeyer.com>; Courtenay.jalics@tuckerellis.com <Courtenay.jalics@tuckerellis.com>; Jay.shultz@tuckerellis.com <Jay.shultz@tuckerellis.com>; Emani Evans <EEvans@ohaganmeyer.com>
**Subject:** [EXTERNAL] RE: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery

Apologies for the confusion. The Court has considered the objections raised. Over the defense's objection, the order previously entered stands and the motion is held in abeyance pending discovery. 14 days to issue discovery.

---

**From:** Lucas Sun [mailto:LSun@ohaganmeyer.com]
**Sent:** Wednesday, June 23, 2021 11:24 AM
**To:** LAW CALAcc (OCJ); Christine Kinnerk
**Cc:** Sean Murray; Julie Pustilnik; James Balog; Courtenay.jalics@tuckerellis.com; Jay.shultz@tuckerellis.com; Emani Evans
**Subject:** Re: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery

---

**External Message Disclaimer**
This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Judge O'Hara

I just sent a Response to this Motion. My understanding was that the motion was "presented" at 10 a.m. and we would have an opportunity to voice any objections/request a Response afterwards/prior to entry of the Order?


Lucas Sun
ASSOCIATE ATTORNEY

One E Wacker Dr. | Suite 3400 | Chicago | IL | 60601
DIRECT 312.422.6154 | CELL 630.234.4645



## O'HAGAN MEYER
ATTORNEYS & ADVISORS

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Los Angeles • Orange County, CA
Philadelphia • Richmond • San Francisco • Washington D.C. • Wilmington, DE

**From:** LAW CALAcc (OCJ) <Law.Calacc@cookcountyil.gov>
**Sent:** Wednesday, June 23, 2021 11:19 AM
**To:** Christine Kinnerk <ckinnerk@tpmblegal.com>
**Cc:** Sean Murray <smurray@tpmblegal.com>; Julie Pustilnik <jpustilnik@tpmblegal.com>; James Balog <JBalog@ohaganmeyer.com>; Lucas Sun <LSun@ohaganmeyer.com>; eevans@ohagenmeyer.com <eevans@ohagenmeyer.com>; Courtenay.jalics@tuckerellis.com <Courtenay.jalics@tuckerellis.com>; Jay.shultz@tuckerellis.com <Jay.shultz@tuckerellis.com>
**Subject:** [EXTERNAL] Re: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery

ORDER ATTACHED

---

**From:** Christine Kinnerk <ckinnerk@tpmblegal.com>
**Sent:** Wednesday, June 23, 2021 10:00 AM
**To:** LAW CALAcc (OCJ) <Law.Calacc@cookcountyil.gov>
**Cc:** Sean Murray <smurray@tpmblegal.com>; Julie Pustilnik <jpustilnik@tpmblegal.com>; jbalog@ohaganmeyer.com <jbalog@ohaganmeyer.com>; LSun@ohaganmeyer.com <LSun@ohaganmeyer.com>; eevans@ohagenmeyer.com <eevans@ohagenmeyer.com>; Courtenay.jalics@tuckerellis.com <Courtenay.jalics@tuckerellis.com>; Jay.shultz@tuckerellis.com <Jay.shultz@tuckerellis.com>
**Subject:** RE: Arney vs. Electrolux Home Products, Inc. et al; 2020 L 012403; CAL A- Plain. Mt. for Cont. Def. Mt. and Permit Discovery

---

**External Message Disclaimer**
This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Dear Judge O'Hara,

Attached please find Plaintiff's Motion for Continuance of Defendant's Motion and Permit Discovery which we respectfully request to be entered in the above matter. All parties have received proper notice and are cc'd on this email.

Thank you,

Christine Kinnerk
Assistant to Sean P. Murray
**Taxman, Pollock, Murray & Bekkerman, LLC**
225 West Wacker Drive
Suite 1650
Chicago, IL 60606
Main: (312) 586-1700
Direct: (312) 586-1719
Fax: (312) 586-1701

**From:** Christine Kinnerk
**Sent:** Friday, April 30, 2021 8:55 AM