**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, NY  10018
212.557.7200
David H. Wander, Esq. (dwander@tarterkrinsky.com)
Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)
*Attorneys for Orient Craft, Ltd.*

**Hearing Date and Time:**
September 27, 2021 at 10:00 a.m.
**Related to Docs. 9742, 9743, 9745**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sears Holdings Corporation, *et al.*,<br><br>Plaintiffs. | Case No. 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

**OBJECTION BY ORIENT CRAFT LIMITED TO**
**INTERIM APPLICATIONS FOR COMPENSATION BY**
**(1) AKIN GUMP HAUER & FIELD LLP [Doc. 9742]; (2)**
**FTI CONSULTING INC. [Doc. 9743]; AND (3) WEIL,**
**GOTSHAL & MANGES LLP [Doc. 9745]**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

1.    Orient Craft Limited (**"Orient Craft"**) objects to the Interim Applications for Compensation by (1) Akin Gump Hauer & Feld LLP (**"Akin"**) [Doc. 9742]; (2) FTI Consulting Inc. [Doc. 9743] (**"FTI"**); and (3) Weil Gotshal & Manges LLP [Doc. 9745] (**"Weil"**).

2.    Orient Craft is a foreign vendor with an undisputed administrative claim in the amount of $272,761.72.

3.    On October 15, 2019, the Court confirmed the Debtors' Modified Second Amended Joint Chapter 11 Plan (the **"Plan"**). The Plan was confirmed based upon testimony by the Debtors that recoveries from preferential transfer claims would enable the Plan to become effective within approximately six months. However, based upon a motion by the Debtors filed on May 5, 2021

1

[Doc 9469] to amend the terms of engagement of the firms who were retained to prosecute preference actions for the Debtors estates, it appears that such testimony was false and misleading.

4. Now, it is almost two years after the Plan was confirmed and, not only has the Plan not become effective, but also no future date by which the Plan is projected to go effective.

5. Meanwhile, the professionals for the Debtors estates have received, upon information and belief, in excess of two-hundred-fifty-million ($250,000,000) dollars in fees and expenses (approximately $82,000,000 to Weil and $60,000,000 to Akin).

6. Additionally, upon information and belief, there is a carve-out account, with an undisclosed amount of money, but believed to be in excess of ten million ($10,000,000) dollars, earmarked solely for additional compensation to the estates' professionals.[1]

7. Further, upon information and belief, the professionals for the Debtors and the Committee have received payment of 100% of their fees, while Orient Craft (who opted out of the Administrative Creditor Consent Program) and many other administrative creditors with allowed claims have received no payment on account of their allowed administrative claims, and while other administrative creditors, under the Administrative Creditor Consent Program, have received less than 35% of their allowed claims.

8. Orient Craft submits that the primary reason the Plan has not become effective is because most of the funds recovered by this estate keep going to the estates' professionals.

9. It seems that whatever the professionals for the Debtors and the Committee charge, they get paid without any regard for whether there is any benefit to the estate. In the present fee applications, the estates' professionals now seek payment for trying to find a litigation funder who

---

[1] Orient Craft requests that the amount of funds in the carve-out account be disclosed to the Court and the creditors.

will advance funds for future professionals' fees. In other words, the estates' professionals now seek to be paid for trying to find someone who will pay them more money!

10. Finally, it is worth noting that the Notice of this fee hearing does not provide any information about the amount of fees presently being sought, nor the amount of fees that have been paid to date. *See* Doc. 9749.

11. For all of the reasons set forth above, Orient Craft objects to the present fee applications by Akin, FTI, and Weil.

Dated: New York, New York
September 13, 2021

                              TARTER KRINSKY & DROGIN LLP

                              By: /s/ David H. Wander
                                    David H. Wander
                                    Alexander R. Tiktin
                              1350 Broadway
                              New York, NY  10018
                              212.557.7200
                              dwander@tarterkrinsky.com
                              atiktin@tarterkrinsky.com

                              *Attorneys for Orient Craft, Ltd.*