**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- x
: 
In re: : Chapter 11
: 
SEARS HOLDINGS CORPORATION., *et al.,* : Case No. 18-23538 (RDD)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------------------------- x

**STIPULATION AND AGREED ORDER BETWEEN CERTAIN AFFILIATES OF
TRANSFORM HOLDCO LLC AND ARGONAUT INSURANCE COMPANY**

This stipulation and agreed order (the "**Stipulation and Order**") is entered into between Transform Midco, LLC, Transform SR Acceptance, LLC, and Transform KM, LLC (collectively, "**Transform**") and Argonaut Insurance Company ("**Argonaut**"). Transform and Argonaut collectively are referred to in this Stipulation and Order as the "**Parties**," and each as a "**Party**."

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

The Parties hereby stipulate and agree as follows:

## RECITALS

A.      On October 15, 2018, Sears Holding Corporation and their debtor affiliates commenced the above-captioned jointly administered bankruptcy proceedings (the "**Chapter 11 Cases**") in the U.S. Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") under of title 11 of the United States Code (the "**Bankruptcy Code**").

B.      Argonaut and certain of the Debtors are parties to that certain General Indemnity Agreement dated as of February 13, 2012 (the "**Sears Indemnity Agreement**"), pursuant to which Argonaut issued surety bonds (collectively, the "**Sears Bonds**" and together with the Sears Indemnity Agreement and related documents, the "**Sears Surety Bond Program**") to certain obligees with respect to certain obligations of the Debtors and/or their non-Debtor affiliates, including Bond No. SUR0041546 to the Centers for Medicare & Medicaid Services (the "**Medicare Bond**") and Bond No. SUR0044701 to the Circuit Court of Cook County, Illinois.

C.      Under the Sears Surety Bond Program, Sears Roebuck Acceptance Corp. (on behalf of Sears Holdings Management Corporation), provided collateral to Argonaut in the form of an Irrevocable Letter of Credit No. 69613060 (the "**ILOC**") issued by Citibank N.A. ("**Citibank**") to Argonaut in the principal amount of $10,058,273.50.  The ILOC replaced an existing letter of credit.

D.      Argonaut received claims against the Sears Bonds and Argonaut incurred losses as well as expenses.  In the normal course of business, Argonaut drew down the ILOC pursuant to rights granted under the Sears Surety Bond Program.  Argonaut subsequently agreed to reduce the principal amount of the ILOC to $1,000,000.  Argonaut ultimately received notice from Citibank that the ILOC would not be renewed according to its terms.  Accordingly, and pursuant to its rights under the ILOC, as well as the Sears Indemnity Agreement, on April 6, 2020, Argonaut sent

Citibank a request to draw down on the remaining $1,000,000 of proceeds available under the ILOC (the "**Proceeds**"), and shortly thereafter Citibank disbursed the Proceeds to Argonaut. As of the date of this Stipulation, Argonaut continues to hold the Proceeds to collateralize exposure on the Bonds (defined below) tied to claims, as well as anticipated attorney's fees, costs, and expenses.[2]

E.  This Court previously approved an Asset Purchase Agreement by and between certain Debtors and Transform Holdco LLC ("Transform HC") (as amended, the "**APA**"), in which Transform HC acquired certain assets and agreed to assume certain liabilities, all of which are defined and governed by the terms of the APA and were approved by the Bankruptcy Court pursuant to its *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (D.I. 2507) (the "**Sale Order**").

F.  In connection with its operations, Transform asked Argonaut to issue bonds on its behalf. In May 2019, Argonaut and certain of the Transform Parties entered into that certain General Indemnity Agreement dated as of May 6, 2019 (the "**Transform Indemnity Agreement**", and together with the Sears Indemnity Agreement, the "**Indemnity Agreements**"), pursuant to which Argonaut issued surety bonds to certain obligees with respect to certain obligations of

---

[2] On November 5, 2019, the Bankruptcy Court entered (1) the *Stipulation and Order Between the Debtors and Argonaut Insurance Company Regarding Relief from the Automatic Stay to Cancel Replaced Surety Bond* (D.I. 5556)(replacing a previously filed stipulation, D.I. 5343 that was entered without signatures), under which, among other things, Argonaut was granted authority to effectuate the cancellation and termination of the Medicare Bond, the terms of which provided that tail liability may continue for two years following the effective date of cancellation of the bond; and (2) the *Stipulation and Order Between the Debtors and Argonaut Insurance Company Establishing Procedures to Lift the Automatic Stay to Cancel Replaced Surety Bonds* (D.I. 5557), under which the Debtors and Argonaut agreed to a procedure to cancel Sears Bonds. Under both stipulations, the parties' rights with respect to collateral were unaffected and expressly preserved.

Transform and/or its affiliates (collectively, the "**Transform Bonds**" and together with the Sears Bonds, the "**Bonds**"), including Bond No. SUR0041474 to the City of Philadelphia. The Proceeds back the obligations under the Bonds and Indemnity Agreements.

G.  Given the terms of the APA and the Sale Order, Transform requests that, when appropriate, Argonaut return part or all of the remaining Proceeds to Transform as Acquired Assets (as defined in the APA) (subject to further negotiation between Argonaut and Transform, and with any return being in Argonaut's sole discretion).

H.  The Parties agree that the Court has jurisdiction over this Stipulation and Order pursuant to 28 U.S.C. § 1334, that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.  Upon the Effective Date, the Bankruptcy Court finds and the parties agree that Argonaut is permitted in its sole discretion, and subject to further agreement(s) with Transform, to return part or all of the Proceeds directly to Transform and that such proceeds are Acquired Assets under the APA and the Sale Order.

3.	Outstanding Bonds may be administered, terminated and cancelled in accordance with the terms of the Bonds and Indemnity Agreements or as otherwise agreed between Transform and Argonaut, but in any case, without further order of the Court.

4.	This Stipulation and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

5.	Each of the undersigned who executes this Stipulation and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

6.	This Stipulation and Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or further order of the Bankruptcy Court.

7.	This Stipulation and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

8.	The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation and Order.

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as of the day and year first below written.

Dated:    September 7, 2021

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
One Liberty Plaza
New York, NY  10006
(212) 225-20000

*Attorneys for Transform Holdco LLC*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: */s/ Andrew Greenberg*
Eric Waxman
Andrew Greenberg
200 Liberty Street,
New York, NY 10281
eric.waxman@cwt.com
andrew.greenberg@cwt.com

*Attorneys for Argonaut Insurance Company*

**SO ORDERED, there being no objections to the motion for approval hereof:**

Dated:    September 23, 2021
           White Plains, New York

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE