1:23-cv-00985 Document 52-2 Filed: 09/24/21 Page 1 of 8 PageID #:3702
Case 1:13-cv-04097 Document #: 93 Filed: 04/15/14 Page 1 of 8 PageID #:802
Pg 1 of 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MEMBERSELECT INSURANCE COMPANY a/s/o CHRIS LOIOTILE and RENATA LOIOTILE | ) ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) |
| ELECTROLUX HOME PRODUCTS, INC. and SEARS HOLDING CORPORATION | ) ) ) |
| Defendant. | ) ) |

No: 13-cv-4097
Honorable Marvin E. Aspen

## SEARS' CROSSCLAIM AGAINST ELECTROLUX

Defendant/Cross-Plaintiff, SEARS, ROEBUCK AND CO. ("Sears"), incorrectly sued as Sears Holding Corporation, by and through its counsel, James P. Balog and Heather L. Keil, files this Crossclaim for breach of contract against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC. ("Electrolux"), pursuant to Fed. R. Civ. P. 13(e) and 13(g), and in support thereof, states as follows:

## COUNT I
## BREACH OF CONTRACT – FAILURE TO DEFEND AND INDEMNIFY

1. On June 3, 2013, Plaintiff Memberselect Insurance a/s/o Chris and Renata Loiotile ("Plaintiff") filed its four-count Complaint at Law against Defendants Electrolux and Sears. (Doc. 1). Then, on July 9, 2013, Plaintiff filed its five-count Amended Complaint against Electrolux and Sears. (Doc. 19).

# EXHIBIT 2

2. Defendant Sears filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint on September 26, 2013, denying all material allegations of fault set forth against it. (Doc. 35).

3. At all times relevant hereto, Sears and Electrolux were subject to the March 19, 2002 Universal Terms and Conditions ("UTC"), as it relates to the supply and sale of Electrolux manufactured merchandise to Sears, which includes the subject Kenmore dryer. *See* the UTC, previously filed under seal as Doc 112-1, and made a part hereof.

4. At all times relevant hereto, Sears performed its obligations under the UTC.

5. The UTC provides, in relevant part:

> 11. <u>Defense of Claims</u>. *Seller shall, at its own cost and expense, defend Sears* […] from and against all allegations […] asserted in any claim, action, lawsuit or proceeding between any Indemnified Party and any third party *arising out of* any of the following […], whether actual or alleged and whether or not Seller's Indemnity and Contribution Obligations (as defined below) shall apply: […] (b) death or injury to any person, *damage to any property, or any other damage or loss [...] resulting or claimed to result in whole or in part from any actual or alleged defect in Merchandise whether latent or patent*, including actual or alleged improper *construction*, *installation*, *repair* or *design* of Merchandise, or actual or alleged failure of Merchandise to comply with any *specifications* or samples or with any express or implied *warranties* of Seller, or any claim of *strict liability in tort* relating to any Merchandise; […] (d) defect involving the packaging, tagging, labeling, packing, shipping and/or invoicing of Merchandise; (e) *failure to warn or inadequate warnings and/or instructions*; or (f) *display, assembly or installation of Merchandise*.
>
> 12. <u>Indemnification and Contribution</u>. *Seller shall hold harmless and indemnify* the Indemnified Parties from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs, and expenses (including reasonable attorneys' fees and disbursements and costs of investigation) *incurred by any of the Indemnified* Parties in any claim, demand, action, lawsuit, or proceeding between Seller and any Indemnified Party or between any Indemnified Party and any third party or otherwise *arising out of any Claims, including but not limited to claims of negligent acts*

> *or omissions by any Indemnified Party.* In any case to which the Seller's Indemnity obligation set forth in the preceding sentence is not enforceable under applicable law and in which either (a) any Indemnified Party or (b) Seller is found to be liable to a third party with respect to Merchandise, then Sears and Seller shall each contribute to the payment of any judgment awarded in favor of such third party in proportion to the comparative degree of culpability.

Doc 112-1 (emphasis added).

6. Pursuant to the Indemnification provision in the aforementioned UTC, Sears tendered its defense and made a demand for indemnification to Electrolux. *See* Sears' correspondence to Electrolux, attached as Group Exhibit A, excluding attachments (this includes the April 14, 2010 tender letter from Sedgwick to Electrolux, the June 26, 2013 tender letter from Sears' defense counsel to Electrolux (without enclosures), the July 3, 2013 tender letter from defense counsel to Electrolux's legal department (without enclosures), the July 15, 2013 tender letter from Sears' defense counsel to Electrolux's Vice President, Sears Sales (without enclosures).

7. On June 7, 2010, Electrolux acknowledge receipt of Sedgwick's April 14, 2010 tender letter on behalf of Sears and advised that "[w]e [Electrolux] will be investigating this claim under a Reservation of Rights […]." *See* Electrolux's June 7, 2010 correspondence, attached as Exhibit B.

8. On July 9, 2013, Electrolux Associate General Counsel Howard Edward Buckles acknowledge receipt of the June 26, 2013 tender letter from Sears' counsel, advising that, "*Electrolux will defend and indemnify Sears for all the product specific allegations*, however because of the service and installation issues Electrolux can not, at this time, accept the complete defense and indemnification of Sears." *See* Electrolux's July 9, 2013 email response, attached as Exhibit C (emphasis added).

9. Sears sought additional clarification from Electrolux regarding its response in order to ensure that Electrolux had accepted Sears' tender under a reservation of rights. *See* Sears' correspondence to Electrolux, attached as Group Exhibit D (this includes the July 9, 2013 email, the August 5, 2013 email, and the March 7, 2014 letter).

10. Then, on March 7, 2014, Electrolux's Ed Buckles responded to Sears' counsel that "*[t]o the degree that Sears is included in the allegations of the design, manufacture or sale of the dryer itself, Electrolux and its counsel will defend and hold Sears harmless*." *See* Electrolux's March 7, 2014 email correspondence, attached as Exhibit E.

11. Then, while Electrolux reimbursed Sears for a single invoice on February 27, 2014, Electrolux has since failed to reimburse Sears for its attorney's fees and costs incurred in defending this matter and has failed to provide Sears a defense.

12. Further, in subsequent correspondence from Electrolux's counsel, Electrolux took the position that Electrolux never accepted Sears' tender of its defense, even where there are product liability allegations against both Electrolux and Sears.

13. Therefore, despite the terms of the UTC and despite Electrolux's correspondence accepting Sears' tender under reservation of rights, Electrolux has since failed to reimburse Sears for its attorney's fees and costs in this matter and has taken the position that it never accepted Sears' tender under reservation of rights.

14. The failure of Electrolux to defend and indemnify Sears in this action constitutes a breach of the aforementioned UTC.

15. Due to Electrolux's breach of its contractual obligations to defend and indemnify Sears in this action, Sears has incurred attorney's fees and costs in its defense of Plaintiff's lawsuit, which Sears would not have incurred had Electrolux fulfilled its contractual obligations.

WHEREFORE, Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. demands judgment against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC. for all sums allowable by law, including, but not limited to any cost, expenses, judgments, settlements, attorney's fees, or any other figure, including post-judgment interest or debts that Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. has incurred or will incur defending this action brought by Plaintiff or in prosecuting this Crossclaim against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC.

## COUNT II
## BREACH OF CONTRACT – FAILURE TO PROCURE INSURANCE

1-5. Paragraphs 1-5 of Count I are repeated and re-alleged as and for Paragraphs 1-5 of Count II, as if fully stated herein.

5. The UTC also provides in pertinent part:

> 13. Insurance. *Seller shall obtain and maintain*, at its expense, a policy or policies of *Commercial General Liability Insurance covering liabilities relating to Merchandise*, *including products and completed operations*, with a *broad form Vendor's Endorsement naming Sears*, in such amounts and with such companies and containing such other provisions satisfactory to Sears. All such policies shall provide that the coverage thereunder shall not be terminated without at least thirty (30) days prior written notice to Sears. […] Approval of any of Seller's insurance policies by Sears shall not relieve Seller of any obligations contained herein, including Seller's Defense and Indemnity and Contribution Obligations set forth above, even for claims in excess of Seller's policy limits.

Doc 112-1 (emphasis added).

6. Electrolux failed to procure proper product liability insurance with a broad form Vendor's Endorsement naming Sears. This failure by Electrolux constitutes a breach of the aforementioned UTC.

7.      Due to Electrolux's breach of its contractual obligations to procure appropriate insurance, Sears has incurred attorney's fees and costs in its defense of Plaintiff's lawsuit, which Sears would not have incurred had Electrolux fulfilled its contractual obligations.

WHEREFORE, Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. demands judgment against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC. for all sums allowable by law, including, but not limited to any cost, expenses, judgments, settlements, attorneys' fees, or any other figure, including post-judgment interest or debts that Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. has incurred or will incur defending this action brought by Plaintiff or in prosecuting this Crossclaim against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC.

**Dated:  December 11, 2015**

**Respectfully submitted,**

By: /s/ James P. Balog

James P. Balog (#6185185)
Heather L. Keil (#6298466)
O'Hagan, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois  60601
312.422.6100 – Phone
312.422.6110 – Fax
jbalog@ohaganlaw.com
hkeil@ohaganlaw.com

*Counsel for Sears, Roebuck and Co.*

# CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on December 11, 2015, pursuant to Fed. R. Civ. P. 5(b)(3) and Northern District of Illinois LR 5.9, I electronically filed the Defendant Sears' Crossclaim for breach of contract against Electrolux with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel below:

Counsel for Plaintiff
Jennifer H Tedesco
Gibson & Sharps
1443 20th Street
Suite F
Vero Beach, FL 32960
(800) 759-0964
jht@gibsonsharps.com

Brian Thomas Bailey
Gibson & Sharps PSC
745 McClintock Drive
Suite 240
Burr Ridge, IL 60527
630.986.5050
630.986.5051 (fax)
btb@gibsonsharps.com

Counsel for Electrolux
Rebecca M. Biernat
Tucker Ellis LLP
1 Market Plaza
Steuart Tower, Suite 700
San Francisco, CA 94105
415.617.2223
415.617.2409
rebecca.biernat@tuckerellis.com

Michael Leonard
Ethan White
Leonard Meyer LLP
203 N. LaSalle, Suite 1620
Chicago, IL 60601
312.380.6559 (Michael Leonard)
312.380.6634 (Ethan White)
mleonard@leonardmeyerllp.com
ewhite@leonardmeyerllp.com

Dated:  December 11, 2015

            By: /s/ James P. Balog
               Attorney for Defendant
               *Sears, Roebuck and Co.*

James P. Balog (#6185185)
O'Hagan, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois  60601
312-422-6100 – Phone
312-422-6110 – Fax
hkeil@ohaganlaw.com