UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SEARS HOLDINGS CORPORATION, *et al.,*

Debtors.[1]

Chapter 11

Case No. 18-23538 (RDD)
(Jointly Administered)

Re: Docket Index 9746

## ORDER GRANTING EIGHTH QUARTERLY REPORT OF STRETTO FOR ALLOWANCE OF CONTINGENT FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2021 THROUGH JUNE 30, 2021

Stretto,[2] as provider of preference action recovery and analysis services to the Debtors, and its debtor affiliates, as debtors and debtors in possession in the above cases, having filed its Eighth Quarterly Report for the Period of April 1, 2021 through June 30, 2021 (the "Eighth Quarterly Report"), seeking allowance under 11 U.S.C. §§ 328(a) and 330 of its contingency fees for the Period;[3] and the Court having reviewed the Eighth Quarterly Report; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), (b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] On February 17, 2021, Bankruptcy Management Solutions d/b/a Stretto ("Stretto") acquired substantially all of the assets of Acumen Recovery Services, LLC ("Acumen") and assumed Acumen's engagement agreement with the Debtors.

[3] Capitalized terms shall have the same meaning ascribed to them in the Eighth Quarterly Report.

notice of the Eighth Quarterly Report and the opportunity for a hearing on the Eighth Quarterly Report was due and sufficient, (c) there are no objections to the Eighth Quarterly Report, and (d) no additional notice or a hearing on the Eighth Quarterly Report is required, and the Eighth Quarterly Report establishes sufficient cause for the relief granted herein.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The request for approval of the Eighth Quarterly Report is GRANTED to the extent set forth in Schedule A and Schedule B hereto.

2. Stretto is awarded approval for compensation in the amount of $233,028.96 and actual and necessary expenses in the amount of $0.00 for the period of April 1, 2021 through June 30, 2021, as provided in the attached schedules A and B.

3. Such sums are authorized for payment less any amount previously paid to Stretto on account of the amounts set forth in the Eighth Quarterly Report.

Dated: September 27, 2021
White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Case No.: 18-23538 (RDD)                                                      Schedule A
Case Name: In re Sears Holdings Corporation, *et al*.

Date Order Signed: 9/27/2021                                        Initials: RDD USBJ

**CURRENT FEE PERIOD**

| (1) Applicant | (2) Quarterly Report Date and Docket No. | (3) Fee Period | (4) Fees Requested | (5) Fees Allowed | (6) Fees to be Paid Under Order | (7) Expenses Requested | (8) Expenses Allowed | (9) Expenses to be Paid Under Order |
|---|---|---|---|---|---|---|---|---|
| Stretto, provider of preference action recovery and analysis services to the Debtors | August 17, 2021 Docket No. 9746 | 4/1/2021-6/30/2021 | $233,028.96 | $233,028.96 | $233,028.96 | $0.00 | $0.00 | $0.00 |

Case No.: 18-23538 (RDD)                                                                 Schedule B
Case Name: In re Sears Holdings Corporation, *et al*.

## QUARTERLY REPORT TOTALS

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid[1] |
|---|---|---|---|---|
| Stretto, provider of preference action recovery and analysis services to the Debtors | $763,885.65 | $763,885.65 | $105,994.20 | $105,994.20 |

Date Order Signed: 9/27/2021                                             Initials: RDD  USBJ

---

[1] In accordance with the terms of the Order (the "Order") signed on June 26, 2019, Authorizing the Employment and Retention of Acumen Recovery Services, LLC to Provide Preference Action Recovery and Analysis Services to the Debtors, Effective *Nunc Pro Tunc* to April 1, 2019 [Docket No. 4362], Acumen received payment on account of its fees, in accordance with the Contingency Fee Schedule (as defined in the Order) and its Expenses (as defined in the Order), from proceeds recovered in connection with the avoidance actions as provided in the Engagement Letter (as defined in the Order).

2