UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                       :   Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,   :   Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                              :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

### EIGHTH ORDER GRANTING APPLICATIONS OF PROFESSIONALS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of each of the applications (each, an "**Application**" and collectively, the "**Applications**") filed by those professionals identified on **Schedule A** hereto (each, an "**Applicant**" and collectively, the "**Applicants**") under 11 U.S.C. § 331 for interim allowance of compensation for professional services rendered and expenses incurred during the periods identified on **Schedule A**; and the Court having jurisdiction to consider the Applications and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

the Applications and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Applications and the deadline for filing objections to the relief requested therein having been provided; and upon the objection to the Applications and the replies thereto, as well as the statement filed by the Fee Examiner (defined below); and upon the record of the hearing held by the Court on the Applications on September 27, 2021; and, after due deliberation and for the reasons stated by the Court at the hearing, the Court determined that all of the applicable requirements of sections 327, 328, and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, effective February 5, 2013 (as adopted by General Order M-447), and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) have been satisfied with respect to each of the Applications; and it appearing that the services rendered and expenses incurred by each of the Applicants for which compensation and reimbursement are allowed hereby were actual, reasonable and necessary; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Applications are granted as set forth on **Schedule A** hereto.

2. The Debtors are authorized and directed upon entry of this Order to remit payment to each of the Applicants in the amounts set forth on **Schedule A** hereto less all amounts previously paid on account of such fees and expenses set forth on **Schedule B**.

3. Nothing set forth in this Order shall preclude the review of the Applications by the Court-appointed independent fee examiner in these cases (the "**Fee Examiner**")

contemplated by the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* (ECF No. 3307), and the Fee Examiner hereby reserves all rights with respect thereto in connection with the approval of any final fee applications for such professionals, including, without limitation, as to disgorgement of fees and expenses paid on an interim basis.

4. All applications set forth herein shall be subject to paragraph 61 of the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: September 29, 2021
       White Plains, New York

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Schedule A**

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al*.

## INTERIM FEE APPLICATIONS

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC and the Ligation Designees) | August 16, 2021 ECF No. 9742 | 3/01/21 – 6/30/21 | $1,275,454.00 | $1,275,454.00 | $1,275,454.00 | $1,215,770.92 | $1,215,770.92 | $1,215,770.92 |
| Herrick, Feinstein LLP (Special Conflicts Counsel for the UCC) | August 16, 2021 ECF No. 9741 | 3/01/21 – 6/30/21 | $95,014.00 | $95,014.00 | $95,014.00 | $551.16 | $551.16 | $551.16 |
| FTI Consulting, Inc. (Financial Advisor for the UCC) | August 16, 2021 ECF No. 9743 | 3/01/21 – 6/30/21 | $135,263.00 | $135,263.00 | $135,263.00 | $0.00 | $0.00 | $0.00 |
| Prime Clerk LLC (Administrative Agent for the Debtors) | August 13, 2021 ECF No. 9736 | 3/01/21 – 6/30/21 | $4,473.58 | $4,473.58 | $4,473.58 | $70.00 | $70.00 | $70.00 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | August 16, 2021 ECF No. 9745 | 3/01/21 – 6/30/21 | $2,553,711.00 | $2,553,711.00 | $2,553,711.00 | $218,228.99 | $218,228.99 | $218,228.99 |

---

[1] Subject to amounts previously paid by the Debtors.

[2] *Id.*

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Paul E. Harner and Ballard Spahr LLP (Fee Examiner and Counsel to the Fee Examiner) | August 27, 2021 ECF No. 9777 | 3/01/21 – 6/30/21 | $347,092.50 | $347,092.50 | $347,092.50 | $70.00 | $70.00 | $70.00 |
| TOTAL | | | $4,063,915.58 | $4,063,915.58 | $4,063,915.58 | $1,434,621.07 | $1,434,621.07 | $1,434,621.07 |

Date Order Signed: September 29, 2021
Initials: RDD USBJ

**Schedule B**

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al*.

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| **CUMULATIVE FEE APPLICATION TOTALS** <br> **OCTOBER 15, 2018 THROUGH JUNE 30, 2021** ||||| 
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC and the Litigation Designees) | $49,418,907.50 | $42,818,228.90 | $13,822,106.24 | $13,282,684.93 |
| Herrick, Feinstein LLP (Special Conflicts Counsel for the UCC) | $3,757,785.50 | $3,738,782.70 | $352,874.10 | $352,874.10 |
| FTI Consulting, Inc. (Financial Advisor for the UCC) | $10,604,585.75 | $10,577,533.15 | $49,360.48 | $49,360.48 |
| Prime Clerk LLC (Administrative Agent for the Debtors) | $707,205.51 | $706,310.79 | $5,824.93 | $5,824.93 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | $79,743,302.25 | $78,403,010.98 | $3,733,541.37 | $3,733,541.14 |
| Paul E. Harner and Ballard Spahr LLP (Fee Examiner and Counsel to the Fee Examiner) | $2,798,835.50 | $2,729,418.00 | $6,215.44 | $6,215.44 |

Date Order Signed:  September 29, 2021
Initials: RDD USBJ