**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## ORDER ON DEBTORS' THIRTY-FOURTH
## OMNIBUS OBJECTION TO PROOFS OF CLAIM

Upon the *Debtors' Thirty-Fourth Omnibus Objection to Proofs of Claim (To Disallow and Expunge Asserted Secured Claims)*, filed on August 31, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Fed. R. Bankr. P. 3007, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to them in the Objection.

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and the

opportunity for a hearing thereon having been provided, including in accordance with the Amended Case

Management Order; and upon the *Certificate of No Objection* filed in connection with the Objection; and

no additional notice or a hearing on the Objection being required under the circumstances. and upon all of

the proceedings herein; and after due deliberation the Court having determined that the legal and factual

bases set forth in the Objection and the *Certificate of No Objection* establish just cause for the relief

granted herein, in that the allowance and classification of the claims at issue are governed by the APA;

and the relief granted herein being in the best interests of the Debtors, their estates, their creditors, and all

parties in interest; now, therefore,

## IT IS HEREBY ORDERED THAT

1.      The Objection is granted, solely to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each

Proof of Claim listed on (i) **<u>Exhibit 1</u>** annexed hereto is disallowed and expunged in its entirety because

such Proof of Claim has been satisfied in full, and (ii) **<u>Exhibit 2</u>** annexed hereto and each asserted secured

claim associated therewith is reclassified in its entirety to an allowed general unsecured claim in the

amount of $182,483,196.21 in accordance with Section 9.13(b) of that certain Asset Purchase Agreement,

dated as of January 17, 2019 [Docket No. 2501], as amended by *Amendment No. 1 to Asset Purchase

Agreement* [Docket No. 2599], without prejudice to Claimants' rights to assert and the Debtors' right to

object to any claims asserted as arising under section 507(b) of the Bankruptcy Code.

3.      Except as expressly set forth herein, this Order shall not be deemed to waive,

impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants,

including but not limited to, claims under chapter 5 of the Bankruptcy Code.  All such claims and causes

of action against the Debtors may hold against the Claimants are expressly preserved, and all rights and

defenses the Claimants may hold in respect of any such claims or causes of action are expressly preserved.

4.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.      The terms and conditions of this Order are effective immediately upon entry.

Dated:   October 1, 2021
            White Plains, New York

/s/ Robert D. Drain
_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE