UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :
                                                               :    Case No. 18-23538 (RDD)
                                                               :
Debtors.[1]                                                    :    (Jointly Administered)
---------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (JORDAN BROWN, CASEY ASSOCIATES LIMITED PARTNERSHIP)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Kmart Corporation ("**Kmart**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Casey Associates Limited Partnership ("**Casey Associates**"), and Jordan Brown ("**Claimant**"). The Debtors, Casey Associates, and the Claimant collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On April 10, 2014, Claimant commenced an action (the "**Action**") styled *Jordan Brown v. K Mart Corporation, et al.*, (Case No. NNH-CV-14-6046278-S) pending in the Connecticut Superior Court, Judicial District of New Haven (the "**State Court**"), alleging claims against Kmart and Casey Associates arising from a slip and fall in a Kmart store that occurred on May 12, 2012

C. On September 21, 2015, Kmart asserted a crossclaim (the "**Crossclaim**") against Casey Associates pursuant to Connecticut Practice Book Section 10-10, alleging liability of Casey Associates under the applicable lease between Kmart and Casey Associates.

D. On July 27, 2021, counsel for Casey Associates informed the Debtors that they had reached a settlement with the Claimant that provides Casey Associates and the Debtors with a full release and withdrawal of the Action, conditioned on Kmart withdrawal of the Crossclaim.

E. The Claimant and Casey Associates have requested relief from the automatic stay for the limited purpose of (i) allowing Kmart to withdraw the Crossclaim, and (ii) allowing the Claimant to withdraw the complaint filed in the Action (the **Complaint**") against Kmart and Casey Associates.

F. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to (i) permit Kmart to withdraw the Crossclaim, and (ii) permit the Claimant to withdraw the Complaint against Kmart and Casey Associates; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Kmart or any other Debtor that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. As of the Effective Date, the Claimant and Casey Associates hereby agree to waive any right to recovery in the Action against any of the Debtors, including Kmart, and any other party that may assert indemnification claims against the Debtors, including any prepetition claims.

4. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

3

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

5.  As of the Effective Date, any and all proofs of claim filed by the Claimant and Casey Associates shall be deemed withdrawn with prejudice and the Claimant and Casey Associates shall be forever barred and estopped from filing any further proofs of claim relating to the Action or otherwise asserting any claims against Kmart or the other Debtors relating to the Action.

6.  The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Action or any other matter.

7.  Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

8.  This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9.  Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors, and any authorized assigns.

13. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: September 17, 2021

By: */s/ Jacqueline Marcus*
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: September 17, 2021

By: */s/ Charlene M. Russo*
Charlene M. Russo
MORRISON MAHONEY LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Telephone: (860) 616-7635
Facsimile: (860) 541-4888

*Attorney for the Casey Associates*

Dated: September 17, 2021

By: */s/ Steven Berglass*
Steven Berglass, Esq.
SEELEY & BERGLASS
121 Whitney Avenue
New Haven, CT 06510
Telephone: (203) 562-5888
Facsimile: (203) 562-9365

*Attorneys for Claimant*

**SO ORDERED**

Dated: October 6, 2021
White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE