# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MEMBERSELECT INSURANCE COMPANY a/s/o CHRIS LOIOTILE and RENATA LOIOTILE )))) | |
| Plaintiff, )) | |
| Vs. )) | No: 13-cv-4097 Honorable Marvin E. Aspen |
| ELECTROLUX HOME PRODUCTS, INC. and SEARS HOLDING CORPORATION )))) | |
| Defendant. ) | |

## SEARS' CROSSCLAIM AGAINST ELECTROLUX

Defendant/Cross-Plaintiff, SEARS, ROEBUCK AND CO. ("Sears"), incorrectly sued as Sears Holding Corporation, by and through its counsel, James P. Balog and Heather L. Keil, files this Crossclaim for breach of contract against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC. ("Electrolux"), pursuant to Fed. R. Civ. P. 13(e) and 13(g), and in support thereof, states as follows:

## COUNT I
## BREACH OF CONTRACT – FAILURE TO DEFEND AND INDEMNIFY

1. On June 3, 2013, Plaintiff Memberselect Insurance a/s/o Chris and Renata Loiotile ("Plaintiff") filed its four-count Complaint at Law against Defendants Electrolux and Sears. (Doc. 1). Then, on July 9, 2013, Plaintiff filed its five-count Amended Complaint against Electrolux and Sears. (Doc. 19).

2.      Defendant Sears filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint on September 26, 2013, denying all material allegations of fault set forth against it.  (Doc. 35).

3.      At all times relevant hereto, Sears and Electrolux were subject to the March 19, 2002 Universal Terms and Conditions ("UTC"), as it relates to the supply and sale of Electrolux manufactured merchandise to Sears, which includes the subject Kenmore dryer.  *See* the UTC, previously filed under seal as Doc 112-1, and made a part hereof.

4.      At all times relevant hereto, Sears performed its obligations under the UTC.

5.      The UTC provides, in relevant part:

> 11. <u>Defense of Claims</u>.  *Seller shall, at its own cost and expense, defend Sears* […] from and against all allegations […] asserted in any claim, action, lawsuit or proceeding between any Indemnified Party and any third party *arising out of* any of the following […], whether actual or alleged and whether or not Seller's Indemnity and Contribution Obligations (as defined below) shall apply: […] (b) death or injury to any person, *damage to any property, or any other damage or loss [...] resulting or claimed to result in whole or in part from any actual or alleged defect in Merchandise whether latent or patent*, including actual or alleged improper *construction*, *installation*, *repair* or *design* of Merchandise, or actual or alleged failure of Merchandise to comply with any *specifications* or samples or with any express or implied *warranties* of Seller, or any claim of *strict liability in tort* relating to any Merchandise; […] (d) defect involving the packaging, tagging, labeling, packing, shipping and/or invoicing of Merchandise; (e) *failure to warn or inadequate warnings and/or instructions*; or (f) *display, assembly or installation of Merchandise.*
>
> 12. <u>Indemnification and Contribution</u>.  *Seller shall hold harmless and indemnify* the Indemnified Parties from and against any and all claims, demands, actions, lawsuits, proceedings, liabilities, losses, costs, and expenses (including reasonable attorneys' fees and disbursements and costs of investigation) *incurred by any of the Indemnified* Parties in any claim, demand, action, lawsuit, or proceeding between Seller and any Indemnified Party or between any Indemnified Party and any third party or otherwise *arising out of any Claims, including but not limited to claims of negligent acts*

> *or omissions by any Indemnified Party.* In any case to which the
> Seller's Indemnity obligation set forth in the preceding sentence is
> not enforceable under applicable law and in which either (a) any
> Indemnified Party or (b) Seller is found to be liable to a third party
> with respect to Merchandise, then Sears and Seller shall each
> contribute to the payment of any judgment awarded in favor of
> such third party in proportion to the comparative degree of
> culpability.

Doc 112-1 (emphasis added).

6.      Pursuant to the Indemnification provision in the aforementioned UTC, Sears

tendered its defense and made a demand for indemnification to Electrolux.  *See* Sears'

correspondence to Electrolux, attached as Group Exhibit A, excluding attachments (this includes

the April 14, 2010 tender letter from Sedgwick to Electrolux, the June 26, 2013 tender letter

from Sears' defense counsel to Electrolux (without enclosures), the July 3, 2013 tender letter

from defense counsel to Electrolux's legal department (without enclosures), the July 15, 2013

tender letter from Sears' defense counsel to Electrolux's Vice President, Sears Sales (without

enclosures).

7.      On June 7, 2010, Electrolux acknowledge receipt of Sedgwick's April 14, 2010

tender letter on behalf of Sears and advised that "[w]e [Electrolux] will be investigating this

claim under a Reservation of Rights […]."  *See* Electrolux's June 7, 2010 correspondence,

attached as Exhibit B.

8.      On July 9, 2013, Electrolux Associate General Counsel Howard Edward Buckles

acknowledge receipt of the June 26, 2013 tender letter from Sears' counsel, advising that,

"*Electrolux will defend and indemnify Sears for all the product specific allegations*, however

because of the service and installation issues Electrolux can not, at this time, accept the complete

defense and indemnification of Sears."  *See* Electrolux's July 9, 2013 email response, attached as

Exhibit C (emphasis added).

9.     Sears sought additional clarification from Electrolux regarding its response in order to ensure that Electrolux had accepted Sears' tender under a reservation of rights.  *See* Sears' correspondence to Electrolux, attached as Group Exhibit D (this includes the July 9, 2013 email, the August 5, 2013 email, and the March 7, 2014 letter).

10.     Then, on March 7, 2014, Electrolux's Ed Buckles responded to Sears' counsel that "*[t]o the degree that Sears is included in the allegations of the design, manufacture or sale of the dryer itself, Electrolux and its counsel will defend and hold Sears harmless*."  *See* Electrolux's March 7, 2014 email correspondence, attached as Exhibit E.

11.     Then, while Electrolux reimbursed Sears for a single invoice on February 27, 2014, Electrolux has since failed to reimburse Sears for its attorney's fees and costs incurred in defending this matter and has failed to provide Sears a defense.

12.     Further, in subsequent correspondence from Electrolux's counsel, Electrolux took the position that Electrolux never accepted Sears' tender of its defense, even where there are product liability allegations against both Electrolux and Sears.

13.     Therefore, despite the terms of the UTC and despite Electrolux's correspondence accepting Sears' tender under reservation of rights, Electrolux has since failed to reimburse Sears for its attorney's fees and costs in this matter and has taken the position that it never accepted Sears' tender under reservation of rights.

14.     The failure of Electrolux to defend and indemnify Sears in this action constitutes a breach of the aforementioned UTC.

15.     Due to Electrolux's breach of its contractual obligations to defend and indemnify Sears in this action, Sears has incurred attorney's fees and costs in its defense of Plaintiff's lawsuit, which Sears would not have incurred had Electrolux fulfilled its contractual obligations.

WHEREFORE, Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. demands judgment against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC. for all sums allowable by law, including, but not limited to any cost, expenses, judgments, settlements, attorney's fees, or any other figure, including post-judgment interest or debts that Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. has incurred or will incur defending this action brought by Plaintiff or in prosecuting this Crossclaim against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC.

**COUNT II**
**BREACH OF CONTRACT – FAILURE TO PROCURE INSURANCE**

1-5.    Paragraphs 1-5 of Count I are repeated and re-alleged as and for Paragraphs 1-5 of Count II, as if fully stated herein.

5.    The UTC also provides in pertinent part:

> 13. Insurance. *Seller shall obtain and maintain*, at its expense, a policy or policies of *Commercial General Liability Insurance covering liabilities relating to Merchandise*, *including products and completed operations*, with a *broad form Vendor's Endorsement naming Sears*, in such amounts and with such companies and containing such other provisions satisfactory to Sears. All such policies shall provide that the coverage thereunder shall not be terminated without at least thirty (30) days prior written notice to Sears. […] Approval of any of Seller's insurance policies by Sears shall not relieve Seller of any obligations contained herein, including Seller's Defense and Indemnity and Contribution Obligations set forth above, even for claims in excess of Seller's policy limits.

Doc 112-1 (emphasis added).

6.    Electrolux failed to procure proper product liability insurance with a broad form Vendor's Endorsement naming Sears. This failure by Electrolux constitutes a breach of the aforementioned UTC.

7.     Due to Electrolux's breach of its contractual obligations to procure appropriate insurance, Sears has incurred attorney's fees and costs in its defense of Plaintiff's lawsuit, which Sears would not have incurred had Electrolux fulfilled its contractual obligations.

WHEREFORE, Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. demands judgment against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC. for all sums allowable by law, including, but not limited to any cost, expenses, judgments, settlements, attorneys' fees, or any other figure, including post-judgment interest or debts that Defendant/Cross-Plaintiff SEARS, ROEBUCK AND CO. has incurred or will incur defending this action brought by Plaintiff or in prosecuting this Crossclaim against Defendant/Cross-Defendant ELECTROLUX HOME PRODUCTS, INC.

**Dated:  December 11, 2015**

         **Respectfully submitted,**

         By: /s/ James P. Balog

         James P. Balog (#6185185)
         Heather L. Keil (#6298466)
         O'Hagan, LLC
         One East Wacker Drive, Suite 3400
         Chicago, Illinois  60601
         312.422.6100 – Phone
         312.422.6110 – Fax
         jbalog@ohaganlaw.com
         hkeil@ohaganlaw.com

         *Counsel for Sears, Roebuck and Co.*

## <u>CERTIFICATE OF SERVICE</u>

      I, the undersigned attorney, hereby certify that on December 11, 2015, pursuant to Fed. R. Civ. P. 5(b)(3) and Northern District of Illinois LR 5.9, I electronically filed the Defendant Sears' Crossclaim for breach of contract against Electrolux with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel below:

<u>Counsel for Plaintiff</u>
Jennifer H Tedesco
Gibson & Sharps
1443 20th Street
Suite F
Vero Beach, FL 32960
(800) 759-0964
jht@gibsonsharps.com

Brian Thomas Bailey
Gibson & Sharps PSC
745 McClintock Drive
Suite 240
Burr Ridge, IL 60527
630.986.5050
630.986.5051 (fax)
btb@gibsonsharps.com

<u>Counsel for Electrolux</u>
Rebecca M. Biernat
Tucker Ellis LLP
1 Market Plaza
Steuart Tower, Suite 700
San Francisco, CA 94105
415.617.2223
415.617.2409
rebecca.biernat@tuckerellis.com

Michael Leonard
Ethan White
Leonard Meyer LLP
203 N. LaSalle, Suite 1620
Chicago, IL 60601
312.380.6559 (Michael Leonard)
312.380.6634 (Ethan White)
mleonard@leonardmeyerllp.com
ewhite@leonardmeyerllp.com

Dated:  December 11, 2015

By:   /s/ James P. Balog
Attorney for Defendant
*Sears, Roebuck and Co.*

James P. Balog (#6185185)
O'Hagan, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois  60601
312-422-6100 – Phone
312-422-6110 – Fax
hkeil@ohaganlaw.com

04/14/2010 11:27:57 AM          SEDGWICK CMS                    PAGE 1    OF 4

Sedgwick Claims Management Services, Inc.

To:            Todd Rader
Fax Number:    3094541571

From:          Nguyen, Jacqueline
Fax Number:

Date:          April 14, 2010
Subject:       B018321572---Renata and Cristoforo Loiotile

Memo:

The information transmitted is intended only for the person or entity to which it is
addressed and may contain confidential and/or privileged material. Any review,

***CONFIDENTIALITY NOTE***

The information contained in this facsimile message may be legally privileged
and confidential information intended only for the use of the individual or
entity named above. If the reader of this message is not the intended recipient,
you are hereby notified that any dissemination, distribution, or copying of this
telecopy is strictly prohibited. If you have received this telecopy in error,
please notify us immediately by calling the number listed above and return the
original message to us at the address above by the United States Postal Service.



retransmission, diss~ .nation or other use of, or taking of ar. .ction in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.



## Sedgwick CMS

**Sedgwick Claims Management Services, Inc.**
PO Box 14448 Lexington KY 40512-4448
Phone: 847-645-0696 Fax: 866-876-7050

April 14, 2010

Helen.a.Haney@electrolux.com

Electrolux North America Inc.
Atn: Helen Haney
20445 Emerald Parkway SW
Suite 250
Cleveland, OH 44135

**Via Fax: 216 898 2337**

Re:     Claimant:              Renata and Cristoforo Loiotile
        Date of Loss:          3/24/2010
        Claim Number:          B018321572
        Product:               Kenmore Dryer
        Model Number:          41793142201
        Serial Number:         XD32507814
        Unit/Store Number:     1172
        Their Claim #:         IL 5360374

Dear Claims Dept.,

Be advised that Sedgwick Claims Management Services is the claims administrator for Sears, Roebuck and Co. In that capacity, we have received notice of a claim brought by the above-referenced claimant. The purpose of this letter is to place you on notice of this claim, and to demand that you defend, indemnify and hold our Client harmless with respect to this loss.

The claimant(s) allege(s) that on the date noted, he/she/they suffered damage as a result of the use of your product. Specifically, it is claimed that the Kenmore malfunctioned causing a fire. The product is a Kenmore Dryer. Model #41793142201.

The claimant information is as follows:

April 14, 2010

● Page 2
Name              Renata Loiotile
Street Address    1325 W. Mulloy Drive
City, State Zip   Addison, IL 60101
Telephone:        Unknown

Please protect the interests of our Client by referring this claim to your claims department or insurance carrier for continued handling. We ask that you acknowledge receipt of this tender in writing by signing below and returning the signed acknowledgement to my attention. Also, please provide me with the name, address and telephone number of your claims person or insurance carrier who will be handling this loss. . In the event a settlement is reached in this matter, please be sure to protect the interests of our Client by specifically naming them on the Release as described above.

If we do not receive a response within 30 days, your silence will be considered a denial of our request for indemnification, and we reserve the right to resolve the claim with the customer and then pursue you for reimbursement of the full amount of any settlement or expenses incurred.  Also be further advised that, even though you may refer this matter to your insurance carrier, you have the primary obligation to our Client, and we will look to you should your carrier fail to fully indemnify and hold our Client harmless for this loss.

Feel free to contact me if you have any questions. I look forward to your response in this matter.

Sincerely,


Jacqueline Nguyen
Claims Examiner


CC: AAA
     Atn: Todd Rader
     975 Meridian Lake Dr.
     Aurora, IL 60504-4904
     PH: 309 452 8192

     **Via Fax: 309 454 1571**

NOTE:     Notice of claim was sent to our attention.  No supporting documents received in our office. **AAA has planned to schedule scene exam on 4/15/2010**.

# O'HAGAN LLC

Heather E. Shea
Direct No: 312-422-6165
Fax No: 312-422-6110
E-mail: hshea@ohaganlaw.com

June 26, 2013

**CERTFIED MAIL**
**RETURN RECEIPT REQUESTED**
Ed Buckles
Electrolux North America, Inc.
14120 Patch Rd.
Burton, OH 44021

> Re:  Chris Loiotile and Renata Loiotile a/s/o Memberselect Insurance Co.
>      v. Electrolux Home Products, Inc., et a;
>      Court No.:    1:13-cv-4097
>      Our File No.:  22819-HES

Dear Sir/Madam:

Please be advised that this law firm has been retained by Sears, Roebuck and Co. to defend it in the litigation titled, Chris Loiotile and Renata Loiotile a/s/o Memberselect Insurance Co. v. Electrolux Home Products, Inc.; and Sears Holding Corporation, case number 1:13-cv-4097, pending in United States District Court, Northern District of Illinois, Eastern Division. I am enclosing a copy of Plaintiff's Complaint with this correspondence for your reference. The suit arises out of a fire on March 24, 2010, allegedly involving a Kenmore brand gas clothes dryer, designed and manufactured by Electrolux Home Products, Inc.

Pursuant to the Supply Agreement dated June 29, 2004, and the Universal Terms and Conditions dated March 19, 2002, between Sears, Roebuck and Co., and Electrolux Home Products, Inc., these agreements provide that Electrolux Home Products, Inc., will defend and indemnify Sears for the alleged incident which is the subject of this litigation. Specifically, the Universal Terms and Conditions which was incorporated into the Supply and Vendor Agreement dated June 29, 2004, Paragraphs 11 and 12 provide as follows:

One East Wacker Drive | Suite 3400 | Chicago, Illinois 60601 | www.ohaganspencer.com

Electrolux Home Products, Inc.
June 26, 2013
Page 2


11.  <u>Defense of Claims</u>.  Seller shall, at its own cost and expense, defend Sears ... from and against all allegations ... asserted in any claim, action, lawsuit or proceeding between any Indemnified Party and any third party arising out of any of the following...(b) death or injury to any person, damage to any property, or any other damage or loss ... resulting or claimed to result in whole or in part from any actual or alleged defect in Merchandise ... (d) defect involving the packaging, tagging, labeling, packing, shipping and/or invoicing of Merchandise; (e) failure to warn or inadequate warnings and/or instructions; or (f) display, assembly or installation of Merchandise.

12.  <u>Indemnification and Contribution</u>.  Seller shall hold harmless and indemnify the Indemnified Parties from and against any and all claims, demands, actions, lawsuits ... incurred by any of the Indemnified Parties in any claim, demand, action, lawsuit ... arising out of any Claims.

Finally, Paragraph 13 of the Vendor Agreement and Universal Terms and Conditions provides that Electrolux Home Products, Inc. will make Sears an additional insured of the insurance policy.

I have provided copies of the Vendor Supply Agreement dated June 29, 2004, the Amendments to the Vendor Supply Agreement, and the Universal Terms and Conditions dated March 19, 2002, herein for your consideration.

Accordingly, please accept this letter as Sears, Roebuck, and Co.'s formal request for defense and indemnification in the above-referenced matter.  Please advise the undersigned within the next <u>fourteen (14) days</u> of your response to this tender.

Very truly yours,


Heather E. Shea

HES/jlr
Enclosures

O'HAGAN LLC

Heather E. Shea
Direct No: 312-422-6165
Fax No: 312-422-6110
E-mail: hshea@ohaganlaw.com

July 3, 2013

**CERTFIED MAIL**
**RETURN RECEIPT REQUESTED**
Electrolux Home Products, Inc.
18013 Cleveland Parkway, #100
Cleveland, OH 44135
Attn: Legal Department

      Re:    Chris Loiotile and Renata Loiotile a/s/o Memberselect Insurance Co.
              v. Electrolux Home Products, Inc., et a;
              Court No.:    1:13-cv-4097
              Our File No.:  22819-HES

Dear Sir/Madam:

      Please be advised that this law firm has been retained by Sears, Roebuck and Co. to defend it in the litigation titled, Chris Loiotile and Renata Loiotile a/s/o Memberselect Insurance Co. v. Electrolux Home Products, Inc.; and Sears Holding Corporation, case number 1:13-cv-4097, pending in United States District Court, Northern District of Illinois, Eastern Division. I am enclosing a copy of Plaintiff's Complaint with this correspondence for your reference. The suit arises out of a fire on March 24, 2010, allegedly involving a Kenmore brand gas clothes dryer, designed and manufactured by Electrolux Home Products, Inc.

      Pursuant to the Supply Agreement dated June 29, 2004, and the Universal Terms and Conditions dated March 19, 2002, between Sears, Roebuck and Co., and Electrolux Home Products, Inc., these agreements provide that Electrolux Home Products, Inc., will defend and indemnify Sears for the alleged incident which is the subject of this litigation. Specifically, the Universal Terms and Conditions which was incorporated into the Supply and Vendor Agreement dated June 29, 2004, Paragraphs 11 and 12 provide as follows:

One East Wacker Drive | Suite 3400 | Chicago, Illinois 60601 | www.ohaganspencer.com

Electrolux Home Products, Inc.
July 3, 2013
Page 2


     11. <u>Defense of Claims</u>.  Seller shall, at its own cost and expense, defend Sears ... from and against all allegations ... asserted in any claim, action, lawsuit or proceeding between any Indemnified Party and any third party arising out of any of the following...(b) death or injury to any person, damage to any property, or any other damage or loss ... resulting or claimed to result in whole or in part from any actual or alleged defect in Merchandise ... (d) defect involving the packaging, tagging, labeling, packing, shipping and/or invoicing of Merchandise; (e) failure to warn or inadequate warnings and/or instructions; or (f) display, assembly or installation of Merchandise.

     12. <u>Indemnification and Contribution</u>.  Seller shall hold harmless and indemnify the Indemnified Parties from and against any and all claims, demands, actions, lawsuits ... incurred by any of the Indemnified Parties in any claim, demand, action, lawsuit ... arising out of any Claims.

     Finally, Paragraph 13 of the Vendor Agreement and Universal Terms and Conditions provides that Electrolux Home Products, Inc. will make Sears an additional insured of the insurance policy.

     I have provided copies of the Vendor Supply Agreement dated June 29, 2004, the Amendments to the Vendor Supply Agreement, and the Universal Terms and Conditions dated March 19, 2002, herein for your consideration.

     Accordingly, please accept this letter as Sears, Roebuck, and Co.'s formal request for defense and indemnification in the above-referenced matter.  Please advise the undersigned within the next <u>fourteen (14) days</u> of your response to this tender.

          Very truly yours,


          Heather E. Shea

HES/jlr
Enclosures

# O'HAGAN LLC

Heather E. Shea
Direct No: 312-422-6165
Fax No: 312-422-6110
E-mail: hshea@ohaganlaw.com

July 15, 2013

**CERTFIED MAIL**
**RETURN RECEIPT REQUESTED**
Electrolux Home Products, Inc.
250 Bobby Jones Expressway
Augusta, GA 30907
Attn: Vice President, Sears Sales

      Re:    Chris Loiotile and Renata Loiotile a/s/o Memberselect Insurance Co.
               v. Electrolux Home Products, Inc., et a;
               Court No.:    1:13-cv-4097
               Our File No.:  22819-HES

Dear Sir/Madam:

Please be advised that this law firm has been retained by Sears, Roebuck and Co. to defend it in the litigation titled, Chris Loiotile and Renata Loiotile a/s/o Memberselect Insurance Co. v. Electrolux Home Products, Inc.; and Sears Holding Corporation, case number 1:13-cv-4097, pending in United States District Court, Northern District of Illinois, Eastern Division. I am enclosing a copy of Plaintiff's Complaint with this correspondence for your reference. The suit arises out of a fire on March 24, 2010, allegedly involving a Kenmore brand gas clothes dryer, designed and manufactured by Electrolux Home Products, Inc.

Pursuant to the Supply Agreement dated June 29, 2004, and the Universal Terms and Conditions dated March 19, 2002, between Sears, Roebuck and Co., and Electrolux Home Products, Inc., these agreements provide that Electrolux Home Products, Inc., will defend and indemnify Sears for the alleged incident which is the subject of this litigation. Specifically, the Universal Terms and Conditions which was incorporated into the Supply and Vendor Agreement dated June 29, 2004, Paragraphs 11 and 12 provide as follows:

Electrolux Home Products, Inc.
July 3, 2013
Page 2

    11. <u>Defense of Claims</u>.  Seller shall, at its own cost and expense, defend Sears ... from and against all allegations ... asserted in any claim, action, lawsuit or proceeding between any Indemnified Party and any third party arising out of any of the following...(b) death or injury to any person, damage to any property, or any other damage or loss ... resulting or claimed to result in whole or in part from any actual or alleged defect in Merchandise ... (d) defect involving the packaging, tagging, labeling, packing, shipping and/or invoicing of Merchandise; (e) failure to warn or inadequate warnings and/or instructions; or (f) display, assembly or installation of Merchandise.

    12. <u>Indemnification and Contribution</u>.  Seller shall hold harmless and indemnify the Indemnified Parties from and against any and all claims, demands, actions, lawsuits ... incurred by any of the Indemnified Parties in any claim, demand, action, lawsuit ... arising out of any Claims.

    Finally, Paragraph 13 of the Vendor Agreement and Universal Terms and Conditions provides that Electrolux Home Products, Inc. will make Sears an additional insured of the insurance policy.

    I have provided copies of the Vendor Supply Agreement dated June 29, 2004, the Amendments to the Vendor Supply Agreement, and the Universal Terms and Conditions dated March 19, 2002, herein for your consideration.

    Accordingly, please accept this letter as Sears, Roebuck, and Co.'s formal request for defense and indemnification in the above-referenced matter.  Please advise the undersigned within the next <u>fourteen (14) days</u> of your response to this tender.

        Very truly yours,

        Heather E. Shea

HES/jlr
Enclosures

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

TIME RECEIVED                    REMOTE CSID        DURATION   PAGES    STATUS
June 7, 2010 4:46:37 PM EDT      216 898 2337       29         1        Received

Jun. 7. 2010  4:45PM    ELECTROLJX                             No. 9526  P. 1
```

# ⧉ Electrolux

# ACKNOWLEDGEMENT OF RECEIPT

June 7, 2010

Fax: 866-876-7050

Sears/Kmart Incident Center
Sedgwick Claims Management Services, Inc.
P.O. Box 14448
Lexington, KY 40512-4448

| Re: | Claimant: | Renata & Cristoforo Loiotile |
|---|---|---|
| | Claim Number: | B018321572 / IL 5360374 |
| | Date of Loss: | 3/24/2010 |

Dear Ms. Nguyen:

We have received your information regarding the above claimant. We will be
investigating this claim under a Reservation of Rights for late notice and possible cause
relative to service by Sears. If we determine that any action by Sears or Sedgwick CMS
has prejudiced our rights to thoroughly investigate, we will not accept your tender. In the
event we should settle this claim, we will defend and indemnify Sears Holdings
Corporation.

We appreciate your patience in this evaluation.

Sincerely,


Helen Haney
Claims Adjuster


20445 Emerald Parkway, S.W. Suite 250          www.electrolux.com
P.O. Box 35920                                 Fax: (216) 898-2337
Cleveland, OH 44135-0920
USA

06/07/2010            B018321572000101            5220100607



ALL-STATE LEGAL®
DEFENDANT'S
EXHIBIT
B

**From:** Ed Buckles [mailto:ed.buckles@electrolux.com]
**Sent:** Tuesday, July 09, 2013 12:04 PM
**To:** Heather Shea
**Cc:** Timora Wilkerson
**Subject:** Loiotile et al v. Electrolux and Sears

Dear Ms. Shea:

I am in receipt of your letter of June 26, 2013 requesting that Electrolux Home Products, Inc. (Electrolux) defend and indemnify Sears, Roebuck and Co. (Sears) in the above captioned matter.

A review of the claim file and the complaint indicate that the Sears serviced this unit prior to the incident and that Sears installed the unit. Electrolux will defend and indemnify Sears for all the product specific allegations, however because of the service and installation issues Electrolux can not, at this time, accept the complete defense and indemnification of Sears.

As you are probably aware, it is Electrolux' position in similar litigation that installation is a direct cause of dryer failure. If Sears failed to install this unit properly in accord with Electrolux instructions, of if the service to the unit resulted in a problem, or if Sears during its service failed to identify improper installation by Sears or by others, these are all areas in which Sears must assume it's own responsibility.

Should information develop that these are not valid concerns, Electrolux will reconsider its position.

Very truly yours

H. E. Buckles

Ed Buckles

14120 Patch Rd., Burton, OH 44021


(440)725-3064 (Cell)

ed.buckles@electrolux.com (e-mail)

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

===========================================================================
This e-mail and any attachments may contain information which is confidential, privileged, proprietary or otherwise protected by law. The information is solely intended for the named addressee (or a person responsible for delivering it to the addressee). If you are not the intended recipient of this message, you are not authorized to read, print, retain, copy or disseminat

DEFENDANT'S EXHIBIT
C
ALL-STATE LEGAL

message or any part of it. If you have received this e-mail in error, please notify the sender
immediately by return e-mail and delete it from your computer. =----==-====-========-
============-====================-==================

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4335 / Virus Database: 3705/7159 - Release Date: 03/06/14

| | |
|---|---|
| **From:** | Heather Shea |
| **Sent:** | Tuesday, July 09, 2013 1:26 PM |
| **To:** | Ed Buckles |
| **Cc:** | Timora Wilkerson; Brianna Lake; Heather Shea |
| **Subject:** | RE: Loiotile et al v. Electrolux and Sears |

Ed:

Thank you for your quick response.

Can you clarify for me if this tender, then, is being accepted with a reservation of rights as related to the service/installation issues addressed below such that separate counsel for Sears is necessary (as we have in the case of Regan v. Sears)? And if so, at whose cost is the separate counsel for Sears – Electrolux payment of those attorney's fees or Sears? Thanks.

Heather Shea

Heather E. Shea, Esq. | Partner
O'HAGAN LLC
One E. Wacker Drive, Suite 3400 | Chicago, IL 60601
DIR: 312.422.6165 | FAX: 312.422.6110
hshea@ohaganlaw.com
www.ohaganlaw.com

O'HAGAN LLC

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Ed Buckles [mailto:ed.buckles@electrolux.com]
**Sent:** Tuesday, July 09, 2013 12:04 PM
**To:** Heather Shea
**Cc:** Timora Wilkerson
**Subject:** Loiotile et al v. Electrolux and Sears

Dear Ms. Shea:

I am in receipt of your letter of June 26, 2013 requesting that Electrolux Home Products, Inc. (Electrolux) defend and indemnify Sears, Roebuck and Co. (Sears) in the above captioned matter.

1

**DEFENDANT'S EXHIBIT**

D

ALL-STATE LEGAL®

A review of the claim file and the complaint indicate that the Sears serviced this unit prior to the incident and that Sears installed the unit. Electrolux will defend and indemnify Sears for all the product specific allegations, however because of the service and installation issues Electrolux can not, at this time, accept the complete defense and indemnification of Sears.

As you are probably aware, it is Electrolux' position in similar litigation that installation is a direct cause of dryer failure. If Sears failed to install this unit properly in accord with Electrolux instructions, of if the service to the unit resulted in a problem, or if Sears during its service failed to identify improper installation by Sears or by others, these are all areas in which Sears must assume it's own responsibility.

Should information develop that these are not valid concerns, Electrolux will reconsider its position.

Very truly yours

H. E. Buckles

Ed Buckles

14120 Patch Rd., Burton, OH 44021


(440)725-3064 (Cell)

ed.buckles@electrolux.com (e-mail)

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

================================================================================= This e-mail and any attachments may contain information which is confidential, privileged, proprietary or otherwise protected by law. The information is solely intended for the named addressee (or a person responsible for delivering it to the addressee). If you are not the intended recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this e-mail in error, please notify the sender immediately by return e-mail and delete it from your computer. =----==-====-=======-=============-======================-=====================

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2012.0.2242 / Virus Database: 3204/5976 - Release Date: 07/09/13

| | |
|---|---|
| **From:** | Heather Shea |
| **Sent:** | Monday, August 05, 2013 6:42 PM |
| **To:** | Ed Buckles |
| **Cc:** | Timora Wilkerson; Brianna Lake; Heather Shea |
| **Subject:** | RE: Loiotile et al v. Electrolux and Sears |

| | |
|---|---|
| **Importance:** | High |

Ed –

In follow up to my email below of July 9, 2013, can you clarify Electrolux's position regarding the specifics of your response below? I need to advise Sears whether the tender has been accepted without condition, accepted with a reservation of rights, or rejected, and further, whether Electrolux will be paying Sears' counsel's attorneys' fees and costs or whether Sears will need to seek reimbursement of such fees and costs.

I look forward to hearing from you soon.

Heather Shea

**Heather E. Shea, Esq. | Partner**
O'HAGAN LLC
One E. Wacker Drive, Suite 3400 | Chicago, IL 60601
DIR: 312.422.6165 | FAX: 312.422.6110
hshea@ohaganlaw.com
www.ohaganlaw.com

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Heather Shea
**Sent:** Tuesday, July 09, 2013 1:26 PM
**To:** Ed Buckles
**Cc:** Timora Wilkerson; Brianna Lake; Heather Shea
**Subject:** RE: Loiotile et al v. Electrolux and Sears

Ed:

Thank you for your quick response.

Can you clarify for me if this tender, then, is being accepted with a reservation of rights as related to the service/installation issues addressed below such that separate counsel for Sears is necessary (as we have in the case of Regan v. Sears)? And if so, at whose cost is the separate counsel for Sears – Electrolux payment of those attorney's fees or Sears? Thanks.

1

Heather Shea

Heather E. Shea, Esq. | Partner
O'HAGAN LLC
One E. Wacker Drive, Suite 3400 | Chicago, IL 60601
DIR: 312.422.6165 | FAX: 312.422.6110
hshea@ohaganlaw.com
www.ohaganlaw.com

O'HAGAN LLC

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

**From:** Ed Buckles [mailto:ed.buckles@electrolux.com]
**Sent:** Tuesday, July 09, 2013 12:04 PM
**To:** Heather Shea
**Cc:** Timora Wilkerson
**Subject:** Loiotile et al v. Electrolux and Sears

Dear Ms. Shea:

I am in receipt of your letter of June 26, 2013 requesting that Electrolux Home Products, Inc. (Electrolux) defend and indemnify Sears, Roebuck and Co. (Sears) in the above captioned matter.

A review of the claim file and the complaint indicate that the Sears serviced this unit prior to the incident and that Sears installed the unit. Electrolux will defend and indemnify Sears for all the product specific allegations, however because of the service and installation issues Electrolux can not, at this time, accept the complete defense and indemnification of Sears.

As you are probably aware, it is Electrolux' position in similar litigation that installation is a direct cause of dryer failure. If Sears failed to install this unit properly in accord with Electrolux instructions, of if the service to the unit resulted in a problem, or if Sears during its service failed to identify improper installation by Sears or by others, these are all areas in which Sears must assume it's own responsibility.

Should information develop that these are not valid concerns, Electrolux will reconsider its position.

Very truly yours

H. E. Buckles

Ed Buckles

14120 Patch Rd., Burton, OH 44021

(440)725-3064 (Cell)

ed.buckles@electrolux.com (e-mail)

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

================================================================== This e-mail and any attachments may contain information which is confidential, privileged, proprietary or otherwise protected by law. The information is solely intended for the named addressee (or a person responsible for delivering it to the addressee). If you are not the intended recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this e-mail in error, please notify the sender immediately by return e-mail and delete it from your computer. =----==-=====-
======-=============-========================-=====================

# O᷍HAGAN LLC

Heather L. Keil
Direct No: 312-422-6143
Fax No: 312-422-6110
E-mail: hkeil@ohaganlaw.com

March 7, 2014

**VIA CERTIFIED MAIL AND EMAIL (ed.buckles@electrolux.com)**
Howard E. Buckles
Electrolux
14120 Patch Rd.
Burton, OH 44021

      RE:   *Memberselect Insurance Co. a/s/o Chris and Renata Loiotile v. Electrolux Home Products, Inc., et al*
            Court No.:    1:13-cv-4097
            Our File No.:  22819-HES

Counsel –

      In light of the email correspondence from Ed Buckles of Electrolux dated July 9, 2013 (attached), it is our understanding that our firm, O'Hagan, LLC, will continue to represent and defend Sears' interests in this case due to the potential conflict of interest in having the same counsel defend both Sears and Electrolux. It is our further understanding that our firm will be submitting its legal bills for payment to Electrolux in accordance with the tender acceptance.

      Should this be inaccurate in any way, please advise in writing immediately.

                      Best regards,

                      Heather L. Keil

Cc: Brian Hunt/Matthew Ennis via email (bhunt@hunt-lawgroup.com, mennis@hunt-lawgroup.com)

| From: | Ed Buckles |
|---|---|
| To: | Heather Keil |
| Cc: | bhunt@hunt-lawgroup.com; Brianna Lake; Heather Shea; mennis@hunt-lawgroup.com |
| Subject: | Re: Memberselect Insurance Co. a/s/o Chris and Renata Lolotile v. Electrolux Home Products, Inc., et al (22819) |
| Date: | Friday, March 07, 2014 8:57:10 AM |
| Attachments: | ATT00001.png |
|  | 22819 letter to ed buckles and elux counsel 03.07.14.pdf |

Ms. Keil -

You have clearly misunderstood my intention. Electrolux has no responsibility to defend Sears or to pay Sears' counsel for any allegations related to Sears' or Sears' subcontractor's installation of the equipment in this matter.

In fact, it will be our position, without making direct reference to Sears or it's contractor, that this accident is wholly the responsibility of the poor installation of the equipment.

To the degree that Sears is included in allegations of the design, manufacture or sale of the dryer itself, Electrolux and its counsel will defend and hold Sears harmless. However, pursuant to the sales agreement and the certificate of insurance between Sears and Electrolux, Sears' independent liability is Sears' own responsibility.

Ed

Ed Buckles
14120 Patch Rd., Burton, OH 44021

(440)725-3064(Cell)

ed.buckles@electrolux.com (e-mail)

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

From:       Heather Keil <HKeil@ohaganlaw.com>
To:          "ed.buckles@electrolux.com" <ed.buckles@electrolux.com>, "bhunt@hunt-lawgroup.com" <bhunt@hunt-lawgroup.com>,
"mennis@hunt-lawgroup.com" <mennis@hunt-lawgroup.com>
Cc:          Brianna Lake <BLake@ohaganlaw.com>, Heather Shea <HShea@ohaganlaw.com>
Date:        03/06/2014 06:08 PM
Subject:     Memberselect Insurance Co. a/s/o Chris and Renata Lolotile v. Electrolux Home Products, Inc., et al (22819)

Counsel –

In light of the email correspondence from Ed Buckles of Electrolux dated July 9, 2013 (attached), it is our understanding that our firm, O'Hagan, LLC, will continue to represent and defend Sears' interests in this case due to the potential conflict of interest in having the same counsel defend both Sears and Electrolux. It is our further understanding that our firm will be submitting its legal bills for payment to Electrolux in accordance with the tender acceptance.



DEFENDANT'S EXHIBIT
E
ALL-STATE LEGAL®

Should this be inaccurate in any way, please advise in writing immediately.

Best regards,
Heather L. Keil

------------------------

**Heather L. Keil**
One East Wacker Drive
Suite 3400
Chicago, Illinois 60601
Phone: 312.422.6143
Fax: 312.422.6110
hkeil@ohaganlaw.com

This message is intended only for the individual or entity to which it is addressed and may contain information that is attorney work product, privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via email or the United States Postal Service. Thank you.

----- Message from Heather Shea <HShea@ohaganlaw.com> on Thu, 6 Mar 2014 22:19:04 +0000 -----

To: Heather Keil <HKeil@ohaganlaw.com>

Subject: FW: Loiotile et al v. Electrolux and Sears

From: Ed Buckles [mailto:ed.buckles@electrolux.com]
Sent: Tuesday, July 09, 2013 12:04 PM
To: Heather Shea
Cc: Timora Wilkerson
Subject: Loiotile et al v. Electrolux and Sears

Dear Ms. Shea:

I am in receipt of your letter of June 26, 2013 requesting that Electrolux Home Products, Inc. (Electrolux) defend and indemnify Sears, Roebuck and Co. (Sears) in the above captioned matter.

A review of the claim file and the complaint indicate that the Sears serviced this unit prior to the incident and that Sears installed the unit. Electrolux will defend and indemnify Sears for all the product specific allegations, however because of the service and installation issues Electrolux can not, at this time, accept the complete defense and indemnification of Sears.

As you are probably aware, it is Electrolux' position in similar litigation that installation is a direct cause of dryer failure. If Sears failed to install this unit properly in accord with Electrolux instructions, of if the service to the unit resulted in a problem, or if Sears during its service failed to identify improper installation by Sears or by others, these are all areas in which Sears must assume it's own responsibility.

Should information develop that these are not valid concerns, Electrolux will reconsider its position.

Very truly yours

H. E. Buckles

Ed Buckles

14120 Patch Rd., Burton, OH 44021

(440)725-3064 (Cell)

ed.buckles@electrolux.com (e-mail)

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

===================================================================

This e-mail and any attachments may contain information which is confidential, privileged, proprietary or otherwise protected by law. The information is solely intended for the named addressee (or a person responsible for delivering it to the addressee). If you are not the intended recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this e-mail in error, please notify the sender immediately by return e-mail and delete it from your computer. =----==-====-======-.
===========-.====================-.====================

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4335 / Virus Database: 3705/7159 - Release Date: 03/06/14

===================================================================

This e-mail and any attachments may contain information which is confidential, privileged, proprietary or otherwise protected by law. The information is solely intended for the named addressee (or a person responsible for delivering it to the addressee). If you are not the intended recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this e-mail in error, please notify the sender immediately by return e-mail and delete it from your computer. =----==-====-======-.
===========-.====================-.====================

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4335 / Virus Database: 3722/7161 - Release Date: 03/06/14