# EXHIBIT F



JN.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**F I L E D**

MAY 21 2015

Judge Marvin E. Aspen
United States District Court

| | |
|---|---|
| **MEMBERSELECT INSURANCE COMPANY,** a/s/o **CHRIS** AND **RENATA LOIOTILE,** | ) ) ) ) |
| Plaintiff, | ) Case No.: **1:13-cv-4097** ) |
| vs. | ) ) ) |
| **ELECTROLUX HOME PRODUCTS, INC,** a Delaware corporation, **SEARS HOLDING CORPORATION,** a Delaware corporation, | ) ) ) Honorable Judge Marvin E. Aspen ) |
| Defendants. | ) ) ) |

## *PROPOSED* FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held on May 21, 2015,

pursuant to Fed. R. Civ. P. ("Rule") 16, with the following counsel present, and the following

actions taken:

Jennifer H. Tedesco, Esq.
*Admitted Pro Hac Vice (Fl. 678821)*
1443 20th Street, Suite F
Vero Beach, Florida 32960
Telephone: (800) 759-0964
Attorney for Plaintiff

Ethan White
Leonard Law Offices
203 N. LaSalle, Suite 1620
Chicago, IL 60601
Telephone: (312) 380-6634
Attorneys for Defendant Electrolux

Heather L. Keil (ARDC #6298466)
O'Hagan, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60606

1

Telephone: (312) 422-6143
Attorneys for Defendant Sears

**(1)** This is an action for strict product liability and negligence against Defendant, Electrolux Home Products, Inc. (hereinafter "Electrolux") and strict product liability, negligence and breach of warranty against Defendant, Sears, Roebuck and Co., incorrectly sued as Sears Holding Corporation (hereinafter "Sears"). The jurisdiction of the court is invoked under diversity of citizenship pursuant to 28 U.S.C., Section 1332. The matter in controversy is between diverse parties and exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars and No Cents ($75,000.00) in value. Therefore, this court has jurisdiction over this matter pursuant to 28 U.S.C., Section 1332 et seq. Jurisdiction is not disputed.

**(2)** The following stipulations and statements were submitted and are attached to and made a part of this Order:

> **(a)** A comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party).

### THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF

1. The facts requisite to federal jurisdiction are admitted.

2. The gas clothes dryer which is the subject of this litigation, is a Kenmore stacked clothes washer and dryer combination, with the clothes dryer bearing model number 41793142201 (hereinafter the "Kenmore dryer").

3. Electrolux designed, manufactured, assembled, and distributed the Kenmore dryer for sale to end consumers by Sears.

4. Sears is an authorized dealer, approved to sell, distribute and install dryers manufactured by Electrolux.

5. Sears sold the Kenmore dryer to the Loiotile family on July 1, 2003.

6.    Sears had the dryer delivered and installed the dryer including the transition duct from the dryer to the wall at the Loiotiles' home located at 1325 West Mulloy Drive, Addison, Illinois.

7.    The dryer, on the date of the fire on March 24, 2010, had flexible foil transition duct connecting the dryer's exhaust vent to the wall vent.

8.    At the same time the Loiotiles purchased the Kenmore dryer, they also purchased a five (5) year Master Protection Agreement from Sears to cover the costs of parts and services necessary to maintain the proper operating condition of the dryer.

9.    Sears is an authorized servicer, approved to repair and service dryers manufactured by Electrolux.

10.    A Sears service technician serviced and/or repaired the subject dryer on more than one occasion between July 1, 2003 and March 24, 2010.

11.    Sears sent an authorized Kenmore dryer service technician to the Loiotile home to service and or repair the Kenmore dryer on six (6) different service calls between July 1, 2003 and March 24, 2010.

12.    Sears sent an authorized service technician to the Loiotiles' home on June 17, 2009 to address complaints regarding the subject dryer's performance.

13.    The Kenmore Use & Care Guide that accompanied the dryer warns that "[t]he interior of the dryer, lint screen housing and exhaust duct should be cleaned approximately every 18 months by qualified service personnel. An excessive amount of lint build-up in these areas could result in inefficient drying and possible fire."

14.    Ms. Loiotile, the primary user of the dryer, did not read the Use & Guide. Mr. Loiotile does not recall reading the Use & Care Guide.

3

15.     On or about March 24, 2010, the Kenmore dryer caught on fire while Renata Loiotile was drying laundry.

16.     At the time the fire started, Renata Loiotile was drying a load of clothes.

17.     As a result of the fire, the Loiotiles' home and some personal property were damaged.

18.     On the date of the fire, the Loiotiles were insured by a policy of insurance issued by Plaintiff bearing Policy Number HOM016092195.

19.     As a result of the fire, the Loiotiles submitted a claim under their MemberSelect insurance policy for damage to their home, their personal property, and alternative living expenses, and in compliance with the terms and conditions of the policy, MemberSelect made payments to the Loiotiles of approximately $524,689.34.

    **(b)**     For jury trials a short agreed description of the case to be read to prospective Jurors:

This is a subrogation action filed by Plaintiff, MemberSelect Insurance Company as the subrogee of its named insureds Chris and Renata Loiotile ("MemberSelect"), against Defendant, Electrolux Home Products, Inc. and Defendant Sears, Roebuck and Co.  MemberSelect insured the residence and personal property owned by Chris and Renata Loiotile, located at 1325 W. Mulloy Dr., Addison, Illinois.  On March 24, 2010, a fire occurred in the Loiotiles' home, and MemberSelect paid insurance proceeds to, or on behalf of Chris and Renata Loiotile as a result of damage caused by the fire.

MemberSelect contends that the Kenmore clothes dryer designed and manufactured by Electrolux, exclusively for sale by Sears, was defective in its design and that design was a substantial cause of the fire that damaged Chris and Renata Loiotiles' home and property and thus Electrolux and Sears are liable for those damages.

MemberSelect also contends that Electrolux failed to adequately warn the Loiotiles of a known fire hazard in the Kenmore dryer and therefore Electrolux is at fault for damages resulting from the fire. Additionally, MemberSelect alleges that Sears was negligent with respect to the installation and service of the Kenmore dryer and therefore Sears is liable for damages.

Electrolux and Sears deny that any defect in design existed in the Kenmore dryer and that adequate warnings were given to the Loiotiles regarding potential fire hazards. Defendants further contend that MemberSelect's insureds (the Loiotiles) did not follow instructions as to the proper cleaning and maintenance of their dryer, which resulted in the fire. As such, Defendants Electrolux and Sears deny any liability in this case.

 **(c)** Except for rebuttal exhibits, schedules in the form set out in the **Schedule (C)** attached hereto list:

> (1) all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and;
>
> (2) any demonstrative evidence and experiments to be offered during trial.

 **(d)** A list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list:

> ### A. Fact Witnesses
>
> > 1. Chris Loiotile
> >    1325 West Mulloy Drive, Addison, Illinois
> >    c/o Jennifer H. Tedesco
> >    Gibson & Sharps, PSC
> >    1443 20th Street, Suite F
> >    Vero Beach, FL 32960
> >
> > 2. Renata Loiotile
> >    1325 West Mulloy Drive, Addison, Illinois
> >    c/o Jennifer H. Tedesco
> >    Gibson & Sharps, PSC
> >    1443 20th Street, Suite F

Vero Beach, FL 32960

3. Todd Rader
   Claim Specialist
   MemberSelect Insurance Company/AAA
   c/o Jennifer H. Tedesco
   Gibson & Sharps, PSC
   1443 20th Street, Suite F
   Vero Beach, FL 32960

4. Ron Schoeneman (and other agents and employees)
   Vice President
   Schoeneman & Co., Inc.
   3306 West Peterson Avenue
   Chicago, IL 60659

5. John Diggle, III, P.E. CFEI
   Rimkus Consulting
   c/o Jennifer H. Tedesco
   Gibson & Sharps, PSC
   1443 20th Street, Suite F
   Vero Beach, FL 32960
   Phone: (800) 759-0964

   Defendants object to Plaintiff seeking to introduce Mr. Diggle's
   testimony as he has not been timely disclosed by Plaintiff in its
   Rule 26(a)(1) disclosures.

6. O. William Soyk, Jr. CFI
   Central Regional Fire Div. Manager
   Rimkus Consulting
   c/o Jennifer H. Tedesco
   Gibson & Sharps, PSC
   1443 20th Street, Suite F
   Vero Beach, FL 32960
   Phone: (800) 759-0964

   Defendants object to Plaintiff seeking to introduce Mr. Soyk's
   testimony as he has not been timely disclosed by Plaintiff in its
   Rule 26(a)(1) disclosures.

7. Agents and employees
   Addison Fire Protection District
   10 Addison Road
   Addison, IL 60101

Defendants <u>object</u> to Plaintiff seeking to introduce the testimony of unknown and therefore undisclosed individuals as they has not been timely disclosed or identified by Plaintiff in its Rule 26(a)(1) disclosures.

8. Jacqueline Nguyen (and other Unknown Agents and Employees)
   Claims Examiner
   Sedgwick CMS
   PO Box 14448
   Lexington, KY 40512-4448
   Phone: (847) 645-0696

   Defendants <u>object</u> to Plaintiff seeking to introduce the testimony of unknown and therefore undisclosed individuals as they has not been timely disclosed or identified by Plaintiff in its Rule 26(a)(1) disclosures, and as irrelevant. Sears further objects as to relevance pursuant to FRE 402 and 403.

9. Jonathan Sabath
   Independent Adjuster
   Schoeneman & Co., Inc.
   3306 West Peterson Avenue
   Chicago, IL 60659

   Defendants <u>object</u> to Plaintiff seeking to introduce Mr. Sabath's testimony as he has not been timely disclosed by Plaintiff in its Rule 26(a)(1) disclosures.

10. Gary Shoenaman
    Estimator
    3306 W Peterson Ave
    Chicago IL 60659

    Defendants <u>object</u> to Plaintiff seeking to introduce Mr. Shoenaman's testimony as he has not been timely disclosed by Plaintiff in its Rule 26(a)(1) disclosures.

11. L. Loiacono
    DuPage County Building Inspector
    Code Compliance Upgrades
    Jack T. Knuepfer Bldg.
    421 N. County Farm Road
    Wheaton, IL 60187

Defendants object to Plaintiff seeking to introduce Mr. Loiacono
testimony as he has not been timely disclosed by Plaintiff in its
Rule 26(a)(1) disclosures.

12. CRDN of Northern Illinois
    Pack and Clean Contents
    130 West State Street
    Geneva IL 60134

    Defendants object to Plaintiff seeking to introduce the testimony of
    unknown and therefore undisclosed individuals as they has not
    been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
    disclosures.

13. Tech Loss
    Clean High Tech Electronics
    1613 W Algonquin Road
    Mt Prospect IL 60056

    Defendants object to Plaintiff seeking to introduce the testimony of
    unknown and therefore undisclosed individuals as they has not
    been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
    disclosures.

14. Enservio Inc
    Contents Worksheets
    16 Tech Circle, Suite 200
    Natick MA 01760

    Defendants object to Plaintiff seeking to introduce the testimony of
    unknown and therefore undisclosed individuals as they has not
    been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
    disclosures.

15. HomeLink
    Alternative Living
    2500 W Higgins Road, Suite 360
    Hoffman Estates, IL 60169

    Defendants object to Plaintiff seeking to introduce the testimony of
    unknown and therefore undisclosed individuals as they has not
    been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
    disclosures.

16. Franklin Properties
    Removed Damaged Contents

230 S Rush Street, Unit 1B
Itasca IL 60143

Defendants <u>object</u> to Plaintiff seeking to introduce the testimony of
unknown and therefore undisclosed individuals as they has not
been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
disclosures.

17. Village of Addison
    Permits and Inspections
    1 Friendship Plaza
    Addison IL 60101

    Defendants <u>object</u> to Plaintiff seeking to introduce the testimony of
    unknown and therefore undisclosed individuals as they has not
    been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
    disclosures.

18. Serve Pro of Downers Grove and Oak Brook
    Fire Restoration
    PO Box 3191
    Oak Brook IL 60522

    Defendants <u>object</u> to Plaintiff seeking to introduce the testimony of
    unknown and therefore undisclosed individuals as they has not
    been timely disclosed or identified by Plaintiff in its Rule 26(a)(1)
    disclosures.

19. Carl King
    c/o Rebecca Biernat
    One Market Plaza
    Steuart Tower, Suite 700
    San Francisco, CA 94105

20. Ronald Netzer
    c/o Heather Keil
    O'Hagan LLC
    One East Wacker Drive, Suite 3400
    Chicago, IL 60601

21. Charles Skwarczyneki
    c/o Heather Keil
    O'Hagan LLC
    One East Wacker Drive, Suite 3400
    Chicago, IL 60601

22. Marcus Alley
    c/o Heather Keil
    O'Hagan LLC
    One East Wacker Drive, Suite 3400
    Chicago, IL 60601

23. Di Santinello
    c/o Heather Keil
    O'Hagan LLC
    One East Wacker Drive, Suite 3400
    Chicago, IL 60601

    Sears objects to Plaintiff seeking to introduce the testimony this
    individual as she has not been timely disclosed or identified by
    Plaintiff in its Rule 26(a)(1) disclosures, and objects to relevance
    pursuant to FRE 402 and 403.

24. Ed Frankowski
    c/o Heather Keil
    O'Hagan LLC
    One East Wacker Drive, Suite 3400
    Chicago, IL 60601

25. Ashley Jobin
    c/o Heather Keil
    O'Hagan LLC
    One East Wacker Drive, Suite 3400
    Chicago, IL 60601

26. Kenneth L Weyers, PE
    Donan Engineering Co, Inc

27. Representatives from Donan Engineering that inspected the fire
    scene and/or the evidence after the fire on behalf of Defendant
    Sears.

    Sears objects to Plaintiff seeking to introduce the testimony this
    individual as she has not been timely disclosed or identified by
    Plaintiff in its Rule 26(a)(1) disclosures, and objects to relevance
    pursuant to FRE 402 and 403..

## B. Expert Witnesses

1. Mike Stoddard
   Wright Group Inc.
   c/o Jennifer Tedesco

Gibson & Sharps, PSC
1443 20th Street, Suite F
Vero Beach, FL 32960
Phone: (800) 759-0964

Electrolux <u>objects</u> to Mr. Stoddard's opinions and conclusions as
to the adequacy of warnings included in the subject dryer's Use
and Care Guide and/or included on the dryer itself. Mr. Stoddard
has no expertise in this area and his lay opinions on those matters
would only serve to confuse the jury. Further, Plaintiff was
granted leave, over Defendants' objection, to disclose an additional
"human factors" expert to opine on that very subject matter.

2. William Vigilante, Ph.D.
   Robson Forensics
   c/o Jennifer Tedesco
   Gibson & Sharps, PSC
   1443 20th Street, Suite F
   Vero Beach, FL 32960
   Phone: (800) 759-0964

   Electrolux <u>objects</u> to Mr. Vigilante's opinions and conclusions as
   to the adequacy of warnings included in the subject dryer's Use
   and Care Guide and/or included on the dryer itself. There is an
   insufficient basis to conclude Mr. Vigilante, by either training or
   experience, has the requisite knowledge to provide an opinion in
   this area.

3. Randall E. Bills, PE, CFI
   c/o Rebecca Biernat
   One Market Plaza
   Steuart Tower, Suite 700
   San Francisco, CA 94105

4. Christine Wood, PhD
   c/o Rebecca Biernat
   One Market Plaza
   Steuart Tower, Suite 700
   San Francisco, CA 94105

5. Kim Mniszewski, PE
   c/o Heather Keil
   O'Hagan LLC
   One East Wacker Drive, Suite 3400
   Chicago, IL 60601

**(e)**     Stipulations or statements setting forth the qualifications of each F.R. Evid. 702 witness in such form that the statement can be read to the jury at the time the F.R. Evid. 702 witness takes the stand:

**Plaintiff's Expert Witness Qualifications:**

1.   Michael Stoddard, of the Wright Group, Inc.

Plaintiff has disclosed Michael Stoddard, of the Wright Group, as an expert witness on the subject of defective design of the Kenmore dryer at issue in this case. Mr. Stoddard has extensive professional experience with dryer fires, having investigated hundreds of them. Mr. Stoddard has spent a decade testing and examining dryers, fires associated with those dryers, dryer design, dryer operation, and dryer failure modes. He has many hours of hands-on experience, numerous physical examinations, and testing of various manufacturers' dryers, including the Electrolux dryer design at issue in this case. His methodology includes the examination and testing of both burned and unburned dryers to analyze their components, operation, design, and maintenance. Mr. Stoddard has examined more than 500 Electrolux gas and electric dryers, analyzing their design, their modes of operation, and their failures. Mr. Stoddard has a Bachelor of Science in Arson Investigation, and is a certified fire investigator through the International Association of Arson Investigators and a certified fire and explosion investigator through the National Association of Fire Investigators. Since April 2006, Mr. Stoddard has been employed by the Wright Group, Inc. as a fire analyst, where he is responsible for cause and origin investigations and forensic evidence analysis and testing, especially as it relates to dryer fires.

2.   William J. Vigilante, Ph.D., Robson Forensic

Dr. Vigilante has extensive research and practical experience in the science of human factors / ergonomics. He analyzes how people perceive risks; the adequacy of warnings; and the open and obviousness of hazards. Dr. Vigilante also uses his understanding of visual and auditory perception and how people interact with the objects around them to assess their ability to notice, read, and understand products, equipment, and environmental warnings, labeling, user instructions and advertisements.

Dr. Vigilante's previous work experience includes more than fifteen years of research in higher education and industry including five years as a human factors engineer at IBM. Dr. Vigilante has been conducting forensic investigations for over ten years and has numerous national scientific presentations and publications. He is frequently asked to peer review research publications and studies to determine their merit for inclusion in scientific journals. His professional affiliations include membership with the Human Factors and Ergonomics Society, the Transportation Research Board, and the American Society of Safety Engineers.

Electrolux <u>objects</u> to any comment of Vigilante's presentations, publications, and peer review of articles for publication in scientific journals. None of those items, as disclosed on Vigilante's CV, are on the subject matter of warning labels and/or the adequeacy of warning labels and are therefore irrelelvant and likely to confuse the jury.

### **Defendant Electrolux's Expert Witness Qualifications:**

1. <u>Randall A. Bills, P.E., C.F.I.  Senior Project Engineer, S-E-A, Ltd.</u>

Electrolux has disclosed Randall Bills, an Engineer with SEA, Ltd., to testify regarding his examination and analysis of the subject gas dryer; the design, testing, functionality, and manufacture of the subject dryer as they relate to fire safety; the causes and effects of lint accumulation, air flow, and risk of fire as it relates to the dryer; and the use, installation, service, and maintenance of the subject dryer. Mr. Bills has extensive professional experience with dryer fires, having investigated hundreds of them. Mr. Bills has spent a several decades testing and examining dryers, fires associated with those dryers, dryer design, dryer safety, dryer operation, dryer testing, and dryer manufacturing.

Mr. Bills is a Professional Licensed Engineer, with a degree in Electrical Engineer, licensed in the state of Illinois. For the past several decades, Mr. Bills has worked as a Project Engineer for SEA, Ltd., to investigate product faults and malfunctions, particularly those suspected of causing a fire. Mr. Bills investigations include on-site and/or laboratory inspections to determine the cause or result of an incident (i.e., fire, equipment damage, or personal injury). Mr. Bills is a Certified Fire Investigator (C.F.I.) through the International Association of Arson Investigators and has taught dozens of courses on fire investigation and appliance related fire causation.

2. <u>Christine T. Wood, Ph.D.  Principal Scientist Director, Human Factors, Exponent</u>

Electrolux has disclosed Dr. Christine Wood, a Principal Scientist Director with Exponent, to testify regarding her examination and analysis of the warnings accompanying the subject gas dryer, its use and care guide, and its installation instructions and warnings; and the use, installation, service, and maintenance of the subject dryer, as it relates to warnings and instructions accompanying the dryer. Dr. Wood will testify to the numerous warnings directed at fire hazards associated with lint accumulation and information on how these hazards could be mitigated through proper installation, maintenance, and use of the Kenmore dryer; the reasonableness of those warnings; and the homeowners and the installers failure to follow those warnings.

Dr. Wood possesses a Bachelor's Degree in psychology with Distinction and Honors from Stanford University and holds a Ph.D. in experimental psychology also from Stanford University. Dr. Wood is involved in the analysis and evaluation of human behavior in response to information intended to change behavior. She has studied the area of human information processing, including the specific context of processing safety information associated with products under various circumstances. Dr. Wood has written extensively on the topics of human

13

information processing, safety information, and warning label development. Further, Dr. Wood has applied experimental design and statistics for the purpose of measuring the effectiveness of warnings. Dr. Wood is a member of the Human Factors and Ergonomics Society, the American Educational Research Association, and the Society for Risk Analysis. Dr. Wood has authored and published numerous articles on the adequacy of warnings and safety information for consumer products.

### Defendant Sears' Expert Witness Qualifications:

1. <u>Kim Mniszewski, P.E. - FX Engineering, Inc.</u>

Defendant Sears disclosed professional engineer Kim Mniszewski with FX Engineering as an expert witness to testify regarding his examination and analysis of the subject dryer, the installation, service, and maintenance of the subject dryer, his cause and origin of the dryer fire analysis, and to rule out Sears' dryer repair and maintenance as a cause of the fire in this case.

Mr. Mniszewski is certified as a professional engineer and is registered in both Illinois and Michigan. He has an engineering degree in Fire Protection and Safety Engineering, a master's degree in Gas Technology Engineering, and is a Certified Fire and Explosion Investigator through the International Association of Fire Investigators and a Certified Fire Investigator through the International Association of Arson Investigators. Further, he has extensive professional experience regarding fire origin and cause analysis and has been involved in the investigation and inspection of numerous appliances and products. Since 2000, he has served as President of FX Engineering, Inc., where he performs fire cause and origin analyses, forensic fire/explosion investigation, fire protection engineering, gas industry engineering, industrial/process hazard assessment, and engineering analysis.

**(f)**    A list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto:

### Depositions Plaintiff intends to read into evidence, designated page, and line number for each deposition produced to Defendants:

1. Brian Douglas Ripley
   Engineer Electrolux Home Products, Inc.
   <u>State Farm Ins. Co. v. Electrolux Home Products, Inc.</u>, Case No. EC053578
   Superior Court State of California, County of Los Angeles, N.C. District
   Via Deposition Testimony dated June 1, 2012

   Electrolux <u>objects</u> to the use of Mr. Ripley's deposition in whole or in part. Mr. Ripley's testimony is from an entirely unrelated matter, and on product(s) and causation not at issue in this matter. The use of Mr. Ripley's testimony would only serve to the confuse the jury as Mr. Ripley has not examined the subject dryer or premises, nor offered any analysis or opinion on the subject dryer or causation. Indeed, much of Mr. Ripley's prior testimony in the unrelated matter concerns other products not at issue in this case.

2. Carl King (via video deposition)
   Defendant Electrolux designated corporate representative
   <u>MemberSelect Insurance Company a/s/o Loiotile v. Electrolux Home
   Products, et al.</u>
   Deposition of Carl King, October 27, 2014

3. Brian Douglas Ripley
   Engineer Electrolux Home Products, Inc.
   <u>Allstate Ins. Co. a/s/o Martin v. Electrolux Home Products, et al.</u>
   USDC for the S.D. of Indiana, Indianapolis Div.
   CASE No. 1:11-CV-1616-SEB-TAB
   Deposition of Brian Douglas Ripley, July 9, 2013

   Electrolux <u>objects</u> to the use of Mr. Ripley's deposition in whole or in part.
   Mr. Ripley's testimony is from an entirely unrelated matter, and on product(s)
   and causation not at issue in this matter. The use of Mr. Ripley's testimony
   would only serve to the confuse the jury as Mr. Ripley has not examined the
   subject dryer or premises, nor offered any analysis or opinion on the subject
   dryer or causation. Indeed, much of Mr. Ripley's prior testimony in the
   unrelated matter concerns other products not at issue in this case.

**(g)** An itemized statement of damages amounting to $524,689.34,

| | |
|---|---|
| Dwelling | $252,515.70; |
| Contents | $226,285.18; and |
| Alternative Living Expense | $48,888.46 |

**(h)** (Not required by Court at this time)

**(i)** A statement that each party has completed discovery, including the depositions of
F.R. Evid. 702 witnesses (unless the court has previously ordered otherwise).
Absent good cause shown, no further discovery shall be permitted.

   The parties have completed discovery in this case, including the
   depositions of F.R. Evid. 702 witnesses.

**(j)** Subject to full compliance with all the procedural requirements of Rule 37(a)(1),
a brief summary of intended motions in limine. Any briefs in support of and
responses to such motions shall be filed as directed by the Court.

**<u>Plaintiff's anticipated motions in limine:</u>**

(1) Plaintiff's Motion to limit and/or strike certain testimony and opinions
    offered by Electrolux expert witness, Christine Wood, Ph.D. This motion

will be made on the grounds that certain opinions offered in Dr. Wood's written report and during deposition regarding the Sears Master Protection Agreement and services conducted by Sears during a preventative maintenance check do not satisfy the requirements of Federal Rule of Evidence 702, and lack the indicia of scientific reliability required under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and its progeny. Instead these opinions are based solely on unsupported assumptions and conjecture.

(2)    Plaintiff's Motion to limit and/or strike certain testimony and opinions offered by Electrolux expert witness, Randy Bills. This motion will be made on the grounds that certain opinions offered in Mr. Bill's written report and during deposition regarding the cause of the fire, the fire ignition sequence, and the design and operation of the dryer do not satisfy the requirements of Federal Rule of Evidence 702, and lack the indicia of scientific reliability required under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and its progeny. Instead these opinions are based solely on unsupported assumptions and conjecture.

(3)    Plaintiff's Motion to limit and/or strike certain testimony and opinions offered by Sears' expert witness, Kim Mniszewski. This motion will be made on the grounds that certain opinions offered in Mr. Mniszewski's written report and during deposition regarding the cause of the fire, the fire ignition sequence, and the design and operation of the dryer do not satisfy the requirements of Federal Rule of Evidence 702, and lack the indicia of scientific reliability required under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and its progeny. Instead these opinions are based solely on unsupported assumptions and conjecture.

(4)    Plaintiff's Motion to limit and/or strike certain testimony and opinions offered by Sears' expert witness, Kim Mniszewski that the applicable building code at the time the subject dryer was installed allowed the dryer to installed using flexible foil duct.

**<u>Defendant Electrolux's anticipated motions in limine:</u>**

<u>Electrolux intends to follow, at least, motions in limine, for which a brief summary is provided:</u>

(1)    Motion in Limine to Bar Mr. Stoddard's opinions and conclusions as to the adequacy of warnings included in the subject dryer's Use and Care Guide and/or included on the dryer itself. Mr. Stoddard has no expertise in this area and his lay opinions on those matters would only serve to confuse the jury. Further, Plaintiff was granted leave, over Defendants' objection, to disclose an additional "human factors" expert to opine on that very subject matter.

(2)    Motion in Limine to Bar Mr. Vigilante's opinions and conclusions as to the adequacy of warnings included in the subject dryer's Use and Care Guide and/or included on the dryer itself. There is an insufficient basis to

conclude Mr. Vigilante, by either training or experience, has the requisite knowledge to provide an opinion in this area.

(3) Motion in Limine to Bar the Introduction of Brian Ripley's Testimony In Other Matters. Any deposition testimony of Mr. Ripley's is from entirely unrelated matters, and on product(s) and causation not at issue here. The use of Mr. Ripley's testimony would only serve to the confuse the jury as Mr. Ripley has not examined the subject dryer or premises, nor offered any analysis or opinion on the subject dryer or causation. Indeed, much of Mr. Ripley's prior testimony in the unrelated matter concerns other products not at issue in this case.

(4) Motion in Limine To Bar Any Witness Not Timely Disclosed By Plaintiff. Plaintiff should be barred from calling any witness at trial not timely disclosed pursuant to Fed. R. Civ. P. 26(a) as Electrolux would be prejudiced without an opportunity to seek discovery and deposition testimony from such a witness.

(5) Motion in Limine To Bar Any Reference to Other Fires Related to Electrolux manufactured dryers apart from the dryer in this matter. Such testimony would only be offered to prejudice Electrolux without taking into account the numerous and substantially different variables and factors in play with any different dryer model, design, or the circumstances of the fire.

(6) Electrolux additional intends to join Defendant Sears' Motion in Limine 1-27, below.

**Defendant Sears' anticipated motions in limine:**

Defendant Sears' motions in limine request the Court to bar the following:

(1) Witnesses from the courtroom while trial is in progress;

(2) References to offers of settlement or lack thereof;

(3) References to the existence of Defendant's insurance coverage or lack thereof;

(4) References to Defendant as the world's largest retailer or similar phrases;

(5) Any "send a message" argument;

(6) References to general corporate malfeasances and other prejudicial corporate inferences;

(7) Statements regarding the length of time it took this lawsuit to come to trial;

(8) Statements or evidence regarding Defendant's ability to pay a judgment or its financial status;

(9) References to Defendant's failure to call non-party witnesses;

(10) Statements that Defendant has failed to produce evidence, witnesses, or testimony;

(11) Reference to the order in which witnesses are called to testify at trial;

(12) Reference to Counsel's personal belief on ultimate issues and witness credibility;

(13) References to or testimony that Plaintiff/the Loiotiles or Plaintiff's witnesses are credible or believable;

(14) Evidence relating to damages, expenses, or bills not previously disclosed;

(15) References to other claims, lawsuits, or incidents involving Sears or Kenmore dryers;

(16) Reference to unrelated recalls, service flashes, and service campaigns;

(17) References to other customer complaints and alleged issues with Kenmore dryers;

(18) References to or testimony regarding collusion between Sears and Electrolux;

(19) Testimony regarding the cause of the subject fire unless offered through expert testimony;

(20) Testimony or statements regarding any apologies made to Plaintiff/the Loiotiles by Defendant or its employees;

(21) Statements regarding the rate of pay, salary, income, or pay of any of Defendant's employees;

(22) Any statements regarding the Court's prior rulings throughout the course of the litigation;

(23) Any and all evidence and testimony regarding subsequent remedial measures as it relates to the subject dryer, the dryer design, and or repair/maintenance;

(24) Testimony or evidence that Defendant violated its internal policies and procedures;

(25) Any and all testimony from any experts or other witnesses other than those previously disclosed;

(26) Reference to or testimony regarding any alleged failure to warn, where the Loiotiles admitted that they did not read the Use & Care Guide or any document provided with the dryer;

(27) Testimony by Plaintiff's expert Mike Stoddard including opinions and conclusions as to whether or not Sears should have known of the alleged product defect, where he has no knowledge or expertise;

(28) To limit and/or strike certain testimony and opinions offered by Plaintiff's expert witness, Mike Stoddard. This motion will be made on the grounds that certain opinions offered in Mr. Stoddard's written report and during deposition regarding the cause of the fire, the fire ignition sequence, the design and operation of the dryer, the service and maintenance of the dryer, and the instructions and/or warnings that were given or should have been given by Sears technicians do not satisfy the requirements of Federal Rule of Evidence 702, and lack the indicia of scientific reliability required under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. Instead these opinions are based solely on unsupported assumptions and conjecture.

(29) Opinion testimony from any witnesses not previously disclosed.

(3)     Trial of this case is expected to take *2 weeks*. It will be listed on the trial calendar, to be tried when reached.

(4)     [*Indicate the type of trial by placing an X in the appropriate box*]

Jury X Non-jury _____

(5)     The parties recommend that *12* jurors be selected at the commencement of the trial.

(6)     The parties *"agree"* that the issues of liability and damages *"should not"* be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

(7)     [*Pursuant to 28 U.S.C. § 636(c), parties may consent to the reassignment of this case to a magistrate judge who may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case. Indicate below if the parties consent to such a reassignment.*]

The parties do not consent to this case being reassigned to a magistrate judge for trial.

(8)     This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(9)     Possibility of settlement of this case was considered by the parties and the parties were unable to reach resolution of the matter.

19

**\*INITIAL DRAFT – SCHEDULE C\***

**JOINT LIST OF EXHIBITS TO BE OFFERED AT THE TRIAL**

    The parties' Pretrial Exhibit Lists, which set forth Plaintiff's and Defendants objections to certain exhibits and the grounds therefore are attached hereto for incorporation as follows:

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 1 | Kenmore Stackable Dryer, Model # 41793142201 (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 2 | Subject Dryer's flexible spiral aluminum vent transition duct (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 3 | Airflow Diagram (Gas Dryer) (Plaintiff's Exhibit) | | Defendants have not been provided this exhibit and thus are not in a position to evaluate a potential objection. To the extent Plaintiff refers to the diagram at p. 85 of Mr. Stoddard's expert report, Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 4 | Airflow Video Demonstrative Exhibit | | Defendants have not been provided this exhibit and thus are not in a position to evaluate a potential objection. | | |
| 5 | Photographs of subject Kenmore Stackable Dryer taken by Mike Stoddard – attached to November 17, 2014 report (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 6 | Photographs taken by Mike Stoddard (Figures from Lint Migration Demonstrati on contained in November 17, 2014 report) (Plaintiff's Exhibit) | | Electrolux is not clear on which photographs this exhibit refers to and thus is not in a position to evaluate a potential objection. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 7 | Photographs taken by Rimkus Consulting Group Dated March 26, 2010 (Plaintiff's Exhibit) | | To the extent this Exhibit refers to the photos at p. 10-11 of Mr. Stoddard's Report, Electrolux does not object to this Exhibit. Sears objects, as there has been no disclosure to distinguish photos taken 03/26/10 and 05/07/10, and is not in a position to evaluate a possible objection. | | |
| 8 | Photographs taken by Rimkus Consulting Group Dated May 7, 2010 (Plaintiff's Exhibit) | | Electrolux objects to foundation, pursuant to FRE 403, 602, and 901. Sears objects, as there has been no disclosure to distinguish photos taken 03/26/10 and 05/07/10, and is not in a position to evaluate a possible objection. | | |
| 9 | Photographs taken by Rimkus Consulting Group Dated June 6, 2011 (Plaintiff's Exhibit) | | To the extent this Exhibit refers to the photos at p. 36-42 of Mr. Stoddard's Report, Electrolux does not object to this Exhibit. Sears objects to foundation and cumulative, pursuant to FRE 403, 602, and 901. | | |
| 10 | Photographs taken by Donan at June 6, 2011 dryer exam (Plaintiff's Exhibit) | | Electrolux is not clear on which photographs this exhibit refers to and thus is not in a position to evaluate a potential objection. Sears objects to foundation and cumulative, pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|-------|-------------|------------------------|------------------------|--------------------|-------------------------|
| 11 | Photographs taken by MemberSelect adjusters of fire scene Dated March 26, 2010 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 12 | Photographs taken by Randall Bills at June 6, 2011 dryer exam (Joint Exhibit) | | Electrolux has no objection to this Exhibit. | | |
| 13 | Photographs taken by Kim Mniszewski at June 6, 2011 dryer exam (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 14 | Article: "Safety Hierarchy," published in Safety Brief, June, 1985; Reprinted August, 2005 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 15 | Addison Fire Protection District Report (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 16 | Installation Instructions Gas & Electric Dryer (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 17 | Kenmore Operating Instructions (Joint Exhibit) | | Electrolux has no objection to this Exhibit. Sears objects, as it is unclear whether this refers to the Use & Care Guide. | . | |
| 18 | Kenmore Owner's Guide (Joint Exhibit) | | Electrolux has no objection to this Exhibit. Sears objects, as it is unclear whether this refers to the Use & Care Guide. | | |
| 19 | Kenmore Dryer Parts Catalog (Plaintiff's Exhibit) | | Defendants object to relevancy pursuant to FRE 403. | | |
| 20 | Electrolux Dryer On-Product Warning Labels attached to subject dryer (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 21 | Electrolux Service Bulletin, Running Index, October 2001, Volume 21 #10, pages 1-2 and 7 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy pursuant to FRE 403, 602, and 901. | | |
| 22 | Electrolux Service Bulletin, Running Index, December 1999, Volume 99 #10, pages 1-2 and #5 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy pursuant to FRE 403, 602, and 901. | | |
| 23 | Sears Master Protection Agreement (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 24 | Sears Service Smart Agreement (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|-------|-------------|------------------------|------------------------|--------------------|-----------------------|
| 25 | MemberSelect, Financial Spreadsheets and copies of checks; Damage Supports TP 1205713-0000235-0000255, 0000521-0000528 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 26 | MemberSelect, Dwelling Payment Supports TP 1205713-0000256-0000303, 0000410-0000454, 0000460-0000502, 0000513-0000515, 0000542-0000543, 0000557-0000578 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 27 | MemberSelect, Additional Living Payment Supports TP 1205713-0000369, 0000456-0000458, 0000516-0000520, 0000529-0000538, 0000579-0000585 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 28 | MemberSelect, Contents Payments Supports TP 1205713-0000304-0000368, 0000374-0000405, 0000586-0000615 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 29 | Loiotile Insurance Policy (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 30 | Carl King Deposition excerpt (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|-------|-------------|------------------------|------------------------|--------------------|-------------------------|
| 31 | Christine Wood Written Report (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 32 | Defendant Electrolux Answers to Plaintiff's Interrogatories (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 33 | Defendant Sears Answers to Plaintiff's Interrogatories (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 34 | Defendant Sears Answers to Plaintiff's RFA (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 35 | Defendant Sears Answer to Amended Complaint (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 36 | Defendant Electrolux Answer to Amended Complaint (Plaintiff's Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 37 | Electrolux Store Web page, exemplar Electrolux Venting Kit and Flexible Foil products (Plaintiff's Exhibit) | | Defendants have not been provided this exhibit and thus are not in a position to evaluate a potential objection. | | |
| 38 | Wright Group Inc. Photos from November 17, 2014 report: Alternative Design (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |
| 39 | Wright Group Inc. Photos from November 17, 2014 report: Lint Accumulation in Exemplar 5.7/5.8 Cu. Ft. Dryers (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 40 | Wright Group Inc. Photos from November 17, 2014 report: Lint Accumulation in Exemplar Burned and Unburned Dryer (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects as duplicative/ cumulative in part to No. 39. | | |
| 41 | Wright Group Inc. Photos from November 17, 2014 report: Lint Accumulation in Exemplar Burned Gas Dryer (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects as duplicative/ cumulative to No. 40. | | |
| 42 | Wright Group Inc. Photos from November 17, 2014 report: Lint Accumulation at Rear Drum Gas dryer (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects as duplicative/ cumulative. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 43 | Flexible Foil Transition duct Distributed by Electrolux (Plaintiff's Exhibit) | | Defendants have not been provided this exhibit and thus are not in a position to evaluate a potential objection. | | |
| 44 | Wright Group Inc. Photos from November 17, 2014 report: Comparative Design of Bulkhead from Whirlpool and Maytag (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects as duplicative/ cumulative. | | |
| 45 | Wright Group Inc. Photos from November 17, 2014 report: Whirlpool and Maytag Exemplar dryers Bulkhead Design (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects as duplicative/ cumulative. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 46 | Wright Group Inc. Excerpt from November 17, 2014 report: Whirlpool Use and Care Guide, Excerpt 1994 (Plaintiff's Exhibit) | | Electrolux objects to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |
| 47 | Sears RFP 017-018 (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 48 | Sears RFP 019-022 (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 49 | Donan Engineering June 16, 2011Report, Sears RFP 023-027 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 50 | Joint Lab Inspection Sign In Sheet, June 6, 2011, Sears RFP 028 (Plaintiff's Exhibit) | | Defendants object to foundation, pursuant to FRE 403, 602, and 901. | | |
| 51 | Home Delivery Carrier Agreement, Sears RFP 029-051 (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 52 | Sears Laundry Preventative Maintenance Checklist, Sears RFP 059 (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 53 | Sears RFP 060-061 (Plaintiff's Exhibit) | | Electrolux objects to relevancy (as duplicative of Ex. 57, below, which reflects the same information in a more readable manner), pursuant to FRE 403. Sears objects pursuant to FRE 403 as duplicative/cumulative in part to No. 57 (RFP 170-177), which are the same records with additional columns. | | |
| 54 | Sears RFP 066-074 (Plaintiff's Exhibit) | | Electrolux objects to relevancy (as duplicative of Ex. 57, below, which reflects the same information in a more readable manner), pursuant to FRE 403. Sears objects pursuant to FRE 403 as duplicative/cumulative in part to No. 57 (RFP 146-151), which are the same records with additional columns. | | |
| 55 | Sears RFP 075-105 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|-------|-------------|------------------------|------------------------|--------------------|--------------------------|
| 56 | Sears RFP 135-142 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy of Sears RFP 140-142, pursuant to FRE 403, 602, and 901. Sears further objects to relevance, as RFP 140-142 records relate to the 06/26/03 MPA for an unrelated dryer. | | |
| 57 | Sears RFP 146-177 (Joint Exhibit) | | Defendants have no objection to this Exhibit. | | |
| 58 | Letter from AAA to Sears Holdings Corporation Dated March 26, 2010, Sears RFP 178-179 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |
| 59 | Letter from TransPacSolutions to Sedgwick Claims Dated April 12, 2011, Sears RFP 180-181 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |
| 60 | Letter from TransPacSolutions to Electrolux Dated April 21, 2011, Sears RFP 186 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 61 | Electrolux Acknowledgement of Receipt to Sears Dated June 7, 2010, Sears RFP 188 (Plaintiff's Exhibit) | | Electrolux objects to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |
| 62 | Letter Electrolux to AAA Dated June 9, 2011, Sears RFP 189 (Plaintiff's Exhibit) | | Electrolux objects to foundation and relevancy, pursuant to FRE 403, 602, and 901. | | |
| 63 | Sears In-Home Service Position Description, Sears RFP 143-145 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects to relevance, as this is a 2008 document. | | |
| 64 | Sears Contact Page, Sears RFP 016 (Plaintiff's Exhibit) | | Electrolux objects to relevancy (as duplicative of Exs. 17 and 18, which reflects the same information), pursuant to FRE 403. | | |
| 65 | Sears Delivery FAQ, Sears RFP 190-191 (Plaintiff's Exhibit) | | Electrolux objects to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects to relevance, where this document is a 2008 document, where delivery occurred in 2003. | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 66 | Sears Service Flashes, Sears RFP 274-285 (Plaintiff's Exhibit) | | Defendants object to foundation and relevancy, pursuant to FRE 403, 602, and 901. Sears further objects as irrelevant where these documents do not relate to the subject Kenmore dryer model | | |
| 67 | Subject Dryer's wall vent (Joint Defense Exhibit) | No objection | | | |
| 68 | Electrolux Expert Randall Bills' December 15, 2014 Report (Electrolux Exhibit) | Plaintiff objects as hearsay, cumulative, likely to confuse, mislead jury | | | |
| 69 | Plaintiff's Answers to Electrolux's Interrogatories (Joint Defense Exhibit) | No objection | | | |
| 70 | Plaintiff's Responses to Electrolux's Request for Production (Joint Defense Exhibit) | No objection | | | |

| Ex. # | Description | Plaintiff's Objections | Defendant's Objections | Date Marked for ID | Date Marked in Evidence |
|---|---|---|---|---|---|
| 71 | Plaintiff's Answers to Sears' Interrogatories (Joint Defense Exhibit) | No objection | | | |
| 72 | Plaintiff's Responses to Sears' Request for Production (Joint Defense Exhibit) | No objection | | | |
| 73 | Kenmore Use & Care Guide (Joint Defense Exhibit) | No objection | | | |
| 74 | Electrolux Expert Dr. Christine Wood December 15, 2014 Report (Electrolux Exhibit) | Plaintiff objects as hearsay, cumulative, likely to confuse, mislead jury | | | |
| 75 | Sears' expert Kim Mniszewski's 12/15/14 written report (Sears Exhibit) | Plaintiff objects as hearsay, cumulative, likely to confuse, mislead jury | | | |