# EXHIBIT I

# ELECTROLUX DRYERS SETTLEMENT CLAIM FORM

First1 Last 1
Address1 Address2
City, ST ZIP



Claim #: XXXXXXXXXX

This Claim Form is to be used only by eligible purchasers or owners of freestanding Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan brand clothes dryers manufactured by Electrolux between January 1, 2002, and December 31, 2011 ("Electrolux dryers") to apply for one or more of these settlement benefits:

(1) a cash rebate on the purchase of a new Frigidaire- or Electrolux-brand dryer or other qualifying home appliance;

(2) a discount code to be used in purchasing new products from Electrolux's direct-to-consumer website, www.ElectroluxAppliances.com;

(3) a free service that will clean and remove lint from the inside of your Electrolux dryer ;

(4) reimbursement of certain expenses you incurred in connection with a dryer fire that occurred within the first 10 years after purchase.

This Claim Form is not to be used for any other make or model of clothes dryer. **Before completing this Claim Form, please read responses to Questions 6-7, 9-13, 15-18 in the Frequently Asked Questions Form ("FAQ") to determine whether you are eligible for one or more of these benefits.**

If you meet the settlement's eligibility requirements and wish to submit a claim for only a cash rebate or discount code, you only need to complete Part I.

If you meet the settlement's eligibility requirements and wish to submit a claim for a free cleaning service or for cash compensation for a dryer fire, you must (1) complete Part I of this Claim Form; (2) complete the section of Part II that applies to you; and (3) attach copies of any documents required by the section of Part II that applies to you.

You must return your completed Claim Form and all required documentation by first-class United States Mail *postmarked no later than _____ __, 2014*\*, to

_____ Settlement Administrator
ADDRESS
ADDRESS

Alternatively, you may electronically fill out this Claim Form at the settlement website, www.dryersettlement.com, and upload any required documentation to that website.

\* This deadline does not apply to claims for cash reimbursement for a fire that occurs in the future, so long as the fire occurs within the first 10 years after you purchased the Dryer and you submit this Claim Form within 180 days after the fire (but not later than  December 31, 2022).

**Important:** If your Electrolux dryer needs service and is covered by its factory warranty or by an extended warranty or service contract you bought from another retailer or seller, please call the toll-free telephone number shown in your service contract to request service. If you have questions regarding this Claim Form or the settlement, please visit www.dryersettlement.com, write to the Settlement Administrator at the address above, or email [insert] or call _____.

Case 18-23538-shl Doc 4966-10 Filed 10/12/21 Entered 04/30/12 14:21 Page 3 of 38 Exhibit ID Pg 3 of 38

# ELECTROLUX DRYERS SETTLEMENT CLAIM FORM - PART I

**Important:** To determine if you own an Electrolux dryer and are eligible for benefits under this settlement, you may need to look at your dryer's serial number. The serial numbers for the Electrolux dryers covered by this settlement begin with the letters "XD." The third character of the serial number stands for the year of manufacture. For example, if your dryer has the serial number XD6*******, your dryer was manufactured in 2006, and if your dryer has the serial number XD1******, your dryer is manufactured in 2011.  If your dryer's serial number does not begin with "XD," you are not included in this class settlement. *If you are unable to find the serial number of your clothes dryer, visit the Settlement Website at* www.dryersettlement.com *to determine if your dryer is part of the Settlement by finding the manufacturing stamp or by the inside design of the Dryer drum.*

| Question 1.a. | Yes | No |
|---|---|---|
| Did you purchase or do you own a clothes dryer with an "XD" serial number that was sold under the brand name Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan and that was manufactured between January 1, 2002, and December 31, 2011? <br><br> *Note*: *To locate the serial number, open the door to your dryer and look for the serial tag label inside the door opening.* | ☐ | ☐ |

| Question 1.b. | Yes | No |
|---|---|---|
| Does the inside of your clothes dryer look like the drum pictured to the right *and* is it one of the following brands: Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan?  | ☐ | ☐ |

If you were unable to answer "Yes" to either Question 1.a. or 1.b. above, **STOP**:  You are not a class member entitled to any compensation or benefit under this settlement.  If you answered "YES" to the Question 1, you are a class member and eligible to receive benefits under this settlement. Please move on to Question 2.

| Question 2 - Which benefit(s) are you seeking under this settlement? |
|---|
| Please **check all that apply**.  You may be entitled to all three benefits. |

| ☐ | Cash rebate or online discount code for the purchase of a new Frigidaire- or Electrolux-brand appliance or product |
|---|---|
| | Select which benefit you would like to receive (you may only check one): <br> ☐  Cash rebate toward purchase of new Frigidaire- or Electrolux-brand home appliance <br> or <br> ☐  Discount code for an online purchase of a new product from www.ElectroluxAppliances.com |
| ☐ | Free dryer cleaning service for eligible dryer owners |
| ☐ | Compensation for out-of-pocket expenses due to a fire in your Electrolux-manufactured dryer |

**Important**: If you wish to <u>only</u> receive a cash rebate or online discount code and are not submitting a claim for a dryer cleaning service or compensation for a dryer fire, you only need to complete the rest of this Part I. You only need to complete Part II of this claim form if you are requesting free cleaning service or compensation for a dryer fire. You may return your completed Claim Form by first-class United States Mail postmarked no later than December 15, 2014, or submitted on-line at www.dryersettlement.com by December 15, 2014.

## YOUR INFORMATION

1.   Please provide your name and address:

_____

First name          Middle initial          Last name

_____

City                State                Zip code

2.  Provide your contact information:

(_____)_____    (_____)_____
Daytime telephone number           Evening telephone number

_____

Email address (if applicable)


3.  Identifying Dryer Information

   A.  Model Number of your Electrolux dryer: _____

       *and* Serial Number of your Electrolux dryer: _____

   **OR**

   B.  Manufacturing date code of your Electrolux dryer: _____

   **OR**

   C.  Submission of a photo of the inside drum of your Electrolux dryer.

If you did not provide the model number and serial number of your Electrolux dryer, please sign this verification:

┌────────────────────────────────────────────────────────────────────────────┐
│ **SWORN STATEMENT (Please note that you will not be eligible for the free cleaning service unless you sign and date this statement):** I swear, under the penalties of perjury recognized by the laws of the United States of America, that I purchased or currently own an Electrolux-manufactured dryer under a brand name Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan. │
│                                                                              │
│ _____        _____      │
│        Signature                                 Date                         │
└────────────────────────────────────────────────────────────────────────────┘


**Important:** To be eligible for any benefit under this settlement, you must provide both the model number and serial number of your clothes dryer; the manufacturing date stamp of the dryer; or a photograph of the inside of your dryer drum sufficient to identify the dryer.  If you wish to send in a photograph of the inside of your Dryer, please submit it with this claim form or upload it when you submit the claim form online at www.dryersettlement.com.

To locate the model and serial numbers, open the door to your dryer and look for the serial tag label inside the door opening. This is the tag on the left in the picture below. The serial numbers for freestanding Electrolux-built dryers start with the letters "XD." If your dryer's serial number does not begin with XD, or it was not manufactured between January 1, 2002, and December 31, 2011, you are not a member of the Settlement Class. The serial number ranges for eligible dryers is XD2 through XD1, where the "1" indicates a dryer manufactured in 2011 and sold in 2011 or 2012.



To locate the manufacturing date of your dryer if you are unable to find the serial number and model number, look for a 2-letter stamped code on the back of your dryer.



Alternatively, you can submit a photograph of the inside of your dryer (like the one shown above) and a verification under oath, so that the Claims Administrator can determine whether or not you are a member of the Settlement Class.

5. Date of purchase of your Electrolux dryer (approximate if actual date unknown): ___/___/_____
   MM/DD/YYYY

6. Name and location of retailer or other seller of your Electrolux dryer (if known):

   _____

   _____

**After you have completed this Part I in full, please go to Part II if you wish to make a claim for a free cleaning service or for a cash reimbursement payment for out-of-pocket loss incurred in connection with a dryer fire.**

# ELECTROLUX DRYERS SETTLEMENT CLAIM FORM - PART II

If you are eligible for, and wish to make a claim for a dryer cleaning service or for a cash reimbursement payment for out-of-pocket expenses incurred due to a fire in your Electrolux-manufactured dryer, you must complete **both** Part I of the Claim Form **and** the appropriate section of this Part II of the Claim Form, as follows:

<u>Section A</u> – Please complete and return Section II.A **only** if you are seeking a **free cleaning service** for your Electrolux dryer

If you are eligible for a cleaning and submit a valid claim under Section II.A, Electrolux will provide a free cleaning service for your Electrolux dryer through one of its authorized service representatives.

<u>Section B</u> – Please complete and return Section II.B **only** if you are seeking **reimbursement for out-of-pocket expenses and economic damages you incurred due to a fire in your Electrolux dryer**.

If you are eligible for reimbursement due to a fire in your Electrolux dryer and submit a valid claim under Section II.B, Electrolux will reimburse you for the amount of the documented, unreimbursed expenses up to the documented purchase price you paid for your Electrolux dryer (up to a limit of $1,300).

---

### PART II.A
### CLAIM FOR FREE DRYER CLEANING SERVICE IF YOU EXPERIENCED A QUALIFYING PERFORMANCE PROBLEM WITHIN 5 YEARS AFTER PURCHASE

---

| Eligibility Questions for Free Cleaning Service | Yes | No |
|---|---|---|
| 1. During the first **five years** after the date of purchase of your Electrolux dryer, did you experience any of the following performance problems with your dryer? Please check the box or boxes that apply.<br>☐ Your dryer overheated.<br>☐ Your laundry was burned or scorched (that is, by lint that caught fire inside the dryer).<br>☐ You noticed burned or scorched lint inside your dryer (even if laundry was not damaged).<br>☐ Abnormal lint built up in the dryer (such as in the dryer base, the air duct and adjacent blower housing, or inside or behind the dryer's drum).<br>☐ Your dryer had excessively long cycle times or longer than normal dry times.<br>☐ Your dryer's heating element sparked (for electric models with a heating element behind drum).<br>☐ You observed smoke, flame or burning odors emitting from your dryer.<br>☐ You called for repair service due to any of the above.<br>☐ None of the above. If you did not experience any of the above within the first 5 years of purchase, answer "NO" to this question. | ☐ | ☐ |

If you answer "NO" to Question 1, **STOP**: You are not eligible for the free cleaning service. If you answer "YES" to Question 1, please move on to Question 2.

| | Yes | No |
|---|---|---|
| 2.   Do you have documentation showing that your dryer experienced  one of the performance problems within the first five years after purchase of the dryer listed in the preceding question (II.A.1, Above). | ☐ | ☐ |

Examples of this documentation include service-company records, invoices, receipts, written complaints, photos, or any other reasonable documentation.

If you answered "NO" to Question 2 above, Electrolux can search its databases for your purchase records and to determine whether you informed it of any of the performance problems listed in II.A.1, above.  If you want Electrolux to search its databases for the documentation, please put a check or "X" in the box below.  *Note: if you select this option, and Electrolux is unable to confirm that you experienced one of the performance problems listed above, you may not receive a free cleaning service.*

5

☐     Yes, please ask Electrolux to search its databases for my Electrolux dryer complaint and purchase records. I understand that Electrolux may be unable to locate my information and confirm I experienced one of the specified performance problems, in which case I may not receive a free cleaning service.

After you have answered the questions above, please sign the declaration below, under penalty of perjury, swearing that you experienced the described problem(s) with your dryer within the first five years of purchase.

If you have documentary proof of the qualifying performance problem(s), please submit a photocopy of such documentation with this claim form or upload it when you submit the claim form online at www.dryersettlement.com. Please keep the original documentation for your records. If you do not submit documentation with your claim form, the Settlement Administrator may contact you and ask that you provide documentation showing that you experienced at least one of the qualifying performance problem(s) listed above. Electrolux reserves the right to require documentation of a qualifying performance problem for you to be eligible for a dryer cleaning.

---

**SWORN STATEMENT (Please note that you will not be eligible for the free cleaning service unless you sign and date this statement):** I swear, under the penalties of perjury recognized by the laws of the United States of America, that I experienced a qualifying performance problem in my Electrolux dryer within five years after I purchased my Electrolux dryer. I experienced the problem in approximately (Month/Year) _____ / _____ . I further swear, under the penalties of perjury recognized by the laws of the United States, that all information provided in Parts I and II.A of this Claim Form is true and accurate.

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

---

After you have answered the eligibility questions and signed and dated the Sworn Statement above, please mail to the Electrolux Dryers Settlement Administrator **both** Parts I **and** II.A of this Claim Form **and** copies of all supporting documentation, if you have it. Alternatively, you may complete and submit this claim form online at www.dryersettlement.com. Please keep the originals of your documentary proof and send only copies to the Settlement Administrator, or upload copies to the website using the online claim form.

## PART II.B
## REIMBURSEMENT FOR OUT-OF-POCKET LOSSES DUE TO DRYER FIRE

| Eligibility Questions for Cash Reimbursement Payment for an Electrolux Dryer Fire | Yes | No |
|---|---|---|
| 1. Did you experience a fire in the drum or base of your Electrolux dryer? | ☐ | ☐ |
| 2. Did this fire occur within 10 years after you purchased your Electrolux dyer? | ☐ | ☐ |
| 3. Did you incur any out-of-pocket expenses because of this fire in your Electrolux dryer? For example, did you pay out-of-pocket to purchase a replacement clothes dryer, to repair your Electrolux dryer, or to repair or replace other property that was damaged by the fire? Did you incur an insurance deductible to obtain insurance coverage for damage or loss due to the fire? | ☐ | ☐ |
| 4. What was the total amount of the expenses you incurred due to the fire in your Electrolux dryer? | $_____.__ | |

If you have answered "NO" to any of Questions 1-3 above, **STOP**: You are not entitled to any cash reimbursement payment. If you answered "YES" to each of Questions 1-3 and answer Question 4, please move on to Question 5 below.

| Eligibility Questions for Cash Reimbursement Payment for an Electrolux Dryer Fire | Yes | No |
|---|---|---|
| 5. Have you already received reimbursement (including, for example, a gift card or a free replacement clothes dryer) from Electrolux, your insurance carrier, or another third party for the expenses you incurred because of the fire in your Electrolux dryer? | ☐ | ☐ |

If you answered "NO" to Question 5 above, please move on to Question 6 below. If you have answered "YES" to Question 5, you may still be entitled to compensation so long as you were not fully reimbursed for the expenses you identified in response to Question 4.  If you were not fully compensated, please provide the following information and then proceed to Question 6 below:

| | Yes | No | Amount (if any) |
|---|---|---|---|
| Did you receive any cash payment, gift card, refund, or reimbursement from your insurance company, retailer, or other third party? | ☐ | ☐ | $_____ |
| Did you receive any cash payment, gift card, refund, or reimbursement from Electrolux? | ☐ | ☐ | $_____ |
| Did you receive a free replacement clothes dryer, other appliance, or other product from Electrolux? | ☐ | ☐ | $_____ |
| Did you receive any other form of compensation from Electrolux, such as a dollar discount, percentage discount, or rebate on a new dryer, home appliance, or other product? | ☐ | ☐ | $_____ |

| Eligibility Questions for Cash Reimbursement Payment for an Electrolux Dryer Fire | Yes | No |
|---|---|---|
| 6. Do you have documentation showing the purchase price paid for your Electrolux dryer? | ☐ | ☐ |
| 7. Do you have documentation showing that you experienced the fire in your Electrolux dryer? | ☐ | ☐ |
| 8. Do you have documentation showing the amount of unreimbursed expenses you incurred because of the fire in your Electrolux dryer? | ☐ | ☐ |

Examples of sufficient documentation for Questions 6-8 include, but are not limited to, service records, insurance claim records, emails concerning the fire, photographs of your fire-damaged dryer or other property, cancelled checks, invoices, receipts, and credit card or bank statements.

If you answered "YES" to Questions 1-3 and Questions 6-8, you are entitled to a cash reimbursement payment from Electrolux for the amount of your documented, unreimbursed expenses up to the purchase price you paid for your Electrolux dryer or $1,300.00, whichever is less. Please include with this Claim Form a copy of your documentary proof, sign and date the Sworn Statement below, and mail to the Electrolux Settlement Administrator **both** Parts I **and** II.B of this Claim Form **and** copies of all documentary proof required in this Section II.B. Alternatively, you may complete your claim form online at

www.dryersettlement.com and upload any supporting documentation. Please keep your original documentary proof, and send only copies to the Settlement Administrator.

**If you have answered "YES" to Questions 1-3 and "NO" to any of Question 6-8 above, you may still be entitled to compensation.**

If you answered "NO" to Question 6 or Question 7 above, Electrolux can search its databases for your purchase records and to determine whether you previously complained to Electrolux about a fire in your Electrolux dryer. If you want Electrolux to search its databases for the required proof, please put a check or "X" in the box below. *Note: if you select this option, and Electrolux is unable to confirm that you complained about a fire, you may not be entitled to compensation.*

❏   Yes, please ask Electrolux to search its databases for my Electrolux dryer complaint and purchase records. I understand that Electrolux may be unable to locate my information and confirm my purchase or fire, in which case I will not be entitled to compensation for the fire in my Electrolux dryer.

If you do not want Electrolux to search its records and you do not have documentation showing that you purchased your Electrolux dryer or experienced a fire in your Electrolux dryer, **STOP**: You are not entitled to compensation.

**If you answered "NO" to Question 8 but have proof of purchase and proof that you experienced a fire or are requesting that Electrolux search its databases for you and the database search confirms you experienced a fire, you are entitled to a cash payment from Electrolux. Your cash payment will be limited to the lesser of the amount you listed in response to Question 4 (minus any previous reimbursement or voluntary benefit) or $300.00.**

After you have answered the questions above, please sign and date the Sworn Statement below and mail to the Electrolux Settlement Administrator **both** Parts I **and** II.B of this Claim Form **and** copies of all documentary proof required by this Section II.B. Alternatively, you may complete and submit this claim form online at www.dryersettlement.com. This Claim Form will not be valid unless you sign the Sworn Statement below. Please keep the originals of your documentary proof and send only copies to the Settlement Administrator.

---

**SWORN STATEMENT (Please note that you will not be eligible to receive any cash reimbursement payment unless you sign and date this statement):** I swear, under the penalties of perjury recognized by the laws of the United States, that all information provided in Parts I and II.B of this Claim Form is true and accurate; that my Electrolux dryer caught fire within 10 years after purchase; and that I incurred unreimbursed expenses because of that fire in my Electrolux dryer.

_____          _____
                          Signature                                                          Date

---

# Exhibit 2

*Roberts, et al. v. Electrolux Home Products, Inc.*

No. SACV12-1644-CAS(VBKx)

SETTLEMENT AGREEMENT

# Important Customer Safety Advisory

## Lint Buildup in Clothes Dryers Can Cause Fires

Fires can occur when lint builds up in the dryer or in the exhaust duct. Excessive lint buildup can block the flow of air, cause overheating, and result in a fire in some dryers. To help prevent fires:

i **Clean the lint screen/filter before or after drying each load of laundry.** If you notice that your laundry is still damp at the end of drying cycles that ordinarily would dry your laundry, or if you experience longer than normal drying times on automatic moisture sensing cycles, this may be a sign that lint has built up, blocking air flow. Clean your lint filter and call an authorized servicer to inspect and clean your dryer and exhaust duct and diagnose the cause of the problem. Call 1-877-435-3287 to schedule service with an Electrolux-authorized servicer.

i **Regularly inspect and clean the outdoor exhaust opening.** A clothes dryer produces combustible lint. The dryer must exhaust to the outdoors. Regularly inspect the outdoor exhaust opening and remove any accumulated lint around the outdoor exhaust opening and in the surrounding areas.

i **At least every 18 months have an authorized service technician clean inside the dryer cabinet, especially between the drum and cabinet, the lint screen housing, and exhaust duct, where lint can build up.** An excessive amount of lint buildup in these areas could result in inefficient drying and possible fire.

i **Replace flexible plastic or foil, accordion-type ducting material with rigid or semi-rigid metal duct.** Rigid or semi-rigid metal ducting provides maximum airflow and reduces the likelihood of a crushed or blocked vent. The flexible plastic or foil type duct is known to collapse, be easily crushed, and trap lint. These conditions will obstruct clothes dryer airflow and increase the risk of a fire.

i **Don't dry items that have been previously cleaned in or soaked with gasoline, cleaning solvents, or other flammable substances.** They could give off vapors that could ignite or explode.



Use rigid or semi-rigid metal ducting

At least every 18 months have an authorized service technician clean the exhaust duct and inside the dryer cabinet (including behind the drum and the lint screen housing)

Regularly inspect and clean the outdoor exhaust opening

Clean the lint screen/filter before or after each cycle

# Exhibit 3

*Roberts, et al. v. Electrolux Home Products, Inc.*

No. SACV12-1644-CAS(VBKx)

SETTLEMENT AGREEMENT

# If you purchased or currently own a freestanding clothing dryer manufactured by Electrolux between January 1, 2002 and December 31, 2011, you may qualify for benefits from a class action settlement.

---

*Includes the following brands: Frigidaire, White Westinghouse, Kelvinator, Gibson, Tappan, Crosley and Kenmore*

---

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

*Si usted desea obtener una copia de este documento en Español, visite el sitio www.DryerSettlement.com.*

i    A settlement has been reached in a class action lawsuit against *Electrolux Home Products, Inc.* ("Electrolux") regarding certain freestanding clothing dryers they manufactured between January 1, 2002 and December 31, 2011.

i    If you are included in the settlement, you may qualify for a variety of benefits including a dryer cleaning service, reimbursement for past or future dryer fires, a new appliance rebate, and new products from Electrolux's direct-to-consumer website.

i    Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM**<br><br>**Earliest Deadline: [DATE]** | The only way to get a dryer cleaning service, reimbursement for past or future dryer fires, new appliance rebate, or new products from Electrolux's direct-to-consumer website is to submit a Claim Form. |
| **EXCLUDE YOURSELF**<br><br>**Deadline: [DATE]** | This is the only option that allows you to ever be part of another lawsuit against Electrolux about the legal claims resolved by this settlement. If you exclude yourself from this settlement, you will not be able to get benefits from it. |
| **OBJECT**<br><br>**Deadline: [DATE]** | You can object to the settlement by writing to the Court about why you do not like the settlement. |
| **ATTEND THE HEARING**<br><br>_____ at _____ | You can ask to speak in the Court about the fairness of the settlement. |
| **DO NOTHING** | If you do nothing, you will not receive a dryer cleaning service, reimbursement for past or future dryer fires, new appliance rebate, or new products from Electrolux's direct-to-consumer website and you will give up your right to ever be part of another lawsuit against Electrolux about the legal claims resolved by this settlement. |

i    These rights and options are explained in this Notice.

i    The Court in charge of this case still has to decide whether to approve the settlement. Benefits will be issued if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why was this notice issued?

A federal court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options, before it decides whether to approve the settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, and who may qualify for them.

Judge Christina A. Snyder of the United States District Court for the Central District of California is overseeing this class action and the Settlement. The case is known as *Shawn Roberts et al. v. Electrolux Home Products, Inc.*, Case No. 12-cv-01644. The people who sued are called the Plaintiffs and the company they sued, Electrolux Home Products, Inc., is called the Defendant.

### 2. Why did I receive this notice?

You received this Notice because Electrolux's records indicate that you may have purchased or be the current owner of a freestanding clothes dryer—sold under one of the following brands: Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan—that was manufactured by Electrolux in Webster City, Iowa, between January 1, 2002 and December 31, 2011. These clothes dryers are referred to as the "Dryers" throughout this Notice.

### 3. What is the lawsuit about?

The lawsuit claims that the Dryers contain defects that can cause them to catch on fire due to a buildup of lint inside them. The lawsuit further claims that Electrolux breached warranties, was negligent, violated various state consumer protection statutes and unlawfully profited from the sale of the Dryers.

Electrolux denies that there is any defect in its Dryers or that the Dryers pose any unreasonable fire hazard to consumers. Electrolux also denies that it violated any law or engaged in any wrongdoing.

***The Settlement does not include, nor does it require you to release any claims you may have against Electrolux for personal injury or property damage other than to the Dryer, itself.***

### 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Shannon Carty, Stephen Gavic, Matthew Downs, Michelle McGowan, and Tammie Humphrey) sue for all people who have similar claims. Together, these people are called a "Settlement Class" or "Class Members." One court resolves the legal issues for all Class Members, except for those who exclude themselves from the Settlement Class.

### 5. Why is there a Settlement?

**The Court did not decide which side was right or whether the Dryers are defective or dangerous**. Instead, both sides agreed to a Settlement to avoid the costs and risks of further litigation and provide benefits to Class Members. The Settlement does not mean that a Court found that Electrolux broke any laws or did anything wrong. The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the settlement is in the best interests of all Class Members.

## THE SETTLEMENT CLASS—WHO IS INCLUDED

### 6. Who is included in the Settlement?

The Settlement Class includes all persons in the United States who purchased or currently own a new Frigidaire, White Westinghouse, Kelvinator, Gibson, Tappan, Crosley, or Kenmore brand ball-hitch freestanding clothes dryer manufactured by Electrolux between January 1, 2002 and December 31, 2011 (Class Members). The Settlement also includes two Settlement Subclasses that consist of Class Members who (1) have experiences a Dryer fire ("Past Dryer Fire Subclass Members"), and (2) experience a Dryer fire in the future ("Future Dryer Fire Subclass Members").

## 7. How do I know if I am a Class Member?

To determine if you are a Class Member, you need to verify whether your clothes dryer is covered by this Settlement. You can do this by looking at (1) your dryer's serial number, (2) the inside drum of your dryer, or (3) the date code located at the back of your dryer.

1. **Serial Number Identification:** Dryers covered by this Settlement have serial numbers that begin with the letters "XD" followed by the number 0, 1, 2, 3, 4, 5, 6, 7, 8, 9. The number located in the third character position stands for the year. For example, a dryer with a serial number beginning with XD6, indicates that it is a freestanding dryer that was manufactured in 2006. This dryer would be included in the Settlement making you a Class Member.

2. **Inside Drum Identification:** Frigidaire, White Westinghouse, Kelvinator, Gibson, Tappan, Crosley, and Kenmore brand ball-hitch freestanding clothes dryers manufactured by Electrolux included in this Settlement have an inside dryer drum that looks like this:



3. **Date Code on Back of Dryer:** Dryers covered by this Settlement have a date code located on the back of them that states the month and year of manufacture.

## 8. Who isn't included in the Settlement Class?

The following are not included in the Settlement Class: (1) officers, directors, and employees of Electrolux and its parents and subsidiaries; (2) insurers of Settlement Class Members; (3) subrogees (someone who has assumed the rights of another person) or all entities claim to be subrogated to the rights of a Dryer purchaser, a Dryer owner, or a Settlement Class Members; and (4) issuers or providers of extended Dryer warranties or service contracts.

## THE SETTLEMENT BENEFITS — WHAT YOU GET IF YOU QUALIFY

## 9. What benefits does the Settlement provide?

The settlement provides qualifying Class Members with a free dryer cleaning service for eligible Dryers, a cash rebate or online voucher code worth up to $350 off the purchase of new Frigidaire- or Electrolux-brand home appliance or product, and up to $1,300 for out-of-pocket expenses due to a fire in a Dryer. Electrolux will not cap or limit any of the benefits available to Class Members pursuant to this Settlement.

In addition, Electrolux has agreed to send a safety notice to identifiable Class Members informing them that lint can build up inside the Dryers, and that the Dryers should be cleaned by an authorized service professional at

least every 18 months. Electrolux will also publish this safety notice to its website, www.ElectroluxAppliances.com, and to the Settlement website, www.DryerSettlement.com.

### 10. Tell me more about the Dryer cleaning service.

If you experienced a qualifying performance problem—overheating, burning, or scorching of laundry loads, longer than normal dryer cycle times, abnormal lint buildup behind the rear of the clothes drum inside your dryer, sparking of an electric dryer model's heating element, burned or scorched lint inside the dryer, or saw smoke or smelled a burning odor coming from your Dryer—during the first five years of purchase and your Dryer is less than 10 years old as of March 9, 2012, you may receive a free cleaning service for your Dryer from an Electrolux authorized service technician.

Electrolux will cover the cost of one hour of cleaning the interior of the Dryer cabinet, the transition duct, and the permanent vent. Electrolux will not pay for the cost of repairs or parts, but you will not be required to make any repairs or replace any parts in your dryer, either.

### 11. Tell me more about the cash rebate for new appliances.

Electrolux will provide a maximum of $350 off the purchase of a new Frigidaire or Electrolux brand clothes dryer or select Frigidaire or Electrolux home appliance. Class Members may receive one rebate for each Dryer owned. A 10% cash rebate will be provided for a new Frigidaire brand appliance and a 20% cash rebate will be provided for a new Electrolux brand appliance. Rebates may be used in addition to any other promotional offer or discount. For example, if a retailer is offering an eligible Frigidaire or Electrolux model at a discounted sale price, you can get the discounted sales price and the cash rebate from Electrolux.

You can receive a rebate on the following select Frigidaire- or Electrolux- brand home appliances: [INSERT LIST]

### 12. Tell me more about the new products program at Electrolux's Direct-to-Consumer website.

If you do not plan to purchase a new clothes dryer or home appliance in the next two years, you can elect to receive a 10%-20% discount (maximum of $350 off the published sale price) on a future purchase (such as a vacuum, air cleaner, or kitchen, laundry, or cleaning accessories) on Electrolux's direct-to-consumer website. Purchases must be made online from www.ElectroluxAppliances.com using an online code.

### 13. Tell me more about the reimbursement for past or future Dryer fires.

Electrolux will reimburse Past Dryer Subclass Members and Future Dryer Subclass Members (up to $1,300) for a Dryer fire that they experienced or may experience in the future. Reimbursements will be made for certain expenses if: (1) the fire occurred within the first 10 years of purchase; (2) you paid to repair or replace your Dryer or other property damaged by the fire or you paid an insurance deductible to cover the losses; and (3) you have not been fully reimbursed by Electrolux, your insurance carrier, or a third party. Reimbursements for documented, unreimbursed expenses will equal the amount you paid for your Dryer or $1,300, whichever is less. If you cannot provide any documentation showing your out-of-pocket expenses, but are able to show that you purchased a Dryer and that Dryer had a fire, Electrolux will reimburse you for the amount of unreimbursed expenses claimed or up to $300, whichever is less.

Past Dryer Fire Subclass Members who previously received a full refund from Electrolux will not receive a second payment. Past Dryer Fires Subclass Members who previously received a partial refund from Electrolux will receive a reduced payment based on the amount previously paid and the amount available from this Settlement. Reimbursements will not be made for burning or smoky odors, charred, discolored, or melted laundry items, or other perceived safety issues that do not involve a fire in or behind the drum or base of the Dryer.

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

### 14. How many benefits can I receive?

You may receive a maximum of three benefits from this Settlement. You may submit a claim to receive either: (a) a cash rebate on the purchase of a new Frigidaire or Electrolux brand clothes dryer or select Frigidaire or Electrolux home appliance; **OR** (b) a 10-20% discount on a new product from Electrolux's direct-to-consumer website; **AND** (c) a free cleaning service for your Dryer if you experienced a qualifying performance problem

during the first five years after purchasing a new Dryer; **AND** (d) reimbursement of any out-of-pocket expenses due to a fire (that has or will occur) in your Dryer.

## 15. How do I get a cash rebate to help purchase a new dryer or appliance?

You must complete and submit a Claim Form by [**DATE**] either on-line or via U.S. Mail. Claim Forms are available for download and submission at www.DryerSettlement.com. They are also available by contacting the Settlement Administrator at [Phone Number], [email address] or by writing to Dryer Settlement Claims Administrator, [ADDRESS].

## 16. How do I get an online code for new products from Electrolux☐Direct-to-Consumer website?

You must complete and submit a Claim Form by [**DATE**] either online or via U.S. Mail. Claim Forms are available for download and submission at www.DryerSettlement.com, by calling [Phone Number] or writing to [email address] or Dryer Settlement Claims Administrator, [ADDRESS].

The Settlement Administrator will email you the online code that you can use to purchase a new Electrolux product at a discount. If you do not have an email address, the Settlement Administrator will send you the online code via U.S. Mail. You may use your online code at www.ElectroluxAppliances.com until [DATE].

## 17. How do I get the Dryer cleaning service?

You must complete and submit a Claim Form, including requested documentation, by [DATE] either online or via U.S. Mail. Claim Forms are available for download and submission at www.DryerSettlement.com, by calling [Phone Number] or writing to [email address] or Dryer Settlement Claims Administrator, [ADDRESS].

After your Claim Form has been received and reviewed, the Settlement Administrator will inform you of your eligibility for the free cleaning service. If you are eligible, you will be required to call Electrolux by December 15, 2016, to schedule the cleaning service.

## 18. I had a fire in my Dryer, how do I get cash reimbursement?

You must complete and submit a Claim Form, including requested documentation, by [DATE] either online or via U.S. Mail. Claim Forms are available for download and submission at www.DryerSettlement.com, by calling [Phone Number] or writing to [email address] or Dryer Settlement Claims Administrator, [ADDRESS].

## 19. I have <u>not</u> had a fire in my Dryer, how do I get a future cash reimbursement?

If you have a Dryer fire in the future, you must complete and submit a Claim Form within 180 days after your Dryer caught fire and before December 31, 2022, either online or via U.S. Mail. Claim Forms are available for download and submission at www.DryerSettlement.com, by calling [Phone Number] or writing to [email address] or Dryer Settlement Claims Administrator, [ADDRESS].

## 20. What rights am I giving up to get benefits and stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. Generally, that means you won't be able to sue, continue to sue, or be part of any other lawsuit against Electrolux for the legal issues and claims resolved by this Settlement. **This settlement does not require you to release any claims you have for property damage, other than to the Dryer itself, or personal injury.** The specific rights you are giving up are called Released Claims (*see* Question 21).

## 21. What are the Released Claims?

"Released Claims" mean any and all claims that the Plaintiffs or any member of the Settlement Class made or could have made in this lawsuit against Electrolux and the other entities called "Releasees" (Electrolux, together with its respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; each of its respective past, present, and future officers, directors, agents, representatives, servants, employees, attorneys, and insurers; and all distributors, retailers (including Sears, Roebuck and Co. and Kmart Corporation, and their successors, predecessors, assigns, affiliates, parent companies, subsidiaries, shareholders, officers,

directors, agents, insurers, attorneys, and employees), and other entities who were or are in the chain of design, testing, manufacture, assembly, distribution, marketing, sale, installation, or servicing of the Dryers). Settlement Class Members who have <u>not</u> experienced, have experienced or may experience a fire in the drum or base of their Dryer within 10 years after the date of purchase will release Electrolux and other Releasees, of all known and unknown claims, actions, and causes of action for economic loss dealing whatsoever with the Dryers, other than claims for personal injury or damage to property other than the Dryer itself, that are or could have been alleged in this lawsuit, whether arising under federal, state, territorial, or local common law, statutes, ordinances, or regulations. The Settlement is expressly intended to cover and include all such claims, actions, and causes of action for economic losses or damages (including, but not limited to, claims for diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, or premium-price damages), dealing whatsoever with the Dryers. **The Released Claims do not include any claims for property damage or personal injury.**

Section XI of the Settlement Agreement describes the Released Claims in necessary legal terminology. Please read it carefully. A copy of the Settlement Agreement is available at www.DryerSettlement.com. You can talk to one of the lawyers listed below for free or you can, of course, talk to your own lawyer at your own expense if you have questions about the Released Claims or what they mean.

## THE LAWYERS REPRESENTING YOU AND THE SETTLEMENT CLASS

### 22. Do I have a lawyer in this case?

Yes. The Court appointed Edward A. Wallace, Amy E. Keller, and Dawn M. Goulet of Wexler Wallace LLP, Erin K. Dickinson and Charles J. Crueger of Hansen Reynolds Dickinson Crueger LLC, and Gregory F. Coleman of Greg Coleman Law PC to represent you and other Class Members. Together these lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 23. How will these lawyers be paid?

Class Counsel will ask the Court to award them attorneys' fees and expenses for bringing this litigation. Class Counsel will request an award inclusive of all fees and costs—including at least $583,000 of costs that Class Counsel has incurred to date and continues to accrue—not to exceed $8,000,000. They will also ask for an incentive award of $3,000 to be paid to each Class Representative. If approved, Electrolux will **separately pay** these fees, costs, expenses, and awards; **they will not reduce the amount of benefits available to Class Members**. In addition, Electrolux also has agreed to pay the Settlement Administrator's expenses, including the costs of mailing the Settlement Notice and of distributing any payments owed to Settlement Class Members as part of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you want to keep the right to sue or continue to sue Electrolux about the legal claims in this lawsuit, and you don't want to receive benefits from this Settlement, you must take steps to exclude yourself from the Settlement. This is called excluding yourself or is sometimes called opting out of the Settlement Class.

### 24. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter to the Settlement Administrator stating: "I want to be excluded from the Settlement Class in *Shawn Roberts et al. v. Electrolux Home Products, Inc.*, Case No. SACV12-1644-CAS(VBKx)." Your letter <u>must</u> also include your full name, current address, your signature and the date you signed it. To be valid, your request for exclusion must be sent to the Settlement Administrator at the address below with a postmark no later than **[DATE]**.

Settlement Administrator<br>
P.O. Box [ADDRESS]<br>
Providence, RI 02940-XXXX

### 25. If I exclude myself, can I still get benefits from this Settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement Class in this Settlement. You can only get benefits if you stay in the Settlement Class and submit a valid Claim Form for benefits as described above.

### 26. If I don't exclude myself, can I sue Electrolux for the same claims later?

No. Unless you exclude yourself, you are giving up the right to sue Electrolux for the claims that this Settlement resolves and releases (see Question 21). You must exclude yourself from *this* Settlement Class to start or continue with your own lawsuit or be part of any other lawsuit.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the Settlement or any part of it.

### 27. How do I tell the Court if I don't like the Settlement?

If you do not exclude yourself from the Settlement, you may object to it. You can give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. To do so, you or your attorney must file with the Court, and send to Class Counsel and Defendants' counsel, a written objection and supporting papers. Your objection must contain: (1) the name of this lawsuit (*Shawn Roberts et al. v. Electrolux Home Products, Inc.*, Case No. SACV12-1644-CAS(VBKx)); (2) your full name and current address; (3) whether, on the date of your written objection, you currently own a Dryer manufactured between January 1, 2002, and December 31, 2011; (4) the serial number and model number of your Dryer; (5) the specific reasons for your objection; (6) any evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that you want the Court to consider in support of your objection; (6) your signature; (7) the date of your signature; and (8) if you plan to appear and speak at the Fairness Hearing, on your own or through your own lawyer, a statement indicating that it is your "Notice of Intent to Appear" at the Fairness Hearing.

You must mail your written objection to the Court and send copies to Class Counsel and Counsel for Electrolux no later than [<mark>DATE</mark>].

| Court | Class Counsel | Counsel for Electrolux |
|---|---|---|
| Clerk of the Court<br>United States Courthouse<br>312 North Spring Street<br>Los Angeles, CA 90012-4701 | Edward A. Wallace<br>Amy E. Keller<br>Dawn M. Goulet<br>Wexler Wallace LLP<br>55 West Monroe St., Ste. 3300<br>Chicago, Illinois 60603<br>Telephone: (312) 346-2222 | Michael T. Williams<br>Kenneth E. Stalzer<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, Colorado 80202 |

### 28. What is the difference between objecting and asking to be excluded from the Settlement?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class (do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak at the hearing, but you don't have to.

### 29. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on [<mark>DATE</mark>], at [TIME] P__T, at the U.S. District Court for the Central District of California, located at the United States Courthouse, 312 North Spring Street, Courtroom 5, 2nd Floor, Los Angeles, CA 90012-4701, to consider whether the Settlement is fair, adequate, and reasonable, and whether it should be finally approved. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing (see Question 31). The Court may also decide the amount of fees, costs and expenses to award Class Counsel and the payment amount to the Class Representatives. This hearing may be continued or rescheduled by the Court without further notice to the Settlement Class.

### 30. Do I have to come to the hearing?

No. Class Counsel is working on your behalf and will answer any questions Judge Synder may have about the Settlement. But, you are welcome to come at your own expense. If you file an objection to the Settlement, you don't have to come to Court to talk about it. As long as you filed your written objection on time, signed it and provided all of the required information (*see* Question 28) the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 31. May I speak at the hearing?

Yes. You may ask the Court to speak at the Fairness Hearing. To do so, you must file a written request with the Court saying that it is your "Notice of Intent to Appear at the Fairness Hearing in *Shawn Roberts et al. v. Electrolux Home Products, Inc.*" You must include your name, address, phone number, and signature. If you plan to have your own attorney speak for you at the hearing, you must also include the name, address and telephone number of the attorney who will appear. Your written request must be filed with the Court by [**DATE**] and a copy must be delivered to Class Counsel and Defense Counsel (*see* Question 27).

# IF YOU DO NOTHING

## 32. What happens if I don't do anything?

If you do nothing you won't get any benefits from this Settlement. If the Court approves the Settlement, you will be bound by its terms, and you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Electrolux and the other Releasees about the legal issues or claims resolved and released by this Settlement.

# GETTING MORE INFORMATION

## 33. What happens if I don't do anything?

This Notice summarizes the Settlement. More details are in the Settlement Agreement, available at www.DryerSettlement.com. If you have questions you may contact the Settlement Administrator at [ADDRESS], [EMAIL], or [PHONE], or visit Class Counsel's websites. If you wish to communicate directly with Class Counsel, you may contact them at the address or phone number listed in Question 27, above.

DO NOT WRITE OR CALL THE COURT, ELECTROLUX, OR ANY APPLIANCE RETAILER, DEALER, OR AGENT FOR INFORMATION ABOUT THE SETTLEMENT OR THIS LAWSUIT.

# Exhibit 4

*Roberts, et al. v. Electrolux Home Products, Inc.*

No. SACV12-1644-CAS(VBKx)

SETTLEMENT AGREEMENT

# Electrolux Clothing Dryer
## Settlement Communication

[Insert Date of Mailing Here]

«Barcode» Claim #: «Claim»-«CD»    «MailRec»
«First1» «Last1»
«Addr1»
«Addr2»
«City», «ST» «Zip»

**Re:    Electrolux Dryer Class Action Settlement Administrator's Notice of Claim Denial**

Dear «First1» «Last1»,

The Settlement Administrator for the class action settlement involving Frigidaire-, White Westinghouse-, Kelvinator-, Gibson-, Tappan-, Crosley-, or Kenmore- brand ball-hitch freestanding clothing dryers manufactured by Electrolux at its Webster City, Iowa, division between January 1, 2002, and December 31, 2011, has reviewed the Claim Form you submitted and any supporting documents you may have provided. The Settlement Administrator has determined that your claim is not valid for the following reason(s):

**[INSERT APPLICABLE REASON(S)]**

A copy of the Claim Form and supporting documentation, if any, that you submitted are attached hereto. If you have questions regarding this denial, please contact the Settlement Administrator or Class Counsel at following address:

Attention:  Electrolux Dryer Class Counsel
Amy E. Keller
Wexler Wallace LLP
55 West Monroe St., Suite 3300
Chicago, IL 60603

**[KCC ADDRESS]**


Respectfully,

Electrolux Dryer Class Action Settlement Administrator

# Exhibit 5

*Roberts, et al. v. Electrolux Home Products, Inc.*

No. SACV12-1644-CAS(VBKx)

SETTLEMENT AGREEMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAWN ROBERTS, et al.; | Master File No. SACV12-1644-CAS(VBKx) |
| Plaintiffs, | CLASS ACTION |
| vs. | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| ELECTROLUX HOME PRODUCTS, INC., | The Honorable Christina A. Snyder |
| Defendants. | |
| This Document Relates To: All Actions. | |

WHEREAS, the above captioned matter has come before the Court pursuant to the Parties' Joint Motion for Preliminary Approval of Class Settlement and Approval of Notice to Settlement Class (the "Motion");

WHEREAS Plaintiffs Shannon Carty, Matthew Downs, Stephen Gavic, Michelle McGowan, and Tammie Humphrey ("Plaintiffs"), by and through their counsel of record, have alleged in this putative class action that Electrolux-designed and –manufactured "ball-hitch" clothes dryers (the "Dryers") contain uniform design defects that permit lint to accumulate behind the drum in direct proximity to the heat source, where it can ignite and travel through the drum to a combustible plastic air duct and blower housing.

WHEREAS Plaintiffs have asserted claims for negligence, breach of express and implied warranties, negligent failure to recall/retrofit, strict product liability, strict product liability for the failure to warn, unjust enrichment, and violation of several states' consumer protection laws.

WHEREAS the parties, desiring to resolve any and all disputes in this action, executed a settlement agreement dated April 30, 2014 (the "Settlement Agreement");

WHEREAS the Settlement Agreement does not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by Defendant or by any other person or entity;

WHEREAS, the Settlement Agreement calls for the following benefits to be made available to all Settlement Class Members if the Settlement is approved:

(1)    For all Settlement Class Members, a customer-instruct safety notice informing Settlement Class Members that lint accumulation in Dryers can cause fires, informing them of the importance of proper installation, use, and care of the Dryers, that the Dryers should be cleaned every 18 months, and the need to call for service if signs of restricted air flow are present; and

1

(2)     For Settlement Class Members who experience a Dryer fire within
        the first 10 years after purchase, a cash payment in the amount of the
        class member's out-of-pocket expenses relating to the fire, up to the
        lesser of the Dryer's purchase price or $1,300;

(3)     For Settlement Class Members who experience, within the first five
        years of purchase, a qualifying performance problem, a free Dryer
        cleaning service from an authorized service technician;

(4)     For all Settlement Class Members,

        a.      a cash rebate to assist in the purchase of a replacement
                Electrolux-brand or Frigidaire-brand clothes dryer or other
                home appliance (out of a selection of choices offered by
                Electrolux), up to a maximum of $350 off the price; or

        b.      an online code that can be used to purchase new products (such
                as a vacuum cleaner, air cleaner, or appliance/cleaning
                accessories) at up to a 20% discount from Electrolux's website
                www.electroluxappliances.com.

WHEREAS, the parties to the Settlement Agreement have jointly moved the Court, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for certification for settlement purposes of a Settlement Class, a Past Dryer Fire Subclass, and a Future Dryer Fire Subclass;

WHEREAS, the parties filed the Settlement Agreement with the Court and jointly moved for preliminary approval of the Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and for permission to disseminate Notice to absent Settlement Class Members;

WHEREAS, the Court finds that it has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all Settlement Class Members for purposes of settlement, and that venue is proper in this district;

WHEREAS, the Court has considered the Settlement Agreement, the

2

proposed Notice Plan contained therein, and the other documents submitted in connection with the parties' request for preliminary approval of the Settlement Agreement;

WHEREAS, the Court conducted a preliminary approval hearing on May 5, 2014, is otherwise fully advised by the parties of the status of the litigation and the terms and conditions of the proposed settlement, and good cause appearing therefore;

**IT IS HEREBY ORDERED:**

1.      This Preliminary Approval Order incorporates herein and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Preliminary Approval Order.

**A.      Certification of the Settlement Class and Subclasses and Appointment of Class Representatives, Class Counsel, and a Settlement Administrator**

2.      The Court preliminarily finds that the proposed Settlement Class and Subclasses meet all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only.

a.      ***Numerosity:*** The proposed Settlement Class and Subclasses are each sufficiently numerous that joinder of all Settlement Class Members into one suit would be impracticable;

b.      ***Commonality:*** Common questions of law and fact exist for members of the proposed Settlement Class and each of the proposed Subclasses regarding Defendant's alleged conduct in designing, testing, marketing, and selling the Dryers. Common questions additionally exist regarding whether that conduct amounts to negligence, breach of express and implied warranties, negligent failure to recall/retrofit, or violation of

3

state consumer protection statutes, whether it should subject Defendant to liability under strict product liability standards, and whether Defendant has been unjustly enriched. These issues are central to the claims Plaintiffs have asserted in this litigation and are sufficient to establish commonality.

c. **_Typicality:_** Plaintiffs' claims are typical of the claims of members of the proposed Settlement Class and Subclasses they seek to represent.

d. **_Adequate Representation:_** Plaintiffs' interests regarding the settlement of this litigation do not conflict with the interests of absent members of the Settlement Class or Subclasses they seek to represent and are co-extensive with them. Additionally, the Court recognizes the experience of Class Counsel, has observed Class Counsel's prosecution of the litigation, and finds that the requirement of adequate representation of the proposed Settlement Class and Subclasses has been fully met.

e. **_Rule 23(b)(3):_**

   i. **_Predominance of Common Issues:_** The issues raised by Plaintiffs' common allegations predominate over any individual questions in the context of the settlement of this litigation, favoring class treatment at this juncture.

   ii. **_Superiority of the Class Action Mechanism:_** The class action mechanism is ideally suited for treatment of the settlement of this matter, as it promotes efficiency and uniformity of judgment.

3. In accordance with its power under Fed. R. Civ. P. 23(c), and pursuant to Fed. R. Civ. P. 23(b)(3), this Court hereby certifies the following Settlement Class and Subclasses for settlement purposes only and in accordance

4

with the terms of the Settlement Agreement:

      a.   ***Settlement Class:*** all residents of the United States who purchased or currently own, primarily for personal or household purposes, a Dryer.[1]

      b.   ***Past Dryer Fire Subclass:*** all Settlement Class Members who experienced a Past Dryer Fire Event, defined as a fire in the drum, behind the drum, in the lint screen or adjacent air duct and blower, or base of the Dryer that occurred within 10 years after the purchase date of the Dryer and caused the Settlement Class Member to incur some unreimbursed out-of-pocket expense, including, but not limited to, property damage, insurance deductible, or repair or replacement of their Dryer.

      c.   ***Future Dryer Fire Subclass:*** all Settlement Class Members who experience a Future Dryer Fire Event, defined as after the Final Approval Order has been entered, but within the first 10 years after purchase of the Dryer, a fire occurs in the drum, behind the drum, in the lint screen or adjacent air duct and blower, or base of the Dryer and causes the Settlement Class Member to incur some unreimbursed out-of-pocket expense, including, but not limited to, property damage, insurance deductible, or repair or replacement of their Dryer.

    4.   The Court preliminarily appoints the following individuals as class representatives for purposes of certification of the Settlement Class and Subclasses:

---

[1] Excluded from the Settlement Class are (a) officers, directors, and employees of Electrolux and its parents or subsidiaries, (b) insurers of Settlement Class Members, (c) subrogees or all entities claiming to be subrogated to the rights of a Dryer purchaser, a Dryer owner, or a Settlement Class Member, and (d) issuers or providers of extended Dryer warranties or service contracts.

1   a.   Shannon Carty

2   b.   Matthew Downs

3   c.   Stephen Gavic

4   d.   Michelle McGowan

5   e.   Tammie Humphrey

6   5.   The Court preliminarily finds that the following counsel fairly and

7 adequately represent the interests of the Settlement Class and Subclasses and

8 hereby appoints the following law firms as Class Counsel pursuant to Fed. R. Civ.

9 P. 23(g): Edward A. Wallace, Amy E. Keller, and Dawn M. Goulet of Wexler

10 Wallace LLP, 55 W. Monroe St. Suite 3300, Chicago, IL 60603; (2); Erin K.

11 Dickinson and Charles J. Crueger of Hansen Reynolds Dickinson Crueger, LLC,

12 316 N. Milwaukee St., Suite 200, Milwaukee, WI 53202; and Gregory F. Coleman

13 of Greg Coleman Law, P.C., Bank of American Center, 550 Main Avenue, Suite

14 600, Knoxville, TN 37902.

15   **B.   Preliminary Approval of the Settlement Agreement**

16   6.   Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement

17 Agreement dated April 30, 2014, including all Exhibits thereto, attached to the

18 Motion, are hereby preliminarily approved, subject to further consideration thereof

19 at the Fairness Hearing provided for below.

20   7.   The Court preliminarily finds that the Settlement Agreement has been

21 reached as a result of intensive, serious, and non-collusive arms-length

22 negotiations. The Court preliminarily finds that counsel for the parties are able to

23 reasonably evaluate their respective positions. The Court also preliminarily finds

24 that settlement at this time will avoid additional substantial costs to all parties, as

25 well as the uncertainty and risks that would be presented to the parties by further

26 litigation of the claims resolved by the Settlement Agreement. The Court has

27 reviewed the relief granted by the Settlement Agreement and recognizes the

28 significant value to the Settlement Class of that relief.

8.     If, for any reason, the Settlement Agreement ultimately does not become effective or is terminated as provided therein, this Order preliminarily certifying the Settlement Class shall be automatically vacated and Electrolux may fully contest certification of any class as if no Settlement Class had been certified. In addition, the Parties shall return to their respective positions in this lawsuit as they existed immediately before the Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

**C.     Selection of Settlement Administrator and Approval of Notice Plan**

9.     The Court finds that Kurtzman Carson Consultants ("KCC") is qualified to act as Settlement Administrator, charged with carrying out the duties outlined in the Settlement Agreement.  KCC is hereby appointed as the Settlement Administrator.

10.    The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement), which includes direct notice by e-mail and mail, publication in *People* and *Parade magazines*, as well as via Internet banners on Facebook, and the establishment of a settlement website created by the Settlement Administrator, which contains more detailed information, including a frequently asked questions section and a toll-free number that Settlement Class Members can call for additional information, meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e), is the best notice practicable under the circumstances, and constitutes sufficient notice to all persons entitled to notice.

11.    The Court further preliminarily finds that the Notice itself is appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the

[PROPOSED] PRELIMINARY APPROVAL ORDER
MASTER FILE NO. SACV12-1644-CAS(VBKx)

Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases.

12.     Accordingly, the Court approves the Notice Plan in all respects, and the parties and Settlement Administrator are directed immediately to disseminate Notice in substantial conformity with the Notices attached to the Settlement Agreement as Exhibits 3, 6, and 7, and the Notice Plan attached to the parties' Joint Motion as Exhibit B.

### D.     Fairness Hearing

13.     The Court directs that a hearing be scheduled for August 18, 2014, at 10:00 a.m. PDT, on final settlement approval (the "Fairness Hearing") before this Court, at the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to consider, *inter alia*, the following: (a) whether the Settlement Class and Subclasses should be certified for settlement purposes only; and (b) the fairness, reasonableness and adequacy of the Settlement. The parties shall file their motions, memoranda, or other papers regarding final approval, and proposed order granting final approval on or before August 8, 2014.

14.     Members of the putative Settlement Class may file objections to the proposed Settlement and may attend and be heard at the Fairness Hearing; provided, however, that no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless, on or before July 28, 2014 any such objector: (1) has filed with the Clerk of the Court in writing a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance a description of the

1   basis for the objector's objection and opposition, with any attached supporting
2   documentation, and a list of any and all witnesses or experts who the objector
3   intends to present to the Court; and (2) has served, on or before July 28, 2014,
4   copies of such notice(s), statement(s), documentation, and list(s) together with
5   copies of any other papers or brief(s) the objector files with the Court or wishes
6   the Court to consider at the Fairness Hearing upon: (i) Settlement Class Counsel,
7   Edward A. Wallace, Amy E. Keller, and Dawn M. Goulet of Wexler Wallace LLP,
8   55 W. Monroe St. Suite 3300, Chicago, IL 60603, and (ii) Michael T. Williams
9   and Kenneth E. Stalzer of Wheeler Trigg O'Donnell LLP, 370 Seventeenth Street,
10   Suite 4500, Denver, Colorado 80202, Counsel for Electrolux.

11   **E.      Request For Exclusion From The Classes**

12   15.    The Court further directs that any class member wishing to exclude
13   himself/herself/itself from the proposed Settlement Class must send, postmarked
14   no later than July 28, 2014, a letter by mail to the Settlement Administrator
15   expressing his/her/its wish to be excluded from the Settlement.  The Notice must
16   be signed by the class member or a person authorized to execute notice on behalf
17   of the class member. The notice must contain the class member's name, address
18   and telephone number.

19   16.    Valid class opt-outs shall not be bound by the Settlement Agreement
20   or a Final Order and Judgment.

21   **F.      Absence of Any Admission; Denial of Any Wrongful Act or**
22   **Omission and of Any Liability**

23   17.    The Parties entered into the Settlement Agreement solely for the
24   purpose of compromising and settling disputed claims. Nothing contained in this
25   Order, the Settlement Agreement, or any documents relating to the Settlement
26   Agreement or the Settlement shall be construed, deemed, or offered as an
27   admission by any Party, or by any member of the Settlement Class, for any
28   purpose in any judicial or administrative action or proceeding, whether in law or

9

equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

SO ORDERED:

_____
Honorable Christina A. Snyder
United States District Judge

DATED: _____, 2014

# Exhibit 6

*Roberts, et al. v. Electrolux Home Products, Inc.*

No. SACV12-1644-CAS(VBKx)

SETTLEMENT AGREEMENT

# If you purchased or currently own a clothes dryer manufactured by Electrolux (includes Frigidaire) between 2002 and 2011, you could get benefits from a class action settlement.

**Includes Frigidaire, White Westinghouse, Kelvinator, Gibson, Tappan, Crosley, and Kenmore Brands**

*Si usted más información o desea obtener una copia de este documento legal en Español, visite el sitio www.DryerSettlement.com.*

A settlement has been reached with *Electrolux Home Products, Inc.* ("Electrolux") in a class action lawsuit about whether the company manufactured freestanding clothes dryers that contain a defect which may cause lint to build up and catch fire. Electrolux denies all of the claims in the lawsuit and maintains that its dryers are not defective. The Court has not decided who is right. Instead, the parties have agreed to settle the case.

### WHO IS INCLUDED?

Those include in the class action, together called a "Settlement Class" or "Class Members" include all U.S. residents who, for personal or household use, purchased or currently own a Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan-brand "ball-hitch" freestanding clothes dryer manufactured by Electrolux in Webster City, Iowa, between January 1, 2002 and December 31, 2011 (these types of dryers have serial numbers beginning with "XD," and can be identified by the design of the Dryers' drum—go to www.DryerSettlement.com to see if you have one of these Dryers). The Settlement also includes two smaller Settlement Subclasses consisting of Class Members who (a) have experienced a Dryer fire, or (b) experience a Dryer fire in the future.

### WHAT DOES THE SETTLEMENT PROVIDE?

The settlement provides a variety of benefits including free dryer cleaning services, up to $1,300 in cash reimbursements for past or future dryer fires, a rebate of up to $350 off the purchase of a new Frigidaire or Electrolux brand clothes dryer (which does not contain the alleged defect) or home appliance, up to $350 off the purchase of new products from www.ElectroluxAppliances.com. Electrolux will not cap or limit any of the benefits under the Settlement. The Settlement also requires Electrolux to publish a customer safety notice informing customers and Settlement Class members that lint in dryers may build up and increase the risk of fires.

### HOW DO YOU ASK FOR BENEFITS?

You must complete and submit a Claim Form with any required documents by _____ __, **2014.** You can complete and submit your Claim Form online at www.DryerSettlement.com or print one from the website and mail it to the address on the form. Claim Forms are also available by calling 1-___-___-___, sending an email to [info]@dryersettlement.com, or writing to the Settlement Administrator.

### YOUR OTHER OPTIONS.

If you do nothing, your rights will be affected and you will not get any settlement benefits. If you do not want to be legally bound by the settlement, you must exclude yourself from it. The deadline to exclude yourself is _____, **2014.** Unless you exclude yourself, you will not be able to sue or continue to sue the Electrolux for any claim resolved by this settlement or released by the Settlement Agreement. If you exclude yourself, you cannot get any benefits from the settlement. If you stay in the settlement (that is, don't exclude yourself), you may object to it by _____, **2014.** More information can be found in the detailed Frequently Asked Questions document and Settlement Agreement, which are available at www.DryerSettlement.com.

### THE COURT'S FAIRNESS HEARING.

The U.S. District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, will hold a hearing in this case (*Roberts v. Electrolux Home Products, Inc.*, No. SACV12-1644-CAS(VBKx)) on _____ __, 2014, at ____ p.m. PDT in Courtroom 5. At the fairness hearing the Court will decide whether to approve: (1) the settlement; (2) Class Counsel's request for an award of attorneys' fees and reimbursement of costs—which will include at least $583,000 costs incurred to-date and that will continue to accrue, and the total amount of fees and costs requested will not exceed $8,000,000; and (3) incentive awards of $3,000 to each of the five Class Representatives. If approved, these fees, expenses and awards will be paid separately by Electrolux and will not reduce the benefits available to Class Members. You may appear at the hearing, but you do not have to. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

### WANT MORE INFORMATION?

Call, go to the website, send an email to [info]@dryersettlement.com, or write to Dryer Settlement Claims Administrator, PO Box _____, Providence, RI 02940-____.

1-____-____-____      www.DryerSettlement.com

# Exhibit 7

*Roberts, et al. v. Electrolux Home Products, Inc.*

No. SACV12-1644-CAS(VBKx)

SETTLEMENT AGREEMENT

LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

# If you purchased or currently own a clothes dryer manufactured by Electrolux (includes Frigidaire) between January 1, 2002, and December 31, 2011, you could get benefits from a class action settlement.

*Includes Frigidaire, White Westinghouse, Kelvinator, Gibson, Tappan, Crosley, and Kenmore Brand*

*Si usted más información o desea obtener una copia de este documento legal en Español, visite el sitio www.DryerSettlement.com*

A Settlement has been reached with *Electrolux Home Products, Inc.* ("Electrolux") about whether the company manufactured freestanding clothes dryers that contain a defect which may cause lint to build up and catch fire. Electrolux denies all of the claims in the lawsuit and maintains that its dryers are not defective. The Court has not decided who is right. Instead, both parties have agreed to settle the case. ***This is only a summary of your legal rights. For more information, visit www.DryerSettlement.com.***

**What is the class action about?** The lawsuit claims that the Dryers contain defects that can cause them to catch on fire due to a buildup of lint inside them. The lawsuit further claims that Electrolux breached warranties, was negligent, violated various state consumer protection statutes and unlawfully profited from the sale of the Dryers. Electrolux denies that there is any defect in its Dryers or that the Dryers pose any unreasonable fire hazard to consumers. Electrolux also denies that it violated any law or engaged in any wrongdoing.

**Who is included in the Settlement?** Electrolux's records show that you may be a member of the Settlement Class. The "Settlement Class" or "Class Members" include all U.S. residents who, for personal or household use, purchased or currently own a Frigidaire, Kenmore, White Westinghouse, Kelvinator, Gibson, Crosley, or Tappan-brand "ball-hitch" freestanding clothes dryer manufactured by Electrolux in Webster City, Iowa, between January 1, 2002 and December 31, 2011 (these types of dryers have serial numbers beginning with "XD," and can be identified by the design of the Dryers' drum—go to www.DryerSettlement.com to see if you have one of these Dryers). The Settlement also includes two smaller Settlement Subclasses consisting of Class Members who (a) have experienced a Dryer fire, or (b) experience a Dryer fire in the future.

**What does the Settlement provide?** The Settlement provides a variety of benefits including free dryer cleaning services to remove lint build-up in the Dryers that may cause fires, up to $1,300 in cash reimbursements for past or future dryer fires, a rebate of up to $350 off the purchase of a new Frigidaire or Electrolux brand clothes dryer (which do not contain the alleged defect) or home appliance, and up to $350 off the purchase of new products from www.ElectroluxAppliances.com. Electrolux will not cap or limit the benefits available under this Settlement. The Settlement also requires Electrolux to publish a customer safety notice informing customers and Settlement Class members that lint in dryers may build up and increase the risk of fires. *The Settlement does not require you to release any personal injury or property damage claims, other than damage to the Dryer itself, you have against Electrolux.*

**How do you ask for benefits?** You must complete and submit a Claim Form with any required documents by _____ __, 2014. You can complete and submit your Claim Form online at www.DryerSettlement.com or print one from the website and mail it to the address on the form. Claim Forms are also available by calling 1-___-___-___, sending an email to [info]@dryersettlement.com or writing to the Settlement Administrator.

**Your other options in this Settlement.** If you do nothing, your rights will be affected and you will not get any settlement benefits beyond receiving Electrolux's customer safety notice. If you do not want to be legally bound by the Settlement, you must exclude yourself from it by sending a letter to the Settlement Administrator by _____, **2014**. Unless you exclude yourself, you will not be able to sue or continue to sue the Electrolux for any claim resolved by the Settlement or released by the Settlement Agreement. If you exclude yourself, you cannot get any benefits from the Settlement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it by _____, **2014** by filing a written objection with the Court, Class Counsel, and Defense Counsel.

**The Court's Fairness Hearing.** The U.S. District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, will hold a hearing in this case (*Roberts v. Electrolux Home Products, Inc.*, No. SACV12-1644-CAS(VBKx)) on _____ __, 2014, at ____ p.m. PDT in Courtroom 5. At the fairness hearing the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for an award of attorneys' fees and reimbursement of costs—which will include at least $583,000 costs incurred to-date and that continue to accrue, and the total amount of fees and costs requested will not exceed $8,000,000; and (3) incentive awards of $3,000 to each of the five Class Representatives. If approved, these fees, expenses and awards will be paid separately by Electrolux and will not reduce the benefits available to Class Members. You may appear at the hearing, but you do not have to. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**More information.** For more information, including specific information on the proposed Settlement, filing a claim, excluding yourself, or filing objections, visit www.DryerSettlement.com, send an email to [info]@dryersettlement.com, or write to the Dryer Settlement Claims Administrator, PO Box _____, Providence, RI 02940-____ or Class Counsel at 55 West Monroe Street, Suite 3300, Chicago, IL 60603.

**Do not contact the Court, Electrolux, or any appliance retailer or dealer for information about the Settlement.**