FILED
2012 May-25  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FARMERS INSURANCE EXCHANGE,)
as Subrogee of William Bell,　　　)
　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　Case No. _____
　　　　　　　　　　　　　　　)
ELECTROLUX HOME PRODUCTS,　)
INC.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　)

## NOTICE OF REMOVAL

The Defendant, Electrolux Home Products, Inc., hereby gives notice of its

removal to the United States District Court for the Northern District of Alabama of

the case *Farmers Insurance Exchange, as Subrogee of William Bell v. Electrolux*

*Home Products, Inc.*, CV-2012-900299, Circuit Court of Jefferson County,

Alabama (Bessemer Division).

I.　　　Background

The above-referenced civil action was commenced in the Circuit Court of

Jefferson County, Alabama (Bessemer Division), on May 7, 2012, and is now

pending therein.  The complaint named Electrolux Home Products, Inc., as the

sole defendant.  The complaint alleges that Farmers Insurance Exchange is the

subrogee of William Bell, whose residence in Jefferson County was damaged by a fire on November 10, 2010. The complaint alleges that Farmers Insurance Exchange paid Mr. Bell $125,914.50 as a result of the loss, and further, that Mr. Bell paid a $1,000 deductible out-of-pocket. The complaint alleges that Farmers Insurance Exchange is subrogated to all the rights of Mr. Bell by reason of its insurance contract with him and payment of this claim. The counts in the complaint are "strict liability" and "negligence" under state-law product liability theories, alleging that the Defendant is liable for a defective clothes dryer that caused the fire. The Plaintiff demands judgment in the amount of $126,914.50 in both counts, exclusive of interest and costs.

Submitted with this Notice of Removal is a copy of all process, pleadings, and orders served on the Defendant. (Exhibit A.)

II.     Basis for Removal

The United States District Court would have had original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The Plaintiff, Farmers Insurance Exchange, is a corporation organized under the laws of California with its principal place of business in California. The Defendant, Electrolux Home Products, Inc., is a corporation organized under the laws of Delaware with its principal place of business in North Carolina. The subrogor,

William Bell, does not seek relief in the Complaint and therefore does not appear to be a party, but if he were a party, he is a citizen of Alabama. The amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, removal is proper under 28 U.S.C. § 1441 based on diversity jurisdiction.

III.   Timeliness of Removal

The Plaintiff filed its complaint on May 7, 2012, and served the Defendant with the summons and a copy of the complaint on May 16, 2012, by U.S. Certified Mail. The Defendant has timely filed this Notice of Removal within thirty days of service of process. 28 U.S.C. § 1446.

IV.   By filing this Notice of Removal, the Defendant does not waive any defenses entitled to it under the law.

Respectfully submitted,

s/ Wm. Dudley Motlow, Jr.
Wm. Dudley Motlow, Jr.
Stephen J. Austin
Porterfield, Harper, Mills, Motlow &
Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242
Telephone (205) 980-5000
Facsimile (205) 980-5001
Email wdm@phm-law.com
Email sja@phm-law.com

Attorneys for the Defendant

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following by filing same with the CM/ECF system, which will send electronic notice to:

*Attorney for the Plaintiff*
Winston W. Edwards, Esq. (wedwards@slatenlaw.com)
Slaten Law, P.C.
5960 Carmichael Place
Suite 200
Montgomery, Alabama 36117

Done this the 25th day of May, 2012.

<u>s/ Wm. Dudley Motlow, Jr.</u>
OF COUNSEL

# EXHIBIT

# A

ELECTRONICALLY FILED
5/7/2012 4:42 PM
CV-2012-900299.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**68-CV-201**<br>Date of Filing:<br>05/07/2012 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA

### FARMERS INS. EXCHANGE AS SUBROGEE OF WILLIAM BELL v. ELECTROLUX HOME PRODUCTS, INC.

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**  _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   EDW023   5/7/2012 4:39:26 PM   /s/ WINSTON W EDWARDS

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
5/7/2012 4:42 PM
CV-2012-900299.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
BENNY R. WATSON, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| FARMERS INSURANCE EXCHANGE, as Subrogee of William Bell; | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, FARMERS INSURANCE EXCHANGE, as Subrogee of William Bell, by and through undersigned counsel, complain of Defendant, ELECTROLUX HOME PRODUCTS, INC., and for its Complaint, state the following:

### VENUE AND JURISDICTION

1. The event that is the subject of this lawsuit occurred at the Plaintiff's insured's residence located in Jefferson County, Alabama. The amount of damages claimed in this matter exceeds $10,000.

### PARTIES

2. FARMERS INSURANCE EXCHANGE, (hereinafter referred to as "FARMERS"), is an insurance company licensed in the State of Alabama and engaged in the business of insuring properties throughout the United States including Alabama, with its principal place of business in Los Angeles California.

- 1 -

3. At all times relevant, William Bell, (hereinafter referred to as "Bell"), owned real and personal property located at 4750 Rosser Loop Dr., Bessemer, Alabama, (hereinafter referred to as the "Bell Residence").

4. Upon information and belief, ELECTROLUX HOME PRODUCTS, INC., (hereinafter referred to as "ELECTROLUX"), is a Delaware corporation with its principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

5. Upon information and belief, and at all times relevant, Defendant ELECTROLUX was engaged in the business of designing, manufacturing, and distributing clothes dryers throughout the United States including in the State of Alabama.

## The Bell Fire

6. At all times relevant, the Bell Residence contained an Electrolux clothes dryer bearing the name Frigidaire Gallery, with a model number of GLER341AS.

7. On or about November 10, 2010, a fire occurred at the Bell Residence and originated at the subject Electrolux dryer.

8. At all times relevant, FARMERS issued a policy of insurance to Bell that provided coverage for fire related damage to the Bell Residence, as well as additional living expenses incurred by the Bell family as a result of a fire loss.

9. Pursuant to the terms and conditions of the insurance policy identified in paragraph 8, FARMERS was obligated to, and did in fact pay an amount of $125,914.50 to or on behalf of Bell for fire related damage to the Bell Residence, as well as additional living expenses incurred by the Bell family as a result of the September 10, 2010 fire. In addition, Bell incurred a $1,000.00 deductible loss.

- 2 -

10. Pursuant to the terms and conditions of the insurance policy identified in paragraph 8, and by virtue of its payment to or on behalf of Bell, FARMERS is subrogated to all rights, claims and causes of action that Bell may have against ELECTROLUX in connection with the September 10, 2010 fire.

## **FACTS**

11. Upon information and belief, the aforementioned clothes dryer was designed, manufactured, distributed, sold and placed into the stream of commerce by ELECTROLUX.

12. At all relevant times, Bell used the clothes dryer for its intended purpose of drying laundry and used it in a manner reasonably foreseeable by ELECTROLUX.

13. Prior to the Bell fire loss, lint accumulated inside the aforementioned clothes dryer in areas not observable to Bell, and in close proximity to the heat sources of the dryer – the electric heating elements, creating an increased risk of fire.

14. The aforementioned clothes dryer ignited and burned in the home of Bell, and caused significant fire related property damage

## **COUNT I -**
## **STRICT LIABILITY**

15. Plaintiff re-alleges and incorporates paragraphs 1 through 14 for this Count I as if they were set forth and fully pled herein.

16. The subject clothes dryer was unreasonably dangerous at the time it left the control of ELECTROLUX because:

    a. the clothes dryer was designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source - an electric heating element, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

    b. the clothes dryer was designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing

- 3 -

adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c. the clothes dryer was designed and manufactured so that particles of lint that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. the clothes dryer was designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. the clothes dryer was designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

f. the clothes dryer was designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g. the clothes dryer was designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h. the clothes dryer was designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i. the clothes dryer was designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

j. the clothes dryer was designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

17. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the clothes dryer ignited and burned in the Bell Residence causing significant fire related property damage.

- 4 -

18. Pursuant to the provisions of the policy of insurance issued to its insured by the Plaintiff, the Plaintiff paid to or on behalf of its insured the sum listed in paragraph 9 above to repair or replace damaged or destroyed property and otherwise compensate its insured for losses sustained as the result of said fire damage.

19. By virtue of said payment, terms of said policy of insurance, and by virtue of equity, Plaintiff has become and is subrogated to all rights, remedies, and causes of action accruing to its insured and against the Defendant, ELECTROLUX.

WHEREFORE, Plaintiff, FARMERS INSURANCE EXCHANGE, respectfully requests that judgment be entered in its favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC. on this Count I, in an amount of One Hundred Twenty Six Thousand Nine Hundred Fourteen dollars and Fifty cents ($126,914.50) together with costs, interest and any other relief the Court deems equitable and just.

**COUNT II**
**NEGLIGENCE**

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 for this Count II as if they were set forth and fully pled herein.

21. At all times relevant, ELECTROLUX had a duty to exercise reasonable care in the design, manufacture, and distribution of the aforementioned clothes dryer.

22. Upon information and belief, ELECTROLUX breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and distributing the clothes dryer at issue in this case.

23. Upon information and belief, ELECTROLUX's negligent acts and omissions include, but are not limited to:

a. carelessly and negligently designed and manufactured the clothes dryer with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer – an electric heating element, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b. carelessly and negligently designed and manufactured the clothes dryer with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c. carelessly and negligently designed and manufactured the clothes dryer so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. carelessly and negligently designed and manufactured the clothes dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

f. carelessly and negligently designed and manufactured the clothes dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

g. carelessly and negligently designed and manufactured the clothes dryer without conducting any lint accumulation tests;

h. carelessly and negligently designed and manufactured the clothes dryer without conducting any fire risk studies on the design of the product;

i. carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j. carelessly and negligently designed and manufactured the clothes dryer without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k. carelessly and negligently designed and manufactured the clothes dryer without any warnings contained on the clothes dryer that lint can accumulate and ignite in

- 6 -

areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

l.  carelessly and negligently designed and manufactured the clothes dryer with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

24. As a direct and proximate result of one or more of ELECTROLUX's negligent acts or omissions, the clothes dryers ignited and burned in the home of the Plaintiff's insured, causing significant fire related property damage.

25. Pursuant to the provisions of the policies of insurance issued to its insured by the Plaintiff, the Plaintiff paid to or on behalf of its insured the sum listed in paragraph 9 above to repair or replace damaged or destroyed property and otherwise compensate its insured for losses sustained as the result of said fire damage.

26. By virtue of said payment, terms of said policy of insurance, and by virtue of equity, the Plaintiff has become and is subrogated to all rights, remedies, and causes of action accruing to its insured and against the Defendant, ELECTROLUX.

WHEREFORE, Plaintiff, FARMERS INSURANCE EXCHANGE, respectfully requests that judgment be entered in its favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC. on this Count II, in an amount of One Hundred Twenty Six Thousand Nine Hundred Fourteen dollars and Fifty cents ($126,914.50) together with costs, interest and any other relief the Court deems equitable and just.

Respectfully submitted,

FARMERS INSURANCE EXCHANGE AND
FIRE INSURANCE EXCHANGE

By: _____

- 7 -

| State of Alabama | SUMMONS | Case Number: |
| Unified Judicial System | - CIVIL - | |
| Form C-34   Rev 6/88 | | 68-CV-2012-900299.00 |

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### FARMERS INS. EXCHANGE AS SUBROGEE OF WILLIAM BELL V. ELECTROLUX HOME P

ELECTROLUX HOME PRODUCTS, INC., CT CORP. SYSTEM,REG. AGEN 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WINSTON W EDWARDS

WHOSE ADDRESS IS P.O. BOX 231569, MONTGOMERY, AL 36123

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     FARMERS INS. EXCHANGE AS
pursuant to the Alabama Rules of the Civil Procedure                                     SUBROGEE OF WILLIAM BELL

| 5/7/2012 4:42:08 PM | /s BENNY R. WATSON | |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s WINSTON W EDWARDS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>**68-CV-2012-900299.00** |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### FARMERS INS. EXCHANGE AS SUBROGEE OF WILLIAM BELL V. ELECTROLUX HOME P

**NOTICE TO**  ELECTROLUX HOME PRODUCTS, INC. CT CORP. SYSTEM REG. AGEN 2 N. JACKSON ST., STE 605, MONTGOMERY AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU **MUST** TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR **YOUR** ATTORNEY ARE REQUIRED TO FILE **THE ORIGINAL** OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY **YOU OR YOUR** ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WINSTON W EDWARDS

WHOSE **ADDRESS IS** P.O. BOX 231569, MONTGOMERY, AL 36123

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED **AGAINST** YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY **SHERIFF** OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of      FARMERS INS. EXCHANGE AS
pursuant to the Alabama Rules of the Civil Procedure                          SUBROGEE OF WILLIAM BELL

| 5/14/12<br>~~5/7/2012 4:42:06 PM~~<br>**Date** | /s BENNY R. WATSON<br>**Clerk/Register** | OFFICE OF THE CIRCUIT CLERK<br>BESSEMER DIVISION<br>JEFFERSON COUNTY, ALABAMA    dd<br>P. O. BOX 1310                By<br>BESSEMER, ALABAMA 35021-1310 |
|---|---|---|

☑ Certified mail is hereby requested      /s WINSTON W EDWARDS
                                          **Plaintiff's/Attorney's Signature**

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and _____

_____ in _____

_____
**Date**                **Server's Signature**

<table>
<tr><td colspan="2">**U.S. Postal Service**™<br>**CERTIFIED MAIL**™<br><i>(Domestic Mail Only; No Insurance Coverage Provided)</i></td></tr>
<tr><td colspan="2">For delivery information visit our website at www.usps.com®</td></tr>
<tr><td colspan="2">OFFICIAL USE</td></tr>
<tr><td>Postage</td><td>$ .85</td></tr>
<tr><td>Certified Fee</td><td>2.95</td></tr>
<tr><td>Return Receipt Fee<br>(Endorsement Required)</td><td>2.35</td></tr>
<tr><td>Restricted Delivery Fee<br>(Endorsement Required)</td><td></td></tr>
<tr><td>Total Postage & Fees</td><td>$ 6.15</td></tr>
</table>

Sent To  *Electrolux Home Products Inc*
Street, Apt. No.;  *CT Corp. System, Reg. Agen*
or PO Box No.  *2 N. Jackson St. Ste 605*
City, State, ZIP+4  *Montgomery AL 36104*

PS Form 3800, August 2006                See Reverse for Instructions

**68-CV-201**
**FARMERS INS. EXCHANGE** AS SUBROGEE

C001 - FARMERS INS. EXCHANGE AS SUBROGEE OF
**WILLIAM BELL**        Plaintiff



## SERVICE RETURN

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

*Laura Payne*

☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

*Laura Payne*   5/16/12

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

CV-2012-900299    D001

1. Article Addressed to:

Electrolux Home Products Inc.
CT Corp. System, Reg. Agent
2 N. Jackson St, Ste 605
Montgomery, AL 36104

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7011 0470 0003 6256 7296

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P O. BOX 1310
BESSEMER, ALABAMA. 35021-1310

BENNY R. W.
CIRCUIT CLERK
BESSEMER DIVISION

FILED IN OFFICE

MAY 1 8 2012

AlaFile E-Notice

68-CV-2012-900299.00

Judge: ANNETTA H. VERIN

To:   EDWARDS WINSTON WHITEHEAD
      wedwards@slatenlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FARMERS INS. EXCHANGE AS SUBROGEE OF WILLIAM BELL V. ELECTROLUX HOME P
68-CV-2012-900299.00

The following matter was served on 5/16/2012

D001 ELECTROLUX HOME PRODUCTS, INC.
CERTIFIED MAIL

BENNY R. WATSON
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
BESSEMER, AL 35020

205-497-8510
benny.watson@alacourt.gov

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 9 2012

JAMES W. McCORMACK, CLERK
By: _____ Davis
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| TAMMIE HUMPHREY, on Behalf of Herself and All Others Similarly Situated    ) | NO. 4:12 cv 157 DPM |
| ) | |
| **Plaintiff and Class Members**    ) | This case assigned to District Judge Marshall and to Magistrate Judge Kearney |
| ) | |
| v.    ) | |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC.    ) | **COMPLAINT – CLASS ACTION** |
| ) | |
| **Defendant.**    ) | **JURY DEMAND** |

## COMPLAINT-CLASS ACTION

Plaintiff Tammy Humphrey ("Plaintiff" or "Humphrey"), individually and on behalf of all others similarly situated, brings this action against Electrolux Home Products, Inc. ("Electrolux"). The following allegations are based upon personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### NATURE OF THE ACTION

1.      Defendant Electrolux Home Products, Inc. ("Electrolux") designs, manufactures, and markets a wide range of home appliances. It touts itself as a "global leader" in home appliances and appliances for professional use, selling more than 40 million products to customers in 150 countries every year. In 2010, it was the world's second largest home appliance maker by market share.

2.      Electrolux's core design message is "thinking of you," a pledge to Electrolux's customers that it pays a great deal of attention to detail when designing new products.

3.  Despite this claimed focus on consumers, Electrolux designed, manufactured, and marketed clothes dryers that contain serious and dangerous defects, putting many of its customers in harm's way.

## PARTIES

4.  Plaintiff Tammie Humphrey is a citizen of Arkansas and resides in Bearden, Arkansas.

5.  Defendant Electrolux Home Products, Inc. ("Electrolux) is upon information and belief a Delaware corporation with its principal place of business at 10200 David Taylor Dr., Charlotte, NC 28262.

6.  Upon information and belief, at all times relevant, Electrolux was engaged in the business of designing, manufacturing, and distributing clothes dryers throughout the United States, including in this jurisdiction.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) as the amount in controversy exceeds $5,000,0000, exclusive of interest and costs, and at least one member of the Class is a citizen of a State different from Electrolux.

8.  This Court also has jurisdiction under 28 U.S.C. § 1332(a) as Humphrey and Defendant Electrolux are citizens of different States and the amount in controversy exceeds $75,000.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Electrolux does substantial business in District, including selling the products at issue, and Humphrey's claims arise from products sold in Arkansas and this District to Plaintiff and Class members by Electrolux.

## FACTUAL ALLEGATIONS

10.     Upon information and belief, Electrolux is engaged in the business of designing, manufacturing, warranting, marketing, advertising and selling dryers labeled under a variety of brand names, including Electrolux, Frigidaire, and Kenmore.

11.     On or about February 28, 2009, Plaintiff Humphrey purchased a clothes dryer, Model No. AEO6700FED, Serial No. XD90401142, designed, manufactured, and sold into the stream of commerce by Electrolux.

12.     Plaintiff Humphrey used the clothes dryer for its intended purpose of drying laundry in a manner reasonably foreseeable by Electrolux.

13.     Like Plaintiff Humphrey, Class members also purchased clothes dryers designed, manufactured, and sold into the stream of commerce by Electrolux and used the clothes dryers for their intended purpose of drying laundry in a manner reasonably foreseeable by Electrolux.

### The Defects

14.     The clothes dryers Humphrey and Class members purchased have a common defect in their design and manufacture that will cause the dryer to function improperly during the expected useful life of the product, resulting in damage to laundry placed in the clothes dryer for drying, and representing an unreasonable risk of fire, property damage, personal injury and death ("the Electrolux Dryers").

15.     Specifically, Electrolux designed and manufactured the Electrolux Dryers purchased by Humphrey and Class members with front drums that fail to seal the drum from the surrounding cabinet, thereby allowing the accumulation of lint behind the drum and in the heater pan, areas that are not visible to or serviceable by the user.

3

16.    The accumulation of lint behind the drum and in the heater pan represents a known and unreasonable fire hazard as it is reasonably foreseeable that the clothes dryer's heat source will ignite the lint during normal use and in the manner the product was intended to be used.

17.    Electrolux also designed and manufactured the clothes dryers purchased by Humphrey and Class members with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, both of which accumulate lint during normal use, and both of which are not visible to or serviceable by the user.

18.    Particles of lint that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum to ignite lint that has accumulated in the dyer drum and/or within the combustible plastic air duct and blower housing.

19.    The defects, which manifest themselves during the useful life of the Electrolux Dryers within and without the warranty periods, are substantially likely to prevent the Electrolux Dryers from being used as intended during their expected useful life, and pose significant risks to individuals' lives and property.

20.    The defects necessitated and will continue to necessitate replacement of and costly repairs to the Electrolux Dryers.

21.    Electrolux failed to adequately design, manufacture and test the Electrolux Dryers to ensure they were free from defects at the time of sale.

22.    Plaintiff and Class members have used their dryers in a forseeable manner and in the manner for which they were intended to be used.

4

23.     Electrolux failed to provide any adequate warnings to Humphrey and Class members that lint accumulates behind the drum and in the heater pan or within the combustible plastic air duct and blower housing and that this lint accumulation could start a fire.

24.     Plaintiff and Class members not only lack any ability to see lint accumulating behind the drum and in the heater pan, or within the combustible plastic air duct and blower housing, but are unable to remove any accumulated lint in these parts of the clothes dryer without first dismantling the clothes dryer and removing the drum.

25.     Indeed, because of the defect, the Electrolux Dryer Humphrey purchased failed to operate normally, damaged property, and had to be serviced by Walters Service Company on or about January 2012 to remove lint that accumulated from the fan/blower area. It was then serviced approximately 2-3 weeks later to remove lint that accumulated in the fan/blower.

26.     During these "repair" visits Electrolux never replaced the defective dryer drum or replaced Plaintiff Humprey's defective Electrolux Dryer.

27.     Through warranty or post-warranty repairs which did not replace the defective dryer drums or the defectively designed and manufactured Electrolux Dryers, Electrolux has only postponed failure and did nothing to remedy the unreasonable risk of fire, property damage and personal injury or death to Plaintiff Humphrey and Class members.

28.     Plaintiff Humphrey and other Class members have incurred costs of repairs, damage to clothing, property damage and in some instances, personal injury as a direct result of the defect in the Electrolux Dryers.

29.     The defects in Electrolux's design and manufacture the of Electrolux Dryers have caused or will cause Humphrey's and Class members' Electrolux Dryers to fail during their expected useful lives, both within and without or outside of applicable warranty periods.

5

30.     The Electrolux Dryers belonging to Plaintiff and Class members should have been usable for their intended purpose during their expected useful lives.  The National Association of Home Builders ("NAHB") found in a 2007 study that it conducted with Bank of America Home Equity that the useful expected life of a dryer is 13 years.

31.     The defects in Electrolux's design and manufacture the of Electrolux Dryers existed at the time of they were sold to Humphrey and Class members and render them unfit for the ordinary and intended propose for which they were marketed and sold to Humphrey and Class members.

32.     Had the Electrolux Dryers been free from defects, Plaintiff and Class members would not have suffered the damages complained of herein.

### Electrolux's Actual or Constructive Knowledge of the Defects.

33.     Electrolux either knew or should have known prior to selling the Electrolux Dryers to the public that the Electrolux Dryers had defects that would allow lint to accumulate behind the drum and in the heater pan or within the combustible plastic air duct and blower housing where it would likely ignite, resulting in property damage, personal injury or death.

34.     Moreover, upon information and belief, Electrolux became aware through various claims and reports about its defective Electrolux Dryers and was aware that the Electrolux Dryers had defects that posed an unreasonable risk of fire, property damage, personal injury or death.

35.     Electrolux had a duty to consumers and the public to disclose the defective nature of its Electrolux Dryers and specifically the defective nature of its dryer drums and not to conceal and suppress the defective nature of the Electrolux Dryers from Plaintiff Humphrey and putative Class members.

6

36. Nonetheless, upon information and belief, Electrolux has concealed the defects and has failed to notify consumers including Humphrey and Class members of the existence of the defect, has never issued a recall of the Electrolux Dryers despite the serious fire hazard, and never offered either to replace the defective components with defect-free components or replace the defective Electrolux Dryers.

37. Instead, Electrolux has, upon information and belief, continued to falsely represent to purchasers and the public that the Electrolux Dryers are in fact free from defects and will perform their intended functions for their expected useful lives.

38. Electrolux expressly warrants in writing that "Every Electrolux Major Appliances gas or electric dryer is guaranteed to be free of materials defects or component malfunctions."

39. Electrolux also continues to make express written warranties to consumers through its marketing and advertising materials that the Electrolux Dryers are free from defect and, at minimum, will dry consumers' clothes without damage or risk of fire. For example, Electrolux's website warrants that "our dryer is gentlest on your clothes thanks to our technology that gently tumbles clothes with exceptional temperature control to help protect fabric." *See* http://www.electroluxappliances.com/laundry-appliances/dryers.

40. Electrolux knew or should have known that reasonable consumers were unaware of the defects and could not discover the defects.

41. Electrolux knew or should have known that reasonable consumers expected the Electrolux Dryers to dry clothes effectively without putting consumers' lives and property at risk.

42. Electrolux knew or should have known that reasonable consumers expected Electrolux to disclose any defects that would prevent the Electrolux Dryers from performing

7

their function before the end of their useful lives or that would seriously threaten the Class members' property and personal welfare, and that such decision would impact customers' decisions as to whether to purchase the Electrolux Dryers.

43.     To this day, Electrolux continues in this pattern of concealment and misrepresentation and many members of the putative Class are still unaware of the defects in the Electrolux Dryers and the risk of failure, injury, loss and fire due to those defects.

44.     As a result, reasonable consumers, including Plaintiff and Class members, purchased and continue to purchase the Electrolux Dryers.

45.     Electrolux has wrongfully placed on Plaintiff and Class members the burden, expense and difficulties involved in repairing and replacing the Electrolux Dryers and the damage the defects have caused.

<u>Class Action Allegations</u>

46.     Plaintiff Humphrey brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) against Electrolux on their own behalf and on behalf of the National Class and Arkansas Subclass defined below.

47.     The National Class consists of:

All persons in the United States that purchased or otherwise acquired an Electrolux designed and/or manufactured clothes dryer primarily for personal, family, or household purposes, and not for resale, having a defective dryer drum.

48.     The Arkansas Subclass consists of:

All persons in the State of Arkansas that purchased or otherwise acquired an Electrolux designed and/or manufactured clothes dryer, primarily for personal, family, or household purposes, and not for resale, having a defective dryer drum.

8

49.     The Classes are limited to the time period beginning on the date established by the Court's determination of any applicable statute of limitation, after consideration of any tolling and accrual issues, and ending on the date of entry of judgment.

50.     Excluded from the Classes are (a) any Judge or Magistrate presiding over this action and members of their families; (b) Electrolux and any entity in which Electrolux has a controlling interest or which has a controlling interest in Electrolux; (b) the officer, directors or employees of Electrolux; and (d) Electrolux's legal representatives, assigns and successors; and (e) all persons who properly execute and file a timely request for exclusion from the Class or Subclass.

51.     Plaintiff Humphrey meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class.

52.     Numerosity: While the exact number of members cannot be determined yet, each class consists at a minimum of thousands of people dispersed throughout the United States and, in the case of the Arkansas Subclass consists at a minimum of thousands of people dispersed through the State of Arkansas.  The exact number of Class members can readily be determined by review of information maintained by Electrolux.

53.     The members of the Class are therefore so numerous that joinder of all members is impracticable.

54.     Commonality:  Common questions of law and fact exist as to all members of the Class.  Among the questions of law and fact common to the Class are:

        a.   Whether the Electrolux Dryers designed and manufactured by Electrolux are materially defective;

9

b. Whether the design defects of the Electrolux Dryers represent an unreasonable risk of fire;

c. Whether Electrolux either knew or should have known that the Electrolux Dryers were materially defective;

d. Whether the Electrolux Dryers designed and manufactured by Electrolux are of merchantable quality;

e. Whether the Electrolux Dryers designed and manufactured by Electrolux are likely to fail before the end of their reasonable expected lives;

f. Whether the existence of the Electrolux Dryers' defects is a material fact reasonable purchasers would have considered in deciding whether to purchase a clothes dryer;

g. Whether the Electrolux Dryers' design defects resulted from Electrolux's negligence;

h. Whether Electrolux breached express warranties relating to the Electrolux Dryers by failing to recall, replace, repair and/or correct defects in the clothes dryers;

i. Whether Electrolux breached implied warranties of merchantability and/or fitness for a particular purpose relating to the Electrolux Dryers;

j. Whether Electrolux misrepresented the characteristics, qualities and capabilities of the Electrolux Dryers;

k. Whether Electrolux either knew or should have known of the defects prior to distributing the subject clothes dryers to Humphrey and Class members;

10

l. Whether Electrolux omitted, concealed from and/or failed to disclose in its communications and disclosures to Humphrey and Class members material information regarding the Electrolux Dryers' defects;

m. Whether Electrolux failed to warn consumers regarding the defective Electrolux Dryers;

n. Whether Electrolux made fraudulent, false, deceptive and/or misleading statements in connection with the sale of Electrolux Dryers in its product literature and on its website including those relating to standards, use and reliability;

o. Whether Electrolux was unjustly enriched by selling the Electrolux Dryers;

p. Whether Electrolux should be ordered to disgorge all or part of the profits it received from the sale of the defective Electrolux Dryers;

q. Whether Humphrey and Class members are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

r. Whether Humphrey and Class members are entitled to replacement of their defective Electrolux Dryers;

s. Whether Humphrey and Class members are entitled to equitable relief, including an injunction and requiring that Electrolux engage in a corrective notice campaign and/or a recall;

t. Whether Humphrey and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs;

11

55. Typicality: Humphrey has substantially the same interest in this matter as all other members of the National Class and Arkansas Subclass (collectively "the Class"), and Humphrey's claims arise out of the same set of facts and conduct as all other members of the Class and Subclass. Humphrey and all Class members own or owned a clothes dryer designed and/or manufactured by Electrolux with defects that make them inherently dangerous and that cause the clothes dryers to fail within their expected useful lives, both within and outside the applicable warranty periods. All of the claims of Humphrey and Class members arise out of Electrolux's conduct in designing, manufacturing, marketing, advertising, warranting and/or selling the defective Electrolux Dryers, Electrolux's conduct in concealing the defects in the clothes dryers, and Humphrey's and Class members' purchase of the defective Electrolux Dryers.

56. Adequacy of Representation: Humphrey is committed to pursuing this action and has retained competent counsel experienced in products liability, deceptive trade practices, and class action litigation. Accordingly, Humphrey and her counsel will fairly and adequately protect the interests of the members of the Class. Humphrey's claims are coincident with, and not antagonistic to, those of the other Class members they seek to represent. Humphrey has no disabling conflicts with the members of the Class and will fairly and adequately represent the interests of the Class members.

57. The elements for class certification under Rule 23(b)(2) are met. Electrolux will continue to commit the violations alleged, and the members of the Class and Subclass and the general public will continue to be misled and be put at risk of personal and physical harm by the unreasonable risk of fire from their defective clothes dryers. Electrolux has acted and refused to

act on grounds that apply generally to the Class members so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

58.     The elements of Rule 23(b)(3) are met.  Here, the common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  There will be many other pending cases against Electrolux.  Serial adjudications in numerous venues are not efficient, timely or proper.  Judicial resources throughout Arkansas and the United States will be unnecessarily depleted by resolution of individual claims.  Joinder on an individual basis of thousands of claimants in one suit would be impractical or impossible.  Individualized rulings and judgments could result in inconsistent relief for similarly situated plaintiffs.  Humphrey's counsel, highly experienced in insurance litigation and class action litigation, foresee little difficulty in the management of this case as a class action.

<u>Tolling and Estoppel of Statutes of Limitation</u>

59.     The claims alleged herein accrued upon discovery of the latently defective nature of the Electrolux Dryers and the dryer drums contained therein.  Because the defect alleged herein is latent and because Electrolux took steps to actively misrepresent and conceal the true character, nature and quality of the Electrolux Dryers, among other reasons, Humphrey and Class members did not discover and could not have discovered the problems and defects alleged herein through reasonable and diligent investigation.

60.     Any applicable statutes of limitations have been tolled by Electrolux's knowledge and actual misrepresentation, concealment and denial of the facts as alleged herein, a

13

concealment which is ongoing. Humphrey and Class members could not have reasonably discovered the true, latently defective nature of the Electrolux Dryers. As a result of Electrolux's active concealment of the defects and/or failure to inform Humphrey and Class members of the defects, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled.

61.     Alternatively, the facts alleged above give rise to an estoppel. Electrolux has actively concealed the defective nature of the Electrolux Dryers. Electrolux was and is under a continuous duty to disclose to Humphreys the true character, quality and nature of the Electrolux Dryers, particularly that they posed a serious fire hazard and risk of failure. At all relevant times, and continuing to this day, Electrolux knowingly, affirmatively and actively misrepresented and concealed the true character, quality and nature of the Electrolux Dryers. Given Electrolux's failure to disclose this non-public information about the defective nature of the Electrolux Dryers - information over which it had exclusive control- and because Humphrey and Class members could not reasonably have known that Electrolux clothes dryers were thereby defective, Humphrey reasonably relied on Electrolux's knowing affirmative and/or ongoing concealment. Based on the foregoing, Electrolux is estopped from prevailing on any statute of limitations defense in this action.

62.     Additionally, Electrolux is estopped from raising any defense of laches due to their own unclean hands as alleged herein.

14

## CLAIMS FOR RELIEF

### COUNT I: Breach of Implied Warranties
### (Plaintiff Humphrey, Individually and On Behalf of the National Class)

63.      Humphrey re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

64.      The Electrolux Dryers owned by Humphreys and Class members were defectively designed and manufactured.

65.      The Electrolux Dryers left Electrolux's facilities and control with a defect caused by defective design incorporated into the manufacture of the dryer.

66.      At all times, relevant hereto, there was a duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used, and that the product be acceptable in trade for the product description.  This implied warranty of merchantability is part of the basis for the bargain between Electrolux on the one hand and Humphrey and Class members, on the other.

67.      Notwithstanding the aforementioned duty, at the time of delivery, the Electrolux Dryers sold to Humphrey and class members were not merchantable.

68.      Electrolux breached the implied warranty of fitness for a particular purpose in that the Electrolux Dryers are defective and not fit for their intended purpose.

69.      Electrolux is aware of the particular purpose for which the Electrolux Dryers were intended, and Humphrey and Class members relied upon Electrolux's skill and judgment in deciding to purchase the Electrolux Dryers.

70.      Electrolux was notified of these breaches of implied warranties within a reasonable time after the defect manifested itself.

15

71.     As a result of Electrolux's breach of its implied warranties, Humphrey and Class

Members have suffered damages that were directly and proximately caused by the unreasonably

dangerous Electrolux Dryers.

### COUNT II: Breach of Express Warranty

72.     Humphrey re-alleges and incorporate the preceding paragraphs as if fully set forth

herein.

73.     In its warranty to customers, Electrolux warrants in writing that its "Every

Electrolux Major Appliances gas or electric dryer is guaranteed to be free of materials defects or

component malfunctions."

74.     In its warranty to customers, Electrolux warrants in writing that it will "repair

without charge any problem that occurs during the first year after purchase."

75.     During the second year of purchase, Electrolux warrants in writing that it will

provide a "replacement for any defective part(s) that breaks due to defects in material or

workmanship (not customer abuse) for two years from the original date of purchase.

76.     Additionally, Electrolux also makes express written warranty to consumers

through its marketing and advertising materials that the Electrolux Dryers are free from defect

and, at minimum, will dry consumers' clothes without damage or risk of fire.  For example,

Electrolux's website warrants that "our dryer is gentlest on your clothes thanks to our technology

that gently tumbles clothes with exceptional temperature control to help protect fabric." *See*

http://www.electroluxappliances.com/laundry-appliances/dryers.

77.     These express written warranties were material and were part of the bargain

between Electrolux on the one hand and Humphrey and Class Members on the other hand.

16

78.     Within the express warranty period, Humphrey and class members experienced problems with their Electrolux Dryers as described herein.

79.     Electrolux was notified of each of these problems by Plaintiff Humphrey and Class members but failed to provide a defect free dryer and/or a defective free dryer drums to Plaintiff and Class members free of charge.

80.     For example, the Electrolux Dryer Humphrey purchased failed to operate normally damaged property and had to be serviced on two separate occasions for excessive lint build up in the fan/blower area of the Electrolux Dryer.

81.     Contrary to Electrolux's express written warranties, Electrolux failed to provide a dryer free of defects and which could be used for their ordinary purpose of drying clothes without failure or risk of fire.

82.     Electrolux breached its express written warranties to Plaintiff Humphrey and Class members in that the Electrolux Dryers failed to perform as represented by Electrolux, failed to provide non-defective replacement parts free of charge when they failed or malfunctioned during the warranty period.

83.     Electrolux has been put on notice of its breach of express written warranties by Plaintiff and Class members, who made warranty claims, demanded service and repair of the Electrolux Dryers, and complained to Electrolux regarding the defective nature of the Electrolux Dryers and that Electrolux failed to repair them.

84.     As a result of Electrolux's breach of its express written warranties, Humphrey and Class members have suffered damages that were directly and proximately caused by the unreasonably dangerous Electrolux Dryers.

## COUNT III: Magnusson-Moss Act

85.     Humphrey and Class members re-allege and incorporate herein by reference each preceding and succeeding paragraph as if fully set forth herein.

86.     The Electrolux Dryers are consumer products as defined in 15 U.S.C. § 2301(1).

87.     Humphrey and Class members are consumers as defined in 15 U.S.C. § 2301(3). Humphrey is a consumer because she is a person entitled under applicable state law (Arkansas) to enforce against the warrantor the obligations of its implied and written warranties.

88.     Electrolux is a supplier and a warrantor as defined in 15 U.S.C. § 2301(4) and (5).

89.     As described herein, Electrolux as the warrantor within the meaning of 15 U.S.C. § 2301, *et seq.*, committed several violations of state law, including breach of contract, breach of warranties and deceptive trade practices.

90.     Humphrey and the Class gave Electrolux an opportunity to cure pursuant to 15 U.S.C. § 2310(e) by *inter alia*, their repeated contacts with Electrolux over the defect as described herein which notified Electrolux of the defect present in all dryers purchased by Class members, but Electrolux failed to provide Humphrey and the Class with a defect free dryer drum and/or a defect free Electrolux Dryer.

91.     In connection with its sale of the Products, Electrolux gave an implied warranty as defined in 15 U.S.C. § 2301(7); namely, the implied warranty of merchantability. Specifically, Electrolux warranted that the Electrolux Dryers were fit for their ordinary purpose, to dry consumers' clothes, and would pass without objection in the trade.

92.     In connection with its sale of the Products, Electrolux gave a written warranty as defined in 15 U.S.C. § 2301(6). Specifically, Electrolux breached its written warranties to Plaintiff Humphrey and Class members in that the Electrolux Dryers failed to perform as

18

represented by Electrolux and Electrolux failed to provide non-defective dryers or replacement parts free of charge when the Electrolux Dryers failed or malfunctioned during the warranty period or that Electrolux knew would eventually fail due to the defect.

93.     At the time Electrolux sold the Electrolux Dryers to Humphrey and the other members of the Class, it knew that if the Electrolux Dryers were defective and failed that Humphrey and Class members would incur significant costs in removing and re-installing the Electrolux Dryers.

94.     Electrolux is liable to Humphrey and the Class pursuant to 15 U.S.C. § 2310(d)(1), because it breached the implied warranty of merchantability. Specifically, the Electrolux Dryers have defective drums that fail to seal the drum from the surrounding cabinet, thereby allowing the accumulation of lint behind the drum and in the heater pan causing failure, property damage and fire. Because of this, the Electrolux Dryers were not fit for their ordinary use as clothing dryers were incapable of performing the functions that they were intended to perform.

95.     Electrolux is liable to Humphrey and the Class pursuant to 15 U.S.C. § 2310(d)(1), because it breached its written warranties to Plaintiff Humphrey and Class members. Specifically, Electrolux breached its written warranties to Plaintiff Humphrey and class members in that the Electrolux Dryers failed to perform as represented by Electrolux and Electrolux failed to provide non-defective dryers or replacement parts free of charge when the Electrolux Dryers failed or malfunctioned during the warranty period or when Electrolux knew that the Electrolux Dryers would eventually fail due to the defect.

96.     Pursuant to 15 U.S.C. § 2310(d)(1), Humphrey and the Class are entitled to recover the damages caused to them by Electrolux's breach of the implied warranty of

19

merchantability, which damages constitute the cost of replacing the Electrolux Dryers with comparable non-defective dryers sold by other manufacturers or a refund of the full purchase prices of the Electrolux Dryers, plus all costs they reasonably incurred or will incur in removing and re-installing or replacing the Electrolux Dryers.

97.     Pursuant to 15 U.S.C. § 2310(d)(1), Humphrey and class members are entitled to recover the damages caused to them by Electrolux's breach of express written warranties which damages constitute the cost of replacing the Electrolux Dryers with comparable non-defective dryers sold by other manufacturers or a refund of the full purchase prices of the Electrolux Dryers, plus all costs they reasonably incurred or will incur in removing and re-installing or replacing the Electrolux Dryers.

98.     Plaintiff and proposed class members have sustained damages in excess of $50,000 by Electrolux's breach of their warranties, implied warranties and contract.

99.     In addition, pursuant to 15 U.S.C. § 2310(d)(2), Humphrey and the Class are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Humphrey and the class members in connection with the commencement and prosecution of this action.

### COUNT IV: Strict Product Liability
### (Humphrey, Individually and On Behalf of The National Class)

100.     Humphrey and Class members re-allege and incorporate the preceding paragraphs as if fully set forth herein.

101.     Electrolux is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling appliances including dryers throughout the United States.

20

102.    Electrolux designed, manufactured, distributed, advertised, marketed, promoted and sold the Electrolux Dryers at issue herein.

103.    The Electrolux Dryers were expected to and did reach Humphrey and Class members without substantial change in the condition in which the Electrolux Dryers were manufactured, sold and distributed.

104.    The Electrolux Dryers were in a defective and unreasonably dangerous condition when they left Electrolux's possession or control in that under normal conditions, usage and applications, the Electrolux Dryers could not withstand use for which they were intended, failure, damage and fire causing damage as well as threatening the consumers' personal safety and in some cases causing personal injuries.

105.    Humphrey and Class members used the Electrolux Dryers in a manner reasonably intended by Electrolux.

106.    The Electrolux Dryers were defective for the following reasons: (1) they were not reasonably safe for ordinary and intended uses; (2) Electrolux failed to provide Humphrey and Class members with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the Electrolux Dryers; (3) the design, methods of manufacture, and testing of the Electrolux Dryers was inadequate and produced a defective product.

107.    As a direct and proximate result of the defective condition of the Electrolux Dryers, Plaintiff and Class members purchased high-end appliances that were not worth as much as they believed they were, and have suffered property damages and other incidental and consequential damages.

## COUNT V: Strict Product Liability for Failure to Warn
### (Plaintiff Humphrey, Individually and On Behalf of the National Class)

108.    Humphrey and Class Members re-allege and incorporate the preceding paragraphs as if fully set forth herein.

109.    Electrolux is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling appliances including dryers.

110.    Electrolux designed, manufactured, distributed, advertised, marketed, promoted and sold the Electrolux Dryers at issue herein without substantial change in the condition in which they were manufactured, sold and distributed.

111.    The Electrolux Dryers were in a defective and unreasonably dangerous condition when they left Electrolux's possession or control in that under normal conditions, usage and applications, the Electrolux Dryers could not withstand use for which they were intended, including but not limited to failure, damage, and fire causing damage to the dryer as well as threatening the consumers' personal safety and in some instances causing personal injury.

112.    Electrolux has no reason to believe that consumers of the Electrolux Dryers would be aware of the foreseeable harm associated with the use of the Electrolux Dryers.

113.    Prior to and after distributing the Electrolux Dryers which were sold to Humphrey and Class Members, Electrolux had a legal duty to warn Humphrey and Class members about the defects in the Electrolux Dryers and the dangers those defects posed.

114.    As a direct and proximate result of Electrolux's failure to warn of the defective and unreasonably dangerous design and condition of the Electrolux Dryers, Humphrey and Class members have suffered damages.

22

### COUNT VI: Unjust Enrichment/Restitution
### (Humphrey, Individually and On Behalf of the National Class)

115.    Humphrey and Class members re-allege and incorporate herein by reference the preceding paragraphs as if fully set forth herein. This claim is pled in the alternative to the warranty and contract-based claims contained in Counts I-III pursuant to Fed. R. Civ. P. 8(d)(2).

116.    Electrolux designed, manufactured, marketed, advertised, distributed, warranted and/or sold the Electrolux Dryers with the design defect alleged herein.

117.    Electrolux designed, manufactured, marketed, advertised, distributed, warranted and/or sold the Electrolux Dryers as merchantable, free of defects, fit for ordinary purpose for which they were to be used, and safe for said purpose as set forth more fully above.

118.    At the time Electrolux sold the Electrolux Dryers to Humphrey and the other Class members, it knew that the Electrolux Dryers were defective and if they failed that Humphrey and the Class would incur significant costs in removing and re-installing the Electrolux Dryers.

119.    Despite that knowledge, Electrolux has failed to disclose the existence of the defect- a clearly material fact- to Humphrey and Class members at or before the time of purchase.

120.    Electrolux was enriched by Humphrey and Class members, who without knowledge of the design defect bought Electrolux Dryers.

121.    Humphrey and Class members did not receive a dryer free from defects, fit for ordinary purpose for which they were to be used, and safe for ordinary use.

122.    It is inequitable for Electrolux to retain this money, in light of its knowledge of the product defects because Humphrey and Class members did not receive a product that was free of defects, fit for ordinary purpose for which they are used, and safe for that purpose.

123. As a direct and proximate result, Humphrey and Class members are damaged in the amount by which Electrolux was unjustly enriched.

## COUNT VII: Fraudulent Concealment/Nondisclosure
### (Plaintiff Humphrey, Individually and on Behalf of the Nationwide Class)

124. Humphrey and Class members re-allege and incorporate the preceding paragraphs as if fully set forth herein.

125. At all relevant times, Electrolux knew that the Electrolux Dryers were defective in their design and manufacture, and would fail in advance of their anticipated useful life under ordinary use and conditions.

126. Electrolux also knew that the defect posed a serious risk of property damage and a safety risk to Humphrey and Class members, but concealed that information from them.

127. The concealed information regarding the defect was material in that a reasonable consumer would find that information important when deciding to buy a dryer.

128. Electrolux was and is under a duty to Humphrey and Class members to disclose these facts because Electrolux was in a superior position to know the truth about the quality and nature of the Electrolux Dryers and Electrolux actively concealed from Humphrey and Class members the fact that the Electrolux Dryers were and are defective and likely to fail in advance of their reasonably expected useful life and pose a serious fire hazard.

129. Electrolux fraudulently and intentionally concealed from and/or failed to disclose to Humphrey and Class members the facts described above with the intent to defraud Humphrey and Class members and for the purpose of inducing Humphrey and Class Members to act thereon by purchasing the Electrolux Dryers.

130. Electrolux knew that Humphrey and Class members would not purchase the Electrolux Dryers if Electrolux disclosed the defective nature of the design and manufacture of the Electrolux Dryers.

131. Humphrey and Class members were unaware of the defective nature of the Electrolux Dryers and unaware that, because of those defects, the Electrolux Dryers were prone to failure, property damage and a serious and potentially fatal fire hazard.

132. Had Electrolux disclosed the true defective nature of the Electrolux Dryers, Humphrey and Class Members would not have purchased the Electrolux Dryers.

133. As a direct and proximate cause of Electrolux's misconduct, Humphrey and Class members have suffered actual damages.

134. Humphrey and Class members have also suffered unreasonable diminution in value of their dryers as a result of Electrolux's misconduct.

135. Electrolux's misconduct has been knowing, wanton and/or reckless and/or shows a reckless indifference to the interests of other.

**COUNT VIII: Negligence**
**(Plaintiff Humphrey, Individually and On Behalf of the Nationwide Class)**

136. Humphrey Class members re-allege and incorporate the preceding paragraphs as if fully set forth herein.

137. Electrolux owed a duty to Humphrey and Class members to design, manufacture, produce, test, inspect, market, distribute, and sell dryers with reasonable care and in a workmanlike fashion, and had a duty to protect Humphrey and Class members from foreseeable and unreasonable risk of harm.

138. Electrolux breached that duty by, among other things, by defectively designing, manufacturing, testing, inspecting and distributing the Electrolux Dryers.

25

139.     Electrolux knew or should have known that the appliances it designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, in ordinary and foreseeable use, would fail to perform as intended.

140.     Electrolux knew or should have known that the Electrolux Dryers created an unreasonable risk of catastrophic property damage, personal injury and death.

141.     Due to Electrolux's superior knowledge of the defects in the Electrolux Dryers, Electrolux had a duty to disclose to the public the defective nature of the Electrolux Dryers. Electrolux had a further duty not to put the defective Electrolux Dryers on the market and had and has a continuing duty to take its unsafe products off the market and seek a recall from consumers.

142.     Electrolux failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the Electrolux Dryers by, among other things, failing to design and manufacture the Electrolux Dryers in a manner to ensure that under normal intended usage failure would not occur; failing to warn or to warn adequately and sufficiently, either directly or indirectly, the foreseeable users of the defective nature of the Electrolux Dryers; and failing to represent accurately to Humphrey and Class, whether directly or indirectly, that the Electrolux Dryers posed an unreasonable safety risk; and in failing to replace, repair or recall products it knew or should have known were defective.

143.     As a direct and proximate result of Electrolux's negligence, Humphrey and class members have suffered damages.

26

## COUNT IX: Violation of Arkansas Deceptive Trade Practices Act
### (Plaintiff Humphrey Individually and on behalf of the Arkansas Subclass)

144.    Humphrey and Class members re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

145.    Electrolux had a duty to refrain from deceptive and unconscionable trade practices in its design, manufacture and sale of the Electrolux Dryers.

146.    Electrolux violated the Arkansas Deceptive Trade Practices Act, Ark.Code Ann. § 4–88–107, by designing, manufacturing, distributing, advertising, marketing, promoting and selling the defective Electrolux Dryers.

147.    As set forth in the preceding paragraphs, Electrolux knowingly made a false representation to Humphrey and the Arkansas subclass as to the characteristics of the Electrolux Dryers and as to whether the Electrolux Dryers it designed, manufactured and/or sold were of a particular standard or quality and were suitable for their ordinary use.

148.    Humphrey and the Arkansas subclass have suffered actual damage or injury as a result of Electrolux's violations of the Arkansas Deceptive Trade Practices Act in that the defect has rendered the dryers unsafe and unfit for normal use and have caused damage to property and injury.

## COUNT X: Violation of Similar Deceptive Trade Practices Acts
### (Plaintiff Humphrey Individually And On Behalf Of the National Class)

149.    Humphrey and Class members incorporate herein by reference each preceding and succeeding paragraph as if fully set forth here herein.

150.    At all times relevant hereto, there was in full force and effect the Arkansas Deceptive Trade Practices Act, Ark.Code Ann. § 4–88–107. Similar statutes, identical in their material respects, are in effect in many jurisdictions within the United States (the "UDTPAs").

27

151.    The UDTPAs prohibit, *inter alia*, representing that goods have characteristics, ingredients, uses or benefits that they do not have.

152.    As set forth in the preceding paragraphs, Electrolux knowingly made false representations to Humphrey and the Class as to the characteristics of its Electrolux Dryers and as to whether the clothes dryers it designed, manufactured and/or sold that are the subject of this lawsuit are of a particular standard or quality and were suitable for their ordinary use.

153.    Humphrey and the Class have suffered actual damage or injury as a result of Electrolux's violations of the UDTPAs in that the defect has rendered the dryers unsafe and unfit for normal use and have caused damage to property and injury.

**COUNT XI: Injunctive Relief**
**(Plaintiff Humphrey Individually And On Behalf Of the National and Arkansas Subclasses)**

154.    Humphrey and Class members re-allege and incorporate herein the proceeding paragraphs as if fully set forth herein.

155.    Electrolux designed, manufactured, produced, tested, inspected, marketed, distributed, and sold dryers which contain material and dangerous defects as described herein.

156.    Based upon information and belief, Electrolux continues to design, manufacture, produce, test, inspect, market, distribute, and sell dryers which contain material and dangerous defects as described herein.

157.    The defects described herein are an imminent threat to the safety of the Plaintiff and Class members.

158.    Based upon information and belief, Electrolux has taken no corrective action concerning the defects described herein, and has not issued any warnings or notices concerning the dangerous defect, nor implemented a product recall.

28

159.    Plaintiff Humphrey and the Class have suffered actual damage or injury or are in immediate risk of suffering actual damage or injury due to the Electrolux Dryer defects. Electrolux should be required to take corrective action to prevent further injuries, including:

a.  Issuing a nation-wide recall of the defective dryers;

b.  Issuing warnings and/or notices to consumer and the Class concerning the Electrolux Dryer defects; and

c.  Immediately discontinue the manufacture, production, marketing, distribution, and sale of the defective dryers described herein.

### COUNT XII: Declaratory Relief
#### (Plaintiff Humphrey Individually And On Behalf Of the National and Subclass)

160.    Humphrey and Class members incorporate herein by reference each preceding and succeeding paragraph as if fully set forth here verbatim.

161.    There is an actual controversy between Electrolux and the Class concerning the existence of defects in the Electrolux Dryers.

162.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

163.    Accordingly, Humphrey and the Class seek a declaration that the Electrolux Dryers have a common defect in their design and manufacture that will cause the dryer to function improperly during the expected useful life of the product.

### PRAYER FOR RELIEF

WHEREFORE, Humphreys pray for the following judgment:

A.      An Order certifying this action as a class action;

29

B.      An Order appointing Humphrey as class representative and appointing counsel

undersigned to represent the Class;

C.      A Declaration that the Electrolux Dryers are defective;

D.      An Order awarding injunctive relief by requiring Electrolux to issue corrective

actions including notification, recall, inspection and, as necessary, repair and replacement of the

Electrolux Dryers;

E.      Payment to the Class of all damages associated with the defective products, in an

amount to be proven at trial;

F.      An award of attorneys' fees and costs, as provided by law and/or as would be

reasonable from any recovery of monies recovered for or benefits bestowed on the class;

G.      Interest as provided by law, including but not limited to pre-judgment and post-

judgment interest as provided by rule or statute;

H.      Such other and further relief as this Court may deem just, equitable, or proper.

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.


Respectfully submitted,

Randall K. Pulliam, Ark Bar No. 98015
CARNEY WILLIAMS BATES PULLIAM & BOWMAN, PLLC
11311 Arcade Dr., Ste. 200
Little Rock, Arkansas 72212
Tel.    (501) 312-8500
Fax    (501) 312-8505

30

Charles J. Crueger
Erin K. Dickinson
HANSEN RIEDERER DICKINSON CRUEGER & REYNOLDS LLC
316 N. Milwaukee St., Ste. 200
Milwaukee, Wisconsin 53202
Tel.    (414) 455-7676
Fax    (414) 273-8476
*Pro Hac Vice Pending*

Gregory F. Coleman
Mark Silvey
GREG COLEMAN LAW PC
Bank of America Center
550 Main Avenue, Ste 600
Knoxville, Tennessee 37902
Tel.    865-247-0080
Fax    865-522-0049
*Pro Hac Vice Pending*

Edward A. Wallace
Amy E. Keller
Dawn M. Goulet
WEXLER WALLACE LLP
55 W. Monroe St., Ste. 3300
Chicago, Illinois 60603
Tel.    (312) 346-2222
Fax    (312) 346-0022
*Pro Hac Vice Pending*

*Attorneys for the Plaintiff and the Putative National Class and
Subclass*

FILED

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP
Michael L. Amaro, Esq. (Bar No. 109514)
Sanaz Cherazaie, Esq. (Bar No. 273944)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
mamaro@prindlelaw.com
scherazaie@prindlelaw.com
WHIT0317

Attorneys for Defendants,
ELECTROLUX HOME PRODUCTS, INC.;
ELECTROLUX NORTH AMERICA, INC.,
and SEARS, ROEBUCK and CO.

2013 JUN -6 AM 10: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY: _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

ED   CV   13 - 01011 JGB(OPx)

| | |
|---|---|
| TOPA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v. Electrolux<br><br>ELECTROLUX NORTH AMERICA, INC.; HOME PRODUCTS, INC.; SEARS, ROEBUCK AND CO.; and DOES 1 THROUGH 100, inclusive, and each of them,<br><br>Defendants. | FEDERAL COURT CASE NO. _____<br><br>STATE CASE NO. CIVDS 1303809<br><br>NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY); DECLARATION OF SANAZ CHERAZAIE<br><br>[*Filed Concurrently with Request for Judicial Notice Under Separate Cover*]<br><br>Complaint Filed: April 12, 2013 |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE:

PLEASE TAKE NOTICE that Defendants, ELECTROLUX HOME PRODUCTS, INC., ELECTROLUX NORTH AMERICA, INC., and SEARS, ROEBUCK and CO. (hereinafter collectively "Defendants") hereby remove the above entitled action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sections 1441 and 1446. As grounds for removal, Defendants respectfully states:

1

**JURISDICTION**

1. This matter is removed to the Central District on the grounds that there is complete diversity of citizenship between Plaintiff on the one hand, and Defendants on the other hand, and the amount in controversy exceeds $75,000. The facts supporting jurisdiction are as follows:

**BACKGROUND**

2. On April 12, 2013, an action was commenced by Plaintiff, TOPA Insurance Company (hereinafter "Plaintiff") against Defendants, Electrolux North America, Inc., Electrolux Home Products, Inc., and Sears, Roebuck and Co., in the San Bernardino Superior Court, Case No. CIVDS 1303809. A copy of the Complaint is attached hereto as **Exhibit "A"**.

3. Defendant, Sears, Roebuck and Co. was served with the Complaint on April 29, 2013. Plaintiff has granted Sears an extension of time to respond to the Complaint, through and including June 5, 2013. Defendants, Electrolux North America, Inc. and Electrolux Home Products, Inc. were served on May 3, 2013 and May 6, 2013 respectively. Accordingly, this Notice is timely filed in compliance with the requirements of 28 U.S.C. Section 1441 (b).

4. The Complaint names the three defendants noted above. Defendants, Electrolux North America, Inc. is a corporation, which was incorporated in the State of Ohio. Electrolux Home Products, Inc. is corporation, which was incorporated in the State of Delaware. Defendant, Sears, Roebuck & Co. is a corporation which was incorporated in the State of New York (*see* Exhibit "A", Complaint, paragraph 3).

5. Plaintiff, TOPA Insurance Company is a corporation which was incorporated in the State of California (*see* Exhibit "A", Complaint, paragraph 1).

6. The underlying state court action is a civil action which arises from a fire

2

NOTICE OF REMOVAL OF ACTION

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

that occurred in a residential property located at 5363 Elm Avenue in San Bernardino, California (*see* Exhibit "A", Complaint, paragraph 17). The home was owned by Plaintiff's insureds, Edgar Colin and Aida Guevera (see Complaint, paragraphs 12 and 17). Plaintiff contends that a gas dryer manufactured by the Electrolux defendants, and purchased from Defendant, Sears, was defective in design. Plaintiff further claims that such alleged defect caused the fire, and thus resulted in property damage of $218,556.00 (*see* Exhibit "A", Complaint, paragraphs 12, 18 and 19).

7. No proceedings have taken place in the State Court, other than the filing of the Complaint.

8. No discovery has been served in the State Court action.

9. Neither answers nor other responsive pleadings have been filed in the State Court action.

10. This Notice of Removal is filed within one year after service of the Complaint, in compliance with 28 U.S.C. Section 1446 (b) and Fed. R. Civ. Proc. 6 (a).

11. The underlying State Court action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this Court by Defendants, pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between entities of different states.

### DIVERSITY OF CITIZENSHIP

12. Plaintiff is TOPA Insurance Company, and was incorporated in the State of New York (*see* Declaration of Sanaz Cherazaie and **Exhibit "B"**, California Secretary of State, Corporate Filing Summary, showing that Articles of Incorporation were filed by Topa Insurance Company in the State of

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

3

NOTICE OF REMOVAL OF ACTION

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

1     California).

2    13. Defendant, Sears, Roebuck and Co. was, and currently is, incorporated in the

3         State of New York (*see* Declaration of Sanaz Cherazaie, and **Exhibit "C"**,

4         California Secretary of State, Corporate Filing Summary, showing that a

5         Statement & Designation by Foreign Corporation was filed by Sears,

6         Roebuck and Co., and which shows that Defendant, Sears, Roebuck and Co

7         is incorporated in the State of New York).

8    14. Defendant, Electrolux North America, Inc. was, and currently is,

9         incorporated in the State of Ohio (*see* Declaration of Sanaz Cherazaie, and

10        **Exhibit "D"**, Ohio Secretary of State, Corporate Filing Summary and

11        Articles of Incorporation, showing that Electrolux North America, Inc. was

12        incorporated in the State of Ohio).

13    15. Defendant, Electrolux Home Products, Inc. was, and currently is,

14        incorporated in the State of Delaware (*see* Declaration of Sanaz Cherazaie,

15        and **Exhibit "E"**, California Secretary of State Business Entity Detail for

16        Electrolux Home Products, Inc., showing that Defendant, Electrolux North

17        America, Inc. was, and currently is, incorporated in the State of Delaware).

18    16. Accordingly, none of the defendants to this action are citizens of the State of

19        California, where the action was brought, and the citizenship of all

20        defendants is diverse from that of Plaintiff.

21                 **AMOUNT IN CONTROVERSY**

22    17. The Complaint alleges damages in the amount of $218, 556.00 (*see* Exhibit

23        "A", Complaint, paragraph 19, and page 7, line 15).

24                       **NOTICE**

25    18. Pursuant to 28 U.S.C. Section 1446 (d), proper notice will be given to

26        Plaintiff herein, by and through counsel of record, and to the Clerk of the

27        / / /

28

MLA/TOPA/COLIN\REMOVAL NOTICE

**NOTICE OF REMOVAL OF ACTION**

1    Superior Court of San Bernardino, which will be filed in that Court.  A true

2    and correct copy of such notice is attached as **Exhibit "F"**.

3

4    DATED:  June _5_ 2013          PRINDLE, AMARO, GOETZ,
                                     HILLYARD, BARNES & REINHOLTZ LLP
5

6                                   By: _____

7                                     MICHAEL L. AMARO
                                       SANAZ CHERAZAIE
8                                      Attorneys for Defendants,
                                       ELECTROLUX HOME PRODUCTS,
9                                      INC.; ELECTROLUX NORTH
                                       AMERICA, INC.; and SEARS,
10                                     ROEBUCK and CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

## DECLARATION OF SANAZ CHERAZAIE

I, SANAZ CHERAZAIE, declare:

I am an attorney, duly licensed to practice law in all the courts of the State of California, and am an associate in the law firm of Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP, attorneys of record for Defendants, ELECTROLUX NORTH AMERICA, INC., ELECTROLUX HOME PRODUCTS, INC., and SEARS, ROEBUCK AND CO (hereinafter collectively "Defendants"). As such, I have personal knowledge of the files and pleadings in this matter, as well as the facts stated below. If called upon as a witness, I could and would competently testify as follows:

1. On April 12, 2013, an action was commenced by Plaintiff, TOPA Insurance Company (hereinafter "Plaintiff"), against Electrolux North America, Inc., Electrolux Home Products, Inc., and Sears, Roebuck and Co., in the San Bernardino Superior Court, Case No. CIVDS 1303809. A true and correct copy of the Complaint is attached hereto as **Exhibit "A"**.

2. Defendant, Sears, Roebuck and Co. was served with the Complaint on April 29, 2013. Plaintiff has granted Sears an extension of time to respond to the Complaint, through and including June 5, 2013. Defendants, Electrolux North America, Inc. and Electrolux Home Products, Inc. were served on May 3, 2013 and May 6, 2013 respectively. Accordingly, this Notice is timely filed in compliance with the requirements of 28 U.S.C. Section 1441 (b).

3. The Complaint names the three defendants noted above. The Complaint names the three defendants noted above. Defendants, Electrolux North America, Inc. is a corporation incorporated in the State of Ohio. Electrolux Home Products, Inc. is corporation, which was incorporated in the State of Delaware. Defendant, Sears, Roebuck & Co. is a corporation which was incorporated in the State of New York (*see* Exhibit "A", Complaint, paragraph 3).

1

4. Plaintiff, TOPA Insurance Company is a corporation which was incorporated in the State of California (*see* Exhibit "A", Complaint, paragraph 1).

5. The underlying state court action is a civil action which arises from a fire that occurred in a residential property located at 5363 Elm Avenue in San Bernardino, California (*see* Exhibit "A", Complaint, paragraph 17). The home was owned by Plaintiff's insureds, Edgar Colin and Aida Guevera (see Complaint, paragraphs 12 and 17). Plaintiff contends that a gas dryer manufactured by the Electrolux defendants, and purchased from Defendant, Sears, was defective in design. Plaintiff further claims that such defect caused the fire, and thus resulted in property damage of $218,556.00 (*see* Exhibit "A", Complaint, paragraphs 12, 18 and 19).

6. No proceedings have taken place in the State Court, other than the filing of the Complaint.

7. No discovery has been served in the State Court action.

8. Neither answers nor other responsive pleadings have been filed in the State Court action.

9. This Notice of Removal is filed within one year after service of the Complaint, in compliance with 28 U.S.C. Section 1446 (b) and Fed. R. Civ. Proc. 6 (a).

10. The underlying State Court action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this Court by Defendants, pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between entities of different states.

11. Plaintiff is TOPA Insurance Company, and was incorporated in the State of

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

2

New York.  Attached hereto as **Exhibit "B"** is a true and correct copy of the California Secretary of State, Corporate Filing Summary, showing that Articles of Incorporation were filed by Topa Insurance Company in the State of California.

12. Defendant, Sears, Roebuck and Co. was, and currently is, incorporated in the State of New York.  Attached hereto as **Exhibit "C"** is a true and correct copy of the California Secretary of State, Corporate Filing Summary, showing that a Statement & Designation by Foreign Corporation was filed by Sears, Roebuck and Co., and which shows that Defendant, Sears, Roebuck and Co is incorporated in the State of New York.

13. Defendant, Electrolux North America, Inc. was, and currently is, incorporated in the State of Ohio.  Attached hereto as **Exhibit "D"** is a true and correct copy of the Ohio Secretary of State, Corporate Filing Summary and Articles of Incorporation, showing that Electrolux North America, Inc. was, and currently is, incorporated in the State of Ohio.

14. Defendant, Electrolux Home Products, Inc. was, and currently is, incorporated in the State of Delaware. Attached hereto as **Exhibit "E"** is a true and correct copy of the California Secretary of State Business Entity Detail for Electrolux Home Products, Inc., showing that Defendant, Electrolux North America, Inc. was, and currently is, incorporated in the State of Delaware.

15. Accordingly, none of the defendants to this action are citizens of the State of California, where the action was brought, and the citizenship of all defendants is diverse from that of Plaintiff.

16. The Complaint alleges damages in the amount of $218, 556 (*see* Exhibit "A", Complaint, paragraph 19, and page 7, line 15).

17. Pursuant to 28 U.S.C. Section 1446 (d), proper notice will be given to Plaintiff herein, by and through its counsel of record, and to the Clerk of the

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

3

1        Superior Court of San Bernardino, which will be filed in that Court.   A true

2   and correct copy of such notice is attached as **Exhibit "F"**.

3       I declare under penalty of perjury under the laws of the State of California that

4   the foregoing is true and correct, and that this declaration is executed on

5   June 5, 2013   , at Long Beach, California.

6

7

SANAZ CHERAZAIE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

4

**NOTICE OF REMOVAL OF ACTION**

MLA/TOPA/COLIN/REMOVAL NOTICE

# EXHIBIT A

1  Robert A. Ring, Bar No. 97850
Susan H. Green, Bar No. 101736
2  RING & GREEN
3435 Overland Avenue
3  Los Angeles, California 90034
Telephone No.:  (310) 226-2550
4  Facsimile No.:  (310) 226-2459

5  Attorneys for Plaintiff Topa
Insurance Company

6

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 12 2013

BY _Leanne M. Landeros_
LEANNE M. LANDEROS, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN BERNARDINO

10

11

12  TOPA INSURANCE COMPANY,        )  CASE NO.:
                                    )  CIVDS 1303809
13            Plaintiff,            )  COMPLAINT FOR DAMAGES:
                                    )
14  v.                              )  1.   SUBROGATION-PRODUCTS
                                    )       LIABILITY;
15  ELECTROLUX NORTH AMERICA,       )  2.   SUBROGATION-NEGLIGENCE;
    INC.; ELECTROLUX HOME           )  3.   SUBROGATION-FAILURE TO
16  PRODUCTS, INC.; SEARS, ROEBUCK  )       WARN; AND
    AND CO.; and DOES 1 through 100,)  4.   MONEY PAID
17  inclusive, and each of them,    )
                                    )
18            Defendants.           )
                                    )
19                                  )

20           Plaintiff Topa Insurance Company ("Plaintiff") hereby alleges as follows:

21                            FIRST CAUSE OF ACTION

22      (For Subrogation based on Strict Products Liability against Electrolux, Sears and DOES 1-60)

23           1.    Plaintiff is, and at all times herein mentioned has been, a corporation duly

24  organized and existing under and by virtue of the laws of the State of California and transacting

25  business as an insurance company.

26           2.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

27  Electrolux North America, Inc. and Electrolux Home Products, Inc. (collectively "Electrolux")

28
    F:\TIC\1\Electrolux.2\Complaint.wpd
                                              1
                                    Complaint for Damages

1  are, and at all times herein mentioned have been, corporations duly organized and existing under

2  and by virtue of the laws of the State of Ohio. Plaintiff further is informed and believes, and based

3  thereon alleges, that said Defendants are, and during the relevant time period herein were,

4  transacting business in San Bernardino County, California.

5       3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

6  Sears, Roebuck and Co. ("Sears") is, and at all times herein mentioned has been, a corporation

7  duly organized and existing under and by virtue of the laws of the State of New York. Plaintiff

8  further is informed and believes, and based thereon alleges, that said Defendant is, and during the

9  relevant time period herein has been, transacting business in San Bernardino County, California.

10       4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein

11  as DOES 1 through 100, inclusive, whether individual, corporate, partnership, sole proprietorship

12  or some other form of business organization, and, therefore, sues said Defendants by such fictitious

13  names. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously

14  named Defendants is responsible in some manner for the events described herein and is liable to

15  Plaintiff for the damages it has incurred. Plaintiff will amend this Complaint to show the true

16  names and capacities of the fictitiously named Defendants when the same have been ascertained.

17       5.    Plaintiff is informed and believes, and based thereon alleges, that at all times

18  mentioned herein, Defendants, and each of them, were the agents, servants, employees and/or joint

19  venturers of each of the remaining Defendants and in doing the things herein alleged were acting

20  within the purpose and scope of said agency, employment and/or joint venturer. The exact terms

21  and conditions of the employment, agency and/or joint venturer relationships are unknown to

22  Plaintiff at this time, but when the information is ascertained, leave of court will be sought to insert

23  the appropriate allegations.

24       6.    Defendants Electrolux and DOES 1 through 20, inclusive, and each of them,

25  are, and at all times herein mentioned have been, engaged in the business of designing,

26  manufacturing, assembling and selling dryers for sale to and use by members of the general public,

27  and as part of their business, said Defendants, and each of them, designed, manufactured and/or

28

T:\LIB\TIC\1\Electrolux.2\Complaint.wpd           2

Complaint for Damages

1 assembled a line of dryers described as Kenmore Dryers, Model No. 41793042200, including the

2 specific Kenmore dryer hereinafter referred to.

3      7.     Defendants DOES 15 through 40, inclusive, and each of them, are, and at all

4 times herein mentioned have been, engaged in the business of designing, fabricating, manufacturing

5 and/or assembling certain component parts and supplying them to Defendants Electrolux and DOES

6 1 through 20, inclusive, and each of them, among other entities, and as a part of their business,

7 supplying to Defendants Electrolux and DOES 1 through 20, inclusive, and each of them,

8 component parts for the dryer hereinafter referred to.

9      8.     Defendants Sears and DOES 41 through 60, inclusive, and each of them, are and

10 at all times herein mentioned have been, engaged in the business of selling at retail to members of

11 the general public, among other things, new Kenmore dryers, Model No. 41793042200, including

12 the specific Kenmore dryer hereinafter referred to that was designed, manufactured and assembled

13 by Defendants Electrolux and DOES 1 through 20, inclusive, and each of them, that contained

14 parts manufactured by Defendants DOES 15 through 40, inclusive, and each of them, and that is

15 the subject of this lawsuit.

16      9.     Plaintiff further is informed and believes, and based thereon alleges, that during

17 the relevant time period herein, Defendants DOES 55 though 80, inclusive, and each of them,

18 were, among other things, in the business of servicing, repairing, fixing, and otherwise assisting in

19 the repairs and maintenance of Kenmore dryers, including the specific Kenmore dryer hereinafter

20 referred to.

21      10.     Defendants Electrolux and DOES 1 through 20, inclusive, and each of them,

22 knew and intended that their Kenmore dryers, including the specific Kenmore dryer that is the

23 subject hereof, were to be used by members of the general public in their homes. Defendants

24 DOES 15 through 40, inclusive, and each of them, knew and intended that the parts supplied by

25 them to Defendants Electrolux and DOES 1 through 20, inclusive, and each of them, were to be

26 installed and incorporated by the latter into their Kenmore dryers.

27      11.     Defendants Electrolux and DOES 1 through 60, inclusive, and each of them,

28 further knew that said Kenmore dryers would be purchased and/or leased from Defendants DOES

T:\LIB\TIC\1\Electrolux.2\Complaint.wpd

3

Complaint for Damages

1   Sears and 41 through 60, inclusive, and each of them, or from other retailers, without inspection

2   for defects.

3       12.     Plaintiff is informed and believes, and based thereon alleges, that in or about

4   January of 2005, Edgar Colin and Aida Guevera (collectively "Guevera") acquired from

5   Defendants Sears and DOES 41 through 60, inclusive, and each of them, a Kenmore dryer, Model

6   41793042200 (the "Dryer"), which had been manufactured, designed and/or assembled by

7   Defendants Electrolux and DOES 1 through 20, inclusive, and each of them. At that time, said

8   Defendants, and each of them, had installed into the Dryer parts designed, fabricated, manufactured

9   and/or assembled by Defendants DOES 15 through 40, inclusive and each of them.

10      13.     At the time Guevera purchased the Dryer, the Dryer was defective and unsafe

11  for its intended purpose in that, among other things, Defendants Electrolux and DOES 1 through

12  40, inclusive, each of them, had improperly designed, manufactured, assembled and/or installed the

13  Dryer and the component parts in the Dryer so as to create a potential fire hazard.

14      14.     At the time Guevera acquired the Dryer, Guevera was unaware of any defects in

15  said Dryer.

16      15.     At all times Guevera used the Dryer only for the purpose for which intended and

17  in the manner in which intended.

18      16.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

19  Sears and DOES 55 though 80, inclusive, and each of them, may have serviced the Dryer.

20      17.     On or about November 17, 2010, Guevera resided at 5363 Elm Avenue, San

21  Bernardino, CA 92404 (the "House"), at which address he also kept and used the Dryer. Plaintiff

22  insured Guevera and the House pursuant to a duly issued insurance policy (the "Policy").

23      18.     On or about November 17, 2010, the Dryer erupted into flames while being used

24  by Guevera as a proximate result of the defects in the Dryer and its component parts.

25      19.     As a proximate result of said defects and the fire, Guevera sustained property

26  damages in the amount of $218,556.00.

27      20.     On or before April 1, 2011, Plaintiff, in accordance with the terms of the Policy,

28  paid $218,556.00 in connection with the property damages sustained as a result of the fire.

T:\LJB\TJC1\Electrolux, 2\Complaint.wpd                     4

Complaint for Damages

21.     Pursuant to the Policy and the doctrine of subrogation, Plaintiff is entitled to pursue the collection of all sums paid from the parties responsible for the damages sustained.

22.     Plaintiff notified Defendants, and each of them, of the payments made by Plaintiff and its insured, and of Plaintiff's right to subrogation, and demanded payment from Defendants, and each of them, in the sum of $218,556.00.

23.     Notwithstanding said demands, Defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay Plaintiff the whole or any part thereof.

### SECOND CAUSE OF ACTION

(For Subrogation based on General Negligence against All Defendants)

24.     Plaintiff repeats, repleads and realleges each and every allegation set forth in paragraphs 1 through 23, inclusive, of this Complaint, as though fully set forth hereat.

25.     Defendants, and each of them, so negligently, carelessly, recklessly and unlawfully designed, manufactured, assembled, installed, repaired and/or maintained the Dryer and its component parts in an improper way, so as to proximately cause the damages hereinafter described.

26.     As a proximate result of the negligence of Defendants, and each of them, Guevera sustained property damages in the amount of $218,556.00.

27.     On or before April 1, 2011, Plaintiff, in accordance with the terms of the Policy, paid $218,556.00 in connection with the property damages sustained as a result of the fire.

28.     Pursuant to the Policy and the doctrine of subrogation, Plaintiff is entitled to pursue the collection of all sums paid from the parties responsible for the damages sustained.

29.     Plaintiff notified Defendants, and each of them, of the payments made by Plaintiff and its insured, and of Plaintiff's right to subrogation, and demanded payment from Defendants, and each of them, in the sum of $218,556.00.

30.     Notwithstanding said demands, Defendants, and each of them, have failed and refused, and continue to fail and refuse, to pay Plaintiff the whole or any part thereof.

1           THIRD CAUSE OF ACTION

2      (For Subrogation Based on Failure to Warn against Electrolux and DOES 1-60)

3        31.    Plaintiff repeats, repleads and realleges each and every allegation set forth in

4   paragraphs 1 through 30, inclusive, of this Complaint, as though fully set forth hereat.

5        32.    The Dryer and its component parts were manufactured, assembled, installed,

6   repaired, maintained and/or sold by Defendants, and each of them, and were marketed by said

7   Defendants and intended by said Defendants to be used by technically unsophisticated consumers.

8        33.    At the time Guevera acquired the Dryer, Dryer was defective and unsafe for its

9   intended purpose and so improperly manufactured, installed, repaired and/or assembled in and of

10  themselves so as to create a fire hazard.

11       34.    As such, the Dryer was defective in that said Defendants, and each of them,

12  failed to warn Guevera of conditions and circumstances surrounding their use of the Dryer, which

13  if used in the manner for which intended still could catch on fire, such as the fire which resulted.

14       35.    As a proximate result of the failure of Defendants, and each of them, to warn

15  ~~Guevera of the fire hazards in connection with the Dryer, and on or about November 17, 2010, the~~

16  Dryer erupted into flames, and Guevera sustained property damages as a result in the amount of

17  $218,556.00.

18       36.    On or before April 1, 2011, Plaintiff, in accordance with the terms of the Policy,

19  paid $218,556.00 in connection with the property damages sustained as a result of the fire.

20       37.    Pursuant to the Policy and the doctrine of subrogation, Plaintiff is entitled to

21  pursue the collection of all sums paid from the parties responsible for the damages sustained.

22       38.    Plaintiff notified Defendants, and each of them, of the payments made by

23  Plaintiff and its insured, and of Plaintiff's right to subrogation, and demanded payment from

24  Defendants, and each of them, in the sum of $218,556.00.

25       39.    Notwithstanding said demands, Defendants, and each of them, have failed and

26  refused, and continue to fail and refuse, to pay Plaintiff the whole or any part thereof.

27

28  T:\LIB\T\C1\Electrolux.2\Complaint.wpd           6

Complaint for Damages

1                    FOURTH CAUSE OF ACTION

2              (For Money Paid against All Defendants)

3          40.    Plaintiff repeats, repleads and realleges each and every allegation set forth in

4  paragraphs 1 through 5, inclusive, of this Complaint, as though fully set forth hereat.

5         41.    Within the last two years, in San Bernardino, California, Defendants, and each

6  of them, became indebted to Plaintiff and its assignor in the amount of $218,556.00, for money

7  paid by Plaintiff for the benefit of said Defendants, and each of them.

8         42.    No portion of the above sum has been paid, notwithstanding demand therefor by

9  Plaintiff, and there is now due, owing and unpaid from said Defendants, and each of them, to

10  Plaintiff, the sum of $218,556.00, together with interest thereon, calculated at the maximum legal

11  rate, from and after April 1, 2011.

12        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

13  follows:

14                 ON ALL CAUSES OF ACTION

15        1.    For damages in the amount of $218,556.00;

16        2.    For interest on the above sum at the maximum legal rate from and after April 1,

17  2011;

18        3.    For costs of suit incurred herein; and

19        4.    For such other and further relief as the Court may deem just and proper.

20

21  Dated: March 29, 2013        RING & GREEN

22

23                 By: _____
                      Susan H. Green
                 Attorneys for Plaintiff Topa Insurance Company

24

25

26

27

28
T:\LIB\TIC1\Electrolux.2\Complaint.wpd         7

# EXHIBIT B

# California Secretary of State

| Corporate Filing | |
|---|---|
| Business Information | |
| Filing Number: | C1320200 |
| Name: | TOPA INSURANCE COMPANY |
| Name Type: | LEGAL |
| Standard Mailing Address: | 1800 AVENUE OF THE STARS STE 1200 LOS ANGELES, CA 90067-4200 |

## Corporate Filing

| | |
|---|---|
| **Original Mailing Address:** | 1800 AVENUE OF THE STARS #1200<br>LOS ANGELES<br>CA<br>90067 |
| **Business Type:** | CORPORATION |
| **Filing Type:** | ARTICLES OF INCORPORATION |
| **Status:** | ACTIVE |
| **Place Incorporated:** | CALIFORNIA |
| **Date Incorporated:** | 10/04/1984 |
| **Foreign/Domestic:** | DOMESTIC |
| **For Profit:** | YES |
| **Tax Program:** | NOT SUSPENDED (GOOD STANDING) |

## Registered Agent

| | |
|---|---|
| **Name:** | SHERRIN, DANIEL |
| **Title:** | REGISTERED AGENT |
| **Registered Agent Address Type:** | MAILING |
| **Registered Agent Address:** | 1800 AVENUE OF THE STARS STE 1200<br>LOS ANGELES, CA 90067-4200 |

## Stock Information

| Stock | |
|---|---|
| **Additional Information:** | STOCK |

| Stock | |
|---|---|
| **Additional Information:** | STOCK |

## Historical Registered Agents

| Name | Address | Contact Info |
|---|---|---|
| SHERRIN, DANIEL<br>Title: REGISTERED AGENT | 1800 AVENUE OF THE STARS STE 1200<br>LOS ANGELES, CA 90067-4200 | |
| SHERRIN, DANIEL<br>Title: REGISTERED AGENT | 1800 AVENUE OF THE STARS STE 1200<br>LOS ANGELES, CA 90067-4200 | |
| SHERRIN, DANIEL<br>Title: REGISTERED AGENT | 1800 AVENUE OF THE STARS FL 12TH<br>LOS ANGELES, CA 90067-4201 | |

## Officers

| Name | Date(s) | Standardized Address | Original Address |
|---|---|---|---|
| MARFATIA, NOSHIRWAN<br>Title: PRESIDENT<br>Contact Type: OFFICER | | Type: CONTACT<br>1800 AVENUE OF THE STARS STE 1200<br>LOS ANGELES, CA 90067-4200 | 1800 AVENUE OF THE STARS #1200<br>LOS ANGELES<br>CA<br>90067 |

## Filing History

| Filing Date | Filing Type | Number | Description | Misc. |
|---|---|---|---|---|
| 09/01/2011 | FILING | Ref No.: 0689830 | STATEMENT OF OFFICERS | |
| 09/06/2006 | FILING | | CERTIFICATE OF AMENDMENT | |
| 09/06/2006 | FILING | Ref No.: A0650090 | CERTIFICATE OF AMENDMENT;PAGE COUNT: 01 | |

Results

### Filing History

| | | | |
|---|---|---|---|
| 09/06/2006 | FILING | Ref No.: A0650090 | CERTIFICATE OF AMENDMENT |
| 10/21/1999 | FILING | | CERTIFICATE OF AMENDMENT |
| 10/21/1999 | FILING | Ref No.: A0533191 | CERTIFICATE OF AMENDMENT;PAGE COUNT: 01 |
| 10/21/1999 | FILING | Ref No.: A0533191 | CERTIFICATE OF AMENDMENT |
| 08/11/1997 | FILING | Ref No.: 0371850 | STATEMENT OF OFFICERS |
| 12/30/1985 | FILING | Corp No.: C1320200 | CERTIFICATE OF AMENDMENT;NAME CHANGED FROM: UNIVERSAL SECURITY INSURANCE COMPANY |
| 12/30/1985 | FILING | Ref No.: A0309084 Corp No.: C1320200 | CERTIFICATE OF AMENDMENT;NAME CHANGED FROM:UNIVERSAL SECURITY INSURANCE COMPANY; PAGE COUNT: 02 |
| 12/30/1985 | FILING | Ref No.: A0309084 Corp No.: C1320200 | CERTIFICATE OF AMENDMENT;NAME CHANGED FROM: UNIVERSAL SECURITY INSURANCE COMPANY |
| 01/02/1985 | FILING | Corp No.: C1320200 | CERTIFICATE OF AMENDMENT;NAME CHANGED FROM: UNIVERSAL SECURITY INSURANCE COMPANY OF CALIFORNIA |
| 01/02/1985 | FILING | Ref No.: A0292063 Corp No.: C1320200 | CERTIFICATE OF AMENDMENT;NAME CHANGED FROM:UNIVERSAL SECURITY INSURANCE COMPANY OF CALIFORNIA; PAGE COUNT: 02 |
| 01/02/1985 | FILING | Ref No.: A0292063 Corp No.: C1320200 | CERTIFICATE OF AMENDMENT;NAME CHANGED FROM: UNIVERSAL SECURITY INSURANCE COMPANY OF CALIFORNIA |
| | FILING | Ref No.: 0371850 | STATEMENT OF OFFICERS |
| | FILING | Ref No.: 0702478 | STATEMENT OF OFFICERS |
| | FILING | Ref No.: 0714842 | STATEMENT OF OFFICERS |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system

# EXHIBIT C

Results                                                                Page 1 of 5

View: Results List | **Full**          ◁PREV 6 of 80 NEXT▷

**Search:** Corporation Filings ▦ > Search Results > Corporation Filings
Report

**Terms:** company(**sears roebuck**) ( Edit Search | New Search )          ☐ Select for
Delivery

---

**Further Searches**

Comprehensive
Person Report
Comprehensive
Business Report
Locate a Business
(Nationwide)
Uniform Commercial
Code Filings
Delaware Secretary
of State $
Criminal Records
Deed Images $
Parcel Maps $
Foreclosure Activity
Status $
Real Property
Voluntary Lien
Transaction $
Real Property
Valuation $
Real Property
Valuation & Risk
Assessment $
Neighborhood
Demographics $

---

# California Secretary of State

| Corporate Filing | |
|---|---|
| Business Information | |
| Filing Number: | C0122778 |
| Name: | SEARS, ROEBUCK AND CO. |
| Name Type: | LEGAL |
| Standard Mailing Address: | 3333 BEVERLY ROAD B2-130B HOFFMAN ESTATES, IL 60179-0001 |

## Corporate Filing

| | |
|---|---|
| **Original Mailing Address:** | 3333 BEVERLY ROAD, B2-130B HOFFMAN ESTATES IL 60179 |
| **Business Type:** | CORPORATION |
| **Filing Type:** | STATEMENT & DESIGNATION BY FOREIGN CORPORATION |
| **Status:** | ACTIVE |
| **Foreign State of Incorporation:** | NEW YORK |
| **Foreign/Domestic:** | FOREIGN |
| **Foreign Incorporation Date:** | 03/07/1927 |
| **For Profit:** | YES |
| **Tax Program:** | NOT SUSPENDED (GOOD STANDING) |

## Registered Agent

| | |
|---|---|
| **Name:** | C T CORPORATION SYSTEM |
| **Title:** | REGISTERED AGENT |
| **Registered Agent Address Type:** | MAILING |
| **Registered Agent Address:** | 818 W 7TH ST LOS ANGELES, CA 90017-3407 |

## Stock Information

Stock

| | |
|---|---|
| **Additional Information:** | STOCK |

Stock

| | |
|---|---|
| **Additional Information:** | STOCK |

## Officers

| Name | Date(s) | Standardized Address | Original Address |
|---|---|---|---|
| DAMBROSIO, LOUIS J<br>Title: PRESIDENT<br>Contact Type: OFFICER | | Type: CONTACT<br>3333 BEVERLY RD<br>HOFFMAN<br>ESTATES, IL 60179-0001 | 3333 BEVERLY ROAD<br>HOFFMAN ESTATES<br>IL<br>60179 |

## Historical Contacts

| Name | Date(s) | Standard Address | Original Address |
|---|---|---|---|
| JOHNSON, W BRUCE<br>Title: PRESIDENT<br>Contact Type: OFFICER | | Type: CONTACT<br>3333 BEVERLY RD<br>HOFFMAN<br>ESTATES, IL 60179-0001 | 3333 BEVERLY ROAD<br>HOFFMAN ESTATES<br>IL<br>60179 |
| LEWIS, AYLWIN B<br>Title: PRESIDENT<br>Contact Type: OFFICER | | Type: CONTACT<br>3333 BEVERLY RD<br>HOFFMAN<br>ESTATES, IL 60179-0001 | 3333 BEVERLY ROAD<br>HOFFMAN ESTATES<br>IL<br>60179 |
| LACY, ALAN J<br>Title: PRESIDENT<br>Contact Type: OFFICER | | Type: CONTACT<br>3333 BEVERLY RD<br>HOFFMAN<br>ESTATES, IL 60179-0001 | 3333 BEVERLY ROAD<br>HOFFMAN ESTATES,<br>IL |
| LACY, ALAN J<br>Title: PRESIDENT<br>Contact Type: OFFICER | | Type: CONTACT<br>3333 BEVERLY RD<br>HOFFMAN<br>ESTATES, IL 60179-0001 | 3333 BEVERLY ROAD<br>HOFFMAN_ESTATES,<br>IL |

## Filing History

| Filing Date | Filing Type | Number | Description | Misc. |
|---|---|---|---|---|

Results                                                         Page 3 of 5

| Filing History | | | |
|---|---|---|---|
| 02/13/2012 | FILING | Ref No.: EJ63674 | STATEMENT OF OFFICERS |
| 01/23/2009 | FILING | Ref No.: E687161 | STATEMENT OF OFFICERS |
| 02/15/2005 | FILING | Ref No.: E109739 | STATEMENT OF OFFICERS |
| 04/01/2004 | FILING | | CORPORATE DISCLOSURE STATEMENT BY PUBLICLY TRADED CORP |
| 04/01/2004 | FILING | Ref No.: 0668071 | STATEMENT OF OFFICERS |
| 04/01/2004 | FILING | Ref No.: 0668071 | CORPORATE DISCLOSURE STATEMENT BY PUBLICLY TRADED CORP |
| 04/01/2004 | FILING | Ref No.: 0668071 | |
| 10/30/2003 | FILING | | CORPORATE DISCLOSURE STATEMENT BY PUBLICLY TRADED CORP |
| 10/30/2003 | FILING | Ref No.: 0694756 | STATEMENT OF OFFICERS |
| 10/30/2003 | FILING | Ref No.: 0694756 | CORPORATE DISCLOSURE STATEMENT BY PUBLICLY TRADED CORP |
| 10/30/2003 | FILING | Ref No.: 0694756 | |
| 08/13/2002 | FILING | | SECRETARY OF STATE REVIVER |
| 08/02/2002 | FILING | Ref No.: 0574042 | STATEMENT OF OFFICERS |
| 07/18/2002 | FILING | | SECRETARY OF STATE FORFEITURE |
| 04/11/1972 | FILING | | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 04/11/1972 | FILING | Ref No.: A0120602 | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION;PAGE COUNT: 02 |
| 04/11/1972 | FILING | Ref No.: A0120602 | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 12/22/1955 | FILING | | CERTIFICATE OF AMENDMENT;PAGE COUNT: 08 |
| 12/22/1955 | FILING | | CERTIFICATE OF AMENDMENT |
| 03/22/1955 | FILING | | MERGER;MERGED IN DE; OLD NAME: HENRY-ROSE STORES, INC.; PAGE COUNT: 05 |

## Filing History

| Date | Type | Description |
| --- | --- | --- |
| 03/22/1955 | FILING | MERGER;MERGED IN DE;HENRY-ROSE STORES, INC. |
| 09/28/1953 | FILING | CERTIFICATE OF AMENDMENT;PAGE COUNT: 03 |
| 09/28/1953 | FILING | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 09/28/1953 | FILING | CERTIFICATE OF AMENDMENT |
| 06/08/1953 | FILING | CERTIFICATE OF AMENDMENT;PAGE COUNT: 06 |
| 06/08/1953 | FILING | CERTIFICATE OF AMENDMENT |
| 02/27/1953 | FILING | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION;PAGE COUNT: 02 |
| 02/27/1953 | FILING | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 05/24/1951 | FILING | CERTIFICATE OF AMENDMENT |
| 02/10/1949 | FILING | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION;PAGE COUNT: 01 |
| 02/10/1949 | FILING | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 05/28/1948 | FILING | CERTIFICATE OF AMENDMENT;PAGE COUNT: 04 |
| 05/28/1948 | FILING | CERTIFICATE OF AMENDMENT |
| 10/23/1945 | FILING | CERTIFICATE OF AMENDMENT;PAGE COUNT: 03 |
| 10/23/1945 | FILING | CERTIFICATE OF AMENDMENT |
| 05/17/1941 | FILING | CERTIFICATE OF AMENDMENT;PAGE COUNT: 02 |
| 05/17/1941 | FILING | CERTIFICATE OF AMENDMENT |
| 05/06/1941 | FILING | CERTIFICATE OF AMENDMENT;PAGE COUNT: 03 |
| 05/06/1941 | FILING | CERTIFICATE OF AMENDMENT |
| 05/22/1937 | FILING | AMENDED STATEMENT AND DESIGNATION BY FOREIGN |

Results                                                                              Page 5 of 5

**Filing History**

| | | | |
|---|---|---|---|
| | | | CORPORATION;PAGE COUNT: 01 |
| 05/22/1937 | FILING | | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 12/07/1936 | FILING | | CERTIFICATE OF AMENDMENT;PAGE COUNT: 03 |
| 12/07/1936 | FILING | | CERTIFICATE OF AMENDMENT |
| 06/04/1936 | FILING | | CERTIFICATE OF AMENDMENT;PAGE COUNT: 05 |
| 06/04/1936 | FILING | | CERTIFICATE OF AMENDMENT |
| 04/07/1930 | FILING | | CERTIFICATE OF AMENDMENT;PAGE COUNT: 05 |
| 04/07/1930 | FILING | | CERTIFICATE OF AMENDMENT |
| 02/25/1929 | FILING | | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION;PAGE COUNT: 02 |
| 02/25/1929 | FILING | | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION |
| 02/05/1929 | FILING | | AMENDED STATEMENT AND DESIGNATION BY FOREIGN CORPORATION;PAGE COUNT: 02 |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use:I have no permissible use
Your GLBA Permissible Use:I have no permissible use

 LexisNexis®

About LexisNexis | Terms & Conditions
Copyright© 2013 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT D

<u>Print this report</u>

**Corporation Details**

| Corporation Details | |
|---|---|
| Entity Number | 1056184 |
| Business Name | ELECTROLUX NORTH AMERICA, INC. |
| Filing Type | CORPORATION FOR PROFIT |
| Status | Active |
| Original Filing Date | 01/26/1999 |
| Expiry Date | |
| Location: CLEVELAND | County: CUYAHOGA          State: |

| Agent / Registrant Information |
|---|
| C T CORPORATION SYSTEM<br>1300 E NINTH ST STE 1010<br>CLEVELAND, OH 441140000<br>Effective Date: 01/26/1999<br>Contact Status: Active |

| Incorporator Information |
|---|
| WILLIAM G. E. JACOBS<br>DANIEL R. ELLIOTT<br>STANLEY R. MILLER |

| Share Information | | |
|---|---|---|
| Type | Par Value | Total |
| PAR VALUE COMMON | 10.00 | 100 |

| Filings | | |
|---|---|---|
| Filing Type | Date of Filing | Document Number/Image |
| DOMESTIC ARTICLES/FOR PROFIT | 01/26/1999 | 199902700484 |
| DOMESTIC/AMENDMENT TO ARTICLES | 08/16/2000 | 200023100606 |
| DOMESTIC/AMENDMENT TO ARTICLES | 02/04/2005 | 200504602622 |
| MERGER/DOMESTIC | 12/31/2009 | 200935800223 |
| MERGER/DOMESTIC | 12/31/2010 | 201036300170 |

| Old Names | |
|---|---|
| Effective Date | Old Name |
| 08/16/2000 | WHITE CONSOLIDATED HOLDINGS, INC. |
| 02/04/2005 | ELECTROLUX NORTH AMERICA, INC. |
| 12/31/2009 | ELECTROLUX HOLDINGS, INC. |

**Doc ID -->**      199902700484



Prescribed by
Bob Taft, Secretary of State
30 East Broad Street, 14th Floor
Columbus, Ohio 43266-0418
Form ARF (December 1990)

| Approved _____ |
| Date _____ |
| Fee _____ |

## ARTICLES OF INCORPORATION

(Under Chapter 1701 of the Ohio Revised Code)
Profit Corporation

The undersigned, desiring to form a corporation, for profit, under Sections 1701.01 et seq, of the Ohio Revised Code, do hereby state the following:

FIRST.   The name of said corporation shall be <u>White Consolidated Holdings, Inc.</u>

SECOND.   The place in Ohio where its principal office is to be located is <u>11770 Berea Road, Cleveland, Cuyahoga County, Ohio  44111</u>
(city, village or township)

THIRD.   The purpose(s) for which this corporation is formed is:  to engage in any lawful act or activity for which corporations may be organized under the Ohio Revised Code.

RECEIVED
JAN 2 8 1999
J. KENNETH BLACKWELL
SECRETARY OF STATE

FOURTH. The number of shares which the corporation is authorized to have

Doc ID --> 199902700484

outstanding is: (Please state whether shares are common or preferred, and their par value, if any. Shares will be recorded as common with no par value unless otherwise indicated.)

The total number of shares which the Corporation shall have authority to issue is One Hundred (100) shares and the par value of each such share is Ten Dollars ($10.00), amounting in the aggregate to One Thousand Dollars ($1,000.00).

IN WITNESS WHEREOF, we have hereunto subscribed our names, this ___25ᵗʰ___ day of __January_____, 1999___.

By: _____, Incorporator
William G. F. Jacobs

By: _____, Incorporator
Daniel R. Elliott

By: _____, Incorporator
Stanley R. Miller

Print or type Incorporators' names below their signatures.

# EXHIBIT E

Business Search - Business Entities - Business Programs

Case 1:10-at-00076    Document 1-4    Filed 02/10/2010    Page 2 of 3

*privacy* All people *Liberty* Speak *without discrimination*

## California Secretary of State Debra Bowen

**Business Entities (BE)**

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Mail Processing Times

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Annual/Biennial Statements

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alert
(misleading business
solicitations)

### Business Entity Detail

Data is updated weekly and is current as of Friday, January 22, 2010. It is not a complete or certified record

| | |
|---|---|
| Entity Name: | ELECTROLUX HOME PRODUCTS, INC. |
| Entity Number: | C1815883 |
| Date Filed: | 02/26/1992 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 20445 EMERALD PARKWAY SW SUITE 250 |
| Entity City, State, Zip: | CLEVELAND OH 44135 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 WEST SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Corporations Code section 2114 for information relating to service upon corporations that have surrend
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definiti

Modify Search    New Search    Printer Friendly    Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2010   California Secretary of State

# EXHIBIT F

COPY

1   PRINDLE, AMARO, GOETZ,
    HILLYARD, BARNES & REINHOLTZ LLP
2   Michael L. Amaro, Esq. (Bar No. 109514)
    Sanaz Cherazaie, Esq. (Bar No. 273944)
3   310 Golden Shore, Fourth Floor
    Long Beach, California 90802
4   Telephone: (562) 436-3946
    Facsimile: (562) 495-0564
5   mamaro@prindlelaw.com
    scherazaie@prindlelaw.com
6   WHIT8017

7   Attorneys for Defendants,
    ELECTROLUX HOME PRODUCTS, INC.;
8   ELECTROLUX NORTH AMERICA, INC.,
    and SEARS, ROEBUCK and CO.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JUN 0 6 2013

BY _____
NICOLE HYDUKOVICH, DEPUTY

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF SAN DIEGO

11

12  | TOPA INSURANCE COMPANY, | FEDERAL COURT CASE NO. _____ |
13  | Plaintiff, | STATE CASE NO. CIVDS 1303809 |
14  | v. | DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL DISTRICT COURT |
15  | ELECTROLUX NORTH AMERICA, INC.; HOME PRODUCTS, INC.; | |
16  | SEARS, ROEBUCK and CO.; and DOES 1 THROUGH 100, inclusive, and | Complaint Filed: April 12, 2013 |
17  | each of them, | |
18  | Defendants. | |

19

20       TO THE CLERK OF THE SUPERIOR COURT OF SAN BERNARDINO

21  COUNTY AND PLAINTIFF'S COUNSEL:

22       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446(d), Defendants,

23  ELECTROLUX HOME PRODUCTS, INC., ELECTROLUX NORTH AMERICA,

24  INC., and SEARS, ROEBUCK AND CO. (hereinafter collectively "Defendants"),

25  hereby give notice to the Superior Court of California, County of San Bernardino, and

26  to Plaintiff, TOPA INSURANCE COMPANY, that Defendants have filed a Notice of

27  Removal, removing the above-captioned action to the United States District Court for

28  the Central District of California, Riverside Division.   A copy of the Notice of

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

---

1

DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL
DISTRICT COURT

Removal is attached hereto, as Exhibit "A".

WHEREFORE, Defendants pray that the above-captioned action now pending against it in the Superior Court of California, County of San Bernardino, be removed therefrom to the United States District Court for the Central District of California, Riverside Division.

DATED: June 5 2013

PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP

By: _____
MICHAEL L. AMARO
SANAZ CHERAZAIE
Attorneys for Defendants,
ELECTROLUX HOME PRODUCTS,
INC.; ELECTROLUX NORTH
AMERICA, INC.; and SEARS,
ROEBUCK and CO.

DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL DISTRICT COURT

MLA/TOPA/COLINVREMOVAL NOTICE

LAW OFFICES OF
PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP

**PROOF OF SERVICE**
*Topa Insurance Company (Arreola) v. Electrolux Home Products, Inc., et al.*
*Case No. 37-2013-00029578-CU-PL-NC*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

    On June 5, 2013, I served the foregoing document described as **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL DISTRICT COURT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

    SEE ATTACHED SERVICE LIST

☒  **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐  **(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2013, at Long Beach, California.

_____
VANESSA J. GRINE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Topa Insurance Company (Arreola) v. Electrolux Home Products, Inc., et al.*
*Case No. 37-2013-00029578-CU-PL-NC*

### SERVICE LIST

Susan H. Green, Esq.
Ring & Green
3436 Overland Ave.
Los Angeles, CA  90034-5405

*Attorneys for Plaintiff*

Telephone:  (310) 226-2550
Fax:  (310) 226-2459
Email:  sgreen@ringgreen.com

Andrew N. Kohn, Esq.
Lauren E. Schue, Esq.
Pettit Kohn Ingrassia & Lutz PC
11622 El Camino Real 300
San Diego, CA  92130

*Attorneys for Defendant, Sears, Roebuck and Co.*

Telephone:  (858) 755-8500
Fax:  (858) 755-8504
Email:  schue@pettitkohn.com

1
2

**PROOF OF SERVICE**
*Topa Insurance Company (Arreola) v. Electrolux Home Products, Inc., et al.*
*Case No. 37-2013-00029578-CU-PL-NC*

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4      I am employed in the County of Los Angeles, State of California. I am over the age of 18
5  years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor,
Long Beach, California 90802.

6      On June ⟨⟩, 2013, I served the foregoing document described as **NOTICE OF
REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C.
7  SECTION 1441 (B) (DIVERSITY); DECLARATION OF SANAZ CHERAZAIE** on interested
parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

8
9      SEE ATTACHED SERVICE LIST

10  ☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and
processing of correspondence for mailing with the United States Postal Service. I am aware
11  that on motion of the party served, service is presumed invalid if postal cancellation date or
postage meter is more than one day after date of deposit for mailing in affidavit. I deposited
12  such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at
Long Beach, California.

13  ☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e),
calling for agreement and written confirmation of that agreement or court order, to the
14  number(s) listed above or on attached sheet. Said transmission was reported complete and
15  without error.

16  ☐ **(By Personal Service)** I caused to be delivered by hand by _____ to the
interested parties in this action by placing the above mentioned document(s) thereof in
17  envelope addressed to the office of the addressee(s) listed above or on attached sheet.

18  ☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed
package, for collection and for delivery marked for next day delivery in the ordinary course of
19  business, addressed to the office of the addressee(s) listed above or on attached sheet.

20  ☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the
addressee(s).

21  ☒ (State) I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23  ☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at
whose direction the service was made. I declare under penalty of perjury under the laws of
24  the United States of America that the foregoing is true and correct.

25  Executed on June ⟨⟩, 2013, at Long Beach, California.

26                                  VANESSA J. GRINE

27
28

1

*Topa Insurance Company (Arreola) v. Electrolux Home Products, Inc., et al.*
*Case No. 37-2013-00029578-CU-PL-NC*

2

3

**SERVICE LIST**

4

Susan H. Green, Esq.

5
Ring & Green
3436 Overland Ave.

6
Los Angeles, CA 90034-5405

7

8
Andrew N. Kohn, Esq.

9
Lauren E. Schue, Esq.
Pettit Kohn Ingrassia & Lutz PC

10
11622 El Camino Real 300
San Diego, CA 92130

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiff*

Telephone: (310) 226-2550
Fax: (310) 226-2459
Email: sgreen@ringgreen.com


*Attorneys for Defendant, Sears, Roebuck and Co.*

Telephone: (858) 755-8500
Fax: (858) 755-8504
Email: schue@pettitkohn.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1011 JGB (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Topa Insurance Company

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Electrolux North America, Inc.; Home Products, Inc.; Sears, Roebuck and Co.; and, Does 1 through 100

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert A. Ring and Susan H. Green
Ring & Green
3435 Overland Avenue
Los Angeles, CA 90034

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael L. Amaro and Sanaz Cherazaie
Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz
310 Golden Shore, Fourth Floor
Long Beach, CA 90802

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

☐ 2. U.S. Government Defendant

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $ 218,556.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(2) Products Liability; 28 U.S.C. Section 1441 (b)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☒ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** ED CV 19 - 01011 JGB (OPx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio, New York, and Deleware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _(signature)_  DATE: 06/05/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1 | Gretchen M. Nelson (112566)
gnelson@kreindler.com
2 | KREINDLER & KREINDLER LLP
707 Wilshire Boulevard, Suite 4100
3 | Los Angeles, CA 90017-3613
Telephone: 213-622-6469
4 | Telecopier: 213-622-6019

FILED
CLERK, U.S. DISTRICT COURT

NOV 2 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

5 | Edward Wallace [eaw@wexlerwallace.com]
Amy Keller [aek@wexlerwallace.com]
6 | Dawn Goullet [dmg@wexlerwallace.com]
WEXLER WALLACE LLP
7 | 55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
8 | Telephone: (312) 346-2222
Telecopier: (312) 346-0022

9 | Erin Dickinson [erin@hrdc-law.com]
10 | Charles Crueger [charles@hrdc-law.com]
HANSEN REYNOLDS DICKINSON
11 | CRUEGER LLC
316 North Milwaukee Street, Suite 200
12 | Milwaukee, Wisconsin 53202
Telephone: (414) 455-7676
13 | Telecopier: (414) 273-8476

14 | Gregory Coleman [greg@gregcolemanlaw.com]
Mark Silvey [mark@gregcolemanlaw.com]
15 | GREG COLEMAN LAW PC
Bank of America Center
16 | 550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
17 | Telephone: (865) 247-0080
Telecopier: (865) 522-0049

18 | *Attorneys for Plaintiffs and the Classes*

19 | **UNITED STATES DISTRICT COURT**
20 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

21 | SHAWN ROBERTS and
NICOLE HORTON on behalf of
22 | themselves and all others similarly
situated,
23 |
24 | Plaintiffs,
v.
25 |
26 | ELECTROLUX HOME PRODUCTS,
INC.
27 | Defendants.
28 |

Case No. 8:12-cv-01644-CAS-VBK

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiffs Shawn Roberts ("Roberts") and Nicole Horton ("Horton")

2    (collectively "Plaintiffs"), individually and on behalf of all others similarly situated,

3    bring this action against Electrolux Home Products, Inc. ("Electrolux"). The

4    following allegations are based upon personal knowledge as to Plaintiffs' own

5    conduct and are made on information and belief as to the acts of others.

6                                **NATURE OF THE ACTION**

7        1.      From at least the mid-1990s, Electrolux designed, manufactured,

8    marketed and sold throughout the United States, including California, millions of

9    gas and electric dryers for residential use having a common ball hitch design

10   (hereinafter referred to as the "Dryers" or "ball hitch Dryers") having a uniform and

11   dangerous defect ("the Defect") that causes these Dryers to start on fire, fail, char

12   clothes, damage property and creates an immediate and substantial safety risk to

13   consumers and the public. Defendant manufactured and sold these ball hitch

14   Dryers under various brand names such as Electrolux, Kenmore and Frigidaire.

15       2.      The Defect renders the Dryers unsafe for use in consumers' homes.

16       3.      At all times relevant, Electrolux knew, or should have known, of the

17   Defect which rendered its Dryers unsafe and of the substantial safety risk its Dryers

18   posed to consumers and the public. For example, from at least 2000 onward,

19   Electrolux processed *thousands* of claims of dryer fires from 2002-2007, conducted

20   an internal investigation of the Defect and hired outside engineers to investigate the

21   Defect, and litigated hundreds of cases involving the Defect throughout the United

22   States.

23       4.      Nevertheless, Electrolux chose to sell millions of these dangerous and

24   defective Dryers to consumers, all the while doing nothing to warn consumers of

25   the serious safety risk its products posed.

26       5.      Instead, Electrolux hid its knowledge of the Defect and the Dryers'

27   substantial safety risk from the public, and did nothing to remove its defective and

28   dangerous Dryers from households across the country, thereby putting consumers

-2-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    throughout the country at a serious risk of household fires, personal injury and
2    property loss.

3           6.     In short, Electrolux sold Dryers to consumers that it knew, or at the
4    very least should have known, were defective and unsafe, and it concealed
5    information about the Defect from consumers and the public in order to facilitate
6    sales and reap significant financial benefits.

7           7.     As a direct and proximate result of Electrolux's concealment of the
8    Defect, its failure to warn its customers of the Defect and the safety risks posed by
9    the Dryers, and its failure to remove the defective Dryers from consumer's homes
10   or otherwise remedy the Defect, Plaintiffs purchased one of Electrolux's defective
11   and unsafe Dryers.

12          8.     In July 2012, and as a result of the Defect, Roberts and Horton's
13   Electrolux Dryer caught on fire in the middle of the night, causing property damage
14   and placing Plaintiffs at a serious risk of injury.

15          9.     Class members' Dryers contain the same Defect that poses the same
16   substantial risk to the safety of consumers and the public.

17          10.    Had Plaintiffs and class members known of this serious safety risk,
18   they would not have purchased the Dryers.

19          11.    Because of Electrolux's concealment of the Defect, Plaintiffs and class
20   members paid for a product that could not be used for its intended purpose of safely
21   drying clothes and posed a serious safety risk to consumers and the public.

22          12.    Because of Electrolux's concealment of the Defect, Plaintiffs and the
23   proposed Property Damage Class members incurred property damage.

24                               **PARTIES**

25          13.    Plaintiffs are citizens of California and reside in Huntington Beach,
26   California.

27          14.    Defendant Electrolux is a Delaware corporation with its principal place
28   of business at 10200 David Taylor Dr., Charlotte, North Carolina 28262.

-3-
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15. Upon information and belief, at all times relevant, Electrolux was engaged in the business of designing, manufacturing, and distributing the Dryers throughout the United States, including in this jurisdiction. Electrolux does substantial business in California with a significant portion of the proposed national class located in California.

16. At all times relevant hereto, Electrolux was in the business of distributing, marketing, promoting, and selling the Dryers described herein.

17. At all times relevant hereto, Electrolux designed, promoted, and marketed the Dryers described herein.

18. Defendant Electrolux engages in a continuous course of business in California, including selling the Dryers described herein in California; distributing products, including the Dryers, in California; selling and advertising products, including the Dryers, on the Internet and through other media in California; and servicing their products, including the Dryers, in California.

19. Defendant has substantial and continuing contacts with California, expects that its products, including the Dryers, will be purchased in California, and committed tortious acts in California.

20. A significant portion of the proposed National Classes, and all of the proposed California Class is located in California or purchased their Dryer in California.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) as the amount in controversy exceeds $5,000,0000, exclusive of interest and costs, and at least one member of the class is a citizen of a State different from Electrolux.

22. This Court also has jurisdiction under 28 U.S.C. § 1332(a) as Plaintiffs and Defendant Electrolux are citizens of different States and the amount in controversy exceeds $75,000.

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Electrolux does substantial business in District, including selling the products at issue, and Plaintiffs' claims arise from damages sustained in California and this District as a result of Defendant's defective design.

### FACTUAL ALLEGATIONS

24.     Upon information and belief, Electrolux is engaged in the business of designing, manufacturing, warranting, marketing, advertising and selling the ball hitch Dryers labeled under a variety of brand names, including Electrolux, Kenmore, and Frigidaire.

25.     All Dryers sold under the various brand names and model numbers prior to at least 2010 have the same uniform Defect.

26.     In or around 2007, Plaintiffs purchased one of the Dryers designed, manufactured and sold into the stream of commerce by Electrolux under the brand name Frigidaire.

27.     Like all class members, Plaintiffs purchased their Dryer believing that it was properly designed, manufactured, and safe to use in the home.

28.     Plaintiffs used this Dryer for its intended purpose of safely drying laundry in a manner reasonably foreseeable by Electrolux and did so on the evening of June 16, 2012.

29.     On the evening of June 16, 2012, Plaintiffs' Dryer caught fire while Plaintiffs slept.  A passerby alerted the Huntington Beach Fire Department, who arrived and were able to safely evacuate Plaintiffs out of their home.

30.     Plaintiffs' Dryer caught on fire as a direct and proximate result of the Defect known to and concealed by Electrolux that is described in this Complaint.

31.     The fire caused by the Defect not only rendered Plaintiffs' Dryer unusable but caused extensive property damage.

32.     All class members' Dryers possess the same dangerous Defect which necessitates replacement of the Dryers.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1       33.     Members of the Property Damage Classes also suffered property

2   damage as a result of the Defect.

3       34.     By the time Plaintiffs purchased their Dryer, and at the time the

4   Plaintiffs' Dryer caught fire in their home, Electrolux knew, or should have known,

5   of the Defect and the serious safety risk its Dryers posed to the public for over a

6   decade, but it opted to remain silent and conceal evidence of the Defect, and its

7   knowledge of the Defect, from the public and consumers who had either purchased

8   or were considering purchasing the Dryers.

9       35.     Like Plaintiffs, class members also purchased the Dryers designed,

10  manufactured, and sold into the stream of commerce by Electrolux, and used the

11  Dryers for their intended purpose of safely drying laundry in a manner reasonably

12  foreseeable by Electrolux.

13      36.     Like Plaintiffs, class members' Dryers had the same dangerous Defect

14  that posed a substantial safety risk during normal use.

15      37.     Electrolux knew, or should have known, of the Defect and hid from the

16  public the serious safety risk posed by its Dryers, all the while selling millions of

17  Dryers for use in the homes of consumers.

18                          **The Defect**

19      38.     The Dryers that Plaintiffs and class members purchased have a

20  common Defect in their design and manufacture. The Defect renders the Dryers

21  unfit for the intended purpose of drying clothes.

22      39.     Specifically, the Electrolux ball hitch Dryers purchased by Plaintiffs

23  and class members are defective, and represent a significant safety hazard, because

24  the design and manufacture causes lint to accumulate behind the drum in direct

25  proximity to the heat source where it is neither visible to, nor accessible or

26  serviceable by, the user.

27      40.     The defective design of the ball hitch Dryer causes the accumulation

28  of lint behind the drum in close proximity to the heat source with the first use of the

                                -6-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 Dryer, and the accumulation of lint behind the drum in close proximity to the heat

2 source continues to occur each time the Dryer is used to dry clothes in the manner

3 Electrolux intended it to be used.

4    41.    The accumulation of lint behind the drum and in direct proximity to

5 the heat source represents a known and unreasonable fire hazard, as it is reasonably

6 foreseeable that the Dryer's heat source will ignite the accumulated lint during

7 normal use and when the Dryer is being used in the manner that Electrolux intended

8 it to be used.

9    42.    The Dryers also contain a combustible plastic air duct directly below

10 the drum and a combustible plastic blower housing adjacent to that air duct, both of

11 which accumulate lint during normal use, and both of which are not visible to or

12 serviceable by the user.

13    43.    Particles of lint that accumulate behind the drum and next to the heat

14 source can ignite and travel into the drum to ignite clothing contained within the

15 drum.  This burning lint can also  travel through the drum to the combustible plastic

16 air duct and blower housing and ignite those combustible materials and/or the lint

17 contained therein

18    44.    The Electrolux ball hitch Dryers are also defective because Electrolux

19 uses combustible plastic components in the air duct and blower housing that

20 provide an additional fuel source for the fire.  These plastics not only catch fire but

21 melt, and the hot molten plastic then spreads the fire inside the Dryer cabinet and

22 helps the fire to spread out of the Dryer cabinet where it can spread and ignite

23 surrounding items.

24    45.    Indeed, although one distributor (General Electric) insisted that

25 Electrolux use plastics having fire inhibitors in all ball hitch Dryers Electrolux

26 manufactured for sale under the GE brand name,  Electrolux inexplicably decided

27 not to use plastics having fire inhibitors in all other ball hitch Dryers it designed

28

-7-

1 and manufactured, thereby unnecessarily creating an additional, serious safety risk

2 to consumers.

3      46.    The Defects described herein are particularly dangerous because they

4 cannot be detected by the consumers during normal use as it exists in an area of the

5 Dryer not visible to consumers. As a consequence, at least some Class members

6 likely have experienced one or more small fires in their Dryers that have gone

7 undetected because it did not result in a larger fire.

8      47.    Indeed, Plaintiffs and class members not only lack any ability to see

9 lint accumulating behind the drum in close proximity to the heat source, or within

10 the combustible plastic air duct and blower housing, but they are unable to remove

11 any accumulated lint in these areas of the Dryer without first dismantling the Dryer.

12      48.    The Defect exists because Electrolux failed to adequately design,

13 manufacture and test the Dryers to ensure they were free from the Defect at the time

14 of sale and failed to remove the dangerously defective Dryers from Plaintiffs and

15 Class members' homes despite knowing of the Defect and the significant risk it

16 posed to consumers and the public.

17      49.    This Defect, which is undetectable to the consumer, exists in the

18 Dryers when they leave Electrolux's possession and creates an immediate safety

19 risk to consumers.

20      50.    This common Defect causes a serious safety risk that requires

21 replacement to remedy.

22      51.    This common Defect also causes the Dryers to function improperly

23 during the expected useful life of the Dryers, resulting in fires like the one

24 experienced by Plaintiffs as well as failures, repairs, and a significant risk of

25 property damage, personal injury and/or death.

26      52.    Upon information and belief, Electrolux changed the design of its

27 dryers in or around 2010 ("the Design Change"), but left Dryers containing the

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Defect in the homes of consumers and issued no warnings to consumers who

2   already owned the Dryers that contained the Defect.

3   **Electrolux Conceals The Defect From The Public To Facilitate Dryer Sales.**

4       53.    As early as the 1990's, Electrolux was confronted with evidence of the

5   Defect and the serious safety risk that the Defect posed to consumers. For example,

6   Electrolux discovered charred lint in the heater pans in its test dryers as early as

7   1995.

8       54.    After 2000, evidence of the common Defect in the design and

9   manufacture of the Electrolux Dryers, and the safety risk to the public, became

10   undeniable. Indeed, documents hidden by Electrolux, and uncovered for the first

11   time in recent litigation, revealed that (i) from 2002-2007 Electrolux received

12   *thousands* of warranty claims for fires for its Dryers within a five year period; (ii) in

13   2005, an Electrolux product engineer acknowledged during an investigation by the

14   Japanese government that lint could travel out of the back of the drum into the

15   heater plan in the Dryers; (iii) in 2002 Electrolux commissioned an outside

16   engineering study to examine this serious safety problem; and (iv) Electrolux

17   conducted an internal investigation regarding the Defect between 2002-2005.

18       55.    Instead of taking action to redesign and replace the Dryers to remedy

19   the Defect, or to remove the defective Dryers it had already sold from consumers'

20   homes and warn consumers and the public of the Defect and considerable safety

21   risk the Dryers posed, Electrolux hid evidence of the Defect from the public, denied

22   the existence of the Defect in court filings across the country, denied any liability

23   for claims for replacement of the Dryers or for property damage that resulted from

24   fires caused by the Defect, created ways to hide the evidence of the rates of fires,

25   and manufactured strategies to blame consumers for the damage caused by the

26   Defect to avoid liability.

27       56.    Indeed, the scope of Electrolux's strategy to abuse the discovery

28   process and withhold relevant documents is evidenced by various decisions and

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   orders issued from Federal courts around the country concluding that Electrolux's

2   conduct was "reprehensible," deprived litigants of a full and fair opportunity to

3   litigate the cases, and was sanctionable. *See Charter Oak Fire Ins. Co. v.*

4   *Electrolux Home Products, Inc.*, 2012 WL 3217565 at *6 (E.D. N.Y., July 30,

5   2012) ("plaintiff did not have a full and fair opportunity to litigate the *Newcomb*

6   action" as a result of Electrolux's improper withholding of documents directly

7   responsive to discovery requests showing Electrolux's knowledge of the defects in

8   its Dryers); *Id.* (Dkt No. 60-2) at 11 ("[Electrolux's] conduct in this case is

9   reprehensible. I don't use that word very often….[C]learly [Electrolux] is

10  stonewalling this case, refusing to give discovery, cancelling depositions at the last

11  minute…if I see any violation of your discovery obligations again, any violation of

12  discovery obligations, I'm immediately recommending Judge Bianco enters a

13  default judgment against [Electrolux]") (Transcript of hearing on Motion for

14  Sanctions before Magistrate Judge William D. Wall); *Automobile Insurance*

15  *Company of Hartford a/s/o Russell Silver v. Electrolux Home Products, Inc.*, Case

16  no. 1:08-cv-3237 (E.D.N.Y. 2008) (Electrolux sanctioned on two separate

17  occasions on discovery issues and Magistrate Judge Reyes ordered that if

18  Electrolux failed to produce additional responsive documents he would recommend

19  monetary sanctions and judgment be entered against Electrolux stating, "three

20  strikes and you are out").

21       57.    In fact, the United States District Court for the Eastern District of New

22  York concluded that a consumer who sued Electrolux over the defective Dryer

23  "was deprived of a full and fair opportunity to litigate its claim because (1) crucial

24  evidence supporting plaintiff's claim was not produced by defendant [Electrolux] in

25  the *Newcomb* case even though it was responsive to plaintiff's discovery requests;

26  (2) plaintiff did not learn of the failure to produce the information until after the

27  *Newcomb* trial; and (3) the evidence, if it had been produced by the defendant

28  [Electrolux] in the *Newcomb* case, could have altered the outcome of that trial."

-10-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   *Charter*, 2012 WL 3217565 at *2.   The Court further concluded that "Electrolux's

2   victory in the *Newcomb* case may have been the product of its failure to produce

3   crucial information that was directly responsive to plaintiff's discovery demands in

4   that case." *Id.*

5          58.    Amazingly, even after Electrolux was forced to produce documents

6   evidencing the existence of the Defect and Electrolux's knowledge of the Defect,

7   (*see e.g., Charter*, 2012 WL 3217565), Electrolux has continued to deny knowledge

8   of the Defect in court proceedings and has never warned consumers of the Defect or

9   attempted to replace or remove the Dryers from consumers' homes.

10         59.    Electrolux argued as recently as December, 2011 to the United States

11  District Court for the Eastern District of New York that the plaintiff in that case

12  should be *collaterally estopped* from even bringing an action for this known Defect

13  in the Electrolux Dryers, and it argued in a similar case pending in the United States

14  District Court for the Eastern District of Arkansas that the Court should dismiss

15  Plaintiff's claims for failure to state a claim on which relief can be granted. *See*

16  *Charter,* 2012 WL 3217565; *Humphrey v. Electrolux Home Products, Inc.,* 4:12-

17  cv-00157-DPM (May 11, 2012) (Dkt. No. 16-17).

18         60.    Not only has Electrolux concealed evidence and its knowledge of the

19  Defect from the public and denied the Defect exists or poses any safety risk, but it

20  conceived and executed a strategy to purportedly place "warnings" in its user

21  guides that have no engineering basis and exist solely to provide a means to blame

22  consumers in any litigation for fires or other malfunctions in its Dryers that result

23  from the Defect.

24         61.    For example, Electrolux inserted a statement in its user guides that

25  "Every 18 months an authorized servicer should clean the dryer cabinet interior and

26  exhaust duct." Electrolux has been unable in prior depositions to provide any

27  engineering basis for this statement or an explanation for why Electrolux inserted

28  the foregoing statement in its user guide.  Moreover, Electrolux's own documents

-11-

1   show that 80% of the fire warranty claims related to lint occurred within the first 18

2   months of use, thus demonstrating how having the Dryer serviced every 18 months

3   did not eliminate or materially reduce the safety risk or remedy the Defect.

4          62.    Nonetheless, as recently as May 11, 2012, Electrolux expressly relied

5   on this statement to argue that it had no liability for the Defect, and asked a court to

6   dismiss plaintiff's complaint, because "[p]laintiff's allegation shows, at most, that

7   she failed to heed the warnings and instructions in her Use & Care Guide" to have

8   the Dryer serviced every 18 months. *Humphrey v. Electrolux,* 4:12-cv-00157 (E.D.

9   Ark.) (Dkt. No. 17 at 8 n.3). Electrolux made this argument even though it knew,

10  or at the very least should have known, that the 18 month period has no engineering

11  basis and is nothing more than part of its strategy to conceal the Defect from

12  consumers and avoid liability for damages caused by the Defect.

13         63.    Electrolux had a duty to protect consumers by, at the very least,

14  warning them that the Dryers had a serious Defect that posed a substantial risk to

15  personal safety.

16         64.    Nonetheless, even though Electrolux knew, or should have known, of

17  the Defect in its Dryers and of the substantial safety risk posed by its Dryers,

18  Electrolux opted to conceal the Defect and evidence of the Defect from the public

19  so it could realize the substantial financial benefits of selling the Dryers to the

20  public, who had no knowledge of the Defect or the risk the Defect posed to their

21  personal safety.

22         65.    Electrolux knew, or should have known, that reasonable consumers

23  like Plaintiffs and class members were unaware of the Defect and could not

24  discover the Defect.

25         66.    Electrolux knew, or should have known, that reasonable consumers

26  like Plaintiffs and class members expected the Dryers to safely dry clothes without

27  putting consumers' lives and property at risk and expected that the Dryers were safe

28  to use in the home.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

67. Electrolux knew, or should have known, that reasonable consumers expected Electrolux to disclose any defects that would prevent the Dryers from performing their function before the end of their useful lives or that would seriously threaten the Class members' safety, and that such decision would impact any reasonable customer's decision as to whether to purchase the Dryers.

68. To this day, as result of Electrolux's conduct, many members of the putative classes defined herein remain unaware of the Defect in the Dryers and the serious safety risk as well as the risk of failure, injury, loss and fire due to the Defect.

69. To this day, as a result of Electrolux's conduct, at least some members of the putative classes defined herein have likely had small fires in their Dryers as a result of the Defect, but they continue to use the Dryers because the fires went undetected as they occurred in areas not visible to the user and did not result in larger fires.

70. Indeed, Plaintiffs were unaware of the Defect at the time their Dryer caught on fire causing severe property damage and a serious risk to personal safety.

71. Had Plaintiffs and class members been made aware of the serious safety problem with the Dryers, they would not have purchased their Dryers.

72. Electrolux's reprehensible conduct has harmed Plaintiffs and Class members and has left millions of consumers with a serious safety risk in their homes.

### The Defects Present An Immediate And Continuing Safety Risk

73. The Electrolux Dryers purchased by Plaintiffs and class members should have been usable for their intended purpose of safely drying clothes during their expected useful lives and should not have been sold containing a known safety risk to consumers.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

74.    The National Association of Home Builders ("NAHB") found in a 2007 study that it conducted with Bank of America Home Equity that the useful expected life of a dryer is 13 years.

75.    The Electrolux Dryers pose a substantial and immediate safety risk to consumers and the public upon purchase and continue to pose a substantial safety risk to consumers and the public during their useful lives.

76.    The Defect in the design and manufacture of Electrolux Dryers have also caused and will cause Plaintiffs' and Class members' Dryers to fail and/or catch fire during their expected useful lives.

77.    Thus, the Defect rendered the Electrolux Dryers unfit for the ordinary and intended purpose (safely drying clothes) for which they were marketed and sold to Plaintiffs and Class members at the time of sale.

78.    Had the Dryers been free from the Defect, Plaintiffs and class members would not have suffered the damages complained of herein.

79.    Had Electrolux complied with its duty not to place an unsafe product onto the market, to disclose the Defect it knew of, or should have known of, to consumers and the public, or to remedy a Defect it knew, or should have known posed, a substantial safety risk to consumers, Plaintiffs and class members would not have suffered the damages complained of herein.

**CLASS ACTION ALLEGATIONS**

80.    Plaintiffs bring this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) against Electrolux on their own behalf and on behalf of the National classes and California classes (collectively "the classes") defined below.

81.    The National Replacement Class consists of:  During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired an Electrolux designed and/or manufactured ball hitch clothes dryer,

-14-

1   manufactured prior to the Design Change in 2010, primarily for personal, family, or

2   household purposes, and not for resale.

3       82.   The National Property Damage Subclass consists of:  During the

4   fullest period allowed by law, all persons in the United States who purchased or

5   otherwise acquired an Electrolux designed and/or manufactured ball hitch clothes

6   dryer, manufactured prior to the Design Change in 2010, primarily for personal,

7   family, or household purposes, and not for resale and who have incurred Property

8   damage as a result of the Defect.

9       83.   The California Replacement Class consists of:  During the fullest

10  period allowed by law, all persons who purchased or otherwise acquired in the State

11  of California an Electrolux designed and/or manufactured ball hitch clothes dryer,

12  manufactured prior to the Design Change in 2010, primarily for personal, family, or

13  household purposes, and not for resale.

14      84.   The California Property Damage Subclass consists of:  During the

15  fullest period allowed by law, all persons in the United States who purchased or

16  otherwise acquired in the State of California an Electrolux designed and/or

17  manufactured ball hitch clothes dryer, manufactured prior to the Design Change in

18  2010, primarily for personal, family, or household purposes, and not for resale, and

19  who have incurred Property damage as a result of the Defect.

20      85.   The classes are limited to the time period beginning on the date

21  established by the Court's determination of any applicable statute of limitation,

22  after consideration of any tolling and accrual issues, and ending on the date of entry

23  of judgment.

24      86.   Excluded from the classes are (a) any Judge or Magistrate presiding

25  over this action and members of their families; (b) Electrolux and any entity in

26  which Electrolux has a controlling interest or which has a controlling interest in

27  Electrolux; (c) the officer, directors or employees of Electrolux; and (d)

28  Electrolux's legal representatives, assigns and successors and (e) all persons who

-15-

1    properly execute and file a timely request for exclusion from the class or

2    subclasses.

3        87.    Plaintiffs meet the prerequisites of Rule 23(a) to bring this action on

4    behalf of the classes.

5        88.    Numerosity: While the exact number of members cannot be

6    determined yet, each class consists at a minimum of thousands of people dispersed

7    throughout the United States and, in the case of the California classes consists at a

8    minimum of thousands of people dispersed throughout the State of California. The

9    exact number of class members can readily be determined by review of information

10   maintained by Electrolux.

11       89.    The members of the classes are therefore so numerous that joinder of

12   all members is impracticable.

13       90.    Commonality: Common questions of law and fact exist as to all class

14   members. Among the questions of law and fact common to the classes are:

15               a.    Whether the Dryers designed, manufactured and sold by

16                     Electrolux pose a safety risk to consumers;

17               b.    Whether Electrolux knew, or should have known, that the

18                     product it sold into the stream of commerce posed an

19                     unreasonable safety risk to consumers;

20               c.    Whether Electrolux concealed the safety risk its Dryers posed to

21                     consumers;

22               d.    Whether the safety risk the Dryers pose to consumers is a

23                     material fact reasonable purchasers would have considered in

24                     deciding whether to purchase a clothes dryer;

25               e.    Whether the Dryers designed, manufactured and sold by

26                     Electrolux possess a material defect;

27               f.    Whether the Defect in the Dryers represent an unreasonable risk

28                     of fire;

-16-

g.      Whether Electrolux knew, or should have known, that the Dryers possessed the Defect when it placed the Dryers into the stream of commerce;

h.      Whether Electrolux concealed the Defect from consumers;

i.      Whether the existence of the Defect is a material fact reasonable purchasers would have considered in deciding whether to purchase a clothes dryer;

j.      Whether the Dryers are of merchantable quality;

k.      Whether the Dryers are likely to pose a serious safety risk to consumers before the end of the Dryers' reasonable expected lifetime;

l.      Whether the Dryers are likely to start on fire or fail before the end of their reasonable expected lifetime;

m.      Whether the Dryers' Defect resulted from Electrolux's negligence;

n.      Whether Electrolux breached express warranties relating to the Dryers by failing to recall, replace, repair and/or correct the Defect in the Dryers;

o.      Whether Electrolux breached implied warranties of merchantability and/or fitness for a particular purpose relating to the Dryers;

p.      Whether Electrolux misrepresented the characteristics, qualities and capabilities of the Dryers;

q.      Whether Electrolux either knew, or should have known, of the Defect prior to marketing and selling Dryers to Plaintiffs and class members;

r.      Whether Electrolux omitted, concealed from and/or failed to disclose in its communications and disclosures to Plaintiffs and

-17-

1   class members material information regarding the Dryers'
2   Defect;

3   s.   Whether Electrolux omitted, concealed from and/or failed to
4   disclose in its communications and disclosures to Plaintiffs and
5   class members material information regarding the Dryers' safety
6   issues;

7   t.   Whether Electrolux failed to warn consumers of the Defect;

8   u.   Whether Electrolux failed to warn consumers that its Dryers'
9   pose a serious safety issues;

10  v.   Whether Electrolux made fraudulent, false, deceptive and/or
11  misleading statements in connection with the sale of the Dryers;

12  w.   Whether Electrolux was unjustly enriched by selling the Dryers;

13  x.   Whether Electrolux should be ordered to disgorge all or part of
14  the profits it received from the sale of the defective Dryers;

15  y.   Whether Plaintiffs and Class members are entitled to damages,
16  including compensatory, exemplary, and statutory damages, and
17  the amount of such damages;

18  z.   Whether Plaintiffs and Class members are entitled to
19  replacement of their defective Dryers;

20  aa.  Whether Plaintiffs and Class members are entitled to equitable
21  relief, including an injunction requiring that Electrolux engage
22  in a corrective notice campaign and/or a recall; and

23  bb.  Whether Plaintiffs and Class members are entitled to an award
24  of reasonable attorneys' fees, pre-judgment interest, post-
25  judgment interest, and costs.

26  91.  Typicality:  Plaintiffs have substantially the same interest in this matter
27  as all other members of the National Class, National SubClass and California Class
28  and California Subclass, and Plaintiffs' claims arise out of the same set of facts and

-18-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  conduct as all other members of the classes. Plaintiffs and all class members own

2  or owned a clothes dryer designed and/or manufactured by Electrolux with a

3  uniform Defect that make them immediately dangerous upon purchase and that

4  cause the Dryers to fail within their expected useful lives and catch on fire. All of

5  the claims of Plaintiffs and class members arise out of Electrolux's placement into

6  the marketplace of a product it knew was defective and caused a safety risk to

7  consumers, and from Electrolux's failure to disclose this known safety risk and

8  Defect. Also common to Plaintiffs' and class members claims are Electrolux's

9  conduct in designing, manufacturing, marketing, advertising, warranting and/or

10  selling the defective Dryers, Electrolux's conduct in concealing the defects in the

11  clothes dryers, and Plaintiffs and Class members' purchase of the defective Dryers.

12      92.    Adequacy of Representation: Plaintiffs are committed to pursuing this

13  action and have retained competent counsel experienced in products liability,

14  deceptive trade practices, and class action litigation. Accordingly, Plaintiffs and

15  their counsel will fairly and adequately protect the interests of the members of the

16  classes. Plaintiffs' claims are coincident with, and not antagonistic to, those of the

17  other class members they seek to represent. Plaintiffs have no disabling conflicts

18  with the members of the classes and will fairly and adequately represent the

19  interests of the class members.

20      93.    The elements for class certification under Rule 23(b)(2) are met.

21  Electrolux will continue to commit the violations alleged, and the members of the

22  classes and the general public will continue to remain at an unreasonable and

23  serious safety risk of fire from the defective Dryers. Electrolux has acted and

24  refused to act on grounds that apply generally to the Class members so that final

25  injunctive relief and corresponding declaratory relief is appropriate respecting the

26  classes as a whole.

27      94.    The elements of Rule 23(b)(3) are met. Here, the common questions

28  of law and fact enumerated above predominate over the questions affecting only

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   individual members of the classes, and a class action is the superior method for the

2   fair and efficient adjudication of the controversy. The likelihood that individual

3   class members will prosecute separate actions is remote due to the time and expense

4   necessary to conduct such litigation. There will be many other pending cases

5   against Electrolux. Serial adjudications in numerous venues are not efficient,

6   timely or proper. Judicial resources throughout California and the United States

7   will be unnecessarily depleted by resolution of individual claims. Joinder on an

8   individual basis of thousands of claimants in one suit would be impractical or

9   impossible. Individualized rulings and judgments have and will result in

10  inconsistent relief for similarly situated Plaintiffs. Plaintiffs' counsel, highly

11  experienced in class action litigation, foresee little difficulty in the management of

12  this case as a class action. Indeed, the only way to ensure that the serious conduct

13  and safety risks alleged herein are remedied is through a collective action on behalf

14  of consumers.

15      95.   To the extent a National Class is sought on Plaintiffs' claims, *see e.g.*

16  common law fraud and negligence claims, Plaintiffs claims are materially the same

17  under the law of California as in all states in the United States. In the event that

18  California law does not apply on a nationwide basis to any of Plaintiffs' claims,

19  Plaintiffs will seek to apply the laws of the various States and the District Columbia

20  as will be addressed in Plaintiffs' brief in support of class certification.

21              **Tolling and Estoppel of Statutes of Limitation**

22      96.   The claims alleged herein accrued upon discovery of the defective

23  nature of the Dryers and the dryer drums contained therein. Because the Defect

24  alleged herein is hidden, and because Electrolux took steps to actively misrepresent

25  and conceal the true character, nature and quality of the Dryers, among other

26  reasons, Plaintiffs and class members did not discover and could not have

27  discovered the Defect alleged herein through reasonable and diligent investigation.

28

-20-

97.     Any applicable statutes of limitations have been tolled by Electrolux's knowledge and actual misrepresentation, concealment and denial of the facts as alleged herein, concealment which is ongoing and continues to this day.  Plaintiffs and class members could not have reasonably discovered the true, defective nature of the Dryers.  As a result of Electrolux's active concealment of the Defect and/or failure to inform Plaintiffs and class members of the Defect, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled.

98.     Alternatively, the facts alleged above give rise to an estoppel. Electrolux knew of the Defect and the serious safety risk it posed to consumers and has actively concealed it.  Electrolux was and is under a continuous duty to disclose to Plaintiffs and the classes the true character, quality and nature of the Dryers, particularly that they posed a serious risk to public safety, fire hazard and risk of failure.  At all relevant times, and continuing to this day, Electrolux knowingly, affirmatively and actively misrepresented and concealed the true character, quality and nature of the Dryers and sold those Dryers into the stream of commerce as if they were safe for use.  Given Electrolux's failure to disclose this non-public information about the defective nature of the Dryers and safety risk to the public — information over which Electrolux had exclusive control— and because Plaintiffs and Class members could not reasonably have known that the Dryers were thereby defective, Plaintiffs and the class members reasonably relied on Electrolux's knowing affirmative and/or ongoing concealment.  Had Plaintiffs and class members known that the Dryers posed a safety risk to the public they would not have purchased the Electrolux Dryers.  Based on the foregoing, Electrolux is estopped from prevailing on any statute of limitations defense in this action.

99.     Additionally, Electrolux is estopped from raising any defense of laches due to their own unclean hands as alleged herein.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**CLAIMS FOR RELIEF**

**COUNT I**

**Declaratory Relief**

**(Plaintiffs Individually and on Behalf of All Classes and Subclasses)**

100. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

101. There is an actual controversy between Electrolux and class members concerning the existence of defects in the Dryers.

102. Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

103. Accordingly, Plaintiffs and class members seek a declaration that the Dryers have a common Defect in their design and/or manufacture.

104. Additionally, Plaintiffs and class members seek a declaration that this common Defect found in the Dryers poses a serious safety risk to consumers and the public.

**COUNT II**

**Negligence**

**(Plaintiffs, Individually and on Behalf of all Classes and Subclasses)**

105. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

106. Electrolux owed a duty to Plaintiffs and class members to design, manufacture, produce, test, inspect, market, distribute, and sell dryers with reasonable care and in a workmanlike fashion, and had a duty to protect Plaintiffs and class members from foreseeable and unreasonable risk of harm.

107. Electrolux breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and distributing the Dryers.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    108.   As set forth more fully above, Electrolux knew or should have known

2    that the Dryers they designed, manufactured, produced, tested, inspected, marketed,

3    distributed, and sold, in ordinary and foreseeable use, created an unreasonable

4    safety risk and would fail to perform as intended.

5    109.   Electrolux knew or should have known that the Dryers created an

6    unreasonable safety risk as the Dryers had a Defect causing them to start on fire.

7    110.   Electrolux knew or should have known that the Dryers had a Defect

8    that could cause catastrophic property damage, personal injury, and/or death.

9    111.   Based on this knowledge, Electrolux had a duty to disclose to the

10   Plaintiffs and class members the serious safety risks posed by the Dryers and a duty

11   to disclose the defective nature of the Dryers.

12   112.   Electrolux had a further duty not to put the defective Dryers on the

13   market and has a continuing duty to replace its unsafe Dryers, remove its unsafe

14   Dryers from the market and recall the Dryers from consumers.

15   113.   Electrolux failed to exercise reasonable care with respect to the design,

16   manufacture, production, testing, inspection, marketing, distribution and sale of the

17   Dryers by, among other things, failing to design and manufacture the Dryers in a

18   manner to ensure that, under normal intended usage, a serious safety risk such as

19   the one posed by the Dryers did not occur.

20   114.   Electrolux failed to exercise reasonable care in failing to warn or to

21   warn adequately and sufficiently, either directly or indirectly, users of the uniform

22   Defect in the Dryers.

23   115.   Electrolux failed to exercise reasonable care when it knew of the safety

24   risks the Dryers posed and actively concealed those risks from Plaintiffs and class

25   members.

26   116.   Electrolux failed to exercise reasonable care when it knew of the safety

27   risks the Dryers posed and failed to replace, repair or recall Dryers it knew or

28   should have known were unsafe and defective.

-23-

117.  As a direct and proximate result of Electrolux's negligence, Plaintiffs and class members bought the Dryers without knowledge of the Defect or of their serious safety risks.

118.  As a direct and proximate result of Electrolux's negligence, Plaintiffs and class members purchased unsafe products that could not be used for their intended use.

119.  As a direct and proximate result of Electrolux's negligence, Plaintiffs and class members have suffered damages.

120.  Electrolux was unjustly enriched by keeping the profits from the sales of the unsafe Dryers while never having to incur the cost of repair, replacement, or a recall.

121.  Electrolux's negligence was a substantial factor in causing harm to Plaintiffs and class members and unjust enrichment to Electrolux.

### COUNT III

### Breach of Implied Warranty of Merchantability

### (Plaintiffs, Individually and on Behalf of All Classes and Subclasses)

122.  Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

123.  The Dryers owned by Plaintiffs and Class members were defectively designed and manufactured and posed a serious and immediate safety risk to consumers and the public.

124.  The Dryers left Electrolux's facilities and control with a Defect caused by defective design incorporated into the manufacture of the Dryer.

125.  The Defect places the consumers at a serious safety risk upon using the Dryer in his/her home.

126.  At all times relevant hereto, there was a duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the ordinary purposes for which such products are used, and that the product be acceptable in

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

trade for the product description. This implied warranty of merchantability is part of the basis for the bargain between Electrolux, on the one hand, and Plaintiffs and class members, on the other.

127. Notwithstanding the aforementioned duty, at the time of delivery, Electrolux breached the implied warranty of merchantability in that the Dryers were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used of safely drying clothes in residential setting, and failed to conform to the standard performance of like products used in the trade.

128. Electrolux knew, or should have known, that the Dryers posed a safety risk and were defective and knew, or should have known, of these breaches of implied warranties prior to sale of the Dryers to Plaintiff and Class members.

129. As a direct and proximate result of Electrolux's breaches of its implied warranties, Plaintiffs and class members bought the Dryers without knowledge of the Defect or their serious safety risks.

130. As a direct and proximate result of Electrolux's breach of its implied warranties Plaintiffs and class members purchased unsafe products which could not be used for their intended use of safely drying clothes in a residential setting.

131. As a direct and proximate result of Electrolux's breach of its implied warranties, Plaintiffs and Class members have suffered damages and Electrolux.

132. Electrolux was unjustly enriched by keeping the profits for its unsafe products while never having to incur the cost of repair, replacement or a recall.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## COUNT IV

### Breach of Implied Warranty Of Fitness For a Particular Purpose
### (Plaintiffs, Individually and on Behalf of all Classes and Subclasses)

133. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

134. The Dryers owned by Plaintiffs and Class members were defectively designed and manufactured and posed a serious safety risk to consumers when sold.

135. The Dryers left Electrolux's facilities and control with a Defect caused by defective design incorporated into the manufacture of the Dryer.

136. The Defect is substantially certain to result in malfunction during the useful life of the product and did malfunction in the useful life of Plaintiffs' Dryer.

137. The Defect puts the consumers at a safety risk upon using the Dryer in his/her home.

138. At the time Plaintiffs and Class members purchased the Dryers, they intended to use the goods for the particular purpose of safely drying clothes in a residential setting for personal, family, or household purposes.

139. At the time of purchase of the Dryers, Electrolux had reason to know of this particular purpose and this implied warranty of fitness for a particular purpose was part of the basis of the bargain between Electrolux, on the one hand, and Plaintiffs and class members, on the other hand. Indeed, Electrolux sold the Dryers for home use.

140. Plaintiffs and class members relied on Electrolux's skill and judgment to design and manufacture clothes dryers suitable for this particular purpose.

141. At the time of purchase, Electrolux had reason to know that Plaintiffs and class members relied on its skill and judgment.

142. The Dryers, however, when sold to Plaintiffs and class members, and at all times thereafter, were not fit for their particular purpose of safely drying clothes in a residential setting for personal, family, or household purposes.

-26-

1    Specifically, the Dryers owned by Plaintiffs and class members were defectively

2    designed and manufactured and left Electrolux's facilities and control with a Defect

3    incorporated into the manufacture of the Dryer and posed a serious risk to safety

4    immediately upon purchase.

5           143.   Accordingly, Electrolux breached the implied warranty of fitness for a

6    particular purpose in that the Dryers are defective and not fit for their intended

7    purpose of safely drying clothes in a residential setting for personal, family, or

8    household purposes.

9           144.   As fully set forth above, Electrolux knew, or should have known, that

10    the Dryers posed a safety risk and were defective and knew, or should have known,

11    of these breaches of implied warranties prior to sale of the Dryers to Plaintiffs and

12    class members.

13           145.   As a direct and proximate result of Electrolux's breaches of its implied

14    warranties, Plaintiffs and class members bought the Dryers without knowledge of

15    the Defect or their serious safety risks.

16           146.   As a direct and proximate result of Electrolux's breach of its implied

17    warranties, Plaintiffs and class members purchased unsafe Dryers which could not

18    be used for their intended use.

19           147.   As a direct and proximate result of Electrolux's breach of its implied

20    warranties, Plaintiffs and Class members have suffered damages.

21           148.   Electrolux has been unjustly enriched by keeping the profits from the

22    sale of its unsafe Dryers while never having to incur the cost of replacement or a

23    recall.

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Count V**

**Negligent Failure to Recall/Retrofit**

**(Plaintiffs Individually and on Behalf of the California Replacement Class and California Property Damage Subclass)**

149.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

150.    At all times relevant, Electrolux designed, manufactured, distributed, advertised, marketed, promoted and sold the Dryers at issue herein.

151.    At all times herein, Electrolux had a continuing duty to remove or retrofit the unsafe and defective Dryers from households across the United States and to recall or retrofit the Dryers from consumers.

152.    As set forth more fully above, at all times relevant, Electrolux knew, or reasonably should have known, of the Defect and that the Dryers were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.  Indeed, Electrolux was aware of a Defect in its Dryers causing a serious safety risk to all consumers who owned the Dryers, and Electrolux put those consumers at a significant risk of household fires, property damage and injury.

153.    Electrolux became aware of the defective nature of the Dryers before they were sold and yet placed these defective and unsafe Dryers into the market and continued to place these defective and unsafe Dryers into the market for years.

154.    Moreover, Electrolux was aware of the Defect in its Dryers, which posed a serious safety risk to consumers and the public and yet continued to leave millions of the defective and unsafe Dryers in consumers' homes across the United States.

155.    Electrolux knew of the defective nature of the Dryers after it sold the Dryers but it left these unsafe products in millions of consumers' homes across the United States, creating a serious safety risk to consumers and the public

-28-

156.   Electrolux has made no effort to remove this serious safety risk from consumers' homes or retrofit the Dryers even today, and in fact, made efforts to conceal the Defect and the safety risk its Dryers pose from consumers and the public.

157.   Despite its knowledge of the Defect and the serious safety risks its Dryers pose to consumers and the public, Electrolux failed to recall or retrofit the Dryers or warn of the dangers of the Dryers despite a duty to do so.

158.   In failing to recall or retrofit the Dryers, or even warn of the serious safety risk its Dryers pose to consumers, Electrolux failed to act as a reasonable manufacturer, distributor or seller would under the same or similar circumstances and failed to exercise reasonable care.

159.   As a result, Plaintiffs and class members have suffered actual damage or injury; the Defect has rendered the Dryers unsafe and unfit for normal use and has caused injury and damage to property.

160.   Electrolux's failure to recall the Dryers is a substantial factor in causing harm to Plaintiffs and class members.

## COUNT VI

### Violations of Cal. Civ. Code § 1750, *et seq.*

**(Plaintiffs Individually and on Behalf of the California Replacement Class and California Property Damage Subclass)**

161.   Plaintiffs re-allege and incorporate Paragraphs 1-99 and 149-160 as if fully set forth herein.

162.   The California Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.* ("CLRA") prohibits "unfair or deceptive acts or practices."

163.   The CLRA applies to Electrolux's actions and conduct described herein because it extends to the sale of goods or services for personal, family or household use.

-29-

1  164.   At all relevant times, Plaintiffs and members of the California

2  Replacement Class and Property Damage Subclass were "consumers" as defined in

3  Civil Code § 1761(d).

4  165.   The transactions from which this action arise include transactions

5  involving the sale or lease of goods or services for personal, family or household

6  purposes within the meaning of Civil Code § 1761.

7  166.   Plaintiffs have given notice of the Defect to Electrolux as provided by

8  Cal. Civ. Code §1782(d) and Electrolux has failed to provide a remedy to Plaintiffs

9  within the period required by law.

10  167.   Electrolux developed, manufactured, marketed and sold the defective

11  Dryers containing the Defect as alleged herein.

12  168.   Electrolux developed, manufactured, marketed and sold the Dryers

13  despite knowledge of the Defect and that the Dryers posed a serious safety risk to

14  consumers like Plaintiff and class members.

15  169.   Electrolux's sale of its Dryers as safe for home use despite knowing

16  that the Dryers posed a serious safety risk to consumers, failing to disclose the

17  Defect and safety risks known to Electrolux but hidden from the consumer, and

18  knowing concealment of the unreasonable safety risks associated with the defective

19  Dryers, are misrepresentations, omissions and concealments of material fact that

20  constitute unfair and/or deceptive practices in violation of the CLRA.

21  170.   Electrolux violated the CLRA not only when it sold the Dryers

22  representing the Dryers to be safe to be used in consumers' homes, but when it

23  failed to disclose to Plaintiffs and the California lass members that the Dryers had a

24  Defect that posed a serious safety risk to consumers and the public despite the

25  knowledge that the Dryers posed a serious safety risk to Plaintiffs and California

26  class members.

27  171.   Electrolux engaged in deceptive trade practices, in violation of the

28  CLRA, including selling a product for home use that was unsafe to use in the home,

-30-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   holding out to the public that its Dryers could be used safely in the home, and

2   failing to warn consumers that the Dryers contained a Defect that posed a serious

3   safety risk to consumers and the public.

4       172.   Electrolux's deceptive trade practices were designed to induce

5   Plaintiffs and the California class members to purchase the Dryers containing the

6   Defect and to avoid the cost of replacing the defective Dryers already in use in

7   thousands of homes throughout California and the United States.

8       173.   Electrolux's violations of the CLRA were designed to conceal, and

9   Electrolux failed to disclose, material facts about the Defect and unreasonable

10   safety risks in the Dryers in order to induce Plaintiffs and the California class

11   members to purchase the Dryers and in order to avoid the enormous business cost

12   of replacing the Dryers.

13       174.   By engaging in the unfair and deceptive conduct described herein and

14   more fully above, Electrolux actively concealed and failed to disclose material facts

15   about the defective Dryers.

16       175.   The omissions set forth above regarding the Dryers are material facts

17   that a reasonable person would have considered important in deciding whether or

18   not to purchase a dryer.  Indeed, no reasonable consumer would have knowingly

19   bought a Dryer for use in the home (or anywhere for that matter) if that consumer

20   had known that the product has a serious Defect and safety risk and that the Defect

21   could caused the product to start on fire in the home.

22       176.   Electrolux's acts were intended to be deceptive and/or fraudulent,

23   namely to market, distribute and sell the Dryers and to avoid the expense of

24   correcting the Defect and replacing thousands of Dryers throughout California

25   across the United States.

26       177.   Plaintiffs and the California class members suffered injury in-fact as a

27   direct result of Electrolux's violations of the CLRA in that they have paid for a

28   Dryer that poses an immediate safety risk and will have to be replaced.

-31-

1    178.   Had Electrolux disclosed the true quality, nature and defects of the

2    Dryers, Plaintiffs and class members would not have purchased the Dryers.

3    179.   Plaintiffs and class members have also been denied the use of their

4    Dryers, expended money on replacements, repairs, and extended warranties, and

5    suffered unreasonable diminution in value of their Electrolux Dryers as a result of

6    Electrolux's conduct.

7    180.   To this day, Electrolux continues to violate the CLRA by concealing

8    the defective nature of the Dryers in failing to notify customers, failing to issue a

9    recall, and in collecting the profits from costly repairs and replacements.

10   181.   Pursuant to California Civil Code section 1782, Plaintiffs notified

11   Defendants in writing by certified mail of the particular violations of section 1770

12   of the CLRA relating to the Dryers and demanded that Defendants (i) rectify the

13   Defect (ii) notify all consumers of the Dryers that Defendants will provide them

14   with an appropriate remedy, including, but not limited to, full reimbursement for

15   the Dryers, along with compensation for out-of-pocket losses; (iii) conduct a

16   corrective advertising campaign and destroy all misleading and deceptive

17   advertising materials and products; and (iv) recall the defective dryers and inform

18   all purchasers of the defective dryers of the defect and that the defect may cause the

19   dryers to catch fire and cause property damage or personal injuries or death.

20   Defendants' wrongful business practices regarding the Dryers constituted and

21   constitute, a continuing course of conduct in violation o the CLRA.   A copy of the

22   letter is attached hereto as Exhibit 1.  Pursuant to California Civil Code section

23   1780(a), Plaintiffs and the Class seek an order enjoining Defendants from

24   continuing to engage in unlawful, unfair, or deceptive business practices and any

25   other act prohibited by law and and awarding Plaintiffs and the California

26   Replacement Class and California Property Subclass restitution and/or

27   disgorgement and/or awarding Plaintiffs and the California Replacement Class and

28   Property Damage Subclass damages and punitive damages.

-32-

**COUNT VII**

**Violations of Cal. Bus. & Prof. Code § 17200, *et seq.***

**(Plaintiffs Individually and on Behalf of the California Replacement Class and**

**California Property Damage Subclass)**

182.   Plaintiffs re-allege and incorporate Paragraphs 1-99 and 149 through 181 as if fully set forth herein.

183.   Electrolux has engaged in unfair competition within the meaning of the California Business & Professional Code § 17200, *et seq.* ("the California UCL") because Electrolux's conduct is unlawful, misleading and unfair, as herein alleged.

184.   Electrolux's business practices are unlawful because they violate the California Civ. Code, including at least § 1572, 1710, 1770(a)(5), 1770(a)(7) and/or 1770(a)(9), 1770(a)(19) and other laws.

185.   Electrolux violated the California UCL, when it concealed and/or failed to disclose the serious safety risk to consumers that its Dryers posed, and concealed and/or failed to disclose fact that the Dryers were defective as described herein when it had a duty to disclose the safety risks and the Defect, and instead sold the Dryers as if they were fit for ordinary purposes and did not pose an unreasonable safety risk.

186.   Electrolux violated the California UCL when it failed to disclose the fact that the Dryers posed a serious safety risk and were defective as described herein when it had a duty to disclose the safety risk to consumers and to disclose the Defect and instead falsely represented that the Dryers were safe for consumer use and sold the Dryers as if they were safe for consumer use.

187.   Electrolux developed, manufactured, marketed and sold the Dryers.

188.   As more fully set forth above, Electrolux had knowledge of the serious safety risks posed by the Dryers to consumers and had knowledge of the Defect prior to their sale to Plaintiffs and class members.

-33-

189.   Electrolux failed to disclose to Plaintiffs and class members the material fact that the Dryers posed a serious safety risk upon sale, were defective and would prematurely fail and posed a serious fire hazard and Electrolux was in exclusive possession of this knowledge.

190.   Plaintiffs and the California class members did not and could not have knowledge of the safety risk posed by the Dryers or the Defect at the time of purchase of their Dryers.  Plaintiffs and the members of the California classes lost money or property as a result of their purchases and thus Plaintiffs have standing to represent the classes in this action.

191.   Despite its knowledge of the serious safety risk the Dryers posed to consumers and the public, Electrolux failed to issue a warning or recall and replace the Dryers and instead concealed Defect and the safety issues with the Dryers for years.

192.   Electrolux's business acts are both unlawful and fraudulent within the meaning of the California UCL.

193.   As an entity with exclusive knowledge regarding the safety risk and Defect in the Dryers, Electrolux had a duty to disclose the Defect, particularly in light of the fact that the Dryers posed a serious safety risk to Plaintiffs and the California class members.

194.   Plaintiffs and the California class members reasonably expected that Electrolux would disclose the existence of the Defect and the serious safety risk the Dryers posed to consumers and the public and reasonably expected that Electrolux would not sell a product for home use that was unsafe to use in the home and would start on fire, information which is and was material to Plaintiffs and class members.

195.   Electrolux, at all times relevant, knew or should have known that Plaintiffs and the California class members did not know of, or could not have reasonably discovered, the safety risk or the Defect.

-34-

196.   By concealing the serious safety risk posed by its Dryers and the existence of the Defect, Electrolux engaged in actionable, fraudulent conduct within the meaning of the California UCL.

197.   Had Plaintiffs and class members known of the serious safety risk and/or the Defect in the Dryers, they would not have purchased the Dryers.

198.   Electrolux's business acts and practices alleged herein are unfair within the meaning of the California UCL.  Specifically, by failing to disclose and concealing the existence of a defect in the Dryers, Electrolux has engaged in unfair conduct within the meaning of the California UCL.

199.   Electrolux's misconduct is unfair within the meaning of the California UCL as it offends established policy and/or is immoral, unethical, unscrupulous, and substantially injurious to consumers.

200.   Plaintiffs and California class members have lost money and/or property as a result of Defendant's misconduct.

201.   Electrolux's unlawful, unfair and fraudulent business acts and practices continue through the date of this Complaint's filing.

202.   Under the California UCL, Plaintiffs and class members request that this court enjoin Electrolux from engaging in business practices that constitute a violation of the California UCL.  Plaintiffs and California class members further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices, as provided for in Bus. & Prof. Code § 17203 and for such other relief as set forth herein.

-35-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## COUNT VIII

### Strict Product Liability

### (Plaintiffs, Individually and on Behalf of the National Property Damage Subclass and the California Property Damage Subclass)

203.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

204.   Electrolux is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling appliances, including dryers, throughout the United States.

205.   Electrolux designed, manufactured, distributed, advertised, marketed, promoted and sold the Dryers at issue herein.

206.   The Dryers were expected to, and did, reach Plaintiffs and class members without substantial change in the condition in which the Dryers were manufactured, sold and distributed.

207.   The Dryers were in a defective and unreasonably dangerous condition when they left Electrolux's possession or control in that under normal conditions, usage and applications, the Dryers could not withstand the use for which they were intended and failed, causing damage and fire as well as threatening the consumers' personal safety and in some cases causing personal injuries.

208.   Plaintiffs and class members used the Dryers in a manner reasonably intended by Electrolux.

209.   The Dryers were defective for the following reasons: (1) they were not reasonably safe for ordinary and intended use of safely drying clothes; (2) Electrolux failed to provide Plaintiffs and class members with adequate and sufficient warning regarding the known or foreseeable safety risks and dangers inherent in the Dryers; (3) the design, methods of manufacture, and testing of the Dryers was inadequate and produced a defective product.

-36-

210.   As a direct and proximate result of the defective condition of the Dryers, Plaintiffs and Class members purchased Dryers that do not serve the purpose for which they are intended, have suffered property damages and other incidental and consequential damages, and have put their personal safety and the safety of others at serious risk.

**COUNT IX**

**Strict Product Liability for Failure to Warn**

**(Plaintiffs, Individually and on Behalf of the National Property Damage Subclass and the California Property Damage Subclass)**

211.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

212.   Electrolux is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling appliances, including dryers.

213.   Electrolux designed, manufactured, distributed, advertised, marketed, promoted and sold the Dryers at issue herein without substantial change in the condition in which they were manufactured, sold and distributed.

214.   The Dryers were in a defective and unreasonably dangerous condition when they left Electrolux's possession or control in that under normal conditions, usage and applications, the Dryers could not withstand the use for which they were intended and resulted in failure, damage, and fire causing damage to the dryer as well as threatening the consumers' personal safety and, upon information and belief, in some instances, causing personal injury.

215.   The defects in the Dryers described herein were known or knowable prior to their sale by Electrolux.

216.   Electrolux had no reason to believe that consumers who purchased the Dryers would be aware of the foreseeable harm associated with the use of the Dryers.

-37-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

217. Prior to and before distributing the Dryers sold to Plaintiffs and Class members, Electrolux had a legal duty to warn Plaintiffs and class members about the Defect in the Dryers and the dangers the Defect posed.

218. As a direct and proximate result of the defective condition of the Dryers, Plaintiffs and Class members purchased Dryers that do not serve the purpose for which they are intended, have suffered property damages and other incidental and consequential damages, and have put their personal safety, and the safety of others, at serious risk.

**COUNT X**

**Injunctive Relief**

**(Plaintiffs Individually and on Behalf of All Classes and Subclasses)**

219. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

220. Electrolux designed, manufactured, produced, tested, inspected, marketed, distributed, and sold Dryers that contain a material and dangerous Defect as described above.

221. Based upon information and belief, Electrolux continues to market, distribute, and sell Dryers that contain the material and dangerous Defect and have done nothing to remove the Dryers containing the Defect described herein from the market and from the households of consumers.

222. The Defect described herein poses an imminent threat to the safety of consumers and the public.

223. Upon information and belief, Electrolux has taken no corrective action concerning the defects described herein, and has not issued any warnings or notices concerning the dangerous Defect, replaced the dangerous Dryers or implemented a product recall.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

224. Plaintiffs and class members have suffered actual damage or injury or are in immediate risk of suffering actual damage or injury due to the Dryers' Defects.

225. Electrolux should be required to take corrective action to avoid the serious and immediate safety risk its Dryers pose, including: issuing a nationwide recall and replacement of the Dryers; issuing warnings and/or notices to consumer and the class members concerning the Dryers Defect and safety risks the Dryers pose; and, if Electrolux has not already done so, immediately discontinue the manufacture, production, marketing, distribution, and sale of the Dryers

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following judgment:

A. An Order certifying this action as a class action;

B. An Order appointing Plaintiffs as class representatives and appointing counsel undersigned to represent the classes;

C. A Declaration that the Dryers are defective;

D. A Declaration that the Defect poses a serious safety risk to consumers and the public;

E. An Order awarding injunctive relief by requiring Electrolux to issue corrective actions including notification, recall, and replacement of the Dryers;

F. Payment to the classes of all damages associated with the replacement of the defective products, in an amount to be proven at trial;

G. Payment to the classes of all damages associated with property damage as a result of the defective products, in an amount to be proven at trial;

H. Restitution as authorized by law;

I. An award of attorneys' fees and costs, as provided by law and/or as would be reasonable from any recovery of monies recovered for or benefits bestowed on the class;

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1       J.     Interest as provided by law, including but not limited to pre-judgment

2  and post-judgment interest as provided by rule or statute; and

3       K.    Such other and further relief as this Court may deem just, equitable, or

4  proper.

5                       **JURY TRIAL DEMANDED**

6      Plaintiffs hereby demand a trial by jury on all claims for which a jury trial is

7  authorized.

8  Dated: November 21, 2012

9

10                 By: _____

11                    Gretchen Nelson

12      **KREINDLER & KREINDLER LLP**
         GRETCHEN NELSON
13     gnelsen@kreindler.com
         707 Wilshire Boulevard
14     Los Angeles, California 90017
         Telephone: (213) 622-6469
15     Facsimile: (213) 622-6019

16

17      **WEXLER WALLACE LLP**
         EDWARD A. WALLACE
18     AMY E. KELLER
         DAWN M. GOULET
19     eaw@wexlerwallace.com
         aek@wexlerwallace.com
20     dmg@wexlerwallace.com
         55 West Monroe Street, Suite 3300
21     Chicago, Illinois 60603
         Telephone: (312) 346-2222
22     Facsimile: (312) 346-0022

23      **HANSEN REYNOLDS DICKINSON**
         **CRUEGER LLC**
24     ERIN DICKINSON
         CHARLES CRUEGER
25     erin@hrdc-law.com
         charles@hrdc-law.com
26     316 North Milwaukee Street, Suite 200
         Milwaukee, Wisconsin 53202
27     Telephone: (414) 455-7676
         Facsimile: (414) 273-8476

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**GREG COLEMAN LAW PC**
GREGORY F. COLEMAN
MARK E. SILVEY
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

*Attorneys for the Plaintiffs and the Classes*

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT 1

**WEXLER WALLACE** LLP

Chicago + Sacramento

Amy E. Keller        312.589.6283 Direct
                     aek@wexlerwallace.com

September 26, 2012

*VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED*
Electrolux Home Products, Inc.
c/o Jack G. Truong
Chief Executive Officer
4720 Piedmont Row Drive, Suite 400
Augusta, Georgia 30907

Electrolux Home Products, Inc.
c/o Cecilia Vieweg
General Counsel, Senior Vice President
4720 Piedmont Row Drive, Suite 400
Augusta, Georgia 30907

Electrolux Home Products, Inc.
c/o CT Corporation System
Registered Agent for Service of Process
818 W. Seventh Street
Los Angeles, California 90017

> **RE: NOTICE of Violations of the California Consumer Legal Remedies Act and
> Duty to Preserve Evidence**

Dear Sir or Madame:

     PLEASE TAKE NOTICE that this letter constitutes notice under the California Consumer Legal Remedies Act (the "CLRA"), California Civil Code Section 1750, *et seq*., and specifically Section 1782 of the CLRA, notifying ELECTROLUX HOME PRODUCTS, INC. ("Electrolux") of violations of the CLRA and of our demand that Electrolux remedy such violations within thirty (30) days from your receipt of this letter.

     This firm represents Shawn Roberts and Nicole Horton, who purchased a dryer manufactured by Electrolux, and sold under the brand name Frigidaire, manufactured in July 2007 (the "Dryer") in California. Mr. Roberts and Ms. Horton purchased the Dryer based on, among other things, representations as to the quality and reliability of the product and based on their belief that the product was safe for its intended use. Unknown to Mr. Roberts or Ms. Horton, the Dryer had a serious safety defect that has been known to Electrolux for some time.

**WEXLER WALLACE** LLP

Chicago + Sacramento

September 26, 2012
Page 2

In July 2012, the Dryer caught fire as a result of the defect causing serious property damage to Mr. Roberts and Ms. Horton's apartment and personal property. Mr. Roberts and Ms. Horton have suffered in jury in fact as a result of their purchase of the defective Dryer.

The defect in the Dryer is the design which incorporates a front drum that fails to seal the drum from the surrounding cabinet, thereby allowing the accumulation of lint behind the drum and in the heater pan, areas that are not visible to, or serviceable by, the user. The Dryer also contained a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, both of which accumulated lint during normal use, and both of which are not visible to or serviceable by the user. The Defect is particularly dangerous because it cannot be detected by the consumers during normal use as it exists in an area of the Dryer that was not visible to Mr. Roberts or Ms. Horton or any other consumer.

Electrolux sold the Dryer representing that it was free of defects and knowing full well that it had a serious safety defect which could result in a fire that posed not only the risk of property damage but of personal injuries and/or death.

Any reasonable consumer, such as Mr. Roberts and Ms. Horton, would have relied on representations made by Electrolux and/or those entities selling products manufactured by Electrolux under another brand name, such as Frigidaire, as to the alleged quality of the products. Through the exercise of reasonable diligence any reasonable consumer would not have discovered the violations alleged herein because Electrolux actively and purposefully concealed the truth regarding the products.

In conclusion, the material misrepresentations made as to the quality and safety of the Dryer was intended to deceive customers, such as Mr. Roberts and Ms. Horton, into purchasing Dryers manufactured by Electrolux.

Please be advised that the alleged unfair methods of competition or unfair, or deceptive acts or practices in violation of the CLRA engaged in by Electrolux include, but are not necessarily limited to, the following:

Section 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

Section 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

Section 1770(a)(9): advertising goods with intent not to sell them as advertised; and/or

Section 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

**WEXLER WALLACE** LLP

Chicago + Sacramento

September 26, 2012
Page 3

Electrolux has failed to honor its consumer protection obligations. Based upon the above, demand is hereby made that Electrolux: (1) identify all consumers who have purchased a defective dryer (or, that Electrolux has made a reasonable effort to identify all such consumers); (2) notify all such consumers that Electrolux will provide them with an appropriate remedy, including, but not limited to, full reimbursement for the Dryers, along with compensation for out-of-pocket losses; (3) conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials and products; and (4) recall all products and inform all purchasers of the defective dryers of the defect and that the dryers defect may cause the dryers to catch fire and cause property damage or personal injuries or death.

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, available for violations of the CLRA, which will be requested in the first amended class action complaint on behalf of our clients and all other similarly-situated California residents.

  (1) The actual damages suffered;
  (2) An order enjoining you from such methods, acts or practices;
  (3) Restitution of property (where applicable);
  (4) Punitive Damages;
  (5) Any other relief which the court deems proper; and
  (6) Court costs and attorneys' fees.

Additionally, we remind you of your legal duty to preserve all records relevant to such litigation. *See, e.g., Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 175 (S.D.N.Y. 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all electronic documents, letters, reports, internal corporate instant messages, and other records that relate to the design, manufacture, marketing and sales of the dryers will be sought in the forthcoming discovery process. You there must inform any employees, contractors, and third-party agents (including but not limited to consultants and advertising agencies handling your accounts) preserve all such relevant documentation and information.

We look forward to your taking corrective action.

Very truly yours,

Amy E. Keller

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, Suite 4100, Los Angeles, California 90017.

On November 21, 2012, I served the foregoing documents described as follows:

**First Amended Complaint for Damages and Injunctive Relief**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as

___x___ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:    I caused to be delivered such envelope by hand to the offices of the addressee. (Defense counsel only)

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

___x___ BY ELECTRONIC MAIL:
I served by electronic mail at the email address(es) below:

___x___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2012, at Los Angeles, California.

___Patty Davis___
(Type or Print Name)

_____
(Signature)

1

NOTICE TO COUNSEL

**SERVICE LIST**

**Jessica G Scott**
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street Suite 4500
Denver, CO 80202
303-244-1800
303-244-1879 (fax)
scott@wtotrial.com

**Kenneth E Stalzer**
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street Suite 4500
Denver, CO 80202
303-244-1800
303-244-1879 (fax)
stalzer@wtotrial.com

**Michael T Williams**
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street Suite 4500
Denver, CO 80202
303-244-1800
303-244-1879 (fax)
williams@wtotrial.com

**Dean J Zipser**
Manatt Phelps and Phillips LLP
695 Town Center Driver 14th Floor
Costa Mesa, CA 92626
714-371-2500
714-371-2550 (fax)
dzipser@manatt.com

*Attorneys for Defendant*
*Electrolux Home Products, Inc.*

**Gretchen M Nelson**
Kreindler and Kreindler LLP
707 Wilshire Boulevard Suite 4100
Los Angeles, CA 90017
213-622-6469
213-622-6019 (fax)
gnelson@kreindler.com

NOTICE TO COUNSEL

**Edward A. Wallace**
**Amy Keller**
**Dawn Goullet**
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
312-346-0022
eaw@wexlerwallace.com
aek@wexlerwallace.com
dmg@wexlerwallace.com

**Erin Dickinson**
**Charles Crueger**
HANSEN REYNOLDS DICKINSON CRUEGER LLC
316 North Milwaukee Street, Suite 200
Milwaukee, Wisconsin 53202
414-455-7676
414-273-8476
erin@hrdc-law.com
charles@hrdc-law.com

**Gregory Coleman**
**Mark Silvey**
GREG COLEMAN LAW PC
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
865-247-0080
865-522-0049
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

*Attorneys for Plaintiffs*
*Shawn Roberts and Nicole Horton*
*and all others similarly situated*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

HECTOR E. SALITRERO, ESQ. (SBN 81186)
GIBSON & SHARPS, PSC
15233 Ventura Blvd., Suite 410
Sherman Oaks, CA 91403
(818) 377-2564
(818) 377-5473 Facsimile

Attorney for Plaintiff,
AMERICAN NATIONAL PROPERTY
AND CAUSLTY COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY a/s/o, Victor & Melissa Huezo, <br><br> Plaintiff, <br><br> vs. <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br> Defendants | **E-filed August 31, 2011** <br><br><br> CIVIL ACTION FILE NO.: 11CV1340 JLS NLS <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> DEMAND FOR JURY TRIAL |

**NOW COMES** the plaintiff, by and through its attorneys, and for its first amended

complaint against Electrolux Home Products, Inc., hereby alleges and states as

follows:

## PARTIES

1.     At all times relevant hereto, the plaintiff, American National Property and Casualty Company, (hereinafter "PLAINTIFF" or "ANPAC"), was and is a corporation organized under the laws of the state of Missouri, having its principal place of business in Springfield Missouri, and was engaged in the business of providing insurance to consumers.

2.     At all times relevant hereto, the defendant, Electrolux Home Products, Inc. ("ELECTROLUX" or "DEFENDANT"), was and is a corporation organized under the laws of the state of Delaware, having its principal place of business in Webster City, Iowa, and was and is engaged in the business of designing, manufacturing, and distributing electric and gas clothes dryers.

## JURISDICTION

3.     At all times relevant hereto, ELECTROLUX was authorized to do business and/or did business in the state of California, transacted business in this State, and otherwise did or performed acts within or without this State which subjected it to the jurisdiction of this Court.

4.     The matter in controversy is between diverse parties and exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars and No Cents ($75,000.00) in value and, therefore, this court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332 et seq.

## GENERAL ALLEGATIONS

5.    Prior to June 16, 2008, DEFENDANT designed, manufactured, assembled, inspected, tested, distributed, and placed into the stream of commerce, residential gas clothes dryers, said products being intended for use by consumers for the ordinary purposes associated with clothes dryers.

6.    At all times relevant hereto, DEFENDANT knew and intended that its clothes dryers would be used by members of the general public, and knew of the specific uses, purposes, and requirements for which said dryers would be utilized. Further, by placing said dryers on the market for sale, DEFENDANT represented that the dryers would safely operate and perform the uses for which they were intended and that, in all respects, the dryers were of merchantable quality.

7.    Prior to June 16, 2008, a gas clothes dryer brand name Frigidaire Gallery, Model No. GLG 0332AS4, ("THE DRYER"), designed, manufactured, assembled, inspected, tested, distributed and placed into the stream of commerce by DEFENDANT, was located and installed at premises owned by PLAINTIFF'S insureds, Victor and Melissa Huezo ("HUEZOS"), said premises being located at 3670 Lake Circle Dr., Fallbrook, CA 92028 ("THE PREMISES").

8. Said DRYER reached the HUEZOS without substantial change in its condition, and was not altered or modified prior to or during its use.

9. On or about June 16, 2008, a date within the useful life of THE DRYER, a fire originated in THE DRYER located at THE PREMISES. The subject fire, and/or heat, smoke, and soot there from spread throughout THE PREMISES, thereby causing substantial damage to the interior of the premises, as well as to the personal property of the insured. THE PREMISES also suffered water damages due to the fire suppression efforts to extinguish said fire.

10. The aforementioned fire originated as a result of a defect, further described below, in THE DRYER located on THE PREMISES, with said defect causing the ignition of lint or other combustible materials.

11. As a result of that defective and/or unreasonably dangerous condition of THE DRYER, DEFENDANT is responsible for the losses suffered by PLAINTIFF and all losses assigned to PLAINTIFF as set forth below.

## FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY

12. Paragraphs 1 through 11 are hereby incorporated herein as though fully set forth.

13. THE DRYER was unreasonably dangerous, defective, and unsafe for its intended use in that DEFENDANT:

FIRST AMENDED COMPLAINT
4

a) placed THE DRYER into the stream of commerce when it knew, or should have known, that, through consumers' normal use of the product, THE DRYER would operate in such a manner so as to permit lint and combustible materials to accumulate at or near a heat source and thereby cause a fire and present an unreasonable risk of serious injury to consumers;

b) distributed, sold, and/or supplied a defectively designed and/or manufactured product which it know, or should have known, subjected THE PREMISES to an unreasonable risk of harm;

c) failed to properly and adequately warn and instruct as to the safe and proper use of THE DRYER;

d) failed to properly and adequately assemble, inspect and/or test THE DRYER;

f) designed, manufactured, distributed, sold, and/or supplied THE DRYER without proper safety features to prevent the accumulation of lint at or near the heat source, including but not limited to a protected heater box or remote heat source, rendering it hazardous and dangerous for its contemplated and intended use;

g)    failed to warn PLAINTIFF, HUEZOS, and others of the aforesaid defective and dangerous conditions which it knew of should have known existed and created an unreasonable risk of harm to THE PREMISES;

h)    failed to utilize state-of-the-art technology when designing THE DRYER when the use of such technology would have eliminated the defective and dangerous conditions aforementioned.

14.    The aforementioned defects or dangerous conditions existed at the time THE DRYER left the possession and/or control of DEFENDANT.

15.    The aforementioned defects or defective conditions, and the unreasonably dangerous and unsafe condition created thereby, were a direct and proximate cause of, or a substantial factor in producing the damage sustained by PLAINTIFF and THE HUEZOS.

16.    As a result of the defective condition, THE PREMISES, and associated personal property of THE HUEZOS were substantially damaged, and PLAINTIFF, pursuant to its right of subrogation has sustained damages and is subrogated to all of the rights with respect to all claims for damages against DEFENDANT arising out of that liability.

17.    At all times relevant hereto, a contract of insurance for loss and/or property damage was in effect between THE HUEZOS and PLAINTFF which

provided insurance coverage for, among other things, loss of or damage to THE

PROPERTY, as well as loss or damage to personal property located on or within

THE PREMISES ("THE CONTRACT").

18. Pursuant to THE CONTRACT monies have been and will be

expended on behalf of PLAINTIFF, to the detriment of PLAINTIFF for the

damage to THE PROPERTY, as well as for costs associated with the fire loss.

Therefore, PLAINTIFF is subrogated to the rights of THE HUEZOS with respect

to any and all claims for damages against DEFENDANT.

## SECOND CAUSE OF ACTION - NEGLIGENCE

19. Paragraphs 1 through 11 are hereby incorporated herein as though

fully set forth.

20. The design, manufacture, and/or introduction into the market of THE

DRYER by DEFENDANT in its defective and unreasonably dangerous condition

constitutes a breach of the duty of ordinary care owed by DEFENDANT to the

public-at-large and, specifically to PLAINTIFF and THE HUEZOS.

21. Specifically, DEFENDANT breached its duty of care in that it:

a) placed THE DRYER into the stream of commerce when it knew, or

should have known, that, through consumers' normal use of the product, THE

DRYER would operate in such a manner so as to permit lint and combustible

materials to accumulate at or near a heat source and thereby cause a fire and present an unreasonable risk of serious injury to consumers;

      b)    distributed, sold, and/or supplied a defectively designed and/or manufactured product which it know, or should have known, subjected THE PREMISES to an unreasonable risk of harm;

      c)    failed to properly and adequately warn and instruct as to the safe and proper use of THE DRYER;

      d)    failed to properly and adequately assemble, inspect and/or test THE DRYER;

      f)    designed, manufactured, distributed, sold, and/or supplied THE DRYER without proper safety features to prevent the accumulation of lint at or near the heat source, including but not limited to a protected heater box or remote heat source, rendering it hazardous and dangerous for its contemplated and intended use;

      g)    failed to warn PLAINTIFF, HUEZOS, and others of the aforesaid defective and dangerous conditions which it knew of should have known existed and created an unreasonable risk of harm to THE PREMISES;

h)     failed to utilize state-of-the-art technology when designing THE DRYER when the use of such technology would have eliminated the defective and dangerous conditions aforementioned.

22.     As a direct and proximate result of the negligence and carelessness of DEFENDANT, THE PREMISES and the personal property of THE HUEZOS were substantially damaged, and PLAINTIFF, pursuant to its right of subrogation, has sustained damages and is subrogated to all the rights of its insureds with respect to all claims for damages against DEFENDANT.

WHEREFORE, PLAINTIFF claims fair, just and reasonable money damages from DEFENDANT, in an amount according to proof at trial.

Dated:   __August 31, 2011_____          GIBSON & SHARPS, PSC


                                              By: _____/s/ Hector E. Salitrero_____
                                                    HECTOR E. SALITRERO,
                                                    Attorney for Plaintiff,
                                                    AMERICAN NATIONAL
                                                    PROPERTY AND
                                                     CASUALTY COMPANY

**E-FILED**
Friday, 03 May, 2013  03:50:48 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BADGER MUTUAL INSURANCE COMPANY, a Wisconsin mutual company, as subrogee of Melissa and Jason Johnson, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:13-cv-01207 |
| v. | ) ) | **Jury Trial Demanded** |
| ELECTROLUX NORTH AMERICA, INC., an Ohio corporation, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as assignee and subrogee of Melissa and Jason Johnson, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for its Complaint against Defendant, ELECTROLUX NORTH AMERICA, INC., states as follows:

**JURISDICTION**

1.      Jurisdiction in this matter is proper.  This Court has jurisdiction over the claims set forth herein based on the complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.  In particular, Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000.00, the minimal amount required under the Code.

2.      Venue is proper in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1391(a), in that the Defendants conduct

business within the Central District of Illinois and a substantial part of the events that give rise to these claims occurred within this judicial district.

## PARTIES

3.     At all relevant times, Plaintiff, Badger Mutual Insurance Company ("Badger Mutual"), was a Wisconsin mutual company authorized to do business in Illinois.

4.     At all relevant times, Melissa and Jason Johnson were Illinois domiciliaries who owned the premises located at 211 Brookview Drive in Abingdon, Illinois (the "Premises").

5.     At all relevant times, Defendant, ELECTROLUX NORTH AMERICA, INC. ("Electrolux"), was a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of North Carolina.

## ALLEGATIONS COMMON TO ALL COUNTS

6.     Badger Mutual is a duly licensed insurance company authorized to issue policies of insurance in the State of Illinois.

7.     Pursuant to said authority, Badger Mutual issued a certain policy of insurance to Melissa and Jason Johnson, which provided property and property-related coverage against casualty and damage on losses to personal and real property located at the Premises.

8.     Badger Mutual asserts its claim as subrogee of its insureds, Melissa and Jason Johnson.  Badger Mutual is the bona fide owner of the claims and causes of action set forth below, having obtained the same by reason of payments to or on behalf

2

of Melissa and Jason Johnson under Badger Mutual policy number 0064-657414, effective December 2, 2011 through December 2, 2012, and is therefore entitled to maintain this action against Electrolux for recovery of such payments.

9. In or around the year 2010, Michelle and Jason Johnson purchased a certain Kenmore washer/dryer unit, model # 41748102701, serial # XC83609486 (hereinafter, the "Electrolux Dryer"), and caused it to be installed at the Premises.

10. The Electrolux Dryer was intended for use in the manner in which it was used at all times following its purchase.

11. Electrolux designed and manufactured the Electrolux Dryer.

12. On or about January 17, 2012, the Electrolux Dryer malfunctioned and thereby caused a fire to occur, damaging the Premises and its contents (hereinafter, "the Occurrence").

13. Pursuant to its policy of insurance number 0064-657414, Badger Mutual paid Melissa and Jason Johnson in excess of $75,000.00 for the loss resulting from the Occurrence.

**COUNT I – DEFECTIVE DESIGN**
**Electrolux Corporation**

14. Plaintiff re-alleges and reasserts paragraphs 1 through 13 of the Complaint as though fully set forth herein as paragraph 14 of this Count I.

15. At the time of the design of the Electrolux Dryer by Electrolux, the subject Electrolux Dryer was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways. The subject Electrolux Dryer:

3

    a.  overheated under reasonably anticipated use conditions;

    b.  caught fire under reasonably anticipated use conditions;

    c.  incorporated a heating element susceptible to failure under reasonably anticipated use conditions;

    d.  incorporated a heating element susceptible to overheat and/or violent combustion under reasonably anticipated use conditions; and/or

    e.  failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

16.    The defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed due the defective manner in which Electrolux designed the subject Electrolux Dryer.

17.    The aforementioned defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed at the time it left the control of Electrolux.

18.    At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use was reasonably foreseeable by Electrolux.

19.    As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the subject Electrolux Dryer, a violent fire occurred, damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of the Johnsons and Badger Mutual.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT II – MANUFACTURING DEFECT
### Electrolux Corporation

20.     Plaintiff re-alleges and reasserts paragraphs 1 through 19 of the Complaint as though fully set forth herein as paragraph 20 of this Count II.

21.     At the time of the manufacture of the Electrolux Dryer by Electrolux, the subject Electrolux Dryer was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways.  The subject Electrolux Dryer:

      a.  overheated under reasonably anticipated use conditions;

      b.  caught fire under reasonably anticipated use conditions;

      c.  incorporated a heating element susceptible to failure under reasonably anticipated use conditions;

      d.  incorporated a heating element susceptible to overheat and/or violent combustion under reasonably anticipated use conditions; and/or

      e.  failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

22.     The defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed due to Electrolux's defective manufacture of the subject Electrolux Dryer.

23.     The aforementioned defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed at the time it left the control of Electrolux.

24.     At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use was reasonably foreseeable by Electrolux.

5

25.    As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the subject Electrolux Dryer, a violent fire occurred, damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of the Johnsons and Badger Mutual.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT III – PRODUCT LIABILITY: NON-SPECIFIC DEFECT
### Electrolux Corporation

26.    Plaintiff re-alleges and reasserts paragraphs 1 through 25 of the Complaint as though fully set forth herein as paragraph 26 of this Count III.

27.    The Electrolux Dryer was not put to any abnormal use during its service life.

28.    There was no secondary cause of the Occurrence.

29.    The Electrolux Dryer failed to perform in a manner reasonably expected in light of its nature and intended function.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

6

**COUNT IV – PRODUCT LIABILITY: FAILURE TO WARN**
**Electrolux Corporation**

30.     Plaintiff re-alleges and reasserts paragraphs 1 through 29 of the Complaint as though fully set forth herein as paragraph 30 of this Count IV.

31.     At the time of Electrolux's design, manufacture, sale, distribution, and/or marketing of the subject Electrolux Dryer, the Electrolux Dryer was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

32.     At all relevant times, the subject Electrolux Dryer was used without adequate knowledge or warning of its characteristics from Electrolux.

33.     Electrolux did not give adequate warning of the dangers of the subject Electrolux Dryer, including the following:

      a.  the danger of the Electrolux Dryer's overheating under reasonably anticipated use conditions;

      b.  the danger of the Electrolux Dryer catching fire under reasonably anticipated use conditions;

      c.  the danger of the Electrolux Dryer's incorporation of a heating element susceptible to failure under reasonably anticipated use conditions;

      d.  the danger of the Electrolux Dryer's integration of a heating element susceptible to overheat and violent combustion under reasonably anticipated use conditions;

      e.  the danger of the Electrolux Dryer's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

34.     As a direct or proximate result of Electrolux's failure to design, manufacture, sell, distribute, and/or market the Electrolux Dryer with adequate warnings, users of the Electrolux Dryer lacked knowledge of its dangerous

characteristics.

35.    Melissa and Jason Johnson would not have used the subject Electrolux Dryer, had they possessed knowledge of the Electrolux Dryer's dangerous characteristics through adequate warnings from Electrolux.

36.    At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use of the Electrolux Dryer was reasonably foreseeable by Electrolux.

37.    As a direct and proximate result of the dangerous and defective condition in which the Electrolux Dryer was designed, manufactured, sold, distributed, and/or marketed, a fire occurred, violently damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Melissa Johnson, Jim Johnson, and Badger Mutual.

38.    WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE
### Electrolux Corporation

39.    Plaintiff re-alleges and reasserts paragraphs 1 through 38 of the Complaint as though fully set forth herein as paragraph 39 of this Count V.

40.    At all relevant times, Electrolux had a duty to design, manufacture,

8

assemble, distribute, sell, and market its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

41.    At all relevant times, Electrolux had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

42.    At all relevant times, Electrolux had a duty to warn others of potentially dangerous conditions existing in its products, including the Electrolux Dryer.

43.    Electrolux breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Electrolux Dryer.

44.    Further, Electrolux breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

  a.  failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe under normal use conditions;

  b.  failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe for its reasonably intended purpose(s);

  c.  failed to design, manufacture, assemble, distribute, sell, or market a product in which the components would not fail in the course of foreseeable use;

  d.  failed to design, manufacture, assemble, distribute, sell, or market a product that would not cause a fire in the course of foreseeable use;

  e.  failed to design, manufacture, assemble, distribute, sell, or market a product that would adequately discharge and/or resist heat produced by its own operation;

  f.  failed to design, manufacture, assemble, distribute, sell, or market a product containing a switch that would deactivate the Electrolux Dryer in the event of overheat;

9

g.  failed to integrate adequate thermal protective measures into the subject Electrolux Dryer;

h.  failed to provide adequate warnings about the Electrolux Dryer's dangerous properties or conditions;

i.  failed to adequately test, investigate, inspect or analyze the subject Electrolux Dryer to understand its properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that it was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed; and/or,

j.  failed to adequately test, investigate, inspect or analyze the subject Electrolux Dryer's component parts, to understand the components' properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that the Electrolux Dryer was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed.

45.    As a direct and proximate result of Electrolux's breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the subject Electrolux Dryer, a fire occurred, violently damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Melissa Johnson, Jason Johnson, and Badger Mutual.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as assignee and subrogee of Melissa and Jason Johnson, hereby demands trial by jury for all issues deemed so triable.


Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.


By:    ___/s/ Peter T. Cahill_____

One of the Attorneys for Badger Mutual Insurance Company


Robert Ostojic (ro@lefltd.com)
Peter T. Cahill (ptc@lefltd.com)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554

\\lefpl\Prolaw Files\Documents\BADGER MUTUAL\15353\Pleading\77938.doc

E-FILED
Friday, 03 May, 2013 03:50:48 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BADGER MUTUAL INSURANCE COMPANY, a Wisconsin mutual company, as subrogee of Melissa and Jason Johnson, | ) ) ) ) | |
| | ) | |
|     Plaintiff, | ) ) | Case No.: 1:13-cv-01207 |
|     v. | ) ) | **Jury Trial Demanded** |
| ELECTROLUX NORTH AMERICA, INC., an Ohio corporation, | ) ) | |
|     Defendant. | ) ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as assignee and subrogee of Melissa and Jason Johnson, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for its Complaint against Defendant, ELECTROLUX NORTH AMERICA, INC., states as follows:

**JURISDICTION**

1.    Jurisdiction in this matter is proper. This Court has jurisdiction over the claims set forth herein based on the complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332. In particular, Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000.00, the minimal amount required under the Code.

2.    Venue is proper in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1391(a), in that the Defendants conduct

business within the Central District of Illinois and a substantial part of the events that give rise to these claims occurred within this judicial district.

## PARTIES

3.    At all relevant times, Plaintiff, Badger Mutual Insurance Company ("Badger Mutual"), was a Wisconsin mutual company authorized to do business in Illinois.

4.    At all relevant times, Melissa and Jason Johnson were Illinois domiciliaries who owned the premises located at 211 Brookview Drive in Abingdon, Illinois (the "Premises").

5.    At all relevant times, Defendant, ELECTROLUX NORTH AMERICA, INC. ("Electrolux"), was a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of North Carolina.

## ALLEGATIONS COMMON TO ALL COUNTS

6.    Badger Mutual is a duly licensed insurance company authorized to issue policies of insurance in the State of Illinois.

7.    Pursuant to said authority, Badger Mutual issued a certain policy of insurance to Melissa and Jason Johnson, which provided property and property-related coverage against casualty and damage on losses to personal and real property located at the Premises.

8.    Badger Mutual asserts its claim as subrogee of its insureds, Melissa and Jason Johnson.  Badger Mutual is the bona fide owner of the claims and causes of action set forth below, having obtained the same by reason of payments to or on behalf

2

of Melissa and Jason Johnson under Badger Mutual policy number 0064-657414, effective December 2, 2011 through December 2, 2012, and is therefore entitled to maintain this action against Electrolux for recovery of such payments.

9.     In or around the year 2010, Michelle and Jason Johnson purchased a certain Kenmore washer/dryer unit, model # 41748102701, serial # XC83609486 (hereinafter, the "Electrolux Dryer"), and caused it to be installed at the Premises.

10.    The Electrolux Dryer was intended for use in the manner in which it was used at all times following its purchase.

11.    Electrolux designed and manufactured the Electrolux Dryer.

12.    On or about January 17, 2012, the Electrolux Dryer malfunctioned and thereby caused a fire to occur, damaging the Premises and its contents (hereinafter, "the Occurrence").

13.    Pursuant to its policy of insurance number 0064-657414, Badger Mutual paid Melissa and Jason Johnson in excess of $75,000.00 for the loss resulting from the Occurrence.

## COUNT I – DEFECTIVE DESIGN
### Electrolux Corporation

14.    Plaintiff re-alleges and reasserts paragraphs 1 through 13 of the Complaint as though fully set forth herein as paragraph 14 of this Count I.

15.    At the time of the design of the Electrolux Dryer by Electrolux, the subject Electrolux Dryer was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways.  The subject Electrolux Dryer:

    a.  overheated under reasonably anticipated use conditions;

    b.  caught fire under reasonably anticipated use conditions;

    c.  incorporated a heating element susceptible to failure under reasonably anticipated use conditions;

    d.  incorporated a heating element susceptible to overheat and/or violent combustion under reasonably anticipated use conditions; and/or

    e.  failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

16.     The defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed due the defective manner in which Electrolux designed the subject Electrolux Dryer.

17.     The aforementioned defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed at the time it left the control of Electrolux.

18.     At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use was reasonably foreseeable by Electrolux.

19.     As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the subject Electrolux Dryer, a violent fire occurred, damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of the Johnsons and Badger Mutual.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT II – MANUFACTURING DEFECT
### Electrolux Corporation

20.     Plaintiff re-alleges and reasserts paragraphs 1 through 19 of the Complaint as though fully set forth herein as paragraph 20 of this Count II.

21.     At the time of the manufacture of the Electrolux Dryer by Electrolux, the subject Electrolux Dryer was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways.  The subject Electrolux Dryer:

        a.  overheated under reasonably anticipated use conditions;

        b.  caught fire under reasonably anticipated use conditions;

        c.  incorporated a heating element susceptible to failure under reasonably anticipated use conditions;

        d.  incorporated a heating element susceptible to overheat and/or violent combustion under reasonably anticipated use conditions; and/or

        e.  failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

22.     The defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed due to Electrolux's defective manufacture of the subject Electrolux Dryer.

23.     The aforementioned defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed at the time it left the control of Electrolux.

24.     At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use was reasonably foreseeable by Electrolux.

5

25.     As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the subject Electrolux Dryer, a violent fire occurred, damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of the Johnsons and Badger Mutual.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT III – PRODUCT LIABILITY: NON-SPECIFIC DEFECT
### Electrolux Corporation

26.     Plaintiff re-alleges and reasserts paragraphs 1 through 25 of the Complaint as though fully set forth herein as paragraph 26 of this Count III.

27.     The Electrolux Dryer was not put to any abnormal use during its service life.

28.     There was no secondary cause of the Occurrence.

29.     The Electrolux Dryer failed to perform in a manner reasonably expected in light of its nature and intended function.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

6

## COUNT IV – PRODUCT LIABILITY: FAILURE TO WARN
### Electrolux Corporation

30.     Plaintiff re-alleges and reasserts paragraphs 1 through 29 of the Complaint as though fully set forth herein as paragraph 30 of this Count IV.

31.     At the time of Electrolux's design, manufacture, sale, distribution, and/or marketing of the subject Electrolux Dryer, the Electrolux Dryer was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

32.     At all relevant times, the subject Electrolux Dryer was used without adequate knowledge or warning of its characteristics from Electrolux.

33.     Electrolux did not give adequate warning of the dangers of the subject Electrolux Dryer, including the following:

      a.  the danger of the Electrolux Dryer's overheating under reasonably anticipated use conditions;

      b.  the danger of the Electrolux Dryer catching fire under reasonably anticipated use conditions;

      c.  the danger of the Electrolux Dryer's incorporation of a heating element susceptible to failure under reasonably anticipated use conditions;

      d.  the danger of the Electrolux Dryer's integration of a heating element susceptible to overheat and violent combustion under reasonably anticipated use conditions;

      e.  the danger of the Electrolux Dryer's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

34.     As a direct or proximate result of Electrolux's failure to design, manufacture, sell, distribute, and/or market the Electrolux Dryer with adequate warnings, users of the Electrolux Dryer lacked knowledge of its dangerous

characteristics.

35.    Melissa and Jason Johnson would not have used the subject Electrolux Dryer, had they possessed knowledge of the Electrolux Dryer's dangerous characteristics through adequate warnings from Electrolux.

36.    At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use of the Electrolux Dryer was reasonably foreseeable by Electrolux.

37.    As a direct and proximate result of the dangerous and defective condition in which the Electrolux Dryer was designed, manufactured, sold, distributed, and/or marketed, a fire occurred, violently damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Melissa Johnson, Jim Johnson, and Badger Mutual.

38.    WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE
### Electrolux Corporation

39.    Plaintiff re-alleges and reasserts paragraphs 1 through 38 of the Complaint as though fully set forth herein as paragraph 39 of this Count V.

40.    At all relevant times, Electrolux had a duty to design, manufacture,

assemble, distribute, sell, and market its products such that they would be free from

defects and reasonably safe for their intended and reasonably foreseeable uses.

41.    At all relevant times, Electrolux had a duty to investigate, inspect, test,

and examine its products to discover any flaws or dangers existing therein.

42.    At all relevant times, Electrolux had a duty to warn others of potentially

dangerous conditions existing in its products, including the Electrolux Dryer.

43.    Electrolux breached one or more of its foregoing duties by failing to use

ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing

of the Electrolux Dryer.

44.    Further, Electrolux breached one or more of its foregoing duties by one

or more of the following negligent acts and/or omissions:

    a. failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe under normal use conditions;

    b. failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe for its reasonably intended purpose(s);

    c. failed to design, manufacture, assemble, distribute, sell, or market a product in which the components would not fail in the course of foreseeable use;

    d. failed to design, manufacture, assemble, distribute, sell, or market a product that would not cause a fire in the course of foreseeable use;

    e. failed to design, manufacture, assemble, distribute, sell, or market a product that would adequately discharge and/or resist heat produced by its own operation;

    f. failed to design, manufacture, assemble, distribute, sell, or market a product containing a switch that would deactivate the Electrolux Dryer in the event of overheat;

g.  failed to integrate adequate thermal protective measures into the subject Electrolux Dryer;

h.  failed to provide adequate warnings about the Electrolux Dryer's dangerous properties or conditions;

i.  failed to adequately test, investigate, inspect or analyze the subject Electrolux Dryer to understand its properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that it was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed; and/or,

j.  failed to adequately test, investigate, inspect or analyze the subject Electrolux Dryer's component parts, to understand the components' properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that the Electrolux Dryer was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed.

45.    As a direct and proximate result of Electrolux's breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the subject Electrolux Dryer, a fire occurred, violently damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Melissa Johnson, Jason Johnson, and Badger Mutual.

WHEREFORE, Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as subrogee of Melissa and Jason Johnson, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, BADGER MUTUAL INSURANCE COMPANY, as assignee and subrogee of Melissa and Jason Johnson, hereby demands trial by jury for all issues deemed so triable.

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

By:    ___/s/ Peter T. Cahill_____

One of the Attorneys for Badger Mutual Insurance Company

Robert Ostojic (ro@lefltd.com)
Peter T. Cahill (ptc@lefltd.com)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554

\\lefpl\Prolaw Files\Documents\BADGER MUTUAL\15353\Pleading\77938.doc

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| as subrogee of John Clark, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ELECTROLUX HOME PRODUCTS, INC., | ) | |
| A foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO:     United States District Court
        Northern District of Illinois
        Eastern Division

Defendant Electrolux Homes Products, Inc. ("Electrolux"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the state court action described below that is currently pending in the Circuit Court of Lake County, Illinois, Nineteenth Judicial Circuit under the caption and case number *Allstate Insurance Company, as subrogee of John Clark, v. Electrolux Home Products, Inc., a foreign corporation,* 09 L 872.  In support this Notice, Electrolux states as follows:

1.     On September 9, 2009, Allstate Insurance Company ("Allstate"), as subrogee of John Clark, filed an action against Electrolux, in the Circuit Court of Lake County, Illinois, Nineteenth Judicial Circuit.  The Complaint alleges three counts against Electrolux: strict products liability, negligence and breach of implied warranty.  A copy of the Complaint and Summons in the state court action is attached hereto as Exhibit 1.

2.      The first date upon which Electrolux received a copy of said Complaint was on or about September 17, 2009, when its registered agent in Illinois was served.  (See Ex. 1.) Therefore, this Notice has been filed in this Court within the time allowed by law for the removal of civil actions pursuant to 28 U.S.C. §1446.

3.      Electrolux has not filed an answer or any other responsive pleading in the state court action.

4.      Allstate Insurance Company is incorporated in the State of Illinois with its principal place of business in the State of Illinois.

5.      Electrolux is a corporation incorporated in the State of Delaware with its principal place of business in Georgia.  (Compl. ¶ 3.)

6.      The Complaint seeks judgment against Electrolux in the amount of $202,924.96, plus costs.  (*Id*. ¶ 1.)

7.      This is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.  Thus, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one that may be removed to this Court pursuant to 28 U.S.C. §1441(a).

8.      Venue is proper here because the United States District Court for the Northern District of Illinois, Eastern Division, is the District and Division embracing the place where the state court action is pending, *i.e.*, Lake County, Illinois.

10.     As required by 28 U.S.C. §1446(d), a copy of this Notice is being filed with the

Clerk of the Circuit Court of Lake County.

DATED:  October 12, 2009           Respectfully submitted,
                                  **Electrolux Home Products, Inc.**


                              By:      /s/ Michael J. Summerhill
                                      One of its Attorneys

Michael J. Summerhill
William P. Heffernan
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois  60601
(312) 894-3200

**Attorneys for Defendant**
**Electrolux Home Products, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 12, 2009, I electronically filed the foregoing Notice of Removal using the CM/ECF system.  I hereby certify that I served via First Class Mail on the same date the following individuals:

Brad M. Gordon
Katherine I. Carty
Grotefeld & Hoffmann, LLP
180 N. LaSalle Street, Suite 1810
Chicago, IL  60601
312-551-0200
312-601-2402 (facsimile)

**Attorneys for Plaintiff
Allstate Insurance Company**

/s/ Michael J. Summerhill
Attorney for Defendant
Electrolux Home Products, Inc.

# EXHIBIT 1

 CT Corporation

**Service of Process
Transmittal**
09/17/2009
CT Log Number 515441360

**TO:** Edward Buckles, Sr. Associate General Counsel
Electrolux North America, Inc.
20445 Emerald Parkway SW, Suite 250
Cleveland, OH 44135-0920

**RE:** **Process Served in Illinois**

**FOR:** Electrolux Home Products, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Allstate Insurance Company, as subrogee of John Clark, Pltf. vs. Electrolux Home Products, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Lake County - 19th Judicial Circuit Court, IL<br>Case # 09L872 |
| **NATURE OF ACTION:** | Reimbursement of policy benefits claimed for property damages received as a result of a of a fire on 09/01/06 - Seeking $202,924.96 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/17/2009 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service - File Answer and/or File Appearance // 01/1310 at 9:00 a.m. - Case Conference |
| **ATTORNEY(S) / SENDER(S):** | Katherine I. Carty<br>Grotefeld & Hoffmann, L.L.P.<br>180 North LaSalle<br>Suite 1810<br>Chicago, IL 60601<br>312-551-0200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/17/2009, Expected Purge Date: 09/22/2009<br>Image SOP<br>Email Notification, Edward Buckles ed.buckles@Electrolux.com<br>Email Notification, Sharon A Luarde sharon.a.luarde@electrolux.com<br>Email Notification, Jeannelle Horvath jeannelle.horvath@electrolux.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Jill Duffy-Baricovich<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## SUMMONS

IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT,
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| as subrogee of John Clark | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) **Plaintiffs)** |
| | ) |
| vs. | ) |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC., | ) |
| a foreign corporation | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) **Defendants)** |

No. **09 L 872**

Please Serve:
ELECTROLUX HOME PRODUCTS, INC.
c/o CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT. Clerk of
said Circuit Court, and the seal thereof at
Waukegan, Illinois, this _____ day of
_____ SEP 09 2009 _____ A.D., 20____

**SEAL
OF
COURT**

SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by
attorney) Grotefeld & Hoffmann, LLP
180 N. LaSalle Street, Suite 1810
Address Chicago, IL 60601
Telephone 312-551-0200

Date of Service: _____, 20 _____
(To be inserted by officer on copy left with defendant or
other person.)

171-138  Rev 8/00

## SUMMONS

## IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

ALLSTATE INSURANCE COMPANY,  )
as subrogee of John Clark          )
                             )
                             )
                             )   No.  **09 L   87 2**
                             )
                  **Plaintiffs**)

           vs.                )
                             )

ELECTROLUX HOME PRODUCTS, INC.,  )
a foreign corporation              )
                             )   Please Serve:
                             )   ELECTROLUX HOME PRODUCTS, INC.
                             )   c/o CT Corporation System
                             )   208 South LaSalle Street, Suite 814
                             )   Chicago, Illinois 60604
                  **Defendants**)

**To each of the above-named defendants:**

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT. Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of

        **SEAL**
        **OF**
      **COURT**

SEP 1 8 2009   A.D., 20 _____

*Sally D. Coffelt*
SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Grotefeld & Hoffmann, LLP
180 N. LaSalle Street, Suite 1810

Date of Service: _____ , 20 _____
(To be inserted by officer on copy left with defendant or other person.)

Address Chicago, IL 60601
Telephone 312-551-0200

MARGARET J. MULLEN

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SEP 09 2009

*Sara ol Offett*
CIRCUIT CLERK

ALLSTATE INSURANCE COMPANY, )
as subrogee of John Clark, )
)
Plaintiff, )
)
v. )  Case No.:
)
)  **JURY DEMAND**
ELECTROLUX HOME )
PRODUCTS, INC., a foreign corporation, )
)
Defendants. )

**09 L 872**

### COMPLAINT AT LAW

NOW COMES Plaintiff, ALLSTATE INSURANCE COMPANY, (hereinafter, "Allstate"), as subrogee of John Clark, (hereinafter, "Clark"), by and through its attorneys, Brad M. Gordon and Katherine I. Carty of GROTEFELD & HOFFMANN, L.L.P., and for its complaint against Defendant ELECTROLUX HOME PRODUCTS, INC. (hereinafter "Electrolux") states as follows:

### FACTUAL ALLEGATIONS

1.      Plaintiff Allstate is a bona fide subrogee of Clark pursuant to a policy of insurance issued by Allstate. Allstate paid $202,924.96 to or on behalf of Clark as indemnification and reimbursement for damages resulting from a fire that occurred on September 1, 2006 at the Clark residence, located at 847 Lane Lorraine in Lake Forest, Illinois, county of Lake.

2.      Pursuant to the terms of the policy, and in consideration of the payments by Allstate, Clark subrogated to Allstate all of the rights, claims and interests that he may have against any person or entity that may be liable for causing the reimbursed damages to the Clark residence.

NOTICE
BY LOCAL RULE 3.12
THIS CASE IS HEREBY SET FOR A SCHEDULING
CONFERENCE IN COURTROOM C3 ON 1-13
20 09 AT 9:00 AM. FAILURE TO APPEAR MAY RESULT
IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT
BEING ENTERED.

3.    At all relevant times, Defendant Electrolux was a Delaware corporation in the business of manufacturing and distributing home appliances and equipment, including those under the brand name Frigidaire.

4.    Upon information and belief, Clark purchased the Frigidaire brand clothes dryer on September 22, 2003 from Plass Appliance and Furniture, Inc.

5.    Upon information and belief, the model number for the Clark clothes dryer wasGLGQ642AS3 and the serial number was XD32008271.

6.    At all relevant times, Clark used the clothes dryer for its normal and intended purpose of drying his family's laundry.

7.    On September 1, 2006, Katherine Clark placed a load of linens in the subject clothes dryer and initiated a drying cycle.

8.    On September 1, 2006 at approximately 3:00 pm., a fire originated in the laundry room of the Clark residence.

9.    Subsequent investigation into the occurrence revealed the fire originated inside the Frigidaire brand clothes dryer.

10.    Specifically, said investigation revealed that the fire was caused by the ignition of accumulated lint in the heat vent at the rear of the dryer drum, which came into contact with the dryer's blower housing and air duct.

11.    The fire caused damage to the Clark residence and its contents, which necessitated additional living expenses for the Clark family.

2

## COUNT I
## STRICT LIABILITY
### (Electrolux)

12.     Allstate re-alleges and incorporates the allegations contained in paragraphs 1

through 11 as though fully set forth in this Count I.

13.     The Frigidaire clothes dryer designed, manufactured, tested, and distributed by

Electrolux was offered for sale to the general public and consumers, including Clark.

14.     The clothes dryer used in the Clark residence was not modified or altered from the

time of sale to the time of the fire.

15.     The Frigidaire clothes dryer was designed, manufactured, sold and distributed in

an unreasonably dangerous condition in light of its foreseeable and intended use at the time that

it left the control of Electrolux in that:

        a.    the clothes dryer was improperly designed in such a way as to cause a fire within the clothes dryer; and/or

        b.    the clothes dryer was improperly manufactured in such a way as to cause a fire within the clothes dryer; and/or

        c.    the clothes dryer was designed, manufactured, and assembled with improper materials; and/or

        d.    the clothes dryer was designed, manufactured and assembled without proper inspection; and/or

        e.    the clothes dryer was designed, manufactured and assembled without proper testing; and/or

        f.    the clothes dryer was designed, manufactured and assembled to allow lint accumulation in the vent duct; and/or

        g.    the clothes dryer was designed, manufactured and assembled to allow lint accumulation in the dryer cabinet; and/or

        h.    the clothes dryer was designed, manufactured, and assembled in such a way that the user could not clean the accumulated lint from the cabinet

3

without removing the dryer drum, which is beyond the knowledge or
expertise of the average user; and/or

i.    Electrolux failed to adequately warn Clark of the serious risk that the dryer
      would malfunction and ignite a fire; and/or

j.    The clothes dryer was otherwise dangerous and defective in the design,
      manufacture, and sale.

16.    As a direct and proximate result of the above, Allstate suffered damages in the
amount of $202,924.96.

WHEREFORE, ALLSTATE INSURANCE COMPANY, as subrogee of John Clark,
requests judgment be entered in its favor and against ELECTROLUX HOME PRODUCTS,
INC., in the amount of $202,924.96, plus costs and for such other or further relief as this Court
deems equitable and just.

## COUNT II
## NEGLIGENCE
### (Electrolux)

17.    Allstate re-alleges and incorporates the allegations contained in paragraphs 1
through 11 as though fully set forth in this Count II.

18.    At all material times, Electrolux was under a duty to exercise reasonable care for
the safety of Clark's real and personal property.

19.    Electrolux, and its agents and employees, breached their duty in one or more of
the following ways:

a.    the clothes dryer was improperly designed in such a way as to cause a fire
      within the clothes dryer; and/or

b.    the clothes dryer was improperly manufactured in such a way as to cause a
      fire within the clothes dryer; and/or

c.    the clothes dryer was designed, manufactured, and assembled with

4

improper materials; and/or

d.  the clothes dryer was designed, manufactured and assembled without proper inspection; and/or

e.  the clothes dryer was designed, manufactured and assembled without proper testing; and/or

f.  the clothes dryer was designed, manufactured and assembled to allow lint accumulation in the vent duct; and/or

g.  the clothes dryer was designed, manufactured and assembled to allow lint accumulation in the dryer cabinet; and/or

h.  the clothes dryer was designed, manufactured, and assembled in such a way that the user could not clean the accumulated lint from the cabinet without removing the dryer drum, which is beyond the knowledge or expertise of the average user; and/or

i.  Electrolux failed to adequately warn Clark of the serious risk that the dryer would malfunction and ignite a fire; and/or

j.  The clothes dryer was otherwise dangerous and defective in the design, manufacture, and sale.

20.  As a direct and proximate result of Electrolux's breach of duty, Allstate suffered damages in the amount of $202,924.96.

WHEREFORE, ALLSTATE INSURANCE COMPANY, as subrogee of John Clark, requests judgment be entered in its favor and against ELECTROLUX HOME PRODUCTS, INC., in the amount of $202,924.96, plus costs and for such other or further relief as this Court deems equitable and just.

## COUNT III
## BREACH OF IMPLIED WARRANTY
### (Merchantability)
### (Electrolux)

21.  Allstate re-alleges and incorporates the allegations contained in paragraphs 1

5

through 11 as though fully set forth in this Count III.

22.     Electrolux implied a warranty to Clark that the clothes dryer was of merchantable

quality.

23.     The Frigidaire clothes dryer distributed and sold was not of merchantable quality

in that:

      a.     the clothes dryer was improperly designed in such a way as to cause a fire within the clothes dryer; and/or

      b.     the clothes dryer was improperly manufactured in such a way as to cause a fire within the clothes dryer; and/or

      c.     the clothes dryer was designed, manufactured, and assembled with improper materials; and/or

      d.     the clothes dryer was designed, manufactured and assembled without proper inspection; and/or

      e.     the clothes dryer was designed, manufactured and assembled without proper testing; and/or

      f.     the clothes dryer was designed, manufactured and assembled to allow lint accumulation in the vent duct; and/or

      g.     the clothes dryer was designed, manufactured and assembled to allow lint accumulation in the dryer cabinet; and/or

      h.     the clothes dryer was designed, manufactured, and assembled in such a way that the user could not clean the accumulated lint from the cabinet without removing the dryer drum, which is beyond the knowledge or expertise of the average user; and/or

      i.     Electrolux failed to adequately warn Clark of the serious risk that the dryer would malfunction and ignite a fire; and/or

      j.     The clothes dryer was otherwise dangerous and defective in the design, manufacture, and sale.

24.     As a direct and proximate result of Electrolux's breach of implied warranty,

6

Allstate suffered damages in the amount of $202,924.96.

WHEREFORE, ALLSTATE INSURANCE COMPANY, as subrogee of John Clark,
requests judgment be entered in its favor and against ELECTROLUX HOME PRODUCTS,
INC., in the amount of $202,924.96, plus costs and for such other or further relief as this Court
deems equitable and just.

Respectfully submitted,

ALLSTATE INSURANCE COMPANY,
as subrogee of John Clark,

By: _____
One of Its Attorneys

GROTEFELD & HOFFMANN, L.L.P.
Brad M. Gordon
Katherine I. Carty
180 North LaSalle, Suite 1810
Chicago, IL. 60601
(312)551-0200
Fax: (312)601-2402

7

# IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

ALLSTATE INSURANCE COMPANY, )
as subrogee of John Clark, )
                        )
           Plaintiff, )
                        )
    v. )    Case No.:
                        )
                        )
ELECTROLUX HOME )
PRODUCTS, INC., a foreign corporation, )
                        )
           Defendants. )

## RULE 222 AFFIDAVIT OF DAMAGES

    I, Katherine I. Carty, state that the total amount of money damages sought by Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of John Clark, exceeds $50,000.00.

GROTEFELD & HOFFMANN

By: _____

Katherine I. Carty

Subscribed and Sworn to before me
this _____ day of _____, 2009.

_____
Notary Public

OFFICIAL SEAL
DONNA HERMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/12/11

GROTEFELD & HOFFMANN, L.L.P.
Brad M. Gordon
Katherine I. Carty
180 North LaSalle, Suite 1810
Chicago, IL. 60601
(312)551-0200
Fax: (312)601-2402

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; STATE FARM LLOYDS; and STATE FARM FLORIDA INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08946 |
| v. | ) ) | Hon. John A. Nordberg |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) | |
| Defendant. | ) | |

## **AMENDED COMPLAINT**

Plaintiffs, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM LLOYDS, AND STATE FARM FLORIDA INSURANCE COMPANY, by their attorneys, GROTEFELD HOFFMANN, SCHLEITER, GORDON & OCHOA, LLP, complains of Defendant, ELECTROLUX HOME PRODUCTS, INC., and for their Amended Complaint, state the following:

### **JURISDICTION**

1.     The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as Plaintiffs, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM LLOYDS, AND STATE FARM FLORIDA INSURANCE COMPANY and Defendant, ELECTROLUX HOMES PRODUCTS, INC. are citizens of different states, are diverse parties, and the amount in controversy exceeds $75,000.00.

2.      Venue is proper in the Northern District of Illinois pursuant to 28 USC §1391(a)(1) & (a)(3) as the Defendant's registered agent is CT Corporation located in Chicago, Illinois and Defendant does business throughout the State of Illinois and specifically throughout the Northern District.

## **PARTIES**

3.   STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter referred to as "STATE FARM FIRE") is an insurance company licensed in the State of Illinois and engaged in the business of insuring properties throughout the United States including Illinois, with its principal place of business in Bloomington, Illinois.

4.   STATE FARM GENERAL INSURANCE COMPANY, (hereinafter referred to as "STATE FARM GENERAL") is an insurance company licensed in the State of California and engaged in the business of insuring properties throughout the State of California, with its principal place of business in Bloomington, Illinois.

5.   STATE FARM LLOYDS, (hereinafter referred to as "STATE FARM LLOYDS") is an association of underwriters organized under the laws of the State of Texas and engaged in the business of insuring properties throughout the State of Texas, with its principal place of business in Texas.

6.   STATE FARM FLORIDA INSURANCE COMPANY, (hereinafter referred to as "STATE FARM FLORIDA") is an insurance company licensed in the State of Florida and engaged in the business of insuring properties throughout the State of Florida, with its principal place of business in Bloomington, Illinois.

7.  Hereinafter the Plaintiffs, STATE FARM FIRE, STATE FARM GENERAL, STATE FARM LLOYDS, and STATE FARM FLORIDA, are all collectively referred to as "STATE FARM".

8.  Upon information and belief, ELECTROLUX HOME PRODUCTS, INC. (hereinafter referred to as "ELECTROLUX") is a Delaware corporation with its principal place of business located at 20445 Emerald Parkway S.W., Cleveland, Ohio 44135.

9.  Upon information and belief, and at all times relevant, Defendant ELECTROLUX was engaged in the business of designing, manufacturing, and distributing clothes dryers throughout the United States.

## **BACKGROUND**

10. At all times relevant, the entities or individuals (hereinafter collectively referred to as "State Farm's Insureds") listed in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 10) either owned or rented homes or buildings located at the corresponding addresses identified on Exhibit A, which homes or buildings were insured by STATE FARM.

11. Fires occurred at the homes or buildings of State Farm's Insureds (hereinafter referred to as the "fire losses") and the date of each fire loss is identified in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 11).

12. Pursuant to their respective insurance policies, State Farm's Insureds submitted claims to STATE FARM seeking payment and/or reimbursement for property damage that resulted from the aforementioned fire losses.

13. STATE FARM was obligated to and did, in fact, pay over $12,000,000.00 to or on behalf of State Farm's Insureds in connection with the losses submitted by State Farm's Insureds for property damage stemming from the fire losses. The individual payments made by STATE FARM to its Insureds are itemized and listed in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 13).

## FACTS

14. At various dates and times, State Farm's Insureds purchased clothes dryers and/or purchased or rented homes or buildings equipped with clothes dryers including gas clothes dryers, electric clothes dryers, gas laundry centers, or electric laundry centers (hereinafter collectively referred to as "the clothes dryers").

15. Upon information and belief, the aforementioned clothes dryers were designed, manufactured, distributed, and sold into the stream of commerce by ELECTROLUX.

16. At all relevant times, State Farm's Insureds used the clothes dryers for their intended purpose of drying laundry and used them in a manner reasonably foreseeable by ELECTROLUX.

17. Before the aforementioned fire losses set forth in Exhibit A, lint accumulated inside the clothes dryers set forth in Exhibit A in areas not observable to State Farm's Insureds, and in close proximity to the heat sources of the clothes dryers, either gas burners or electric heating elements, creating an increased risk of fire.

18. The aforementioned clothes dryers ignited and burned in the homes or buildings of State Farm's Insureds, and caused significant fire related property damage. The date of each fire loss, the address of each home/building that sustained property damage, and name of the

corresponding State Farm Insureds are listed in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 18).

## COUNT I -
## STRICT LIABILITY

1-18.    STATE FARM re-alleges and incorporates paragraphs 1 through 18 for this Count I as if they were set forth and fully pled herein.

19.    The clothes dryers were unreasonably dangerous at the time they left the control of ELECTROLUX because:

a.   the clothes dryers were designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source, either a gas burner flame or electric heating element, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b.   the clothes dryers were designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c.   the clothes dryers were designed and manufactured so that particles of lint that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d.   the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e.   the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

- 5 -

f. the clothes dryers were designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g. the clothes dryers were designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h. the clothes dryers were designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i. the clothes dryers were designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

j. the clothes dryers were designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

20.     As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the clothes dryers ignited and burned in the homes/buildings of State Farm's Insureds causing significant fire related property damage.

21.     Pursuant to the provisions of the policies of insurance issued to its Insureds by STATE FARM, STATE FARM paid to or on behalf of their Insureds sums in excess of Twelve Million Dollars ($ 12,000,000.00) to repair or replace damaged or destroyed property and otherwise compensate their Insureds for losses sustained as the result of said fire damage.

22.     By virtue of said payments, terms of said policies of insurance, and by virtue of equity, STATE FARM has become and is subrogated to all rights, remedies, and causes of action accruing to their Insureds and against the Defendant, ELECTROLUX.

WHEREFORE, Plaintiffs, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM LLOYDS, AND STATE FARM FLORIDA INSURANCE COMPANY, respectfully requests that judgment be entered in their favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC. on this Count I, in an amount exceeding Twelve Million dollars ($12,000,000.00) together with costs, interest and any other relief the Court deems equitable and just.

## COUNT II
## NEGLIGENCE

1-18.   STATE FARM re-alleges and incorporates paragraphs 1 through 18 for this Count II as if they were set forth and fully pled herein.

19.   At all times relevant, ELECTROLUX had a duty to exercise reasonable care in the design, manufacture, and distribution of the aforementioned clothes dryers.

20.   Upon information and belief, ELECTROLUX breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and distributing the clothes dryers at issue in this case.

21.   Upon information and belief, ELECTROLUX's negligent acts and omissions include, but are not limited to:

   a.   Carelessly and negligently designed and manufactured the clothes dryers with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer, a gas burner flame, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

- 7 -

b.   Carelessly and negligently designed and manufactured the clothes dryers with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c.   Carelessly and negligently designed and manufactured the clothes dryers so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d.   Carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e.   Carelessly and negligently designed and manufactured the clothes dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

f.   Carelessly and negligently designed and manufactured the clothes dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

g.   Carelessly and negligently designed and manufactured the clothes dryer without conducting any lint accumulation tests;

h.   Carelessly and negligently designed and manufactured the clothes dryer without conducting any fire risk studies on the design of the product;

i.   Carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j.   Carelessly and negligently designed and manufactured the clothes dryers without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k.   Carelessly and negligently designed and manufactured the clothes dryers without any warnings contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

- 8 -

l. Carelessly and negligently designed and manufactured the clothes dryers with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

22. As a direct and proximate result of one or more of ELECTROLUX's negligent acts or omissions, the clothes dryers ignited and burned in the homes/buildings of State Farm's Insureds, causing significant related property damage.

23. Pursuant to the provisions of the policies of insurance issued to its Insureds by STATE FARM, STATE FARM paid to or on behalf of their Insureds sums in excess of Twelve Million Dollars ($ 12,000,000.00) to repair or replace damaged or destroyed property and otherwise compensate their Insureds for losses sustained as the result of said fire damage.

24. By virtue of said payments, terms of said policies of insurance, and by virtue of equity, STATE FARM has become and is subrogated to all rights, remedies, and causes of action accruing to their Insureds and against the Defendant, ELECTROLUX.


WHEREFORE, the Plaintiffs, STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, STATE FARM LLOYDS, AND STATE FARM FLORIDA INSURANCE COMPANY, respectfully requests that judgment be entered in their favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC. on this Count II, in an amount exceeding Twelve Million dollars ($12,000,000.00) together with costs, interest and any other relief the Court deems equitable and just.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY;
STATE FARM GENERAL INSURANCE COMPANY;
STATE FARM LLOYDS INSURANCE COMPANY;
AND STATE FARM FLORIDA INSURANCE
COMPANY,


By: s/William J. Hoffmann_____
      William J. Hoffmann


Terrence R. Joy - 1371509
William J. Hoffmann – 6211756
Kevin M. Murphy –  6181083
Michael J. Scola – 6302960
Jonathan J. Tofilon - 6301041
GROTEFELD HOFFMANN SCHLEITER
GORDON & OCHOA, LLP
311 S. WACKER , SUITE 4500
CHICAGO, ILLINOIS 60606
PH: (312) 551-0200
FAX: (312) 601-2402
www.grotefeldhoffmann.com

| State Farm Entity | Insured | Claim Number | State of Loss | Location of Loss | Amount of Loss (w/o Deductible) | Deductible | Date of Loss |
|---|---|---|---|---|---|---|---|
| State Farm General Insurance Company | 148 S. Crescent | 75-M595-578 | CA | 128 S. Crescent Drive, Beverly Hills, CA | $421,411.00 | | 8/2/2010 |
| State Farm Fire and Casualty Company | 6707-6709 N. Seely Condo Assoc. | 13-B325-587 | IL | 6707-6709 N. Seeley, Chicago, IL | $43,286.00 | $1,000.00 | 12/23/2008 |
| State Farm Fire and Casualty Company | Abel, Louis | 20-N047-152 | MD | 3402 Resh Mill RD, Unit A, Hampstead, MD: Companion Claim: Jennifer McDaniel | $6,461.76 | $1,000.00 | 4/8/2011 |
| State Farm Fire and Casualty Company | Acklen, Madge | 13-B418-087 | IL | 724 N. High Street, Paris, IL | $13,188.25 | $500.00 | 9/15/2010 |
| State Farm Fire and Casualty Company | Adair, Kelly | 13-B433-582 | IL | 3600 Sangamon Street Steger, IL 60475 | $2,980.10 | $1,000.00 | 1/30/2011 |
| State Farm Fire and Casualty Company | Adkins, Roy | 04-E156-285 | AR | 5511 Sonora Drive, N. Little Rock, AR | $29,171.25 | $500.00 | 4/25/2011 |
| State Farm Fire and Casualty Company | Alheli, Sabah | 13-B390-668 | IL | 2287 Dawson Lane Algonquin, IL 60102 | $55,038.03 | $500.00 | 4/9/2010 |
| State Farm Lloyds | Applegate, Steve | 43-F006-217 | TX | 394 County Road 1310, Pittsburg, TX | $5,606.53 | $1,364.00 | 12/28/2010 |
| State Farm General Insurance Company | Baarsch, Robert | 05-M498-179 | CA | 619 Joseph Street, Ukiah, CA | $2,816.28 | | 3/8/2011 |
| State Farm Fire and Casualty Company | Bailey, Albert | 13-B434-652 | IL | 131 Fairmont Avenue Lockport, IL 60441 | $5,604.07 | $500.00 | 2/11/2011 |
| State Farm Fire and Casualty Company | Baker, Thomas | 23-L333-818 | MN | 15865 Xeon St. NW, Andover, MN | $39,073.08 | $1,000.00 | 3/24/2010 |
| State Farm Fire and Casualty Company | Barkefelt, Paul | 38-P997-475 | PA | 1134 Township Dr., Uniontown, PA | $3,791.90 | $1,000.00 | 5/11/2010 |
| State Farm Fire and Casualty Company | Belser, Gretta | 01-Q285-627 | AL | 4121 50th Ave North Birmingham, Al 35217 | $7,220.69 | $2,000.00 | 10/31/2010 |
| State Farm Fire and Casualty Company | Benitez, Nelson | 32-K176-857 | NY | 19 Nicoll Avenue, Central Islip, NY | $120,229.62 | $1,000.00 | 6/1/2010 |
| State Farm Fire and Casualty Company | Berkowitz, Andrew | 32-K167-348 | NY | 110 Riverside Dr., Apt. 4C, New York, NY | $296,274.89 | $1,000.00 | 1/15/2010 |
| State Farm Fire and Casualty Company | Birkmann, Robert | 13-B369-859 | IL | 649 Settlement Dr., Maple Park, IL | $18,731.01 | $500.00 | 10/17/2009 |
| State Farm Fire and Casualty Company | Bluestein, Keith | 32-K192-942 | NY | 5 Findley Drive, E. Northport, NY | $82,940.47 | $500.00 | 4/19/2011 |
| State Farm Fire and Casualty Company | Boie, Kenneth | 23-L356-993 | MN | 1890 Legacy Ln, Chaska, MN | $10,905.88 | $1,000.00 | 3/26/2011 |
| State Farm Fire and Casualty Company | Botting, Wade | 47-M196-405 | WA | 20334 170th Ave. NE, Duvall, WA | $36,942.73 | $500.00 | 6/14/2009 |
| State Farm Fire and Casualty Company | Boulch, Kathleen | 13-B316-055 | IL | 87 Park Street, Oswego, IL | $19,832.17 | $500.00 | 10/5/2008 |
| State Farm General Insurance Company | Boykins, Takesha | 75-M601-564 | CA | 345 E. 159th, Gardena, CA | $1,187.86 | | 9/18/2010 |
| State Farm Fire and Casualty Company | Brewster, Jayeson | 22-M455-958 | MI | 2770 Aruba Drive Troy, MI 48085 | $43,445.67 | $1,000.00 | 1/8/2010 |
| State Farm Fire and Casualty Company | Britvic, Karen | 13-B399-021 | IL | 648 Niagara Drive Bolingbrook, IL 60440 | $183,424.97 | $500.00 | 5/31/2010 |
| State Farm Fire and Casualty Company | Brown, Kip | 22-M480-322 | MI | 29161 Yorkshire Ln, Warren, MI | $110,009.67 | $500.00 | 12/22/2010 |
| State Farm General Insurance Company | Brown, Peter | 75-M613-275 | CA | 5327 Sharynne Lane, Torrance, CA | $202,920.28 | | 1/11/2011 |
| State Farm General Insurance Company | Brown, Shermain | 75-M625-245 | CA | 3341 Pasadena Ave., Apt. 31, Long Beach, CA | $29,101.86 | | 5/6/2011 |
| State Farm Fire and Casualty Company | Buchman, Brent | 23-L330-817 | MN | 18113 Echo Terrace, Farmington, MN | $51,273.56 | $2,351.00 | 1/26/2010 |
| State Farm Fire and Casualty Company | Burdett, Cheryl | 14-G060-101 | IN | 415 Shorewood Ct., Valparaiso, IN | $112,356.96 | $1,000.00 | 2/20/2010 |
| State Farm Fire and Casualty Company | Burgess, Timothy | 46-D633-167 | VA | 203 W. Bowen Street, Remington, VA | $12,066.46 | $1,000.00 | 11/3/2010 |
| State Farm Fire and Casualty Company | Bush, William | 52-D279-300 | NY | 163 5th Avenue, 2nd Floor, Troy, NY | $26,287.20 | $500.00 | 8/11/2010 |
| State Farm Fire and Casualty Company | Camantigue, Romeo | 28-Y108-035 | NV | 3841 Bayamon Street, Las Vegas, NV | $54,530.37 | $1,000.00 | 12/14/2010 |
| State Farm Fire and Casualty Company | Cardona, Robert | 19-A035-725 | ME | 32 Wyoming Avenue Portland, ME 04103 | $19,723.38 | $500.00 | 2/6/2011 |
| State Farm Fire and Casualty Company | Carver, Stacy | 30-P224-894 | NJ | 24 Alpine Lane, West Milford, NJ | $11,614.44 | $1,000.00 | 1/9/2011 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Farm Fire and Casualty Company | Castillo, Angelo | 13-B388-148 | IL | 2580 Foxfield Rd Ste 201, St. Charles, IL 60174 | $12,958.11 | $2,450.00 | 3/18/2010 |
| State Farm Fire and Casualty Company | Castro, Juan | 11-L398-839 | GA | 2550 Cumberland Blvd. SE, Apt. 201, Smyrna, GA | $603.46 | $500.00 | 9/30/2010 |
| State Farm Fire and Casualty Company | Cessna, Ryan | 38-Q006-074 | PA | 16850 Reagan Dr., Shrewsbury, PA | $8,574.26 | $1,000.00 | 7/17/2010 |
| State Farm Florida Insurance Company | Childers, Thomas | 59-D309-430 | FL | 12878 Timber Ridge Dr., Fort Myers, FL | $49,989.00 | $1,000.00 | 12/28/2010 |
| State Farm Fire and Casualty Company | Clark, Shannon | 16-R557-050 | KS | 1332 N. Brunswick Ct., Wichita, KS | $6,549.34 | $500.00 | 6/9/2010 |
| State Farm General Insurance Company | Cohen, Mark | 05-M497-320 | CA | 1039 Elsinore Ave., Oakland, CA | $37,426.01 | | 2/22/2011 |
| State Farm Lloyds | Connor, Adam & Mary | 53-033K-008 | TX | 11701 Fence Post Rtail, Austin, TX | $12,811.25 | $500.00 | 8/11/2011 |
| State Farm Fire and Casualty Company | Cooper, Ozell | 52-D268-101 | NY | 205 Elk Street, Syracuse, NY | $6,106.93 | $500.00 | 12/12/2009 |
| State Farm Fire and Casualty Company | Copeland, Patricia | 15-E143-333 | IA | 21002 277th Avenue, LeClaire, IA | $55,047.57 | $500.00 | 8/12/2011 |
| State Farm Fire and Casualty Company | Crane, Theresa | 25-J431-316 | MO | 2022 Golden Glade Trail, Osage Beach, MO | $119,288.94 | $1,000.00 | 7/19/2011 |
| State Farm Fire and Casualty Company | Currie, Brenda | 42-B278-180 | TN | 7855 Windy Willow Road, Memphis, TN | $146,146.72 | $1,630.00 | 10/29/2010 |
| State Farm Fire and Casualty Company | Dean, Keven | 13-B436-048 | IL | 1000 Charles Street Rock Falls, IL 61071 | $15,285.61 | $1,000.00 | 2/21/2011 |
| State Farm Fire and Casualty Company | Decker, Dennis | 22-M456-708 | MI | 2425 Riverview Court Wayne, MI 48184 | $214,935.43 | $1,000.00 | 1/20/2010 |
| State Farm General Insurance Company | Desantis, Jeffrey | 75-M589-964 | CA | 2611 Circle Dr., Newport Beach, CA | $30,021.03 | | 6/3/2010 |
| State Farm Fire and Casualty Company | Dietz, Eddie | 14-G072-357 | IN | 4914 Big Cynthiana Rd., Evansville, IN | $37,151.25 | $500.00 | 8/7/2010 |
| State Farm Fire and Casualty Company | Doogan, Kelly | 13-B288-508 | IL | 17031 Cheyenne Court, Lockport, IL | $68,220.71 | $500.00 | 4/19/2008 |
| State Farm Fire and Casualty Company | Doty, Michelle | 13-B422-911 | IL | 1408 Fox Hound Trl Beecher, IL 60401 | $73,000.89 | $500.00 | 10/22/2010 |
| State Farm Fire and Casualty Company | Dowling, Rosalyn | 14-G079-805 | IN | 7405 S. Woodrow Dr., Pendelton, IN | $38,665.09 | $1,000.00 | 12/8/2010 |
| State Farm Fire and Casualty Company | Duffy, Allan | 23-L301-531 | MN | 5448 188th Avenue Wyoming, MN 55092 | $401,265.72 | $1,000.00 | 9/9/2008 |
| State Farm General Insurance Company | Dugan, Elizabeth | 55-E105-625 | CA | 642 Ocean Lane, Apts. 1-18, Imperial Beach, CA | $733,842.11 | | 7/6/2010 |
| State Farm Fire and Casualty Company | Duran, Baldemar | 13-B368-961 | IL | 104 E. Geneva St., West Chicago, IL | $17,888.76 | $1,000.00 | 10/11/2010 |
| State Farm Fire and Casualty Company | Edwards, Laurie | 30-P198-424 | NJ | 9 Bear Hollow Lane, Little Egg Harbour, NJ | $10,597.09 | $500.00 | 7/17/2009 |
| State Farm Fire and Casualty Company | Elmore, Otis | 13-B398-437 | IL | 15956 Ellis Avenue South Holland, IL 60473 | $329,778.80 | $1,000.00 | 6/4/2010 |
| State Farm Lloyds | Epps, Bryan | 43-E897-183 | TX | 800 Ross Avenue, Apt. 2139, Dallas, TX | $15,276.53 | $500.00 | 10/20/2010 |
| State Farm Fire and Casualty Company | Estes, John | 42-B290-014 | TN | 110 Buchanan St., Petersburg, TN | $31,630.82 | $1,000.00 | 3/29/2011 |
| State Farm Fire and Casualty Company | Evans, Carrie | 25-J296-506 | MO | 2662 Elm Drive, Arnold, MO | $98,608.49 | $1,000.00 | 2/18/2010 |
| State Farm Fire and Casualty Company | Evans, William | 35-H376-641 | OH | 4335 Eastway Street, Toledo, OH | $2,075.24 | $1,000.00 | 5/28/2011 |
| State Farm Fire and Casualty Company | Evatt, Jennifer | 13-B271-633 | IL | 23618 W. Chicago St., Plainfield, IL | $421,457.00 | $1,000.00 | 1/12/2008 |
| State Farm Fire and Casualty Company | Featherly, Tracy | 13-B421-375 | IL | 1616 Cascade Ridge Dr Plainfield, IL 60586 | $210,196.48 | $1,000.00 | 10/14/2010 |
| State Farm Fire and Casualty Company | Fergus, Therese | 30-P219-696 | NJ | 86 Appletree Road, Berkeley Hgts, NJ | $31,939.97 | $100.00 | 9/6/2010 |
| State Farm Fire and Casualty Company | Figueroa, Jorge | 13-B434-898 | IL | 226 Fletcher Dr Wheeling, IL 60090 | $198,245.98 | $500.00 | 2/12/2011 |
| State Farm Fire and Casualty Company | Fitzpatrick, Robert | 35-H358-117 | OH | 4959 Western Hills Avenue, Cincinnati, OH | $74,364.96 | $500.00 | 12/28/2010 |
| State Farm Fire and Casualty Company | Flank, Joel | 13-B420-227 | IL | 1633 Orchard Avenue Schaumburg, IL 60193 | $83,845.35 | $500.00 | 10/5/2010 |
| State Farm General Insurance Company | Franconi, Thomas | 55-E064-177 | CA | 2807 Sothebys Court, Bakersfield, CA | $101,495.42 | | 1/17/2009 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Farm Fire and Casualty Company | Franklin, Charles | 13-B431-976 | IL | 4417 Farmington Ave. Richton Pk, IL 60471 | $5,971.45 | $500.00 | 1/13/2011 |
| State Farm Fire and Casualty Company | Gallowitch, Robert | 14-G080-325 | IN | 1652 Blue Heron Drive, Valparaiso, IN | $75,810.47 | $1,000.00 | 12/22/2010 |
| State Farm Fire and Casualty Company | Gancarczyk, Janusz | 13-B386-543 | IL | 14217 Mallard Drive Orland Park, IL 60467 | $19,676.24 | $1,000.00 | 3/4/2010 |
| State Farm Lloyds | Gee, Alice | 53-F664-990 | TX | 3780 Tanglewilde St., Apt. 610, Houston, TX | $16,451.86 | $500.00 | 7/7/2011 |
| State Farm Fire and Casualty Company | George, Shirley | 36-F659-452 | OK | 2304 Laneway Dr., Oklahoma City, OK (companion to Kenneth Hale 36-F659-600) | $3,250.81 | $1,000.00 | 11/3/2010 |
| State Farm General Insurance Company | Gersh, Bruce | 75-M572-305 | CA | 13919 Weddington Street, Sherman Oaks, CA | $34,461.43 | | 12/16/2009 |
| State Farm Fire and Casualty Company | Gilreath, William | 24-Q150-452 | MS | 131 Bridgewater Xing, Ridgeland, MS | $51,081.03 | $2,000.00 | 2/14/2010 |
| State Farm Fire and Casualty Company | Gimre, Steven | 13-B336-271 | IL | 921 Rocky Valley Way, Carol Stream, IL | $6,360.93 | $1,000.00 | 3/24/2009 |
| State Farm Fire and Casualty Company | Glassford, William | 14-G062-635 | IN | 1305 Lincoln Street, Hobart, IN | $252,505.08 | $1,000.00 | 4/8/2010 |
| State Farm Fire and Casualty Company | Gran, Philip | 30-P204-171 | NJ | 19 Avenue F, Monroe Township, NJ | $16,418.51 | $500.00 | 11/28/2009 |
| State Farm Fire and Casualty Company | Green, Danita | 49-F320-443 | WI | 3609 N. 41st St., Milwaukee, WI | $2,212.92 | $1,738.00 | 9/7/2009 |
| State Farm Fire and Casualty Company | Green, Douglas | 23-L331-657 | MN | 11126 Stonemill Farms Curve Woodbury, MN 55129 | $105,483.69 | $1,813.00 | 2/17/2010 |
| State Farm Fire and Casualty Company | Greenwald, Andrew | 13-B401-119 | IL | 340 W. Superior St. Apt. 804 Chicago, IL 60654 | $6,784.41 | $500.00 | 6/18/2010 |
| State Farm Fire and Casualty Company | Gurjack, Matthew | 22-M496-888 | MI | 35502 Marrocco Street, Clinton Twp., MI | $108,908.18 | $500.00 | 9/16/2011 |
| State Farm Fire and Casualty Company | Gustaitis, John | 13-B414-705 | IL | 8 Vincent Court Naperville, IL 60565 | $99,136.97 | $1,000.00 | 8/26/2010 |
| State Farm Fire and Casualty Company | Hale, Kenneth | 36-F659-600 | OK | 2304 Laneway Dr., Oklahoma City, OK (companion to Shirley George, 36-F659-452) | $12,676.77 | $500.00 | 11/3/2010 |
| State Farm Fire and Casualty Company | Hall, Ernest | 13-B439-905 | IL | 5 Wayne Court Park Forest, IL 60466 | $39,567.96 | $1,000.00 | 3/27/2011 |
| State Farm Fire and Casualty Company | Hammock, Brenda | 04-E155-684 | AR | 103 Vivian Street    Hot Springs, AR 71901 | $4,231.65 | $500.00 | 4/11/2011 |
| State Farm Fire and Casualty Company | Hansen, Chebrah | 11-L411-187 | GA | 6697 Bent Creek Dr., Rex, GA | $9,955.87 | $1,850.00 | 1/20/2011 |
| State Farm Fire and Casualty Company | Hargis, Marlon | 42-B293-810 | TN | 183 Jacksonian Drive, Hermitage, TN | $700.00 | $1,000.00 | 5/1/2011 |
| State Farm Lloyds | Hargrove, Margery | 53-F653-002 | TX | 10603 Mills Circle, Houston, TX | $27,277.57 | $500.00 | 2/25/2011 |
| State Farm Lloyds | Harris, Kevin | 43-E877-808 | TX | 5701 Highgate Lane, Rowlett, TX | $61,675.61 | $2,061.00 | 6/24/2010 |
| State Farm Fire and Casualty Company | Harris, Loletha | 13-B435-002 | IL | 2452 Hillsboro Lane Montgomery, IL 60538 | $15,462.94 | $500.00 | 2/13/2011 |
| State Farm General Insurance Company | Hassad, Bretton | 55-E097-589 | CA | 1380 East Washington, Unit 34W, El Cajon, CA | $41,555.00 | | 4/2/2010 |
| State Farm Fire and Casualty Company | Heino, Raymond | 13-B440-768 | IL | 24729 Kingston St., Plainfield, IL | $20,556.88 | $1,000.00 | 4/4/2011 |
| State Farm Fire and Casualty Company | Helphenstine, Steve | 17-E225-729 | KY | 834 Oak Fairway Court Maysville, KY 41056 | $43,820.63 | $1,000.00 | 1/28/2010 |
| State Farm Fire and Casualty Company | Herrick, Jamie | 15-E135-145 | IA | 1417 Belle Ave., Davenport, IA | $9,144.77 | $500.00 | 9/3/2010 |
| State Farm Fire and Casualty Company | Hickory Trace Condo | 17-E224-483` | KY | 8832 Moody Road Unit 201 Crestwood, KY 40223 | $12,721.09 | $2,500.00 | 12/21/2009 |
| State Farm Fire and Casualty Company | Houser, Leonard | 40-D187-045 | SC | 351 Reynolds Road, Pinewood, SC | $16,338.75 | $500.00 | 1/20/2009 |
| State Farm Lloyds | Hudson, Ashton | 43-F042-453 | TX | 907 Village Parkway, Coppell, TX | $22,186.41 | $2,500.00 | 9/15/2011 |
| State Farm Fire and Casualty Company | Hussey, Jeff | 25-J293-144 | MO | 1445 Lake Knoll Dr., Lake St. Louis, MO | $71,472.24 | $2,944.00 | 12/4/2009 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Farm Fire and Casualty Company | Imel, Wanda | 14-G067-548 | IN | 8310 W. Kent Blakenship St., Madison, IN | $9,202.78 | $500.00 | 6/14/2010 |
| State Farm Fire and Casualty Company | Jackson, Douglas | 35-H358-392 | OH | 5535 N. Glen Road, Cincinnati, OH | $51,935.24 | $1,000.00 | 1/2/2011 |
| State Farm Fire and Casualty Company | Jindra, Theodore | 35-H317-100 | OH | 5019 Whetstone Circle, Brunswick, OH | $142,748.41 | $500.00 | 1/29/2010 |
| State Farm Fire and Casualty Company | Johnson, Kathy | 01-Q276-337 | AL | 2601 Southbury Circle Vestavia, AL 35216 | $9,886.19 | $1,490.00 | 6/12/2010 |
| State Farm Fire and Casualty Company | Johnson, Sharkey | 13-B396-248 | IL | 18020 John Avenue Country Club Hills, IL 60478 | $76,571.30 | $1,000.00 | 5/15/2010 |
| State Farm General Insurance Company | Jones, Benjamin | 55-E093-364 | CA | 3547 Sophia Way, Sacramento, CA | $347,395.40 | | 2/8/2010 |
| State Farm Fire and Casualty Company | Jones, Damon | 22-M437-584 | MI | 22161 Marlow Street Oak Park, MI 48237 | $61,408.15 | $1,000.00 | 5/17/2009 |
| State Farm Fire and Casualty Company | Jones, Donald | 30-P178-561 | NJ | 19 Elm Place   Bellmawr, NJ 08031 | $31,504.76 | $250.00 | 4/11/2008 |
| State Farm Fire and Casualty Company | Judd, Colette | 42-B223-749 | TN | 122 Dana Drive, Hendersonville, TN | $1,232.16 | $500.00 | 5/17/2010 |
| State Farm Fire and Casualty Company | Jumper, Shawn Hervey | 22-062F-948 | MI | 3164 Promenade Circle, Ann Arbor, MI | $17,221.58 | $500.00 | 11/22/2011 |
| State Farm Fire and Casualty Company | Keburis, Al | 13-B433-500 | IL | 9610 S. Kedzie Ave. Evergreen Pk, IL 60805 | $20,420.15 | $500.00 | 1/28/2011 |
| State Farm General Insurance Company | Kelly, Robert | 55-E121-670 | CA | 1251 Dexter Place, Escondido, CA | $33,612.22 | | 1/27/2011 |
| State Farm Fire and Casualty Company | Ketchum, Vicki | 14-G062-559 | IN | 6803 Devinney Ln., Indianapolis, IN | $148,036.63 | $500.00 | 4/2/2010 |
| State Farm General Insurance Company | Kha, Jimmy | 75-M612-245 | CA | 862 W. Mabel Avenue Monterey Park, CA 91754 | $8,368.56 | | 1/3/2011 |
| State Farm Fire and Casualty Company | King, Melissa | 13-B429-632 | IL | 2428 Hanbury Lane Montgomery, IL 60538 | $42,710.95 | $500.00 | 12/22/2010 |
| State Farm General Insurance Company | Kligerman, Morton | 55-E095-866 | CA | 5861 Oceanview Ridge Lane, San Diego, CA | $306,893.63 | | 3/12/2010 |
| State Farm General Insurance Company | Korlander, Karen | 75-M603-171 | CA | 4431 Gates Head Bay, Oxnard, CA | $15,883.34 | | 8/10/2010 |
| State Farm Fire and Casualty Company | Krevonick, Sandra | 46-D650-104 | VA | 9159 Odey Drive, Mechanicsville, VA | $7,821.99 | $1,000.00 | 7/15/2011 |
| State Farm Fire and Casualty Company | Krumrie, Homer | 13-B385-361 | IL | 126 Scarlet Drive Manteno, IL 60950 | $2,580.48 | $500.00 | 2/21/2010 |
| State Farm Fire and Casualty Company | Kurtich, Jason | 42-B307-707 | TN | 1274 Cloverdale Drive, Clarksville, TN | $16,662.03 | $500.00 | 10/30/2011 |
| State Farm Fire and Casualty Company | Lacerba, Matthew | 13-B438-626 | IL | 956 Neuway Lane Antioch, IL 60002 | $124,552.54 | $1,000.00 | 3/16/2011 |
| State Farm Fire and Casualty Company | Lagunas, Jose | 13-B373-674 | IL | 507 47th Avenue Bellwood, IL 60104 | $111,966.41 | $500.00 | 11/9/2009 |
| State Farm General Insurance Company | Lam, Michael | 75-M593-271 | CA | 460 N. Harper Avenue, Los Angeles, CA | $682.87 | | 7/11/2010 |
| State Farm Fire and Casualty Company | Lananna, Frank | 32-K189-276 | NY | 139 Wirt Avenue, Staten Island, NY | $8,795.74 | $500.00 | 2/4/2011 |
| State Farm Fire and Casualty Company | Larkin, Mike | 49-02V2-328 | WI | 2085 Lost Dauphin Road, De Pere, WI | $606.94 | $1,345.00 | 10/21/2011 |
| State Farm Fire and Casualty Company | Latowicz, Gregory | 13-B336-212 | IL | 686 Savannah Lane Crystal Lake, IL 60014 | $31,198.44 | $500.00 | 3/18/2009 |
| State Farm General Insurance Company | Lawson, Alicia | 05-M496-839 | CA | 8651 N. Woodrow Avenue, Fresno, CA | $31,787.15 | | 2/18/2011 |
| State Farm Fire and Casualty Company | Lay, Phillip | 35-H365-576 | OH | 9598 Mount Nebo Rd., North Bend, OH | $1,578.94 | $500.00 | 3/6/2011 |
| State Farm Fire and Casualty Company | Lee, Russell | 11-L390-093 | GA | 568 Ansley Way, Evans, GA | $13,668.69 | $500.00 | 8/1/2010 |
| State Farm Fire and Casualty Company | Lenderman, Steve | 22-M456-908 | MI | 1257 Priscilla Lane Rochester Hills, MN 48309 | $165,992.14 | $500.00 | 1/24/2010 |
| State Farm Lloyds | Lenzy, Adam | 43-F025-463 | TX | 7303 Hardwood Trail, Dallas, TX | $42,103.42 | $1,243.00 | 5/2/2011 |
| State Farm Fire and Casualty Company | Lewis, Denise | 11-L414-610 | GA | 214 Lewis Street, Statesboro, GA | $169,776.18 | $1,000.00 | 2/23/2011 |
| State Farm Fire and Casualty Company | Light, David | 13-B377-403 | IL | 5303 Riveria Blvd., Plainfield, IL 60586 | $30,393.77 | $500.00 | 12/10/2009 |
| State Farm General Insurance Company | Long, John | 05-M495-165 | CA | 707 Roscommon Drive, Vacaville, CA | $13,850.53 | | 1/21/2011 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Farm Fire and Casualty Company | Lynn, Carole | 33-D629-722 | NC | 213 Morgan Street SE, Valdese, NC (Carole is owner of rental) | $10,238.06 | $1,000.00 | 5/20/2011 |
| State Farm Fire and Casualty Company | Marrow, Latisha | 22-M445-233 | MI | 9945 Prest Street Detroit, MI 48227 | $23,618.94 | $500.00 | 8/11/2009 |
| State Farm Fire and Casualty Company | McClanahan, Ruth | 20-N014-088 | MD | 707 Reynolds Drive Stevensville, MD 21666 | $5,174.42 | $500.00 | 12/8/2009 |
| State Farm Fire and Casualty Company | McDaniel, Jennifer | 20-N047-127 | MD | 3390 Resh Mill RD, Unit # A, Hampstead, MD 21074 | $11,816.36 | $500.00 | 4/8/2011 |
| State Farm Fire and Casualty Company | McDaniel, Sandra | 40-D235-065 | SC | 104 Pleasant Dale Court, Fountain Inn, SC | $26,289.35 | $1,000.00 | 7/6/2011 |
| State Farm Fire and Casualty Company | McGillen, Sinead | 32-K164-289 | NY | 5134 64th Street, Woodside, NY | $40,138.86 | $1,000.00 | 10/29/2009 |
| State Farm Fire and Casualty Company | McGuffy, Walter | 11-L380-079 | GA | 2115 Michael Court, Monroe, GA | $134,592.47 | $1,000.00 | 6/4/2010 |
| State Farm Fire and Casualty Company | McNish, Shukura | 11-L381-003 | GA | 412 Alexander St., Thomasville, GA | $24,310.52 | $500.00 | 6/9/2010 |
| State Farm Fire and Casualty Company | McWade, William | 13-B433-682 | IL | 313 S. Ottawa Street Earlville, IL 60518 | $17,529.20 | $500.00 | 1/31/2011 |
| State Farm Fire and Casualty Company | Meenan, Thomas | 38-Q000-975 | PA | 3046 Miller Street, Phila, PA | $12,223.21 | $500.00 | 6/8/2010 |
| State Farm Fire and Casualty Company | Melendez, Michael | 22-M481-090 | MI | 1460 Kings Cove Drive Rochester Hills, MI 48306 | $49,632.51 | $500.00 | 1/5/2011 |
| State Farm Fire and Casualty Company | Mercier, Jerry | 22-M476-101 | MI | 1776 Maryland Blvd., Birmingham, MI | $51,843.26 | $1,000.00 | 10/10/2010 |
| State Farm Fire and Casualty Company | Metcalf, Patrick | 13-B418-636 | IL | 1527 Logan Street, Schaumburg, IL | $6,502.78 | $1,000.00 | 9/18/2010 |
| State Farm Fire and Casualty Company | Meyer, George | 23-L346-074 | MN | 12008 Jefferson St. NE, Blaine, MN | $46,091.38 | $500.00 | 10/20/2010 |
| State Farm Fire and Casualty Company | Minor, Kevin | 25-J419-870 | MO | 7303 NW Locust Dr., Parkville, MO | $17,026.76 | $500.00 | 1/1/2011 |
| State Farm Fire and Casualty Company | Morlan, Richard | 13-B437-180 | IL | 68 Briarcliff Lane Bourbonnais, IL 60914 | $249,657.66 | | 3/2/2011 |
| State Farm General Insurance Company | Morningside Villas HOA | 75-M571-020 | CA | 10341 Canoga Ave., Apt. 5, Chatsworth, CA | $3,298.21 | | 12/5/2009 |
| State Farm Fire and Casualty Company | Munar, Moses | 37-J156-790 | OR | 78880 Dickenson Dr., Hermiston, OR | $35,381.37 | $500.00 | 1/18/2010 |
| State Farm Fire and Casualty Company | Nee, Phil | 49-F333-433 | WI | 28577 County Highway BA, Richland Center, WI | $27,437.90 | $1,000.00 | 12/3/2010 |
| State Farm Fire and Casualty Company | Newton, Philip | 22-M462-111 | MI | 1149 Hampstead Rd., Essexville, MI | $12,079.49 | $2,000.00 | 4/18/2010 |
| State Farm Fire and Casualty Company | Osburn, Ronald | 13-B434-972 | IL | 14525 S. LaSalle Street Riverdale, IL 60827 | $27,595.55 | $500.00 | 2/13/2011 |
| State Farm Fire and Casualty Company | Osterstrom, Jeffrey | 08-N008-237 | DE | 5 Coralberry Dr., Newark, DE | $43,309.63 | $2,117.00 | 5/3/2011 |
| State Farm Fire and Casualty Company | Pearson, Lee | 13-B338-065 | IL | 7419 S. Euclid Street Chicago, IL 60647 | $44,767.53 | $500.00 | 3/30/2009 |
| State Farm Fire and Casualty Company | Peppler, Stanley | 14-G056-853 | IN | 11230 Pine Orchard, Fort Wayne, IN | $223,642.27 | $500.00 | 12/19/2009 |
| State Farm General Insurance Company | Perez, Frank | 55-E065-244 | CA | 942 E. Fesler Street, Santa Maria, CA | $46,417.33 | | 2/3/2009 |
| State Farm Lloyds | Perez, Juan | 53-F652-078 | TX | 3206 Autumn Bridge Lane, Houston, TX | $75,256.84 | $1,500.00 | 2/16/2011 |
| State Farm Fire and Casualty Company | Perkins, Eric | 13-B427-653 | IL | 917 Willow Road Matteson, IL 60443 | $18,654.07 | $500.00 | 12/5/2010 |
| State Farm Fire and Casualty Company | Perreyclear PT Council Owners | 40-D206-362 | SC | Multiple locations | $36,766.60 | $5,000.00 | 3/7/2010 |
| State Farm Fire and Casualty Company | Petric, Cindy | 13-B354-351 | IL | 111 N. Lincoln Street, Braidwood, IL | $67,288.32 | $1,000.00 | 7/8/2010 |
| State Farm Fire and Casualty Company | Popovski, Saso | 22-M489-591 | MI | 47041 S. Fork Dr., Macomb, MI | $22,310.04 | $1,000.00 | 5/13/2011 |
| State Farm Fire and Casualty Company | Powell, Kerrie | 17-E224-512 | KY | 3602 Fincastle Road, Louisville, KY | $30,684.62 | $500.00 | 12/22/2009 |
| State Farm Fire and Casualty Company | Pribyl, Kimberly | 23-L367-364 | MN | 9483 Golden Eagle Court, Monticello, MN | $16,381.76 | $500.00 | 9/5/2011 |
| State Farm Fire and Casualty Company | Punzone, Paul | 52-D268-727 | NY | 1959 Haring Street, Brooklyn, NY | $120,063.24 | $1,000.00 | 12/30/2009 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Farm Fire and Casualty Company | Qualls, Bruce | 13-B394-324 | IL | 414 Rachel Circle Romeoville, IL 60446 | $4,604.55 | $500.00 | 5/4/2010 |
| State Farm Fire and Casualty Company | Rabi, Fatima | 13-B440-816 | IL | 10712 Linder Ave., Oak Lawn, IL | $11,410.12 | $500.00 | 4/2/2011 |
| State Farm Fire and Casualty Company | Ragusa, Ralph | 18-A323-588 | LA | 2916 Elizabeth Street Marrero, LA 70072 | $8,570.47 | $601.00 | 2/23/2011 |
| State Farm Fire and Casualty Company | Rather, Bethenia | 17-E234-589 | KY | 410 Mockingbird Valley Road Apt. 8 Louisville, KY 40207 | $24,509.15 | $1,000.00 | 7/30/2010 |
| State Farm Lloyds | Rea, Elsie | 53-F659-552 | TX | 3663 Fairmont Pkwy, Apt. 4301, Pasadena, TX | $11,161.51 | $500.00 | 5/11/2011 |
| State Farm Fire and Casualty Company | Redmond, Lynn | 22-M458-066 | MI | 46254 Royal Drive, Chesterfield, MI | $45,589.82 | $500.00 | 2/13/2010 |
| State Farm Fire and Casualty Company | Regan, Marilyn | 32-K183-969 | NY | 21 Eastover Drive, E. Northport, NY | $49,307.62 | $1,000.00 | 10/21/2010 |
| State Farm Fire and Casualty Company | Rodriguez, Antonio | 13-B442-195 | IL | 1327 Buell Avenue, Joliet, IL | $51,317.11 | $500.00 | 4/15/2011 |
| State Farm Fire and Casualty Company | Rosier, Bruce | 52-D282-293 | NY | 62 Indian Church Rd, Buffalo, NY | $7,590.05 | $500.00 | 10/15/2010 |
| State Farm Fire and Casualty Company | Rygelski, Andrea | 25-J275-614 | MO | 5919 Saddlehorn Ct., St. Charles, MO | $79,464.11 | $500.00 | 1/15/2009 |
| State Farm Fire and Casualty Company | Rykert, Gina Nordenstrom | 32-K167-651 | NY | 8 Mountain View Dr., Northport, NY | $86,572.00 | $1,000.00 | 1/22/2010 |
| State Farm Fire and Casualty Company | Safholm, Glen | 24-Q143-626 | MS | 215 Hartfield Rd., Bldg. D, Hattiesburg, MS | $57,169.18 | $1,000.00 | 6/6/2009 |
| State Farm Fire and Casualty Company | Saleet, Thomas | 35-H364-037 | OH | 5942 Eastview Street, N. Ridgeville, OH | $12,105.02 | $500.00 | 2/28/2011 |
| State Farm General Insurance Company | Santos, Henry | 05-M476-139 | CA | 884 Medford Avenue, Hayward, CA | $4,889.52 | | 3/24/2010 |
| State Farm Fire and Casualty Company | Short, Chelese | 27-E111-210 | NE | 5005 S. 133rd Street, Omaha, NE | $1,451.24 | $500.00 | 10/3/2010 |
| State Farm Fire and Casualty Company | Short, Kenneth | 35-H358-561 | OH | 4524 Shawnray Dr., Apt. 19, Middletown, OH | $65,284.88 | $500.00 | 1/3/2011 |
| State Farm Fire and Casualty Company | Smith, Gary | 47-M209-978 | WA | 8306 36th Avenue, Marysville, WA | $27,559.20 | $500.00 | 5/19/2010 |
| State Farm General Insurance Company | Spivak, Lev | 75-M565-710 | CA | 94 Greenfield, Irvine, CA | $60,250.95 | | 10/8/2009 |
| State Farm Fire and Casualty Company | Stachulak, Sandra | 13-B442-880 | IL | 501 Davison St., Joliet, IL | $22,349.90 | $500.00 | 4/21/2011 |
| State Farm Fire and Casualty Company | Steinz, Ernest | 13-B418-129 | IL | 218 W. 5th Street Spring Valley, IL 61362 | $146,545.49 | $500.00 | 9/15/2010 |
| State Farm Fire and Casualty Company | Stevenson, Charles | 13-B396-914 | IL | 8802 W. 83rd Pl #A Justice, IL 60458 | $17,689.15 | $500.00 | 5/15/2010 |
| State Farm Fire and Casualty Company | Suire, Lorie | 22-M459-865 | MI | 910 Lingle Avenue Owosso, MI 48867 | $8,099.43 | $1,000.00 | 3/16/2010 |
| State Farm Fire and Casualty Company | The Plaza at 14th Street | 11-L411-797 | GA | 259 14th Street NE, Atlanta, GA | $7,576.47 | $3,000.00 | 1/24/2011 |
| State Farm Fire and Casualty Company | Thomas, Priscilla | 40-D200-620 | SC | 226 Stone Ave., Woodruff, SC | $64,877.23 | $500.00 | 11/10/2009 |
| State Farm Lloyds | Thompson, Brandon | 43-E851-592 | TX | 1502 Brenwood Drive, Irving, TX | $141,446.20 | $1,000.00 | 1/6/2010 |
| State Farm Fire and Casualty Company | Thorne, Donald | 13-B383-770 | IL | 575 Heritage Drive, Oswego, IL 60543 | $13,596.69 | $500.00 | 2/3/2010 |
| State Farm Fire and Casualty Company | Thorpe, Richard | 13-B434-949 | IL | 11600 27th Street West Milan, IL 61264 | $8,618.60 | $500.00 | 2/13/2011 |
| State Farm Fire and Casualty Company | Thorpe, Robert | 15-E138-429 | IA | 3247 Bever Circle SE, Cedar Rapids, IA | $13,410.21 | $500.00 | 1/29/2011 |
| State Farm Fire and Casualty Company | Traeger, Mark & Jennifer | 23-03F1-108 | MN | 16 E. 6th Street N, Melrose, MN | $13,199.75 | $1,000.00 | 11/8/2011 |
| State Farm General Insurance Company | Trust, Evelyn Brown | 75-M568-007 | CA | 13254 Crowley St., Granada Hils, CA | $92,815.78 | | 11/2/2009 |
| State Farm Fire and Casualty Company | Vargas, Rafael | 11-L294-715 | GA | 5402 Hedge Creek Lane NW, Acworth, GA | $5,363.64 | $1,000.00 | 11/1/2008 |
| State Farm Fire and Casualty Company | Varner, Patricia | 32-K184-799 | NY | 106 Mirin Avenue, Roosevelt, NY | $302,881.10 | $1,000.00 | 11/12/2010 |
| State Farm Fire and Casualty Company | Veliquette, Rodney | 49-F331-470 | WI | 434-436 Gascoigne Dr., Waukesha, WI | $3,887.17 | $1,000.00 | 10/9/2010 |
| State Farm Fire and Casualty Company | Wajda, John | 13-B445-748 | IL | 5520 115th St., Apt. 502, Oak Lawn, IL | $13,957.32 | $500.00 | 5/14/2011 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| State Farm Lloyds | Walker, R S | 43-F010-442 | TX | 2529 Idlewood Dr., Garland, TX | $27,118.12 | $2,272.00 | 1/27/2011 |
| State Farm Fire and Casualty Company | Weber, Steve | 15-E139-232 | IA | 541 Marlou Pkwy, Des Moines, IA | $47,556.67 | $1,000.00 | 3/14/2011 |
| State Farm Fire and Casualty Company | Wellner, Anne | 02-G036-340 | AK | 5515 E. Cherry Circle Wasilla, AK 99654 | $53,555.28 | $500.00 | 4/24/2010 |
| State Farm General Insurance Company | Wilhite, Paul | 75-M620-170 | CA | 29124 Shorecliff Dr., Lake Elsinore, CA | $145,666.42 | | 3/20/2011 |
| State Farm Fire and Casualty Company | Woodard, George | 46-D645-542 | VA | 29426 Lanier Drive, Meadowview, VA | $3,189.94 | $2,000.00 | 5/17/2011 |
| State Farm Fire and Casualty Company | Wright, Nicolas | 11-0K30-569 | GA | 4624 Blue Iris Way, Oakwood, CA | $13,320.95 | $2,000.00 | 11/2/2011 |
| State Farm Fire and Casualty Company | Yeager, Kevin | 22-M465-112 | MI | 6843 Packer Dr NE Belmont, MI 49306 | $53,624.67 | $500.00 | 5/28/2010 |
| State Farm Fire and Casualty Company | Youel, Charles | 23-L347-479 | MN | 3849 Aldrich Ave. S, Minneapolis, MN | $27,744.64 | $1,318.00 | 11/15/2010 |
| State Farm Fire and Casualty Company | Zeigler, Dawn | 42-B259-934 | TN | 567 Highcrest Dr., Nashville, TN | $61,833.74 | $1,000.00 | 5/13/2010 |
| State Farm Fire and Casualty Company | Ziegler, Charity | 13-B426-0393 | IL | 433 E. 9th Street Lockport, IL 60441 | $109,728.40 | $1,000.00 | 11/24/2010 |
| State Farm Fire and Casualty Company | Ziegler, Danielle (Companion to Charity Ziegler) | 13-B426-428 | IL | 318-1/2 Marigold Place Joliet, IL 60433 | $38,452.57 | $1,000.00 | 11/23/2010 |
| State Farm Fire and Casualty Company | Zukowski, Garrie & Darlene | 32-K184-922 | NY | 58 Rumson Road, Staten Island, NY | $36,216.01 | $500.00 | 11/15/2010 |
| TOTAL: | | | | | $12,768,795.09 | $165,937.00 | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) Case Number 12-9309 |
| | ) |
| v. | ) |
| | ) |
| ELECTROLUX HOME PRODUCTS, INC. | ) |
| | ) |
| Defendant. | ) |

---

## COMPLAINT

---

Plaintiff American Family Mutual Insurance Company, for its second amended complaint against defendant Electrolux Home Products, Inc., state:

## JURISDICTION

1.      The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the plaintiff and the defendant are citizens of difference states, are diverse parties and the amount in controversy exceeds $75,000.00.

2.      Venue is proper in the Northern District of Illinois pursuant to 28 USC §1391 (b)(2) as the a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.      American Family Mutual Insurance Company ("American Family") is an insurance company licensed in the State of Wisconsin and engaged in the business of insuring properties throughout the United States including Illinois, with its principal place of business in Madison, Wisconsin.

4.    Defendant Electrolux Home Products, Inc. ("Electrolux") is a Delaware corporation with its principal place of business located at 10200 Taylor Drive, Charlotte, North Carolina.

5.    At all times relevant to this complaint, Electrolux was engaged in the business of designing, manufacturing, and distributing clothes dryers throughout the United States.

**BACKGROUND**

6.    At all times relevant, the entities or individuals (collectively referred to as "the plaintiff's insureds") listed in Exhibit A of this complaint (incorporated herein by reference) either owned or rented homes or buildings located at the corresponding addresses identified on Exhibit A, which homes or buildings were insured by the plaintiffs.

7.    Fires occurred at the homes or buildings of the plaintiff's insureds (hereinafter referred to as the "fire losses") and the date of each fire loss is identified in Exhibit A.

8.    Pursuant to their respective insurance policies, the plaintiff's insureds submitted claims to the plaintiff seeking payment and/or reimbursement for property damage that resulted from the fire losses.

9.    The plaintiff was obligated to, and did, in fact, pay over $75,000.00 to or on behalf of its insureds for damages to property insured by the the plaintiffs caused by the fire losses.  The individual payments made by the plaintiffs are itemized and listed in Exhibit A.

**FACTS**

10.    At various dates and times, the plaintiff's insureds purchased clothes dryers and/or purchased or rented homes or buildings equipped with clothes dryers including gas clothes dryers, electric clothes dryers, gas laundry centers, or electric laundry centers (hereinafter collectively referred to as "the clothes dryers").

11.     The aforementioned clothes dryers were designed, manufactured, distributed, and sold into the stream of commerce by Electrolux.

12.     At all relevant times, the plaintiff's insureds used the clothes dryers for their intended purpose of drying laundry and used them in a manner reasonably foreseeable by Electrolux.

13.     Before the fire losses, lint accumulated inside the clothes dryers in areas not observable to the plaintiff's insureds, and in close proximity to the heat sources of the clothes dryers, either gas burners or electric heating elements, creating an increased risk of fire.

14.     The clothes dryers ignited and burned in the homes or buildings of the plaintiff's insureds, and caused significant fire related property damage. The date of each fire loss, the address of each home/building that sustained property damage, and name of the corresponding insured are listed in Exhibit A.

## COUNT I - STRICT LIABILITY

15.     The plaintiffs incorporate herein by reference the preceding paragraphs.

16.     The clothes dryers were unreasonably dangerous at the time they left the control of Electrolux because:

    a. the clothes dryers were designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source, either a gas burner flame or electric heating element, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

    b. the clothes dryers were designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

    c. the clothes dryers were designed and manufactured so that particles of lint that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the

3

combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

f. the clothes dryers were designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g. the clothes dryers were designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h. the clothes dryers were designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i. the clothes dryers were designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

j. the clothes dryers were designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

17.    As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the clothes dryers ignited and burned in the homes/buildings of the plaintiff's insureds causing significant fire related property damage.

18.    Pursuant to the provisions of the policies of insurance issued to their insureds, the plaintiff paid to or on behalf of their insureds sums in excess of $75,000.00 to repair or replace

4

damaged or destroyed property and otherwise compensate its insureds for losses sustained as the result of the fire damage.

19.   By virtue of its payments, terms of its policies of insurance, and by virtue of equity, the plaintiff has become and is subrogated to all rights, remedies, and causes of action accruing to their insureds and against Electrolux.

## COUNT II - NEGLIGENCE

20.   The plaintiffs incorporate herein by reference the preceding paragraphs.

21.   At all times relevant, Electrolux had a duty to exercise reasonable care in the design, manufacture, and distribution of the aforementioned clothes dryers.

22.   Upon information and belief, Electrolux breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and distributing the clothes dryers at issue in this case.

23.   Upon information and belief, Electrolux's negligent acts and omissions include, but are not limited to:

a.   Carelessly and negligently designed and manufactured the clothes dryers with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer, a gas burner flame, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b.   Carelessly and negligently designed and manufactured the clothes dryers with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c.   Carelessly and negligently designed and manufactured the clothes dryers so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. Carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. Carelessly and negligently designed and manufactured the clothes dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

f. Carelessly and negligently designed and manufactured the clothes dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

g. Carelessly and negligently designed and manufactured the clothes dryer without conducting any lint accumulation tests;

h. Carelessly and negligently designed and manufactured the clothes dryer without conducting any fire risk studies on the design of the product;

i. Carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j. Carelessly and negligently designed and manufactured the clothes dryers without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k. Carelessly and negligently designed and manufactured the clothes dryers without any warnings contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

l. Carelessly and negligently designed and manufactured the clothes dryers with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

24. As a direct and proximate result of one or more of Electrolux's negligent acts or omissions, the clothes dryers ignited and burned in the homes/buildings of the intervening plaintiffs' insureds, causing significant related property damage.

25.     Pursuant to the provisions of the policies of insurance issued to their insureds by

the plaintiffs, the intervening plaintiffs each paid to or on behalf of their insureds sums in excess

of $75,000.00 to repair or replace damaged or destroyed property and otherwise compensate

their insureds for losses sustained as the result of said fire damage.

26.     By virtue of their payments, terms of their policies of insurance, and by virtue of equity,

the plaintiff has become and is subrogated to all rights, remedies, and causes of action accruing

to its insureds and against Electrolux.

## COUNT III - CLAIM FOR EXEMPLARY DAMAGES

27.     The plaintiffs incorporate herein by reference the preceding paragraphs.

28.     At least as early as 1995, Electrolux was in possession of a report which indicated that

there was charred lint in a heater pan in Electrolux's test dryers.

29.     In 2002-03, Electrolux employee Michael Ricklefs performed a test which proved that

lint could ignite in the burner tube, and ultimately, ignite the load.

30.     At least as early as 2005, Electrolux's design engineer admitted to the Japanese

government that lint could travel backwards through the dryer into the heater pan.

31.     Electrolux knows of at least 2,341 incidents of smoke/fire involving its dryers over a five

year period, with over 80% of the claims within 18 months of usage.

32.     Electrolux either knew, or recklessly disregarded the fact that, the plastics it chose to use

in the construction of its dryers, rather than available alternatives, would cause internal lint fires

to spread outside the dryer, thus causing the very damages claimed by the plaintiffs in this action.

33.    Notwithstanding Electrolux's actual knowledge of the foregoing facts, it failed to warn its customers, instruct its customers, recall its dryers or modify the design of the dryers it sold to the plaintiffs' insureds.

34.    To this day, Electrolux continues to deny, hide and obfuscate the foregoing facts, some of which it has known for at least 17 years.

35.    Electrolux continues to fail to warn its customers, instruct its customers, recall its dryers or modify the dryers it has sold.

36.    Electrolux's actions constitute a wanton and willful disregard of, and indifference to, the rights of not only its customers but others who could be, have been and will in the future be harmed by dryer fires.

37.    Electrolux's actions demonstrate deliberate acts and omissions, with knowledge of a high degree of probability of harm and reckless indifference to the consequences.

38.    The foregoing facts entitle plaintiffs to an award of punitive damages.

## COUNT IV: NEGLIGENT BREACH OF CONTINUING DUTY TO WARN

39.    The plaintiffs incorporate herein by reference the preceding paragraphs.

40.    Prior to the sale of the subject dryers to the plaintiffs' insureds, Electrolux had actual knowledge of the fact that the dryer contained the defects and dangerous conditions described above, and that the design of the dryer caused the dryer to be a fire hazard.  Electrolux had obtained this actual knowledge in the following and other ways:

    a.    Prior to January 29, 2010, it had received at least several hundred claims, been sued at least several dozen times, by insurers that had paid claims for damages caused by Electrolux dryer fires.

8

b.  It had received written reports from Jack Sanderson, Ron Parsons, Mike Stoddard, William Keefe, employees of Donan Engineering, employees of SEA Limited, and other experts which identified, described and analyzed the defects and dangerous conditions described above, and further described how such dangerous conditions could have been corrected.

c.  Electrolux conducted its own research which resulted in it confirming the existence of the defects described above, such confirmation occurring prior to the sale of the subject dryers to plaintiffs' insureds.

d.  American Family reserves the right to identify other ways that Electrolux gained knowledge of the defects and dangerous conditions described above as such ways become known through discovery.

43.  Prior to the sale of the subject dryers to plaintiffs' insureds, Electrolux had actual knowledge of the fact that the plaintiffs' insureds had purchased, owned and used the dryers.

44.  Electrolux breached its continuing duty to warn the plaintiff's insureds that the dryers contained the defects and dangerous conditions described above which caused it to be a fire hazard.

45.  Electrolux's breach of its continuing duty to warn was a cause of the fire and resulting damages paid by the plaintiffs.

## COUNT V: BREACH OF IMPLIED WARRANTY

46.  The plaintiffs incorporate herein by reference the preceding paragraphs.

47.  Pursuant to 810 ILCS 5/2−314, implied in Electrolux's sale of the dryers was a warranty that the dryers were merchantable.

48.    Electrolux breached the implied warranties of merchantability in the following and other

ways:

a.    The dryers were not fit for the ordinary purpose for which residential clothes dryers are

used, resulting in the breach of implied warranties pursuant to 810 ILCS 5/2−314(2)(c).

This lack of fitness was caused by the defects and dangerous conditions described

above.

b.    Plaintiffs reserve the right to identify other ways in which the dryer was not

merchantable as such ways are discovered during the course of litigation.

49.    As a result of Electrolux's breach of implied warranties, the plaintiffs are entitled to all

injuries to property caused by the breach of warranty and all consequential damages pursuant to

810 ILCS 5/2−715(2).

WHEREFORE, plaintiffs demand judgment against Electrolux in an amount to be

determined, plus prejudgment interest, exemplary damages, all taxable costs, fees and

disbursements and all other just and equitable relief.

Dated this 20th day of November, 2012.

YOST & BAILL, LLP
Attorneys for Plaintiffs

/s/ Ronald W. Harmeyer

_____

Ronald W. Harmeyer
Wisconsin State Bar # 1026579

2300 North Mayfair Road, Suite 745
Milwaukee, WI 53226
Tel. (414)259-0600
Fax (414) 259-0610
rharmeyer@yostbaill.com

## EXHIBIT A

| Insured | Address | Date of fire | Claim amount |
|---------|---------|:---:|---:|
| Cox | 1825 S. Kildare Ave.<br>Chicago, Illinois | 3/27/10 | $16,038.56 |
| Flores | 2160 N. Oakbrook Circle<br>Palatine, Illinois | 4/9/12 | $38,052.19 |
| Regan | 1006 Lindsay St.<br>Joliet, Illinois | 2/1/12 | $35,788.72 |
| Louchios | 2141 W. Rae Ave.<br>Chicago, Illinois | 9/8/10 | $24,636.59 |
| Maley | 401 Montclair Court<br>Romeoville, Illinois | 3/13/11 | $126,190.00 |
| Carranza | 1802 S. 56th Street<br>Cicero, Illinois | 12/30/11 | open |
| Nitti | 182 Annalisa Court<br>Bloomingdale, Illinois | 2/27/10 | $63,337.10 |
| Crews | 321 Elmwood Avenue<br>Crystal Lake, Illinois | 6/19/11 | $31,646.43 |
| Spinelli | 1029 Ferdinand Avenue<br>Forest Park, Illinois | 11/30/10 | $78,664.39 |
| Webb | 789 Lipizzan Lane<br>Wauconda, Illinois | 8/12/11 | $19,443 |
| Williams | 432 Wyndam CV # 500403<br>Crystal Lake, Illinois | 6/2/12 | open |
| Kowalski | 7915 Jackson Avenue<br>Munster, Indiana | 2/7/12 | $9,417.04 |
| Bartell | 7848 170th Street W<br>Lakeville, Minesota | 11/20/08 | $23,932 |
| Johnston | 1121 Manchester Road<br>Liberty, Missouri | 6/29/11 | $281,493.60 |
| McCants | 6640 N. 60th Court<br>Milwaukee, Wisconsin | 9/18/12 | open |

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MEMBER SELECT INSURANCE | ) | |
| COMPANY, a Michigan corporation, | ) | |
| as subrogee of Allison Fitzgerald, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| ELECTROLUX NORTH AMERICA, | ) | |
| INC., an Ohio corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, MEMBER SELECT INSURANCE COMPANY, as subrogee of Allison Fitzgerald, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for its Complaint against Defendant, ELECTROLUX NORTH AMERICA, INC., states as follows:

## JURISDICTION

1. Jurisdiction in this matter is proper. This Court has jurisdiction over the claims set forth herein based on the complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332. In particular, Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000.00, the minimal amount required under the Code.

2. Venue is proper in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1391(a), in that the Defendants conduct

business within the Central District of Illinois and a substantial part of the events that give rise to these claims occurred within this judicial district.

## PARTIES

3.      At all relevant times, Plaintiff, Member Select Insurance Company ("Member Select"), was an insurance company authorized to do business in Illinois, incorporated under the laws of the State of Michigan, with its principal place of business in State of Michigan.

4.      At all relevant times, Allison Fitzgerald was an Illinois domiciliary who owned the premises located at 180 E. Big Timber Drive in Coal City, Illinois (the "Premises").

5.      At all relevant times, Defendant, ELECTROLUX NORTH AMERICA, INC. ("Electrolux"), was a corporation incorporated under the laws of the State of Ohio, with its principal place of business in the State of North Carolina.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Member Select is a duly licensed insurance company authorized to issue policies of insurance in the State of Illinois.

7.      Pursuant to said authority, Member Select issued a certain policy of insurance to Allison Fitzgerald, which provided property and property-related coverage against casualty and damage on losses to personal and real property located at the Premises.

8.      Member Select asserts its claim as subrogee of its insured, Allison Fitzgerald.  Member Select is the bona fide owner of the claims and causes of action set

2

forth below, having obtained the same by reason of payments to or on behalf of Allison Fitzgerald under the insurance policy number HOM017718567 and is therefore entitled to maintain this action against Electrolux for recovery of such payments.

9.      In or around the year 2009, Allison Fitzgerald purchased a certain Electrolux dryer unit (hereinafter, the "Electrolux Dryer"), and caused it to be installed at the Premises.

10.     The Electrolux Dryer was intended for use in the manner in which it was used at all times following its purchase.

11.     Electrolux designed and manufactured the Electrolux Dryer.

12.     On or about January 23, 2011, the Electrolux Dryer malfunctioned and thereby caused a fire to occur, damaging the Premises and its contents (hereinafter, "the Occurrence").

13.     Pursuant to its policy of insurance, Member Select paid Allison Fitzgerald in excess of $75,000.00 for the loss resulting from the Occurrence.

<u>COUNT I – DEFECTIVE DESIGN</u>
<u>Electrolux Corporation</u>

14.     Plaintiff re-alleges and reasserts paragraphs 1 through 13 of the Complaint as though fully set forth herein as paragraph 14 of this Count I.

15.     At the time of the design of the Electrolux Dryer by Electrolux, the subject Electrolux Dryer was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways.  The subject Electrolux Dryer:

        a.  overheated under reasonably anticipated use conditions;

3

b. caught fire under reasonably anticipated use conditions;

c. incorporated a heating element susceptible to failure under reasonably anticipated use conditions;

d. incorporated a heating element susceptible to overheat and/or violent combustion under reasonably anticipated use conditions; and/or

e. failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

16. The defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed due the defective manner in which Electrolux designed the subject Electrolux Dryer.

17. The aforementioned defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed at the time it left the control of Electrolux.

18. At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use was reasonably foreseeable by Electrolux.

19. As a direct and proximate result of the aforementioned dangerous and defective condition(s) of the subject Electrolux Dryer, a violent fire occurred, damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Allison Fitzgerald and Member Select.

WHEREFORE, Plaintiff, MEMBER SELECT INSURANCE COMPANY, as subrogee of Allison Fitzgerald, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

4

**COUNT II – MANUFACTURING DEFECT**
**Electrolux Corporation**

20.    Plaintiff re-alleges and reasserts paragraphs 1 through 19 of the Complaint as though fully set forth herein as paragraph 20 of this Count II.

21.    At the time of the manufacture of the Electrolux Dryer by Electrolux, the subject Electrolux Dryer was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more of the following ways.  The subject Electrolux Dryer:

> a. overheated under reasonably anticipated use conditions;
>
> b. caught fire under reasonably anticipated use conditions;
>
> c. incorporated a heating element susceptible to failure under reasonably anticipated use conditions;
>
> d. incorporated a heating element susceptible to overheat and/or violent combustion under reasonably anticipated use conditions; and/or
>
> e. failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

22.    The defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed due to Electrolux's defective manufacture of the subject Electrolux Dryer.

23.    The aforementioned defective and unreasonably dangerous condition(s) of the subject Electrolux Dryer existed at the time it left the control of Electrolux.

24.    At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use was reasonably foreseeable by Electrolux.

25.    As a direct and proximate result of the aforementioned dangerous and

5

defective condition(s) of the subject Electrolux Dryer, a violent fire occurred, damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Allison Fitzgerald and Member Select.

WHEREFORE, Plaintiff, MEMBER SELECT INSURANCE COMPANY, as subrogee of Allison Fitzgerald, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT III – PRODUCT LIABILITY: NON-SPECIFIC DEFECT
### Electrolux Corporation

26.     Plaintiff re-alleges and reasserts paragraphs 1 through 25 of the Complaint as though fully set forth herein as paragraph 26 of this Count III.

27.     The Electrolux Dryer was not put to any abnormal use during its service life.

28.     There was no secondary cause of the Occurrence.

29.     The Electrolux Dryer failed to perform in a manner reasonably expected in light of its nature and intended function.

WHEREFORE, Plaintiff, MEMBER SELECT INSURANCE COMPANY, as subrogee of Allison Fitzgerald, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## COUNT IV – PRODUCT LIABILITY: FAILURE TO WARN

6

**Electrolux Corporation**

30.     Plaintiff re-alleges and reasserts paragraphs 1 through 29 of the Complaint as though fully set forth herein as paragraph 30 of this Count IV.

31.     At the time of Electrolux's design, manufacture, sale, distribution, and/or marketing of the subject Electrolux Dryer, the Electrolux Dryer was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

32.     At all relevant times, the subject Electrolux Dryer was used without adequate knowledge or warning of its characteristics from Electrolux.

33.     Electrolux did not give adequate warning of the dangers of the subject Electrolux Dryer, including the following:

> a. the danger of the Electrolux Dryer's overheating under reasonably anticipated use conditions;
>
> b. the danger of the Electrolux Dryer catching fire under reasonably anticipated use conditions;
>
> c. the danger of the Electrolux Dryer's incorporation of a heating element susceptible to failure under reasonably anticipated use conditions;
>
> d. the danger of the Electrolux Dryer's integration of a heating element susceptible to overheat and violent combustion under reasonably anticipated use conditions;
>
> e. the danger of the Electrolux Dryer's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

34.     As a direct or proximate result of Electrolux's failure to design, manufacture, sell, distribute, and/or market the Electrolux Dryer with adequate warnings, users of the Electrolux Dryer lacked knowledge of its dangerous characteristics.

35.     Allison Fitzgerald would not have used the subject Electrolux Dryer, had she possessed knowledge of the Electrolux Dryer's dangerous characteristics through adequate warnings from Electrolux.

36.     At all times, the subject Electrolux Dryer was used in a reasonable manner, and such use of the Electrolux Dryer was reasonably foreseeable by Electrolux.

37.     As a direct and proximate result of the dangerous and defective condition in which the Electrolux Dryer was designed, manufactured, sold, distributed, and/or marketed, a fire occurred, violently damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Allison Fitzgerald and Member Select.

38.     WHEREFORE, Plaintiff, MEMBER SELECT INSURANCE COMPANY, as subrogee of Allison Fitzgerald, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.


## COUNT V – NEGLIGENCE
### Electrolux Corporation

39.     Plaintiff re-alleges and reasserts paragraphs 1 through 38 of the Complaint as though fully set forth herein as paragraph 39 of this Count V.

40.     At all relevant times, Electrolux had a duty to design, manufacture, assemble, distribute, sell, and market its products such that they would be free from

defects and reasonably safe for their intended and reasonably foreseeable uses.

41.    At all relevant times, Electrolux had a duty to investigate, inspect, test, and examine its products to discover any flaws or dangers existing therein.

42.    At all relevant times, Electrolux had a duty to warn others of potentially dangerous conditions existing in its products, including the Electrolux Dryer.

43.    Electrolux breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the Electrolux Dryer.

44.    Further, Electrolux breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

    a.  failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe under normal use conditions;

    b.  failed to design, manufacture, assemble, distribute, sell, or market a product that was reasonably safe for its reasonably intended purpose(s);

    c.  failed to design, manufacture, assemble, distribute, sell, or market a product in which the components would not fail in the course of foreseeable use;

    d.  failed to design, manufacture, assemble, distribute, sell, or market a product that would not cause a fire in the course of foreseeable use;

    e.  failed to design, manufacture, assemble, distribute, sell, or market a product that would adequately discharge and/or resist heat produced by its own operation;

    f.  failed to design, manufacture, assemble, distribute, sell, or market a product containing a switch that would deactivate the Electrolux Dryer in the event of overheat;

    g.  failed to integrate adequate thermal protective measures into the subject Electrolux Dryer;

9

h. failed to provide adequate warnings about the Electrolux Dryer's dangerous properties or conditions;

i. failed to adequately test, investigate, inspect or analyze the subject Electrolux Dryer to understand its properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that it was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed; and/or,

j. failed to adequately test, investigate, inspect or analyze the subject Electrolux Dryer's component parts, to understand the components' properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that the Electrolux Dryer was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold, and marketed.

45.     As a direct and proximate result of Electrolux's breach of its duties and failure to use ordinary care in its design, manufacture, assembly, distribution, sale, and/or marketing of the subject Electrolux Dryer, a fire occurred, violently damaging the Premises and personal property contained therein, all to the ultimate cost, loss and detriment of Allison Fitzgerald and Member Select.

WHEREFORE, Plaintiff, MEMBER SELECT INSURANCE COMPANY, as subrogee of Allison Fitzgerald, requests that this Honorable Court enter judgment against Defendant, ELECTROLUX CORPORATION, in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, MEMBER SELECT INSURANCE COMPANY, as assignee and subrogee of Allison Fitzgerald, hereby demands trial by jury for all issues deemed so triable.

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

By:    ___/s/ Robert Ostojic_____

One of the Attorneys for Member Select Insurance Company

Robert Ostojic (ro@lefltd.com)
Peter T. Cahill (ptc@lefltd.com)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. (312) 368-4554

\\lefpl\Prolaw Files\Documents\AMERICAN AUTOMOBILE ASSOCIATION\15418\Pleading\86881.doc

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **MEMBERSELECT INSURANCE COMPANY,** a/s/o **CHRIS** AND **RENATA LOIOTILE**, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| vs. | ) ) | <u>JURY TRIAL DEMANDED</u> |
| **ELECTROLUX HOME PRODUCTS, INC**, a Delaware corporation, | ) ) ) | |
|      SERVE:    The Corporation Trust Co. Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 | ) ) ) ) ) | |
| and | ) ) | |
| **SEARS HOLDINGCORPORATION**, a Delaware corporation, | ) ) ) | |
|      SERVE:    The Corporation Trust Co. Corporation Trust Center 1209 Orange Street Wilmington, DE 19801 | ) ) ) ) ) | |
|      Defendants. | ) ) | |

## COMPLAINT

NOW COMES Plaintiff, MEMBERSELECT INSURANCE COMPANY, as the subrogee of its insured CHRIS AND RENATA LOIOTILE, by and through its undersigned attorney, files this Complaint for damages against the Defendants, ELECTROLUX HOME PRODUCTS, INC. and SEARS HOLDING CORPORATION, states as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, MemberSelect Insurance Company (hereinafter "MemberSelect"), is a property and casualty insurer organized and existing under the laws of Michigan with its principal place of business located at 1 Auto Club Drive, Dearborn, Michigan 48126, which, at all times material hereto, was engaged in the business of insurance and was licensed to do business in Illinois, and at all times relevant had a property casualty insurance policy in full force and effect providing insurance coverage to its named insured Chris and Renata Loiotile, for their property located at 1325 West Mulloy Drive, Addison, Illinois 60101.

2.      Plaintiff is therefore a citizen of Michigan for the purposes of diversity jurisdiction.

3.      Upon information and belief, Defendant, Electrolux Home Products, Inc. (hereinafter "Electrolux"), is a Delaware corporation with its principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina, which, at all times material hereto, was engaged in the business of designing, manufacturing and/or distributing household appliances sold throughout the United States, including this judicial district, in its own name and under the Kenmore name.

4.      Defendant Electrolux is therefore a citizen of Delaware and North Carolina for the purposes of diversity jurisdiction.

5.      Upon information and belief, Defendant, Sears Holding Corporation (hereinafter "Sears"), is a Delaware corporation with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois, which, at all times material hereto, was engaged in the business of designing, manufacturing, selling, marketing, and servicing Kenmore brand products throughout the United States, including this judicial district.

2

6.      Defendant Sears is therefore a citizen of Delaware and Illinois for the purposes of diversity jurisdiction.

7.      The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00), and this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, *et seq.*

8.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that a substantial part of the events giving rise to the claims asserted herein occurred in and caused damage in Addison, Illinois.

## COMMON ALLEGATIONS

9.      At all times material hereto, MemberSelect had an insurance policy in full force and effect under Policy No. HOM016092195 (hereinafter "Policy") that provided fire and casualty insurance to its named insured Chris and Renata Loiotile, for their property located at 1325 West Mulloy Drive, Addison, Illinois.

10.     Upon information and belief, at all times material hereto, Electrolux designed, manufactured, assembled, inspected, tested, distributed, and placed into the stream of commerce clothes washers and dryers to be marketed and sold by Sears under the Kenmore name.

11.     Upon information and belief, at all times material hereto, Sears designed, designed, inspected, tested, marketed, distributed, and placed into the stream of commerce clothes washers and dryers under the Kenmore name.

12.     On or about July 1, 2003, the Loiotiles purchased a Kenmore stacked clothes washer and dryer combination, with the clothes dryer bearing model number 41793142201 (hereinafter the "subject dryer"), and the clothes washer bearing model number 41743142200; the units were sold and installed by Sears.

3

13.     On or about March 24, 2010, the subject dryer malfunctioned, causing a sudden and highly dangerous fire in the Loiotiles' home that presented the likelihood of injury to the Loiotiles' other property.

14.     As a result of the fire, the Loiotiles submitted a claim under their Policy with MemberSelect for damage to the subject premises, their personal property, and alternative living expenses, and in compliance with the terms and conditions of the Policy, MemberSelect has made payments to the Loiotiles for at least $524,689.34.

15.     Pursuant to the terms and conditions of the Policy, and in accordance with the common law principles of legal and equitable subrogation, MemberSelect is subrogated to the rights, claims and causes of action of the Loiotiles against Electrolux and Sears.

## COUNT I - STRICT LIABILITY (Electrolux)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 15 of Plaintiff's Complaint as if they were specifically repeated herein and further complains against Electrolux as follows:

16.     Upon information and belief, prior to July 1, 2003, Electrolux designed, manufactured, assembled, tested, inspected, distributed and/or introduced into the stream of commerce the subject dryer to be offered for sale to the general public and consumers, including the Loiotiles, in the ordinary course and scope of its business.

17.     The subject dryer was purchased and used by the Loiotiles in the condition it was designed, manufactured, assembled, tested, inspected, and distributed by Electrolux.

18.     At the time the subject dryer left Electrolux's possession and control, it was unreasonably dangerous, unsafe, and defective.

19.     Upon information and belief, on and before March 24, 2010, the subject dryer was in a condition unknown to the Loiotiles which was unreasonably dangerous, unsafe, and defective in light of its foreseeable and intended use in that:

a.     It was designed, manufactured and/or assembled in such a way as to present a fire hazard;

b.     It was designed, manufactured and/or assembled to permit lint to accumulate near the gas burner, presenting a fire hazard;

c.     It was designed, manufactured, and/or assembled with the gas burner near an area of the dryer where lint accumulates, presenting a fire hazard;

d.     It was designed, manufactured and/or assembled to permit lint, after it became ignited, to then come into contact with the combustible materials within the dryer cabinet;

e.     It was designed, manufactured and/or assembled with improper combustible materials;

f.     It failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

g.     It lacked sufficient safeguard and/or safety features to prevent the dryer from igniting;

h.     It lacked sufficient safeguard and/or safety features to prevent lint accumulation near the gas burner;

i     It lacked sufficient safeguards and/or safety features to prevent lint, after it became ignited, to come into contact with combustible materials within the dryer cabinet;

j.     Electrolux failed to properly inspect and test the dryer for the potential to cause a fire before introducing the product into the stream of commerce;

k.     Electrolux failed to warn consumers regarding the potential for lint accumulation near the gas burner;

l.     Electrolux failed to warn the Loiotiles of a known fire hazard with the dryer and/or a fire hazard a reasonably prudent manufacturer should have learned or known about; and

m.   Electrolux otherwise failed to design, manufacture, assemble, inspect, test and/or distribute the dryer in such a way as to provide the intended user with a non-dangerous and non-defective product.

20.   On or about March 24, 2010, as a direct and proximate result of the unreasonably dangerous, unsafe, and defective condition of the subject dryer, the subject dryer ignited a fire in the Loiotile home.

21.   On or about March 24, 2010, as a direct and proximate result of the unreasonably dangerous, unsafe, and defective condition of the subject dryer, certain real and personal property belonging to the Loiotiles was destroyed or damaged by said fire at the Loiotile home, and the Loiotiles incurred alternative living expenses.

22.   Pursuant to the Policy, MemberSelect paid to or on behalf of the Loiotiles sums totaling at least $524,689.34 to repair or replace damaged or destroyed property, and to otherwise compensate the Loiotiles for losses sustained by fire damage.

23.   By virtue of such payments and the terms of the Policy, MemberSelect is legally and equitably subrogated to all rights, remedies, and causes of action accruing to the Loiotiles against Electrolux.

WHEREFORE, Plaintiff, MemberSelect Insurance Company, as subrogee of Chris and Renata Loiotile, requests judgment be entered in its favor and against Defendant, Electrolux Home Products, Inc., in an amount totaling at least $524,689.34, plus pre and post judgment interest costs and such other relief that this Court deems just.

## COUNT II – NEGLIGENCE (Electrolux)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 23 of Plaintiff's Complaint as if they were specifically repeated herein and further complains against Electrolux as follows:

6

24.     At all materials times, Electrolux was under a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, and distribution of the subject dryer for the safety of the Loiotiles' real and personal property.

25.     Notwithstanding such duty, Electrolux, by and through its agents or employees, breached its duties through one or more of the following negligent acts or omissions:

a.     Failed to design the subject dryer so as to prevent it from igniting a fire;

b.     Designed, manufactured and/or assembled the subject dryer with the gas burner near an area of the dryer where lint accumulates, presenting a fire hazard;

c.     Carelessly and negligently designed, manufactured, and/or assembled the subject dryer with the gas burner near an area of the dryer where lint accumulates, presenting a fire hazard;

d.     Designed, manufactured and/or assembled the subject dryer to permit lint, after it became ignited, to then come into contact with the combustible materials within the dryer cabinet;

e.     Failed to manufacture the subject dryer so as to prevent it from igniting a fire;

f.     Designed, manufactured and/or assembled the subject dryer with improper combustible materials;

g.     Designed, manufactured and/or assembled the subject dryer without sufficient safeguards and/or safety features to prevent the dryer from igniting a fire;

h.     Manufactured the subject dryer for consumer use with materials insufficient for such use;

i.     Improperly inspected and tested the subject dryer to ensure against defects;

j.     Failed to warn the Loiotiles of a known fire hazard with the subject dryer and/or a fire hazard which a reasonably prudent manufacturer should have known or learned about; and

k.     Was otherwise negligent in the design, manufacture, assembly, testing, inspection, and/or distribution of the subject dryer.

26.     On or about March 24, 2010, as a direct and proximate result of the aforementioned careless and negligent acts or omissions on the part of Electrolux, the subject dryer ignited a fire in the Loiotile home.

27.     On or about March 24, 2010, as a direct and proximate result of the aforementioned careless and negligent acts or omissions on the part of Electrolux, certain real and personal property belonging to the Loiotiles was destroyed or damaged by said fire at the Loiotile home, and the Loiotiles incurred alternative living expenses.

28.     Pursuant to the Policy, MemberSelect paid to or on behalf of the Loiotiles sums totaling at least $524,689.34 to repair or replace damaged or destroyed property, and to otherwise compensate the Loiotiles for losses sustained by fire damage.

29.     By virtue of such payments and the terms of the Policy, MemberSelect is legally and equitably subrogated to all rights, remedies, and causes of action accruing to the Loiotiles against Electrolux.

WHEREFORE, Plaintiff, MemberSelect Insurance Company, as subrogee of Chris and Renata Loiotile, requests judgment be entered in its favor and against Defendant, Electrolux Home Products, Inc., in an amount totaling at least $524,689.34, plus pre and post judgment interest, costs and such other relief that this Court deems just.

## COUNT III - STRICT LIABILITY (Sears)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 29 of Plaintiff's Complaint as if they were specifically repeated herein and further complains against Sears as follows:

30.     Upon information and belief, Sears marketed, distributed and/or introduced into the stream of commerce the subject dryer to be offered for sale to the general public and consumers, including the Loiotiles, in the ordinary course and scope of its business.

31.     On or about July 1, 2003, the subject dryer was purchased and used by the Loiotiles in the condition it was designed, tested, inspected, marketed and/or distributed by Sears.

32.     At the time the subject dryer left Sears' possession and control, it was unreasonably dangerous, unsafe, and defective.

33.     Also upon information and belief, on and before March 24, 2010, the subject dryer was in a condition unknown to the Loiotiles which was unreasonably dangerous, unsafe, and defective in light of its foreseeable and intended use in that:

  a.     It was designed, manufactured and/or assembled to permit lint to accumulate near the gas burner, presenting a fire hazard;

  b.     It was designed, manufactured, and/or assembled with the gas burner near an area of the dryer where lint accumulates, presenting a fire hazard;

  c.     It was designed, manufactured and/or assembled to permit lint, after it became ignited, to then come into contact with the combustible materials within the dryer cabinet;

  d.     It was designed, manufactured and/or assembled with improper combustible materials;

  e.     It failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

    f.      It lacked sufficient safeguard and/or safety features to prevent lint accumulation near the gas burner;

    g.      It lacked sufficient safeguards and/or safety features to prevent lint, after it became ignited, to come into contact with combustible materials within the dryer cabinet;

    h.      Sears failed to warn consumers regarding the potential for lint accumulation within the dryer cabinet and its potential to ignite a fire;

    i.      Sears failed to warn consumers regarding the potential for lint accumulation near the gas burner;

    j.      Sears failed to instruct regarding the removal of lint within the dryer cabinet so as to prevent a fire; and

    k.      Sears failed to warn the Loiotiles of a known fire hazard with the dryer and/or a fire hazard a reasonably prudent distributor should have learned or known about.

34.     On or about March 24, 2010, as a direct and proximate result of the unreasonably dangerous, unsafe, and defective condition of the subject dryer, the dryer ignited and caused a fire in the Loiotile home.

35.     On or about March 24, 2010, as a direct and proximate result of Sears improper installation, repair, inspection of the subject dryer, the dryer ignited and caused a fire in the Loiotile home.

36.     On or about March 24, 2010, as a direct and proximate result of the unreasonably Sears improper installation and/or the dangerous, unsafe, and defective condition of the subject dryer, certain real and personal property belonging to the Loiotiles was destroyed or damaged by said fire at the Loiotile home, and the Loiotiles incurred alternative living expenses.

37.     Pursuant to the Policy, MemberSelect paid to or on behalf of the Loiotiles sums totaling at least $524,689.34 to repair or replace damaged or destroyed property, and to otherwise compensate the Loiotiles for losses sustained by fire damage.

10

38. By virtue of such payments and the terms of the Policy, MemberSelect is legally and equitably subrogated to all rights, remedies, and causes of action accruing to the Loiotiles against Sears.

WHEREFORE, Plaintiff, MemberSelect Insurance Company, as subrogee of Chris and Renata Loiotile, requests judgment be entered in its favor and against Defendant, Sears Holding Corporation, in an amount totaling at least $524,689.34, plus pre and post judgment interest, costs and such other relief that this Court deems just.

## COUNT IV – NEGLIGENCE (Sears)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 38 of Plaintiff's Complaint as if they were specifically repeated herein and further complains against Sears as follows:

39. Upon information and belief, Sears marketed, distributed and/or introduced into the stream of commerce the subject dryer to be offered for sale to the general public and consumers, including the Loiotiles, in the ordinary course and scope of its business.

40. Sears delivered and installed the subject dryer and dryer transition duct and venting at the Loiotile's home and subsequently performed numerous inspection, service calls and/or repairs to the subject dryer.

41. Also upon information and belief, Sears improperly installed the subject dryer using flexible spiral venting material against Electrolux manufacturer specifications.

42. At all materials times, Sears was under a duty to exercise reasonable care in the, inspection, marketing, and/or distribution of the subject dryer for the safety of the Loiotiles' real and personal property.

43. At all materials times, Sears was under a duty to exercise reasonable care in the, installation, service, repair of the subject dryer for the safety of the Loiotiles' real and personal property.

44. Notwithstanding such duty, Sears, by and through its agents or employees, breached its duties through one or more of the following negligent acts or omissions:

    a.    Improperly inspected and tested the subject dryer to ensure against defects; and

    b.    Failed to warn the Loiotiles of a known fire hazard with the subject dryer and/or a fire hazard which a reasonably prudent manufacturer should have known or learned about.

45. On or about March 24, 2010, as a direct and proximate result of the aforementioned careless and negligent acts or omissions on the part of Sears, the dryer ignited and caused a fire in the Loiotile home.

46. On or about March 24, 2010, as a direct and proximate result of the aforementioned careless and negligent acts or omissions on the part of Sears, certain real and personal property belonging to the Loiotiles was destroyed or damaged by said fire at the Loiotile home, and the Loiotiles incurred alternative living expenses.

47. Pursuant to the Policy, MemberSelect paid to or on behalf of the Loiotiles sums totaling at least $524,689.34 to repair or replace damaged or destroyed property, and to otherwise compensate the Loiotiles for losses sustained by fire damage.

48. By virtue of such payments and the terms of the Policy, MemberSelect is legally and equitably subrogated to all rights, remedies, and causes of action accruing to the Loiotiles against Sears.

WHEREFORE, Plaintiff, MemberSelect Insurance Company, as subrogee of Chris and Renata Loiotile, requests judgment be entered in its favor and against Defendant, Sears Holding Corporation, in an amount totaling at least $524,689.34, plus pre and post judgment interest, costs and such other relief that this Court deems just.

Respectfully submitted,

*/s/ Brian T. Bailey*
Brian T. Bailey, Esq.
Gibson & Sharps, PSC
745 McClintock Drive, Suite 227
Burr Ridge, Illinois 60527
Phone: (630) 986-5050

**And**

To be Admitted Pro Hac Vice:

Jennifer H. Tedesco
Gibson & Sharps, PSC
1443 20th Street, Suite F
Vero Beach, FL 32960
Phone: (800) 759-0964

13

STATE OF INDIANA
IN THE ALLEN CIRCUIT/SUPERIOR COURT

HOMESITE INSURANCE COMPANY )
OF THE MIDWEST as subrogee of BILL )
AND JENNIFER HEIMANN, )
                                    )            02C01- 10 12 - PL - 117 -
            Plaintiff,              )
                                    )
    vs.                             )            Case No:
                                    )
ELECTROLUX HOME PRODUCTS, INC, )
and SEARS, ROEBUCK                  )
AND COMPANY,                        )
                                    )
            Defendants.             )

FILED
CLERK ALLEN CIRCUIT
& SUPERIOR COURTS
DEC 10 2010
FILED
LEGAL SERVICES DIVISION

## **COMPLAINT**

Plaintiff, Homesite Insurance Company of the Midwest as subrogee of Bill and

Jennifer Heimann, alleges against Electrolux Home Products, Inc., and Sears, Roebuck

and Company:

### **PARTIES AND VENUE**

1.      Plaintiff, Homesite Insurance Company of the Midwest (hereafter,

"Homesite") is a corporation duly organized and existing under the laws of the State of

North Dakota with a principal place of business in 99 Bedford Street, Boston,

Massachusetts.  At all relevant times, Homesite was duly authorized to issue property

insurance policies in the State of Indiana.

2.      Plaintiff's insureds, Bill and Jennifer Heimann (hereinafter, "the

Heimann's"), are adult individuals and husband and wife, and at all times relevant were

the owners of the house located at 14922 Bristlecone Ct., Fort Wayne,

Indiana(hereinafter, "subject residence").



EXHIBIT
A

3.    At all relevant times, Homesite had in force and effect a policy of insurance issued to the Heimann's that provided insurance for their property located within 14922 Bristlecone Ct., Fort Wayne, Indiana.

4.    Defendant, Electrolux Home Products, Inc. (hereinafter, "Electrolux"), is a Delaware corporation with a principal place of business at 20445 Emerald Parkway SW, Suite 250, Cleveland OH 44135.  At all times relevant, Electrolux was in the business of manufacturing and distributing, *inter alia*, household clothes dryers.

5.    Defendant, SEARS, ROEBUCK AND COMPANY (hereinafter "Sears"), on information and belief, is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois. At all times relevant, Sears was a distributor, installer, and servicer of, *inter alia*, household clothes dryers.

6.    Venue in Allen County is proper pursuant to Indiana Trial Rule 75(A)(4).

### COMMON ALLEGATIONS

7.    In 2003, the Heimanns purchased a Kenmore gas clothes dryer which was manufactured by Electrolux from a Sears store near their home.

8.    Sears installed the dryer at the Heimann house shortly thereafter.

9.    In or around 2005, Sears replaced a hot surface igniter after the Heimanns contacted them because the dryer was not heating properly.

10.    On or about December 31, 2008, Mrs. Heimann put some children's' pajamas and underwear in the dryer, turned it on, and left the home.

2

11.    Shortly thereafter, Mr. Heimann, who was at the residence, heard a
popping noise in the laundry room, went to check and found that the dryer was still
operating, but he smelled smoke.

12.    Mr. Heimann opened the dryer door, removed the laundry, and saw fire in
the dryer, which then spread, causing significant damage to the Heimann home.

13.    Pursuant to the terms and conditions of the applicable insurance policy,
Homesite made payments to the Heimanns for the real and personal property damages
sustained as a result of the subject fire, in an amount in excess of $100,000.00.

14.    In accordance with the common law principals of legal and equitable
subrogation, Homesite is subrogated to the rights of its insured to the extent of payments
made.

### COUNT I
### NEGLIGENCE VS. ELECTROLUX

15.    Plaintiff incorporates by reference paragraphs one (1) through fourteen
(14) above, as though fully set forth herein at length.

16.    At all relevant times, Electrolux owed the Heimann's a duty to use
reasonable care in the design, manufacture, assembly and sale of the subject clothes
dryer.

17.    Electrolux breached its aforesaid duty in one or more of the following
ways:

    a.    failing to properly design the subject clothes
dishwasher;

    b.    failing to properly test the subject clothes dryer;

    c.    failing to properly assemble the subject clothes dryer;

3

d.      failing to properly manufacture the subject clothes dryer;

e.      failing to properly inspect the subject clothes dryer;

f.      failing to incorporate appropriate components in the subject clothes
        dryer;

g.      failing to incorporate appropriate safety devices into the subject
        clothes dryer;

h.      failing to properly develop quality control and/or quality assurance
        programs with respect to the subject clothes dryer;

i.      violating applicable codes, standard and/or practices relating to the
        subject clothes dryer.

18.     As a direct and proximate result of the aforesaid negligence, carelessness

and recklessness of Electrolux, the Heimann's home caught on fire causing substantial

damage to the Heimann's real and personal property.

WHEREFORE, the Plaintiff, Homesite Insurance Company of the Midwest as

subrogee of Bill and Jennifer Heimann, prays for judgment against the Defendants in an

amount which fairly and adequately will compensate the Plaintiff for its losses, plus

costs, and for all other proper relief in the premises.

## COUNT II
## PRODUCTS LIABILITY VS. ELECTROLUX

19.     Plaintiff incorporates by reference paragraphs one (1) through fourteen

(14) above, as though fully set forth herein at length.

20.     Electrolux is the manufacturer, designer, assembler and seller of the

subject clothes dryer, and as such, is strictly liable for any defects or unreasonably

dangerous conditions with respect to the subject clothes dryer.

4

21.     The Heimann's are consumers, and are thus in the class of persons that Electrolux should reasonably foresee being subject to harm caused by the defective condition of the clothes dryer.

22.     The subject clothes dryer was defective and in an unreasonably dangerous condition at the time it left the Defendant's possession and control insofar as it:

    a.     was defectively designed;

    b.     was defectively tested;

    c.     was defectively assembled;

    d.     was defectively manufactured;

    e.     was defectively inspected;

    f.     incorporated defective parts and/or components;

    g.     lacked appropriate safety devices;

    h.     was not subjected to appropriate and/or adequate quality control and/or quality assurance procedures;

    i.     lacked appropriate warnings and/or instruction for its safe use;

    j.     violated applicable codes, standards and/or practices; and/or

    k.     malfunctioned under normal, intended and foreseeable uses.

23.     The subject clothes dryer reached the Heimanns without substantial alteration or change in its condition.

24.     At the time of the occurrence, the subject clothes dryer was being used in a reasonably expectable way, as was intended by Electrolux and all reasonable consumers.

25.   The defective and unreasonably dangerous condition and subsequent

malfunctioning of the subject clothes dryer was the direct and proximate cause of the real

and personal property damages sustained by the Heimanns.

WHEREFORE, the Plaintiff, Homesite Insurance Company of the Midwest as

subrogee of Bill and Jennifer Heimann, prays for judgment against the Defendants in an

amount which fairly and adequately will compensate the Plaintiff for its losses, plus

costs, and for all other proper relief in the premises.

### COUNT III
### BREACH OF WARRANTIES VS. ELECTROLUX

26.   Plaintiff incorporates by reference paragraphs one (1) through fourteen

(14) above, as though fully set forth herein at length.

27.   In designing, manufacturing, assembling, distributing, and/or selling the

subject clothes dryer, Electrolux expressly and impliedly warranted that the subject

clothes dryer would be merchantable and fit for a particular purpose.

28.   Electrolux breached the warranties of merchantability and fitness for a

particular purpose as stated in Counts I and II of the Complaint, both of which are

incorporated herein as though fully set forth verbatim.

29.   The breaches of warranty by Electrolux were the direct and proximate

cause of the real and personal property damages sustained by the Heimanns in this

matter.

WHEREFORE, the Plaintiff, Homesite Insurance Company of the Midwest as

subrogee of Bill and Jennifer Heimann, prays for judgment against the Defendants in an

amount which fairly and adequately will compensate the Plaintiff for its losses, plus

costs, and for all other proper relief in the premises.

## COUNT IV
## NEGLIGENCE VS. SEARS

30.    Plaintiff incorporates by reference paragraphs one (1) through fourteen

(14) above, as though fully set forth herein at length.

31.    At all relevant times, Sears owed the Heimann's a duty to use reasonable

care in the sale, installation, and servicing of the subject clothes dryer.

32.    Sears breached its aforesaid duty in one or more of the following ways:

a.    selling, supplying and/or installing an unreasonably dangerous and
defectively manufactured and/or designed product which it knew
or should have known subjected the user's property to an
unreasonable risk of harm;

b.    failing to adequately, properly and safely assemble, inspect, install
and test the subject clothes dryer;

c.    selling, distributing and/or installing the subject clothes dryer in a
defective condition unreasonably dangerous to the Heimanns and
their property;

d.    failing to warn purchasers, consumers, and users of the subject
clothes dryer about the substantial risk of fire posed by the normal
and intended use of the subject clothes dryer;

e.    failing and omitting to do and perform those things necessary to
avoid an unreasonable risk of harm and to render the operation of
the subject clothes dryer safe and property;

f.    failing to safely install the subject clothes dryer so as not to pose a
substantial risk of harm to the Heimanns;

g.    failing to safely repair the subject clothes dryer so as not to pose a
substantial risk of harm to the Heimanns;

h.    otherwise failing to use due care under the circumstances.

33.    As a direct and proximate result of the aforesaid negligence, carelessness

and recklessness of Sears the Heimann's home caught on fire causing substantial damage

to the Heimann's real and personal property.

7

WHEREFORE, the Plaintiff, Homesite Insurance Company of the Midwest as

subrogee of Bill and Jennifer Heimann, prays for judgment against the Defendants in an

amount which fairly and adequately will compensate the Plaintiff for its losses, plus

costs, and for all other proper relief in the premises.

## JURY DEMAND

Plaintiff hereby demands a 12 person jury on all triable issues of fact.


Katherine C. O'Malley (Bar No. 29087-49)
Cozen O'Connor
333 W. Wacker Drive
Suite 1900
Chicago, IL 60606
Phone No: (312) 382-3100
Fax: (312) 382-8910


And Of Counsel:
Marisa L. Saber (admission pending)
Cozen O'Connor
333 W. Wacker Drive
Suite 1900
Chicago, IL 60606
Phone No: (312) 382-3100
Fax: (312) 382-8910

STATE OF INDIANA              )      IN THE HUNTINGTON_____ COURT ____
                             ) SS:  35D01- 1 2 1 1 -PL- 0 0 9 7 6
COUNTY OF HUNTINGTON )       CAUSE NO._____

INDIANA FARM BUREAU INSURANCE COMPANY,)
AS SUBROGEE OF ZACKERY KINDLER,       )
                                      )
          Plaintiff,                  )
                                      )         **FILED**
     vs.                              )
                                      )         NOV 1 3 2012
ELECTROLUX NORTH AMERICA, INC. ,      )
                                      )            *Kittie Keiffer*
          Defendant.                  )      **CLERK HUNTINGTON SUPERIOR COURT**

## COMPLAINT

COMES NOW the Plaintiff, Indiana Farm Bureau Insurance Company, as Subrogee of Zackery

Kindler and Alisha Kindler, by counsel, and complains of Defendant, as follows:

1.      Plaintiff, Indiana Farm Bureau Insurance Company, as  Subrogee of Zackery Kindler

and Alisha Kindler, is a business which at all times relevant hereto was duly authorized to issue

insurance policies in the State of Indiana, domiciled in the State of Indiana, and which maintained a

principal place of business at 225 S. East Street, Indianapolis, Indiana.

2.      Zackery Kindler and Alisha Kindler are individuals, who at all times relevant resided

in Huntington, IN.

3.      Defendant, Electrolux North America, Inc., is an Ohio corporation which routinely does

business and whose products are routinely offered for sale to retail consumers in the State of Indiana.

4.      On November 18, 2010,  a dryer manufactured by Electrolux North America, Inc.,

malfunctioned and ignited causing property damage to the Kindler dwelling.

5.      Defendant is engaged in the business of manufacturing and selling the subject product.



6.    The Kindlers are in the class of persons that Defendant should reasonably foresee as being subject to harm caused by the defective product.

7.    The subject product reached the consumer without substantial alteration in the condition in which the product was sold.

8.    The subject product was sold in a defective condition which was unreasonably dangerous to the consumer.

9.    That the dryer was negligently designed and manufactured by the Defendant.

10.    That the negligent design and manufacture of the dryer, and breach of warranties express and implied were the proximate cause of the aforementioned fire loss on November 18, 2010, and resultant in property damage losses of $142,018.96.

11.    At all times relevant, Indiana Farm Bureau Insurance had in full force and effect an insurance policy which provided coverage for the loss involved.

12.    Pursuant to the terms of the aforementioned insurance policy,  Indiana Farm Bureau Insurance Company tendered benefits in the amount of $142,018.96 for damages resulting from the incident noted above, and is therefore subrogated to the rights of its insured in this action to the extent of its payments.

WHEREFORE, the Plaintiff, Indiana Farm Bureau Insurance Company, as Subrogee of Zackery Kindler and Alisha Kindler, prays for judgment in its favor and against the Defendant, in the sum of $142,018.96, plus interest, costs of this action, and any other just and proper relief.

Respectfully submitted,

McNEELY, STEPHENSON, THOPY & HARROLD

Cameron A. Morgan
Attorney No. 19492-49
Attorney for Plaintiff,
Indiana Farm Bureau Insurance Company

McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Telephone:  317-825-5230
Facsimile:  317-825-5250

STATE OF INDIANA ) IN THE HUNTINGTON_____ COURT ___
) SS:
COUNTY OF HUNTINGTON ) CAUSE NO. 35D01- 1 2 1 1 -PL- 0 0 9 7 6

INDIANA FARM BUREAU INSURANCE COMPANY, )
AS SUBROGEE OF ZACKERY KINDLER, )
)
Plaintiff, )
)
vs. )
) **FILED**
ELECTROLUX NORTH AMERICA, INC. , )
) NOV 1 3 2012
Defendant. )
*Kittie Keiffer*
**APPEARANCE** **CLERK HUNTINGTON SUPERIOR COURT**

Comes now the firm of McNEELY, STEPHENSON, THOPY & HARROLD, Attorneys at

Law, and enters its Appearance on behalf of the Plaintiff, Indiana Farm Bureau Insurance Company,

and respectfully requests that copies of all pleadings, notices, and orders be forwarded to said

attorney at the following address:

> Cameron A. Morgan
> McNEELY, STEPHENSON, THOPY & HARROLD
> Attorneys at Law
> 2150 Intelliplex Drive
> Suite 134
> Shelbyville, IN 46176

1. Name of first initiating party: Indiana Farm Bureau Insurance Company a/s/o Zackery Kindler and Alisha Kindler.

2. Case Type: -PL-

3. We will not accept service by FAX.

4. To our knowledge, there are no related cases.

Respectfully submitted,

McNEELY, STEPHENSON, THOPY & HARROLD

Cameron A. Morgan
Attorney No. 19492-49
Attorney for Plaintiff,
Indiana Farm Bureau Insurance Company


McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Telephone:  317-825-5230
Facsimile:  317-825-5250

## SUMMONS

STATE OF INDIANA      )    IN THE HUNTINGTON_____ COURT ___
                 ) SS:
COUNTY OF HUNTINGTON    )    CAUSE NO. 35D01- 1 2 1 1 -PL- 0 0 9 7 6

INDIANA FARM BUREAU INSURANCE COMPANY,    )
AS SUBROGEE OF ZACKERY KINDLER,    )
                                          )
         Plaintiff,                )
                                          )
   vs.                                  )
                                          )
ELECTROLUX NORTH AMERICA, INC. ,    )
                                          )
         Defendant.            )

THE STATE OF INDIANA TO DEFENDANT:      Electrolux North America, Inc.
                                                   Risk Management - Claims Department SNG13
                                                   10200 David Taylor Drive
                                                   Charlotte, NC 28262

     You have been sued by the person(s) named "Plaintiff", in the court stated above.

     The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made against you.

     You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

     If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

     The following manner of service of summons is hereby designated:

### CERTIFIED MAIL/RETURN RECEIPT REQUESTED

Date: _11-19-12_                            _Kittie Keiffer_
                                       CLERK, Circuit/Superior Court of Huntington County,
Indiana
Attorneys for the Plaintiff:

Cameron A. Morgan, Attorney No. 19492-49
McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Telephone: 317-825-5230
Facsimile: 317-825-5250

STATE OF INDIANA     )
                  ) SS:     **IN THE ELKHART SUPERIOR COURT**
COUNTY OF ELKHART  )

                         **CAUSE NO. 20C01-0808-CT-** *064*

STATE FARM FIRE & CASUALTY   )
COMPANY as Subrogee            )
of KELLY SLABACH,             )
                            )
              **Plaintiff,**   )        **FILED**
                          )
      **v.**                  )      AUG 1 4 2008
                          )
ELECTROLUX HOME PRODUCTS,   )    **CLERK ELKHART**
INC., a Foreign Corporation      )     **CIRCUIT COURT**
                          )
           **Defendant.**   )

## COMPLAINT

NOW COMES the Plaintiff, STATE FARM FIRE & CASUALTY COMPANY as Subrogee of KELLY SLABACH, (hereinafter referred to as "STATE FARM"), by and through its attorneys, GROTEFELD & HOFFMANN, LLP, and complains of the Defendant, ELECTROLUX HOME PRODUCTS, INC., as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    At all times relevant, STATE FARM was an insurance company licensed to do business in the State of Indiana and maintained claims office throughout the State of Indiana.

2.    At all times relevant, KELLY SLABACH (hereinafter referred to as "SLABACH") was the owner of certain real and personal property located at 27674 County Road 4, Elkhart, Indiana (hereinafter referred to as "The SLABACH residence").

3.    At all times relevant, ELECTROLUX HOME PRODUCTS, INC. (hereinafter referred to as "ELECTROLUX") was a Delaware corporation doing business as a manufacturer

and seller of consumer products including an ELECTROLUX dryer. Said products were distributed and sold throughout Elkhart, Indiana.

4.    On August 16, 2006, the SLABACH residence was the subject of a policy of insurance written by STATE FARM under policy number 14-LG-6283-2, which *inter alia* provided coverage for damage caused to said property by, among other things, fire.

5.    At all times relevant and based on information and belief, SLABACH was the owner of a certain ELECTROLUX Dryer (hereinafter referred to as "DRYER").

6.    On information and belief, said DRYER was manufactured and assembled and sold by the Defendant, ELECTROLUX in or about the year 2003.

7.    At all times relevant SLABACH was using the DRYER for its intended purposes.

## COUNT I
## STRICT LIABILITY IN TORT

1-7.    STATE FARM repeats and realleges Paragraphs 1 through 7 of this Complaint, inclusive, as though fully set forth herein as Paragraphs 1 through 7 of this Count I.

8.    Upon information and belief, said DRYER was unreasonably dangerous and defective at the time it left the control of ELECTROLUX in one or more of the following ways:

a.    Was designed and manufactured in such a way as to cause a fire within the DRYER;

b.    Was designed, manufactured, and assembled with improper materials;

c.    Was designed, manufactured, and assembled without proper inspection;

d.    Was designed, manufactured, and assembled without proper testing;

e.    Was designed, manufactured, and assembled to allow lint accumulation in the vent duct;

f.    Was designed, manufactured and assembled to allow lint accumulation in the dryer cabinet;

g.    Was designed, manufactured and assembled in such a way that so that for the user to clean accumulated lint from within the cabinet, it is necessary to open the dryer cabinet and remove the drum which is too complicated for the average user to achieve;

h.    Failed to have adequate warnings regarding the potential for the Dryer to malfunction and ignite a fire;

i.    Was otherwise dangerous and defective in the design, manufacture, and sale.

9.    On August 16, 2006, and as a direct and proximate result of the defective and unreasonably dangerous design, manufacture, assembly, and sale, the DRYER caused a fire at the SLABACH residence.

10.    As a direct and proximate result of the defective and unreasonably dangerous design, manufacture, assembly, and sale of said DRYER and resulting fire, both real and personal property belonging to SLABACH was damaged and/or destroyed.

11.    Pursuant to the provisions of the policy of insurance issued to SLABACH by STATE FARM, STATE FARM paid to or on behalf of SLABACH the sum in excess of Two Hundred Thirty Four Thousand Eight Hundred Twenty Five Dollars and Twenty One Cents ($234,825.21) to repair or replace damaged or destroyed property and otherwise compensate SLABACH for losses sustained as the result of said fire damage. SLABACH also incurred a deductible loss of $500.00 pursuant to the terms of the State Farm Policy.

12.    By virtue of said payments and terms of said policy of insurance, STATE FARM has become and is subrogated to all rights, remedies, and causes of action accruing to SLABACH and against the Defendant.

**WHEREFORE**, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of KELLY SLABACH, prays for judgment in its favor and against ELECTROLUX

HOME PRODUCTS, INC. in an amount of Two Hundred Thirty Five Thousand Three Hundred Twenty Five Dollars and Twenty One Cents ($235,325.21), plus costs of this suit.

## COUNT II
## NEGLIGENCE

1-7.    STATE FARM repeats and realleges Paragraphs 1 through 7 of this Complaint, inclusive, as though fully set forth herein as Paragraphs 1 through 7 of this Count II.

8.    At all times pertinent hereto, ELECTROLUX had a duty to act with reasonable care in the design, manufacture, and sale of said DRYER.

9.    Notwithstanding said duty, ELECTROLUX was guilty of one or more of the following acts or omissions to act:

a.    Was designed and manufactured in such a way as to cause a fire within the DRYER;

b.    Was designed, manufactured, and assembled with improper materials;

c.    Was designed, manufactured, and assembled without proper inspection;

d.    Was designed, manufactured, and assembled without proper testing;

e.    Was designed, manufactured, and assembled to allow lint accumulation in the vent duct;

f.    Was designed, manufactured, and assembled to allow lint accumulation in the dryer cabinet;

g.    Was designed, manufactured and assembled in such a way that so that for the user to clean accumulated lint from within the cabinet, it is necessary to open the dryer cabinet and remove the drum which is too complicated for the average user to achieve;

h.    Failed to have adequate warnings regarding the potential for the Dryer to malfunction and ignite a fire;

i.    Was otherwise dangerous and defective in the design, manufacture, and sale.

10.    On August 16, 2006, and as a direct and proximate result of the aforesaid acts or omissions to act on the part of ELECTROLUX, said DRYER malfunctioned, causing a fire at the SLABACH residence damaging and destroying both real and personal property belonging to SLABACH.

11 - 12.    STATE FARM repeats and realleges Paragraphs 11 through 12 of Count I of this Complaint, inclusive, as though fully set forth herein as Paragraphs 11 through 12 of this Count II.

**WHEREFORE,** Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of KELLY SLABACH, prays for judgment in its favor and against ELECTROLUX HOME PRODUCTS, INC., in an amount of Two Hundred Thirty Five Thousand Three Hundred Twenty Five Dollars and Twenty One Cents ($235,325.21), plus costs of this suit.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

1-7.    State Farm repeats and realleges Paragraphs 1 through 7 of this Complaint, inclusive, as though fully set forth herein as Paragraphs 1 through 7 of this Count III.

8.    At or before the time of and in consideration for the purchase of said DRYER, ELECTROLUX warranted that the DRYER would be of merchantable quality and fit for the ordinary purpose for which such DRYERS are used, in accordance and pursuant to IC 26-1-2-314.

9.    Said warranties were relied upon in the purchase of said DRYER.

10.    The DRYER was neither merchantable nor fit for the ordinary purpose for which DRYERS are used, in that the DRYER experienced a malfunction causing in a fire at the SLABACH residence damaging and destroying both real and personal property belonging to SLABACH.

11.    As a direct and proximate result of the aforementioned breach of implied warranty, SLABACH suffered direct and consequential damages to her property, both real and personal, and were deprived of the use of said real and personal property.

12 - 13.    STATE FARM repeats and realleges Paragraphs 11 through 12 of Count I of this Complaint, inclusive, as though fully set forth herein as Paragraphs 12 through 13 of this Count III.

**WHEREFORE,** Plaintiff State Farm Fire and Casualty Company, as Subrogee of KELLY SLABACH, prays for judgment in its favor and against ELECTROLUX HOME PRODUCTS, INC., in an amount of Two Hundred Thirty Five Thousand Three Hundred Twenty Five Dollars and Twenty One Cents ($235,325.21), plus costs of this suit and attorneys fees.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY,
as Subrogee of KELLY SLABACH

By: _____
Brad M. Gordon

Brad M. Gordon
GROTEFELD & HOFFMANN, LLP
180 NORTH LASALLE, SUITE 1810
CHICAGO, ILLINOIS 60601
(312) 551-0200
INDIANA BAR #: 21913-45

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

2013 JAN 31 AM 9: 58

SOUTHERN
OF INDIANA
LAURA
CLE

| | |
|---|---|
| INDIANA FARM BUREAU INSURANCE COMPANY, AS SUBROGEE OF RAYMOND MRAZIK, | ) ) ) No. _____ |
| | ) |
| Plaintiff, | ) |
| | ) **1 : 1 3 -cv- 0 1 7 4 TWP -DML** |
| v. | ) |
| | ) |
| ELECTROLUX NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Comes now Defendant, Electrolux Home Products, Inc. ("Electrolux"), incorrectly identified as Electrolux North America, Inc., by counsel, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis that this Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 (Diversity of Citizenship) and in support thereof, states:

1. This Court has original jurisdiction and removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiff, Indiana Farm Bureau Insurance Company ("Plaintiff") and Electrolux, and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorney's fees, costs and interest.

2. A copy of all State Court pleadings, including the Complaint and Summons, is attached as Exhibit "A."

3. In the attached Complaint, filed on or about December 10, 2012, in the Hendricks County Circuit Court, under Cause No. 32C01-1212-PL-137, Plaintiff alleges that as a result of an alleged defect in a clothes dryer that was manufactured by Electrolux, Mr. Mrazik incurred damages to his property. Plaintiff alleges the damages incurred total $100,131.06. Therefore,

the amount in controversy exceeds $75,000.00 and satisfies the jurisdictional requirements of 28 U.S.C. § 1332.

4.    When Plaintiff filed its Complaint, Plaintiff tendered a Summons with the Huntington County Clerk. This Summons did not direct the Summons and Complaint to be served on the Registered Agent or Executive Officer of Electrolux North America, Inc. Thus, Electrolux North America, Inc. has not been properly served in this action pursuant to Indiana Trial Rule 4.6(a)(1).

5.    Electrolux Home Products, Inc., the proper entity to respond to Plaintiff's Complaint, has not yet been served, but received notice of the suit on or after January 22, 2013. This Notice of Removal is timely filed, within thirty (30) days of Electrolux Home Products, Inc.'s notice of the suit.

6.    Plaintiff is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

7.    At the time of the incident which is the subject of Plaintiff's Complaint, Plaintiff's insured, Raymond Mrazik, was a resident of Hendricks County, Indiana.

8.    Defendant, Electrolux Home Products, Inc., is a Delaware Corporation with its principal place of business in Charlotte, North Carolina.

9.    A copy of this Notice is being contemporaneously filed with the Clerk of the Circuit Court of Hendricks County, Indiana.

WHEREFORE, Defendant, Electrolux Home Products, Inc., incorrectly identified as Electrolux North America, Inc., respectfully removes this action from the Hendricks County Superior Court, Indiana, bearing Cause No. 32C01-1212-PL-137, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

{00586330- }

2

RILEY BENNETT & EGLOFF, LLP


_Sarah T. MacGill_

Laura S. Reed
lreed@rbelaw.com
No. 11652-49
Sarah T. MacGill
smacgill@rbelaw.com
No. 28289-49
Attorneys for Defendants,
Electrolux Home Products, Inc., incorrectly
identified as Electrolux North America, Inc.,
Electrolux North America, Inc.


RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 E. Washington Street
Indianapolis, IN 46204
(317) 636-8000
Fax (317) 636-8027

{00586330- }

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013 a copy of the foregoing *Notice of Removal* was filed. Notice of this filing will be sent by operation of the Court's electronic filing system or by U.S. Mail, postage pre-paid, to the following:

Michelle A. Cobourn-Baurley
McNEELY, STEPHENSON, THOPY, & HARROLD
Attorneys at Law
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Macobourn-baurley@msth.com

*Sarah T. MacGill*

Sarah T. MacGill

STATE OF INDIANA     )     IN THE HENDRICKS_____ COURT
            ) SS:
COUNTY OF HENDRICKS   )     CAUSE NO.  32 Cu1 - 1217 - PL - 137

INDIANA FARM BUREAU INSURANCE,   )
AS SUBROGEE OF RAYMOND MRAZIK,  )
                       )
     Plaintiff,           )
                       )
   vs.               )
                       )
ELECTROLUX NORTH AMERICA, INC.,   )
                       )
     Defendant.        )

FILED

DEC 10 2012

Cindy Spence
CLERK HENDRICKS CIRCUIT
SUPERIOR COURT

## APPEARANCE

Comes now the firm of McNEELY, STEPHENSON, THOPY & HARROLD, Attorneys at Law, and enters its Appearance on behalf of the Plaintiff, Indiana Farm Bureau Insurance a/s/o Raymond Mrazik, and respectfully requests that copies of all pleadings, notices, and orders be forwarded to said attorney at the following address:

> Michelle A. Cobourn-Baurley
> McNEELY, STEPHENSON, THOPY & HARROLD
> Attorneys at Law
> 2150 Intelliplex Drive
> Suite 134
> Shelbyville, IN 46176

1.    Name of first initiating party: Indiana Farm Bureau Insurance a/s/o Raymond Mrazik.

2.    Case Type: -PL-

3.    We will not accept service by FAX.

4.    To our knowledge, there are no related cases.


EXHIBIT
A

Respectfully submitted,

McNEELY, STEPHENSON, THOPY & HARROLD

Michelle A. Cobourn-Baurley
Attorney No. 27063-49
Attorney for Plaintiff,
Indiana Farm Bureau Insurance a/s/o
Raymond Mrazik

McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Telephone: 317-825-5230
Facsimile: 317-825-5250

STATE OF INDIANA      )      IN THE HENDRICKS_____ COURT
                  ) SS:
COUNTY OF HENDRICKS    )      CAUSE NO. _32C01-1212-PL-137_

INDIANA FARM BUREAU INSURANCE,    )
AS SUBROGEE OF RAYMOND MRAZIK,    )
                            )
       Plaintiff,            )
                            )
    vs.                     )
                            )
ELECTROLUX NORTH AMERICA, INC.,    )
                            )
       Defendant.         )

FILED

DEC 1 0 2012

Cindy Spence
CLERK HENDRICKS CIRCUIT
SUPERIOR COURT

## COMPLAINT

COMES NOW the Plaintiff, Indiana Farm Bureau Insurance, as Subrogee of Raymond Mrazik, by counsel, and complains of Defendant, as follows:

1.    Plaintiff, Indiana Farm Bureau Insurance, is a business which at all times relevant hereto was duly authorized to issue insurance policies in the State of Indiana, domiciled in the State of Indiana, and which maintained a principal place of business at 225 S. East Street, Indianapolis, Indiana.

2.    Raymond Mrazik is an individual, who at all times relevant resided in Danville, IN.

3.    Defendant, Electrolux North America, Inc., is a North Carolina corporation which routinely does business and whose products are routinely offered for sale to retail consumers in the State of Indiana.

4.    On June 29, 2011, a dryer manufactured by Electrolux North America Inc., malfunctioned and ignited causing a property damage to the Mrazik dwelling.

5.    Defendant is engaged in the business of manufacturing and selling the subject product.

6.      Mrazik is in the class of person that Defendant should reasonably foresee as being subject to harm caused by the defective product.

7.      The subject product reached the consumer without substantial alteration in the condition in which the product was sold.

8.      The subject product was sold in a defective condition which was unreasonably dangerous to the consumer.

9.      That the dryer was negligently designed and manufactured by the Defendant.

10.     That the negligent design and manufacture of the dryer, and breach of warranties express and implied were the proximate cause of the aforementioned fire loss on June 29, 2011, and resulted in property damage losses of $100,131.06.

11.     At all times relevant, Indiana Farm Bureau Insurance had in full force and effect an insurance policy which provided coverage for the loss involved.

12.     Pursuant to the terms of the aforementioned insurance policy, Indiana Farm Bureau Insurance tendered benefits in the amount of $100,131.06 for damages resulting from the incident noted above, and is therefore subrogated to the rights of its insured in this action to the extent of its payments.

WHEREFORE, the Plaintiff, Indiana Farm Bureau Insurance, as Subrogee of Raymond Mrazik, prays for judgment in its favor and against the Defendant, in the sum of $100,131.06, plus costs of this action, and any other just and proper relief.

Respectfully submitted,

McNEELY, STEPHENSON, THOPY & HARROLD

Michelle A. Coburn-Baurley
Attorney No. 27063-49
Attorney for Plaintiff,
Indiana Farm Bureau Insurance a/s/o
Raymond Mrazik


McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Telephone: 317-825-5230
Facsimile: 317-825-5250

**SUMMONS**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HENDRICKS_____ COURT ___ |
| | ) SS: | |
| COUNTY OF HENDRICKS | ) | CAUSE NO. _32C01-1212-PL-137_ |

INDIANA FARM BUREAU INSURANCE,
AS SUBROGEE OF RAYMOND MRAZIK,

     Plaintiff,

    vs.

ELECTROLUX NORTH AMERICA, INC.,

     Defendant.

FILED

DEC 10 2012

Cindy Spence
CLERK HENDRICKS CIRCUIT SUPERIOR COURT

THE STATE OF INDIANA TO DEFENDANT:

Electrolux North America, Inc.
Risk Management - Claims Department SNG13
10200 David Taylor Drive
Charlotte, NC 28262

    You have been sued by the person(s) named "Plaintiff", in the court stated above.

    The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made against you.

    You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

    The following manner of service of summons is hereby designated:

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

_____

Date: _____

                                              _____

Indiana                                 CLERK, Circuit/Superior Court of Hendricks County,
Attorneys for the Plaintiff:

Michelle A. Cobourn-Baurley, Attorney No. 27063-49
McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive
Suite 134
Shelbyville, IN 46176
Telephone: 317-825-5230
Facsimile: 317-825-5250

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Indiana Farm Bureau Insurance as Subrogee of Raymond Mrazik

**DEFENDANTS**
Electrolux Home Products, Inc., incorrectly named as Electrolux North America, Inc.
Electrolux North America, Inc.

**(b)** County of Residence of First Listed Plaintiff   Marion
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant      State: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**1:13 -cv- 0174 TWP -DML**

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
McNeeley, Stephenson, Thopy & Harrold
Michelle A. Cobourn-Baurley
2150 Intelliplex Drive, Suite 134
Shelbyville, Indiana 46176
(317) 825-5110

Attorneys *(If Known)*
Riley Bennett & Egloff, LLP
Laura S. Reed, Sarah T. MacGill
141 E. Washington St., 4th Floor
Indianapolis, Indiana 46204
(317)636-8000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS– Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding
☒ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from
Another District
*(specify)*
☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 1441, and 1446
Brief description of cause:
Plaintiff alleges it incurred damages resulting from an alleged defect in a clothes dryer manufactured by Electrolux Home Products, Inc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $   100,131.06
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/31/2013

SIGNATURE OF ATTORNEY OF RECORD
*Sarah T. MacGill*      *Laura S. Reed*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

```
Court Name: Southern District of Indiana
Division: 1
Receipt Number: IP033983
Cashier ID: dhabing
Transaction Date: 01/31/2013
Payer Name: RILEY BENNETT EGLOFF LLP
------------------------------------
CIVIL FILING FEE
  For: RILEY BENNETT EGLOFF LLP
  Case/Party: D-INS-1-13-CV-000174-001
  Amount:          $350.00
------------------------------------
PAPER CHECK CONVERSION
  Check/Money Order Num: 66196
  Amt Tendered:    $350.00
------------------------------------
Total Due:         $350.00
Total Tendered:    $350.00
Change Amt:          $0.00

1:13-cv-0174-TWP-DML


"Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53.00 fee
will be charged for a returned
check."
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY (A/S/O MICHAEL
S. SCOTT),

            PLAINTIFF,

v.

ELECTROLUX HOME PRODUCTS, INC.,

            DEFENDANT.

CIVIL ACTION NO. ___3-12-cv-732-H___

**ELECTRONICALLY FILED**

### NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant, Electrolux Home Products, Inc. ("Electrolux"), hereby gives notice of removal of the above-captioned action, Case No. 12-CI-00759, pending in the Oldham Circuit Court, Oldham County, Kentucky, to this Court. In support of removal, Electrolux states as follows:

1.     On or about September 25, 2012, plaintiff Kentucky Farm Bureau Mutual Insurance Company (a/s/o Michael S. Scott) ("Kentucky Farm Bureau") filed this civil action against Electrolux in Oldham Circuit Court, Oldham County, Kentucky, Case No. 12-CI-00759.

2.     This subrogation case involves allegations regarding a fire allegedly caused by a dryer on January 29, 2011. Scott was insured by Kentucky Farm Bureau and, according to the Complaint, was paid for the damages sustained to his property. (Complaint at ¶ 13.)

3.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that it was filed within thirty (30) days of receipt and service of the complaint by Electrolux in Case No. 12-CI-00759 in Oldham Circuit Court, Oldham County, Kentucky. Electrolux was served with the summons and complaint on or about October 5, 2012.

4.      The Oldham Circuit Court, Oldham County, Kentucky, is located within the Western District of Kentucky, Louisville Division.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon this defendant, which papers include the Summons, Complaint, and Electrolux's Answer are attached hereto as Exhibit A.  A copy of the docket summary, which reflects the dates of service of the complaint and summons on the defendant, as of the date of the filing of this notice is attached as Exhibit B.

6.      Diversity Jurisdiction: This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and, therefore, this action is removable to this Court on that basis given:

(a)      Plaintiff was, at the time of the commencement of this action and all times thereafter through and including the present time, a citizen of the Commonwealth of Kentucky. (*See* Complaint ¶ 1.)

(b)      Electrolux, at the time of the commencement of this action or at any time thereafter through and including the present time, was not a citizen of the Commonwealth of Kentucky.  Defendant is a Delaware corporation with its principal place of business in North Carolina.

(c)      Electrolux filed this Notice of Removal in good faith and on a reasonable basis in law and in fact that the requisite amount in controversy is being sought in this action.  Electrolux believes, in good faith and on a reasonable basis, that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.  The complaint asserts that Scott's dryer and associated items were destroyed in a fire on January 29, 2011.  (Complaint at ¶ 5.)  In a pre-suit letter notifying Electrolux of the claim and Electrolux's right of inspection, plaintiff's counsel

stated that "Kentucky Farm Bureau has paid the sum of $84,019.77 as a result of the subject fire." (Exhibit C.)

7.    By removing this action to this Court, Electrolux does not waive any defenses available to them and expressly reserves the right to assert all such defenses in its responsive pleading.

8.    For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, defendant, Electrolux, prays that this Notice of Removal be filed; that this action, Case No. 12-CI-00759, pending in Oldham Circuit Court, Oldham County, Kentucky, be removed to and proceed in this Court; and that no further proceedings be had in this case in Oldham Circuit Court.

Respectfully submitted,

/s/ J. Brittany Cross
Sarah Grider Cronan (scronan@stites.com)
Whitney Frazier Watt (wwatt@stites.com)
J. Brittany Cross (bcross@stites.com)
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANT, ELECTROLUX
HOME PRODUCTS, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Removal was electronically filed using the CM/ECF System and that a copy was mailed, first-class, postage prepaid to the following on this 5th day of November, 2012:

John C. Miller
Joseph A. Bott
BERTRAM, COX & MILLER, LLP
321 E. Main Street
P.O. Box 1155
Campbellsville, Kentucky 42719
*Counsel for Plaintiff*

/s/ J. Brittany Cross
COUNSEL FOR DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.

903893:1:LOUISVILLE

| AOC-82-105 | | CASE NO. 12-CI- _00759_ |
|---|---|---|
| COMMONWEALTH OF KENTUCKY COURT OF JUSTICE | | DIVISION _____ |
| | **CIVIL SUMMONS** | COUNTY Oldham |
| CR 4.02: CR OFFICIAL FORM 1 | | COURT Circuit |

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY (a/s/o Michael S. Scott)      **PLAINTIFF**

VS

ELECTROLUX HOME PRODUCTS, INC.      **DEFENDANT**

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:     The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware  19801

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons.  Unless a written defense is made by you or by an attorney in your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and addresses(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date:____9/25/12____        Clerk:____Linda G Mason____

By: _____

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 _____

Served By: _____



EXHIBIT
A

**COMMONWEALTH OF KENTUCKY**
**12TH JUDICIAL CIRCUIT**
**OLDHAM CIRCUIT COURT**
**DIVISION ___**
CIVIL ACTION NO. 12-CI- 00759

FILED

SEP 2 5 2012

OLDHAM CIRC./DIST. COURT
BY_____ D.C.

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY
(a/s/o  Michael S. Scott)                                          PLAINTIFF

v.                              **COMPLAINT**

ELECTROLUX HOME PRODUCTS, INC.                               DEFENDANT

*  *  *  *  *  *

The Plaintiff, Kentucky Farm Bureau Mutual Insurance Company, by and through counsel,

for their cause of action against the Defendant, states as follows:

1.     The Plaintiff, Kentucky Farm Bureau Mutual Insurance Company ("Kentucky Farm

Bureau") is a Kentucky Corporation authorized to transact business in the Commonwealth of

Kentucky.

2.     The Defendant, Electrolux Home Products, Inc., is a foreign corporation which

transacts business in the Commonwealth of Kentucky with its agent for service of process being: The

Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3.     The Defendant, Electrolux Home Products, Inc., is, within the meaning of KRS

454.210, transacting business in Kentucky so as to make it amenable to service of process by service

upon the Secretary of State in accordance with the provisions of KRS 454.210. This Court therefore

has personal jurisdiction over the Defendant.

4.     The Defendant, Electrolux Home Products, Inc., is a corporation engaged in the

-1-


ATTEST

SEP 2 5 2012

OLDHAM CIRCUIT/DISTRICT COURT
BY_____ D.C.

manufacture, distribution, and/or sale of home appliances and sold home appliances and sold home

appliances and sold home appliances to the general public.

    5.      On or about the 29th day of January, 2011 in Oldham County, Kentucky, a Frigidaire

dryer ("Dryer") owned by Michael S. Scott, an insured of the Plaintiff, Kentucky Farm Bureau,

burned thereby causing significant damage to said Dryer and associated items owned by Michael

S. Scott.

## COUNT I - NEGLIGENCE

    6.      The Plaintiff re-alleges the allegations previously stated herein and incorporates

herein by reference the previous paragraphs of this Complaint.

    7.      The Dryer was manufactured by the Defendant, Electrolux Home Products, Inc., and

by reason of the carelessness and negligence of its agents, servants or employees, in the design

and/or manufacture of the Dryer, it burned thereby causing significant damage to said Dryer and

associated items.

    8.      The Defendant, Electrolux Home Products, Inc., unreasonably failed to warn of the

known and foreseeable hazards of said Dryer, both before and after the sale of said Dryer.

    9.      As a result of the culpable conduct of the Defendant, Electrolux Home Products, Inc.,

the Plaintiff, Kentucky Farm Bureau, has been required to pay sums for property damage and/or

personal property loss to or on behalf of its insured, Michael S. Scott, in an amount which is in

excess of the jurisdictional limits of this Court.

## COUNT II - BREACH OF WARRANTY

    10.      The Plaintiff re-alleges the allegations previously stated herein and incorporates

herein by reference the previous paragraphs of this Complaint.

    11.      The Defendant, Electrolux Home Products, Inc., has engaged in substantial

-2-

advertising campaigns to promote the sales of its products, including the Dryer, which advertising stresses the quality, utility and safety of said Dryer.

12.     The Defendant, Electrolux Home Products, Inc., has breached its implied warranties of merchantability and fitness for a particular purpose as well as its express warranty relating to the quality, utility and safety of said Dryer.

13.     As a result of the culpable conduct of the Defendant, Electrolux Home Products, Inc., the Plaintiff, Kentucky Farm Bureau, has been required to pay sums for property damage and/or personal property loss, to or on behalf of its insured, Michael S. Scott, in an amount which is in excess of the jurisdictional limits of this Court.

## COUNT III - STRICT LIABILITY

14.     The Plaintiff re-alleges the allegations previously stated herein and incorporates herein by reference the previous paragraphs of this Complaint.

15.     The Dryer was manufactured in a condition as to render it in a defective condition unreasonably dangerous and the Defendant is strictly liable for the Plaintiff's damages which were caused as a result of the defects in the Dryer.

16.     As a result of the culpable conduct of the Defendant, Electrolux Home Products, Inc., the Plaintiff, Kentucky Farm Bureau, has been required to pay sums for property damage and/or personal property loss to or on behalf of its insured, Michael S. Scott, in an amount which is in excess of the jurisdictional limits of this Court.

Wherefore, the Plaintiff, Kentucky Farm Bureau Mutual Insurance Company, demands judgment against the Defendant, Electrolux Home Products, Inc., for compensatory damages in an amount to be determined at trial, for their costs herein expended and for any other relief to which it appears entitled.

Respectfully Submitted,

John C. Miller
Joseph A. Bott
BERTRAM, COX & MILLER, LLP
321 E. Main Street, P.O. Box 1155
Campbellsville, Kentucky 42719
(270) 465-6111

ATTORNEYS FOR PLAINTIFF

-4-

**CERTIFIED MAIL**

7192 2677 0010 0160 8744

RETURN RECEIPT (ELECTRONIC)

**RETURN RECEIPT REQUESTED**
ELECTROLUX HOME PRODUCTS, INC.
THE CORPORATION TRUST COMPANY
1209 ORANGE STREET
WILMINGTON, DE 19801

RESTRICTED DELIVERY

UNITED STATES POSTAGE

$ 09.30°
OCT 01 2012
MAILED FROM ZIPCODE 40601

02 1R
0006559516

RESTRICTED DELIVERY

**Kentucky**
UNBRIDLED SPIRIT

**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718



FILED

OCT 2 5 2012

OLDHAM CIRC./DIST. COURT
BY_____ D.C.

COMMONWEALTH OF KENTUCKY
12th JUDICIAL CIRCUIT
OLDHAM CIRCUIT COURT
CIVIL ACTION NO. 12-CI-00759

KENTUCKY FARM BUREAU MUTUAL                                      **PLAINTIFF**
INSURANCE COMPANY (a/s/o Michael S.
Scott)

v.        **ELECTROLUX HOME PRODUCTS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT**

ELECTROLUX HOME PRODUCTS, INC.                                   **DEFENDANT**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by counsel, states as follows
for its answer to plaintiff's complaint:

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1.        Electrolux is without knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph 1 of plaintiff's complaint and, on that basis,
denies those allegations.

2.        In response to paragraph 2 of plaintiff's complaint, Electrolux admits that it is a
foreign corporation transacting business in the Commonwealth of Kentucky.  Electrolux admits
that CT Corporation System is a registered agent for service of process.

3.        The allegations in paragraph 3 of plaintiff's complaint are conclusions of law
which are inappropriate for a complaint and should be stricken.  To the extent a response is
required, Electrolux is without knowledge or information sufficient to form a belief as to the
truth of the allegations contained in this paragraph and, on that basis, denies those allegations.

1

4.      Electrolux admits that it manufactures in part, distributes, and sells home appliances. All remaining allegations are denied.

5.      Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's complaint and, on that basis, denies those allegations.

6.      In response to paragraph 6 of plaintiff's complaint, Electrolux incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 5 of plaintiff's complaint.

7.      In response to paragraph 7 of plaintiff's complaint, Electrolux denies that it, its agents, servants, or employees were careless or negligent in the design and/or manufacture of any Electrolux dryer. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of plaintiff's complaint and, on that basis, denies those allegations.

8.      Electrolux denies the allegations contained in paragraph 8 of plaintiff's complaint.

9.      Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's complaint and, on that basis, denies those allegations.

10.     In response to paragraph 10 of plaintiff's complaint, Electrolux incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 9 of plaintiff's complaint.

11.     Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's complaint and, on that basis, denies those allegations.

2

12. The allegations in paragraph 12 of plaintiff's complaint are conclusions of law which are inappropriate for a complaint and should be stricken. To the extent a response is required, Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies those allegations.

13. In response to paragraph 13 of plaintiff's complaint, Electrolux denies the allegations as they relate to Electrolux's alleged culpable conduct. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's complaint and, on that basis, denies those allegations.

14. In response to paragraph 14 of plaintiff's complaint, Electrolux incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 13 of plaintiff's complaint.

15. Electrolux denies the allegations contained in paragraph 15 of plaintiff's complaint.

16. In response to paragraph 16 of plaintiff's complaint, Electrolux denies the allegations as they relate to Electrolux's alleged culpable conduct. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's complaint and, on that basis, denies those allegations.

17. Electrolux denies that plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph following paragraph 16 of plaintiff's complaint.

18. Any allegations contained within plaintiff's complaint not expressly admitted herein, or addressed elsewhere, are denied.

### THIRD DEFENSE

Plaintiff's claims may be barred or diminished by the doctrine of comparative fault, which includes but is not limited to, the negligence, fault, contributory negligence and/or an

3

express or implied assumption of the risk of plaintiff, third parties, other parties, or other persons

or entities not parties to this action.  Thus, Electrolux is not liable to plaintiff, or, in the

alternative, fault should be apportioned accordingly.

### FOURTH DEFENSE

Any injuries and damages alleged in plaintiff's complaint may have been due to,

proximately caused, and occasioned by the abuse, misuse, improper use, and/or improper

installation and maintenance of the dryer at issue by persons/third parties other than Electrolux.

### FIFTH DEFENSE

Any injuries and damages alleged in plaintiff's complaint may have been due to,

proximately caused, and occasioned by the modification or alteration of the dryer at issue.

### SIXTH DEFENSE

Any injuries and damages alleged in plaintiff's complaint may be the result of an

independent, unforeseeable, intervening and/or superseding cause not under the control of

Electrolux and for which Electrolux is not liable.

### SEVENTH DEFENSE

Electrolux incorporates by reference, as though fully set forth herein, any and all defenses

which are or may become available to it under the Product Liability Act of Kentucky, KRS §§

411.300, *et seq.*

### EIGHTH DEFENSE

Electrolux incorporates by reference, as though fully set forth herein, any and all

presumptions and defenses which are or may become available to it pursuant to the provisions of

the Restatement (Second) of Torts and Restatement (Third) of Torts and all comments thereto.

### NINTH DEFENSE

At all material times, the dryer at issue was manufactured in conformity with the knowledge and skills available at the time and with all governmental and industry standards; the dryer was reasonably fit for its intended use.

### TENTH DEFENSE

To the extent plaintiff failed to preserve the product, related artifacts, and/or the scene following the fire, Electrolux is entitled to all available remedies under Kentucky's evidentiary rules and a missing evidence instruction.

### ELEVENTH DEFENSE

No practical and technically feasible designs were available for the dryer at issue that could have prevented plaintiff's alleged injuries.

### TWELFTH DEFENSE

Kentucky Farm Bureau Mutual Insurance Company was a volunteer in making any payment as a result of the fire at issue and any monies it paid were not necessitated by the insurance policy.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in part, by lack of privity.

### FOURTEENTH DEFENSE

To the extent plaintiff failed to preserve the product, related artifacts, and/or the scene following the fire, Electrolux is entitled to all available remedies under Kentucky's evidentiary rules and a missing evidence instruction.

### FIFTEENTH DEFENSE

Electrolux reserves the right to assert all defenses, whether affirmative or otherwise,

5

about which it presently lacks sufficient information but which may become available to it during the course of this litigation.

WHEREFORE, defendant, Electrolux Home Products, Inc., respectfully requests:

1. Dismissal of plaintiff's complaint against it;

2. Its costs herein expended;

3. Apportionment of fault against all parties and non-parties who contributed in any way to plaintiff's alleged damages;

4. Trial by jury; and

5. Any and all other relief to which it may be entitled.

Respectfully submitted,

Sarah G. Cronan
Whitney Watt
J. Brittany Cross
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400

COUNSEL FOR DEFENDANT, ELECTROLUX
HOME PRODUCTS, INC.

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first-class mail, postage prepaid, on this 24th day of October, 2012.

John C. Miller
Joseph A. Bott
BERTRAM, COX & MILLER, LLP
321 E. Main Street
P.O. Box 1155
Campbellsville, Kentucky 42719

COUNSEL FOR PLAINTIFF

J. Brittany Cross

Case 3:12-cv-00732-JGH   Document 1-2   Filed 11/05/12   Page 1 of 1 PageID #: 18
Kentu18-3358-sRecorb:0996-1Not FileGfficdu/d2:21 Eaurt Entered 10/12/21 17:36:44   ExhPage 1 of 1
Pg 289 of 542



# KENTUCKY COURT OF JUSTICE

Search   User Account   Log Off

93667 11/5/2012 2:25:20 PM

Information from this system cannot be used for employment, licensing, eligibility for government programs or any public dissemination. This responsibility resides solely with the Kentucky Court of Justice. Any violation will result in immediate suspension of access.

## OLDHAM CIRCUIT COURT / CASE NUMBER: 12-CI-00759

| KENTUCKY FARM BUREAU MUTUAL INS CO, VS. ELECTROLUX HOME P | Source: **S** |
|---|---|

| Case filed on 09/25/2012 | PROPERTY DAMAGE ; Open Jdg: HON. KAREN A. CONRAD |
|---|---|

| PLAINTIFF / PETITIONER: KENTUCKY FARM BUREAU MUTUAL INS CO, | |
|---|---|
| ATTORNEY FOR DEFENDANT (CIVIL): CROSS, J BRITTANY | @00000293496 |
| ATTORNEY FOR PLAINTIFF: MILLER, JOHN C. | @00000292534 |
| DEFENDANT / RESPONDENT: ELECTROLUX HOME PRODUCTS, | @00000292535 |

| Summons: | Issued: 09/25/2012 | Serve Date: 10/05/2012; CIVIL SUMMONS |
|---|---|---|

**Document(s) Information**

| 1 | Filed on 09/25/2012 | COMPLAINT / PETITION |
|---|---|---|
| 2 | Filed on 10/25/2012 | ANSWER |
| 3 | Filed on 11/01/2012 | NOTICE OF SERVICE |

County information last updated on: 11/5/2012 2:00:00 PM

**Kentucky Court of Justice**

CourtNet Version 1.0.4



EXHIBIT

B



**BERTRAM, COX & MILLER, LLP**
ATTORNEYS AT LAW
321 EAST MAIN STREET, P.O. BOX 1155
CAMPBELLSVILLE, KENTUCKY 42719
TELEPHONE (270) 465-6111 - (270) 465-4193
(270) 465-8875
Telecopier (270) 465-6100
WWW.BCMLLP.COM

CRAIG COX
JOHN D. BERTRAM
JOHN C. MILLER
SHELLY S. MILLER
JOSEPH A. BOTT
ALECIA R. ABSHER

OF COUNSEL:
JAMES C. MILLER

*AAH*
*# 40578*

February 22, 2011

*Via Facsimile (216-898-2337) and*
*First Class Mail*
Ms. Helen Haney
Ms. Cheryl Bass
Electrolux Holdings, Inc.
20445 Emerald Parkway, SW, #250
Cleveland, Ohio 44135-0920

FEB 27 REC'D

Re:   KFB Insured:        Michael S. Scott
      KFB Claim No.:      03387106
      Date of Loss:       January 29, 2011

Dear Ladies:

As you know I represent Kentucky Farm Bureau Mutual Insurance Company relating to the above referenced matter. By letters dated June 16, 2011 and October 20, 2011 you requested additional information relating to the above referenced matter. I previously provided that information to you through a letter dated June 27, 2011. However, in an effort to get this matter moving along, below is the additional information which you requested for your convenience. I am also enclosing my client's damage supports for your review as well.

- Loss Location - 4514 North Camden Lane, Crestwood, Kentucky 40014
- Description of Loss - The above referenced claim is the result of a dryer malfunction which caught fire thereby burning the home of Mr. Scott. Kentucky Farm Bureau has paid the sum of $84,019.77 as a result of the subject fire - $54,600.42 for dwelling, $21,951.72 contents, $7,467.63 additional living expense.
- Model & Serial Number - The identification was consumed during the evolution of the fire. Claimant believes he still has the owner's manual which has previously been requested.
- Product/Appliance - Frigidaire Clothes Dryer
- Claimant's Name - Michael S. & Melinda Scott

Also, as I indicated in my previous correspondences, at this point in time, we need to proceed with destructive testing relating to this matter and intend to do so in the near future. If you would like to have a representative present during the destructive testing, please advise

**EXHIBIT**
C

BERTRAM, COX & MILLER, LLP                                                                 page 2

at your earliest convenience. If I have not heard back from Electrolux by March 7, 2012, I will
assume that Electrolux has no desire to participate in the examination and I would expect there
will be no claim of spoilation of evidence later since this is our third letter inviting your
participation in the destructive examination.

I look forward to hearing from you soon.

Very truly yours,

BERTRAM, COX & MILLER, LLP

John C. Miller

JCM/ln

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, AS REAL PARTY IN INTEREST AND SUBROGEE OF BARRY AND ELIZABETH SMITH | CIVIL ACTION NO.   12-2702 |
| VERSUS | JUDGE |
| ELECTROLUX HOME PRODUCTS, INC. | MAGISTRATE |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

NOW INTO COURT, through undersigned counsel, come ELECTROLUX  HOME PRODUCTS, INC. ("ELECTROLUX"), defendant herein, which, with respect, shows:

1.

Electrolux has been named as defendant in an action entitled "State Farm Fire and Casualty Company, as real party in interest and subrogee of Barry and Elizabeth Smith v. Electrolux Home Products, Inc.," Suit Number 2012-0814 in 36th Judicial District Court for the Parish of Beauregard, Louisiana.

2.

The above-entitled state court action originally was filed on September 10, 2012.  The case is now pending.

3.

The state court action was served upon Electrolux's agent for service of process on September 19, 2012. Accordingly, this Notice of Removal is timely filed within thirty (30) days of the date of the service and within one year of the date of the filing of the state court action.

4.

Appearer has not filed pleadings responsive to the petition of Plaintiff.

5.

State Farm Fire and Casualty Company is an insurance company licensed under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

6.

Defendant Electrolux is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Accordingly, there is complete diversity between plaintiff and defendant.

7.

The action filed by Plaintiffs is a civil action of which this Court would have original jurisdiction under the provisions of Title 28, United States Code, Section 1332 and is one that may be removed to this Court pursuant to the provisions of Title 28, United States Code, Section 1441(a), it being a civil action wherein the value of the object of the suit and the matter in controversy, based upon the information reasonably available to appearers, exceeds the value of

Seventy-Five Thousand Dollars, exclusive of interest and costs, and is between citizens of different states.

8.

Further with respect to the jurisdictional amount, although appearers deny any liability for same, they show that the amount in controversy is in excess of the jurisdictional limits. Specifically, according to the Petition filed by Plaintiff, claims are asserted on behalf of the Plaintiff totaling $188,890.00.

9.

Appearer files herewith a copy of all pleadings served upon them to date, to wit:

(a)    Citation and Original Petition issued to Electrolux Home Products,

Inc.

Appearer will file, as soon as a copy of same can be obtained, a complete copy of the state court record.   To the knowledge of appearers, no additional process, pleading, or order has been filed in this action.

10.

Concurrently with the filing of this Notice of Removal, defendant is giving written notice of the filing of this Notice of Removal to the 36th Judicial District Court for the Parish of Beauregard, Louisiana.

WHEREFORE, Defendant, ELECTROLUX HOME PRODUCTS, INC. prays that this action be removed from the 36th Judicial District Court for the Parish of Beauregard, Louisiana, to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: /s Albert M. Hand, Jr.
        Albert M. Hand, Jr., La. Bar No. 06497
333 Texas Street, Suite 1700
Shreveport, LA 71101-3621
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
Email: al.hand@cookyancey.com

ATTORNEYS FOR DEFENDANT,
ELECTROLUX HOME PRODUCTS, INC.,

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon the following counsel of record by facsimile and by placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon:

W. Ransom Pipes
HANNAH, COLVIN & PIPES, L.L.P
2051 Silverside Drive, Suite 260
Baton Rouge, LA 70808

Shreveport, Louisiana, this 16th day of October, 2012.

        _s/ Albert M. Hand, Jr._
         OF COUNSEL

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
State Farm Fire and Casualty Insurance Company

**DEFENDANTS**
Electrolux Home Products, Inc.

**(b)** County of Residence of First Listed Plaintiff  McLean County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   n/a
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
W. Ranson Pipes, Hannah, Colvin & Pipes, LLP, 2501 Silverside Dr., Suite 260, Baton Rouge, LA 70808, 225-766-8240

Attorneys *(If Known)*
Albert M. Hand, Jr., Cook, Yancey, King & Galloway, APLC, 333 Texas St., Suite 1700, Shreveport, LA 71101, 318-221-6277

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332(a)(1)

Brief description of cause:
Insurance Subrogation for Property Damage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $  188,890.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____   DOCKET NUMBER _____

DATE
10/16/2012

SIGNATURE OF ATTORNEY OF RECORD
/s Albert M. Hand, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CITATION

*STATE FARM FIRE AND CASUALTY COMPANY*

*Versus*

*ELECTROLUX HOME PRODUCTS INC*



*Case: 20120814*
*Division: A*
*36ᵗʰ Judicial District Court*
*Parish of Beauregard*
*State of Louisiana*

TO: *ELECTROLUX HOME PRODUCTS INC*
*CT CORPORATION*
*5615 CORPORATE BLVD*
*BATON ROUGE, LA 70808*

**Parish: EAST BATON ROUGE**

*You are hereby cited to appear before said Court, for said Parish and to comply with the demand contained in the DAMAGE petition of STATE FARM FIRE AND CASUALTY COMPANY against you, a certified copy of which accompanies this citation, or to file your answer or other pleadings to said petition in the office of the Clerk of Court of the 36th Judicial District Court in the Beauregard Parish Court House, in the City of DeRidder within 15 days after service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.*

*Witness my official signature and seal of office at DeRidder, Louisiana on 9/10/2012. Issued on this 11TH day of SEPTEMBER, 2012.*

*BRIAN S. LESTAGE, CLERK OF COURT*

*BY:* _____

*Deputy Clerk of Court*

*\*Also attached are the following documents*

Fax sent by : 1337462391          CLERK OF COURT          09-25-12 09:18     Pg: 1/3
Page 1/3   CIVIL  20120814  Transaction Date: 09/10/2012
Case 2:18-sh-02D02-9966-L3   Dcdenteo/112/21 FilEnteDet61021272tge7:36:44 PageExhibit L8   Pg 299 of 542

318 - 227 - 785

Filed: September 10, 2012
By: _____
Deputy Clerk of Court

STATE FARM FIRE AND CASUALTY
COMPANY, As Real Party in Interest and
Subrogee of Barry and Elizabeth Smith

NO: C-2012-814  DIV: A

36th JUDICIAL DISTRICT COURT

VERSUS

ELECTROLUX HOME PRODUCTS, INC.

PARISH OF BEAUREGARD

STATE OF LOUISIANA

*********************************************************************************

## PETITION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, State Farm Fire and

Casualty Company (as real party in interest and subrogee of Barry and Elizabeth Smith), a foreign

insurer, authorized to do and doing business in the State of Louisiana, which, with respect, represents

the following:

1.

Named defendant herein is:

1.   **Electrolux Home Products, Inc.,** a foreign corporation, authorized to do and doing
     business in the State of Louisiana;

who is indebted unto Plaintiff, for the following:

2.

At all times pertinent hereto, Barry and Elizabeth Smith were the owners of a certain

residence located at 598 S A Cooley Road in Longville, Louisiana (hereinafter "the Smith

residence").

3.

At all times pertinent hereto, Barry and Elizabeth Smith were the owners of a Frigidaire

clothes dryer (Model No. FWS1339AC1, Serial No. XC40318602), which was manufactured by

defendant, Electrolux Home Products, Inc. (hereinafter "the dryer").

4.

On or about September 14, 2011, a fire occurred at the Smith residence, which resulted in

substantial damage to the residence and the contents therein.

5.

The fire was caused by a defect(s) existing in the dryer, which was designed, manufactured,

assembled and sold by defendant, Electrolux Home Products, Inc.

6.

Defendant, Electrolux Home Products, Inc., is liable unto plaintiff for the following acts of

negligence and/or fault:

A.  Manufacturing, assembling, marketing and/or selling a product which was
    unreasonably dangerous in construction or composition;

B.  Manufacturing, assembling, marketing and/or selling a product which is
    unreasonably dangerous in design;

C.  Manufacturing, assembling marketing and/or selling a product which is unreasonably
    dangerous because an adequate warning about the product was not provided;

D.  Failure to adequately warn users of the risks/dangers of the product subsequent to
    acquiring such knowledge; and

E.  All other acts of negligence and/or fault that will be shown at the trial of this matter.

7.

The above described Electrolux dryer is defective, absolutely useless for its intended purpose

and/or its use so inconvenient and imperfect that Barry and Elizabeth Smith would not have

purchased the dryer had they known of the defect(s).

8.

Alternatively and/or in addition, the defect(s) existing in the dryer diminish its usefulness

and/or value to the extent that Barry and Elizabeth Smith would have paid a lesser price and

therefore are entitled to a reduction in the purchase price.

9.

The defect(s) existing in the dryer were known or should have been known to defendant,

Electrolux, but were unknown to Plaintiff or Barry and Elizabeth Smith.

10.

Defendant, Electrolux, is liable to Plaintiff, as subrogee of Barry and Elizabeth Smith, in

redhibition for restitution of the purchase price, or alternatively a portion of the purchase price, with

interest from the time it was paid, and repayment of expenses occasioned by the sale, including, but

not limited to, taxes, title, license fees and insurance payments, and for attorney's fees and court

costs.

11.

At the time of the accident, Barry and Elizabeth Smith had in full force and effect a policy

of insurance, issued by State Farm (policy number 18-CL-8058-9), providing coverage for damages

sustained as a result of the September 14, 2011, fire.

12.

Pursuant to the terms of its insurance policy and as a result of the fire, State Farm has paid

to or on behalf of its insureds, Barry and Elizabeth Smith, the sum of One Hundred Eighty-Eight

Thousand, Eight Hundred Ninety and 00/100 ($188,890.00) Dollars to date.

13.

State Farm is subrogated, legally, conventionally, and by the terms of the policy, to the rights

of Barry and Elizabeth Smith against Electrolux Home Products, Inc., to the extent of payments

made herein to, or on behalf of, Barry and Elizabeth Smith.

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, prays that, after all due

proceedings are had herein, there be judgment in its favor and against defendant, Electrolux Home

Products, Inc., for the sum of all damages proven at trial, together with legal interest from date of

judicial demand until paid, and for attorney's fees and all costs of these proceedings. Plaintiff further

prays for all general and equitable relief to which it may be entitled.

By attorneys:

HANNAH, COLVIN & PIPES, L.L.P.

W. Ransom Pipes (Bar No. 77748)
Dustin G. Flint (Bar No. 30890)
2051 Silverside Drive, Suite 260
Baton Rouge, LA 70808
Telephone: (225) 766-8240
Facsimile: (225) 766-5546
*Attorneys for State Farm Fire and Casualty Company*

**PLEASE SERVE:**

**Electrolux Home Products, Inc.**
*through its agent for service:*
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA, as Subrogee of OWEN LABEAN, | ) ) ) | |
| Plaintiff, | ) ) | U.S. District Court No. |
| vs | ) ) | Honorable |
| ELECTROLUX NORTH AMERICA, INC., | ) ) | Genesee County Circuit Court Case No. 12-98555-NP |
| Defendant. | ) ) | |
| _____/ | | |

## <u>NOTICE OF REMOVAL</u>

TO:   CLERK OF THE COURT

NOW COMES the above named Defendant, ELECTROLUX HOME PRODUCTS, INC., (erroneously named as ELECTROLUX NORTH AMERICA, INC), a foreign corporation, by and through its attorneys, Law Offices of Johnston, Sztykiel, Hunt, Goldstein, & Fitzgibbons, P.C., and for the reasons set forth below, hereby remove to this Court the state court action described below for the reasons set forth fully as follows:

1.     That on July 20, 2012, an action was commended in the Circuit Court for the County of Genesee, Michigan, entitled, *CITIZENS INSURANCE COMPANY OF AMERICA, as Subrogee of Owen Labean v. ELECTROLUX NORTH AMERICA, INC.*, Case No. 12-98555-NP. **(Exhibit A, Complaint)**.

2.     That Plaintiff CITIZENS INSURANCE COMPANY OF AMERICA served the above-referenced Summons and Complaint via certified mail on August 9, 2012, with Defendant receiving the same on August 13, 2012.  This Notice is timely, pursuant to 28 U.S.C. § 1446(b).

3.     That a copy of the Service of Process Transmittal by CT Corporation, Defendant's statutory agent in Michigan, is attached hereto as **Exhibit B**, along with a copy of the Proof of Service completed by Plaintiff.

4.     That this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff alleges that the home of its subrogors was damaged as a result of a fire originating from a clothes dryer manufactured by Defendant on December 4, 2010, for which Plaintiff did pay its subrogors $201,189.59.

6.     That upon information and belief Plaintiff, Citizens Insurance Company of America, was, and still is, a citizen of the State of Michigan, where it is incorporated and has its principal place of business.

7.     That upon information and belief Plaintiff, Citizens Insurance Company of America, was subrogated the rights of Owen Labean, a citizen of Michigan; therefore, Plaintiff is the real plaintiff in interest with respect to the subrogation claim. *Sinai Hosp. of Detroit* v. *Sivak*, 88 Mich. App. 68, 72; 276 N.W.2d 518 (1979); *United States* v. *Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949).

8.     That Defendant, Electrolux North America, Inc., is a Delaware corporation, with its principal place of business located in Charlotte, North Carolina.

9.     That, contemporaneous with this filing, a notice is being provided to the adverse party, Citizens Insurance Company of America, of the removal to Federal Court and a copy of the notice is being filed with the Clerk of the Circuit Court for the County of Genesee.

2

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the Eastern District of Michigan, Southern Division.

Law Offices of
JOHNSTON, SZTYKIEL, HUNT,
GOLDSTEIN, & FITZGIBBONS, P.C.

BY: /s/ James F. Hunt
        JAMES F. HUNT (P31208)
Attorney for Defendant
1301 W. Long Lake Road, Ste. 250
Troy, Michigan 48098
(248) 641-1800
E-Mail: jhunt@jshlawmi.com

DATED: AUGUST 28, 2012
66345/LAB/njt

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the EFC system, which will send notification of such filing to the following: Gregory E. Meter (P30192) and Matthew A. Tarrant (P71282); and

I hereby certified that I have mailed via first class mail the paper to the following non-ECF participant: Clerk of the Court, Genesee County Circuit Court, 900 S. Saginaw St, Flint, MI 48502

BY: /s/ James F. Hunt
        JAMES F. HUNT (P31208)
Attorney for Defendant
1301 W. Long Lake Road, Ste. 250
Troy, Michigan 48098
(248) 641-1800
E-Mail: jhunt@jshlawmi.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY OF )
AMERICA, as Subrogee of OWEN LABEAN, )
                                   )
        Plaintiff,                 )
                                   )   U.S. District Court No.
vs                                 )   Honorable
                                   )
ELECTROLUX NORTH AMERICA, INC.,    )   Genesee County Circuit Court
                                   )   Case No. 12-98555-NP
        Defendant.                 )
_____/

## NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

TO:    CLERK OF THE COURT
       GENESEE COUNTY CIRCUIT COURT
       900 S. SAGINAW STREET
       FLINT, MICHIGAN  48502

       PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

States District Court for the Eastern District of Michigan, Southern Division, on August 28,

2012.

       A copy of said Notice of Removal is attached to this Notice and is served and filed

herewith.

                              Law Offices of
                              JOHNSTON, SZTYKIEL, HUNT,
                                GOLDSTEIN, & FITZGIBBONS, P.C.


                              BY: /s/ James F. Hunt_____
                                 JAMES F. HUNT (P31208)
                              Attorney for Defendant
                              1301 W. Long Lake Road, Ste. 250
                              Troy, Michigan  48098
                              (248) 641-1800
DATED:  AUGUST 28, 2012       E-Mail:  jhunt@jshlawmi.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY OF )
AMERICA, as Subrogee of OWEN LABEAN, )
                                    )
        Plaintiff,                  )
                                    )      U.S. District Court No.
vs                                  )      Honorable
                                    )
ELECTROLUX NORTH AMERICA, INC.,     )      Genesee County Circuit Court
                                    )      Case No. 12-98555-NP
        Defendant.                  )
_____/

## NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

TO:   GREGORY E. METER (P30192)
      MATTHEW A. TARRANT (P71282)
      ATTORNEYS FOR PLAINTIFF
      4301 FASHION SQUARE BLVD
      SAGINAW, MICHIGAN  48603

      PLEASE TAKE NOTE that a Notice of Removal of this action was filed in the United

States District Court for the Eastern District of Michigan, Southern Division, on August 28,

2012.

      A copy of said Notice of Removal is attached to this Notice and is served and filed

herewith.

                              Law Offices of
                              JOHNSTON, SZTYKIEL, HUNT,
                                GOLDSTEIN & FITZGIBBONS, P.C.


                              BY: /s/ James F. Hunt
                                  JAMES F. HUNT (P31208)
                              Attorney for Defendant
                              1301 W. Long Lake Road, Ste. 250
                              Troy, Michigan  48098
                              (248) 641-1800
DATED: AUGUST 28, 2012        E-Mail:  jhunt@jshlawmi.com
66345/njt

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2012, I electronically filed the foregoing paper with

the Clerk of the Court using the EFC system, which will send notification of such filing to the

following: Gregory E. Meter (P30192) and Matthew A. Tarrant (P71282); and

BY: /s/ James F. Hunt
    JAMES F. HUNT (P31208)
Attorney for Defendant
1301 W. Long Lake Road, Ste. 250
Troy, Michigan 48098
(248) 641-1800
E-Mail:  jhunt@jshlawmi.com

# EXHIBIT

# A

RICHARD B. YUILLE
P-22664  2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

Original - Court
1st copy - Defendant

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 7th JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | SUMMONS AND COMPLAINT | 12- 98555 -NP |

Court address
900 S. Saginaw Street, Flint, MI 48502

Court telephone no.
810-257-3220

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA, as Subrogee of OWEN LABEAN | v | ELECTROLUX NORTH AMERICA, INC. 10200 David Taylor Drive Charlotte, NC 28262 |

Plaintiff's attorney, bar no., address, and telephone no.
BRAUN KENDRICK FINKBEINER P.L.C.
Gregory E. Meter (P30192)
Matthew A. Tarrant (P71282)
4301 Fashion Square Blvd.
Saginaw, MI 48603
(989) 498-2100

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued JUL 2 0 2012 | This summons expires OCT 19 2012 | Court clerk *Melissa A Larsen* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: *The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Livingston County/ Genesee County, Michigan | Charlotte, North Carolina |

Place where action arose or business conducted
Genesee County, Michigan

| 07/ 13 /12 | Signature of attorney/plaintiff *Matthew A. Tarrant* MATTHEW A. TARRANT (P71282) |
|---|---|
| Date | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE SEVENTH CIRCUIT COURT FOR GENESEE COUNTY

CITIZENS INSURANCE COMPANY OF AMERICA
as Subrogee of OWEN LABEAN

                    Plaintiff

v.

ELECTROLUX NORTH AMERICA, INC.

                    Defendant.

Case No. 12-98555-NP

RICHARD B. YUILLE
P-22664

**A TRUE COPY**
**Michael J. Carr, Clerk**

BRAUN KENDRICK FINKBEINER P.L.C.
BY:  Gregory B. Meter (P30192)
      Matthew A. Tarrant (P71282)
      Attorneys for Plaintiff
      4301 Fashion Square Boulevard
      Saginaw, MI 48603
      989-498-2100

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in
this Complaint.

## COMPLAINT

NOW COMES, the Plaintiff, Citizens Insurance Company of America as Subrogee of

Owen Labean, by and through its Attorneys Braun Kendrick Finkbeiner P.L.C., and for its

Complaint against Electrolux North America, Inc. states as follows:

    1.    Plaintiff, Citizens Insurance Company of America (hereinafter referred to as

"Citizens") is in the business of providing insurance coverage and maintains a principal place of

business located at 645 West Grand River Avenue in Howell, MI.

    2.    Citizens insured the interests of Owen Labean, a resident of Genesee County.

{S0992977.DOC.1}
9421650v.1

3.    Defendant, Electrolux North America, Inc. (hereinafter referred to as "Electrolux") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 10200 David Taylor Drive, Charlotte, NC.

4.    The injury from which this cause of action arose took place in Genesee County.

5.    Jurisdiction and venue are appropriate in this Court, based upon the location of the underlying incident.

6.    The amount in controversy in this litigation exceeds Twenty-Five Thousand Dollars ($25,000.00), excluding interests and costs.

## GENERAL ALLEGATIONS

7.    Citizens incorporates and re-alleges paragraphs 1 through 6 as though fully stated herein.

8.    At all relevant times, Citizens provided insurance coverage to Owen Labean for the residence located at 5393 East Vienna Road in Clio, Michigan 48420 ("the Property") under Policy No.: H4H 8486963 ("Policy").

9.    On or about December 5, 2004, Labean purchased a Frigidaire clothing dryer appliance (hereinafter "the clothes dryer"), Serial No.: GLG0642AS that was located in the laundry room on said property; the manufacturer date code is "GMD", which is believed to be sometime in 2004, prior to Labean's purchase.

10.    The clothes dryer was located in the laundry room on the property.

11.    The clothes dryer was designed and manufactured by Electrolux in a defective condition, namely that the seal ring around the dryer drum to the clothes dryer was designed in such a way that lint would accumulate below the dryer drum, directly on or in close proximity to the dryer's heat source, creating a fire hazard.

12. On December 4, 2010, a fire occurred at the property, resulting in fire and smoke damage to the building and personal property contained therein.

13. An investigation into the fire determined that the fire originated at the clothes dryer.

14. Upon information and belief, the fire in question was caused by a defect within the clothes dryer that was designed and manufactured by Electrolux.

15. As a result, Citizens paid Labean the sum of Two Hundred One Thousand, One Hundred Eighty-Nine Dollars and 59 cents ($201,189.59) in benefits in accordance with the Policy. Labean also incurred a loss in the amount of his $1,000 deductible.

## COUNT I
## NEGLIGENCE

16. Citizens incorporates and re-alleges paragraphs 1 through 15 as if fully stated herein.

17. Electrolux owed a duty of care to the users and consumers of the clothes dryer to exercise reasonable care in the design and manufacture of the clothes dryer.

18. Electrolux breached this duty of care by, amongst other things, failing to properly design and/or manufacture the clothes dryer by including a component part – the seal ring – that was designed and/or manufactured in such a manner as to allow lint accumulation below the dryer drum directly on or in close proximity to the clothes dryer's heat source, creating a fire hazard.

19. The clothes dryer was not reasonably safe at the time it left the control of the manufacturer, Electrolux, and at that time a practical and technically feasible alternative production practice was available that would have prevented the harm without significantly

impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others, according to generally accepted production practices.

20. These failures constitute negligence on the part of Electrolux.

21. As a direct and proximate result of Electrolux's negligence, the property sustained significant damages as a result of the fire caused by this negligently designed and/or manufactured product.

22. As a result, Citizens paid Labean the sum of Two Hundred One Thousand, One Hundred Eighty-Nine Dollars and 59 cents ($201,189.59) in benefits in accordance with the Policy. Labean also incurred a loss in the amount of his $1,000 deductible.

## COUNT II
## NEGLIGENT FAILURE TO WARN

23. Citizens incorporates and re-alleges paragraphs 1 through 22 as if fully stated herein.

24. The manufacturer, Electrolux, knew or should have know about the risk of harm caused by the accumulation of lint below the dryer drum based on the scientific, technical, or medical information reasonably available at the time the dryer left its control.

25. Electrolux had a duty to warn and/or instruct Owen Labean as to the risk of harm caused by the accumulation of lint below the dryer drum.

26. Electrolux failed to warn or instruct, or gave an inadequate warning or instruction to Owen Labean regarding the risk of harm.

27. As a direct and proximate result of Electrolux's failure to warn or instruct, the property sustained significant damages as a result of the fire that was caused by the product.

28.     As a result, Citizens paid Labean the sum of Two Hundred One Thousand One Hundred Eighty-Nine Dollars and 59 cents ($201,1895.59) in benefits in accordance with the Policy. Labean also incurred a loss in the amount of his $1,000 deductible.

## COUNT III
## BREACH OF EXPRESSED AND/OR IMPLIED WARRANTY

29.     Citizens incorporates and re-alleges paragraphs 1 through 28 as if fully stated herein.

30.     Electrolux expressly and/or impliedly warranted, including those warranties under MCL 440.2313-440.2315, that the clothes dryer that it manufactured and designed was merchantable and fit to be used in Labean's home for its ordinary purpose – to dry clothes.

31.     Owen Labean relied on Electrolux to use its expertise and knowledge to design and manufacture a clothes dryer that was safe and free from creating fire hazards. Plaintiff avers that Electrolux, by virtue of its advertisements, promotional literature and/or sales brochures, made certain expressed warranties that the subject clothes dryer was free from defect and/or safe.

32.     Defendant further expressly and/or impliedly warranted that said clothes dryer was reasonably fit for the purpose and use intended and was of merchantable quality when, in fact, it was not reasonably fit for the purpose intended and was not of merchantable quality.

33.     As a direct and proximate result of Electrolux's breach of expressed and/or implied warranties, the property sustained significant damages as a result of the fire that was caused by the defectively designed and/or manufactured Electrolux product.

34.     As a result, Citizens paid Labean the sum of Two Hundred One Thousand, One Hundred Eighty-Nine Dollars and 59 cents ($201,189.59) in benefits in accordance with the Policy. Labean also incurred a loss in the amount of his $1,000 deductible.

**WHEREFORE**, the Plaintiff, Citizens Insurance Company of America, as subrogee of Owen Labean, respectfully requests that this Honorable Court grant it judgment against Defendant in the amount of Two Hundred One Thousand, One Hundred Eighty-Nine Dollars and 59 cents ($201,189.59), together with the insured's $1,000 deductible, along with interests, costs, and attorneys fees.

Braun Kendrick Finkbeiner P.L.C.

BY: _____
Gregory B. Meter (P30192)
Matthew A. Tarrant (P71282)
Attorneys for Plaintiff
4301 Fashion Square Boulevard
Saginaw, MI 48603
989-498-2100

DATE: July 13 , 2012

## JURY DEMAND

NOW COMES, the Plaintiff, Citizens Insurance Company of America, as Subrogee of Owen Labean, by and through its attorneys, Braun Kendrick Finkbeiner P.L.C., and hereby demands a trial by jury in the above cause of action.

Braun Kendrick Finkbeiner P.L.C.

BY: _____
Gregory E. Meter (P30192)
Matthew A. Tarrant (P71282)
Attorneys for Plaintiff
4301 Fashion Square Boulevard
Saginaw, MI 48603
989-498-2100

DATE: July 13, 2012

# EXHIBIT

# B

 **CT Corporation**

**Service of Process
Transmittal**
08/13/2012
CT Log Number 521025746

TO: Michael Bell
Electrolux North America, Inc.
10200 David Taylor Drive
Charlotte, NC 28262

RE: **Process Served In North Carolina**

FOR: Electrolux North America, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Citizens Insurance Company of America, etc., Pltf. vs. Electrolux North America, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint and Jury Demand, Proof of Service |
| **COURT/AGENCY:** | Genesee County Circuit Court, MI<br>Case # 1298555NP |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Failure to warn expected users and/or owners of the cloth dryer - Seeking $201,189.59 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Raleigh, NC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/13/2012 postmarked on 08/09/2012 |
| **JURISDICTION SERVED :** | North Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matthew A. Tarrant<br>Braun Kendrick Finkbeiner P.L.C.<br>4301 Fashion Square Blvd.<br>Saginaw, MI 48603<br>989-498-2100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/13/2012, Expected Purge Date: 08/18/2012<br>Image SOP<br>Email Notification, Beverly Fisher beverly.fisher@electrolux.com<br>Email Notification, Michael Bell michael.bell@electrolux.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Ronnie Strickland<br>150 Fayetteville St.<br>Box 1011<br>Raleigh, NC 27601 |
| **TELEPHONE:** | 919-821-7139 |

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

STATE OF MICHIGAN

IN THE SEVENTH CIRCUIT COURT FOR GENESEE COUNTY

CITIZENS INSURANCE COMPANY OF AMERICA     Case No.: 12-98555
as Subrogee of OWEN LABEAN                   Honorable Richard B. Yuille

                        Plaintiff

      v.

ELECTROLUX NORTH AMERICA, INC.

                    Defendant.

       BRAUN KENDRICK FINKBEINER P.L.C.
BY:    Gregory E. Meter (P30192)
       Matthew A. Tarrant (P71282)
       Attorneys for Plaintiff
       4301 Fashion Square Boulevard
       Saginaw, MI 48603
       989-498-2100

## PROOF OF SERVICE

STATE OF MICHIGAN     )
                      ) ss.
COUNTY OF SAGINAW    )

     Roxanna L. Olsen, being first duly sworn, deposes and says that she is employed at the law offices of BRAUN KENDRICK FINKBEINER P.L.C., that on the 9th day of August, 2012, she served a copy of the *Complaint* via certified mail return receipt by placing a copy of same in an envelope plainly addressed to Electrolux North America, Inc., c/o CT Corporation System, Registered Agent, 1300 E. Ninth Street, Suite 1010, Cleveland, Ohio 44114 and to Electrolux North America, Inc., CT Corporation System, Registered Agent, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

                                 *Roxanna Olsen*
                                 ROXANNA L. OLSEN

Subscribed and sworn to before me
this 9th day of August, 2012.

*Susan E. Stubbs*
SUSAN E. STUBBS, Notary Public
State Of Michigan, County of Bay
My Commission Expires: 5/29/18
Acting In Saginaw County

{S0998579.DOC.1}

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---

Bernard and Lorie K███████, Individually and as
Parents and Next of Friends of B.K., M.K., and
K.K.



and

Liberty Mutual Fire Insurance Company
a/s/o Bernard and Lorie K███████
175 Berkley Street
Boston, MA  02117,

*Plaintiffs*

v.

Electrolux Home Products, Inc.
250 Bobby Jones Expressway
Martinez, GA  30907,

*Defendant*

---

**Civil Action No.**

## **COMPLAINT**

### **Parties**

1.      Plaintiff, Liberty Mutual Fire Insurance Company a/s/o Bernard and Lorie K███████(hereinafter "Liberty"), is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts with its principal place of business located at 175 Berkley Street, Boston, Massachusetts 02117.

2.      At all times relevant hereto, Liberty was in the business of issuing property insurance policies and was authorized to issue polices of insurance in the State of New Hampshire.

3.     At all times relevant and material hereto, pursuant to Policy No. H32-218-018118-4096, Liberty provided a homeowner's policy covering real and personal property with respect to a property located at 12 Mica Point Road, Barrington, New Hampshire (hereinafter "the Property").

4.     Plaintiffs Bernard K▬▬and Lorie K▬▬ are natural persons with a place of abode at ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

5.     Plaintiffs B.K., M.K., and K.K. are minor children and the daughters of Bernard K▬▬and Lorie K▬▬ They are natural persons with a place of abode at ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

6.     Defendant, Electrolux Home Products (hereinafter "Electrolux"), is a corporation organized and existing under and by virtue of the laws of the Delaware with its principal place of business located at 250 Bobby Jones Expressway, Atlanta, GA 30907.

7.     At all times relevant and material hereto, Electrolux was in the business of manufacturing, designing, assembling, distributing, selling and supplying commercial appliances, including electric dryers, and regularly conducted business in the State of New Hampshire by selling and distributing consumer products, and specifically selling the electric dryers through retail outlets in New Hampshire.

## Jurisdiction and Venue

8.     This Court has personal jurisdiction over each of the named parties.

9.     Plaintiffs are citizens of a different state than the Defendant.

10.     The amount in controversy in this matter exceeds the value of $75,000.00, exclusive of interest and costs.

2

11.     Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C.A. §1332.

12.     Venue is appropriate in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C.A. §1391(a)(2).

<u>**Facts Common to All Counts**</u>

13.     Prior to March 22, 2010, an Electrolux electric dryer (hereinafter the "Dryer") was purchased for use at the Property.

14.     On or about March 22, 2010, a fire occurred at the Property which displaced the K██████, Liberty's insureds, and caused extensive damage to the Property and its contents.

15.     At the time of the fire, Lorie K██████ and B.K. were at home and witnessed the injuries that the fire caused to one another and also witnessed the fire cause extensive damage to the Property and its contents.

16.     The fire of March 22, 2010 at the Property was caused to occur as a direct and proximate result of a defective and dangerous condition within the Dryer designed, manufactured, imported, distributed and sold in the State of New Hampshire by the Defendant.

17.     As a result of the fire and pursuant to its policy of insurance with its insureds, Liberty made payments in excess of $375,923.90 to, and on behalf of, its insureds.

18.     As a result of the fire, Lorie K██████ B.K., M.K., and K.K. have suffered personal injuries, and Bernard K██████ has suffered lost wages and a loss of consortium.

<u>**COUNT I – PRODUCTS LIABILITY**</u>
<u>**LIBERTY v. ELECTROLUX**</u>

19.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

3

20.     At all times material hereto, the Defendant was regularly in the business of selling consumer products including electric dryers of the same type and model as the Dryer that caused the fire at the Property.

21.     Prior to March 22, 2010, the Dryer designed, manufactured, imported, distributed, and sold by the Defendant was purchased for use inside the Property.

22.     The Dryer that caused the fire of March 22, 2010 was defective and unsafe for its ordinary and intended use by reason that the Dryer had the propensity to cause fires which escape the dryer during its ordinary and intended use and because it lacked adequate warnings and instructions.

23.     The Dryer was in such a defective and unsafe condition at the time it left the possession and control of the Defendant and remained in such unsafe and defective condition, substantially unchanged, until the time of the fire.

24.     As a direct and proximate result of the defective and unsafe condition of the Dryer, the fire of March 22, 2010 at the Property was caused to occur.

25.     As a direct and proximate result of the defective and unsafe condition of the Dryer, Liberty was caused to suffer the damages and losses referred to above.

WHEREFORE, Liberty demands judgment against Defendant in an amount in excess of $375,923.90 together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE
## LIBERTY v. ELECTROLUX

26.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

27.    Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer without defects and deficiencies and in such a manner that the Dryer did not pose a foreseeable risk of harm to persons and property during its ordinary and intended use.

28.    Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer so as to comply with all government and/or industry safety standards, codes, rules and regulations.

29.    Defendant breached these duties of care by designing, manufacturing, assembling, marketing, selling and/or distributing the Dryer and by failing to test and/or inspect the Dryer, such that the Dryer posed a foreseeable risk of harm to persons or property during its ordinary and intended use.

30.    As a direct and proximate result of the negligence and lack of ordinary care of the Defendant, as aforesaid, Liberty was caused to suffer the losses and damages set forth above.

WHEREFORE, Liberty demands judgment against Defendant in an amount in excess of $375,923.90 together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

### COUNT III – PRODUCTS LIABILITY
### LORIE K▓▓▓▓▓ v. ELECTROLUX

31.    Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

32.    At all times material hereto, the Defendant was regularly in the business of selling consumer products including electric dryers of the same type and model as the Dryer that caused the fire at the Property.

5

33.     Prior to March 22, 2010, the Dryer designed, manufactured, imported, distributed, and sold by the Defendant was purchased for use inside the Property.

34.     The Dryer that caused the fire of March 22, 2010 was defective and unsafe for its ordinary and intended use by reason that the Dryer had the propensity to cause fires which escape the dryer during its ordinary and intended use and because it lacked adequate warnings and instructions.

35.     The Dryer was in such a defective and unsafe condition at the time it left the possession and control of the Defendant and remained in such unsafe and defective condition, substantially unchanged, until the time of the fire.

36.     As a direct and proximate result of the defective and unsafe condition of the Dryer, Lorie K█████ has suffered injuries, including, but not limited to, post-traumatic stress disorder, headaches, anxiety, nightmares, sleeplessness, and other physical manifestations.

37.     As a direct and proximate result of the defective and unsafe condition of the Dryer, Lorie K█████ has suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for her projected lifetime, medical and hospital bills, and other damages, including costs and attorney's fees.

WHEREFORE, Lorie K█████ demands judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

### COUNT IV – NEGLIGENCE
### LORIE K█████ v. ELECTROLUX

38.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

6

39.     Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer without defects and deficiencies and in such a manner that the Dryer did not pose a foreseeable risk of harm to persons and property during its ordinary and intended use.

40.     Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer so as to comply with all government and/or industry safety standards, codes, rules and regulations.

41.     Defendant breached these duties of care by designing, manufacturing, assembling, marketing, selling and/or distributing the Dryer and by failing to test and/or inspect the Dryer, such that the Dryer posed a foreseeable risk of harm to persons or property during its ordinary and intended use.

42.     As a direct and proximate result of the negligence and lack of ordinary care of the Defendant, as aforesaid, Lorie K█████ has suffered injuries, including, but not limited to, post-traumatic stress disorder, headaches, anxiety, nightmares, sleeplessness, and other physical manifestations.

43.     As a direct and proximate result of the negligence and lack of ordinary care of the Defendant, as aforesaid, Lorie K█████ has suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of earnings and loss of earning capacity, loss of enjoyment of life for her projected lifetime, medical and hospital bills, and other damages, including costs and attorney's fees.

WHEREFORE, Lorie K█████ demands judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

7

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## LORIE K████ v. ELECTROLUX

44.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

45.     Contemporaneous with B.K.'s suffering injury during the fire which caused damage to the Property and its contents, Lorie K████ suffered a direct emotional impact through her sensory perception of seeing B.K. suffer injury.

46.     Electrolux's negligence proximately caused Lorie K████ to suffer emotional distress, with physical manifestations thereof.

WHEREFORE, Lorie K████ demands judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VI – PRODUCTS LIABILITY
## B.K., M.K., AND K.K. v. ELECTROLUX

47.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

48.     At all times material hereto, the Defendant was regularly in the business of selling consumer products including electric dryers of the same type and model as the Dryer that caused the fire at the Property.

49.     Prior to March 22, 2010, the Dryer designed, manufactured, imported, distributed, and sold by the Defendant was purchased for use inside the Property.

50.     The Dryer that caused the fire of March 22, 2010 was defective and unsafe for its ordinary and intended use by reason that the Dryer had the propensity to cause fires which

escape the dryer during its ordinary and intended use and because it lacked adequate warnings and instructions.

51.     The Dryer was in such a defective and unsafe condition at the time it left the possession and control of the Defendant and remained in such unsafe and defective condition, substantially unchanged, until the time of the fire.

52.     As a direct and proximate result of the defective and unsafe condition of the Dryer, B.K. has suffered injuries, including, but not limited to, anxiety, nightmares, stomach aches, heart problems, and other physical manifestations; M.K. has suffered injuries, including, but not limited to, anxiety, nightmares, frequent urination caused by anxiety, and diarrhea; and K.K. has suffered injuries, including, but not limited to, anxiety, nightmares, stomach aches, and headaches.

53.     As a direct and proximate result of the defective and unsafe condition of the Dryer, B.K., M.K., and K.K. have suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of enjoyment of life for their projected lifetimes, medical and hospital bills, and other damages, including costs and attorney's fees.

WHEREFORE, B.K., M.K., and K.K. demand judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

### COUNT VII – NEGLIGENCE
### B.K., M.K., AND K.K v. ELECTROLUX

54.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

55.     Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer without defects and deficiencies and in such a

9

manner that the Dryer did not pose a foreseeable risk of harm to persons and property during its ordinary and intended use.

56.    Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer so as to comply with all government and/or industry safety standards, codes, rules and regulations.

57.    Defendant breached these duties of care by designing, manufacturing, assembling, marketing, selling and/or distributing the Dryer and by failing to test and/or inspect the Dryer, such that the Dryer posed a foreseeable risk of harm to persons or property during its ordinary and intended use.

58.    As a direct and proximate result of the negligence and lack of ordinary care of the Defendant, as aforesaid, B.K. has suffered injuries, including, but not limited to, anxiety, nightmares, stomach aches, heart problems, and other physical manifestations; M.K. has suffered injuries, including, but not limited to, anxiety, frequent urination caused by anxiety, nightmares, and diarrhea; and K.K. has suffered injuries, including, but not limited to, anxiety, nightmares, stomach aches, and headaches.

59.    As a direct and proximate result of the negligence and lack of ordinary care of the Defendant, as aforesaid, B.K., M.K., and K.K. have suffered damages, including, but not limited to, permanent injuries, physical pain and suffering, loss of enjoyment of life for their projected lifetimes, medical and hospital bills, and other damages, including costs and attorney's fees.

WHEREFORE, B.K., M.K., and K.K demand judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## B.K v. ELECTROLUX

60.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

61.     Contemporaneous with Lorie K██████'s suffering injury during the fire which caused damage to the Property and its contents, B.K. suffered a direct emotional impact through her sensory perception of seeing Lorie K██████ suffer injury.

62.     Electrolux's negligence proximately caused B.K. to suffer emotional distress, with physical manifestations thereof.

WHEREFORE, B.K. demands judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IX – PRODUCTS LIABILITY
## BERNARD K██████ AND LORIE K██████ v. ELECTROLUX

63.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

64.     At all times material hereto, the Defendant was regularly in the business of selling consumer products including electric dryers of the same type and model as the Dryer that caused the fire at the Property.

65.     Prior to March 22, 2010, the Dryer designed, manufactured, imported, distributed, and sold by the Defendant was purchased for use inside the Property.

66.     The Dryer that caused the fire of March 22, 2010 was defective and unsafe for its ordinary and intended use by reason that the Dryer had the propensity to cause fires which

11

escape the dryer during its ordinary and intended use and because it lacked adequate warnings and instructions.

67. The Dryer was in such a defective and unsafe condition at the time it left the possession and control of the Defendant and remained in such unsafe and defective condition, substantially unchanged, until the time of the fire.

68. As a direct and proximate result of the defective and unsafe condition of the Dryer, B.K., M.K., and K.K. suffered injuries, and Bernard and Lorie K█████, as their parents, were responsible for the medical bills and other expenses resulting from those injuries and, additionally, Bernard K█████ was forced to miss work to care for his family and has incurred lost wages.

WHEREFORE, Bernard K█████ and Lorie K█████ demand judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

### COUNT X – NEGLIGENCE
### BERNARD K█████ AND LORIE K█████ v. ELECTROLUX

69. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

70. Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer without defects and deficiencies and in such a manner that the Dryer did not pose a foreseeable risk of harm to persons and property during its ordinary and intended use.

71. Defendant had a duty to test and/or inspect the Dryer and to design, manufacture, market, assemble, sell and/or distribute the Dryer so as to comply with all government and/or industry safety standards, codes, rules and regulations.

72.     Defendant breached these duties of care by designing, manufacturing, assembling, marketing, selling and/or distributing the Dryer and by failing to test and/or inspect the Dryer, such that the Dryer posed a foreseeable risk of harm to persons or property during its ordinary and intended use.

73.     As a direct and proximate result of the negligence and lack of ordinary care of the Defendant, as aforesaid, B.K., M.K., and K.K. suffered injuries, and Bernard and Lorie K██████, as their parents, were responsible for the medical bills and other expenses resulting from those injuries, and, additionally, Bernard K██████ was forced to miss work to care for his family and has incurred lost wages.

WHEREFORE, Bernard K██████ and Lorie K██████ demand judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT XI – LOSS OF CONSORTIUM
## BERNARD K██████ v. ELECTROLUX

74.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint the same as if set forth fully hereinafter.

75.     At all relevant times, Bernard K██████ has been the legal husband of Lorie K██████.

76.     As a direct and proximate result of the negligence of Defendant, as set forth in the above paragraphs, as a result of the injuries sustained by his wife, Bernard K██████ has suffered a loss of the society, companionship, services, and relations of his wife.

WHEREFORE, Bernard K██████ demands judgment against Defendant, together with costs of suit, counsel fees, and other further relief as this Honorable Court deems just and proper under the circumstances.

13

Respectfully submitted,

BERNARD AND LORIE K████████, INDIVIDUALLY
AND AS PARENTS AND NEXT OF FRIENDS OF B.K.,
M.K., AND K.K.

And

LIBERTY MUTUAL FIRE INSURANCE COMPANY
A/S/O BERNARD AND LORIE K████████,

By and through their attorneys,

CLEVELAND, WATERS AND BASS, P.A.

Date:  May 24 , 2012          By:  ___ /s/ Mark D. Wiseman _____
                                      Mark D. Wiseman   (Bar #2771)
                                      Two Capital Plaza, 5th Floor
                                      P.O. Box 1137
                                      Concord, NH 03302-1137
                                        603-224-7761
                                        wisemanm@cwbpa.com

LAW OFFICES OF ROBERT A. STUTMAN, P.C.

Date:  May 24 , 2012          By:  ___ /s/ Michael J. Hopkins _____
                                        Michael J. Hopkins, Esquire
                                        501 Office Center Drive, Suite 300
                                        Fort Washington, PA 19034
                                        215-283-1177 (Phone)
                                        215-283-1188 (Fax)
                                        hopkinsm@stutmanlaw.com

JS 44 (Rev 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bernard and Lone K█████ Individually and as Parents and Next of Friends of B.K., M.K., and K.K. and Liberty Mutual Fire Insurance Company, a/s/o Bernard and Lone K█████ | Electrolux Home Products, Inc |

**(b)** County of Residence of First Listed Plaintiff    Strafford County
*(EXCEPT IN U S  PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Columbia County
*(IN U S  PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Wiseman, Esquire, Cleveland, Waters and Bass, P.A.
Two Capital Plaza, PO Box 1137, Concord, NH  03302-1137
(603) 224-7761

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an X in One Box Only)*

- ☐ 1  U S Government Plaintiff
- ☐ 3  Federal Question
  *(U S  Government Not a Party)*
- ☐ 2  U S Government Defendant
- ☒ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an X in One Box for Plaintiff)*
*(For Diversity Cases Only)*    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an X in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt  Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl  Ret  Inc  Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 245 Tort Product Liability | ☐ 445 Amer  w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer  w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an X in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U.S.C.A. Section 1332, U.S.C.A. Section 1391(b)(2)
Brief description of cause
Fire from defective dryer

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P  23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*    JUDGE      DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/24/2012 | s/s Mark D. Wiseman |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire

| | |
|---|---|
| Bernard and Lorie Keeen, et als | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| Electrolux Home Products, Inc. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ·Electrolux Home Products, Inc.
                    250 Bobby Jones Expressway
                    Atlanta, GA  30907 .

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Mark D. Wiseman, Esquire
                                 Cleveland, Waters and Bass, P.A.
                                 Two Capital Plaza, PO Box 1137
                                 Concord, NH  03302-1137

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                       *CLERK OF COURT*

Date: _____             _____

                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10005; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10005; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10005; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10005; I returned the summons unexecuted because _____ ; or

&#10005; Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Kenneth M. Van Deventer, Esq. (KVD-5262)
Frank J. Vitolo, Esq. (FJV-8831)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Attorneys for Defendant, Electrolux Home Products, Inc.,
(improperly named and pled as "Electrolux, Inc.")

|  |  |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O LINDA ANN PAWLOWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTROLUX, INC.,<br><br>Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br><br>*DOCUMENT FILED ELECTRONICALLY*<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the<br>Superior Court of New Jersey,<br>Law Division, Middlesex County |

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Please take notice that Defendant Electrolux Home Products, Inc. (improperly named and pled as "Electrolux, Inc.")("Defendant") hereby removes this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this notice, Defendant respectfully submits as follows:

1.     On or about March 8, 2010, Plaintiff New Jersey Manufacturers Insurance Group a/s/o Linda Ann Pawlowski ("Plaintiff") filed a civil action against Defendant in the Superior Court of New Jersey, Middlesex County, assigned Docket No. L-1715-10 (the "State Court Action").

2.     On or about March 23, 2010, Defendant was served with process in the State Court Action via delivery to Defendant's agent for service, CT Corporation.

3.     Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within 30 days after the first receipt by Defendant, through service, of the Complaint.

4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant, namely the Summons and Complaint, are attached hereto as Exhibit A.  To Defendant's knowledge, no additional process, pleading or order has been filed to date in this action outside of those attached as Exhibit A.

5.     Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

6.     A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Middlesex County, as required by 28 U.S.C. 1446(d). See Exhibit B attached hereto.

7.     Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Middlesex County, is located within the district of the United States District Court of New Jersey, Newark Vicinage.

8.    As is set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9.    Plaintiff asserts that it is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, NJ 08628.  Complaint, ¶1.

10.    Defendant Electrolux Home Products, Inc. (improperly named and pled as "Electrolux, Inc.") is a corporation of the State of Delaware with a principal office at 250 Bobby Jones Expressway in Martinez, Georgia.

11.    Accordingly, complete diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

## AMOUNT IN CONTROVERSY

12.    Plaintiff seeks to recover, inter alia, certain amounts arising from an allegedly defective product manufactured by Defendant.  Complaint, ¶¶3-8.  Plaintiff asserts strict product liability and breach of warranty. Complaint, ¶¶9-25.

13.    Plaintiff alleges damages in excess of $269,580.81, which exceeds $75,000.

WHEREFORE, this action is properly removed to this Court.


RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Attorneys for Defendant
Electrolux Home Products, Inc.

DATED:     April 16, 2010          By: /s/ Kenneth M. Van Deventer_____

3

# EXHIBIT A

LAW OFFICES OF DENNIS J. CRAWFORD
By: DENNIS J. CRAWFORD, ESQUIRE
619 S. White Horse Pike
Audubon, NJ 08106
(856) 310-5550 – Telephone
(856) 310-9099 – Fax
Attorney for Plaintiff

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY a/s/o LINDA ANN PAWLOWSKI, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO.: MID-L-1715-10 |
| v. | Civil Action |
| ELECTROLUX, INC, | SUMMONS |
| Defendant. | |

From the State of New Jersey
To the Defendant(s) named above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee of $135.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  3/18/2010

_s/ Jennifer M. Perez_
Acting Superior Court Clerk

Name of Defendant to be Served:  **ELECTROLUX, INC**
Address of Defendant to be Served:  **CORPORATION TRUST COMPANY**
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division, Direct Filing<br>1201 Bacharach Blvd., 1st Fl.<br>Atlantic City, NJ 08401<br>LAWYER REFERRAL<br>(609) 345-3444<br>LEGAL SERVICES<br>(609) 348-4200 | **CUMBERLAND COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Case Management Office<br>Broad & Fayette Sts., POB 615<br>Bridgeton, NJ 08302<br>LAWYER REFERRAL<br>(856) 692-6207<br>LEGAL SERVICES<br>(856) 451-0003 | **MERCER COUNTY**<br>Dep. Clerk of Superior Court<br>Local Filing Office, Courthouse<br>175 S. Broad St., POB 8068<br>Trenton, NJ 08650<br>LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 | **SALEM COUNTY**<br>Dep. Clerk of Superior Court<br>92 Market St., POB 18<br>Salem, NJ 08079<br>LAWYER REFERRAL<br>(856) 678-8363<br>LEGAL SERVICES<br>(856) 451-0003 |
| **BERGEN COUNTY**<br>Dep. Clerk of Superior Court<br>Case Processing Section<br>Room 119, Justice Center<br>10 Main Street<br>Hackensack, NJ 07601-0769<br>LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 | **ESSEX COUNTY**<br>Dep. Clerk of Superior Court<br>237 Hall of Records<br>465 Dr. Martin Luther King, Jr.<br>Blvd.<br>Newark, NJ 07102<br>LAWYER REFERRAL<br>(973) 622-6207<br>LEGAL SERVICES<br>(973) 624-4500 | **MIDDLESEX COUNTY**<br>Dep. Clerk of Superior Court<br>Administration Building<br>Third Floor<br>1 Kennedy Sq., POB 2633<br>New Brunswick, NJ 08903-2633<br>LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 | **SOMERSET COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division Office<br>New Court House, 3rd Fl.<br>POB 3000<br>Somerville, NJ 08876<br>LAWYER REFERRAL<br>(908) 685-2323<br>LEGAL SERVICES<br>(908) 231-0840 |
| **BURLINGTON COUNTY**<br>Dep. Clerk of Superior Court<br>Central Processing Office<br>Attn.: Judicial Intake<br>1st Fl., Courts Facility<br>49 Rancocas Road<br>Mt. Holly, NJ 08060<br>LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(609) 261-1088 | **GLOUCESTER COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Case Management Office<br>Attn.: Intake<br>Courthouse<br>1 N. Broad St., POB 129<br>Woodbury, NJ 08096<br>LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 | **MONMOUTH COUNTY**<br>Dep. Clerk of Superior Court<br>71 Monmouth Park<br>POB 1262<br>Court House, West Wing<br>Freehold, NJ 07728-1262<br>LAWYER REEFRRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 | **SUSSEX COUNTY**<br>Dep. Clerk of Superior Court<br>Sussex Co. Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 |
| **CAMDEN COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Processing Office<br>1st Fl., Hall of Records<br>101 S. Fifth Street<br>Camden, NJ 08102-4001<br>LAWYER REFERRAL<br>(856) 964-4520<br>LEGAL SERVICES<br>(856) 964-2010 | **HUDSON COUNTY**<br>Dep. Clerk of Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House – 1st Fl.<br>583 Newark Avenue<br>Jersey City, NJ 07306<br>LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 798-6363 | **MORRIS COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division – Hall of Records<br>POB 910<br>Morristown, NJ 07930-0910<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 | **UNION COUNTY**<br>Dep. Clerk of Superior Court<br>1st Fl., Court House<br>2 Broad Street<br>Elizabeth, NJ 07207-6073<br>LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **CAPE MAY COUNTY**<br>Dep. Clerk of Superior Court<br>Central Processing Office<br>9 N. Main Street<br>Box DN-209<br>Cape May Court House, NJ 08210<br>LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 | **HUNTERDON COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822<br>LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 | **OCEAN COUNTY**<br>Dep. Clerk of Superior Court<br>Court House, Room 199<br>118 Washington Street<br>Toms River, NJ 08754<br>LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 | **WARREN COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division Office<br>Court House<br>413 Second Street<br>Belvidere, NJ 07823-1500<br>LAWYER REFERRAL<br>(201) 267-5882<br>LEGAL SERVICES<br>(908) 475-2010 |
| | | **PASSAIC COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division – Court House<br>77 Hamilton Street<br>Paterson, NJ 07505<br>LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 345-7171 | |

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2010 MAR -8  A 11: 11

FILED & RECEIVED

LAW OFFICES OF DENNIS J. CRAWFORD
By: Dennis J. Crawford, Esquire
619 South White Horse Pike
Audubon, NJ 08106
(856) 310-5550 – Telephone
(856) 310-9099 – Fax
Attorney for Plaintiff

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O LINDA ANN PAWLOWSKI | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO.: L-1715-10 |
| v. | Civil Action |
| ELECTROLUX, INC. | COMPLAINT |
| Defendants. | |

Plaintiff, New Jersey Manufacturers Insurance Group a/s/o Linda Ann Pawlowski, by way of Complaint, says:

### PARTIES

1.   The plaintiff, the New Jersey Manufacturers Insurance Group ("NJM") is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, NJ 08628, and insured the home owned by Linda Ann Pawlowski, located at 549 Main Street, Sayreville, NJ.

2.   Defendant, Electrolux, Inc. ("Electrolux") is a corporation formed in the State of Delaware, and the manufacturer of the Frigidaire brand of clothes dryers with a principal business address at 20445 Emerald Parkway S. W., Cleveland, OH 44135-0920.

## BACKGROUND

3.    On or about January 18, 2009, a fire occurred at the home of NJM's insured.

4.    The fire was found to have originated from a Frigidaire clothes dryer.

5.    Due to the fire, significant property damage was sustained to the property of NJM's insured.

6.    As a direct and proximate result of the damages sustained, a claim for property damage was submitted to plaintiff, NJM for repair and restoration work.

7.    As a result of the aforementioned claims, NJM paid for the damages incurred in the amount of $269,580.81.

8.    As a result of these payments, NJM now, as subrogee of Linda Ann Pawlowski, seeks to recover the aforementioned damages from the defendant, Electrolux.

## COUNT I
### STRICT PRODUCTS LIABILITY
### N. J. S. A. 2A:58C ET SEQ.

9.    Plaintiff repeats the allegations set forth in paragraphs 1 through 8 above as though set forth at length herein.

10.    Defendant, Electrolux, is and at all times relevant to this Complaint was in the business of designing, manufacturing, marketing and sale of the Frigidaire brand of clothes dryers for use by members of the general public.

2

11. On or about January 18, 2009, a fire occurred at the home owned by NJM's insured.

12. Upon investigation, the fire was found to have originated and caused by the Frigidaire clothes dryer.

13. The fire was found to have originated in the interior lower chamber of the dryer, underneath the drum.

14. Due to the extent of the damage to the clothes dryer, the manufacturer data tag appeared have burnt off. As such the model and serial number could not be identified. It is however believed that the unit is similar in design to the Model FGR311F.

15. At all times relevant to this Complaint, the Frigidaire clothes dryer and its component parts was defective as to design and manufacture, in that the lint produced by the drying process was allowed to accumulate within the area of ignition.

16. At all times relevant to this Complaint, the Frigidaire clothes dryer and its component parts were defective as to design and manufacture at the time it left the manufacturing facility of Electrolux.

17. Under the circumstances then and there existing, Electrolux's Frigidaire brand clothes dryer, was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

18. As a direct and proximate result of the defective condition of the Frigidaire clothes dryer and its component parts, the subject incident occurred, causing the property damage sustained by NJM's insured, for which it has paid.

19. By reason of the foregoing, NJM suffered damages in the amount of $269,580.81, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Insurance Group, as subrogee of Linda Ann Pawlowski, demands judgment in its favor and against defendant, Electrolux, Inc. in the amount in excess of $269,580.81, together with the costs of this action, and any other relief this Court may deem just and proper.

## COUNT II
## BREACH OF WARRANTY

20. Plaintiff repeats the allegations set forth in paragraphs 1 through 19 above, as though set forth at length herein.

21. At all times relevant to this Complaint, Electrolux designed, manufactured, marketed and sold the Frigidaire brand of clothes dryer.

22. Defendant, Electrolux, expressly and/or impliedly warranted that the Frigidaire clothes dryer was of merchantable quality, and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

23. The fire on January 18, 2009 and the consequent damage sustained by NJM's insured was caused by Electrolux's breach of such express and/or implied warranties.

4

24.     As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by NJM's insured, for which it has paid.

25.     By reason of the foregoing, plaintiff, NJM suffered damages in the amount of $269,580.81, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Manufacturers Insurance Group, as subrogee of Linda Ann Pawlowski, demands judgment in its favor and against defendant, Electrolux, Inc. in the amount of $269,580.81, together with the costs of this action, and any other relief this Court may deem just and proper.

## DESIGNATION OF TRIAL COUNSEL

Dennis J. Crawford, Esquire is hereby designated as trial counsel on behalf of the Plaintiff in the within action.

## DEMAND FOR TRIAL BY JURY

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION OF COUNSEL

I certify that, to the best of my knowledge, there is no other action pending in which the matter in controversy is the subject, nor is there any other action or arbitration proceeding contemplated. Furthermore, pursuant to *R*. 4:5-1, there are no other parties who should be joined in this action at this time.

5

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *R.*4:10-2(b), demand is made that the defendant disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business my be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment.

If the answer is "Yes", attach a copy of each insurance agreement or policy, or in the alternative, state: (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) property damage limits; (g) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

## DEMAND FOR RESPONSES TO INTERROGATORIES

Demand is hereby by made of defendant(s) for answers to Uniform Product Liability Interrogatories (Form C(4)) within sixty (60) days from the service of its Answer to this Complaint, pursuant to *R.* 4:17-1(b)(2).

LAW OFFICES OF DENNIS J. CRAWFORD

BY: _____

DENNIS J. CRAWFORD, ESQ.
Attorney for Plaintiff

Dated: _3.4.10_

6

# EXHIBIT B

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Defendant, Electrolux Home Products, Inc.
(improperly named and pled as "Electrolux, Inc.")

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O LINDA ANN PAWLOWSKI,<br><br>                  Plaintiff,<br><br>vs.<br><br>ELECTROLUX, INC.,<br><br><br>                  Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO. L-1715-10<br><br><br>CIVIL ACTION<br><br>**NOTICE TO CLERK OF SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL** |

TO:      Clerk
            Superior Court of New Jersey, Law Division
            Middlesex County, Courthouse
            56 Paterson Street
            P.O. Box 964
            New Brunswick, NJ 08903-0964

      PLEASE TAKE NOTICE that Defendant Electrolux Home Products, Inc.

(improperly named and pled as "Electrolux, Inc.") has removed this matter pursuant to

28 U.S.C. §§ 1441 and 1446 to the United States District Court for the District of New

Jersey. A copy of the Notice of Removal that is being filed on this date with the Clerk

of the District Court is attached hereto as Exhibit A, along with a copy of the Civil

Cover Sheet.

PLEASE TAKE FURTHER NOTICE that in accordance with 28 U.S.C. §

1446(d), the Superior Court of New Jersey is stayed from conducting any further

proceedings in this action until further notification from the United States District

Court.

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Attorneys for Defendant
Electrolux Home Products, Inc.

By: _Kenneth M. Van Deventer_
Kenneth M. Van Deventer

DATED:     April 16, 2010

# EXHIBIT A

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Kenneth M. Van Deventer, Esq. (KVD-5262)
Frank J. Vitolo, Esq. (FJV-8831)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
Attorneys for Defendant, Electrolux Home Products, Inc.,
(improperly named and pled as "Electrolux, Inc.")

|  |  |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O LINDA ANN PAWLOWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTROLUX, INC.,<br><br><br>Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br><br>*DOCUMENT FILED ELECTRONICALLY*<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the<br>Superior Court of New Jersey,<br>Law Division, Middlesex County |

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Please take notice that Defendant Electrolux Home Products, Inc. (improperly named and pled as "Electrolux, Inc.")("Defendant") hereby removes this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this notice, Defendant respectfully submits as follows:

1.  On or about March 8, 2010, Plaintiff New Jersey Manufacturers Insurance Group a/s/o Linda Ann Pawlowski ("Plaintiff") filed a civil action against Defendant in the Superior Court of New Jersey, Middlesex County, assigned Docket No. L-1715-10 (the "State Court Action").

2.  On or about March 23, 2010, Defendant was served with process in the State Court Action via delivery to Defendant's agent for service, CT Corporation.

3.  Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within 30 days after the first receipt by Defendant, through service, of the Complaint.

4.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant, namely the Summons and Complaint, are attached hereto as Exhibit A.  To Defendant's knowledge, no additional process, pleading or order has been filed to date in this action outside of those attached as Exhibit A.

5.  Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

6.  A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Middlesex County, as required by 28 U.S.C. 1446(d). See Exhibit B attached hereto.

7.  Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Middlesex County, is located within the district of the United States District Court of New Jersey, Newark Vicinage.

8.    As is set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9.    Plaintiff asserts that it is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, NJ 08628. Complaint, ¶1.

10.    Defendant Electrolux Home Products, Inc. (improperly named and pled as "Electrolux, Inc.") is a corporation of the State of Delaware with a principal office at 250 Bobby Jones Expressway in Martinez, Georgia.

11.    Accordingly, complete diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

## AMOUNT IN CONTROVERSY

12.    Plaintiff seeks to recover, inter alia, certain amounts arising from an allegedly defective product manufactured by Defendant. Complaint, ¶¶3-8. Plaintiff asserts strict product liability and breach of warranty. Complaint, ¶¶9-25.

13.    Plaintiff alleges damages in excess of $269,580.81, which exceeds $75,000.

WHEREFORE, this action is properly removed to this Court.

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Attorneys for Defendant
Electrolux Home Products, Inc.

DATED:    April 16, 2010    By: /s/ Kenneth M. Van Deventer

3

# EXHIBIT A

LAW OFFICES OF DENNIS J. CRAWFORD
By: DENNIS J. CRAWFORD, ESQUIRE
619 S. White Horse Pike
Audubon, NJ 08106
(856) 310-5550 – Telephone
(856) 310-9099 – Fax
Attorney for Plaintiff

|  |  |  |
|---|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY a/s/o LINDA ANN PAWLOWSKI, | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
|  | : | DOCKET NO.: MID-L-1715-10 |
| Plaintiff, | : : |  |
| v. | : : | Civil Action |
| ELECTROLUX, INC, | : | **SUMMONS** |
| Defendant. | : : |  |

From the State of New Jersey
To the Defendant(s) named above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee of $135.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: _3/18/2010_____         _s/ Jennifer M. Perez_____
                                          Acting Superior Court Clerk

Name of Defendant to be Served:     **ELECTROLUX, INC**
Address of Defendant to be Served:  **CORPORATION TRUST COMPANY**
                                      **820 Bear Tavern Road**
                                      **West Trenton, NJ 08628**

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division, Direct Filing<br>1201 Bacharach Blvd., 1st Fl.<br>Atlantic City, NJ 08401<br>LAWYER REFERRAL<br>(609) 345-3444<br>LEGAL SERVICES<br>(609) 348-4200 | **CUMBERLAND COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Case Management Office<br>Broad & Fayette Sts., POB 615<br>Bridgeton, NJ 08302<br>LAWYER REFERRAL<br>(856) 692-6207<br>LEGAL SERVICES<br>(856) 451-0003 | **MERCER COUNTY**<br>Dep. Clerk of Superior Court<br>Local Filing Office, Courthouse<br>175 S. Broad St., POB 8068<br>Trenton, NJ 08650<br>LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 | **SALEM COUNTY**<br>Dep. Clerk of Superior Court<br>92 Market St., POB 18<br>Salem, NJ 08079<br>LAWYER REFERRAL<br>(856) 678-8363<br>LEGAL SERVICES<br>(856) 451-0003 |
| **BERGEN COUNTY**<br>Dep. Clerk of Superior Court<br>Case Processing Section<br>Room 119, Justice Center<br>10 Main Street<br>Hackensack, NJ 07601-0769<br>LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 | **ESSEX COUNTY**<br>Dep. Clerk of Superior Court<br>237 Hall of Records<br>465 Dr. Martin Luther King, Jr.<br>Blvd.<br>Newark, NJ 07102<br>LAWYER REFERRAL<br>(973) 622-6207<br>LEGAL SERVICES<br>(973) 624-4500 | **MIDDLESEX COUNTY**<br>Dep. Clerk of Superior Court<br>Administration Building<br>Third Floor<br>1 Kennedy Sq., POB 2633<br>New Brunswick, NJ 08903-2633<br>LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 | **SOMERSET COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division Office<br>New Court House, 3rd Fl.<br>POB 3000<br>Somerville, NJ 08876<br>LAWYER REFERRAL<br>(908) 685-2323<br>LEGAL SERVICES<br>(908) 231-0840 |
| **BURLINGTON COUNTY**<br>Dep. Clerk of Superior Court<br>Central Processing Office<br>Attn.: Judicial Intake<br>1st Fl., Courts Facility<br>49 Rancocas Road<br>Mt. Holly, NJ 08060<br>LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(609) 261-1088 | **GLOUCESTER COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Case Management Office<br>Attn.: Intake<br>Courthouse<br>1 N. Broad St., POB 129<br>Woodbury, NJ 08096<br>LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 | **MONMOUTH COUNTY**<br>Dep. Clerk of Superior Court<br>71 Monmouth Park<br>POB 1262<br>Court House, West Wing<br>Freehold, NJ 07728-1262<br>LAWYER REEFRRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 | **SUSSEX COUNTY**<br>Dep. Clerk of Superior Court<br>Sussex Co. Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 |
| **CAMDEN COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Processing Office<br>1st Fl., Hall of Records<br>101 S. Fifth Street<br>Camden, NJ 08102-4001<br>LAWYER REFERRAL<br>(856) 964-4520<br>LEGAL SERVICES<br>(856) 964-2010 | **HUDSON COUNTY**<br>Dep. Clerk of Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House – 1st Fl.<br>583 Newark Avenue<br>Jersey City, NJ 07306<br>LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 798-6363 | **MORRIS COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division – Hall of Records<br>POB 910<br>Morristown, NJ 07930-0910<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 | **UNION COUNTY**<br>Dep. Clerk of Superior Court<br>1st Fl., Court House<br>2 Broad Street<br>Elizabeth, NJ 07207-6073<br>LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **CAPE MAY COUNTY**<br>Dep. Clerk of Superior Court<br>Central Processing Office<br>9 N. Main Street<br>Box DN-209<br>Cape May Court House, NJ 08210<br>LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 | **HUNTERDON COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822<br>LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 | **OCEAN COUNTY**<br>Dep. Clerk of Superior Court<br>Court House, Room 199<br>118 Washington Street<br>Toms River, NJ 08754<br>LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 | **WARREN COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division Office<br>Court House<br>413 Second Street<br>Belvidere, NJ 07823-1500<br>LAWYER REFERRAL<br>(201) 267-5882<br>LEGAL SERVICES<br>(908) 475-2010 |
| | | **PASSAIC COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division – Court House<br>77 Hamilton Street<br>Paterson, NJ 07505<br>LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 345-7171 | |

LAW OFFICES OF DENNIS J. CRAWFORD
By: Dennis J. Crawford, Esquire
619 South White Horse Pike
Audubon, NJ 08106
(856) 310-5550 – Telephone
(856) 310-9099 – Fax
Attorney for Plaintiff

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2010 MAR -8  A 11: 11

FILED & RECEIVED

|  |  |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O LINDA ANN PAWLOWSKI | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO.: L-1715-10 |
| v, | Civil Action |
| ELECTROLUX, INC. | **COMPLAINT** |
| Defendants. | |

Plaintiff, New Jersey Manufacturers Insurance Group a/s/o Linda Ann Pawlowski, by way of Complaint, says:

## PARTIES

1.  The plaintiff, the New Jersey Manufacturers Insurance Group ("NJM") is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, NJ 08628, and insured the home owned by Linda Ann Pawlowski, located at 549 Main Street, Sayreville, NJ.

2.  Defendant, Electrolux, Inc. ("Electrolux") is a corporation formed in the State of Delaware, and the manufacturer of the Frigidaire brand of clothes dryers with a principal business address at 20445 Emerald Parkway S. W., Cleveland, OH 44135-0920.

## BACKGROUND

3.    On or about January 18, 2009, a fire occurred at the home of NJM's insured.

4.    The fire was found to have originated from a Frigidaire clothes dryer.

5.    Due to the fire, significant property damage was sustained to the property of NJM's insured.

6.    As a direct and proximate result of the damages sustained, a claim for property damage was submitted to plaintiff, NJM for repair and restoration work.

7.    As a result of the aforementioned claims, NJM paid for the damages incurred in the amount of $269,580.81.

8.    As a result of these payments, NJM now, as subrogee of Linda Ann Pawlowski, seeks to recover the aforementioned damages from the defendant, Electrolux.

## COUNT I
### STRICT PRODUCTS LIABILITY
### N. J. S. A. 2A:58C ET SEQ.

9.    Plaintiff repeats the allegations set forth in paragraphs 1 through 8 above as though set forth at length herein.

10.    Defendant, Electrolux, is and at all times relevant to this Complaint was in the business of designing, manufacturing, marketing and sale of the Frigidaire brand of clothes dryers for use by members of the general public.

2

11. On or about January 18, 2009, a fire occurred at the home owned by NJM's insured.

12. Upon investigation, the fire was found to have originated and caused by the Frigidaire clothes dryer.

13. The fire was found to have originated in the interior lower chamber of the dryer, underneath the drum.

14. Due to the extent of the damage to the clothes dryer, the manufacturer data tag appeared have burnt off. As such the model and serial number could not be identified. It is however believed that the unit is similar in design to the Model FGR311F.

15. At all times relevant to this Complaint, the Frigidaire clothes dryer and its component parts was defective as to design and manufacture, in that the lint produced by the drying process was allowed to accumulate within the area of ignition.

16. At all times relevant to this Complaint, the Frigidaire clothes dryer and its component parts were defective as to design and manufacture at the time it left the manufacturing facility of Electrolux.

17. Under the circumstances then and there existing, Electrolux's Frigidaire brand clothes dryer, was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

3

18.    As a direct and proximate result of the defective condition of the Frigidaire clothes dryer and its component parts, the subject incident occurred, causing the property damage sustained by NJM's insured, for which it has paid.

19.    By reason of the foregoing, NJM suffered damages in the amount of $269,580.81, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Insurance Group, as subrogee of Linda Ann Pawlowski, demands judgment in its favor and against defendant, Electrolux, Inc. in the amount in excess of $269,580.81, together with the costs of this action, and any other relief this Court may deem just and proper.

## COUNT II
## BREACH OF WARRANTY

20.    Plaintiff repeats the allegations set forth in paragraphs 1 through 19 above, as though set forth at length herein.

21.    At all times relevant to this Complaint, Electrolux designed, manufactured, marketed and sold the Frigidaire brand of clothes dryer.

22.    Defendant, Electrolux, expressly and/or impliedly warranted that the Frigidaire clothes dryer was of merchantable quality, and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

23.    The fire on January 18, 2009 and the consequent damage sustained by NJM's insured was caused by Electrolux's breach of such express and/or implied warranties.

4

24. As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by NJM's insured, for which it has paid.

25. By reason of the foregoing, plaintiff, NJM suffered damages in the amount of $269,580.81, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Manufacturers Insurance Group, as subrogee of Linda Ann Pawlowski, demands judgment in its favor and against defendant, Electrolux, Inc. in the amount of $269,580.81, together with the costs of this action, and any other relief this Court may deem just and proper.

## DESIGNATION OF TRIAL COUNSEL

Dennis J. Crawford, Esquire is hereby designated as trial counsel on behalf of the Plaintiff in the within action.

## DEMAND FOR TRIAL BY JURY

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION OF COUNSEL

I certify that, to the best of my knowledge, there is no other action pending in which the matter in controversy is the subject, nor is there any other action or arbitration proceeding contemplated. Furthermore, pursuant to R. 4:5-1, there are no other parties who should be joined in this action at this time.

5

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is made that the defendant disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business my be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment.

If the answer is "Yes", attach a copy of each insurance agreement or policy, or in the alternative, state: (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) property damage limits; (g) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

## DEMAND FOR RESPONSES TO INTERROGATORIES

Demand is hereby by made of defendant(s) for answers to Uniform Product Liability Interrogatories (Form C(4)) within sixty (60) days from the service of its Answer to this Complaint, pursuant to R. 4:17-1(b)(2).

LAW OFFICES OF DENNIS J. CRAWFORD

BY: _____

    DENNIS J. CRAWFORD, ESQ.
    Attorney for Plaintiff

Dated: 3.4.10



**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Dennis J. Crawford, Esquire | (856) 310-5550 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| Law Offices of Dennis J. Crawford | L-1715-10 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 619 South White Horse Pike Audubon, NJ 08106 | Complaint |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| NJM Insurance Company, Plaintiff | New Jersey Manufacturers Insurance Co. a/s/o Linda Ann Pawlowski v. Electrolux, Inc. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 606 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☒ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO | |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

RECEIVED
MAR 1 7 2010
BY: _____

Revised Effective 9/2009, CN 10517



**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
In the space under "Case Characteristics."
Please check off each applicable category:

☐ Verbal Threshold ☐ Putative Class Action ☐ Title 59

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

New Jersey Manufacturers Insurance Group A/S/O Linda Ann Pawlowski

## DEFENDANTS

Electrolux Home Products, Inc.

**(b)** County of Residence of First Listed Plaintiff    Mercer County, New Jersey

County of Residence of First Listed Defendant    Columbia County, Georgia

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Dennis J. Crawford, Esq.
Law Offices of Dennis J. Crawford
619 South White Horse Pike
Audubon, NJ 08106
(856) 310-5550

Attorneys (If Known)
Kenneth M. Van Deventer, Esq. (KVD-5262)
Frank J. Vitolo, Esq. (FJV-8831)
RIKER DANZIG SCHERER HYLAND & PERRETTI  LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 158 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☒ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" In One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause.
Products liability, breach of warranty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
Under F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ No

**VIII.  RELATED CASE(S)**

(See instructions):    JUDGE _____    DOCKET NUMBER _____

Explanation:

**DATE April 16, 2010**                              **SIGNATURE OF ATTORNEY OF RECORD** /s/ Kenneth M. Van Deventer

JS 44 Reverse (Rev. 12/07, NJ 1/08)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other paper as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:      U.S. Civil Statute: 47 USC 553
                                        Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Trenton Vicinage

| | | |
|---|---|---|
| NEW JERSEY MANUFACTURERS | : | |
| INSURANCE GROUP A/S/O MANUEL AND | : | |
| SANDRA DIAZ | : | |
| | : | |
| Plaintiff, | : | DOCKET NO.: _____ |
| | : | |
| v. | : | |
| | : | Civil Action |
| | : | |
| ELECTROLUX HOME PRODUCTS, INC. | : | |
| | : | **COMPLAINT** |
| Defendant. | : | |

Plaintiff, New Jersey Manufacturers Insurance Group a/s/o Manuel and Sandra Diaz, by way of Complaint, says:

## JURISDICTION

1.      Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy. The plaintiff is an insurance provider based in the State of New Jersey. Defendant is a corporation under the laws of the State of Delaware having its principal place of business in the State of Georgia. The amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

## PARTIES

2.      The plaintiff, the New Jersey Manufacturers Insurance Group ("NJM") is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, NJ 08628, and insured the home owned by Manuel and Sandra Diaz, located at 71 Perrine Pike, Hillsborough, NJ.

3.      Defendant, Electrolux Home Products, Inc. ("Electrolux") is a corporation formed in the State of Delaware, and the manufacturer of the Frigidaire brand of clothes dryers with a principal business address at 250 Bobby Jones Expressway, Martinez, GA.

### BACKGROUND

4.      On or about March 29, 2010, a fire occurred at the home of NJM's insured, located at 71 Perrine Pike, Hillsborough, NJ.

5.      The fire was found to have originated from a Frigidaire Gallery Series clothes dryer with Model No.: GLGQ332AS.

6.      Due to the fire, significant property damage was sustained to the property of NJM's insured.

7.      As a direct and proximate result of the damages sustained, a claim for property damage was submitted to plaintiff, NJM for repair and restoration work to the Diaz home.

8.      As a result of the aforementioned claims, NJM paid for the damages incurred in the amount $299,996.19 for the subject property.

9.      As a result of these payments, NJM now, as subrogee of Manuel and Sandra Diaz, seeks to recover the aforementioned damages from the defendant, Electrolux.

### COUNT I
### STRICT PRODUCTS LIABILITY
### N. J. S. A. 2A:58C ET SEQ.

10.     Plaintiff repeats the allegations set forth in paragraphs 1 through 9 above as though set forth at length herein.

11.     Defendant, Electrolux is and at all times relevant to this Complaint was in the business of designing, manufacturing, marketing and sale of the Frigidaire brand of clothes dryers for use by members of the general public.

12.     On or about March 29, 2010, a fire occurred at the home owned by NJM's insured, Manuel and Sandra Diaz.

13.     Upon investigation, the fire was found to have originated from and caused by the Frigidaire clothes dryer.

14.     The subject clothes dryer was purchased from a P. C. Richards store on May 29, 2004 and is from the Frigidaire Gallery Series with model no.: GLGQ332AS.  The serial number could not be identified due to the amount of fire damage to the product.

15.      At all times relevant to this Complaint, the Frigidaire clothes dryer and its component parts was defective as to design and manufacture, in that the lint produced by the drying process was allowed to accumulate within the area of ignition.

16.     At all times relevant to this Complaint, the Frigidaire clothes dryer and its component parts were defective as to design and manufacture at the time it left the manufacturing facility of Electrolux.

17.     Under the circumstances then and there existing, Electrolux's Frigidaire brand clothes dryer, was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

18.      As a direct and proximate result of the defective condition of the Frigidaire clothes dryer and its component parts, the subject incident occurred, causing the property damage sustained by NJM's insureds, for which it has paid.

19.     By reason of the foregoing, NJM suffered damages in the amount $299,996.19 for the Diaz property, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Insurance Group, as subrogee of Manuel and Sandra Diaz, demands judgment in its favor and against defendant, Electrolux Home Products, Inc. in the amount of $299,996.19, together with the costs of this action, and any other relief this Court may deem just and proper.

<u>**COUNT II**</u>
<u>**BREACH OF WARRANTY**</u>

20.     Plaintiff repeats the allegations set forth in paragraphs 1 through 20 above, as though set forth at length herein.

21.     At all times relevant to this Complaint, Electrolux designed, manufactured, marketed and sold the Frigidaire brand of clothes dryer.

22.     Defendant, Electrolux, expressly and/or impliedly warranted that the Frigidaire clothes dryer was of merchantable quality, and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

23.     The fire on March 29, 2010 and the consequent damage sustained by NJM's insured were caused by Electrolux's breach of such express and/or implied warranties.

24.     As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by NJM's insureds, for which it has paid.

25.     By reason of the foregoing, plaintiff, NJM suffered damages in the amount of $299,996.19 for the Diaz property, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Manufacturers Insurance Group, as subrogee of Manuel and Sandra Diaz, demands judgment in its favor and against defendant, Electrolux Home Products, Inc. in the amount of $299,996.19, together with the costs of this action, and any other relief this Court may deem just and proper.

LAW OFFICES OF DENNIS J. CRAWFORD


BY:_____*s/Dennis J. Crawford*_____
        DENNIS J. CRAWFORD, ESQ.
        Attorney for Plaintiff
        619 South White Horse Pike
        Audubon, New Jersey 08106
        Telephone No.: (856) 310-5550
        dcrawford@djclawfirm.com


Dated: __3/30/2012__

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.     Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
Attorneys for Defendant
    Electrolux Home Products, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY a/s/o ROBERT HOWE, JR. & LIN HOLMES-HOWE | : | Civil Action No. |
|  | : |  |
|  | : |  |
| Plaintiff, | : | **NOTICE OF REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS** |
|  | : |  |
| v. | : |  |
|  | : |  |
| ELECTROLUX HOME PRODUCTS, INC., | : |  |
|  | : |  |
| Defendant. | : |  |

**TO:**    The United States District Court for the District of New Jersey, Trenton Vicinage

    **PLEASE TAKE NOTICE** that Defendant Electrolux Home Products, Inc. is hereby removing the above-styled action to this Court pursuant to 28 U.S.C. §1441, *et. seq.* In support of this Notice, Defendant Electrolux Home Products, Inc. states:

    1.    On or about April 3, 2012, an action was filed in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-1526-12, entitled *New Jersey Manufacturers Insurance Company a/s/o Robert Howe, Jr. & Lin Holmes-Howe v. Electrolux Home Products* ("State Court Action"). A copy of the Complaint is Exhibit A to this Notice.

**Diversity Jurisdiction**

    2.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states in which the amount in

MEI 13375159v.1

controversy exceeds the sum of $75,000.00, exclusive of interest and costs. By virtue of the provisions of 28 U.S.C. § 1441(a), this entire case is one that may be removed to this Court.

3.      Plaintiff New Jersey Manufacturers Insurance Company ("Plaintiff") is, and at the time of the filing of the Complaint was, a insurance company organized under the laws of the State of New Jersey with its principal place of business in New Jersey and insured Robert Howe, Jr. & Lin Holmes-Howe's home located within the State of New Jersey

4.      Defendant Electrolux Home Products, Inc. is, and at the time of the filing of the Complaint was, a corporation organized under the laws of the State of Delaware with its principal place of business in North Carolina.

5.      There is complete diversity of citizenship between the parties named in this case.

**Amount in Controversy**

6.      In the Complaint, Plaintiff seeks "judgment in its favor and against defendant, Electrolux Home Products, Inc. in excess of $80,000, together with costs of this action and any other relief this Court may deem just and proper." (*See* Compl. at pages 3-4, 6.)

7.      Hence, based upon the terms of the Complaint, Plaintiff seeks recovery in excess of $75,000.00 exclusive of interest and costs and/or the value to Plaintiff of the relief sought in the initial Complaint exceeds $75,000.00 exclusive of interest and costs and/or the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.      In view of the statements within the Complaint, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00; thus, the jurisdictional amount in controversy requirement is satisfied.

**Statutory Requirements**

9.      This cause of action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. By virtue of the provisions of 28 U.S.C. § 1441(a), this

2

entire matter is one which may be removed to this Court.

**Removal is Timely**

      10.    Service of the Summons and the Complaint setting forth the claim for relief upon which such action or proceeding is based was made on Electrolux Home Products, Inc. on April 17, 2012. This was the first service of a Summons and Complaint on Electrolux Home Products, Inc. This Notice is being filed within thirty (30) days of service.

**Copies of All Process, Pleadings and Orders**

      11.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A. No other process, pleadings or orders were served upon, or otherwise received by, Electrolux Home Products, Inc. or its attorneys.

      12.    Copies of this Removal Petition are simultaneously being served upon counsel for all parties of record and the State Court from which this action was removed.

      **WHEREFORE,** Defendant Electrolux Home Products, Inc. prays that this cause proceed in this Court as an action properly removed thereto.

                Respectfully submitted,

                **McCARTER & ENGLISH, LLP**
                Attorneys for Defendant
                    Electrolux Home Products, Inc.

              By:   *s/ David R. Kott*
                   David R. Kott
                   A Member of the Firm

Dated: May 9, 2012

# EXHIBIT A

LAW OFFICES OF DENNIS J. CRAWFORD
By: Thomas J. McTear Jr., Esquire
619 South White Horse Pike
Audubon, NJ 08106
(856) 310-5550 – Telephone
(856) 310-9099 – Fax
Attorney for Plaintiff



| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY a/s/o ROBERT HOWE, JR. & LIN HOLMES-HOWE | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION<br>: MONMOUTH COUNTY |

                    Plaintiff,        : DOCKET NO. 1526-12

v.                                     :

                                       : Civil Action
ELECTROLUX HOME PRODUCTS, INC.         :

                    Defendants.        :
                                       : **COMPLAINT**

        Plaintiff, New Jersey Manufacturers Insurance Company a/s/o Robert Howe, Jr. & Lin Holmes-Howe, by way of Complaint, says

**PARTIES**

        1.    The plaintiff, New Jersey Manufacturers Insurance Company ("NJM") is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, NJ 08628, and insured the home owned by Robert Howe, Jr. & Lin Holmes-Howe, located at 69E Lincoln Avenue, Atlantic Highlands, NJ.

        2.    Defendant, Electrolux Home Products, Inc. ("Electrolux") is a corporation formed in the State of Delaware, and the manufacturer of the Kenmore brand of clothes dryers with a principal business address at 20445 Emerald Parkway S. W., Cleveland, OH 44135-0920.



## BACKGROUND

3. On or about September 6, 2011, a fire occurred at the home of NJM's insured.

4. The fire was found to have originated from a Kenmore clothes dryer.

5. The said clothes dryer was purchased approximately eight years prior to the fire from the retail store Sears.

6. Due to the fire, significant property damage was sustained to the property of NJM's insured.

7. As a direct and proximate result of the damages sustained, a claim for property damage was submitted to plaintiff, NJM, for repair and restoration work.

8. As a result of the aforementioned claims, plaintiff, NJM paid for the damages incurred to date in excess of $80,000.

9. As a result of these payments, NJM now, as subrogee of the Mr. and Ms. Howe, seeks to recover the aforementioned damages from the defendant, Electrolux.

## COUNT I
### NEGLIGENCE

10. Plaintiff repeats the allegations set forth in paragraphs 1 through 9 above as though set forth at length herein.

11. Defendant, Electrolux, is and at all times relevant to this Complaint was in the business of designing, manufacturing, marketing and sale of the Kenmore brand of clothes dryers for use by members of the general public.

12. On or about September 6, 2011, a fire occurred at the home owned by NJM's insured.

2

13. Upon investigation, the fire was found to have originated and caused by the Kenmore clothes dryer.

14. The fire was found to have been caused by the ignition of lint that was allowed to accumulate in the area of the burner assembly at the bottom of the subject clothes dryer.

15. Due to the extent of the damage to the clothes dryer, the manufacturer data tag appeared to have partially burnt off. The model number of the dryer was #931142 however, the damage to the dryer rendered the serial number unreadable.

16. At all times relevant to this Complaint, Electrolux so negligently and carelessly designed, manufactured, constructed, assembled, marketed and sold the Kenmore clothes dryer that it was dangerous and unsafe for its intended use and thus caused property damaged to the insureds.

17. Plaintiff alleges that the incident subject to this Complaint would not have occurred but for the negligence of the defendant.

18. Plaintiff cannot more specifically allege the acts of negligent design, manufacture, assembly, inspection, marketing or sales on the part of defendant, Electrolux, for the reason that facts in that regard are peculiarly within the knowledge of the defendant.

19. As a direct and proximate result of the negligence of Electrolux, significant property damage was sustained to the insureds' home to date in excess of $80,000. which amount Plaintiff paid.

WHEREFORE, plaintiff, NJM Insurance Company, as subrogee of Robert Howe, Jr. & Lin Holmes-Howe, demands judgment in its favor and against defendant, Electrolux Home

3

Products, Inc. in excess of $80,000., together with the costs of this action, and any other relief this Court may deem just and proper.

## COUNT II
### BREACH OF WARRANTY

20.     Plaintiff repeats the allegations set forth in paragraphs 1 through 19 above, as though set forth at length herein.

21.     At all times relevant to this Complaint, Electrolux designed, manufactured, marketed and sold the Kenmore brand of clothes dryer.

22.     Defendant, Electrolux, expressly and/or impliedly warranted that the Kenmore clothes dryer was of merchantable quality, and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

23.     The fire on September 6, 2011 and the consequent damage sustained by NJM's insured was caused by Electrolux's breach of such express and/or implied warranties.

24.     As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by NJM's insured, for which it has paid.

25.     By reason of the foregoing, plaintiff, NJM suffered damages to date in excess of $80,000., together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Manufacturers Insurance Company as subrogee of Robert Howe, Jr. & Lin Holmes-Howe, demands judgment in its favor and against defendant, Electrolux Home Products, Inc. in excess of $80,000., together with the costs of this action, and any other relief this Court may deem just and proper.

4

## COUNT III
### STRICT PRODUCTS LIABILITY

26.    Plaintiff repeats the allegations set forth in paragraphs 1 through 25 above as though set forth at length herein.

27.    At all times relevant to this Complaint, the Kenmore clothes dryer and its component parts was defective as to design and manufacture, in that the lint produced by the drying process was allowed to accumulate within the area of the burner assembly allowing the ignition of the said lint.

28.    At all times relevant to this Complaint, the Kenmore clothes dryer and its component parts were defective as to design and manufacture at the time it left the manufacturing facility of Electrolux.

29.    Under the circumstances then and there existing, Electrolux's Kenmore brand clothes dryer, was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

30.    As a direct and proximate result of the defective condition of the Kenmore clothes dryer and its component parts, the subject incident occurred, causing the property damage sustained by NJM's insured, for which it has paid.

31.    By reason of the foregoing, plaintiff, NJM suffered damages to date in an amount in excess of $80,000, together with interest and costs of this action, to which they are subrogated.

5

WHEREFORE, plaintiff, New Jersey Manufacturers Insurance Company as subrogee of Robert Howe, Jr. & Lin Holmes-Howe, demands judgment in its favor and against defendant, Electrolux Home Products, Inc. in excess of $80,000., together with the costs of this action, and any other relief this Court may deem just and proper.

### DESIGNATION OF TRIAL COUNSEL

Dennis J. Crawford, Esquire is hereby designated as trial counsel on behalf of the Plaintiff in the within action.

### DEMAND FOR TRIAL BY JURY

Demand is hereby made for a trial by jury as to all issues.

### CERTIFICATION OF COUNSEL

I certify that, to the best of my knowledge, there is no other action pending in which the matter in controversy is the subject, nor is there any other action or arbitration proceeding contemplated. Furthermore, pursuant to *R.* 4:5-1, there are no other parties who should be joined in this action at this time.

### CERTIFICATION OF COMPLIANCE PURSUANT TO *R.* 1:30-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all document submitted in the future in accordance with *R.* 1:38-7(b).

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is made that the defendant disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business my be liable to satisfy part or all of a judgment which

may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment.

If the answer is "Yes", attach a copy of each insurance agreement or policy, or in the alternative, state: (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) property damage limits; (g) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

### DEMAND FOR INTERROGATORIES

Demand is hereby by made of defendant(s) for answers to. Uniform Product Liability Interrogatories (Form C(4)) within sixty (60) days from the service of its Answer to this Complaint, pursuant to R. 4:17-1(b)(2).

LAW OFFICES OF DENNIS J. CRAWFORD

BY: _____

THOMAS J. MCTEAR JR., ESQ.
Attorney for Plaintiff

Dated: 3/28/12

CT Corporation

**TO:**  Michael Bell
Electrolux North America, Inc.
102000 David Taylor Drive
Charlotte, NC 28262

**RE:**  **Process Served in New Jersey**

**FOR:**  Electrolux Home Products, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | New Jersey Manufacturers Insurance Company a/s/o Robert Howe, Jr. & Lin Homes-Howe, Pltfs. vs. Electrolux Home Products, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summones, Attachment(s), Notice(s), Case Information Statement, Complaint |
| **COURT/AGENCY:** | Monmouth County Superior Court - Law Division, NJ<br>Case # 152612 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - The home of the Pltf. sustained damages by fire caused by a Kenmore clothes dryer manufactured by the Dft. NJM Insurance Company as subrogee of Pltf. demands judgment in its favor against Dft. in excess of $80,000 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/17/2012 at 10:50 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Thomas J. McTear, Jr., Esquire<br>Law Offices of Dennis J. Crawford<br>619 S. White Horse Pike<br>Audubon, NJ 08106<br>856-310-5550 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/17/2012, Expected Purge Date: 04/22/2012<br>Image SOP<br>Email Notification, Beverly Fisher beverly.fisher@electrolux.com<br>Email Notification, Michael Bell michael.bell@electrolux.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company<br>Marc Ambrosino<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628<br>609-538-1818 |

Page 1 of 1 / JG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

LAW OFFICES OF DENNIS J. CRAWFORD
By: THOMAS J. MCTEAR, JR., ESQUIRE
619 S. White Horse Pike
Audubon, NJ 08106
(856) 310-5550 – Telephone
(856) 310-9099 – Fax
Attorney for Plaintiff

| | | |
|---|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY a/s/o ROBERT HOWE, JR. and LIN HOLMES-HOWE, | : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY |
| Plaintiffs, | : : | DOCKET NO.: MON-L-1526-12 |
| v. | : : | |
| | : | Civil Action |
| ELECTROLUX HOME PRODUCTS, INC., | : : | SUMMONS |
| Defendant. | : | |

From the State of New Jersey
To the Defendant(s) named above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee of $135.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: _____4/16/2012_____                    _____/s/Jennifer Perez_____
                                                              Superior Court Clerk

Name of Defendant to be Served:        ELECTROLUX HOME PRODUCTS, INC.
Address of Defendant to be Served:     CORPORATION TRUST COMPANY
                                       **820 Bear Tavern Road**
                                       **West Trenton, NJ 08628**

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division, Direct Filing<br>1201 Bacharach Blvd., 1st Fl.<br>Atlantic City, NJ 08401<br>LAWYER REFERRAL<br>(609) 345-3444<br>LEGAL SERVICES<br>(609) 348-4200 | **CUMBERLAND COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Case Management Office<br>Broad & Fayette Sts., POB 615<br>Bridgeton, NJ 08302<br>LAWYER REFERRAL<br>(856) 692-6207<br>LEGAL SERVICES<br>(856) 451-0003 | **MERCER COUNTY**<br>Dep. Clerk of Superior Court<br>Local Filing Office, Courthouse<br>175 S. Broad St., POB 8068<br>Trenton, NJ 08650<br>LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 | **SALEM COUNTY**<br>Dep. Clerk of Superior Court<br>92 Market St., POB 18<br>Salem, NJ 08079<br>LAWYER REFERRAL<br>(856) 678-8363<br>LEGAL SERVICES<br>(856) 451-0003 |
| **BERGEN COUNTY**<br>Dep. Clerk of Superior Court<br>Case Processing Section<br>Room 119, Justice Center<br>10 Main Street<br>Hackensack, NJ 07601-0769<br>LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 | **ESSEX COUNTY**<br>Dep. Clerk of Superior Court<br>237 Hall of Records<br>465 Dr. Martin Luther King, Jr.<br>Blvd.<br>Newark, NJ 07102<br>LAWYER REFERRAL<br>(973) 622-6207<br>LEGAL SERVICES<br>(973) 624-4500 | **MIDDLESEX COUNTY**<br>Dep. Clerk of Superior Court<br>Administration Building<br>Third Floor<br>1 Kennedy Sq., POB 2633<br>New Brunswick, NJ 08903-2633<br>LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 | **SOMERSET COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division Office<br>New Court House, 3rd Fl.<br>POB 3000<br>Somerville, NJ 08876<br>LAWYER REFERRAL<br>(908) 685-2323<br>LEGAL SERVICES<br>(908) 231-0840 |
| **BURLINGTON COUNTY**<br>Dep. Clerk of Superior Court<br>Central Processing Office<br>Attn.: Judicial Intake<br>1st Fl., Courts Facility<br>49 Rancocas Road<br>Mt. Holly, NJ 08060<br>LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(609) 261-1088 | **GLOUCESTER COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Case Management Office<br>Attn.: Intake<br>Courthouse<br>1 N. Broad St., POB 129<br>Woodbury, NJ 08096<br>LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 | **MONMOUTH COUNTY**<br>Dep. Clerk of Superior Court<br>71 Monmouth Park<br>POB 1262<br>Court House, West Wing<br>Freehold, NJ 07728-1262<br>LAWYER REEFRRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 | **SUSSEX COUNTY**<br>Dep. Clerk of Superior Court<br>Sussex Co. Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 |
| **CAMDEN COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Processing Office<br>1st Fl., Hall of Records<br>101 S. Fifth Street<br>Camden, NJ 08102-4001<br>LAWYER REFERRAL<br>(856) 964-4520<br>LEGAL SERVICES<br>(856) 964-2010 | **HUDSON COUNTY**<br>Dep. Clerk of Superior Court<br>Superior Court, Civil Records Dept.<br>Brennan Court House – 1st Fl.<br>583 Newark Avenue<br>Jersey City, NJ 07306<br>LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 798-6363 | **MORRIS COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division – Hall of Records<br>POB 910<br>Morristown, NJ 07930-0910<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 | **UNION COUNTY**<br>Dep. Clerk of Superior Court<br>1st Fl., Court House<br>2 Broad Street<br>Elizabeth, NJ 07207-6073<br>LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **CAPE MAY COUNTY**<br>Dep. Clerk of Superior Court<br>Central Processing Office<br>9 N. Main Street<br>Box DN-209<br>Cape May Court House, NJ 08210<br>LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 | **HUNTERDON COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822<br>LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 | **OCEAN COUNTY**<br>Dep. Clerk of Superior Court<br>Court House, Room 199<br>118 Washington Street<br>Toms River, NJ 08754<br>LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 | **WARREN COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division Office<br>Court House<br>413 Second Street<br>Belvidere, NJ 07823-1500<br>LAWYER REFERRAL<br>(201) 267-5882<br>LEGAL SERVICES<br>(908) 475-2010 |
| | | **PASSAIC COUNTY**<br>Dep. Clerk of Superior Court<br>Civil Division – Court House<br>77 Hamilton Street<br>Paterson, NJ 07505<br>LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 345-7171 | |

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ 07728

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS

                                    TRACK ASSIGNMENT NOTICE

                DATE:    APRIL 04, 2012
                RE:      NJ MANUF INS CO ET AL VS ELECTROLUX HOME PRODUCTS
                DOCKET:  MON L -001526 12

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS     300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH P. QUINN

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT: (732) 677-4262 EXT 4262.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                ATTENTION:
                              ATT: DENNIS J. CRAWFORD
                              DENNIS J. CRAWFORD
                              619 S WHITE HORSE PIKE
                              AUDUBON          NJ 08106

JUNESK1

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Thomas J. McTear Jr., Esq | (856) 310-5550 | Monmouth |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Law Offices of Dennis J. Crawford | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 619 South White Horse Pike | Complaint |
| Audubon, NJ 08106 | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| New Jersey Manufactures Insurance Company a/s/o Robert Howe, Jr. & Lin Holmes-Howe | New Jersey Manufactures Insurance Company a/s/o Robert Howe, Jr. & Lin Holmes-Howe . Electrolux Home Products, Inc. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| 699 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: *[signature]* | |
|---|---|

Effective 06/20/2011, CN 10517-English

RECEIVED

BY:_____

page 1 d 2

| Side 2 | |
|---|---|

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 280 | ZELNORM | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 265 | STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH/GYNECARE |
| 288 | PRUDENTIAL TORT LITIGATION | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE/ISOTRETINOIN | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 278 | ZOMETA/AREDIA | 287 | YAZ/YASMIN/OCELLA |
| 279 | GADOLINIUM | 601 | ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**  ☐ **Title 59**

JS-44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
New Jersey Manufacturers Insurance Company a/s/o Robert Howe, Jr. & Lin Holmes-Howe

**DEFENDANTS**
Electrolux Home Products, Inc.

**(b)** County of Residence of First Listed Plaintiff  Mercer
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  North Carolina
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Thomas J. McTear, Jr., Esq., Law Offices of Dennis J. Crawford
619 S. White Horse Pike, Audubon, NJ  08106
Tel: 856.310.5550

Attorneys (If Known)
David R. Kott, Esq., McCarter & English, LLP
Four Gateway Center, 100 Mulberry Street, P.O. Box 652, Newark, NJ  07102
Tel: 973.622.4444

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441 et seq., 1446(b)
Brief description of cause:
Plaintiff asserts product liability, breach of warranty and negligence claims.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                              DOCKET NUMBER

DATE  5/9/12

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

ME1 13415493v.1



May 9, 2012

**VIA ECF**

Clerk of the District Court
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

**Re:** **New Jersey Manufacturers Insurance Company a/s/o Robert Howe, Jr.**
**& Lin Holmes-Howe v. Electrolux Home Products, Inc.**

Dear Sir/Madam:

This firm represents Defendant Electrolux Home Products, Inc. in this matter. We
enclose for filing the following:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

        (a)     Civil Cover Sheet;

        (b)     Notice of Removal and Copies of All Process and Pleadings;

        (c)     Corporate Disclosure Statement; and

        (d)     Certification of Service.

Very truly yours,

s/David R. Kott

David R. Kott

Enclosures
cc:   Thomas J. McTear, Jr., Esq. (w/encls. - via overnight mail)

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

ME1 13415451v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
--------------------------------------------------------------------------X   Civ.
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY, as subrogee of
Andrew Parretta,



                        Plaintiff,        **BLOCK, J.**      NOTICE OF
                                                            REMOVAL

-   against –

ELECTROLUX HOME PRODUCTS, INC.,           **LEVY, M.J.**

                        Defendant.
--------------------------------------------------------------------------X

To:    UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF NEW YORK

       Defendant, ELECTROLUX HOME PRODUCTS, INC., incorrectly named

herein as "Electrolux",  by and through its attorneys, HODGES WALSH &

SLATER, LLP, states as follows:

       1.      Upon information and belief, plaintiff commenced a civil action

under Index No.: 9353/12 in the Supreme Court of the State of New York, County

of Queens.

       2.      Pursuant to the provisions of 28 U.S.C. 1441, et seq., the instant

defendant removes this action to the United States District Court for the Eastern

District of New York which is the judicial district in which the action is pending.

       3.      The ground for removal is diversity of citizenship of the parties and

an amount in controversy exceeding the sum specified in 28 U.S.C. § 1332.

       4.      The plaintiff is a foreign corporation.

       5.      The defendant, Electrolux, is a foreign Corporation with an office

and principal place of business in the state of North Carolina.

6.     There is diversity of citizenship between the parties, as they are citizens of different states.

7.     Upon information and belief, the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Plaintiff's Complaint (Exhibit "A") alleges damages in the sum of $325,725.28.

8.     This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provision of 28 U.S.C. § 1441 and § 1446.

9.     Pursuant to the requirements of 28 U.S.C. §1446, this Notice of Removal is timely filed within 30 days of the defendant's receipt of service of plaintiff's Summons and Complaint.

10.     All state court papers served on and by the defendant at the time of removal, are attached hereto as follows:

Exhibit "A"    Plaintiff's Summons and Complaint dated October 5, 2011.

11.     A copy of this Notice of Removal shall be served upon counsel for all parties and filed with the Supreme Court of the State of New York, County of Queens, pursuant to the requirements of 28 U.S.C. § 1446.

WHEREFORE, the defendant, ELECTROLUX, respectfully requests that the instant action be removed to this Court from the Supreme Court of the State of New York; that this Court accepts jurisdiction of this action; and that this action

be placed on the docket of this Court for all further proceedings, as though this
action had been originally instituted in this Court.

     PLEASE TAKE FURTHER NOTICE THAT the defendant, ELECTROLUX
respectfully requests a trial by jury of this action pursuant to Fed. R. Civ. P. 38(d)
and L.R. 38.1 and 81.3.

Dated:    White Plains, New York
        October 8, 2012

                HODGES WALSH & SLATER, LLP

                George S. Hodges, Esq. (4573)
                Hodges Walsh & Slater, LLP
                Attorneys for Defendant, Electrolux Home
                Products, Inc.
                55 Church St., Ste. 211
                White Plains, NY 10601
                Tel. (914) 385-6000
                Fax (914) 385-6060
                ghodges@hwslaw.com

To:    Law Offices of Steven I. Hilsenrath
      Attorneys for Plaintiff
      65 Roosevelt Avenue, Suite 103A
      Valley Stream, NY 11581
      (516) 341-7232

Sep 13 2012 2:38PM HP Fax

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------X
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY, as subrogee of
Andrew Parretta,

                 Plaintiff,

      -against-

ELECTROLUX

                Defendant.

------------------------------------------------X

**9353/12**

Index No:
Date Purchased:
     **5/3/12**
Basis of Venue:
Address of
Plaintiff's
Subrogor

**SUMMONS**

Plaintiff's
Address:
500 Economy Court
Freeport, IL 61032

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint
is not served with this summons, to serve a notice of appearance
on the plaintiff's attorneys within twenty (20) days after the
service of this summons, exclusive of the day of service (or
within thirty (30) days after the service is complete if this
summons is not personally delivered to you within the State of
New York); and in the case of your failure to appear or answer,
judgment will be taken against you by default for the relief
demanded in the complaint.

Dated:    Brooklyn, New York
        April 27, 2012

                Yours, etc.
                LAW OFFICES OF
                  STEVEN I. HILSENRATH

            By:
                Steven I. Hilsenrath, Esq.
                Attorneys for Plaintiff
                65 Roosevelt Avenue
                Suite 103A
                Valley Stream, New York 11581
                Tele. No: 516-341-7232

Defendant's Address:
20445 Emerald Parkway, S.W.
Suite 250
Cleveland, OH 44135

Queens County Clerk's Office
Paym 1868775 05/03/2012 2:54p

Tr.2247247
Other              $210.00
9353/ 2012 METROPOLITAN PROPERTY

Total:              $210.00

Check              $210.00

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------X
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY, as subrogee of
Andrew Parretta,                                          Index No:

                           Plaintiff,

           -against-
                                                         **COMPLAINT**

ELECTRLOLUX,

                           Defendant.
----------------------------------------------X

     Plaintiff, METROPOLITAN PROPERTY AND CASUALTY INSURANCE
COMPANY(hereinafter, "MetLife"), by its attorneys, The Law
Offices of Steven I. Hilsenrath, as and for its Complaint
asserted against defendant ELECTROLUX alleges upon information
and belief, as follows:

                         FIRST CAUSE OF ACTION

     1. MetLife is a foreign corporation, which is authorized to
conduct business in the State of New York.

     2. Electrolux is a domestic corporation organized and
existence under and by virtue of the laws of the State of New
York.

     3. Electrolux is a foreign corporation authorized to
conduct business in the State of New York.

     4. Electrolux is an unincorporated entity conducting
business in the State of New York.

     5. At all times herein relevant, MetLife's subrogor,
Andrew Parretta (hereinafter, "plaintiff's subrogor"), was the

owner and/or occupant of 87-18 Atlantic Avenue, South Ozone Park, New York 11416 (hereinafter, the "loss location").

6. On or about June 13, 2011, plaintiff's subrogor sustained in excess of $325,725.28 in direct and consequential damages at the loss location.

7. The aforementioned damages were caused by the negligence, carelessness and/or recklessness of Electrolux.

8. Pursuant to a policy of insurance then in force and in effect, MetLife reimbursed plaintiff's subrogor for his damages and, thus, became subrogated to all of his rights, claims, and causes of action against the defendant Electrolux, herein.

9. As a result, Electrolux is liable to MetLife, in the amount of $325,725.28, plus appropriate interest.

<u>SECOND CAUSE OF ACTION</u>

10. MetLife repeats, realleges and reiterates each and every statement made above as if set forth at length, herein.

11. At all times herein relevant, Electrolux was in the business of, among other things, designing, manufacturing, constructing, assembling, inspecting, distributing and/or selling various types of appliances including a certain Frigidaire Laundry Center model (hereinafter, the "Dryer").

12. At all times relevant, Electrolux in its regular course of business, had a duty to design, manufacture, and provide a product that was free from defect so as to prevent damage or injury, and be safe for use by consumers such as plaintiff's

## THIRD CAUSE OF ACTION

21. MetLife repeats, realleges and reiterates each and every statement made above as if set forth at length, herein.

22. At all times relevant, Electrolux, in its regular course of business, had a duty to design, manufacture, sell, supply, or otherwise place the Dryer into the stream of commerce, in a manner that was safe and free from defects.

23. At all times relevant, and particularly, when the Dryer left the possession of Electrolux, the Dryer was defective and unreasonably dangerous for the following reasons:

   a. The Dryer was defectively designed and dangerous, as its design carried an unreasonable risk of fire; and/or

   b. The Dryer was defectively manufactured and dangerous, as the Dryer carried an unreasonable risk of fire; and/or

   c. The Dryer was defective and dangerous in that there were insufficient warnings provided by Electrolux regarding the risk of fire; and/or

   d. There were no reasonably possible secondary causes for either the failure of the Dryer or the fire; and/or

   e. The Dryer was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer; and/or

   f. The Dryer failed to perform as reasonably expected.

24. As a direct and proximate result of the defective and dangerous condition of the Dryer described above, a fire resulted.

25. As a direct and proximate result of the negligence and carelessness of Electrolux, plaintiff's subrogor sustained in

subrogor.

13. On or about April 28, 2009, plaintiff's subrogor purchased the Dryer.

14. On or about June 13, 2011, a fire originated in or about the Dryer.

15. The fire was caused by a malfunction and/or failure of one or more of the components of the Dryer.

16. Electrolux negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the Dryer, including but not limited to the Dryer's components, which were dangerous and unsafe for their intended uses.

17. Electrolux failed to warn plaintiff's subrogor of the dangers associated with the Dryer.

18. As a direct and proximate result of the negligence and carelessness of Electrolux, a fire occurred in the Dryer, leading to plaintiff's subrogor to sustain $325,725.28 in direct and consequential damages.

19. Pursuant to a policy of insurance then in force and in effect, MetLife reimbursed plaintiff's subrogor for his damages and, thus, became subrogated to all of his rights, claims, and causes of action against the defendant Electrolux, herein.

20. As a result, Electrolux is liable to MetLife, in the amount of $325,725.28, plus appropriate interest.

e.     either the failure of the Dryer or the fire; and/or
e.     The Dryer was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer; and/or
f.     The Dryer failed to perform as reasonably expected.

31. Prior to the instigation of this Action Plaintiff made demands upon Electrolux to honor its warranty, and Electrolux refused to do so.

32. As a direct and proximate result of the aforementioned negligence and carelessness of Electrolux, the Dryer caused a fire, which caused plaintiff's subrogor to sustain in excess of $325,725.28 in consequential damages.

33. Pursuant to a policy of insurance then in force and in effect, MetLife reimbursed plaintiff's subrogor for his damages and, thus, became subrogated to all of his rights, claims, and causes of action against the defendant Electrolux, herein.

34. As a result, Electrolux is liable to MetLife, in the amount of $325,725.28, plus appropriate interest.

WHEREFORE, MetLife demands judgment, against Electrolux, in the First, Second, Third and Fourth Causes of Action in the amount of $325,725.28, plus interest computed from June 13, 2011, together with whatever further relief the Court deems just and proper.

Dated:   Brooklyn, New York
         April 25, 2012

                         Yours, etc.
                         LAW OFFICES OF
                          STEVEN I. HILSENRATH

          By:
                        Steven I. Hilsenrath, Esq.
                        Attorneys for Plaintiff
                        1803 Gravesend Neck Road
                        Brooklyn, New York  11229
                        (718) 615-4550

Index No.          Year          RJI No.          Hon.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY, as subrogee of
Andrew Parretta,

Plaintiff,

-against-

ELECTROLUX,

Defendant.

*SUMMONS AND COMPLAINT*

**LAW OFFICES OF STEVEN I. HILSENRATH**
*Attorneys for Plaintiff*
*METROPOLITAN PROPERTY AND CASUALTY*
*INSURANCE COMPANY*
*Office and Post Office Address, Telephone*
65 Roosevelt Avenue
Suite 103A
Valley Stream, New York 11581
(516) 341-7232

To                                        Signature (Rule 130-1.1a)

                                          Print name beneath
Attorney(s) for                          Steven I. Hilsenrath, Esq

Service of a copy of the within                              is hereby admitted.

Dated

                                         Attorney(s) for

Please take notice

☐ notice of entry
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ notice of settlement
that an order                                of which the within is a true copy will be presented for
settlement to the HON.                                      one of the judges
of the within named court, at

on                              at
                                                M.

Dated

To

Attorney(s) for                          Yours, etc.
                                         **LAW OFFICES OF**
                                         **STEVEN I. HILSENRATH**
                                         *Attorneys for Plaintiff*
                                         *Office and Post Office Address*
                                         65 Roosevelt Avenue
                                         Suite 103A
                                         Valley Stream, New York

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
ELECTROLUX FINANCIAL CORPORATION                    METROPOLITAN PROPERTY AND
                                                    CASUALTY INSURANCE COMPANY


ELECTROLUX FINANCIAL CORPORATION
20445 EMERALD PARKWAY, S.W.
SUITE 250
CLEVELAND,  OH 44135


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 09/14/2012 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                          Very truly yours,
                                          Division of Corporations

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

CV12 5065

NO SUMMONS ISSUED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Metropolitan Property & Casualty Insurance Company a/s/o Andrew Parretta

### DEFENDANTS

Electrolux Home Products, Inc., incorrectly named herein as "Electrolux"

**(b)** County of Residence of First Listed Plaintiff  Queens, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Mecklenburg, NC.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BLOCK, J

LEVY, M

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Steven I. Hilsenrath, 65 Roosevelt Ave., Suite 103, Valley Stream, NY 11581 (516) 341-7232

Attorneys (If Known)

Hodges Walsh & Slater LLP, 55 Church Street, Ste. 211, White Plains, NY 10601 (914) 385-6000

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 28 U.S.C. 1441 and 1446

Brief description of cause:
Subrogation claim for property damaged by fire due to allegedly defective product

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 32,572,528.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# ARBITRATION CERTIFICATION

I, George S. Hodges_____, counsel for Electrolux Home Products do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. _____Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (SECTION VIII)

**All cases that are arguably related pursuant to Division of Business Rule 50.3.1 should be listed in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."**

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No_____

2.) If you answered "no" above:

a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No_____

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court

Yes [✔]_____   No [ ]

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes [ ]_____(If yes, please explain)   No [✔]

_____

Please provide your E-MAIL address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court. (This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**Attorney Bar Code:** _____

**E-MAIL Address:** ghodges@hwslaw.com

Electronic filing procedures were adopted by the Court in Administrative Order No. 97-12, "In re: Electronic Filing Procedures (ECF)." Electronic filing became mandatory in Administrative Order 2004-08, "In re: Electronic Case Filing." Electronic service of all papers is now routine.

I certify the accuracy of all information provided above.

**Signature:** _George S Hodges_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

STATE FARM FIRE AND CASUALTY
COMPANY a/s/o NORMAN DEITCH,

                    Plaintiff,

vs.

ELECTROLUX HOME PRODUCTS, INC.,

                    Defendants.

_____

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  AUG 2 5 2010  ★

BROOKLYN OFFICE

Civil No. **10  3901**

**BIANCO, J.**

**TOMLINSON, M.J.**

TO:     **United States District Court
        Eastern District of New York**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81, defendant Electrolux Home Products, Inc., by its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Supreme Court, State of New York, County of Nassau, in which the above-captioned matter is now pending, to the United States District Court for the Eastern District of New York. In support of said Notice, defendant states as follows:

### Procedural History

1.      Plaintiff filed its Complaint in the Supreme Court, State of New York, County of Nassau, on or about June 24, 2010. Defendant asserts that it first received a copy of the complaint within the past 30 days. A copy of the complaint filed in State Court is attached hereto as Exhibit A. No other pleadings have been filed in State Court or otherwise received by defendant.

## Parties

2.      Upon information and belief, plaintiff, State Farm Fire & Casualty Company, is a corporation organized under the laws of the state of Illinois, with its principal place of business in Bloomington, Illinois; plaintiff's subrogor, Norman Deitch, is a resident of the State of New York.

3.      Defendant Electrolux Home Products, Inc. is a Delaware corporation with its principal place of business located in Cleveland, Ohio.

4.      Based upon the foregoing, full diversity exists between the parties.

## Jurisdiction and Basis for Removal

5.      This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states.

6.      The amount in controversy, as stated in the Complaint at paragraph 28 and elsewhere, is $293,881.96, which meets the jurisdictional requirement.

7.      This Notice of Removal is filed with this Court within thirty (30) days of the removing defendant's receipt of plaintiff's summons and complaint.

8.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff, by and through its attorney of record, and is being filed with the Clerk of the Court of the State of New York Supreme Court, County of Nassau, Nassau County Clerk's Office, Index Number 10/12192.

9.      Copies of all process, pleadings and orders served upon defendant in the State of New York Supreme Court, County of Nassau, Index No. 10/12192, are attached hereto as Exhibit A.

**WHEREFORE**, defendant files this notice of removal so that the entire state court action under Index No. 10/12192 now pending in the State of New York, Supreme Court, County of Nassau, be removed to this court for all further proceedings.

Dated: Buffalo, New York
       August 25, 2010

Respectfully submitted,

GOLDBERG SEGALLA LLP

By: _____

    John H. Freedenberg, Esq.
    *Attorneys for Defendant*
    *Electrolux Home Products, Inc.*
    665 Main Street, Suite 400
    Buffalo, New York 14203
    716-566-5400
    jfreedenberg@goldbergsegalla.com

To:    Law Offices of Stuart D. Markowitz, P.C.
        Attorneys for Plaintiff
        575 Jericho Turnpike, Suite 210
        Jericho, New York  11753
        516-935-3500

641058.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendant's Notice of Removal in the above-caption ed matter was served upon the following, on the 25th day of August, 2010, via regular mail, postage prepaid:

Law Offices of Stuart D. Markowitz, P.C.
575 Jericho Turnpike, Suite 210
Jericho, New York 11753

Nassau County Clerk's Office
240 Old Country Road
Mineola, New York 11501

Dated: Buffalo, New York        GOLDBERG SEGALLA LLP
      August 25, 2010

By: _____

John P. Freedenberg, Esq.

*Attorneys for Defendant*
*Electrolux Home Products, Inc.*
665 Main Street, Suite 400
Buffalo, New York 14203
716-566-5400
jfreedenberg@goldbergsegalla.com

641058.2

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
08/06/2010
CT Log Number 517071125

**TO:** Edward Buckles, Sr. Associate General Counsel
Electrolux North America, Inc.
20445 Emerald Parkway SW, Suite 250
Cleveland, OH 44135-0920

**RE:** **Process Served in New York**

**FOR:** Electrolux Home Products, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | State Farm Fire & Casualty Company a/s/o Norman Deitch, Pltf. vs. Electrolux Home Products, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint |
| **COURT/AGENCY:** | Nassau County: Supreme Court, NY<br>Case # 10/12192 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for the fire damage sustained by Pltf.'s Subrogor on 9/12/2009 - Defective clothes dryer, designed, manufactured, distributed and/or inspected by Dft. - Seeking $293,881.96 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/06/2010 at 13:48 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Stuart D. Markowitz<br>Law Offices of Stuart D. Markowitz, P.C.<br>575 Jericho Turnpike<br>Suite 210<br>Jericho, NY 11753<br>516-935-3500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/06/2010, Expected Purge Date: 08/11/2010<br>Image SOP<br>Email Notification, Edward Buckles ed.buckles@Electrolux.com<br>Email Notification, Sharon A Luarde sharon.a.luarde@electrolux.com<br>Email Notification, Jeannelle Horvath jeannelle.horvath@electrolux.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue<br>New York, NY 10011 |
| **TELEPHONE:** | 212-5909070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------X

STATE FARM FIRE & CASUALTY COMPANY
a/s/o NORMAN DEITCH,

                                          Plaintiff,

          -against-

ELECTROLUX HOME PRODUCTS, INC.,

                                          Defendant.

-------------------------------------------------------------------X

**Index No.:** 10/12192
**Date Purchased**
         6/24/10
**Plaintiff designates**
Nassau County as the
Place of trial

**SUMMONS**

**Basis of Venue**
CPLR §509

**TO THE ABOVE NAMED DEFENDANT(S):**

     **YOU ARE HEREBY SUMMONED,** to answer the Verified Complaint in this action
and to serve a copy of the Verified Answer, or, if the Verified Complaint is not served with this
summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after
the service of this summons, exclusive of the day of service or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of New
York; and in the case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the Verified Complaint.

Dated:     Jericho, New York
          June 15, 2010         Yours, etc.,

                                 **LAW OFFICES OF**
                                 **STUART D. MARKOWITZ, P.C.**

                                 STUART D. MARKOWITZ, ESQ.
                                 Attorneys for Plaintiff
                                 575 Jericho Turnpike, Suite 210
                                 Jericho, New York 11753
                                 516-935-3500

**Defendant's Address:**

ELECTROLUX HOME PRODUCTS, INC.
20445 Emerald Pkwy SW Ste. 250
Cleveland, OH 44135-0920

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------------X    Index No:
STATE FARM FIRE & CASUALTY COMPANY
a/s/o NORMAN DEITCH,

                          Plaintiff,

       -against-                **VERIFIED COMPLAINT**

ELECTROLUX HOME PRODUCTS, INC.,

                        Defendant.
----------------------------------------------------------------------X

     Plaintiff, STATE FARM FIRE & CASUALTY COMPANY a/s/o NORMAN DEITCH,

by its attorneys, LAW OFFICES OF STUART D. MARKOWITZ, P.C., as and for its Verified

Complaint, alleges upon information and belief as follows:

### THE PARTIES

     1. That at all times hereinafter mentioned, plaintiff STATE FARM FIRE & CASUALTY

COMPANY (hereinafter referred to as "STATE FARM"), is a foreign corporation, licensed to do

business in the State of New York.

     2. That at all times hereinafter mentioned, plaintiff STATE FARM, was and still is an

insurance company duly authorized to transact the business of issuing property insurance policies

in the State of New York.

     3. That at all times hereinafter mentioned, plaintiff STATE FARM'S Subrogor,

NORMAN DEITCH (hereinafter referred to as "Subrogor"), was and still is the owner of the

residential premises located at 493 Harbor Dr., Woodmere, New York.

     4. Upon information and belief, at all times hereinafter mentioned, defendant

ELECTROLUX HOME PRODUCTS, INC. (hereinafter referred to as "ELECTROLUX") was

and is a foreign corporation duly licensed to conduct business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant
ELECTROLUX did and does solicit business within the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant
ELECTROLUX derived substantial revenue from goods used or consumed or services rendered
in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, defendant
ELECTROLUX reasonably should have expected its acts and business activities to have
consequences within the State of New York.

8. Prior to September 12, 2009, in the course of its business, plaintiff STATE FARM
issued an insurance policy to Subrogor, insuring him against certain property damage and related
expenses to him real property and other personal property located at 493 Harbor Dr., Woodmere,
New York.

## AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs
"1" through "8" inclusive of plaintiff's Verified Complaint, with the same force and effect as though
fully set forth herein at length.

10. Prior to September 12, 2009, defendant ELECTROLUX designed, manufactured, built,
tested, distributed, delivered, sold, repaired, serviced and/or inspected a clothes dryer, and its
component parts and appurtenances, which was owned and used by plaintiff's Subrogor.

11. Prior to September 12, 2009, defendant ELECTROLUX sold and distributed said clothes
dryer to wholesale and retail establishments for its sale and distribution in the State of New York.

2

12. On or about September 12, 2009 a fire started in said clothes dryer, thereby causing substantial damage to the property located at 493 Harbor Dr., Woodmere, New York.

13. Prior to September 12, 2009, defendant ELECTROLUX designed, manufactured, built, tested, distributed, delivered, sold, repaired, serviced and/or inspected the aforementioned clothes dryer and its component parts and appurtenances, owned and used by plaintiff's Subrogor.

14. That the aforementioned fire which occurred on or about September 12, 2009, was the direct and proximate result of the negligence of defendant ELECTROLUX, its agents, servants and/or employees, in the design, manufacture, building, testing, distribution, sale, delivery, repair, servicing and inspection of the aforementioned clothes dryer, which this defendant knew or should have known was unreasonably dangerous, defective, and without adequate warning of the dangers and defects associated with the clothes dryer.

15. That defendant ELECTROLUX breached a duty to plaintiff's Subrogor by negligently, carelessly and improperly designing, manufacturing, building, testing, selling, delivering, servicing, repairing, inspecting and failing to warn of the dangers, risks and defects associated with the clothes dryer.

16. That the insufficiencies, inadequacies and/or defects which rendered the clothes dryer unfit for its intended purpose were unknown to plaintiff's Subrogor at the time of purchase, delivery, and/or operation.

17. That the insufficiencies, inadequacies, and/or defects which rendered the clothes dryer unfit for its intended purpose were not discoverable by reasonable inspection by plaintiff's Subrogor.

18. As a result, plaintiff's Subrogor sustained property damages caused by the fire that started in the aforementioned clothes dryer.

3

19. That plaintiff and Subrogor reserves the right to plead Res Ipsa Loquitur at the time of trial.

20. That solely as a result of the negligence of defendant ELECTROLUX, plaintiff STATE FARM, pursuant to the provisions of its insurance policy, paid to its Subrogor the sum of at least $293,881.96, for property damages, and other related expenses.

21. That by virtue of said payment, and in accordance with the provision contained in its insurance policy, plaintiff STATE FARM became subrogated to all the rights of its Subrogor to recover against defendant ELECTROLUX for any and all sums of money paid under said policy.

22. That as a result of the foregoing, plaintiff STATE FARM has been damaged in the sum of at least $293,881.96, no part of which has been paid, despite due demand therefor.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" inclusive of plaintiff's Verified Complaint, with the same force and effect as though fully set forth herein at length.

24. That at the time and place of the sale and distribution of the clothes dryer, defendant ELECTROLUX expressly and by implication warranted that the clothes dryer was of merchantable quality and was safe for the use for which it was intended.

25. That plaintiff's Subrogor relied upon the skill and judgment of the defendant ELECTROLUX in the manufacturing, building, designing, testing, selling, delivering, distributing, servicing, repairing and/or inspecting of said clothes dryer.

26. At all times hereinafter mentioned, it was foreseeable that plaintiff's Subrogor would rely on said warranty in the acquisition, purchase and use of the clothes dryer.

4

27. At all times hereinafter mentioned, the clothes dryer was not suitable or safe for such use and was defective and dangerous for use in the manner mentioned above, of which fact defendant ELECTROLUX failed to make plaintiff's Subrogor aware.

28. That as a direct and proximate result of the foregoing breach of warranty, defendant ELECTROLUX is liable to plaintiff STATE FARM in the sum of at least $293,881.96, no part of which has been paid despite due demand therefor.

## AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" inclusive of plaintiff's Verified Complaint, with the same force and effect as though fully set forth herein at length.

30. That defendant ELECTROLUX, in the sale and distribution of said clothes dryer placed upon the market a product in a defective and unreasonably dangerous condition, which was not fit for its intended use.

31. At all times hereinafter mentioned, the clothes dryer was being used in a manner reasonably foreseeable by defendant ELECTROLUX.

32. That as a direct and proximate result of the above, defendant ELECTROLUX is strictly liable to plaintiff STATE FARM in the sum of at least $293,881.96, no part of which has been paid despite due demand therefor.

WHEREFORE, plaintiff STATE FARM FIRE & CASUALTY COMPANY a/s/o NORMAN DEITCH demands judgment in its favor and against defendant, ELECTROLUX OE PRODUCTS, INC., in the amount of at least $293,881.96, with interest thereon from September 12, 2009, together with the costs and disbursements of this action.

5

Dated:   Jericho, New York
         June 15, 2010

Yours etc.,

LAW OFFICES OF
STUART D. MARKOWITZ, P.C.

STUART D. MARKOWITZ, ESQ.
Attorneys for Plaintiff
575 Jericho Turnpike, Suite 210
Jericho, New York 11753
(516) 935-3500

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
STATE FARM FIRE & CASUALTY COMPANY
a/s/o NORMAN DEITCH,

Plaintiff,

-against-                                    **ATTORNEY VERIFICATION**

ELECTROLUX HOME PRODUCTS, INC.,

Defendant.
-------------------------------------------------------------------X

STUART D. MARKOWITZ, ESQ., being an attorney duly admitted to practice before

the Courts of the State of New York and fully aware of the penalties for perjury, hereby affirms

as follows:

1. Affirmant is the attorney for plaintiff STATE FARM FIRE & CASUALTY

COMPANY a/s/o NORMAN DEITCH, in the within action.

2. Affirmant is fully familiar with the facts and circumstances involved in this matter

from reviewing the file regarding the same maintained in our office.

3. Affirmant has read the foregoing SUMMONS AND VERIFIED COMPLAINT and

knows the contents thereof and the same are true to affirmant's own knowledge, except as to

those matters therein stated to be alleged on information and belief, and as to those matters I

believe them to be true.

4. That affirmant's belief as to those matters therein not stated upon knowledge are based

upon the correspondence, reports, statements, records and communications had with the plaintiff

with regards to this action and which information is contained in the file maintained in our office.

5. That the reason I make this affirmation instead of plaintiff's subrogor is because this is

a subrogation action and plaintiff is a foreign corporation.

6. I affirm that the foregoing statements are true under the penalties of perjury.

Dated:       Jericho, New York
              June 15, 2010

STUART D. MARKOWITZ

2

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 2 5 2010 ★

BROOKLYN OFFICE

**I. (a) PLAINTIFFS**
STATE FARM FIRE & CASUALTY COMPANY a/s/o NORMAN DEITCH

**DEFENDANTS**
ELECTROLUX HOME PRODUCTS, INC.

**(b)** County of Residence of First Listed Plaintiff **Nassau**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BIANCO                    TOMLINSON, M.J.

# 10    3901

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stuart D. Markowitz, Esq., 575 Jericho Turnpike, Suite 210, Jericho NY 11753, 516-935-3500

Attorneys (If Known)
John P. Freedenberg, Goldberg Segalla LLP, 665 Main Street, Suite 400, Buffalo, NY 14203  716-566-5400

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441 and 1446
Brief description of cause:
Fire, damage to residential property

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 293,881.96
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
08/25/2010

SIGNATURE OF ATTORNEY OF RECORD
John P. Freedenberg

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _Bianco_ MAG. JUDGE _Tomlinson_

3901

## ARBITRATION CERTIFICATION

I, _John B Freedenberg_ counsel for _Electrolux Home Products_ do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. ___NO___ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (SECTION VIII)

**All cases that are arguably related pursuant to Division of Business Rule 50.3.1 should be listed in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."**

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: _Nassau_

2.) If you answered "no" above:

a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?_____

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes___✓___          No_____

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

Yes_____(If yes, please explain)     No___✓___

Please provide your E-MAIL address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court. (This information must be provided pursuant to local rule 11.1(b) of the civil rules.)

**Attorney Bar Code:** _JF 0481_

**E-MAIL Address:** _Jfreedenberg @ goldberg segalla.com_

Electronic filing procedures were adopted by the Court in Administrative Order No. 97-12, "In re: Electronic Filing Procedures (ECF)." Electronic filing became mandatory in Administrative Order 2004-08, "In re: Electronic Case Filing." Electronic service of all papers is now routine.

I certify the accuracy of all information provided above.

**Signature:** _[signature]_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**BROOME CO-OPERATIVE INSURANCE
COMPANY as subrogee of TRACEY M. GUIDO,**

                         *Plaintiffs*,

      *-vs-*

**ELECTROLUX NORTH AMERICA, INC.,**

                    *Defendant*.

---

**NOTICE OF REMOVAL UNDER
28 U.S.C. §1332
(Diversity Jurisdiction)**

Civil Action No.    6:13-CV-0132
(TJM/TWD)

Defendant, Electrolux Home Products, Inc., improperly named herein as Electrolux North America, Inc. ("Defendant"), pursuant to 28 U.S.C. §1332 and §1441 *et seq.*, hereby files its Notice of Removal of the above action, *Broome Co-Operative Insurance Company as subrogee of Tracey M. Guido v. Electrolux North America, Inc.*, Oneida County Index No. 2012-002775, from the Supreme Court of the State of New York, County of Oneida to the United States District Court for the Northern District of New York, and in support thereof states:

**Process and Pleadings Served Upon Sears, Roebuck and Co.**

1. This action was filed in the Supreme Court of the State of New York, County of Oneida, Index No. 2012-002775. A copy of the Summons and Complaint is attached hereto as Exhibit "A."

2. Defendant served its Answer on February 4, 2013. A copy of the Answer is attached hereto as Exhibit "B."

**Grounds for Removal**

3. Plaintiff's Complaint alleges product liability claims against Defendant.

4. Plaintiff's Complaint alleges that it believes the amount in controversy to be greater than $75,000.

HISCOCK & BARCLAY, LLP

6910317.1

5.   Plaintiff is a co-operative insurance company licensed in the State of New York, with offices located at 1923 Vestal Parkway East, Vestal, New York 13851.

6.   Defendant is a foreign Corporation organized under the laws of Delaware with its principal place of business in Charlotte, North Carolina.  Defendant is therefore a citizen of North Carolina.

7.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(3) because the requisite diversity of citizenship exists between the parties.

8.   Defendant consents to the removal of this action from the State of New York, Supreme Court, County of Oneida to the United States District Court for the Northern District of New York.

**Timely Filing of this Notice**

9.   This notice is filed within thirty days after receipt by Defendant through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which this action is based.

10. Service and notice of the filing of this Notice of Removal will be given to Plaintiff as required. A true and correct copy of this notice will be filed with the Oneida County Clerk.  This action is therefore removable to this Court pursuant to 28 U.S.C. §1332 and §1441 *et seq*.

**WHEREFORE**, Defendant respectfully prays for this Court to accept the removal of this action from the State Court and grant to Defendant such other and further relief as the Court deems fair and proper.

**DATED:**        February 4, 2013                    **HISCOCK & BARCLAY, LLP**


By:   __s/ Thomas B. Cronmiller_____
              Thomas B. Cronmiller

*Attorneys for Defendant*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Telephone: (585) 295-4424
E-mail address: tcronmiller@hblaw.com

HISCOCK & BARCLAY, LLP

- 2 -

INDEX

Exhibit A – Summons and Complaint filed with the Oneida County Clerk on December 26, 2012

Exhibit B – Answer served on February 4, 2013

HISCOCK & BARCLAY, LLP

6910317.1

# EXHIBIT "A"

RECEIVED

JAN 0 8 2013

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ONEIDA
BROOME CO-OPERATIVE
INSURANCE COMPANY as
subrogee of TRACEY M. GUIDO,

*HEB Nicolson*

*Dryer fire
11-22-2011
$219,129.59
2013-00031*

COPY OF FILING

                     Plaintiffs,

The basis of venue is the residence of
the Plaintiff's insured.

vs.

**SUMMONS**
Index No.:

ELECTROLUX NORTH AMERICA, INC.
10200 David Taylor Drive
Charlotte, North Carolina 28262

                     Defendants.

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney(s) within **twenty (20)** days after the service of this summons exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default of the relief demanded in this complaint.

Date:   December 21, 2012

Matthew E. Whritenour, Esq.
Knych & Whritenour, LLC
Attorney for Plaintiff
Knych & Whritenour, LLC
One Park Place, Suite 404
300 South State Street
Syracuse, New York 13202
Telephone: (315) 472-1175

2012495569      Clerk: GA

CA2012-002775
12/26/2012 10:49:30 AM
Pages 1
CIVIL INDEX NUMBER
Sandra J. DePerno, Oneida County Clerk

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ONEIDA
BROOME CO-OPERATIVE
INSURANCE COMPANY as
subrogee of TRACEY M. GUIDO,

                   Plaintiffs,

vs.                                  **VERIFIED COMPLAINT**
                                  Index No.:
ELECTROLUX NORTH AMERICA, INC.,

                   Defendants.

---

    The Plaintiff, **Broome Co-operative Insurance Company a/s/o Tracey M. Guido** ("Plaintiff"), by and through their attorneys, Knych & Whritenour, LLC, complains of the Defendant, Electrolux North America, Inc. ("Defendant"), states and alleges as follows:

    1.    The Plaintiff is a co-operative insurance company licensed in the State of New York with offices located at 1923 Vestal Parkway East, Vestal, New York 13851.

    2.    Upon information and belief, the Defendant, Electrolux North America, Inc. was and still is a business corporation which transacts business in the State of New York, including the marketing and sale of various consumer products, including clothes dryers, and has offices located at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

    3.    Upon information and belief, Defendant transacts business in the State of New York or contracts outside the State of New York to supply goods and services in the State of New York. Upon information and belief, Electrolux committed a tortious act in the State of New York.

4.     Upon information and belief, Electrolux committed a tortious act outside the State of New York which caused property damage within the State of New York and regularly conducts, solicits and/or engages in business, including a persistent course of business conduct and derives substantial revenue from goods used or consumed in the State of New York.

5.     Upon information and belief, Electrolux committed a tortious act outside of the State which caused injury and property damage in the State of New York and Electrolux expects, or should reasonably expect, the act to have consequences in the State of New York.

6.     Upon information and belief, venue is proper in the County of Oneida because the Plaintiff's insured, Tracey M. Guido, at all times relevant, resided at ████████, Utica, New York.

7.     Upon information and belief, the Defendant Electrolux, designed, manufactured, marketed, sold, distributed, assembled, installed, repaired, serviced and/or maintained an Electrolux clothes dryer which was sold to the Plaintiff's insured, Tracey M. Guido.

8.     On December 22, 2011, the Plaintiff's insured, Tracey M. Guido, insured their home located at ████████, Utica, New York under a homeowner's insurance policy with the Plaintiff, specifically policy number 0011101059.

9.     The Electrolux dryer failed in its course of operation on or about November 22, 2011 and caused an accidental fire, resulting in extensive property damage to the premises and to personal property at the premises.

10. Plaintiff, pursuant to its insurance policy with their insured, Tracey M. Guido, paid the insured for damages to the premises and personal property in the sum of $219,129.59 and is entitled to interest from the date of the fire through to the date of recovery in this action.

11. Upon payment of $219,129.59 to Plaintiff's insured, the Plaintiff became subrogated to the rights of the Plaintiff's insured such that the Plaintiff may pursue this lawsuit against the Defendant responsible for the damages caused by the Defendant's clothes dryer.

12. Solely as a result of the Defendant's negligence and defective design, manufacture, maintenance, assembly, repair, service and sale of the clothes dryer in such a condition that it was not reasonably safe for its intended purpose and/or reasonably foreseeable uses, including the use thereof by the Plaintiff's insureds in their home as a clothes dryer.

13. The Defendant's negligently and carelessly failed to manufacture, design, maintain, install, distribute, market, sell, service and/or maintain the clothes dryer in such a condition that it was reasonably safe for its intended purpose and/or reasonable foreseeable uses when used as intended, and contained latent defects which were not known to the Plaintiff's insured and upon information and belief, the Defendant Electrolux had notice of the dangerous and defective condition of the clothes dryer, had a reasonable opportunity to correct that condition and failed to do so.

14. The Defendant's negligence consisted in part of the following: failing to exercise reasonable care; failing to undertake adequate and reasonable design safeguards,

testing and other manufacturing procedures in order to properly determine whether the product was safe before marketing; designing, manufacturing and selling a defective clothes dryer; failing to undertake a recall or other communication with consumers to attempt to remedy the hazard prior to the occurrence; failing to follow industry standards for the design and manufacture of clothes dryers; failing to avoid an occurrence which could have been avoided through the exercise of reasonable care; failing to warn of the dangers of the clothes dryer, which the Defendant knew or should have known at the time that the Defendant designed, manufactured, sold, distributed, delivered, inspected, assembled, installed, marketed, repaired, maintained and/or serviced the clothes dryer.

15.    The fire described above and resulting damages were caused by reason of the negligence, want of care and carelessness of the Defendant without any fault on the part of the Plaintiff or the Plaintiff's insured whatsoever.

16.    As a result of the defective condition of the clothes dryer, and/or failure of the Defendant to warn of its unsafe condition, and/or failure of said Defendant to correct the dangerous condition, despite having knowledge and the opportunity to correct same, the fire occurred at the Plaintiff's insured's home at ███████████, Utica, New York on or about November 22, 2011, causing extensive property damage including real property damage, structural property damage and personal property damage resulting in the payment of damages by the Plaintiff in the amount of $219,129.59 and the Plaintiff is entitled to a judgment in that amount against the Defendant together with interest from the date of loss.

17.     By reason of the aforesaid negligence and wrongful conduct of the Defendant, the Plaintiff has sustained damages in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION BASED UPON STRICT PRODUCT LIABILITY:

18.     Plaintiff repeats and realleges paragraphs "1" through "17" above with the same force and effect as if fully set forth herein.

19.     On or about November 22, 2011, the Defendant's clothes dryer was not reasonably safe and/or defective, in that the Defendant designed, manufactured, sold, distributed, delivered, inspected, assembled, installed, marketed, repaired, maintained, and/or serviced the clothes dryer when it presented an unreasonable risk for starting fires and was a fire hazard, and it was defective when it left the hand of the Defendant.

20.     At the time of the November 22, 2011 fire the Plaintiff's insured, Tracey M. Guido's family was using the clothes dryer in the manner which it was intended and/or in a manner reasonably foreseeable by the Defendant, and was using for the purpose intended, to dry clothes.

21.     The Plaintiff's insureds, Tracey M. Guido and family, by the exercise of reasonable care, could not have determined that the clothes dryer contained latent defects, or otherwise have avoided the fire and damages.

22.     As a result of the defective condition of the clothes dryer and/or the failure of the Defendant to warn of the unsafe condition thereof and/or the failure of said Defendant to correct the dangerous condition thereof, despite having knowledge of same, the fire occurred,

6

causing damages paid by the Plaintiff in the amount of $219,129.59 and the Plaintiff is entitled to a judgment in that amount against the Defendant together with interest from the date of the fire up to the date of judgment. The Defendant's defective product was a substantial factor in causing the fire and damages.

23. By reason of the damages sustained by the Plaintiff, the Defendant is strictly liable to the Plaintiff in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION BASED UPON BREACH OF EXPRESS OR IMPLIED WARRANTIES AND MISREPRESENTATION:

24. The Plaintiff repeats and realleges paragraphs "1" through "23" above with the same force and effect as if fully set forth herein.

25. The Defendant knew and/or should have known that the clothes dryer would be used in the manner by which it was used by the Plaintiff's insured.

26. The Defendant knew and/or should have known that the users and operators of the clothes dryer would rely on:

a) Said Defendant's skill in designing, manufacturing, selling, distributing, delivering, inspecting, assembling, installing, marketing, repairing, maintaining, and/or servicing the clothes dryer; and

b) Said Defendant's judgment that the clothes dryer was suitable and/or safe for use by individuals such as Plaintiff's insured.

27. As a result of the Defendant's design, manufacture, sale, distribution, delivery, inspection, assembly, installation, marketing, repair, maintenance and/or servicing of the clothes dryer the Defendant impliedly and/or explicitly warranted the same to be reasonably

7

fit for the purpose of being used by such persons as the Plaintiff's insureds as a residential clothes dryer.

28. As a result of the foregoing, the Defendant's impliedly and/or expressly warranted that the clothes dryer was of merchantable quality, safe and proper for operation and use, free from design and/or manufacturing defects in either material, workmanship or otherwise and safe for use by individuals such as the Plaintiff's insured.

29. Plaintiff's insured relied upon those implied and/or express warranties and/or representations of the skill, expertise and judgment of the Defendant as described above.

30. At the time that the Defendant sold, distributed, delivered, inspected, assembled, installed, marketed, repaired, maintained and/or serviced the clothes dryer, it was not reasonably fit for its intended uses and operations and was not of merchantable quality, was not safe and proper for operation and use, and was not free from defects in either material, workmanship or both, was a fire hazard and presented an unreasonable risk for a fire, and the Defendant was aware or should have been aware of said defects.

31. The express or implied warranties and representations as described above were breached by the Defendant, and said breach was a substantial factor in causing the damages claimed.

32. The damages sustained by the Plaintiff's insured were proximately caused by the defects in the clothes dryer and/or breach of implied and/or express warranties and representations made by Defendant with respect to implied and/or express warranties and without any negligence and culpable conduct on the part of Plaintiff's insureds contributing thereto.

8

33.    As a result of the defective condition of the clothes dryer and/or failure of the Defendant to warn of the unsafe conditions thereof, and/or the failure of said Defendant to correct the dangerous condition of the clothes dryer, despite having knowledge of those dangers or hazards and a reasonable opportunity to do so, the November 22, 2011 fire at the Guido residence resulted, causing extensive property damage and personal property damage in the amount of $219,129.59 and the Plaintiff is entitled to a judgment in that amount against the Defendant, together with interest from the date of the fire through to the date of judgment.

34.    By reason of the breach of express and/or implied warranties, and misrepresentations described above, the Defendant is liable to the Plaintiff in an amount in excess of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, judgment is respectfully demanded on the First, Second and Third Causes of Action together with interest from the date of loss; the amounts sought in this action exceed the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

Date:   December 21, 2012

Matthew E. Whritenour, Esq.
Knych & Whritenour, LLC
Attorney for Plaintiffs
Knych & Whritenour, LLC
One Park Place, Suite 404
300 South State Street
Syracuse, New York 13202
Telephone: (315) 472-1175

TO:    ELECTROLUX NORTH AMERICA, INC.
       10200 David Taylor Drive
       Charlotte, North Carolina 28262

9

STATE OF NEW YORK    )
COUNTY OF ONONDAGA )    ss.:

      MATTHEW E. WHRITENOUR, an attorney admitted to practice in the Courts of New York State, being duly sworn, deposes and says:

      That he is the attorney of record for the Plaintiff, **Broome Co-operative Insurance Company a/s/o Tracey M. Guido,** in the foregoing action.

      That he prepared and read the foregoing Summons and Verified Complaint and knows the content thereof; that the same is true to the best of his knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true; that the source of your deponent's information and the grounds for his belief are investigations, writings and records contained in the file on this case.

      That the reason why this verification is made by the deponent and not by the Plaintiff is that the Plaintiff's place of business is in a different County from that in which your deponent has offices, to wit, the County of Broome.

      Affirmed under the penalties of perjury.

                            Matthew E. Whritenour, Esq.

Sworn to before me this
_21st_ day of December, 2012

Notary Public

DEE ANNE CLARK
Notary Public in the State of New York
Qualified in Onondaga County
No. O1CL5037470
My Commission Expires May 21, 2015

10

# EXHIBIT "B"

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONEIDA

**BROOME CO-OPERATIVE INSURANCE
COMPANY as subrogee of TRACEY M. GUIDO,**

*Plaintiffs,*

**VERIFIED ANSWER**

-*vs*-

Index No. 2012-002775

**ELECTROLUX NORTH AMERICA, INC.,**

*Defendant.*

Defendant, Electrolux Home Products, Inc., improperly named herein as Electrolux North America, Inc., by its attorneys, Hiscock & Barclay, LLP, as and for its Verified Answer to the Verified Complaint of Plaintiff, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admits that part of Paragraph 2 of the Complaint which states that the Defendant "transacts business in the State of New York" and "has offices located at 10200 David Taylor Drive, Charlotte, North Carolina 28262" and denies the remainder of the allegations contained in Paragraph 2 of the Complaint.

3. Admits that part of Paragraph 3 of the Complaint which states that the "Defendant transacts business in the State of New York or contracts outside the State of New York to supply goods and services in the State of New York," and denies the remainder of the allegations contained in Paragraph 3 of the Complaint.

4. Denies the allegations contained in Paragraph 4 of the Complaint.

5. Denies the allegations contained in Paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Denies the allegations contained in Paragraph 12 of the Complaint.

13.     Denies the allegations contained in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Denies the allegations contained in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 18 of the Complaint.

- 2 -

HISCOCK & BARCLAY, LLP

19.     Denies the allegations contained in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Denies the allegations contained in Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Repeats and realleges its respective responses to those paragraphs repeated and realleged in Paragraph 24 of the Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 26, 26a and 26b of the Complaint.

27.     Denies the allegations contained in Paragraph 27 of the Complaint.

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Denies the allegations contained in Paragraph 30 of the Complaint.

31.     Denies the allegations contained in Paragraph 31 of the Complaint.

32.     Denies the allegations contained in Paragraph 32 of the Complaint.

33.     Denies that the clothes dryer was defective or unsafe as alleged in Paragraph 33 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 33 of the Complaint.

HISCOCK & BARCLAY, LLP

6909616.1

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Deny each and every other allegation contained in said Complaint not herein before admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

36.     Upon information and belief, that culpable conduct on the part of the plaintiff caused or contributed to the happening of the alleged fire loss.

37.     That plaintiff should be barred from recovery by reason of the fact that the subject fire loss was entirely the result of culpable conduct on the part of the plaintiff, or in the event that plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## SECOND AFFIRMATIVE DEFENSE

38.     That the relative culpability of each person who is or may be liable for the damages alleged by the plaintiff in this action should be determined in accordance with the Article 14 of the Civil Practice Law and Rules and the equitable share of each person liable for contribution should be determined in accordance with the relative culpability of each such person, if any.

## THIRD AFFIRMATIVE DEFENSE

39.     Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Complaint.

HISCOCK & BARCLAY, LLP

- 4 -

**FOURTH AFFIRMATIVE DEFENSE**

40.     That in entering into the activity upon which the plaintiff was engaged at the time of the happening of the damages as set forth in plaintiff's Complaint, the plaintiff knew the hazards thereof, and the inherent risk incident to such activity and had full knowledge of the methods to be used in the performance of such activity and the danger thereof, and that as a consequence, whatever damages, if any, sustained by the plaintiff as alleged in said complaint, arose from and were caused by the risks of said activity and such risks were accepted and assumed by the plaintiff upon entering into and continuing in such activity.

**FIFTH AFFIRMATIVE DEFENSE**

41.     Upon information and belief, the occurrences alleged in the Complaint, and injuries and damages, if any, allegedly resulting therefrom, were caused, in whole or in part, by improper use and handling of the product referred to in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

42.     Upon information and belief, at the time the product referred to in the Complaint left the possession, custody and control of the defendant it was neither defective nor unreasonably dangerous.

**SEVENTH AFFIRMATIVE DEFENSE**

43.     At the time of the occurrence alleged in the Complaint, and the damages, if any, allegedly resulting therefrom, the product referred to in the Complaint had been changed, altered, modified or otherwise placed in a condition different from the condition of such product at the time it left the possession of defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

HISCOCK & BARCLAY, LLP

6909616.1

44.     In the event that plaintiff proves a hazardous condition, substance, or defect existed, which is specifically denied, the Complaint and causes of action on behalf of the plaintiff is barred as defendant had no prior actual or constructive notice of the alleged condition, substance or defect.

### NINTH AFFIRMATIVE DEFENSE

45.     Upon information and belief, the Plaintiff and/or its subrogor negligently, recklessly, or intentionally destroyed or compromised evidence relevant to the Plaintiff's claims and Defendant's defenses, prior to the Defendant having an opportunity to inspect and review same.

46.     The destruction and/or compromise of the evidence has prejudiced the Defendant.

47.     As a consequence of the spoliation of evidence by the Plaintiff and/or its subrogor, the Complaint should be dismissed.

**WHEREFORE,** Defendant demands a Judgment of this Court in its favor against Plaintiff for:

1.     Dismissing the Complaint in its entirety, on the merits and with prejudice; and
2.     Granting such other and further relief as the Court deems just and proper.

**DATED:**     February 4, 2013          **HISCOCK & BARCLAY, LLP**

By: _____
                              Thomas B. Cronmiller

*Attorneys for Defendant*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Telephone: (585) 295-4424

HISCOCK & BARCLAY, LLP

- 6 -

6909616.1

**Verification Page**

STATE OF NEW YORK)
COUNTY OF MONROE) ss.:


    Thomas B. Cronmiller, Esq., being duly sworn, deposes and says: he is the attorney for the

defendant in the above entitled action; he has read the foregoing Verified Answer and the same is true of

his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to

those matters he believes it to be true; the reason this verification is not made by said defendant is that it is

not within the County of Monroe, which is the county where the deponent has his office.

    Deponent further says that the grounds of his belief as to all matters therein stated on information

and belief, are derived from admissions of the defendant to the deponent, and from letters received from

said plaintiff concerning the matters set forth in said complaint.

                                                  Thomas B. Cronmiller, Esq.

Sworn to before me this
4th day of February, 2013.

Notary Public

KATHLEEN D. BROWN
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN MONROE COUNTY
MY COMMISSION EXPIRES MARCH 5, 2014
REGISTRATION # 01BR4963111

HISCOCK & BARCLAY, LLP

- 7 -

6909616.1

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONEIDA

**BROOME CO-OPERATIVE INSURANCE
COMPANY as subrogee of TRACEY M. GUIDO,**

> *Plaintiffs,*

> –vs–

Index No. 2012-002775

**ELECTROLUX NORTH AMERICA, INC.,**

> *Defendant.*

STATE OF NEW YORK)
COUNTY OF MONROE)     ss.:

Nicole Penn, being duly sworn, deposes and says:

1.     That deponent is not a party to this action, is over eighteen years of age and resides in West Bloomfield, New York.

2.     That on February 4, 2013, deponent served a copy of the defendant's Verified Answer, on Matthew E. Whritenour, Esq., plaintiff's attorney at Knych & Whritenour, LLC, One Park Place, Suite 404, 300 South State Street, Syracuse, New York 13202, the address designated by said attorney for that purpose, the address designated for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service-within the State of New York.

Nicole Penn

Sworn to before me this
4th day of February, 2013.

Notary Public

MARY LOBENE
Notary Public in the State of New York
Qualified in Monroe County
Registration # 01LO5049118
Commission Expires September 11, 20___13

HISCOCK & BARCLAY, LLP

6944808.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**BROOME CO-OPERATIVE INSURANCE
COMPANY as subrogee of TRACEY M. GUIDO,**

               *Plaintiffs*,

    *-vs-*

**ELECTROLUX NORTH AMERICA, INC.,**

               *Defendant*.

---

**CERTIFICATE OF SERVICE**

Civil Action No.:   6:13-CV-0132
(TJM/TWD)
Oneida County Index No. 2012-002775

       I hereby certify that on February 4, 2013, I served the foregoing Notice of Removal

Under 28 U.S.C. §1332, upon the following:

                    Matthew E. Whritenour, Esq.
                    Attorneys for Plaintiff
                    Knych & Whritenour, LLC
                    One Park Place, Suite 404
                    300 South State Street
                    Syracuse, New York 13202

the address designated for that purpose, by depositing a true copy of same enclosed in a postpaid

properly addressed wrapper, in a post office-official depository under the exclusive care and

custody of the United States Postal Service-within the State of New York.

                    **HISCOCK & BARCLAY, LLP**


                    By:    s/ Thomas B. Cronmiller
                        Thomas B. Cronmiller

                    *Attorneys for Defendant*
                    Office and Post Office Address
                    100 Chestnut Street, Suite 2000
                    Rochester, New York 14604
                    Telephone: (585) 295-4424
                    E-mail address: tcronmiller@hblaw.com

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Broome Co-Operative Insurance Company as subrogee of Tracey M. Guido

## DEFENDANTS
Electrolux North America, Inc.

**(b)** County of Residence of First Listed Plaintiff   Broome, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Krych & Whitenour, LLC
300 South State St., Suite 404, Syracuse, NY 13202
Tel: (315) 472-1175

Attorneys *(If Known)*
Hiscock & Barclay, LLP
100 Chestnut St., Suite 2000, Rochester, NY 14604
Tel: (585) 295-4424

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) |     Liability    ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product ☐ 345 Marine Product     Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending     Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 360 Other Personal    ☐ 380 Other Personal     Injury       Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury -    ☒ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| ☐ 196 Franchise |     Med. Malpractice     Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | Act ☐ 896 Arbitration |
| **REAL PROPERTY**    **CIVIL RIGHTS**    **PRISONER PETITIONS** | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 210 Land Condemnation    ☐ 440 Other Civil Rights    ☐ 510 Motions to Vacate | | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 220 Foreclosure    ☐ 441 Voting       Sentence | | | | ☐ 950 Constitutionality of |
| ☐ 230 Rent Lease & Ejectment    ☐ 442 Employment    **Habeas Corpus:** | | | | State Statutes |
| ☐ 240 Torts to Land    ☐ 443 Housing/     ☐ 530 General | | | | |
| ☐ 245 Tort Product Liability       Accommodations    ☐ 535 Death Penalty | | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property    ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other       Employment    ☐ 550 Civil Rights | | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - | | |
|    ☐ 446 Amer. w/Disabilities -    ☐ 555 Prison Condition       Other    ☐ 560 Civil Detainee - | | Alien Detainee (Prisoner Petition) | | |
|    ☐ 448 Education       Conditions of       Confinement | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Subrogor plaintiff is claiming a dryer was defective causing a fire at its insured's residence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   02/04/2013

SIGNATURE OF ATTORNEY OF RECORD   s/ Thomas B. Cronmiller

**FOR OFFICE USE ONLY**

RECEIPT #  0206-2447128   AMOUNT  $350.00   APPLYING IFP _____   JUDGE  TJM   MAG. JUDGE  TWD

Case No. 6:13-CV-0132



IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| OLEG CASSINI, INC., | Civil Action No. |
| Plaintiff, | |
| -vs- | **COMPLAINT AND JURY DEMAND** |
| ELECTROLUX HOME PRODUCTS, INC., | |
| Defendant. | (ECF Case) |

Plaintiff Oleg Cassini, Inc. ("OCI" or "Plaintiff"), by and through its attorneys of record, and for its cause of action against Defendant Electrolux Home Products, Inc. ("Electrolux", "Defendant" or the "Company") by way of Complaint, alleges, and states as follows:

## PARTIES

1.      At all times relevant hereto, OCI, was, and is, a corporation organized, existing and operating under the laws of the State of New York, with its principal place of operation in the State of New York.

2.      OCI has offices located at 1370 Broadway in the City of New York, State of New York.

3.      At all times relevant hereto, Defendant was, and is, a corporation organized, existing and operating under the laws of the State of Delaware, with its principal place of operation in the State of Ohio.

4.      Defendant is, upon information and belief, in the business of designing, manufacturing, assembling, selling, distributing and/or otherwise placing into the stream of commerce household appliances and appliances for professional use, including their components

and parts, selling more than 40 million products to customers in more than 150 markets every year, under a variety of brand names, including, but not limited to, "Frigidaire".

5.     Defendant sells and advertises its products throughout the United States including New York.

6.     At all times relevant hereto, OCI was, and is, the owner of a property consisting of over forty (40) acres on Long Island's North Shore with several large buildings including the main house, carriage house, large garage and office complex, several barns and accessory buildings as well as other buildings located at 313 McCouns Lane, Oyster Bay Cove, New York 11771 (the "Premises") and certain property contained therein, including, but not limited to, cabinetry, furniture, appliances, fine and unique artwork, one-of-a-kind historical sketches, original artwork, artifacts, fixtures, irreplaceable memorabilia, items on the Premises and other improvements (collectively the "Property").

7.     The main house building (where the damages resulting from the fire described below occurred), was built circa 1901 by one of the founding families of Tiffany's, and contains many unique architectural details and craftsmanship.  The construction of the main house building is brick, stone, cement, wire lath plaster; an extremely fire resistant type of construction. A true photograph of the main house building is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

8.     The court has jurisdiction over the parties to this action.

9.     The court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. § 1332 in that this action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

10.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

11.     In or about 2004 OCI purchased a Frigidaire Gallery Supreme Series GSEQ642AS under-the-counter dryer (the "Product") that was designed, manufactured, assembled, sold, distributed and/or otherwise placed into the stream of commerce by Defendant.

12.     At the time the Product was designed, manufactured, assembled, sold, distributed and/or otherwise placed into the stream of commerce by Electrolux, the Product was in a defective condition, which defect rendered it unreasonably dangerous to persons and property.

13.     The unreasonably dangerous and defective condition(s) of the Product and/or its components existed at the time it left the hands of Electrolux.

14.     At all relevant times, up to and including August 3, 2008 the Product was used by Plaintiff for the purpose and in the manner for which it was designed and intended.

15.     On or about Sunday, August 3, 2008, a fire ignited inside the Product causing substantial damage and destruction to the Premises.

16.     The fire was caused by the dangerous and defective Product and/or its components.

17.     At the time of the fire, the Product and/or its components had not been substantially altered from the condition they were in at the time they left the hands of Electrolux.

18.     The fire resulted in substantial and significant damage to several rooms of the main house which included smoke and water damage along with the destruction of irreplaceable and important Property.

19.     Damages were also incurred during the course of fighting the fire.

20.     Immediately upon learning of the fire caused by the defective Product, OCI contacted Electrolux and informed it of the substantial and significant damages sustained as a direct result of the defective Product.

21. Electrolux repeatedly acknowledged its negligence and advised OCI that it would reimburse OCI for all damages sustained.

22. Despite Electrolux's repeated promises to reimburse OCI for the damages sustained, Electrolux failed to do so.

23. As a direct and proximate result of the Defendant's dangerous and defective Product and/or its components, the subject fire occurred and caused substantial damage to the Property and Premises of OCI.

### COUNT I
### (*Strict Liability*)

24. Plaintiff repeats the Facts Common to All Counts as if set forth more fully herein.

25. The subject fire and resulting damage to the Property and Premises were directly and proximately caused by the improperly, defectively and unreasonably dangerous design and/or manufacture of the Product and/or its components, which were distributed and sold by Electrolux, and which created a severely dangerous condition in that the Product and/or its components posed an unreasonable risk of harm to persons and the OCI Property.

26. Electrolux failed to timely and adequately warn OCI of the dangers associated with, and inherent in, the Product.

27. Plaintiff had purchased the same model under-the-counter Frigidaire dryer that resulted in a fire at the main house on the Premises in or about 2004.

28. The dryer involved in the 2004 fire was approximately one year old.

29. Electrolux adjusted the claim arising from the 2004 fire and paid Plaintiff for the damages in connection therewith. The fire in 2004 was less devastating than the August 2008 fire.

30.     Plaintiff was assured that the defect was corrected and that Plaintiff could safely repurchase another under-the-counter Frigidaire of the same model so as to fit in the same space.

31.     Based upon these representations, and in reliance therewith, Plaintiff repurchased the same Frigidaire under-the-counter model to its detriment.

32.     This same model resulted in the within fire on or about Sunday, August 3, 2008.

33.     Defendant falsely represented that all defects with this model had been corrected.

34.     Defendant knew that said representations and omissions were false and misleading at the time they were made and/or concealed.

35.     Plaintiff relied on the false and misleading representations and omissions made by the Defendant to its detriment.

36.     Unbeknownst to the Plaintiff, Defendant was aware of several fires associated with this under-the-counter model dryer.

37.     Defendant was conducting studies in foreign countries to determine the source of the dryer fires yet intentionally concealed this information from the purchasing public including OCI.

38.     Defendant negligently and/or intentionally failed to warn the Plaintiff or to recall this model dryer notwithstanding the known inherent risk to life and property.

39.     The Company has previously acknowledged that there were prior problems with this particular model of dryer and that there was an inherent risk of fire associated with such Product, yet it continued to market the product as safe.

40.     As a direct and proximate result of the Defendant's actions, the dangerous and defective Product and/or its components caused a fire which resulted in substantial and irreplaceable damage to the main house on the Premises and the Property.

41.     The Defendant acted recklessly and with wanton disregard for persons violated through affirmative material misrepresentations and omissions regarding the Product, including but not limited to the following:

(a)     At the time the Product was designed, manufactured, distributed, placed in the stream of commerce and sold by Electrolux, the Product was in a defective condition which rendered it unreasonably dangerous to persons and property. Electrolux knowingly concealed said information from the Plaintiff.

(b)     Defendant was aware of several fires associated with and/or caused by the Product and Defendant knowingly concealed said information from the Plaintiff.

(c)     Defendant affirmatively represented to the Plaintiff that the Product was safe and fit for its intended use when it knew that it was unreasonably dangerous and not fit for its intended use.

(d)     Failed to have proper thermostat controls such that it failed to shut off when the unit overheated.

42.     As a result of Electrolux's failure to warn and/or the dangerously, improperly and defectively designed and/or manufactured Product and/or its components, which were designed, manufactured, distributed, sold or otherwise placed into the stream of commerce by Electrolux, Defendant is strictly liable to OCI under the applicable statutory and common laws.

43.     The Company demonstrated a complete and utter lack of indifference to the severe risk of harm that its defective Product posed to its consumers.

44.     Defendant knowingly put a dangerous and defective product into the stream of commerce.

45.     The activities associated with Electrolux's placement of the defective product into the stream of commerce given its knowledge of its inherent problems and defects constitutes egregious, outrageous and reprehensible conduct.

46.     The public as well as the Plaintiff has been harmed and placed at risk due to this reckless conduct.

47.     A public wrong would be vindicated by the award of punitive damages against Defendant.

48.     OCI has incurred significant costs, expenses and losses as a consequence of Defendant's egregious and unlawful conduct.

**WHEREFORE**, Plaintiff, OCI, demands judgment against Defendant Electrolux for damages and punitive damages, together with pre-judgment and post-judgment interest, attorney's fees, the costs of suit, and such other relief as this Court may order and deem just and equitable.

## <u>COUNT II</u>
### (*Negligence*)

49.     Plaintiff repeats the Facts Common to All Counts and the allegations contained in the First Count as if set forth more fully herein.

50.     Electrolux owed OCI a duty to provide it with a Product and/or that its components that were safe and that such Product would not cause harm to it or its Property, and to timely and adequately warn OCI of the existence of any dangers associated with the Product.

51.     Electrolux breached its duty to OCI by providing it with an unreasonably dangerous and defective Product and/or its components, and by failing to timely and adequately warn OCI of the existence of any dangers associated with the Product, which caused damage to its Property.

52.　　The fire and resulting damage and destruction to the OCI Property was directly and proximately caused by the negligence, recklessness, carelessness and/or negligent acts and/or omissions of Electrolux, its agents, servants and/or employees, in failing to warn of the Product's dangers and/or its failure to properly design, manufacture, distribute, sell, install, inspect, maintain and/or test the Product and/or its components, prior to placing same into the stream of commerce for purchase.

53.　　As a direct and proximate result of the foregoing negligent acts and/or omissions, the Product and/or its components was dangerously defective and caused the subject fire and resulting damage to OCI.

**WHEREFORE**, Plaintiff, OCI, demands judgment against Defendant Electrolux for damages, together with pre-judgment and post-judgment interest, attorney's fees, the costs of suit, and such other relief as this Court may order and deem just and equitable.

## COUNT III
### (*Breach of Express and/or Implied Warranty*)

54.　　Plaintiff repeats the Facts Common to All Counts and the allegations contained in the First and Second Counts as if set forth more fully herein.

55.　　At all times relevant hereto, Defendant Electrolux impliedly and expressly warranted that the Product and/or its components were of good and merchantable quality, fit for their particular purpose and free from defects.

56.　　At all times relevant hereto, Defendant Electrolux dangerously, improperly and/or defectively designed and/or manufactured the Product and/or its components, which created a dangerous condition that exposed OCI and its Property to an unreasonable risk of harm.

57.　　Defendant was fully aware of the dangers associated with this model but nevertheless elected not to warn the Plaintiff of the dangers associated with this Product.

-8-

58.     Defendant took no action to recall this Product despite having knowledge of numerous claims of fire resulting therefrom.

59.     The first Electrolux/Frigidaire authorized person, (Above All Appliance Repair), who appeared on behalf of the Defendant shortly after the fire occurred in order to inspect the defective Product noted that Plaintiff had sustained "the worst dryer fire" he had seen in his forty-five (45) years in the business; that the dryer was properly installed and vented; and that the dryer was burned beyond anything he had ever seen.  A true photograph of the burnt out dryer is attached hereto as Exhibit B.

60.     As a result of its actions, Electrolux has breached its express and implied warranties described herein, including, but not limited to, its warranties of merchantability and fitness for a particular purpose.

61.     As a direct and proximate result of Defendant Electrolux's breach of the expressed and implied warranties described herein, OCI has suffered damages.

**WHEREFORE**, Plaintiff, OCI, demands judgment against Defendant Electrolux for damages, together with pre-judgment and post-judgment interest, attorney's fees, the costs of suit, and such other relief as this Court may order and deem just and equitable.


## COUNT IV
### (Violation of the New York Consumer Protection From Deceptive Acts and Practices Statute)

62.     Plaintiff repeats the Facts Common to All Counts and the allegations contained in the First, Second, Third and Fourth Counts as if set forth more fully herein.

63.     The Defendant violated the New York Consumer Protection From Deceptive Practices Statute, New York General Business Law §349 (the "Statute") in its dealings with the

Plaintiff and the consuming public through affirmative material misrepresentations and omissions regarding the Product, including but not limited to the following:

        a.      At the time the Product was designed, manufactured, distributed, placed in the stream of commerce and sold by Electrolux, the Product was in a defective condition which rendered it unreasonably dangerous to persons and property. Electrolux knowingly concealed said information from the Plaintiff and consumers.

        b.      Defendant was aware of several fires associated with and/or caused by the Product and Defendant knowingly concealed said information from the Plaintiff and consumers.

        c.      Defendant affirmatively represented to the Plaintiff that the Product was safe and fit for its intended use when it knew that it was unreasonably dangerous and not fit for its intended use.

64.    Defendant knew that said representations and omissions were false and misleading at the time they were made and/or concealed.

65.    The misrepresentations and omissions of the Defendant were deceptive and directed at the Plaintiff, a consumer.

66.    The misrepresentations and omissions of the Defendant were materially misleading to Plaintiff and other consumers.

67.    As a result of the above deceptive acts and omissions on the part of the Defendant, Electrolux has violated the Statute.

**WHEREFORE**, Plaintiff demands judgment against Electrolux for damages, along with treble damages and attorneys' fees pursuant to the Statute, together with pre-judgment and post-judgment interest, costs of suit and such other relief as this Court may order just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by a jury.

Dated: New York, New York
   February 22, 2011

       REPPERT KELLY, LLC


By: _____
    Christopher P. Kelly, Esq. (CK-0195)
    J. Vincent Reppert, Esq. (JR-1984)
    120 Mountain View Boulevard
    Post Office Box 509
    Basking Ridge, New Jersey 07920
    (908) 605-2120
    ckelly@reppertkelly.com
    jvreppert@reppertkelly.com

    570 Lexington Ave., 8th Floor
    New York, New York 10022
    (212) 490-0988

    Co-Counsel for Plaintiff
    Sean T. Burns, Esq.
    CARROLL, MCNULTY & KULL, LLC
    570 Lexington Ave., 8th Floor
    New York, New York 10022
    (646) 625-4000
    sburns@cmk.com





**72025 PJO/la**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Allstate Insurance Company<br>P.O. Box 21169<br>Roanoke, VA 24018 | (<br>(<br>(   CASE NO:<br>( |
| Plaintiff | (   JUDGE:<br>( |
| vs. | (<br>( |
| Electrolux Home Products, Inc.<br>20445 Emerald Parkway S.W. #2<br>Cleveland, Ohio 44135 | (<br>(   **COMPLAINT**<br>(<br>( |
| and | (<br>(   (*Jury Demand Endorsed Hereon*) |
| John Doe Companies 1-10<br>True Name Unknown<br>True Address Unknown | (<br>(<br>( |
| Defendants | (<br>( |

## THE PARTIES

1.      Plaintiff, Allstate Insurance Company (hereinafter "Allstate"), is a Virginia

Corporation licensed to conduct business and issue policies of insurance in the State of Illinois,

with its principal place of business located at 2775 Sanders Rd. in Northbrook, Illinois 60062.

2.      Defendant, Electrolux Home Products, Inc. (hereinafter "Electrolux) is a Delaware

corporation with a principal place of business located at 20445 Emerald Parkway SW #2,

Cleveland, Ohio 44135.   At all times relevant hereto, this Defendant was engaged in the business

of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing and selling dryers in the United States, including the State of Texas.

3.     Defendants, John Does (1-10), were engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, packaging, labeling, distributing and selling dryers in the United States, including the State of Texas. Said Defendants true names and address are unknown to Plaintiff despite reasonable inquiry.

## FACTS

4.     Plaintiff, Allstate issued a policy of insurance to its insured, Ronnie Diffee who was the owner of a Kenmore brand gas-fueled dryer, which was manufactured by Defendant Electrolux in January 2002, further identified by date code "AMB", as well as the real and personal property located at 9507 Chalford Drive, Houston, Texas, (hereinafter the "Property"), the contents located therein, living expenses and certain other losses.

5.     Upon information and belief, some time, approximately in 2002, Plaintiff's insured purchased and/or came into possession of the aforementioned electric clothes dryer that was designed, manufactured, maintained, assembled, inspected, tested, marketed, packaged, labeled, sold and/or distributed and placed into the stream of commerce by Defendants, Electrolux and John Does (1-10).

6.     On or about February 16, 2011, the gas-fueled dryer that was designed, manufactured, maintained, assembled, inspected, tested, marketed, packaged, labeled, sold and/or distributed by Defendants, Electrolux and John Does (1-10) caused a fire in the Property.

7.     On or about February 16, 2011, Plaintiff's insured placed a load of clothes in the dryer and turned it on. Shortly thereafter, Plaintiff's insured was alerted to smoke and fire coming from the dryer.

8.     Upon Plaintiff's information and belief, the aforementioned fire and resulting damages was the result of the flame and/or hot gases produced by the gas fire burner, igniting lint that collected within the dryer cabinet directly behind the drum. The ignited lint was carried throughout the drum and ignited additional lint that it collected in the lint screen and trap duct. The plastic components of the dryer then ignited resulting in fire and smoke damage

9.     Defendant Electrolux was negligent in placing a product in the stream of commerce that was defective in design and/or warning as follows:

a) Electrolux knew or should have known that the clothing in the drum and the lint collecting in the dryer are combustible and that the heat sources within the dryers can ignite combustible materials;

b) Electrolux should have separated potential ignition sources from the first fuels within the dryer, i.e. lint and clothing;

c) Electrolux designed the dryer with the heating element in close proximity to the rear of the drum and the combustible lint and clothing known to collect there;

d) Electrolux failed to utilize steel components and/or plastic components with higher degrees of fire resistance to reduce potential for burning lint or clothing within the dryer cabinet;

e) Electrolux failed to recognize that it would be reasonably foreseeable for the user to ignore instructions and/or not properly instruct the user as to regular maintenance;

f) Electrolux failed to provide a specific warning about lint accumulation within the cabinet in close proximity to heat source;

g) Electrolux did not properly instruct owners or servicers how to conduct regular maintenance of the dryers; and

h) The Electrolux dryer was unreasonably dangerous and defective because it posed a risk to property damage and serious injury without warning of the risks or failing to use adequate guard or safety.

10. Upon Plaintiff's information and belief, from the time the dryer was delivered and installed prior to 2002, there were no prior problems with the dryer and no repairs made to the dryer. The only maintenance to the dryer was regularly cleaning the lint filter prior to every load and vacuuming of the exhaust duct work.

11. As a result of the fire described in the preceding paragraphs, the Plaintiff's insured, Ronnie Diffee, residence was severely damaged and required reconstruction and/or repair, his personal property was destroyed and/or damaged, he incurred living expenses and suffered certain other losses covered by his policy of insurance with Plaintiff, Allstate.

12. Pursuant to its policy of insurance with its insured, Plaintiff, Allstate made payments to its insured, Ronnie Diffee, for damages in an amount in excess of $93,201.00.

13. By virtue of Plaintiff, Allstate's payments made to or on behalf of its insured, Ronnie Diffee, in accordance with the terms and conditions of the aforementioned policy of insurance, Plaintiff, Allstate is now subrogated to the rights of recovery of its insured, Ronnie Diffee, against Defendants, Electrolux and John Does (1-10).

## COUNT I
### Plaintiff v. Electrolux and John Does (1-10) – Negligence

14. Plaintiff re-alleges and incorporates paragraphs 1-13 as paragraph number 14 of Plaintiff's Complaint.

15. Prior to, February 16, 2011, Defendants, Electrolux and John Does (1-10) were engaged in the business of designing, manufacturing, maintaining, assembling, inspecting, installing, testing, marketing, packaging, labeling, selling and/or distributing dryers and/or their component parts and did design, manufacture, maintain, assemble, install, inspect, test, market, package, label, sell and/or distribute the aforementioned dryer and/or its component parts which was owned by Plaintiff's insured.

16. The Defendants, Electrolux and John Does (1-10), knew or had reason to know of the purpose for which said dryer and/or its component parts were intended and further had reason to know that a defect would cause said dryer and/or its component parts to become an inherently dangerous instrumentality for users thereof, including the Plaintiff's insured, and thus owed plaintiff a duty of care and skill in the design, manufacture, maintenance, assembly, installation, inspection, testing, marketing, packaging, labeling, selling and/or distribution of the aforesaid dryer and/or its component parts and to further exercise ordinary and reasonable care to ascertain that said dryer and/or its component parts were reasonably fit for the purpose for which it was manufactured and intended to be used.

17. Not withstanding said duty, Defendants, Electrolux and John Does (1-10), their agents, servants, and or employees, acting within the course and scope of their employment and agency were guilty of one or more of the following acts or omissions:

> a. manufactured, sold, distributed, designed, supplied and/or assembled said dryer and its component parts in a defective and unreasonably dangerous condition.
>
> b. Failing to properly and adequately inspect and or test said dryer and its component parts.

18.     As a direct and proximate result of the aforesaid negligent conduct of the Defendants, Electrolux and John Does (1-10), the Plaintiff's insured, Ronnie Diffee's real property was severely damaged requiring reconstruction and/or repair, his personal property was destroyed and/or damaged, he incurred living expenses and suffered certain other losses covered by his policy of insurance with Plaintiff, Allstate.

19.     Pursuant to the terms and conditions of its insurance policy with Ronnie Diffee, Allstate, made payments to its insured for damages in an amount in excess of $93,201.00.

20.     By virtue of its payments made to or on behalf of Ronnie Diffee and in accordance with the terms and conditions of the aforementioned policy of insurance, Plaintiff, Allstate, is now subrogated to it's insured's rights of recovery against Defendants, Electrolux and John Does (1-10) to this extent.

**WHEREFORE,** Plaintiff demands Judgment for damages, in its favor against the Defendants, Electrolux and John Does (1-10), individually, jointly, severally, or in the alternative, in the amount of $93,201.00, plus costs of suit.

## COUNT II
### Plaintiff v. Electrolux and John Does (1-10) – Products Liability

21.     Plaintiff re-alleges and incorporates paragraphs 1-20 as paragraph 21 of Plaintiff's Complaint.

22.     Defendants, Electrolux and John Does (1-10) had a duty to assure that products placed into the stream of commerce were not defective.

23.     The said dryer and/or its component parts were expected to and did reach the usual consumer, specifically, Plaintiff's insured, Ronnie Diffee, without substantial change in the condition in which it was manufactured and sold. At the time of the manufacture and sale, the

dryer, and or its component parts were in a defective condition which was dangerous to users, to the general public, and in particular to Plaintiff's insured, Ronnie Diffee.

24.    On or about February 16, 2011, a fire emanated from said dyer causing structural damage to Plaintiff's insured's home and Plaintiff's insured suffered personal property damage and additional living expenses.

25.    The fire was due to a faulty interior base of the dyer and or its component parts that were defectively designed, manufactured, assembled, tested and distributed and sold into the stream of commerce by Defendants, Electrolux and John Does (1-10)

26.    As a direct and proximate result of the defective and inherently dangerous condition of said dryer, and/or its component parts, Allstate's insured home, and personal property caught fire and Allstate was required to and repair or replace the same.

27.    Allstate Insurance Company was then and there required to and did pay on behalf of its insured, the sum of $93,201.00, for real property damage, personal property damage and living expenses.

**WHEREFORE,** Plaintiff demands Judgment for damages in its favor against the Defendants, Electrolux and John Does (1-10), individually, jointly, severally, or in the alternative, in the amount of $93,201.00, plus costs of suit.

KEIS GEORGE llp
Attorneys for Plaintiff
55 Public Square #800
Cleveland, Ohio 44113
P: 216-241-4100 / F: 216-771-3111
E: pomalley@keisgeorge.com

*/s/ Patrick J. O'Malley*

Patrick J. O'Malley (0064987)
Trial Counsel

## **JURY DEMAND**

A trial by jury is hereby requested on issues herein.

*/s/ Patrick J. O'Malley*

Patrick J. O'Malley (0064987)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Allstate Insurance Company | Electrolux Home Products, Inc. |

(b) County of Residence of First Listed Plaintiff    Roanoke
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cuyahoga
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick J. O'Malley, KEIS GEORGE llp, 55 Public Square, Suite 800
Cleveland, Ohio 44113 (216) 241-4100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government      ☐ 3  Federal Question
     Plaintiff             *(U.S. Government Not a Party)*

☐ 2  U.S. Government      ☒ 4  Diversity
     Defendant             *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|   & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |    Corrupt Organizations |
|    Student Loans | ☐ 340 Marine |    Injury Product | | | ☐ 480 Consumer Credit |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |    Act | ☐ 862 Black Lung (923) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal |    Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |    Product Liability |    Leave Act | |    Act |
| |    Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |    Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | |    or Defendant) |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    26 USC 7609 |    State Statutes |
| ☒ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other | ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original      ☐ 2  Removed from      ☐ 3  Remanded from      ☐ 4  Reinstated or      ☐ 5  Transferred from      ☐ 6  Multidistrict
     Proceeding        State Court        Appellate Court        Reopened        Another District        Litigation
                                                         *(specify)*

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Product liability Complaint causing property damage.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
93,201.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE                DOCKET NUMBER

DATE
02/15/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Patrick J. O'Malley

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**     Civil Categories: (Please check <u>one category only</u>).

        1.  [✓]   General Civil
        2.  [ ]   Administrative Review/Social Security
        3.  [ ]   Habeas Corpus Death Penalty

   *If under Title 28, §2255, name the SENTENCING JUDGE: _____

                      CASE NUMBER: _____

**II.**     <u>RELATED OR REFILED CASES</u>. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court
        and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and
        subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for
        the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for
        bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

     This action is [ ] **RELATED** to another **PENDING** civil case. This action is [ ] **REFILED** pursuant to **LR 3.1**.

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**     In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the
        divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the
        purpose of determining the proper division, and for statistical reasons, the following information is requested.

        ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH
        PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

        (1)     <u>Resident defendant</u>. If the defendant resides in a county within this district, please set forth the name of such
        county
        <u>COUNTY:</u>
        Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which
        it has its principal place of business in that district.**

        (2)     <u>Non-Resident defendant</u>. If no defendant is a resident of a county in this district, please set forth the county
             wherein the cause of action arose or the event complained of occurred.
        <u>COUNTY:</u>

        (3)     <u>Other Cases</u>. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle
             place of business within the district, and the cause of action arose or the event complained of occurred outside
             this district, please set forth the county of the plaintiff's residence.
        <u>COUNTY:</u>

**IV.**     The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is
        determined in Section **III**, please check the appropriate division.

        <u>EASTERN DIVISION</u>

        [ ]  **AKRON**           (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
        [ ]  **CLEVELAND**       (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,
                                          Lorain, Medina and Richland)
        [ ]  **YOUNGSTOWN**      (Counties: Columbiana, Mahoning and Trumbull)

        <u>WESTERN DIVISION</u>

        [ ]  **TOLEDO**          (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,
                                          Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca
                                          VanWert, Williams, Wood and Wyandot)

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| Allstate Insurance Company | ) | |
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Electrolux Home Products, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Electrolux Home Products, Inc.
20445 Emerald Parkway S.W. #2
Cleveland, Ohio 44135

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Patrick J. O'Malley, Esq.
KEIS GEORGE llp
55 Public Square, Suite 800
Cleveland, Ohio 44113

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐  I returned the summons unexecuted because _____ ; or

☐  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

FILED

2012 DEC -7 PM 12: 57

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

|   |   |   |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number |
| | ) | |
| v. | ) | **3:12 C V 3000** |
| | ) | |
| ELECTROLUX HOME PRODUCTS, INC. | ) | **JUDGE HELMICK** |
| | ) | **MAG. JUDGE ARMSTRONG** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff American Family Mutual Insurance Company, for its complaint against

defendant Electrolux Home Products, Inc., state:

### JURISDICTION

1.      The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §

1332 as the plaintiff and the defendant are citizens of difference states, are diverse parties and the

amount in controversy exceeds $75,000.00.

2.      Venue is proper in the Northern District of Ohio pursuant to 28 USC §1391 (b)(2) as the a

substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3.      American Family Mutual Insurance Company ("American Family") is an insurance

company licensed in the State of Wisconsin and engaged in the business of insuring properties

throughout the United States including Ohio, with its principal place of business in Madison,

Wisconsin.

4.      Defendant Electrolux Home Products, Inc. ("Electrolux") is a Delaware corporation with

its principal place of business located at 10200 Taylor Drive, Charlotte, North Carolina.

5.      At all times relevant to this complaint, Electrolux was engaged in the business of

designing, manufacturing, and distributing clothes dryers throughout the United States.

## BACKGROUND

6.      At all times relevant, the entities or individuals (collectively referred to as "the plaintiff's

insureds") listed in Exhibit A of this complaint (incorporated herein by reference) either owned

or rented homes or buildings located at the corresponding addresses identified on Exhibit A,

which homes or buildings were insured by the plaintiffs.

7.      Fires occurred at the homes or buildings of the plaintiff's insureds (hereinafter referred to

as the "fire losses") and the date of each fire loss is identified in Exhibit A.

8.      Pursuant to their respective insurance policies, the plaintiff's insureds submitted claims to

the plaintiff seeking payment and/or reimbursement for property damage that resulted from the

fire losses.

9.      The plaintiff was obligated to, and did, in fact, pay over $75,000.00 to or on behalf of its

insureds for damages to property insured by the the plaintiffs caused by the fire losses.  The

individual payments made by the plaintiffs are itemized and listed in Exhibit A.

## FACTS

10.      At various dates and times, the plaintiff's insureds purchased clothes dryers and/or

purchased or rented homes or buildings equipped with clothes dryers including gas clothes

dryers, electric clothes dryers, gas laundry centers, or electric laundry centers (hereinafter

collectively referred to as "the clothes dryers").

2

11.     The aforementioned clothes dryers were designed, manufactured, distributed, and sold into the stream of commerce by Electrolux.

12.     At all relevant times, the plaintiff's insureds used the clothes dryers for their intended purpose of drying laundry and used them in a manner reasonably foreseeable by Electrolux.

13.     Before the fire losses, lint accumulated inside the clothes dryers in areas not observable to the plaintiff's insureds, and in close proximity to the heat sources of the clothes dryers, either gas burners or electric heating elements, creating an increased risk of fire.

14.     The clothes dryers ignited and burned in the homes or buildings of the plaintiff's insureds, and caused significant fire related property damage. The date of each fire loss, the address of each home/building that sustained property damage, and name of the corresponding insured are listed in Exhibit A.

## COUNT I - STRICT LIABILITY

15.     The plaintiffs incorporate herein by reference the preceding paragraphs.

16.     The clothes dryers were unreasonably dangerous at the time they left the control of Electrolux because:

a. the clothes dryers were designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source, either a gas burner flame or electric heating element, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b. the clothes dryers were designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c. the clothes dryers were designed and manufactured so that particles of lint that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the

3

combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

f. the clothes dryers were designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g. the clothes dryers were designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h. the clothes dryers were designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i. the clothes dryers were designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

j. the clothes dryers were designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

17.    As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the clothes dryers ignited and burned in the homes/buildings of the plaintiff's insureds causing significant fire related property damage.

18.    Pursuant to the provisions of the policies of insurance issued to their insureds, the plaintiff paid to or on behalf of their insureds sums in excess of $75,000.00 to repair or replace

4

damaged or destroyed property and otherwise compensate its insureds for losses sustained as the result of the fire damage.

19.      By virtue of its payments, terms of its policies of insurance, and by virtue of equity, the plaintiff has become and is subrogated to all rights, remedies, and causes of action accruing to their insureds and against Electrolux.

## **COUNT II - NEGLIGENCE**

20.      The plaintiffs incorporate herein by reference the preceding paragraphs.

21.      At all times relevant, Electrolux had a duty to exercise reasonable care in the design, manufacture, and distribution of the aforementioned clothes dryers.

22.      Upon information and belief, Electrolux breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and distributing the clothes dryers at issue in this case.

23.      Upon information and belief, Electrolux's negligent acts and omissions include, but are not limited to:

     a. Carelessly and negligently designed and manufactured the clothes dryers with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer, a gas burner flame, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

     b. Carelessly and negligently designed and manufactured the clothes dryers with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

     c. Carelessly and negligently designed and manufactured the clothes dryers so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. Carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. Carelessly and negligently designed and manufactured the clothes dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

f. Carelessly and negligently designed and manufactured the clothes dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

g. Carelessly and negligently designed and manufactured the clothes dryer without conducting any lint accumulation tests;

h. Carelessly and negligently designed and manufactured the clothes dryer without conducting any fire risk studies on the design of the product;

i. Carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j. Carelessly and negligently designed and manufactured the clothes dryers without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k. Carelessly and negligently designed and manufactured the clothes dryers without any warnings contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

l. Carelessly and negligently designed and manufactured the clothes dryers with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

24. As a direct and proximate result of one or more of Electrolux's negligent acts or omissions, the clothes dryers ignited and burned in the homes/buildings of the intervening plaintiffs' insureds, causing significant related property damage.

6

25.     Pursuant to the provisions of the policies of insurance issued to their insureds by

the plaintiffs, the intervening plaintiffs each paid to or on behalf of their insureds sums in excess

of $75,000.00 to repair or replace damaged or destroyed property and otherwise compensate

their insureds for losses sustained as the result of said fire damage.

26.     By virtue of their payments, terms of their policies of insurance, and by virtue of equity,

the plaintiff has become and is subrogated to all rights, remedies, and causes of action accruing

to its insureds and against Electrolux.

## COUNT III - CLAIM FOR EXEMPLARY DAMAGES

27.     The plaintiffs incorporate herein by reference the preceding paragraphs.

28.     At least as early as 1995, Electrolux was in possession of a report which indicated that

there was charred lint in a heater pan in Electrolux's test dryers.

29.     In 2002-03, Electrolux employee Michael Ricklefs performed a test which proved that

lint could ignite in the burner tube, and ultimately, ignite the load.

30.     At least as early as 2005, Electrolux's design engineer admitted to the Japanese

government that lint could travel backwards through the dryer into the heater pan.

31.     Electrolux knows of at least 2,341 incidents of smoke/fire involving its dryers over a five

year period, with over 80% of the claims within 18 months of usage.

32.     Electrolux either knew, or recklessly disregarded the fact that, the plastics it chose to use

in the construction of its dryers, rather than available alternatives, would cause internal lint fires

to spread outside the dryer, thus causing the very damages claimed by the plaintiffs in this action.

1.     Notwithstanding Electrolux's actual knowledge of the foregoing facts, it failed to warn its customers, instruct its customers, recall its dryers or modify the design of the dryers it sold to the plaintiffs' insureds.

2.     To this day, Electrolux continues to deny, hide and obfuscate the foregoing facts, some of which it has known for at least 17 years.

3.     Electrolux continues to fail to warn its customers, instruct its customers, recall its dryers or modify the dryers it has sold.

4.     Electrolux's actions constitute a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

5.     Electrolux's actions demonstrate deliberate acts and omissions, with knowledge of a high degree of probability of harm and reckless indifference to the consequences.

6.     The foregoing facts entitle plaintiffs to an award of punitive damages.

**COUNT IV: NEGLIGENT BREACH OF CONTINUING DUTY TO WARN**

7.     The plaintiffs incorporate herein by reference the preceding paragraphs.

8.     Prior to the sale of the subject dryers to the plaintiffs' insureds, Electrolux had actual knowledge of the fact that the dryer contained the defects and dangerous conditions described above, and that the design of the dryer caused the dryer to be a fire hazard.  Electrolux had obtained this actual knowledge in the following and other ways:

    a.     Prior to January 29, 2010, it had received at least several hundred claims, been sued at least several dozen times, by insurers that had paid claims for damages caused by Electrolux dryer fires.

8

  b. It had received written reports from Jack Sanderson, Ron Parsons, Mike Stoddard, William Keefe, employees of Donan Engineering, employees of SEA Limited, and other experts which identified, described and analyzed the defects and dangerous conditions described above, and further described how such dangerous conditions could have been corrected.

  c. Electrolux conducted its own research which resulted in it confirming the existence of the defects described above, such confirmation occurring prior to the sale of the subject dryers to plaintiffs' insureds.

  d. American Family reserves the right to identify other ways that Electrolux gained knowledge of the defects and dangerous conditions described above as such ways become known through discovery.

43. Prior to the sale of the subject dryers to plaintiffs' insureds, Electrolux had actual knowledge of the fact that the plaintiffs' insureds had purchased, owned and used the dryers.

44. Electrolux breached its continuing duty to warn the plaintiff's insureds that the dryers contained the defects and dangerous conditions described above which caused it to be a fire hazard.

45. Electrolux's breach of its continuing duty to warn was a cause of the fire and resulting damages paid by the plaintiffs.

## COUNT V: BREACH OF IMPLIED WARRANTY

46. The plaintiffs incorporate herein by reference the preceding paragraphs.

47. Pursuant to the Ohio Revised Code section 1302.27, implied in Electrolux's sale of the dryers was a warranty that the dryers were merchantable.

48.    Electrolux breached the implied warranties of merchantability in the following and other ways:

   a.    The dryers were not fit for the ordinary purpose for which residential clothes dryers are used, resulting in the breach of implied warranties pursuant to the Ohio Revised Code section 1302.27. This lack of fitness was caused by the defects and dangerous conditions described above.

   b.    Plaintiffs reserve the right to identify other ways in which the dryer was not merchantable as such ways are discovered during the course of litigation.

49.    As a result of Electrolux's breach of implied warranties, the plaintiffs are entitled to all injuries to property caused by the breach of warranty and all consequential damages pursuant to the Ohio Revised Code section 1302.89.

   WHEREFORE, plaintiffs demand judgment against Electrolux in an amount to be determined, plus prejudgment interest, exemplary damages, all taxable costs, fees and disbursements and all other just and equitable relief.

Dated this 6th day of December, 2012.

                                        YOST & BAILL, LLP
                                        Attorneys for Plaintiffs


                                        _____
                                        Ronald W. Harmeyer
                                        Wisconsin State Bar # 1026579

2300 North Mayfair Road, Suite 745
Milwaukee, WI 53226
Tel. (414)259-0600
Fax (414) 259-0610
rharmeyer@yostbaill.com

10

EXHIBIT A

| Insured | Address | Date of Fire | Claim Amount |
|---------|---------|--------------|--------------|
| Novak | 2925 Seaman Rd.<br>Oregon, OH 43616 | 12/15/2010 | $87,667.39 |
| Gucciardo | 57 Hidden Mdw<br>Holland, OH 43528 | 6/3/2011 | $6,487.84 |

# JS 44 CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
American Fmaily Mutual Insurance Company

## DEFENDANTS
Electrolux Home Products, Inc.

3:12CV3000

JUDGE HELMICK

**(b)** County of Residence of First Listed Plaintiff   Dane County, Wisconsin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Mecklenburg, NC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAG. JUDGE ARMSTRONG

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Ronald W. Harmeyer, Yost & Baill, LLP, 2300 N Mayfair Rd Suite 745, Milwaukee, WI 53005 (414) 203-2054

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Med. Malpractice | ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 and 28 USC 1391(b)(2)
Brief description of cause:
Product liability: property damage caused by clothes dryer fires.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  over $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   12/6/12

SIGNATURE OF ATTORNEY OF RECORD
Ronald W Harmeyer

**FOR OFFICE USE ONLY**
RECEIPT #   3466000787   AMOUNT   $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**   Civil Categories: (Please check <u>one category only</u>).

|   |   |   |
|---|---|---|
| 1. | ✓ | General Civil |
| 2. | ☐ | Administrative Review/Social Security |
| 3. | ☐ | Habeas Corpus Death Penalty |

*If under Title 28, §2255, name the SENTENCING JUDGE:

CASE NUMBER:

**II.**   <u>RELATED OR REFILED CASES</u>. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regardfor the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action is ☐ **RELATED** to another **PENDING** civil case. This action is ☐ **REFILED** pursuant to **LR 3.1**.

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**   In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)   <u>Resident defendant.</u> If the defendant resides in a county within this district, please set forth the name of such county
<u>COUNTY:</u>
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)   <u>Non-Resident defendant.</u> If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
<u>COUNTY:</u>

(3)   <u>Other Cases.</u> If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
<u>COUNTY:</u>

**IV.**   The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

<u>EASTERN DIVISION</u>

| | | |
|---|---|---|
| ☐ | **AKRON** | **(Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)** |
| ☐ | **CLEVELAND** | **(Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)** |
| ☐ | **YOUNGSTOWN** | **(Counties: Columbiana, Mahoning and Trumbull)** |

<u>WESTERN DIVISION</u>

| | | |
|---|---|---|
| ✓ | **TOLEDO** | **(Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)** |

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY as Subrogee of Jarrod Hasty, | ) ) ) | CASE NO.: 1:12-CV-00843 |
| | ) | |
| Plaintiff, | ) ) | JUDGE |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL BY** |
| | ) | **DEFENDANT ELECTROLUX HOME** |
| ELECTROLUX NORTH AMERICA, | ) | **PRODUCTS, INC.** |
| INC. dba Frigidaire Company *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Electrolux Home Products, Inc. ("Electrolux"), improperly identified as Electrolux North America, Inc. dba Frigidaire Company, by and through counsel, files this Notice of Removal of an action pending in the Court of Common Pleas, Clermont County, Ohio, Case No. 2012 CVB 01905 (hereinafter "the State Court Action"), to the United States District Court for the Southern District of Ohio, Western Division.  This Court is the federal judicial district within which the State Court Action is pending.  In further support of this Notice of Removal, Defendant states as follows:

**STATE COURT ACTION**

1.     On September 27, 2012, Plaintiff State Automobile Mutual Insurance Company ("State Auto") filed an action against Electrolux in the Court of Common Pleas for Clermont County, Ohio, captioned *State Automobile Mutual Insurance Company as Subrogee of Jarrod Hasty v. Electrolux North America Inc., dba Frigidaire Company, and John Does 1-3*, Case No. 2012 CVB1905.  A copy of process, the Summons, and the Complaint, which is the only pleading filed in that case, is attached as Exhibit A.

2.     Electrolux received notice of the suit on October 4, 2012, when it received a Summons and copy of the Complaint by certified mail.  This notice of removal is filed within 30 days of Electrolux receiving notice of the suit, in accordance with 28 U.S.C. §1446(b).

## REMOVAL BASED ON DIVERSITY

3.     The suit involves a controversy between citizens of different states.  State Auto is an Ohio corporation with its principal place of business in Columbus, Ohio.  Electrolux is a Delaware corporation with its principal place of business in Charlotte, North Carolina.  *See* 28 U.S.C. §1332(c)(1).

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

## NOTICE OF REMOVAL GIVEN TO STATE COURT

5.     Pursuant to 28 U.S.C. §1446(d), Defendants will provide a copy of this Notice of Removal to both the Court of Common Pleas, Clermont County, Ohio and Plaintiff promptly after the filing of this Notice.  A copy of the Notice that will be provided to the Court of Common Pleas is attached as Exhibit B.

6.     Defendants will file their Answer in compliance with Federal Rule of Civil Procedure 81(c), which governs the answer date for removed actions.

7.     At the time of this filing, the only defendant identified by name in the complaint is Electrolux, improperly identified as Electrolux North America, Inc. dba Frigidaire Company.

WHEREFORE, Defendant Electrolux Home Products, Inc. hereby removes this action from the Court of Common Pleas of Clermont County, Ohio, to the United States District Court for the Southern District of Ohio.

2

Respectfully submitted,

s/ Anastasia J. Wade
Christopher J. Carney (0037597)
Anastasia J. Wade (0082797)
BROUSE McDOWELL LPA
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
E-mail:ccarney@brouse.com
　　　　awade@brouse.com

*Counsel for Defendant*
*Electrolux Home Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal to Federal Court was

served by regular United States mail on this 31st day of October, 2012 upon:

Lorree L. Dendis
Williams & Petro Co., LLC
338 South High Street, 2d Floor
Columbus, Ohio 43215
ldendis@wplaw.org

*Attorney for Plaintiff*
*State Automobile Mutual Insurance Company*

s/ Anastasia J. Wade
*One of the Attorneys for Defendant*
*Electrolux Home Products, Inc.*

3

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY as Subrogee of Jarrod Hasty

## DEFENDANTS

ELECTROLUX HOME PRODUCTS, INC., improperly identified as Electrolux North America, Inc. dba Frigidaire Co.

**(b)** County of Residence of First Listed Plaintiff    Franklin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lorree L. Dendis, Williams & Petro Co., LLC, 338 S. High St., 2d Fl., Columbus, OH 43215, (614) 224-0531

Attorneys (If Known)

Please see attached.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 and 28 U.S.C. 1441

Brief description of cause:
Product Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE        DOCKET NUMBER

DATE
10/31/2012

SIGNATURE OF ATTORNEY OF RECORD
s/ Anastasia J. Wade

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Court*

State Court County: Clermont

Case number and caption:

| 2012 CVB 01905 | State Automobile Mut. | vs | Electrolux North Am. |
|---|---|---|---|
| Case Number | Plaintiff(s) | | Defendant(s) |

Jury Demand Made in State Court:  ☒ Yes  ☐ No

If "Yes," by which party and on what Date:

| Plaintiff | 09/27/2012 |
|---|---|
| Party | Date |

Were there parties not served prior to removal?  ☐ Yes  ☒ No

Were there parties dismissed/terminated prior to removal?  ☐ Yes  ☒ No

Were there answers filed in State Court?  ☐ Yes  ☒ No

Is there a pending TRO in State Court?  ☐ Yes  ☒ No

*If you have answered "yes" to any of the above please list parties not served, the parties dismissed/terminated and the parties that filed their answers on the reverse of this page.*

*On the reverse of this page please list all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address and phone number, including area code.*

Are copies of all state case pleadings attached to your removal?  ☒ Yes  ☐ No

If your answer is "No", when will they be filed:

List the parties that are removing the case:

Defendant Electrolux Home Products, Inc., improperly
identified as Electrolux North America, Inc. dba Frigidaire
Company

| Parties Not Served | Parties Dismissed | Answers Filed |
|---|---|---|
| *I.E. Defendant John Doe* | *I.E. Defendant John Doe* | *I.E. Defendant John Doe* |

| Party and Type | Attorney(s) |
|---|---|
| *I.E.   Plaintiff John Doe* | *I.E.   Attorney(s) Name* <br> *Firm* <br> *Address* <br> *City, State, Zip* <br> *Telephone and Fax Number* <br> *Supreme Court Number* |
| Plaintiff State Automobile Mutual Insurance Company as Subrogee of Jarrod Hasty | Lorree L. Dendis <br> Williams & Petro Co., LLC <br> 338 S. High St., 2d Fl. <br> Columbus, OH 43215 <br> Phone: (614) 224-0531 / Fax: (614) 224-0553 <br> 0013347 |
| Defendant Electrolux Home Products, Inc., improperly identified as Electrolux North America, Inc. dba Frigidaire Company | Please see attached. |

USE A SEPARATE SHEET OF PAPER IF NECESSARY

Christopher J. Carney (0037597)
Anastasia J. Wade (0082797)
BROUSE McDOWELL LPA
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
E-mail:ccarney@brouse.com
        awade@brouse.com

*Attorneys for Defendant*
*Electrolux Home Products, Inc.,*
*improperly identified as Electrolux*
*North America, Inc. dba Frigidaire Company*

🔵 **CT Corporation**

**Service of Process Transmittal**
10/04/2012
CT Log Number 521347368

**TO:** Michael Bell
Electrolux North America, Inc.
10200 David Taylor Drive
Charlotte, NC 28262

**RE:** **Process Served in Ohio**

**FOR:** Electrolux North America, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | State Automobile Mutual Insurance Company as Subrogee of Jarrod Hasty, Pltf. vs. Electrolux North America, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint, Jury Demand |
| **COURT/AGENCY:** | Clermont County Court of Common Pleas, OH<br>Case # 2012CVB01905 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Electrolux dryer - Dft. experienced a fire due to said subject dryer |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Cleveland, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/04/2012 postmarked on 10/02/2012 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service - File answer with Pltf.'s attorney or upon the Pltf. if he/she has no attorney of record // Within 3 days after the service of answer on Pltf.'s attorney - File answer with the court |
| **ATTORNEY(S) / SENDER(S):** | Lorree L Dendis<br>Williams & Petro Co., L.L.C.<br>338 S. High Street<br>Second Floor<br>Columbus, OH 43215<br>614-224-0531 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/04/2012, Expected Purge Date: 10/09/2012<br>Image SOP<br>Email Notification, Beverly Fisher beverly.fisher@electrolux.com<br>Email Notification, Michael Bell michael.bell@electrolux.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>James Wright<br>1300 East 9th Street<br>Suite 1010<br>Cleveland, OH 44114<br>216-621-4270 |

Page 1 of 1 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COURT OF COMMON PLEAS
## CLERMONT COUNTY
## BATAVIA, OH 45103

# SUMMONS

Rule 4  1970 Ohio Rules of Civil Procedure

CASE NO:  2012 CVB 01905

**State Automobile Mutual Insurance Company**
**as Subrogee of Jarrod Hasty**
**518 East Broad Street**
**Columbus, OH 43215**

       VS.

**Electrolux North America Inc**
**dba Frigidaire Company**
**c/o CT Corporation System**
**1300 E Ninth Street Ste 1010**
**Cleveland, OH 44114**

You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein.  A copy of said complaint is attached to this summons.

You are required to serve upon the plaintiff's attorney or upon the plaintiff(s) if he/she has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this Court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff's attorney is as follows:
Lorree L Dendis
338 S High Street Second Floor
Columbus,  OH 43215

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

BARBARA WIEDENBEIN, Clerk of Courts
October 2, 2012

By _____ Deputy Clerk

**Issued:**
Summons and Copy of Complaint; Certified mail; cv case, return receipt requested
7112436946802619403

# RETURN

Received this summons on the _____ day of _____, 200_

at _____o'clock and pursuant to its command, I made personal service

upon the defendant on the _____ day of _____, 200_
.

I was unable to serve a copy of the summons upon the defendant for the

following reasons:

_____

By:_____
Sheriff / Process Server

**Sheriff's Fees**

Service and return _____

Mileage _____ @ _____

**TOTAL**        _____

**Issued:**
Summons and Copy of Complaint, Certified mail; cv case; return receipt requested
7112436946802619403



**FILED**

# IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

2012 SEP 27 PM 2:27

BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS COURT
CLERMONT COUNTY, OH

| | | |
|---|---|---|
| State Automobile Mutual Insurance | : | |
| Company as Subrogee of Jarrod Hasty | : | Case No.: |
| 518 East Broad Street, | : | |
| Columbus, Ohio 43215 | : | Judge |
| | : | |
| | : | 2012 CVB1905 JUDGE HERMAN |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **Complaint** |
| **Electrolux North America Inc.,** | : | [Jury Demand Endorsed Hereon] |
| **dba Frigidaire Company** | : | |
| 10200 David Taylor Drive | : | |
| Charlotte, NC 28262 | : | |
| | : | |
| And | : | |
| | : | |
| **John Does 1-3** | : | |
| Names unknown | : | |
| Addresses unknown | : | |
| | : | |
| Defendants. | : | |

Now comes Plaintiff State Automobile Mutual Insurance Company, and for its

Complaint, states as follows:

**Common Facts**

1. Plaintiff State Automobile Mutual Insurance Company is licensed and/or duly authorized to do business in the State of Ohio.

2. At all times relevant, Plaintiff State Automobile Mutual Insurance Company (hereafter "State Auto") had in effect and full force an insurance policy that provided coverage to Jarrod Hasty covering the premises located at 4699 Shephard Road, Batavia, Ohio and the contents thereof. Plaintiff State Auto is the assignee and subrogee of Jarrod Hasty.

3. Defendant Electrolux North America Inc. (hereafter "Electrolux") is an Ohio corporation that is registered to do, authorized to do, does business in its own name and as White Westinghouse and under other names, and placed its products into the stream of commerce knowing that their products would be and were purchased and used in the State of Ohio.

1

4. Despite research and due diligence, Plaintiff was unable to determine the identities and addresses of all possible defendants and liable parties and therefore has named John Does 1-3 as party defendants in the matter herein. Plaintiff reserves the right to name other individuals and entities as party defendants once the identities and addresses of said individuals and entities are known to Plaintiff.

5. This Court has subject matter jurisdiction for this matter.

6. This Court has personal jurisdiction over the parties pursuant to the provisions of the Ohio Revised Code and Rules of Civil Procedure.

7. This matter is properly venued in Court of Common Pleas, Clermont County, Ohio.

8. On or about October 2, 2010, Jarrod Hasty, State Auto's insured, experienced a fire at 4699 Shephard Road, Batavia, Ohio in Clermont County, Ohio.

9. The fire originated from an Electrolux dryer located at 4699 Shephard Road, Batavia, Ohio.

10. Defendant Electrolux was engaged in the business of manufacturing, importing, supplying, designing, formulating, producing, assembling, constructing, distributing, marketing, selling, creating, rebuilding, supplying, testing, and/or reselling the subject dryer.

11. The subject dryer was manufactured, imported, supplied, designed, formulated, produced, assembled, constructed, created, rebuilt, resold, marketed, distributed, sold, tested, and/or supplied by Defendant Electrolux.

12. Defendant Electrolux placed the subject dryer into the stream of commerce in a defective condition that was unreasonably dangerous to the public.

13. Defendant Electrolux designed and formulated said dryer that has a pivot ball at the rear of the drum with a receiver fitting that the pivot ball sits in. The barring wears out and causes the spindle for the pivot to touch the bracket for the barring and wears through and causes the spindle to fracture, which causes the dryer drum to shift, thereby allowing clothes, lint, dust and other matter can get caught around the drum in areas that would not be accessible if the drum did not shift and subjects the items in the formerly inaccessible areas to higher heats, which causes the trapped matter to ignite.

14. Defendant Electrolux set the manufacture and construction specifications for the subject dryer.

15. Said dryer contains defects including, but not limited to, a rear bearing that wears out, a pivot that touches the bracket for the bearing, a spindle that fractures, and a dryer drum that shifts.

2

16. Said dryer's defects cause material such as clothes, lint, dust, and other foreign matter to get caught in areas outside the drum, in areas that would not have been accessible had the drum not shifted and where the materials are subject to high heats, which causes ignition.

17. Defendant Electrolux knew of the dangers and fire hazards with the subject dryer and did not inform consumers of the same. Said dryer contained no or inadequate warnings and instructions about the unusual wearing of the bearings for the pivot ball in the dryer drum during ordinary and/or regular use, fracturing of the spindle during ordinary and/or regular use, shifting of the dryer drum in ordinary and/or regular use, and the ability of materials to get caught in areas outside of the dryer drum and be subjected to high heat during ordinary and/or regular use that would have placed a consumer on notice of any potential dangers or fire hazards with respect to use of the subject dryer. Said dryer also lacked or contained no warnings or instructions about other dangers posed by the dryer.

18. Defendant Electrolux made representations and warranties, which were express and/or implied, about the subject dryer. These representations and warranties include but are not limited to that the subject dryer will not catch fire during ordinary and/or regular usage by the consumer; said dryer is fit for ordinary and regular use by the consumer; said dryer was safe and fit for use; and said dryer will not cause damage to the consumer or consumer's property, among others. Other representations and warranties were made by Defendant that said dryer did not live up to.

19. At the time of the loss, the dryer's condition had not been materially altered or changed since the time of its manufacture.

20. The dryer was placed into the stream of commerce less than ten years before the October 2, 2010 fire.

21. On October 2, 2010, a fire started within the subject dryer due to design defects which resulted in foreign matter getting caught in areas of the dryer which must be kept free of foreign matter which in turn caused the matter to ignite.

22. The October 2, 2010 fire was a direct and proximate result of the manufacture and/or design defects in and/or improper or inadequate warnings and instructions and/or breach of warranties for the subject dryer that existed in said dryer when it left the hands of Defendant Electrolux.

23. As a direct and proximate result of the October 2, 2010 fire, Mr. Hasty incurred damage to real and personal property and additional cost of living expenses.

24. Pursuant to the insurance contract between Plaintiff State Auto and Mr. Hasty, Plaintiff State Auto was required to and did pay to or on behalf of its insured approximately $195,000.00 and became subrogated to the extent of said payments.

25.     Plaintiff State Auto may also be required to make additional payments to or on behalf of its insured. To the extent of any additional payments that State Auto is required to make and does make, State Auto will be subrogated to the amounts of such payments.

**Count One—Manufacturer Liability**

26.     Plaintiff incorporates its previous allegations in paragraphs one through twenty-five as though fully rewritten herein.

27.     Defendant Electrolux was the Manufacturer of the subject dryer as defined in R.C. 2307.71(A).

28.     As a manufacturer, Defendant Electrolux is liable to Plaintiff State Auto pursuant to R.C. 2307.73(A) because the dryer was defective in manufacture and/or construction pursuant to RC 2307.74, was defective in design and/or formulation pursuant to RC 2307.75, was defective due to inadequate warnings and/or instructions pursuant to RC 2307.76 and/or was defective because it failed to conform to a representative made by its manufacturer pursuant to RC 2307.77.

29.     Said dryer contained a dryer drum with a pivot ball in the back with a receiver fitting that the pivot balls sits in. The bearing wears out causing the spindle for the pivot to touch the bearing bracket, thereby wearing through and fracturing the spindle, thereby causing the dryer drum to shift. The dryer's improper design and formulation were a proximate cause of the dryer catching fire on October 2, 2010.

30.     Said dryer was improperly manufactured and constructed such that the rear bearing wears out causing the spindle for the pivot to touch the bracket for the bearing, thereby wearing through, fracturing the spindle, and causing the drum to shift, which causes foreign matter to get caught in an area of the dryer that should be kept free of foreign matter and in turned into a known ignition source, within the dryer. The improper construction and manufacture of the dryer were a proximate cause of the dryer catching fire on October 2, 2010.

31.     Defendant knew of the dangers and fire hazards with the subject dryer and did not inform consumers of the same. Said dryer contained no or inadequate warnings and instructions about the unusual wearing of the bearings, fracturing of parts within the mechanics of the dryer, and shifting of the drum, and the use of the machine that would have placed a consumer on notice of any potential dangers or fire hazards with respect to use of the subject dryer. The inadequate warnings and instructions for the dryer were a proximate cause of the dryer catching fire on October 2, 2010.

32.     Defendant Electrolux made representations, which were express and/or implied, about the subject dryer. These representations include but are not limited to that the subject dryer will not catch fire during ordinary and/or regular usage by the consumer; said dryer is fit for ordinary and regular use by the consumer; said dryer was safe and fit for use; and said dryer will not cause damage to the consumer or consumer's property, among others. The

4

dryer's failure to conform to these representations was a proximate cause of the dryer catching fire on October 2, 2010.

33.    The October 2, 2010 fire and resulting damages of Plaintiff and its insured were directly and proximately caused by one or more of the dryer's aforementioned defects.

34.    Defendants John Does 1-3 may also be liable as manufacturer for the damages of Plaintiff and its insured under the Ohio Product Liability Act.

**Count Two—Supplier Liability**

35.    Plaintiff incorporates its previous allegations in paragraphs one through thirty-four as though fully rewritten herein.

36.    Defendant Electrolux was the Supplier of the subject dryer as defined in R.C. 2307.71(A).

37.    As a supplier, Defendant Electrolux is liable to Plaintiff State Auto pursuant to R.C. 2307.78 because it owns or owned White Westinghouse and/or the name brand of the subject dryer and/or sold the subject dryer under its trade name and/or label.

38.    Defendant Electrolux was negligent with respect to the manufacturing, importing, supplying, designing, formulating, producing, assembling, constructing, distributing, marketing, selling, creating, rebuilding, supplying, testing, and/or reselling the subject dryer and/or the supervision over Frigidaire related to the subject dryer.

39.    Defendant Electrolux made representations, which were express and/or implied, about the subject dryer. These representations include but are not limited to that the subject dryer will not catch fire during ordinary and/or regular usage by the consumer; said dryer is fit for ordinary and regular used by the consumer; said dryer was safe and fit for use; and said dryer will not cause damage to the consumer or consumer's property, among others. The dryer's failure to conform to these representations was a proximate cause of the dryer catching fire on October 2, 2010.

40.    The October 2, 2010 fire and resulting damages of Plaintiff and its insured were directly and proximately caused by Defendant's negligence and/or the failure of the dryer to conform to the representations of Defendant.

41.    Defendants John Does 1-3 may also be liable as supplier for the damages of Plaintiff and its insured under the Ohio Product Liability Act.

**Count Three—Breach of Warranty**

42.    Plaintiff incorporates its previous allegations in paragraphs one through forty-one as though fully rewritten herein.

43. Defendant Electrolux made warranties, which were express and/or implied, about the subject dryer. These warranties include but are not limited to that the subject dryer will not catch fire during ordinary and/or regular usage by the consumer; said dryer is fit for ordinary and regular use by the consumer; said dryer was safe and fit for use; and said dryer will not cause damage to the consumer or consumer's property, among others. Other warranties were made by Defendant regarding said dryer.

44. Plaintiff's insured relied upon the express and implied warranties of Defendant Electrolux regarding the subject dryer.

45. Defendant Electrolux breached the express and/or implied warranties.

46. Defendant Electrolux's warranties failed their essential purpose, as the dryer caught fire on October 2, 2010.

47. Defendant Electrolux's breach of its warranties was the direct and proximate cause of the October 2, 2010 fire and damages sustained by Plaintiff and its insured.

48. Additionally, the failure of Defendant Electrolux's warranties to fulfill their essential purposes was the direct and proximate cause of the dryer catching fire on October 2, 2010, which directly and proximately caused the damages sustained by Plaintiff and its insured.

49. Defendants John Does 1-3 may have also made warranties about the subject dryer and be liable for breach of warranty to Plaintiff.

**Count Four—Violation of the Magnuson-Moss Act**

50. Plaintiff incorporates its previous allegations in paragraphs one through forty-nine as though fully rewritten herein.

51. The subject dryer is a consumer product that is tangible personal property, used for personal purposes, and distributed in the stream of commerce.

52. Defendant Electrolux is the warrantor of the subject dryer as it gave and/or offered to give written and/or implied warranties about the subject dryer.

53. Defendant Electrolux made warranties, which were expressed and/or implied, about the subject dryer. These warranties include but are not limited to that the subject dryer will not catch fire during ordinary and/or regular usage by the consumer; said dryer is fit for ordinary and regular use by the consumer; said dryer was safe and fit for use; and said dryer will not cause damage to the consumer or consumer's property, among others. Other warranties were made by Defendant regarding said dryer.

54. Defendant Electrolux did not fulfill the conditions of the express or implied warranties as the subject dryer did not conform to the representations by Defendant Electrolux that the

6

subject dryer was fit for use as a dryer because the subject dryer was manufactured, supplied, designed, formulated, produced, assembled, constructed, created, marketed, distributed, sold, supplied and/or introduced into the stream of commerce by Defendant Electrolux as defective and unreasonably dangerous.

55. As a direct and proximate result of Defendant Electrolux's breach of warranties, the dryer caught fire on October 2, 2010 and directly and proximately caused damage to Plaintiff and its insured sustained damages.

56. Defendants John Does 1-3 may have also made warranties about the subject dryer and be liable under the Magnuson-Moss Act to Plaintiff.

Wherefore, Plaintiff State Auto Insurance Companies prays for judgment against

Defendants, jointly and severally, in an amount of in excess of Twenty-Five Thousand Dollars

($25,000.00), plus costs, attorney's fees, prejudgment and post judgment interest, and any other

relief that this Court deems appropriate.

Respectfully submitted,

Richard A. Williams (0013347)
Lorree L. Dendis (0072406)
Williams & Petro Co., L.L.C.
338 S. High Street, Second Floor
Columbus, Ohio 43215
(614) 224-0531
(614) 224-0553 (facsimile)
rwilliams@wplaw.org
ldendis@wplaw.org
Attorneys for Plaintiff

7

## JURY DEMAND

Now comes Plaintiff and demands a jury comprised of the maximum number of jurors permitted by law on all triable issues.

_____
Richard A. Williams (0013347)
Lorree L. Dendis

Z:\Files\12pw153\complaint.doc

IF UNDELIVERABLE RETURN TO
BARBARA A. WIEDENBEIN
CLERMONT COUNTY CLERK OF COURTS
270 E MAIN ST
BATAVIA OH 45103-3040

FIRST-CLASS MAIL



neopost
10/02/2012
US POSTAGE
$05.95

ZIP 45103
041L12201943

7112 4369 4680 2619 4034
2012 CVB 01905



Electrolux North America Inc
dba Frigidaire Company c/o CT
Corporation System
1300 E Ninth Street Ste 1010
Cleveland, OH 44114

# IN THE COURT OF COMMON PLEAS
# CLERMONT COUNTY, OHIO

| | | |
|---|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE as Subrogee of Jerrod Hasty, | ) ) ) | CASE NO.: 2012 CVB 01905 |
| | ) | JUDGE HERMAN |
| Plaintiff, | ) ) | **NOTICE OF REMOVAL BY** |
| vs. | ) ) | **DEFENDANT ELECTROLUX** |
| | ) | **HOME PRODUCTS, INC.** |
| ELECTROLUX NORTH AMERICA, INC. dba Frigidaire Company *et al.*, | ) ) ) | |
| Defendants. | ) | |

Defendant Electrolux Home Products, Inc., improperly identified as Electrolux North America, Inc. dba Frigidaire Company, in accordance with Title 28, United States Code, Section 1446, files the attached copy of its Notice of Removal, which was filed in the United States District Court for the Southern District of Ohio, Western Division, on [date]. In accordance with 28 U.S.C. § 1446, these filings effectuate the removal of this action to the District Court, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

_____
Christopher J. Carney (0037597)
Anastasia J. Wade (0082797)
BROUSE McDOWELL LPA
600 Superior Avenue East
Suite 1600
Cleveland, Ohio 44114
Phone: (216) 830-6830
Fax: (216) 830-6807
E-mail:ccarney@brouse.com
            awade@brouse.com

*Counsel for Defendant*
*Electrolux Home Products, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal to Federal Court was

served by regular United States mail on this ___ day of _____, 2012 upon:

Lorree L. Dendis
Williams & Petro Co., LLC
338 South High Street, 2d Floor
Columbus, Ohio 43215
ldendis@wplaw.org

*Attorney for Plaintiff*
*State Automobile Mutual Insurance Company*

_____

*One of the Attorneys for Defendant*
*Electrolux Home Products, Inc.*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
State Farm Fire & Casualty a/s/o Timothy Milligan

## DEFENDANTS
Electrolux Home Products, Inc.

**(b)** County of Residence of First Listed Plaintiff     McLean County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Mecklenburg County, NC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kathryn C. Mellinger, Esq.
Nelson Levine deLuca & Hamilton, 518 East Township Line Road,
Suite 300, Blue Bell, PA 19422; 215-358-5100

Attorneys *(If Known)*
Cheryl Nicolson, Esq. and Melissa Yemma, Esq., Rose Tree Corp.
Ctr. II, 1400 N. Providence Rd., Suite 4045, Media, PA 19063;
610-891-0300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Plaintiff seeks recovery of monetary damages as a result of a fire

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
172,355.39

CHECK YES only if demanded in complaint:
**JURY DEMAND:**     ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE  5/9/13
SIGNATURE OF ATTORNEY OF RECORD
*Melissa Y Yemma*

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY | : | |
| a/s/o TIMOTHY MILLIGAN | : | NO. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　( X )

5/9/13　　　_Umlwooa N Ymma_　　　　Electrolux Home Products, Inc.
Date　　　　Attorney-at-law　　　　Attorney for

 610-891-0300 　　 610-891-0333 　　　　yemma@nicolsonlawgroup.com
Telephone　　　　FAX Number　　　　E-Mail Address

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: One State Farm Plaza, Bloomington, IL 61710

Address of Defendant: 10200 David Taylor Drive, Charlotte, North Carolina

Place of Accident, Incident or Transaction: 2225 Gaul Street, Philadelphia, PA 19125
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☒  No☐

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/9/13     _____     92194
                  Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

STATE FARM FIRE & CASUALTY COMPANY  :
a/s/o TIMOTHY MILLIGAN                 :       NO.
                v.                    :
                               :       JURY TRIAL DEMANDED
ELECTROLUX HOME PRODUCTS, INC.     :

### NOTICE OF REMOVAL

The Petitioner, Electrolux Home Products, Inc., respectfully states to this Court:

1.     An action was commenced and is currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Action No. 01206, March 2013 Term in which State Farm Fire & Casualty Company a/s/o Timothy Milligan is named as Plaintiff and Electrolux Home Products, Inc. is named as Defendant.

2.     This action was instituted by the Plaintiff to recover for property damage allegedly sustained as a result of a fire.

3.     Plaintiff's Complaint seeks damages in an amount in excess of $50,000 and counsel for Plaintiff has represented that the total damages at issue are $172,355.39, which exceeds the amount in controversy necessary, exclusive of interest and costs. *See* Plaintiff's Complaint, attached hereto as Exhibit "A" and incorporated herein by reference; *see* Correspondence, dated April 26, 2013, attached hereto as Exhibit "B" and incorporated herein by reference.

4.     In the interest of judicial economy and the fair adjudication of claims brought before the court, Petitioner seeks removal to this Court.

5.      Upon information and belief, Petitioner states that diversity of citizenship exists between the parties in controversy as follows:

(a)      Plaintiff, State Farm Fire & Casualty Company, is now and was at the time of the commencement of this action a business entity organized and existing under the laws of the State of Illinois with its principal place of business located at One State Farm Plaza, Bloomington, Illinois;

(b)      The Defendant, Electrolux Home Products, Inc., is now and was at the time of the commencement of this action a Delaware corporation with its principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina; and

(c)      The incident giving rise to this litigation allegedly occurred in Philadelphia, Pennsylvania.

6.      This Court has original jurisdiction over the action between the Plaintiff and the Defendant pursuant to the provisions of 28 U.S.C. §1332 and as a result, Petitioner may remove this action to this Court pursuant to the provisions of 28 U.S.C. §1441.

7.      This Notice is filed with the Court within the time for removal set forth in 28 U.S.C. §1446(b) in that Plaintiff commenced this matter on or about March 8, 2013, with proper service made on Defendant on April 11, 2013. *See* Exhibit "C".

8.      The written notice of the filing of this Notice of Removal has been given to all parties in accord with 28 U.S.C. §1446(d).

9.      A true and correct copy of this Notice of Removal has been filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

WHEREFORE, Petitioner respectfully requests removal of this action from the Court of

Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the

Eastern District of Pennsylvania.

Respectfully submitted,

NICOLSON LAW GROUP LLC

BY: _Melissa L. Yemma_

CHERYL M. NICOLSON, ESQUIRE
MELISSA L. YEMMA, ESQUIRE
Attorney I.D. No. 57422/92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 4045
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

Attorneys for Defendant,
Electrolux Home Products, Inc.

DATE: 5/9/13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY | : | |
| a/s/o TIMOTHY MILLIGAN | : | NO. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice of Removal was served via U.S. mail, postage pre-paid, on the date stated below, upon the following:

Kathryn C. Mellinger, Esquire
Nelson Levine de Luca & Hamilton LLC
518 East Township Line Road
Suite 300
Blue Bell, PA 19422


NICOLSON LAW GROUP LLC

BY: *Melissa L. Yemma*

CHERYL M. NICOLSON, ESQUIRE
MELISSA L. YEMMA, ESQUIRE
Attorney I.D. No. 57422/92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 4045
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

Attorneys for Defendant,
Electrolux Home Products, Inc.

DATE: 5/9/13

# EXHIBIT "A"

Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2013**  **001206**

E-Filing Number: 1303014126

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STATE FARM  FIRE & CASUALTY COMPANY A/S/O TIMOTHY MILLIGAN | ELECTROLUX HOME PRODUCTS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| ONE STATE FARM PLAZA BLOOMINGTON IL 61710 | 250 BOBBY JONES EXPRESSWAY MARTINEZ GA 30907 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less  [X] More than $50,000.00 | [ ] Arbitration  [X] Jury  [ ] Non-Jury  [ ] Other: | [ ] Mass Tort  [ ] Savings Action  [ ] Petition | [ ] Commerce  [ ] Minor Court Appeal  [ ] Statutory Appeals | [ ] Settlement  [ ] Minors  [ ] W/D/Survival |

CASE TYPE AND CODE

3O - REAL PROPERTY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**

MAR **08** 2013

**S. GARRETT**

IS CASE SUBJECT TO COORDINATION ORDER?

YES    NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: STATE FARM  FIRE & CASUALTY COMPANY A/S/O TIMOTHY MILLIGAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| KATHRYN C. MELLINGER | NELSON LEVINE DE LUCA & HAMILTON, SUITE 300 518 TOWNSHIP LINE ROAD BLUE BELL PA 19422 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)358-5100 | (215)358-5101 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 309591 | kmellinger@nldhlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *KATHRYN MELLINGER* | Friday, March 08, 2013, 02:49 pm |

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

**STATE FARM FIRE & CASUALTY
COMPANY a/s/o TIMOTHY MILLIGAN
ONE STATE FARM PLAZA
BLOOMINGTON, IL 61710**
      **Plaintiff**

   v.

**ELECTROLUX HOME PRODUCTS, INC.
250 BOBBY JONES EXPRESSWAY
MARTINEZ, GA 30907**
      **Defendants**

*Filed and Attested by
PROTHONOTARY
08 MAR 2013 02:49 pm
S. GARRETT*

**Term: MARCH 2013**

**No.:**

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed or any other claim or relief requested by the plaintiff. You may lose money or property rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

**Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

Case ID: 13030120

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY**<br>**COMPANY a/s/o TIMOTHY MILLIGAN**<br>**c/o ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710**<br>**Plaintiff**<br><br>v.<br><br>**ELECTROLUX HOME PRODUCTS, INC.**<br>**250 BOBBY JONES EXPRESSWAY**<br>**MARTINEZ, GA 30907**<br>**Defendants** | **Term: MARCH 2013**<br><br>**No.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company a/s/o Timothy Milligan, by and through its counsel, Nelson, Levine, de Luca & Hamilton, hereby demands **judgment against** the above-named defendant and, in support thereof, alleges the following:

### PARTIES

1.    State Farm Fire & Casualty Company is a business entity organized and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.

2.    At all times relevant hereto, State Farm was duly authorized to engage in the business of providing (*inter alia*) property insurance in Pennsylvania.

3.    At all times relevant hereto, State Farm provided property insurance to Timothy Milligan (hereinafter "Milligan" or "subrogor") in connection with the dwelling Milligan owned and resided in (2225 Gaul Street, Philadelphia, PA 19125, hereinafter the "subject property"), under a policy of insurance that was in full force and effect.

Case ID: 13030120

4. In the wake of the fire described below, as a result of claims made on said policy, State Farm became subrogated to certain rights and interests of Milligan for monies paid thereunder, including the claims giving rise to this cause of action.

5. Defendant Electrolux Home Products, Inc. ("Electrolux") was, upon information and belief and at all times material hereto, a Georgia corporation with its principal place of business at the above-captioned address and authorized to do business within the Commonwealth of Pennsylvania. Electrolux regularly conducts business in Philadelphia County, Pennsylvania.

6. Electrolux is in the business of designing, assembling, manufacturing, selling, distributing and/or marketing such as the subject Frigidaire-brand gas clothes dryer and did design, assemble, manufacture, sell, distribute and/or market the subject Frigidaire-brand electric clothes dryer.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this commonwealth because Electrolux regularly conducts business in Pennsylvania; venue is proper in this county because the incident complained of occurred in Philadelphia County; this is a non-arbitration matter in that the amount complained of is in excess of $50,000.

## STATEMENT OF FACTS

8. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

9. On or about December 25, 2011, a fire erupted at the Electrolux dryer located at the subject property, causing extensive damage to Milligan's real and personal property, as well as the imposition of additional expenses and hardship besides (including loss of use). This fire

was directly and proximately caused by the accumulation and build-up of lint within the dryer as is further and more fully described below.

10.    The dryer was designed, manufactured, distributed, assembled and offered for sale by Electrolux.

11.    Mr. Milligan and/or members of his household operated the dryer without incident in the normal and ordinary course from the date of purchase until December 25, 2011.

14.    Mr. Milligan never experienced any problems with the functionality of the dryer prior to the date of the subject fire.

15.    On December 25, 2011, Mr. Milligan and/or members of his household put a load of laundry into the subject dryer and turned it on; thereafter, the subject fire was discovered.

16.    Subsequent investigation revealed the subject fire was caused by a sudden and catastrophic malfunction of a Frigidaire-brand gas clothes dryer designed, manufactured, assembled, distributed and/or marketed by Electrolux.

17.    Mr. Milligan and/or members of his household used the subject dryer for its intended purpose of drying laundry at all relevant times.

18.    Notwithstanding Mr. Milligan and/or members of his household's ordinary and foreseeable use of the subject dryer, it is believed and therefore averred that lint accumulated inside the dryer and in areas not observable or accessible to Mr. Milligan and/or members of his household, and in close proximity to the heat sources of the subject dryer creating an increased risk of fire.

19.    The fire resulted in severe damage to the real and personal property of Mr. Milligan and his and caused them to vacate the subject premises for a reasonable period of time while repairs were made and their home was restored to its pre-fire condition.

Case ID: 13030120

20.     As a result of the aforementioned fire and damages sustained by Mr. Milligan and/or members of his household, claims were made on the insurance policy and were paid by State Farm in excess of $50,000.00.

21.     Plaintiff became subrogated to certain rights and interests of Mr. Milligan for monies paid thereunder, including all claims giving rise to the instant cause of action.

## COUNT I – PLAINTIFF v. ELECTROLUX
## STRICT LIABILITY

22.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

23.     The subject dryer was unreasonably dangerous and defective at the time it left the control of Defendant Electrolux because:

a.      the subject dryer was designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b.      the subject dryer was designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c.      the subject dryer was designed and manufactured so that particles of lint that accumulate and ignite at the heat source, behind the drum and within the heater pan, can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d.      the subject dryer was designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e.      the subject dryer was designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

f.      the subject dryer was designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g.      the subject dryer was designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h.      the subject dryer was designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i.      the subject dryer was designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user; and

j.      the subject dryer was designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the subject dryer.

24.      As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions that existed when the subject dryer left the care, custody, and control of Electrolux, the subject dryer ignited and burned inside the subject property, causing extensive damage to Milligan's real and personal property and the imposition of additional hardship besides.

25.      Pursuant to the provisions of the policies of insurance issued to the Milligan, State Farm paid sums in excess $50,000.00 to repair or replace damaged or destroyed property and otherwise compensate Mr. Milligan and/or members of his household for losses sustained as the result of said fire damage. By virtue of said payments, terms of said policies of insurance, and by

virtue of equity, State Farm has become and is subrogated to all rights, remedies, and causes of action accruing to Milligan and against the Defendant, Electrolux.

**WHEREFORE**, Plaintiff, State Farm, respectfully requests that judgment be entered in its favor and against Defendant, Electrolux Home Products Inc. on this Count I, in an amount exceeding $50,000.00 together with costs, interest and any other relief the Court deems equitable and just.

## COUNT II – PLAINTIFF v. ELECTROLUX
### NEGLIGENCE

26. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

27. At all times relevant hereto, Defendant Electrolux had a duty to exercise reasonable care in the design, manufacture, and distribution of the subject dryer.

28. Upon information and belief, Defendant Electrolux breached its duty of care by negligently designing, manufacturing, testing, inspecting and distributing the subject dryer at issue in this case.

29. Upon information and belief, Defendant Electrolux's negligent acts and omissions include, but are not limited to:

    a. Carelessly and negligently designed and manufactured the subject dryer with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer, a gas burner flame, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

    b. Carelessly and negligently designed and manufactured the subject dryer with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c. Carelessly and negligently designed and manufactured the subject dryer so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. Carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the subject dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. Carelessly and negligently designed and manufactured the subject dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

f. Carelessly and negligently designed and manufactured the subject dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

g. Carelessly and negligently designed and manufactured the subject dryer without conducting any lint accumulation tests;

h. Carelessly and negligently designed and manufactured the subject dryer without conducting any fire risk studies on the design of the product;

i. Carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j. Carelessly and negligently designed and manufactured the subject dryer without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k. Carelessly and negligently designed and manufactured the subject dryer without any warnings contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

l. Carelessly and negligently designed and manufactured the subject dryer with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

30. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject dryer ignited and burned in the subject property, causing extensive property damage.

Case ID: 13030120

35.    In addition, Electrolux likewise breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314(c) in that the dryer was not fit for the uses for which it was intended.

36.    Further, Electrolux also breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of the UCC and 13 Pa. C.S.A. § 2-313.

37.    Finally, Electrolux breached the express and implied terms set out in the warranties that Mr. Milligan purchased at the time of purchase of the dryer, and/or any time subsequent thereto.

38.    Mr. Milligan's damages, as set forth above, occurred as a direct and proximate result of Electrolux's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-314(c) and § 2-315, and as a result of their breach of expressed warranties in derogation of 13 Pa. C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties Milligan purchased at the time of buying the dryer, and/or any time subsequent thereto; State Farm is subrogated to certain rights and interests of Milligan for monies paid under the policy of insurance State Farm issued to Milligan, including the claims giving rise to the cause of action.

**WHEREFORE,** Plaintiff, State Farm, respectfully requests that judgment be entered in their favor and against Defendant, Electrolux Home Products Inc. on this Count III, in an amount exceeding $50,000.00 together with costs, interest and any other relief the Court deems equitable and just.

Case ID: 13030120

31.     Pursuant to the provisions of the policies of insurance issued to Milligan, State Farm paid sums in excess $50,000.00 to repair or replace damaged or destroyed property and otherwise compensate Mr. Milligan and/or members of his household for losses sustained as the result of said fire damage.  By virtue of said payments, terms of said policies of insurance, and by virtue of equity, State Farm has become and is subrogated to all rights, remedies, and causes of action accruing to Milligan and against the Defendant, Electrolux.

WHEREFORE, Plaintiff, State Farm, respectfully requests that judgment be entered in their favor and against Defendant, Electrolux Home Products Inc. on this Count II, in an amount exceeding $50,000.00 together with costs, interest and any other relief the Court deems equitable and just.

### COUNT III – BREACH OF WARRANTIES
### PLAINTIFF V. ELECTROLUX

32.     Plaintiff repeats the allegations and facts set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

33.     At the time of sale and distribution of the subject dryer, Electrolux had reason to know of the particular purpose for which the product would be used, and knew that the skill and judgment of its agents, employees, representatives, servants and/or subcontractors were being relied upon to furnish a product suitable for residential use.

34.     Thus, in causing or contributing to the fire as described herein, Electrolux breached implied warranties of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") and in 13 Pa. C.S.A. § 2-315 in that the dryer was not fit for the particular use for which such products are intended.

Respectfully submitted,

**NELSON LEVINE de LUCA & HAMILTON**

BY: _____

KATHRYN C. MELLINGER, ESQUIRE
P.A. ID No. 309591
518 Township Line Road, Suite 300
Blue Bell, PA 19422
(215) 358-5100 (Main)
215-358-5101 (fax)
ATTORNEYS FOR PLAINTIFF

# EXHIBIT "B"

## Melissa Yemma

| | |
|---|---|
| **From:** | Kathryn Mellinger [kmellinger@NLDHLAW.COM] |
| **Sent:** | Friday, April 26, 2013 11:37 AM |
| **To:** | Melissa Yemma |
| **Cc:** | Virginia Klipstein |
| **Subject:** | RE: SF/Milligan v. Electrolux |

Melissa- The total current payout is $172355.39, which includes the insured's $1000 deductible. I am agreeable to a 20 day extension to file an Answer only (not preliminary objections). Please let me know if you will need more time than that.

Thanks,
Kate

**From:** Melissa Yemma [mailto:yemma@nicolsonlawgroup.com]
**Sent:** Friday, April 26, 2013 9:07 AM
**To:** Kathryn Mellinger
**Subject:** SF/Milligan v. Electrolux

Dear Kate,
I am in receipt of the Complaint filed against Electrolux in the above-referenced matter. The Complaint alleges damages in excess of $50,000, please advise how much the total damages at issue total?

Also, please advise whether you will agree to a reasonable extension for Electrolux to file an Answer the Complaint?

I look forward to hearing from you.
Regards,
Melissa



Melissa L. Yemma, Esquire
Rose Tree Corporate Center II
1400 N. Providence Road
Suite 4045
Media, PA 19063
P. 610.891.0300
D. 610.480.6082
F. 610.891.0333
yemma@nicolsonlawgroup.com

The information contained in this electronic message is attorney-privileged and confidential and is intended only for the use of the individual and entity named above. If you have received this communication in error, please notify us immediately. You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

This electronic communication and its contents may contain information that is confidential, privileged and/or exempt from disclosure. Any forwarding of this communication without express permission is strictly prohibited. If the reader of this electronic communication is not the intended recipient, you are hereby notified that review, copying, dissemination or distribution of this communication is strictly prohibited. If you have received this communication in error, please delete it and contact Nelson Levine de Luca & Hamilton at 215.358.5100. Thank You.

# EXHIBIT "C"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

STATE FARM FIRE & CASUALTY
COMPANY A/S/O TIMOTHY MILLIGAN
**Plaintiff(s)**

v.                                                   No. 130301206

ELECTROLUX HOME PRODUCTS, INC.
**Defendant(s)**

*Filed and Attested by
PROTHONOTARY
18 APR 2013 10:35 am
A. STAMATO*

## CERTIFICATE OF SERVICE OF COMPLAINT

Kathryn C. Mellinger, counsel for Plaintiffs herein, hereby certifies that a true and correct

copy of the  Complaint and Notice to Defend was served upon defendant at Electrolux North

America Inc., 10200 David Taylor Drive, Charlotte, NC 28262, by Certified Mail No. 7011 2970

0001 7878 1632, pursuant to Pennsylvania Rules of Civil Procedure 403 and 404.  A copy of the

Certified Mail receipt signed by an employee of defendant and dated April 11, 2013 and a copy

of the cover letter are attached hereto.

**NELSON LEVINE de LUCA & HAMILTON**

BY:   s/Kathryn C. Mellinger
          KATHRYN C. MELLINGER, ESQUIRE
          PA ATTORNEY ID:309591
          ATTORNEYS FOR PLAINTIFF TIMOTHY
          MILLIGAN
          518 Township Line Road, Suite 300
          Blue Bell, PA  19422
          215-358-5100
          215-358-5101 (fax)

Dated: April 18, 2013

Case ID: 13030120

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY A/S/O TIMOTHY MILLIGAN** **Plaintiff(s)** v. | **No. 130301206** |
| **ELECTROLUX HOME PRODUCTS, INC.** **Defendant(s)** | |

### CERTIFICATE OF SERVICE

I, Kathryn C. Mellinger, Esquire, do hereby certify that a true and correct copy of the foregoing

Certificate of Service of Complaint was filed this date via the First Judicial District of

Philadelphia Court of Common Pleas Civil Trial Division's E-Filing System and thereby deemed

served on all counsel of record pursuant to Rule 205.4(g) of the Pennsylvania Rules of Civil

Procedure and Local Rule *205.4(f)(7), and was mailed to unrepresented defendant at

Electrolux North America Inc.
10200 David Taylor Drive
Charlotte, NC 28262

### NELSON LEVINE de LUCA & HAMILTON

BY: __s/Kathryn C. Mellinger_____
KATHRYN C. MELLINGER, ESQUIRE
PA ATTORNEY ID:309591
ATTORNEYS FOR PLAINTIFF TIMOTHY
MILLIGAN
518 Township Line Road, Suite 300
Blue Bell, PA 19422
215-358-5100
215-358-5101 (fax)

Date: April 18, 2013

Filed and Attested by
PROTHONOTARY
18 APR 2013 10:28 am
A. STANGRO

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Michael W. Hag_  ☑ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery<br>4/11/13 |
| 1. Article Addressed to:<br>Clockwork North America Inc<br>10200 David Taylor Drive<br>Charlotte NC 28262 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>APR 1 2 2013 |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*)  7011 2970 0001 7878 1632 | |
| PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540 | |

Case ID: 13030120

STATE OF WISCONSIN

CIRCUIT COURT

2011 AUG 25   10: 33   DANE COUNTY

DANE COUNTY, WI

AMERICAN FAMILY MUTUAL
INSURANCE COMANY
6000 American Parkway
Madison, WI 53783

Plaintiff,

and

CHARLES LARSON
703 Lexington Drive
Waunakee, WI 53597

Involuntary Plaintiff,

v.

ELECTROLUX HOME PRODUCTS, INC.
20445 Emerald Parkway, SW, Suite 250
Cleveland, OH 44135

Defendant.

Case No.   **11CV3870**

Case Code: 30201

THIS IS AN AUTHENTICATED COPY OF THE
ORIGINAL DOCUMENT FILED WITH THE DANE
COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

## COMPLAINT

Plaintiff American Family Mutual Insurance Company, for its complaint against

Electrolux Home Products, Inc., states:

## PARTIES

1.  Plaintiff American Family Mutual Insurance Company ("American Family") is a

    domestic corporation licensed to sell insurance in the state of Wisconsin, with its

    principal place of business located at 6000 American Parkway, Madison, Wisconsin.

2.  Involuntary plaintiff Charles Larson ("Larson") is an adult resident of Wisconsin, who

    resides at 703 Lexington Drive, Waunakee, Wisconsin. American Family is not making

1

EX.A

any claim against Larson. Rather, Larson is named as an involuntary plaintiff pursuant to
Wis. Stats. § 803.03 (2) because American Family's rights arise from subrogation.

3.  Defendant Electrolux Home Products, Inc., ("Electrolux") is a foreign corporation with
    its principal place of business located at 20445 Emerald Parkway, SW, Suite 250,
    Cleveland, Ohio. Its registered agent for service of process is CT Corporation System,
    1300 E. 9th Street, Cleveland, Ohio 44114.

## FACTS

4.  Electrolux designed, engineered, manufactured and introduced into the stream of
    commerce a certain electric clothes dryer ("the dryer").

5.  Larson purchased the dryer and installed it in his house.

6.  On November 3, 2009, the dryer started on fire, causing damage to Larson's house and
    personal property contained in it.

7.  At the time of the fire, American Family had issued to Larson, and there was in full force
    and effect, a policy of property insurance which insured Larson against the damages
    caused by the fire. As required by the policy, American Family paid to, or on behalf of,
    Larson for the damages caused by the fire less any applicable deductible, and is
    subrogated to the rights of Larson to the extent of its payments.

## FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY

8.  American Family incorporates herein by reference the preceding paragraphs.

9.  The dryer started on fire because it was defectively designed, engineered and/or
    manufactured.

10. The dryer was in a defective condition when it left the control of Electrolux.

11. The dryer was unreasonable dangerous to Larson's house and personal property.

2

12.   Electrolux is in the business of manufacturing and selling dryers of the type that started

on fire in Larson's house.

13.   Electrolux expected the dryer to, and it did, reach Larson without substantial change in

the condition in which it was sold.

## SECOND CAUSE OF ACTION: NEGLIGENCE

14.   American Family incorporates herein by reference the preceding paragraphs.

15.   Electrolux owed Larson a duty to use reasonable care in the design of the dryer.

16.   Electrolux breached its duty to Larson when it designed the dryer.

17.   Electrolux's breach of its duty to Larson was a cause of the dryer fire and resulting

damage.

WHEREFORE, American Family demands judgment against Electrolux in an amount to

be determined, plus prejudgment interest, all taxable costs, fees and disbursements and all other

just and equitable relief.

Dated this _____ day of August, 2011.

YOST & BAILL, LLP
Attorneys for Plaintiff American Family
Mutual Insurance Company

Ronald W. Harmeyer
State Bar No. 1026579

2300 North Mayfair Road, Suite 745
Milwaukee, WI 53226
Tel. (414)259-0600
Fax (414) 259-0610
rharmeyer@yostbaill.com

3