# EXHIBIT S

**From:** Michael Tannen <mtannen@tannenlaw.com>
**Sent:** Monday, September 27, 2021 7:13 PM
**To:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; DiDonato, Phil <Philip.DiDonato@weil.com>
**Cc:** Julie Pustilnik <jpustilnik@tpmblegal.com>; Tim Meloy <tmeloy@tannenlaw.com>
**Subject:** Arney

Good evening.  I am following up after today's hearing about contemplated discovery.

We should set a time for a meet and confer this week.

I suspect your clients will want to enter into a protective order if you think that materials to be produced contain confidential or proprietary information.  Indeed, you may have an applicable  protective order which you have used before Judge Drain.  If so, please send it our way for our review.

I am hopeful our meet and confer will be constructive.  I anticipate issuing production requests (and perhaps interrogatories) and third party subpoenas, followed by some depositions.  I certainly will need to know the names and job titles  of Sears employees who were part of the Sears Branded (i.e., Kenmore) Laundry Products team.

Preliminarily, I would ask that you voluntarily produce to me all of the exhibits to the Supply Agreement attached to our status report as well as the Vendor Guide mentioned in Paragraph 1 of that Supply Agreement.  Please also look at Paragraph 14 of the Supply Agreement which itemizes the types of reports which Sears requested as well as the documents and communications relating to about service, post-sale support, and the Call Center which Sears obligated Electrolux to perform.

Further, corporate designee depositions may be an efficient discovery tool.

Debtors' counsel tells me that they have turned over all documents to Transform.  I am utterly uninterested in playing documentary Whack-A-Mole or to be sent on a documentary  snipe hunt.

Please let me know when you can meet.  I think a Zoom conference is best and perhaps, Stacey Leinhauser can join us.

Thanks,

mmt

Michael Murphy Tannen, Esq.



**Please note our change of address to:**
77 W. Washington St., Suite 500
Chicago, Illinois 60602
(312) 641.6650
(312) 641.6656 (facsimile)

This electronic mail message contains information that (a) is or may be LEGALLY PRIVILEGED, CONFIDENTIAL, PROPRIETARY IN NATURE OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) is intended only for the use of the Addressee(s) named herein.  If you are not the intended recipient, an addressee or one responsible for delivering this message to an addressee, you are hereby notified that reading, using, copying, or distributing any part of this message is strictly prohibited.  If you have received this electronic mail message in error, please contact us immediately and take steps necessary to delete this message from your computer system.  Thank you.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

**From:** Barefoot, Luke A. <lbarefoot@cgsh.com>
**Sent:** Tuesday, September 28, 2021 7:49 AM
**To:** Michael Tannen <mtannen@tannenlaw.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; DiDonato, Phil <Philip.DiDonato@weil.com>
**Cc:** Julie Pustilnik <jpustilnik@tpmblegal.com>; Tim Meloy <tmeloy@tannenlaw.com>; Black, Kimberly <kblack@cgsh.com>; Maheshwari, Laya <lmaheshwari@cgsh.com>
**Subject:** RE: Arney

Michael,

First off, please keep my colleagues Kim Black and laya Maheshwari copied into your correspondence.

There is a form protective order in this case which parties can accede to. Transform has long since acceded to its terms – please review this and let us know if you are comfortable acceding to this form.

Rather than deal with seriatium document requests via email, we would propose that you prepare comprehensive requests for production that Transform can review and serve responses and objections to. It will be far more burdensome and difficult for Transform if they have to do numerous rounds of pulls of documents, etc. We also cannot faitly evaluate arguments such as burden, duplication, etc. without seeing the full set of documents.

If you would like to meet and confer before you even serve those discovery requests, please suggest some times.

Finally, since you have included counsel at Weil Gotshal, except to the extent your requests pertain to the estate's insurance coverage (which you should take up with Weil Gotshal), it does not make sense to burden the estate with requests for documents as Transform took ownership of all of the books and records relating to the purchased business.

Regards,

---

**Luke A. Barefoot**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ccoyle@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2829
lbarefoot@cgsh.com | clearygottlieb.com

**From:** Michael Tannen
**Sent:** Wednesday, September 29, 2021 3:20 PM
**To:** 'Barefoot, Luke A.' <lbarefoot@cgsh.com>
**Cc:** Julie Pustilnik <jpustilnik@tpmblegal.com>; Tim Meloy <tmeloy@tannenlaw.com>; Black, Kimberly <kblack@cgsh.com>; Maheshwari, Laya <lmaheshwari@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; DiDonato, Phil <Philip.DiDonato@weil.com>; Stacey.Leinheiser@transformco.com
**Subject:** RE: Arney

Luke:

Thanks for your email.  I distinctly heard Judge Drain say we should have a meet and confer so I think we should have one before we tender formal discovery.  <u>Let me know if can meet and confer this week.</u>  I've included Stacey on this email since I believe she is a liaison between Old Sears and New Sears.

Also, having read the cases we cited on our brief and which Judge Drain cited during Monday's hearing, the main discovery inquiry appears to be whether Ms. Arney's due process rights were violated.  This will implicate what Old Sears knew or should have known about dryer fires and dryer fire litigation.  Your email, however, suggested that Old Sears will play no role in responding to our discovery.  Since Old Sears transferred all of its documents to New Sears and since Old Sears is no longer a going concern, I can conceptually understand your reservations in this regard.  However, I believe that Old Sears is going to be one of the recipients of our discovery, and they will need to attest to the accuracy and completeness of the discovery responses.

Will New Sears and Old Sears be producing any documents voluntarily?  There are threshold relevant documents which are readily available to Old or New Sears and neither of us should get bogged down in discovery disputes unnecessarily.

Thanks,

mmt


Michael Murphy Tannen, Esq.



**Please note our change of address to:**
77 W. Washington St., Suite 500
Chicago, Illinois 60602

(312) 641.6650
(312) 641.6656 (facsimile)

This electronic mail message contains information that (a) is or may be LEGALLY PRIVILEGED, CONFIDENTIAL, PROPRIETARY IN NATURE OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) is intended only for the use of the Addressee(s) named herein.  If you are not the intended recipient, an addressee or one responsible for delivering this message to an addressee, you are hereby notified that reading, using, copying, or distributing any part of this message is strictly prohibited.  If you have received this electronic mail message in error, please contact us immediately and take steps necessary to delete this message from your computer system.  Thank you.

**From:** Barefoot, Luke A. <lbarefoot@cgsh.com>
**Sent:** Wednesday, September 29, 2021 4:26 PM
**To:** Michael Tannen <mtannen@tannenlaw.com>
**Cc:** Julie Pustilnik <jpustilnik@tpmblegal.com>; Tim Meloy <tmeloy@tannenlaw.com>; Black, Kimberly <kblack@cgsh.com>; Maheshwari, Laya <lmaheshwari@cgsh.com>; Marcus, Jacqueline <jacqueline.marcus@weil.com>; DiDonato, Phil <Philip.DiDonato@weil.com>; Stacey.Leinheiser@transformco.com
**Subject:** RE: Arney

Michael,

We are happy to meet and confer and of course understand that Judge Drain suggested as much. We are only suggesting that such a meet and confer will be most productive and efficient if you can share with us the categories and types of discovery that you contemplate serving. Are you willing to do that?

On that point, we would also like your confirmation as to whether you intend to pursue the assertion you made for the first time at the hearing that perhaps Ms. Arney was not the purchaser of the dryer. If so, we will need to pursue our own discovery.

As to the estate, I will let Ms. Marcus and Mr. DiDonato weigh in, but because they have sold all of the books and records which could be produced to Transform, any discovery you served on them would only require them to resort back to Transform.

As I mentioned, we do not want to engage in seriatim requests that could be duplicative and overly burdensome by requiring multiple rounds of document pulls and collections. We do not disagree with you on the general scope of discovery, but do not want to begin pulling certain specific documents to only have the cost increase by potentially having to later do duplicative or overlaying pulls so want to have a sense of the scope (and will ultimately want actual discovery requests) and identify any disagreements on scope before we begin pulling.

Regards,

---

**Luke A. Barefoot**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ccoyle@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2829
lbarefoot@cgsh.com | clearygottlieb.com

**From:** Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Sent:** Thursday, September 30, 2021 9:18 AM
**To:** Barefoot, Luke A. <lbarefoot@cgsh.com>; Michael Tannen <mtannen@tannenlaw.com>
**Cc:** Julie Pustilnik <jpustilnik@tpmblegal.com>; Tim Meloy <tmeloy@tannenlaw.com>; Black, Kimberly <kblack@cgsh.com>; Maheshwari, Laya <lmaheshwari@cgsh.com>; DiDonato, Phil <Philip.DiDonato@weil.com>; Stacey.Leinheiser@transformco.com
**Subject:** RE: Arney

I apologize for the delay in responding. As both Judge Drain and Transform have acknowledged, the Debtors do not have direct access to any of their books and records and do not have any employees. Consequently, other than with respect to insurance issues, all discovery will have to come from Transform. The Debtors will not be in a position to confirm the accuracy and completeness of discovery responses, other than with respect to insurance.



**Jacqueline Marcus**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jacqueline.marcus@weil.com
+1 212 310 8130 Direct
+1 917 658 6209 Mobile
+1 212 310 8007 Fax