**Hearing Date and Time:  November 10, 2021 at 10:00 a.m. (Eastern Time)**
**Response Deadline:  November 2, 2021 at 4:00 p.m. (Eastern Time)**

---

**THE DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, DOMINIC A. LITZ, ESQ. AT (212) 310-8000.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000f
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## NOTICE OF HEARING ON DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS)

**PLEASE TAKE NOTICE** that, on October 19, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Thirty-Eighth Omnibus Objection to Proofs of Claim (Reclassifying Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reclassify as general unsecured claims the claims associated with the proofs of claim listed on **Exhibit A** annexed hereto (the "**Proofs of Claim**" or "**Claims**"), on the ground(s) that such Claim(s) does not have a valid security interest in the property of the Debtors' estates or does not otherwise satisfy the requirements for administrative expense priority under section 503(b) of the Bankruptcy Code or other statutory priority under section 507(a) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the reclassification of a Proof of Claim without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the relief requested, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the relief requested, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **November 2, 2021, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Proof of Claim; (iii) a concise statement setting forth the reasons why the Disputed Claim should not be reclassified for the

reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Proof of Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Proof of Claim on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **November 10, 2021 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Proof(s) of Claim that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Proof(s) of Claim, then the Hearing on the Objection with respect to such Proof(s) of Claim will be held at a later date. If the Debtors do not continue the Hearing with respect to such Proof(s) of Claim, then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection with respect to the Claims listed on **Exhibit A** hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit B** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Debtors retain the right to object on other grounds to the Proof(s) of Claim (or to any other Proof(s) of Claim Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.  **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Proof(s) of Claim.**

Dated:  October 19, 2021
      New York, New York

             */s/ Garrett A. Fail*
             WEIL, GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York  10153
             Telephone:  (212) 310-8000
             Facsimile:  (212) 310-8007
             Ray C. Schrock, P.C.
             Jacqueline Marcus
             Garrett A. Fail
             Sunny Singh

             *Attorneys for Debtors*
             *and Debtors in Possession*

# **Exhibit A**

## **Disputed Claims**

**Debtors' Thirty-Eighth Omnibus Objection to Claims**
**Exhibit 1 - Disputed Claims**

| | Schedule of Disputed Claims to be Reclassified | |
|---|---|---|
| Ref # | Disputed Claims | Affected Proof of Claim No. |
| 1. | SINOR, RACHELLE | 10949 |
| 2. | SKOWRON, ANNA | 14544 |
| 3. | SMITH, APRIL M | 14416 |
| 4. | SMITH, DEMIAN M. | 8119 |
| 5. | SMITH, MICHELLE SUE | 8313 |
| 6. | SMITH, PATRICIA A | 17859 |
| 7. | SMITH, SHARON | 11766 |
| 8. | SOTELO, VIVIAN | 10908 |
| 9. | SOUTHWELL , WILLIAM  P | 14219 |
| 10. | SOUTHWELL, WILLIAM | 5954 |
| 11. | SPADE, CHARLENE | 2644 |
| 12. | SPEARS, CHRISTOPHER | 13653 |
| 13. | SPEARS, CHRISTOPHER | 18734 |
| 14. | SPIRK, DANIEL W | 5047 |
| 15. | SPLONSKOWSKI, STUART L | 10805 |
| 16. | STABELLA INC | 5119 |
| 17. | STAELENS, KURT | 1897 |
| 18. | STAELENS, KURT C | 10388 |
| 19. | STANYARD, BRAD | 18160 |
| 20. | STEPHENSON, JARMILIA | 15203 |
| 21. | STEVENS, TERESA | 19048 |
| 22. | STOUT JR., HARRY L | 7140 |
| 23. | SUY, SINHAK | 6509 |
| 24. | SWATOW PUERTO RICO CORP. | 4302 |
| 25. | SWOBODA, JOHN A | 12511 |
| 26. | TALLEY-PERRY, TWANDA | 18514 |
| 27. | TANYA, RILEY | 11004 |
| 28. | TAUNTON MUNICIPAL LIGHTING PLANT | 10136 |
| 29. | TAUNTON MUNICIPAL LIGHTING PLANT | 8255 |
| 30. | TAYLOR, RYANNE | 15835 |
| 31. | TEMPLE, TONDA | 14264 |
| 32. | TENAGLIA & HUNT, P.A. | 17625 |
| 33. | TERRELL-LAVINE, MARIANNE | 8466 |
| 34. | THOMPSON, PATRICIA | 9931 |
| 35. | THOMPSON, THOMAS G | 14246 |
| 36. | TITUS, GERALDINE MAE | 12042 |
| 37. | TOLIVER, MARGUERITE | 17469 |
| 38. | TORRES, REBECCA L | 12077 |
| 39. | TORTORICE, THERESA M | 11603 |
| 40. | TRIANGLE TRADING CO, INC | 579 |
| 41. | TRYON, JOHN F | 13715 |
| 42. | TUCKER, KIMBERLY S | 9471 |
| 43. | TURNER, ASHLEY N | 16416 |
| 44. | TYE, BRYAN E | 14278 |
| 45. | U.S. CUSTOMS AND BORDER PROTECTION | 20058 |
| 46. | UDREA, KIMBERLY | 18866 |
| 47. | VANHOOK, HAROLD | 17806 |
| 48. | VARNADO, THELMARE | 10848 |
| 49. | VASANT, JADIA S. | 9205 |
| 50. | VASQUEZ, JALISA L | 14560 |
| 51. | VIEL, JILL R | 13591 |
| 52. | VILAS, CRAIG | 12111 |
| 53. | VILLAGE OF WEST DUNDEE | 19401 |
| 54. | VISHWANATH, K.R. | 8600 |
| 55. | VOHRA, NEELU | 17236 |
| 56. | VUE, MAYS  H | 20228 |
| 57. | WARD, NIKI | 19577 |
| 58. | WARE, BRENDA F | 11480 |
| 59. | WASHINGTON, CONSTANCE | 14142 |

**<u>Exhibit B</u>**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

   The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## Claims Hearing Procedures

1.  Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.  The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2]  Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.     The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.     The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(i)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(ii)    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.     Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.     The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.     **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

**Hearing Date and Time:  November 10, 2021 at 10:00 a.m. (Eastern Time)**
**Response Deadline:  November 2, 2021 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                              :        **Chapter 11**
                                                                   :
**SEARS HOLDINGS CORPORATION, *et al.*,**         :        **Case No. 18-23538 (RDD)**
                                                                   :
            **Debtors.[1]**                                     :        **(Jointly Administered)**
----------------------------------------------------------------x

# DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION TO PROOFS OF CLAIM
## (RECLASSIFYING CLAIMS)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

---

**THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. PARTIES SHOULD REVIEW THE OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, DOMINIC A. LITZ, ESQ. AT (212) 310-8000.**

---

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

**Background**

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement* Among *Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors'*

*Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"), pursuant to which the Debtors sold substantially all their assets to Transform HoldCo LLC ("**Transform**").

5.     On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370).

6.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.     This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.     The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order reclassifying to general unsecured claims the asserted secured, administrative expense priority and other priority claims associated with the Proof of Claims listed on **Exhibit A** annexed hereto (collectively, the "**Disputed Claims**").

9.     The Debtors preserve their rights to later object to any Disputed Claim.  This Objection does not constitute an admission or acknowledgement by the Debtors that any of the Disputed Claims should be allowed.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

10.     The Debtors have examined each Disputed Claim, all documentation provided with respect to each Disputed Claim, and the Debtors' respective books and records, and have determined in each case the Disputed Claim asserts a claim against the Debtors that should be classified in its entirety as general unsecured.  In each case, the claimant either provided no supporting documents establishing (i) entitlement to administrative expense priority under section 503(b) of the Bankruptcy Code, (ii) entitlement to other statutory priority under section 507(a) of the Bankruptcy Code or (iii) a valid security interest in the property of the Debtors' estates.

11.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

### The Disputed Claims Should Be Reclassified

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c),* No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd,* No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14.     In addition, a Claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d

4

167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

15.    Furthermore, a Claimant asserting other statutory priority under the Bankruptcy Code also bears the burden of establishing such priority.  *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted). Moreover, statutory priorities under the Bankruptcy Code are to be construed and awarded narrowly and consistent with the intent of the Bankruptcy Code. *See, e.g., Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 669 (2006) (noting the longstanding principle that administrative claims "must be tightly construed" to accomplish the Bankruptcy Code's objective of equal distribution to creditors).

16.    Similarly, if a creditor cannot demonstrate that its claim is secured by a valid, perfected lien or other security interest in property of the Debtors' estates, it must follow that such claim is unsecured. *See*, *e.g., In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003) (finding that a creditor that is a beneficiary of a letter of credit is only an unsecured creditor vis-à-vis the bankruptcy estate without a direct security interest); *In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien). Such claims are routinely reclassified when the claim is not secured by a valid and properly perfected lien. *See In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. SDNY, Jun. 26, 2019) (ECF No. 935)

(reducing/reclassifying claims to the extent not secured by a proper lien on property in which the estate has an interest); *In re Runway Liquidation Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. SDNY, May 16, 2018) (ECF No. 901) (same); *In re Cenveo, Inc*., Case No. 18-22178 (RDD) (Bankr. SDNY, Jan. 18, 2019) (ECF No. 919) (same); *In re Aralez Pharmaceuticals US Inc*., Case No. 18-12425 (MG) (Bankr. SDNY, Mar. 21, 2019) (ECF No. 590) (same).

17.    As each of the Disputed Claims (i) does not establish that such claim is secured by a valid, perfected lien or other security interest in property of the Debtors' estates, (ii) does not satisfy the requirements for administrative expense priority under section 503(b), or (iii) does not satisfy the requirements for any other statutory priority under section 507(a), the Debtors seek entry of the Proposed Order reclassifying the Disputed Claims listed on **Exhibit A** to general unsecured claims.

## **Reservation of Rights**

18.    The Debtors hereby reserve the right to object in the future to any of the Disputed Claim subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

## **Notice**

19.    Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: October 19, 2021
New York, New York

*/s/ Garrett A. Fail*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

## **Exhibit A**

**Schedule of Disputed Claims**

**Debtors' Thirty-Eighth Omnibus Objection to Claims**
**Exhibit 1 - Disputed Claims**

| | Schedule of Disputed Claims to be Reclassified | |
|---|---|---|
| Ref # | Disputed Claims | Affected Proof of Claim No. |
| 1. | SINOR, RACHELLE | 10949 |
| 2. | SKOWRON, ANNA | 14544 |
| 3. | SMITH, APRIL M | 14416 |
| 4. | SMITH, DEMIAN M. | 8119 |
| 5. | SMITH, MICHELLE SUE | 8313 |
| 6. | SMITH, PATRICIA A | 17859 |
| 7. | SMITH, SHARON | 11766 |
| 8. | SOTELO, VIVIAN | 10908 |
| 9. | SOUTHWELL , WILLIAM  P | 14219 |
| 10. | SOUTHWELL, WILLIAM | 5954 |
| 11. | SPADE, CHARLENE | 2644 |
| 12. | SPEARS, CHRISTOPHER | 13653 |
| 13. | SPEARS, CHRISTOPHER | 18734 |
| 14. | SPIRK, DANIEL W | 5047 |
| 15. | SPLONSKOWSKI, STUART L | 10805 |
| 16. | STABELLA INC | 5119 |
| 17. | STAELENS, KURT | 1897 |
| 18. | STAELENS, KURT C | 10388 |
| 19. | STANYARD, BRAD | 18160 |
| 20. | STEPHENSON, JARMILIA | 15203 |
| 21. | STEVENS, TERESA | 19048 |
| 22. | STOUT JR., HARRY L | 7140 |
| 23. | SUY, SINHAK | 6509 |
| 24. | SWATOW PUERTO RICO CORP. | 4302 |
| 25. | SWOBODA, JOHN A | 12511 |
| 26. | TALLEY-PERRY, TWANDA | 18514 |
| 27. | TANYA, RILEY | 11004 |
| 28. | TAUNTON MUNICIPAL LIGHTING PLANT | 10136 |
| 29. | TAUNTON MUNICIPAL LIGHTING PLANT | 8255 |
| 30. | TAYLOR, RYANNE | 15835 |
| 31. | TEMPLE, TONDA | 14264 |
| 32. | TENAGLIA & HUNT, P.A. | 17625 |
| 33. | TERRELL-LAVINE, MARIANNE | 8466 |
| 34. | THOMPSON, PATRICIA | 9931 |
| 35. | THOMPSON, THOMAS G | 14246 |
| 36. | TITUS, GERALDINE MAE | 12042 |
| 37. | TOLIVER, MARGUERITE | 17469 |
| 38. | TORRES, REBECCA L | 12077 |
| 39. | TORTORICE, THERESA M | 11603 |
| 40. | TRIANGLE TRADING CO, INC | 579 |
| 41. | TRYON, JOHN F | 13715 |
| 42. | TUCKER, KIMBERLY S | 9471 |
| 43. | TURNER, ASHLEY N | 16416 |
| 44. | TYE, BRYAN E | 14278 |
| 45. | U.S. CUSTOMS AND BORDER PROTECTION | 20058 |
| 46. | UDREA, KIMBERLY | 18866 |
| 47. | VANHOOK, HAROLD | 17806 |
| 48. | VARNADO, THELMARE | 10848 |
| 49. | VASANT, JADIA S. | 9205 |
| 50. | VASQUEZ, JALISA L | 14560 |
| 51. | VIEL, JILL R | 13591 |
| 52. | VILAS, CRAIG | 12111 |
| 53. | VILLAGE OF WEST DUNDEE | 19401 |
| 54. | VISHWANATH, K.R. | 8600 |
| 55. | VOHRA, NEELU | 17236 |
| 56. | VUE, MAYS  H | 20228 |
| 57. | WARD, NIKI | 19577 |
| 58. | WARE, BRENDA F | 11480 |
| 59. | WASHINGTON, CONSTANCE | 14142 |

**Exhibit B**

**Proposed Order**

WEIL:\98214908\1\73217.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------x
In re                                        :        Chapter 11
                                             :
SEARS HOLDINGS CORPORATION, et al.,          :        Case No. 18-23538 (RDD)
                                             :
        Debtors.¹                            :        (Jointly Administered)
----------------------------------------------------------------x
```

## ORDER GRANTING DEBTORS' THIRTY-EIGHTH
## OMNIBUS OBJECTION TO PROOFS OF CLAIM
## (RECLASSIFICATION)

Upon the *Debtors' Thirty-Eighth Omnibus Objection to Proofs of Claim (Reclassifying Claims)*, filed on October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on _____ (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Proof of Claim listed on **Exhibit 1** annexed hereto and each asserted claim associated therewith (collectively, the "**Disputed Claims**") is reclassified in its entirety to a general unsecured claim.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The rights of the Debtors to assert further objections to the Disputed Claims, in whole or in part, and on any basis, are fully preserved.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
          White Plains, New York


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Disputed Claims**

**Debtors' Thirty-Eighth Omnibus Objection to Claims**
**Exhibit 1 - Disputed Claims**

| | Schedule of Disputed Claims to be Reclassified | |
|---|---|---|
| Ref # | Disputed Claims | Affected Proof of Claim No. |
| 1. | SINOR, RACHELLE | 10949 |
| 2. | SKOWRON, ANNA | 14544 |
| 3. | SMITH, APRIL M | 14416 |
| 4. | SMITH, DEMIAN M. | 8119 |
| 5. | SMITH, MICHELLE SUE | 8313 |
| 6. | SMITH, PATRICIA A | 17859 |
| 7. | SMITH, SHARON | 11766 |
| 8. | SOTELO, VIVIAN | 10908 |
| 9. | SOUTHWELL , WILLIAM  P | 14219 |
| 10. | SOUTHWELL, WILLIAM | 5954 |
| 11. | SPADE, CHARLENE | 2644 |
| 12. | SPEARS, CHRISTOPHER | 13653 |
| 13. | SPEARS, CHRISTOPHER | 18734 |
| 14. | SPIRK, DANIEL W | 5047 |
| 15. | SPLONSKOWSKI, STUART L | 10805 |
| 16. | STABELLA INC | 5119 |
| 17. | STAELENS, KURT | 1897 |
| 18. | STAELENS, KURT C | 10388 |
| 19. | STANYARD, BRAD | 18160 |
| 20. | STEPHENSON, JARMILIA | 15203 |
| 21. | STEVENS, TERESA | 19048 |
| 22. | STOUT JR., HARRY L | 7140 |
| 23. | SUY, SINHAK | 6509 |
| 24. | SWATOW PUERTO RICO CORP. | 4302 |
| 25. | SWOBODA, JOHN A | 12511 |
| 26. | TALLEY-PERRY, TWANDA | 18514 |
| 27. | TANYA, RILEY | 11004 |
| 28. | TAUNTON MUNICIPAL LIGHTING PLANT | 10136 |
| 29. | TAUNTON MUNICIPAL LIGHTING PLANT | 8255 |
| 30. | TAYLOR, RYANNE | 15835 |
| 31. | TEMPLE, TONDA | 14264 |
| 32. | TENAGLIA & HUNT, P.A. | 17625 |
| 33. | TERRELL-LAVINE, MARIANNE | 8466 |
| 34. | THOMPSON, PATRICIA | 9931 |
| 35. | THOMPSON, THOMAS G | 14246 |
| 36. | TITUS, GERALDINE MAE | 12042 |
| 37. | TOLIVER, MARGUERITE | 17469 |
| 38. | TORRES, REBECCA L | 12077 |
| 39. | TORTORICE, THERESA M | 11603 |
| 40. | TRIANGLE TRADING CO, INC | 579 |
| 41. | TRYON, JOHN F | 13715 |
| 42. | TUCKER, KIMBERLY S | 9471 |
| 43. | TURNER, ASHLEY N | 16416 |
| 44. | TYE, BRYAN E | 14278 |
| 45. | U.S. CUSTOMS AND BORDER PROTECTION | 20058 |
| 46. | UDREA, KIMBERLY | 18866 |
| 47. | VANHOOK, HAROLD | 17806 |
| 48. | VARNADO, THELMARE | 10848 |
| 49. | VASANT, JADIA S. | 9205 |
| 50. | VASQUEZ, JALISA L | 14560 |
| 51. | VIEL, JILL R | 13591 |
| 52. | VILAS, CRAIG | 12111 |
| 53. | VILLAGE OF WEST DUNDEE | 19401 |
| 54. | VISHWANATH, K.R. | 8600 |
| 55. | VOHRA, NEELU | 17236 |
| 56. | VUE, MAYS  H | 20228 |
| 57. | WARD, NIKI | 19577 |
| 58. | WARE, BRENDA F | 11480 |
| 59. | WASHINGTON, CONSTANCE | 14142 |