UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION | Case No. 18-23538 (RDD) |
| Debtor. | |

### CLAIMANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY
### TO PERMIT PROSECUTION OF PENDING PERSONAL INJURY MATTER

#### I. Introduction

LEONARD MCKENZIE (the "Movant") respectfully requests that the automatic stay be modified to allow the continued prosecution of a pending personal injury claim against **SEARS OUTLET STORES, LLC** (the "Defendant"), an affiliate of **SEARS HOLDING CORPORATION** (the "Debtor"). In support of this Application, the Movant respectfully states as follows:

#### II. Jurisdiction and Venue

This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

#### III. Factual Background

This personal injury matter arises from a trip and fall due to a defect, on December 11, 2016, at a premises owned by the Defendant, **SEARS OUTLET STORES LLC**. More specifically, the Movant tripped and fell on a defect located on the walkway in the parking lot of the Sears Outlet, located at 220-05 Hillside Avenue, Queens, New York. On or about March 13, 2017, Movant, **LEONARD MCKENZIE**, initiated the personal injury action by filing a Summons

and Verified Complaint under Index Number 602167/2017. (See, Summons and Verified Complaint, annexed hereto as **Exhibit "A"**). On or about September 13, 2017, Defendant, **SEARS OUTLET STORES, LLC**, interposed their Verified Answer. (See, Verified Answer, annexed hereto as **Exhibit "B"**).

Movant sustained serious injuries including, but not limited to, disc bulges at L3/4, L4/5, L5/S1, which resulted in a lumbar discectomy and decompression of the L4/5 disc, on March 29, 2017. Further, Movant sustained disc bulges at C2/3, C3/4, C4/5, C5/6, and C6/7. Movant also injured his left shoulder. (**See**, Verified Bill of Particulars and Supplemental Bill of Particulars, annexed hereto collectively as **Exhibit "C"**)

On October 29, 2018, the Defendant filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay. (**See**, Notice of Bankruptcy Filing and Imposition of Automatic Stay, annexed hereto as **Exhibit "D"**). In this Notice, the Movant was made aware that **SEARS HOLDINGS CORPORATION** and its debtor affiliates, each commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (11 U.S.C. § 101 et. seq.) in the United States Bankruptcy Court for the Southern District of New York. Accordingly, the Movant's matter, under Index Number 602167/2017 in the Supreme Court of the State of New York, County of Nassau, was automatically stayed pursuant to Section 362(a) of the Bankruptcy Code.

Through discovery of the personal injury matter, Movant has discovered that the Debtor is insured by a policy provided by ACE, which has a limit of $5 million. Movant is willing to limit his recovery to an amount within the available policy limits.

IV. **Relief Requested**

Under Section 362(d)(1) of the Bankruptcy Code, the Court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). "Cause is determined on a case by case basis."

In re Tuscon Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990). While "cause" is not particularly defined, the legislative history in this Section indicates that "cause" can include "a desire to permit an action to proceed in another tribunal." H.R. Rep. No. 595, 95th Cong., 1st Sess. 343 (1977). Previously, relief has been granted from an automatic stay in order to allow a creditor to obtain a judgment against a debtor to recover from the debtor's insurer. International Business Machines v. Fernstrom & Van Co. (In re Fernstrom & Van Co.), 938 F.2d 731 (7th Cir. 1991).

Courts often modify the automatic stay to allow a debtor to obtain a judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. Id; Foust v. Munson S. S. Lines, 299 U.S. 77, 87, 57 S. Ct. 90, 95 (1936) (allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy"). The reasoning behind such relief is as follows:

> When the Court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from stay to permit an action either against the debtor, if necessary, or against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy. Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.

3 Collier on Bankruptcy ¶362.07[3][a][I] (Lawrence P. King, ed., 15th Ed. Revised 1999).

Through the discovery process in the personal injury matter, it has been revealed that the insurer maintains abundant insurance coverage, which is unencumbered by the bankruptcy proceedings. Movant is willing to limit his recovery to an amount within the available policy limits. The Movant's personal injury action will be of no hinderance or delay to the Debtor, nor

will it cause additional expense.

In deciding whether cause exists to modify the stay, Courts apply a three-pronged balancing test which includes: (a) the possible prejudice to the estate, (b) the hardship imposed upon the party in interest if the stay remains in place, and (c) whether the Movant has a likelihood of prevailing in the underlying litigation. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993); *In re Piperi*, 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990); *In re Pro Football Weekly*, 60 B.R. 824, 826 (ND. Ill, 1986); *In re Bock Laundry Machine*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

As stated by Congress during the discussions of their intent in providing relief from the automatic stay: "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *In re Honosky*, 6 B.R. 667, 669 (D.C.S.D. W. Va. 1980), *citing* S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in [1978]* U.S. Code Cong. & Ad. News 5836. The Movant should be granted relief under these considerations.

### A. Modification of the Stay Will Not Prejudice the Estate

In the matter herein, the Movant seeks to modify the stay exclusively to allow the personal injury matter to proceed for purposes of allowing Movant to recover the amounts available under the policies from Debtor's insurer. Further, the resolution of the personal injury matter will allow the claim filed by Movant to be liquidated. In re Peterson, 116 B.R. 247, 250 (D. Cob. 1990). Modifying the stay will not prejudice the Debtor's bankruptcy matter.

### B. Hardship Will Result to Movant if the Stay is Not Modified

The Movant has suffered a great deal as a result of his injuries due to the Defendants'

negligence. Further, the parties in the personal injury matter have expended time and expense in the discovery process. If the stay remains in place, Movant will be forced to delay the prosecution of his claim. In re Curtis, 40 B.R. 795, 800, 805-806 (Bankr. CD. Utah 1984) (noting that the interest of judicial economy, and the expeditions and economical determination of litigation for the parties are factors to be considered when deciding whether stay should be lifted).

### C. The Movant has a Likelihood of Prevailing in the Underlying Litigation

The final prong of this analysis requires just a minimal showing that the Movant's claims are not "frivolous." Id. Even slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases. In re Continental Airlines, Inc., 152 B.R. 420 (D. Del. 1993). The root of the personal injury matter is the negligence of the Defendants and Debtor.

### V.    Conclusion

It is clear that the Movant can make all required showings to allow him to assert his claims against the Debtor in the pending personal injury matter. The Debtor will not be prejudiced, and no hardship will arise from the continuation of Movant's litigation. However, hardship will come to the Movant if the matter is not resumed. The stay should be modified to allow the Movant to continue to litigate his claims against the Debtor.

Dated: New York, NY
September 30, 2021

Respectfully Submitted,
Subin Associates

*Andrew Bokar*

ANDREW BOKAR, ESQ.
150 Broadway, 23rd Floor
New York, NY 10038
abokar@subinlaw.com