EXHIBIT A

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 602167/2017
RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X

LEONARD McKENZIE,

                          Plaintiff,

           -against-

DERP ASSOCIATES LLC and DAN'S SUPREME
SUPER MARKETS, INC.,

                         Defendants.
------------------------------------------------------------------X

Index No.:

**SUMMONS**

The basis of venue is
plaintiff's residence.

To the captioned Defendants:

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on the plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the date of service, or within thirty (30) days if the Summons has not been personally delivered to you within the State of New York.

       **PLEASE BE ADVISED** that should you fail to answer or appear, a default judgment will be taken against you for the relief sought in the Complaint.

Dated: New York, New York
       March 9, 2017

                               MYERS, SINGER & GALIARDO

                By:

                               Thomas S. Pardo, Esq.
                               *Attorneys for Plaintiff*
                               299 Broadway, Suite 200
                               New York, New York 10007
                               (212) 986-5900

Defendants' Addresses:
DERP ASSOCIATES LLC
Secretary of State

DAN'S SUPREME SUPER MARKETS,
INC.
Secretary of State

Plaintiff's Address:
LEONARD McKENZIE
1214 Woodfield Road
Rockville Center, New York 11570

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 602167/2017

RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------X

LEONARD McKENZIE,

                                                Index No.:

                Plaintiff,

     -against-                            **VERIFIED COMPLAINT**

DERP ASSOCIATES LLC and DAN'S SUPREME
SUPER MARKETS, INC.,

                        Defendants.

-----------------------------------------------------------------X

       Plaintiff, LEONARD McKENZIE, complaining of defendant, through her attorneys MYERS, SINGER & GALIARDO, LLP, respectfully alleges upon information and belief as follows:

       1.    At all times hereinafter mentioned, plaintiff LEONARD McKENZIE was and is a resident of Nassau County, State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT DERP ASSOCIATES LLC

       2.    That this action falls within one or more of the exemptions set forth CPLR 1602.

       3.    That all times herein mentioned defendant DERP ASSOCIATES LLC was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

       4.    That at all times herein mentioned defendant DERP ASSOCIATES LLC owned the premises known as 220-05 Hillside Avenue, Queens Village, New York 11427, operating as Sears Outlet.

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 602167/2017
RECEIVED NYSCEF: 03/13/2017

5.      That at all times herein mentioned defendant DERP ASSOCIATES LLC leased the premises known as 220-05 Hillside Avenue, Queens Village, New York 11427, operating as Sears Outlet.

6.      That at all times herein mentioned, and upon information and belief, defendant DERP ASSOCIATES LLC, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, operated the aforesaid premises.

7.      That at all times herein mentioned, and upon information and belief, defendant, DERP ASSOCIATES LLC, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, managed the aforesaid premises.

8.      That at all times herein mentioned, and upon information and belief, defendant, DERP ASSOCIATES LLC, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, maintained the aforesaid premises.

9.      That at all times herein mentioned, and upon information and belief, defendant, DERP ASSOCIATES LLC, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, controlled the aforesaid premises.

10.     That at all times herein mentioned, and upon information and belief, defendant, DERP ASSOCIATES LLC, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, supervised the aforesaid premises.

11.     That at all times herein mentioned, it was the duty of defendant, DERP ASSOCIATES LLC, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, to maintain the aforesaid premises.

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 602167/2017

RECEIVED NYSCEF: 03/13/2017

12.    That on December 11, 2016, plaintiff LEONARD McKENZIE was lawfully traversing at the above-mentioned premises when he was caused to trip and fall and sustained severe and permanent injuries as a result of a dangerous and defective condition.

13.    The above mentioned occurrence, and the results thereof, were caused as a result of the negligence of the defendant, DERP ASSOCIATES LLC, their agents, servants, employees contractor, subcontractors and/or licensees in the ownership, operation, management, maintenance, supervision, repair and/or control of the aforesaid premises, in causing, permitting and/or allowing said premises to be, become and remain in a dangerous and hazardous condition, constituting a trap, nuisance and tripping hazard and in failing to repair said condition, in permitting the aforesaid dangerous condition to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice and in failing to take any necessary and reasonable measures to alleviate said condition; failing to warn the general public and, more particularly, plaintiff herein, of the subject dangerous condition.

14.    That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

15.    That as a result of the foregoing, the plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss there from.

16.    That as a result of the foregoing the plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 602167/2017

RECEIVED NYSCEF: 03/13/2017

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT DAN'S SUPREME SUPER MARKETS, INC.

17.    Plaintiff repeats, realleges and reiterates each and every one of the preceding paragraphs as if each were more fully set forth at length herein.

18.    That this action falls within one or more of the exemptions set forth CPLR 1602.

19.    That all times herein mentioned defendant DAN'S SUPREME SUPERMARKETS, INC. was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

20.    That at all times herein mentioned defendant DAN'S SUPREME SUPERMARKETS, INC. owned the premises known as 220-05 Hillside Avenue, Queens Village, New York 11427, operating as Sears Outlet.

21.    That at all times herein mentioned defendant DAN'S SUPREME SUPERMARKETS, INC. leased the premises known as 220-05 Hillside Avenue, Queens Village, New York 11427, operating as Sears Outlet.

22.    That at all times herein mentioned, and upon information and belief, defendant DAN'S SUPREME SUPERMARKETS, INC., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, operated the aforesaid premises.

23.    That at all times herein mentioned, and upon information and belief, defendant, DAN'S SUPREME SUPERMARKETS, INC., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, managed the aforesaid premises.

24.    That at all times herein mentioned, and upon information and belief, defendant, DAN'S SUPREME SUPERMARKETS, INC., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, maintained the aforesaid premises.

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 602167/2017
RECEIVED NYSCEF: 03/13/2017

25.    That at all times herein mentioned, and upon information and belief, defendant, DAN'S SUPREME SUPERMARKETS, INC., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, controlled the aforesaid premises.

26.    That at all times herein mentioned, and upon information and belief, defendant, DAN'S SUPREME SUPERMARKETS, INC., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, supervised the aforesaid premises.

27.    That at all times herein mentioned, it was the duty of defendant, DAN'S SUPREME SUPERMARKETS, INC., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, to maintain the aforesaid premises.

28.    That on December 11, 2016, plaintiff LEONARD McKENZIE was lawfully traversing at the above-mentioned premises when he was caused to trip and fall and sustained severe and permanent injuries as a result of a dangerous and defective condition.

29.    The above mentioned occurrence, and the results thereof, were caused as a result of the negligence of the defendant, DAN'S SUPREME SUPERMARKETS, INC., their agents, servants, employees contractor, subcontractors and/or licensees in the ownership, operation, management, maintenance, supervision, repair and/or control of the aforesaid premises, in causing, permitting and/or allowing said premises to be, become and remain in a dangerous and hazardous condition, constituting a trap, nuisance and tripping hazard and in failing to repair said condition, in permitting the aforesaid dangerous condition to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice and in failing to take any necessary and reasonable measures to alleviate said condition; failing to warn the general public and, more particularly, plaintiff herein, of the subject dangerous condition.

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 602167/2017

RECEIVED NYSCEF: 03/13/2017

30.    That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

31.    That as a result of the foregoing, the plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss there from.

32.    That as a result of the foregoing the plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants herein for a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
       March 9, 2017

MYERS, SINGER & GALIARDO, LLP

By:    _____
       THOMAS S. PARDO, ESQ.
       *Attorneys for Plaintiff*
       299 Broadway, Suite 200
       New York, New York 10007
       Tel. No.: (212) 986-5900

FILED: NASSAU COUNTY CLERK 03/13/2017 01:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 602167/2017

RECEIVED NYSCEF: 03/13/2017

## VERIFICATION

THOMAS S. PARDO, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following statements under the penalties of perjury:

Affiant is an associate of the law firm Myers, Singer & Galiardo, LLP, the attorneys of record for the plaintiff in the within action.

Affiant has read the foregoing **SUMMONS** and **VERIFIED COMPLAINT** and knows the contents thereof.

The same is true to affiant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, affiant believes them to be true.

The reason this verification is made by affiant and not by the plaintiff is because the plaintiff resides outside the county wherein affiant maintains his office.

The grounds of affiant's belief as to all matters not stated upon affiant's own knowledge are as follows: investigations and information received by affiant in the course of his duties as attorney for the said plaintiff.

Dated: New York, New York
March 9, 2017

Thomas S. Pardo, Esq.

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------------x

LEONARD MCKENZIE,                                    Index No: 602167/2017E

                Plaintiff,

- against -

DERP ASSOCIATES LLC, DAN'S SUPPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.

                Defendants.

-------------------------------------------------------------------------x

## ATTORNEY'S CERTIFICATION
### Section 130.1.1 (22 NYCRR)

Papers served:

      VERIFIED ANSWER WITH CROSS-CLAIMS,
      DEMAND FOR VERIFIED BILL OF PARTICULARS,
      NOTICE TO PRODUCE,
      EXPERT WITNESS DEMAND,
      MEDICAL DEMAND,
      DEMAND FOR SOCIAL NETWORKING INFORMAITON,
      DEMAND FOR DAMAGES,
      NOTICE TO TAKE DEPOSITION,
      NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL
      DEMAND PURSUANT TO SECTION 111 OF THE MMSEA,
      NOTICE TO PRODUCE PHOTOGRAPHS,
      NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND
      EMPLOYMENT RECORDS,
      NOTICE FOR DISCOVERY AND INSPECTION FOR COLLATERAL
      SOURCE REIMBURSEMENT,
      DEMAND FOR WORKERS' COMPENSATION RECORDS,
      NOTICE OF DISCOVERY AND INSPECTION OF BIRTH CERTIFICATE,
      DEMAND FOR STATEMENTS

                Yours, etc.

BY:

                BELLA I. PEVZNER, ESQ.
                SOBEL PEVZNER, LLC
                Attorneys for Defendant
                SEARS OUTLET STORES, L.L.C.
                30 Vesey Street, 8th Floor
                New York, New York 10007
                (212) 216-0020

TO:    Thomas S. Pardo, ESQ.
Myers, Singer & Galliardo, LLP
Attorney for Plaintiff
299 Broadway, Suite 200
New York, NY 1007
Tel: (212) 986-5900

Kenneth J. Kutner, ESQ.
Perry, Van Etten Rozanki & Primavera, LLP
Attorney for Co-defendant
DERP ASSOCIATES LLC and DAN'S
SUPREME SUPER MARKETS, INC.
30 Broad Street, the 44th Floor
New York, NY 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------------------x

LEONARD MCKENZIE,                                          Index No.: 602167/2017E


                              Plaintiff,

- against -

                                                          **VERIFIED ANSWER**
                                                          **WITH CROSS-CLAIMS**

DERP ASSOCIATES LLC, DAN'S SUPPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.


                              Defendants.
----------------------------------------------------------------------------x

SIRS:

The Defendant, SEARS OUTLET STORES, L.L.C.., by and through their attorneys,

SOBEL PEVZNER, LLC, answer the Verified Complaint of the Plaintiff, LEONARD

MCKENZIE, upon information and belief as follows:

1.       Answering Defendant denies having knowledge or information sufficient to form a

belief as to each and every allegation contained in paragraph "1"of the Plaintiff's Verified

Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

2.       Answering Defendant denies each and every allegation contained in paragraphs "2"

and "16" of the Plaintiff's Verified Complaint and refer all questions of law to this Honorable

Court.

3.       Answering Defendant denies having knowledge or information sufficient to form a

belief as to each and every allegation contained in paragraphs "3", "4", "5", "6", '7", "8", "9",

"10", "11", "12" and "13" of the Plaintiff's Verified Complaint.

4.       Answering Defendant denies each and every allegation contained in paragraphs

"14", "15" of the Plaintiff's Verified Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

5.      That at all times hereinafter mentioned, Defendants repeat, reiterates and reallege each and every allegation contained in paragraphs "1" through "16" with the same force and effect as though fully set forth herein in response to paragraph "17" of the Plaintiff's Verified Complaint.

6.      Answering Defendant denies each and every allegation contained in paragraphs "18" and "32" of the Plaintiff's Verified Complaint and refer all questions of law to this Honorable Court.

7.      Answering Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "19", "20", "21", "22", "23", "24", "25", "26", "27", "28" of the Plaintiff's Verified Complaint.

8.      Answering Defendant denies each and every allegation contained in paragraphs "30" and "31 of Plaintiff's Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

9.      That at all times hereinafter mentioned, Defendants repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "32" with the same force and effect as though fully set forth herein in response to paragraph "33" of the Plaintiffs' Verified Complaint.

10.     Answering Defendant denies each and every allegation contained in paragraphs "34" and "48" of the Plaintiff's Verified Complaint and refer all questions of law to this Honorable Court.

11.     Answering Defendants deny each and every allegation contained in paragraph "35" of Plaintiff's Verified Complaint except admit that Defendant, SEARS OUTLET STORES, L.L.C., is a foreign limited liability corporation to conduct business within the State of New York.

12.    Answering Defendants deny each and every allegation contained in paragraphs "36", 37", "38", "39", "40", "41", "42" and "43" of Plaintiff's Verified Complaint except admit that Defendant, SEARS OUTLET STORES, L.L.C., operated an establishment located at 220-05 Hillside Avenue, Queens Village, New York, NY 11427.

13.    Answering Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "44" of the Plaintiff's Verified Complaint.

14.    Answering Defendant denies each and every allegation contained in paragraphs "45", "46" and "47" of Plaintiffs' Verified Complaint.

## AS AND FOR CROSS-CLAIM NEW THE DERP ASSOCIATES LLC, ANSWERING DEFENDANT SETS FORTH AND ALLEGES,

15.    That if the Plaintiff sustained injury and damages as alleged in the Verified Complaint through negligence other than her/his own and recovers thereon against this defendant, such recovery will have been brought about and caused by the active, affirmative and primary negligence of the co-defendant, their agents, servants and/or employees, without any active or affirmative negligence on the part of answering Defendant contributing thereto, and co-defendant will thereby be obliged to indemnify answering Defendant for any judgment that may be recovered against answering defendant, by reason of the occurrence mentioned and described in the Complaint.

16.    That if Plaintiff caused or sustained the injuries and damages at the time and in the manner alleged in the Verified Complaint, and if such injuries and damages were not sustained by reason of the Plaintiff's negligence in whole or in part, then such injuries and damages were sustained as a result of the primary, active and affirmative negligence of the co-Defendant, and

this defendant does claim contribution over and against the co-Defendant, in the full amount of any verdict or judgment that may be recovered against the defendant herein by the Plaintiffs in this action.

### AS AND FOR CROSS-CLAIM NEW THE DAN'S SUPPREME SUPER MARKETS, INC, ANSWERING DEFENDANT SETS FORTH AND ALLEGES,

17.     That if the Plaintiff sustained injury and damages as alleged in the Verified Complaint through negligence other than her/his own and recovers thereon against this defendant, such recovery will have been brought about and caused by the active, affirmative and primary negligence of the co-defendant, their agents, servants and/or employees, without any active or affirmative negligence on the part of answering Defendant contributing thereto, and co-defendant will thereby be obliged to indemnify answering Defendant for any judgment that may be recovered against answering defendant, by reason of the occurrence mentioned and described in the Complaint.

18.     That if Plaintiff caused or sustained the injuries and damages at the time and in the manner alleged in the Verified Complaint, and if such injuries and damages were not sustained by reason of the Plaintiffs' negligence in whole or in part, then such injuries and damages were sustained as a result of the primary, active and affirmative negligence of the co-Defendant, and this defendant does claim contribution over and against the co-Defendant, in the full amount of any verdict or judgment that may be recovered against the defendant herein by the Plaintiffs in this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.     That if the plaintiff sustained the injuries and damages alleged in the Verified Complaint, the same were wholly caused by the culpable conduct of and/or assumption of the

risk of the Plaintiff and the Defendant are entitled to judgment dismissing the Verified

Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.     That the damages allegedly suffered by the injured plaintiff was caused in whole or

in part by the culpable conduct of the injured plaintiff herself. The Plaintiff's claim is therefore

barred or diminished in the proportion that such culpable conduct of the injured plaintiff bear to

the total culpable conduct causing the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.     In the event that the plaintiff recovers any judgment against this Defendant, then

these Defendant demands that any such judgment be diminished in accordance with Article 16 of

the CPLR and more particularly Section 1601 thereof.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.     The injured plaintiff, if he may have sustained any injuries at the time and place,

and upon the occasion mentioned in the Verified Complaint, assumed the risk of sustaining same

under the conditions and circumstances then existing and obvious.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     In the event plaintiff recovers a verdict or judgment against these Defendant, then

said verdict or judgment must be reduced pursuant to CPLR § 4545 (c) by those amounts which

have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for

any past future claimed economic loss, from any collateral source such as insurance, social

security, Workers' Compensation or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     If the Plaintiff prevails at trial, then the answering Defendant intends to ask the Court to reduce any award to the plaintiff for loss of earnings, or impairment of earning ability, in accordance with New York Civil Practice Law and Rules § 4546.

## AS AND FOR A SEVETH AFFIRMATIVE DEFENSE

25.     Pursuant to New York Civil Practice Law and Rules General Obligations Law § 15-108, if plaintiff settles with other tortfeasors, the answering Defendant's exposure, if any, shall be reduced accordingly.

## AS AND FOR EIGHT AFFIRMATIVE DEFENSE

26.     Plaintiff has failed to name all necessary and indispensable parties as required by CPLR § 1001

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.     Plaintiff and his agents and/or representatives knew or could and/or should have discovered any and all apprehended the dangers and/or avoided the damages and could and/or should have avoided damages but failed to do so.

## AS AND FOR A TENTH A AFFIRMATIVE DEFENSE

28.     That the Plaintiff's accident was caused by and/or occurred as a result of the Plaintiff's own reckless and/or negligent conduct.

## AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

29.     Any and all damages, including injuries, surgery, pain and/or suffering were caused in the entirety or in part by plaintiff.

### AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

30.     The damages claimed by plaintiff, which are expressly denied, were not proximately caused by the Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31.     The plaintiff has failed to state a cause of action against Defendant.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32.     In the event that during or as a result of discovery, facts are disclosed or otherwise revealed that support an affirmative defense not pled, then Defendant reserve their rights and do not waive their rights to plead said affirmative defense.

### AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE

33. Upon information and belief that the cause or causes of action set forth in the Complaint did not accrue, nor did any part thereof accure, within the appropriate statutory period and this action is, therefore barred by the Statute of Limitations.

### AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE

34.     That the Court has no personal jurisdiction over these Defendant.

### AS AND FOR SEVENTEENTH AFFIRMATIVE DEFENSE

35.     Defendant reserve their right to move to transfer venue in this matter based on the CPLR § 503 and under theory of forum non conveniens pursuant to CPLR § 503.

**WHEREFORE**, the Defendant, SEARS OUTLET STORES, L.L.C.., demands judgment dismissing the Verified Complaint in its entirety, or in the alternative, for judgment diminish the damages recoverable by the Plaintiff herein, in proportion to the culpable conduct and negligence

attributable to the plaintiff, together with the costs and disbursements of this action.

Dated:  New York, New York
          September 13, 2017                    Yours, etc.

                                       BY:     _____
                                               BELLA I. PEVZNER, ESQ.
                                               SOBEL PEVZNER, LLC
                                               Attorneys for Defendant
                                               SEARS OUTLET STORES, L.L.C.
                                               30 Vesey Street, 8th Floor
                                               New York, New York 10007
                                               (212) 216-0020


TO:    Thomas S. Pardo, ESQ.
       Myers, Singer & Galliardo, LLP
       Attorney for Plaintiff
       299 Broadway, Suite 200
       New York, NY 1007
       Tel: (212) 986-5900

       Kenneth J. Kutner, ESQ.
       Perry, Van Etten Rozanki & Primavera, LLP
       Attorney for Co-defendant
       DERP ASSOCIATES LLC and DAN'S
       SUPREME SUPER MARKETS, INC.
       30 Broad Street, the 44th Floor
       New York, NY 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x
LEONARD MCKENZIE,                                          Index No.: 602167/2017E

                              Plaintiff,

                                                          **VERIFICATION**

        - against -

DERP ASSOCIATES LLC, DAN'S SUPPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.

                              Defendants.
-------------------------------------------------------------------x

        I, BELLA I. PEVZNER, an attorney admitted to practice in the Courts of New York State,

state that I am the attorney for the Defendant in the within action; I have read the foregoing

VERIFIED ANSWER WITH CROSS-CLAIMS and know the contents thereof; the same is true

to my own knowledge, except as to the matters therein alleged to be on information and belief, and

as to those matters I believe it to be true. The reason this verification is made by me and not by

Defendant, is that the Defendant' principal place of business is in a County other than the County

wherein I maintain my office.

        The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Contents of file which constitutes attorney's work product.

        I affirm that the foregoing statements are true, under penalties of perjury.

Dated:        New York, New York
              September 13, 2017


                                              BELLA I. PEVZNER, ESQ.

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
LEONARD MCKENZIE,

Index No.: 602167/2017E

                      Plaintiff,

**VERIFIED BILL**
   -against-                                                             **OF PARTICULARS**

DERP ASSOCIATES LLC, DAN'S SUPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.

                      Defendants.
-----------------------------------------------------------------------X

     Plaintiff, by his attorneys, MYERS, SINGER & GALIARDO, LLP, responding to the demand of Defendants **DERP ASSOCIATES LLC, and DAN'S SUPREME SUPER MARKETS INC.**, for a Bill of Particulars, alleges, upon information and belief, as follows:

    1.     Plaintiff's date of birth is ▇▇▇▇▇ The last four digits of Plaintiff's Social Security number are ▇▇ The remainder of this demand is improper for a bill of particulars.

    2.     The accident occurred on December 11, 2016.

    3.     The accident occurred at approximately 12:00 noon.

    4.     The accident occurred on the walkway in the parking lot of the Sears Outlet store located at 220-05 Hillside Avenue, Queens, NY. Separately provided in plaintiff's discovery responses are photographs showing the location of the accident.

    5.     Defendants, DERP ASSOCIATES LLC, and DAN'S SUPREME SUPER MARKETS INC., by their agents, servants and/or employees, were negligent, careless and reckless in the ownership, operation, control, supervision, and maintenance of the subject premises; in

allowing, causing and affirmatively creating the dangerous and defective condition of the broken, uneven, dangerous walkway; in permitting and allowing said condition to be, become and remain dangerous and hazardous, constituting a trap, a snare, a nuisance, and tripping hazard; in permitting and allowing said dangerous condition to exist for an unreasonable amount of time; in failing and omitting to alleviate said dangerous condition; in failing and omitting to remedy said dangerous condition; in failing and omitting to remove said dangerous condition; in failing and omitting to repair said dangerous condition; in improperly repairing said dangerous condition; in failing and omitting to make adequate inspection of said premises and dangerous condition; in failing and omitting to maintain said premises in a safe, proper, and lawful condition; in improperly maintaining said premises; in failing and omitting to warn Plaintiff and others of the existence of said dangerous condition; in failing and omitting to place signs, paint, flags, barricades and/or other warning devices upon and around said dangerous condition, in violating such statutes, ordinances, rules and regulations of the City and State of New York as the court may take noticed of.

6.      Actual notice is claimed. When, where, to whom, and by whom such notice was given, Plaintiff is presently unable to particularize. Said information will be provided upon the conclusion of discovery and a reasonable time prior to trial.

7.      Constructive notice is claimed.

(a)      the nature of the condition is a broken, uneven, dangerous walkway.

(b)      the defective condition is located in the parking lot of the Sears Outlet store located at 220-05 Hillside Avenue, Queens, NY. Separately provided in plaintiff's discovery responses are photographs showing the location of the accident.

(c)      Plaintiff is unable state the length of time the condition existed. However, the defect was present for such an unreasonably long and continuing period of time prior to the happening of the occurrence herein complained of, that Defendants, their agents, servants, employees and/or licensees had, or in the exercise of due care and prudence, should have had knowledge and notice of the dangerous and defective condition complained of.

8.      See paragraph #5.

9.      The accident occurred on the walkway in the parking lot of the Sears Outlet store located at 220-05 Hillside Avenue, Queens, NY. Separately provided in plaintiff's discovery responses are photographs showing the location of the accident.

10.     As a result of the accident Plaintiff sustained the following personal injuries:

- L3-4 disc bulge
- L4-5 disc bulge
- L5-S1 disc bulge
- Lumbar myofascial pain syndrome
- Lumbar radiculopathy
- **Lumbar surgery on 3/29/17** including discectomy and decompression of L4-5
- Lumbar pain, swelling, and tenderness
- Loss of use and range of motion of the lumbar spine

- C2-3 disc bulge
- C3-4 disc bulge
- C4-5 disc bulge
- C5-6 disc bulge
- C6-7 disc bulge
- Cervical myofascial pain syndrome
- Cervical radiculopathy
- Cervical pain, swelling, and tenderness
- Loss of use and range of motion of the cervical spine

The foregoing injuries affected the general health of Plaintiff and directly affected the bones, tendons, tissues, muscles, ligaments, nerves, blood vessels and soft tissues in and about the involved areas and sympathetic and radiating pains, from all of which Plaintiff suffers, still suffers and may

permanently suffer as a result of the accident and the injuries herein sustained. All of the above injuries, with the exception of contusions are permanent in nature.

11.    Not applicable. Plaintiff is not making a claim for lost earnings.

12.    Not applicable. Plaintiff was not a student.

13.    This demand is improper for a bill of particulars. Separately provided in Plaintiff's discovery responses are HIPAA compliant authorizations enabling your office to obtain copies of all records of those hospitals that have treated Plaintiff as a result of the occurrence.

14.    As a result of the occurrence Plaintiff has been confined

    (a)    for approximately 3 days to bed;

    (b)    for approximately 7 days to home.

15.    Plaintiff is claiming the following amounts as special damages to date for:

    (a)    Hospital: approximately $3,000.

    (b)    Physicians: approximately $10,000.

    (c)    Nurses: none.

    (d)    Medical equipment: none.

    (e)    Medicines: approximately $500.

    (f)    Other:

        - ambulance; approximately $500.

Separately provided in Plaintiff's discovery responses are the names and addresses of Plaintiff's medical providers and authorizations for Defendants to obtain copies of their billing records.

16.    Plaintiff is presently unable to state the amount of future damages. Said information will be provided upon the conclusion of discovery and a reasonable time prior to trial.

17.    Plaintiff resides at 1214 Woodfield Road, Rockville Center, NY 11570.

18.    Not applicable. Plaintiff is not making a claim for loss of service.

19.    Plaintiff is presently unable to state the statutes, laws or rules Defendants violated. Said information will be provided upon the conclusion of discovery and a reasonable time prior to trial.

Dated: New York, New York
       September 27, 2017

Yours, etc.,

By: _____
       Thomas S. Pardo, Esq.

**MYERS, SINGER & GALIARDO**
*Attorneys for Plaintiff*
299 Broadway, Suite 200
New York, New York 10007
Tel. (212) 986-5900

TO:    PERRY, VAN ETTEN, ROZANSKI &
       PRIMAVERA, LLP
       *Attorneys for Defendants*
       DERP ASSOCIATES LLC, DAN'S
       SUPREME SUPER MARKETS, INC.
       30 Broad Street, The 44th Floor
       New York, NY 10004
       Tel. (212) 406-9710

SOBEL PEVZNER, LLC
*Attorneys for Defendant*
SEARS OUTLET STORES, L.L.C.
30 Vesey Street, 8th Floor
New York, NY 10007
Tel. (212) 216-0020

<u>VERIFICATION</u>

STATE OF NEW YORK      )
                       ) ss..
COUNTY OF NEW YORK  )

THOMAS S. PARDO, being duly sworn, deposes and says:

That he is the attorney for Plaintiff in the above entitled action with offices located at 299 Broadway, New York, New York 10007, County of New York, State of New York; that he has read the foregoing **BILL OF PARTICULARS** and knows the contents thereof; that the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of Plaintiff is that Plaintiff does not reside within the County of New York, which is the county where deponent has his office.

Deponent further says that the grounds of his belief as to all matters set forth in the Bill of Particulars not stated to be upon his knowledge are based upon the communications, papers, reports, and investigations contained in the file.

Dated: New York, New York
       September 27, 2017

                                          _____
                                          Thomas S. Pardo

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                        )  ss.:
COUNTY OF NEW YORK  )

       Marcus Diaz, being duly sworn, deposes and says:

       I am not a party to this action. I am over 18 years of age. I have a business address at 299 Broadway, New York, New York 10007.

       On the 27th day of September, 2017, I served the within **VERIFIED BILL OF PARTICULARS** on the following attorney(s) for the parties in this action, at the address designated by said attorney(s) for that purpose, by depositing a true copy of same enclosed in a post paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

PERRY, VAN ETTEN, ROZANSKI &
PRIMAVERA, LLP
*Attorneys for Defendants*
DERP ASSOCIATES LLC, DAN'S
SUPREME SUPER MARKETS, INC.
30 Broad Street, The 44th Floor
New York, NY 10004
Tel. (212) 406-9710

SOBEL PEVZNER, LLC
*Attorneys for Defendant*
SEARS OUTLET STORES, L.L.C.
30 Vesey Street, 8th Floor
New York, NY 10007
Tel. (212) 216-0020

                                     _____
                                         Marcus Diaz

Sworn to before me this
27 day of September, 2017

_____
       Notary Public

THOMAS S. PARDO
Notary Public ... of New York
No. 02 ... 19120
Quali... d in New York County
Commission Expires January 24, 20 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------X

LEONARD MCKENZIE,

                                                    Index No.: 602167/2017E

                                    Plaintiff,

        -against-                                   **SUPPLEMENTAL
                                                    VERIFIED BILL
                                                    OF PARTICULARS**

DERP ASSOCIATES LLC, DAN'S SUPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.

                                    Defendants.

-----------------------------------------------------------------------X

Plaintiff, by his attorneys, MYERS, SINGER & GALIARDO, LLP, responding to the

demand of Defendants for a Supplemental Bill of Particulars, alleges, upon information and

belief, as follows:

As a result of the accident Plaintiff sustained the additional following personal injuries:

- Left shoulder synovial fluid in the glenohumeral joint
- Left shoulder distal anterolateral supraspinatus tendinosis/tendinopathy
- Left shoulder an anteriorly and laterally downsloping acromion extends to abut the supraspinatus
- Left shoulder impingement syndrome
- Left shoulder pain, swelling, and tenderness
- Loss of use and range of motion of the left shoulder

The foregoing injuries affected the general health of Plaintiff and directly affected the bones,

tendons, tissues, muscles, ligaments, nerves, blood vessels and soft tissues in and about the involved

areas and sympathetic and radiating pains, from all of which Plaintiff suffers, still suffers and may

permanently suffer as a result of the accident and the injuries herein sustained. All of the above

injuries, with the exception of contusions are permanent in nature.

Dated: New York, New York
       November 8, 2017

Yours, etc.

By: _____
                    Thomas S. Pardo, Esq.

**MYERS, SINGER & GALIARDO**
*Attorneys for Plaintiff*
299 Broadway, Suite 200
New York, New York 10007
Tel. (212) 986-5900

TO:     PERRY, VAN ETTEN, ROZANSKI &
        PRIMAVERA, LLP
        *Attorneys for Defendants*
        DERP ASSOCIATES LLC, DAN'S
        SUPREME SUPER MARKETS, INC.
        30 Broad Street, The 44th Floor
        New York, NY 10004
        Tel. (212) 406-9710

        SOBEL PEVZNER, LLC
        *Attorneys for Defendant*
        SEARS OUTLET STORES, L.L.C.
        30 Vesey Street, 8th Floor
        New York, NY 10007
        Tel. (212) 216-0020

## VERIFICATION

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK  )

THOMAS S. PARDO, being duly sworn, deposes and says:

That he is the attorney for Plaintiff in the above entitled action with offices located at 299 Broadway, New York, New York 10007, County of New York, State of New York; that he has read the foregoing **SUPPLEMENTAL BILL OF PARTICULARS** and knows the contents thereof; that the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

That the reason why this verification is made by deponent instead of Plaintiff is that Plaintiff does not reside within the County of New York, which is the county where deponent has his office.

Deponent further says that the grounds of his belief as to all matters set forth in the Bill of Particulars not stated to be upon his knowledge are based upon the communications, papers, reports, and investigations contained in the file.

Dated: New York, New York
       November 8, 2017

_____
Thomas S. Pardo

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NEW YORK  )

Marcus Diaz, being duly sworn, deposes and says:

I am not a party to this action. I am over 18 years of age. I have a business address at 299 Broadway, New York, New York 10007.

On the 8th day of November, 2017, I served the within **SUPPLEMENTAL VERIFIED BILL OF PARTICULARS** on the following attorney(s) for the parties in this action, at the address designated by said attorney(s) for that purpose, by depositing a true copy of same enclosed in a post paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

PERRY, VAN ETTEN, ROZANSKI &
PRIMAVERA, LLP
*Attorneys for Defendants*
DERP ASSOCIATES LLC, DAN'S
SUPREME SUPER MARKETS, INC.
30 Broad Street, The 44th Floor
New York, NY 10004
Tel. (212) 406-9710

SOBEL PEVZNER, LLC
*Attorneys for Defendant*
SEARS OUTLET STORES, L.L.C.
30 Vesey Street, 8th Floor
New York, NY 10007
Tel. (212) 216-0020

_____
Marcus Diaz

Sworn to before me this
___ day of November 2017

_____
Notary Public
THOMAS S. PARDO
Notary Public, State of New York
No. 02PA6049120
Qualified in New York County
Commission Expires January 28, 20___

EXHIBIT D

FILED: NASSAU COUNTY CLERK 10/29/2018 09:16 AM
NYSCEF DOC. NO. 28

INDEX NO. 602167/2017
RECEIVED NYSCEF: 10/29/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------------x

LEONARD MCKENZIE,                                   Index No.: 602167/2017E

                                   Plaintiff,

        - against -

DERP ASSOCIATES LLC, DAN'S SUPPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.,

                                   Defendants.
--------------------------------------------------------------------------x

## NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY

        PLEASE TAKE NOTICE that on October 15, 2018, (the "**Commencement**

**Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "**Debtors**") each commenced a

voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code

(11 U.S.C. § 101 *et seq.*) (the "**Bankruptcy Code**") in the United States Bankruptcy Court for

the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Cases are being

jointly administered under Case No. 18-23538 (RDD) (the "**Bankruptcy Cases**"). A copy of the

applicable [Debtor's/Debtors'] chapter 11 petitions is attached hereto as **Exhibit A**.

        PLEASE BE ADVISED that pursuant to section 362(a) of the Bankruptcy Code

(the "**Automatic Stay**"), the filing of a bankruptcy petition "operates as a stay, applicable to all

entities," of, among other things "the commencement or continuation, including the issuance or

employment of process, of a judicial, administrative, or other action or proceeding against the

debtor that was or could have been commenced before the commencement of the case under [the

Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement

of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of

FILED: NASSAU COUNTY CLERK 10/29/2018 09:16 AM   INDEX NO. 602167/2017
NYSCEF DOC. NO. 28                                RECEIVED NYSCEF: 10/29/2018

property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). Accordingly, the above-captioned matter has been automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

PLEASE BE FURTHER ADVISED that any action taken against the Debtors without obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio* and may result in a finding of contempt for violation of the Automatic Stay. The Debtors reserve and retain their statutory right to seek relief in the Bankruptcy Court from any action by Plaintiff(s) or any judgment, order, or ruling entered in violation of the Automatic Stay.

In the event the Court or any parties have questions regarding the Chapter 11 Cases, please contact counsel for the Debtors:

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310 8007
Ray C. Schrock P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

Dated: October 22, 2018

By: _____
   BELLA I. PEVZNER, ESQ.
   SOBEL PEVZNER, LLC
   Attorneys for Defendant
   **SEARS OUTLET STORES, L.L.C.**
   30 Vesey Street, 8th Floor
   New York, New York 10007
   (212) 216-0020

US_ACTIVE:\44031823\1\14013.0139

FILED: NASSAU COUNTY CLERK 10/29/2018 09:16 AM
NYSCEF DOC. NO. 28
INDEX NO. 602167/2017
RECEIVED NYSCEF: 10/29/2018

Index No.: 602167/2017E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

LEONARD McKENZIE,

Plaintiff,

- against -

DERP ASSOCIATES LLC, DAN'S SUPPREME
SUPER MARKETS, INC., and
SEARS OUTLET STORES, L.L.C.,

Defendants.

## NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY

### Signature (Rule 130-1.1-a)

BELLA I. PEVZNER, ESQ.

SOBEL PEVZNER, LLC
*Attorneys for Defendants*
*SEARS OUTLET STORES, L.L.C.*
30 Vesey Street, 8th Floor
New York, New York 10007
Office: (212) 216-0020
Facsimile (646) 688-3646