Hearing Date and Time: December 14, 2021 at 10:00 a.m. (Eastern Time)
Response Deadline: November 15, 2021 at 4:00 p.m. (Eastern Time)

AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333
Facsimile:  (813) 223-2837
Steven R. Wirth
*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et.al.,* | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

## NOTICE OF HEARING ON DEBTORS' OBJECTION TO CLAIMS 20138 AND 26385 OF THE NORTH CAROLINA DEPARTMENT OF REVENUE

   **PLEASE TAKE NOTICE** that, on October 25, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Objection to Claims 20138 and 26385 of the North Carolina Department of Revenue* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

   **PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and expunge Claims 20138 and 26385 of the North Carolina Department of Revenue (the "**Proofs of Claim**") on the ground(s) that the Debtors have no liability under such Proofs of Claim because such Proofs of Claim: (i) states no basis for the asserted claim or (ii) Debtors' books and records do not support the asserted claim.

   **ANY CLAIM THAT THE BANKRUPTCY COURT EXPUNGES AND DISALLOWS WILL BE TREATED AS IF IT HAD NOT BEEN FILED AND YOU WILL NOT BE ENTITLED TO ANY DISTRIBUTION ON ACCOUNT THEREOF**.

   **PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit B**, shall apply and govern the Objection to the Claims.  The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods.  Therefore, please review the Claims Hearing Procedures carefully.  Failure to comply

with the Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to the respective Claimant(s).

PLEASE TAKE FURTHER NOTICE that, if Claimant does NOT oppose the disallowance and expungement of its applicable Claim(s), as listed on **Exhibit A** annexed hereto, then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

PLEASE TAKE FURTHER NOTICE that, if Claimant DOES oppose the disallowance and expungement of its applicable Claim(s), as listed on **Exhibit A** annexed hereto, then Claimant MUST file with the Bankruptcy Court and serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **November 15, 2021, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

PLEASE TAKE FURTHER NOTICE that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on Claimant's behalf.

**CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

60571645;1

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the *Amended Case Management Order* and the procedures set forth herein.  A Response will be deemed timely filed, served, and received only if the original Response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D.  Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, Florida 32202 (Attn: David E. Otero) attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **December 14, 2021 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**").  If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response.  If the Debtors do continue the Hearing with respect to such Claim(s), then the Hearing on the Objection with respect to such Claim(s) will be held at a later date.  If the Debtors do not continue the Hearing with respect to such Claim(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit A** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Proofs of Claim subject to the Objection, the Debtors retain the right to object on other grounds to the Proofs of Claim(s) (or to any other Claim(s) Claimant may have filed) at a later date.  Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that any responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

60571645;1

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.

Dated:  October 25, 2021
        Tampa, Florida

/s/ *Steven R. Wirth*

Steven R. Wirth
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333
Facsimile:   (813) 223-2837
steven.wirth@akerman.com

and

David E. Otero
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile:  (904) 798-3730
david.otero@akerman.com

*Attorneys for Debtors*
*and Debtors in Possession*

60571645;1

**Exhibit A**

| Name of Claimant | Affected Claim No. | Amount to be Expunged | Reason for Disallowance and Expungement |
|---|---|---|---|
| North Carolina Department of Revenue | 20138 | $684,718.18 | Amended and superseded by Claim 26385 |
| North Carolina Department of Revenue | 26385 | $656,481.75 | Erroneous disallowance of deductions taken by the Debtors and insufficient documentation |

## Exhibit B

## Claims Hearing Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et.al.,* | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

## COURT-ORDERED CLAIMS HEARING PROCEDURES

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## Claims Hearing Procedures

1.    Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.    The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[1] is properly filed and served.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the

---

[1] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

60571645;1

applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.   Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.   The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.   The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.   **Sanctions**. The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

60571645;1

**Hearing Date and Time: December 14, 2021 at 10:00 a.m. (Eastern Time)**
**Response Deadline: November 15, 2021 at 4:00 p.m. (Eastern Time)**

AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333
Facsimile:  (813) 223-2837
Steven R. Wirth
*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et.al.,* | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

## DEBTORS' OBJECTION TO CLAIMS 20138 AND 26385 OF THE NORTH CAROLINA DEPARTMENT OF REVENUE

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates[1], as debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as

follows in support of this objection (the "**Objection**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida),

**Background**

1.      Beginning on October 15, 2018 (the "**Petition Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

---

L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York, 10019.

60571645;1

5.      On July 9, 2019, the Debtors filed the Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (as amended, supplemented, or modified in accordance with its terms) (the "**Plan**")[2] (ECF No. 4776).  On October 15, 2019, the Bankruptcy Court confirmed the Plan (ECF No. 5370) (the "**Confirmation Order**").

6.      Additional information regarding the Debtors' business, capital structure, and the Plan is set forth in the Disclosure Statement for Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (ECF No. 4478).

## Jurisdiction

7.      This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      On December 24, 2020,[3] the North Carolina Department of Revenue (the "**Department**") filed Proof of Claim No. 26385 (the "**Tax Claim**").  The Department is asserting a claim for taxes and interest totaling $656,481.75 as a priority claim under 11 U.S.C. § 507(a)(8) of the Bankruptcy Code.

## Relief Requested

9.      The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing the Tax Claim.  The Department erroneously disallowed certain deductions taken by the Debtors on its sales tax returns and the Department has not provided sufficient documentation to support a portion of the Tax Claim.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.
[3] Claim No. 26385 expressly amends Claim No. 20138, and thus Claim No. 20138 should be disallowed as amended and superseded.

Specifically, $561,197.08 in principal of the Tax Claim is attributable to the disallowance of certain bad debt sales tax deductions and $56,668.08 of the Tax Claim is attributable to unpaid use tax (the **"Use Tax"**), for which the Department has not provided sufficient supporting documentation.  Therefore, the full amount of the Tax Claim should be disallowed.

10.    A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").  This Objection does not constitute an admission or acknowledgement by the Debtors that the Tax Claim should be allowed in whole or part.

### Factual Background

11.    Sears, Roebuck and Co. ("**Sears Roebuck**") was registered with the Department to report and remit sales and use on retail sales in the state of North Carolina.  Sears Roebuck operated numerous retail locations in North Carolina that sold items that were subject to North Carolina sales tax and other locations that delivered items to North Carolina resident that were also subject to North Carolina sales tax.

12.    Citibank, N.A. ("**Citi**") and Sears Roebuck entered into a private label credit card program agreement in November, 2003 (as amended, the "**Agreement**") whereby Citi issued credit cards to Sears Roebuck's customers that bore the name of Sears Roebuck (the "**Credit Cards**").  Sears Roebuck's customers used their Credit Cards to purchase items from Sears Roebuck, thereby financing their purchases, including the sales tax due and owing on the purchases.  Sears Roebuck also accepted checks as payment on certain purchases from their customers.  As required by North Carolina law, Sears Roebuck reported and remitted the full amount of sales tax owed on the customers' purchases at the time of the purchase on an accrual basis, even though the sales tax had not yet been collected from the customers.

60571645;1

13.     After Sears Roebuck reported and paid the sales tax, certain customers defaulted in repaying the amounts due (including the financed sales tax) for their purchases made with their Credit Cards.  Also, other customers used the Credit Cards fraudulently, resulting in charge-backs of the financed amounts by Citi to Sears Roebuck.  Finally, some of the checks were rejected by the issuing banks because the customers had insufficient funds in their accounts, and those amounts were charged back to Sears Roebuck as well.  All of the foregoing account balances, which included the sales tax attributable to the purchases, after collection efforts over a period of time, were determined to be worthless and uncollectible for accounting and tax purposes, and the unpaid balances were charged-off and deducted for income tax purposes (collectively, the "**Bad Debts**").

14.     North Carolina law provides for a deduction from gross sales for sales taxes paid on the portion of an installment account determined to be worthless and uncollectible and actually charged off for income tax purposes.

15.     On its North Carolina sales tax returns for the periods of March 1, 2016 through September 30, 2018, Sears Roebuck (as retailer) claimed bad debt deductions for sales tax remitted by Sears Roebuck to the Department based on the Bad Debts during those time periods totaling $561,197.08 (the "**Bad Debt Deductions**").  Attached hereto as **Exhibit B** is a store-by-store support for the calculation of the Bad Debt Deductions taken by Sears Roebuck.

16.     The Use Tax consists of tax allegedly due by Sears Roebuck on purchases made by Sears Roebuck where the seller did not remit sales tax consisting of $39,192.21 of use tax owed on purchases of fixed assets (*i.e.*, computers and copies used in office/administration) and $17,475.87 of use tax owed on purchases of various items  (*i.e.*, copy paper, toner cartridges and other items), totaling $56,668.08.

5

17.    The Department completed an audit of Sears Roebuck's sales tax returns for the audit period of March 1, 2016 through September 30, 2018 (the "**Audit Period**") on August 28, 2019.

18.    At the conclusion of the audit, over the objection of Sears Roebuck, the Comptroller disallowed all the Bad Debt Deductions that were taken by Sears Roebuck, stating such deductions were not permitted under North Carolina law, and on August 28, 2019 (after the Petition Date) assessed Sears Roebuck for sales taxes equal to the Bad Debt Deductions as well as the Use Tax, plus interest (the "**Assessment**").  The Assessment with regard to the Bad Debt Deductions was based on legal entitlement rather than the amount or authenticity of the Bad Debt Deductions.

19.    On August 26, 2019, two days before the Assessment was issued, the Department filed Proof of Claim No. 20138 (the "**Initial Claim**") for the full amount of the Assessment totaling $684,718.18.  The accrued interest in the Initial Claim included postpetition interest through October 11, 2019.

20.    On December 24, 2020, the Department filed the amended Tax Claim with the same amount of additional sales tax ($617,865.17) but reducing the accrued interest to $38,616.58. Sears Roebuck still is unable to determine whether the reduced accrued interest amount includes any postpetition interest based on the supporting documentation included with the Tax Claim, but the Tax Claim, without support, states the interest is calculated through October 15, 2018.

## Legal Analysis

21.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013

WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*,

508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755,

at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*,

No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns*

*Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007);

*In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

### The Amount of the Tax Claim Attributable to the Bad Debt Deductions Should Be Disallowed

22.     North Carolina law provides that a retailer is entitled to deduction for or refund of sales taxes paid on the portion of an account determined to be worthless and actually charged off for income tax purposes.  In this case, Sears Roebuck reported and remitted the appropriate sales tax on all of its taxable sales during the periods for which the Bad Debt Deductions were taken. Each of the accounts comprising the Bad Debt Deductions had an outstanding balance due, was determined to be worthless in accordance with accounting standards and was actually charged off for income tax purposes by Citi or Sears Roebuck.

23.     N.C. Gen. Stat. § 105-164-13(15) states in part:

> Accounts of purchasers, representing taxable sales, on which the tax imposed by this Article has been paid, that are found to be worthless and actually charged off for income tax purposes may, at corresponding periods, be deducted from gross sales.

24.     17 N.C. Admin. Code § 07B.4802 states in part:

> If, in reporting on the accrual basis, accounts of purchasers representing taxable sales on which the tax has been paid are found to be worthless and actually charged off for income tax purposes, the amount charged off representing taxable sales may at corresponding periods be deducted from gross sales provided the vendor maintains records disclosing separately that portion of bad accounts representing taxable sales and that portion representing nontaxable sales.

7

25.     Under the plain language of N.C. Gen. Stat. § 105-164-13(15) and 17 N.C. Admin. Code § 07B.4802, Sears Roebuck meets these requirements to take bad debt deductions under North Carolina Law.  As a vendor (retailer), Sears Roebuck is responsible for collecting and remitting North Carolina sales tax.  Sears Roebuck reported and remitted the appropriate sales tax using the accrual method on all of its taxable sales for the Audit Period.  Each of the Bad Debt accounts comprising the Bad Debt Deductions had an unpaid balance due and was determined to be worthless and uncollectible and charged off for income tax purposes.

26.     Sears and Citi maintained confidential records (*i.e.*, cardholder name and address, account number, transactions, payment records, and taxable percentages) to further support the Bad Debt Deductions taken during the Audit Period.  This type of information was previously provided to the Department, as well as any other supporting information required by statute and regulation or requested by the auditor.  The auditor requested no additional support for the Bad Debt Deductions in the Audit Period as the Department relied on the legal position that Sears Roebuck was not entitled to take the Bad Debt Deductions.  Sears Roebuck communicated that it disagreed with the Assessment and offered to provide any supporting information requested.

27.     Under the clear language of the statute, Sears Roebuck is entitled to "deduct[] from gross sales" the sales tax attributable to the Bad Debts.  Thus, during the Audit Period, Sears Roebuck was entitled to and took the Bad Debt Deductions on its monthly sale and use tax returns for taxes paid on the portion of a debt determined to be bad debt, and the Assessment is erroneous.

28.     The Department included $38,616.58 in interest as a priority claim in the Tax Claim.  Because Sears Roebuck does not owe the taxes based on the Bad Debt Deductions, it also does not owe the interest claimed by the Department on those amounts.  Further, the Debtors believe that postpetition interest may be included in the Tax Claim which is not permitted under

8

the Bankruptcy Code.  *See* 11 U.S.C. § 502(b); *Fullmer v. U.S. (In re Fullmer)*, 962 F.2d 1463, 1467 (10th Cir. 1992) (*abrogated on other grounds*).

29.     In summary, the Bad Debt Deductions taken by Sears Roebuck should not have been assessed by the Department, and instead should have been allowed as being appropriate to the sales and use tax returns as filed, and thus the Bad Debt Deduction portion of the Department's Tax Claim should not be allowed. Further, the Use Tax portion of the Tax Claim should also be denied because the Department has failed to provide sufficient supporting documentation for that portion of the claim.

## **Reservation of Rights**

30.     The Debtors hereby reserve the right to amend, modify, and/or supplement this Objection to the extent an objection to the Department's Tax Claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

## **Notice**

31.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

32.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as is just.

Dated: October 25, 2021.

/s/ *Steven R. Wirth*
Steven R. Wirth
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333
Facsimile:   (813) 223-2837
steven.wirth@akerman.com

and

David E. Otero
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile:  (904) 798-3730
david.otero@akerman.com

*Attorneys for Debtors*
*and Debtors in Possession*

10

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et.al.*, | **Case No. 18-23538 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER GRANTING DEBTORS' OBJECTION TO CLAIMS 20138 AND 26385 OF THE NORTH CAROLINA DEPARTMENT OF REVENUE

Upon the Debtors' Objection to Claims 20138 and 26385 of the North Carolina Department of Revenue filed October 25, 2021 (the "**Objection**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing Claim 20138, (ii) reducing Claim 26385, and (iii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on December 14, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Objection is granted.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, Claim No. 20138 of the North Carolina Department of Revenue is disallowed in its entirety.

3.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, Claim No. 26385 of the North Carolina Department of Revenue is disallowed in its entirety.

4.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of

this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to

this Order.

5.      The terms and conditions of this Order are effective immediately upon entry.


Dated:_____, 2021
        White Plains, New York


                                        _____
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

3

## <u>Exhibit B</u>

**Store-by-Store Analysis**

| Purchase Location | Store City | Store State | Charged Off Transactions | Deducted Amount | Tax Deducted |
|---|---|---|---|---|---|
| AUTHORIZED HOMETOWN STORE | WILKESBORO | NC | 28 | 4,658 | 297 |
| CHARLOTTE - OUTLET | CHARLOTTE | NC | 80 | 28,831 | 1,840 |
| CHARLOTTE-HVAC | CHARLOTTE | NC | 5 | 842 | 54 |
| CONCORD - OUTLET | CONCORD | NC | 107 | 36,365 | 2,320 |
| GOLDSBORO - SAC | GOLDSBORO | NC | 108 | 16,881 | 1,077 |
| GREENSBORO CARRY-IN BRANCH | GREENSBORO | NC | 11 | 384 | 25 |
| GREENSBORO-OUTLET | GREENSBORO | NC | 111 | 31,998 | 2,042 |
| HAMPSTEAD-AUTH HOMETOWN | HAMPSTEAD | NC | 2 | 64 | 4 |
| HOMESERV OF NC INC | RALEIGH | NC | 17 | 2,433 | 155 |
| HUNTERSVILLE - HAS | HUNTERSVILLE | NC | 11 | 6,932 | 442 |
| K MART 3116 | WILMINGTON | NC | 766 | 35,921 | 2,292 |
| K MART 3253 | ASHEVILLE | NC | 90 | 2,934 | 187 |
| K MART 3428 | WINSTON SALEM | NC | 165 | 9,240 | 590 |
| K MART 3442 | RALEIGH | NC | 195 | 9,442 | 602 |
| K MART 3632 | CONOVER | NC | 293 | 15,792 | 1,008 |
| K MART 3667 | RALEIGH | NC | 545 | 36,349 | 2,319 |
| K MART 3744 | KILL DEVIL HILLS | NC | 317 | 16,605 | 1,060 |
| K MART 3808 | STATESVILLE | NC | 571 | 28,336 | 1,808 |
| K MART 3815 | MIDWAY PARK | NC | 530 | 32,840 | 2,095 |
| K MART 3852 | SALISBURY | NC | 582 | 34,069 | 2,174 |
| K MART 3886 | ASHEVILLE | NC | 621 | 30,766 | 1,963 |
| K MART 3925 | THOMASVILLE | NC | 603 | 29,848 | 1,904 |
| K MART 4112 | ASHEVILLE | NC | 417 | 27,153 | 1,733 |
| K MART 4137 | CHARLOTTE | NC | 219 | 8,103 | 517 |
| K MART 4450 | RALEIGH | NC | 550 | 24,751 | 1,579 |
| K MART 4716 | ROCKY MOUNT | NC | 1,263 | 55,317 | 3,530 |
| K MART 4757 | MADISON | NC | 553 | 20,058 | 1,280 |
| K MART 4758 | CONCORD | NC | 1,137 | 55,830 | 3,562 |
| K MART 4777 | PINEVILLE | NC | 682 | 36,082 | 2,302 |
| K MART 4826 | FAYETTEVILLE | NC | 1,822 | 86,595 | 5,525 |
| K MART 4866 | GASTONIA | NC | 960 | 46,632 | 2,975 |
| K MART 4872 | BREVARD | NC | 194 | 6,440 | 411 |
| K MART 4955 | RALEIGH | NC | 159 | 7,562 | 483 |
| K MART 4956 | GREENSBORO | NC | 611 | 29,020 | 1,852 |
| K MART 4961 | BURLINGTON | NC | 1,206 | 55,221 | 3,523 |
| K MART 7046 | GOLDSBORO | NC | 858 | 42,521 | 2,713 |
| K MART 7060 | SHELBY | NC | 819 | 32,679 | 2,085 |
| K MART 7080 | GREENVILLE | NC | 757 | 29,778 | 1,900 |
| K MART 7090 | JACKSONVILLE | NC | 725 | 44,303 | 2,827 |
| K MART 7208 | CLEMMONS | NC | 935 | 43,643 | 2,785 |
| K MART 7254 | SANFORD | NC | 751 | 33,979 | 2,168 |
| K MART 7276 | ASHEVILLE | NC | 100 | 2,287 | 146 |
| K MART 7278 | HIGH POINT | NC | 424 | 13,511 | 862 |
| K MART 7323 | CARY | NC | 12 | 575 | 37 |
| K MART 7340 | DURHAM | NC | 89 | 3,378 | 216 |

| Purchase Location | Store City | Store State | Charged Off Transactions | Deducted Amount | Tax Deducted |
|---|---|---|---|---|---|
| K MART 7361 | KINSTON | NC | 91 | 4,185 | 267 |
| K MART 7382 | HENDERSONVILLE | NC | 37 | 1,202 | 77 |
| K MART 7407 | MONROE | NC | 907 | 31,643 | 2,019 |
| K MART 7420 | LUMBERTON | NC | 678 | 32,565 | 2,078 |
| K MART 7622 | FRANKLIN | NC | 277 | 13,594 | 867 |
| K MART 7626 | WAYNESVILLE | NC | 650 | 33,228 | 2,120 |
| K MART 9129 | MOUNT AIRY | NC | 405 | 22,475 | 1,434 |
| K MART 9237 | SMITHFIELD | NC | 24 | 1,195 | 76 |
| K MART 9547 | BOONE | NC | 91 | 4,948 | 316 |
| K MART 9549 | MORGANTON | NC | 495 | 26,823 | 1,711 |
| K MART 9563 | REIDSVILLE | NC | 224 | 9,179 | 586 |
| K MART 9619 | MOREHEAD CITY | NC | 373 | 22,617 | 1,443 |
| MORRISVILLE-CE EAST | MORRISVILLE | NC | 41 | 5,852 | 373 |
| NORTH CAROLINA HOME SERVICES | RALEIGH | NC | 3 | 2,052 | 131 |
| NORTHLAKE - HAS | CHARLOTTE | NC | 22 | 8,792 | 561 |
| RALEIGH - SERVICE BRANCH | RALEIGH | NC | 8 | 278 | 18 |
| RALEIGH A&E BRANCH | RALEIGH | NC | 7 | 729 | 46 |
| RALEITH-OUTLET | RALEIGH | NC | 90 | 35,601 | 2,272 |
| SEARS 1045 | DURHAM | NC | 1,774 | 119,465 | 7,622 |
| SEARS 1165 | CONCORD | NC | 1,669 | 139,018 | 8,870 |
| SEARS 1185 | ASHEVILLE | NC | 1,537 | 131,808 | 8,410 |
| SEARS 1335 | GREENSBORO | NC | 1,919 | 183,466 | 11,706 |
| SEARS 1375 | WINSTON SALEM | NC | 2,326 | 224,740 | 14,340 |
| SEARS 1405 | FAYETTEVILLE | NC | 3,049 | 299,587 | 19,115 |
| SEARS 1455 | WILMINGTON | NC | 1,535 | 141,335 | 9,018 |
| SEARS 1475 | DURHAM | NC | 587 | 57,556 | 3,672 |
| SEARS 1605 | RALEIGH | NC | 1,712 | 164,472 | 10,494 |
| SEARS 1646 | PINEVILLE | NC | 1,341 | 155,015 | 9,891 |
| SEARS 1805 | RALEIGH | NC | 1,014 | 154,375 | 9,850 |
| SEARS 1985 | HIGH POINT | NC | 131 | 7,781 | 496 |
| SEARS 2008 | MONROE | NC | 990 | 88,466 | 5,645 |
| SEARS 2017 | GASTONIA | NC | 485 | 40,441 | 2,580 |
| SEARS 2105 | BURLINGTON | NC | 1,082 | 74,221 | 4,736 |
| SEARS 2165 | MOREHEAD CITY | NC | 39 | 4,111 | 262 |
| SEARS 2175 | GREENVILLE | NC | 1,011 | 93,594 | 5,972 |
| SEARS 2225 | GOLDSBORO | NC | 824 | 98,105 | 6,260 |
| SEARS 2515 | HICKORY | NC | 1,758 | 160,285 | 10,227 |
| SEARS 2635 | ROCKY MOUNT | NC | 155 | 10,723 | 684 |
| SEARS 2645 | ASHEBORO | NC | 515 | 51,168 | 3,265 |
| SEARS 2755 | JACKSONVILLE | NC | 1,308 | 108,188 | 6,903 |
| SEARS 2824 | CARY | NC | 332 | 29,762 | 1,899 |
| SEARS 2844 | SHELBY | NC | 284 | 24,042 | 1,534 |
| SEARS 2935 | STATESVILLE | NC | 35 | 3,469 | 221 |
| SEARS 2965 | WILSON | NC | 4 | 117 | 7 |
| SEARS AUTO CNTR 2601 | CONCORD | NC | 172 | 33,467 | 2,135 |

| Purchase Location | Store City | Store State | Charged Off Transactions | Deducted Amount | Tax Deducted |
|---|---|---|---|---|---|
| SEARS AUTO CNTR 2655 | GASTONIA | NC | 80 | 13,743 | 877 |
| SEARS AUTO CNTR 2662 | DURHAM | NC | 82 | 18,576 | 1,185 |
| SEARS AUTO CNTR 2672 | RALEIGH | NC | 135 | 21,784 | 1,390 |
| SEARS AUTO CNTR 6035 | ASHEVILLE | NC | 97 | 19,994 | 1,276 |
| SEARS AUTO CNTR 6193 | PINEVILLE | NC | 170 | 35,533 | 2,267 |
| SEARS AUTO CNTR 6198 | ROCKY MOUNT | NC | 30 | 5,644 | 360 |
| SEARS AUTO CNTR 6244 | SHELBY | NC | 14 | 2,173 | 139 |
| SEARS AUTO CNTR 6277 | ASHEBORO | NC | 59 | 13,353 | 852 |
| SEARS AUTO CNTR 6413 | FAYETTEVILLE | NC | 236 | 56,583 | 3,610 |
| SEARS AUTO CNTR 6418 | JACKSONVILLE | NC | 158 | 27,199 | 1,735 |
| SEARS AUTO CNTR 6443 | WILMINGTON | NC | 174 | 36,963 | 2,358 |
| SEARS AUTO CNTR 6598 | HIGH POINT | NC | 17 | 1,065 | 68 |
| SEARS AUTO CNTR 6612 | DURHAM | NC | 123 | 15,444 | 985 |
| SEARS AUTO CNTR 6632 | BURLINGTON | NC | 90 | 10,931 | 697 |
| SEARS AUTO CNTR 6712 | GREENSBORO | NC | 179 | 39,089 | 2,494 |
| SEARS AUTO CNTR 6728 | GREENVILLE | NC | 199 | 39,179 | 2,500 |
| SEARS AUTO CNTR 6732 | WINSTON SALEM | NC | 195 | 39,377 | 2,512 |
| SEARS AUTO CNTR 6752 | RALEIGH | NC | 127 | 24,477 | 1,562 |
| SEARS AUTO CNTR 6785 | GOLDSBORO | NC | 15 | 1,484 | 95 |
| SEARS AUTO CNTR 6827 | HICKORY | NC | 148 | 23,237 | 1,483 |
| SEARS AUTO CNTR 6887 | MOREHEAD CITY | NC | 2 | 435 | 28 |
| SEARS DEALER #6845 | HUDSON | NC | 37 | 7,030 | 449 |
| SEARS DEALER 1825 | CLAYTON | NC | 37 | 10,407 | 664 |
| SEARS DEALER 2004 | KNIGHTDALE | NC | 57 | 31,222 | 1,992 |
| SEARS DEALER 3065 | WEST JEFFERSON | NC | 7 | 1,875 | 120 |
| SEARS DEALER 3156 | HENDERSON | NC | 92 | 19,569 | 1,249 |
| SEARS DEALER 3166 | ABERDEEN | NC | 56 | 16,351 | 1,043 |
| SEARS DEALER 3196 | LUMBERTON | NC | 84 | 44,957 | 2,868 |
| SEARS DEALER 3206 | SANFORD | NC | 91 | 14,633 | 934 |
| SEARS DEALER 3216 | ELIZABETH CITY | NC | 61 | 15,050 | 960 |
| SEARS DEALER 3226 | DUNN | NC | 34 | 11,535 | 736 |
| SEARS DEALER 3236 | WASHINGTON | NC | 65 | 11,322 | 722 |
| SEARS DEALER 3246 | LINCOLNTON | NC | 18 | 1,504 | 96 |
| SEARS DEALER 3274 | BREVARD | NC | 22 | 9,364 | 597 |
| SEARS DEALER 3276 | WHITEVILLE | NC | 66 | 17,701 | 1,129 |
| SEARS DEALER 3396 | ROANOKE RAPIDS | NC | 97 | 26,023 | 1,660 |
| SEARS DEALER 3416 | MURPHY | NC | 40 | 9,126 | 582 |
| SEARS DEALER 3423 | LOUISBURG | NC | 57 | 6,246 | 398 |
| SEARS DEALER 3424 | LEXINGTON | NC | 21 | 3,924 | 250 |
| SEARS DEALER 3426 | MARION | NC | 58 | 10,724 | 684 |
| SEARS DEALER 3436 | KINSTON | NC | 19 | 5,849 | 373 |
| SEARS DEALER 3446 | NAGS HEAD | NC | 20 | 3,582 | 229 |
| SEARS DEALER 3585 | WALLACE | NC | 22 | 11,562 | 738 |
| SEARS DEALER 3665 | REIDSVILLE | NC | 50 | 9,309 | 594 |
| SEARS DEALER 3715 | FUQUAY-VARINA | NC | 21 | 4,975 | 317 |

| Purchase Location | Store City | Store State | Charged Off Transactions | Deducted Amount | Tax Deducted |
|---|---|---|---|---|---|
| SEARS DEALER 3763 | SHALLOTTE | NC | 46 | 12,491 | 797 |
| SEARS DEALER 3875 | BOONE | NC | 17 | 4,329 | 276 |
| SEARS DEALER 3894 | NEW BERN | NC | 91 | 19,916 | 1,271 |
| SEARS DEALER 3958 | SPRUCE PINE | NC | 69 | 20,650 | 1,318 |
| SEARS DEALER 3965 | MORGANTON | NC | 4 | 818 | 52 |
| SEARS DEALER 3969 | HENDERSONVILLE | NC | 34 | 5,913 | 377 |
| SEARS DEALER 3979 | WAYNESVILLE | NC | 22 | 5,060 | 323 |
| SEARS DEALER 4774 | HIGH POINT | NC | 46 | 7,385 | 471 |
| SEARS DEALER 7694 | ALBEMARLE | NC | 9 | 697 | 44 |
| SEARS HAS STORE 1926 | MATTHEWS | NC | 27 | 18,582 | 1,186 |
| SEARS HHO INC 004828 | MOREHEAD CITY | NC | 45 | 13,928 | 889 |
| SEARS HOMETOWN STORE #7814 | ROCKY MOUNT | NC | 107 | 20,769 | 1,325 |
| SEARS HOMETOWN STORE 6863 | EDENTON | NC | 80 | 11,957 | 763 |
| SEARS HOMETOWN STORE 9970 | KERNERSVILLE | NC | 16 | 3,000 | 191 |
| SEARS ROEBUCK 009648 | HIGH POINT | NC | 3,054 | 312,656 | 19,949 |
| SEARS ROEBUCK 009734 | CHARLOTTE | NC | 80 | 15,516 | 990 |
| SEARS SERVICE CENTER 7268 | PINEVILLE | NC | 12 | 1,298 | 83 |
| SEARS SERVICE CENTER 7385 | RALEIGH | NC | 307 | 39,781 | 2,538 |
| SEARS SERVICE CENTER 7435 | WINSTON SALEM | NC | 303 | 42,367 | 2,703 |
| SEARS SERVICE CENTER 7465 | WILMINGTON | NC | 32 | 1,148 | 73 |
| SEARS SERVICE CENTER 7485 | DURHAM | NC | 25 | 999 | 64 |
| SEARS SERVICE CENTER 7575 | JACKSONVILLE | NC | 16 | 362 | 23 |
| SEARS SERVICE CENTER 7672 | RALEIGH | NC | 1 | 116 | 7 |
| SEARS SERVICE CENTER 7876 | PINEVILLE | NC | 49 | 1,423 | 91 |
| SEARS SERVICE CENTER 9252 | HIGH POINT | NC | 525 | 94,308 | 6,017 |
| | | | | | |
| Subtotal Physical Stores | | | 61,491 | 5,378,259 | 343,160 |
| | | | | | |
| Remote Stores (.com, sales centers, catalogue, parts centers, etc.) | | | 24,272 | 3,105,841 | 198,168 |
| | | | | | |
| Total Related to Citibank Credit Card Charge Offs | | | 85,763 | 8,484,100 | 541,328 |
| | | | | | |
| Sears Other Bad Debts (i.e., NSF Checks) | | | | 311,402 | 19,869 |
| | | | | | |
| Total Asssessment for Bad Debts | | | | 8,795,502 | 561,197 |