Jeffrey E. Roth
69 Clifford Drive
Pittsburgh, PA 15220
Telephone: (412) 889-8007
Email: rothfive@comcast.net

*Creditor*
*Claim Number 10971*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

*In re*  :  Chapter 11

:

SEARS HOLDINGS CORPORATION, *et al.*,  :  Case No. 18-23538 (RDD)

:

Debtors.[1]  :  (Jointly Administered)

-----------------------------------------------------------x

**CREDITOR'S, JEFFREY E. ROTH, RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises,Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings PublishingCompany, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## CREDITOR'S, JEFFREY E. ROTH, RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Creditor, Jeffrey E. Roth, *pro se*, respectfully represents the following in response to the Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims) filed by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"):

1. Mr. Roth began working as a pharmacist for Debtors (specifically Kmart Corporation) in 2001.

2. On or about August 10, 2018, Mr. Roth had his final day of work for Debtors, as the Kmart store he was employed at in McMurray, Pennsylvania, was closing down. *See* "Sears Holdings Last Day Worked Verification Form," attached to Mr. Roth's Proof of Claim at No. 10971.

3. Following his last day of work, Mr. Roth was supposed to receive 17 weeks of severance pay in the amount of $32,558.40. *See* "Sears Holdings Last Day Worked Verification Form," attached to Mr. Roth's Proof of Claim at No. 10971; *see also* "Sears Holdings Personal Statement of Benefits Eligibility," attached to Mr. Roth's Proof of Claim at No. 10971.

4. Following his last day of work, Mr. Roth began receiving severance pay in the net amount of approximately $2,543.51, every two weeks. *See* "Earnings Statement," attached to Mr. Roth's Proof of Claim at No. 10971.

5. On or about October 15, 2018, Debtors filed for Chapter 11 bankruptcy. *See* "Chapter 11 Filing Announcement – Severance Pay Ending," attached to Mr. Roth's Proof of Claim at No. 10971.

6. Mr. Roth was advised that, as a result of Debtors' Chapter 11 bankruptcy filing, Debtors were required to discontinue all severance payments and associated benefits to former associates who began receiving severance prior to October 15, 2018. *See* "Chapter 11 Filing Announcement – Severance Pay Ending," attached to Mr. Roth's Proof of Claim at No. 10971.

7. Mr. Roth was also advised that "[a]s a recipient of severance prior to [Debtors'] Chapter 11 filing date, you are considered a prepetition creditor and will have the opportunity to file a claim." *See* "Chapter 11 Filing Announcement – Severance Pay Ending," attached to Mr. Roth's Proof of Claim at No. 10971.

8. At the time Debtors discontinued severance payments in October of 2018, Debtors still owed Mr. Roth approximately $15,321.60 in severance pay. *See* "Earnings Statement," attached to Mr. Roth's Proof of Claim at No. 10971; *see also* "Sears Holdings Personal Statement of Benefits Eligibility," attached to Mr. Roth's Proof of Claim at No. 10971.

9. On or about March 18, 2019, Mr. Roth filed an amended proof of claim. *See generally* Mr. Roth's Proof of Claim at No. 10971.

10. In Mr. Roth's proof of claim, he sought the $15,321.60 in severance pay owed to him. *See generally* Mr. Roth's Proof of Claim at No. 10971.

11. In Mr. Roth's proof of claim, he stated that all or part of his claim is entitled to priority under 11 U.S.C. § 507(a)(4), which sets forth that priority is given to wages, salaries, or commissions, including vacation, severance, and sick leave pay (up to $12,850), earned by an individual within 180 days before the date of the filing of the bankruptcy petition or the date of the cessation of Debtors' business, whichever occurs first. *See* Mr. Roth's Proof of Claim at No. 10971, at 3.

12. Consequently, Mr. Roth asserted that $12,850 of the total $15,321.60 severance pay owed to him was entitled to priority status pursuant to 11 U.S.C. § 507(a)(4). *See* Mr. Roth's Proof of Claim at No. 10971, at 3.

13. The remaining $2,471.60 of the total $15,321.60 severance pay owed to him took general unsecured claim status.

14. On October 19, 2021, Debtors filed their Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims), seeking to reclassify Mr. Roth's entire claim from a priority claim to a general unsecured claim because his claim purportedly did not satisfy the requirements of 11 U.S.C. § 507(a)(4).

15. Mr. Roth respectfully disagrees. Mr. Roth earned his severance pay on or about August 10, 2018, *i.e.*, on his last day of work for Debtors. *See Matson v. Alarcon*, 651 F.3d 404 (4th Cir. 2011) (determining that an employee's severance pay was "earned" entirely upon termination of employment); *see also Straus-Duparquet, Inc. v. Local Union No. 3 Int'l. Bhd. of Elec. Workers*, 386 F.2d 649 (2d Cir. 1967) ("Severance pay is not earned from day to day and does not 'accrue' so that a proportionate part is payable under any circumstances. After the period of eligibility is served, the full severance pay is due whenever termination of employment occurs. Severance pay is 'a form of compensation for the termination of the employment relation, for reasons other than the displaced employees' misconduct, primarily to alleviate the consequent need for economic readjustment but also to recompense him for certain losses attributable to the dismissal.'").

16. Thus, Mr. Roth earned his severance pay within 180 days before Debtors filed their petition for bankruptcy on or about October 15, 2018.

17. Therefore, Mr. Roth opposes Debtors' Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims), seeking to reclassify Mr. Roth's entire claim from a priority claim to a general unsecured claim. Mr. Roth asserts that his claim should remain a priority up to the amount of $12,850, as he meets the requirements of 11 U.S.C. § 507(a)(4).

WHEREFORE, Debtors' Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims), seeking to reclassify Mr. Roth's entire claim from a priority claim to a general unsecured claim should be denied.

Respectfully submitted,                                                                                    Dated: October 27, 2021


*s/ Jeffrey E. Roth*
Jeffrey E. Roth, *pro se*
*Creditor*
69 Clifford Drive
Pittsburgh, PA 15220
Telephone: 412-889-8007
Email: rothfive@comcast.net

# CERTIFICATE OF SERVICE

Creditor, Jeffrey E. Roth, served his RESPONSE TO DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS) on October 27, 2021, via mail delivery to the following:

U.S. Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601
(CD-ROM enclosed)

Chambers of the Honorable Robert D. Drain,
United States Bankruptcy Court for the Southern District of New York,
300 Quarropas Street,
White Plains, New York 10601
(CD-ROM enclosed)

Weil, Gotshal, & Manges LLP,
767 Fifth Avenue,
New York, New York 10153
(Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.),
attorneys for the Debtors

Akin Gump Strauss Hauer & Feld LLP,
One Bryant Park,
New York, New York 10036
(Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.),
attorneys for the Official Committee of Unsecured Creditors appointed in these cases

_s/ Jeffrey E. Roth_      Dated: October 27, 2021
Jeffrey E. Roth, *pro se*
*Creditor*
69 Clifford Drive
Pittsburgh, PA 15220
Telephone: 412-889-8007
Email: rothfive@comcast.net