IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS

| | |
|---|---|
| In Re: | Chapter 11 |
| **Sears Holdings Corporation, LLC,** *et al.* | Case No. **18-23538-rdd** |
| Debtors[1]. | Related to Docket No. 9978 |
| | **Objection Deadline: 11/2/2021**<br>**Hearing Date: 11/10/2021 @10:00** |

### THE OHIO DEPARTMENT OF TAXATION'S RESPONSE IN OPPOSITION TO DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO PROOF OF CLAIMS (DISALLOW, REDUCE OR RECLASSIFY

The Ohio Department of Taxation ("ODT") hereby responds to *Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify)* (Doc 9978) (The "Objection") as follows:

---

[1] The above captioned case is the lead case and the following cases are jointly administered, 18-23537-rdd Sears, Roebuck and Co., 18-23539-rdd Kmart Holding Corporation, 18-23540-rdd Kmart Operations LLC, 18-23541-rdd Sears Operations LLC, 18-23542-rdd ServiceLive, Inc., 18-23543-rdd A&E Factory Service, LLC, 18-23544-rdd A&E Home Delivery, LLC, 18-23545-rdd A&E Lawn & Garden, LLC, 18-23546-rdd A&E Signature Service, LLC,  18-23547-rdd FBA Holdings Inc, 18-23548-rdd Innovel Solutions, Inc. 18-23549-rdd Kmart Corporation, 18-23550-rdd MaxServ, Inc., 18-23551-rdd Private Brands, Ltd., 18-23552-rdd Sears Development Co., 18-23553-rdd Sears Holdings Management Corporation, 18-23554-rdd Sears Home & Business Franchises, Inc., 18-23555-rdd Sears Home Improvement Products, Inc., 18-23556-rdd Sears Insurance Services, L.L.C., 18-23557-rdd Sears Procurement Services, Inc., 18-23558-rdd Sears Protection Company, 18-23559-rdd Sears Protection Company (PR) Inc., 18-23560-rdd Sears Roebuck Acceptance Corp., 18-23561-rdd Sears, Roebuck de Puerto Rico, Inc., 18-23562-rdd SYW Relay LLC, 18-23563-rdd Wally Labs LLC, 18-23564-rdd Big Beaver of Florida Development, LLC, 18-23565-rdd California Builder Appliances, Inc., 18-23566-rdd Florida Builder Appliances, Inc., 18-23567-rdd KBL Holding Inc., 18-23568-rdd KLC, Inc., 18-23569-rdd Sears Protection Company (Florida), L.L.C., 18-23570-rdd Kmart of Washington LLC, 18-23571-rdd Kmart Stores of Illinois LLC, 18-23572-rdd Kmart Stores of Texas LLC, 18-23573-rdd MyGofer LLC, 18-23574-rdd Sears Brands Business Unit Corporation, 18-23575-rdd Sears Holdings Publishing Company, LLC, 18-23576-rdd Kmart of Michigan, Inc., 18-23577-rdd SHC Desert Springs, LLC, 18-23578-rdd SOE, Inc., 18-23579-rdd StarWest, LLC, 18-23580-rdd STI Merchandising, Inc., 18-23581-rdd Troy Coolidge No. 13, LLC, 18-23582-rdd BlueLight.com, Inc., 18-23583-rdd Sears Brands, L.L.C., 18-23584-rdd Sears Buying Services, Inc., 18-23585-rdd Kmart.com LLC, 18-23586-rdd Sears Brands Management Corporation, 18-23616-rdd SHC Licensed Business LLC, and 18-23630-rdd SHC Promotions LLC

*Relief Sought*

ODT seeks to be heard on this matter and seeks for the Court to overrule the Objection as to its validly filed claims and remove any "duplicate" claims from the Claims register.

*The Objection*

The Objection is an eighty-five (85) with four (4) classes of objectionable claims contained therein: <u>Exhibit-A</u>-Disallowed Claims[2], <u>Exhibit-B</u>- Reclassified Claims[3], <u>Exhibit-C</u>-Reduced Claims[4] and <u>Exhibit-D</u> Amended and Superseded Claims[5] There is also the main body, notice and self-explanatory <u>Exhibit E</u>-Proposed Order[6].

A review of the Objection reveals that a total of six (6) ODT filed claims (the "ODT Claims Universe") were listed therein: Claim 6480, Claim 6467, Claim 8826, Claim 20635, Claim 10604 and Claim 20343 .

Four(4) of the ODT Claims are listed in **Exhibit-D Amended and Superseded Claims**: **(1-2) Claim 8826** and **Claim 20635** as filed on 02/22/2019 and 02/28/2020, respectively, against Debtor, K-Mart Corporation in the amount of $735,417.79 and $115,250.61, respectively, at page 25, Item no. 9 (Doc 9978), and **(3-4) Claim 10604** and **Claim 20343** as filed on 03/19/2019 and 09/25/2019, respectively, against. Innovel Solutions, Inc. in the amount of $92,764.33 and $60,042.49, respectively, at page 25, Item no. 10 (Doc 9978). Debtors lodged the identical objection against each of these claims and

---

[2] See Objection (Doc 9978), beginning at page 5/85 and again beginning at page 65/85.
[3] See Objection (Doc 9978), beginning at page 18/85 and again beginning at page 75/85.
[4] See Objection (Doc 9978), beginning at page 21/85 and again beginning at page 81/85.
[5] See Objection (Doc 9978), beginning at page 24/85 and again beginning at page 84/85.
[6] See Objection (Doc 9978), beginning at page 61/85.

seek to disallow the former and allow the later. ODT has no opposition to said treatment and so consents to its imposition. Additionally, it should be noted that there are no State of Ohio or ODT Claims listed in , Exhibit-B- Reclassified Claims  nor in  Exhibit-C-Reduced Claims.[7]  Thus, those claims will not be addressed herein.

There are two (2) ODT claims listed in **Exhibit-A-Disallowed Claims**: **(1) Claim 6480** as filed on 12/19/2018, against Debtor, BlueLight.com, Inc. in the amount of $52,824.67, at page 12, Item no. 63 (Doc 9978), and **(2) Claim 6467** as filed on 12/19/2018, against. A&E Signature Service, LLC in the amount of $2,952.12, at page 15, Item no. 99 (Doc 9978).

These two (2) claims are the "ODT Trust Tax Claims" and are specifically addressed below in *ODT's Response*.

### *ODT's Response*

**ODT Trust Tax Claims**

The Objection as to **Claim 6480** and **Claim 6467** Debtors lodged the identical objection against each of these claims: "*The Debtors' books and records do not support any entitlement to priority.*"  Additionally, by use of an asterisk by the ODT denomination the Debtors assert for these claims: "*For the avoidance of doubt, the listed amount does not include any asserted general unsecured claims. This Objection does not seek a disposition with respect to such asserted general unsecured claims.*" [8]  Presumably and

---

[7] In the event, that ODT inadvertently missed such a claim being listed in either of these, it reserves the right to address such objection.

[8] See footnotes at pages 12 and 15 of the Objection (Doc 9978).

3

logically as Debtors do not oppose allowance of the no priority portions of these claims, Debtors object to the categorization of these claims as "priority.

**Law and Argument**

However, as demonstrated below these claims represent priority tax pursuant to 11 USC §507(a)(8)(C) (and not subsection (A)) as they are "*a tax required to be collected or withheld and for which the debtor is liable in whatever capacity*"

First, **Claim 6480** outlines an Employer Withholding Tax ("WHT") as promulgated by the Ohio General Assembly under Ohio Revised Code (**"ORC"**) §§ 5747.02 through 5747.14. This is withholding tax for the period of January 1, 2001 through December 31, 2001. To date, Debtors (in this instance, BlueLight.com, Inc) have reported the tax and, presumably collected, but have not remitted it to ODT.

As to **Claim 6467,** it represents three months of Sales Tax ("ST") assessments, for February, March and April of 2005, and again Debtors are, in this instance, required by ORC §§ 5739.02 *et al* to collect, report and remit the ST represented. In this instance Debtor, A&E Signature Service, LL, **did not** , file or remit the statutorily obligated taxes. They were estimated pursuant to ORC 5739.13 and 11 USC §502(c) so as not to "unduly delay the administration of the case."

Next is support of the proposition that these claims represent trust taxes pursuant to 11 USC §507(a)(8)(C), is the maxim that, in bankruptcy, the substance of the Claim is governed by the substantive tax law and the burden of proof on a tax claim, in bankruptcy, remains where the substantive tax law puts it, which was on petitioner. Additionally, ". . . there is no reason why the state interests should be analyzed differently simply because an

4

interested party is involved in a bankruptcy proceeding."[9] WHT and ST both require these Debtors to collect, report and remit the relevant taxes owed.

Further, the general principal in Bankruptcy is that when a claimant files a proof of its claim pursuant to 11 USC §501, such claim is deemed allowed unless a party in interest objects. 11 USC §502(a), and an objecting party must raise a substantive objection, one that is contained within 11 USC § 502(b) 1-9 and, must "present evidence to rebut the evidence in the claims."[10] Herein, the only objection to the Claim is that ""*The Debtors' books and records do not support any entitlement to priority.*"

Finally, to the extent that Debtor offers a boilerplate "books and records" objection, the case law is well settled: **tax claims**, which are not based on a writing, but on a statutory obligation, are not subject to the requirements of Rule 3001 (c) of the Federal Rules of Bankruptcy Procedure.[11] The purpose of Rule 3001 is *". . . to apprise the bankruptcy court and the trustee of the terms of any writing which formed the basis of a claim.*"  [12]

WHEREFORE, because contrary to the Objection, Claims 6480 and Claim 6467 are legally valid, based on statutory tax law and based upon the other matters outlined above, the Ohio Department Taxation requests that this Court enter an order which:

---

[9] See, *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (U.S. 2000.) and, *Butner v. United States*, 440 U.S. 48, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979).
[10] See, *In re Guidry*, 321 B.R. 712 (Bankr. D. Ill. 2005)
[11] See, *Fuller v. United States, IRS (In re Fuller)*, 204 B.R. 894, 898 (Bankr. W.D. Pa. 1997).
[12] See, *In re Shaffner*, 320 B.R. 870, 874 (Bankr. W.D. Mich. 2005)*,* citing the seminal Sixth Circuit case, *In re Jenny Lynn Mining Co.* 780 F. 2d. 586 (6th Cir. 1986), and see, In re *Los Angeles Int'l Airport Hotel Assocs.* 106 F.3d 1479, 1480 (9th Cir. 1997); *In re Vines,* 200 B.R. 940, 949 (M.D. Fla. 1996); *In re White*, 168 Bankr. 825, 834 (Bankr. D. Conn. 1994), and; *In re Jenny Lynn Mining Co*. 780 F. 2d. 586 (6th Cir. 1986).

a) Denies the Objection as to Claims 6480 and Claim 6467 and sustains those claims as priority tax claims under 11 USC §507(a)(8)(C) and as outlined in the body of those claims, against this Bankruptcy estate;

b) allows Claim 20635 and Claim 20343 as duly filed claims as outlined in the body of those claims, against this Bankruptcy estate;

c) dismisses Claim 8826 and Claim 10604;

d) affords ODT an opportunity to amend its claims, if necessary;

e) to be heard on this matter, if necessary, and;

f) for any other relief deemed equitable.

Respectfully submitted pursuant to
Dave Yost (0056290)
Ohio Attorney General

/s/ Robert L. Doty
Robert L. Doty (0047216)
Assistant Attorney General
One Government Center, Suite 1240
Toledo, Ohio 43604-2261
(419) 245-2550
(877) 626-9294 facsimile
robert.doty@ohioattorneygeneral.gov
*Attorney for Ohio Department of Taxation*

<u>Certificate of Service</u>

I hereby certify that on October 29, 2021, a true and accurate copy of the foregoing *Response in Opposition to Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify) (Doc 9978)* was electronically transmitted, and accurate facsimiles of the document were served upon the following, via the Court's CM/ECF, Email and ordinary US Mail:

(i) The Court's Electronic Case Filing System upon these entities and individuals who are currently listed on the Court's Electronic Mail Notice List, and;

(ii) Ordinary, U.S. Mail, postage prepaid on:

Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Debtors and Debtors in Possession*

        /s/Robert L. Doty
        Robert L. Doty (0047216)
        Assistant Attorney General