John G. McCarthy
Smith, Gambrell & Russell, LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
(212) 907-9703
jmccarthy@sgrlaw.com

-and-

Robert G. Hanseman
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Stratacache Tower
40 N. Main Street
Dayton, Ohio 45423
(937) 222-2500
rhanseman@ssdlaw.com
*Counsel for Crown Equipment Corporation*

**Hearing Date:** November 10, 2021, 10:00 a.m.
**Response Deadline:** November 2, 2021, at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*[1] | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Related to Docket No. 9978 |

**CROWN EQUIPMENT CORPORATION'S RESPONSE TO DEBTORS' THIRTY-
NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM
(DISALLOW, REDUCE OR RECLASSIFY)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

## INTRODUCTION

Crown Equipment Corporation, doing business under its own name as well as the name Crown Lift Trucks ("Crown") hereby responds to the Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify) ("Objection"), filed by counsel for the Debtors on October 19, 2021 [Docket No. 9978]. As the basis for its response, Crown sets forth the following in support:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. On April 5, 2019, Crown timely filed a proof of claim ("Claim No. 14261"), which asserts an unsecured amount of $584,904.23 for unpaid invoices for goods, equipment, rentals, and maintenance services provided by Crown. Claim No. 14261 also asserts a claim pursuant to 11 U.S.C. § 503(b)(9) in the amount of $23,983.67 for unpaid invoices for goods received by the Debtors from Crown within twenty days before the Petition Date.

3. On August 29, 2019, Crown filed the Motion of Crown Equipment Corporation for Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(a), 503(b)(1), and 507(a)(2) [Docket No. 5033] ("Claim No. 20472") for an administrative expense in the amount of $276,782.78. No response to the motion was made and on October 22, 2019 the Debtor adjourned the hearing on the motion [Docket No. 5470].

4. On October 19, 2021, the Debtors filed the Objection. On Exhibit B appended to the Objection, the Debtors included Claim No. 14261 among the Reclassified Claim[2].

---

[2] Undefined terms herein have the same definitions set forth in the Objection.

2

Consequently, the Debtors seek to reclassify the entirety of the § 503(b)(9) portion of Claim No. 14261 and the Debtors seek to add the § 503(b)(9) amount to the existing general unsecured portion, increasing the unsecured portion of Claim No. 14261 to $608,887.90.[3] Furthermore, on Exhibit C appended to the Objection, the Debtors included Claim No. 20472 among the Reduced Claims, and thereby seek to reduce Claim No. 20472 to $22,956.83.

## ARGUMENT

### Claim No. 14261

5. With respect to the § 503(b)(9) portion of Claim No. 14261, Crown delivered goods, totaling $23,983.67, to the Debtors within twenty days prior to the Petition Date, and such goods qualify for treatment under 11 U.S.C. § 503(b)(9). The specific goods delivered were set forth in the invoices attached to Claim No. 14261. A summary of invoices attached hereto as Exhibit A lists only those invoices containing a § 503(b)(9) amount. The basis for the Debtors' contention that Claim No. 14261 should be reclassified is based on the Debtors' review of its "books and records." However, the Debtors have failed to provide any evidence or explanation that would justify converting the § 503(b)(9) portion of Claim No. 14261, in the amount of $23,983.67, into a general unsecured claim.

6. Claim No. 14261 is clearly not comprised entirely of a general unsecured claim, as Claim No. 14261 distinctly asserts a claim pursuant to 11 U.S.C. § 503(b)(9). Conversion of the § 503(b)(9) portion of Claim No. 14261 to a general unsecured claim would not accurately reflect the nature and priority classification of Claim No. 14261 as allowed by the Bankruptcy Code.

---

[3] Crown acknowledges that $584,904.23 of Claim No. 14261 is a general unsecured amount and such portion of Claim No. 14261 is not disputed.

**Claim No. 20472**

7.  An administrative expense includes "the actual, necessary costs and expenses of preserving the estate" incurred after the bankruptcy petition date. 11 U.S.C. § 503(b)(1)(A). For a claim to be given administrative expense status, two elements must be satisfied: (1) the expense must arise out of a transaction between the creditor and the bankruptcy's trustee or debtor in possession, and (2) the creditor's consideration for the expense must be both supplied to and beneficial for the debtor in possession in the operation of the business. *In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 54-55 (Bankr. S.D.N.Y. 2004); *In re Adelphia Business Solutions, Inc.*, 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003).

8.  Claim No. 20472 asserts an administrative expense in the amount of $276,782.78 for unpaid invoices for certain parts, rentals, and lift truck maintenance and repair services provided by Crown to the Debtors after the Petition Date, which provided an actual benefit to the bankruptcy estate. Therefore, Crown is owed $276,782.78, as further detailed in the summary of invoices attached to Claim No. 20472 and Exhibit B attached hereto. The basis for the Debtors' contention that Claim No. 20472 is a Reduced Claim is also based on the Debtors' review of its "books and records," which the Debtors contend that only the proposed reduced amount is entitled to administrative priority. However, the Debtors have again failed to provide any evidence or explanation that would justify reducing Claim No. 20472, which totals $276,782.78, to $22,956.83.

9.  The Debtors have incorrectly determined that the Debtors are not liable for the entire asserted amount in Claim No. 20472 because as evidenced in the summary of invoices appended to Claim No. 20472 and as attached hereto as Exhibit B, Claim No. 20472 derives from the actual and necessary costs and expenses incurred after the Petition Date in connection

with operating Debtors' business. A reduction of Claim No. 20472 to $22,956.83 would result in a large diminution of the claim's value and would not accurately reflect Crown's entitlement to reimbursement as allowed by 11 U.S.C. § 503(b)(1)(A).

10. Counsel for Crown initiated correspondence with Debtors' counsel on October 26, 2021 in an effort to informally resolve any issues concerning Claim Nos. 14261 and 20472 and to request details as to the basis for Debtor's objection. Crown's counsel further offered to provide any invoice requested by the Debtors with respect to Claim No. 20472. Counsel for the Debtor, Furqaan Siddiqui responded substantively yesterday (Nov. 1). Thus, while there have been communications between counsel, it is reasonably clear that the matter will not be resolved prior to the deadline to submit a response to the Objection.

11. Pursuant to the Objection, Crown identifies Robert Hanseman Esq, whose contact information is below, as the legal representative possessing ultimate authority to reconcile, settle or otherwise resolve the Proofs of Claim.

## **CONCLUSION**

**WHEREFORE**, on the basis of the foregoing, Crown respectfully requests that the Court deny the Debtors' Objection with respect to Claim Nos. 14261 and 20472. Crown requests that the Court preserve and approve the § 503(b)(9) portion of Claim No. 14261, in the amount of $23,983.67. Crown also requests the Court preserve and approve Claim No. 20472 with an administrative expense in the amount of $276,782.78. Crown further requests all other relief to which it is or may become entitled.

Dated: New York, New York
November 2, 2021

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
John G. McCarthy
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9703
Fax: (212) 907-9803
jmccarthy@sgrlaw.com

-and-

Robert G. Hanseman (OH Bar No. 0071825)
SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Stratacache Tower
40 North Main Street
Dayton, Ohio 45423
Telephone: (937) 222-2500
Facsimile: (937) 222-6554
Email: rhanseman@ssdlaw.com
*Counsel for Crown Equipment Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November 2021, I caused a true and correct copy of the foregoing to be served by the Court's Electronic Case Filing System on those parties registered to receive electronic notice, and to the parties below not receiving ECF, by email to the email addresses listed, and to the extent an email address is not listed below, by U.S. mail.

### SERVICE LIST

**Counsel to the Debtors**
**WEIL, GOTSHAL, & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attn: Ray C. Schrock, Esq.
Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Sunny Singh, Esq.
Furqaan Siddiqui, Esq.
Dominic A. Litz, Esq.
Emails: ray.schrock@weil.com
jacqueline.marcus@weil.com
garrett.fail@weil.com
sunny.singh@weil.com
Furqaan.Siddiqui@weil.com
Dominic.litz@weil.com

**Counsel to Official Committee of Unsecured Creditors**
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Attn: Philip C. Dublin, Esq.
Ira Dizengoff, Esq.
Sara Lynne Brauner, Esq.
Emails: pdublin@akingump.com
idizengoff@akingump.com
sbrauner@akingump.com

/s/ *John G. McCarthy*
John G. McCarthy

3830826.8

# Exhibit A

## Summary of Invoices (§ 503(b)(9) portion of Claim No. 14261)

|   | A | B | C | D | E |
|---|---|---|---|---|---|
| 1 | | **Crown Equipment Corporation** | | | |
| 2 | | **Summary of Invoices (§ 503(b)(9) Portion)** | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | Sears Holdings Corporation, et al. | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | Invoice No. | Invoice Date | 503(b)(9) Portion | Billing Type | |
| 9 | 133350231 | 9/25/2018 | $359.00 | Direct Bill | |
| 10 | 141734 | 9/30/2018 | $1,045.84 | FleetSTATS | |
| 11 | 141739 | 9/30/2018 | $38.43 | FleetSTATS | |
| 12 | 136401060 | 10/12/2018 | $175.02 | Direct Bill | |
| 13 | 142716 | 10/15/2018 | $204.07 | FleetSTATS | |
| 14 | 142719 | 10/15/2018 | $3,910.24 | FleetSTATS | |
| 15 | 143484 | 10/31/2018 | $12,067.06 | FleetSTATS | |
| 16 | 143485 | 10/31/2018 | $976.52 | FleetSTATS | |
| 17 | 143491 | 10/31/2018 | $1,678.52 | FleetSTATS | |
| 18 | 144362 | 11/15/2018 | $2,486.84 | FleetSTATS | |
| 19 | 144407 | 11/17/2018 | $22.00 | FleetSTATS | |
| 20 | 145841 | 12/15/2018 | $1,020.13 | FleetSTATS | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | 503(b)(9) Claim Amount: | | $23,983.67 | | |

3830826.8

# Exhibit B

## Summary of Invoices (Claim No. 20472)

| Invoice Date | Invoice # | Billing Entity | Branch Name | Customer # | Customer Name | Open Amount |
|---|---|---|---|---|---|---|
| 20181117 | 144407A | FleetStats | | 30616 | Sears MDO Estate | $3,433.52 |
| 20181215 | 145840A | FleetStats | | 30615 | KMart Stores Estate | $748.63 |
| 20190118 | 150486453 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $65.00 |
| 20190118 | 150486454 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $65.00 |
| 20190118 | 150486455 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $65.00 |
| 20190118 | 150486456 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $60.00 |
| 20190118 | 150486457 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $65.00 |
| 20190118 | 150486458 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $65.00 |
| 20190118 | 150486459 | Branch - Direct Bill | Ontario | 246646 | Sears 45417 Estate | $60.00 |
| 20190128 | 136419276 | Branch - Direct Bill | Joliet | 131025 | Sears DC 45439 Estate | $1,343.81 |
| 20190128 | 136419278 | Branch - Direct Bill | Joliet | 131025 | Sears DC 45439 Estate | $180.00 |
| 20190131 | 148492 | FleetStats | | 30439 | Sears Stores Estate | $7,993.13 |
| 20190131 | 148496 | FleetStats | | 30615 | KMart Stores Estate | $8,812.74 |
| 20190213 | 116473598 | Branch - Direct Bill | Dallas | 103814 | Sears- Estate | $1,524.80 |
| 20190305 | 650017369 | Branch - Direct Bill | Ontario | 234237 | Sears Roebuck Co - Estate | ($899.71) |
| 20190315 | 157747 | FleetStats | | 30439 | Sears Stores Estate | $6,111.66 |
| 20190315 | 157749 | FleetStats | | 30615 | KMart Stores Estate | $6,470.61 |
| 20190315 | 157750 | FleetStats | | 30616 | Sears MDO Estate | $34,078.47 |
| 20190325 | 144342553 | Branch - Direct Bill | Long Beach | 333570 | Sears PartsDirect Estate | $223.87 |
| 20190331 | 161411 | FleetStats | | 30616 | Sears MDO Estate | $40,918.47 |
| 20190331 | 161412 | FleetStats | | 30615 | KMart Stores Estate | $12,936.31 |
| 20190331 | 161416 | FleetStats | | 30439 | Sears Stores Estate | $9,338.57 |
| 20190412 | 196000377 | Branch - Direct Bill | Reno | 494692 | Sears MDO Estate | $85.00 |
| 20190415 | 164889 | FleetStats | | 30616 | Sears MDO Estate | $38,156.41 |
| 20190415 | 164890 | FleetStats | | 30615 | KMart Stores Estate | $5,137.24 |
| 20190415 | 164892 | FleetStats | | 30439 | Sears Stores Estate | $11,207.72 |
| 20190430 | 168660 | FleetStats | | 30616 | Sears MDO Estate | $35,765.79 |
| 20190430 | 168661 | FleetStats | | 30615 | KMart Stores Estate | $7,679.10 |
| 20190430 | 168665 | FleetStats | | 30439 | Sears Stores Estate | $5,818.39 |
| 20190516 | 172396 | FleetStats | | 30439 | Sears Stores Estate | $2,160.28 |
| 20190516 | 172397 | FleetStats | | 30615 | KMart Stores Estate | $10,423.01 |
| 20190516 | 172398 | FleetStats | | 30616 | Sears MDO Estate | $20,587.34 |
| 20190520 | 173072 | FleetStats | | 30615 | KMart Stores Estate | $173.33 |
| 20190520 | 173073 | FleetStats | | 30616 | Sears MDO Estate | $5,929.29 |
| | | | | | | $276,782.78 |

3830826.8