WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                        :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,                        :    Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
                                                             :
------------------------------------------------------------x

**DEBTORS' REPLY IN SUPPORT OF (A) DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM AND (B) DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 130 West 42nd Street, 17th Floor, New York, NY 10036.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of (a) the *Debtors' Thirty-First Omnibus Objection to Proofs of Claim (Reclassify Secured Claims)* (ECF No. 9658) (the "**Thirty-First Objection**") and (b) the *Debtors' Thirty-Third Omnibus Objection to Proofs of Claim (To Reclassify or Disallow Claims)* (ECF No. 9787) (the "**Thirty-Third Objection**") and in reply to the informal responses received by claimants: (i) Herbert Bass ("**Bass**"), and (ii) Ebrahim Mirjalili ("**Mirjalili**").

## Reply

1. Bass filed proof of claim 9539 asserting a secured claim for $50,000 (the "**Bass Claim**").[2] The basis for the Bass Claim is unpaid medical bills and benefits relating to a personal injury dated July 7, 1997. Bass attached to the Bass Claim a settlement agreement relating to the alleged personal injury, dated March 10, 1998, pursuant to which Sears Logistics Services agreed to pay a total of $5,150 in full and final settlement of the Bass' claims. No further documentation has been provided in support of the Bass Claim.

2. The Thirty-First Objection sought, among other things, to reclassify entirely the secured portion of the Bass Claim to a general unsecured claim.

3. Mirjalili filed proof of claim 18184 asserting a secured claim for $1,500 (the **Mirjalili Claim**"). The proof of claim indicates that the basis for the Mirjalili Claim is for "goods sold," but attaches a service agreement dated September 9, 2017 from Sears Home

---

[2] The proof of claim also indicates that $50,000 is entitled to priority status under section 507(a)(5) of the Bankruptcy Code, but based on the support provided in the proof of claim, the Debtors believe this asserted priority claim is wholly duplicative of the asserted secured claim.

Protection Services for services performed on a furnace. No further documentation has been provided in support of the Mirjalili Claim.

4. The Thirty-Third Objection sought to reclassify entirely the secured portion of the Mirjalili Claim as a general unsecured claim.

5. Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 12 CIV. 6074 RJS, 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

6. Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property . . . ." *Id*. § 506(a).

7. Here, neither the Bass Claim nor the Mirjalili Claim provided any support indicating the existence of a lien on property of the Debtors' estates. Instead, Bass asserts he is entitled to payment on account of a prepetition settlement relating to a personal injury claim, while Mirjalili asserts a claim on the basis of services performed by the Debtors on a furnace during the prepetition period.

8. Accordingly, neither Bass nor Mirjalili are entitled to a secured claim. The Debtors request that the Court reclassify the entirety of the Bass Claim and the Mirjalili Claim as

a general unsecured claim in accordance with the relief sought in the Thirty-First Objection and the Thirty-Third Objection, respectively, at a sufficiency hearing, and the Debtors reserve the right to object to the merits of the each of these claims at a later date.

Dated: November 3, 2021
      New York, New York

/s/  Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*