Re: Case No. 18-23538
Lorraine Majeski – Reference number 223, Affected Proof Claim Number 19385;19391
November 7, 2021

**Debtor Argument 1:** *On May 7, 2019, Majeski filed proofs of claim 19385 and 19391 (collectively, the "Majeski Claims"), each asserting a claim for $9,938.00, seeking priority status pursuant to Bankruptcy Code section 507(a)(5). The basis for the Majeski Claims appears to be a claim for pension benefits. Debtor wants to disallow these claims on the basis that they were filed after the bar date without permission of the Court.*

**Majeski Answer 1:** My claim is for Retirement Benefits. The argument regarding the timeliness of my filing is invalid because I was given no notice of the bar date. (PLEASE REFER TO MY PRIOR PROOF OF CLAIM DOCUMENT FILED WITH THE COURT ON FEBRUARY 23,2021).

**Debtor Argument 2:** *Bankruptcy Code section 507(a)(5) limits priority to claims for wages earned within 180 days before the petition date and further limits claims to $12,850. The Majeski Response states that Majeski was an employee of the Debtors between 1970 and 1990, well outside the window requirement for section 507(a)(4).*

**Majeski Answer 2**: Debtor's argument is not applicable because my claim is not for wages earned; my claim is for my retirement benefit owed to me from Sears. Retirement plan assets are protected when a business declares bankruptcy because ERISA law requires retirement plan monies be kept separate from an employer's business assets and held in trust. Therefore, despite debtor's counsel trying to get me to separately agree to status as a general unsecured creditor with no priority in this case, my retirement benefit is protected and still owed to me.

My vested benefits were part of a defined benefit pension plan. Pursuant to the Statement of Estimated Retirement benefits I received from Sears Holding: (1) if I

exercised my right to receive my benefits on 5/1/ 2019, I would have been entitled to a lump sum payment of $9,938.07; (2) if I exercised my right to receive my benefits on 05/01/2021, the amount to be received would have been $12,177.58; and (3) if I waited until 5/01/2023, having reached the age of 70, my entitled benefit would be $15,048.23.

However, I did not retire in 2019 and am currently still working.

**Debtor Argument 3:** *Majeski is not entitled to a priority claim. To avoid additional cost and delay, the Debtors request the Court reclassify claim 19385 as a general unsecured claim at a sufficiency hearing, and the Debtors reserve the right to object to the merits of claim 19385 at a later date. The Debtors request that the Court disallow claim 19381 as duplicative of claim 19385.*

**Majeski Answer 3:** I have been requesting a letter from Sears Holdings to confirm the correct amounts of my retirement benefit, which I have yet to receive. At the time of filing my proof of claim, I was unable to accurately state the amount my retirement benefit would grow to based upon the age at which I elected to receive the benefit. Therefore, I submitted one claim for the amount I knew was owed ($9,938.07), and filed a secondary claim for the amount my retirement benefit would grow to. Having recently recovered the Statement of Estimated Retirement benefits from Sears Holding, I can now say the second claim should be in the amount of $5,110.16; this amount is the difference between the $9,938.07 I was entitled to as of 2019, and $15,048.23, which is the amount my benefit would grow to when I elect to receive my pension benefits in 2023.