WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                          :      Chapter 11
                                                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*,        :      Case No. 18-23538 (RDD)
                                                                                    :
            Debtors.[1]                                                   :      (Jointly Administered)
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' FORTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY AND DISALLOW ASSERTED SECURED CLAIMS)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On October 25, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Fortieth Omnibus Objection to Proofs of Claim (To Reclassify and Disallow Asserted Secured Claims)* (ECF No. 9987) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for November 8, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

2

4. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

5. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: November 11, 2021
      New York, New York

                                              */s/ Garrett A. Fail*
                                              Ray C. Schrock, P.C.
                                              Jacqueline Marcus
                                              Garrett A. Fail
                                              Sunny Singh
                                              WEIL, GOTSHAL & MANGES LLP
                                              767 Fifth Avenue
                                              New York, New York  10153
                                              Telephone:  (212) 310-8000
                                              Facsimile:  (212) 310-8007

                                              *Attorneys for Debtors*
                                              *and Debtors in Possession*

## **Exhibit A**

**Proposed Order**

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
                       Debtors. [1]                         :    (Jointly Administered)
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' FORTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY AND DISALLOW ASSERTED SECURED CLAIMS)**

Upon the *Debtors' Fortieth Omnibus Objection to Proofs of Claim (To Reclassify and Disallow and Expunge Asserted Secured Claims)*, filed on October 25, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided;, and upon the *Certificate of No Objection* filed in connection with the Objection, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

              **IT IS HEREBY ORDERED THAT**

1. The Objection is granted, solely to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Proof of Claim listed on **Exhibit 1** annexed hereto is reclassified to a general unsecured claim in its entirety without prejudice to Claimants' rights to assert and the Debtors' right to object to any claims asserted as arising under Section 507(b) of the Bankruptcy Code.

3. Except as expressly set forth herein, this Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code. All such claims and causes of action against the Debtors may hold against the Claimants are expressly

preserved, and all rights and defenses the Claimants may hold in respect of any such claims or causes of action are expressly preserved.

        4.        The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

        5.        The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
       White Plains, New York

                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Disputed Claims

| Debtors' [Fortieth] Omnibus Objection to Claims | In re: Sears Holdings Corporation, *et al.* |
|---|---|
| Exhibit 1 - Disallowed and Reclassed Claims | Case No. 18-23538 (RDD) |

**Schedule of Secured Claims to be Disallowed and Reclassed***

| Ref # | Name of Claimant | Debtor | Proof of Claim No. |
|---|---|---|---|
| 1. | Condra, Bryan David | Sears Holdings Corporation | 11711 |
| 2. | DRAMER, BARBARA S | Sears Holdings Corporation | 9357 |
| 3. | Durnal, Patrick E. | Sears Holdings Corporation | 6046 |
| 4. | Giangrasso, Susan L | Sears Holdings Corporation | 2145 |
| 5. | Hamdallah, Tarek | Sears Holdings Corporation | 7540 |
| 6. | Johnston, Phillippa L | Sears Holdings Corporation | 12137 |
| 7. | Kahana, Mordecahi | Sears Holdings Corporation | 14466 |
| 8. | Kourakin, Mary | Sears Holdings Corporation | 10943 |
| 9. | Kozlov, Roman | Sears Holdings Corporation | 8194 |
| 10. | Lee, Richard Y | Sears Holdings Corporation | 12796 |
| 11. | Molsberry Sorrells LLC | Sears Holdings Corporation | 12608 |
| 12. | Pélée Umbrella Investment Fund SICAV PLC | Sears Holdings Corporation | 2331 |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

1

| Debtors' [Fortieth] Omnibus Objection to Claims | In re: Sears Holdings Corporation, *et al.* |
|---|---|
| Exhibit 1 - Disallowed and Reclassed Claims | Case No. 18-23538 (RDD) |

**Schedule of Secured Claims to be Disallowed and Reclassed***

| Ref # | Name of Claimant | Debtor | Proof of Claim No. |
|---|---|---|---|
| 13. | Pélée Umbrella Investment SICAV PLC | Sears Holdings Corporation | 1874 |
| 14. | Roer, Benny | Sears Holdings Corporation | 9151 |
| 15. | SHORT, PAUL F | Sears Holdings Corporation | 9847 |
| 16. | SLIMACK, MARK | Sears Holdings Corporation | 10111 |
| 17. | SLIMACK, SUSAN A | Sears Holdings Corporation | 10113 |
| 18. | Taylor III, Jefferson C | Sears Holdings Corporation | 9804 |
| 19. | Tomczak, David | Sears Holdings Corporation | 12882 |
| 20. | Tomczak, David | Sears Holdings Corporation | 12822 |
| 21. | Tomczak, David | Sears Holdings Corporation | 12958 |
| 22. | Tomczak, David | Sears Holdings Corporation | 12872 |
| 23. | Tomczak, David | Sears Holdings Corporation | 12953 |
| 24. | Wedmore, Ryan | Sears Holdings Corporation | 19364 |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

**Debtors' [Fortieth] Omnibus Objection to Claims**  **In re: Sears Holdings Corporation,** *et al.*
**Exhibit 1 - Disallowed and Reclassed Claims**  **Case No. 18-23538 (RDD)**

**Schedule of Secured Claims to be Disallowed and Reclassed***

| Ref # | Name of Claimant | Debtor | Proof of Claim No. |
|---|---|---|---|
| 25. | Winnifred A. Christinsen as trustee Winnifred A. Christensen Liv trust VAD 11-13-87 | Sears Holdings Corporation | 11952 |

* The Debtors' hereby reserve the right to object in the future to any of the Claims listed in this Schedule on any ground, and to amend, modify, or supplement the Objection and this Schedule, as applicable.

3

**Exhibit B**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                             :    Chapter 11
                                                  :
**SEARS HOLDINGS CORPORATION,** *et al.*,         :    Case No. 18-23538 (RDD)
                                                  :
Debtors.[1]                                       :    (Jointly Administered)
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' FORTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM (TO RECLASSIFY AND DISALLOW ASSERTED SECURED CLAIMS)**

Upon the *Debtors' Fortieth Omnibus Objection to Proofs of Claim (To Reclassify and Disallow and Expunge Asserted Secured Claims)*, filed on October [25], 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided;, and upon the *Certificate of No Objection* filed in connection with the Objection, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted, solely to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Proof of Claim listed on **Exhibit 1** annexed hereto is ~~(i) disallowed and expunged in the amount indicated in the column labeled "Amount Expunged" and (ii)~~ reclassified to a general unsecured claim in ~~the amount indicated in the column labeled "Amount Reclassified to General Unsecured,"~~ its entirety without prejudice to Claimants' rights to assert and the Debtors' right to object to any claims asserted as arising under Section 507(b) of the Bankruptcy Code.

3. Except as expressly set forth herein, this Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the

2

Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code. All such claims and causes of action against the Debtors may hold against the Claimants are expressly preserved, and all rights and defenses the Claimants may hold in respect of any such claims or causes of action are expressly preserved.

4. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. The terms and conditions of this Order are effective immediately upon entry.

Dated    _____, 2021
:           White Plains, New York

                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

3