UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :
                                                       :      Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                  :
                                                       :      Case No. 18-23538 (RDD)
                                                       :
              Debtors.[1]                              :      (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' THIRTY-EIGHTH
### OMNIBUS OBJECTION TO PROOFS OF CLAIM
### (RECLASSIFYING CLAIMS)

Upon the *Debtors' Thirty-Eighth Omnibus Objection to Proofs of Claim (Reclassifying Claims)*, filed on October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 507 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") seeking an order reclassifying the administrative and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

priority claims covered thereby to general unsecured claims, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and the opportunity for a sufficiency hearing having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and there being no objections to the relief sought in the Objection and granted herein; and it appearing that no other or further notice or a hearing are required; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein, in that the respective claimants have not carried their burden of proof in the light of the Objection; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

    **IT IS HEREBY ORDERED THAT:**

1. The Objection is granted.

2. Pursuant to section 507 of the Bankruptcy Code and Bankruptcy Rule 3007, each Proof of Claim listed on **Exhibit 1** annexed hereto and each asserted claim associated therewith (collectively, the "**Disputed Claims**") is reclassified in its entirety to a general unsecured claim.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, defenses to the Disputed Claims or causes of action the Debtors may hold against the claimants with respect to the Disputed Claims, including, but not limited to, claims under chapter

5 of the Bankruptcy Code, and all claims and causes of action against such claimants shall be expressly preserved, as are all defenses of the claimants thereto.

4. The rights of the Debtors to assert further objections to the Disputed Claims, in whole or in part, and on any basis, are fully preserved, as are the rights of the holders of the Disputed Claims to such further objections.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. This Order is deemed to be a separate order with respect to each Disputed Claim

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: November 12, 2021
      White Plains, New York

                                        /s/ Robert D. Drain
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE