UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :
                                                             :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :   Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND/OR BALLOTS (DISALLOW, REDUCE OR RECLASSIFY)

Upon the *Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify)*, filed October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to sections 502 and 507 of title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order reducing, reclassifying, and/or disallowing the Claims, all as more fully set forth in the Objection; and the Court having jurisdiction to consider

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and the opportunity for a sufficiency hearing thereon having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and there being no opposition to the Objection's request for the relief granted herein; and it appearing that no other or further notice or a hearing are required; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein, in that the respective Claimants have not carried their burden of proof in light of the Objection's assertions; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to sections 502 and 507 of the Bankruptcy Code, as the case may be, and Bankruptcy Rule 3007, (i) the Disallowed Claims are disallowed in their entirety as set forth on **Exhibit 1**, (ii) the Reclassified Claims are reclassified to general unsecured claims as set forth on **Exhibit 2**, (iii) the Reduced Claims are reduced to the "*Remaining Administrative Claim*"

amount as set forth on **Exhibit 3**, and (iv) the Amended and Superseded Claims are disallowed and expunged as set forth on **Exhibit 4**.[3]

3. This Order shall not be deemed to waive, impair, release, or effect on any claims or causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved, as are all other defenses that the Debtors may have to the respective Claims and any defenses of the Claimants in response thereto.

4. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disallowed Claims listed on **Exhibit 1** hereto or the Reduced Claims listed on **Exhibit 3**, as to which all of Transform's rights and defenses are expressly reserved.

6. This Order is deemed to be a separate order with respect to each Claimant covered hereby

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: November 12, 2021
      White Plains, New York                    /s/ Robert D. Drain
                                                            UNITED STATES BANKRUPTCY JUDGE

---

[3] Except with respect to the Amended and Superseded Claims, this Order does not disallow any asserted general unsecured claim portions of any claims listed on Exhibit 1, Exhibit 2 or Exhibit 3.