UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,              :    Case No. 18-23538 (RDD)
                                                   :
       Debtors.[1]                                 :    (Jointly Administered)
                                                   :    (ECF No. 9658)
----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION
### TO PROOF OF CLAIM NUMBER 9539 (HERBERT BASS)

Upon the *Debtors' Thirty-First Omnibus Objection to Proofs of Claim (Reclassify Secured Claims)* (ECF No. 9658) and the *Debtors' Reply in Support of (A) Debtors' Thirty-First Omnibus Objection to Proofs of Claim and (B) Debtors' Thirty-Third Omnibus Objection to Proofs of Claim* (ECF No. 10024) (together, the "**Objection**"),[2] filed by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), as the Objection applies to Claim No. 9539 filed in these cases by Herbert Bass and limited to the Objection's request to reclassify such claim as a general unsecured claim; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order; and upon the record of the hearing held by the Court on the Objection on November 10, 2021 (the "**Hearing**") and all of the pleadings and proceedings herein; and after due deliberation and for the reasons stated by the Court on the record of the Hearing, the Court having determined that the claimant has not sustained his burden in light of the Objection's assertions that the claim at issue is not entitled to secured status; now, therefore,

        **IT IS HEREBY ORDERED THAT**

1. Pursuant to section 506 of the Bankruptcy Code and Bankruptcy Rule 3007, Claim No. 9539 asserted against Sears Holdings Corporation by claimant Herbert Bass is hereby reclassified in its entirety as a general unsecured claim.

2. The terms and conditions of this Order are effective immediately upon entry.

3. The Debtors, the Debtors' claims and noticing agent, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

4. Nothing in this Order affects any other objection to Claim No. 9539 or the claimant's rights in response to any such other objection, which rights are fully preserved.

Dated:   November 16, 2021
         White Plains, New York

                                          /s/ Robert D. Drain
                                          HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE