UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                   :     CHAPTER 11
                                        :
SEARS HOLDINGS CORPORATION, *et al.*,   :     Case No. 18-23538 (RDD)
                                        :
Debtors.[1]                             :     (Jointly Administered)
                                        :     (ECF No. 9284)
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 9701

Upon the *Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims)* (ECF No. 9284) and the *Debtors' Supplemental Objection and Reply in Support of (A) Debtors' Twenty-First Omnibus Objection to Proofs of Claim and (B) Debtors' Twenty-Third Omnibus Objection to Proofs of Claim* (ECF No. 10002) (collectively, the "**Objection**"),[2] filed by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

WEIL:\98258200\4\73217.0004

*Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) (the "**Claims Procedures Order**"); and due and proper notice of the relief requested in the Objection having been provided in accordance with the Claims Procedures Order; and the Court having considered the *Opposition to Debtors' Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims)* (ECF No. 9339) submitted by Marshall Lindquist; and upon the record of the hearing held by the Court on the Objection on November 10, 2021 (the "**Hearing**") and all of the proceedings herein; and after due deliberation, Court having determined for the reasons set forth on the record at the Hearing that the legal and factual bases set forth in the Objection establish good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. Pursuant to section 507 of the Bankruptcy Code and Bankruptcy Rule 3007, proof of claim number 9701 is hereby reclassified in the asserted amount as a general unsecured claim.

2. The terms and conditions of this Order are effective immediately upon entry.

3. This Order is without prejudice to the right of any party in interest to object to claim number 9701 on any other basis and the claimant's right to oppose any such other objection.

4. The Debtors, the Debtors' claims and noticing agent, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

Dated: November 18, 2021
       White Plains, New York

                                      /s/ Robert D. Drain
                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE