**Hearing Date and Time: December 14, 2021 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: December 7, 2021 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| Debtors. [1] | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF DEBTORS' MOTION FOR AUTHORIZATION AND
APPROVAL OF SETTLEMENT AND MUTUAL RELEASE AMONG
SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,
AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019**

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**"), by and through their undersigned counsel, filed the annexed motion (the "**Motion**")

for entry of an order (the "**Order**") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") for approval of a settlement agreement between Sears

Holding Corporation and Sears, Roebuck, and Co. (collectively "**Sears**") and 233 S. Wacker,

LLC ("**233**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before

the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White

Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on December 14, 2021 at 10:00 a.m.

(Eastern Time) (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion

(the "**Objections**") shall (i) be in writing; (ii) state the name and address of the objecting party

and nature of the claim or interest of such party; (iii) state with particularity the legal and factual

bases of such objection; (iv) conform to the Bankruptcy Rules and the Local Bankruptcy Rules;

(v) be filed with the Bankruptcy Court, together with proof of service, electronically, in

accordance with General Order M-399 (available at www.nysb.uscourts.gov) by registered users

of the Court's Electronic Case Filing system, and by all other parties in interest, on a CD-ROM,

in text-searchable portable document format (PDF) (with a hard copy delivered directly to

Chambers), in accordance with the customary practices of the Bankruptcy Court and General

WEIL:\98217171\10\73217.0003

Order M-399, to the extent applicable; and (vi) be served in accordance with the Amended Order

Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018

(ECF No. 405), so as to be filed and received no later than December 7, 2021 at 4:00 p.m.

(Eastern Time) (the "**Objection Deadline**").

   **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 23, 2021
   New York, New York

        /s/ *Jacqueline Marcus*
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone:  (212) 310-8000
        Facsimile:  (212) 310-8007
        Jacqueline Marcus
        Garrett A. Fail

        *Attorneys for Debtors*
        *and Debtors in Possession*

3

**Hearing Date and Time: December 14, 2021 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: December 7, 2021 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                :

In re                            :        **Chapter 11**
                                  :

**SEARS HOLDINGS CORPORATION,** *et al.*,  :        **Case No. 18-23538 (RDD)**
                                  :

Debtors. [2]               :        **(Jointly Administered)**
                                  :

----------------------------------------------------------x

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DEBTORS' MOTION FOR AUTHORIZATION AND
APPROVAL OF SETTLEMENT AND MUTUAL RELEASE AMONG
SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,
AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates (collectively, "**Sears**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1.    Beginning on October 15, 2018 (the "**Commencement Date**"), the Debtors commenced voluntary cases (the "**Bankruptcy Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these Bankruptcy Cases.

3.    The Debtors' Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.    On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in*

2

*Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the

Debtors sold substantially all their assets to Transform Holdco LLC; however, the alleged claims

of Sears at issue in the Lawsuit (defined below) or otherwise addressed in the Settlement

Agreement (defined below) were not sold.

5.    On October 15, 2019, this Court entered the *Order (I) Confirming Modified*

*Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*

*and (II) Granting Related Relief* (ECF No. 5370), which confirmed the Debtors' *Modified Second*

*Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors* (ECF

No. 4476) (as amended, supplemented, or modified in accordance with its terms, the "**Plan**").

### Jurisdiction

6.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before

this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

### Relief Requested

7.    By this Motion, pursuant to sections 105(a) and 363 of the Bankruptcy Code

and Bankruptcy Rule 9019(a), the Debtors seek (a) approval of a settlement agreement, dated

November 23, 2021 (the "**Settlement Agreement**"), a copy of which is annexed hereto as **Exhibit**

**A,** between Sears Holding Corporation and Sears, Roebuck, and Co. (collectively "**Sears**") and

233 S. Wacker, LLC ("**233**" and, together with Sears, the "**Parties**")) and (b) authority to perform

all obligations under and take any actions necessary to consummate the Settlement Agreement.

8.    A proposed form of order granting the relief requested herein (the

"**Proposed Order**") is attached hereto as **Exhibit B**.

3

**Factual Background**

A. **The State Court Litigation**

6.    Sears and 233 entered into a settlement agreement dated as of June 28, 2013 (the "**2013 Settlement Agreement**") that resolved prior litigation concerning a sculpture designed by Alexander Calder (the "**Calder**") that was installed in the lobby of the Willis Tower at 233 S. Wacker Drive, Chicago, Illinois (the "**Tower**").

7.    Pursuant to the 2013 Settlement Agreement, the Parties agreed to attempt to effectuate a sale of the Calder over a certain period, which period, after being extended by the Parties pursuant to the 2013 Settlement Agreement, ended on June 30, 2016 (the "**Third Party Sale Period**").

8.    If a sale to a third party were consummated during the Third Party Sale Period, the 2013 Settlement Agreement set forth a methodology for sharing the proceeds, depending on, among other things, the amount of proceeds received.  In the event the Calder was not sold to a third party during the Third Party Sale Period, Sears would be required to acquire title to the Calder by paying $3,625,000.00, plus interest, to 233.  No sale to a third party was effectuated during the Third Party Sale Period.

9.    On June 30, 2016, Sears served notice to 233 that Sears would purchase the Calder for $3,860,625.00.  233 refused to tender title to the Calder and to accept the payment on the basis that 233 believed that Sears had breached the 2013 Settlement Agreement.

10.    On August 4, 2016, Sears initiated an action in the Circuit Court of Cook County, Illinois, Chancery Division (the "**State Court**"), Case No. 2016-CH-10308

4

(the "**Lawsuit**") seeking, in addition to other relief, specific performance of the sale of the Calder from 233 to Sears. 233 subsequently filed a counterclaim in the Lawsuit (the "**Counterclaim**") seeking damages as a result of Sears's alleged breach of its duty of good faith and fair dealing in connection with the 2013 Settlement Agreement.

11.    Sears disputes the allegations made in the Counterclaim and 233's entitlement to the relief requested therein, and 233 disputes the allegations made in the Lawsuit by Sears and Sears's entitlement to the relief requested therein.

12.    The commencement of the Bankruptcy Cases automatically stayed 233's Counterclaim against Sears in the Lawsuit. The parties subsequently presented to the Bankruptcy Court a proposed Stipulation, Agreement, and Order providing relief from the automatic stay to permit the Lawsuit to proceed, which was approved and entered by the Bankruptcy Court on March 27, 2019 (ECF 3019).

13.    The Lawsuit remains pending. On July 23, 2021, the State Court denied 233's motion for summary judgment on Sears' complaint and 233's counterclaim. The trial in the Lawsuit is scheduled to commence on January 10, 2022.

### B. Location of the Calder

14.    In or about April 2017, BRE 312 Owner, LLC ("**BRE**"), the current owner of the Tower, caused the Calder to be disassembled and removed from the Tower and transported to a storage facility.

15.    During the Bankruptcy Cases, a dispute among Sears, 233, and BRE arose relating to the costs and expenses associated with BRE's removal and storage of the Calder, which was ultimately settled and resolved on September 11, 2019, pursuant to that certain Stipulation,

WEIL:\98217171\10\73217.0003

Agreement, and Order Approving Settlement Agreement and Mutual Release (the "**BRE Agreement**") (ECF 5128).

> 16.     The Calder remains in storage.

## C.  The Settlement Agreement

> 20.     Rather than incurring the time and expense attendant to continuation of the Lawsuit, the Parties have agreed to the terms of the Settlement Agreement, subject to approval by this Court.  The salient terms of the Settlement Agreement are as follows:[3]

> (a)     **Settlement Payment**.[4]  Upon execution of the Settlement Agreement, 233 paid two hundred fifty thousand dollars ($250,000) (the "**Initial Settlement Payment**") to Novack and Macey LLP, as Trustee (the "**Escrow Agent**"). The "Effective Date" of the Settlement Agreement is the date this Court's order approving the Settlement Agreement becomes a final and non-appealable order.  If the Effective Date does not occur within sixty (60) days of the date of the Settlement Agreement through no fault of 233 (or such later date agreed to in writing by 233), then the Escrow Agent shall return the Initial Settlement Payment to 233 and the Settlement Agreement shall become null and void.  Upon the Effective Date, the Escrow Agent shall wire the Initial Settlement Payment to Sears.  No later than thirty (30) calendar days after the Effective Date, 233 shall cause four million two hundred fifty thousand dollars ($4,250,000.00) to be paid to Sears (the "**Settlement Payment Balance**") by wire transfer.  If Sears has not breached and has performed all of its duties under the Settlement Agreement, but 233 fails or refuses to pay the Settlement Payment Balance as required, the Initial Settlement Payment shall be retained by Sears as a credit against the unpaid Settlement Payment.  Notwithstanding anything to the contrary in section 3(c) of the Settlement Agreement, if 233 fails to comply with section 3(b) of the Settlement Agreement, then Sears retains the right to pursue its claim to specific performance in the Lawsuit or elect instead to seek payment of the Settlement Payment Balance in the Bankruptcy Court; provided, however, if Sears elects to pursue the Lawsuit, Sears shall return to 233 the Initial Settlement Payment.

---

[3] The following description of the terms of the Settlement Agreement is intended solely to give the Court and interested parties an overview of the significant terms of the Settlement Agreement.  The Court and interested parties should refer to the Settlement Agreement for the complete and detailed terms thereof.  To the extent of any inconsistency between the description of terms and the Settlement Agreement, the Settlement Agreement shall govern.

[4] The Initial Settlement Payment and Settlement Payment Balance are collectively referred to as the Settlement Payment.

WEIL:\98217171\10\73217.0003

(b)    **Dismissal of Lawsuit**.  Within three (3) business days after the date that Sears receives the Settlement Payment Balance (the "**Payment Date**") or if the Settlement Payment Balance is not made in a timely fashion and Sears elects to pursue collection of the Settlement Payment Balance in the Bankruptcy Case (the "**Collection Action**"), within three (3) business days after that election, counsel for Sears and counsel for 233 shall mutually execute, and cause to be entered in the Lawsuit, an agreed order dismissing the Lawsuit with prejudice. Notwithstanding the Settlement Agreement, if the Settlement Payment Balance is not made in a timely fashion and Sears elects to pursue the Collection Action, then 233 agrees that the dismissal with prejudice of the Lawsuit does not bar the Collection Action, and waives the right to assert any defense (including *res judicata* and collateral estoppel) in the Collection Action that the dismissal with prejudice bars Sears' claim for the Settlement Payment Balance.

(c)    **Release.**  The Settlement Agreement provides for mutual releases on the Payment Date of any and all current or future claims of either Sears or 233 arising out of or relating to the Lawsuit, the Calder, the 2013 Settlement Agreement, the BRE Agreement, or the Bankruptcy Cases.

(d)    **Withdrawal of Motions/Claims**.  Within three (3) business days after the Payment Date, 233 shall withdraw, with prejudice, any proof of claims, pending motions, or objections it has filed in the Bankruptcy Cases. After the Payment Date, Sears shall direct the claims agent in the Bankruptcy Cases to expunge claim number 20522 in the amount of $3,860,625.00 and 233 shall not object to the expungement of such claim.

### The Requested Relief Should be Granted

21.    The Settlement Agreement is in the best interests of the Debtors and their estates and should be approved.  Bankruptcy Rule 9019(a) provides that on motion and after notice and a hearing, "the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a). In granting a motion pursuant to Bankruptcy Rule 9019(a), a Court must find that the proposed settlement is fair and equitable and is in the best interests of the debtor's estate.  *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968);

7

*In re 47-49 Charles St., Inc.*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

22.      Although a court must "evaluate . . . all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *TMT Trailer Ferry*, 390 U.S. at 424, a court need not conduct a "mini-trial" of the merits of the claims being settled, *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993), or conduct a full independent investigation.  *See In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact . . . . The court need only canvas the settlement to determine whether it is within the accepted range of reasonableness."  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (internal citations omitted).

23.      Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  To approve the use of property outside the ordinary course of business, a Bankruptcy Court must "find from the evidence presented before [it] at the hearing a good business reason to grant such an application."  *In re Lionel Corp.*, 722 F.2d 1063, 1070-71 (2d Cir. 1983); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("[A] debtor often satisfies the business judgment standard if 'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'") (quoting *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992)); *In re MF Glob. Ltd.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) ("The business judgment of a trustee is entitled to great deference.").

24.     The court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that [the court] substitute [its] judgment for the Trustee's, but only that [the court] test [its] choice for reasonableness. . . . If the Trustee chooses one of two reasonable choices, [the court] must approve that choice, even if, all things being equal, [the court] would have selected the other.") (citations omitted).

25.     Relying on the guiding language of *TMT Trailer Ferry*, courts in this Circuit have set forth the following factors to be considered in evaluating the reasonableness of settlements:

(a)     the probability of success in litigation, with due consideration for the uncertainty in fact and law;

(b)     the difficulties of collecting any litigated judgment;

(c)     the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay;

(d)     the proportion of creditors who do not object to, or who affirmatively support, the proposed settlement;

(e)     the competence and experience of counsel who support the settlement;

(f)     the relative benefits to be received by members of any affected class;

(g)     the extent to which the settlement is truly the product of arm's-length bargaining and not the product of fraud or collusion; and

(h)     the debtor's informed judgment that the settlement is fair and reasonable.

26.     The Settlement Agreement is fair, falls within the range of reasonableness, is consistent with the objectives of chapter 11, and should be approved.

9

27.     Each of the *TMT Trailer Ferry* factors weighs in favor of approval of the Settlement Agreement.  Critically, the Settlement Agreement resolves a long-standing Lawsuit involving one of the Debtors' most valuable remaining assets, and provides the Debtors with prompt payment of $4,500,000.00 for the benefit of creditors.

28.     While the Debtors remain optimistic about the outcome of the Lawsuit, there can be no certainty that the Lawsuit will result in a recovery for the estate.  Indeed, to prevail in the Lawsuit the Debtors will have to persuade the trial court that Sears is entitled to specific performance of the 2013 Agreement and rebut the allegations of abuse of discretion levied by 233.

29.     Moreover, even if the Debtors win a complete victory in the Lawsuit, the Debtors' ultimate recovery will depend on the price for which they can sell the Calder.  Given the market risks inherent in selling such a piece of art, there is no guarantee that the Debtors would recover an amount greater than the Settlement Payment, nor is there any certainty regarding the timing of a sale.

30.     The Settlement Agreement resolves an action that has been pending in State Court for over five years, and could continue well into 2022, even if no appeals are filed.  While expert and fact discovery have concluded, a trial will not take place until January 2022.  The Debtors' estates would have to bear significant fees and expenses for attorneys as well as experts if the Lawsuit were litigated to its conclusion.  The Settlement Agreement immediately resolves this long-standing, ongoing litigation and provides millions to the estate within approximately six weeks of this Court's approval.

31.     Another relevant factor is the creditors' perspective.  Notably, the Settlement Agreement has the support of the Creditors' Committee as well as the Pre-Effective Date Committee established under the Confirmation Order.

32. Throughout the Lawsuit, the Parties have been advised by competent and experienced counsel and other professionals familiar with the issues and well versed in nuances of the facts and law in dispute.  The Settlement Agreement is the product of vigorous arm's length bargaining between sophisticated parties, each of which was represented by competent counsel.

33. Finally, the Debtors, in their informed business judgment, believe that the terms of the Settlement Agreement are fair and reasonable.  As discussed above, without this Settlement Agreement, the Debtors would face continuation of the Lawsuit and its attendant costs and uncertainty, as well as market risk regarding the value of the sculpture.  After carefully balancing the pros and cons, the Debtors have concluded that the terms of the Settlement Agreement represent a better outcome.

34. In view of the foregoing, the compromise reflected in the Settlement Agreement should be approved under Bankruptcy Rule 9019(a) as it represents a "fair and equitable" resolution of the Parties' dispute, is well within the "range of reasonableness," and is in the best interest of the Debtors, their estates, and all parties interest.

## **Wavier of Bankruptcy Rule 6004(h)**

35. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.  FED. R. BANKR. P. 6004(h).  The Debtors seek a waiver of the 14-day stay extant in Bankruptcy Rule 6004(h) to avoid any delays in the their ability to effectuate the terms of Settlement Agreement.

## **Notice**

36. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*,

11

entered on November 1, 2018 (ECF No. 405).  The Debtors respectfully submit that no further

notice is required.

37.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order and

such other and further relief as is just.

Dated: November 23, 2021
       New York, New York

/s/ *Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail


*Attorneys for Debtors*
*and Debtors in Possession*

12

## Exhibit A

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into as of November 23, 2021 by and between, on the one hand, Sears, Roebuck and Co. and Sears Holdings Corporation, on behalf of themselves and their bankruptcy estates (collectively, "Sears") and, on the other hand, 233 S. Wacker LLC ("233"). Each of Sears and 233 may be referred to herein, separately, as a "Party" and sometimes together as the "Parties."

## RECITALS

WHEREAS, on or about July 1, 2013, Sears and 233 entered into a settlement agreement dated as of June 28, 2013 (the "2013 Settlement Agreement") that resolved prior litigation concerning a sculpture designed by Alexander Calder (the "Calder") that was installed in the lobby of the Willis Tower at 233 S. Wacker Drive, Chicago, Illinois (the "Tower");

WHEREAS, pursuant to the 2013 Settlement Agreement, the Parties agreed to attempt to effectuate a sale of the Calder over a certain period, which, after being extended by the Parties pursuant to the 2013 Settlement Agreement, ended on June 30, 2016 (the "Third Party Sale Period");

WHEREAS, if a sale to a third party were consummated during the Third Party Sale Period, the 2013 Settlement Agreement set forth a methodology for sharing the proceeds, depending on, among other things, the amount of proceeds received;

WHEREAS, in the event the Calder was not sold to a third party during the Third Party Sale Period, Sears would be required to acquire title to the Calder by paying $3,625,000.00, plus interest, to 233. No sale to a third party was effectuated during the Third Party Sale Period;

WHEREAS, on June 30, 2016, Sears served notice to 233 that Sears would purchase the Calder for $3,860,625.00. 233 refused to tender title to the Calder and to accept the payment on the basis that 233 believes that Sears had breached the 2013 Settlement Agreement;

WHEREAS, on August 4, 2016, Sears initiated an action in the Circuit Court of Cook County, Illinois, Chancery Division (the "State Court"), Case No. 2016-CH-10308 (the "Lawsuit") seeking, in addition to other relief, specific performance of the sale of the Calder from 233 to Sears;

WHEREAS, 233 subsequently filed a counterclaim in the Lawsuit (the "Counterclaim") seeking damages as a result of Sears's alleged breach of its duty of good faith and fair dealing in connection with the 2013 Settlement Agreement;

WHEREAS, Sears disputes the allegations made in the Counterclaim and 233's entitlement to the relief requested therein, and 233 disputes the allegations made in the Lawsuit by Sears and Sears's entitlement to the relief requested therein;

WHEREAS, the Lawsuit remains pending;

WHEREAS, in or about April 2017, BRE, the current owner of the Tower, caused the Calder to be disassembled and removed from the Tower and transported to a storage facility;

WHEREAS, on or about October 15, 2018, Sears and its debtor affiliates ("Debtors and Debtors-in-Possession") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, the commencement of the Bankruptcy Case automatically stayed 233's Counterclaim against Sears in the Lawsuit;

WHEREAS, the parties subsequently presented to the Bankruptcy Court a proposed Stipulation, Agreement, and Order providing relief from the automatic stay to permit the Lawsuit to proceed, which was approved and entered by the Bankruptcy Court on March 27, 2019;

WHEREAS, during the Bankruptcy Case a dispute among Sears, 233, and BRE arose relating to the costs and expenses associated with BRE's removal and storage of the Calder, which was ultimately settled and resolved on September 11, 2019, pursuant to that certain Stipulation, Agreement, and Order Approving Settlement Agreement and Mutual Release (the "BRE Agreement");

WHEREAS, without any Party admitting liability or wrongdoing, the Parties desire to resolve all of their disputes including, without limitation, the Lawsuit, all claims for equitable relief, damages or any other claims that the Parties asserted or could have asserted against each other in the Lawsuit, in the Bankruptcy Case, or otherwise, related to or arising out of or relating to the Lawsuit, the Calder, the 2013 Agreement, the BRE Agreement, and the Bankruptcy Case;

WHEREAS, this Agreement is contingent upon the review and approval of the Bankruptcy Court;

NOW, THEREFORE, in consideration of the foregoing, the mutual promises, covenants, representations and conditions contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    **Recitals.**  The Recitals above are contractual and are incorporated by reference as though fully set forth herein.

2.    **Court Approval**.  Other than Section 3(a) hereof, this Agreement shall not be binding on the Parties unless and until it is approved, after appropriate notice and a hearing, by a final and non-appealable order of the Bankruptcy Court in the form annexed hereto as **Exhibit A** or in the form as otherwise mutually agreed to in writing by each Party hereto (the "Approval Order"), which Approval Order, for the avoidance of doubt, shall contain a finding that (a) Sears is the sole owner of and has the sole authority to dismiss and release any and all claims and causes

of action that it (i) is pursuing in the Lawsuit, (ii) is releasing in this Agreement, and (iii) has or ever had against 233; (b) such claims and causes of action have not been sold, assigned, in any way encumbered, or otherwise transferred, in whole or in part, to any other person, entity, or party; (c) no other person, entity, or party holds, has, or will ever hold or have the right to pursue such claims and causes of action; and (d) Sears has obtained all necessary approvals to enter into this Agreement. The date the Approval Order becomes a final and non-appealable order is the "Effective Date" for purposes of this Agreement.

3.    **Payment**.

    (a)    Contemporaneously with its execution and delivery to Sears of this Agreement, 233 shall cause Two Hundred Fifty Thousand Dollars ($250,000) (the "Initial Settlement Payment") to be paid by wire transfer to Novack and Macey LLP, as Trustee (the "Escrow Agent"), to be deposited immediately in its CIBC Bank USA trust account. If the Effective Date does not occur within sixty (60) days of the date of this Agreement through no fault of 233 (or such later date agreed to in writing by 233), then the Escrow Agent shall immediately return the Initial Settlement Payment to 233 and this Agreement shall then become null and void. Upon the occurrence of the Effective Date, the Escrow Agent shall wire the Initial Settlement Payment to Sears.

    (b)    No later than thirty (30) calendar days after the Effective Date, 233 shall cause Four Million Two Hundred Fifty Thousand Dollars ($4,250,000.00) to be paid to Sears (the "Settlement Payment Balance") by wire transfer to the following account:

4

Account No: 4451327244

Routing No. (domestic wires): 026009593

SWIFT Code (international wires): BOFAUS3N

Account Name: Sears Roebuck and Co.

Account Address: 3333 Beverly Road

The Initial Settlement Payment and Settlement Payment Balance are collectively referred to as the "Settlement Payment." The date of Sears' receipt of the Settlement Payment Balance shall be referred to as the "Payment Date."

(c)    If Sears has not breached this Agreement and has performed all of its duties under this Agreement, but 233 fails or refuses to pay the Settlement Payment Balance within thirty (30) calendar days after the Effective Date in accordance with section 3(b) of this Agreement, then the Initial Settlement Payment shall be retained by Sears as a credit against the unpaid Settlement Payment. Notwithstanding anything to the contrary in this section 3(c), if 233 fails to comply with section 3(b) of this Agreement, then Sears retains the right to pursue its claim to specific performance in the State Court Lawsuit or elect instead to seek payment of the Settlement Payment Balance in the Bankruptcy Court; provided, however, if Sears elects to pursue the State Court Lawsuit, Sears shall return to 233 the Initial Settlement Payment. Sears shall exercise its election to pursue the State Court Lawsuit or collect the Settlement Payment Balance within 15 days of

5

the date that the Settlement Payment Balance is due by written notice in accordance with the Section 22, *infra*.

4.    **Dismissal Of Lawsuit.**  Within three (3) business days after the Payment Date, or if the Settlement Payment Balance is not made in a timely fashion and Sears elects to pursue collection of the Settlement Payment Balance in the Bankruptcy Case (the "Collection Action"), within three (3) business days after that election, counsel for Sears and counsel for 233 shall mutually execute, and cause to be entered in the State Court Lawsuit, an agreed order dismissing the State Court Lawsuit with prejudice, in the form attached hereto as **Exhibit B.**  Notwithstanding the foregoing, if the Settlement Payment Balance is not made in a timely fashion and Sears elects to pursue the Collection Action, then 233 hereby agrees that the dismissal with prejudice of the State Court Lawsuit pursuant to the preceding sentence does not bar the Collection Action, and waives the right to assert any defense (including *res judicata* and collateral estoppel) in the Collection Action that the dismissal with prejudice bars Sears' claim for the Settlement Payment Balance.

5.    **Release of 233 Parties.**  Effective upon the Payment Date, Sears, for and on behalf of itself, the Debtors and Debtors-in-Possession, the estates of the Debtors and Debtors-in-Possession, and any trustee who is appointed in the Bankruptcy Case or otherwise with respect to the Debtors and Debtors-in-Possession, their estates, or their assets, and each of the foregoing's members, partners, managers, officers, directors, predecessors, successors, assigns, legal representatives, and affiliates, and any and all of each persons or entities claiming under or through any of the foregoing persons or entities (individually and collectively, the "Sears Releasors"), hereby remises, releases, forever discharges and covenants not to sue 233 and any and all of its respective insurers, predecessors, successors, assigns, legal representatives, affiliates, members,

managers, directors, officers, shareholders, stockholders, attorneys, partners, employees, representatives, and agents, and individuals or entities subject to potential liability by or through the actions or conduct of the foregoing released entities or persons and/or individuals or entities who, by or through their actions or conduct, potentially subject any of the foregoing released entities or persons to liability, and any and all of their respective predecessors, successors, heirs and assigns (individually and collectively, the "233 Releasees") of, from, on account of or in connection with any and all actions, causes, causes of action, suits, debts, sums of money, accounts, reconcilings, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, judgments, executions, claims, demands, credit memoranda and charges, whatsoever, at law or in equity, whether presently known or unknown, whether matured, unmatured, potential or contingent, and whether in tort, in contract, or otherwise, which any of the Sears Releasors has, may have, or hereafter can, shall or may have against any of the 233 Releasees, for any matter, cause or thing existing now or at any time prior hereto related to or arising out of or relating to the Lawsuit, the Calder, the 2013 Agreement, the BRE Agreement, and the Bankruptcy Case; <u>provided however, that</u> the provisions of this paragraph do not extend or apply to, or in any way limit or affect any rights or obligations under, this Agreement or the exhibits hereto.

6.    **Release of Sears Parties**. Effective upon the Payment Date, 233, for and on behalf of itself, and each of its members, partners, managers, officers, directors, predecessors, successors, assigns, legal representatives, and affiliates, and any and all of each persons or entities claiming under or through any of the foregoing persons or entities (individually and collectively, the "233 Releasors"), hereby remises, releases, forever discharges and covenants not to sue Sears, the Debtors and Debtors-in-Possession, the estates of the Debtors and Debtors-in-Possession, any trustee who is appointed in the Bankruptcy Case or otherwise with respect to the Debtors and

Debtors-in-Possession, their estates, or their assets, and any and all of their respective insurers, predecessors, successors, assigns, legal representatives, affiliates, members, managers, directors, officers, shareholders, stockholders, attorneys, partners, employees, representatives, trustees, and agents, and individuals or entities subject to potential liability by or through the actions or conduct of the foregoing released entities or persons and/or individuals or entities who, by or through their actions or conduct, potentially subject any of the foregoing released entities or persons to liability, and any and all of their respective predecessors, successors, heirs and assigns (individually and collectively, the "Sears Releasees") of, from, on account of or in connection with any and all actions, causes, causes of action, suits, debts, sums of money, accounts, reconcilings, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, judgments, executions, claims, demands, credit memoranda and charges, whatsoever, at law or in equity, whether presently known or unknown, whether matured, unmatured, potential or contingent, and whether in tort, in contract, or otherwise, which any of the 233 Releasors has, may have, or hereafter can, shall or may have against any of the Sears Releasees, for any matter, cause or thing existing now or at any time prior hereto related to or arising out of or relating to the Lawsuit, the Calder, the 2013 Agreement, the BRE Agreement, and the Bankruptcy Case; provided however, that the provisions of this paragraph do not extend or apply to, or in any way limit or affect any rights or obligations under, this Agreement or the exhibits hereto.

7.    **Withdrawal of Motions/Claims.** Within three (3) business days after the Payment Date, 233 shall withdraw with prejudice: (a) any proof of claim it has filed in the Bankruptcy Case, including, without limitation, those set forth on **Exhibit C** attached hereto; and (b) any pending motions and objections it has filed in the Bankruptcy Case, including, without limitation, those set forth on **Exhibit D** attached hereto. After the Payment Date, Sears shall direct the claims agent in

8

the Bankruptcy Case to expunge claim number 20522 in the amount of $3,860,625.00; and 233 shall not object to the expungement of such claim.

8. **Consent to Jurisdiction.** Each of the Parties hereto consents to the jurisdiction of the Bankruptcy Court to hear and determine any dispute regarding the interpretation or enforcement of this Agreement during the pendency of the Bankruptcy Case; provided, however, that nothing herein shall preclude a Party from pursuing its claims in the Lawsuit if the other Party fails to perform all of its duties and obligations under this Agreement.

9. **Complete Defense.** If any Sears Releasor hereafter initiates any legal action against any 233 Releasee, or any 233 Releasor hereafter initiates any legal action against any Sears Releasee, in whatever forum, for the purpose of asserting or enforcing any claims that are released under this Agreement, this Agreement, when pleaded, shall be and constitute a complete defense and bar thereto, and such 233 Releasee shall be entitled to recover damages from such Sears Releasor(s), and such Sears Releasee shall be entitled to recover damages from such 233 Releasor(s),which shall include, but not be limited to, reasonable attorneys' expenses and attorneys' fees and/or to receive a declaratory judgment and an injunction against conduct or litigation that violates or threatens to violate this Agreement.

10. **No Reliance.** Each Party represents and warrants to the other that, in entering into this Agreement, it has not relied on any representations by or on behalf of any other Party, other than those representations expressly set forth in writing in this Agreement.

11. **Entire Agreement.** This Agreement and the exhibits attached hereto constitute the full, final and entire agreement and understanding of the Parties with respect to the subject matter hereof, there are no other prior or contemporaneous written or oral agreements, undertakings, promises, representations, warranties, or covenants not contained herein, and any and all prior

agreements or representations having been merged herein and superseded hereby. For avoidance of doubt, the Parties agree and acknowledge that this Agreement supersedes and extinguishes any and all rights and obligations between the Parties pursuant to the 2013 Agreement and the BRE Agreement (including, without limitation, paragraph 7 thereof), neither of which shall have further force or effect after the Effective Date.

12.    **No Oral Amendment.**    This Agreement and the exhibits attached hereto – including this paragraph – may be amended only in a subsequent writing signed by each of the Parties hereto. No waiver of any breach or provision hereof shall be binding unless in a writing signed by the waiving Party or Parties. The waiver of any breach or provision hereof shall not be deemed a waiver of any other breach or provision.

13.    **Headings.**    The headings, captions and paragraph numbers appearing in this Agreement are for convenience only, are not a substantive part of this Agreement and do not in any way limit, amplify, define, construe or describe the scope or intent of the terms or provisions of this Agreement.

14.    **Construction.**    This Agreement shall be deemed to have been jointly drafted by the Parties, and any rule that an agreement shall be construed against the drafter shall not apply to this Agreement. All Parties were represented by counsel of their choice in connection with the drafting of this Agreement.

15.    **Successors and Assigns.**    This Agreement is binding upon the Parties, their respective successors and assigns, the estates of the Debtors and Debtors-in-Possession, and any trustee who is appointed in the Bankruptcy Case or otherwise with respect to the Debtors and Debtors-in-Possession, their estates, or any of their assets.

16.    **Attorneys' Fees – This Agreement And This Dispute.**  Sears and 233 each shall be responsible for their own attorneys' fees and expenses related to:  (a) the negotiation, drafting and execution of this Agreement and all issues relating to the Parties' disputes to date, including without limitation the Lawsuit; and (b) 233's withdrawal of its proofs of claim and motions in the Bankruptcy Case, pursuant to paragraph 7 hereof.

17.    **Attorneys' Fees – Prevailing Party.**  In the event that there is any litigation or arbitration arising out of or relating to this Agreement, the prevailing Party or Parties shall, in addition to any and all other relief, recover its attorneys' fees and costs.

18.    **Ownership of Claims.**  233 represents and warrants that it is the sole owner of any and all claims covered by this Agreement that it has or ever had against Sears and that it has not sold, assigned, or in any way encumbered any such claims, in whole or in part, to any person or party. Sears represents and warrants that (a) it is the sole owner of and has the sole authority to dismiss and release any and all claims and causes of action that it is pursuing in the Lawsuit, releasing in this Agreement, and has or ever had against 233; (b) such claims and causes of action have not been sold, assigned, in any way encumbered, or otherwise transferred, in whole or in part, to any other person, entity, or party; (c) no other person, entity, or party holds or has the right to pursue such claims and causes of action; and (d) upon the approval of the Bankruptcy Court, Sears will have obtained all necessary approvals to enter into this Agreement.

19.    **No Admission.**  By execution of this Agreement or otherwise, no Party is admitting that it did anything wrong or improper or that it has any legal liability to any other Party (other than liabilities arising under this Agreement), and no inference of wrong or improper conduct or legal liability shall be drawn against any Party by reason of his or its execution of this Agreement or otherwise.

11

20.    **Intent to be Bound.**  Each Party represents and warrants to the other that it has read and understands this Agreement; that it has consulted with and had advice of legal counsel with respect thereto; that this Agreement is executed and delivered as its free and voluntary act; and that it intends to be legally bound thereby.

21.    **Illinois Law.**  This Agreement shall be governed by the law of Illinois without regard to its principles of choice of law or conflicts of law.

22.    **Notice.**  All notices or other communications required or permitted to be given hereunder, or which are to be given with respect to this Agreement, shall be effective upon transmission and may be transmitted only by e-mail, personal delivery, overnight delivery or certified mail, return receipt requested, as follows:

If to Sears, to:

Brian J. Griffith
M-III PARTNERS, LP
130 West 42nd Street, 17th Floor
New York, NY 10036
bgriffith@miiipartners.com

With a copy to their lawyers:

Eric N. Macey
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
emacey@novackmacey.com

If to 233, to:

233 S. Wacker LLC
c/o Meyer Chetrit
512 Seventh Avenue, 15th Floor
New York, NY 10018
mc@chetritgroup.com

and

Joseph Moinian
3 Columbus Circle
26th Floor
New York, NY 10019
joseph@moiniangroup.com

With a copy to its lawyers:

Paul W. Carroll
Vanessa R. Tiradentes
GOULD & RATNER, LLP
Chicago, Illinois 60601
pcarroll@gouldratner.com
vtiradentes@gouldratner.com

Any Party may at any time change the addresses for notices to such Party by providing a notice in the manner set forth above in this paragraph.

23.    **Counterparts.**  This Agreement may be executed in any number of identical counterparts, any and all of which may contain the signature of less than all the Parties hereto, and all of which may be construed together as but a single instrument. A facsimile, pdf or other electronic signature shall be deemed the same as, and the equivalent of, an original signature.

24.    **Authority.**  Each individual signing this Agreement on behalf of an entity represents and warrants that he or she has authority to sign this Agreement and bind his or her principal.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first written above.

SEARS, ROEBUCK AND CO.

By: _____

Its: ___Authorized Representative___

Brian J Griffith

13

SEARS HOLDINGS CORPORATION

By: _____

Its: __Authorized Representative_____
        Brian J Griffith

233 S. WACKER, LLC

CF 233, LLC

By: _____

Its: _____

MIGDAL LLC

By: _____
        Joseph Moinian, Managing Member

14

Its:_____

233 S. WACKER, LLC

CF 233, LLC

By:_____

Its:_____

MIGDAL LLC

By:_____
    Joseph Moinian, Managing Member

Its:_____


233 S. WACKER, LLC

CF 233, LLC

By:_____

Its:_____

MIGDAL LLC

By:_____
    Joseph Moinian, Managing Member

<u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re                                                         :      **Chapter 11**
                                                              :
**SEARS HOLDINGS CORPORATION**, *et al.*                      :      **Case No. 18-23538 (RDD)**
                                                              :
Debtors. [1]                                                  :      **(Joint Administration)**
                                                              :
------------------------------------------------------------- x


### ORDER AUTHORIZING AND APPROVING SETTLEMENT AND MUTUAL RELEASE AMONG SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019

Upon the Motion, dated November 23, 2021 (ECF No. [__]) (the "**Motion**")[2] of

Sears Holdings Corporation and Sears, Roebuck and Co. for entry of an order (a) approving the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (None); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Settlement Agreement (as that term is defined in the Motion), as applicable.

Settlement Agreement and Mutual Release, dated November [ ], 2021 by and between, on the one hand, Sears, Roebuck and Co. and Sears Holdings Corporation on behalf of themselves and their bankruptcy estates (collectively, "**Sears**") and, on the other hand, 233 S. Wacker, LLC and (b) authorizing Sears to perform all obligations under and take any actions necessary to consummate the Settlement Agreement, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 14, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.      Sears is the sole owner of and has the sole authority to dismiss and release any and all claims and causes of action that it (i) is pursuing in the Lawsuit, (ii) is releasing in the Settlement Agreement, and (iii) has or ever had against 233.  Such claims and causes of action have not been

---

[3] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.

sold, assigned, in any way encumbered, or otherwise transferred, in whole or in part, to any other person, entity, or party. No other person, entity, or party holds, has, or will ever hold or have the right to pursue such claims and causes of action. Upon entry of this Order, Sears shall have obtained all necessary approvals to enter into the Settlement Agreement.

### IT IS HEREBY ORDERED THAT:

1.  The Motion is granted.

2.  Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved. The Debtors are authorized, to perform all of their obligations under the Settlement Agreement, including granting the releases set forth therein.

3.  The Debtors are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein.

4.  This Order shall be immediately effective and enforceable upon its entry and the fourteen-day stay set forth in Rule 6004(h) of the Bankruptcy Rules shall be, and hereby is, waived.

5.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____ __, 2021
      White Plains, New York

                                          _____
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SEARS, ROEBUCK AND CO., and | ) | |
| SEARS HOLDINGS  CORPORATION, | ) | Case No. 2016 CH 10308 |
| | ) | |
| Plaintiffs/Counter-Defendants | ) | Hon. Pamela Meyerson |
| | ) | |
| v. | ) | |
| | ) | |
| 233 S. WACKER, LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |

### AGREED ORDER OF DISMISSAL WITH PREJUDICE

This Cause coming to be heard by agreement of all parties pursuant to a Settlement Agreement dated as of _____, and the Court being advised that the parties have resolved, settled and agreed to dismiss all claims and counterclaims asserted in this lawsuit, IT IS HEREBY ORDERED THAT:

1. This action, including all claims and counterclaims, is dismissed with prejudice, with each party to bear its own costs and fees including, but not limited to, attorneys' fees;

2. This Agreed Order does not bar Sears' election to pursue collection of the Settlement Payment Balance in the Bankruptcy Case (as those terms are defined in the Settlement Agreement) if the Settlement Payment Balance is not made in a timely fashion; and

3. All future court dates in this action are stricken.

Dated:_____

_____
Hon. Pamela McLean Meyerson

Agreed As To Substance And Form:

SEARS, ROEBUCK, AND CO., and SEARS          233 S. WACKER, LLC
HOLDINGS CORPORATION

By:____/s/_____          By:____/s/_____
         *One of their Attorneys*                     *One of its Attorneys*
Eric. N. Macey                              Paul W. Carroll
Yvette V. Mishev                            Vanessa Tiradentes
NOVACK AND MACEY, LLC                        GOULD & RATNER, LLP
100 North Riverside Plaza                   222 N. LaSalle, Suite 300
Chicago, Illinois 60606                     Chicago, IL 60601
(312) 419-6900                              (312) 236-3003
Firm ID No. 91731                           Firm ID No. 04018

## Exhibit C

**Proofs of Claim Filed by 233 S. Wacker, LLC in
Bankruptcy Case No. 18-23538, Sears Holding Corporation**

1.  Claim No. 13878 – General Unsecured Claim filed 4/04/2019 in the amount of $6,000,000.00.

2.  Claim No. 14102 – General Unsecured Claim filed 4/04/2019 in the amount of $6,000,000.00.

<u>Exhibit D</u>

**Pending Motions and Objections filed by 233 S. Wacker, LLC in
<u>Bankruptcy Case No. 18-23538, Sears Holding Corporation</u>**

1.    Motion of 233 S. Wacker, LLC for Allowance and Payment of Administrative Expense Claim [ECF No. 5792].

**<u>Exhibit B</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------   x
                                                               :
In re                                                          :    Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, et al.                             :    Case No. 18-23538 (RDD)
                                                               :
            Debtors. 1                                         :    (Joint Administration)
                                                               :
------------------------------------------------------------   x
```

## ORDER AUTHORIZING AND APPROVING
## SETTLEMENT AND MUTUAL RELEASE AMONG
## SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION
## AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019

Upon the Motion, dated November 23, 2021 (ECF No. [___]) (the "**Motion**")[2] of

Sears Holdings Corporation and Sears, Roebuck and Co. for entry of an order (a) approving the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Settlement Agreement (as that term is defined in the Motion), as applicable.

Settlement Agreement and Mutual Release, dated November 23, 2021 by and between, on the one

hand, Sears, Roebuck and Co. and Sears Holdings Corporation on behalf of themselves and their

bankruptcy estates (collectively, "**Sears**") and, on the other hand, 233 S. Wacker, LLC and (b)

authorizing Sears to perform all obligations under and take any actions necessary to consummate

the Settlement Agreement, as more fully set forth in the Motion; and the Court having jurisdiction

to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the relief requested in the Motion having been provided in

accordance with the Amended Case Management Order; and such notice having been adequate

and appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the relief requested in the Motion on

December 14, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the

proceedings had before the Court; and the Court having determined that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein and that the relief requested

is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and

after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.       Sears is the sole owner of and has the sole authority to dismiss and release any and

all claims and causes of action that it (i) is pursuing in the Lawsuit, (ii) is releasing in the Settlement

Agreement, and (iii) has or ever had against 233.  Such claims and causes of action have not been

---

[3] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.

sold, assigned, in any way encumbered, or otherwise transferred, in whole or in part, to any other person, entity, or party.  No other person, entity, or party holds, has, or will ever hold or have the right to pursue such claims and causes of action.  Upon entry of this Order, Sears shall have obtained all necessary approvals to enter into the Settlement Agreement.

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved. The Debtors are authorized, to perform all of their obligations under the Settlement Agreement, including granting the releases set forth therein.

3.      The Debtors are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein.

4.      This Order shall be immediately effective and enforceable upon its entry and the fourteen-day stay set forth in Rule 6004(h) of the Bankruptcy Rules shall be, and hereby is, waived.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____ __, 2021
            White Plains, New York

                                                    _____
                                                    THE HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE

WEIL:\98217171\10\73217.0003