**Proposed Hearing Date and Time:  December 3, 2021, at 2:00 PM (Eastern Time)**
**Proposed Objection Date and Time:  December 3, 2021, at 2:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jared R. Friedmann
Jacqueline Marcus
Garrett Fail

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                          :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**NOTICE OF MOTION FOR AN ORDER SHORTENING NOTICE**
**WITH RESPECT TO DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P.**
**9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT**
**REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "**Motion to Shorten**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shortening the notice period and setting the date and time for a hearing on the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax Assessment Issues*, all as more fully set forth in the Motion to Shorten, will be held before the Hon. Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **December 3, 2021, at 2:00 p.m. (Eastern Time)** (the "**Hearing**").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion to Shorten may be asserted in writing or orally at the hearing.

PLEASE TAKE FURTHER NOTICE that any objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: November 23, 2021
     New York, New York

                                 */s/ Jared R. Friedmann*       
                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, New York  10153
                                 Telephone:  (212) 310-8000
                                 Facsimile:  (212) 310-8007
                                 Jared R. Friedmann
                                 Jacqueline Marcus
                                 Garrett Fail

                                 *Attorneys for Debtors*
                                 *and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jared R. Friedmann
Jacqueline Marcus
Garrett Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                             :

**In re**                     :         **Chapter 11**
                             :

**SEARS HOLDINGS CORPORATION,** *et al.,*  :     **Case No. 18-23538 (RDD)**
                             :

**Debtors.**[1]               :     **(Jointly Administered)**
                             :
---------------------------------------------------------------------x

## MOTION FOR AN ORDER SHORTENING NOTICE
## WITH RESPECT TO DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P.
## 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT
## <u>REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession

in the above-captioned chapter 11 cases (collectively, "**Sears**" or the "**Debtors**"), by and through

their undersigned counsel, hereby file this motion (the "**Motion**") for entry of an order pursuant to

Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to shorten

the notice period with respect to the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019(a) for*

*Entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax*

*Assessment Issues* (the "**9019 Motion**"), filed concurrently with this Motion.

## PRELIMINARY STATEMENT

1.      The Debtors seek the Court's approval, pursuant to Bankruptcy Rule 9006(c) and

the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No.

405) (the "**Case Management Order**"), to shorten the notice period applicable to the 9019

Motion, which seeks this Court's approval of a settlement agreement (the "**Settlement**

**Agreement**") among the Debtors, the Village of Hoffman Estates (the "**Village**"), Community

Unit School District 300 (the "**School District**"), Metropolitan Water Reclamation District of

Greater Chicago, School District U-46, Elgin Community College, Hoffman Estates Park District,

Poplar Creek Library District, County of Cook, Cook County Forest Preserve District, Barrington

Township, Barrington Area Library District, Northwest Mosquito Abatement District

(collectively, the "**Parties**"), which the Treasurer of Cook County, Illinois joined as a signatory.

The Settlement Agreement resolves two separate disputes regarding: (a) the compliance of the

Debtors and the Village with an Economic Development Agreement (the "**EDA Agreement**") that

has been the subject of several years of litigation in both Illinois state court and before this Court,

as well as the Debtors' ability to assume and assign the EDA Agreement; and (b) the Debtors' pending appeals before the Property Tax Appeals Board of the State of Illinois (the "**PTAB**") of property taxes levied against their then-corporate headquarters for the years 2016, 2017, and 2018 (the "**Sears PTAB Appeals**").   The Parties anticipate the Settlement Agreement being fully executed either prior to the December 3, 2021 hearing date or soon thereafter.

2.      The Settlement Agreement will provide an influx of $12.35 million into the estates within days of the Settlement Agreement becoming final, and will immediately eliminate the substantial ongoing burdens, expenses, and risks associated with litigation of both disputes.

3.      However, the Settlement Agreement also is highly time-sensitive.   A key component of the Settlement Agreement is that, should this Court grant approval, the Village must enter and publish an ordinance dissolving the 788-acre Economic Development Area (the "**EDA**") within five business days of the final, non-appealable order (the "**Ordinance**").   *See* Settlement Agreement ¶ 3.e.  But the Settlement Agreement also provides that if the Ordinance is not entered and published by December 31, 2021, the Settlement Agreement "is and shall be deemed null and void and unenforceable."   *Id*.  The inclusion of this deadline was a critical factor in the Village's willingness to agree to the Settlement Agreement.

4.      As detailed in the 9019 Motion, it took many months of complex and lengthy negotiations with the assistance of a skilled mediator before the Debtors, the Village, and the School District reached agreement in principle on a settlement term sheet in September 2021.  At that time, the Parties hoped to bring a final, executed Settlement Agreement before the Court soon thereafter (*i.e.*, when there would have been no need for a shortened notice and briefing period). However, given the number of Parties (there are more than a dozen Parties to the Settlement Agreement) and the complexities involved in addressing the myriad issues which emerged during

drafting and in obtaining the requisite approval from each Party, the process took longer than initially anticipated. Among many other factors, many of the Parties are municipalities or taxing districts which could only approve the Settlement Agreement after conducting their own notice and voting procedures.

5.      In short, time is of the essence. Despite the Parties' best efforts to bring this Settlement Agreement to the Court as quickly as possible, there are less than six weeks remaining until December 31, 2021—a period which also coincides with the holiday season. In light of the 14-day appeal period under Fed. R. Bankr. P. 8002(a) following court approval before the Settlement Agreement will become effective (*i.e.*, when the order granting the 9019 Motion becomes final and non-appealable), an order granting the 9019 Motion will need to be issued no later than December 8, 2021 to become effective in time to provide the Village with five business days to enter and publish the Ordinance prior to December 31, 2021, as set forth in the Settlement Agreement.[2]

6.      The Settlement Agreement enjoys broad support from all interested parties, including not only the Parties and the Cook County Treasurer, but also the Unsecured Creditors' Committee and the Post-Effective Date Committee. Moreover, the Settlement Agreement does not address any new issues; the Parties have been litigating the underlying disputes for more than three years, including through numerous motions and hearings held before this Court.

7.      Under these circumstances, the Debtors respectfully submit that there is ample cause for reduction of the notice period applicable to the 9019 Motion to ten (10) days pursuant to Bankruptcy Rule 9006(c).

---

[2] A court order signed on December 8, 2021 would become final and non-appealable on December 22, 2021. That would provide exactly five (5) business days prior to the December 31, 2021 (which is a federal holiday) deadline for the Village to enter and publish the Ordinance.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

9.      The Debtors request entry of an order, pursuant to Bankruptcy Rule 9006(c), shortening the notice period with respect to the 9019 Motion, filed contemporaneously herewith, and setting the date and time for the hearing on the 9019 Motion for **December 3, 2021, at 2:00 p.m. (Eastern Time)** (the "**Hearing**").  The Debtors also request that objections to the 9019 Motion be filed by **December 1, 2021, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

10.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## THE REQUESTED RELIEF SHOULD BE GRANTED

11.      Bankruptcy Rule 2002(a)(3) and the Case Management Order ordinarily require 21 days' notice for a motion to approve a compromise or settlement in a bankruptcy proceeding.  However, Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced," and the Case Management Order provides that nothing in the Case Management Procedures shall prejudice the right of any party to move for a reduction of the notice period under Bankruptcy Rule 9006(c).  *See also In re the Alphas Co. of N.Y., Inc.*, No. 15 CIV. 1106 (LGS),

2016 WL 347341, at *5 (S.D.N.Y. Jan. 27, 2016) (affirming Bankruptcy Court's order shortening the notice period for a settlement approval hearing under Bankruptcy Rule 9006(c)).

12.     Bankruptcy Courts regularly allow debtors to file motions seeking relief, including for approval of a compromise or settlement, on shortened notice.  *See id.* (cause existed to shorten the notice period for a settlement approval motion where failure to do so risked that the estate would lose an opportunity to sell its lease and membership interests in a property); *accord In re Kings Falls Power Corp.*, 185 B.R. 431, 440-41 (Bankr. N.D.N.Y. 1995) (cause existed to shorten the 20-day period before a summary judgment motion could be filed, where resolution of the motion was necessary to effectuate a reorganization plan before the "blow-up" date of a global settlement).

13.     Here, sufficient cause exists to shorten the notice period for the 9019 Motion to ten (10) days.  If it becomes effective, the Settlement Agreement will bring substantial benefits to the estates, including: (i) an almost immediate inflow of $12.35 million, and (ii) the resolution of costly and burdensome litigation that would otherwise result in continued legal expenses for the estates, in addition to eliminating the risk that the Debtors might not prevail in one or both of the proceedings.  However, by the terms of the Settlement Agreement, if the Ordinance is not published and entered by the Village before December 31, 2021—a deadline that was critical to the Village's willingness to agree to the settlement—the Settlement Agreement will become null and void.  *See* Settlement Agreement ¶ 3.e ("[I]f the EDA Dissolution Entry Date does not occur on or prior to December 31, 2021, this Settlement Agreement (including, without limitation, any and all actions undertaken in connection with this Settlement Agreement) is and shall be deemed null and void and unenforceable, all Parties shall retain all of their respective rights, claims and interests under or in respect of the EDA, the EDA Act, the EDA Agreement and otherwise, and

the Village shall not have waived, nor be deemed to have waived, any rights, claims and/or interests it may have under the EDA Act, including, without limitation, under Section 4(g) thereof.").[3] The Village's obligation to enter and publish the Ordinance triggers only after this Court's order approving the Settlement Agreement becomes final and non-appealable. Accordingly, if court approval is not obtained in time to meet the deadline for entry and publication of the Ordinance, all of the benefits provided by the Settlement Agreement will be lost.

14.    Moreover, no party will be prejudiced by a shortened notice period. The Settlement Agreement does not address any new issues, and all interested parties have long been aware of these disputes and of the relevant facts and law. As discussed more fully in the 9019 Motion, the Parties have been litigating the underlying issues concerning the EDA Agreement before this Court and the Illinois state court for more than three years. The School District filed its civil Complaint against the Village and Sears in the Circuit Court of Cook County, Illinois, styled as *Community Unit School District 300, et al. v. Village of Hoffman Estates, et al.*, No. 2018-CH-12683 (Ill. Cir. Ct.) (the "**Illinois Action**"), on October 10, 2018—seeking to prevent the Village from distributing to Sears certain funds under the Economic Development Area Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and EDA Agreement (the "**EDA Funds**")—just days before the Debtors commenced the above-captioned chapter 11 cases on October 15, 2018. Since then,

---

[3] At the time the Parties first reached an agreement in principle on settlement terms, the Debtors hoped to present the Settlement Agreement to this Court for approval within a matter of weeks, which would have allowed ample time for notice and approval. The Debtors, the Village, and School District began drafting the Settlement Agreement immediately after reaching consensus on the term sheet, but the process of finalizing and executing the Settlement Agreement and attendant papers was prolonged by the number of Parties involved and the desire to address two separate disputes through a single global settlement. That process, which ultimately took several months, included numerous revisions based on comments from the various stakeholders, including the Cook County Treasurer and Cook County Clerk. Moreover, the Settlement Agreement had to be approved by numerous taxing districts, which had to conduct their own internal notice and voting procedures in order to approve the agreement. As noted above, the Parties anticipate the Settlement Agreement being fully executed either prior to the December 3, 2021 hearing date or soon thereafter. However, given the urgency created by the Settlement Agreement's deadlines, the Debtors file this Motion and the 9019 Motion in advance of a fully-executed Settlement Agreement.

there have been numerous motions, hearings, stipulations, orders, and appeals relating to the EDA

dispute in this Court, the District Court, and the Illinois state court, including this Court's April

18, 2019 decision to abstain from issues related to whether the Debtors were entitled to receive

2017 EDA Funds and to allow those issues to be litigated in the Illinois Action.  *See* ECF No.

3362.[4]

15.    The EDA dispute is still ongoing, including most recently, *inter alia*: (i) a Fifth

Amended Complaint now pending in the Illinois Action which is subject to, among other things,

a court order directing the Plaintiffs to file their verifications to the Fifth Amended Verified

Complaint or file a Sixth Amended Verified Complaint; and (ii) an appeal of this Court's

November 23, 2020 order (ECF No. 9116) denying the School District's motion to deem the EDA

Agreement rejected, which is now pending before the District Court.

16.    Separately, in December 2016, November 2017, and January 2019, Sears filed the

Sears PTAB Appeals before the PTAB for tax years 2016, 2017, and 2018, respectively,

challenging the property tax assessed values extended against the former Sears corporate

headquarters within the EDA by Cook County, Illinois assessing officials.  The School District

and the Village intervened in each of the Sears PTAB Appeals, and the School District submitted

---

[4] The other bankruptcy court-related filings concerning the EDA disputes include: (i) the *Stipulation and Order by and Among the Village, Sears, and the School District Concerning Funds Held Pursuant to the EDA Act* (ECF No. 1548), which allowed the Village to immediately distribute certain 2017 EDA Funds to the various taxing districts within Illinois who would normally receive that distribution; (ii) the Debtors' *Motion for Turnover of Estate Assets* (ECF No. 2715), which sought an order compelling the Village to turn over to Sears the remaining 2017 EDA Funds; (iii) the *Amended Stipulation and Order by and Among the Village of Hoffman Estates, the Debtors, and the Community Unit School District 300 Concerning 2017 EDA Funds Held in the Special Tax Allocation Fund* (ECF No. 5492), pursuant to which the Village was ordered to distribute to Sears approximately $5 million of the 2017 EDA Funds, and to distribute to the School District $2 million of the 2017 EDA Funds; (iv) the School District's *Motion to Deem EDA Agreement Rejected Pursuant to the Debtors' Confirmed Chapter 11 Plan or, in the Alternative, to Compel the Debtors to Reject the Agreement* (ECF No. 9061), which sought an order from this Court compelling the Debtors to reject the EDA Agreement in connection with a conditional settlement between the School District and Transform Holdco and its affiliates (collectively, "**Transform**"), pursuant to which Transform agreed to withdraw its designation of the EDA Agreement for assumption and assignment under the Asset Purchase Agreement in exchange for $2.9 million; and (v) the School District's appeal of this Court's order denying the latter motion to compel, *see In re Sears Holdings Corp.*, No. 20-CV-10431, ECF No. 1 (S.D.N.Y. Dec. 10, 2020).

its own competing appraisals of the Sears Campus. These Sears PTAB Appeals, too, remain ongoing; in response to a joint request by the parties in light of the pending Settlement Agreement, on November 19, 2021, the PTAB adjourned hearings on the Sears PTAB Appeals that had been scheduled for November 30, 2021 to a date in 2022 to be determined.

17.     There is broad support for both the Settlement Agreement and the instant Motion among all interested parties, including not only the Parties to the Settlement Agreement and the Cook County Treasurer, but also from the Unsecured Creditors' Committee and the Pre-Effective Date Committee.

18.     It has taken the Parties nearly all of 2021 to reach a final agreement on all terms and conditions necessary to resolve their disputes on a global basis, and the terms of the Settlement Agreement are extremely time-sensitive, requiring the relief sought herein. If the Court approves the Settlement Agreement, the Village will enter and publish its ordinance dissolving the EDA within five days after the time to appeal expires, as required by the Settlement Agreement. However, there are less than six weeks remaining until the December 31, 2021 deadline. That period also coincides with the holiday season, making it even more challenging to accomplish all of the steps required under the Settlement Agreement. As noted above, an order granting the 9019 Motion must be issued no later than December 8, 2021 to provide the Village with five business days to publish and enter its Ordinance after the appeal period expires.

19.     Based on the foregoing, the Debtors respectfully submit that good cause exists to shorten the notice period with respect to the 9019 Motion pursuant to Bankruptcy Rule 9006(c).

### NOTICE

20.    Notice of this Motion will be provided in accordance with the procedures set forth in the Case Management Order.  Notice also will be provided to all Parties to the Settlement Agreement.  The Debtors respectfully submit that no further notice is required.

21.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court

WHEREFORE the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just and appropriate.

Dated: November 23, 2021
         New York, New York

*/s/ Jared R. Friedmann*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Jared R. Friedmann
Jacqueline Marcus
Garrett Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                  :

In re                             :         **Chapter 11**
                                    :

**SEARS HOLDINGS CORPORATION,** *et al.*,   :        **Case No. 18-23538 (RDD)**
                                    :

            **Debtors.**[1]               :        **(Jointly Administered)**
                                    :
-------------------------------------------------------------------x

## ORDER SHORTENING TIME FOR NOTICE OF HEARING WITH RESPECT TO DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES

Upon the motion dated November 23, 2021 (the "**Motion to Shorten**") of Sears Holdings

Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shortening the time for

notice of the hearing to consider the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019(a) for*

*Entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

*Assessment Issues* (the "**9019 Motion**") all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to decide the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"), and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish good cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Shorten is granted.

2.      A hearing on the 9019 Motion will be held on **December 3, 2021,** at **2:00 p.m. (Eastern Time)**.

3.      All objections to the 9019 Motion must be asserted in writing, conform to the Bankruptcy Rules and Local Bankruptcy Rules for the Southern District of New York, and be filed with the Bankruptcy Court in accordance with the Case Management Order, so as to be filed and received no later than **December 1, 2021, at 4:00 p.m. (Eastern Time)**.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2021
       White Plains, New York

                                 _____
                                 THE HONORABLE ROBERT D. DRAIN
                                 UNITED STATES BANKRUPTCY JUDGE