WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, et al.,                          :   Case No. 18-23538 (RDD)
                                                             :
                    Debtors.¹                                :   (Jointly Administered)
------------------------------------------------------------ x
```

**SUPPLEMENTAL CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C.**
**§ 1746 REGARDING DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO**
**PROOFS OF CLAIMS AND/OR BALLOTS (DISALLOW, REDUCE OR RECLASSIFY)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On October 19, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify)* (ECF No. 9978) (the "**Omnibus Objection**"). On November 5, 2021, the Debtors filed the *Certificate of No Objection Pursuant to 28 U.S.C. § 1746 Regarding Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claims and/or Ballots (Disallow, Reduce or Reclassify)* (ECF No. 10039).

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for November 2, 2021, at 4:00 p.m. (prevailing Eastern Time) and was subsequently extended by agreement amongst the parties to November 10, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on Exhibit A and Exhibit C to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**"), a copy of which is annexed

hereto as **Exhibit A** no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

5. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: November 30, 2021
New York, New York

/s/  Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

## Proposed Order

WEIL:\98281305\1\99910.F766

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                               :    Chapter 11
                                                    :
**SEARS HOLDINGS CORPORATION, et al.,**             :    Case No. 18-23538 (RDD)
                                                    :
Debtors.[1]                                         :    (Jointly Administered)
---------------------------------------------------------------x

## ORDER GRANTING DEBTORS'
## THIRTY-NINTH OMNIBUS OBJECTION TO PROOFS OF
## CLAIM AND/OR BALLOTS (DISALLOW, REDUCE OR RECLASSIFY)

Upon the Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify), filed October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order reducing, reclassifying, and/or disallowing the Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, (i) the Disallowed Claims are disallowed in their entirety as set forth on **Exhibit 1** and (ii) the Reduced Claims are reduced to the "**Remaining Administrative Claim**" amount as set forth on **Exhibit 2**.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.  Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disallowed Claims listed on **Exhibit 1** hereto or the Reduced Claims listed on **Exhibit 2**, as to which all of Transform's rights and defenses are expressly reserved.

6.  The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2021
White Plains, New York

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Disallowed Claims

**Debtors' Thirty-Ninth Omnibus Objection to Claims**  
**Exhibit 1 - Disallowed Claims**

In re: Sears Holdings Corporation, et al.  
Case No. 18-23538 (RDD)

| | | | |
|---|---|---|---|
| | **Schedule of Claims to be Disallowed** | | |
| **Ref #** | **Name of Claimant** | **Affected Ballot No.** | **Affected Proof of Claim No.** |
| 40. | LANCASTER DEVELOPMENT COMPANY, LLC* | N/A | 17581 |
| 68. | PARADISE VALLEY MALL SPE LLC* | 182353801018497 | 17356 |
| 79. | RENAISSANCE PARTNERS I, LLC* | N/A | 15028 |
| 98. | THE CONNECTICUT POST LIMITED PARTNERSHIP* | 182353801018255 | 19733 |
| 89. | SHELBY HALL ROAD, LLC* | 182353801018490 | 17201 |

* Claims asserted as general unsecured claims are unaffected by this Order.

1

# Exhibit 2

# Reduced Claims

WEIL:\98281305\1\99910.F766

**Debtors' Thirty-Ninth Omnibus Objection to Claims**  
**Exhibit 2 - Reduced Claims**

**In re: Sears Holdings Corporation, et al.**  
**Case No. 18-23538 (RDD)**

| | | Schedule of Claims to be Reduced | | | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Asserted Amount | Remaining Administrative Claim |
| 8. | HAWTHORN, L.P. | 182353801018513 | 17651 | $21,005.97 | $9,692.13 |
| 10. | LANCASTER DEVELOPMENT COMPANY, LLC | 182353801018254 | 19729 | $80,716.19 | $48,511.25 |

1

**Debtors' Thirty-Ninth Omnibus Objection to Claims**  **In re: Sears Holdings Corporation, et al.**
**Exhibit 3 - Reduced Claims**  **Case No. 18-23538 (RDD)**

| | Schedule of Claims to be Reduced | | | | |
|---|---|---|---|---|---|
| Ref # | Name of Claimant | Affected Ballot No. | Affected Proof of Claim No. | Asserted Amount | Remaining Administrative Claim |
| 11. | LANCASTER PROPERTIES 52, LLC | 182353801017821 | 17448 | $9,494.15 | $4,408.12 |
| 12. | MACERICH LA CUMBRE LLC | 182353801017816 | 19728 | $29,926.00 | $10,224.72 |

1

# Exhibit B

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, et al.,   :        Case No. 18-23538 (RDD)
                                                   :
Debtors.[1]                                     :        (Jointly Administered)
------------------------------------------------------------x

ORDER GRANTING DEBTORS'
THIRTY-NINTH OMNIBUS OBJECTION TO PROOFS OF
CLAIM AND/OR BALLOTS (DISALLOW, REDUCE OR RECLASSIFY)

Upon the Debtors' Thirty-Ninth Omnibus Objection to Proofs of Claim (Disallow, Reduce or Reclassify), filed October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order reducing, reclassifying, and/or disallowing the Claims, all as more fully set forth in the Objection; and the Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), ~~L.L.C.~~ (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided~~; and the Court having held a hearing to consider the relief requested in the Objection on [__] (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court~~; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and that the relief sought in the Objection is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.   The Objection is granted to the extent set forth herein.

2.   Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, (i) the Disallowed Claims are disallowed in their entirety as set forth on **Exhibit ~~A~~,1 and** (ii~~) the Reclassified Claims are reclassified to general unsecured claims as set forth on **Exhibit B**, (iii~~) the Reduced Claims are reduced to the "**Remaining Administrative Claim**" amount as

set forth on **Exhibit** ~~**C**, and (iv) the Amended and Superseded Claims are disallowed and expunged as set forth on **Exhibit D**.³~~ **2**.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the Disallowed Claims listed on **Exhibit 1** hereto or the Reduced Claims listed on **Exhibit 2**, as to which all of Transform's rights and defenses are expressly reserved.

6. ~~5.~~ The terms and conditions of this Order are effective immediately upon entry.

~~Dated: _____, 2021
White Plains, New York~~

~~_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE~~

Dated: _____, 2021

---

³ ~~Except with respect to the Amended and Superseded Claims, this Order does not disallow any asserted general unsecured claim portions of any claims listed on Exhibit A, Exhibit B or Exhibit C.~~

White Plains, New York

                                   HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE

4

| **Summary report:** **Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 11/30/2021 8:10:06 PM** ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** Sears - 39th Omni Order (filed) - word.DOCX ||
| **Modified filename:** Sears - Supp. CNO (Ballard Claims) 39th Omni ORDER.docx ||
| **Changes:** ||
| Add | 18 |
| Delete | 13 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 32 |