Hearing: December 3, 2021 at 2:00 p.m.
Response Deadline: December 1, 2021 at 4:00 p.m.

Michael L. Schein, Esq.
Joshua A. Dunn, Esq.
VEDDER PRICE P.C.
1633 Broadway, 31st Floor
New York, NY 10019
Tel:  (212) 407-6920
Email:  mschein@vedderprice.com

*Counsel to The Village of Hoffman Estates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**LIMITED RESPONSE OF THE VILLAGE OF HOFFMAN ESTATES TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES**

The Village of Hoffman Estates (the "**Village**"), by and through its undersigned counsel, hereby files this limited response (this "**Response**") to *Debtors' Motion pursuant to Fed. R. Bankr. P. 9019(a) for entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax Assessment Issues* (the "**Motion**") [Dkt. No. 10101], and in support hereof, respectfully states as follows:

**STATEMENT**

1. In 1989, the EDA[1] was established pursuant to, among other things, the EDA Act and that certain EDA Agreement entered by and between the Village and Sears, Roebuck & Co.,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

as the developer . From that time and continuing through today, the Village remains responsible for the EDA's administration, including, among other things, compliance with the EDA Act. However, as described in the Motion and Settlement Agreement, the Village and the Debtors have been the subject of several years of EDA related litigation commenced by the School District both in the Illinois state court and before this Court, which litigation is close to conclusion based on the terms set forth in the Settlement Agreement, to which the Village, the Debtors, the School District and various other taxing districts, including Cook County, are Parties.

2.  One of the key conditions of settlement, among others, is the express requirement that each Party "*covenants and represents that it has obtained (**and will provide written proof of the same to those Parties that request the foregoing**) all required internal approvals and authorizations in respect of the terms of this Settlement Agreement and therefore maintains full authority to enter into and effectuate their respective responsibilities and obligations under the terms of this Settlement Agreement.*" *See* Settlement Agreement, page 6 (last recital that is incorporated and included into the terms of the Settlement Agreement pursuant to paragraph 1 thereof) (emphasis added). Similarly, by executing the Settlement Agreement, each Party, among other things, expressly "*represents and attests to the other that (a) the person executing this Settlement Agreement on its behalf is duly authorized and empowered (**including, without limitation, approval by their governing bodies**) to execute and deliver this Settlement Agreement . . .*" *See* Settlement Agreement, ¶14(a) (emphasis added).

3.  Because the terms of the Settlement Agreement require the Village, among other things, to undertake actions inconsistent with the express provisions of the EDA Act, including relating to the distribution of EDA Funds in its possession, the Settlement Agreement expressly requires each and every Party (a) to obtain appropriate governmental approvals to enter into and

2

abide by the terms of the Settlement Agreement and (b) to provide written proof thereof to the Village in connection therewith.  *Id.*

4.      However, as of the date of this Response, not all of the Parties have produced such written authorizations.  Until all such approvals have been obtained, the Village cannot go forward with the Settlement Agreement and risk subsequent exposure and/or litigation to the extent any of such authorizations are later determined not to be properly sanctioned. *See, e.g., County of Cook v. Patka*, 85 Ill.App.3d 5, 405 N.E.2d 1376, 1380 – 1381, 40 Ill.Dec. 284 (1st Dist. 1980) ("Anyone dealing with a governmental body takes the risk of accurately ascertaining that he who purports to act for that body stays within the bounds of his authority ***and this is so even though the agent himself may have been unaware of the limitations on his authority***.") (emphasis added); *Rubidoux v. Northeastern Illinois University*, 51 Ill.Ct.Cl. 275, 290 – 291 (1998) (doctrine of apparent authority "has limited, if any, application to the State, where contractors are required to ascertain at their peril the true authority of purported agents of the State"); *Hamwi v. Zollar*, 299 Ill.App.3d 1088, 702 N.E.2d 593, 598, 234 Ill.Dec. 253 (1st Dist. 1998) ("A municipality cannot be estopped by an act of its agent beyond the authority expressly conferred upon that official."); *D.C. Consulting Engineers, supra; Diversified Computer Services, Inc. v. Town of York*, 104 Ill.App3d 852, 433 N.E.2d 726, 60 Ill.Dec. 684 (2d Dist. 1982) (If there is no actual authority, the contract is void. Moreover, there may be no ratification of a void contract.).

5.      Notwithstanding the above, the Village continues to try to work with the Parties to reach an appropriate and complete resolution acceptable to the Village, but as of the filing of this Response that has not occurred and there can be no assurances that one will be reached in a timely manner.

VP/#53642787.1

## **CONCLUSION**

6. For the reasons set forth in this Response, the Village is unable to enter into and perform under the Settlement Agreement until all Party authorizations have been obtained and appropriate written proof thereof is provided to the Village in accordance with the terms of the Settlement Agreement.

Dated: December 1, 2021        VEDDER PRICE P.C.
New York, New York

By: /s/ *Michael L. Schein*
Michael L. Schein (MS-0241)
1633 Broadway, 31st Floor
New York, New York  10019
Tel:  (212) 407-6920
Email:  mschein@vedderprice.com

*Counsel to The Village of Hoffman Estates*