WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jared R. Friedmann
Jacqueline Marcus
Garrett Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                            :   Chapter 11
:
**SEARS HOLDINGS CORPORATION**, *et al.*,            :   Case No. 18-23538 (RDD)
:
Debtors.[1]                                          :   (Jointly Administered)
:
------------------------------------------------------------------x

# NOTICE OF FILING OF REVISED PROPOSED ORDER APPROVING SETTLEMENT AGREEMENT REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that on November 23, 2021, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax Assessment Issues* (ECF No. 10101) (the "**Motion**"). A form of proposed order was attached to the Motion as Exhibit 2 (the "**Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that on December 1, 2021, the Village of Hoffman Estates (the "**Village**") filed the *Limited Response of the Village of Hoffman Estates to Debtors' Motion for Entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax Assessment Issues* (ECF No. 10118) (the "**Limited Response**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 on December 3, 2021 at 2:00 p.m. (Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised Proposed Order (the "**Revised Proposed Order**"), which has been edited to address issues raised by the Village in its Limited Response and in discussions with the parties to the Settlement Agreement.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a comparison of the Revised Proposed Order against the Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that the Revised Order shall be served in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405). The Revised Order shall also be served on all parties to the Settlement Agreement.

Dated: December 3, 2021
     New York, New York

                          */s/ Jared R. Friedmann*
                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York  10153
                          Telephone:  (212) 310-8000
                          Facsimile:  (212) 310-8007
                          Jared R. Friedmann
                          Jacqueline Marcus
                          Garrett Fail

                          *Attorneys for Debtors*
                          *and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                    :    Chapter 11
                                                         :
SEARS HOLDINGS CORPORATION, *et al.*,                    :    Case No. 18-23538 (RDD)
                                                         :
Debtors.[1]                                              :    (Jointly Administered)
                                                         :
------------------------------------------------------------x

# ORDER APPROVING SETTLEMENT AGREEMENT REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES

Upon the motion, dated November 23, 2021 (ECF No. 10101) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) approving that certain Settlement Agreement attached to the Motion as Exhibit 1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion and the Settlement Agreement, as applicable.

1

(the "**Settlement Agreement**"), by and among the Debtors, the Village of Hoffman Estates (the "**Village**"), Community Unit School District 300 (the "**School District**"), Metropolitan Water Reclamation District of Greater Chicago, School District U-46, Elgin Community College, Hoffman Estates Park District, Poplar Creek Library District, County of Cook, Cook County Forest Preserve District, Barrington Township, Barrington Area Library District, and Northwest Mosquito Abatement District (collectively, the "**Parties**"), which the Cook County Treasurer joined as a signatory pursuant to her powers under the principle of good faith and respect for comity, and (ii) pursuant to Section 365 of the Bankruptcy Code, ordering the EDA Agreement rejected effective December 31, 2021, subject to the contingencies provided herein; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order and the Court's Order shortening time for notice of hearing; such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing on December 3, 2021 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as provided herein.

2. Pursuant to Bankruptcy Rule 9019(a), the Debtors are authorized to enter into the Settlement Agreement, and the Settlement Agreement is approved subject to the filing of a notice that the outstanding written approvals and authorizations required under the terms of the Settlement Agreement from Cook County, the Cook County Forest Preserve, and Northwest Mosquito Abatement District have been provided to the Village (the "**Settlement Approval Notice**").

3. Subject to filing of the Settlement Approval Notice, the Parties (including, without limitation, the Village) and the Cook County Treasurer are authorized and directed to take any action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement, including, without limitation, to execute and deliver all instruments and documents in respect thereof.

4. Notwithstanding anything to the contrary, the Cook County Clerk's Office, not being a party subject to the Court's jurisdiction nor being a party to the Settlement Agreement, but respecting the principles of comity, will take all actions necessary to make the EDA properties fully subject to the property tax levies of the School District, the Village, and the Other Taxing Districts for the next available tax year, which is 2021 and which is billed in calendar year 2022 following the EDA Dissolution Entry Date and receipt of the Ordinance as described in Section 3.f. of the Settlement Agreement and which must be presented to the Cook County Clerk's Office before the last day of May 2022.

5. Contingent upon (i) filing of the Settlement Approval Notice, (ii) the School District filing the Designation Rights Stipulation irrevocably withdrawing Transform's

3

designation of the EDA Agreement, (iii) the Debtors' receipt of $12.35 million in payments provided for in the Settlement Agreement, and (iv) the Village's receipt of $1.5 million in payments provided for in the Settlement Agreement, the EDA Agreement shall be rejected, effective as of December 31, 2021, in accordance with section 365 of the Bankruptcy Code and the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5139), without the need for any further action by the Debtors, notice or order from this Court; provided, however, that if the EDA Dissolution Entry Date (as defined in the Settlement Agreement) does not occur on or prior to December 31, 2021, the Settlement Agreement (including, without limitation, any and all actions undertaken in connection therewith) shall be deemed null and void and unenforceable consistent with the terms thereof.

6. Upon the occurrence of the Settlement Effective Date, the Cook County Treasurer shall be authorized to deduct, debit, offset, reimburse and/or otherwise collect, directly and solely from the ad valorem tax levy for the School District and the Other Taxing Districts (but expressly excluding the Village), any and all property tax assessment refund liabilities arising from or relating to any and all properties located within the EDA prior to and including tax year 2020 in accordance with Section 5 of the Settlement Agreement.

7. Any automatic 14-day stay of this Order that might apply under the Bankruptcy Rules is waived, for cause, and this Order is effective immediately upon its entry.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2021
      White Plains, New York

                                                _____
                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Comparison of Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                 :    **Chapter 11**
                                                          :
**SEARS HOLDINGS CORPORATION,** *et al.*,                  :    **Case No. 18-23538 (RDD)**
                                                          :
Debtors.[1]                                               :    **(Jointly Administered)**
                                                          :
------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENT REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES

Upon the motion, dated November 23, 2021 (ECF No. 10101) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (i) approving that certain Settlement Agreement attached to the Motion as Exhibit 1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion and the Settlement Agreement, as applicable.

1

(the "**Settlement Agreement**"), by and among the Debtors, the Village of Hoffman Estates (the "**Village**"), Community Unit School District 300 (the "**School District**"), Metropolitan Water Reclamation District of Greater Chicago, School District U-46, Elgin Community College, Hoffman Estates Park District, Poplar Creek Library District, County of Cook, Cook County Forest Preserve District, Barrington Township, Barrington Area Library District, and Northwest Mosquito Abatement District (collectively, the "**Parties**"), which the Cook County Treasurer joined as a signatory pursuant to her powers under the principle of good faith and respect for comity, and (ii) pursuant to Section 365 of the Bankruptcy Code, ordering the EDA Agreement rejected effective December 31, 2021, subject to the contingencies provided herein; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order and the Court's Order shortening time for notice of hearing; such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing on December 3, 2021 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

2

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as provided herein.

2. Pursuant to Bankruptcy Rule 9019(a), the ~~Settlement Agreement is approved and the~~ Debtors are authorized to enter into the Settlement Agreement~~.~~, and the Settlement Agreement is approved subject to the filing of a notice that the outstanding written approvals and authorizations required under the terms of the Settlement Agreement from Cook County, the Cook County Forest Preserve, and Northwest Mosquito Abatement District have been provided to the Village (the "**Settlement Approval Notice**").

3. ~~The~~Subject to filing of the Settlement Approval Notice, the Parties (including, without limitation, the Village) and the Cook County Treasurer are authorized and directed to take any action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement, including, without limitation, to execute and deliver all instruments and documents in respect thereof.

4. Notwithstanding anything to the contrary, the Cook County Clerk's Office, not being a party subject to the Court's jurisdiction nor being a party to the Settlement Agreement, but respecting the principles of comity, will take all actions necessary to make the EDA properties fully subject to the property tax levies of the School District, the Village, and the Other Taxing Districts for the next available tax year, which is 2021 and which is billed in calendar year 2022 following the EDA Dissolution Entry Date and receipt of the Ordinance as described in Section 3.f. of the Settlement Agreement and which must be presented to the Cook County Clerk's Office before the last day of May 2022.

5. Contingent upon (i) filing of the Settlement Approval Notice, (ii) the School District filing the Designation Rights Stipulation irrevocably withdrawing Transform's

designation of the EDA Agreement, (ii~~i~~) the Debtors' receipt of $12.35 million in payments provided for in the Settlement Agreement, and (~~iii~~iv) the Village's receipt of $1.5 million in payments provided for in the Settlement Agreement, the EDA Agreement shall be rejected, effective as of December 31, 2021, in accordance with section 365 of the Bankruptcy Code and the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5139), without the need for any further action by the Debtors, notice or order from this Court; provided, however, that if the EDA Dissolution Entry Date (as defined in the Settlement Agreement) does not occur on or prior to December 31, 2021, the Settlement Agreement (including, without limitation, any and all actions undertaken in connection therewith) shall be deemed null and void and unenforceable consistent with the terms thereof.

6. Upon the occurrence of the Settlement Effective Date, the Cook County Treasurer shall be authorized to deduct, debit, offset, reimburse and/or otherwise collect, directly and solely from the ad valorem tax levy for the School District and the Other Taxing Districts (but expressly excluding the Village), any and all property tax assessment refund liabilities arising from or relating to any and all properties located within the EDA prior to and including tax year 2020 in accordance with Section 5 of the Settlement Agreement.

7. Any automatic 14-day stay of this Order that might apply under the Bankruptcy Rules is waived, for cause, and this Order is effective immediately upon its entry.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2021
      White Plains, New York

                                            _____
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE