UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                    :

In re                                                :         Chapter 11
                                                         :

SEARS HOLDINGS CORPORATION, *et al.*,   :         Case No. 18-23538 (RDD)
                                                         :

            Debtors.[1]                        :         (Jointly Administered)
                                                         :
------------------------------------------------------------------x

### ORDER SHORTENING TIME FOR NOTICE AND HEARING WITH RESPECT TO DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019(a) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT REGARDING THE EDA LITIGATION AND TAX ASSESSMENT ISSUES

Upon the motion, dated November 23, 2021 (the "**Motion to Shorten**") of Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shortening the time for notice of and the hearing to consider the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement Regarding the EDA Litigation and Tax*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

1

*Assessment Issues* (the "**9019 Motion**") all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to decide the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"), and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held by the Court on the Motion to Shorten on December 3, 2021; and there being no objections to the requested relief; and after due deliberation and for the reasons stated in the Court's bench ruling at the hearing, the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish good cause for the relief granted herein, which is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefor,

        **IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted.

2. A hearing on the 9019 Motion will be held on **December 3, 2021,** at **2:00 p.m. (Eastern Time)**.

3. All objections to the 9019 Motion must be asserted in writing, conform to the Bankruptcy Rules and Local Bankruptcy Rules for the Southern District of New York, and be filed with the Bankruptcy Court in accordance with the Case Management Order, so as to be filed

and received no later than **December 1, 2021, at 4:00 p.m. (Eastern Time)**; provided, that the Court would consider objections made at the hearing.

        4.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

        5.        The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 3, 2021
       White Plains, New York

                                            */s/Robert D. Drain*
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE