> **THE DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY OR DISALLOW CERTAIN FILED PROOFS OF CLAIM AND/OR BALLOTS.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THE OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL DOMINIC A. LITZ, ESQ. AT (212) 310-8346.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM AND/OR BALLOTS (RECLASSIFY OR DISALLOW)

        **PLEASE TAKE NOTICE** that, on December 7, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California

chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Forty-First Omnibus Objection to Proofs of Claim and/or Ballots (Reclassify or Disallow)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

PLEASE TAKE FURTHER NOTICE that the Objection requests that the Bankruptcy Court reclassify or disallow one or more proofs of claim (the "**Proofs of Claim**") and/or ballots filed in the Administrative Expense Program[2] (the "**Ballots**", and together with the Proofs of Claim, the "**Claims**") listed on **Exhibit A** and **Exhibit B** annexed hereto, on the ground(s) as set forth on each Exhibit.

PLEASE TAKE FURTHER NOTICE that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit C**, shall apply and govern the Objection.  The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods.  Therefore, please review the Claims Hearing Procedures carefully.  Failure to comply with the Claims Hearing Procedures may result in the granting of the relief requested without further notice to the applicable Claimant(s).

PLEASE TAKE FURTHER NOTICE that, if Claimant does NOT oppose the relief requested with respect to its applicable Proof(s) of Claim or Ballot(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

PLEASE TAKE FURTHER NOTICE that, if Claimant DOES oppose the relief requested, then Claimant MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **January 3, 2022, at 4:00 p.m.  (Prevailing Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at <u>www.nysb.uscourts.gov</u>), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance

---

Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] As defined in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5139)) (the "**Plan**"), as applicable.

with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

PLEASE TAKE FURTHER NOTICE that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Proof of Claim or Ballot; (iii) a concise statement setting forth the reasons why the Proof of Claim or Ballot should not be reclassified or reduced for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Proof of Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Proof of Claim or Ballot on Claimant's behalf.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is <u>actually</u> <u>received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

PLEASE TAKE FURTHER NOTICE that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **January 20, 2022 at 2:00 p.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Proof(s) of Claim or Ballot(s) that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Proof(s) of Claim or Ballot(s), then the Hearing on the Objection with respect to such Proof(s) of Claim or Ballot(s) will be held at a later date. If the Debtors do not continue the Hearing with respect to such Proof(s) of Claim or Ballot(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit D** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Debtors retain the right to object on other grounds to the Proof(s) of Claim or Ballot(s) (or to any other Proof(s) of Claim or Ballot(s) Claimant may have filed) at a later date.  Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears. **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Proof(s) of Claim.**

Dated:  December 7, 2021
New York, New York

/s/  Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Reclassified Claims**

Debtors' Forty-First Omnibus Objection to Claims and Ballots

Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. Reclassified | Secured Claim | Priority Claims | Amount Reclassified to General Unsecured Claim |
|---|---|---|---|---|---|
| | | **Schedule of Claims to be Reclassified** | | | |
| 1. | 3825 Forsyth, LLC | 15427 | 1,400,000.00 | - | 1,400,000.00 |
| 2. | ACE American Insurance Company, on its own behalf and on behalf of all of the ACE Companies | 16174 | Unliquidated | - | Unliquidated |
| 3. | AIG Property Casualty Co., and certain other entities related to AIG Property Casualty, Inc. | 16266 | Unliquidated | - | Unliquidated |
| 4. | ALAMENE, HERMON | 13624 | 1,739.00 | 1,739.00 | 3,478.00 |
| 5. | Alvarez, Cesar L. | 14248 | Unliquidated | - | Unliquidated |
| 6. | Anne Arundel County, Maryland | 14572 | 643.91 | - | 643.91 |
| 7. | Beauty Gem, Inc. | 8813 | 1,008,375.46 | - | 1,008,375.46 |
| 8. | Boyer, Sheryl L, Estate of (Superior Court, State of Alaska, Fairbanks No: 4FA-19-23PR) | 13786 | - | 1,000.00 | 1,000.00 |
| 9. | Burris, Sharon | 10851 | - | 13,525.00 | 13,525.00 |
| 10. | Cain, Vanessa | 11063 | Unliquidated | Unliquidated | Unliquidated |
| 11. | Charlottesville Fashion Square, LLC | 15656 | - | 8,913.92 | 8,913.92 |
| 12. | Chestnutt, Terashia | 14869 | Unliquidated | - | Unliquidated |
| 13. | City of Allen, TX - Utility Dept | 9882 | - | 451.06 | 451.06 |
| 14. | City of Orange | 9253 | - | 1,265.00 | 1,265.00 |
| 15. | City of Philadelphia/School District of Philadelphia | 7583 | 5,000.00 | 3,117.90 | 8,117.90 |
| 16. | City of Trotwood | 5783 | 964.97 | 964.97 | 1,929.94 |
| 17. | Columbia Mall Partnership | 19532 | - | 24,050.12 | 24,050.12 |
| 18. | COOPER, ANNIE | 19245 | Unliquidated | - | Unliquidated |
| 19. | CRABTREE, MICHAEL | 19156 | Unliquidated | - | Unliquidated |
| 20. | DALES, JEAN M | 13569 | Unliquidated | - | Unliquidated |
| 21. | Dilla, William | 9514 | Unliquidated | - | Unliquidated |
| 22. | D-Link Systems, Inc.1 | 17260 | 676,413.00 | - | 676,413.00 |
| 23. | DRAYTON PLAINS (MI), LLC | 16569 | Unliquidated | - | Unliquidated |
| 24. | DUARTE, MARIA ELENA | 18319 | Unliquidated | - | Unliquidated |
| 25. | Easton Suburban Water Authority | 17322 | - | 301.43 | 301.43 |
| | | 11736 | - | 231.00 | 231.00 |
| | | 6044 | - | 145.11 | 145.11 |
| | | 10109 | - | 39.71 | 39.71 |
| 26. | Erie Water Works | 18676 | 2,246.16 | 2,246.16 | 4,492.32 |
| 27. | FB Billerica Realty Investors LLC | 16813 | - | 26,413.16 | 26,413.16 |
| 28. | Folland, Christopher | 9416 | Unliquidated | - | Unliquidated |
| 29. | Gann, William | 9289 | Unliquidated | - | Unliquidated |
| 30. | GEMMEL, GERALD W | 10923 | Unliquidated | - | Unliquidated |
| 31. | Georgia Self-Insurers Guaranty Trust Fund | 14890 | 3,320,000.00 | - | 3,320,000.00 |
| 32. | Gilbertson, Duwayne and Jenn | 8763 | Unliquidated | - | Unliquidated |
| 33. | GOODLETT, AUDRENE | 11181 | Unliquidated | Unliquidated | Unliquidated |
| 34. | Green Dot Corporation | 18350 | Unliquidated | - | Unliquidated |
| 35. | Hasino, Souha F | 15821 | Unliquidated | - | Unliquidated |
| 36. | Hastings Utilities NE | 10212 | - | 286.49 | 286.49 |
| 37. | Helmsman Management Services LLC | 15492 | 147,583.00 | - | 147,583.00 |
| 38. | Hipshire, Eliane | 14915 | Unliquidated | Unliquidated | Unliquidated |
| 39. | HOWARD, TELMA | 13316 | Unliquidated | - | Unliquidated |
| 40. | HUNTER, LYNN | 11728 | Unliquidated | - | Unliquidated |
| 41. | Icon DP MD Owner Pool 2 West/Northeast/Midwest, LLP | 15822 | Unliquidated | - | Unliquidated |
| 42. | Icon Owner Pool 1 SF Non-Business Parks, LLC | 16162 | 9,456.93 | - | 9,456.93 |
| 43. | Infor (US), Inc. | 17617 | Unliquidated | - | Unliquidated |
| 44. | J.W. Mitchell Company, LLC | 9987 | 131,595.67 | - | 131,595.67 |
| 45. | JENKINS, ROSELLA M | 19579 | - | Unliquidated | - |
| 46. | LARA, MELINDA | 13672 | Unliquidated | Unliquidated | Unliquidated |
| 47. | LECKY, CAMERON H | 17827 | Unliquidated | - | Unliquidated |
| 48. | Maloney and Bell General Construction, Inc. | 16671 | 187,234.50 | - | 187,234.50 |

| | | | | | |
|---|---|---|---|---|---|
| 49. | MARCOTTE, GEORGE S | 10870 | Unliquidated | - | Unliquidated |
| 50. | Miller, Sheila | 9977 | Unliquidated | - | Unliquidated |
| 51. | MURTHA, LYNDA R. | 11320 | Unliquidated | - | Unliquidated |
| 52. | Oryom Ventures LLC & DoYa Ventures LLC (2/3 & 1/3 Interest) | 14599 | - | 43,970.00 | 43,970.00 |
| 53. | PIRIZ, YANET | 13129 | Unliquidated | - | Unliquidated |
| 54. | PORTER, CLAYTON | 14201 | Unliquidated | - | Unliquidated |
| 55. | QUINONES, ELIZABETH | 20085 | Unliquidated | - | Unliquidated |
| 56. | REPLANE, WILLIAM | 11865 | Unliquidated | - | Unliquidated |
| 57. | Richard A. Lewis & Roberta D. Lewis Trust | 13593 | Unliquidated | - | Unliquidated |
| 58. | RICHARDSON, ALEATHEA | 10645 | Unliquidated | - | Unliquidated |
| 59. | RIF III- Avenue Stanford, LLC, a California limited liability company | 8483 | 108,583.79 | - | 108,583.79 |
| 60. | Rivers, Jared | 18771 | Unliquidated | - | Unliquidated |
| 61. | ROBINS, DESHONA  O. | 17725 | - | Unliquidated | - |
| 62. | Salazar, Mar Lourdes | 15407 | Unliquidated | - | Unliquidated |
| 63. | SCHUMACHER, SUE | 18619 | Unliquidated | - | Unliquidated |
| 64. | Smith III, Terry Rexall | 10234 | - | Unliquidated | - |
| 65. | The Travelers Indemnity Company and its property casualty insurance affiliates | 18149 | 66,800.00 | - | 66,800.00 |
| 66. | Township of Belleville | 20620 | 705.18 | Unliquidated | 705.18 |
| 67. | Valdiva Perez, Leticia | 8847 | Unliquidated | - | Unliquidated |
| 68. | Vertical Industrial Park Associates | 12512 | 55,000.00 | - | 55,000.00 |
| 69. | Waterford Utility Commission (W.U.C., CT) | 9976 | - | 2,650.09 | 2,650.09 |
| 70. | WILLIAMS, KENYA | 19120 | Unliquidated | - | Unliquidated |

**<u>Exhibit B</u>**

**Disallowed and Expunged Claims**

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**

**Exhibit B - Disallowed Claims and Ballots**

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| **Ref #** | **Name of Claimant** | **Ballot No. to be Disallowed** | **Proof of Claim No. to be Disallowed** | **Reason for Disallowance** |
| 1. | Adam Levine Productions, Inc. | 182353801043202 | N/A | (iv) |
| 2. | AGGRO PACIFIC HAWAII LLC | N/A | 7248 | (i) |
| 3. | Askey, Randal G. | N/A | 19041 | (iv) |
| 4. | Askey, Susan E. | N/A | 18946 | (iv) |
| 5. | Beauty Gem, Inc. | 182353801043279 | N/A | (i) |
| 6. | BLASS, JAY | N/A | 1296 | (i) |
| | | N/A | 1931 | (i) |
| 7. | Broward County | 182353801017898 | N/A | (iii) |
| 8. | Burnett Central Appraisal District | 182353801018298 | N/A | (iii) |
| 9. | Cain, Vanessa | N/A | 11545 | (iv) |
| 10. | ChooMee, Inc. | N/A | 4451 | (i) |
| 11. | City of Cookeville, TN | 182353801018333 | N/A | (iii)(iv) |
| 12. | City of Mesquite and Mesquite Independent School District | N/A | 26387 | (iii) |
| 13. | City of Mesquite Tax Collector | 182353801024081 | N/A | (iii) |
| 14. | Cleveland County Tax Collector | 182353801024460 | N/A | (iii) |
| 15. | Coca-Cola Consolidated | N/A | 17011 | (i) |
| 16. | Cole, Ronald E. and Martha E. | N/A | 17491 | (iv) |
| 17. | Coral-CS Ltd Associates | N/A | 17577 | (i) |
| 18. | DAKS INDIA INDUSTRIES PVT LTD | N/A | 26326 | (i) |
| 19. | Del Amo Fashion Center Operating Co LLC | N/A | 17942 | (i) |
| 20. | DICKMAN, FRANCES R | N/A | 17018 | (iv) |
| 21. | Dickman, Frances  R | N/A | 17484 | (iv) |
| 22. | Express Services, Inc. | N/A | 5425 | (i) |
| | | N/A | 7163 | (i) |
| | | N/A | 6964 | (i) |
| 23. | GAINES, KANDI | N/A | 11447 | (i) |
| 24. | Garcia, Rebecca Belen | N/A | 19152 | (i) |
| 25. | Gee, James | N/A | 17476 | (iv) |
| 26. | GRP Equities LLC | N/A | 17213 | (iv) |
| 27. | HK Sino-Thai Trading Company Ltd. | N/A | 506 | (i) |
| | | N/A | 1060 | (i) |
| 28. | HOLM, JOAN & STANLEY | N/A | 17964 | (iv) |
| 29. | Hydraulic and Electromechanic Services and Repairs | N/A | 4655 | (i) |
| 30. | JOHNSON, MARK | N/A | 7101 | (i) |

Debtors' Forty-First Omnibus Objection to Claims and Ballots

Exhibit B - Disallowed Claims and Ballots

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 31. | KNOX COUNTY TRUSTEE | 182353801018780 | N/A | (ii) |
| | | 182353801025134 | N/A | (ii) |
| 32. | Kopke, Barry D | N/A | 788 | (i) |
| 33. | LEE COUNTY TAX COLLECTOR | 182353801025214 | N/A | (ii) |
| | | 182353801018782 | N/A | (ii) |
| 34. | LEGGIO, JOSPEH/COLLEEN | N/A | 17309 | (iv) |
| 35. | Lifeworks Technology Group | N/A | 11158 | (i) |
| 36. | Mayflower Emerald Square, LLC | N/A | 16599 | (i) |
| 37. | MOVEIS K1 LTDA | N/A | 14222 | (i) |
| 38. | Muller, Maria | N/A | 17342 | (iv) |
| | | N/A | 18004 | (iv) |
| 39. | O'SULLIVAN, NICANORA | N/A | 17991 | (iv) |
| 40. | Palm Beach County Tax Collector | 182353801025678 | N/A | (i) |
| 41. | Rietmann, Arthur | N/A | 17004 | (iv) |
| 42. | Regional Water Authority | N/A | 6894 | (iv) |
| 43. | Rocky Mountain Super Vac, Inc. | N/A | 9629 | (i) |
| 44. | Shawano City Tax Collector | 182353801025949 | N/A | (i) |
| 45. | Simon Property Group, L.P. | N/A | 16952 | (i) |
| 46. | Small Engine and Mower Services, llc | N/A | 4654 | (i) |
| 47. | Stahl, Marilyn | N/A | 18388 | (iv) |
| 48. | Superior Sweeping Ltd. | N/A | 464 | (i) (iii) |
| | | N/A | 19872 | (i) (iii) |
| 49. | SW Corporation dba. Magic Lamp Wholesale | 182353801041249 | N/A | (iv) |
| 50. | SWB LDG | N/A | 10942 | (i) |
| 51. | The City of Mesquite and Mesquite Independent School District | 182353801018400 | N/A | (iii) |
| 52. | Tosi, Alfred | N/A | 17439 | (iv) |
| 53. | U.S. Customs and Border Protection | 182353801013594 | N/A | (ii) |
| 54. | VanHook Service Co., Inc. | N/A | 14137 | (i) |
| | | N/A | 14156 | (i) |
| | | N/A | 14225 | (i) |
| | | N/A | 14260 | (i) |
| 55. | VIRGINIA TARTAGLIONE / PETER TARTAGLIONE | N/A | 18023 | (iv) |
| 56. | Walsh, Kevin | N/A | 18441 | (iv) |
| 57. | Wang, Hongshu | N/A | 9583 | (iv) |

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**          **In re: Sears Holdings Corporation, *et al.***
**Exhibit B - Disallowed Claims and Ballots**                             **Case No. 18-23538 (RDD)**

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 58. | Wharton Co Jr Coll Dist | 182353801018036 | N/A | (iii) |
| | | 182353801018037 | N/A | (iii) |
| 59. | ZURU LLC | 182353801021430 | N/A | (iv) |

[1] Corresponding reasons are as follows:

(i)   supporting documentation indicates that the claims are not entitled to non-administrative priority;

(ii)  the support provided by the Claimants are not supported by the Debtors' books and records, or no supporting documentation was provided for all of the Disputed Claim;

(iii) the basis for the claim or ballot was paid and satisfied in the ordinary course;

(iv)  the claim/ballot is duplicatative of another asserted claim/ballot;

**<u>Exhibit C</u>**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re                                              :         **Chapter 11**
                                                   :
**SEARS HOLDINGS CORPORATION**, *et al.*,          :         **Case No. 18-23538 (RDD)**
                                                   :
          **Debtors.**[1]                          :         **(Jointly Administered)**

---------------------------------------------------------------- x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

   The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## I. Claims Hearing Procedures

1.  Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.  The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2]  Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

   (i)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

   (ii)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.      Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.      **Sanctions**. The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

2

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM AND/OR BALLOTS (RECLASSIFY OR DISALLOW)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

---

**THIS OMNIBUS OBJECTION SEEKS TO RECLASSIFY OR DISALLOW CERTAIN FILED PROOFS OF CLAIM OR BALLOTS.  CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DEBTORS' COUNSEL DOMINIC A. LITZ, ESQ. AT (212) 310-8346.**

---

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

**Background**

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of*

*the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets.

5.    On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370).

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.    This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.    The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order (i) reclassifying to general unsecured claims the proofs of claim listed on **Exhibit A** annexed hereto, and (ii) disallowing the ballots and proofs of claim listed on **Exhibit B** annexed hereto.

9.    The Debtors have examined each claim subject to this objection, all documentation provided with respect to each such claim, and the Debtors' respective books and

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

records, and have determined in each case that the claims should be reclassified or disallowed in accordance with and for the reasons set forth on the exhibits attached hereto.

10.    The Debtors, therefore, request that (i) the secured and priority claims listed on **Exhibit A** be reclassified as general unsecured claims, and (ii) the claims and ballots listed on **Exhibit B** be disallowed and expunged.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

### The Claims Should Be Reclassified or Disallowed

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Further, Bankruptcy Rule 3007(d)(1) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

13.     In addition, proofs of claim are routinely disallowed or reclassified when unsupported or as otherwise appropriate. *See, e.g.*, *In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same).  Further, this Bankruptcy Court routinely disallows and expunges claims for which no supporting documentation has been submitted by the claimant. *See, e.g.*, *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Apr. 11, 2017) (ECF No. 1164) (disallowing and expunging claims without sufficient documentation); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Apr. 21, 2016) (ECF No. 478) (same); *see* Bar Date Order at 6(d) ("Proofs of Claim must . . . include supporting documentation . . .").

14.     Moreover, a claimant asserting priority bears the burden of establishing its entitlement to such priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).  Statutory priorities under the Bankruptcy Code are to be construed and awarded narrowly and consistent with the intent of the Bankruptcy Code. *See, e.g.*, *Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 669 (2006) (noting the longstanding principle that administrative claims "must be tightly construed" to accomplish the Bankruptcy Code's objective of equal distribution to creditors); *In re Bayou Grp., LLC*, 431 B.R. 549, 558 (Bankr. S.D.N.Y. 2010) (emphasizing "the general rule that priorities must be narrowly construed

in light of the presumption in bankruptcy cases that the debtor's limited resources will be equally distributed among all unsecured creditors"); *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 479 (Bankr. S.D.N.Y. 2006) ("Because the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed.") (quoting *Tr. of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 100 (2d Cir. 1986)).

A.    *Reclassified Claims*

15.    The claims listed on **Exhibit A** improperly assert that such claims are entitled to secured or priority status under the Bankruptcy Code.  The Debtors have reviewed these claims, all documents furnished by the claimants with respect to such claims, and the Debtors' books and records, and have determined that each claim either (i) asserts a claim for which no valid security interest exists against the property of the Debtors, or (ii) fails to satisfy its burden to establish the existence of a priority claim.  Accordingly, to ensure that the claims register is accurate, and to avoid the possibility of improper recovery against the Debtors' estates, the Debtors request that the Court reclassify each of the claims listed on **Exhibit A** to general unsecured claims.

16.    As set forth above, certain of the claims listed on **Exhibit A** improperly assert that such claims are entitled to priority under the Bankruptcy Code.  Indeed, as noted above, the claimant bears the burden of provide their entitlement to such priority and based on the information provided with the Claims and a review of the Debtors' books and records, the asserted priority claims listed on **Exhibit A** fail to satisfy such burden, absent additional support.  Such claims are routinely disallowed or reclassified when unsupported or as appropriate.  *See, e.g. In re RDA Holding Co*., Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc*.,

Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp.*,

Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same).

17.    Further, certain claims listed on **Exhibit A** improperly assert that such claim

is secured by property of the Debtors' estates.  The Debtors have reviewed these asserted secured

claims, and determined in each case, that the applicable claimant either provided no supporting

documents establishing a valid security interest in property of the Debtors' estates, or that such

claim alleges an asset as collateral that is not property of the Debtors' estates.

18.    If a creditor cannot demonstrate that its claim is secured by a valid,

perfected lien or other security interest in property of the Debtors' estates, it must follow that such

claim is unsecured.  *See, e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir.

2003) (finding that a creditor that is a beneficiary of a letter of credit is only an unsecured creditor

vis-à-vis the bankruptcy estate without a direct security interest); *In re WorldCom, Inc.*, 362 B.R.

96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because

it was based on a lapsed lien).  Such claims are routinely reclassified when the Disputed Claim is

not secured by a valid and properly perfected lien.  *See In re Tops Holding II Corp.*, Case No.

18-22279 (RDD) (Bankr. SDNY, Jun. 26, 2019) (ECF No. 935) (reducing/reclassifying claims to

the extent not secured by a proper lien on property in which the estate has an interest); *In re Runway

Liquidation Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. SDNY, May 16, 2018) (ECF No.

901) (same); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. SDNY, Jan. 18, 2019) (ECF

No. 919) (same); *In re Aralez Pharmaceuticals US Inc.*, Case No. 18-12425 (MG) (Bankr. SDNY,

Mar. 21, 2019) (ECF No. 590) (same).

19.    Therefore, each of the asserted secured and priority claims as set forth on

**Exhibit A** should be reclassified in full as general unsecured claims for the reasons set forth above.

7

B.      *Disallowed and Expunged Claims*

20.      The claims listed in **Exhibit B** improperly assert that such claims are entitled to administrative expense or priority under the Bankruptcy Code.  Each of these claims have either been paid in the ordinary course of business and/or are duplicative of another claim or ballot.  Such claims are routinely disallowed and expunged when unsupported or as appropriate.  *See, e.g. In re RDA Holding Co*., Case No. 13-22233 (RDD) (Sep. 18, 2013) (ECF No. 699) (ECF No. 10331) (disallowing and expunging entirely no liability claims); *In re The Great Atl. & Pac. Tea Co., Inc*., Case No. 15-23007 (RDD) (Aug. 26, 2016) (ECF No. 3132) (same); *In re Tops Holding II Corp*., Case No. 18-22279 (RDD) (Apr. 26, 2019) (ECF No. 911) (same).  The Debtors have reviewed the claims listed on **Exhibit B**, all documents furnished by the claimants with respect to such claims, and the Debtors' books and records, and have determined that each such claim asserts a claim for which the Debtors are not liable for the entire asserted amount for the reasons set forth herein and in **Exhibit B**.

21.      Certain claims (the "**Noteholder Claims**") listed on **Exhibit B** assert secured claim on the basis of the 6 5/8% Senior Secured Notes due 2018 (the "**Second Lien Notes**") issued by Sears Holdings Corporation ("**SHC**") pursuant to that certain Indenture, dated as of October 12, 2010 (as amended, supplemented, or otherwise modified prior to the date hereof, the "**Second Lien Notes Indenture**"), among SHC, certain subsidiaries of SHC, as guarantors, and Wilmington Trust, National Association ("**Wilmington Trust**") as successor trustee and collateral agent.

22.      On February 13, 2019, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and*

8

*(IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 2590) (the "**Bar Date Motion**").  On February 22, 2019, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion (ECF No. 2676) (the "**Bar Date Order**"), which, among other things, sets forth (i) the procedures for filing a proof of claim in these chapter 11 cases, and (ii) which parties are required to file proofs of claim.

23.    The Bar Date Order specifically provides that the following parties are not required to file proofs of claim:

> Any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "Debt Instruments") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Sears Holdings Corporation* (Case No. 18-23538) (RDD), on or before the applicable Bar Date, under the applicable Debt Instrument on account of all Debt Claims; provided that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies.

Bar Date Order, ¶ 7(i).

24.    The Noteholder Claims are limited exclusively to the repayment of principal, interest, fees, and other amounts owing under the Second Lien Notes.  Pursuant to paragraph 7(i) of the Bar Date Order, however, holders of such claims were not required to file a proof of claim on or before the General Bar Date (defined in the Bar Date Order), provided that an indenture trustee filed a timely proof of claim with respect to amounts owing under the relevant indenture.

25.    Further, the indenture trustee under the Second Lien Notes, Wilmington Trust, filed the requisite proof of claim to satisfy the conditions of the Bar Date Order.   On February 20, 2019, Wilmington Trust filed proof of claim no. 8745 (the "**Wilmington Trust POC**"), asserting a secured claim in the amount of $91,950,191.25 against SHC on account of principal and interest owing under the Second Lien Notes, and related fees and expenses owing under the Second Lien Notes Indenture.   The Wilmington Trust POC further provides that, "Pursuant to Fed. R. Bankr. P. 3003(c)(5) and Section 6.10 of the Indenture, Wilmington Trust is authorized to file this Proof of Claim on behalf of all holders of the [Second Lien] Notes." Wilmington Trust POC, Ex. A, ¶ 13.   Bankruptcy Rule 3003(c)(5) provides that "an indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is trustee."  Fed. R. Bankr. P. 3003(c)(5).   Additionally, the Second Lien Notes Indenture expressly authorizes Wilmington Trust to file proofs of claim on behalf of holders of the Second Lien Notes:

> The Trustee may file such proofs of claim and other papers or documents as may be necessary or advisable in order to have the claims of the Trustee and Holders allowed in any judicial proceedings relative to the Issuer or any Guarantor (or any other obligor upon the Notes), its creditors or its property and shall be entitled and empowered to collect and receive any monies or other property payable or deliverable on any such claims and to distribute the same after deduction of its charges and expenses to the extent that any such charges and expenses are not paid out of the estate in any such proceedings and any Custodian in any such judicial proceeding is hereby authorized by each Holder to make such payments to the Trustee.

Second Lien Notes Indenture § 6.10.

26.    The Noteholder Claims, which assert a claim for the repayment of principal, interest, or other amounts owing under the Second Lien Notes, are wholly duplicative of the Wilmington Trust POC.   If an individual noteholder's claim were allowed in addition to the Wilmington Trust POC, the noteholder would recover twice—once under the Wilmington Trust

POC, as well as under the applicable Noteholder Claim.  Double recoveries of this sort are not permitted under the Bankruptcy Code, and the Debtors should not be required to satisfy the same obligation twice.  *See*, *e.g.*, *In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice.").

27.     The Debtors request that the Noteholder Claims be disallowed and expunged.  If the objection is sustained, the Noteholder Claims will be disallowed and expunged, but will be survived by the Wilmington Trust POC, subject to the Debtors' rights to object to the Wilmington Trust POC on any grounds that bankruptcy law or non-bankruptcy law permits. Therefore, any Claimant holding a Noteholder Claim will suffer no prejudice by having the applicable Noteholder Claim disallowed as proposed herein.

28.     Therefore, each of the claims listed on **Exhibit B** should be disallowed for the reasons set forth therein.

### **Reservation of Rights**

29.     The Debtors hereby reserve the right to object in the future to any of the Claims subject to this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.  A separate notice and hearing will be scheduled for any such objection.

### **Notice**

30.     Notice of this Objection has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

31.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: December 7, 2021
      New York, New York

                            */s/ Garrett A. Fail*
                            Ray C. Schrock, P.C.
                            Jacqueline Marcus
                            Garrett A. Fail
                            Sunny Singh
                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York  10153
                            Telephone:  (212) 310-8000
                            Facsimile:  (212) 310-8007

                            *Attorneys for Debtors*
                            *and Debtors in Possession*

**<u>Exhibit A</u>**

**Reclassified Claims**

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**
Exhibit A - Reclassified Claims

In re: Sears Holdings Corporation, *et al.*
Case No. 18-23538 (RDD)

| Ref # | Name of Claimant | Proof of Claim No. Reclassified | Secured Claim | Priority Claims | Amount Reclassified to General Unsecured Claim |
|---|---|---|---|---|---|
| | | **Schedule of Claims to be Reclassified** | | | |
| 1. | 3825 Forsyth, LLC | 15427 | 1,400,000.00 | - | 1,400,000.00 |
| 2. | ACE American Insurance Company, on its own behalf and on behalf of all of the ACE Companies | 16174 | Unliquidated | - | Unliquidated |
| 3. | AIG Property Casualty Co., and certain other entities related to AIG Property Casualty, Inc. | 16266 | Unliquidated | - | Unliquidated |
| 4. | ALAMENE, HERMON | 13624 | 1,739.00 | 1,739.00 | 3,478.00 |
| 5. | Alvarez, Cesar L. | 14248 | Unliquidated | - | Unliquidated |
| 6. | Anne Arundel County, Maryland | 14572 | 643.91 | - | 643.91 |
| 7. | Beauty Gem, Inc. | 8813 | 1,008,375.46 | - | 1,008,375.46 |
| 8. | Boyer, Sheryl L, Estate of (Superior Court, State of Alaska, Fairbanks No: 4FA-19-23PR) | 13786 | - | 1,000.00 | 1,000.00 |
| 9. | Burris, Sharon | 10851 | - | 13,525.00 | 13,525.00 |
| 10. | Cain, Vanessa | 11063 | Unliquidated | Unliquidated | Unliquidated |
| 11. | Charlottesville Fashion Square, LLC | 15656 | - | 8,913.92 | 8,913.92 |
| 12. | Chestnutt, Terashia | 14869 | Unliquidated | - | Unliquidated |
| 13. | City of Allen, TX - Utility Dept | 9882 | - | 451.06 | 451.06 |
| 14. | City of Orange | 9253 | - | 1,265.00 | 1,265.00 |
| 15. | City of Philadelphia/School District of Philadelphia | 7583 | 5,000.00 | 3,117.90 | 8,117.90 |
| 16. | City of Trotwood | 5783 | 964.97 | 964.97 | 1,929.94 |
| 17. | Columbia Mall Partnership | 19532 | - | 24,050.12 | 24,050.12 |
| 18. | COOPER, ANNIE | 19245 | Unliquidated | - | Unliquidated |
| 19. | CRABTREE, MICHAEL | 19156 | Unliquidated | - | Unliquidated |
| 20. | DALES, JEAN M | 13569 | Unliquidated | - | Unliquidated |
| 21. | Dilla, William | 9514 | Unliquidated | - | Unliquidated |
| 22. | D-Link Systems, Inc.l | 17260 | 676,413.00 | - | 676,413.00 |
| 23. | DRAYTON PLAINS (MI), LLC | 16569 | Unliquidated | - | Unliquidated |
| 24. | DUARTE, MARIA ELENA | 18319 | Unliquidated | - | Unliquidated |
| 25. | Easton Suburban Water Authority | 17322 | - | 301.43 | 301.43 |
| | | 11736 | - | 231.00 | 231.00 |
| | | 6044 | - | 145.11 | 145.11 |
| | | 10109 | - | 39.71 | 39.71 |
| 26. | Erie Water Works | 18676 | 2,246.16 | 2,246.16 | 4,492.32 |
| 27. | FB Billerica Realty Investors LLC | 16813 | - | 26,413.16 | 26,413.16 |
| 28. | Folland, Christopher | 9416 | Unliquidated | - | Unliquidated |
| 29. | Gann, William | 9289 | Unliquidated | - | Unliquidated |
| 30. | GEMMEL, GERALD W | 10923 | Unliquidated | - | Unliquidated |
| 31. | Georgia Self-Insurers Guaranty Trust Fund | 14890 | 3,320,000.00 | - | 3,320,000.00 |
| 32. | Gilbertson, Duwayne and Jenn | 8763 | Unliquidated | - | Unliquidated |
| 33. | GOODLETT, AUDRENE | 11181 | Unliquidated | Unliquidated | Unliquidated |
| 34. | Green Dot Corporation | 18350 | Unliquidated | - | Unliquidated |
| 35. | Hasino, Souha F | 15821 | Unliquidated | - | Unliquidated |
| 36. | Hastings Utilities NE | 10212 | - | 286.49 | 286.49 |
| 37. | Helmsman Management Services LLC | 15492 | 147,583.00 | - | 147,583.00 |
| 38. | Hipshire, Eliane | 14915 | Unliquidated | Unliquidated | Unliquidated |
| 39. | HOWARD, TELMA | 13316 | Unliquidated | - | Unliquidated |
| 40. | HUNTER, LYNN | 11728 | Unliquidated | - | Unliquidated |
| 41. | Icon DP MD Owner Pool 2 West/Northeast/Midwest, LLP | 15822 | Unliquidated | - | Unliquidated |
| 42. | Icon Owner Pool 1 SF Non-Business Parks, LLC | 16162 | 9,456.93 | - | 9,456.93 |
| 43. | Infor (US), Inc. | 17617 | Unliquidated | - | Unliquidated |
| 44. | J.W. Mitchell Company, LLC | 9987 | 131,595.67 | - | 131,595.67 |
| 45. | JENKINS, ROSELLA M | 19579 | - | Unliquidated | - |
| 46. | LARA, MELINDA | 13672 | Unliquidated | Unliquidated | Unliquidated |
| 47. | LECKY, CAMERON H | 17827 | Unliquidated | - | Unliquidated |
| 48. | Maloney and Bell General Construction, Inc. | 16671 | 187,234.50 | - | 187,234.50 |

| | | | | | |
|---|---|---|---|---|---|
| 49. | MARCOTTE, GEORGE S | 10870 | Unliquidated | - | Unliquidated |
| 50. | Miller, Sheila | 9977 | Unliquidated | - | Unliquidated |
| 51. | MURTHA, LYNDA R. | 11320 | Unliquidated | - | Unliquidated |
| 52. | Oryom Ventures LLC & DoYa Ventures LLC (2/3 & 1/3 Interest) | 14599 | - | 43,970.00 | 43,970.00 |
| 53. | PIRIZ, YANET | 13129 | Unliquidated | - | Unliquidated |
| 54. | PORTER, CLAYTON | 14201 | Unliquidated | - | Unliquidated |
| 55. | QUINONES, ELIZABETH | 20085 | Unliquidated | - | Unliquidated |
| 56. | REPLANE, WILLIAM | 11865 | Unliquidated | - | Unliquidated |
| 57. | Richard A. Lewis & Roberta D. Lewis Trust | 13593 | Unliquidated | - | Unliquidated |
| 58. | RICHARDSON, ALEATHEA | 10645 | Unliquidated | - | Unliquidated |
| 59. | RIF III- Avenue Stanford, LLC, a California limited liability company | 8483 | 108,583.79 | - | 108,583.79 |
| 60. | Rivers, Jared | 18771 | Unliquidated | - | Unliquidated |
| 61. | ROBINS, DESHONA  O. | 17725 | - | Unliquidated | - |
| 62. | Salazar, Mar Lourdes | 15407 | Unliquidated | - | Unliquidated |
| 63. | SCHUMACHER, SUE | 18619 | Unliquidated | - | Unliquidated |
| 64. | Smith III, Terry Rexall | 10234 | - | Unliquidated | - |
| 65. | The Travelers Indemnity Company and its property casualty insurance affiliates | 18149 | 66,800.00 | - | 66,800.00 |
| 66. | Township of Belleville | 20620 | 705.18 | Unliquidated | 705.18 |
| 67. | Valdiva Perez, Leticia | 8847 | Unliquidated | - | Unliquidated |
| 68. | Vertical Industrial Park Associates | 12512 | 55,000.00 | - | 55,000.00 |
| 69. | Waterford Utility Commission (W.U.C., CT) | 9976 | - | 2,650.09 | 2,650.09 |
| 70. | WILLIAMS, KENYA | 19120 | Unliquidated | - | Unliquidated |

## Exhibit B

**Disallowed and Expunged Claims**

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**

**Exhibit B - Disallowed Claims and Ballots**

In re: Sears Holdings Corporation, *et al.*

Case No. 18-23538 (RDD)

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 1. | Adam Levine Productions, Inc. | 182353801043202 | N/A | (iv) |
| 2. | AGGRO PACIFIC HAWAII LLC | N/A | 7248 | (i) |
| 3. | Askey, Randal G. | N/A | 19041 | (iv) |
| 4. | Askey, Susan E. | N/A | 18946 | (iv) |
| 5. | Beauty Gem, Inc. | 182353801043279 | N/A | (i) |
| 6. | BLASS, JAY | N/A | 1296 | (i) |
| | | N/A | 1931 | (i) |
| 7. | Broward County | 182353801017898 | N/A | (iii) |
| 8. | Burnett Central Appraisal District | 182353801018298 | N/A | (iii) |
| 9. | Cain, Vanessa | N/A | 11545 | (iv) |
| 10. | ChooMee, Inc. | N/A | 4451 | (i) |
| 11. | City of Cookeville, TN | 182353801018333 | N/A | (iii)(iv) |
| 12. | City of Mesquite and Mesquite Independent School District | N/A | 26387 | (iii) |
| 13. | City of Mesquite Tax Collector | 182353801024081 | N/A | (iii) |
| 14. | Cleveland County Tax Collector | 182353801024460 | N/A | (iii) |
| 15. | Coca-Cola Consolidated | N/A | 17011 | (i) |
| 16. | Cole, Ronald E. and Martha E. | N/A | 17491 | (iv) |
| 17. | Coral-CS Ltd Associates | N/A | 17577 | (i) |
| 18. | DAKS INDIA INDUSTRIES PVT LTD | N/A | 26326 | (i) |
| 19. | Del Amo Fashion Center Operating Co LLC | N/A | 17942 | (i) |
| 20. | DICKMAN, FRANCES R | N/A | 17018 | (iv) |
| 21. | Dickman, Frances  R | N/A | 17484 | (iv) |
| 22. | Express Services, Inc. | N/A | 5425 | (i) |
| | | N/A | 7163 | (i) |
| | | N/A | 6964 | (i) |
| 23. | GAINES, KANDI | N/A | 11447 | (i) |
| 24. | Garcia, Rebecca Belen | N/A | 19152 | (i) |
| 25. | Gee, James | N/A | 17476 | (iv) |
| 26. | GRP Equities LLC | N/A | 17213 | (iv) |
| 27. | HK Sino-Thai Trading Company Ltd. | N/A | 506 | (i) |
| | | N/A | 1060 | (i) |
| 28. | HOLM, JOAN & STANLEY | N/A | 17964 | (iv) |
| 29. | Hydraulic and Electromechanic Services and Repairs | N/A | 4655 | (i) |
| 30. | JOHNSON, MARK | N/A | 7101 | (i) |

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**
**Exhibit B - Disallowed Claims and Ballots**

**In re: Sears Holdings Corporation, *et al.***
**Case No. 18-23538 (RDD)**

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 31. | KNOX COUNTY TRUSTEE | 182353801018780 | N/A | (ii) |
| | | 182353801025134 | N/A | (ii) |
| 32. | Kopke, Barry D | N/A | 788 | (i) |
| 33. | LEE COUNTY TAX COLLECTOR | 182353801025214 | N/A | (ii) |
| | | 182353801018782 | N/A | (ii) |
| 34. | LEGGIO, JOSPEH/COLLEEN | N/A | 17309 | (iv) |
| 35. | Lifeworks Technology Group | N/A | 11158 | (i) |
| 36. | Mayflower Emerald Square, LLC | N/A | 16599 | (i) |
| 37. | MOVEIS K1 LTDA | N/A | 14222 | (i) |
| 38. | Muller, Maria | N/A | 17342 | (iv) |
| | | N/A | 18004 | (iv) |
| 39. | O'SULLIVAN, NICANORA | N/A | 17991 | (iv) |
| 40. | Palm Beach County Tax Collector | 182353801025678 | N/A | (i) |
| 41. | Rietmann, Arthur | N/A | 17004 | (iv) |
| 42. | Regional Water Authority | N/A | 6894 | (iv) |
| 43. | Rocky Mountain Super Vac, Inc. | N/A | 9629 | (i) |
| 44. | Shawano City Tax Collector | 182353801025949 | N/A | (i) |
| 45. | Simon Property Group, L.P. | N/A | 16952 | (i) |
| 46. | Small Engine and Mower Services, llc | N/A | 4654 | (i) |
| 47. | Stahl, Marilyn | N/A | 18388 | (iv) |
| 48. | Superior Sweeping Ltd. | N/A | 464 | (i) (iii) |
| | | N/A | 19872 | (i) (iii) |
| 49. | SW Corporation dba. Magic Lamp Wholesale | 182353801041249 | N/A | (iv) |
| 50. | SWB LDG | N/A | 10942 | (i) |
| 51. | The City of Mesquite and Mesquite Independent School District | 182353801018400 | N/A | (iii) |
| 52. | Tosi, Alfred | N/A | 17439 | (iv) |
| 53. | U.S. Customs and Border Protection | 182353801013594 | N/A | (ii) |
| 54. | VanHook Service Co., Inc. | N/A | 14137 | (i) |
| | | N/A | 14156 | (i) |
| | | N/A | 14225 | (i) |
| | | N/A | 14260 | (i) |
| 55. | VIRGINIA TARTAGLIONE / PETER TARTAGLIONE | N/A | 18023 | (iv) |
| 56. | Walsh, Kevin | N/A | 18441 | (iv) |
| 57. | Wang, Hongshu | N/A | 9583 | (iv) |

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**  **In re: Sears Holdings Corporation, *et al.***
**Exhibit B - Disallowed Claims and Ballots**  **Case No. 18-23538 (RDD)**

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 58. | Wharton Co Jr Coll Dist | 182353801018036 | N/A | (iii) |
| | | 182353801018037 | N/A | (iii) |
| 59. | ZURU LLC | 182353801021430 | N/A | (iv) |

[1] Corresponding reasons are as follows:

(i)  supporting documentation indicates that the claims are not entitled to non-administrative priority;

(ii)  the support provided by the Claimants are not supported by the Debtors' books and records, or no supporting documentation was provided for all of the Disputed Claim;

(iii)  the basis for the claim or ballot was paid and satisfied in the ordinary course;

(iv)  the claim/ballot is duplicatative of another asserted claim/ballot;

**<u>Exhibit C</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
In re                                         :        Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, et al.,           :        Case No. 18-23538 (RDD)
                                              :
            Debtors.¹                         :        (Jointly Administered)
-------------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' FORTY-FIRST OMNIBUS
### OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW)

Upon the *Debtors' Forty-First Omnibus Objection to Proofs of Claim (Reclassify or Disallow)*, filed December 7, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order reducing, reclassifying, and/or disallowing the Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Objection on [___] (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, (i) the asserted secured and priority claims listed **Exhibit A** are reclassified entirely to general unsecured claims, and (ii) the claims listed on **Exhibit B** are disallowed and expunged in their entirety.

3.      This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.      Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or

2

(ii) imposes any obligation on Transform to satisfy any of the claims listed on **Exhibit A** or **Exhibit B**

hereto, as to which all of Transform's rights and defenses are expressly reserved.

      6.      The terms and conditions of this Order are effective immediately upon entry.


Dated:  _____, 2021
        White Plains, New York


                                    _____
                                    HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Reclassified Claims**

## **Exhibit B**

**Disallowed and Expunged Claims**