**Hearing Date and Time: January 20, 2022 at 2:00 p.m. (Eastern Time)**
**Response Deadline: January 3, 2022 at 4:00 p.m. (Eastern Time)**

---

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, DOMINIC A. LITZ, ESQ., AT (212) 310-8346.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

--------------------------------------------------------- x

### NOTICE OF HEARING ON DEBTORS' FORTY-SECOND
### OMNIBUS OBJECTION TO PROOFS OF CLAIM (DUPLICATE CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

**PLEASE TAKE NOTICE** that, on December 7, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Forty-Second Omnibus Objection to Proofs of Claim (Duplicate Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court disallow and expunge in full one or more proofs of claim listed on <u>**Exhibit A**</u> annexed to this Notice (the "**Proofs of Claim**" or "**Claims**"), on the ground(s) that such Claim(s) are entirely duplicative of one or more claim(s) asserted against the Debtors in these chapter 11 cases. **Any Claim that the Bankruptcy Court disallows and expunges will be treated as if it had not been filed and the holder of such Claim will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed to this Notice as <u>**Exhibit B**</u>, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim in its entirety without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the disallowance and expungement of its applicable Claim(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the disallowance and expungement of its applicable Claim(s), then Claimant MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **January 3, 2022, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at <u>www.nysb.uscourts.gov</u>), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim or Ballot; (iii) a concise statement setting forth the reasons why the Claim or Ballot should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases

upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim or Ballot on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **January 20, 2022, at 2:00 p.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claim(s) that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Claim(s), then the Hearing on the Objection with respect to such Claim(s) will be held at a later date. If the Debtors do not continue the Hearing with respect to such Claim(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection with respect to the Claims listed on <u>Exhibit A</u> hereto, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **<u>Exhibit B</u>** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if the Bankruptcy Court does NOT disallow and expunge the Claims, the Debtors retain the right to object on other grounds to the Claim(s) (or to any other Claim(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at <u>www.nysb.uscourts.gov</u>.

**PLEASE TAKE FURTHER NOTICE** that any responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears.  **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Claims(s).**

Dated:  December 7, 2021
      New York, New York

                             */s/  Garrett A. Fail*
                             Ray C. Schrock, P.C.
                             Jacqueline Marcus
                             Garrett A. Fail
                             Sunny Singh
                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York  10153
                             Telephone:  (212) 310-8000
                             Facsimile:  (212) 310-8007

                             *Attorneys for Debtors*
                             *and Debtors in Possession*

## Exhibit A

**Duplicate Claims**

| Claim Number | Creditor |
|---|---|
| 2672 | Winiadaewoo Electronics America, Inc. |
| 2844 | Winiadaewoo Electronics America, Inc. |
| 3905 | Winiadaewoo Electronics America, Inc. |
| 4046 | Winiadaewoo Electronics America, Inc. |
| 8164 | Winiadaewoo Electronics America, Inc. |
| 8178 | Winiadaewoo Electronics America, Inc. |
| 8185 | Winiadaewoo Electronics America, Inc. |
| 8192 | Winiadaewoo Electronics America, Inc. |
| 8342 | Winiadaewoo Electronics America, Inc. |
| 8344 | Winiadaewoo Electronics America, Inc. |
| 8348 | Winiadaewoo Electronics America, Inc. |

## <u>Exhibit B</u>

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

--------------------------------------------------------------- x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

## Claims Hearing Procedures

1.    Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2.    The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2]  Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(i)    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(ii)    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as **Exhibit 2** (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either:  (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.    **Sanctions**.  The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE BANKRUPTCY COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.[1]** | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## DEBTORS' FORTY-SECOND OMNIBUS OBJECTION
## TO PROOFS OF CLAIM (DUPLICATE CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holding Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

<div style="border: 1px solid black; padding: 10px;">

**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OMNIBUS OBJECTION.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE DEBTORS' COUNSEL, DOMINIC A. LITZ, ESQ., AT (212) 310-8346.**

</div>

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

## Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement* Among *Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption*

*and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.    On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370).

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (the "**Disclosure Statement**") (ECF No. 4390).[2]

## Jurisdiction

7.    This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.    The Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order, substantially in the form annexed hereto as **Exhibit B** (the "**Proposed Order**"), disallowing and expunging the claims listed on **Exhibit A** annexed hereto to the extent they assert amounts entitled to administrative priority pursuant to section 503(b)(9) (the "**Duplicate Claims**").

## The Duplicate Claims Should Be Disallowed and Expunged

9.    Between November 2018 and February 2019, Winiadaewoo Electronics America, Inc. ("**Winiadaewoo**") filed twelve (12) proofs of claim asserting entitlement to administrative priority pursuant to section 503(b)(9).  As set forth below, Winiadaewoo initially filed an identical claim against

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Disclosure Statement.

four Debtors in November 2018.  Winiadaewoo subsequently amended each claim in January 2019, but

then withdrew the amending claims.  Winiadaewoo then filed four (4) new amending claims in February

2019.[3]

| Claim Number | Debtor | Date Filed | 503(b)(9) Claim Asserted | |
|---|---|---|---|---|
| 2672 | Sears Holdings Corporation | 11/2/2018 | $9,026,766.32 | |
| 2844 | Sears Brands Management Corporation | 11/2/2018 | $9,026,766.32 | |
| 3905 | Kmart Corporation | 11/2/2018 | $9,026,766.32 | |
| 4046 | Sears, Roebuck and Co. | 11/2/2018 | $9,026,766.32 | |
| 8164 | Sears, Roebuck and Co. | 1/29/2019 | $6,164,992.61 | Amended claim 4046 Claim withdrawn – *See Claim Withdrawal Form* attached as **Exhibit 1** |
| 8178 | Sears Holdings Corporation | 1/29/2019 | $6,164,992.61 | Amended claim 2672 Claim withdrawn – *See Claim Withdrawal Form* attached as **Exhibit 1** |
| 8185 | Sears Brands Management Corporation | 1/29/2019 | $6,164,992.61 | Amended claim 2844 Claim withdrawn – *See Claim Withdrawal Form* attached as **Exhibit 1** |
| 8192 | Kmart Corporation | 1/29/2019 | $6,164,992.61 | Amended claim 3905 Claim withdrawn – *See Claim Withdrawal Form* attached as **Exhibit 1** |
| 8339 | Sears, Roebuck and Co. | 2/5/2019 | $6,164,992.61 | Amended claim 4046 |
| 8342 | Sears Brands Management | 2/5/2019 | $6,164,992.61 | Amended claim 2844 |
| 8344 | Kmart Corporation | 2/5/2019 | $6,164,992.61 | Amended claim 3905 |
| 8348 | Sears Holdings Corporation | 2/5/2019 | $6,164,992.61 | Amended claim 2672 |

---

[3] Winiadaewoo separately filed eight (8) proofs of claim asserting only general unsecured claims against the Debtors, which are not the subject of this Objection.

10.    On February 15, 2019, Hain Capital Investors Masters Fund, Ltd. ("**Hain**") filed a transfer agreement (the "**Transfer Agreement**") evidencing the transfer of all legal right and benefit to any 503(b)(9) claim (including all proofs of claims and amendments) from Winiadaewoo to Hain.  *See* ECF No. 2624.

11.    The Transfer Agreement, signed by Winiadaewoo and Hain, states:

> Winiadaewoo Electronics America, Inc. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Investors Master Fund, Ltd. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or ***arising under or in connection with, its 11 U.S.C. Section 503(b)(9) administrative expense claim***, … ***and any and all proofs of claim and its amendments filed by Assignor*** with the Bankruptcy Court in respect of the Claim.

*See* Transfer Agreement "Evidence of Transfer of Claim" (emphasis added).

12.    Thereafter, Winiadaewoo consistently repeated in Bankruptcy Court filings that it has sold and assigned all of its rights in section 503(b)(9) administrative priority claims to Hain.  *See* ECF No. 4987 at ¶ 11; *see also* ECF No. 4989 at ¶ 11; ECF No. 4996 at ¶ 11; ECF No. 5347 at ¶ 4; ECF No. 6285 at ¶ 4.

13.    On January 31, 2020, the Bankruptcy Court entered the *Stipulation and Order by and Among Debtors, Transform and Hain Capital Investors Master Fund, Ltd.* (ECF No. 6816) (the "**Stipulation and Order**") which granted Hain a single, reduced, and allowed section 503(b)(9) administrative expense claim based on the transferred Winiadaewoo claims (the "**Hain Claim**").  The Stipulation and Order preserved all of the Debtors rights to pursue avoidance actions against Winiadaewoo.

14.    The claims register was amended to reflect the allowance of the Hain Claim. Consistent with the Stipulation and Order, Hain became the record holder of one of the later claims filed by Winiadaewoo: proof of claim number 8339.  The claims register records for the remaining seven (7) claims filed by Winiadaewoo were not updated to reflect the Transfer Agreement, but the Debtors and

Hain have treated the claims as resolved (i.e., transferred to Hain, duplicative of the Hain Claim, and not eligible for distributions).

15.     The Debtors have made multiple distributions to Hain on account of the Hain Claim.  No distributions were made on account of the Duplicate Claims and no reserves are being maintained for the Duplicate Claims.

16.     Based on Winiadaewoo's admissions, Winiadaewoo does not hold title to any section 503(b)(9) claim against the Debtors and cannot collect on account of the Duplicate Claims.  And, because the Duplicate Claims are duplicative of the Hain Claim, Winiadaewoo cannot collect on account of the Duplicate Claims.

17.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Upon an objection, the claimant has the burden to demonstrate the validity of the claim.  *See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248, 2016 WL, 796860, at *9 (S.D.N.Y. 2016); *In re Arcapita Bank B.S.C.(c)*, No. 12–11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), *aff'd sub nom. In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Further, Bankruptcy Rule 3007(d) permits the Debtors to file objections to more than one claim on the basis that, among other things, such claims "duplicate other claims."  Fed. R. Bankr. P. 3007(d)(1).

19.    The Debtors cannot be required to pay on the same claim more than once.  *See, e.g.,
In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 892 (Bankr.
S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").
This Bankruptcy Court routinely disallows and expunges duplicative claims filed against the same debtor.
*See, e.g. In re Tops Holding II Corporation*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 11, 2019)
(ECF No. 880) (disallowing and expunging duplicative claims); *In re Ezra Holdings Ltd.*, Case No. 17-
22405 (RDD) (Bankr. S.D.N.Y. Sept. 10, 2018) (ECF No. 464) (same); *In re 21st Century Oncology
Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. Apr. 27, 2018) (ECF No. 1078) (same); *In
re The Great Atlantic & Pacific Tea Company, Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Sept.
1, 2016) (ECF No. 3161) (same); *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y.
Jan. 21, 2015) (ECF No. 1354) (same); *In re RDA Holding Co.*, Case No. 13-22233 (RDD) (Bankr.
S.D.N.Y. Sept. 18, 2013) (ECF No. 702) (same); *In re Hostess Brands, Inc.*, Case No. 12-22052 (RDD)
(Bankr. S.D.N.Y. Dec. 5, 2012) (ECF No. 1886) (same); *In re Delphi Corporation*, Case No. 05-44481
(RDD) (Bankr. S.D.N.Y. June 29, 2007) (ECF No. 8442) (same).

20.    Each Duplicate Claim is entirely duplicative of the Hain Claim.  To avoid the
possibility of multiple recoveries on the same claim, the Debtors request that the Bankruptcy Court
disallow and expunge in their entirety the Duplicate Claims.

## Notice

21.    Notice of this Objection has been provided in accordance with the procedures set
forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on
November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully
submit that no further notice is required.

22.    No previous request for the relief sought herein has been made by the Debtors to
this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as is just.

Dated: December 7, 2021
      New York, New York

                        */s/ Garrett A. Fail*
                        Ray C. Schrock, P.C.
                        Jacqueline Marcus
                        Garrett A. Fail
                        Sunny Singh
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007

                        *Attorneys for Debtors*
                        *and Debtors in Possession*

## Exhibit A

**Duplicate Claims**

| Claim Number | Creditor |
|:---:|:---:|
| 2672 | Winiadaewoo Electronics America, Inc. |
| 2844 | Winiadaewoo Electronics America, Inc. |
| 3905 | Winiadaewoo Electronics America, Inc. |
| 4046 | Winiadaewoo Electronics America, Inc. |
| 8164 | Winiadaewoo Electronics America, Inc. |
| 8178 | Winiadaewoo Electronics America, Inc. |
| 8185 | Winiadaewoo Electronics America, Inc. |
| 8192 | Winiadaewoo Electronics America, Inc. |
| 8342 | Winiadaewoo Electronics America, Inc. |
| 8344 | Winiadaewoo Electronics America, Inc. |
| 8348 | Winiadaewoo Electronics America, Inc. |

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
SEARS HOLDINGS CORPORATION, et al.,      :        Case No. 18-23538 (RDD)
                                         :
        Debtors.¹                        :        (Jointly Administered)
-----------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' FORTY-SECOND OMNIBUS OBJECTION
### TO PROOFS OF CLAIM (DUPLICATE CLAIMS)

Upon the *Debtors' Forty-Second Omnibus Objection to Proofs of Claim (Duplicate Claims)*, filed on December 7, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing and expunging the Duplicate Claims, and (ii) granting related relief, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on _____, 2022 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Objection is granted to the extent set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each claim listed on **Exhibit A** annexed hereto is disallowed and expunged in its entirety and each such Duplicate Claim shall be removed from the Debtors' claims register.

3.      The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

4.      The terms and conditions of this Order are effective immediately upon entry.


Dated:    _____, 2022
          White Plains, New York


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Duplicate Claims**

| Claim Number | Creditor |
|:---:|:---:|
| 2672 | Winiadaewoo Electronics America, Inc. |
| 2844 | Winiadaewoo Electronics America, Inc. |
| 3905 | Winiadaewoo Electronics America, Inc. |
| 4046 | Winiadaewoo Electronics America, Inc. |
| 8164 | Winiadaewoo Electronics America, Inc. |
| 8178 | Winiadaewoo Electronics America, Inc. |
| 8185 | Winiadaewoo Electronics America, Inc. |
| 8192 | Winiadaewoo Electronics America, Inc. |
| 8342 | Winiadaewoo Electronics America, Inc. |
| 8344 | Winiadaewoo Electronics America, Inc. |
| 8348 | Winiadaewoo Electronics America, Inc. |

## **Exhibit 1**

**Notices of Claim Withdrawal**

# United States Bankruptcy Court for the Southern District of New York

| Fill in this information to identify the debtor |
|---|
| Sears, Roebuck and Co. (Case No. 18-23537) |

# Claim Withdrawal Form

| Part 1: | Identify the Claim |
|---|---|

| Creditor Name and Address: | Winiadaewoo Electronics America, Inc. |
|---|---|
| | Name |
| | 65 Challenger Road, #360 |
| | Address |
| | Ridgefield Park          NJ          07660 |
| | City          State          Zip Code |

| Claim Number (if known): | 8164 |
|---|---|
| Date Claim Filed: | 01/29/2019 |
| | (mm/dd/yyyy) |
| Total Amount of Claim Filed: | $ 20,089,578.20 |

| Part 2: | Sign Below |
|---|---|

| The person completing this form must sign and date it. | I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above referenced Debtor. |
|---|---|
| | Executed on date    02/04/2019 |
| | (mm/dd/yyyy) |
| | Hyun Suk Choi   *Digitally signed by Hyun Suk Choi DN: cn=Hyun Suk Choi, o, ou, email=hchoi@choiandparklaw.com, c=US Date: 2019.02.04 13:19:09 -05'00'* |
| | Signature |
| | Hyun Suk Choi, Esq., Choi & Park, LLC |
| | Print Name |
| | Counsel for Winiadaewoo Electronics America, Inc. |
| | Title (if applicable) |

## DEFINITIONS

**Debtor:** The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor:** A creditor is any person, corporation, or other entity to which the debtor owed a debt.

**Proof of Claim:** A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

| Completed claim withdrawal forms can be sent to the following address: |
|---|
| **Sears Holdings Corporation Claims Processing Center**<br>**c/o Prime Clerk LLC**<br>**850 Third Avenue, Suite 412**<br>**Brooklyn, NY 11232** |
| Or by email to: |
| **searsinfo@primeclerk.com** |

# United States Bankruptcy Court for the Southern District of New York

**Fill in this information to identify the debtor**

Sears Holdings Corporation (Case No. 18-23538)

# Claim Withdrawal Form

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| | |
| --- | --- |
| **Creditor Name and Address:** | Winiadaewoo Electronics America, Inc. |
| | Name |
| | 65 Challenger Road, #360 |
| | Address |
| | Ridgefield Park      NJ      07660 |
| | City      State      Zip Code |
| **Claim Number (if known):** | 8178 |
| **Date Claim Filed:** | 01/29/2019 |
| | (mm/dd/yyyy) |
| **Total Amount of Claim Filed:** | $ 20,089,578.20 |

| **Part 2:** | **Sign Below** |
| --- | --- |

| | |
| --- | --- |
| **The person completing this form must sign and date it.** | I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above referenced Debtor. |
| | Executed on date   02/04/2019 |
| | (mm/dd/yyyy) |
| | Hyun Suk Choi |
| | Signature |
| | Hyun Suk Choi, Esq., Choi & Park, LLC |
| | Print Name |
| | Counsel for Winiadaewoo Electronics America, Inc. |
| | Title (if applicable) |

## DEFINITIONS

**Debtor:** The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor:** A creditor is any person, corporation, or other entity to which the debtor owed a debt.

**Proof of Claim:** A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

| |
| --- |
| **Completed claim withdrawal forms can be sent to the following address:** |
| **Sears Holdings Corporation Claims Processing Center** |
| **c/o Prime Clerk LLC** |
| **850 Third Avenue, Suite 412** |
| **Brooklyn, NY 11232** |
| Or by email to: |
| **searsinfo@primeclerk.com** |

# United States Bankruptcy Court for the Southern District of New York

**Fill in this information to identify the debtor**

Sears Brands Management Corporation (Case No. 18-23586)

## Claim Withdrawal Form

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| | |
| --- | --- |
| **Creditor Name and Address:** | Winiadaewoo Electronics America, Inc. |
| | Name |
| | 65 Challenger Road, #360 |
| | Address |
| | Ridgefield Park        NJ        07660 |
| | City        State        Zip Code |

| | |
| --- | --- |
| **Claim Number (if known):** | 8185 |
| **Date Claim Filed:** | 01/29/2019 |
| | (mm/dd/yyyy) |
| **Total Amount of Claim Filed:** | $ 20,089,578.20 |

| **Part 2:** | **Sign Below** |
| --- | --- |

| | |
| --- | --- |
| **The person completing this form must sign and date it.** | I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above referenced Debtor. |
| | Executed on date   02/04/2019 |
| | (mm/dd/yyyy) |
| | Hyun Suk Choi   *Digitally signed by Hyun Suk Choi* |
| | Signature |
| | Hyun Suk Choi, Esq., Choi & Park, LLC |
| | Print Name |
| | Counsel for Winiadaewoo Electronics America, Inc. |
| | Title (if applicable) |

### DEFINITIONS

**Debtor:** The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor:** A creditor is any person, corporation, or other entity to which the debtor owed a debt.

**Proof of Claim:** A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

---

**Completed claim withdrawal forms can be sent to the following address:**

**Sears Holdings Corporation Claims Processing Center**
**c/o Prime Clerk LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**Or by email to:**

**searsinfo@primeclerk.com**

# United States Bankruptcy Court for the Southern District of New York

| Fill in this information to identify the debtor |
| --- |
| Kmart Corporation (Case No. 18-23549) |

## Claim Withdrawal Form

| Part 1: | Identify the Claim |
| --- | --- |

| | |
| --- | --- |
| **Creditor Name and Address:** | Winiadaewoo Electronics America, Inc. |
| | Name |
| | 65 Challenger Road, #360 |
| | Address |
| | Ridgefield Park          NJ          07660 |
| | City          State          Zip Code |

| **Claim Number (if known):** | 8192 |
| --- | --- |
| **Date Claim Filed:** | 01/29/2019 |
| | (mm/dd/yyyy) |
| **Total Amount of Claim Filed:** | $ 20,089,578.20 |

| Part 2: | Sign Below |
| --- | --- |

| | |
| --- | --- |
| **The person completing this form must sign and date it.** | I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above referenced Debtor. |
| | Executed on date  02/04/2019 |
| | (mm/dd/yyyy) |
| | Hyun Suk Choi    *Digitally signed by Hyun Suk Choi DN: cn=Hyun Suk Choi, o, ou, email=hchoi@choiandpark.com, c=US Date: 2019.02.04 13:52:26 -05'00'* |
| | Signature |
| | Hyun Suk Choi, Esq., Choi & Park, LLC |
| | Print Name |
| | Counsel for Winiadaewoo Electronics America, Inc. |
| | Title (if applicable) |

## DEFINITIONS

**Debtor:** The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor:** A creditor is any person, corporation, or other entity to which the debtor owed a debt.

**Proof of Claim:** A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

| Completed claim withdrawal forms can be sent to the following address: |
| --- |
| **Sears Holdings Corporation Claims Processing Center**<br>**c/o Prime Clerk LLC**<br>**850 Third Avenue, Suite 412**<br>**Brooklyn, NY 11232**<br><br>Or by email to:<br><br>**searsinfo@primeclerk.com** |