WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
```
|   |   |   |
|---|---|---|
| **In re** | : | **Chapter 11** |
|   | : |   |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
|   | : |   |
| **Debtors.**[1] | : | **(Jointly Administered)** |

```
------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION PURSUANT TO
28 U.S.C. § 1746 REGARDING DEBTORS' MOTION FOR AUTHORIZATION
AND APPROVAL OF SETTLEMENT AND MUTUAL RELEASE AMONG
SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION,
AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1.      On November 23, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Motion for Authorization and Approval of Settlement and Mutual Release among Sears, Roebuck and Co., Sears Holdings Corporation, and 233 S. Wacker, LLC Pursuant to Bankruptcy Rule 9019* (ECF No. 10099) (the "**Motion**").

2.      In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to object to the Motion (the "**Objection Deadline**").  The Objection Deadline was set for December 7, 2021, at 4:00 p.m. (prevailing Eastern Time).  The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Objection Deadline has now passed and, to the best of my knowledge, no objection or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned cases or (b) served on counsel to the Debtors in accordance with the Amended Case Management Order.  To the best of my knowledge, no other responsive pleading has been filed with respect to the Motion.

4.      The proposed order granting the relief requested in the Motion (the "**Proposed Order**") is annexed hereto as **<u>Exhibit A</u>**.

WEIL:\98295743\2\73217.0004

5.    Accordingly, the Debtors respectfully request that the Proposed Order granting the relief requested in the Motion be entered in accordance with the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  December 8, 2021
       New York, New York

*/s/ Jacqueline Marcus*
Jacqueline Marcus
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

WEIL:\98295743\2\73217.0004

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------  x
                                                                   :
In re                                                              :        Chapter 11
                                                                   :
SEARS HOLDINGS CORPORATION, et al.                                 :        Case No. 18-23538 (RDD)
                                                                   :
            Debtors. ¹                                             :        (Joint Administration)
                                                                   :
----------------------------------------------------------------  x
```

### ORDER AUTHORIZING AND APPROVING
### SETTLEMENT AND MUTUAL RELEASE AMONG
### SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION
### AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019

Upon the Motion, dated November 23, 2021 (ECF No. 10099) (the "**Motion**")[2] of

Sears Holdings Corporation and Sears, Roebuck and Co. for entry of an order (a) approving the

Settlement Agreement and Mutual Release, dated November 23, 2021 by and between, on the one

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Settlement Agreement (as that term is defined in the Motion), as applicable.

hand, Sears, Roebuck and Co. and Sears Holdings Corporation on behalf of themselves and their bankruptcy estates (collectively, "**Sears**") and, on the other hand, 233 S. Wacker, LLC and (b) authorizing Sears to perform all obligations under and take any actions necessary to consummate the Settlement Agreement, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.      Sears is the sole owner of and has the sole authority to dismiss and release any and all claims and causes of action that it (i) is pursuing in the Lawsuit, (ii) is releasing in the Settlement Agreement, and (iii) has or ever had against 233.  Such claims and causes of action have not been sold, assigned, in any way encumbered, or otherwise transferred, in whole or in part, to any other person, entity, or party.  No other person, entity, or party holds, has, or will ever hold or have the

---

[3] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.

right to pursue such claims and causes of action.  Upon entry of this Order, Sears shall have

obtained all necessary approvals to enter into the Settlement Agreement.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved. The

Debtors are authorized, to perform all of their obligations under the Settlement Agreement,

including granting the releases set forth therein.

3.      The Debtors are authorized to execute, deliver, implement, and fully perform any

and all obligations, instruments, documents, and papers and to take any and all actions reasonably

necessary or appropriate to consummate the Settlement Agreement and to perform any and all

obligations contemplated therein.

4.      This Order shall be immediately effective and enforceable upon its entry and the

fourteen-day stay set forth in Rule 6004(h) of the Bankruptcy Rules shall be, and hereby is, waived.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2021
           White Plains, New York


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

3