# UPLOAD Cover Page

12/09/2021

To.     UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT
        Southern District of New York
        300 Quarropas Street,  Room 147
        White Plains, NY 10601
        **Attn.** Honorable Judge Robert D. Drain

From.   Kingdom Seekers Inc./ Aron Goldberger
        15 S Bridge Street Suite #312
        Poughkeepsie, NY 12601
        845-471-2760 Fax and Phone #
        kingdomseekersinc2020@gmail.com

Subject- Letter To Judge Regarding Case No 18-23538 Claim # 26515 and #26517
         Request for Honorable Judge Drain's Favorable decision in Granting
         Kingdom Seekers Inc. Priority Claim and Administrative Expense Claim Status
         with documents of liens, Security Interest, Judgements, Evidence and other
         Documented Forms of Perfection.

Appendix

A.  KINGDOM SEEKERS INC. LETTER TO JUDGE (2 pages)

B.  Transcript From Hearing missed by Kingdom Seekers Inc. (2 pages)

C.  Exhibit A for Case #26515 (25 Pages)

D.  EXhibit B for Case #26517 (81 pages)

12/09/2021

## KINGDOM SEEKERS INC. LETTER TO JUDGE

Dear Honorable Judge Drain,

This is an informal letter. Thank you for assisting Kingdom Seekers Inc. with the opportunity to obtain and review the transcript from the hearing held on November 10th, 2021, for Case No. 18-23538, after we were unable to gain access. Much gratitude.

After close review of the transcript from the Debtor's 36th Omnibus Objection supplemented, to the claim of Kingdom Seekers Inc./Aron Goldberger, it appears the outcome of reclassifying these two claims, known as Claim # 26515 and 26517, as general unsecured without priority status, and not in favor of Kingdom Seekers Inc., was a result of material adverse effects. If access to the hearing were available, we would have offered more evidence of liens, security interest, and judgements recorded, along with any other form of perfection regarding these claims, that was mentioned in the ruling during the hearing.

Regarding the previous attachments provided in the case reviewed by your honor, the work and commissions earned, were provided before the startup of long term real estate development projects, that had not reached development stages, and were secured to be long term work commitments, that would have come into completion, as far as several years out, with partial payments for sales, delivery, installment and insurance contracts, which exceeded several years, closer to the initial bankruptcy process plans, as referral contacts were initiated prematurely, before completion of considered these long term real estate work projects, that required, ongoing maintenance and developed relationships, with detailed informative notes about the customers / clients established by the creditor. These are considered to be a wealth of corporate sector real estate deals, being worked over time, within a pipeline.

Subsequently, Kingdom Seekers Inc. is able to provide you with perfect evidence of judgments, and security interest, and would have made them available after the hearing. We are attaching the missing documented evidence mentioned by your honor in the transcript provided by the debtors attorneys, with this letter and respectfully requesting that your honor will favorably rule on the status of granting priority claim status, and administrative expenses claim status, under 507 (a) (2) and 507 (a) (1), so we as the creditor claimants are able to uphold, and fulfill our commitment to assist Aron Goldberger, and the accumulated debt obligations tied to these claims, and our own administrative expense obligations, as creditors, in order to do so. Aron Goldberger has done her part in society by creatively assembling real estate development projects independently, that were required to use Energy Star Appliances, through valuable lead resource information, hard to obtain, in advance, ahead of competition, and referring them to

<u>KINGDOM SEEKERS INC. LETTER TO JUDGE</u>                    Page 1 of 2

Sears Commercial, who promised to pay her for her works, in writing. The motivation and intent of the claimant was to quickly, contribute to World Plans to reduce Co2 levels in the earth's atmosphere, and reduce carbon footprints, by the region, within Case # 26517 in the amount of $2,500,000.00 and be compensated for the injury during this process, found in Claim # 26515, in the amount of $5,531,000.00, after challengingly, sustaining the work position at Sears, for as long as possible without proper compensation. The claimant would finally be recognized as an innovative talent, with honorable achievement, if your honor would swiftly rule in the favor of Kingdom Seekers Inc., regarding these said claims.

All The Best,

1   Jalili asserts a right to a specific pro rata share of any

2   bond or deposit posted under Washington law applicable to

3   the agreement, those rights are preserved.

4          MR. LITZ:  Thank you, Your Honor.  We will do so.

5          THE COURT:  Okay.  All right.  And then the last

6   one on my list at least is the Debtor's 36th Omnibus

7   Objection as supplemented, again, to the claim of Kingdom

8   Seekers Inc./Aron Goldberger.  There are actually two claims

9   here, Claim 26515 in the amount of $5,531,000, and Claim

10  26517 in the amount of $2,500,000.  The objection, again,

11  seeks to reclassify these claims as general unsecured

12  claims.  They've been filed as secured and priority claims.

13  And I have the Kingdom Seekers Inc. response to the

14  objection.  Is anyone on the phone or on Zoom on behalf of

15  Kingdom Seekers, Inc. or Aron Goldberger?  No.

16         All right.  I have reviewed the objection as well

17  as the claims themselves, and it's clear to me that the

18  objection should be granted and the claim should be

19  reclassified with the preservation of all rights on the

20  merits with respect to the unsecure claim, i.e. post-

21  reclassification.  There is no evidence of any lien

22  whatsoever, no security interest, no evidence of any

23  judgement that may have been recorded, and no evidence of

24  any other form of perfection.

25         As far as the administrative expenses that are

1    claimed, it appears to me that the Claimant has misread the

2    applicable provisions that it cites and asserts a claim

3    under 507(a)(2) and 507(a)(1), not on the basis of the

4    Debtor's obligations that would give rise to such a priority

5    claim, but rather the claimant's obligations to its own

6    creditor or Mr. Goldberger's creditor.

7         In addition, in looking at the attachments to the

8    proof of claim, it appears that to the extent it's based on

9    any work done or commissions earned, they are years before

10   the bankruptcy petition date and well outside of the 180

11   days before the petition date as well.  The dates on the

12   attachments are in 2011.  So I will grant the claim

13   objection insofar as it seeks to reclassify the two claims

14   as general unsecured claims.  So you can submit that order

15   as well.

16        I'd like to make a suggestion on the orders.

17   Sometimes you do an omnibus order.  I think probably it's

18   better here to do individual orders.  What I suggest you do

19   is send me one.  And if I have any changes to it, you can

20   note those changes and then mark up the others to track that

21   order.  Okay.

22        MR. LITZ:  Thank you, Your Honor.  We'll do that.

23        THE COURT:  Okay, very well.  I think that

24   concludes today's agenda.  I think all the other matters

25   were adjourned.

**<u>Exhibit A</u>**

for Case #26515

1. Case Cash Lien / Security Interest

2. Goldberger vs Sears Court Judgement

**25 pages Total**



**525 Washington Blvd**
**Suite 2015**
**Jersey City, NJ 07310**

**TEL (866) 703-CASH (2274)**
**FAX (718) 237-4412**

5/22/2017

Aron Goldberger
405 Tarrytown 1120
White Plains, NY 10607
VIA CERTIFIED MAIL

Re:    **ARON GOLDBERGER**
       <u>The cause of action arising from the injuries sustained in the accident which</u>
       <u>occurred on or about 03/19/2011, involving Aron Goldberger.</u>

Dear **Aron Goldberger,**

It has come to our attention that the above referenced case in which you are a plaintiff is
no longer being handled by **Silbowitz, Garafola, Silbowitz, Schatz & Frederick.**

In accordance with the agreement you must notify our office of such a change. Please
see section 10 – Case Cash GP, LLC portion of your agreement.

   **10.  Notification of Change in Attorney.**  If I change Attorneys I will notify Case
   Cash GP, LLC within 48 hours of the change, and provide Case Cash GP, LLC
   with the name, address and phone number of my new Attorney.

Your current pay-off amount is **$6,784.32**. That figure will continue to increase monthly.
We will expect to hear from you within ten days of this letter.

Sincerely,

CASECASH GP, LLC

525 Washington Blvd, Suite 2015
Jersey City, NJ 07310
Phone: (718) 246-2522
Fax: (718) 237-4412

# CASECASH GP, LLC

TEL (866) 703-CASH (2274)
FAX (718) 237-4412

To: Aron Goldberger via mail: 405 Tarrytown Road 1120 White Plains NY 10607

May 3, 2017

**RE:     ARON GOLDBERGER**
**The cause of action arising from the injuries sustained in the accident which occurred on or about June 18, 2014, involving Aron Goldberger.**

Dear Sir/Madam,

As per your request, below please find the pay-off figures for the above-captioned funded client.

If your check in the amount of **$6,784.32** is received on **June 3, 2017** we will accept as full and final payment for the legal funding issued to the aforementioned client. Upon collection of these funds, our lien and security interest in the proceeds of the case will be released.

In the event that your check is not postmarked by the above date, please be advised that the amount indicated will change on **June 3, 2017**. Therefore, please call our office for an updated payoff figure

We remind you the check (certified bank check or money order **only**) should be payable to **Case Cash GP, LLC** and sent to:

**IF REPAYMENT IS SENT BY US MAIL EXCLUSIVELY:**
*this address **does not** accept courier service deliveries

Case Cash GP, LLC
P.O. Box 205566
Dallas, TX 75320-5566

**IF REPAYMENT IS SENT BY COURIER SERVICE ONLY (E.G., FEDEX, UPS ETC.)**
*this address **does not** accept US Mail service deliveries

Lockbox Services – 205566
Case Cash GP, LLC
2975 Regent Blvd.
Irving, TX 75063

If you have any questions about this matter, please feel free to contact us at the number listed. It was our pleasure to provide this service to your client. If we can be of help to any of your clients in the future, please do not hesitate to call us. Thank you.

Sincerely,

Maria Ocasio
*Vice President of Operations*



| FUNDING DATE | ADMOUNT ADVANCED | PAYOFF |
|---|---|---|
| 03/11/15 | 2,287.50 | 4,455.59 |
| 06/23/15 | 1,287.50 | 2,328.73 |
| | 3,575.00 | 6,784.32 |

# CASE CASH GP, LLC

## ATTORNEY SECURITY INTEREST AND PAYMENT ACKNOWLEDGEMENT

Case Cash GP, LLC
520 Eighth Avenue, Suite 1001
New York, NY 10018

23rd Day of June, 2015

Re:   **The cause of action arising from the injuries sustained in the accident which occurred on or about June 18, 2014, involving Aron Goldberger.**

Gentlemen:

The undersigned is the attorney of record in the above-referenced matter (the "Lawsuit") representing **Aron Goldberger** (the "Client"). I/We understand that pursuant to the terms of a Funding Agreement dated _____, 201__ entered into between the Client and Case Cash GP, LLC, a copy of which is attached hereto (the "Funding Agreement"), Case Cash GP, LLC is making an Legal Funding (the "Legal Funding") to the Client, who is the plaintiff in the Lawsuit, and that the Legal Funding will be satisfied solely from any money payable to the Client as a consequence of the Lawsuit, whether by settlement, judgment or otherwise, **after** deduction of any attorney's fees and costs payable to the undersigned (the "Client Recovery"). I/We further understand that Case Cash GP, LLC will rely on this letter in making the Legal Funding.

To induce Case Cash GP, LLC to make the Legal Funding, the undersigned acknowledges that pursuant to the Funding Agreement the Client has granted to Case Cash GP, LLC a first priority lien and security interest in and to the first **$3,940.29, *plus the monthly compounded funded rate of* 2.50%** of the Client Recovery (the "Security Interest"). I/We understand that the Security Interest is greater than the amount of the Legal Funding and that it has been granted in such amount to secure the use and other fees that will be due to Case Cash GP, LLC at the time of the Client Recovery pursuant to the terms of the Funding Agreement.

The undersigned agrees to pay to Case Cash GP, LLC from the Client Recovery, and prior to making any payment or disbursement to the Client, an amount equal to the amount due to Case Cash GP, LLC on the date of such payment as calculated pursuant to the terms of the Funding Agreement. Prior to making any such payment, I/We will contact Case Cash GP, LLC to ascertain the exact amount owed and acknowledge and agree that as between the undersigned and Case Cash GP, LLC, the calculation of such amount by Case Cash GP, LLC will be final and binding and I/We will rely exclusively on such calculation in making the required payment to Case Cash GP, LLC.

Client's Initials _____

To further induce Case Cash GP, LLC to make the Legal Funding, the undersigned represents and warrants that: (i) other than amounts due to the undersigned for professional services rendered in connection with the Lawsuit as set forth in the retainer agreement between the undersigned and the Client, I/We are not aware of any other lien on or security interest in any amount payable to the Client as a result of the Lawsuit; (ii) the undersigned is aware that the Funding Agreement prohibits the Client from granting any additional liens on or security interests in the Client Recovery; and (iii) the Lawsuit is still pending in active status and that there are presently no motions for final disposition, including, but not limited to, summary judgment. Notwithstanding clause (iii) above, nothing contained herein shall be deemed to be a guaranty by the undersigned that the Client will be successful in the Lawsuit or that the Client Recovery will be sufficient to satisfy the Legal Funding or any other amounts that may become due to Case Cash GP, LLC pursuant to the Funding Agreement.

I agree that any disputes that may arise out of this Funding Agreement shall be adjudicated in either the Supreme Court or the Civil Court State of New York in the County of Kings. This Funding Agreement will be construed in accordance with the laws of the State of New York, without giving effect to the principles thereof relating to conflict of laws, and may be executed in separate counterparts.

The undersigned specifically acknowledges that: Case Cash GP, LLC is in no way acquiring from the Client any right to sue, either in connection with the Lawsuit or otherwise and that the Client is not assigning his/her cause of action in the Lawsuit, but only a portion of the Client Recovery; that the Lawsuit absolutely belongs to the Client and no one else; and that Case Cash GP, LLC will in no way be involved, or have the right to be involved, in the decisions that the undersigned and/or the Client make in connection with the prosecution or settlement of the Lawsuit.

All payments and notices to Case Cash GP, LLC shall be sent by the undersigned to the Case Cash GP, LLC at the address set forth above unless Case Cash GP, LLC shall notify the undersigned in writing of a change of address.

The agreement and payment instructions set forth in this letter are irrevocable and are not subject to modification in any manner except in a writing signed by a duly authorized officer of Case Cash GP, LLC.

THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT NO PAYMENTS WILL BE MADE TO THE CLIENT FROM ANY SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR OTHER COLLECTION RESULTING FROM THE LAWSUIT OR THE MATTER THAT IS THE SUBJECT OF THE LAWSUIT UNLESS AND UNTIL THE FULL AMOUNT DUE AND OWING TO Case Cash GP, LLC IS PAID IN FULL AND THE SECURITY INTEREST IS RELEASED IN WRITING BY Case Cash GP, LLC.

Very truly yours,

*Howard Schatz*

Silbowitz,    Garafola,    Silbowitz,    Schatz    &
Frederick

howrad schatz
By: _____
Name:
Title:

ACKNOWLEDGED AND AGREED:

Case Cash GP, LLC

By: _____
    Name: _____
    Title:
    Dated: _____, 2012

**Aron Goldberger**
*(client signature)*
23rd Day of June, 2015

3

THE UNDERSIGNED ACKNOWLEDGES AND AGREES THAT NO PAYMENTS WILL BE MADE TO THE CLIENT FROM ANY SETTLEMENT, COLLECTION, JUDGMENT, COMPROMISE OR OTHER COLLECTION RESULTING FROM THE LAWSUIT OR THE MATTER THAT IS THE SUBJECT OF THE LAWSUIT UNLESS AND UNTIL THE FULL AMOUNT DUE AND OWING TO Case Cash GP, LLC IS PAID IN FULL AND THE SECURITY INTEREST IS RELEASED IN WRITING BY Case Cash GP, LLC.

Very truly yours,

_____

Silbowitz, Garafola, Silbowitz, Schatz & Frederick

By: _____
Name:
Title:

ACKNOWLEDGED AND AGREED:

Case Cash GP, LLC

By: _____
Name:
Title:
Dated: _____, 2012

Aron Goldberger
*(client signature)*
23rd Day of June, 2015

3

I hereby accept the Legal Funding to be made by Case Cash GP, LLC pursuant to this Funding Agreement, agree to be bound by all of the terms and conditions of this Funding Agreement, grant Case Cash GP, LLC the Security Interest described above and assign to Case Cash GP, LLC the proceeds of my Lawsuit to the extent specified in this Funding Agreement on this 23rd Day of June, 2015.

## DISCLOSURE STATEMENT

| | |
|---|---|
| Legal Funding issued to Me | $1,000.00 |
| Application Fee | $    287.50 |
| Monthly Compounded Use Fee | 2.50% |
| Yearly Compounded Use Fee | 34.49% |
| Funding Date | 6/23/2015 |
| Total (App Fee + Legal Funding) | $1,287.50 |

*Total amount which would be due from me to Case Cash GP, LLC*

*ON THIS FUNDING ONLY assuming repayment of the Legal Funding on the following dates:*

| Date of Payment | | Amount Due |
|---|---|---|
| ON OR BEFORE | 9/23/2015 | $1,493.11 |
| ON OR BEFORE | 12/23/2015 | $1,493.11 |
| ON OR BEFORE | 3/23/2016 | $1,607.91 |
| ON OR BEFORE | 6/23/2016 | $1,731.54 |
| ON OR BEFORE | 9/23/2016 | $1,864.68 |
| ON OR BEFORE | 12/23/2016 | $2,008.06 |
| ON OR BEFORE | 3/23/2017 | $2,162.46 |
| ON OR BEFORE | 6/23/2017 | $2,328.73 |
| ON OR BEFORE | 9/23/2017 ** | $2,507.79 |

**After this date, fees continue to accrue until Case Cash GP, LLC is paid in full. This chart includes example dates only. Dates after those shown will reflect additional pay-off amounts. Always contact Case Cash GP, LLC for your exact pay-off amount.

Client's Initials: _____

# FUNDING AGREEMENT

23rd Day of June, 2015

My name is **Aron Goldberger** and I reside at **405 Tarrytown 1120, White Plains, NY 10607.**

1. **Legal Funding.** I am accepting the total sum of $1,287.50 (the "Legal Funding") from Case Cash GP, LLC, a New York limited liability company, which I will use for my immediate economic needs. **This funding, along with the $2,652.79 currently owed by me to Case Cash GP, LLC, brings my total amount funded to $3,940.29..** I hereby understand and acknowledge that the sum of $287.50, representing the Application Fee, shall be paid directly from the Funded Amount, leaving the sum of $1,000.00 of the net proceeds payable directly to me, **Aron Goldberger.**

2. **Use Fee.** In consideration of the Legal Funding to be made to me under this Funding Agreement and the substantial risk that Case Cash GP, LLC will assume, I am assigning an interest equal to the funded amount, together with accrued use fee, compounded monthly and other fees or costs, from the proceeds of my lawsuit to Case Cash GP, LLC. The monthly use fee shall be a charge in an amount equal to 2.50% compounded monthly of the amount funded to me herein. This funded amount includes the Application Fee that I agreed to when first applying for this funding. **\*\* Even if I repay this funding within the first Six (6) from the date herein, the Use Fee will be for Six (6) from the date of this funding and the payoff figure will be computed on this basis. If I repay this funding within any subsequent Three (3) period, the Use Fee will continue to accrue until the end of such subsequent Three (3) period and the payoff amount will be computed on this basis. These amounts will be deducted from the proceeds of my lawsuit. \*\***

3. **Obligation; Proceeds.** The Legal Funding, plus any accrued Use Fee, compounded monthly, and any other fees or costs disclosed in the Disclosure Statement are called the "Obligation". The term "proceeds" shall include any money paid as a consequence of the Lawsuit whether by settlement, judgment or otherwise.

4. **Payments to Case Cash GP, LLC Made Directly from Proceeds.** In consideration of the Legal Funding, in signing this Funding Agreement, I am assigning to Case Cash GP, LLC an interest in the proceeds of my Lawsuit in an amount equal to the Obligations. The Obligation will be deducted from the proceeds of my Lawsuit and paid directly and immediately to Case Cash GP, LLC after payment of the fees due to the attorney representing me in my Lawsuit and any future attorney representing me in my Lawsuit ("my Attorney") and any lien holders that may exist of record as of this date, but before any payment is made to me.

5. **Obligation to be paid only Out of Proceeds; No Personal Liability.** Until there are proceeds payable to me from my Lawsuit, I will not owe anything to Case Cash GP, LLC. If I do not recover any money from my Lawsuit, I will not owe Case Cash GP, LLC anything. If the proceeds payable to me from my Lawsuit are insufficient to pay the full amount of the Obligation, Case Cash GP, LLC's recovery will be limited to the proceeds of my Lawsuit and I will not have any obligation to pay the deficiency to Case Cash GP, LLC.

6. **Right to Pay Obligation at Any Time.** I understand that I will have the right, at any time upon three days' prior notice, to pay to Case Cash GP, LLC the full amount of the then

Client's Initials _____

outstanding Obligation (including the accrued Use Fee) and that upon making such payment the Security Interest (defined below) will terminate and Case Cash GP, LLC will have no further interest in the proceeds of my Lawsuit.

7. **Security Interest in Proceeds of Lawsuit.**    To secure Case Cash GP, LLCs' interest in the proceeds of my Lawsuit, in signing this Funding Agreement I am hereby granting to Case Cash GP, LLC an irrevocable first priority security interest in, and lien upon, the first **$3,940.29,** *plus the monthly compounded funded rate of* **2.50%** of the proceeds of my Lawsuit (the "Security Interest"). I understand that this amount may be more than the total amount of the Obligation that I will owe Case Cash GP, LLC from the proceeds of my Lawsuit. However, I am granting Security Interest to Case Cash GP, LLC in this amount to protect Case Cash GP, LLC's interest in the assigned proceeds. At any time that the amount of the Obligation exceeds the Security Interest, Case Cash GP, LLC may send my Attorney notice of an additional lien upon the proceeds of my Lawsuit and the Security Interest will automatically be increased by such amount.

8. **Authorization to Attorney to Make Payment and Provide Information to Case Cash GP, LLC**    I hereby direct my Attorney to honor the Security Interest and to make the payment to Case Cash GP, LLC set forth in paragraph 3 above. At the same time as I have signed this Funding Agreement I have also instructed my Attorney to cooperate with Case Cash GP, LLC and to give Case Cash GP, LLC periodic updates of the status of my Lawsuit as requested by Case Cash GP, LLC and to send all payments due to Case Cash GP, LLC under this Funding Agreement to the address first set forth above.

9. **Fees and Costs in the Event of a Dispute.**    If Case Cash GP, LLC must retain an attorney to collect the sums due under this Funding Agreement, I agree to pay the reasonable fees and costs incurred by Case Cash GP, LLC in hiring such attorney. I further agree that a fee equal to one-third of the money due Case Cash GP, LLC will be a reasonable fee for such purpose.

10. **Notification of Change in Attorney.**    If I change Attorneys I will notify Case Cash GP, LLC within 48 hours of the change, and provide Case Cash GP, LLC with the name, address and phone number of my new Attorney.

11. **Notification of Change in Address.**    I will receive any notices required under this Funding Agreement at the address I have first set forth above. If I move, I will notify Case Cash GP, LLC within 72 hours of my new address.

12. **No Other Liens on Proceeds.**    From and after today I will not knowingly grant any security interest or create any additional lien against the proceeds of my Lawsuit, specifically including any security interests or liens against the proceeds of my Lawsuit as a result of any funding or loans that I might receive after the date of this Funding Agreement, without the prior written consent of Case Cash GP, LLC (except those that may be necessary to the prosecution of my Lawsuit). The consent of Case Cash GP, LLC to any additional lien may be withheld for any reason. The company reserves the right to file a Uniform Commercial Code (U.C.C.) at its sole discretion to protect the litigation funding lien in this matter.

Client's Initials:

13. **Lawsuit.** For all purposes of this Funding Agreement: the term "my Lawsuit" shall be for <u>The cause of action arising from the injuries sustained in the accident which occurred on or about June 18, 2014, involving Aron Goldberger.</u>

14. **Case Cash GP, LLCs' Interest is ONLY in the Proceeds.** New York State Judiciary Law §489 ("Champerty") prohibits any individual or company to acquire someone else's right to sue. In entering into this Funding Agreement, I specifically acknowledge that: Case Cash GP, LLC is in no way acquiring my right to sue, either in connection with the Lawsuit or otherwise and that I am not assigning my cause of action, but only a portion of the proceeds from my Lawsuit; that I have already commenced the Lawsuit with counsel of my own choosing; that the Lawsuit absolutely belongs to me and no one else; and that Case Cash GP, LLC will in no way be involved, or have the right to be involved, in the decisions that I and/or my Attorney make in connection with the prosecution or settlement of my Lawsuit.

15. **Waiver of Defenses Against Payment.** It is my desire that this Funding Agreement be enforced to the fullest extent permitted by law. I therefore waive any defense to payment of the sums due and promise not to seek to avoid payment of any sums due to Case Cash GP, LLC under this Funding Agreement. No failure on the part of Case Cash GP, LLC to exercise any right that it may have arising under this Funding Agreement shall be deemed to be a waiver of any such right.

16. **Complete Agreement; Changes Must be in Writing.** This Funding Agreement represents the entire agreement between Case Cash GP, LLC and me and takes precedence over any prior understandings, representations or agreements. This Funding Agreement may only be modified in writing.

17. **Severability.** If any provision of this Funding Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

18. **Binding Agreement.** This Funding Agreement will be binding on me and on my heirs, executors and administrators.

19. **Governing Law.** I agree that any disputes that may arise out of this Funding Agreement shall be adjudicated in either the Supreme Court or the Civil Court in the State of New York County of Kings. This Funding Agreement will be construed in accordance with the laws of the State of New York, without giving effect to the principles thereof relating to conflict of laws, and may be executed in separate counterparts. A signature transmitted by telecopier (fax) shall be effective with the same force and effect as an original signature.

20. **Consider Other Sources of Funding.** I have been advised that I should not accept the Legal Funding, assign an interest in the proceeds of my Lawsuit or grant the Security Interest as set forth in this Funding Agreement if I have any other alternative to meet my immediate economic needs and that Case Cash GP, LLC is a source of capital of last resort. To compensate Case Cash GP, LLC for taking a substantial risk in providing me with the Legal Funding, I understand that Case Cash GP, LLC will also make a substantial profit. However, Case Cash GP, LLC will be paid only from the proceeds of my Lawsuit, and will not to seek to recover any money from me directly in the event that my Lawsuit is not successful or seek excess money from me if the proceeds of my Lawsuit are less than the Obligation.

3

Client's Initials:

21. **You Should have Your Attorney Review this Funding Agreement.**    I acknowledge that Case Cash GP, LLC has advised me to seek legal counsel of my own choosing prior to signing this Funding Agreement. I have either received such counsel or expressly waive it. This Agreement has been fully explained to me, and all questions that I might have about this transaction have been explained to me fully.    [This has been done both in English and _____ the language I speak best.]

22. **CONSUMER'S RIGHT TO CANCELLATION.**  I understand that I may cancel this Funding Agreement for any reason within five (5) business days of the date I received the Legal Funding from Case Cash GP, LLC. I must deliver to Case Cash GP, LLC my cancellation notice together with the entire amount of the Legal Funding. I may do this by (a) making personal delivery to Case Cash GP, LLCs' offices of my cancellation notice and the entire amount of the Legal Funding or (b) mailing a notice of cancellation together with the entire amount of the Legal Funding by insured, registered or certified United States mail, postmarked within 5 business days of receiving the Legal Funding from Case Cash GP, LLC. I may return the Legal Funding by delivering the un-deposited check Case Cash GP, LLC gave me or a certified or bank check in the amount of the Legal Funding or a money order in the amount of the Legal Funding.

*Remainder of this page intentionally left blank*

Client's Initials: _____

**DO NOT SIGN THIS FUNDING AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. BEFORE YOU SIGN THIS FUNDING AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS FUNDING AGREEMENT.**

_____
Client Signature

_____
Client's Name *(please print)*

AGREED AND ACCEPTED:

Case Cash GP, LLC

By: _____
Name:
Title:

STATE OF ~~NEW YORK~~ CONNECTICUT )
                                   ) ss.: STAMFORD
COUNTY OF Fairfield              )

On the 23 day of June, 201 6, before me personally came **Aron Goldberger**, known to me, and known to me to be the individual described in and who executed the within Funding Agreement and duly acknowledged to me that s/he executed the same.

CRAIG GOMES
NOTARY PUBLIC
CONNECTICUT

_____
NOTARY PUBLIC    Exp 4/30/18

Client's Initials: _____

6



Search

SEARCH AGAIN :

CLICK ON COLUMN TITLE TO SORT TABLE

**COUNTY CLERK MINUTES :**

OPEN CASE @ NYSCEF SITE

| 44 | 2016-11-28 | AFFIRMATION/AFFIDAVIT OF SERVICE |
| 43 | 2016-11-28 | NOTICE OF ENTRY |



KEY TO LINKS BELOW

FULL CAPTION

SCANNED DOCUMENTS

CC - CIVIL INDEX INQUIRY

CASE CAPTION

CASE INFORMATION

ATTORNEYS

APPEARANCES



https:...courts.state.ny.us/scroll/SQLData.jsp

SCROLL

| # | Date | Description | | Comments |
|---|------|-------------|---|----------|
| 42 | 2016-11-28 | DECISION + ORDER ON MOTION | 003 | - |
| 41 | 2016-07-29 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | 003 | - |
| 40 | 2016-07-27 | AFFIRMATION/AFFIDAVIT OF SERVICE | 003 | AFFIRMATION OF HOWARD SCHATZ - |
| 39 | 2016-07-27 | EXHIBIT(S) | 003 | |
| 38 | 2016-07-27 | EXHIBIT(S) | 003 | AFFIDAVITS OF SERVICE |
| 37 | 2016-07-27 | AFFIDAVIT OR AFFIRMATION IN REPLY | 003 | REPLY AFFIRMATION OF KAREN L. KIRSHENBAUM |
| 36 | 2016-07-01 | AFFIRMATION/AFFIDAVIT OF SERVICE | 003 | - |
| 35 | 2016-07-01 | EXHIBIT(S) | 003 | COPY OF 90 DAY NOTICE |
| 34 | 2016-07-01 | EXHIBIT(S) | 003 | COPY OF NOTICE OF ENTRY AND ORDER |
| 33 | 2016-07-01 | EXHIBIT(S) | 003 | COPY OF ANSWER |

MOTIONS

COMMENTS

ASSIGNED JUSTICE

SCROLL

| No. | Date | Type | Description | |
|---|---|---|---|---|
| 32 | 2016-07-01 | EXHIBIT(S) | COPY OF AMENDED SUMMONS AND COMPLAINT | 003 |
| 31 | 2016-07-01 | AFFIDAVIT | - | 003 |
| 30 | 2016-07-01 | NOTICE OF MOTION | - | 003 |
| 29 | 2016-03-23 | AFFIDAVIT | AFFIDAVIT OF SERVICE OF 90-DAY DEMAND | - |
| 28 | 2016-03-23 | DEMAND FOR | DEMAND FOR RESUMPTION OF PROSECUTION OF ACTION AND FOR NOTE OF ISSUE | - |
| 27 | 2015-12-15 | DECISION + ORDER ON MOTION | - | 002 |
| 26 | 2015-11-10 | AFFIRMATION/AFFIDAVIT OF SERVICE | - | 002 |
| 25 | 2015-11-10 | AFFIRMATION/AFFIDAVIT OF SERVICE | - | 002 |
| 24 | 2015-11-10 | AFFIRMATION/AFFIDAVIT OF SERVICE | - | 002 |
| 23 | 2015-11-06 | ORDER TO SHOW CAUSE | - | 002 |

SCROLL

| # | Date | Description | | |
|---|------|-------------|---|---|
| 22 | 2015-11-05 | AFFIRMATION | | 002 |
| 21 | 2015-11-05 | ORDER TO SHOW CAUSE ( PROPOSED ) | | 002 |
| 20 | 2015-11-03 | STIPULATION - ADJOURNMENT OF CONFERENCE | STIPULATION TO ADJOURN CONFERENCE | |
| 19 | 2015-10-26 | DEMAND FOR | FURTHER DEMAND FOR MEDICAL, COLLATERAL SOURCE RECORDS AND AUTHORIZATIONS | |
| 18 | 2015-07-13 | DECISION + ORDER ON MOTION | | 001 |
| 17 | 2015-07-08 | STIPULATION - WITHDRAWING MOTION-ORDER TO SHOW CAUSE | | 001 |
| 16 | 2015-07-01 | ORDER - PRELIMINARY CONFERENCE | | |
| 15 | 2015-07-01 | STIPULATION - SO ORDERED | | |
| 14 | 2015-06-10 | EXHIBIT(S) | STIP | 001 |

SCROLL

| | | | | |
|---|---|---|---|---|
| 13 | 2015-06-10 | EXHIBIT(S) | SUPP SUMMONS | 001 |
| 12 | 2015-06-10 | NOTICE OF MOTION | | 001 |
| 11 | 2015-06-09 | DEMAND FOR | DEMAND FOR BILL OF PARTICULARS, COMBINED DEMANDS, MEDICAL DEMAND, MEDICARE DEMAND, SOCIAL NETWORKING DEMAND, EXPERT DEMAND | |
| 10 | 2015-06-09 | NOTICE OF DEPOSITION | | |
| 9 | 2015-06-09 | ANSWER | VERIFIED ANSWER OF DEFENDANTS | |
| 8 | 2015-05-29 | RULE (OTHER SPECIFY IN DESCRIPTION AREA) | | |
| 7 | 2015-05-27 | STIPULATION - OTHER | STIPULATION TO AMEND CAPTION | |
| 6 | 2015-05-26 | | [REJECTED] RETURNED FOR CORRECTION | |
| 5 | 2015-05-15 | STIPULATION - DISCONTINUANCE - PRE RJI | | |
| 4 | 2015-05-15 | AFFIRMATION/AFFIDAVIT OF SERVICE | | |

SCROLL

| | | |
|---|---|---|
| 3 | 2015-04-29 | AFFIRMATION/AFFIDAVIT OF SERVICE |
| 2 | 2015-04-29 | AFFIRMATION/AFFIDAVIT OF SERVICE |
| 1 | 2015-04-15 | SUMMONS - COMPLAINT |

Documents that have been entered into the minutes of the County Clerk bear a stamp stating "Filed," followed by the date of filing (entry date) and the words "New York County Clerk's Office." Except in matrimonial cases (documents for which are not included in Scroll), judgments are not entered by the County Clerk until an attorney for a party to the case appears at the Judgment Clerk's desk (Rm. 141B at 60 Centre Street) and requests entry. Copies of unfiled judgments bearing a stamp stating "Unified Judgment" and a notice to counsel may be found in Scroll. For technical reasons, some long form orders or other documents that were scanned in the early phase of this project may be categorized here as a "Decision."

NEW SEARCH

60 Centre Street, New York NY 10007 Copyright © 2006 Unified Court System

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

ARON GOLDBERGER,

                          Plaintiff(s),

           -against-

KMART CORPORATION and JOSE PAGAN,

                        Defendant(s).

----------------------------------------------------------------X

**NOTICE OF ENTRY OF ORDER**

Index No.: 153695/15

COUNSELORS:

**PLEASE TAKE NOTICE**, that annexed is a true copy of an Order duly entered in the office of the Clerk of the within named Court on December 14, 2015.

Dated:      New York, NY
             December 15, 2015

                         Yours, etc.

                         Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP
                         Attorney for Plaintiff(s)
                         Aron Goldberger
                         25 West 43rd Street
                         Suite 711
                         New York, NY 10036
                         (212) 354-6800
                         Our File No. 201500149

TO:    Aron Goldberger
405 Tarrytown Rd
Suite 1120
White Plains, NY 10607

Lynch Rowin, LLP
Attorney for Defendant(s)
Jose Pagan
KMART CORPORATION

30 Vesey Street, 8th Floor
New York, NY 10007
(212) 682-4001

FILED    NEW YORK COUNTY CLERK 12/15/2015 11:14 AM

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____ MANUEL J. MENDEZ _____    PART ___13___
                              *Justice*

ARON GOLDBERGER,

            *Plaintiff,*

      -against-

KMART CORPORATION AND JOSE PAGAN,

            *Defendants.*

| | |
|---|---|
| INDEX NO. | 153695/15 |
| MOTION DATE | 11-25-2015 |
| MOTION SEQ. NO. | 002 |
| MOTION CAL. NO. | |

The following papers, numbered 1 to 2 were read on this motion by plaintiff's attorney to withdraw as counsel:

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits | 1 , 2 |
| Answering Affidavits — Exhibits _____ cross motion | |
| Replying Affidavits | |

**Cross-Motion:** ☐ Yes    X No

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Upon a reading of the foregoing cited papers, it is ordered that plaintiff attorney's Silbowitz, Garafola, Silbowitz, Schatz and Frederick, LLP, motion to withdraw as counsel, is granted.

Plaintiff commenced this action for injuries he alleges were sustained on June 18, 2014, at the defendant KMART Corporation's store located at 250 West 34th Street, New York, New York when he was assaulted by employees which included Jose Pagan.

In accordance with the affirmation of Howard Schatz, Esq., differences of an irreconcilable nature arose between plaintiff and his attorneys. Mr. Schatz alleges that the differences have eroded the attorney-client relationship and cannot be resolved.

The firm of Silbowitz, Garafola, Silbowitz, Schatz and Frederick, LLP seeks to withdraw as counsel to plaintiff in light of their irreconcilable differences in this lawsuit. Aron Goldberger and the defendants appearing in this action did not oppose the motion, or appear at oral argument, and are in default. The firm of Silbowitz, Garafola, Silbowitz, Schatz and Frederick, LLP, has established a basis withdraw as attorneys for the plaintiff.

Accordingly, it is ORDERED that the firm of Silbowitz, Garafola, Silbowitz, Schatz and Frederick, LLP's motion, is granted, and it is further,

ORDERED that the firm of Silbowitz, Garafola, Silbowitz, Schatz and Frederick, LLP is permitted to withdraw as counsel for plaintiff, ARON GOLDBERGER, and it is further,

ORDERED, that said attorneys shall serve a copy of this Order with Notice of Entry upon the former client at his last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by regular mail, and it is further.

ORDERED, that together with a copy of this Order with Notice of Entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within thirty (30) days from the date of mailing of said

notice and the client shall comply therewith or shall be considered to be proceeding pro-se, and it is further,

ORDERED, that any new attorney retained by plaintiff shall file a notice of appearance with the General Clerk's Office - Trial Support Clerk (Room 119) within thirty (30) days of being retained, and it is further,

ORDERED, that this case is stayed and no further action or proceedings may be taken without leave of this Court for a period of sixty (60) days after service on Aron Goldberger, the former client of the aforesaid notice to appoint a substitute attorney, and it is further,

ORDERED, that the parties shall appear for a Compliance Conference on March 23, 2016 at 9:30a.m., in room 210, 71 Thomas Street, New York, New York.

ENTER:

Dated: December 14, 2015

MANUEL J. MENDEZ,
J.S.C.

MANUEL J. MENDEZ
J.S.C.

Check one:  ☐ FINAL DISPOSITION    X NON-FINAL DISPOSITION

Check if appropriate:  ☐ DO NOT POST    ☐ REFERENCE

STATE OF NEW YORK :

COUNTY OF NEW YORK:  ss.:

**HOWARD SCHATZ**, an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

I am not a party to the action, am over the age of eighteen (18) years and reside in Nassau, New York.  On December 15, 2015, I served the within

## NOTICE OF ENTRY OF ORDER

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Aron Goldberger
405 Tarrytown Rd
Suite 1120
White Plains, NY 10607

Lynch Rowin, LLP
Attorney for Defendant(s)
Jose Pagan
KMART CORPORATION
30 Vesey Street, 8th Floor
New York, NY 10007
(212) 682-4001

Dated:
        New York, NY
        December 15, 2015


                                        HOWARD SCHATZ

Index No. 153695/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ARON GOLDBERGER,

Plaintiff(s),

-against-

KMART CORPORATION and JOSE PAGAN,

Defendant(s).

## NOTICE OF ENTRY OF ORDER

### Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP
*Attorneys for Plaintiff(s)*
**25 West 43rd Street**
**New York, NY 10036**
**(212) 354-6800**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon, information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:  December 15, 2015

Signature

Howard Schatz

**SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP**

Attorneys At Law
25 West 43rd Street, Suite 711
New York, NY 10036

Telephone (212) 354-6800
Facsimile (212) 354-3737
www.nylawyer.net

MITCHELL F. SILBOWITZ
HOWARD R. SCHATZ
HOWARD G. FREDERICK

Of Counsel

IRWIN M. SILBOWITZ
Retired New York State
Supreme Court Judge

EDWARD M. RAPPAPORT
Retired New York State
Supreme Court Judge

GEORGE GARAFOLA
J. DAVID LOVE

December 15, 2015

Ms. Aron Goldberger
405 Tarrytown Rd
Suite 1120
White Plains, NY 10607

Dear Ms. Goldberger:

Enclosed please find a copy of the Court Order relieving us as counsel. Please be aware that according to the Order you have thirty (30) days to retain a new attorney.

If you have any questions, please feel free to contact me.

Very truly yours,

Rachel Love
Paralegal

<u>**Exhibit A**</u>

Case #26515

1. Case Cash Lien / Security Interest
2. Goldberger vs Sears Court Judgement

25 pages Total

## Exhibit B

for Case #26517

1.  Human Rights Complaints and Judgements Regarding Inequality and Human Rights 2016

2.  Emails of Corporate Communication Negligence 2011-2016

3.  Failure to Pay and Hire For Position and work performed.

4.  EEOC Filing

**81 Pages Total**



Betsey McGrail
Fair Employment Consultant
Sears Holdings Management Corporation
3333 Beverly Road A3-130B
Hoffman Estates, Illinois 60179
Phone: (847) 286-8131 Fax: (847) 396-4902
Email: betsey.mcgrail@searshc.com

Via UPS next day delivery and
email nadia.dawoud@dhr.ny.gov

August 12, 2016

Nadia Dawoud
Human Rights Specialist I
New York State Division of Human Rights
7-11 South Broadway, Suite 314
White Plains, NY 10601

**RECEIVED**

**AUG 15 2016**

Re:   **Aron Goldberger v. Sears, Roebuck and Co.**
      **Case No. 10182188**

Dear Ms. Dawoud:

This letter sets forth the position of Sears, Roebuck and Co. ("Sears" or "Respondent"), the correct legal name for Respondent, in response to the above-referenced Complaint of discrimination filed by Aron Goldberger a/k/a Odrica Harrow ("Complainant").[1] Complainant alleges that in the Regulated Areas of Employment, Public Accommodations, Boycott/Blacklisting and Commercial Space, that Sears discriminated against her because of her disability, domestic violence victim status, familial status, female gender, and subjected her to sexual harassment and retaliation. Her Complaint is incomprehensible and largely illegible. Sears denies that it unlawfully discriminated or retaliated against Complainant. A review of the relevant facts and circumstances reveals that Complainant's Complaint is without merit and must be dismissed.

## I.   BACKGROUND ON RESPONDENT AND COMPLAINANT'S EMPLOYMENT HISTORY

Respondent is a Sears retail store that sells a full assortment of appliances, electronics, and home improvement products (Kenmore, Craftsman), including fitness and lawn and garden equipment and a complete selection of fashionable, quality apparel and accessories for the whole family (Covington, Lands' End), fine jewelry and home fashions. The address of the store named in the charge is 100 Main Street, White Plains, NY 10601 (the "Store"). Sears is incorporated in the State of New York.

Sears originally hired Complainant on November 2, 2010 at its Poughkeepsie, NY store. Complainant worked on and off at various locations for both Sears and Kmart Corporation until Sears terminated her from the White Plains, NY Store on November 22, 2015 for Job Abandonment.

---

[1] This statement of position contains the undersigned's present understanding of the facts. By submitting this information. Sears in no way waives or intends to waive its right to present new or additional facts or arguments. Further, while believed to be true and correct in all respects, this statement of position does not constitute an affidavit. This statement of position is submitted on the express condition that it not be used as evidence of any kind in any court or administrative proceeding in connection with the Complaint, or any other proceeding involving Sears. Finally, this response includes confidential information not to be disclosed without the written approval of Sears.

Complainant about the remaining items in her shopping bag, she became irate and said "b!@#$ please, i dont got f#$%ing time for this, next time you come at me correct, im not taking nothing, if anything Sears is robbing ME." **(Enclosure No. 6, Carmen Geddes (female, disability status unknown) email dated 11/18/2015.)** Complainant proceeded to get louder every time Loss Prevention Associate James Chestnut (male, disability status unknown) asked her to remain respectful. Complainant then put her items in her bag and walked away.

Beginning the next day, Complainant was a No Call/No Show for four scheduled work days (November 15, November 17, November 20, and November 21, 2015). Respondent's attendance policy provides that two No Call/No Shows will result in termination. **(Enclosure No. 7, Sears Full Line Store Attendance Policy.)** Accordingly, Complainant's attendance violations resulted in her termination effective November 22, 2015 for Job Abandonment. **(Enclosure No. 4, Job Abandonment PeopleSoft page; Enclosure No. 8, Termination letter dated November 25, 2015.)** On December 4, 2015 Market HR Manager Robyn Koprowicz (female, disability status unknown) spoke with Complainant about the bag check incident. Complainant again became irate and used similar inappropriate language with Ms. Koprowicz as she used during the November 14, 2015 bag check incident:

> Aron became very rude and stated the clothes in the bag were from the night before[. I]s sears interested in who I fxxxxxd last night. I informed Aron that was not the case and that type of language is uncalled for. She proceed [sic] to tell me she is coming back to sears and get her money from the people who stole it from her. She has people outside of work demanding money from her so if she needs to kick axx to get her money she will.

Ms. Koprowicz informed Complainant that Sears does not condone or tolerate this type of behavior and it is unprofessional and against policy. **(Enclosure No. 9, Koprowicz email dated December 14, 2015.)** At no time did Complainant claim she was being treated differently because of her gender or alleged disability. As further evidence that Complainant's gender and alleged disability status were not the reasons for her termination, during 2014-2016 Respondent terminated 33 other associates (14 male/19 female; 32 disability status unknown, 1 disabled) for Job Abandonment. **(Enclosure No. 10, Job Abandonment Terminations, White Plains Store, 2014-2016.)**

After her termination Complainant claimed she was owed corporate commissions for leads she had provided the Sears Commercial Sales group under her previous name Odrica Harrow. Complainant advised Ms. Koprowicz that she changed her name in 2013 (Odrica Harrow to Aron Goldberger) because of stalking and sexual harassment. She stated that her abuser was aware of the commissions allegedly owed from Sears and "it has been proven that he has access to communications to Sears Holding preventing me from income." Complainant seemed to be implying that her stalker/harasser/abuser somehow prevented her from receiving her commissions. **(Enclosure No. 11, Complainant email dated December 8, 2015 with spreadsheet.)** Complainant's statements make no sense.

At the outset her commission claim is time-barred. These leads stem from events that occurred in 2011, *over four years before* the filing of the instant Complaint on June 14, 2016. The claim should be dismissed on this basis alone. Even if the untimeliness is deemed to be insufficient to warrant dismissal, Complainant's claim cannot succeed as she has been *paid* all commissions due for the 2011 leads. Complainant previously inquired about these same commission payments in 2011. At that time HR Manager/Field Sales Team Arquette Gibson (female, disability status unknown) communicated with Complainant and clarified for her the process and status of her payments. **(Enclosure No. 12, email string May 17-23, 2011.)** Complainant was paid in full the amount of $90.00 for her leads. **(Enclosure No. 13, paycheck detail for pay periods ending 2/19/2011, 5/28/2011 and 5/28/2011.)** Complainant alleged that she is owed $500,000 in commissions. Ms. Koprowicz *also* advised Complainant that no additional commission payments for the 2011 leads were owed. **(Enclosure No. 14, email string January 4-5, 2016.)** At no time did Complainant claim she was not paid commissions because of her gender, alleged disability or any of the laundry list of protected categories listed in her Complaint.

Complainant seems to allege that Respondent retaliated against her because of her claim for the 2011 commission payments. Given the time that has passed and the speciousness of the assertion, this claim lacks merit. The necessary nexus does not exist.

In a further attempt to demonstrate unlawful discrimination, Complainant purports to suggest that store commissions were "stolen" from her. The alleged context fails to show how any such "theft" establishes that employment discrimination occurred. More specifically, she fails to provide any details, dates, amounts, names, witnesses or copies of any documentation in support of this allegation. Her claim is bereft of any supporting facts. On a couple of occasions Complainant did question why some of her commissions were reversed. She claimed that other sales associates were cancelling her sales. Store Manager Juan Garcia (male, disability status unknown) met with Complainant, pulled up her sales reports and reviewed them with Complainant. Mr. Garcia explained to Complainant that a commission is reversed if there is a return, cancellation or exchange of merchandise. **(Enclosure No. 15, Sears Holdings Associate Handbook, p. 34.)** Complainant acknowledged this sales policy when she received her copy of the Associate Handbook. She further agreed to abide by and be bound by the rules, policies, and standards set forth in the Associate Handbook and Company policy. **(Enclosure No. 16, Associate Acknowledgement signed 6-30-14.)**

Complainant again resorts to distortions and untruths when she alleges that she was "denied payment for medical leave of absences during surgery" and that Respondent "prevented unemployment disability, and leave of absence payment." First, her conclusory statements are untrue. As a part-time Sales Associate, Complainant was eligible to receive statutory benefits under New York law. **(Enclosure No. 17, Sears HR Policies: Short-Term Disability Benefits – New York SDI.)** Associates are responsible for providing the necessary medical information to substantiate their eligibility for such benefits. Delay in submitting medical information will delay claim determination and subsequently delay payment. Complainant received payment of all her disability-related benefits. **(Enclosure No. 18, STD paycheck detail for pay periods ending 1/17/2015, 1/31/2015, 3/28/2015, 4/11/2015, 4/25/2015, 5/9/2015 and 3/10/2016.)** Second, Complainant provides no information that the alleged non-payment of benefits was due to her gender, alleged disability or any of the long list of protected categories outlined in her Complaint.

Complainant also alleges that Sears discriminated against her because of an alleged disability (ADHD). At the outset, Complainant does not set forth any facts demonstrating that she has a qualifying disability. As recently as May 26, 2015 Complainant self-identified as not having any disability. **(Enclosure No. 19, Voluntary Self-Identification of Disability dated May, 26, 2015.)** On June 11, 2015 Complainant's return to work doctor's note (after her leave of absence for wrist surgery) stated she had no restrictions. **(Enclosure No. 20, Doctor Rodner Release dated 6/11/2015.)** Complainant did not advise the Store that she had a disability nor did she request any sort of accommodation. Even if she is deemed to have met this requirement, her claim still must fail because she has neither alleged nor shown any connection between her alleged disability or any purported failure to accommodate and any adverse employment action.

Even if prior to her termination Sears was aware of her alleged disability, which it was not, such a disability would not shield her from the consequences of her job abandonment. At no time was Complainant excused from the obligation to comply with the attendance policy. A company's application of its legitimate, non-discriminatory criteria cannot be considered discriminatory, and no alleged disability shields Complainant from the consequences of her job abandonment. The facts clearly demonstrate that Sears treated Complainant fairly and in a legitimate, non-discriminatory manner. Complainant simply does not and cannot allege facts showing that Sears unlawfully discriminated against her because of any alleged disability.

Page 5

Complainant next claims that Respondent discriminated against her when she was allegedly "Attacked by security guard at other Kmart locations [who] broke [her] wrist while not working on company premises failed to compensate." Respondent assumes Complainant is referring to the events of June 18, 2014 at the Kmart store located at 250 W. 34th Street, New York, NY. On that day Complainant was questioned by Loss Prevention after she attempted to return merchandise without a receipt. Complainant was attempting to return some items and receive a refund. The refund was denied. Complainant then concealed the two items she was requesting a refund for in a plastic bag. The items were ink cartridges valued at $47.99. As Complainant exited the store she "dumped" the items in a basket near the door and proceeded to exit. She was then stopped by Loss Prevention associates David Dobbins (male, disability status unknown) and Jose Pagan (male, disability status unknown). The Loss Prevention associates were unaware that she had left the items in the basket. The Loss Prevention associates discovered that Complainant did not have the items. Complainant came back into the store, went behind the checkout area and plugged her phone into an outlet. She refused to move from the checkout area and the police department was called to remove her from the store. **(Enclosure No. 21, Kmart Investigation Report dated 7/7/2014; Enclosure No. 22, Statements of Kmart Associates David Dobbins (female, disability status unknown) and Sherrod Smith (male, disability status unknown) dated June 19, 2014.)** Complainant alleges that when Loss Prevention questioned her outside the store they broke her wrist. Complainant provided a Statement of her version of events that day. **(Enclosure No. 23, Complainant Statement of June 18, 2014 events.)** It is interesting to note that after her wrist was *allegedly* broken and a cast applied, Complainant cut off the cast herself so she could attend Modern Dance classes for weeks. On April 15, 2015 Complainant filed a personal injury lawsuit against Sears Holdings and the matter is being addressed in that forum. **(Enclosure No. 24, Verified Complaint Case No. 153695/15.)** However, no facts exist that connect that alleged action to purported employment discrimination or retaliation by another store. No connection or causality exists. In short, the allegations are immaterial and nothing more than a red herring.

The discovery phase in the tort lawsuit also sheds light on the near-incomprehensible stalking allegations. More specifically, in the discovery process in the personal injury lawsuit, counsel for Kmart Corporation reviewed a Complaint filed by New York University against Complainant for unpaid tuition, registration fees and related expenses in the amount of $12,703.92. **(Enclosure No. 25, Verified Complaint Case No. CV-027935-14/NY.)** Complainant filed an Answer denying the allegations of NYU's Complaint and a Counterclaim against NYU for $50,000,000. As part of her Counterclaim, Complainant produced for the Court copies of personal emails between Complainant and NYU. **(Enclosure No. 26, Verified Answer/Counterclaim Case No. CV-027935-14/NY.)** Contrary to Complainant's allegation that Respondent "Teamed up with and retaliated against by stalking through school emails," her Answer/Counterclaim are public record documents containing personal emails that she herself provided to the Court. In fact, Complainant mentions a stalker (not Sears) having access to her communications. **(Enclosure No. 11, Complainant email dated December 8, 2015 with spreadsheet.)** In her Affidavit in Opposition to the Motion to Dismiss Complainant again alleges that "It was discovered recently that my emails were recently breached by unauthorized parties." **(Enclosure No. 27, Motion to Dismiss documents: Affidavit of Karen L. Kirshenbaum (counsel for Kmart Corporation), Affidavit of Complainant in Opposition, Reply Affirmation of Karen L. Kirshenbaum in Further Support of Motion to Dismiss.)** Sears denies any stalking of Complainant through school emails and notes the obvious fact that information that Complainant may otherwise have wished to remain private was made public through no fault of Sears.

Complainant also appears to assert that she experienced unlawful sexual harassment. Respondent has a zero-tolerance policy against harassment of any type, including sexual harassment. Company policy states that Sears will not tolerate harassment of any type. Associates that feel they have been subjected to harassment have a duty to immediately report such behavior. The associate can report this behavior to:

Page 6

1) Their Immediate Manager/Supervisor
2) Their Manager's Manager
3) Store Manager/Human Resources
4) Confidential 1-888-88SEARS Hotline

**(Enclosure No. 2, Pamphlet on Harassment and Discrimination in the Workplace; Enclosure No. 28, Sears Holdings Associate Handbook, p. 12.)** Complainant now claims that she was subjected to sexual harassment, however she does not provide any details or specifics with respect to the identity of the alleged harasser, or the content of any harassing comments or actions. This claim is legally deficient, as she never complained of harassment during her employment and Respondent never had the opportunity to investigate or address her claim. Complainant was trained on the various methods to report any concerns. Even if this behavior was occurring, which Respondent denies, Complainant prevented Respondent from investigating timely and taking any appropriate action.

In her Complaint, Complainant alleges "Failure to notify me of my termination." Complainant *was* notified of her termination by letter **(Enclosure No. 8, Termination letter dated November 25, 2015)** and by email on January 5, 2016. Complainant responded to the January 5, 2016 email confirming her termination with the flip response "Lol." **(Enclosure No. 14, email string January 4-5, 2016.)** Complainant provides no details in her Complaint that supports her suggestion that the alleged failure to notify her of her termination was due to her gender, alleged disability or any of the long list of protected categories listed in her Complaint.

Complainant alleges also that Respondent "Failed to hire me misleading me." As Complainant provides no details about this allegation in her Complaint, Sears assumes Complainant is referring to her application with the Sears Commercial Sales group. "I have been interviewing with Sears commercial for 2 years and they failed to hire me for having no experience." **(Enclosure No. 11, Complainant email dated December 8, 2015 with spreadsheet.)** On May 26, 2015 Complainant submitted an electronic application for the position of Territory Manager, Commercial Sales – NY using Sears' online application system (BrassRing). **(Enclosure No. 29 Job Description HS1688, Territory Manager, Commercial Sales; Enclosure No. 30, Requisition #450730BR.)** Ten candidates applied for the Territory Manager position. **(Enclosure No. 31, Requisition Folder #450730BR, Applicants.)** A summary of the relevant information is below:

**Requisition #450730BR: Territory Manager, Commercial Sales - NY**

| Applicant Name | Disability Status | Sex | Status |
|---|---|---|---|
| Stephen Brindisi | Unknown | M | Not Hired |
| Edward Chessman | Unknown | M | Not Hired |
| Chris Geczy | Unknown | M | Not Hired |
| Complainant | Alleged | F | Not Hired |
| Fumi Muto | Unknown | M | Not Hired |
| Francis Rant | Unknown | M | Not Hired |
| Kathy Simon | Unknown | F | Hired |
| Mike Stewart | Unknown | M | Not Hired |
| John Walsh | Unknown | M | Not Hired |
| Timothy Webb | Unknown | M | Not Hired |

Kathy Simon was the successful applicant for the Territory Manager position. Her experience matched the credentials and competencies required for the position: 5-10 years of successful B2B outside sales experience; account management and business development experience; familiarity with a sales force; and bachelor's degree preferred. Respondent selected her for the Territory Manager position due to her

Page 7

solid and demonstrated qualifications and experience. **(Enclosure No. 32, Kathy Simon Talent Record; Enclosure No. 33, Kathy Simon Summary of Experience.)** Complainant's qualifications could not compare. Complainant's only listed experience was as a Consultative Sales Associate and a Real Estate Broker. **(Enclosure No. 34, Aron Goldberger Talent Record; Enclosure No. 35, Aron Goldberger Resume.)** In addition to Complainant, eight *male* applicants did not receive the position. Contrary to her allegations, Complainant was not blacklisted, she was just not the best qualified candidate. Distinguishing factors such as Ms. Simon's demonstrated qualifications and experience evidence why Ms. Simon's selection was appropriate and lawful.

As previously addressed, Complainant was not blacklisted nor were any stalker comments made to employers. To the extent that an associate requires any employment reference or verification, they should direct all inquiries to The Work Number at 1-800-367-5690. **(Enclosure No. 36, Sears Policy Verification of Employment Requests.)**

Complainant alleges that Respondent somehow caused her to be a victim or perpetrator of domestic violence. This allegation is absurd. She provides no details nor any nexus to Respondent. In fact, Complainant admits to a history of being sexually, emotionally, or physically abused. **(Enclosure No. 37, Emergency Room Registration Form 10/26/14; Enclosure No. 11, Complainant email dated December 8, 2015 with spreadsheet.)** She continues her allegations that somehow Respondent caused a delayed education, eviction (from October 2012 when Complainant was not even employed by Respondent), loss of property, threats of losing her children, familial status, wasted time and money. All of these events are *completely unrelated* to Respondent or Complainant's previous employment at the Store.

Complainant's allegations are incomprehensible and largely illegible. She fails to allege any specifics that she did in fact engage in protected conduct that supports a retaliation claim. Her rambling incomplete statements point to no evidence that even remotely suggests discrimination or retaliation and she relies only on unsupported supposition. Complainant also fails to present any reasonable facts showing unlawful action by Sears either in the employment or public accommodation context. The absence of specific allegations serves only to underscore the meritless nature of her claims. Respondent reserves the right to supplement its response should Complainant provide any details to her Complaint at a future time.

## IV.    CONCLUSION

As these facts clearly demonstrate, Complainant's Complaint is not only legally and factually deficient, but also untruthful and frivolous. Sears did not engage in any unlawful disability or gender discrimination, nor any sexual harassment or retaliation. The Complaint should be dismissed. Should you have further questions, please do not hesitate to contact the undersigned.

Sincerely,

Betsey McGrail
Fair Employment Consultant

Enclosures

Re: RE: Odrica Harrow's Resume

From: Odrica Harrow (odrica@yahoo.com)

To: jim.smith@searshc.com

Date: Friday, March 25, 2011, 09:35 AM EDT

Great thanks Jim. Can you confirm the commission percentage amount I will be paid on the deals I've already refferred?

Sent from Yahoo! Mail on Android

**From:** Smith, Jim <Jim.Smith@searshc.com>;
**To:** Odrica Harrow <odrica@yahoo.com>;
**Subject:** RE: Odrica Harrow's Resume
**Sent:** Fri, Mar 25, 2011 11:20:01 AM

Odrica,

Thanks for touching base. Should a need arise for additional Account Managers in New York I'll give you a call.

James A. Smith
District Manager, Northeast
Sears Commercial
NEW: e-mail address: jim.smith@searshc.com
Phone: 518 306-5228
Fax: 518 306-5229
Cell: 518 221 6459

This message and its contents (to include attachments) are the property of Sears Holding Corporation, Kmart Holding Corporation, Sears, Roebuck and Company and/or their affiliates and may contain confidential or proprietary information. You are hereby notified that any disclosure, copying or distribution of this message, or the taking of any action

-----Original Message-----
**From:** Odrica Harrow [mailto:odrica@yahoo.com]
**Sent:** Thursday, March 24, 2011 3:19 PM
**To:** Smith, Jim
**Subject:** Re: Odrica Harrow's Resume

Great! Let me know when your ready to meet. So many more leads ready to be converted.

Odrica

Odrica Harrow-Ested
914-338-6393
Email-odrica@yahoo.com

--- On **Thu, 3/24/11, Smith, Jim <Jim.Smith@searshc.com>** wrote:

From: Smith, Jim <Jim.Smith@searshc.com>
Subject: Re: Odrica Harrow's Resume
To: odrica@yahoo.com
Date: Thursday, March 24, 2011, 1:39 PM

Got it.

Jim Smith, DM/Northeast, Sent from my blackberry

**From:** Odrica Harrow [mailto:odrica@yahoo.com]
**Sent:** Thursday, March 24, 2011 01:19 PM
**To:** Smith, Jim
**Subject:** Odrica Harrow's Resume

Good Morning Jim,
It was a pleasure speaking with you today. So glad I reached out to you. Let me know when you recieve the resume.

Have a good day!
Odrica

Odrica Harrow-Ested

based on the information contained herein is strictly prohibited. Unauthorized use of information contained herein may subject you to civil and criminal prosecution and penalties. If you are not the intended recipient, you should delete this message immediately.

12/9/2 , 9:15 PM

(29,382 unread) - olh2O4@nyu.edu - Yahoo Mail

https://mail.yahoo.com/d/search/keyword=searshc

searshc

Messages      Photos      Documents

aron.goldber…
futuristicllifeinc
breathyinc
millionairebe…
olh2O4
odricaharrow
odrica
jackierose03

Inbox
Unread
Starred
Drafts
Sent
All Mail
Spam
Trash
∧ Less

Views            Hide
Photos
Documents
Subscriptions
Deals
Groceries
Receipts

2012

Sort ∨

Hunter, me…      5      Dec 6
RE: Re: FLS Lead Program for S…

Aron…      11      Dec 6
Contact Info

me, Contact…      6      Dec 6
Lead Assignment Info

me      2      Dec 6
Fw: So you dont have to sea…

Harrow, me…      5      Dec 6
FW: commercial leads

Harrow, me…      4      Dec 6
FW: Keeping Track of my Com…

Related searches:   Serauer, Britt…   Juan.m.garcia…

## Account Manager position for Aron



Aron Goldberger   Leads Aron   Tue, May 26, 2015 at 11:33 AM   olh2O4/Sent

+9 from Diasparra, Aron



Aron Goldberger  <agold@    diasparra@sea…   Thu, Feb 4, 2016 at 11:35 PM
To:
aron.goldberger@yahoo.co



### Forwarded conversation
Subject: Account Manager position for Aron
-----------------------

From: Aron Goldberger <
Date: Tue, May 26, 2015 at 11:33 AM
To:

Leads Aron Goldberger.xls

Phil,

I just want to say the interview was amazing! I had fun. My intensity is
still up! Our discussion was one of the highlights of my weekend. I do
admire and respect you. I want to get to know you and the team more.
I'm looking forward to building new relationships asap. I've been
institutionalized by NYU. I need my (business) social life back, and as
active as possible. I look forward to meeting after meeting.

After listening to you very closely, I was a little confused. I heard you say
the salary was not negotiable, but I also heard you say, ask for what you
want. So with that, this is what I was thinking. Here comes the intensity!



agold@nyu.edu

Upgrade Now

1/14

https://mail.yahoo.com/d/search/keyword=searshc

12/9/2 , 9 15 PM

(29,382 unread) oih204@nyu.edu - Yahoo Mail

Folders

+ New Folder

› Drama

Follow up

Fraudulent Job ...

INTRO TO FIN...

Investment fol...

Misc

› Priority

Harrow, me...    7    Dec 6
FW: Keeping Track of my Co...

Gibson, me...    15    Dec 6
RE: FLS Lead Program for Se...
< Jacquette.gibson@searsh >

me , 2    Dec 6
Fw: commercial referral program
To _jim smith@searshc.com>

August

me    Aug 8
Fw: Contact Info
Don d <David.Aaron@searsho.

me    Aug 8
Re: Contact Info
Divid < 2avd Aaron@searshc

me    Aug 8
Fw: Contact Info
David <David.Aaron@searshc.com>

bestbuy.com    Ad
We Won't Be Beat on Price - R...
Make Updates To You... # # # #

Earlier in 202?

me    Apr 4
Fw: FLS Lead Program for S...
<Jacquette Gibson@searsh.

me , me    3    Apr 4
Sales Percentage Confirmed
Smith, jim <Jim.Smith@Sears

2019

● Sears PartsDirect    9/6/2019
What do you think of the ne...
at PartsDirect.about@sears....

I am going to attach some of the leads I referred in the past. These are just a few.

Based on the previous leads I referred, if they were converted and closed, I would say I deserve a base salary of $75,000.

If not, I would say, from my experience, I would accept $53,100 as my base salary.

Based upon your offer of $45,000 (correct me if I'm wrong, on your number) I would like that salary if the benefit package, bonuses and commission were negotiable based on experience.

You can contact me on my email all day today.

Aron

---------
From: Diasparra, Philip <Philip.Diasparra@SearsHC.com>
Date: Tue, May 26, 2015 at 12:06 PM
To: Aron Goldberger <aodnn@nyu.edu >

You are the Best!!!

Guess you didn't hear me, non-negotiable salary is $40k. It's our new comp plan and it is consistent with all sales reps. Commission structure is not negotiable either. It is set up by Director and HR and is consistent throughout the company. It is a performance based plan. you make your money on the back end if you can sell. Hit your quota first year and you make $65-70k. The back end is uncapped, so if you are aggressive you can make more money by going over quota.

I am sure I DIDN'T SAY, ask what you want knowing our comp plan is fixed, sorry.

There is a good benefits package. health, dental etc. Sales Reps get a laptop, phone, expense.

Just so we are clear, I did not make an offer, I do not have an opening. What I said is I might have an opening in NJ soon; at that point we can talk and decide if you are the right person for the position and we are the right company for you, and you are ready to perform within the Sears Parameters that I explained.

I do appreciate your aggressiveness and your confidence.

Call me if you have any questions.

https://mail.yahoo.com/d/search/keyword=searshc

12/9/21, 9:15 PM

(29,382 unread) - olh22c4@nyu.edu - Yahoo Mail

me    11/27/2017
Fw: Sales Percentage Confirmed
...Smith, Jim <Jim.Smith@sears...

2016

⊛ **Kmart Members** ...    12/1/2016
**$250 for 30 minutes of your ...**
...Provider https://searshc.01.q...
...To:' 'philip.diasparra@searshc...

Aron Goldberger    2/4/2016
Fwd: Back at the Sears store...
...To:' 'Philip.diasparra@sear...

Aron, Diaspa...    6    2/4/2016
Back at the Sears store in W...
...To:' philip.diasparra@sears...

Aron    3    2/4/2016
Arons Status at Sears
...To:' 'philip.diasparra@searshc...

⊛ Aron    2    2/4/2016
**Fwd: Arons Status at Sears**
...To:' philip.diasparra@searshc...

Aron Goldberger    2/4/2016
**Fwd: Arons Status at Sears**
...To:' 'philip.diasparra@searshc...

Aron, Diasp...    12    2/4/2016
Account Manager position f...
...To:' 'philip.diasparra@searshc...

Aron Goldberger    2/4/2016
**Fwd: Acct Manager Meeting ...**
...To:' 'philip.diasparra@searshc...

Aron, Diaspa...    5    2/4/2016
Acct Manager Meeting Loca...
...To:' philip.diasparra@searshc...

Aron    2    2/4/2016
Reminder of Meeting Tommorow
...To:' 'philip.diasparra@searshc...

---

Thanks,

Phil

*Phil Diasparra*

*District Manager / Sears Commercial*

Empire District (NY, NJ, PA)

Office: 545.537.7528 | Email: Phil.Diasparra@searshc.com

*Proud provider of Kenmore*, over 100 years of trusted innovation and
in the lives of 100 million Americans.



sears COMMERCIAL

**SERVE, DELIGHT & ENGAGE**
to our members
while they shop their way

This message, including any attachments, is the property of Sears
Holdings Corporation and/or one of its subsidiaries. It is confidential and
may contain proprietary and/or legally privileged information. If you are not
the intended recipient, please delete it without reading the contents.
Thank you.

**From:** Aron Goldberger [mailto:searshc@nyu.edu]
**Sent:** Tuesday, May 26, 2015 11:34 AM
**To:** Diasparra, Philip
**Subject:** Account Manager position for Aron

**From: Aron Goldberger** <searshc@nyu.edu>
Date: Tue, May 26, 2015 at 12:18 PM
To:' Diasparra, Philip <Philip.Diasparra@searshc.com>

Thank you!

https://mail.yahoo.com/d/search/keyword=searshc

12/9/2 . 9:15 PM

(29,362 unread) - oih204@nyu.edu - Yahoo Mail

Aron Goldberger    2/4/2016
**Fwd: Reminder of Meeting T...**
To:   philip.diasparra@searshc...

Aron, Diaspa...    9    2/4/2016
Account Manager Positions
To:   "philip.diasparra@searsh...

Aron Goldberger    2/4/2016
**Fwd: Account Manager P...**
To:   philip.diasparra@searsh...

Aron    2    2/4/2016
**Fwd: Follow up on Job Po...**
To:   "philip.diasparra@sear...

Aron, Diasp...    17    2/4/2016
Follow up on Job Posting
To:   "philip.diasparra@sear...

Aron Goldberger    2/4/2016
**Fwd: Account Manager Positi...**
To:   philip.diasparra@searsh...

Aron, Diaspa...    4    2/4/2016
Account Manager Position f...
To:   "philip.diasparra@searsh...

Aron Goldberger    2/4/2016
**Fwd: Follow up Progress**
To:   "philip.diasparra@searsh...

Aron    2    2/4/2016
Follow up Progress
To:   Philip.Diasparra@searsh...

Aron Goldberger    2/4/2016
**Fwd: Confirmation**
To:   "philip.diasparra@sear...

Aron, Diaspa...    6    2/4/2016
Confirmation
To:   "philip.diasparra@sear...

Aron Goldberger    2/4/2016

---

Ok. I accept. If you offer.

So my next step is to talk to your HR person, right? Are you going to send me his contact info, so I can discuss with him my abilities to perform the job description?

Aron

Aron

--------
From: Diasparra, Philip <Philip.Diasparra@searshc.com>
Date: Tue, May 26, 2015 at 12:22 PM
To: Aron Goldberger <aaddt@nyu.net.>

Aron

No offer at this time, no opening.

HR will call you to interview you this week.

Let me know how it goes.

Phil Diasparra

District Manager / Sears Commercial
Empire District (NY, NJ, PA)
Office: 845-517-7534 / Email: Philip.Diasparra@searshc.com

*Proud provider of Kenmore* over 100 years of product innovation, and at the hearts of 100 million Americans



sears COMMERCIAL

**SERVE, DELIGHT & ENGAGE**
OUR MEMBERS
while they shop their way

4/14

https://mail.yahoo.com/d/search/keyword=searshc

(29,382 unread) - oh1204@nyu.edu - Yahoo Mail

**From:** Aron Goldberger [mailto:aron4@nyu.edu]
**Sent:** Tuesday, May 26, 2015 12:19 PM
**To:** Diasparra, Philip
**Subject:** Re: Account Manager position for Aron

**From:** Aron Goldberger <aron4@nyu.edu>
**Date:** Tue, May 26, 2015 at 12:24 PM
**To:** "Diasparra, Philip" <Philip.Diasparra@searshc.com>

Thanks Phil

---------
**From:** Diasparra, Philip <Philip.Diasparra@searshc.com>
**Date:** Tue, May 26, 2015 at 1:01 PM
**To:** Aron Goldberger <aron4@nyu.edu>

*Send me your phone number*

Phil Diasparra

*District Manager / Sears Commercial*

Empire District (N.Y., N.J., PA)

Office 845.637.7538 I E-mail Philip.Diasparra@searshc.com

***Proud provider of Kenmore*** *over 100 years of trusted innovation and*
*in the lives of 100 million Americans*

SERVE, DELIGHT & ENGAGE
OUR MEMBERS
while they shop their way

**From:** Aron Goldberger [mailto:aron4@nyu.edu]
**Sent:** Tuesday, May 26, 2015 12:25 PM

https://mail.yahoo.com/d/search/keyword=searshc

12/9/2', 9:15 PM

(29,382 unread) - olh2Q4@nyu..edu - Yahoo Mail

2015

Koprowicz, Robyn                    12/24/2015
Automatic reply: Aron Goldber..
To: "Diasparra, Philip" <Philip Diasparra@searshc.com>
I will be out of the office Wedn...

Koprowicz, ...         5         12/24/2015
RE: Aron Goldberger, #167...
To: Aron Goldberger <agold@nyu.edu >
..Robyn" <Robyn.Koprowicz [..

me                                  12/14/2015
Fw: failure to promote after ...
On Tuesday, September 29, ...

Koprowicz, ...         2         12/8/2015
Aron Goldberger
..Robyn <Robyn Koprowicz..

Dear Phil,

How is everything coming along? Did you get any good feedback from
Gerry? I sent him an email asking about benefits but he hasn't wrote
back as of yet.

Aron

--------
From: Diasparra, Philip <Philip Diasparra@searshc.com>
Date: Fri, Jun 5, 2015 at 12:02 AM
To: Aron Goldberger <agold@nyu.edu >

Call me tomorrow. I am in the car from 12-2pm

I am in the city

Phil Diasparra

District Manager / Sears Commercial
Empire District ( NY, NJ, PA)
Office: 945.537.7538 | Email: Philip.D.asparra@searshc.com



sears COMMERCIAL

SERVE, DELIGHT & ENGAGE
OUR MEMBERS
while they shop their way

Proud provider of Kenmore - over 100 years of trusted innovation and
in the lives of 100 million Americans.

6/14

(29,382 unread) - olh204@nyu.edu - Yahoo Mail

**From:** Aron Goldberger [mailto:agoldb@nyu.edu]
**Sent:** Thursday, June 04, 2015 3:11 PM

To: 'Diasparra, Philip' <Philip.Diasparra@searshc.com>

Just got this. I was in meetings all morning in the city. Message me back when your available again. Im in White Plains on my way to Stamford.

Aron

---------
**From: Aron Goldberger** <agoldb@nyu.edu>
Date: Fri, Jun 5, 2015 at 2:58 PM
To: Aron Goldberger <agoldb@nyu.edu>

Best phone tag ever. Don't know how I missed your call. Anyways, i'm posted up in the office for the next couple hours so i'll be able to catch the call when your done. Cant wait for the feedback.

Aron

---------
**From: Aron Goldberger** <agoldb@nyu.edu>
Date: Fri, Jun 5, 2015 at 4:20 PM
To: Aron Goldberger <agoldb@nyu.edu>

---------
**From: Aron Goldberger** <agoldb@nyu.edu>
Date: Thu, Feb 4, 2016 at 11:35 PM
To: "aron.goldburger@yahoo.com" <aron.goldburger@yahoo.com>

## Forwarded conversation
Subject: **Account Manager position for Aron**
---------

**From: Aron Goldberger** <agoldb@nyu.edu>
Date: Tue, May 26, 2015 at 11:33 AM
To: "Philip.Diasparra@searshc.com" <Philip.Diasparra@searshc.com>

Phil,

⊞ Leads Aron Goldberger.xls

I just want to say, the interview was amazing! I had fun. My intensity is still up! Our discussion was one of the highlights of my weekend. I do admire and respect you. I want to get to know you and the team more. I'm looking forward to building new relationships asap. I've been institutionalized by NYU. I need my (business) social life back, and as active as possible. I look forward to meeting after meeting.

After listening to you very closely, I was a little confused. I heard you say the salary was not negotiable, but I also heard you say, ask for what you want. So with that, this is what I was thinking. Here comes the intensity!

12/9/2· , 9 :15 PM

https://mail.yahoo.com/d/search/keyword=searshc

(29,382 unread) - oh204@nyu..edu - Yahoo Mail

I am going to attach some of the leads I referred in the past. These are just a few.

Based on the previous leads I referred, if they were converted and closed, I would say I deserve a base salary of $75,000.

If not, I would say, from my experience, I would accept $53,100 as my base salary.

Based upon your offer of $45,000 (correct me if I'm wrong, on your number) I would take that salary if the benefit package, bonuses and commission were negotiable based on experience.

You can contact me on my email all day today.

Aron

--------

From: **Diasparra Philip** <Philip.Diasparra@searshc.com>
Date: Tue, May 26, 2015 at 12:06 PM
To: Aron Goldberger <searshc@nyu.edu>

You are the Best!!!

Guess you didn't hear me, non-negotiable salary is $40k, it's our new comp plan and it is consistent with all sales reps. Commission structure is not negotiable either. It is set up by Director and HR and is consistent throughout the company. It is a performance based plan; you make your money on the back end if you can sell. Hit your quota first year and you make $65-70k. The back end is uncapped, so if you are aggressive you can make more money by going over quota.

I am sure I DIDN'T SAY, ask what you want knowing our comp plan is fixed, sorry.

There is a good benefits package, health, dental etc. Sales Reps get a laptop, phone, expense.

Just so we are clear, I did not make an offer, I do not have an opening. What I said is I might have an opening in NJ soon, at that point we can talk and decide if you are the right person for the position and we are the right company for you, and you are ready to perform within the Sears Parameters that I explained.

I do appreciate your aggressiveness and your confidence.

Call me if you have any questions.

https://mail.yahoo.com/d/search/keyword=searshc

Thanks,

Phil

*Phil Diasparra*
*District Manager / Sears Commercial*
*Empire District (NY, NJ, PA)*
*Office: 845.537.7538 | Email: Phil.Diasparra@searshc.com*

**Proud provider of Kenmore** over 100 years of trusted innovation and in the lives of 100 million Americans.

sears COMMERCIAL

SERVE, DELIGHT & ENGAGE



while they shop their way

**From:** Aron Goldberger [mailto:aron@yu.edu]
**Sent:** Tuesday, May 26, 2015 11:34 AM
**To:** Diasparra, Philip
**Subject:** Account Manager position for Aron

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

From: **Aron Goldberger** <aron@yu.edu>
Date: Tue, May 26, 2015 at 12:18 PM
To: "Diasparra, Philip" <Phil.Diasparra@searshc.com>

Thank you!

https://mail.yahoo.com/d/search/keyword=searshc

12/9/2 , 9:15 PM

(29,382 unread) - olh204@nyu.edu - Yahoo Mail

Ok. I accept, if you offer.

So my next step is to talk to your HR person, right? Are you going to
send me his contact info, so I can discuss with him my abilities to
perform the job description?

Aron

---------
From: **Diasparra, Philip** <Philip_Diasparra@searshc.com>
Date: Tue, May 26, 2015 at 12:22 PM
To: Aron Goldberger <asgld@nyu.edu >

Aron

No offer at this time, no opening.

HR will call you to interview you this week.

Let me know how it goes.

Phil Diasparra

District Manager / Sears Commercial

Empire District (NY, NJ, PA)

Office: 845.587.7538 | Email: Philip.Diasparra@searshc.com

*Proud provider of Kenmore* over 100 years of trusted innovation and
in the lives of 100 million Americans



**sears** COMMERCIAL

SERVE, DELIGHT & ENGAGE
OUR MEMBERS
while they shop their way

https://s/mail.yahoo.com/d/search/keyword=searshc

(29,382 unread) - olh204@yu.edu - Yahoo Mail

**From:** Aron Goldberger [mailto:agold@yu.edu]
**Sent:** Tuesday, May 26, 2015 12:19 PM
**To:** Diasparra, Philip
**Subject:** Re: Account Manager position for Aron

--------
**From:** **Aron Goldberger** <agold@yu.edu>
**Date:** Tue, May 26, 2015 at 12:24 PM
**To:** "Diasparra, Philip" <Philip.Diasparra@searshc.com>

--------
Thanks Phil

--------
**From:** **Diasparra, Philip** <Philip.Diasparra@searshc.com>
**Date:** Tue, May 26, 2015 at 1:01 PM
**To:** Aron Goldberger <agold@yu.edu>

*Send me your phone number*

*Phil Diasparra*

*District Manager / Sears Commercial*

*Empire District (NY, NJ, PA)*

*Office 845-537-7535 Email: Philip.Diasparra@searshc.com*

***Proud provider of Kenmore*** *over 140 years of trusted innovation and
in the sale of 100 million Americans*



**SERVE, DELIGHT & ENGAGE**
OUR MEMBERS
while they shop their way

sears COMMERCIAL

**From:** Aron Goldberger [mailto:agold@yu.edu]
**Sent:** Tuesday, May 26, 2015 12:25 PM

https://mail.yahoo.com/d/search/keyword=searshc

From: **Aron Goldberger** <aigld@nyu.edu>
Date: Thu, Jun 4, 2015 at 3:10 PM
To: "Diasparra, Philip" <Philip.Diasparra@searshc.com>

Dear Phil,

How is everything coming along? Did you get any good feedback from Gerry? I sent him an email asking about benefits but he hasn't wrote back as of yet.

Aron

From: **Diasparra, Philip** <Philip.Diasparra@searshc.com>
Date: Fri, Jun 5, 2015 at 12:02 AM
To: Aron Goldberger <aigld@nyu.edu>

Call me tomorrow. I am in the car from 12-2pm

I am in the city

Phil Diasparra

*District Manager / Sears Commercial*
*Empire District (NY, NJ, PA)*
Office: 843-547-7598  E-mail: Philip.Diasparra@searshc.com

sears COMMERCIAL

*Proud provider of Kenmore over 100 years of trusted innovation and in the lives of 100 million Americans.*



**SERVE, DELIGHT & ENGAGE**
OUR MEMBERS
while they shop their way

https://mail.yahoo.com/d/search/keyword=searshc

12/9/2' · 9:15 PM

(29,382 unread) - olh204@nyu.edu - Yahoo Mail

**From:** Aron Goldberger [mailto:aeob4@nyu.edu]
**Sent:** Thursday, June 04, 2015 3:11 PM

---------
From: **Aron Goldberger** <aeob4@nyu.edu>
Date: Fri, Jun 5, 2015 at 2:58 PM
To: "Diasparra, Philip" <Philip.Diasparra@searshc.com>

Just got this. I was in meetings all morning in the city. Message me back
when your available again. I'm in White Plains on my way to Stamford.

Aron

---------
From: **Aron Goldberger** <aeob4@nyu.edu>
Date: Fri, Jun 5, 2015 at 4:20 PM
To: Aron Goldberger <aeob4@nyu.edu>

Best phone tag ever. Don't know how I missed your call. Anyways, I'm
posted up in the office for the next couple hours so I'll be able to catch
the call when your done. Cant wait for the feedback.

Aron

Reply, Reply All or Forward

https://mail.yahoo.com/d/search/keyword=searshc

12/9/2', 9:15 PM

(29,382 unread) - oh204@nyu.edu - Yahoo Mail

914-338-6393
E:mail-odrica@yahoo.com

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

Fw: So you dont have to search for it Odrica Harrow's Resume

From:   odrica@yahoo.com (odrica@yahoo.com)

To:     kingdomseekersinc2020@gmail.com

Date:   Monday, December 6, 2021, 01:55 PM EST

----- Forwarded Message -----
**From:** Odrica Harrow <odrica@yahoo.com>
**To:** "jim.smith@searshc.com" <jim.smith@searshc.com>
**Sent:** Wednesday, June 15, 2011, 10:18:43 AM EDT
**Subject:** So you dont have to search for it Odrica Harrow's Resume

Nice speaking to you again yesterday the leads I have are nationwide. I have been spending a considerable amount of time following up and refreshing the opportunities already referred. Most of the leads prefer to be contacted via phone calls and email not by appointment. I also and very good at presenting power point presentations if needed and e conferences.

Thanks Jim

Odrica Harrow-Ested
914-338-6393
Email-odrica@yahoo.com

--- On **Thu, 3/24/11, Odrica Harrow <odrica@yahoo.com>** wrote:

From: Odrica Harrow <odrica@yahoo.com>
Subject: Odrica Harrow's Resume
To: jim.smith@searshc.com
Date: Thursday, March 24, 2011, 1:19 PM

Good Morning Jim,
It was a pleasure speaking with you today. So glad I reached out to you. Let me know when you recieve the resume.

Have a good day!
Odrica
Odrica Harrow-Ested

Please let both myself and Odrica kknow what that process is.

Thank you,

Soozi Wall
File Administration
Sears Commercial
1-800-359-2000 option 7 extension 14003
fax # 1-800-760-7953

From: odrica@yahoo.com [mailto:odrica@yahoo.com]
Sent: Mon 3/14/2011 2:03 PM
To: Contract Sales File Administration
Subject: Lead Assignment Info

Hi Susie, I hope I have the correct spelling of your name. Here is the email request for as much detail as possible on all the leads I referred.

Sent from my Verizon Wireless BlackBerry

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

12/9/2, 8:00 PM

Yahoo Mail - Fw: Lead Assignment Info

Fw: Lead Assignment Info

From: odrica@yahoo.com (odrica@yahoo.com)

To: kingdomseekersinc2020@gmail.com

Date: Monday, December 6, 2021, 02:05 PM EST

----- Forwarded Message -----
**From:** Odrica Harrow <odrica@yahoo.com>
**To:** dmunar@wigdorlaw.com <dmunar@wigdorlaw.com>
**Sent:** Friday, January 22, 2016, 05:57:30 PM EST
**Subject:** Fw: Lead Assignment Info

Thanks!

Odrica Harrow-Ested
914-338-6393
Email-odrica@yahoo.com

Odrica Harrow (347)-552-7523 Email-odrica@yahoo.com

On Monday, March 14, 2011 8:24 PM, Odrica Harrow <odrica@yahoo.com> wrote:

--- On **Mon, 3/14/11, Contract Sales File Administration <csfadm@searshc.com>** wrote:

From: Contract Sales File Administration <csfadm@searshc.com>
Subject: RE: Lead Assignment Info
To: odrica@yahoo.com, "Aronson, David" <David.Aronson@searshc.com>
Date: Monday, March 14, 2011, 5:57 PM

Odrica: Thank you for teh e-mail but I did not get a list of customers to check the lead program for. Dave is there an easier way for a retail associate to check on the leads he/she has submitted without sending us a list to check in sales force for?

1/2

-----Original Message-----
From: Cardinale, Al
Sent: Fri 3/25/2011 8:06 AM
To: Harrow, Odrica L
Subject: RE: commercial leads

Well..good luck.if you were with us, you'd only get leads in your assigned geographic region.

Thanks

Al Cardinale

315-745-9061

We now carry a complete line of professional fitness equipment as well as water heaters and water treatment equipment for your facility.

self help numbers for immediate service:

Product Services: 800-225-2864

Delivery inquiries of any kind: 800-298-9092

-----Original Message-----
From: Harrow, Odrica L
Sent: Friday, March 18, 2011 8:17 PM
To: Cardinale, Al
Subject: RE: commercial leads

Well I sent commercial my resume a while ago, but havent heard back from them yet. I figure I"d start out as an employee give a few refferals away so they'd notice me. I would be pushing 10 times more deals than I am now if I were with commercial. Im holding out a bit until I know whats going on.

Your welcome!

From: Cardinale, Al
Sent: Thu 3/17/2011 8:26 AM
To: Harrow, Odrica L
Subject: RE: commercial leads

Ah, so cryptic!

Do you work for us in Commercial?  You are listed as a store employee.  Just curious..and again, thanks for the leads!

Thanks

Al Cardinale

315-745-9061

Delivery inquiries of any kind:  800-298-9092

Product Services:  800-225-2864

self help numbers for immediate service:

We now carry a complete line of professional fitness equipment as well as water heaters and water treatment equipment for your facility.

-----Original Message-----
From: Harrow, Odrica L
Sent: Wednesday, March 16, 2011 2:38 PM

2/9/2·, 9:05 PM

Ya'ioo Mail - Fw: commercial leads

To: Cardinale, Al
Subject: RE: commercial leads

I am connected with organizations who work very closely with my leads. ; )

From: Cardinale, Al
Sent: Mon 2/21/2011 2:14 PM
To: Harrow, Odrica L
Subject: commercial leads

Hey.thanks for all the new commercial leads!!

Again.thanks.

Thanks

Al Cardinale

315-745-9061

We now carry a complete line of professional fitness equipment as well as water heaters and water treatment equipment for your facility.

I am wondering how all of these leads are generated out of your area when the customers wouldn't be direct contacts into your location. Don't get me wrong.not complaining a bit.love the leads.just not sure how or why you are generating them for my area so far away from your store.

self help numbers for immediate service:

Product Services: 800-225-2864

Delivery inquiries of any kind: 800-298-9092

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

resume.doc
54 KB

914-338-6393
Email-odrica@yahoo.com

12/9/21, 8:01 PM

Yahoo Mail - Fw: So you don't have to search for it Odrica Harrow's Resume

# Fw: commercial leads

From: odrica@yahoo.com (odrica@yahoo.com)

To:    kingdomseekersinc2020@gmail.com

Date:  Monday, December 6, 2021, 01:52 PM EST

----- Forwarded Message -----
**From:** Odrica Harrow <odrica@yahoo.com>
**To:** fz@fzapatalaw.com <fz@fzapatalaw.com>
**Sent:** Monday, March 30, 2015, 05:16:22 PM EDT
**Subject:** Fw: commercial leads

Odrica Harrow
(347)-552-7523
Email-odrica@yahoo.com

On Monday, July 25, 2011 10:53 AM, "Harrow, Odrica L" <Odrica.Harrow@searshc.com> wrote:

Sears Holdings
Odrica Harrow
Consultative Sales/ Home Appliances
100 Main St. White Plains, NY
Store 914-644-1528
Cell 914-338-6393
email odrica.harrow@searshc.com
email to mobile device odrica@yahoo.com

-----Original Message-----
From: Cardinale, Al
Sent: Fri 3/25/2011 8:06 AM
To: Harrow, Odrica L
Subject: RE: commercial leads

Well, good luck, if you were with us, you'd only get leads in your assigned geographic region.

Thanks

Al Cardinale

315-745-9061

We now carry a complete line of professional fitness equipment as well as water heaters and water treatment equipment for your facility.

self help numbers for immediate service:

Product Services: 800-225-2864

Delivery inquiries of any kind: 800-298-9092

-----Original Message-----
From: Harrow, Odrica L
Sent: Friday, March 18, 2011 8:17 PM
To: Cardinale, Al
Subject: RE: commercial leads

Well I sent commercial my resume a while ago, but havent heard back from them yet. I figure I"d start out as an employee give a few refferrals away so they'd notice me. I would be pushing 10 times more deals than I am now if I were with commercial. Im holding out a bit until I know whats going on.

Your welcome!

From: Cardinale, Al
Sent: Thu 3/17/2011 8:26 AM
To: Harrow, Odrica L
Subject: RE: commercial leads

Ah, so cryptic!

Do you work for us in Commercial?  You are listed as a store employee.  Just curious..and again, thanks for the leads!

Thanks

Al Cardinale

315-745-9061

We now carry a complete line of professional fitness equipment as well as water heaters and water treatment equipment for your facility.

self help numbers for immediate service:

Product Services: 800-225-2864

Delivery inquiries of any kind: 800-298-9092

-----Original Message-----
From: Harrow, Odrica L
Sent: Wednesday, March 16, 2011 2:38 PM

12/9/21 · 8:04 PM

Yahoo Mail - Fw: commercial leads

To: Cardinale, Al
Subject: RE: commercial leads

I am connected with organizations who work very closely with my leads. :)

_____

From: Cardinale, Al
Sent: Mon 2/21/2011 2:14 PM
To: Harrow, Odrica L
Subject: commercial leads

Hey,thanks for all the new commercial leads!!

I am wondering how all of these leads are generated out of your area when the customers wouldn't be direct contacts into your location.. Don't get me wrong,not complaining a bit,love the leads,just not sure how or why you are generating them for my area so far away from your store.

Again.thanks.

Thanks

Al Cardinale

315-745-9061

We now carry a complete line of professional fitness equipment as well as water heaters and water treatment equipment for your facility.

4/5

self help numbers for immediate service:

Product Services: 800-225-2864

Delivery inquiries of any kind:  800-298-9092

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

# Fw: Keeping Track of my Commercial Referred Leads

From:    Odrica Harrow (odrica@yahoo.com)

To:    fz@fzapatalaw.com

Date:    Monday, March 30, 2015, 05:13 PM EDT

On Monday, July 25, 2011 10:54 AM, "Harrow, Odrica L" <Odrica.Harrow@searshc.com> wrote:

Odrica Harrow
(347)-552-7523
Email-odrica@yahoo.com

Sears Holdings
Odrica Harrow
Consultative Sales/ Home Appliances
100 Main St. White Plains, NY
Store 914-644-1528
Cell 914-338-6393
email odrica_harrow@searshc.com
email to mobile device odrica@yahoo.com

-----Original Message-----
From: Mcginnis, Joel
Sent: Tue 4/26/2011 2:50 PM
To: Cawthon, Bob
Cc: Harrow, Odrica L
Subject: FW: Keeping Track of my Commercial Referred Leads

Bob,

Can you help anser Odrica's question below.

Odrica,

Bob works on the Commercial Sales team.

Thanks,

Joel McGinnis

Divisional Sales Manager - Home Appliances

AC-302A

(847)286-3838

From: Harrow, Odrica L
Sent: Tuesday, April 26, 2011 1:41 PM
To: Mcginnis, Joel
Subject: RE: Keeping Track of my Commercial Referred Leads

Hi Joel, I am familiar with this link, but this answers absolutely none of my questions.  see the situation and concerns below....

My Name is Odrica Harrow I work in HA store # 1674 part time.  I work full time as a associate real estate broker with Century 21 Anita Ferri Realty Poughkeepsie N.Y. I also am a licensed corporate commercial broker of my own private real estate investment company, with lots of commercial real estate leads in my contact base. My real estate business is based on referrals and keeping track of them. I have reffered close to 50 deals to Sears Commercial for Appliance Sales Contracts. Some large projects have qualified. Im interested in knowing, how does Sears go about keeping a professional like me up to speed with the referred deals in progress? I have not recieved the $10 referral fee for qualifieds, the only part about that that disturbs me is the ASM who issues the referral fee is not experienced with disbursing those funds and are unaware of the steps in notifying and compensating me for qualified leads, which means they are unaware of how to compensate the 1% or $50 whichever is larger payment from refferal. It would be good for them to know how to process this payment before hand as I may be behind on payments owed to me or any other employees. I am in contact with David Aronson and he has confirmed some qualifieds deals with me. He also informed me that this is a new program since 2009. Please update me on these leads so that my business records can be updated and remain organized.

Thanks, and have a blessed day!

Odrica Harrow

914386393

From: Mcginnis, Joel
Sent: Tue 4/26/2011 9:24 AM
To: Speten, Shane; Hunter, James (Retail Services)
Cc: Kutulas, Brad; Harrow, Odrica L
Subject: RE: Keeping Track of my Commercial Referred Leads

Here is the link to the current process.

http://i473.i50.infra.sears.com/catalogs/contract_sales/catalog.htm

Thanks,

Joel McGinnis

Divisional Sales Manager - Home Appliances

AC-302A

(847)286-3838

From: Speten, Shane
Sent: Monday, April 25, 2011 5:06 PM
To: Hunter, James (Retail Services); Mcginnis, Joel
Cc: Kutulas, Brad; Harrow, Odrica L
Subject: FW: Keeping Track of my Commercial Referred Leads

James/Joel,

Can you advise Harrow what the current Retail Commercial Lead process is? Thanks.

Shane Speten

Director, Home Services Retail Trusted Advisors

847-286-5792

A4-259B

sspete@searshc.com

-----Original Message-----
From: Kutulas, Brad
Sent: Monday, April 25, 2011 2:39 PM
To: Harrow, Odrica L; Speten, Shane
Subject: RE: Keeping Track of my Commercial Refferred Leads

Shane,

Can you please address or forward to the person who owns this program?

Odrica,

I have not been involved with this program since its pilot launch 4 years ago. Shane will help you get in touch with the right person.

Brad Kutulas

Buyer - Laundry, Floorcare and Consumer Electronics

Sears Hometown Stores, HA Showrooms and Hardware Stores

Phone: (847)286-3987

Email: Bkutula@searshc.com

See you at Hometown Celebration 2012!!!!

From: Harrow, Odrica L
Sent: Monday, April 25, 2011 1:50 PM
To: Kutulas, Brad
Subject: Keeping Track of my Commercial Referred Leads

Hi There,

My Name is Odrica Harrow I work in HA store # 1674 part time . I work full time as a associate real estate broker with Century 21 Anita Ferri Realty Poughkeepsie N.Y. I also am a licensed corporate broker of my own private real estate investment company, with lots of commercial real estate leads for 10 years. My real estate business is based on referrals and keeping track of them. I have referred close to 50 deals to Sears Commercial for Appliance Sales Contracts. Some large projects have qualified. Im interested in knowing how Sears goes about keeping a professional like me up to speed with the referred deals progress. I have not recieved the $10 referral fee for qualifieds, the only part about that that disturbs me is the ASM who issues the referral fee is not experienced with disbursing those funds and are unaware of the steps in notifying and compensating me for qualified leads, which means they are unaware of how to compensate the 1% or $50 whichever is larger payment from referral. It would be good for them to know how to process this payment before hand as I may be behind on payments owed to me or any other employees. Ive connected with David Aronson on this topic and I believe he may be working on this solution or he may be too busy to handle this issue. He also informed me that this is a new program since 2009. Please update me on these leads so that my business records can be updated and remain organized.

Thanks, and have a blessed day!

Odrica Harrow

9143386393

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain