UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                                                      :

In re                                                                           :                     Chapter 11
                                                                           :
SEARS HOLDINGS CORPORATION, *et al.*       :                     Case No. 18-23538 (RDD)
                                                                           :
Debtors. [1]                                              :                     (Joint Administration)
                                                                           :
------------------------------------------------------------- x

### ORDER AUTHORIZING AND APPROVING SETTLEMENT AND MUTUAL RELEASE AMONG SEARS, ROEBUCK AND CO., SEARS HOLDINGS CORPORATION AND 233 S. WACKER, LLC PURSUANT TO BANKRUPTCY RULE 9019

Upon the Motion, dated November 23, 2021 (ECF No. 10099) (the "**Motion**")[2] of Sears Holdings Corporation and Sears, Roebuck and Co. for entry of an order (a) approving the Settlement Agreement and Mutual Release, dated November 23, 2021 by and between, on the one

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Settlement Agreement (as that term is defined in the Motion), as applicable.

hand, Sears, Roebuck and Co. and Sears Holdings Corporation on behalf of themselves and their bankruptcy estates (collectively, "**Sears**") and, on the other hand, 233 S. Wacker, LLC, a copy of which is attached as Exhibit A to the Motion (the "**Settlement Agreement**"), and (b) authorizing Sears to perform all obligations under and take any actions necessary to consummate the Settlement Agreement, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and there being no objections to the Motion; and no other or further notice or a hearing being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in that the settlement set forth in the Settlement Agreement is at arms-length, fair and reasonable, a proper exercise of Sears' judgment, and in the best interests of Sears, their estates, their creditors, and all parties in interest in the light of the risks, costs, and delay of continued litigation; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.   Based upon the docket of these cases, Sears is the sole owner of and has the sole authority to dismiss and release any and all claims and causes of action that it (i) is pursuing in the

---

[3] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.

Lawsuit, (ii) is releasing in the Settlement Agreement, and (iii) has or ever had against 233. Such claims and causes of action have not been sold, assigned, in any way encumbered, or otherwise transferred, in whole or in part, to any other person, entity, or party. No other person, entity, or party holds, has, or will ever hold or have the right to pursue such claims and causes of action. Upon entry of this Order, Sears shall have obtained all necessary approvals to enter into the Settlement Agreement.

## IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved. The Debtors are authorized to perform all of their obligations under the Settlement Agreement, including granting the releases set forth therein.

3. The Debtors are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein.

4. This Order shall be immediately effective and enforceable upon its entry and the fourteen-day stay set forth in Rule 6004(h) of the Bankruptcy Rules is waived for sufficient cause shown.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 14, 2021
      White Plains, New York

                                              */s/ Robert D. Drain*
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE