UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                         :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
                  Debtors.[1]                               :    (Jointly Administered)
------------------------------------------------------------x
```

STIPULATION, AGREEMENT AND ORDER
REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(LEONARD MCKENZIE)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and between Sears Holdings Corporation ("**Sears**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Leonard McKenzie ("**Claimant**"). The Debtors and the Claimant collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On December 11, 2016, Claimant allegedly sustained injuries as a result of a slip and fall on the property of non-Debtor Sears Outlet Stores, LLC ("**Sears Outlet**") located at 220-05 Hillside Avenue, Queens, NY.

C. On May 13, 2017, Claimant commenced an action styled *Leonard McKenzie v. Derp Associates LLC, et al.* (Case No. 602167/2017) in the Supreme Court of the State of New York for Nassau County (the "**Action**"), seeking damages from non-Debtor defendants Derp Associates LLC, Dan's Supreme Super Markets, Inc., and Sears Outlet (collectively, the "**Defendants**"), arising from the alleged slip and fall.

D. On October 29, 2018, counsel for Sears Outlet filed a *Notice of Bankruptcy Filing and Imposition of the Automatic Stay* in the Action, purportedly staying any further litigation of the Action.

E. On October 21, 2021, Claimant failed *Claimant's Motion for Relief from the Automatic Stay to Permit Prosecution of Pending Personal Injury Matter* (ECF No. 9981) (the "**Stay Motion**") in the Chapter 11 Cases, seeking limited relief from the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") to permit the Claimant to continue to pursue claims against the named defendants in the Action.

F. Following the filing of the Stay Motion, the Debtors confirmed that none of the Defendants named in the Action are Debtors in the Chapter 11 Cases, and accordingly determined that the Action is not subject to the Automatic Stay.

G. The Parties have agreed, subject to approval of the Bankruptcy Court, to enter into this Stipulation for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. The Automatic Stay does not apply to the Action. Claimant is hereby permitted to continue the Action solely to recover from the Defendants; *provided*, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any other Debtor that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Within five (5) business days of the Effective Date, Claimant shall withdraw the Stay Motion without prejudice.

4. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims,

3

injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

5. Nothing contained herein shall be construed as a waiver by any of the Debtors of their right to object to any and all proofs of claim relating to the Action or any other pending prepetition action to which the Debtors are a party that may be filed by the Claimant in the Chapter 11 Cases.

6. Nothing contained herein shall be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Action or any other matter.

7. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

8. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

4

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: December 7, 2021 | Dated: December 7, 2021 |
| By: */s/ Jacqueline Marcus* <br> Jacqueline Marcus <br> Garrett A. Fail <br> Sunny Singh <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br><br> *Attorneys for Debtors* <br> *and Debtors in Possession* | By: */s/ Lee Huttner* <br> Lee Huttner <br> SUBIN ASSOCIATES, LLP <br> 150 Broadway, 23rd Floor <br> New York, NY 10038 <br> Telephone: (212) 285-3800 <br><br> *Attorneys for Claimant* |

**SO ORDERED**

Dated: December 15, 2021
      White Plains, New York

*/s/ Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE