**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **Case No. 18-23538 (RDD)** |
| Debtors. | **(Jointly Administered)** |

**THE NORTH CAROLINA DEPARTMENT OF REVENUE RESPONSE DEBTORS' OBJECTION TO CLAIMS 20138 AND 26385 OF THE NORTH CAROLINA DEPARTMENT OF REVENUE**

NOW COMES the North Carolina Department of Revenue ("Department"), by and through its counsel and agent, the undersigned Assistant Attorney General for the State of North Carolina, and responding to Debtors' Objection to Claims 20138 and 26385 of the North Carolina Department of Revenue, and in opposition to said Objection, and respectfully shows the Court as follows:

### BACKGROUND

1. Voluntary petitions under Chapter 11 of the Bankruptcy Code were filed by Sears Holdings Corporation and its affiliated debtors (collectively, "Sears" or "Debtors") identified in the Debtors' Objection to Claims 20138 and 26385 of the North Carolina Department of Revenue ("Objection to Claims") beginning on October 15, 2018.[1]

---

[1] For ease of the Court, the Department incorporates the list of Debtors identified in the Objection to Claim, footnote 1.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The Department timely filed its Proof of Claim 26385 ("Claim") on 24 December 2020, which amended its previously timely filed Proof of Claim 20138. The Department's Claim is properly-executed and Debtors do not assert otherwise.

## FACTUAL BACKGROUND

4. As described in Debtors' Objection to Claim, Sears and Citibank entered into a private label credit card program agreement in or around November, 2003. Pursuant to the agreement, Citibank issued credit cards bearing the name of Sears Roebuck to Sears' customers.

5. In or around 2019, the Department conducted an audit ("Audit") of Sears' sales and use tax returns for the period of 1 March 2016 through 30 September 2018 ("Period at Issue"), during which the Department reviewed Sears' sales and use tax reports, sales, purchase invoices, accounts, and use tax accrual summaries. Relevant to the Department's Claim, the Audit included an examination of Sears' bad-debt deductions taken during the Period at Issue.

6. Based on the information provided by Sears during the Audit, the Department determined that Citibank was the holder of the accounts forming the basis of Sears' claimed bad-debt deductions and that Citibank, not Sears, took the bad-debt deductions on its federal Form 1120 corporate income tax returns. Upon this determination, the Department disallowed Sears' claimed bad-debt deductions and issued the Assessment that forms the basis of the Department's Claim.

### THE DEPARTMENT'S CLAIM SHOULD BE ALLOWED PURSUANT TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

7. A properly-executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. F. Rule Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules *shall constitute prima facie evidence of the validity and amount of the claim*.") (emphasis added). Once a properly-executed proof of claim has been filed, the Federal Rules of Bankruptcy Procedure then place the burden upon those opposing the proof of claim to disprove the validity and amount of the Department's Claim. The Department has met its burden of filing a sufficient claim in this case. "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector *to produce evidence* sufficient to negate the *prima facie* validity of the filed claim." *Stancill v. Harford Sands, Inc. (In re: Harford Sands, Inc., et al.)*, 372 F.3d 637, 641 (4th Cir. 2004) (emphasis added).

8. In North Carolina, tax assessments are presumed to be correct. *Riggs v. Coble*, 37 N.C. App. 266, 245 S.E.2d 831, *cert. denied*, 295 N.C. 648, 248 S.E.2d 252 (1978) *See* N.C. Gen. Stat. §105-241.9(a) ("A proposed assessment of the Secretary is presumed to be correct."). Applying this language, the North Carolina Court of Appeals held that a taxpayer "therefore bears the burden of proving that the Department of Revenue employed an erroneous interpretation of the relevant taxation statutes in order to make an incorrect tax assessment." *Guilford Mills, Inc. v. Powers*, 95 N.C. App. 417, 419, 382 S.E.2d 456, 458 (1989), *reversed on other grounds*, 327 N.C. 279; 394 S.E.2d 145 (1990).

9. In addition to bearing the burden of overcoming the presumed correctness of the Department's assessment, Sears bears the burden of bringing itself within the statute allowing the exemption. *Ward v. Clayton*, 5 N.C. App. 53, 58, 167 S.E.2d 808, 811 (1969) ("Deductions are in the nature of exemptions; they are privileges, not matters of right, and are allowed as a matter of legislative grace. *A taxpayer claiming a deduction must bring himself within the statutory provisions authorizing the deduction.*") (emphasis added).

10. The Bankruptcy Court does not have authority to shift that burden of proof, as was held by a unanimous United States Supreme Court: "the burden of proof on a tax claim in bankruptcy remains where the substantive tax law put it." *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 26, 120 S.Ct. 1951, 1958, 147 L.Ed. 2d 13, 23 (2000). The Debtors, therefore, have the burden of proving that the amount of the Department's claim is incorrect, as well as the burden of bringing itself within the statute governing bad-debt deductions.

11. The Bankruptcy Court not only lacks authority to shift the burden of proof, but must also apply state law to the underlying substantive issue. *Raleigh*, 530 U.S. at 20, 120 S.Ct. at 1955 ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims . . .") (internal citations omitted).

12. The Objection contains no factual or legal basis for asserting that the Department's Claim is incorrect, and is therefore inadequate to overcome the *prima facie* validity of the Department's claim pursuant to F. R. Bank. P. 3001(f). The Department's Amended Claim should therefore be allowed.

13. The Department further asserts that its amendment to the original claim removed the inadvertent postpetition interest, and therefore denies Sears' allegation that the Amended Claim includes postpetition interest.

## THE DEPARTMENT'S CLAIM SHOULD BE ALLOWED PURSUANT TO THE SUBSTANTIVE TAX LAW GOVERNING BAD-DEBT DEDUCTIONS IN NORTH CAROLINA

14. North Carolina imposes a privilege tax on all retailers engaged in business in North Carolina based on the retailer's net taxable sales or gross receipts. N.C. Gen. Stat. § 105-164.4. The North Carolina Revenue Act—N.C. Gen. Stat. § 105-1, *et seq.*—defines "net taxable sales" as including "[t]he gross sales or gross receipts of a retailer or another person taxed under this Article after deducting exempt sales and nontaxable sales." N.C. Gen. Stat. § 105-164.3(24).

15. Among these exempt or nontaxable sales are deductions for accounts "of purchasers, representing taxable sales" that are "found to be worthless" and are "actually charged off for income tax purposes"—*i.e.*, "bad-debt" deductions. N.C. Gen. Stat. § 105-164.13(15) ("Accounts of purchasers, representing taxable sales, on which the tax imposed by this Article has been paid, that are found to be worthless and actually charged off for income tax purposes may, at corresponding periods, be deducted from gross sales."); *see also* 17 N.C. Admin. Code § 07B.4802 ("If, in reporting on the accrual basis, accounts of purchasers representing taxable sales on which the tax has been paid are found to be worthless *and actually charged off* for income tax purposes, the amount charged off representing taxable sales may at corresponding periods be deducted from gross sales provided the vendor maintains records disclosing separately that portion of bad accounts representing taxable sales

and that portion representing nontaxable sales. Accounts charged off as bad debts must be added to gross sales if afterwards collected") (emphasis added). The interpretation of this statute, along with the corresponding statutes imposing the related collection and remission obligations, is well-settled.

16. In *Home Depot U.S.A., Inc. v. N.C. Dep't of Revenue*, 2015 N.C.B.C. 100, 2015 WL 6865700, *1 (N.C. Bus. Ct. Nov. 6, 2015), the North Carolina Business Court addressed the requirements for a retailer claiming bad-debt deductions under N.C. Gen. Stat. § 105-164.13(15). The Court concluded, most notably, that the statute "require[s] the party claiming the bad-debt deduction *to be the holder of a purchaser account* for the sale that generates the debt." *Id.* at ¶ 32, 2015 WL 6865700 at *7. The Court goes on to conclude that in addition to being the holder—or in other words the owner—of the accounts forming the basis of the claimed deductions, the party claiming the deductions "must have also charged off those debts on *its* income-tax returns." *Id.* at ¶ 33, 2015 WL 6865700 at *7 (emphasis added).

17. The requirements that the party claiming the bad-debt deductions (1) hold the accounts and (2) charge off those accounts on *its* income-tax returns are consistent with the plain language of the statute, the legislative intent of a bad-debt deduction, and the well-settled cannons of statutory construction. First, the plain language of N.C. Gen. Stat. § 105-164.13(15) unequivocally requires, in part, that the accounts for which the deductions are sought to be "the accounts of purchasers, representing taxable sales" and that the accounts are found "worthless *and actually charged off for income tax purposes.*" N.C. Gen. Stat. § 105-164.13(15) (emphasis

added). Second, the legislative intent of a bad-debt deduction is to provide relief to the taxpayer that bore the financial harm of the unpaid accounts—*i.e.*, the owner of those accounts. And lastly, one of the principal cannons of statutory construction in tax is that "[d]eductions are privileges, not rights," *Aronov v. Secretary of Revenue*, 323 N.C. 132, 138, 371 S.E.2d 468, 471 (1988) (citations omitted), and "[w]hen a statute provides for an exemption from taxation, any ambiguities therein are in favor of taxation." *Id.* at 140, 371 S.E.2d at 472 (citations omitted).

18. Debtors have failed to allege or forecast evidence that they satisfy the requirements for claiming bad-debt deductions under N.C. Gen. Stat. § 105-164.13(15) and *Home Depot*. Specifically, Debtors failed to allege or forecast evidence that they were the "holders," or owners, of the accounts for which they sought to claim their bad-debt deductions. Debtors have also failed to forecast evidence that they charged off the accounts on their Form 1120 federal corporate income tax returns for the periods at issue.

19. Debtors assert that they provided "confidential records" to the Department in support of their claimed bad-debt deductions. Objection to Claim, ¶ 26. This information, according to the Objection to Claim, consisted of "cardholder name and address, account number, transactions, payment records, and taxable percentages[.]" *Id.* However, absent from this list was any information that could have been used to demonstrate Sears was the owner of the accounts or that Sears actually charged off the accounts for income tax purposes on its Form 1120 federal income tax returns. This lack of forecasted documentation establishing ownership

and charge offs is consistent with the lack of such documentation that was provided during the audit.

20. Because Debtors have failed to satisfy their burden to combat the *prima facie* correctness of the Department's Claim, the Department's Claim should be allowed.

## Conclusion

21. The Objection to Claim has no sufficient factual or legal basis to overcome the *prima facie* validity of the Department's Claim pursuant to either F. R. Bank. P. 3001(f) or the underlying substantive tax law governing bad-debt deductions in North Carolina. The Department's Claim should therefore be allowed.

WHEREFORE, the Department respectfully prays this Court grant it the following relief:

1. That Debtors' Objection as to the Department's Claim be denied in its entirety;

2. That the Department's Claim be allowed in the full amount set out therein;

3. That the Department's counsel be authorized to appear either telephonically or by other virtual means at any hearings scheduled on the Debtors' Object; and

4. That the Court grant the Department such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 15th day of December, 2021.

                        JOSHUA H. STEIN
                        N.C. Attorney General

                        /s/Matthew H. Sommer
                        Matthew H. Sommer
                        Assistant Attorney General
                        N.C. Department of Justice
                        Post Office Box 629
                        Raleigh, N.C. 27602-0692
                        (919) 716-6550
                        N.C. State Bar No. 51004
                        msommer@ncdoj.gov
                        *Attorney for Respondent-Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**CERTIFICATION OF SERVICE/NOTICE OF ELECTRONIC FILING**

     I, the undersigned, do hereby certify that I am at least eighteen (18) years of age, not a party to this action, and under no legal disability, and that on the date set out below, I caused to be served the attached document, via this Court's ECF/PACER System to all persons entitled to receive such notice and/or in the manner indicated upon the entities identified on the attached Service List, consisting of 1 page(s), which is hereby incorporated by reference as if fully set forth herein.

This the 15th day of December, 2021.

                                                JOSHUA H. STEIN
                                                N.C. Attorney General

                                                /s/Matthew H. Sommer
                                                Matthew H. Sommer
                                                Assistant Attorney General
                                                N.C. Department of Justice
                                                Post Office Box 629
                                                Raleigh, N.C. 27602-0692
                                                (919) 716-6550
                                                N.C. State Bar No. 51004
                                                msommer@ncdoj.gov
                                                *Attorney for Respondent-Creditor*

# Sears, Roebuck and Co.'s

## Service List Via Electronic Service and First Class Mail

**Debtor:**

Sears, Roebuck and Co.
3333 Beverly Road
Hoffman Estates, IL 60179

**Debtor's Attorney:**
Steven R. Wirth
Akerman LLP
Steven.wirth@akerman.com
**Served Via CM/ECF**

David E. Otero
Akerman LLP
David.otero@akerman.com
**Served Via CM/ECF**