Response Deadline: **January 3, 2022, 4:00 pm EST**
Hearing Date: **January 20, 2022, 2:00 p.m. EST**

JOSEPH HAGE AARONSON LLC
485 Lexington Avenue, Fl 30
New York, NY 10017
(212) 407-1200
Gregory P. Joseph
Rachel Cherington
Courtney Solomon
*Attorneys for Claimant Cesar Alvarez*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

Debtors.[1]

------------------------------------------------------------------x

Case No. 18-23538 (RDD)
Chapter 11
Jointly Administered

# RESPONSE TO DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM AND/OR BALLOTS (RECLASSIFY OR DISALLOW) (CESAR ALVAREZ)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California; Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida); L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

Claimant Cesar Alvarez ("**Claimant Alvarez**"), by his counsel, Joseph Hage Aaronson LLC, responds to the *Debtors' Forty-First Omnibus Objection to the Proofs of Claim and/or Ballots (Reclassify or Disallow)* (ECF No. 10134) (the "**Objection**") as follows:

*Background*

1. Claimant Alvarez is a former director of Sears Holdings Corporation.

2. On April 5, 2019, Claimant Alvarez, then acting *pro se*, timely filed Proof of Claim No. 14248 (the "**Alvarez Claim**"). In response to Question #8 (basis of the claim), Claimant Alvarez identified indemnification and contribution, as well as coverage under the officers' and directors' insurance policies. Claimant Alvarez checked "Yes" to Question #9, asking whether the claim was secured, and made reference to "Other" "Proceeds of Insurance Policy." He did so because he was one of several individuals protected under D&O insurance policies (the "**D&O Policies**") covering him and others as directors.

3. On December 7, 2021, in the Objection, the Debtors sought to reclassify the Alvarez Claim from Secured Claim to General Unsecured Claim. (Objection ¶10; Exhibit A ("Reclassified Claims"), Line 5). The Debtors explained the reasons for such in ¶¶15, 16, and 17 of the Objection.

*Response*

4. Upon consideration of the Objection and the reasons for which the Debtors seek to reclassify the Alvarez Claim from a Secured Claim to an Unsecured Claim, we concur that the Alvarez Claim is properly a General Unsecured Claim. "Secured Claim" is a word of art in bankruptcy parlance, a matter of which Claimant Alvarez was then unaware.

5. Thus, we do not object to the relief the Debtors seek, so long as it is limited to the reclassification of the Alvarez Claim from "Secured" to "General Unsecured."

*Clarification and Reservation of Rights*

6. By way of clarification and for the avoidance of doubt, however, we note the following.

7. As a former director of Sears Holdings Corporation, Claimant Alvarez is entitled to broad indemnification by the corporate organizational documents of Sears Holdings Corporation, as well as applicable state law. For instance, Article VII of the Restated Certificate of Incorporation of Sears Holdings Corp, dated as of March 24, 2005, provides, among other things, that Claimant "shall be indemnified and held harmless by [Sears Holdings Corporation] to the fullest extent permitted by Delaware law . . . against all expense, liability and loss (including attorneys' fees, judgment, fines, ERISA excise taxes or penalties and amounts to be paid in settlement)" arising out of any "action, suit or proceeding, whether civil, criminal, administrative or investigative," as to which Claimant Alvarez "is made a party or is threatened to be made a party or is otherwise involved in . . . by reason of the fact that he . . . had served as a director . . . of the [Debtor]." Claimant Alvarez may also have similar rights under applicable law.

8. Claimant Alvarez expressly reserves all rights, defenses and remedies that he has or may have against Sears Holdings or any other person liable for all or part of the indebtedness discussed above and below.

9. Claimant Alvarez is now a party to litigation which triggers his rights under the preceding paragraphs. He denies any and all wrongful conduct in such litigation, and no finding has been made that he has acted wrongfully. At this juncture, his claim remains unliquidated. But his claim must remain alive, as a General Unsecured Claim, as against the possibility that circumstances triggering his rights to indemnification and/or contribution come to pass.

10. In addition, Claimant Alvarez has separate rights under the D&O Policies' coverage. These rights are independent of, and in addition to, his rights to indemnification and contribution from the Debtors.

11. Except to the extent expressly stated here, Claimant Alvarez reserves all of his rights with respect to the Alvarez Claim and the D&O Policies, vis-à-vis the Debtors and others. Claimant Alvarez further reserves his rights to amend or supplement the Alvarez Claim, or to provide further documentation with respect to it, if circumstances make that necessary or desirable.

Dated: New York, New York  
       December 30, 2021

*/s/ Gregory P. Joseph*  
Gregory P. Joseph  
Rachel Cherington  
Courtney Solomon  
JOSEPH HAGE AARONSON LLC  
485 Lexington Avenue, 30th Floor  
New York, NY 10017  
(212) 407-1200

*Counsel for Claimant Cesar Alvarez*

840837