| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP**<br>1350 Broadway<br>New York, NY  10018<br>212.557.7200<br>David H. Wander, Esq. (dwander@tarterkrinsky.com)<br>Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)<br>*Attorneys for H.K. Sino-Thai Trading Company Ltd.* | **Hearing Date and Time:**<br>January 22, 2022 at 2:00 p.m.<br>**Related to Doc. 10134** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sears Holdings Corporation, *et al.*,<br><br>Debtors. | Case No. 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

### HK SINO-THAI TRADING COMPANY LTD.'S OPPOSITION TO DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM AND/OR BALLOTS (RECLASSIFY OR DISALLOW)

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

1. HK Sino-Thai Trading Company LTD. (**"HK"**) submits the following opposition to the Debtors' Forty-First Omnibus Objection to Proofs Of Claim and/ or Ballots (Reclassify or Disallow) (Doc. 10134, the **"Claims Objection"**) which includes an objection to HK's Claim Nos. 506 and 1060.

**HK's Proofs of Claim**

2. HK filed a proof of claim designated as Claim No. 506 in the amount of $75,340.32, for goods sold and received by the Debtors within 20 days before the commencement of the case, pursuant to § 503(b)(9).[1] Four (4) invoices were attached to Claim No. 506.

---

[1] HK prepared this proof of claim itself and, mistakenly, also checked off the boxes on the proof of claim form for priority under § 507(a)(4), (5), (8)  and "other."

1

3. HK also filed a proof of claim designated as Claim No. 1060 in the amount of $401,739.22, including $318,718.62 for goods sold and received by the Debtors within 20 days before the commencement of this case, pursuant to § 503(b)(9) (Claim Nos. 506 and 1060 are together referred to as the **"HK Claims"**).[2] Seventeen (17) invoices totaling $401,739.22 were attached to Claim No. 1060, including the four invoices included in Claim No. 506.[3]

**Debtors Prior Claim Objection**

4. The Debtors previously filed an objection to Claim No. 1060 as part of the Debtors' Tenth Omnibus Objection to Proofs of Claim [Doc 5237], contending that HK's claim should be reclassified as a priority claim in the amount of $89,700 and a general unsecured claim of $260,116.21, for a total claim of $408,418.62 (the **"Prior Claim Objection"**).

5. Upon information and belief, the Prior Claim Objection was based upon the "World Imports" issue. *See In re World Imports, Ltd.*, 862 F.3d 338 (3d Cir. 2017).

6. On November 20, 2020, the Debtors filed a Notice of Withdrawal regarding the Prior Claim Objection as it pertained to Claim No. 1060.

**The Claim Objection**

7. According to the Claims Objection, the sole basis for the objection to the HK Claims is that "(i) supporting documentation indicates that the claims are not entitled to non-administrative priority." *See* Claims Objection, pp. 9 and 11 of 39. However, this double negative renders the Claims Objection unintelligible or non-sensical. Accordingly, the Debtors' objection to Claim No. 1060 should be denied outright.

---

[2] HK also prepared this proof of claim itself and, mistakenly, also checked off the boxes on the proof of claim form for priority under § 507(a)(4), (5), (8) and "other."

[3] HK has no objection to Claim No. 506 being expunged as a duplicate claim.

8. A proof of claim that complies with the requirements of Bankruptcy Rule 3001 and Official Form 410 "shall constitute prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f). "In other words, the party objecting to such a claim has the initial burden of going forward with evidence to refute the claim even though the creditor retains the ultimate burden of persuasion with regard to the validity of the claim." *In re Live Primary, LLC*, 626 BR 171, 188 (Bankr. S.D.N.Y. 2021).

9. Here, Claim No. 1060 includes numerous invoices as supporting documentation. Thus, to meet the Debtors' initial burden of going forward with an objection to Claim No. 1060, the Debtors must present "evidence to refute the claim." *Id.* at 188. Without any specificity as to the nature of the Debtors' objections to Claim Nos. 506 and 1060, it is impossible for HK to respond to the current claim objection.

Dated: New York, New York
       January 3, 2022

                                    TARTER KRINSKY & DROGIN LLP

                                    By: /s/ David H. Wander
                                        David H. Wander
                                        Alexander R. Tiktin
                                    1350 Broadway
                                    New York, NY  10018
                                    212.557.7200
                                    dwander@tarterkrinsky.com
                                    atiktin@tarterkrinsky.com
                                    *Attorneys for HK Sino-Thai Trading Company Ltd.*