WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                           :     Chapter 11
                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*,       :     Case No. 18-23538 (RDD)
                                                :
Debtors.[1]                                     :     (Jointly Administered)
------------------------------------------------------------x

# CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS (RECLASSIFYING CLAIMS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On October 19, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims)* (ECF No. 9976) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for November 2, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. Prior to the Response Deadline, Debtors were contacted informally by ILCO Site Remediation ("**ILCO**") who requested an extension of the Response Deadline so that the claim could be resolved without the need for further court pleadings. On November 29, 2021, ILCO notified the Debtors that it would not be responding to the Omnibus Objection and that ILCO consents to the Debtors' submission of a supplemental order granting the Omnibus Objection with respect to ILCO's claim.

4. On November 4, 2021, Nelecia Nelson filed a response (ECF No. 10028) (the "**Response**") to the Omnibus Objection whereby Ms. Nelson objected to the reclassification of her claim. After discussions with the Debtors with respect to her claim and the requirements for a claim to be entitled to priority under section 507 of the Bankruptcy Code, Ms. Nelson

consented to the reclassification of her claim and withdrawal of her Response on December 30, 2021 via email.

5. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1** attached to the supplemental proposed order granting the relief requested in the Omnibus Objection (the "**Supplemental Proposed Order**") a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings, that have not subsequently been withdrawn, have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

6. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

7. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: January 4, 2022
      New York, New York

                                            /s/ Garrett A. Fail
                                            Ray C. Schrock, P.C.
                                            Jacqueline Marcus
                                            Garrett A. Fail
                                            Sunny Singh
                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            *Attorneys for Debtors*
                                            *and Debtors in Possession*

**<u>Exhibit A</u>**

**Supplemental Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

------------------------------------------------------------x

## ORDER GRANTING DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS)

Upon the *Debtors' Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims)*, filed on October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Proof of Claim listed on **Exhibit 1** annexed hereto and each asserted claim associated therewith (collectively, the "**Disputed Claims**") is reclassified in its entirety to a general unsecured claim.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The rights of the Debtors to assert further objections to the Disputed Claims, in whole or in part, and on any basis, are fully preserved.

    5.  The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

    6.  This Order is deemed to be a separate Order as to each claimant covered hereby.

    7.  The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2022
   White Plains, New York

                      _____
                      HONORABLE ROBERT D. DRAIN
                      UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Disputed Claims**

**Debtors' Thirty-Seventh Omnibus Objection to Claims**
**Exhibit 1 - Disputed Claims**

| | Schedule of Disputed Claims to be Reclassified | |
|---|---|---|
| Ref # | Disputed Claims | Affected Proof of Claim No. |
| 244. | ILCO SITE REMEDIATION GROUP | 15964 |
| 365. | NELSON, NELECIA | 16742 |

# Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                              :          Chapter 11
                                                                                          :
**SEARS HOLDINGS CORPORATION,** *et al.*,          :          Case No. 18-23538 (RDD)
                                                                                          :
                              Debtors.[1]                                          :          (Jointly Administered)
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS) ~~(RECLASSIFICATION)~~

Upon the *Debtors' Thirty-Seventh Omnibus Objection to Proofs of Claim (Reclassifying Claims)*, filed on October 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**")~~,~~ and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), all as more fully set forth in the Objection;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and the Bankruptcy Court having ~~held a hearing to consider the relief requested in the Objection on _____ (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having~~ determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Proof of Claim listed on **Exhibit 1** annexed hereto and each asserted claim associated therewith (collectively, the "**Disputed Claims**") is reclassified in its entirety to a general unsecured claim.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited

to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The rights of the Debtors to assert further objections to the Disputed Claims, in whole or in part, and on any basis, are fully preserved.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. This Order is deemed to be a separate Order as to each claimant covered hereby.

7. ~~6.~~ The terms and conditions of this Order are effective immediately upon entry.


Dated: _____, 202~~1~~2
White Plains, New York

                                                      HONORABLE ROBERT D. DRAIN
                                                      UNITED STATES BANKRUPTCY JUDGE