**DLA PIPER LLP (US)**
Richard A. Chesley
R. Craig Martin
Rachel Ehrlich Albanese
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel to Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL PORTIONS OF TRANSFORM HOLDCO LLC'S MOTION TO ENFORCE AND ACCOMPANYING EXHIBITS**

Transform Holdco LLC ("Transform"), for itself and on behalf of its affiliate Transform Leaseco LLC, as buyer of substantially all of the Debtors' assets, by and through its undersigned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

counsel, respectfully submits this motion (the "Sealing Motion") for entry of an order (the "Order") authorizing Transform Holdco LLC to file under seal certain portions of the *Motion to Enforce the Order (I) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* (the "Motion to Enforce") and the exhibits thereto. Transform seeks entry of an order determining that the commercially sensitive and confidential information in the Motion to Enforce and exhibits be withheld from public view, substantially in the form attached hereto as **Exhibit 1**. In further support of this Sealing Motion, Transform respectfully states as follows:

## BACKGROUND

1. On September 5, 2019, this Court issued the *Order (I) Authorizing the Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* (ECF No. 5074) (the "Assignment Order"), authorizing the sale of Sear's Mall of America lease (the "Lease") to Transform (ECF No. 5074). To assuage concerns that the space would remain vacant, the Assignment Order set a specified two-year timeline within which Transform had to sublease at least a portion of the space, and simultaneously barred MOAC Mall Holdings LLC ("MOAC") from any improper interference with Transform's attempt to sublet the premises.

2. MOAC appealed the Assignment Order to the district court, which initially reversed but affirmed on reconsideration based on statutory mootness. The Second Circuit affirmed the District Court's statutory mootness decision on December 17, 2021.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code ("Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELIEF REQUESTED

6. By this Sealing Motion, Transform seeks entry of the attached Order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file portions of the Motion to Enforce and certain exhibits thereto under seal with the Clerk of this Court in accordance with the Local Rules and this Court's chambers rules.

## BASIS FOR RELIEF

7. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) of the Bankruptcy Code provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b).

8. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and

3

'commercial' in nature." *Id.* Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

9. Bankruptcy Rule 9018 permits the court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018.

10. When granting motions to seal, courts have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (quoting *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006)); *see also In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (noting that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

11. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." *Video Software Dealers Ass'n*, 21 F.3d at 28. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27 (emphasis in original). Courts have further held that "the authority to issue the resulting [seal] order is broad—'any order which justice requires.'" *In re Global Crossing, Ltd.*, 295 B.R. at 724 (quoting Fed. R. Bankr. P. 9018).

12. Sufficient cause exists for this Court to grant the relief requested in this Sealing Motion because the Motion to Enforce summarizes and attaches as exhibits the proposed sublease between Transform and Primark (the "Sublease"), which is specifically required by its own terms to be filed under seal. The Sublease contains sensitive commercial information related to Primark's business that could be prejudicial to it if made public since it leases space in many locations in the United States. *See* Ex. C to Motion to Enforce, Sublease. The Motion to Enforce also summarizes, quotes, and attaches correspondence between MOAC and Transform relating to confidential information included in the Sublease and its terms, and commercially sensitive information relating to Primark and its business.

13. The proposed sealing order that Transform is submitting is narrowly tailored to restrict access only to a small amount of commercially sensitive and confidential information. The redactions are limited to these certain aforementioned exhibits to the Motion to Enforce and the portions of the Motion to Enforce that include citations to confidential and commercially sensitive material.

14. Accordingly, Transform respectfully submits that there is ample cause for the relief requested in this Sealing Motion.

## NO PREVIOUS REQUEST

15. No prior motion for the relief requested sought in this Motion has been made to this or any other court.

## NOTICE

16. Notice of this Sealing Motion will be provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405). Transform respectfully submits that no other or further notice is required.

EAST\187070327.4

WHEREFORE, Transform respectfully requests that the Court authorize it to file the relevant documents under seal, with a redacted version of the Motion to Enforce filed on the docket, and grant such further relief as is just and appropriate.

Dated: New York, New York
       January 4, 2022

Respectfully submitted,

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501


By: /s/ Richard A. Chesley
Richard A. Chesley
R. Craig Martin
Rachel Ehrlich Albanese

*Counsel to Transform Holdco LLC*