**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

### PROPOSED ORDER GRANTING MOTION TO ENFORCE THE ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASE WITH MOAC MALL HOLDINGS LLC AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Transform Holdco LLC (the "Buyer" or "Transform"),

for itself and on behalf of its affiliate Transform Leaseco LLC ("Transform Leaseco"), as buyer of

substantially all of the Debtors' assets under a Sale Order (ECF No. 2507),[2] for entry of an order

(this "Order") enforcing the Assignment Order[3]; and the Court having reviewed the Motion; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief,* Feb. 8, 2019.

[3] Capitalized terms used but not defined in this Order shall have the meaning set forth in the Motion.

the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding under 28 U.S.C. § 157(b), and (iii) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    MOAC shall be estopped from any further interference with Transform's ability to consummate the Sublease or any future subleases with respect to the premises.

3.    The requirements for the Critical Determination as set forth in the Sublease have been met.  Namely:

a.    Transform has prevailed in the litigation regarding assignment of the Master Lease; therefore, the Master Lease Assignment is fully valid and enforceable;

b.    the Sublease is a valid and enforceable sublease under the Master Lease (subject to all of the terms and conditions set forth in the Sublease);

c.    the Sublease constitutes a sublet as contemplated under that certain Order dated August 17, 2021 by the Second Circuit in connection with the Appeal in Second Circuit Case. No. 20-1846; and

d.    the ROFR Resolution Date (as defined in Subsection 1.1(J) of the Sublease) has occurred in connection with the Sublease.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
          White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE