UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :        Chapter 11
                                                    :
SEARS HOLDINGS CORPORATION, *et al.*,               :        Case No. 18-23538 (RDD)
                                                    :
        Debtors.[1]                                 :        (Jointly Administered)
                                                    :        (ECF No. 10134)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW)

Upon the *Debtors' Forty-First Omnibus Objection to Proofs of Claim (Reclassify or Disallow)*, filed December 7, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to sections 502, 503, 507 and/or 506 of title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order reclassifying, and/or disallowing the Claims, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

1

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and upon the Debtors' Certificate of No Objection, dated January 4, 2022 [Dkt. No. 10196], there being no objections to the relief granted hereby; no further notice or a hearing being required; and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein, in that (a) the respective claimants have not carried their burden of proof with respect to the asserted priority or secured status of their claims listed on **Exhibit A** hereto and (b) the claims listed on **Exhibit B** hereto have either been satisfied or are duplicative of surviving claims in these cases; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to sections 502, 503, 506 and/or 507 of the Bankruptcy Code, as the case may be, and Bankruptcy Rule 3007, (i) the asserted secured and priority claims listed in **Exhibit A** hereto are reclassified entirely to general unsecured claims, and (ii) the claims listed on **Exhibit B** hereto are disallowed and expunged in their entirety.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the claimants whose claims are covered hereby, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such claimants shall be expressly preserved.

4.	The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.	This Order is deemed to be a separate order with respect to each claimant whose claim is covered hereby

6.	Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the claims listed on **Exhibit A** or **Exhibit B** hereto, as to which all of Transform's rights and defenses are expressly reserved.

7.	The terms and conditions of this Order are effective immediately upon entry.

Dated:	January 5, 2022
	White Plains, New York

						*/s/Robert D. Drain*
						HONORABLE ROBERT D. DRAIN
						UNITED STATES BANKRUPTCY JUDGE