**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:                                              :
                                                    :      **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,           :
                                                    :      **Case No. 18-23538 (RDD)**
                                                    :
            Debtors.[1]                             :      **(Jointly Administered)**
------------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Nuno Cardoso, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On January 5, 2022, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on J.W. Mitchell Company, LLC (MMLID#5820612), O'Keefe & Assoc. Law Corp, P.C., 26 Executive Park, Ste. 250, Irvine, CA 92614:

- Notice of Hearing on Debtors' Forty-First Omnibus Objection to Proofs of Claim and/or Ballots (Reclassify or Disallow) [Docket No. 10134, Pages 1-14], a copy of which is attached hereto as **Exhibit A**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Dated: January 7, 2022

*/s/ Nuno Cardoso*
Nuno Cardoso

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on January 7, 2022, by Nuno Cardoso, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

*/s/ JAMES A. MAPPLETHORPE*
Notary Public, State of New York
No. 01MA6370846
Qualified in New York County
Commission Expires February 12, 2022

SRF 58923

**Exhibit A**

Hearing Date and Time: January 20, 2022 at 2:00 p.m. (Eastern Time)
Response Deadline: January 3, 2022 at 4:00 p.m. (Eastern Time)

> **THE DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY OR DISALLOW CERTAIN FILED PROOFS OF CLAIM AND/OR BALLOTS.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO DETERMINE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION, AND/OR THE EXHIBIT ATTACHED THERETO, TO DETERMINE WHETHER THE OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL DOMINIC A. LITZ, ESQ. AT (212) 310-8346.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM AND/OR BALLOTS (RECLASSIFY OR DISALLOW)**

**PLEASE TAKE NOTICE** that, on December 7, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California

chapter 11 cases (collectively, the "**Debtors**") filed the *Debtors' Forty-First Omnibus Objection to Proofs of Claim and/or Ballots (Reclassify or Disallow)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Objection requests that the Bankruptcy Court reclassify or disallow one or more proofs of claim (the "**Proofs of Claim**") and/or ballots filed in the Administrative Expense Program[2] (the "**Ballots**", and together with the Proofs of Claim, the "**Claims**") listed on **Exhibit A** and **Exhibit B** annexed hereto, on the ground(s) as set forth on each Exhibit.

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**"), annexed hereto as **Exhibit C**, shall apply and govern the Objection. The Claims Hearing Procedures provide for certain mandatory actions by claimants (each, a "**Claimant**" and collectively, the "**Claimants**") within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the granting of the relief requested without further notice to the applicable Claimant(s).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant does NOT oppose the relief requested with respect to its applicable Proof(s) of Claim or Ballot(s), then Claimant does NOT need to file a written response (the "**Response**") to the Objection and Claimant does NOT need to appear at the Hearing (as defined herein).

**PLEASE TAKE FURTHER NOTICE** that, if Claimant DOES oppose the relief requested, then Claimant MUST file with the Bankruptcy Court <u>and</u> serve on the parties listed below a Response to the Objection, so as to be filed and received by no later than **January 3, 2022, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance

---

Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] As defined in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5139)) (the "**Plan**"), as applicable.

2

with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed with the Bankruptcy Court and received by the parties listed below by or before the Response Deadline.

**PLEASE TAKE FURTHER NOTICE** that Response(s) to the Objection, if any, must contain, at a minimum, the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Proof of Claim or Ballot; (iii) a concise statement setting forth the reasons why the Proof of Claim or Ballot should not be reclassified or reduced for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the Proof of Claim or Ballot, to the extent not included with the Proof of Claim or Ballot previously filed with the Bankruptcy Court, upon which Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to Claimant's Response, if different from that presented in the applicable Proof of Claim or Ballot; and (vi) the name, address, and telephone number of the person (which may be Claimant or Claimant's designated legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Proof of Claim or Ballot on Claimant's behalf.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court will consider a Response only if the Response is timely filed, served, and received in accordance with the Amended Case Management Order and the procedures set forth herein. A Response will be deemed timely filed, served, and received only if the original Response is <u>actually</u> <u>received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise permitted under the Claims Hearing Procedures, a hearing to consider the Objection will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **January 20, 2022 at 2:00 p.m. (Prevailing Eastern Time)** (the "**Hearing**"). If Claimant files a Response to the Objection, Claimant should plan to appear at the Hearing. The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Proof(s) of Claim or Ballot(s) that are the subject of such Response. If the Debtors do continue the Hearing with respect to such Proof(s) of Claim or Ballot(s), then the Hearing on the Objection with respect to such Proof(s) of Claim or Ballot(s) will be held at a later date. If the Debtors do not continue the Hearing with respect to such Proof(s) of Claim or Ballot(s), then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE** that if Claimant does not timely file and serve a Response to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed as **Exhibit D** to the Objection, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Debtors retain the right to object on other grounds to the Proof(s) of Claim or Ballot(s) (or to any other Proof(s) of Claim or Ballot(s) Claimant may have filed) at a later date. Claimant will receive a separate notice of any such objection(s).

**PLEASE TAKE FURTHER NOTICE** that Claimant may participate in the Hearing telephonically, provided Claimant complies with the Bankruptcy Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, if any Claimant wishes to view the complete Objection, such Claimant can do so for free at https://restructuring.primeclerk.com/sears. **Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Proof(s) of Claim.**

Dated:  December 7, 2021
       New York, New York

                                  */s/  Garrett A. Fail*
                                  Ray C. Schrock, P.C.
                                  Jacqueline Marcus
                                  Garrett A. Fail
                                  Sunny Singh
                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York  10153
                                  Telephone:  (212) 310-8000
                                  Facsimile:  (212) 310-8007

                                  *Attorneys for Debtors*
                                  *and Debtors in Possession*

# Exhibit A

# Reclassified Claims

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**  
**Exhibit A - Reclassified Claims**

In re: Sears Holdings Corporation, *et al.*  
Case No. 18-23538 (RDD)

### Schedule of Claims to be Reclassified

| Ref # | Name of Claimant | Proof of Claim No. Reclassified | Secured Claim | Priority Claims | Amount Reclassified to General Unsecured Claim |
|---|---|---|---|---|---|
| 1. | 3825 Forsyth, LLC | 15427 | 1,400,000.00 | - | 1,400,000.00 |
| 2. | ACE American Insurance Company, on its own behalf and on behalf of all of the ACE Companies | 16174 | Unliquidated | - | Unliquidated |
| 3. | AIG Property Casualty Co., and certain other entities related to AIG Property Casualty, Inc. | 16266 | Unliquidated | - | Unliquidated |
| 4. | ALAMENE, HERMON | 13624 | 1,739.00 | 1,739.00 | 3,478.00 |
| 5. | Alvarez, Cesar L. | 14248 | Unliquidated | - | Unliquidated |
| 6. | Anne Arundel County, Maryland | 14572 | 643.91 | - | 643.91 |
| 7. | Beauty Gem, Inc. | 8813 | 1,008,375.46 | - | 1,008,375.46 |
| 8. | Boyer, Sheryl L, Estate of (Superior Court, State of Alaska, Fairbanks No: 4FA-19-23PR) | 13786 | - | 1,000.00 | 1,000.00 |
| 9. | Burris, Sharon | 10851 | - | 13,525.00 | 13,525.00 |
| 10. | Cain, Vanessa | 11063 | Unliquidated | Unliquidated | Unliquidated |
| 11. | Charlottesville Fashion Square, LLC | 15656 | - | 8,913.92 | 8,913.92 |
| 12. | Chestnutt, Terashia | 14869 | Unliquidated | - | Unliquidated |
| 13. | City of Allen, TX - Utility Dept | 9882 | - | 451.06 | 451.06 |
| 14. | City of Orange | 9253 | - | 1,265.00 | 1,265.00 |
| 15. | City of Philadelphia/School District of Philadelphia | 7583 | 5,000.00 | 3,117.90 | 8,117.90 |
| 16. | City of Trotwood | 5783 | 964.97 | 964.97 | 1,929.94 |
| 17. | Columbia Mall Partnership | 19532 | - | 24,050.12 | 24,050.12 |
| 18. | COOPER, ANNIE | 19245 | Unliquidated | - | Unliquidated |
| 19. | CRABTREE, MICHAEL | 19156 | Unliquidated | - | Unliquidated |
| 20. | DALES, JEAN M | 13569 | Unliquidated | - | Unliquidated |
| 21. | Dilla, William | 9514 | Unliquidated | - | Unliquidated |
| 22. | D-Link Systems, Inc.l | 17260 | 676,413.00 | - | 676,413.00 |
| 23. | DRAYTON PLAINS (MI), LLC | 16569 | Unliquidated | - | Unliquidated |
| 24. | DUARTE, MARIA ELENA | 18319 | Unliquidated | - | Unliquidated |
| 25. | Easton Suburban Water Authority | 17322 | - | 301.43 | 301.43 |
| | | 11736 | - | 231.00 | 231.00 |
| | | 6044 | - | 145.11 | 145.11 |
| | | 10109 | - | 39.71 | 39.71 |
| 26. | Erie Water Works | 18676 | 2,246.16 | 2,246.16 | 4,492.32 |
| 27. | FB Billerica Realty Investors LLC | 16813 | - | 26,413.16 | 26,413.16 |
| 28. | Folland, Christopher | 9416 | Unliquidated | - | Unliquidated |
| 29. | Gann, William | 9289 | Unliquidated | - | Unliquidated |
| 30. | GEMMEL, GERALD W | 10923 | Unliquidated | - | Unliquidated |
| 31. | Georgia Self-Insurers Guaranty Trust Fund | 14890 | 3,320,000.00 | - | 3,320,000.00 |
| 32. | Gilbertson, Duwayne and Jenn | 8763 | Unliquidated | - | Unliquidated |
| 33. | GOODLETT, AUDRENE | 11181 | Unliquidated | Unliquidated | Unliquidated |
| 34. | Green Dot Corporation | 18350 | Unliquidated | - | Unliquidated |
| 35. | Hasino, Souha F | 15821 | Unliquidated | - | Unliquidated |
| 36. | Hastings Utilities NE | 10212 | - | 286.49 | 286.49 |
| 37. | Helmsman Management Services LLC | 15492 | 147,583.00 | - | 147,583.00 |
| 38. | Hipshire, Eliane | 14915 | Unliquidated | Unliquidated | Unliquidated |
| 39. | HOWARD, TELMA | 13316 | Unliquidated | - | Unliquidated |
| 40. | HUNTER, LYNN | 11728 | Unliquidated | - | Unliquidated |
| 41. | Icon DP MD Owner Pool 2 West/Northeast/Midwest, LLP | 15822 | Unliquidated | - | Unliquidated |
| 42. | Icon Owner Pool 1 SF Non-Business Parks, LLC | 16162 | 9,456.93 | - | 9,456.93 |
| 43. | Infor (US), Inc. | 17617 | Unliquidated | - | Unliquidated |
| 44. | J.W. Mitchell Company, LLC | 9987 | 131,595.67 | - | 131,595.67 |
| 45. | JENKINS, ROSELLA M | 19579 | - | Unliquidated | - |
| 46. | LARA, MELINDA | 13672 | Unliquidated | Unliquidated | Unliquidated |
| 47. | LECKY, CAMERON H | 17827 | Unliquidated | - | Unliquidated |
| 48. | Maloney and Bell General Construction, Inc. | 16671 | 187,234.50 | - | 187,234.50 |

| | | | | | |
|---|---|---|---|---|---|
| 49. | MARCOTTE, GEORGE S | 10870 | Unliquidated | - | Unliquidated |
| 50. | Miller, Sheila | 9977 | Unliquidated | - | Unliquidated |
| 51. | MURTHA, LYNDA R. | 11320 | Unliquidated | - | Unliquidated |
| 52. | Oryom Ventures LLC & DoYa Ventures LLC (2/3 & 1/3 Interest) | 14599 | - | 43,970.00 | 43,970.00 |
| 53. | PIRIZ, YANET | 13129 | Unliquidated | - | Unliquidated |
| 54. | PORTER, CLAYTON | 14201 | Unliquidated | - | Unliquidated |
| 55. | QUINONES, ELIZABETH | 20085 | Unliquidated | - | Unliquidated |
| 56. | REPLANE, WILLIAM | 11865 | Unliquidated | - | Unliquidated |
| 57. | Richard A. Lewis & Roberta D. Lewis Trust | 13593 | Unliquidated | - | Unliquidated |
| 58. | RICHARDSON, ALEATHEA | 10645 | Unliquidated | - | Unliquidated |
| 59. | RIF III- Avenue Stanford, LLC, a California limited liability company | 8483 | 108,583.79 | - | 108,583.79 |
| 60. | Rivers, Jared | 18771 | Unliquidated | - | Unliquidated |
| 61. | ROBINS, DESHONA O. | 17725 | - | Unliquidated | - |
| 62. | Salazar, Mar Lourdes | 15407 | Unliquidated | - | Unliquidated |
| 63. | SCHUMACHER, SUE | 18619 | Unliquidated | - | Unliquidated |
| 64. | Smith III, Terry Rexall | 10234 | - | Unliquidated | - |
| 65. | The Travelers Indemnity Company and its property casualty insurance affiliates | 18149 | 66,800.00 | - | 66,800.00 |
| 66. | Township of Belleville | 20620 | 705.18 | Unliquidated | 705.18 |
| 67. | Valdiva Perez, Leticia | 8847 | Unliquidated | - | Unliquidated |
| 68. | Vertical Industrial Park Associates | 12512 | 55,000.00 | - | 55,000.00 |
| 69. | Waterford Utility Commission (W.U.C., CT) | 9976 | - | 2,650.09 | 2,650.09 |
| 70. | WILLIAMS, KENYA | 19120 | Unliquidated | - | Unliquidated |

# Exhibit B

**Disallowed and Expunged Claims**

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**  In re: Sears Holdings Corporation, *et al.*
**Exhibit B - Disallowed Claims and Ballots**  Case No. 18-23538 (RDD)

| | Schedule of Claims and Ballots to be Disallowed | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 1. | Adam Levine Productions, Inc. | 182353801043202 | N/A | (iv) |
| 2. | AGGRO PACIFIC HAWAII LLC | N/A | 7248 | (i) |
| 3. | Askey, Randal G. | N/A | 19041 | (iv) |
| 4. | Askey, Susan E. | N/A | 18946 | (iv) |
| 5. | Beauty Gem, Inc. | 182353801043279 | N/A | (i) |
| 6. | BLASS, JAY | N/A | 1296 | (i) |
| | | N/A | 1931 | (i) |
| 7. | Broward County | 182353801017898 | N/A | (iii) |
| 8. | Burnett Central Appraisal District | 182353801018298 | N/A | (iii) |
| 9. | Cain, Vanessa | N/A | 11545 | (iv) |
| 10. | ChooMee, Inc. | N/A | 4451 | (i) |
| 11. | City of Cookeville, TN | 182353801018333 | N/A | (iii)(iv) |
| 12. | City of Mesquite and Mesquite Independent School District | N/A | 26387 | (iii) |
| 13. | City of Mesquite Tax Collector | 182353801024081 | N/A | (iii) |
| 14. | Cleveland County Tax Collector | 182353801024460 | N/A | (iii) |
| 15. | Coca-Cola Consolidated | N/A | 17011 | (i) |
| 16. | Cole, Ronald E. and Martha E. | N/A | 17491 | (iv) |
| 17. | Coral-CS Ltd Associates | N/A | 17577 | (i) |
| 18. | DAKS INDIA INDUSTRIES PVT LTD | N/A | 26326 | (i) |
| 19. | Del Amo Fashion Center Operating Co LLC | N/A | 17942 | (i) |
| 20. | DICKMAN, FRANCES R | N/A | 17018 | (iv) |
| 21. | Dickman, Frances R | N/A | 17484 | (iv) |
| 22. | Express Services, Inc. | N/A | 5425 | (i) |
| | | N/A | 7163 | (i) |
| | | N/A | 6964 | (i) |
| 23. | GAINES, KANDI | N/A | 11447 | (i) |
| 24. | Garcia, Rebecca Belen | N/A | 19152 | (i) |
| 25. | Gee, James | N/A | 17476 | (iv) |
| 26. | GRP Equities LLC | N/A | 17213 | (iv) |
| 27. | HK Sino-Thai Trading Company Ltd. | N/A | 506 | (i) |
| | | N/A | 1060 | (i) |
| 28. | HOLM, JOAN & STANLEY | N/A | 17964 | (iv) |
| 29. | Hydraulic and Electromechanic Services and Repairs | N/A | 4655 | (i) |
| 30. | JOHNSON, MARK | N/A | 7101 | (i) |

| Debtors' Forty-First Omnibus Objection to Claims and Ballots | | | In re: Sears Holdings Corporation, *et al.* |
|---|---|---|---|
| Exhibit B - Disallowed Claims and Ballots | | | Case No. 18-23538 (RDD) |

| **Schedule of Claims and Ballots to be Disallowed** | | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 31. | KNOX COUNTY TRUSTEE | 182353801018780 | N/A | (ii) |
|  |  | 182353801025134 | N/A | (ii) |
| 32. | Kopke, Barry D | N/A | 788 | (i) |
| 33. | LEE COUNTY TAX COLLECTOR | 182353801025214 | N/A | (ii) |
|  |  | 182353801018782 | N/A | (ii) |
| 34. | LEGGIO, JOSPEH/COLLEEN | N/A | 17309 | (iv) |
| 35. | Lifeworks Technology Group | N/A | 11158 | (i) |
| 36. | Mayflower Emerald Square, LLC | N/A | 16599 | (i) |
| 37. | MOVEIS K1 LTDA | N/A | 14222 | (i) |
| 38. | Muller, Maria | N/A | 17342 | (iv) |
|  |  | N/A | 18004 | (iv) |
| 39. | O'SULLIVAN, NICANORA | N/A | 17991 | (iv) |
| 40. | Palm Beach County Tax Collector | 182353801025678 | N/A | (i) |
| 41. | Rietmann, Arthur | N/A | 17004 | (iv) |
| 42. | Regional Water Authority | N/A | 6894 | (iv) |
| 43. | Rocky Mountain Super Vac, Inc. | N/A | 9629 | (i) |
| 44. | Shawano City Tax Collector | 182353801025949 | N/A | (i) |
| 45. | Simon Property Group, L.P. | N/A | 16952 | (i) |
| 46. | Small Engine and Mower Services, llc | N/A | 4654 | (i) |
| 47. | Stahl, Marilyn | N/A | 18388 | (iv) |
| 48. | Superior Sweeping Ltd. | N/A | 464 | (i) (iii) |
|  |  | N/A | 19872 | (i) (iii) |
| 49. | SW Corporation dba. Magic Lamp Wholesale | 182353801041249 | N/A | (iv) |
| 50. | SWB LDG | N/A | 10942 | (i) |
| 51. | The City of Mesquite and Mesquite Independent School District | 182353801018400 | N/A | (iii) |
| 52. | Tosi, Alfred | N/A | 17439 | (iv) |
| 53. | U.S. Customs and Border Protection | 182353801013594 | N/A | (ii) |
| 54. | VanHook Service Co., Inc. | N/A | 14137 | (i) |
|  |  | N/A | 14156 | (i) |
|  |  | N/A | 14225 | (i) |
|  |  | N/A | 14260 | (i) |
| 55. | VIRGINIA TARTAGLIONE / PETER TARTAGLIONE | N/A | 18023 | (iv) |
| 56. | Walsh, Kevin | N/A | 18441 | (iv) |
| 57. | Wang, Hongshu | N/A | 9583 | (iv) |

**Debtors' Forty-First Omnibus Objection to Claims and Ballots**  In re: Sears Holdings Corporation, *et al.*
**Exhibit B - Disallowed Claims and Ballots**  Case No. 18-23538 (RDD)

| Schedule of Claims and Ballots to be Disallowed | | | | |
|---|---|---|---|---|
| Ref # | Name of Claimant | Ballot No. to be Disallowed | Proof of Claim No. to be Disallowed | Reason for Disallowance |
| 58. | Wharton Co Jr Coll Dist | 182353801018036 | N/A | (iii) |
|  |  | 182353801018037 | N/A | (iii) |
| 59. | ZURU LLC | 182353801021430 | N/A | (iv) |

[1] Corresponding reasons are as follows:
  (i)   supporting documentation indicates that the claims are not entitled to non-administrative priority;
  (ii)  the support provided by the Claimants are not supported by the Debtors' books and records, or no supporting documentation was provided for all of the Disputed Claim;
  (iii) the basis for the claim or ballot was paid and satisfied in the ordinary course;
  (iv) the claim/ballot is duplicatative of another asserted claim/ballot;

# Exhibit C

## Claims Hearing Procedures

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

------------------------------------------------------------ x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") to apply to the Chapter 11 cases of the Sears Holdings Corporation and its affiliated debtors (collectively, the "**Debtors**").

**I.    Claims Hearing Procedures**

1. Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Bankruptcy Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these Chapter 11 cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Bankruptcy Court.

2. The Bankruptcy Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Bankruptcy Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

   (i)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the applicable claimant (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Bankruptcy Court at a Sufficiency Hearing will be equivalent to the standard applied by the Bankruptcy Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

   (ii)      For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Bankruptcy Court, a notice substantially in the form attached to the *Order Approving (I) Claims Objection Procedures, (II) Claims Settlement Procedures, and (III) Claims Hearing Procedures* (ECF No. 3014) as <u>**Exhibit 2**</u> (a "**Notice of Merits Hearing**"), at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Bankruptcy Court in connection therewith.

5.      Discovery with respect to a Contested Claim will not be permitted until either: (i) the Bankruptcy Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012; or (ii) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing.

7.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Bankruptcy Court and the Claimant.

8.      **Sanctions**. The Bankruptcy Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

                                                    BY ORDER OF THE BANKRUPTCY COURT