UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,      :    Case No. 18-23538 (RDD)
                                                               :
                  Debtors.[1]                              :    (Jointly Administered)
------------------------------------------------------------x    (ECF No. 10165)

### ORDER GRANTING DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFYING CLAIMS)

Upon the *Debtors' Forty-Third Omnibus Objection to Proofs of Claim (Reclassifying Claims)*, filed December 15, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to sections 502 and 507 of title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedure, for an order reclassifying the prepetition priority Claims as more fully set forth in the Objection; and the Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances; and upon the Debtors' certificate of no objection, dated January 6, 2022, there being no objections to the relief requested in the Objection; and no additional notice or a hearing being required; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein, in that the Objection rebutted any presumption of the priority nature of the Claims at issue and, in any event, the claimants have not carried their respective burden of proof; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to sections 502 and 507 of the Bankruptcy Code and Bankruptcy Rule 3007, the prepetition Claims asserted as entitled to priority, other than any claims asserted as entitled to priority under section 503(b) of the Bankruptcy Code, if any, listed on **Exhibit 1** are reclassified entirely to general unsecured claims.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to,

claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5. Nothing in this Order or in the Objection (i) constitutes any finding or determination concerning the identification of the agreements that were assumed and assigned to Transform Holdco LLC or any of its affiliates (collectively, "**Transform**") or the liabilities, if any, associated therewith, or (ii) imposes any obligation on Transform to satisfy any of the claims listed on **Exhibit 1** hereto, as to which all of Transform's rights and defenses are expressly reserved.

6. This Order is deemed to be a separate order with respect to each claimant whose Claim is reclassified bythis Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated:  January 7, 2022
          White Plains, New York

*/s/Robert D. Drain*
-------------------------------
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE