Presentment Date and Time:  January 19, 2022 at 10:00 a.m. (Eastern Time)
Objection Deadline:  January 18, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jared R. Friedmann

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                        :

**In re**                     :         **Chapter 11**
                         :

**SEARS HOLDINGS CORPORATION, *et al.*,**  :        **Case No. 18-23538 (RDD)**
                         :

            **Debtors.[1]**         :         **(Jointly Administered)**
                         :

----------------------------------------------------------x

## NOTICE OF PRESENTMENT OF
## STIPULATION, AGREEMENT, AND ORDER
## <u>GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement and Order Granting Limited Relief from the Automatic Stay* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **January 19, 2022 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **January 18, 2022 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Stipulation, a hearing will be held on a date **to be determined** (the "**Hearing**") to consider the Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**").

WEIL:\98453292\1\73217.0004

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  January 12, 2022
       New York, New York

                              /s/  *Garrett A. Fail*
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York  10153
                              Telephone:  (212) 310-8000
                              Facsimile:  (212) 310-8007
                              Ray C. Schrock, P.C.
                              Jacqueline Marcus
                              Garrett A. Fail
                              Sunny Singh
                              Jared R. Friedmann

                              *Attorneys for Debtors*
                              *and Debtors in Possession*

**<u>Exhibit 1</u>**

**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re                                            :
                                                 :         Chapter
SEARS HOLDINGS CORPORATION, et al.,              :
                                                 :         Case No. 18-23538 (RDD)
                                                 :
            Debtors.¹                            :         (Jointly Administered)
------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER
GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears Logistics Services, Inc., Sears, Roebuck and Co., Sears Operations LLC, Kmart Corporation, Kmart Operations LLC, Sears Roebuck De Puerto Rico, Inc., and Sears Holding Corporation (collectively, the "**Debtor Defendants**"), and N.L.M.S., Inc. ("**N.L.M.S.**"). The Debtor Defendants and N.L.M.S. collectively are also sometimes referred

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

to in this Stipulation, Agreement and Order as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A.      WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Debtors**") commenced voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      WHEREAS, N.L.M.S. alleges it provided certain labor and materials in the aggregate amount of no less than $540,298.50 during the period August 13, 2018 through October 11, 2018 (the "**Work**"), relating to improvements allegedly made to that certain real property located in Kankakee County, Illinois, identified as Tax Map No./PIN 03-02-23-100-013 and commonly known as 1600 Boudreau Road, Manteno, Illinois 60950 (the "**Non-Debtor Owned Property**").

C.      WHEREAS, at the time Work was provided by N.L.M.S., the Non-Debtor Owned Property was owned by Mantkin LLC ("**Mantkin**"), an entity not owned by the Debtors or Debtor Defendants.

D.      WHEREAS, N.L.M.S. alleges that, on October 12, 2018, N.L.M.S. filed and properly perfected that certain "General Contractor's Claim for Mechanic's Lien" (the "**Mechanic's Lien**"), and recorded it in the Office of the Recorder of Deeds of Kankakee County, Illinois as File No. 201811419.

E.      WHEREAS, the Mechanic's Lien named the Debtor Defendants and Mantkin against which the Mechanic's Lien was asserted.

2

F.        WHEREAS, on October 26, 2018, N.L.M.S. filed proof of claim no. 2146 (the "**POC**") in the Chapter 11 Cases; for which a filed stamped copy of the Mechanic's Lien was attached to, and made a part of, the POC.

G.        WHEREAS, N.L.M.S. alleges it has not received full payment nor otherwise resolved the outstanding obligations at issue relating to Work performed on Non-Debtor Owned Property.

H.        WHEREAS, N.L.M.S. desires to enforce all of its Mechanic's Lien rights pursuant to and in compliance with the Illinois statutes relating to Mechanic's Liens with respect to the Non-Debtor Owned Property, including, but not limited to, initiating and prosecuting foreclosure/recovery proceedings against the Non-Debtor Owned Property through state court action(s) (the "**State Court Action**").

I.        WHEREAS, as any collections activities by N.L.M.S. against the Debtors were automatically stayed pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") on the Commencement Date, N.L.M.S. does not seek, and shall not request, that the Bankruptcy Court grant it any affirmative recovery relief against Debtors for any amounts owed.

J.        WHEREAS, N.L.M.S. believes that the State Court Action is required in order for N.L.M.S. to exercise its Mechanic's Lien rights against Mantkin and the Non-Debtor Owned Property.

K.        WHEREAS, the Automatic Stay has not previously been modified with respect to the Mechanic's Lien on Non-Debtor Owned Property.

L.        WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

3

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to permit the N.L.M.S. to undertake all proceedings and actions relating to N.L.M.S.' execution of its Mechanic's Lien rights against Mantkin and the Non-Debtor Owned Property, including but not limited to, N.L.M.S.' initiation, prosecution, and resolution of any State Court Action in which Debtor Defendants are named as parties to permit a full resolution and recovery of the amounts owed to N.L.M.S. as noted in the Mechanic's Lien; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      N.L.M.S. shall not be entitled to any affirmative recovery against the Debtors and/or Debtor Defendants, and N.L.M.S. shall be bound by any and all applicable Orders of the Bankruptcy Court with respect to the relief granted herein.  Upon the Effective Date, the POC shall be deemed withdrawn and expunged from the claims register with prejudice; *provided* that such withdrawal shall in no way prejudice or otherwise affect N.L.M.S.' right to foreclose on the Mechanic's Lien.

4.      Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim related to any State Court Action or any other pending prepetition action to which the Debtors or any of the other Debtors are a party that has

4

been or may be filed by any party in the chapter 11 cases of the Debtors.

5.      The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Mechanic's Lien and/or State Court Action or any other matter.

6.      This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7.      The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8.      This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9.      This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

11.      This Stipulation, Agreement and Order shall be governed by, and construed in

5

accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated: January 12, 2022

By: */s/Garrett A. Fail*
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: January 12, 2021

By: */s/ Stephan W. Milo*
Stephan W. Milo, Esquire (NY SBN 2350148)
WHARTON, ALDHIZER & WEAVER, P.L.C.
The American Hotel
125 South Augusta Street, Suite 2000
Staunton, Virginia  24401
Telephone:  (540) 213-7440
Facsimile: (540) 213-0390
Email: smilo@wawlaw.com

*Attorneys for N.L.M.S., Inc.*

SO ORDERED

Dated: _____
　　　　White Plains, New York


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7