AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | Case No. 18-23538 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

# REPLY OF AKIN GUMP STRAUSS HAUER & FELD LLP AND FTI CONSULTING, INC. TO OBJECTION BY ORIENT CRAFT LIMITED TO INTERIM APPLICATIONS FOR COMPENSATION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), as counsel, and FTI Consulting, Inc. ("FTI"), as financial advisor, to the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby submit this reply (the "Reply") in support of the (i) *Ninth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of July 1, 2021 Through and Including October 31, 2021* [ECF No. 10154] (the "Akin Interim Fee Application")[2] and (ii) *Ninth Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., for Interim Allowance of Compensation and Reimbursement of Expenses for the Period from July 1, 2021 through October 31, 2021* [ECF No. 10155] (the "FTI Interim Fee Application" and, together with the Akin Interim Fee Application, the "Interim Applications"), and in response to the *Objection by Orient Craft Limited to Interim Applications for Compensation by (1) Akin Gump Hauer & Field LLP* [sic] *[Doc. 10154], (2) FTI Consulting Inc. [Doc. 10155], and (3) Weil, Gotshal & Manges LLP [Doc. 10160]* [ECF No. 10191] (the "Objection") filed by Orient Craft Limited ("Orient Craft"). In support of this Reply, Akin Gump and FTI respectfully state as follows.

## REPLY

1. By the Objection, Orient Craft recycles the arguments that it advanced in objecting to prior fee applications of estate-retained professionals and that this Court expressly

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Akin Interim Fee Application.

2

overruled.[3] Notwithstanding this Court's rejection of its nearly identical Prior Objection, Orient Craft again asserts—without providing *any* new basis—that estate professionals should be denied compensation until Orient Craft and other similarly situated Administrative Claimants have been paid in full or the effective date of the Plan occurs.[4] Obj. ¶¶ 7-8.

2. The payment of professional fees in these cases is subject to (i) the reasonableness standard of Bankruptcy Code section 330, (ii) the procedures set forth in the Interim Compensation Order, (iii) review by the Fee Examiner and this Court and (iv) the right of any party in interest to challenge fees it views as unreasonable or unnecessary. As both the Debtors and the Creditors' Committee made clear in their Prior Replies, however, a creditor's dissatisfaction with the Plan and the Confirmation Order is not a valid basis for objecting to the payment of estate-retained professionals. Because there is no legal or factual basis for the Objection, Akin Gump and FTI respectfully submit that—once again—the Objection should be overruled and the Interim Applications should be approved.

3. In overruling the Prior Objection, this Court rightly recognized that "the professionals are working to obtain recoveries for the creditors in the case, and it wouldn't be appropriate at this point to stop compensating them to do that." Sept. 27, 2021 Hr'g Tr. 30:14-15. That remains equally true today, not even four months after Orient Craft's prior attempt.

---

[3] On September 13, 2021, Orient Craft filed the *Objection by Orient Craft Limited to Interim Applications for Compensation by (1) Akin Gump Hauer & Field LLP* [sic] *[Doc. 9742], (2) FTI Consulting Inc. [Doc. 9743], and (3) Weil, Gotshal & Manges LLP [Doc. 9745]* [ECF No. 9809] (the "Prior Objection"). On September 23, 2021, Akin Gump and FTI filed the *Reply of Akin Gump Strauss Hauer & Feld LLP and FTI Consulting, Inc. to Objection by Orient Craft Limited to Interim Applications for Compensation* [ECF No. 9837] (the "Prior Akin Reply") and Weil, Gotshal & Manges LLP ("Weil") filed the *Reply of Weil, Gotshal & Manges LLP in Support of Interim Fee Application* [ECF No. 9838] (the "Prior Weil Reply" and, together with the Prior Akin Reply, the "Prior Replies").

[4] Orient Craft is part of a minority of administrative expense claimants that opted not to participate in the Administrative Expense Claims Consent Program approved under the Confirmation Order, by which Orient Craft would have been entitled to receive its portion of the nearly $50 million that has been distributed to date to opt-in or non-opt out administrative expense claimants. *See* Status Update Presentation to the Court – October 26, 2021 [ECF No. 9979] at 1.

4.     Tellingly, Orient Craft again opts for conclusory statements and demands for payment that have little bearing on the facts of these chapter 11 cases or the legal standard for approval of the Interim Applications.  Among other things, Orient Craft declines to (i) challenge any of the hundreds of time or expense entries supporting the fees sought in the Interim Applications, (ii) argue that the services provided by Akin Gump or FTI are unreasonable under Bankruptcy Code section 330(a) or (iii) allege that Akin Gump and FTI—in prosecuting the Jointly Asserted Causes of Action, assisting the Debtors in reconciling claims, advising the Creditors' Committee regarding all matters in these ongoing chapter 11 cases and working to analyze and ultimately secure necessary litigation funding—are failing to provide services that are legitimate and inure to the benefit of all creditors.  Fundamentally, Orient Craft fails to recognize that without the efforts of the estate-retained professionals there would be *no value* to distribute to creditors nor any means of identifying the creditors that have valid claims against the Debtors' estates.  *See, e.g.*, H.R. Rep. No. 95-595 (1977), 1978 U.S. Code Cong. & Admin. News 5787, 6147 ("Those who must wind up the affairs of a debtor's estate must be assured of payment, or else they will not participate in the liquidation or distribution of the estate.")

5.     In addition, Orient Craft continues to misrepresent the facts, despite ample public corrections on the record and in filed pleadings.  For example, Orient Craft wrongly states that "the professionals responsible for the Plan continue to be paid 100% of their requested fees." Obj. ¶ 7.  As is clear from the Akin Interim Fee Application (and its prior fee applications) and statements made at the Prior Hearing, Akin Gump is *not* currently seeking payment in respect of over six million in fees incurred post-confirmation in connection with prosecuting the Jointly Asserted Causes of Action.  *See* Akin Interim Fee Application at ii-iii (stating that, of the aggregate $839,969.00 in fees for which Akin Gump seeks allowance, $442,118.50 was in

4

respect of services performed in connection with the Jointly Asserted Causes of Action); *id.* at iv n.5 ("At this time, Akin Gump is not seeking payment of its fees incurred during the Compensation Period in connection with the prosecution of the Jointly Asserted Causes of Action[.]"); Sept. 27, 2021 Hr'g Tr. 28:2-7 (counsel to the Creditors' Committee stating that "the funds that Akin Gump has been paid, contrary to the contentions in the objection, were capped effectively on our own decision at $10 million. So, there is over $6 million that Akin Gump has incurred in respect to the litigation that we have not been paid on"). Moreover, beginning in July 2020, Akin Gump agreed—again on a voluntary basis—to defer payment of holdbacks approved by this Court for fees earned by Akin Gump on behalf of the Creditors' Committee and, therefore, has not requested payment of any such holdbacks since that time.[5]

6.      Next, Orient Craft misleadingly invokes, yet again, the aggregate fees and expenses incurred by the estate-compensated professionals over the entire course of these chapter 11 cases, as if that figure alone indicates unreasonableness and is the reason why the Plan has not yet gone effective. Obj. ¶ 8. But, as described in detail in the Prior Akin Reply and each fee application filed by Akin Gump since confirmation of the Plan, Akin Gump's fees and expenses are paid from either (i) a segregated account established pursuant to the Confirmation Order solely to fund the Jointly Asserted Causes of Action or (ii) the carve-out account (which, as set forth in the Prior Akin Reply, is not property of the Debtors' estates). Neither of these accounts

---

[5] *See Seventh Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of November 1, 2020 Through and Including February 28, 2021* [ECF No. 9412] at 7 n.9 (noting that notwithstanding entry of the Sixth Interim Fee Order, Akin Gump has allowed the Debtors to continue holding back 20% of its allowed fees in respect of services rendered to the Creditors' Committee during the Sixth Interim Period and is not presently seeking payment of such holdback amount); *Eighth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of March 1, 2021 Through and Including June 30, 2021* [ECF No. 9742] at 7 n.9 (same in respect of fees incurred during the Seventh Interim Period); Akin Interim Fee Application at 7 n.9 (same in respect of fees incurred during the Eighth Interim Period).

comprises value that otherwise would be available for distribution to administrative claimants. Moreover, even a cursory examination of the fee applications filed by all estate-retained professionals over the course of the chapter 11 cases would reveal that the vast majority of fees and expenses relate to work performed through and including confirmation of the Plan. Since that time—now more than two years ago—the amount of fees and expenses incurred by the estate professionals has decreased appropriately.

## CONCLUSION

7. For the reasons set forth herein, the Akin Gump and FTI submit that the Objection should be denied with respect to the Interim Applications. Akin Gump and FTI have satisfied the standards for interim compensation under Bankruptcy Code section 330 and, accordingly, the Interim Applications should be granted.

## RESERVATION OF RIGHTS

8. For the avoidance of doubt, Akin Gump and FTI expressly reserve all rights with respect to the Objection, including the right to supplement and join in any other filings, take discovery and present further arguments at any hearing on the Interim Applications. Further, nothing contained herein shall constitute a waiver of any of the rights or remedies of Akin Gump or FTI, each of which is expressly reserved.

<table>
<tr><td>

New York, New York  
Dated:  January 18, 2022

</td><td>

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *Philip C. Dublin*  
Ira S. Dizengoff  
Philip C. Dublin  
Sara L. Brauner  
Zachary D. Lanier  
One Bryant Park  
New York, New York 10036  
Telephone: (212) 872-1000  
Facsimile: (212) 872-1002  
E-mail: idizengoff@akingump.com  
              pdublin@akingump.com  
              sbrauner@akingump.com  
              zlanier@akingump.com  

*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

</td></tr>
</table>