**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Kingdom Seekers, Inc.'s ("Kingdom Seekers") *Letter to Judge* filed December 10, 2021 [ECF No. 10145] (the "Motion"), which the Court deems to be a motion under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60,[2] for reconsideration of the Court's November 16, 2021 Order [ECF No. 10088] (the "Prior Order"). The Prior Order reclassified Kingdom Seekers' Proofs of Claim Nos. 26515 and 26517 (the "Claims") asserted against Kmart Corporation and Sears Holdings Corporation, respectively, from administrative

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Kingdom Seekers is appearing *pro se*. The Court has not considered the Motion to properly seek relief under Fed. R. Bankr. P. 9023, because it was made after the 14-day deadline set by that Rule and by Local Bankruptcy Rule 9023-1(a).

expense priority to general unsecured status pursuant to 11 U.S.C. §§ 503 and 507 and Federal Rule of Bankruptcy Procedure 3007.

On October 19, 2021, the Debtors filed their *Thirty-Sixth Omnibus Objection to Proofs of Claim (Reclassifying Claims)* in which they sought to reclassify the Claims as general unsecured on the grounds that (a) they are not secured by a valid lien on property of the Debtors' estates and (b) they do not otherwise satisfy the requirements for administrative expense or statutory priority under 11 U.S.C. §§ 503(b) and 507(a) [ECF No. 9975] (the "Claim Objection"). Kingdom Seekers opposed the Claim Objection [ECF No. 10031]), and, after a hearing on November 10, 2021, of which Kingdom Seekers had notice but did not appear, the Court entered the Prior Order.  Kingdom Seekers did not appeal the Prior Order. Instead, it filed the Motion. For the reasons set forth below, the Motion is denied.

### Rule 60(b) Standard Not Satisfied

Under Fed. R. Civ. P. 60(b) the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The decision whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).  "The burden of proof is on the party seeking relief from judgment." *United States v. Int'l Bhd. of*

2

*Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id*. "In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Stevens v. Miller*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *see also Frankel v. ICD Holdings S.A.*, 939 F.Supp. 1124, 1127 (S.D.N.Y. 1996) (Rule 60(b) "is not 'a substitute for a timely appeal . . . .'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)), and "may not be used to 'relitigate matters settled by the original judgment.'") (quoting *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

The Motion does not satisfy the standard for relief under Rule 60(b). Kingdom Seekers does not assert its mistake, inadvertence, surprise, or excusable neglect in pursuing its opposition to Claim Objection. It offers no new evidence that satisfies the requirements of Rule 60(b)(2); instead, the Motion repeats arguments contained in its opposition to the Claim Objection. Moreover, to the extent that Kingdom's Motion contains any evidence that would be properly considered in connection with such a motion, it provides *further* support for the Claim Objection's contention that the Claims arose, if at all, years before the bankruptcy petition date (and this not entitled to administrative expense or priority status) and are not secured by a lien. Nor does the Motion state a legally supportable basis for reconsideration under Rule 60(b)(3)-(6). Instead, the Motion continues to seek relief that would treat its Claims differently than all other general unsecured claims filed in these cases. Accordingly, it is hereby

**ORDERED**, that the Motion is denied.

Dated: White Plains, New York
January 24, 2022

/s/ *Robert D. Drain*
Hon. Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

3