WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION PURSUANT TO**
**28 U.S.C. § 1746 REGARDING DEBTORS' TWENTY-SEVENTH OMNIBUS**
**OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On April 12, 2021, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 9403) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for May 3, 2021, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. Prior to the Response Deadline, Regal Home Collection Inc. ("**Regal Home**") filed the *Response to the Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 9433) (the "**Response**").

4. Regal Home and the Debtors have reached an agreement to resolve the Omnibus Objection and the Response, as set forth in the proposed agreed order (the "**Proposed Agreed Order**"), a copy of which is annexed hereto as **Exhibit A**.

5. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified in the Proposed Agreed Order, no further responsive pleadings

have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

6. A redline of the Proposed Agreed Order marked against the Proposed Order attached to the Omnibus Objection is attached hereto as **Exhibit B**.

7. Accordingly, the Debtors respectfully request that the Proposed Agreed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: January 31, 2022
New York, New York

/s/ Garrett Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Agreed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                           :     CHAPTER 11
                                                :
SEARS HOLDINGS CORPORATION, *et al*.,           :     Case No. 18-23538 (RDD)
                                                :
                    Debtors.[1]                 :     (Jointly Administered)
                                                :
------------------------------------------------------------x

### AGREED ORDER GRANTING DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

Upon the *Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)*, filed April 12, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Asserted Priority Claims,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and (ii) disallowing the Asserted Ballot Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and upon Regal Home Collection Inc.'s ("**Regal Home**") *Response to the Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 9433) (the "**Response**"), Regal Home and the Debtors have reached an agreement to resolve the Objection and the Response,

**IT IS HEREBY ORDERED THAT**

1. Regal Home's filed proof of claim no. 2172 ("**Claim No. 2172**"), which asserted a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) in the amount of $31,773.58, will be reduced and allowed as a Non-Settled Administrative Expense Claim[3] entitled to administrative expense priority in the amount of $25,000.00 (the "**Regal Home Opt-Out Claim**").

---

[3] "**Non-Settled Administrative Expense Claim**" has the meaning ascribed to such term in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").

2

2. All other general unsecured claims asserted by Regal Home in the above-captioned chapter 11 cases, including the general unsecured amounts asserted in Claim No. 2172 and proof of claim no. 646, are hereby disallowed and expunged in their entirety.

3. Ballot number 182353801018582 shall be deemed disallowed and expunged as duplicative.

4. Upon entry of this Order, the Response and the Objection shall be deemed resolved and settled.

5. Upon entry of this Order, Regal Home shall be deemed to have waived and released any and all other claims it may have against the Debtors, and is forever barred, estopped, and permanently enjoined from asserting against the Debtors, their affiliates, successor and assigns, any claims other than for payment of the Regal Home Opt-Out Claim .

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2022
        White Plains, New York

                                    HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :    CHAPTER 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :    Case No. 18-23538 (RDD)
                                                            :
       Debtors.¹                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### AGREED ORDER GRANTING DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

Upon the *Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)*, filed April 12, 2021 (the "**Objection**"),² of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Asserted

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

2

Priority Claims, and (ii) disallowing the Asserted Ballot Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and ~~it appearing that other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on May 25, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,~~ upon Regal Home Collection Inc.'s ("**Regal Home**") *Response to the Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 9433) (the "**Response**"), Regal Home and the Debtors have reached an agreement to resolve the Objection and the Response,

       **IT IS HEREBY ORDERED THAT**

       ~~1. The Objection is granted to the extent set forth herein.~~

       ~~2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, each Asserted Priority Claim and/or Asserted Ballot Claim listed on **Exhibit 1** annexed to this~~

2

~~Order (collectively, the "**Disputed Claims**"") is reduced and/or reclassified, as the case may be, to the amounts and/or priority set forth in **Exhibit 1** in the respective rows labeled "Amount Reclassified to General Unsecured Claim."~~

~~3. Each ballot that shows a claim being reclassified, in its entirety, to a General Unsecured Claim shall be deemed set at $0 for purposes of the Administrative Expense Claims Consent Program, and no distributions shall be made to Non-Settled Administrative Expense Claims on behalf of the ballot.~~

~~4. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any claim referenced or identified in the Objection that is not listed on **Exhibit 1**.~~

1. Regal Home's filed proof of claim no. 2172 ("**Claim No. 2172**"), which asserted a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) in the amount of $31,773.58, will be reduced and allowed as a Non-Settled Administrative Expense Claim[3] entitled to administrative expense priority in the amount of $25,000.00 (the "**Regal Home Opt-Out Claim**").

2. All other general unsecured claims asserted by Regal Home in the above-captioned chapter 11 cases, including the general unsecured amounts asserted in Claim No. 2172 and proof of claim no. 646, are hereby disallowed and expunged in their entirety.

3. Ballot number 182353801018582 shall be deemed disallowed and expunged as duplicative.

---

[3] "**Non-Settled Administrative Expense Claim**" has the meaning ascribed to such term in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").

3

4. Upon entry of this Order, the Response and the Objection shall be deemed resolved and settled.

5. Upon entry of this Order, Regal Home shall be deemed to have waived and released any and all other claims it may have against the Debtors, and is forever barred, estopped, and permanently enjoined from asserting against the Debtors, their affiliates, successor and assigns, any claims other than for payment of the Regal Home Opt-Out Claim .

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2022
White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE