UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                : CHAPTER 11
                                                     :
SEARS HOLDINGS CORPORATION, *et al.*,                : Case No. 18-23538 (RDD)
                                                     :
Debtors.[1]                                          : (Jointly Administered)
                                                     :
------------------------------------------------------------------x

### AGREED ORDER GRANTING DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (RECLASSIFY OR DISALLOW CLAIMS)

Upon the *Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)*, filed April 12, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) reclassifying the Asserted

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Priority Claims, and (ii) disallowing the Asserted Ballot Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and upon Regal Home Collection Inc.'s ("**Regal Home**") *Response to the Debtors' Twenty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Claims)* (ECF No. 9433) (the "**Response**"); and upon the Debtors' Certificate of No Objection, dated January 31, 2022, it having been represented Regal Home and the Debtors having reached an agreement to resolve the Objection and the Response on the terms set forth herein; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT**

1. Regal Home's filed proof of claim no. 2172 ("**Claim No. 2172**"), which asserted a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) in the amount of $31,773.58, will be reduced and allowed as a Non-Settled Administrative Expense Claim[3] entitled to administrative expense priority in the amount of $25,000.00 (the "**Regal Home Opt-Out Claim**").

---

[3] "**Non-Settled Administrative Expense Claim**" has the meaning ascribed to such term in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**").

2

2. All other general unsecured claims asserted by Regal Home in the above-captioned chapter 11 cases, including the general unsecured amounts asserted in Claim No. 2172 and proof of claim no. 646, are hereby disallowed and expunged in their entirety.

3. Ballot number 182353801018582 shall be deemed disallowed and expunged as duplicative.

4. Upon entry of this Order, the Response and the Objection shall be deemed resolved and settled.

5. Upon entry of this Order, Regal Home shall be deemed to have waived and released any and all other claims it may have against the Debtors, and is forever barred, estopped, and permanently enjoined from asserting against the Debtors, their affiliates, successor and assigns, any claims other than for payment of the Regal Home Opt-Out Claim .

6. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

7. The terms and conditions of this Order are effective immediately upon entry.

Dated: February 2, 2022
       White Plains, New York

                                                    /s/ Robert D. Drain
                                                    HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE