

**Larkin Hoffman**

8300 Norman Center Drive
Suite 1000
Minneapolis, MN 55437-1060

General:  952-835-3800
Fax:      952-896-3333
Web:      www.larkinhoffman.com

February 2, 2022

The Honorable Robert D. Drain                                                      **Via ECF**
U.S. Bankruptcy Court
for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD)

Dear Judge Drain:

I represent MOAC Mall Holdings LLC ("MOAC") in the above-referenced case. I am writing for two related reasons with respect to the Motion to Enforce the Order (i) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (ii) Granting Related Relief (the "Motion") (ECF No. 10194) filed by Transform Holdco LLC ("Transform").

First, when the Court heard argument on the Motion on January 20, 2022, the Court inquired about the status of the Motion to Stay the Issuance of the Mandate filed by MOAC in the Second Circuit. MOAC reported at the hearing that the parties were briefing the motion, and it had not been decided. Subsequently, the Second Circuit granted the motion to stay the mandate pending the filing and disposition of a petition for writ of certiorari. A copy of the Second Circuit's order is attached hereto.

Second, in light of the stay of the mandate and in the interest of judicial economy, MOAC respectfully requests that the Court continue any further hearing on the Motion until after the Second Circuit's stay expires. MOAC understands that Transform has requested that the Court schedule an evidentiary hearing to address two parts of its Motion: (i) whether the ROFR Resolution Date has occurred in connection with the sublease; and (ii) whether the sublease is valid and enforceable under the Master Lease. Those two issues are identified in paragraphs 3.b and 3.d in the Proposed Order submitted by Transform.

While MOAC argued and continues to maintain that the stay of the mandate continues to divest the Court of jurisdiction to decide any of the Motion, at a minimum the Court recognized that it could not grant the portion of the Motion that sought a determination that the sublease's Litigation Contingency has been met. (Tr. of Jan. 20, 2022 hearing at 47-48, 63-66.) Until the Litigation Contingency has been satisfied, the sublease's term cannot begin.

It would be a waste of the Court's and the parties' resources to have an evidentiary hearing to decide only a portion of the Motion when such a decision, even if in Transform's favor, will not impact the commencement of the term of the sublease. Moreover, any piecemeal result would become moot if MOAC prevails on its appeal.

February 2, 2022
Page 2

In the interest of judicial economy, as well as to preserve the parties' resources, MOAC respectfully requests that the Court continue any evidentiary hearing on the Motion until a time when it has jurisdiction to decide the entire Motion, assuming the Motion is not rendered moot..

Respectfully submitted,

Gregory S. Otsuka, for
Larkin Hoffman

Direct:  (952) 896-1529
Email:   gotsuka@larkinhoffman.com

*Attorneys for MOAC Mall Holdings LLC*

4888-8264-3212, v. 1

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

    At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-two,

Before:    Raymond J. Lohier, Jr.,
               Joseph F. Bianco,
                    *Circuit Judges,*
               Ronnie Abrams,
                    *District Judge*,\*

---

In Re: Sears Holdings Corporation.
         Debtor,
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOAC Mall Holdings LLC,

        Appellant-Cross-Appellee,

v.

Transform Holdco LLC,

        Appellee-Cross-Appellant,

Sears Holdings Corporation,

        Debtor - Appellee.

**ORDER**

Docket Nos. 20-1846(L), 20-1953(XAP)

---

    Appellant-Cross-Appellee MOAC Mall Holdings LLC moves for a stay of the issuance of the Court's mandate pending the filing and disposition of a petition for writ of *certiorari*.

    IT IS HEREBY ORDERED that the motion is GRANTED.

                                            For the Court**:**
                                            Catherine O'Hagan Wolfe,
                                            Clerk of Court

---

\*Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.