

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

R. Craig Martin
craig.martin@dlapiper.com
T  302.468.5655
F  302.778.7834

February 4, 2022

The Honorable Robert D. Drain
U.S. Bankruptcy Court for
the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:    *In re Sears Holdings Corp*, Case No. 18-23538 (RDD)

Dear Judge Drain:

DLA Piper LLP (US) represents Transform Holdco LLC ("Transform") in the above-referenced matter. We write to respond to the letter filed via ECF by counsel to MOAC Mall Holdings LLC ("MOAC") on February 2, 2022.

MOAC's request to delay the evidentiary hearing is consistent with their delay strategy. With vague claims of "judicial economy," MOAC requests a postponement of the scheduled hearing until its petition for *certiorari* has been adjudicated. But Your Honor recognized at the hearing on January 20, 2022, that the section 363(m) issue on appeal is "separate" and "very far removed" from the questions that are the subject of the evidentiary hearing: (i) whether the parties complied with the ROFR provisions of the master lease with respect to the sublease, and (ii) whether the sublease is valid and enforceable under the terms of the master lease. *See* Hr'g Tr. 62:16-63:5, Jan. 20, 2022.[1] Your Honor also determined that the issue of an acceptable subtenant is one over which this Court continues to have jurisdiction and, indeed, is "part of the adequate assurance . . . [and] part of the assignment of the lease." *Id*. at 67:3-7. Your Honor then authorized and directed us to notify the Second Circuit of your indicative ruling on the separate issue that the two-year period after entry of the relevant assignment order should not apply during the pendency of an appeal, which Transform has done earlier today.[2] *See Transform's Emergency Motion to Clarify Certain Issues Pending MOAC's Petition for Writ of Certiorari* at 12. And with respect to the remaining relief, Your Honor indicated Transform should schedule an evidentiary hearing. *See id*. at 67:11-23. The Second Circuit's subsequent stay of the mandate does nothing to change this approach. Therefore, postponing the evidentiary hearing on the sublease issues would have no effect on judicial economy, and the Court should resolve these issues at the evidentiary hearing currently scheduled for March 25, 2022.

---

[1] The transcript of the January 20, 2022 hearing is enclosed for ease of reference.
[2] Transform's motion filed with the Second Circuit is enclosed.

EAST\188090452.5



February 4, 2022
Page Two

      In fact, delay would significantly prejudice Transform. The Court noted that Transform is facing a "separate deal clock," *id.* at 71:10-15, as the sublease provides for termination if the litigation and ROFR contingencies have not been resolved within 270 days after the day the sublease was executed (by July 30, 2022). If the evidentiary hearing were continued, Transform would be facing yet another imminent deadline due to the pending appeals, and that outcome is exactly what Your Honor stated should *not* be the case. *Id.* at 60:22-25. For example, if *certiorari* were denied in late June, a continuance of this evidentiary hearing would allow only a month to litigate these issues before the 270-day period runs.

      Given this Court's continuing jurisdiction over the sublease issues and the potential prejudice to Transform that would be occasioned by delaying the hearing, Transform respectfully requests that the Court proceed with the evidentiary hearing on March 25, 2022, as scheduled.

      Respectfully submitted,

      */s/ R. Craig Martin*

      R. Craig Martin

cc: Counsel of Record, *via ECF*

EAST\188090452.5