# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**SCHEDULING ORDER FOR TRANSFORM HOLDCO LLC'S MOTION TO ENFORCE THE ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASE WITH MOAC MALL HOLDINGS LLC AND (II) GRANTING RELATED RELIEF**

WHEREAS, on February 8, 2019, the Court entered an *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), attaching the approved asset purchase agreement as Exhibit B thereto [Docket No. 2507-1] (the "APA") approving the sale of substantially all of the assets of Sears Holding Corporation and its affiliated debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(together, the "Debtors") to Transform Holdco LLC ("Transform") as set forth in the APA and the Sale Order;

WHEREAS, on September 5, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* [Docket No. 5074] (the "Assignment Order"), authorizing the purchase and assignment of a lease at the Mall of America from Sears to Transform;

WHEREAS, on January 5, 2022, Transform filed the *Motion to Enforce the Order (1) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* [Docket No. 10194] (the "Motion"), seeking an order enforcing the Assignment Order against MOAC;

WHEREAS, on January 13, 2022, MOAC Mall Holdings LLC ("MOAC") objected to the Motion by filing *MOAC Mall Holding LLC's Objection to the Motion to Enforce the Order (I) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* [Docket No. 10230] (the "Objection");

WHEREAS, on January 18, 2022, Transform filed a *Reply in Support of the Motion to Enforce the Order (1) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* [Docket No. 10233] (the "Reply");

WHEREAS, on January 20, 2022, a hearing was held regarding the Motion, Objection and Reply (the "Hearing");

WHEREAS, at the Hearing, the Court directed the parties to submit a scheduling order for an evidentiary hearing to consider (i) whether the parties complied with the ROFR provisions of the master lease with respect to the sublease, and (ii) whether the sublease is valid and enforceable under the terms of the master lease, *see* Hr'g Tr. 62:16-63:5, Jan. 20, 2022;

2

WHEREAS, on February 7, 2022, the Court confirmed that it intended to proceed with the scheduled evidentiary hearing on March 25, 2022; and

NOW, THEREFORE, consistent with the record of the Hearing and these proceedings,

**IT IS HEREBY ORDERED THAT:**

1. The Scheduling Order is approved as set forth herein.

2. The parties shall engage in limited document discovery, whereby Transform and MOAC shall serve any requests for the production of documents related to the sublease and the subtenant on or before February 15, 2022. All responses to the requested discovery shall be sent on or before February 25, 2022.

3. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by joint letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

4. On or about February 28, 2022, the parties shall meet and confer regarding the necessity, scope and timing of any depositions.

5. Unless otherwise directed by the Court, the parties shall exchange proposed pre-marked hearing exhibits and any deposition designations by no later than March 7, 2022 and shall exchange any counter-designations by no later than March 11, 2022.

6. In advance of the hearing on the Motion, and subsequent to exchanging pre-marked exhibits, the parties shall meet and confer, and use their best efforts to agree on a joint exhibit book, and identify any exhibits whose admissibility is not agreed.

7.      On or before March 18, 2022 at 4:00 p.m. ET, the parties shall submit to the Court (a) declarations under penalty of perjury as the direct testimony of witnesses under their control, who shall then be present at trial for cross-examination and redirect, and (b) either the joint exhibit book referred to in paragraph 5 hereof, or separate exhibit books if there are disputes as to the admissibility of evidence, which shall include any deposition designations and counter-designations, as applicable.

8.      To the extent any disagreements as to the admissibility of any documents are not resolved during the meet and confer referred to in paragraph 6 hereof, motions in limine with respect to proposed evidence whose exclusion will materially affect the conduct of the trial must be filed by no later than 4:00 p.m. ET on March 18, 2022, with responses due no later than 4:00 p.m. ET on March 23, 2022.

9.      An evidentiary hearing on the Motion shall commence at 10:00 a.m. ET on Friday, March 25, 2022, or such other time as may be set by the Bankruptcy Court.

10.      The above schedule may be modified only pursuant to an agreement of the parties (which may be confirmed by email) or by the Bankruptcy Court for good cause shown.

11.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Scheduling Order.

Dated:   February ___, 2022  
           New York, New York              THE HONORABLE ROBERT D. DRAIN  
                                            U.S. BANKRUPTCY JUDGE