WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                           :   Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, et al.,             :   Case No. 18-23538 (RDD)
                                                :
Debtors.¹                                       :   (Jointly Administered)
------------------------------------------------------------x
```

# CERTIFICATE OF NO OBJECTION PURSUANT TO 28 U.S.C. § 1746 REGARDING DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (DISALLOW)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

WEIL:\98437643\3\73217.0004

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On January 19, 2022, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Debtors' Forty-Fourth Omnibus Objection to Proofs of Claim (Disallow)* (ECF No. 10242) (the "**Omnibus Objection**").

2. In accordance with the Amended Case Management Order, the Debtors established a deadline for parties to file responses to the Omnibus Objection (the "**Response Deadline**"). The Response Deadline was set for February 9, 2022, at 4:00 p.m. (prevailing Eastern Time). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on, or prior to, the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, with respect to the claims identified on **Exhibit 1**, to the proposed order granting the relief requested in the Omnibus Objection (the "**Proposed Order**") a copy of which is annexed hereto as **Exhibit A**, no responsive pleadings have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Amended Case Management Order or served on counsel to the Debtors.

4. A redline of the Proposed Order marked against the version attached to the Omnibus Objection is attached hereto as **Exhibit B**.

2

5. Accordingly, the Debtors respectfully request that the Proposed Order be entered in accordance with the procedures described in the Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: February 10, 2022
New York, New York

/s/ Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
SEARS HOLDINGS CORPORATION, *et al.*,                : Case No. 18-23538 (RDD)
                                                     :
       Debtors.[1]                              : (Jointly Administered)
                                                     : (ECF No. 10242)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' FORTY-FOURTH
### OMNIBUS OBJECTION TO PROOFS OF CLAIM (DISALLOW)

Upon the *Debtors' Forty-Fourth Omnibus Objection to Proofs of Claim (Disallow)*, filed January 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order disallowing the Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the Claims listed on **Exhibit A** are disallowed and expunged as set forth on **Exhibit A** and the Claims listed on **Exhibit B** are disallowed and expunged in their entirety.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The Debtors' rights are fully reserved to object to any remaining amounts of the Claims listed on the on **Exhibit A**.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

  6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2022
   White Plains, New York

                _____
                HONORABLE ROBERT D. DRAIN
                UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

**Disallowed and Expunged Claims (in part)**

**Debtors' Forty-Fourth Omnibus Objection to Claims and Ballots**  
**Exhibit A – Disallowed Claims (in part)**

**In re: Sears Holdings Corporation, *et al.***  
**Case No. 18-23538 (RDD)**

### Schedule of Claims to be Disallowed

| Ref # | Name of Claimant | Affected Claim No. | Claim Status | Administrative Priority Claim | 503(b)(9) Administrative Priority Claim | Secured Claim | Priority Claim | General Unsecured Claim | Total Claim | Reasons for Reduction (a) |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | NM Taxation & Revenue Department | 8594 | Asserted | | | | $8,967.62 | $1,864.89 | $10,832.51 | (i) |
| | | | Surviving | | | | $31.42 | $1,864.89 | $1,896.31 | |
| 2. | Ohio Department of Taxation | 20343 | Asserted | | | | $52,705.27 | $7,337.22 | $60,042.49 | (i) |
| | | | Surviving | | | | $41,277.78 | $7,337.22 | $48,615.00 | |
| 3. | Pennsylvania Department of Revenue | 20016 | Asserted | | | $1,908.73 | $1,163,654.52 | $51,528.50 | $1,217,091.75 | (ii) |
| | | | Surviving | | | $1,877.23 | $1,163,654.52 | $51,528.50 | $1,217,060.25 | |
| 4. | State of Nevada Department of Taxation | 8695 | Asserted | | | | $227,339.14 | $20,174.47 | $247,513.61 | (i) |
| | | | Surviving | | | | $226,872.57 | $20,174.47 | $247,047.04 | |
| 7. | Wisconsin Department of Revenue | 7744 | Asserted | | | | $5,012.58 | $1,063.51 | $6,076.09 | (iii) |
| | | | Surviving | | | | $4,633.43 | $1,063.51 | $5,696.94 | |

(a) Corresponding reasons, as addressed in paragraph 9 of the Objection, are as follows:
  (i)   Claim has been satisfied in the ordinary course of business.
  (ii)  The claim asserts a liability against a non-Debtor.
  (iii) Asserted Claim is not supported by the Debtors' books and records.

# Exhibit B

**Disallowed and Expunged Claims (entire claim)**

**Debtors' Forty-Fourth Omnibus Objection to Claims**  **In re: Sears Holdings Corporation,** *et al.*
**Exhibit B – Disallowed Claims (entire claim)**  **Case No. 18-23538 (RDD)**

| | Schedule of Claims to be Disallowed | |
|---|---|---|
| Ref # | Name of Claimant | Proof of Claim No. to be Disallowed |
| 1. | 310 Carolina St LLC | 5071 |
| 2. | 4320 N. 124th Street LLC | 8943 |
| 5. | Clark County Assessor | 26452 |
| 6. | Collin County Tax Assessor / Collector | 26339 |
| 7. | Comanche County Treasurer | 18950 |
| 8. | Industrial Commission of Arizona | 26382 |
| 9. | Industrial Commission of Arizona | 26379 |
| 10. | Maverick County | 5509 |
| 12. | POTTAWATOMIE COUNTY TREASURER | 26371 |
| 14. | Watkins II, Conyus A | 26525 |
| 15. | Watkins II, Conyus A | 26526 |
| 16. | Watkins II, Conyus A | 26527 |
| 17. | Watkins II, Conyus A | 26528 |

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                :          Chapter 11
                                                     :
SEARS HOLDINGS CORPORATION, *et al.*,                :          Case No. 18-23538 (RDD)
                                                     :
            Debtors.[1]                              :          (Jointly Administered)
                                                     :          **(ECF No. 10242)**
---------------------------------------------------------------x

## ORDER GRANTING DEBTORS' FORTY-FOURTH
## OMNIBUS OBJECTION TO PROOFS OF CLAIM (DISALLOW)

Upon the *Debtors' Forty-Fourth Omnibus Objection to Proofs of Claim (Disallow)*, filed January 19, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to section 502 under title 11 of the United States Code, and Rule 3007 of the Federal Rules of Bankruptcy Procedures, for an order disallowing the Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that other or further notice need be provided; and ~~the Court having held a hearing to consider the relief requested in the Objection on [__] (the "**Hearing**"); and upon the record of the Hearing, and~~ upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the Claims listed on **Exhibit A** are disallowed and expunged as set forth on **Exhibit A** and the Claims listed on **Exhibit B** are disallowed and expunged in their entirety.

3. This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtors may hold against the Claimants, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such Claimants shall be expressly preserved.

4. The Debtors' rights are fully reserved to object to any remaining amounts of the Claims listed on the on **Exhibit A**.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: _____, 2022
       White Plains, New York

                                           _____
                                           HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE