Presentment Date and Time: February 18, 2022 at 10:00 a.m. (Eastern Time)
Objection Deadline: February 17, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): February 24, 2022 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11
:
**SEARS HOLDINGS CORPORATION, *et al.*,** : Case No. 18-23538 (RDD)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# ORDER AUTHORIZING CERTAIN DISTRIBUTIONS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the attached order (the "**Proposed Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **February 18, 2022 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Order is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **February 17, 2022 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider the Proposed Order, and the Proposed Order may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Proposed Order, a hearing will be held on **February 24, 2022 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") to consider the Proposed Order before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: February 10, 2022
      New York, New York

                                             /s/ *Garrett A. Fail*
                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York  10153
                                             Telephone:  (212) 310-8000
                                             Facsimile:   (212) 310-8007
                                             Ray C. Schrock, P.C.
                                             Jacqueline Marcus
                                             Garrett A. Fail
                                             Sunny Singh

                                             *Attorneys for Debtors*
                                             *and Debtors in Possession*

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                                       :
                                                            :     Chapter
SEARS HOLDINGS CORPORATION, et al.,                         :
                                                            :     Case No. 18-23538 (RDD)
                Debtors.¹                                   :     (Jointly Administered)
------------------------------------------------------------x
```

## ORDER AUTHORIZING CERTAIN DISTRIBUTIONS

Upon the request of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); and the Court having jurisdiction to grant the relief requested herein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth herein and on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

the record in these chapter 11 cases establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

    A.    WHEREAS, since October 15, 2018, the Debtors have operated as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and paid fees pursuant to 28 U.S.C. § 1930(a)(6) on postpetition disbursements in excess of $5 billion.

    B.    WHEREAS, on November 16, 2018 the Court entered the *Final Order Authorizing Debtors to Pay Certain Prepetition Taxes and Fees* (ECF No. 797) (the "**Taxes Order**"), authorizing the Debtors to, among other things, pay certain taxes and fees, regardless of whether such taxes and fees accrued or arose prior to the petition date in these cases.

    C.    WHEREAS, on October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**"), approving, among other things, the Administrative Expense Claims Consent Program.[2]

    D.    WHEREAS, on April 30, 2020, the Court entered the *Order (I) Allowing Administrative Claims, and (II) Granting Related Relief* (ECF No. 7888) (the "**Administrative Claims Order**"), authorizing the Debtors to satisfy in full the vast majority in number of Settled Administrative Expense Claims, subject to the caps and limits in the Confirmation Order.

    E.    WHEREAS, on or about August 5, 2020, the Debtors made distributions to satisfy such claims in full.

---

[2] Capitalized terms not otherwise herein defined shall have the meaning ascribed to such terms in the Confirmation Order.

2

F.   WHERAS, the Debtors announced that they will meet the conditions for a further distribution (the "**Fourth Distribution**") under the Administrative Expense Claims Consent Program.

G.   WHEREAS, to promote the efficient wind down of the Debtors' chapter 11 cases and to reduce the administrative expenses associated therewith by satisfying in full the administrative and priority claims of more than 273 parties in interest, the Debtors requested, pursuant to the authority granted by the Taxes Order, and the Confirmation Order, and consistent with the Administrative Claims Order, the relief granted herein.

**NOW, THEREFORE, IT HEREBY IS ORDERED THAT:**

1.   Provided that the Debtors make a Fourth Distribution on account of Settled Administrative Expense Claims that is equal to at least 13% of the allowed amount of Settled Administrative Expense Claims (bringing the aggregate distributions to date to at least 50% of the allowed amount of Settled Administrative Expense Claims), the Debtors are authorized to make distributions:

(a)   to satisfy in full the Debtors' obligations to each claim or ballot entitled to receive $20,000.00 or less on account of its respective Settled Administrative Expense Claim (i.e., up to 75% of each Opt-In Settled Admin Claim and 80% of each Non Opt-Out Settled Admin Claim); and

(b)   to satisfy up to $1 million in prepetition taxes entitled to priority and owed by the Debtors.

2.   The Debtors may request that each Opt-In Settled Admin Claimant and each Non Opt-Out Admin Claimant provide the Debtors with a valid Taxpayer Identity Number ("**TIN**"), and the Debtors shall not be required to send Distributions to any Claimant for which the Debtors

3

do not receive a valid TIN on file. The Form W-9 (or, if applicable, Form W-8 for non-U.S. creditors) supplying TIN and other information including a signature and current date should be emailed to searsw9orequivalent@m3-partners.com.

3. The terms and provisions of this Order shall be effective and enforceable immediately upon entry.

4. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

**SO ORDERED**

Dated: _____
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE