**DLA PIPER LLP (US)**  
Richard A. Chesley  
R. Craig Martin  
Rachel Ehrlich Albanese  
1251 Avenue of the Americas  
New York, NY 10020  
Telephone: (212) 335-4500  
Facsimile: (212) 335-4501  

*Counsel to Transform Holdco LLC*

Hearing Date: February 24, 2022 at 10:00 a.m. ET  
Reply Deadline: February 22, 2022 at 4:00 p.m. ET

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF ENTRY OF SCHEDULING ORDER FOR TRANSFORM HOLDCO LLC'S MOTION TO ENFORCE THE ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASE WITH MOAC MALL HOLDINGS LLC AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Transform Holdco LLC ("Transform"), for itself and on behalf of its affiliate Transform Leaseco LLC, as buyer of substantially all of the Debtors' assets,[2] files this reply (the "Reply") in support of its *Notice of Presentment of Scheduling Order for Transform Holdco LLC's Motion to Enforce the Order (I) Authorizing the Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* [ECF No. 10289] and in response to the *Objection to Notice of Presentment of Scheduling Order for Transform Holdco LLC's Motion to Enforce the Order (I) Authorizing the Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief* [ECF No. 10298] (the "Objection") filed by MOAC Mall Holdings LLC ("MOAC") and respectfully states as follows:

1. This Court has already ruled—twice—that it continues to have jurisdiction over the issues to be determined at the evidentiary hearing: (i) whether the parties complied with the ROFR provisions of the master lease with respect to the sublease, and (ii) whether the proposed subtenant is acceptable under the terms of the master lease (together, the "Sublease Issues") and that the Sublease Issues are "part of the adequate assurance . . . [and] part of the assignment of the lease."[3]

2. MOAC has already argued—twice—that this Court lacks jurisdiction to consider the Sublease Issues due to its pending appeal of the section 363(m) issue. MOAC's renewed effort to contest jurisdiction in order to delay a hearing on the Sublease Issues is equally unfounded. For the reasons stated on the record of the January 20 hearing and in Transform's letter of February 4, and in light of the Court's prior rulings, the Court should again reject MOAC's argument.

---

[2] *See Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*, Feb. 8, 2019 [ECF No. 2507].

[3] *See* Hr'g Tr. 67:3-7, Jan. 20, 2022; *see also* Letter to Judge Robert D. Drain (Feb. 2, 2022) [ECF No. 10280]; Letter to the Honorable Judge Robert D. Drain (Feb. 4, 2022) [ECF No. 10284]. The Court denied MOAC's request. *See* E-mail from Judge Robert D. Drain to MOAC Mall Holdings LLC and Transform Holdco LLC (Feb. 7, 2022) (ruling that the evidentiary hearing shall go on, as scheduled), attached hereto as Exhibit 1.

3.    MOAC also argues, belatedly and baselessly, that this Court lacks personal jurisdiction over it. MOAC and Transform have been litigating lease assignment issues before this Court for over 2.5 years. As such, MOAC has no basis to contend that this Court lacks personal jurisdiction.[4]

## CONCLUSION

**WHEREFORE**, Transform respectfully requests that this Court enter the Scheduling Order and proceed with the evidentiary hearing scheduled for March 25, 2022, over MOAC's objection.

Dated: New York, New York
February 22, 2022

Respectfully submitted,

**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501


By: */s/ R. Craig Martin*
    Richard A. Chesley
    R. Craig Martin
    Rachel Ehrlich Albanese

*Counsel to Transform Holdco LLC*

---

[4] *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) (holding that where a creditor files a proof of claim with the bankruptcy court, appears in the debtors' bankruptcy and fails to object to or appeal an order on the basis of personal jurisdiction, the creditor submits to the bankruptcy court's personal jurisdiction with regards to a motion pertaining to that order).