UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter
SEARS HOLDINGS CORPORATION, *et al.*,                          :
                                                               :    Case No. 18-23538 (RDD)
                                          Debtors.[1]          :    (Jointly Administered)
---------------------------------------------------------------x

## ORDER AUTHORIZING CERTAIN DISTRIBUTIONS

Upon the motion, by notice of presentment dated February 10, 2022 (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order in substantially the form of this Order, authorizing certain distributions to the holders of allowed administrative expense claims and allowed priority tax claims; and the Court having jurisdiction to grant the relief requested pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and there being no objections to the Motion or to the relief granted herein, which additional relief is consented to by the Administrative Claims Representative; and upon the record of the hearing held by the Court on the Motion on February 24, 2022; and, after due deliberation and for the reasons stated by the Court at the hearing, the Court having determined the relief granted herein is consistent with the Taxes Order, the Confirmation Order, and the Administrative Claims Order, as such terms are defined below, and that such relief is a proper exercise of the Debtors' judgment, warranted under the applicable facts and law, and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and good cause and sufficient appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.  WHEREAS, since October 15, 2018, the Debtors have operated as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and paid fees pursuant to 28 U.S.C. § 1930(a)(6) on postpetition disbursements in excess of $5 billion.

B.  WHEREAS, on November 16, 2018 the Court entered the *Final Order Authorizing Debtors to Pay Certain Prepetition Taxes and Fees* (ECF No. 797) (the "**Taxes Order**"), authorizing the Debtors to, among other things, pay certain taxes and fees, regardless of whether such taxes and fees accrued or arose prior to the petition date in these cases.

C.  WHEREAS, on October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation**

**Order**"), approving, among other things, the Administrative Expense Claims Consent Program.[2]

D.     WHEREAS, on April 30, 2020, the Court entered the *Order (I) Allowing Administrative Claims, and (II) Granting Related Relief* (ECF No. 7888) (the "**Administrative Claims Order**"), authorizing the Debtors to satisfy in full the vast majority in number of Settled Administrative Expense Claims, subject to the caps and limits in the Confirmation Order.

E.     WHEREAS, on or about August 5, 2020, the Debtors made distributions to satisfy such claims in full.

F.     WHEREAS, the Debtors announced that they will meet the conditions for a further distribution (the "**Fourth Distribution**") under the Administrative Expense Claims Consent Program.

G.     WHEREAS, to promote the efficient wind down of the Debtors' chapter 11 cases and to reduce the administrative expenses associated therewith by satisfying in full the administrative and priority claims of more than 273 parties in interest, the Debtors requested, pursuant to the authority granted by the Taxes Order and the Confirmation Order, and consistent with the Administrative Claims Order, the relief granted herein.

**NOW, THEREFORE, IT HEREBY IS ORDERED THAT:**

1.     Provided that the Debtors make a Fourth Distribution on account of Settled Administrative Expense Claims that is equal to at least 13% of the allowed amount of Settled Administrative Expense Claims (bringing the aggregate distributions to such date to at least 51% of the allowed amount of Settled Administrative Expense Claims), the Debtors are authorized to make distributions:

---

[2]   Capitalized terms not otherwise herein defined shall have the meaning ascribed to such terms in the Confirmation Order.

3

(a) to satisfy in full the Debtors' obligations to each claim or ballot under the Administrative Expense Claims Consent Program entitled to receive $25,000.00 or less on account of its respective Settled Administrative Expense Claim (i.e., up to 75% of each Opt-In Settled Admin Claim and 80% of each Non Opt-Out Settled Admin Claim); and

(b) to satisfy up to $1 million in prepetition taxes entitled to priority and owed by the Debtors.

2. The Debtors may request that each Opt-In Settled Admin Claimant and each Non Opt-Out Admin Claimant provide the Debtors with a valid Taxpayer Identity Number ("**TIN**"), and the Debtors shall not be required to send Distributions to any Claimant for which the Debtors do not receive within a valid TIN on file. The Form W-9 (or, if applicable, Form W-8 for non-U.S. creditors) supplying TIN and other information including a signature and current date should be emailed to searsw9orequivalent@m3-partners.com.

3. Good and sufficient cause appearing, the terms and provisions of this Order shall be effective and enforceable immediately upon entry and any 14-day stay hereof under the Bankruptcy Rules is waived.

4. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

Dated: February 24, 2022
      White Plains, New York

                                                */s/ Robert D. Drain*
                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE