# **EXHIBIT I**

**MOAC Limited Opposition to Transform's Motion Requesting Clarification**

# 20-1846(L)

## 20-1953 (XAP)

IN THE

# United States Court of Appeals for the Second Circuit

---

IN RE: SEARS HOLDINGS CORPORATION,

*Debtor*

---

MOAC MALL HOLDINGS LLC,

*Appellant-Cross-Appellee,*

v.

TRANSFORM HOLDCO LLC,

*Appellee-Cross-Appellant,*

---

On Appeal from the United States District Court
for the Southern District of New York

---

## MOAC MALL HOLDINGS LLC'S LIMITED OPPOSITION TO TRANSFORM'S EMERGENCY MOTION

---

| | |
|---|---|
| THOMAS J. FLYNN | DAVID W. DYKHOUSE |
| GREGORY S. OTSUKA | DANIEL A. LOWENTHAL |
| LARKIN HOFFMAN DALY & LINDGREN LTD. | PATTERSON BELKNAP WEBB & TYLER LLP |
| 8300 Norman Center Drive, Suite 1000 | 1133 Avenue of the Americas |
| Minneapolis, Minnesota 55437 | New York, NY 10036 |
| (952) 835-3800 | (212) 336-2000 |
| tflynn@larkinhoffman.com | dwdykhouse@pbwt.com |
| gotsuka@larkinhoffman.com | dalowenthal@pbwt.com |

*Attorney for Appellant-Cross-Appellee*

Appellant/Cross-Appellee MOAC Mall Holdings LLC ("MOAC") did not oppose Transform Holdco LLC's ("Transform") 2021 motion to toll the two-year sublease deadline for 60 days after this Court entered its decision on appeal. Likewise, MOAC does not oppose an order clarifying that such deadline is inapplicable to the Sublease (as defined in Transform's motion). MOAC files this limited opposition because the relief Transform seeks in its motion appears to go well beyond the bankruptcy court's indicative ruling. The bankruptcy court's indicative ruling was that the two-year deadline was intended to protect MOAC by requiring Transform to find and place a subtenant within a reasonable time, but that the deadline was never intended to be able to expire simply because of appeals by MOAC.

MOAC requests that any order granting the motion be limited to providing that the original two-year deadline, as extended by the Tolling Order, is inapplicable to the identified Sublease, and reserving for another day what a reasonable deadline would be with respect to any different sublease, if the current Sublease is not consummated. Granting such relief would alleviate the immediate risk identified by Transform caused by the current February 15, 2022 deadline. At the same time,

limiting the relief to the identified Sublease preserves the rights of the parties to seek to reinstate the Tolling Order, or another deadline, in the event that the Sublease is not consummated, based on the facts and circumstances at such time.

This form of relief is consistent with the bankruptcy court's statements in the transcript that Transform deems an indicative ruling. The bankruptcy judge did *not* indicate he believed there should be *no* deadline, only that he intended for a reasonable deadline and did not intend for the two-year deadline to apply when ongoing litigation prevented Transform from subletting the premises within two years.

In sum, MOAC opposes Transform's request for an order stating that the two-year deadline no longer applies in any respect. MOAC does not oppose the entry of an order stating that the two-year deadline does not apply to the current Sublease identified in the Motion and that the applicability of a deadline to any subsequently proposed sublease is reserved.

## BACKGROUND

The bankruptcy court entered an order on September 5, 2019 ("Assignment Order") authorizing the debtor to assign its lease with

18-23538-shl  Doc 10348-9  Filed 03/09/22  Entered 03/09/22 19:26:19  Exhibit I - MOAC Limited Opposition to Transforms Motion Requesting Clarif    Pg 5 of 10

Case 22-1022, Document 110, 02/22/2022, 3270789, Page5 of 9

MOAC at Mall of America to Transform. (SPA-82.) The Assignment Order stated that Transform "must initially sublet a portion of the premises for the Designated Lease within two years, on the condition that [MOAC] does not improperly interfere with [Transform's] attempt to sublet the premises for the Designated Lease." (*Id.*)

MOAC subsequently appealed the Assignment Order to the district court and then appealed the district court's order to this Court. While the appeal to this Court was pending, Transform filed a motion on August 21, 2021 in which it requested an order tolling the two-year sublet deadline for 60 days after the Court enters its decision on appeal. (ECF No. 116-3 at 15.) According to Transform, the tolling was necessary in order "to maintain the status quo while this Court considers the pending appeal." (*Id.* at 2.) MOAC did not oppose that motion, and the Court granted the motion. (ECF No. 124.)

After the Court issued its summary order and while the parties were briefing MOAC's motion to stay the mandate, Transform filed a motion in the bankruptcy court that it styled a motion to enforce the Assignment Order. Transform, among other things, asked the bankruptcy court to enter an order stating that Transform prevailed in the litigation

3.

regarding the assignment of the lease, and it argued that "the appeal is done and final in all respects" (Bky. ECF No. 10233 at 4.)

The bankruptcy court held a hearing on Transform's motion on January 20, 2022. The bankruptcy court deferred issuing an order but made clear that it would not grant at least the portion of Transform's motion that sought an order that it had prevailed in the litigation.

During the motion hearing, the bankruptcy judge also discussed the two-year sublet deadline in its Assignment Order and explained that he included the two-year deadline because he "was concerned" that the lease had 70 years remaining on its term and that Transform might be "perfectly content to leave the space empty for 70 years," which "was not right under the case law." (Mot. Ex. 1 at 49:14-23.)

The bankruptcy judge also stated that he did not believe the two-year deadline should expire when "the appeals process has prevented the closing" of the sublease. (*Id.* at 67:16-23.) MOAC's counsel asked the bankruptcy judge to clarify that in his view Transform should be given a "reasonable time" to complete the sublease if and when the appeal process is complete, not that the two-year deadline should "start over." (*Id.* at 69:17-70:5.) The bankruptcy judge agreed that "[t]here should be

4.

a reasonable time to enable the identified transaction to close." (*Id.*) After Transform's counsel argued that it may be appropriate to restart the two-year deadline if the proposed subtenant backed out of the sublease, the bankruptcy judge responded, "I think all I can say at this point is it should be a reasonable time." (*Id.* at 70:14-71:3.)

## ARGUMENT

Just as it did not oppose Transform's motion to toll the deadline in August 2021, MOAC does not oppose an adjustment to the deadline as it relates to the Sublease, namely that the two-year deadline does not apply to the Sublease. MOAC does, however, oppose the relief sought by Transform, which requests that this Court remove *any* deadline to sublet the premises, which would apply to any future efforts to sublet in the event the Sublease is not consummated.

The Assignment Order included the two-year deadline because, as the bankruptcy court judge explained, he "was concerned" that absent such a deadline, Transform could leave the premises vacant for the remaining 70 years of the lease. If the Court were to grant the primary relief sought by Transform, *i.e.,* that there is no deadline to sublet the

5.

premises, then the protection included by the bankruptcy court to address its concern would vanish.

Indeed, during the recent hearing, the bankruptcy court never stated that the deadline should be removed in its entirety. All of the discussion regarding the deadline was regarding whether and how it should be *adjusted* so that it did not expire as a result of the appeals process. Ultimately, while the bankruptcy court did not provide a specific time period for which the deadline should be tolled, it stated that "[t]here should be a reasonable time to enable the identified transaction to close." (*Id.* at 70:4-5; 71:2-3.)

Accordingly, MOAC does not object to an order that states that the two-year sublet deadline does not apply to the Sublease identified in the motion, and reserving all parties' rights as to a reasonable deadline based on the facts and circumstances at that time with respect to any different sublease if the identified Sublease is not consummated. Such an order would alleviate any risk to Transform from the deadline with respect to the identified Sublease, while also preserving MOAC's rights in the event the Sublease is not consummated.

6.

## CONCLUSION

For the reasons explained above, MOAC does not oppose an order that states that the two-year deadline to sublet the premises does not apply to the Sublease identified in Transform's motion, and reserving all parties' rights as to a reasonable deadline with respect to any different sublease if the identified Sublease is not consummated.

Respectfully submitted,

Dated: February 10, 2022

 s/ Gregory S. Otsuka
Gregory S. Otsuka
Thomas J. Flynn
Larkin Hoffman Daly & Lindgren, Ltd.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota  55437-1060
(952) 835-3800
gotsuka@larkinhoffman.com
tflynn@larkinhoffman.com

David W. Dykhouse
Daniel A. Lowenthal
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000
dwdykhouse@pbwt.com
dalowenthal@pbwt.com

*Attorneys for MOAC Mall Holdings LLC*

**Certificate of Compliance**

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 1,249 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 27(a)(2)(B).

This response also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in Century 14-point font, a proportionally-spaced typeface.


*s/ Gregory S. Otsuka*
Gregory S. Otsuka

4859-9171-0990, v. 3