## <u>EXHIBIT K</u>

**February 24, 2022 Hearing Transcript**

```
1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 18-23538-rdd

4    Adv. Case No. 19-08432-rdd

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    SEARS HOLDINGS CORPORATION, et al.,

9

10            Debtors.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   KMART HOLDING CORPORATION,

13                 Plaintiff,

14           v.

15   GRACE AND SON CONSTRUCTION COMPANY OF GREENVILLE,

16                 Defendant.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19                 United States Bankruptcy Court

20                 300 Quarropas Street, Room 248

21                 White Plains, NY 10601

22

23                 February 24, 2022

24                 10:05 a.m.

25
```

Page 2

```
1   B E F O R E :

2   HON ROBERT D. DRAIN

3   U.S. BANKRUPTCY JUDGE

4

5   ECRO:  A. VARGAS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

```
 1    HEARING re Notice of Agenda of Matters Scheduled for Hearing

 2    to be Conducted Through Zoom on February 24, 2022 at 10:00

 3    a.m. (ECF #10327)

 4

 5    HEARING re Notice of Presentment of Order Authorizing

 6    Certain Distributions filed by Garrett A. Fail on behalf of

 7    Sears Holdings Corporation.  Objections due by 2/17/2022

 8    (ECF #10294)

 9

10    HEARING re Letter / Notice of Limited Remand Filed by Robert

11    Craig Martin on behalf of Transform Holdco LLC. (ECF #10318)

12

13    HEARING re Notice of Hearing on Scheduling Order for

14    Transform Holdco LLC's Motion to Enforce the Order (I)

15    Authorizing Assumption and Assignment of Lease with MOAC

16    Mall Holdings LLC and (II) Granting Related Relief (related

17    document(s) 10194, 10298, 10289) filed by Rachel Ehrlich

18    Albanese on behalf of Transform Holdco LLC. (ECF #10305)

19

20    HEARING re Related Document:  Motion to Compel / Motion to

21    Enforce the Order (I) Authorizing Assumption and Assignment

22    of Lease with MOAC Mall Holdings LLC and (II) Granting

23    Related Relief filed by Richard A. Chesley on behalf of

24    Transform Holdco LLC with hearing to be held on 1/20/2022 at

25    02:00 PM at Courtroom TBA, White Plains Courthouse (RDD)
```

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 5 of 57

Page 4

1  Responses due by 1/13/2022. (Attachments: # 1 Exhibit A # 2

2  Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6

3  Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10

4  Exhibit J)(ECF #10194)

5

6  HEARING re Notice of Presentment of Scheduling Order for

7  Transform Holdco LLC's Motion to Enforce the Order (I)

8  Authorizing Assumption and Assignment of Lease with MOAC

9  Mall Holdings LLC and (II) Granting Related Relief (related

10  document(s) 10194) filed by Rachel Ehrlich Albanese on

11  behalf of Transform Holdco LLC. (ECF #10289)

12

13  HEARING re Objection to Notice of Presentment of Scheduling

14  Order (related document(s) 10289) filed by Gregory S. Otsuka

15  on behalf of MOAC Mall Holding LLC. (ECF #10298)

16

17  HEARING re Adversary Proceeding: 19-08432-rdd Kmart Holding

18  Corporation v. Grace and Son Construction Company of

19  Greenville, Amended Order to Show Cause signed on 1/20/2022

20  why an answer with attorney representation has not been

21  filed by Defendant, Grace and Son Construction Company of

22  Greenville, Inc. and why Defendant has not retained counsel

23  to represent it in this adversary proceeding (related

24  document(s) 7) with hearing to be held on 2/24/2022 at 10:00

25  AM at Videoconference (ZoomGov) (ECF #9)

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 6 of 57

Page 5

1   HEARING re Certificate of Service (related document(s) 7)

2   filed by Brigette McGrath on behalf of Kmart Holding

3   Corporation. (ECF #7)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 6

```
 1    A P P E A R A N C E S :

 2

 3    WEIL, GOTSHAL & MANGES, LLP

 4         Attorneys for the Debtor

 5         767 Fifth Avenue

 6         New York, NY 10153

 7

 8    BY:  GARRETT A. FAIL (TELEPHONICALLY)

 9

10    QUINN, EMANUEL, URQUHART, SULLIVAN, LLP

11         Attorneys for Administrative Expense Claims

12         Representative

13         1300 I Street NW, Suite 900

14         Washington, D.C. 20005

15

16    BY:  ERIKA MORABITO (TELEPHONICALLY)

17

18    ASK, LLP

19         Attorneys for the Plaintiff

20         2600 Eagan Woods Drive, Suite 400

21         St. Paul, MN 55121

22

23    BY:  RICHARD J. REDING (TELEPHONICALLY)

24

25    ROPES & GRAY LLP
```

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24    2022 Hearing Transcript    Pg 8 of 57

Page 7

1          Attorneys for MOAC Mall Holdings LLC

2          1211 Avenue of the Americas

3          New York, NY 10036

4

5     BY:  GREGG GALARDI (TELEPHONICALLY)

6

7     DLA PIPER

8          Attorneys for Transform Holdco and MOAC

9          1251 6th Avenue

10          New York, NY 10020

11

12     BY:  CRAIG MARTIN (TELEPHONICALLY)

13

14     ALSO PRESENT TELEPHONICALLY:

15     JOSEPH GRACE, Pro se

16

17

18

19

20

21

22

23

24

25

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 9 of 57

Page 8

1                    P R O C E E D I N G S

2              THE COURT:  Okay, good morning.  This is Judge

3    Drain.  We are here in In re Sears Holdings Corporation, et

4    al.  I have the agenda for today's hearings and I'm happy to

5    go down that.  Each of these matters is being heard remotely

6    primarily by Zoom unless someone doesn't have access to a

7    screen, in which case they are appearing by telephone.

8              So the first matter on the agenda is listed as an

9    uncontested matter, but I'm glad it's on the agenda because

10   it's somewhat -- it was a proposed order sought by notice of

11   presentment without a motion itself or a memorandum of law

12   supporting the notice of presentment.  And I was a little

13   confused about the nature of the relief being sought.  So

14   I'm not sure I would have entered the order without further

15   explanation in any event.  But we are here I gather for that

16   explanation.  So someone from the Debtors I assume is going

17   to talk about this one.

18             MR. FAIL:  Good morning, Your Honor.  It's Garrett

19   Fail from Weil Gotshal for the Debtors.

20             THE COURT:  Good morning.

21             MR. FAIL:  Good morning.  So we did file a notice

22   of presentment at Docket 10294.  It was consistent with my

23   presentation at the last hearing and consistent with the

24   notices that we had filed at Docket 10295 and the status

25   report at Docket 10240.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 10 of 57

Page 9

1          So what we announced at that last hearing, Judge,

2    was that the Debtors were prepared to make another

3    distribution, the fourth distribution, pursuant to the

4    administrative consent program and the confirmation order

5    and that the Debtors determined after consultation with not

6    only their restructuring committee but also the pre-

7    effective date committee, which included the administrative

8    claims representative and the representative selected by the

9    UCC, as well as each of those individuals' counsel and

10   financial advisors, that to increase the administrative

11   deficiencies of the cases going forward and consistent with

12   past orders of this Court permitting distributions to what

13   were de minimis claims, the Debtors could satisfy up to 200

14   claims administrative claims that were opt-in or non-opt-

15   out, so not changing who would receive the money, but that

16   there were 200 parties that were owed $20,000 and that if we

17   -- $20,000 which goes up to their 75 percent or 80 percent

18   cap depending on which category they fall into.

19          And so rather than making smaller distributions

20   over time, keeping track of claims on trade, checking for

21   tax IDs and OFAC forms, dealing with checks that didn't get

22   cashed, you know, and dealing with all of the mailings, that

23   we could end 200 additional parties' involvement with the

24   cases.

25          Your Honor had previously approved it in

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24  2022 Hearing Transcript   Pg 11 of 57

Page 10

1    connection with the first distribution of de minimis

2    procedure which allowed us to satisfy -- I forget the exact

3    number -- between a thousand and 1,200, 1,300 claims of

4    similar entitlement.  But at this point in time after three

5    previous distributions, 200 parties were owed $20,000, and

6    we decided to move forward.  We had announced that at the

7    last status conference.  We filed the notice of presentment

8    to permit that as well as to permit the payment of certain

9    prepetition priority taxes which I've previewed at the

10   status conference as well.  Those claims continue to assert

11   interest.  The parties that are in this taxing jurisdiction,

12   some continue to file claims that have to be addressed by

13   M3, some just keep updating their websites.  The goal would

14   be to pay less than a million dollars to satisfy over 70, 80

15   parties and take them off the board as well.

16         So there were no objections to that, and we worked

17   with the administrative claims rep, as I mentioned, and the

18   pre-effective date committee to get their sign on.  And

19   they've reached out to some of their constituents as well,

20   including some of the larger administrative claimholders who

21   were supportive of it.

22         The reason that we put the notice of presentment

23   on for today, in our minds, it wasn't to further support

24   that we thought that that was accepted, but it was to share

25   good news with parties in interest following our filing of

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 12 of 57

Page 11

1    the distribution notice, which projected that the Debtors

2    would be able to hit the 50 percent distribution to

3    remaining creditors and satisfy up to $20,000 to 200

4    parties.

5              The Debtors were successful in collecting cash and

6    reducing expenses, and collectively between those efforts

7    and recalculating disputed claims reserve, we'll be able to

8    make an additional distribution beyond what was announced

9    previously.

10             So as a result, instead of distributing $17.7

11   million, up to $18.6 million can go out the door.  And that

12   would allow -- and so then the question was amongst the

13   parties making the distribution and the parties in interest,

14   where should that go.  The Debtors again consulted with the

15   pre-effective date committee with the support of the

16   administrative claims rep, and we were told holders of large

17   claims we proposed to increase the de minimis distribution

18   cap from $20,000 to $25,000.  That would increase the number

19   of claims that could be satisfied to 230.  It would leave,

20   Your Honor, only 214 opt-ins and non-opt-out claims to be

21   satisfied.  It would leave only 196 claimants to be

22   satisfied in those categories.  So for a small amount extra,

23   we could pay off more than half of the parties that are

24   collecting distributions and we could also increase the

25   distribution to those remaining from 50 to 51 percent.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 13 of 57

Page 12

1         So if Your Honor is inclined to grant the motion,

2    we would propose two changes.  One is that the conditions to

3    satisfy these de minimis claims would be satisfied only when

4    the Debtors are able to pay 51 percent to the remaining

5    rather than the 50 we proposed, and we believe we are.  So

6    it's not going to be a question.

7         And then we would change the de minimis threshold

8    from 20 to 25.  And out of the 444 expected claims, we think

9    we satisfy 230, leaving 214.  So we think it's good news.

10   We think it's a fair allocation and further progress in the

11   case.

12        THE COURT:  Okay.  I just have the following

13   questions on this.  First, under the confirmation order,

14   there was a procedure for dealing with administrative claims

15   with the opt-in/opt-out, et cetera.  Is it the parties'

16   belief that under that program, there is authority to make

17   these distributions, i.e. on notice?  There's no limitation,

18   for example, on what can be paid on smaller claims, et

19   cetera?  In other words, is this matter of discretion and

20   the Debtors are exercising their discretion in consultation

21   with the representative of the Administrative Expense Group,

22   et cetera?

23        MR. FAIL:  Everything is discretionary with Court

24   approval, Judge, right?  So we don't think we have the

25   authority to do it.  We don't think we have to -- without

Page 13

1    Court authority.  We don't think that the prior de minimis

2    order -- the prior de minimis order, when you read the

3    language, was limited to the claims that we identified in

4    the first round.

5              THE COURT:  No, I agree.  The prior de minimis

6    order doesn't limit what you can do in the future.  I just

7    want to make sure it's your understanding that under the

8    plan, which I really can't amend or can't approve an

9    amendment of in this fashion at least, there is authority to

10   make this distribution.

11             MR. FAIL:  We think it's consistent with the

12   authority that you granted in the order in aid of execution

13   of the plan the first time following confirmation.  That

14   permitted the payment of 1,200 out of the 1,500, whatever

15   the numbers were.  But this proportion of majority of claims

16   were satisfied in full --

17             THE COURT:  I just want to make -- it's often the

18   case in plans that a plan authorizes de minimis claimants to

19   get a distribution up to a certain amount and no more.

20   Sometimes it's a hundred percent without interest, sometimes

21   it's 75 percent, et cetera.  I don't think there's that type

22   of provision here.

23             MR. FAIL:  You are correct, Judge.  There isn't.

24             THE COURT:  Okay.  That's what I wanted

25   confirmation of.  So the condition here from the larger

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 15 of 57

Page 14

1    creditors that there be at least a 50 percent distribution,

2    now 51 percent, is just a question of what it took to get

3    consent for the overall --

4              MR. FAIL:  It was to make sure we didn't -- it was

5    that, Judge, and it was to make sure that if we fell short,

6    we wouldn't have paid off a hundred percent and come up

7    short and given out instead of 13 or 14 percent, five to

8    ten.  That this was, if the assumptions held as we said and

9    we had the cash collected, that we would be able to make a

10   substantial distribution to those parties, over 13 or 14

11   percent on their allowed amount.  And that --

12             THE COURT:  And that's fine.  I have no problem

13   with that type of bargaining or agreement as long as it

14   doesn't alter the plan.  And my belief is it doesn't alter

15   the plan, but I just wanted to raise the issue, to ask the

16   parties whether this was somehow a modification of the plan

17   in their view.

18             MR. FAIL:  We don't think it is, but I see Ms.

19   Morabito has got her hand raised.

20             THE COURT:  Okay.  You go ahead, Mr. Morabito.

21             MS. MORABITO:  Thanks, Your Honor.  Good morning.

22   Erika Morabito, Quinn Emanuel, on behalf of the

23   Administrative Expense Claims Representative.

24             I think I am generally in agreement with Mr. Fail

25   and the Court.  I think the only difference is in the words

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 16 of 57

Page 15

1    consult versus consent.

2            I do believe that any -- I don't want to say

3    modification, but any exercise of discretion with respect to

4    de minimis amounts that can be paid that may be inconsistent

5    if you will generally with what the plan allowed in terms of

6    the claims procedures order I do think can be addressed

7    between counsel and the Administrative Claims Representative

8    with the Administrative Claims Representative's consent.

9    Not just consulting with us and saying we consulted and they

10   went ahead and did it.  That would be the only distinction

11   that I would draw.  But generally, I think what's been

12   stated is accurate.

13           THE COURT:  And the representative --

14           MR. FAIL:  I don't know if that's true or not, but

15   I'm happy to say we have their consent --

16           THE COURT:  Well, that's my next question.  The

17   representative has consent though to this modification --

18           MR. MORABITO:  We have consented to this

19   modification, Your Honor, yes.

20           THE COURT:  -- of the order that was submitted.

21   Okay.  Did anyone else have anything to say on this motion?

22   All right.  I will grant the motion.  Again, my only concern

23   was I wanted to have confirmation that there was in fact the

24   consent and that the parties agree with me that this wasn't

25   a modification of the plan, this relief.  I am satisfied

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24   2022 Hearing Transcript    Pg 17 of 57

Page 16

1    that there is the consent and that it's not a modification

2    of the plan.  And further, the request is unopposed, albeit

3    that the Debtor is now seeking to increase the amount that

4    would go out as part of a fourth distribution.

5         In a business matter, the distribution makes

6    sense.  We deal with the tax issues first.  Given the

7    accrual of significant interest claims that could be also a

8    hundred cent type of claim, it makes sense to pay those

9    amounts now which are undisputed.

10        And then secondly, as far as the roughly 230

11    administrative expense creditors that would be receiving

12    payment in full, that payment amount is relatively modest

13    and there is a significant burden in continuing to track

14    those claims.  At this point it would pay off more than half

15    of the administrative expense creditors in full, which is a

16    worthy goal in itself here.  That goal wouldn't be meetable,

17    however, if there was significant opposition and if there

18    wasn't there wasn't consent by the Administrative Claims

19    Representative.  But there is no opposition and there is

20    that consent.

21        So I will enter the order that you've described as

22    a modified order, Mr. Fail, which you can send to chambers.

23        MR. FAIL:  Thank you very much, Your Honor.

24    Appreciate it.

25        THE COURT:  Okay.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 18 of 57

Page 17

1              MR. FAIL:  The next item on the agenda I believe

2     is going to be handled by Transform (indiscernible).

3              THE COURT:  Okay.  I want to -- I actually,

4     because I think this may not take as long, actually skip the

5     Transform matter and go to the third item on the agenda,

6     which is K-Mart Holding Corp. v. Grace and Son Construction

7     Company of Greenville.  And I'm doing that in part because I

8     believe that counsel for the Debtor-Plaintiff as well as at

9     least a businessperson from the Defendant here are on the

10    screen.  And again, I think this is probably a matter that

11    can be dealt with fairly quickly.

12             It was scheduled by an amended order to show cause

13    that I entered on January 20, 2022, and that order to show

14    cause stated, it is hereby ordered that the duly authorized

15    representative of the parties to that adversary proceeding

16    shall appear on February 24, 2022 to show cause why an

17    answer with attorney representation has not been filed by

18    Defendant, Grace and Son Construction Company of Greenville

19    Inc., and why Defendant has not retained counsel to

20    represent them in this adversary proceeding.

21             Absent the Defendant's appearance and setting

22    forth sufficient cause why it may proceed pro se as a

23    corporate entity, Plaintiff may move for default judgment to

24    be entered pursuant to Rule 55(b)(2) of the Rules of Civil

25    Procedure.  And then citing, among other cases, City of New

Page 18

```
 1    York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130 (2nd Cir.

 2    2011), where the Second Circuit affirmed the entry of a

 3    default judgement against a defendant that had not appeared

 4    by counsel in the litigation under the long-running, well-

 5    established precedent that business entities such as this

 6    corporation -- that's the Defendant here -- must appear by

 7    counsel in federal court in a proceeding of this nature.

 8            So can I take the appearances of the parties to

 9    this matter?  Just state your name and who you are appearing

10    on behalf of.

11            MR. REDING:  Good morning, Your Honor.  Richard J.

12    Reding appearing on behalf of the Plaintiff.

13            THE COURT:  Okay.  Do I have anyone for Grace and

14    Son Construction Company of Greenville?

15            MR. GRACE:  Yes, sir.  This is Joseph Grace, and I

16    am the president of Grace and Son Construction Company.

17            THE COURT:  Okay.  And, Mr. Grace, are you a

18    lawyer?

19            MR. GRACE:  No.  I am the owner of the company.  I

20    am a retired contractor right now and can't afford a lawyer.

21            THE COURT:  Do you have an in-house counsel?

22            MR. GRACE:  I've got an in-house counsel, but he's

23    a South Carolina attorney, not licensed in New York.

24            THE COURT:  Well, he can apply -- as long as he's

25    admitted to the bar of South Carolina, he can make what's
```

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 20 of 57

Page 19

1    called pro hac vice application, which are routinely

2    granted, there are about 200 of them at least in the Sears

3    case, to appear and represent your corporation in this

4    adversary proceeding.

5                    MR. GRACE:  Okay.

6                    THE COURT:  He doesn't have to be admitted

7    generally to the bar in New York or the Southern District of

8    New York.  He can just make that type of application.  There

9    are a lot of them on the docket that he can just copy.  It's

10   pretty much a form.

11                   MR. GRACE:  Yes, sir.  I felt like I don't even

12   need a lawyer.  My contact with them was one job that I did

13   --

14                   THE COURT:  I understand that, sir.  And you have

15   filed an answer and you've responded to interrogatories and

16   the like.  But the rule is really clear in the Second

17   Circuit and elsewhere around the country.  And it's not just

18   a full employment for lawyers rule, it really -- there is a

19   reason behind it, which is that the courts want to have

20   someone who is within the bar of the court, which includes

21   being admitted pro hac, as I explained it, that is

22   answerable as a lawyer for the conduct of the litigation for

23   each party.

24                       So it may be that your in-house counsel may not be

25   doing very much, but he needs to be involved as counsel of

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 21 of 57

Page 20

1    record so that when there's a need to deal with disputes, I

2    am interfacing with a lawyer.  We let pro se individuals

3    appear by themselves, but the rule is different for a

4    corporation.

5            So the whole purpose of this order to show cause

6    was to flesh this out.  And there is a basis for entering a

7    default judgment here, but I'm going to defer -- they

8    haven't even moved for a default judgement yet.  And I'm

9    going to give you 30 days for your in-house counsel to make

10   a pro hac motion and appear on behalf of Grace and Son.

11           MR. GRACE:  Okay.  So I've got to hire a lawyer

12   and --

13           THE COURT:  Well, no.  Again, I think you've said

14   you have someone in house, right?

15           MR. GRACE:  Yes, but I thought you said I have to

16   have a New York lawyer.

17           THE COURT:  No, just the opposite.  Just the

18   opposite.  Let me be clear.  This is why you need that rule.

19   Lawyers sort of understand this.  That's why they go to law

20   school, to understand terms like pro hac vice and things

21   like that.

22           MR. GRACE:  Right.

23           THE COURT:  Just like I don't understand terms you

24   use in the construction business.  But it's important to

25   have a lawyer here.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 22 of 57

Page 21

1          But I will accept a lawyer who is a member of the

2     bar of -- you said South Carolina?

3          MR. GRACE:  Yes, that's correct.

4          THE COURT:  All that person needs to do is file an

5     application and email it to my chambers.

6          MR. GRACE:  Okay.

7          THE COURT:  That's called a pro hac vice

8     application in which this person says I am a member in good

9     standing of the bar of State of South Carolina and I

10    requested admission pro hac vice to the bar of the Southern

11    District of New York for purposes of this adversary

12    proceeding.  And the caption would be the caption of the

13    adversary proceeding.  And as a matter of routine, those are

14    entered.  Your in-house person can look at the docket in the

15    Sears case -- the number of that is on the pleadings -- and

16    he'll find about at least 200 of these.  There is a fee

17    involved.  There is a filing fee, but it's pretty modest.

18         So you don't have to go and hire an outside

19    lawyer.  You don't have to hire a lawyer from New York.  You

20    can use your in-house counsel.

21         MR. GRACE:  Yes, sir.  Thank you.  But I, I guess

22    wanted it banned because all my stuff was prior to them

23    declaring bankruptcy.

24         THE COURT:  But that's the -- again, this is --

25    you're in this case because of an adversary proceeding where

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 23 of 57

Page 22

1   they're suing your company for having gotten a preference,

2   i.e. a payment on account of debt before the bankruptcy.

3   And so it's a specific set of issues under 547 of the

4   Bankruptcy Code.  And it will be dealt with -- there are

5   procedures in place for dealing with these types of

6   adversary proceedings in the case.  Your in-house counsel

7   can look at them to the extent you want him to.  But I need

8   someone who is appearing on behalf of your company as a

9   lawyer.  And your in-house person can do that.  All he has

10  to do is do this pro hac application.

11              MR. GRACE:  Okay.  Well, thank you, sir.  I

12  appreciate that.

13              THE COURT:  Okay.

14              MR. GRACE:  I will get him to do that.

15              THE COURT:  I'll give you 30 days to do that.  If

16  it's not done, then the Plaintiff, K-Mart, can move for a

17  default judgment.  But 30 days should be more than enough

18  time to do that.  Again, go on the docket, he can find one

19  of these samples, do the same thing, just filling in his

20  information.  It's two paragraphs.  It's really simple.

21              MR. GRACE:  Yes.

22              THE COURT:  Okay, fine.

23              MR. GRACE:  Okay, thank you.

24              THE COURT:  Okay, very well.  So you can sign off,

25  as can Mr. Reding.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 24 of 57

Page 23

1          MR. REDING:  Thank you, Your Honor.

2          THE COURT:  Okay.  All right.  So let's go back

3     then to the second and I think last matter on the calendar,

4     the other matters being adjourned, which is the latest step

5     in the Transform Holdco/MOAC Mall Holdings LLC dispute.

6     This particular matter was a notice of presentment of

7     scheduling order for Transform Holdco LLC's motion to

8     enforce the order, one, authorizing assumption and

9     assignment of lease with MOAC Mall Holdings LLC, and two,

10    granting related relief that was sought by notice of

11    presentment, but MOAC objected to it.

12          I have read the objection as well as the reply,

13    and I'm happy to hear a brief oral argument on it.  Why

14    don't I take the parties' appearances first and then I do

15    have a couple of questions for the parties that will help me

16    understand the posture that we're in here.

17          MR. MARTIN:  Good morning, Your Honor.  This is

18    Craig Martin from DLA Piper.  Can you hear me all right?

19          THE COURT:  Yes.  Fine, thanks.

20          MR. MARTIN:  Appearing on behalf of Transform

21    Holdco and also for MOAC appears.  We did also file a notice

22    of the remand under Bankruptcy Rule --

23          THE COURT:  Right.  And I've seen that.

24          MR. MARTIN:  Just making sure you saw that.  I'll

25    turn it over to MOAC's counsel for their appearance.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 25 of 57

Page 24

 1          THE COURT:  Okay.

 2          MR. GALARDI:  Good morning, Your Honor.  Gregg

 3   Galardi on behalf of MOAC Mall Holdings LLC.  Good to see

 4   you again.  I understand that this is a new face, but I'll

 5   be representing MOAC on this response today.

 6          THE COURT:  Okay.  Good morning.  Well, it's not a

 7   new case, it's actually an old one.  But I'm sure --

 8          MR. GALARDI:  Old one with new faces.

 9          THE COURT:  I'm sure you've come up to speed with

10   it.

11          MR. GALARDI:  I have, Your Honor.

12          THE COURT:  So the most recent iteration of the

13   parties' disputes, which have been not only before me but

14   before the district court and the circuit and are now the

15   subject of a cert petition was the motion by Transform that

16   I referenced here, i.e. to enforce the assignment order and

17   for related relief.  And I had a hearing on that motion

18   which was opposed by MOAC on January 20.

19          The primary and basically exclusive reason for the

20   opposition that I addressed then was that the assignment

21   order was still subject to the appellate process.  The

22   mandate had not been issued, and in fact, there was a motion

23   to stay the issuance of the mandate by MOAC pending

24   determination of a petition for certiorari to the supreme

25   court on the 363(m) issue and if cert was granted through

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K - February 24   2022 Hearing Transcript   Pg 26 of 57

Page 25

1    the supreme court's determination.

2            So the issue really came down in large part,

3    although there were subsidiary issues that were touched on,

4    to whether the divestiture doctrine applied to the

5    determination that Transform Holdco was seeking.  And the

6    primary focus was a concern that a condition of the

7    assignment order, which was that, as stated in Paragraph 17,

8    the buyer, that is Transform, must initially sublet a

9    portion of the premises for the designated lease within two

10   years on the condition that the counterparty to the

11   designated lease does not improperly interfere with the

12   buyer's attempt to sublet the premises for the designated

13   lease.

14           Even with the extension granted by the circuit,

15   that two-year period would expire before Transform could

16   close its transaction with the proposed subtenant.  And I

17   dealt with that concern, which was the most pressing one, by

18   suggesting that I was prepared to give an indicative ruling

19   that -- I'm sorry, under Bankruptcy Rule 8008, that my order

20   did not contemplate a situation where Transform had actively

21   sought a subtenant, had located a subtenant.  And the two

22   years would expire because of not a delay in obtaining a

23   subtenant, but rather the litigation battle on appeal that

24   ensued after my order authorizing the assumption of

25   assignment.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 27 of 57

Page 26

 1              And yes, Mr. Martin, I have seen the order from

 2      the Second Circuit which stated after noting the indicative

 3      ruling, "Pursuant to Federal Rule of Appellate Procedure six

 4      and 12.1, this Court remands to the Bankruptcy Court for the

 5      limited purpose of ruling on the issue of the two-year

 6      deadline.  The deadline contained in the August 17, 2021

 7      order --" that's the order of the circuit that told the

 8      deadline for 60 days, "-- is tolled until the bankruptcy

 9      court's resolution of this issue.  The Court otherwise

10      retains jurisdiction over this appeal.

11              I will also note that I am aware that the Circuit

12      also granted MOAC's motion for a stay of the issuance of the

13      mandate pending the filing and disposition of a petition for

14      writ of certiorari.

15              So I guess I have one other sort of stage-setting

16      question for this, which is MOAC had made a motion to the

17      circuit that sought alternative forms of relief, either an

18      extension by the circuit of the deadline to sublease, or

19      alternatively, the remand in respect of the indicative

20      ruling.  I think it was in respect of that motion that the

21      circuit remanded.

22              I just want to confirm, Mr. Martin, there's

23      nothing left of that motion then, right?  The motion isn't

24      before the Circuit still?  You're not seeking the other

25      relief at the same time?

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 28 of 57

Page 27

1              MR. MARTIN:  No.  You're correct, Your Honor.

2      Those were alternative requests and we view the order that

3      we submitted as resolving that motion and putting the matter

4      back before Your Honor.

5              THE COURT:  Okay.  So clearly one thing is back

6      before me at least, which is the form, if you will, of the

7      order on the two-year deadline, which I generally indicated

8      would be consistent with my indicative ruling, which is that

9      it wouldn't apply.

10              There was some discussion on the record of the

11      January 20 hearing as to whether it should just be couched

12      in terms of a reasonable period beyond the two years or

13      whether it should be a full two years, or something in

14      between.  And I gather that there has been some -- well,

15      there was an agreement -- correct me if I'm wrong, Mr.

16      Galardi -- that the deadline would not apply at all to the

17      current proposed subtenant.

18              MR. GALARDI:  I agree that we offered that.  I

19      don't know if Mr. Martin and Transform --

20              THE COURT:  You're right.  It was offered by MOAC.

21      And I don't know whether that was agreed.  And I guess that

22      would have left the other issues open.

23              MR. GALARDI:  Correct, Your Honor.

24              THE COURT:  But in any event, it appears to me

25      that that set of issues, what is the appropriate extension

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 29 of 57

Page 28

1    of the two-year deadline, is clearly before me.

2              Transform, consistent with remarks that I made at

3    the January 20 hearing, has also assumed -- and it's

4    reasonable for Transform to assume that since I said the

5    next step would be a scheduling order -- that also before me

6    would be two of the three issues that it raised in the

7    underlying motion to enforce the assumption of assignment

8    order, namely whether there are any limitations under the

9    lease with respect to this proposed subtenant, who we're not

10   identifying by agreement.  The parties have all agreed that

11   we wouldn't identify that entity.  And then whether the

12   right of first offer, or ROFO has been properly exercised or

13   not.

14             The third request in the motion was whether the

15   so-called litigation contingency in the proposed sublease

16   has been satisfied.  And I don't believe that -- well,

17   that's not listed as the two issues, and I think quite

18   properly so given that there is a stay of the mandate and a

19   pending motion for -- I think there's already a motion for

20   cert.  Right, Mr. Galardi?

21             MR. GALARDI:  No, Your Honor.  I think it's due to

22   be filed on March 17.

23             THE COURT:  Okay.  But it's intended.

24             MR. GALARDI:  It's intended to be filed.  That is

25   correct, Your Honor.

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 30 of 57

Page 29

1          THE COURT:  Okay.  So really I think for the first

2     time in its objection to the scheduling order on those two

3     issues, MOAC raised the issue of the court's jurisdiction to

4     decide those two issues, both subject matter and in personam

5     jurisdiction.

6          The earlier jurisdictional issue that it had

7     raised was really under the divesture doctrine, not under 28

8     USC 1334.  And obviously the Court's jurisdiction is a

9     gatekeeping issue.  So I don't think there's really an issue

10    with the scheduling order itself.  It's really just the

11    jurisdictional point.

12         Transform's response, other than saying that I've

13    already ruled on that issue, I don't think really goes into

14    it in any detail.  It's a short response.  And I really

15    don't believe I have ruled on that issue yet since it wasn't

16    really raised.

17         I know that the reply by Transform states that I

18    sent an email, which of course I did, on February 7 saying

19    that the evidentiary hearing should remain on the calendar

20    as scheduled, which was I think from March 25.  But that was

21    in response to an adjournment request by one of MOAC's

22    counsel from February 2nd that really didn't raise the

23    jurisdictional issue, it raised calendar management issues.

24    This is Mr. Otsuka's letter where he basically says since

25    only two of the three issues are being decided or would be

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 31 of 57

Page 30

1    decided, why don't you put it off because it's basically a

2    waste of time.  If the petition for cert is granted, it's

3    possible that those other two issues would become moot and

4    the Court would have wasted their time in deciding them.

5    And really didn't raise the subject matter jurisdiction

6    issues that are raised in the he objection.

7            And as far as the remarks about a scheduling order

8    at the January 20 hearing, again, the issue of subject

9    matter jurisdiction I don't think really had been raised

10   other than the divestiture doctrine because there was the

11   appeal.  And I said that I would contemplate the need for an

12   evidentiary hearing on the two issues because evidence would

13   be required.  But again, I was not -- the issue of my

14   subject matter jurisdiction was not raised, I think.  It

15   certainly wasn't discussed at that hearing.

16           And I think that in part, this really depends on

17   the timing issue from the section of the assumption and

18   assignment order that I previously quoted if -- put it

19   differently.  If MOAC is shown, as set forth in the -- or if

20   it is alleged that MOAC is "improperly" interfering with

21   buyer's attempt to sublet the premises for the designated

22   lease, then I think it's pretty clear I do have jurisdiction

23   that falls within interpreting my order and enforcing that

24   order as to the two-year period under really a lot of

25   caselaw, I guess going back to Petrie Retail, but including

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 32 of 57

Page 31

1    Judge Gerber's decision in In re Ames Department Stores

2    Inc., 317 B.R. 250 (Bankr. S.D.N.Y. 2004) and really an

3    enormous, I think at this point, body of caselaw that says

4    that if the issue is the application of the court's order

5    and the interpretation of it, then that's arising in

6    jurisdiction and a core matter.  It's Judge Gerber again --

7    but there are plenty of other cases by other judges in the

8    Southern District that agree with him -- got so worked up

9    with that proposition in In re Motors Liquidation Co, 514

10   B.R. 377 (Bankr. S.D.N.Y. 2014), which was reversed on other

11   grounds, not on the jurisdictional point, that he called the

12   contention frivolous, "disregarding controlling decisions of

13   the United States Supreme Court and Second Circuit; district

14   court authority in this District, four earlier decisions

15   that I personally have issued and three decisions by other

16   bankruptcy judges in the Southern District emulating

17   treatise", Collier.

18          But on the other hand, if the issue is not that

19   timing point -- and I know you haven't briefed this yet, Mr.

20   Martin -- but if the issue is not that timing issue and if

21   that issue really isn't in front of me because it's conceded

22   that the two-year period isn't going to run, I'm not sure

23   what the hook is here as opposed to just going to state

24   court and saying, look, we have an acceptable tenant, the

25   lease doesn't prevent it, MOAC is frustrating our

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 33 of 57

Page 32

1    assignment, we seek injunctive relief and monetary relief.

2              So I appreciate you haven't briefed this issue,

3    Mr. Martin.  If we're going to go ahead with the schedule on

4    the two issues, I think the first step would be briefing

5    that issue.  But I guess I'm sort of giving you a heads up

6    on how I think it will probably come out.  And maybe the

7    parties should just be focusing on what's clearly in front

8    of me first, which is, is there going to be any issue about

9    the two years.  If there is, then I think we kind of

10   shoehorn into this other dispute.  But if there isn't, I'm

11   not sure -- I'm having a hard time seeing a hook.  Because

12   I'm not really interpreting my order at that point.  The

13   order says that the lease is assigned.  It's assigned, as

14   the lease is.  You're just asking me to interpret the

15   provisions of the lease.

16             And there's no prior determination by me, as there

17   was in the Ames case and as there was in the Petrie Retail

18   case, on the merits of those two issues.  So by raising

19   those two issues, I don't think MOAC is challenging my

20   order.  They're accepting that it's assigned for purposes of

21   this litigation, although they have the pending appeal.  And

22   I think that is an important distinction between this matter

23   if we're not dealing with that provision in Paragraph 17,

24   the two-year period and the other caselaw.

25             MR. GALARDI:  Your Honor, I can affirm on the

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 34 of 57

Page 33

1    record -- and I affirm on the record that we deem with

2    respect to this subtenant to be satisfied, waived, with

3    respect to this proposed subtenant and that sublease.

4           THE COURT:  Okay.  So I know you're facing what

5    you've referred to and I think what I may have referred to

6    as a business deadline as well, i.e. the terms of the

7    sublease.  But the bankruptcy court isn't the only court in

8    the country that's sensitive to business deadlines.  Courts

9    have TROs just for that purpose.

10           MR. MARTIN:  Yes, Your Honor.  I was letting you

11    finish.  If you are, I'll be happy to respond.

12           THE COURT:  Yeah.  And I'm sorry for going on at

13    length, but I just wanted to lay that out.  I'm fully

14    expecting you to respond to those points.

15           MR. MARTIN:  Very helpful to get the Court's

16    thoughts.  Two quick comments and then an idea.  The first

17    comment is I certainly appreciate the Court's statements on

18    not having ruled on the 1334(b) issues.  I did review the

19    transcript of January 20 and there was a portion of the

20    colloquy where the Court talked about if Transform had not

21    paid cure, that you would have core jurisdiction to

22    interpret the order.  And since we are viewing this as

23    interpreting the order, we consider that the cases that you

24    cited today and the points you made had been squarely before

25    the Court.  But certainly understand that you feel the need

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 35 of 57

Page 34

1    to look at it.

2              And we certainly feel that under 1334(b), your

3    jurisdiction is original, but not exclusive.  So we submit

4    that you have continuing subject matter jurisdiction.

5              I want to comment though on Mr. Galardi's

6    conception that the two years doesn't apply with respect to

7    this sublease.  If that concession also includes an

8    acknowledgement that we have satisfied the right of first

9    refusal and that this tenant is appropriate, that would in

10   fact solve the problem.  But simply saying that two years is

11   satisfied but continuing to object to our provision of the

12   6.3(a) right and its rejection and coming forward with a

13   tenant that is appropriate under the lease in accordance

14   with Paragraph 17 of the order, we submit leaves those

15   issues open in front of Your Honor with subject matter

16   jurisdiction and can be decided.

17             THE COURT:  Well, let me make sure.  Is there a

18   timing issue on the right of first refusal?

19             MR. MARTIN:  The rights in Paragraph 17 are

20   separate.  So the first part of that paragraph says that we

21   must comply with Section 6.3(a).  and then the separate

22   condition is that we lease at least a portion of the

23   property within the two-year period.  So what we did is we

24   notified them of the fact that we had entered into the

25   sublease and gave them the right of first refusal.  They

Page 35

1    responded to that by stating that they reject the right of

2    first refusal subject to the fact that they object that the

3    tenant is an appropriate tenant under the lease.  So it's

4    not clear to us that they have actually acknowledged that we

5    gave them and that they rejected the 6.3(a) right as

6    provided for in Paragraph 17.

7              THE COURT:  But again, look, I don't want to go

8    too far with this.  But I'm trying to lay out for you all --

9    because ultimately what we are here on is a scheduling

10   matter.  That's what we're here on today.

11             MR. MARTIN:  And that's why I had an idea --

12             THE COURT:  -- is that if the parties can't

13   resolve the issue on Paragraph 17 of the order, the two-year

14   period and the improperly interfering language, then I think

15   the first thing you need to put in the scheduling order is

16   briefing on the jurisdictional points.  And then you can put

17   in the scheduling order if the Court finds jurisdiction,

18   we'll deal with the following issues in the following

19   manner.  And maybe that's all that we're going to come out

20   with today.  But I'm also suggesting to you that that may

21   lead to the expense of valuable time for Transform with the

22   result where the Court may well find that there isn't

23   jurisdiction.

24             If in fact there is an agreement that the two-year

25   period is just not going to apply here -- now, the reason I

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 37 of 57

Page 36

1    asked you about the right of first refusal is that I guess I

2    can understand that you would want to include that in an

3    agreement by MOAC that it wouldn't apply to this tenant,

4    subtenant, if there was a time limit also on exercising the

5    right of first refusal or making that right available.  But

6    I didn't hear from your answer and I don't remember from the

7    lease, but I don't think this is the case, that there is

8    such a time limit.  It's kind of a standalone provision that

9    the owner has to fish or cut bait on the right of first

10   refusal.  And if it doesn't, it doesn't.

11        So unless they're basically saying, which I don't

12   think they're saying, you haven't really brought me a deal

13   yet that I can exercise my right of first refusal on, I'm

14   not sure why you're pressing for that extra concession.  But

15   that's not a ruling.  It's just some guidance on where we

16   want to go with this litigation.

17        MR. MARTIN:  Well, I think you hit the nail on the

18   head, Your Honor, which is the last sentence that you said

19   is exactly our concern.  The time limits are in Section

20   6.3(a).  We believe we've complied with them.  They reserve

21   their right to object to the fact that we have.

22        THE COURT:  Well, I don't know if you've discussed

23   this among ourselves.  I think you probably ought to.

24   Because, again, one thing is clear.  I need to issue an

25   order on the remand, which is just what to do about this

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 38 of 57

Page 37

1    two-year period in Paragraph 17.  If you can agree on that,

2    that may just end it.  So I actually said the first thing

3    would be briefing jurisdiction, but I actually don't think

4    that's the first thing.  The first thing is to give you time

5    to agree on the form of that order if you can.  If you

6    can't, just tell me.  And if you can't agree on it, then

7    we'll deal with the jurisdictional briefing point, which you

8    would put at the front of your scheduling order and just

9    suggest the deadlines accordingly for a ruling on

10   jurisdiction.

11            But if there's an offer that doesn't prejudice

12   Transform as to the timing point on this subtenant, I don't

13   understand why we're even here.  At that point I think

14   you're in all likelihood in state court in Minnesota or

15   federal court in Minnesota and seeking injunctive relief to

16   enforce the lease.

17            Now, it may be that that  court would say, you

18   know, unlike my reaction to Mr. Otsuka's letter, I want to

19   see what this report does first, that's possible, I guess.

20   But on the other hand, you do have a deal issue, and this

21   Court may say no, I'm going to hear this on a fast schedule.

22   You know, depending on what the Supreme Court does, I want

23   the parties to be ready one way or another on this issue.

24            But I do think there is a distinguishing --

25   subject to seeing briefing of course -- fact here, which is

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 39 of 57

Page 38

1    from all the cases like, you know, Travelers, Petrie Retail,

2    Ames, GM, Portrait Corp of America, all those cases dealt

3    with issues that the bankruptcy court in approving a sale or

4    an assignment had already addressed.   Either what was free

5    and clear, what wasn't free and clear, what had to be paid,

6    what didn't.   And then the owner or the party asserting an

7    interest turned around and sued the buyer or assignee for

8    breaching provisions of the lease or on account of interest

9    that the bankruptcy had already said didn't have to be

10   cured.   So other than this two-year period, I don't see a

11   provision in my order that says that you have to exercise

12   the right of first refusal in this way.

13          So I understand the timing point.   Maybe I don't

14   remember the right of first refusal provision accurately,

15   but I don't think -- well, put it differently.   If MOAC is

16   saying we'll waive the two-year period for this subtenant,

17   but they have their fingers crossed behind their back and

18   they're saying ah-ha, but we're going to get you on the ROFO

19   because two years has passed and there's some limitation on

20   making it available to us to exercise the ROFO.   I

21   understand that point completely, and I think MOAC should

22   realize that they're going to lose if they -- you know,

23   point that out to me on the order on remand.   But otherwise,

24   I'm having a hard time seeing why this would be different

25   than any other breach claim.   You know, in this case they're

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 40 of 57

Page 39

1    breaching the lease by not exercising the ROFO right.

2              MR. MARTIN:  I certainly understand Your Honor's

3    point.  And to summarize, I think I'm certainly happy to

4    meet and confer with Mr. Galardi over the remand portion of

5    the order.  He submitted a case in the last couple of days,

6    but we obviously know each other quite well.  So, happy to

7    do that.

8              And then to update on the if we are unable to

9    reach an agreement on some of the issues that give us

10   concern over our timing and jurisdictional issues, happy to

11   amend the scheduling order to put briefing in first.

12             THE COURT:  So the amendments to the scheduling

13   order if you can't reach agreement on the remand point would

14   be first a hearing on the proper form of that order.

15             MR. MARTIN:  Okay.

16             THE COURT:  Second, the briefing on jurisdiction,

17   and then build in a period for discovery and an evidentiary

18   hearing assuming for the moment that I found that there was

19   jurisdiction.  Obviously, that would go away if I didn't.

20             And you can -- frankly, you could combine the

21   first two in one hearing.  You know, it's not an evidentiary

22   hearing, it's just I'll decide what's the proper form of the

23   order and then the jurisdictional point.

24             MR. MARTIN:  Right.  And that's what I wanted to

25   update Your Honor on.  We have in fact exchanged pretty

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 41 of 57

Page 40

1    limited document requests with one another, even though this

2    scheduling order was pending.  But as you appreciate, we

3    have our deal clock ticking.  So it may be that we go ahead

4    and confer with Mr. Galardi over that and proceed with

5    discovery.

6         THE COURT:  Okay.  Well, I did have one other

7    suggestion to you all which I'll just throw out, which is if

8    this fight is not over ultimately whether this is a great

9    subtenant or not, but just who gets the money from the

10   subtenant, I don't see why either side doesn't agree to the

11   subtenancy, reserving all rights to the money.  Then you at

12   least get someone occupying the space, which isn't very

13   attractive to the Mall of America, and they can just -- you

14   can just fight over the money.

15        Now, I'm not saying that they necessarily are the

16   best subtenant that you could find, or that they're even a

17   qualifying subtenant.  But if the parties actually deep down

18   understand that they are, you know, get them in there, get

19   them paying rent, and then have the rent just set aside

20   until there is a decision on the cert petition.  And if it's

21   granted, you know, a decision by the supreme court.  And

22   then you have the bird in hand, you have the money, and the

23   only issue is who it goes to.

24        So I'm just throwing that out.  No one has to

25   comment on that.  But I don't see why you wouldn't talk

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 42 of 57

Page 41

1    about that, too.

2              MR. MARTIN:  Well, I'm glad you threw it out.

3    Because if you looked at the affidavits we submitted in the

4    Second Circuit, we've made that offer in the past.  And

5    hopefully something that MOAC might be willing to look at

6    again.

7              THE COURT:  Yeah.  I'm just not sure there's a

8    whole lot of negotiating leverage in keeping them out, in

9    other words.  But I'm just throwing that out.

10             Let's go back to the scheduling order.  I think

11   you all know what I have in mind as far as the scheduling

12   order.  And hopefully you'll reach agreement on the terms of

13   resolving the two-year period which was, you know, what the

14   remand clearly dealt with.

15             MR. GALARDI:  Your Honor, it's Gregg Galardi.  I

16   learned long ago not to say anything when I think you've

17   done exactly what we asked to do.  So I appreciate it, and

18   we'll work with Mr. Martin on the form of order.

19             THE COURT:  Okay, very well.  So I think that

20   should probably take no more than a week.  I mean, I know

21   there are some difficult issues to work through, but it's

22   basically a couple paragraphs in the sublease agreement to

23   focus on.  And so I think by next Friday -- not tomorrow,

24   but next Friday if you haven't done that, you should get to

25   Ms. Li a date for the hearing on the first two points on the

Page 42

1    scheduling order, which would be the proper form of that

2    order that the circuit remanded for me to decide and the

3    jurisdiction point.

4            MR. GALARDI:  Thank you, Your Honor.

5            MR. MARTIN:  Thank you, Your Honor.  We will

6    strive to do so.  Thank you.

7            THE COURT:  Okay.  So, Ms. Marcus, I think that's

8    the end of the agenda, right, for today?

9            MS. MARCUS:  I think that's right, Your Honor.

10   Thank you very much.

11           THE COURT:  Okay.  All right.  Very well.  Thank

12   you.

13           (Whereupon these proceedings were concluded at

14   11:09 AM)

15

16

17

18

19

20

21

22

23

24

25

Page 43

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    *Sonya M. Ledanski Hyde*

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  February 25, 2022

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24    2022 Hearing Transcript    Pg 45 of 57

[& - affidavits]                                                                    Page 1

| & | | |
|---|---|---|
| **&**   6:3,25 | | |

| 0 | | |
|---|---|---|
| **02:00**   3:25 | | |

| 1 | | |
|---|---|---|
| **1**   4:1 | | |
| **1,200**   10:3 13:14 | | |
| **1,300**   10:3 | | |
| **1,500**   13:14 | | |
| **1/13/2022**   4:1 | | |
| **1/20/2022**   3:24 | | |
| 4:19 | | |
| **10**   4:3 | | |
| **10020**   7:10 | | |
| **10036**   7:3 | | |
| **10153**   6:6 | | |
| **10194**   3:17 4:4,10 | | |
| **10240**   8:25 | | |
| **10289**   3:17 4:11 | | |
| 4:14 | | |
| **10294**   3:8 8:22 | | |
| **10295**   8:24 | | |
| **10298**   3:17 4:15 | | |
| **10305**   3:18 | | |
| **10318**   3:11 | | |
| **10327**   3:3 | | |
| **10601**   1:21 | | |
| **10:05**   1:24 | | |
| **114**   18:1 | | |
| **11501**   43:23 | | |
| **11:09**   42:14 | | |
| **12.1**   26:4 | | |
| **1211**   7:2 | | |
| **12151**   43:6 | | |
| **1251**   7:9 | | |
| **13**   14:7,10 | | |
| **130**   18:1 | | |
| **1300**   6:13 | | |
| **1334**   29:8 33:18 | | |
| 34:2 | | |
| **14**   14:7,10 | | |

| 17   25:7 26:6 28:22 |
|---|
| 32:23 34:14,19 |
| 35:6,13 37:1 |
| **17.7**   11:10 |
| **18-23538**   1:3 |
| **18.6**   11:11 |
| **19-08432**   1:4 4:17 |
| **196**   11:21 |

| 2 |
|---|
| **2**   4:1 17:24 |
| **2/17/2022**   3:7 |
| **2/24/2022**   4:24 |
| **20**   12:8 17:13 |
| 24:18 27:11 28:3 |
| 30:8 33:19 |
| **20,000**   9:16,17 |
| 10:5 11:3,18 |
| **200**   9:13,16,23 |
| 10:5 11:3 19:2 |
| 21:16 |
| **20005**   6:14 |
| **2004**   31:2 |
| **2011**   18:2 |
| **2014**   31:10 |
| **2021**   26:6 |
| **2022**   1:23 3:2 |
| 17:13,16 43:25 |
| **214**   11:20 12:9 |
| **230**   11:19 12:9 |
| 16:10 |
| **24**   1:23 3:2 17:16 |
| **248**   1:20 |
| **25**   12:8 29:20 |
| 43:25 |
| **25,000**   11:18 |
| **250**   31:2 |
| **2600**   6:20 |
| **28**   29:7 |
| **2nd**   18:1 29:22 |

| 3 |
|---|
| **3**   4:2 |
| **30**   20:9 22:15,17 |

| 300   1:20 43:22 |
|---|
| **317**   31:2 |
| **330**   43:21 |
| **363**   24:25 |
| **377**   31:10 |

| 4 |
|---|
| **4**   4:2 |
| **400**   6:20 |
| **444**   12:8 |

| 5 |
|---|
| **5**   4:2 |
| **50**   11:2,25 12:5 |
| 14:1 |
| **51**   11:25 12:4 14:2 |
| **514**   31:9 |
| **547**   22:3 |
| **55**   17:24 |
| **55121**   6:21 |

| 6 |
|---|
| **6**   4:2 |
| **6.3**   34:12,21 35:5 |
| 36:20 |
| **60**   26:8 |
| **645**   18:1 |
| **6th**   7:9 |

| 7 |
|---|
| **7**   4:3,24 5:1,3 |
| 29:18 |
| **70**   10:14 |
| **75**   9:17 13:21 |
| **767**   6:5 |

| 8 |
|---|
| **8**   4:3 |
| **80**   9:17 10:14 |
| **8008**   25:19 |

| 9 |
|---|
| **9**   4:3,25 |
| **900**   6:13 |

| a |
|---|
| **a.m.**   1:24 3:3 |
| **able**   11:2,7 12:4 |
| 14:9 |
| **absent**   17:21 |
| **accept**   21:1 |
| **acceptable**   31:24 |
| **accepted**   10:24 |
| **accepting**   32:20 |
| **access**   8:6 |
| **account**   22:2 38:8 |
| **accrual**   16:7 |
| **accurate**   15:12 |
| 43:4 |
| **accurately**   38:14 |
| **acknowledged** |
| 35:4 |
| **acknowledgement** |
| 34:8 |
| **actively**   25:20 |
| **additional**   9:23 |
| 11:8 |
| **addressed**   10:12 |
| 15:6 24:20 38:4 |
| **adjourned**   23:4 |
| **adjournment** |
| 29:21 |
| **administrative** |
| 6:11 9:4,7,10,14 |
| 10:17,20 11:16 |
| 12:14,21 14:23 |
| 15:7,8 16:11,15 |
| 16:18 |
| **admission**   21:10 |
| **admitted**   18:25 |
| 19:6,21 |
| **adv**   1:4 |
| **adversary**   4:17,23 |
| 17:15,20 19:4 |
| 21:11,13,25 22:6 |
| **advisors**   9:10 |
| **affidavits**   41:3 |

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24    2022 Hearing Transcript    Pg 46 of 57

[affirm - breaching]                                                            Page 2

affirm 32:25 33:1
affirmed 18:2
afford 18:20
agenda 3:1 8:4,8,9
  17:1,5 42:8
ago 41:16
agree 13:5 15:24
  27:18 31:8 37:1,5
  37:6 40:10
agreed 27:21
  28:10
agreement 14:13
  14:24 27:15 28:10
  35:24 36:3 39:9
  39:13 41:12,22
ah 38:18
ahead 14:20 15:10
  32:3 40:3
aid 13:12
al 1:8 8:4
albanese 3:18
  4:10
albeit 16:2
alleged 30:20
allocation 12:10
allow 11:12
allowed 10:2
  14:11 15:5
alter 14:14,14
alternative 26:17
  27:2
alternatively
  26:19
amend 13:8 39:11
amended 4:19
  17:12
amendment 13:9
amendments
  39:12
america 38:2
  40:13
americas 7:2

ames 31:1 32:17
  38:2
amount 11:22
  13:19 14:11 16:3
  16:12
amounts 15:4
  16:9
announced 9:1
  10:6 11:8
answer 4:20 17:17
  19:15 36:6
answerable 19:22
appeal 25:23
  26:10 30:11 32:21
appear 17:16 18:6
  19:3 20:3,10
appearance 17:21
  23:25
appearances 18:8
  23:14
appeared 18:3
appearing 8:7
  18:9,12 22:8
  23:20
appears 23:21
  27:24
appellate 24:21
  26:3
application 19:1,8
  21:5,8 22:10 31:4
applied 25:4
apply 18:24 27:9
  27:16 34:6 35:25
  36:3
appreciate 16:24
  22:12 32:2 33:17
  40:2 41:17
appropriate
  27:25 34:9,13
  35:3
approval 12:24
approve 13:8

approved 9:25
approving 38:3
argument 23:13
arising 31:5
aside 40:19
asked 36:1 41:17
asking 32:14
assert 10:10
asserting 38:6
assigned 32:13,13
  32:20
assignee 38:7
assignment 3:15
  3:21 4:8 23:9
  24:16,20 25:7,25
  28:7 30:18 32:1
  38:4
assume 8:16 28:4
assumed 28:3
assuming 39:18
assumption 3:15
  3:21 4:8 23:8
  25:24 28:7 30:17
assumptions 14:8
attachments 4:1
attempt 25:12
  30:21
attorney 4:20
  17:17 18:23
attorneys 6:4,11
  6:19 7:1,8
attractive 40:13
august 26:6
authority 12:16
  12:25 13:1,9,12
  31:14
authorized 17:14
authorizes 13:18
authorizing 3:5
  3:15,21 4:8 23:8
  25:24
available 36:5
  38:20

avenue 6:5 7:2,9
aware 26:11

b

b 2:1 4:2 17:24
  33:18 34:2
b.r. 31:2,10
back 23:2 27:4,5
  30:25 38:17 41:10
bait 36:9
bankr 31:2,10
bankruptcy 1:1
  1:19 2:3 21:23
  22:2,4 23:22
  25:19 26:4,8
  31:16 33:7 38:3,9
banned 21:22
bar 18:25 19:7,20
  21:2,9,10
bargaining 14:13
basically 24:19
  29:24 30:1 36:11
  41:22
basis 20:6
battle 25:23
behalf 3:6,11,18
  3:23 4:11,15 5:2
  14:22 18:10,12
  20:10 22:8 23:20
  24:3
belief 12:16 14:14
believe 12:5 15:2
  17:1,8 28:16
  29:15 36:20
best 40:16
beyond 11:8
  27:12
bird 40:22
board 10:15
body 31:3
breach 38:25
breaching 38:8
  39:1

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 47 of 57

[brief - contractor]                                                        Page 3

**brief** 23:13
**briefed** 31:19 32:2
**briefing** 32:4
  35:16 37:3,7,25
  39:11,16
**brigette** 5:2
**brought** 36:12
**build** 39:17
**burden** 16:13
**business** 16:5 18:5
  20:24 33:6,8
**businessperson**
  17:9
**buyer** 25:8 38:7
**buyer's** 25:12
  30:21

**c**

**c** 4:2 6:1 8:1 43:1
  43:1
**calendar** 23:3
  29:19,23
**called** 19:1 21:7
  28:15 31:11
**cap** 9:18 11:18
**caption** 21:12,12
**carolina** 18:23,25
  21:2,9
**case** 1:3,4 8:7
  12:11 13:18 19:3
  21:15,25 22:6
  24:7 32:17,18
  36:7 38:25 39:5
**caselaw** 30:25
  31:3 32:24
**cases** 9:11,24
  17:25 31:7 33:23
  38:1,2
**cash** 11:5 14:9
**cashed** 9:22
**categories** 11:22
**category** 9:18
**cause** 4:19 17:12
  17:14,16,22 20:5

**cent** 16:8
**cert** 24:15,25
  28:20 30:2 40:20
**certain** 3:6 10:8
  13:19
**certainly** 30:15
  33:17,25 34:2
  39:2,3
**certificate** 5:1
**certified** 43:3
**certiorari** 24:24
  26:14
**cetera** 12:15,19
  12:22 13:21
**challenging** 32:19
**chambers** 16:22
  21:5
**change** 12:7
**changes** 12:2
**changing** 9:15
**checking** 9:20
**checks** 9:21
**chesley** 3:23
**cir** 18:1
**circuit** 18:2 19:17
  24:14 25:14 26:2
  26:7,11,17,18,21
  26:24 31:13 41:4
  42:2
**cited** 33:24
**citing** 17:25
**city** 17:25
**civil** 17:24
**claim** 16:8 38:25
**claimants** 11:21
  13:18
**claimholders**
  10:20
**claims** 6:11 9:8,13
  9:14,14,20 10:3
  10:10,12,17 11:7
  11:16,17,19,20
  12:3,8,14,18 13:3

13:15 14:23 15:6
  15:7,8 16:7,14,18
**clear** 19:16 20:18
  30:22 35:4 36:24
  38:5,5
**clearly** 27:5 28:1
  32:7 41:14
**clock** 40:3
**close** 25:16
**code** 22:4
**collected** 14:9
**collecting** 11:5,24
**collectively** 11:6
**collier** 31:17
**colloquy** 33:20
**combine** 39:20
**come** 14:6 24:9
  32:6 35:19
**coming** 34:12
**comment** 33:17
  34:5 40:25
**comments** 33:16
**committee** 9:6,7
  10:18 11:15
**company** 1:15
  4:18,21 17:7,18
  18:14,16,19 22:1
  22:8
**compel** 3:20
**completely** 38:21
**complied** 36:20
**comply** 34:21
**conceded** 31:21
**conception** 34:6
**concern** 15:22
  25:6,17 36:19
  39:10
**concession** 34:7
  36:14
**concluded** 42:13
**condition** 13:25
  25:6,10 34:22

**conditions** 12:2
**conduct** 19:22
**conducted** 3:2
**confer** 39:4 40:4
**conference** 10:7
  10:10
**confirm** 26:22
**confirmation** 9:4
  12:13 13:13,25
  15:23
**confused** 8:13
**connection** 10:1
**consent** 9:4 14:3
  15:1,8,15,17,24
  16:1,18,20
**consented** 15:18
**consider** 33:23
**consistent** 8:22,23
  9:11 13:11 27:8
  28:2
**constituents**
  10:19
**construction** 1:15
  4:18,21 17:6,18
  18:14,16 20:24
**consult** 15:1
**consultation** 9:5
  12:20
**consulted** 11:14
  15:9
**consulting** 15:9
**contact** 19:12
**contained** 26:6
**contemplate**
  25:20 30:11
**contention** 31:12
**contingency**
  28:15
**continue** 10:10,12
**continuing** 16:13
  34:4,11
**contractor** 18:20

controlling 31:12
copy 19:9
core 31:6 33:21
corp 17:6 38:2
corporate 17:23
corporation 1:8
  1:12 3:7 4:18 5:3
  8:3 18:6 19:3 20:4
correct 13:23 21:3
  27:1,15,23 28:25
couched 27:11
counsel 4:22 9:9
  15:7 17:8,19 18:4
  18:7,21,22 19:24
  19:25 20:9 21:20
  22:6 23:25 29:22
counterparty
  25:10
country 19:17
  33:8 43:21
couple 23:15 39:5
  41:22
course 29:18
  37:25
court 1:1,19 8:2
  8:20 9:12 12:12
  12:23 13:1,5,17
  13:24 14:12,20,25
  15:13,16,20 16:25
  17:3 18:7,13,17
  18:21,24 19:6,14
  19:20 20:13,17,23
  21:4,7,24 22:13
  22:15,22,24 23:2
  23:19,23 24:1,6,9
  24:12,14,25 26:4
  26:4,9 27:5,20,24
  28:23 29:1 30:4
  31:13,14,24 33:4
  33:7,7,12,20,25
  34:17 35:7,12,17
  35:22 36:22 37:14
  37:15,17,21,22

38:3 39:12,16
  40:6,21 41:7,19
  42:7,11
court's 25:1 26:9
  29:3,8 31:4 33:15
  33:17
courthouse 3:25
courtroom 3:25
courts 19:19 33:8
craig 3:11 7:12
  23:18
creditors 11:3
  14:1 16:11,15
crossed 38:17
cure 33:21
cured 38:10
current 27:17
cut 36:9

**d**

d 2:2 4:2 8:1
d.c. 6:14
date 9:7 10:18
  11:15 41:25 43:25
days 20:9 22:15
  22:17 26:8 39:5
de 9:13 10:1 11:17
  12:3,7 13:1,2,5,18
  15:4
deadline 26:6,6,8
  26:18 27:7,16
  28:1 33:6
deadlines 33:8
  37:9
deal 16:6 20:1
  35:18 36:12 37:7
  37:20 40:3
dealing 9:21,22
  12:14 22:5 32:23
dealt 17:11 22:4
  25:17 38:2 41:14
debt 22:2
debtor 6:4 16:3
  17:8

debtors 1:10 8:16
  8:19 9:2,5,13 11:1
  11:5,14 12:4,20
decide 29:4 39:22
  42:2
decided 10:6
  29:25 30:1 34:16
deciding 30:4
decision 31:1
  40:20,21
decisions 31:12,14
  31:15
declaring 21:23
deem 33:1
deep 40:17
default 17:23 18:3
  20:7,8 22:17
defendant 1:16
  4:21,22 17:9,18
  17:19 18:3,6
defendant's 17:21
defer 20:7
deficiencies 9:11
delay 25:22
department 31:1
depending 9:18
  37:22
depends 30:16
described 16:21
designated 25:9
  25:11,12 30:21
detail 29:14
determination
  24:24 25:1,5
  32:16
determined 9:5
difference 14:25
different 20:3
  38:24
differently 30:19
  38:15
difficult 41:21

debtors 1:10 8:16
discovery 39:17
  40:5
discretion 12:19
  12:20 15:3
discretionary
  12:23
discussed 30:15
  36:22
discussion 27:10
disposition 26:13
dispute 23:5
  32:10
disputed 11:7
disputes 20:1
  24:13
disregarding
  31:12
distinction 15:10
  32:22
distinguishing
  37:24
distributing 11:10
distribution 9:3,3
  10:1 11:1,2,8,13
  11:17,25 13:10,19
  14:1,10 16:4,5
distributions 3:6
  9:12,19 10:5
  11:24 12:17
district 1:2 19:7
  21:11 24:14 31:8
  31:13,14,16
divestiture 25:4
  30:10
divesture 29:7
dla 7:7 23:18
docket 8:22,24,25
  19:9 21:14 22:18
doctrine 25:4 29:7
  30:10
document 3:17,20
  4:10,14,24 5:1
  40:1

**doing** 17:7 19:25
**dollars** 10:14
**door** 11:11
**drain** 2:2 8:3
**draw** 15:11
**drive** 6:20
**due** 3:7 4:1 28:21
**duly** 17:14

**e**

**e** 2:1,1 4:2 6:1,1
  8:1,1 43:1
**eagan** 6:20
**earlier** 29:6 31:14
**ecf** 3:3,8,11,18 4:4
  4:11,15,25 5:3
**ecro** 2:5
**effective** 9:7 10:18
  11:15
**efforts** 11:6
**ehrlich** 3:17 4:10
**either** 26:17 38:4
  40:10
**email** 21:5 29:18
**emanuel** 6:10
  14:22
**employment**
  19:18
**emulating** 31:16
**enforce** 3:14,21
  4:7 23:8 24:16
  28:7 37:16
**enforcing** 30:23
**enormous** 31:3
**ensued** 25:24
**enter** 16:21
**entered** 8:14
  17:13,24 21:14
  34:24
**entering** 20:6
**entities** 18:5
**entitlement** 10:4
**entity** 17:23 28:11

**entry** 18:2
**erika** 6:16 14:22
**established** 18:5
**et** 1:8 8:3 12:15,18
  12:22 13:21
**event** 8:15 27:24
**evidence** 30:12
**evidentiary** 29:19
  30:12 39:17,21
**exact** 10:2
**exactly** 36:19
  41:17
**example** 12:18
**exchanged** 39:25
**exclusive** 24:19
  34:3
**execution** 13:12
**exercise** 15:3
  36:13 38:11,20
**exercised** 28:12
**exercising** 12:20
  36:4 39:1
**exhibit** 4:1,2,2,2,2
  4:3,3,3,3,4
**expected** 12:8
**expecting** 33:14
**expense** 6:11
  12:21 14:23 16:11
  16:15 35:21
**expenses** 11:6
**expire** 25:15,22
**explained** 19:21
**explanation** 8:15
  8:16
**extension** 25:14
  26:18 27:25
**extent** 22:7
**extra** 11:22 36:14

**f**

**f** 2:1 4:3 43:1
**f.3d** 18:1
**face** 24:4

**faces** 24:8
**facing** 33:4
**fact** 15:23 24:22
  34:10,24 35:2,24
  36:21 37:25 39:25
**fail** 3:6 6:8 8:18
  8:19,21 12:23
  13:11,23 14:4,18
  14:24 15:14 16:22
  16:23 17:1
**fair** 12:10
**fairly** 17:11
**fall** 9:18
**falls** 30:23
**far** 16:10 30:7
  35:8 41:11
**fashion** 13:9
**fast** 37:21
**february** 1:23 3:2
  17:16 29:18,22
  43:25
**federal** 18:7 26:3
  37:15
**fee** 21:16,17
**feel** 33:25 34:2
**fell** 14:5
**felt** 19:11
**fifth** 6:5
**fight** 40:8,14
**file** 8:21 10:12
  21:4 23:21
**filed** 3:6,10,17,23
  4:10,14,21 5:2
  8:24 10:7 17:17
  19:15 28:22,24
**filing** 10:25 21:17
  26:13
**filling** 22:19
**financial** 9:10
**find** 21:16 22:18
  35:22 40:16
**finds** 35:17

**fine** 14:12 22:22
  23:19
**fingers** 38:17
**finish** 33:11
**first** 8:8 10:1
  12:13 13:4,13
  16:6 23:14 28:12
  29:1 32:4,8 33:16
  34:8,18,20,25
  35:2,15 36:1,5,9
  36:13 37:2,4,4,19
  38:12,14 39:11,14
  39:21 41:25
**fish** 36:9
**five** 14:7
**flesh** 20:6
**focus** 25:6 41:23
**focusing** 32:7
**following** 10:25
  12:12 13:13 35:18
  35:18
**foregoing** 43:3
**forget** 10:2
**form** 19:10 27:6
  37:5 39:14,22
  41:18 42:1
**forms** 9:21 26:17
**forth** 17:22 30:19
**forward** 9:11 10:6
  34:12
**found** 39:18
**four** 31:14
**fourth** 9:3 16:4
**frankly** 39:20
**free** 38:4,5
**friday** 41:23,24
**frivolous** 31:12
**front** 31:21 32:7
  34:15 37:8
**frustrating** 31:25
**full** 13:16 16:12
  16:15 19:18 27:13

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 50 of 57

[fully - injunctive]                                                      Page 6

**fully** 33:13
**further** 8:14
  10:23 12:10 16:2
**future** 13:6

**g**

**g** 4:3 8:1
**galardi** 7:5 24:2,3
  24:8,11 27:16,18
  27:23 28:20,21,24
  32:25 39:4 40:4
  41:15,15 42:4
**galardi's** 34:5
**garrett** 3:6 6:8
  8:18
**gatekeeping** 29:9
**gather** 8:15 27:14
**generally** 14:24
  15:5,11 19:7 27:7
**gerber** 31:6
**gerber's** 31:1
**give** 20:9 22:15
  25:18 37:4 39:9
**given** 14:7 16:6
  28:18
**giving** 32:5
**glad** 8:9 41:2
**gm** 38:2
**go** 8:5 11:11,14
  14:20 16:4 17:5
  20:19 21:18 22:18
  23:2 32:3 35:7
  36:16 39:19 40:3
  41:10
**goal** 10:13 16:16
  16:16
**goes** 9:17 29:13
  40:23
**going** 8:16 9:11
  12:6 17:2 20:7,9
  30:25 31:22,23
  32:3,8 33:12
  35:19,25 37:21
  38:18,22

**good** 8:2,18,20,21
  10:25 12:9 14:21
  18:11 21:8 23:17
  24:2,3,6
**gotshal** 6:3 8:19
**gotten** 22:1
**grace** 1:15 4:18
  4:21 7:15 17:6,18
  18:13,15,15,16,17
  18:19,22 19:5,11
  20:10,11,15,22
  21:3,6,21 22:11
  22:14,21,23
**grant** 12:1 15:22
**granted** 13:12
  19:2 24:25 25:14
  26:12 30:2 40:21
**granting** 3:16,22
  4:9 23:10
**gray** 6:25
**great** 40:8
**greenville** 1:15
  4:19,22 17:7,18
  18:14
**gregg** 7:5 24:2
  41:15
**gregory** 4:14
**grounds** 31:11
**group** 12:21
**guess** 21:21 26:15
  27:21 30:25 32:5
  36:1 37:19
**guidance** 36:15

**h**

**h** 4:3
**ha** 38:18
**hac** 19:1,21 20:10
  20:20 21:7,10
  22:10
**half** 11:23 16:14
**hand** 14:19 31:18
  37:20 40:22

**handled** 17:2
**happy** 8:4 15:15
  23:13 33:11 39:3
  39:6,10
**hard** 32:11 38:24
**he'll** 21:16
**head** 36:18
**heads** 32:5
**hear** 23:13,18
  36:6 37:21
**heard** 8:5
**hearing** 3:1,1,5,10
  3:13,13,20,24 4:6
  4:13,17,24 5:1
  8:23 9:1 24:17
  27:11 28:3 29:19
  30:8,12,15 39:14
  39:18,21,22 41:25
**hearings** 8:4
**held** 3:24 4:24
  14:8
**help** 23:15
**helpful** 33:15
**hire** 20:11 21:18
  21:19
**hit** 11:2 36:17
**holdco** 3:11,14,18
  3:24 4:7,11 7:8
  23:5,7,21 25:5
**holders** 11:16
**holding** 1:12 4:15
  4:17 5:2 17:6
**holdings** 1:8 3:7
  3:16,22 4:9 7:1
  8:3 23:5,9 24:3
**hon** 2:2
**honor** 8:18 9:25
  11:20 12:1 14:21
  15:19 16:23 18:11
  23:1,17 24:2,11
  27:1,4,23 28:21
  28:25 32:25 33:10
  34:15 36:18 39:25

**41:15 42:4,5,9
**honor's** 39:2
**hook** 31:23 32:11
**hopefully** 41:5,12
**house** 18:21,22
  19:24 20:9,14
  21:14,20 22:6,9
**hundred** 13:20
  14:6 16:8
**hyde** 5:25 43:3,8

**i**

**i.e.** 12:17 22:2
  24:16 33:6
**idea** 33:16 35:11
**identified** 13:3
**identify** 28:11
**identifying** 28:10
**ids** 9:21
**ii** 3:16,22 4:9
**important** 20:24
  32:22
**improperly** 25:11
  30:20 35:14
**inclined** 12:1
**include** 36:2
**included** 9:7
**includes** 19:20
  34:7
**including** 10:20
  30:25
**inconsistent** 15:4
**increase** 9:10
  11:17,18,24 16:3
**indicated** 27:7
**indicative** 25:18
  26:2,19 27:8
**indiscernible** 17:2
**individuals** 9:9
  20:2
**information** 22:20
**initially** 25:8
**injunctive** 32:1
  37:15

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24    2022 Hearing Transcript    Pg 51 of 57

[ins - mart]                                                                    Page 7

ins   11:20
intended   28:23,24
interest   10:11,25
   11:13 13:20 16:7
   38:7,8
interfacing   20:2
interfere   25:11
interfering   30:20
   35:14
interpret   32:14
   33:22
interpretation
   31:5
interpreting
   30:23 32:12 33:23
interrogatories
   19:15
involved   19:25
   21:17
involvement   9:23
issuance   24:23
   26:12
issue   14:15 24:25
   25:2 26:5,9 29:3,6
   29:9,9,13,15,23
   30:8,13,17 31:4
   31:18,20,20,21
   32:2,5,8 34:18
   35:13 36:24 37:20
   37:23 40:23
issued   24:22
   31:15
issues   16:6 22:3
   25:3 27:22,25
   28:6,17 29:3,4,23
   29:25 30:3,6,12
   32:4,18,19 33:18
   34:15 35:18 38:3
   39:9,10 41:21
item   17:1,5
iteration   24:12

**j**

j   4:4 6:23 18:11
january   17:13
   24:18 27:11 28:3
   30:8 33:19
job   19:12
joseph   7:15 18:15
judge   2:3 8:2 9:1
   12:24 13:23 14:5
   31:1,6
judgement   18:3
   20:8
judges   31:7,16
judgment   17:23
   20:7 22:17
jurisdiction   10:11
   26:10 29:3,5,8
   30:5,9,14,22 31:6
   33:21 34:3,4,16
   35:17,23 37:3,10
   39:16,19 42:3
jurisdictional
   29:6,11,23 31:11
   35:16 37:7 39:10
   39:23

**k**

k   17:6 22:16
keep   10:13
keeping   9:20 41:8
kind   32:9 36:8
kmart   1:12 4:17
   5:2
know   9:22 15:14
   27:19,21 29:17
   31:19 33:4 36:22
   37:18,22 38:1,22
   38:25 39:6,21
   40:18,21 41:11,13
   41:20

**l**

language   13:3
   35:14

large   11:16 25:2
larger   10:20
   13:25
latest   23:4
law   8:11 20:19
lawyer   18:18,20
   19:12,22 20:2,11
   20:16,25 21:1,19
   21:19 22:9
lawyers   19:18
   20:19
lay   33:13 35:8
lead   35:21
learned   41:16
lease   3:15,22 4:8
   23:9 25:9,11,13
   28:9 30:22 31:25
   32:13,14,15 34:13
   34:22 35:3 36:7
   37:16 38:8 39:1
leave   11:19,21
leaves   34:14
leaving   12:9
ledanski   5:25 43:3
   43:8
left   26:23 27:22
legal   43:20
length   33:13
letter   3:10 29:24
   37:18
letting   33:10
leverage   41:8
li   41:25
licensed   18:23
likelihood   37:14
limit   13:6 36:4,8
limitation   12:17
   38:19
limitations   28:8
limited   3:10 13:3
   26:5 40:1
limits   36:19

large... [right column continues]

liquidation   31:9
listed   8:8 28:17
litigation   18:4
   19:22 25:23 28:15
   32:21 36:16
little   8:12
llc   3:11,16,18,22
   3:24 4:9,11,15 7:1
   18:1 23:5,9 24:3
llc's   3:14 4:7 23:7
llp   6:3,10,18,25
located   25:21
long   14:13 17:4
   18:4,24 41:16
look   21:14 22:7
   31:24 34:1 35:7
   41:5
looked   41:3
lose   38:22
lot   19:9 30:24
   41:8

**m**

m   24:25
m3   10:13
mailings   9:22
majority   13:15
making   9:19
   11:13 23:24 36:5
   38:20
mall   3:16,22 4:9
   4:15 7:1 23:5,9
   24:3 40:13
management
   29:23
mandate   24:22,23
   26:13 28:18
manges   6:3
manner   35:19
march   28:22
   29:20
marcus   42:7,9
mart   17:6 22:16

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 52 of 57

[martin - outside]                                                                Page 8

**martin** 3:11 7:12 23:17,18,20,24 26:1,22 27:1,19 31:20 32:3 33:10 33:15 34:19 35:11 36:17 39:2,15,24 41:2,18 42:5
**matter** 1:6 8:8,9 12:19 16:5 17:5 17:10 18:9 21:13 23:3,6 27:3 29:4 30:5,9,14 31:6 32:22 34:4,15 35:10
**matters** 3:1 8:5 23:4
**mcgrath** 5:2
**mean** 41:20
**meet** 39:4
**meetable** 16:16
**member** 21:1,8
**memorandum** 8:11
**mentioned** 10:17
**merits** 32:18
**mickalis** 18:1
**million** 10:14 11:11,11
**mind** 41:11
**minds** 10:23
**mineola** 43:23
**minimis** 9:13 10:1 11:17 12:3,7 13:1 13:2,5,18 15:4
**minnesota** 37:14 37:15
**mn** 6:21
**moac** 3:15,22 4:8 4:15 7:1,8 23:5,9 23:11,21 24:3,5 24:18,23 26:16 27:20 29:3 30:19 30:20 31:25 32:19

36:3 38:15,21 41:5
**moac's** 23:25 26:12 29:21
**modest** 16:12 21:17
**modification** 14:16 15:3,17,19 15:25 16:1
**modified** 16:22
**moment** 39:18
**monetary** 32:1
**money** 9:15 40:9 40:11,14,22
**moot** 30:3
**morabito** 6:16 14:19,20,21,22 15:18
**morning** 8:2,18 8:20,21 14:21 18:11 23:17 24:2 24:6
**motion** 3:14,20,20 4:7 8:11 12:1 15:21,22 20:10 23:7 24:15,17,22 26:12,16,20,23,23 27:3 28:7,14,19 28:19
**motors** 31:9
**move** 10:6 17:23 22:16
**moved** 20:8

**n**

**n** 6:1 8:1 43:1
**nail** 36:17
**name** 18:9
**nature** 8:13 18:7
**necessarily** 40:15
**need** 19:12 20:1 20:18 22:7 30:11 33:25 35:15 36:24

**needs** 19:25 21:4
**negotiating** 41:8
**new** 1:2 6:6 7:3,10 17:25 18:23 19:7 19:8 20:16 21:11 21:19 24:4,7,8
**news** 10:25 12:9
**non** 9:14 11:20
**note** 26:11
**notice** 3:1,5,10,13 4:6,13 8:10,12,21 10:7,22 11:1 12:17 23:6,10,21
**notices** 8:24
**notified** 34:24
**noting** 26:2
**number** 10:3 11:18 21:15
**numbers** 13:15
**nw** 6:13
**ny** 1:21 6:6 7:3,10 43:23

**o**

**o** 2:1 8:1 43:1
**object** 34:11 35:2 36:21
**objected** 23:11
**objection** 4:13 23:12 29:2 30:6
**objections** 3:7 10:16
**obtaining** 25:22
**obviously** 29:8 39:6,19
**occupying** 40:12
**ofac** 9:21
**offer** 28:12 37:11 41:4
**offered** 27:18,20
**okay** 8:2 12:12 13:24 14:20 15:21 16:25 17:3 18:13 18:17 19:5 20:11

21:6 22:11,13,22 22:23,24 23:2 24:1,6 27:5 28:23 29:1 33:4 39:15 40:6 41:19 42:7 42:11
**old** 24:7,8 43:21
**open** 27:22 34:15
**opposed** 24:18 31:23
**opposite** 20:17,18
**opposition** 16:17 16:19 24:20
**opt** 9:14,14 11:20 11:20 12:15,15
**oral** 23:13
**order** 3:5,13,14 3:21 4:6,7,14,19 8:10,14 9:4 12:13 13:2,2,6,12 15:6 15:20 16:21,22 17:12,13 20:5 23:7,8 24:16,21 25:7,19,24 26:1,7 26:7 27:2,7 28:5,8 29:2,10 30:7,18 30:23,24 31:4 32:12,13,20 33:22 33:23 34:14 35:13 35:15,17 36:25 37:5,8 38:11,23 39:5,11,13,14,23 40:2 41:10,12,18 42:1,2
**ordered** 17:14
**orders** 9:12
**original** 34:3
**otsuka** 4:14
**otsuka's** 29:24 37:18
**ought** 36:23
**outside** 21:18

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 53 of 57

[overall - question]                                                    Page 9

overall **14:3**
owed   9:16 10:5
owner   18:19 36:9
  38:6

**p**

p   6:1,1 8:1
paid   12:18 14:6
  15:4 33:21 38:5
paragraph   25:7
  32:23 34:14,19,20
  35:6,13 37:1
paragraphs   22:20
  41:22
part   16:4 17:7
  25:2 30:16 34:20
particular   23:6
parties   9:16,23
  10:5,11,15,25
  11:4,13,13,23
  12:15 14:10,16
  15:24 17:15 18:8
  23:14,15 24:13
  28:10 32:7 35:12
  37:23 40:17
party   19:23 38:6
passed   38:19
paul   6:21
pawn   18:1
pay   10:14 11:23
  12:4 16:8,14
paying   40:19
payment   10:8
  13:14 16:12,12
  22:2
pending   24:23
  26:13 28:19 32:21
  40:2
percent   9:17,17
  11:2,25 12:4
  13:20,21 14:1,2,6
  14:7,11
period   25:15
  27:12 30:24 31:22

32:24 34:23 35:14
  35:25 37:1 38:10
  38:16 39:17 41:13
permit   10:8,8
permitted   13:14
permitting   9:12
person   21:4,8,14
  22:9
personally   31:15
personam   29:4
petition   24:15,24
  26:13 30:2 40:20
petrie   30:25 32:17
  38:1
piper   7:7 23:18
place   22:5
plains   1:21 3:25
plaintiff   1:13 6:19
  17:8,23 18:12
  22:16
plan   13:8,13,18
  14:14,15,16 15:5
  15:25 16:2
plans   13:18
pleadings   21:15
plenty   31:7
pm   3:25
point   10:4 16:14
  29:11 31:3,11,19
  32:12 37:7,12,13
  38:13,21,23 39:3
  39:13,23 42:3
points   33:14,24
  35:16 41:25
portion   25:9
  33:19 34:22 39:4
portrait   38:2
possible   30:3
  37:19
posture   23:16
pre   9:6 10:18
  11:15

precedent   18:5
preference   22:1
prejudice   37:11
premises   25:9,12
  30:21
prepared   9:2
  25:18
prepetition   10:9
present   7:14
presentation   8:23
presentment   3:5
  4:6,13 8:11,12,22
  10:7,22 23:6,11
president   18:16
pressing   25:17
  36:14
pretty   19:10
  21:17 30:22 39:25
prevent   31:25
previewed   10:9
previous   10:5
previously   9:25
  11:9 30:18
primarily   8:6
primary   24:19
  25:6
prior   13:1,2,5
  21:22 32:16
priority   10:9
pro   7:15 17:22
  19:1,21 20:2,10
  20:20 21:7,10
  22:10
probably   17:10
  32:6 36:23 41:20
problem   14:12
  34:10
procedure   10:2
  12:14 17:25 26:3
procedures   15:6
  22:5
proceed   17:22
  40:4

proceeding   4:17
  4:23 17:15,20
  18:7 19:4 21:12
  21:13,25
proceedings   22:6
  42:13 43:4
process   24:21
program   9:4
  12:16
progress   12:10
projected   11:1
proper   39:14,22
  42:1
properly   28:12,18
property   34:23
proportion   13:15
propose   12:2
proposed   8:10
  11:17 12:5 25:16
  27:17 28:9,15
  33:3
proposition   31:9
provided   35:6
provision   13:22
  32:23 34:11 36:8
  38:11,14
provisions   32:15
  38:8
purpose   20:5 26:5
  33:9
purposes   21:11
  32:20
pursuant   9:3
  17:24 26:3
put   10:22 30:1,18
  35:15,16 37:8
  38:15 39:11
putting   27:3

**q**

qualifying   40:17
quarropas   1:20
question   11:12
  12:6 14:2 15:16

26:16
**questions**  12:13
  23:15
**quick**  33:16
**quickly**  17:11
**quinn**  6:10 14:22
**quite**  28:17 39:6
**quoted**  30:18

**r**

**r**  2:1 6:1 8:1 43:1
**rachel**  3:17 4:10
**raise**  14:15 29:22
  30:5
**raised**  14:19 28:6
  29:3,7,16,23 30:6
  30:9,14
**raising**  32:18
**rdd**  1:3,4 3:25
  4:17
**reach**  39:9,13
  41:12
**reached**  10:19
**reaction**  37:18
**read**  13:2 23:12
**ready**  37:23
**realize**  38:22
**really**  13:8 19:16
  19:18 22:20 25:2
  29:1,7,9,10,13,14
  29:16,22 30:5,9
  30:16,24 31:2,21
  32:12 36:12
**reason**  10:22
  19:19 24:19 35:25
**reasonable**  27:12
  28:4
**recalculating**  11:7
**receive**  9:15
**receiving**  16:11
**record**  20:1 27:10
  33:1,1 43:4
**reding**  6:23 18:11
  18:12 22:25 23:1

**reducing**  11:6
**referenced**  24:16
**referred**  33:5,5
**refusal**  34:9,18,25
  35:2 36:1,5,10,13
  38:12,14
**reject**  35:1
**rejected**  35:5
**rejection**  34:12
**related**  3:16,16,20
  3:23 4:9,9,14,23
  5:1 23:10 24:17
**relatively**  16:12
**relief**  3:16,23 4:9
  8:13 15:25 23:10
  24:17 26:17,25
  32:1,1 37:15
**remain**  29:19
**remaining**  11:3
  11:25 12:4
**remand**  3:10
  23:22 26:19 36:25
  38:23 39:4,13
  41:14
**remanded**  26:21
  42:2
**remands**  26:4
**remarks**  28:2
  30:7
**remember**  36:6
  38:14
**remotely**  8:5
**rent**  40:19,19
**rep**  10:17 11:16
**reply**  23:12 29:17
**report**  8:25 37:19
**represent**  4:23
  17:20 19:3
**representation**
  4:20 17:17
**representative**
  6:12 9:8,8 12:21
  14:23 15:7,13,17

16:19 17:15
**representative's**
  15:8
**representing**  24:5
**request**  16:2
  28:14 29:21
**requested**  21:10
**requests**  27:2 40:1
**required**  30:13
**reserve**  11:7
  36:20
**reserving**  40:11
**resolution**  26:9
**resolve**  35:13
**resolving**  27:3
  41:13
**respect**  15:3 26:19
  26:20 28:9 33:2,3
  34:6
**respond**  33:11,14
**responded**  19:15
  35:1
**response**  24:5
  29:12,14,21
**responses**  4:1
**restructuring**  9:6
**result**  11:10 35:22
**retail**  30:25 32:17
  38:1
**retained**  4:22
  17:19
**retains**  26:10
**retired**  18:20
**reversed**  31:10
**review**  33:18
**richard**  3:23 6:23
  18:11
**right**  12:24 15:22
  18:20 20:14,22
  23:2,18,23 26:23
  27:20 28:12,20
  34:8,12,18,25
  35:1,5 36:1,5,5,9

36:13,21 38:12,14
  39:1,24 42:8,9,11
**rights**  34:19 40:11
**road**  43:21
**robert**  2:2 3:10
**rofo**  28:12 38:18
  38:20 39:1
**room**  1:20
**ropes**  6:25
**roughly**  16:10
**round**  13:4
**routine**  21:13
**routinely**  19:1
**rule**  17:24 19:16
  19:18 20:3,18
  23:22 25:19 26:3
**ruled**  29:13,15
  33:18
**rules**  17:24
**ruling**  25:18 26:3
  26:5,20 27:8
  36:15 37:9
**run**  31:22
**running**  18:4

**s**

**s**  3:17 4:10,14,14
  4:24 5:1 6:1 8:1
**s.d.n.y.**  31:2,10
**sale**  38:3
**samples**  22:19
**satisfied**  11:19,21
  11:22 12:3 13:16
  15:25 28:16 33:2
  34:8,11
**satisfy**  9:13 10:2
  10:14 11:3 12:3,9
**saw**  23:24
**saying**  15:9 29:12
  29:18 31:24 34:10
  36:11,12 38:16,18
  40:15
**says**  21:8 29:24
  31:3 32:13 34:20

18-23538-shl   Doc 10348-11   Filed 03/09/22   Entered 03/09/22 19:26:19   Exhibit K
- February 24   2022 Hearing Transcript   Pg 55 of 57

[says - terms]                                                                    Page 11

38:11
schedule 32:3
  37:21
scheduled 3:1
  17:12 29:20
scheduling 3:13
  4:6,13 23:7 28:5
  29:2,10 30:7 35:9
  35:15,17 37:8
  39:11,12 40:2
  41:10,11 42:1
school 20:20
screen 8:7 17:10
se 7:15 17:22 20:2
sears 1:8 3:7 8:3
  19:2 21:15
second 18:2 19:16
  23:3 26:2 31:13
  39:16 41:4
secondly 16:10
section 30:17
  34:21 36:19
see 14:18 24:3
  37:19 38:10 40:10
  40:25
seeing 32:11
  37:25 38:24
seek 32:1
seeking 16:3 25:5
  26:24 37:15
seen 23:23 26:1
selected 9:8
send 16:22
sense 16:6,8
sensitive 33:8
sent 29:18
sentence 36:18
separate 34:20,21
service 5:1
set 22:3 27:25
  30:19 40:19
setting 17:21
  26:15

share 10:24
shoehorn 32:10
shop 18:1
short 14:5,7 29:14
show 4:19 17:12
  17:13,16 20:5
shown 30:19
side 40:10
sign 10:18 22:24
signature 43:6
signed 4:19
significant 16:7
  16:13,17
similar 10:4
simple 22:20
simply 34:10
sir 18:15 19:11,14
  21:21 22:11
situation 25:20
six 26:3
skip 17:4
small 11:22
smaller 9:19
  12:18
solutions 43:20
solve 34:10
somewhat 8:10
son 1:15 4:18,21
  17:6,18 18:14,16
  20:10
sonya 5:25 43:3,8
sorry 25:19 33:12
sort 20:19 26:15
  32:5
sought 8:10,13
  23:10 25:21 26:17
south 18:23,25
  21:2,9
southern 1:2 19:7
  21:10 31:8,16
space 40:12
specific 22:3

speed 24:9
squarely 33:24
st 6:21
stage 26:15
standalone 36:8
standing 21:9
state 18:9 21:9
  31:23 37:14
stated 15:12 17:14
  25:7 26:2
statements 33:17
states 1:1,19
  29:17 31:13
stating 35:1
status 8:24 10:7
  10:10
stay 24:23 26:12
  28:18
step 23:4 28:5
  32:4
stores 31:1
street 1:20 6:13
strive 42:6
stuff 21:22
subject 24:15,21
  29:4 30:5,8,14
  34:4,15 35:2
  37:25
sublease 26:18
  28:15 33:3,7 34:7
  34:25 41:22
sublet 25:8,12
  30:21
submit 34:3,14
submitted 15:20
  27:3 39:5 41:3
subsidiary 25:3
substantial 14:10
subtenancy 40:11
subtenant 25:16
  25:21,21,23 27:17
  28:9 33:2,3 36:4
  37:12 38:16 40:9

40:10,16,17
successful 11:5
sued 38:7
sufficient 17:22
suggest 37:9
suggesting 25:18
  35:20
suggestion 40:7
suing 22:1
suite 6:13,20
  43:22
sullivan 6:10
summarize 39:3
support 10:23
  11:15
supporting 8:12
supportive 10:21
supreme 24:24
  25:1 31:13 37:22
  40:21
sure 8:14 13:7
  14:4,5 23:24 24:7
  24:9 31:22 32:11
  34:17 36:14 41:7

t

t 43:1,1
take 10:15 17:4
  18:8 23:14 41:20
talk 8:17 40:25
talked 33:20
tax 9:21 16:6
taxes 10:9
taxing 10:11
tba 3:25
telephone 8:7
telephonically 6:8
  6:16,23 7:5,12,14
tell 37:6
ten 14:8
tenant 31:24 34:9
  34:13 35:3,3 36:3
terms 15:5 20:20
  20:23 27:12 33:6

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24    2022 Hearing Transcript    Pg 56 of 57

[terms - years]                                                                    Page 12

41:12

**thank**  16:23 21:21
22:11,23 23:1
42:4,5,6,10,11

**thanks**  14:21
23:19

**thing**  22:19 27:5
35:15 36:24 37:2
37:4,4

**things**  20:20

**think**  12:8,9,10,24
12:25 13:1,11,21
14:18,24,25 15:6
15:11 17:4,10
20:13 23:3 26:20
28:17,19,21 29:1
29:9,13,20 30:9
30:14,16,22 31:3
32:4,6,9,19,22
33:5 35:14 36:7
36:12,17,23 37:3
37:13,24 38:15,21
39:3 41:10,16,19
41:23 42:7,9

**third**  17:5 28:14

**thought**  10:24
20:15

**thoughts**  33:16

**thousand**  10:3

**three**  10:4 28:6
29:25 31:15

**threshold**  12:7

**threw**  41:2

**throw**  40:7

**throwing**  40:24
41:9

**ticking**  40:3

**time**  9:20 10:4
13:13 22:18 26:25
29:2 30:2,4 32:11
35:21 36:4,8,19
37:4 38:24

**timing**  30:17
31:19,20 34:18
37:12 38:13 39:10

**today**  10:23 24:5
33:24 35:10,20
42:8

**today's**  8:4

**told**  11:16 26:7

**tolled**  26:8

**tomorrow**  41:23

**touched**  25:3

**track**  9:20 16:13

**trade**  9:20

**transaction**  25:16

**transcribed**  5:25

**transcript**  33:19
43:4

**transform**  3:11,14
3:18,24 4:7,11 7:8
17:2,5 23:5,7,20
24:15 25:5,8,15
25:20 27:19 28:2
28:4 29:17 33:20
35:21 37:12

**transform's**  29:12

**travelers**  38:1

**treatise**  31:17

**tros**  33:9

**true**  15:14 43:4

**trying**  35:8

**turn**  23:25

**turned**  38:7

**two**  12:2 22:20
23:9 25:9,15,21
26:5 27:7,12,13
28:1,6,17 29:2,4
29:25 30:3,12,24
31:22 32:4,9,18
32:19,24 33:16
34:6,10,23 35:13
35:24 37:1 38:10
38:16,19 39:21
41:13,25

**type**  13:21 14:13
16:8 19:8

**types**  22:5

**u**

**u.s.**  2:3

**ucc**  9:9

**ultimately**  35:9
40:8

**unable**  39:8

**uncontested**  8:9

**underlying**  28:7

**understand**  19:14
20:19,20,23 23:16
24:4 33:25 36:2
37:13 38:13,21
39:2 40:18

**understanding**
13:7

**undisputed**  16:9

**united**  1:1,19
31:13

**unopposed**  16:2

**update**  39:8,25

**updating**  10:13

**urquhart**  6:10

**usc**  29:8

**use**  20:24 21:20

**v**

**v**  1:14 4:18 17:6
18:1

**valuable**  35:21

**vargas**  2:5

**veritext**  43:20

**versus**  15:1

**vice**  19:1 20:20
21:7,10

**videoconference**
4:25

**view**  14:17 27:2

**viewing**  33:22

**w**

**waive**  38:16

**waived**  33:2

**want**  13:7,17 15:2
17:3 19:19 22:7
26:22 34:5 35:7
36:2,16 37:18,22

**wanted**  13:24
14:15 15:23 21:22
33:13 39:24

**washington**  6:14

**waste**  30:2

**wasted**  30:4

**way**  37:23 38:12

**we've**  36:20 41:4

**websites**  10:13

**week**  41:20

**weil**  6:3 8:19

**went**  15:10

**white**  1:21 3:25

**willing**  41:5

**woods**  6:20

**words**  12:19
14:25 41:9

**work**  41:18,21

**worked**  10:16
31:8

**worthy**  16:16

**writ**  26:14

**wrong**  27:15

**x**

**x**  1:5,11,17

**y**

**yeah**  33:12 41:7

**year**  25:15 26:5
27:7 28:1 30:24
31:22 32:24 34:23
35:13,24 37:1
38:10,16 41:13

**years**  25:10,22
27:12,13 32:9
34:6,10 38:19

18-23538-shl    Doc 10348-11    Filed 03/09/22    Entered 03/09/22 19:26:19    Exhibit K
- February 24    2022 Hearing Transcript    Pg 57 of 57

Page 13

| | |
|---|---|
| **york** | 1:2 6:6 7:3 |
| | 7:10 18:1,23 19:7 |
| | 19:8 20:16 21:11 |
| | 21:19 |

**z**

| | |
|---|---|
| **zoom** | 3:2 8:6 |
| **zoomgov** | 4:25 |