UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket Index 10271 |

**ORDER GRANTING TENTH QUARTERLY REPORT OF
STRETTO FOR ALLOWANCE OF CONTINGENT FEES
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>FROM OCTOBER 1, 2021 THROUGH DECEMBER 31, 2021</u>**

Stretto,[2] as provider of preference action recovery and analysis services to the Debtors, as debtors and debtors in possession in the above cases, having filed its Tenth Quarterly Report for the Period of October 1, 2021 through December 31, 2021, dated January 31, 2022 (the "<u>Tenth Quarterly Report</u>"), requesting allowance of contingency fees and reimbursement of expenses under 11 U.S.C. §§ 328(a) and 330;[3] and the Court having reviewed the Tenth Quarterly Report; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] On February 17, 2021, Bankruptcy Management Solutions d/b/a Stretto ("<u>Stretto</u>") acquired substantially all of the assets of Acumen Recovery Services, LLC ("<u>Acumen</u>") and assumed Acumen's engagement agreement with the Debtors.

[3] Capitalized terms shall have the same meaning ascribed to them in the Tenth Quarterly Report.

157(a)-(b) and 1334)b), (b) notice of the Tenth Quarterly Report was due and sufficient under the circumstances, and (c) all persons with standing have been afforded the opportunity to be heard on the Tenth Quarterly Report; and there being no objections to the Tenth Quarterly Report; and upon the Court's prior order authorizing Stretto's retention and the terms of its compensation; and good and sufficient cause appearing;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The request for approval of the Tenth Quarterly Report is GRANTED to the extent set forth in Schedule A and Schedule B hereto.

2. Stretto is awarded approval for compensation in the amount of $695,181.16 and actual and necessary expenses in the amount of $0.00 for the period of October 1, 2021 through December 31, 2021.

3. Such sums are authorized for payment less any amount previously paid to Stretto on account of the amounts set forth in the Tenth Quarterly Report.

Dated: March 16, 2022
       White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Case No.: 18-23538 (RDD)  Schedule A
Case Name: In re Sears Holdings Corporation, *et al*.

**CURRENT FEE PERIOD**

| (1) Applicant | (2) Quarterly Report Date and Docket No. | (3) Fee Period | (4) Fees Requested | (5) Fees Allowed | (6) Fees to be Paid Under Order | (7) Expenses Requested | (8) Expenses Allowed | (9) Expenses to be Paid Under Order |
|---|---|---|---|---|---|---|---|---|
| Stretto, provider of preference action recovery and analysis services to the Debtors | January 31, 2022 Docket No. 10271 | 10/1/2021-12/31/2021 | $695,181.16 | $695,181.16 | $695,181.16 | $0.00 | $0.00 | $0.00 |

Case No.: 18-23538 (RDD)                                          Schedule B
Case Name: In re Sears Holdings Corporation, *et al.*

## QUARTERLY REPORT TOTALS

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid[1] |
|---|---|---|---|---|
| Stretto, provider of preference action recovery and analysis services to the Debtors | $1,560,052.73 | $1,560,052.73 | $105,994.20 | $105,994.20 |

Date Order Signed: 3/16/2022                                                              Initials:  RDD  USBJ

---

[1] In accordance with the terms of the Order (the "Order") signed on June 26, 2019, Authorizing the Employment and Retention of Acumen Recovery Services, LLC to Provide Preference Action Recovery and Analysis Services to the Debtors, Effective *Nunc Pro Tunc* to April 1, 2019 [Docket No. 4362], Acumen received payment on account of its fees, in accordance with the Contingency Fee Schedule (as defined in the Order) and its Expenses (as defined in the Order), from proceeds recovered in connection with the avoidance actions as provided in the Engagement Letter (as defined in the Order).

2