UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                                     :    CHAPTER 11
                                                                                              :
SEARS HOLDINGS CORPORATION, *et al.*,    :    Case No. 18-23538 (RDD)
                                                                                              :
Debtors.[1]                                                                      :    (Jointly Administered)
                                                                                              :    (ECF No. 9588)
------------------------------------------------------------------x

### AGREED ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS OBJECTION TO PROOFS OF CLAIM AND BALLOTS (NO LIABILITY CLAIMS)

Upon the *Debtors' Thirtieth Omnibus Objection to Proofs of Claim and Ballots (No Liability Claims)*, filed June 18, 2021 (the "**Objection**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) disallowing the No Liability Claims (as defined below)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

and, as applicable, expunging the relevant proof of claim, and (ii) granting related relief, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and upon the informal response to the Objection received from NCR Corporation ("**NCR**," together with the Debtors, the "**Parties**") and the *Motion of NCR Corporation for Allowance and Payment of Administrative Expense Claim* (ECF No. 9201) (the "**Motion for Payment**," collectively, the "**Response**"), the Parties have reached an agreement to resolve the Objection and the Response,

**IT IS HEREBY ORDERED THAT**

1. NCR's ballot number 182353801040531 shall be allowed as a 503(b)(1) administrative expense claim and treated as a Non-Settled Administrative Expense Claim in the amount of $251,250.84.

2. NCR's ballot number 182353801040530 shall be deemed disallowed and expunged as duplicative.

3. Upon entry of this Order, the Motion for Payment shall be deemed withdrawn.

4. Upon entry of this Order, the Objection shall be deemed resolved.

5. The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6. The terms and conditions of this Order are effective immediately upon entry.

Dated: March 28, 2022
       White Plains, New York

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\98458623\4\73217.0004