UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                      :
                                                           :    Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.***,**              :
                                                           :    Case No. 18-23538 (RDD)
                                                           :
             Debtors.[1]                                   :    (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (RUSHMORE LOAN MANAGEMENT SERVICES, LLC)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Rushmore Loan Management Services, LLC, as mortgage servicing agent for UMB (defined below) ("**Rushmore**"). The Debtors and Rushmore collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

A.  On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are continuing to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On December 5, 2013, Wells Fargo Bank N.A. ("**Wells Fargo**") commenced an action in the Supreme Court of the State of New York, Kings County (the "**State Court**"), styled as *Wells Fargo Bank N.A. v. Luis Echevarria, et al.* (Case No. 21128-13) (the "**Prepetition Action**") seeking to, among other things, foreclose on mortgaged property located at 237 Highland Boulevard, Brooklyn, New York, 11207 (the "**Property**").

C.  On August 8, 2016, the State Court entered a judgment of foreclosure and sale authorizing the foreclosure and sale of the Property in accordance with the terms and procedures set forth therein (the "**Foreclosure**").

D.  On June 2, 2021, Wells Fargo assigned its interest in the Property and its Foreclosure rights to UMB Bank, National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust XIII ("**UMB**").

E.  Rushmore alleges that Sears holds a judgment lien against the Property and, accordingly, any attempts by Rushmore to execute on the Foreclosure were automatically stayed pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") on the Commencement Date.

F.  The Debtors do not believe that they have any material interest in the Property.

G.  Rushmore has represented that it is authorized to act on behalf of UMB in connection with the Foreclosure.

2

H.     The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.     This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.     Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to permit Rushmore to undertake all proceedings and actions relating to Rushmore's interests in the Property and to permit the enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, the Foreclosure and eviction proceedings; <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.     Rushmore shall not be entitled to any affirmative recovery against the Debtors, and Rushmore shall be bound by any and all applicable orders of the Bankruptcy Court with respect to the relief granted herein.

4.     As of the Effective Date, the Claimant hereby agrees to waive any right to recovery in the Action against Sears and the other Debtors and any other party that may assert indemnification claims against the Debtors, including any prepetition claims.

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6. Nothing contained herein shall be construed as a waiver by any of the Debtors of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors are a party that has been or may be filed by the Claimant in the Chapter 11 Cases.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or

facsimiles signed by the Parties here to be charged.

11.  This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12.  Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors, and any authorized assigns.

13.  This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14.  The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: March 21, 2022 | Dated: March 21, 2022 |
| By: */s/ Jacqueline Marcus* <br> Ray C. Schrock, P.C. <br> Jacqueline Marcus <br> Garrett A. Fail <br> Sunny Singh <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 | By: */s/ Ehret Van Horn* <br> Ehret Van Horn <br> GROSS POLOWY LLC <br> 1775 Wehrle Drive, Suite 100 <br> Williamsville, NY 14221 <br> Telephone: (716) 204-1762 <br> Facsimile: (716) 253-6262 |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Rushmore* |

SO ORDERED

Dated: March 29, 2022
      White Plains, New York

                */s/ Robert D. Drain*
                THE HONORABLE ROBERT D. DRAIN
                UNITED STATES BANKRUPTCY JUDGE