

Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 18-23538-rdd

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5  In the Matter of:

6

7  SEARS HOLDINGS CORPORATION, et al.,

8

9        Debtors.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12              United States Bankruptcy Court

13              300 Quarropas Street, Room 248

14              White Plains, NY 10601

15

16              March 25, 2022

17              10:11 a.m.

18

19

20

21  B E F O R E :

22  HON ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  JUSTIN WALKER

Page 2

1   HEARING re Notice of Hearing on Transform Holdco LLC's

2   Motion to Enforce the Order (I) Authorizing Assumption and

3   Assignment of Lease With MOAC Holdings LLC and (II) Granting

4   Related Relief (related document(s)10348, 10358) filed by

5   Rachel Ehrlich Albanese on behalf of Transform Holdco LLC.

6   (ECF #10359)

7

8   HEARING re Motion to Compel / Motion to Enforce the Order

9   (I) Authorizing Assumption and Assignment of Lease with MOAC

10  Mall Holdings LLC and (II) Granting Related Relief filed by

11  Richard A. Chesley on behalf of Transform Holdco LLC (ECF

12  #10194)

13

14  HEARING re Transcript regarding Hearing Held on 02/24/2022

15  At 10:05 AM RE: Notice Of Presentment Of Order Authorizing

16  Certain Distributions.; Letter / Notice Of Limited Remand.;

17  Notice Of Hearing On Scheduling Order For Transform Holdco

18  LLC's Motion To Enforce The Order (I) Authorizing Assumption

19  And Assignment Of Lease With MOAC Mall Holdings LLC And (II)

20  Granting Related Relief.; Etc. Remote electronic access to

21  the transcript is restricted until 5/31/2022. (ECF #10337)

22

23

24

25

1    HEARING re Objection to Motion to Enforce the Order (I)

2    Authorizing Assumption and Assignment of Lease with MOAC

3    Mall Holdings LLC and (II) Granting Related Relief (related

4    document(s)10194) filed by Gregory S. Otsuka on behalf of

5    MOAC Mall Holding LLC. (ECF #10230)

6

7    HEARING re Reply to Motion - Reply in Support of Motion to

8    Enforce the Order (I) Authorizing Assumption and Assignment

9    of Lease with MOAC Mall Holdings LLC and (II) Granting

10   Related Relief (related document(s)10194) filed by Richard

11   A. Chesley on behalf of Transform Holdco LLC. (ECF #10233)

12

13   HEARING re Objection of MOAC Mall Holdings LLC to Subject

14   Matter Jurisdiction with Respect to Transform Holdco LLC's

15   Motion to Enforce the Order Authorizing Assumption and

16   Assignment of Lease with MOAC Mall Holdings LLC (related

17   document(s)10194) filed by Gregg M. Galardi on behalf of

18   MOAC Mall Holdings LLC. (Attachments: # 1 Exhibit A -

19   Proposed Form of Order # 2 Exhibit B - District Court Appeal

20   Dismissal Order # 3 Exhibit C - Transforms Motion to Toll

21   Deadline (2nd Cir) # 4 Exhibit D - Second Circuits Order

22   Tolling Deadline # 5 Exhibit E - Second Circuit Summary

23   Order Affirming Dismissal # 6 Exhibit F - Second Circuit

24   Order Granting Stay # 7 Exhibit G - January 20, 2022 Hearing

25   Transcript # 8 Exhibit H - Transforms Motion Requesting

1   Clarification (2nd Cir) # 9 Exhibit I - MOAC Limited

2   Opposition to Transform's Motion Requesting Clarification #

3   10 Exhibit J - Second Circuit Remand Order # 11 Exhibit K -

4   February 24, 2022 Hearing Transcript) (ECF #10348)

5

6   HEARING re Affidavit of Service of Nova A. Alindogan

7   (related document(s)10348) Filed by Gregg M. Galardi on

8   behalf of MOAC Mall Holdings LLC. (ECF #10349)

9

10  HEARING re Reply to Motion - Reply in Support of Motion to

11  Enforce the Order (I) Authorizing Assumption and Assignment

12  of Lease with MOAC Mall Holdings LLC and (II) Granting

13  Related Relief (related documents)10194) filed by Richard A.

14  Chesley on behalf of Transform Holdco LLC. (ECF #10358)

15

16  HEARING re Response / (Corrected) Reply in Support of

17  Objection of MOAC Mall Holdings LLC to Subject Matter

18  Jurisdiction with Respect to Transform Holdco LLC's Motion

19  to Enforce the Order Authorizing Assumption and Assignment

20  of Lease with MOAC Mall Holdings LLC (related

21  document(s)10194, 10348) filed by Gregg M. Galardi on behalf

22  of MOAC Mall Holdings LLC. (ECF #10366)

23

24

25

Page 5

1    HEARING re Response / Reply in Support of Objection of MOAC

2    Mall Holdings LLC to Subject Matter Jurisdiction with

3    Respect to Transform Holdco LLC's Motion to Enforce the

4    Order Authorizing Assumption and Assignment of Lease with

5    MOAC Mall Holdings LLC (related document(s)10194, 10348)

6    filed by Gregg M. Galardi on behalf of MOAC Mall Holdings

7    LLC. (ECF #10365)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   WEIL, GOTSHAL & MANGES, LLP

 4        Attorneys for the Debtor

 5        767 Fifth Avenue

 6        New York, NY 10153

 7

 8   BY:  PHIL DIDONATO (TELEPHONICALLY)

 9

10   ROPES & GRAY LLP

11        Attorneys for MOAC Mall Holdings LLC

12        1211 Avenue of the Americas

13        New York, NY 10036

14

15   BY:  GREGG GALARDI (TELEPHONICALLY)

16        ANDREW DEVORE (TELEPHONICALLY)

17

18   DLA PIPER

19        Attorneys for Transform Holdco and MOAC

20        1251 6th Avenue

21        New York, NY 10020

22

23   BY:  RACHEL EHRLICH ALBANESE (TELEPHONICALLY)

24

25
```

Page 7

1                    P R O C E E D I N G S

2             THE COURT:  Okay, good morning.  We're here in In

3    re Sears Holdings Corporation.  There's really only one

4    matter before the Court today, although there are many

5    aspects of that matter listed on the calendar.

6             This hearing is being held remotely by Zoom,

7    unless someone doesn't have access to a screen, in which

8    case, they're appearing by phone.

9             Why don't I take the parties' appearances first.

10            MS. ALBANESE:  Good morning, Your Honor.  Rachel

11   Ehrlich Albanese of DLA Piper on behalf of Transform.

12            THE COURT:  Good morning.

13            MR. GALARDI:  Good morning, Your Honor.  Gregg

14   Galardi on behalf of Mall of America, and I also have Andrew

15   Devore in case -- I am in an airport and I get cut off,

16   Andrew will follow me.

17            THE COURT:  Okay, very well.

18            MR. DiDONATO:  Good morning, Your Honor.  Phil

19   DiDonato, Weil, Gotshal & Manges, for the Debtors.

20            THE COURT:  Okay, good morning.

21            All right.  We're here in the most recent step in

22   a dispute between Transform Holdco and Mall of America Co.,

23   which I may sometimes refer to as MOAC, that originated in

24   2019 when MOAC objected to the assumption and assignment of

25   a long-term ground lease of substantial space in the Mall of

Page 8

1    America in Minnesota by the Debtor Sears to Transform

2    Holdco.

3            The Court held a hearing on that objection on

4    August 23, 2019, and after that hearing entered an order

5    authorizing the assumption and assignment of the Mall of

6    America lease to Transform on the terms and conditions of

7    that order, which is dated September 5, 2019.

8            There has been a long and unexpectedly convoluted

9    appellate history following the entry of that order

10   culminating -- and I just want to confirm this, Mr. Galardi,

11   insofar at least a petition for certiorari by MOAC to the

12   Supreme Court.

13           MR. GALARDI:  Correct, Your Honor.  That was filed

14   on March 17th of this year.

15           THE COURT:  Okay, very well.  Particularly

16   relevant to the dispute before me today is a provision of

17   the assumption and assignment order, the September 5, 2019

18   order.  In Paragraph 17 of that order, which states, "Solely

19   in connection with the designated lease and notwithstanding

20   anything to the contrary in Paragraph 13 or 16 hereinafter,

21   upon the entry of this order, the buyer will operate in

22   compliance with the designated lease, including but not

23   limited to the uses section of the designated lease and the

24   amended and restated reciprocal easement and operating

25   agreement Mall of America, Burlington, Minnesota dated May

Page 9

1    30, 1991 between Sears Roebuck & Co., Mall of America Co.,

2    Nordstrom, Inc., and Macy's California."

3            Now here's the key sentence in that paragraph,

4    "Notwithstanding the foregoing, the buyer must initially

5    sublet a portion of the premises for the designated lease

6    within two years on the condition that the counterparty to

7    the designated lease does not improperly interfere with the

8    buyers' attempt to sublet the premises for the designated

9    lease."

10           As it's clear to me from my review of the

11   transcript of the August 23, 2019 hearing in which I

12   considered the motion to assume and assign and this

13   particular lease and MOAC's objection to it, that two-year

14   limitation, which does not appear in the lease itself, was

15   imposed by me as a condition of adequate assurance of future

16   performance in light of the remaining length of the lease --

17   approximately 70 years -- and Transform's acknowledgement

18   that it itself would not be operating in the space.

19           I was concerned that it would not be equitable or

20   consistent with Section 365 of the Bankruptcy Code for an

21   assignee like Transform to have the right simply to keep the

22   space empty during such a long period to the detriment of

23   the lessor, so I imposed what I believed at the time would

24   be a reasonable limitation on Transform's professed

25   statement that it believed it would be able to obtain a new

Page 10

1    tenant within a reasonable time, or at least for a portion

2    of the premises within a reasonable time.  And I concluded

3    then that two years would be a reasonable time as long as,

4    as stated in Paragraph 17 of the order, the landlord does

5    not improperly interfere with the attempt to sublet the

6    premises by Transform.

7              Because of twists and turns in the appellate

8    process, there was a substantial risk that that two-year

9    period would run before there would be a final order in

10   respect of the assumption and assignment.  Because of that

11   risk, the Second Circuit entered an order granting

12   Transform's motion tolling the deadline to sublet, "for an

13   additional 60 days after this Court, i.e. the Second

14   Circuit, enters its decision regarding the appeal."

15             The Court did enter its decision affirming the

16   District Court's decision under Section 363(m) of the

17   Bankruptcy Code upholding the assumption and assignment.

18   And in the meantime, Transform, it is agreed, had found a

19   prospective subtenant, but the lease agreement with the

20   subtenant included a condition that there not be pending

21   litigation over the assignment of the lease.

22             And MOAC expressed its intention, now fulfilled,

23   to seek certiorari of the Second Circuit's ruling on the

24   merits of the appeal to the Supreme Court.  That resulted in

25   three things.

Page 11

1            First, Transform made a motion before this Court

2    for a determination as to Paragraph 17 and the conforming

3    nature of the proposed sublease under the assumed and

4    assigned lease with MOAC.

5            Secondly, MOAC moved in the Second Circuit for a

6    stay of the issuance of the Court's mandate pending the

7    filing disposition of a petition for writ of certiorari, a

8    motion that ultimately was granted by the Circuit.

9            The Court, that is this Court, heard Transform's

10   motion, which was opposed by MOAC, in January of this year.

11   MOAC's opposition was primarily based upon its assertion

12   that in light of the pending appeal where the mandate had

13   not been issued, the Court was divested of jurisdiction over

14   Transform's motion invoking Bankruptcy Rule 8008 and

15   focusing on the most pressing issue and I think the issue

16   that prompted Transform's motion ultimately, the two-year

17   deadline, and the potential that the Circuit's 60-day

18   tolling stay would expire in the light of the cert petition.

19           I gave an indicative ruling in which I stated that

20   I believed that my order clearly did not contemplate the

21   convoluted and lengthy appellate process but was focused on

22   the requirement as an aspect of adequate assurance of future

23   performance, under Section 365 that is, that Transform

24   sublet at least a portion of the premises within a

25   reasonable time and stated that that would be my ruling and

1    that, at least to the proposed subtenancy agreement, that

2    would seem to me to be a reasonable time.

3            The Circuit, when apprised of the indicative

4    ruling as Rule 8008 requires, which it was apprised of in

5    the context of a motion by Transform to either issue its own

6    stay or tolling of the running of the 60-day deadline or, in

7    the alternative, a remand on the issue of the two-year

8    deadline and my ability to actually issue a ruling

9    consistent with the indicative ruling, issued an order on

10   February 16 -- well, I'm sorry, the certified copy was

11   issued on February 16, and the order was issued earlier --

12   issued an order that states that pursuant to Federal Rules

13   of Appellate Procedures 6 and 12.1, this Court remands to

14   the Bankruptcy Court for the limited purpose of ruling on

15   the issue of the two-year deadline.  The deadline contained

16   in the August 17, 2021 order, that is the 60-day deadline,

17   is tolled until the Bankruptcy Court's resolution of this

18   issue.  The Court otherwise retains jurisdiction over this

19   appeal.

20           Thereafter, in connection with that remand,

21   Transform proposed a scheduling order in which it

22   contemplated the Court's determination not only of how

23   Paragraph 17 and its two-year period should be interpreted

24   in light of the Court's indicative ruling and the remand,

25   but also issues pertaining to Transform's compliance with

Page 13

1    the lease as per the proposed sublease agreement and/or

2    MOAC's non-compliance with it and hinderance of entry into

3    the sublease agreement in an improper way.

4         In response, MOAC, which had previously just

5    raised the divestiture doctrine as an objection to the

6    Court's jurisdiction, for the first time objected to the

7    Court's subject matter jurisdiction over those issues as

8    well as because of an asserted lack of subject matter

9    jurisdiction, the Court's in personam jurisdiction over

10   MOAC.

11        We held a hearing on the objection to the proposed

12   pretrial order on February 24, 2022, in which I noted the

13   two issues that the proposed pretrial order sought the Court

14   to determine, namely whether there are any limitations under

15   the lease with respect to this proposed subtenant and

16   whether the right of first offer in Article 6 of the lease

17   has been properly exercised or not by MOAC.

18        The original motion also sought a determination of

19   whether the so-called litigation contingency in the proposed

20   sublease that there not be any pending litigation has been

21   satisfied but Transform acknowledged that given the pendency

22   of the appellate process with the request for certiorari or

23   the petition for certiorari, that issue would not be

24   decidable by the Court at this time.

25        I noted at the February 22 hearing that -- I'm

1       sorry -- February 24, 2022 hearing that Transform's reply to

2       MOAC's objection, and in particular its jurisdictional

3       objections, really didn't delve into those objections, but

4       simply assumed from remarks that I had made during the

5       January hearing that I'd already ruled that I had

6       jurisdiction.

7               I made it clear at the February 24 hearing that

8       that was not the case, that the jurisdictional issues raised

9       by MOAC were serious ones that needed to be addressed and

10      that there should be additional submissions on them, as well

11      as if the parties couldn't agree on the form of proposed

12      order in light of my indicative ruling, submissions

13      addressing that proposed order.  And again, that was, I

14      think, the focus of the remand.

15              So that's about a 15-minute explanation of where

16      we are today.  I have received an initial pleading by

17      counsel for MOAC on the jurisdictional points that it

18      actually had previously raised, but that are raised again in

19      that pleading dated August 9.  I have Transform's response

20      to that pleading, and I have MOAC's response.

21              I actually want to start with the second issue

22      that I said we would be dealing with today when we discussed

23      this on February 24, which is the two parties' respective

24      versions of the proposed order.  They're quite different.

25              The proposed order that Transform would seek would

Page 15

1    state in its first decretal paragraph, "Transform has

2    initially sublet a portion of the premises for a designated

3    lease within two years, thereby satisfying the two-year

4    sublease deadline set forth in Paragraph 17 of the

5    assignment order."

6          The proposed order attached to MOAC's reply dated

7    March 23 states in the first decretal paragraph, "By

8    agreement of MOAC, the adequate assurance sublet deadline,

9    which is the Paragraph 17 deadline, contained in the final

10   sentence of Paragraph 17 of the assignment order shall not

11   apply to the proposed sublease."

12         Paragraph 2 states the adequate assurance sublet

13   deadline is hereby amended and clarified and superseded in

14   its entirety as follows.  "In the event that the proposed

15   sublease as defined in this order is not consummated, the

16   buyer must initially sublet a portion of the premises for

17   the designated sublease within a reasonable time following

18   the conclusion of MOAC's appeals of the assignment order on

19   the condition that the counterparty to the designated lease

20   does not improperly interfere with the buyer's attempt to

21   sublet the premises for the designated lease."

22         It then goes on to say, "All parties rights are

23   reserved regarding such reasonable time period following the

24   conclusion of such appeals, which period shall not exceed

25   two years following the conclusion of such appeals."  This

Page 16

```
 1    Court will determine what a reasonable time period is for

 2    the foregoing requirement based on the facts and

 3    circumstances at that time and upon appropriate motion by

 4    either party in the event that the proposed sublease, that

 5    is the currently proposed sublease, is not consummated.

 6            So I want to get that out on the table.  I want to

 7    make sure that the parties are still proposing those two

 8    alternative versions.  There's been no further developments

 9    on them.

10            MS. ALBANESE:  That is correct, Your Honor.

11            THE COURT:  Okay.

12            MR. GALARDI:  That's correct.

13            THE COURT:  Okay, all right.  So I think then

14    knowing what each side thinks the proposed order should be

15    on remand, I will turn to the jurisdictional issues.  And

16    again, I've read the parties' pleadings, which I think lay

17    them out clearly and thoroughly, have I think pretty clear

18    views on the outcome here in light of those pleadings, but

19    I'm happy to hear brief oral argument if either of you wants

20    to do that.

21            I think we're ultimately here on the

22    jurisdictional issues raised by MOAC, but the party

23    asserting jurisdiction has the burden of proof, so I think I

24    should hear from Transform first.

25            MS. ALBANESE:  Thank you, Your Honor.  I'd be
```

Page 17

1     happy to make a brief statement on the jurisdictional claim.

2               THE COURT:  Okay.

3               MS. ALBANESE:  Thanks.  As Your Honor noted at the

4     outset, we're here today in the Second Circuit's

5     (indiscernible) for the limited purpose of ruling on the

6     issue of the two-year deadline.

7               That deadline arises in Paragraph 17 of the

8     assignment order, which provides that Transform must

9     initially sublet a portion of the premises by the designated

10    lease within two years.  Because that deadline is a creature

11    of Your Honor's order and it's not found elsewhere in the

12    designated lease or the lease documents, it's clear that

13    Your Honor has subject matter jurisdiction over the issue of

14    the two-year deadline and then (sound glitch) personal

15    jurisdiction over MOAC.

16              And I think that's all that Transform would say on

17    the topic, Your Honor.

18              THE COURT:  Okay.  I guess, I mean, I have two

19    basic issues with that assertion.  The first is that the

20    aspect of my order over which I would have jurisdiction, and

21    I think there's no doubt about that and I don't think MOAC

22    disputes that I have jurisdiction to interpret and enforce

23    that order, MOAC contends is now not an issue, i.e. it has

24    agreed that as for the designated sublease or the proposed

25    sublease.

Page 18

1          The applicable provision of the order, namely that

2     buyer must initially sublet a portion of the premises for

3     the designated lease within two years on the condition that

4     the counterparty of the designated lease does not improperly

5     interfere with buyer's attempt to sublet the premises for

6     the designated lease, is no longer an issue because that

7     two-year deadline doesn't apply to the sublease.

8          And furthermore, consistent with my indicative

9     ruling, the proposed order proposed by MOAC would leave open

10    for another day if the currently proposed sublease falls

11    through for some reasons, the Court's determination of what

12    would be a reasonable time to sublease in light of all of

13    the facts, and I would add consistent with the Court's

14    remarks about the purpose of this provision at the original

15    hearing in 2019 and in its indicative ruling.

16         So MOAC argues with I think some cogency that I'm

17    not being asked to interpret my order anymore.  I'm instead

18    being asked to interpret the lease, which is a lease that's

19    in effect between the two non-debtor parties for which the

20    Debtors already received its consideration, so it doesn't

21    have a conceivable effect on the estate.  It's also post-

22    confirmation, so there has to be a close nexus at least for

23    related to jurisdiction.  It doesn't really arise in the

24    bankruptcy case because it doesn't pertain to any issue that

25    was necessary in the bankruptcy case itself.

1               And finally, and this is the second point, the

2     finding that I'm being asked to make in the proposed order

3     from Transform is one I simply can't make, which is that the

4     litigation contingency has been met.  I mean, I think

5     Transform actually conceded that earlier.  So to me, I don't

6     think that proposed order works, separate and apart from the

7     jurisdictional point.

8               I suppose if all of these issues were alive today

9     and you were contending that MOAC was trying to catch

10    Transform in the two-year deadline by raising them

11    improperly, i.e. improperly saying that the sublease

12    couldn't be entered into, I might have jurisdiction, but

13    it's not doing that in the context of the two-year deadline.

14    And so, to me, that doesn't -- because it's waived the two-

15    year deadline and offered up an order as to any other

16    subtenant that would put off that issue for a Court's

17    determination of reasonableness.

18              So I'm just going to throw all that out to you

19    because I think that's what I need you to address.

20              MS. ALBANESE:  Okay.  Thank you, Your Honor.

21              I think it's important to note that they haven't

22    given up on the two-year issue.  They waived it as to this

23    subtenant, but they haven't said that it's satisfied.  And

24    what we're talking about is --

25              THE COURT:  But I don't understand that.  They

1    have said it's satisfied.  They've said that they won't

2    assert that two-year provision as to this subtenant.

3              MS. ALBANESE:  Only as to this subtenant.  And so,

4    the order that they're proposing would actually modify Your

5    Honor's assignment order.  And, you know, from Transform's

6    perspective, that keeps the issue open.  They want a second

7    bite at the apple of adequate assurance of future

8    performance when we've already complied with the plain terms

9    of Your Honor's assignment order.

10              The assignment order is --

11              THE COURT:  It's two different things, so I want

12    to separate them.  First, they're just, I think as to the

13    reasonableness point, they're proposing, and it is actually

14    consistent with my indicative ruling that as to other

15    situations that might arise in the future with other

16    prospective subtenants, the Court is guided by the ultimate

17    purpose of that two-year limitation, which is one that

18    ultimately comes down to what's a reasonable time for

19    Transform to have found a new tenant without improper

20    interference, so I'm not bothered by them offering that up.

21              It seems to me that's consistent with the purpose

22    that I proposed that two-year limitation in the first place.

23              MS. ALBANESE:  And that's exactly like --

24              THE COURT:  And on the second point on the

25    jurisdictional point, I guess I just don't -- I don't see

Page 21

```
 1    how -- it's not a jurisdiction, it's a fact point.  I don't

 2    see how I can say that all of the conditions of that

 3    original Paragraph 17 have been met.  I don't see how I can

 4    do that.

 5              MS. ALBANESE:  It's not all of the conditions that

 6    that original Paragraph 17.  We're here on the two-year

 7    limitation and that's what we're saying to be addressed.

 8              THE COURT:  I understand that.  But again, that

 9    provides that buyer must initially sublet a portion of the

10    premises within two years.  So you're asking me to rule that

11    buyer has actually sublet a portion of the premises within

12    two years.

13              MS. ALBANESE:  Your Honor, that's exactly --

14              THE COURT:  I have a sublease that is subject to

15    conditions.

16              MS. ALBANESE:  But, Your Honor, the assignment

17    order does not say must initially sublet a portion of the

18    designated premises within two years without contingencies.

19    Transform did exactly what it needed to do to address the

20    concerns that Your Honor mentioned by initially subletting,

21    entering into, a signed and valid and binding sublease for a

22    portion of the premises with the subtenant, exactly as

23    Paragraph 17 requires.  The assignment order, as I said,

24    doesn't specify a contingency-free sublease, and that would

25    actually be impossible under the circumstances given the
```

Page 22

1   pending appeal.

2           So it's also worth nothing that I'm sure MOAC

3   knows, contingencies are common in commercial leases, and

4   that's what we have here.  We have a sublease that has some

5   contingencies given the pending appeal.  But we've done what

6   we needed to do under the plain text of Paragraph 17.

7           THE COURT:  But let's just leave it at that then,

8   okay?  Let's assume that's the case.  If that's the case,

9   then that argument is premised upon those contingencies

10  still being open, right, so I wouldn't have jurisdiction to

11  consider those contingencies, right, because Paragraph 17

12  has been satisfied.

13          But you're asking me actually to then go a step

14  further and decide whether those contingencies have occurred

15  or not, right?

16          MS. ALBANESE:  We are not pursuing the master

17  lease compliance issues as I think MOAC refers to them.

18  We're here just to talk about have we met that two-year

19  deadline and not --

20          THE COURT:  All right.  I guess that's fair.

21  There wasn't -- I don't think there was a specific statement

22  in Transform's response that said we're not asking you to

23  determine the compliance issues or the right of first

24  refusal issues.  And I think that's how -- and I think

25  you're right.  I read MOAC's reply to say that you're not

Page 23

1   looking for that anymore.  But I had assumed that Paragraph

2   1 in Transform's proposed order was actually seeking a

3   detrmination that that sublease was effective.

4            MS. ALBANESE:  It's not a back door approval of

5   the master lease compliance issues that we were proposing.

6            THE COURT:  So basically if I entered your order,

7   there would be nothing more for me to do.

8            MS. ALBANESE:  Correct.

9            THE COURT:  Okay.  All right.

10           MS. ALBANESE:  And I think that's an important

11  point, Your Honor.

12           THE COURT:  Okay.  I appreciate that point, and I

13  guess a lightbulb just went off in my head that was just

14  sort of dimly flickering until then.

15           MS. ALBANESE:  That's what every lawyer wants to

16  hear.

17           THE COURT:  All right.  So let me ask you, Mr.

18  Galardi, what's the problem with doing that as long as it's

19  clear and we can make it clear that my entering that order

20  with that paragraph in it doesn't affect any determination

21  on the so-called compliance issues, i.e. whether this is an

22  authorized subtenant and whether the right of first offer

23  was properly exercised.

24           MR. GALARDI:  Because it's just --

25           THE COURT:  That would be left for, you know, a

1      court with non-bankruptcy jurisdiction to decide.

2              MR. GALARDI:  Your Honor, it's exactly what I

3      think Your Honor said: there is no fact to support it.  That

4      particular proposed sublease has a condition that is not

5      satisfied.  Now while there may be other --

6              THE COURT:  But they entered into it.  I mean --

7              MR. GALARDI:  But take, for example, entering into

8      a sublease that says, well, we'll sublease; they did it

9      within two years.  They entered into a sublease and the

10     subtenants says that's great, but I'm going to start the

11     lease year 69.  This provision was not intended to simply

12     say execute a sublease with any conditions.

13             THE COURT:  All right, but that's not what's

14     before me.  I mean, this proposed sublease isn't playing

15     games with the occupancy of the property.  You know, it's

16     not like they're flipping it to another Transform, which,

17     you know, would be using the same type of we'll leave a dark

18     leverage that --

19             MR. GALARDI:  Again, Your Honor, I think this is

20     why we waived the condition, as opposed to prefer that

21     language.  Now I understand Ms. Albanese has now clarified

22     it.  But when you waive a condition, we're not enforcing

23     that they didn't do something in two years, but to say they

24     satisfied that condition with a contingency that is for Your

25     Honor to rule as a matter of fact today didn't --

1          THE COURT:  No.  I'm not going to rule on

2    anything.  They just signed -- they entered into the

3    sublease.

4          MR. GALARDI:  But, again, going back to your

5    order, Your Honor, it says on the condition that it had to

6    be within two years.  If Your Honor is reading your order,

7    to initially sublease means to initially enter into a

8    sublease, as opposed to actually add a sublease of the

9    premises, I understand it.  But I read that to be they

10   actually have a sublessor in the premises or a portion of

11   the premises as of within that two-year period.

12         They don't have that, they can't have it, and the

13   tenant will not take that -- will not be in that premises

14   within the two-year period.  Well, we're willing to waive

15   that, but that is what I think Your Honor's order says.

16   They had to sublet it, actually sublet it, not enter into a

17   sublease.  And you're actually saying they have a lease,

18   they've done it, they've satisfied that condition.

19         THE COURT:  Okay, so I have a proposal for both of

20   you.  And I guess I understand your point, Mr. Galardi, but

21   it seems that if we went with MOAC's proposed order, which

22   would have the waiver in Paragraph 1 and Paragraph 2 with

23   respect to the reasonable time point.  One factor that

24   should be taken into account is the bona fides or not of the

25   designated lease as to reasonableness.

1              MS. ALBANESE:  Your Honor, I think going back to

2    the MOAC order doesn't make sense because, as Your Honor

3    recognized, we have entered into a signed and binding

4    sublease.

5              THE COURT:  Well, I mean, but it's binding with

6    conditions.  I am reluctant to get -- I mean, since you

7    don't want me to determine the -- and I don't think I can

8    given the waiver point, whether those conditions are bona

9    fide or not, that's a back way -- it's a back door way of

10   deciding those conditions.

11             So I think the proper thing to do would be to

12   preserve fully in the order the point you're making, Ms.

13   Albanese, which is this lease may be perfectly -- this

14   current sublease may, in fact, satisfy Paragraph 17.  It

15   didn't have to be waived.  MOAC was giving you ice in winter

16   and, therefore, almost by definition, any future sublease,

17   you know, would be reasonable if it's entered into within a

18   reasonable time -- you know, if it's in light of the

19   arguable compliance with Paragraph 17 now.

20             But to ask me to decide the -- but, see, you're

21   not asking me to decide the compliance issues.

22             MS. ALBANESE:  No, it's just the narrow question.

23   It's just the narrow question of was there an initial

24   sublease within the two-year period, and the answer is yes.

25   And so, everything else is not on --

1           THE COURT:  But I think to answer that question, I

2   would have to delve into whether the sublease is, you know,

3   bona fide, is it real, does it create a --

4           MS. ALBANESE:  Yes.

5           THE COURT:  -- series of or any conditions that

6   just never would be granted, in essence, you know, is

7   entered into by Transform just to create optionality, you

8   know.  Those are all, I think, fair points for MOAC to

9   raise.  I read the sublease months ago now and, frankly, it

10  didn't seem to be that type of agreement, but that's not

11  dealt with me, and the parties aren't proposing to deal with

12  that by me.

13          MS. ALBANESE:  I think that's all -- I'm sorry, go

14  ahead.

15          THE COURT:  I think what you're saying is I should

16  define the term, enter into a sublease.  I'm sorry, let me--

17          MS. ALBANESE:  Initially sublet.

18          THE COURT:  Initially sublet to mean enter into a

19  sublease or it could mean initially start an actual lease.

20  And I don't think -- to me, I understand your argument and I

21  agree with it, that it doesn't mean actually, you know,

22  start the lease so that the keys are turned over, possession

23  is granted, et cetera.

24          On the other hand, I agree with Mr. Galardi that

25  if you just read it to mean enter into a sublease, that's

1    too broad because that could be a sham lease; it could be

2    subject to conditions that everyone knows could not be

3    satisfied.

4           So I think that the proper result here would be to

5    defer on that issue for a later date if it ever arises,

6    which is whether the entry into the designated lease, just

7    the entry into it, satisfies Paragraph 17 or, alternatively,

8    there's an argument to be made that such a lease -- that

9    lease in particular rather was not one that would be, you

10   know, a bona fide transaction.

11          So I think the language in the MOAC order

12   Paragraph 1 should stand, and Paragraph 2 should be revised

13   to reflect that that issue is a gloss in which the Court

14   would be determining reasonableness for any future lease if

15   the designated lease is not actually one that the parties to

16   that lease actually enter into and perform.

17          MS. ALBANESE:  Your Honor, what MOAC's order is

18   doing, and by convincing you that you meant something more

19   than I think the parties believe that you meant when you

20   came up with the adequate assurance of future performance

21   requirement, is getting themselves a free auction without a

22   bond to potentially deprive Transform of the designated

23   lease after it will have prevailed all the way up to the

24   Supreme Court.

25          THE COURT:  Well, no, because -- first of all, as

Page 29

1    far as the designated lease is concerned, that's not true

2    because they're saying that they're not applying the two-

3    year period to the designated lease.

4            MS. ALBANESE:  Well, they say they're reserving on

5    the issue of the validity of the subtenant.

6            THE COURT:  Well, yes, but not as to the two-year

7    period.

8            MS. ALBANESE:  Right.  But now they're saying that

9    they're going to have an additional two-year period when the

10   purpose of the initial sublet provision was to ensure that

11   Transform didn't sit on its hands.  So we've done we need --

12           THE COURT:  But, look, I've said this again, but

13   I'll use that language.  It may well be that Transform

14   didn't sit on its hands, that it entered into a bona fide

15   sublease and the provision Paragraph 17 was therefore

16   complied with.

17           On the other hand, it is certainly conceivable to

18   me that there is a condition in that lease, which I have not

19   studied and which the parties have not really briefed

20   because these other issues came up, that means that the

21   lease is really illusory and it was just meant to satisfy

22   this provision, so that in the future, Transform could do

23   whatever it wants with the property, including leave it

24   vacant for the next 60 years.

25           No one has asked me to rule on that issue, and I

1    think it's proper that that issue be reserved in Paragraph 2

2    of the order in the event that the designated lease doesn't

3    go effective.  The designated lease could go effective four

4    years from now, and it doesn't matter because they've waived

5    the two-year condition.  If it doesn't go effective four

6    years from now, you can argue to me that it was a valid

7    lease and there really was no -- nothing illusory about it.

8    Transform had done everything that it could do; it wasn't

9    sitting on its hands.

10            And the new lease it's entering into is the same

11   way, so it's reasonable.  And, of course, it won't be to me,

12   it'll be to some other bankruptcy judge, but that's why I

13   think the order needs to make it clear that your argument

14   that the designated lease complied with the two-year

15   provision is a key element of any future determination as to

16   whether the new lease in Paragraph 2 is within a reasonable

17   time.

18            I think that's a fair resolution to this and it

19   doesn't -- and it's consistent with the parties not now

20   neither of them asking me to determine the bona fides of the

21   sublease.

22            MS. ALBANESE:  I have some concern, Your Honor,

23   with leaving open the question of a reasonable time, because

24   I think the Court can decide today that two years continues

25   to be a reasonable time to replace a subtenant if Transform

Page 31

1    loses the current subtenant due to MOAC's proceedings.  You

2    know, it's impossible to say what the market will look like

3    and what obstacles Transform will face.

4              THE COURT:  I mean, I'm looking at this language

5    again.

6              MS. ALBANESE:  Yeah.  It's just got reasonableness

7    all over the place.

8              THE COURT:  Let me look at it.

9              MS. ALBANESE:  Okay.

10             THE COURT:  I thought I had it here.  So you're

11   focusing on the which period shall not exceed two years.

12             MS. ALBANESE:  Yeah.  Given the parties' history,

13   Your Honor, the language in this order basically guarantees

14   that the parties will be back here arguing about whether 200

15   or 500 or 730 days is a reasonable subsequent sublease

16   period.  And as Your Honor noted, it won't be you who is

17   hearing it and dealing with that, but that is definitely

18   going to be a dispute that the parties have to face, so

19   better to prep that out and say that it's two years now.

20             Transform has been nothing but diligent and will

21   continue to be diligent, but there's no reason to deprive

22   them of the time in which they previously had to find a

23   subtenant which, as we've said, we've done.

24             MR. GALARDI:  Your Honor, if I may just briefly.

25   One, as Your Honor I think acknowledged before, they have

Page 32

1    been marketing it, they still are marketing it, and they

2    still are marketing it because they know that there is this

3    litigation contingency.

4         Our concern is to just simply automatically add

5    another two years when that was as a result of some

6    statement made on the record.  And I do think we should have

7    a standard of reasonable, and if there is a concern during a

8    time period, they can certainly come back.  This is for our

9    protection.  Two years is likely to pass, and we would like

10   to be able to say no greater than two years but a reasonable

11   period, leaving it to the facts and circumstances, and

12   again, as long as we do not interfere.

13        THE COURT:  Okay.  So this is how I'm going to

14   deal with the order, and it would use the form proposed by

15   MOAC keeping Paragraph 1.  And as far as Paragraph 2 is

16   concerned, picking up with the second sentence, I would say,

17   all parties rights are reserved regarding such reasonable

18   time period following the conclusion of such appeals, which

19   period shall not exceed two years following the conclusion

20   of such appeals on the condition that -- you know, on the

21   foregoing condition, i.e. the non-interference condition,

22   provided that the subletting within one year is reasonable,

23   and such interpretation of reasonableness for the period

24   between one year and two years shall be made in the light of

25   the purpose of the two-year limitation in Paragraph 17 of

1    the assumption and assignment order as construed by the

2    Court in its indicative ruling, and in the light of the

3    Court's assessment of the bona fides of the designated lease

4    -- I guess you defined as the proposed sublease -- of the

5    proposed sublease and whether Transform's entry into it

6    already satisfied Paragraph 17.

7              You could probably wordsmith that a little better,

8    but that's the idea.

9              So Ms. Albanese's argument is not only fully

10   preserved but it's actually front and center, as well as the

11   purpose of the time limit as originally provided with some

12   parameters around it.  And I'm doing that because it really

13   is the timing issue that, as I said in the transcript for

14   the February 24 hearing, the jurisdictional hook for

15   Bankruptcy Court jurisdiction here.

16             I believe given the nature of this dispute, which

17   is between two non-debtors in respect of an already assumed

18   and assigned lease, the only basis for jurisdiction would be

19   a request to interpret and enforce my order, and that comes

20   down to the temporal provision in Paragraph 17.

21             The parties I think have come to the point where

22   that temporal provision is appropriately construed and

23   construed and consistent with the remand because that's also

24   a limitation on my jurisdiction.  I can't go beyond the

25   remand, which was really the deal with my indicative ruling,

1    which again, dealt with two points: first, the designated

2    lease or the specified lease, as it's defined in the MOAC

3    form of order and, second, what happens if, for some reason,

4    that lease falls through, and not a determination of the

5    bona fides or the conditions to that lease, that designated

6    lease.

7            So that distinguishes this case once the temporal

8    issue is dealt with from Traveler's Indemnity Company v.

9    Bailey, 552 U.S. 137, 151 (2009), In re Petrie Retail, Inc.

10   304 F.3d 223 (2d Cir. 2002).  Judge Gerber's lengthy

11   discussion of subject matter jurisdiction in In re Motors

12   Liquidation  Co., 514 B.R. 377, 379 *8 (Bank. S.D.N.Y.

13   2014), affirmed A29 F.3 135 (2d Cir. 2016), and also his

14   discussion in In re. Ames Department Stores, Inc., 317 B.R.

15   260 (Bankr. S.D.N.Y. 2004).  In those orders, the Court was

16   construing a previous ruling.

17           Here, the only previous ruling I'm even construing

18   is that temporal limitation in Paragraph 17, which this

19   order would do.  And once that is done, I don't believe I

20   have arising in jurisdiction under 28 U.S.C. 1334.  The

21   dispute would have existence outside of the bankruptcy in

22   that it's a lease dispute, not a dispute over the meaning of

23   my order.

24           You can read the formulation of arising in

25   jurisdiction in Baker v. Simpson, 613 F.3d 346, 351 (2d Cir.

Page 35

1    2010), and other cases as creating a but for the bankruptcy,

2    there wouldn't be this dispute.  But I don't think that's

3    the right way to take it because obviously things happen in

4    a bankruptcy like a sale, and yet, it's well recognized that

5    disputes that arise because a sale occurred, i.e. between

6    the new owner and somebody, could arguably be but for the

7    bankruptcy because the new owner wouldn't have owned the

8    property but for it, but that's not enough.

9              I appreciate I don't think the Second Circuit has

10   ruled as explicitly as the First Circuit on this, but I

11   would follow the discussion in Gupta v. Quincy Medical

12   Center, 858 F.3d 657, 663-65 on this (1st Cir. 2017), that

13   this dispute would arise only in the context of a

14   bankruptcy.  So, for example, if the parties had reserved

15   for a future day determination of cure, that would -- well,

16   it would probably arising under as well, but that would be

17   arising in, for example.

18             While this Supreme Court and the Circuit's

19   definition of related to jurisdiction is quite broad, the

20   conceivable effect test laid out in Celotex Corp v. Edwards,

21   514 US 300, 308 *6 (1995) and by the Circuit in SPV Osus Ltd

22   v. UBS AG, 882 F.3d 333, 340-342 (2nd Cir. 2018).

23             Here, the sale has already happened, and no one

24   has really expressed to me how this dispute has a

25   conceivable effect on the estate.  Moreover, it's a post-

1    confirmation dispute, and it's clear that the Bankruptcy

2    Court's jurisdiction is narrowed at that point unless it's

3    interpreting its own order.

4             The Circuit reserved whether the requirement of a

5    close nexus to the plan or integral provisions of documents

6    integral to the plan applies to core proceedings, as opposed

7    to just related proceedings.  But at best, this would be

8    just a related to proceeding and not a core proceeding.  So

9    post-confirmation, I don't see a basis for jurisdiction on a

10   subject matter basis, given the order proposed by MOAC and

11   as modified by as set forth herein.

12            I saw, and maybe I should get his agreement to

13   this, that those modifications are acceptable to Mr.

14   Galardi.  I saw you nodding your head, but are those

15   modifications acceptable?

16            MR. GALARDI:  Yes, Your Honor, they are

17   acceptable.

18            THE COURT:  Okay.  And as far as the post-

19   confirmation jurisdiction point, see Vanguard Products Corp.

20   v. Citrin (In re Indicon, Inc.), 645 F.App'x 39 *1 (2d Cir.

21   4/4/2016), where the Circuit says it's going to leave open

22   whether the close nexus test applies in core proceedings as

23   well as non-core because it didn't need to so there because

24   there was just non-core related to jurisdiction, which was

25   also the issue in CDR Creances S.A.S. (In re Euro-American

Page 37

 1    Lodging Corp), 549 F.App'x 52 (2d Cir. 2014).  See also

 2    (indiscernible) 2021 U.S. District Lexis 224031 at *6-7

 3    (S.D.N.Y. 11/17/2021) as far as the articulation of the

 4    close nexus case.

 5               I know that Transform has stated that you can't

 6    waive your way out of a dispute, citing Lewis Bros. Bakeries

 7    Inc. v. Interstate Brands Corp. (In re Interstate Bakeries

 8    Corp), 751 F.3d 955, 960 (8th Cir. 2013).  But that's true

 9    only where the waiver doesn't resolve the precise issue

10    before the Court, as noted by the Circuit in that ruling.

11               And here, again, the precise issue really is, as

12    set forth on the remand, which is what was the meaning and

13    intention of the temporal limitation in Paragraph 17, and

14    the waiver addresses that as to the immediate dispute over

15    the designated lease, and also I think for future purposes

16    addresses it for other potential subleases that would come

17    up in the future.  And I think now that I've heard Ms.

18    Albanese's argument and considered it carefully, takes that

19    argument into account in that context.

20               So that's the order that I'll enter here, and I

21    think that does, in fact, dispose of the remand, so I think

22    you should give that order, or at least make the Circuit

23    aware of it and it probably should be on the record to the

24    Supreme Court if cert is granted.

25               I'll ask Mr. Galardi to mark up the order

Page 38

1    consistent with how I've ruled, and you should run it by Ms.

2    Albanese to make sure that -- to give her the chance to make

3    sure it's consistent with my ruling, and then email it to

4    chambers.

5            MR. GALARDI:  Will do, Your Honor.  Thank you very

6    much.

7            THE COURT:  Very well.  Thank you.

8            MS. ALBANESE:  Thank you, Your Honor.

9            THE COURT:  Okay.

10           (Whereupon these proceedings were concluded at

11    11:21 AM)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 39

1                    C E R T I F I C A T I O N

2

3          I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6

7

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  March 28, 2022