**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (VINCENZO D'ANGELO)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Vincenzo D'Angelo (the "**Claimant**"). The Debtors and the Claimant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

A.     On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B.     On December 28, 2017, Claimant commenced an action styled *D'Angelo, Vincenzo v. Lipinski, Robert, et al.*, (HHDCV-18-6087257-S) pending in the Hartford Superior Court, in Connecticut (the "**State Court Action**"), alleging claims arising from a motor vehicle accident that occurred on February 9, 2016 (the "**Auto Accident**").

C.     The defendant in the State Court Action is not a Debtor.  The vehicle driven by the defendant in the State Court Action is owned by a non-Debtor party; however, such vehicle was insured by the Debtors.  The Debtors maintain motor vehicle insurance with ACE American Insurance Company, Policy No. No. ISAH08859024 (together with any applicable excess and umbrella policies, the "**Insurance Policies**")

D.     On July 2, 2021, Claimant completed an inquiry form pursuant to the *Order Approving Procedures for Modification of the Automatic Stay Under Certain Circumstances* [ECF No. 2720] seeking relief from the automatic stay to pursue any available proceeds under the Insurance Policies.

E.     The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

2

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.    Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Claimant to continue the State Court Action to recover from the Insurance Policies; <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any other Debtor that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.    As of the Effective Date, the Claimant hereby agrees to waive any right to recovery in the State Court Action against any of the Debtors, including Sears, and any other party that may assert indemnification claims against the Debtors, including any prepetition claims, and shall be limited exclusively to obtaining any recovery in the State Court Action from the proceeds of the Insurance Policies, as provided in Paragraph 2 herein.

4.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation.  Section 1542 of the California Civil Code reads as follows:

3

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

5.      The Claimant acknowledges that, in accordance with the *Order (I) Establishing Deadline to Filed Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.C.S.C § 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* [ECF No.2676] the Claimant is forever barred and estopped from filing any proofs of claim relating to the State Court Action or otherwise asserting any claims against Sears or the other Debtors relating to the State Court Action.

6.      The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-Debtor affiliates regarding any claim or cause of action arising from or in relation to the State Court Action or any other matter.

7.      Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

8.      To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend,

settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

9.      Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* [ECF No. 792].

10.     This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11.     Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13.     This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors, and any authorized assigns.

WEIL:\98202242\3\99910.F766

15.    This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

16.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

(*Signature Page Follows*)

6

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of

the day and year first below written.

Dated:  March 21, 2022                          Dated:  March 21, 2022

By:    */s/ Jacqueline Marcus*            By:    */s/ Joseph W. Bibisi*
        Jacqueline Marcus                          Joseph W. Bibisi
        Garrett A. Fail                            McVane, Bellobuono, Kuzmak, Wiezalis
        Sunny Singh                                & Bibisi, LLP
        WEIL, GOTSHAL & MANGES LLP                 801 Maple Avenue
        767 Fifth Avenue                           Hartford, CT 06114
        New York, NY 10153                         Telephone: (860) 956-0043
        Telephone:  (212) 310-8000                 Facsimile: (860) 956-4134
        Facsimile:  (212) 310-8007

        *Attorneys for Debtors*                    *Attorney for the Claimant*
        *and Debtors in Possession*

**SO ORDERED**

Dated:  March 30, 2022
          White Plains, New York

                          */s/Robert D. Drain*
                          THE HONORABLE ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE

7