UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |

**ORDER ON LIMITED REMAND FROM SECOND CIRCUIT REGARDING
ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASE
WITH MOAC MALL HOLDINGS LLC AND (II) GRANTING RELATED RELIEF**

Upon the Order entered on February 16, 2022 by the United States Court of Appeals for the Second Circuit (the "Remand Order"), which pursuant to Federal Rules of Appellate Procedure 6 and 12.1 remanded to this Court for the limited purpose of ruling on the issue of the two-year deadline contained in this Court's Order (I) Authorizing Assumption and Assignment of Lease with MOAC Mall Holdings LLC and (II) Granting Related Relief (Dkt. No. 5074) (the "Assignment Order"); and the Court having entered the Assignment Order providing, among other things, that "the Buyer must initially sublet a portion of the premises for the Designated Lease within two years, on the condition that the counterparty to the Designated Lease does not

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

improperly interfere with the Buyer's attempt to sublet the premises for the Designated Lease" (Assignment Order ¶ 17) (the "Adequate Assurance Sublet Deadline"); and MOAC Mall Holdings LLC ("MOAC") having appealed the Assignment Order; and during the pendency of that appeal, the Second Circuit having entered an Order on August 17, 2021 (the "Tolling Order") that granted the motion of Transform Holdco LLC ("Transform") to toll the Sublet Deadline until sixty days after the Second Circuit entered its decision regarding the appeal of MOAC; and the Second Circuit having issued its Summary Order deciding MOAC's appeal on December 17, 2021; and Transform having filed a Motion to Enforce the Assignment Order (the "Motion to Enforce") (Dkt. No. 10194) in which it identified a certain proposed sublease (as filed under seal as Exhibit C to the Motion to Enforce, the "Proposed Sublease"); and this Court having issued an indicative ruling regarding the Adequate Assurance Sublet Deadline during oral argument on the Motion to Enforce on January 20, 2022; and Transform having filed an Emergency Motion to Clarify Certain Issues Pending MOAC's Petition for Writ of Certiorari in the Second Circuit (the "Emergency Motion") on February 4, 2022; and the Second Circuit having issued the Remand Order; and the Court having conducted a hearing concerning the Remand Order on March 25, 2022; and upon the record of such hearing, including the agreements and representations stated thereon; and after due deliberation and sufficient cause appearing for the reasons stated by the Court at the hearing,

**IT IS HEREBY ORDERED:**

1. By agreement of MOAC, the Adequate Assurance Sublet Deadline contained in the final sentence of paragraph 17 of the Assignment Order shall not apply to the Proposed Sublease.

2. The Adequate Assurance Sublet Deadline is hereby amended and clarified, and superseded in its entirety, as follows:

        In the event that the Proposed Sublease (as defined in this Order) is not consummated, the Buyer must initially sublet a portion of the premises for the Designated Lease within a reasonable time following the conclusion of MOAC's appeals of the Assignment Order, on the condition that the counterparty to the Designated Lease does not improperly interfere with the Buyer's attempt to sublet the premises for the Designated Lease. All parties' rights are reserved regarding such reasonable time period following the conclusion of such appeals, which period shall not exceed two years following the conclusion of such appeals; *provided* that if the Buyer initially sublets a portion of the premises for the Designated Lease within one year following the conclusion of MOAC's appeals, such sublease shall be deemed to be within a reasonable time period; and, *provided further*, that if the Buyer initially sublets a portion of the premises for the Designated Lease after one year, but before two years, following the conclusion of MOAC's appeals, the Court's determination of what constitutes a reasonable time period shall be made in consideration of (i) the purposes of the Adequate Assurance Sublet Deadline as construed in the Court's indicative ruling on the record of the January 20, 2022 hearing, and (ii) the Court's assessment of the *bona fides* of the Proposed Sublease and whether the Proposed Sublease itself satisfied the Adequate Assurance Sublet Deadline. In the event that the Proposed Sublease is not consummated and there is a dispute over a reasonable time period, this Court will retain exclusive jurisdiction to resolve such dispute, consistent with the preceding sentence, upon an appropriate motion by either party.

3.      This Order does not impact or impair MOAC's rights to object to or contest the Proposed Sublease on any grounds other than that the Proposed Sublease does not comply with the Adequate Assurance Sublet Deadline.

Dated: April 7, 2022  
      White Plains, New York

*/s/ Robert D. Drain*  
THE HONORABLE ROBERT D. DRAIN  
UNITED STATES BANKRUPTCY JUDGE