Presentment Date and Time: April 15, 2022 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 14, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jared R. Friedmann

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :    Case No. 18-23538 (RDD)
                                                            :
        Debtors.¹                                           :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

# NOTICE OF PRESENTMENT OF
# STIPULATION, AGREEMENT, AND ORDER
# <u>GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement and Order Granting Limited Relief from the Automatic Stay* (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **April 15, 2022 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **April 14, 2022 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Stipulation, a hearing will be held on a date **to be determined** (the "**Hearing**") to consider the Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: April 7, 2022
      New York, New York

    /s/ *Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jared R. Friedmann

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit 1

**Stipulation**

WEIL:\98576371\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
                    Debtors.[1]                             :    (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (IAN M. QUARMBY)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Ian M. Quarmby ("**Claimant**"). The Debtors and the Claimant collectively are referred to in this Stipulation as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On August 6, 2018, Claimant allegedly sustained injuries while operating a Craftsman table saw, Model No. 137.415030, Seral No. RVU 4109 (the "**Table Saw**"), purchased by Sears from Rexon Industrial Corp., LTD. ("**Rexon**"). Plaintiff has also sued Power Tool Specialists, Inc. ("**PTS**" and, together with Rexon, the "**Rexon Parties**"), a wholly owned subsidiary of Rexon.

C. On January 12, 2022, Claimant commenced an action styled *Ian M. Quarmby v. Sears Holdings Corporation, et al.* (Case No. E176631/2022) in the Supreme Court of the State of New York for Niagara County (the "**Action**"), seeking damages from Sears arising from the alleged injuries sustained in connection with the Claimant's use of the Table Saw.

D. Pursuant to an indemnity contract (the "**Indemnity Contract**") between Sears and Rexon, Sears tendered a request for defense of the Action to Rexon on February 10, 2022. Rexon accepted the tender of Sears' defense of the Action.

E. Rexon or the Rexon Parties removed the Action to the United States District Court for the Western District of New York, index number 22-cv-189 (LJV) (the "**Federal Court Action**").

F. Sears subsequently filed a motion to dismiss in the Federal Court Action (the "**Motion to Dismiss**"), seeking dismissal on the basis that the Action was and is void *ab initio*

because it was commenced without first seeking and obtaining an order of the Bankruptcy Court lifting and modifying the Automatic Stay.

G. In light of the Motion to Dismiss, and in order to obviate the same, Claimant seeks to discontinue the Federal Court Action as against Sears and the Rexon Parties without prejudice and to refile a new action against Sears and the Rexon Parties in New York State Supreme Court (the "**New Action**") following the Effective Date (defined below).

H. Claimant has agreed to limit his recovery against Sears to the insurance coverage made available by the Rexon Parties and their insurers pursuant to the terms of the Universal Terms and Conditions agreement between Rexon Industrial Corp. Ltd. and Sears dated May 28, 2009.

I. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Claimant to (i) take all steps necessary to dismiss the Federal Court Action without prejudice; and (ii) file, serve, and prosecute the New Action against Sears and the Rexon Parties to the extent of available insurance coverage or indemnity by or through the Rexon Parties or the Rexon Parties' insurer(s), and, to the extent the Claimant is successful, to obtain recovery from the Rexon Parties or their insurer(s), to the extent such proceeds are determined to be

3

available.  Under no circumstances shall the Claimant be entitled to recover from the Debtors' estates directly; *provided*, that the Automatic Stay shall be modified only to the extent all costs and expenses associated with such relief are covered by either the Rexon Parties or the Rexon Parties' insurer(s); *provided further*, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any other Debtor that was or could have been commenced prior to the Commencement Date, and prohibiting the Claimant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.  For the avoidance of doubt, and the Automatic Stay shall remain in place to the extent the Debtors are required to incur any legal fees or expenses in connection with defending the Action.

3. Upon receipt of the Summons and Complaint in the New Action, the Debtors agree to tender the Defense and Indemnification to the Rexon Parties and their insurance companies pursuant to the Universal Terms and Conditions of the agreement dated May 28, 2009.

4. As of the Effective Date, the Claimant hereby agrees to limit his right to recovery in the New Action against Sears and the other Debtors and any other party that may assert indemnification claims against the Debtors, including any prepetition claims, to the available insurance coverage and the Rexon Parties or any applicable insurance held by the Rexon Parties, as provided in Paragraph 2 herein.

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims,

4

injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6. Nothing contained herein shall be construed as a waiver by any of the Debtors of their right to object to any and all proofs of claim relating to the Action or any other pending prepetition action to which the Debtors are a party that may be filed by the Claimant in the Chapter 11 Cases.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Action or any other matter.

8. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claims.

9. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Claimant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle,

5

and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

10. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

16.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*(Signature Page Follows)*

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: April 7, 2022

By: */s/ Jacqueline Marcus*
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: April 7, 2022

By: */s/ Richard P. Amico*
Richard P. Amico
THE BARNES FIRM
28 East Main Street, Suite 600
Rochester, NY 14614
Telephone: (585) 699-2464

*Attorneys for Claimant*

**SO ORDERED**

Dated: _____, 2022
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

8