UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                                            :
                                                                 :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                            :
                                                                 :   Case No. 18-23538 (RDD)
                                                                 :
Debtors.[1]                                                      :   (Jointly Administered)
-----------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (PUGH CLAIMANTS)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Charles Pugh, Nicole Pugh, Jack Pugh, Sam Pugh, and Charles F. Pugh (collectively, the "**Pugh Claimants**"). The Debtors and the Pugh Claimants collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On December 13, 2016, the Pugh Claimants commenced an action styled *Pugh v. Electrolux Home Products, Inc., et al.*, pending in the Circuit Court of Christian County in the State of Illinois, Case No. 2016-L-3 (the "**Illinois Action**"), seeking damages from, among others, (i) Sears, Roebuck and Co. and A&E Factory Service, LLC (together, the "**Debtor Defendants**"), and (ii) non-Debtor defendant HomeDeliveryLink, Inc. ("**HDL**"), arising from the alleged injuries sustained by the Pugh Claimants in connection with the March 31, 2010 delivery and alleged faulty installation of a Kenmore oven unit.

C. The Pugh Claimants filed the following proofs of claim in the Chapter 11 Cases (together, the "**Pugh Proofs of Claim**"): (i) a $5,000,000 general unsecured claim asserted against Sears (Claim No. 6320); and (ii) a $5,000,000 general unsecured claim asserted against A&E Factory Service, LLC (Claim No. 9087).

D. On December 11, 2018, the Pugh Claimants filed the *Motion Of Charles Pugh, Nicole Pugh, Jack Pugh, Sam Pugh, And Charles F. Pugh For Relief From The Automatic Stay Or, In The Alternative, For Abstention* (ECF No. 1148) (the "**Stay Relief Motion**"), seeking, among other things, modification of the Automatic Stay (defined below) to permit the Illinois Action to proceed as to all defendants. Shortly thereafter, the Parties agreed to adjourn the hearing before the Bankruptcy Court on the Stay Relief Motion indefinitely pending a determination of

2

whether HDL would accept tender of defense on behalf of the Debtor Defendants in the Illinois Action.

E. Pursuant to that certain Home Delivery and Carrier Agreement (the "**Indemnity Contract**") between the Debtor Defendants and HDL, dated July 23, 2007, Sears tendered a request for defense of the Illinois Action to Chubb North American Claims, which handles claims on behalf of Chubb Custom Insurance Company (together, "**Chubb**"), as the primary insurer for HDL on June 28, 2017.

F. On November 18, 2019, Chubb provided notice to the Debtor Defendants accepting tender of defense in the Illinois Action; *provided*, that Chubb reserves its rights to revoke acceptance of its tender pending a determination in the Illinois Action of whether HDL's conduct gives rise to an indemnity obligation under the Indemnity Contract.

G. Claimant has agreed to limit his recovery against Sears to the insurance coverage made available by HDL and Chubb under the Indemnity Agreement.

H. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Pugh Claimants to prosecute the Illinois Action against the Sears

Defendants and HDL to the extent of available insurance coverage or indemnity by or through HDL or Chubb, and, to the extent the Pugh Claimants are successful, to obtain recovery from HDL or its insurer(s), to the extent such proceeds are determined to be available. Under no circumstances shall the Pugh Claimants be entitled to recover from the Debtors' estates directly; *provided*, that the Automatic Stay shall be modified only to the extent all costs and expenses associated with such relief are covered by either HDL or HDL's insurer(s), including Chubb; *provided further*, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any other Debtor that was or could have been commenced prior to the Commencement Date, and prohibiting the Pugh Claimants from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of the estate of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. For the avoidance of doubt, the Automatic Stay shall remain in place to the extent the Debtors, including the Debtor Defendants, are required to incur any legal fees or expenses in connection with defending the Illinois Action.

3. As of the Effective Date, the Pugh Claimants hereby agree to limit their rights to recovery in the Illinois against the Debtor Defendants and any other party that may assert indemnification claims against the Debtors, including any prepetition claims, to the available insurance coverage and HDL or any applicable insurance held by HDL, as provided in Paragraph 2 herein.

4. As of the Effective Date, any and all proofs of claim (including but not limited to the Pugh Proofs of Claim) filed by the Pugh Claimants shall be deemed withdrawn with prejudice and the Pugh Claimants shall be forever barred and estopped from filing any further proofs of

4

claim relating to the Illinois Action or asserting otherwise any claims against the Debtors relating to the Illinois Action.

5. Within five (5) business days of the Effective Date, the Pugh Claimants shall withdraw the Stay Relief Motion without prejudice.

6. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7. Nothing contained herein shall be construed as a waiver by any of the Debtors of their right to object to any and all proofs of claim relating to the Illinois Action or any other pending prepetition action to which the Debtors are a party that may be filed by any of the Pugh Claimants in the Chapter 11 Cases.

8. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Illinois Action or any other matter.

9. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Pugh Claimants against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any

defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Pugh Claimants' claims.

10. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to the Pugh Claimants' claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

11. Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

12. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

13. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

14. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

15. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

16. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

17. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

18. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*(Signature Page Follows)*

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: May 2, 2022

By: /s/ Jacqueline Marcus
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: May 2, 2022

By: /s/ David A. Rolf
David A. Rolf
Patrick M. Ryan
SORLING NORTHRUP
1 North Old State Capitol Plaza
Suite 200
Springfield, IL 62705
Telephone: (217) 544-1144
Facsimile: (217) 522-3173

*Attorneys for Pugh Claimants*

**SO ORDERED**

Dated: May 11, 2022
White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE