IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) <br> ) <br> Sears Holdings Corporation, et al., ) <br> Debtors. ) <br> ) <br> vs. ) <br> ) <br> Kmart Holding Corporation, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Grace and Son Construction Company of ) <br> Greenville, Inc. ) <br> Defendant. ) | SUPPLEMENTAL ANSWER <br><br> Chapter 11 <br> Case No. 18-23538-RDD <br> (Jointly Administered) <br><br><br> Adv. No. 19-08432 |

Pursuant to Federal Rules of Civil Procedure Rule 15(a)(1) and (2), Defendant hereby supplements It's Answer and Response to the Complaint of the Debtors and Plaintiff:

SUPPLEMENTAL ANSWER AND RESPONSE

Upon information and belief the Bankruptcy of the Debtors and Plaintiff was filed October 15, 2018, the preference period is alleged to by "ninety (90) days" prior to the filing of the Petition for Bankruptcy. Further, if accepted as correct, the ninety day period would be July 17, 2018 to October 15, 2018.

This is alleged to be an "Adversay Proceeding".

"Antecedent debt" is an obligation, and or a debt of the Debtors that was incurred, and owed before the transfer was made that satisfied the account or obligation.

Check was dated July 27, 2018 for previously completed construction which was completed May 17, 2018. The check was approved by Sears July 25, 2018.

Defendant did not know of any insolvency of the Debtor, and or the Plaintiff. Factors under 11 U.S.C. 547: Defendant completed the construction May 17, 2018 Debtor Plaintiff did not pay per the invoice.

Defendant is a licensed General Contractor for commercial and industrial construction.

The Defendant's business is "metal building repair", and subcontracts out all the jobs. The business is repair work to metal buildings of previous customers, one of which rented the building, being repaired, to sears.

Defendant only works for businesses that Defendant had previously built buildings for, and Defendant was requested by the owner of the building that was rented to Sears, to assist Sears with the Dock Shelters at 104B North King Court, Greenville, South Carolina.

Defendant was requested by the Landlord to give "Sears" a "quote" on dock shelters at the Greenville, SC warehouse. The request was the first, and the only request from Sears, and was by "purchase order" with Sears, for material costs ($16,663.25) for the "purchase order" of $21,289.00. Defendant installed five (5) loading dock shelters on the rented space for Sears, Per the Purchase Order dated 3-30-2018.

This is the only project for Sears, and Defendant had to be added as a vendor for this project.

The ten largest customers of Grace and Sons: 1. Tucker Materials, Greenville, S. C. 2. Alice Manufacturing, Easley, S. C., 3. North King Road Properties, Greenville, S. C., 4. Jimmy Hack Golf LLC, Easley, S. C., 5. Integrated Automation, Easley, S. C., 6. Grace Office Park LLC, Easley, S. C., 7. Pilkington Glass, Greenville, S. C., 8. Enstrac Corporation, Mauldin, S. C., 9. Sears Holding Corp., ????., 10. Lindsey Electric, Greenville, S. C. In order of amounts for each job.

Was the payment (transfer) of the debt owed for the benefit of the creditor: Yes
Was the payment (transfer) on account of a prior existing debt: No.

Was the debtor insolvent at the time of transfer: not in the knowledge of the Defendant. Section 547(f) the debtor is considered insolvent during the 90 day period. But the Trustee must still prove that the Debtor Plaintiff was insolvent. Was the payment (transfer) within 90 days preference time: Yes? Possible fraud by Debtor Plaintiff as payment was to have been made by the time frame of the invoice. Section 101(32)(A) what is insolvency? Here Debtor Plaintiff paid, and the payment was processed as valid.

Transaction was within the ordinary course of business, because of the terms that were consistent with the credit agreement. The payment was for construction that was received by Debtor Plaintiff, and the payment was near simultaneous for the value of the receipt of the construction.

Defendant further has shown the payment for the construction was "in the ordinary course of business" as the billing, and the payment were as the Defendant has done business, with Defendants customers. The delay in the payment is also consistent with the actions of the Debtor Plaintiff as understood by Defendant.

The Defendant states that upon information and belief the Debtor Plaintiff was solvent, or the Debtor Plaintiff did not inform Defendant of any insolvency to wit: Debtor Plaintiff paid the Defendant.

The transfer was made in the ordinary course of business of the transferee, the Defendant. The Debtor Plaintiff engaged the Defendant to do construction at a place of business owned, or in possession of the Debtor Plaintiff. Upon information and belief, Debtor Plaintiff paid the Debtor Plaintiff's bills/invoices in a manner that the Debtor Plaintiff used to pay it's bills, invoices, and or statements.

Debtor Plaintiff issued a Purchase Order "PO" dated February 30, 2018. payment terms "standard" with due date 3/30/2018. Transfer deposited August 21, 2018. "PO" dated 4-4-18 by Sears. Invoice date for Arbon Equipment Corporation, 5-09-2018, this was paid By Grace and Son Construction Inc. for the dock shelter materials.

Bankruptcy Trustee Complaint dated November 24, 2020, over two years from the filing of the Bankruptcy. So, Section 546(a) this kind of action may not be started after the earlier of: I. The later of (a) two (2) years after the entry of the order for relief or (b) one (1) year after the appointment or election of the first trustee; or ii.

The time the case is closed or dismissed. Filing of Bankruptcy of Debtor Plaintiff was October 15, 2018 obviously over two (2) years after the filing.

Defendant billed Debtor Plaintiff May 17, 2018. Payment due date July 17, 2018, and check was dated July 27, 2018; no time period on invoice.

TITLE II – BANKRUPTCY CHAPTER 5 – CREDITORS, THE DEBTOR AND THE ESTATE SUBCHAPTER III – THE ESTATE: Section 547. Preferences:

(c) Trustee may not avoid under this section a transfer-(1) to the extent that such transfer was – (A) intended by the debtor and the creditor to, or for whose benefit such transfer was made to be a contemporaneous exchange for new value give to the debtor; and (B) in fact a substantially contemporaneous exchange.

Or (2) to the extent that such transfer was – (A) in payment of a debt incurred by the debtor in the ordinary course of business, or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business, or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms.

Or (3) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to, or for the benefit of the debtor – (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make, an otherwise unavoidable transfer to, or for the benefit of such creditor. Ordinarily the creditor has supplied materials, and services on an unsecured basis, the value of those materials, and services would be subtracted from the original preference because the estate will, and has received double.

Section 547(c)(1)and(2) payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of sections. See Section 547(b)(4) Barnhill v. Johnson 125 S. Ct. 1386 (1992) for purposes of preference, transfer made by check is deemed to occur on the date the check is honored by the bank. But the date of the delivery of the check should apply for the purposes of a defense to preference.

Was there any prior course of dealing between the parties? Here no.
The amount of the payments. One payment.

The timing of the payment. Within 30 thirty days of request. See Kleven v. Household Ban F. S. B. 334 F.3d 638 (7th Cir. 2003). Payment here was made in accordance with the terms of the agreement.

Section 547(b)(2) a transfer is not a preference if the parties intended a contemporaneous exchange, and the payment was in fact substantially contemporaneous. In re Hechinger Inv. Co. of Del., Inc. 489 F.3d 568, 574 (3rd Cir. 2007). Generally courts have allowed Defendants to use the defense when Defendants are paid within two (2) to three (3) weeks of billing.

May 9, 2022                                  s/JAMES P. O'CONNELL #2914
Attorney for Defendant Grace and Son Construction Company of Greenville, Inc. address; 139 Grace Drive, Easley SC 29640
TelephoneFax864-220-0005 email:jpatrickoconnell@yahoo.com