Erika L. Morabito
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
Email:  erikamorabito@quinnemanuel.com

Eric M. Kay
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:  erickay@quinnemanuel.com

*Counsel to Gary Polkowitz, Administrative Expense Claims Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

## RESERVATION OF RIGHTS REGARDING INTERIM FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP

Gary Polkowitz, Administrative Expense Claims Representative (the "Admin Representative"), pursuant to Bankruptcy Code sections 330(a) and 331, Bankruptcy Rule 2016,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816); The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Local Bankruptcy Rule 2016-1, and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated November 16, 2018 (ECF No. 796) (the "Interim Compensation Order"), hereby files this reservation of rights with respect to the Tenth Interim Application of Akin Gump Strauss Hauer & Feld LLP (ECF No. 10398) (the "Akin Fee Application"), which is scheduled to be heard at a hearing to be held on May 26, 2022, and in support thereof states as follows:

## BACKGROUND

1. The Debtors commenced these chapter 11 cases beginning on October 15, 2018 (and continuing thereafter). The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2. On November 16, 2018, the Court entered the Interim Compensation Order. Among other things, the Interim Compensation Order provides procedures for Court-retained professionals to file monthly statements and interim applications for payment of compensation and reimbursement of expenses.

3. On April 17, 2019, certain of the Debtors (acting through the Restructuring Subcommittee), commenced an adversary proceeding in this Court captioned *Sears Holdings Corp. v. Lampert*, Adv. Proc. No. 19-08250 (the "Adversary Proceeding") by filing a complaint against the ESL Parties. The complaint has since been amended, and motions to dismiss were briefed and argued. *See* ECF Nos. 215, 218.

4. On October 15, 2019, the Court entered the Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II)

Granting Related Relief (ECF No. 5370) (the "Confirmation Order"), confirming chapter 11 plan of liquidation (the "Plan") proposed by the Debtors.[2]

5. The Confirmation Order approves the Administrative Expense Claims Consent Program, which provides for, among other things, the appointment of the Admin Representative.[3] The Admin Representative has a duty to, among other things, preserve the estate for administrative creditors, and to carefully review and evaluate any claims (including administrative expense claims) asserted on a case-by-case basis that could impact other administrative creditors.

6. The Confirmation Order gave the Creditors' Committee and the Debtors joint standing "to investigate, commence, prosecute, settle and otherwise dispose of" certain causes of action (collectively, the "Jointly Asserted Causes of Action"), including those asserted in the Adversary Proceeding and claims or causes of action against insurance carriers related to coverage of claims asserted in the Adversary Proceeding. *See* Conf. Order ¶ 17.

7. The Confirmation Order further provided for a segregated account (the "Litigation Funding Account") for funding litigation related to the Jointly Asserted Causes of Action (the "Litigation Funding"). *Id.* ¶ 52(d). It also provided for that account to be funded with $15 million shortly after entry of the Confirmation Order (*id.*), and that the account would "in no event be funded by more than $25 million up to and including the Effective Date" (*id.* at 28, n. 9). The $25 million of Litigation Funding was not solely for funding Akin Gump's fees and expenses, but rather for the funding of the litigation more broadly (*i.e.*, including experts and other expenses). *Id.* ¶ 52(d) (providing for the Litigation Funding Account for "the funding of litigation associated with the Jointly Asserted Causes of Action").

---

[2] Capitalized terms used but not defined herein have the meanings in the Confirmation Order and Plan.
[3] *See Notice of Selection of Administrative Expense Claims Representative* (ECF No. 7454).

3

8. On April 6, 2022, the Court entered the Order Appointing Mediators to mediate the Adversary Proceeding (and other issues agreed upon by the parties to the mediation). Adv. Pro. No. 19-08250, ECF No. 270.

9. On April 14, 2022, Akin Gump filed the Akin Fee Application, seeking allowance of compensation and reimbursement of expenses for the period of November 1, 2021 through and including February 28, 2022, in Akin Gump's capacities as counsel to the Creditors' Committee and as Primary Trust Litigation Counsel in connection with the Jointly Asserted Causes of Action. *See* Akin Fee Application, Summary Sheet at ii, n. 3. According to the Akin Fee Application, Akin Gump's total fees and expenses approved by Interim Order to date are $64,368,214.95, and the Admin Representative understands that Akin Gump has actually been paid $56,478,722.67 to date of that amount ($10,000,000 of which was in connection with prosecution of the Jointly Asserted Causes of Action (*i.e.*, as Primary Trust Litigation Counsel)). *Id.* at iii & n.4.

10. Akin Gump states it is not seeking payment in respect of its fees in connection with the prosecution of the Jointly Asserted Causes of Action (*i.e.*, as Primary Trust Litigation Counsel) for the Compensation Period, but requests that the Court authorize those fees nonetheless. *Id.* at iv, n.5. Akin Gump has made the same request in its previous interim fee applications. *See*, *e.g.*, ECF No. 10154 at n. 5; ECF No. 9742 at n. 5.

11. On April 21, 2022, the Creditors' Committee filed a motion for authorization for the Debtors' estates to enter into a litigation funding arrangement to provide additional funding for prosecution of the Jointly Asserted Causes of Action (ECF No. 10407) (the "Litigation Financing Motion"). According to that motion, the $25 million of Litigation Funding is "nearing exhaustion" (*id.* ¶ 22), notwithstanding that the motions to dismiss are still pending and there have been no depositions in the Adversary Proceeding.

12. The Litigation Financing Motion disclosed that as of that motion, Akin Gump had incurred approximately $7.1 million of unpaid fees as Primary Trust Litigation Counsel in connection with the Jointly Asserted Causes of Action (in addition to the $10 million in fees Akin Gump has already received in that role). *Id*. at 19, n. 20.[4] The Litigation Financing Motion also disclosed, for the first time, that the Litigation Designees and Akin Gump negotiated the terms of Akin Gump's engagement as primary Trust Litigation Counsel, but never executed the engagement letter. *Id.* ¶ 39. Specifically, Akin Gump had agreed to be paid up to $10 million on an hourly rate basis, and thereafter Akin Gump "would provide services on a contingency fee basis." *Id.* In the Litigation Financing Motion, the Committee (the putative movant) apparently seeks to revise the terms of this engagement between Akin Gump and the Litigation Designees to remove the contingency fee component. *Id.* ¶ 39.

## **RESERVATION OF RIGHTS**

13. As the mediation for the Adversary Proceeding begins, the estates have spent nearly $25 million in connection with the Adversary Proceeding, which is still in its early stages. Akin Gump alone has incurred more than $17 million in fees in connection with prosecuting the Jointly Asserted Causes of Action.

14. If the mediation is not successful—which the Admin Representative of course hopes is not the case—the Admin Representative will need to address the more than $7.1 million in fees that Akin Gump has incurred in connection with the Jointly Asserted Causes of Action (beyond the $10 million it has already received). That is especially so in light of information the Admin Representative has recently learned through the Litigation Financing Motion, including:

---

[4] For the avoidance of doubt, the Admin Representative understands that the $7.1 million is solely for Akin Gump's fees, not for any other litigation expenses associated with the prosecution of the Jointly Asserted Causes of Action.

5

the agreed terms of Akin Gump's engagement that capped hourly fees at $10 million, the lack of a signed engagement letter, and the apparent decision by the Litigation Designees (and/or the Committee, it is not clear) to revise Akin Gump's engagement in a manner that appears to be most advantageous to Akin Gump and potentially detrimental to the estates, including the administrative claimants. The Admin Representative understands the specific revisions are set forth in the term sheet and funding agreement that have not yet been made available to the Admin Representative.

15. This Reservation of Rights is submitted without prejudice to, and with a full reservation of, the Admin Representative rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Reservation of Rights, to seek discovery, to raise additional objections and to introduce evidence at any hearing relating to the Akin Fee Application, and without in any way limiting any other rights of the Admin Representative to further object to the Akin Fee Application or any future fee applications, including, without limitation, final fee application, filed in these cases, on any grounds, as may be appropriate. The Admin Representative similarly reserves all rights in connection with the Litigation Financing Motion.

(*Remainder of page intentionally blank*)

Dated: May 16, 2022
     New York, New York

*Erik M. Kay*
Eric M. Kay
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
erickay@quinnemanuel.com

Erika L. Morabito
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
erikamorabito@quinnemanuel.com

*Counsel to the Administrative Expense Claims Representative*