# EXHIBIT A

18-23538-rdd   Doc 2452-1   Filed 09/24/19   Entered 09/24/19 20:34:41   Exhibit A
Pg 2 of 4

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No: 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF RETIREES WITH LIFE INSURANCE BENEFITS OF THE SEARS HOLDINGS CORPORATION, ET AL. TO RETAIN AND EMPLOY WOLLMUTH MAHER & DEUTSCH LLP AS COUNSEL, *NUNC PRO TUNC* TO JULY 9, 2019

Upon the application, dated July 30, 2019 (the "Application")[1] of the Official Committee of Retirees With Life Insurance Benefits (the "Retirees Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "Local Rules"), authorizing the Retirees Committee to retain and employ Wollmuth Maher & Deutsch LLP ("WMD") as its co-counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), and upon the declaration of James N. Lawlor, a partner at WMD (the "Lawlor Declaration") and the supplemental declarations of Ronald Olbrysh and James N. Lawlor (the "Supplemental Declarations", and together with the Lawlor Declaration, the "Declarations") in support of the

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

Application; and the Court finding, based on the representations made in the Application and the

Declarations, that WMD does not hold or represent any interest adverse to the Retirees

Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that

it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as

modified by Bankruptcy Code section 1107(b), and as required by Bankruptcy Code section 328,

and that its employment is necessary and in the best interests of the Retirees Committee and the

Debtors' estates; and the Court having jurisdiction to decide the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the

Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due and

sufficient notice of the Application and the opportunity for a hearing thereon, there being no

objections to the requested relief; and no additional notice or hearing being required; and good

and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy

Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-l, the Retirees Committee is

authorized to retain and employ WMD as its co-counsel to represent it in these Chapter 11 Cases

and related matters and proceedings on the terms set forth in the Application, the Declarations,

and this Order effective *nunc pro tunc* to July 9, 2019.

3.      WMD shall be compensated and reimbursed in accordance with the procedures

set forth in Bankruptcy Code sections 330 and 331, as the case may be, and the applicable

Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4.      WMD shall file a supplemental declaration with this Court and give not less than

10 business days' notice to the Debtors, the U.S. Trustee, and the Retirees Committee prior to

implementing any increases in the rates set forth in the Application. The supplemental

declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy

Code section 330(a)(3)(F) and state whether the Retirees Committee has consented to the rate

increase.

5.      WMD shall use its best efforts not to duplicate the services of the Retirees

Committee's co-counsel in these cases.

6.      To the extent any provision of the Application is inconsistent with this Order, the

terms of this Order shall govern.

7.      The Retirees Committee is authorized to take all actions necessary to effectuate

the relief granted pursuant to this Order in accordance with the Application.

8.      The terms and conditions of this Order shall be effective immediately and

enforceable upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


Dated:  White Plains, New York
        September 23, 2019


                                /s/ Robert D. Drain
                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE