UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :
                                                             :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :   Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
------------------------------------------------------------ x

### DECLARATION IN SUPPORT OF DEBTORS' OMNIBUS OBJECTIONS TO PROOFS OF CLAIM

I, James N. Lawlor, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury to the best of my knowledge and belief, that:

1. I am a Partner at Wollmuth Maher & Deutsch LLP ("**Wollmuth**"), the law firm retained to represent the Official Committee of Retirees With Life Insurance Benefits of The Sears Holdings Corporation, et al. appointed on July 9, 2019, to act as the authorized representative of those persons who may be entitled to receive retiree benefits within the meaning of section 1114(a) of the Bankruptcy Code (the "**Retiree Committee**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. I submit this declaration in support of the (i) *Debtors' Forty-Sixth Omnibus Objection to Proofs of Claim (Allowing Recently Deceased Class Member Claims)*, and (ii) *Debtors' Forty-Seventh Omnibus Objection to Proofs of Claim (Reclassify or Disallow Retiree Claims)* and ECF Nos. 10455 and 10456 (the "**Objections**").[2]

3. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge gleaned during the course of my engagement in the Chapter 11 Cases, my discussions with the Debtors' senior management, retained professionals, individuals asserting claims against the Debtors in the chapter 11 cases, and my review of relevant documents and/or my opinion based upon my experience. If called to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, and/or opinion.

4. On October 9, 2019, the Bankruptcy Court entered the *Order Authorizing Modification of Retiree Benefits* (ECF No. 5342) (the "**Retiree Benefits Order**") with the support of the Retiree Committee and Official Committee of Unsecured Creditors. The Retiree Benefits Plan, among other things, authorized the Debtors to terminate the Sears Retiree Group Life Insurance Plan (the "**Retiree Plan**"), effective as of March 15, 2019, and to implement, and perform under, the terms of the settlement attached thereto as Exhibit 1 (the "**Retiree Settlement**"). As part of the Retiree Settlement, the Retiree Committee agreed to support confirmation of the Debtors' proposed chapter 11 plan.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

5. On October 15, 2019, the Bankruptcy Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370) (the "**Plan**").

6. Following confirmation of the Plan, I, with the assistance of the Wollmuth team, members of the Law Offices of Michael M. Mulder ("**Mulder Law**"), co-counsel for the Retiree Committee, and the Debtors' professionals, began to implement the Retiree Settlement. On February 27, 2020, the Debtors posted a notice establishing April 13, 2020, as the deadline for filing proofs of claim based on the Retiree Plan (the "**Original Retiree Bar Date**") on the website of the Debtors' claims agent, and served the same on the participants of the Retiree Plan and/or their beneficiaries. *See* Affidavit of Service (ECF No. 7363). On March 26, 2020, the Debtors filed a notice extending the Original Retiree Bar Date to May 13, 2020 at 5:00 p.m. (ET) (the "**Retiree Bar Date**").

7. Approximately 5,400 Retiree Plan claims (the "**Retiree Claims**") were filed prior to the Retiree Bar Date. The Wollmuth team, at my direction and with the assistance of members of Mulder Law, reviewed these filed claims and the supporting documentation submitted in connection therewith, and classified these claims in accordance with the treatment set forth in the Retiree Settlement. Following that review, I worked with the Debtors' legal and financial advisors to finalize the exhibits attached to the Objections. It is my belief, based on the review of the Retiree Claims and the supporting documentation, in conjunction with my discussions with the Debtors' counsel and other advisors, that the relief sought in the Objections is appropriate and comports with the Retiree Settlement and the relief granted in the Retiree Benefits Order.

8. The Wollmuth and Mulder Law team, at my direction, reviewed all asserted Retiree Claims, as well as records obtained from Securian, the insurance provider with which the

Debtors had previously contracted to provide the insurance benefit, all publicly available information and/or directly solicited documentation from claimants where Retiree Claims contained ambiguities. In total, approximately $1.7 million of the $3 million Administrative Claims Reserve should be distributed to a total of 267 valid Retiree Claims asserted by Recently Deceased Class Members. The remaining $1.3 million may be transferred to the Liquidating Trust (as defined in the Chapter 11 Plan)[3] and made available for distribution to holders of allowed administrative expense claims in accordance with the terms of the Chapter 11 Plan.

9. The Objections address all allowable Retiree Claims and all Retiree Claims that improperly assert priority, administrative expense, or secured status. I understand that the Debtors are not, at this time, addressing claims asserted as general unsecured that are not entitled to a distribution under the Retiree Settlement.

### Conclusion

10. For the reasons set forth herein, I believe that the Motion should be granted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 26, 2022

By: /s/ *James N. Lawlor*
James N. Lawlor
Wollmuth Maher & Deutsch LLP

---

[3] "**Chapter 11 Plan**" means the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, approved by the Bankruptcy Court on October 15, 2019 (*See* ECF No. 5370).