WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: 212-382-3300
James N. Lawlor
- and -
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: 312-263-0272
Michael M. Mulder*
Elena N. Liveris*
*Admitted Pro Hac Vice
Co-Counsel for the Official Committee of Retirees
With Life Insurance Benefit

Hearing Date: June 29, 2022, @ 10:00 a.m.
Objection Date: June 15, 2022

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al*,<br><br><br>Debtors. | Case No: 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

**NOTICE OF MOTION FOR ORDER INCREASING THE LIMIT ON FEES OF RETIREES COMMITTEE PROFESSIONALS RETAINED PURSUANT TO 11 U.S.C. § 327(a)**

**PLEASE TAKE NOTICE** that on **June 29, 2022, at 10:00 a.m. (New York City time)**, or as soon thereafter as counsel may be heard, a hearing on the motion ("Motion") of the Official Committee of Retirees With Life Insurance Benefit ("Retirees Committee") of Sears Holdings Corporation and its debtor affiliates, for entry of an order increasing the limit on the fees of Retirees Committee professionals retained pursuant to 11 U.S.C. § 327(a), substantially in the form attached to the Motion as Exhibit "A" ("Order"), will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United State Bankruptcy Court for the Southern

District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York 10061-4140 ("Bankruptcy Court"), provided that, pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("General Order M-543"), such Hearing shall be conducted via Zoom for Government® so long as General Order M-543 is in effect or unless otherwise ordered by the Court.[1]

PLEASE TAKE FURTHER NOTICE that the Retirees Committee shall rely on the accompanying Motion, as well as all documents and pleadings on file in the Debtors' chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections") to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), shall be filed with the Court (a) by attorneys practicing in the Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF 405), so as to be received no later than **June 15, 2022, at 4:00 p.m. (New York City time)** ("Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Retirees' Committee may, on or after the Objection Deadline,

---

[1] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m543-court-operations-under-exigent-circumstances-created-covid-19.

2

submit to the Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

New York, New York
June 2, 2022

         Respectfully submitted,

         By: */s/ James N. Lawlor*
           James N. Lawlor

         WOLLMUTH MAHER & DEUTSCH LLP
         500 Fifth Avenue
         New York, New York 10110
         P: 212-382-3300
         F: 973-741-2398
         Telephone: (212) 382-3300
         - and -
         THE LAW OFFICES OF MICHAEL M. MULDER
         1603 Orrington Avenue, Suite 600
         Evanston, Illinois 60201
         Telephone: 312-263-0272

         *Co-Counsel for the Official Committee of Retirees With Life Insurance Benefit*

**Hearing Date: June 29, 2022, @ 10:00 a.m.**
**Objection Date: June __, 2022**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: 212-382-3300
James N. Lawlor
- and -
THE LAW OFFICES OF MICHAEL M. MULDER
1603 Orrington Avenue, Suite 600
Evanston, Illinois 60201
Telephone: 312-263-0272
Michael M. Mulder*
Elena N. Liveris*
*Admitted Pro Hac Vice*
*Co-Counsel for the Official Committee of Retirees*
*With Life Insurance Benefit*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al*,<br><br><br>Debtors. | Case No: 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

**MOTION FOR ORDER INCREASING THE LIMIT ON FEES OF**
**RETIREES COMMITTEE PROFESSIONALS RETAINED**
**PURSUANT TO 11 U.S.C. § 327(a)**

The Official Committee of Retirees With Life Insurance Benefit ("Retirees Committee")

of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, "Debtors"), hereby moves for entry of an

Order increasing the limit on the fees of committee professionals retained pursuant to 11 U.S.C.

§ 327(A), and respectfully represents in support of the Motion, as follows:

4

**PRELIMINARY STATEMENT**

1.  The Retirees Committee seeks Bankruptcy Court-approval for an increase in the budget limit on fees for professionals retained by the Retirees Committee – from $250,000 to $350,000 – to account, in part, for the contested nature of the original settlement process, and for additional work related assisting certain retired employees ("Retirees") of Sears Roebuck & Co. ("SRC").  Much of the latter work performed was in assisting elderly Retirees, navigate a claim process specifically established for them to recover for certain terminated life insurance benefits under the Sears Retiree Group Life Insurance Plan ("Retiree Plan") in accordance with the Bankruptcy Court's October 9, 2019 Order Authorizing Modification of Retiree Benefits (ECF No. 5342) ("Retiree Benefits Order").

2.  Since the Court entered the Retiree Benefits Order, committee professionals painstakingly reviewed and addressed deficiencies in a large subset of the thousands of potential proofs of claims ostensibly filed by Retirees, their beneficiaries or their survivors ("Retiree Claims").  The professionals of the Committee have been focused on communicating and assisting the thousands of Sears Retirees that are entitled to recovery.  It has been a difficult process, made more complicated by the recent pandemic.  The youngest of remaining retirees are in their 80s, with the remainder in their 90s and 100s.  Many did not have their life insurance policy information.  Moreover, many of the beneficiaries and survivors of deceased Retirees had no idea of the existence of the terminated policies until they received notice of the Retiree Benefits Order.  Few of the retirees or their survivors were familiar with bankruptcy and fewer still had access to counsel.

3.  In the end, roughly 5,400 Retiree Claims were filed.  Certain of those claims related to individual Retirees that passed away within the "Gap Period", which was the period of

time when the Retirees Committee asserted the vested benefits could not be modified or terminated without an Order of the Court, which entitled them to treatment as administrative creditors that were to share in a $3 million settlement fund ("Gap Claims"). While the Debtors' notice to Retirees did indicate that proof, such as a death certificate, was required, many of the claims failed to include proof. Some claims were simply silent as to whether they were being filed by a Retiree or by a survivor or beneficiary. Many more failed to provide sufficient information as to whether the claimant was even asserting a proper Retiree Claim. Hundreds of claims had the wrong amount for the benefit or no amount at all.

4. For the past year and a half, the committee's professionals have reviewed claim forms and supporting documentation, fielded calls, sent emails, tracked down death records and collected death certificates, as well as provided further information to claimants. As a consequence, some 270 Retirees have been identified as claimants entitled to treatment as Gap Claims, which would permit the Debtors to distribute over $1.7 million of the settlement funds set aside for them pursuant to the Retirees Benefit Order.

5. As the professionals for the committee did not anticipate having to perform such services to the extent required, they have requested an increase in the cap of $100,000. Even with that increase, neither of the committee co-counsel will be paid in full for their services, as they have filed final fee applications that include time records for work performed well in excess of the proposed increase. Nonetheless, it is respectfully submitted that the total compensation paid under an increased limit would be fair and reasonable under the circumstances.

## BACKGROUND

6. Beginning on October 15, 2018 ("Commencement Date") and continuing thereafter, each of the Debtors commenced with the United States Bankruptcy Court for the

Southern District of New York ("Bankruptcy Court") a voluntary case under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors ("Creditors' Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

8. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

9. On May 28, 2019, certain Retirees that were part of a class of retirees of SRC that held vested life insurance benefits moved for appointment of an official committee of retirees with life insurance benefit pursuant to 11 U.S.C. § 1114(d) of the Bankruptcy Code (ECF 4054). The Court granted the motion by Order dated June 25, 2019 ("Formation Order") (ECF 4357), in which the Court capped committee professional compensation at $250,000, subject to further application to the Court.

10. The United States Trustee formally appointed the Retirees Committee on July 9, 2019 (ECF 4470).[2] By Orders dated September 23, 2019, the Court authorized the retention of Wollmuth Maher & Deutsch LLP ("Wollmuth") and The Law Firm of Michael M. Mulder ("Mulder Law") as co-counsel for the Retirees Committee (ECF 5222, 5223).

---

[2] The Retirees Committee currently comprises: (i) Ronald Olbrysh, (ii) Mary Rose Steininger, (iii) James T. Nally, and (iv) Joseph E. Hartzell. Richard Bruce was a member of the Retirees Committee until his death on August 1, 2021.

7

11. On July 29, 2019, the Debtors filed a motion for an order under 11 U.S.C. § 1114 authorizing, inter alia, the modification of retiree benefits, specifically, a determination that the Debtors were entitled to unilaterally terminate such benefits, including benefits under the Securian Financial Group Life Insurance Policy ("Securian Policy").

12. The Retirees Committee contested the proposed termination based, in part on a Stipulation of Settlement that granted to certain Retirees as a class vested retiree life insurance benefits in *In re: Sears Retiree Group Life Insurance Litigation*, Civil Action No. 97 C 7453 (N.D. Ill.) ("Sears Life Insurance Litigation"). Notwithstanding the Stipulation of Settlement, Sears had purportedly terminated the vested life insurance benefit earned by Retirees without notice.

13. The Debtors and the Retirees Committee ultimately reached a settlement incorporated in the Retiree Benefits Order, whereby Retirees would be entitled to file proofs of claim and participate as general unsecured creditors or, with respect to the subset of the beneficiaries of certain Retirees that passed away on or between March 15, 2019 and October 9, 2019, as holders of an Administrative Expense Claim payable from a $3 million administrative claims reserve ("Retiree Plan Settlement").

14. On October 15, 2019, the Court entered an order ("Confirmation Order") (ECF 5370) confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors ("Plan") (ECF 4476), which Confirmation Order attached a copy of the confirmed Plan as Exhibit A thereto and which incorporated the Retiree Plan Settlement.

15. Pursuant to the Retiree Plan Settlement, the Debtor caused notices and claim forms to be prepared and provided to the 29,000 Retirees identified in the Securian. In

8

anticipation of difficulties that Retirees, their survivors and beneficiaries might encounter, at the request of the Retirees Committee, the notice included a dedicated telephone number for Retirees to call with questions. Committee professionals received and returned thousands of such calls before the deadline for Retirees to file claims and assisted thousands of claimants seeking to recover for the terminated benefits. It has received and returned hundreds of additional calls since then. It has reviewed some 7,000 proofs of claim to make sure that Retirees with Gap Claims receive the consideration due under the Retiree Plan Settlement and others receive the proper treatment as general unsecured creditors.

## JURISDICTION

16. This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

17. The Retirees Committee files this Motion to seek to modestly increase the Court's $250,000 limit on committee professional fees by $100,000. The primary grounds for the request are that the services provided far exceed what was originally anticipated when the committee was formed, and the increase is appropriate given the benefit to the estate from the work that would have had to have been performed by another professional of the estates. The Court recognized in the Formation Order that the limit on such fees could be increased if circumstances warranted. Notably, the increase would result in compensation that is only slightly more than 10% of the funds earmarked for Gap Claims under the Retiree Plan Settlement, which is an indicia of the reasonable nature and amount of the request. The work

performed by the Retirees Committee professionals will allow roughly a net of nearly $1,000,000 to be returned to the Plan Administrator for the benefit of other claimants.

18. The Retirees Committee believes that an increase is fair and warranted. Wollmuth and Mulder Law were and remain in continuous contact with the remaining active members of the Retirees Committee, assisted and advised the Retirees Committee as to its communications with Retirees regarding significant matters in the Cases and addressed Retirees either directly or through a retiree organization. Retirees or their survivors had often contacted counsel before the settlement was reached, and once the settlement was disclosed, claimants began seeking assistance or explanation as to the claim process and their entitlement to a claim.

19. Wollmuth provided a unique telephone number to be included with the notice sent to Retirees in order to provide a point of contact for inquiries from Retirees for information or assistance in addressing their claims or the status of the Chapter 11 Cases. Wollmuth has received over 3,300 voices mails, which were returned over the course of many months by paraprofessionals at the firm. Attorneys and paralegals at Wollmuth similarly fielded hundreds more direct inquiries from Retirees or their survivors. Mulder Law also received hundreds of direct inquiries.

20. As claims began to be filed, it quickly became apparent based on even a small sample that there were numerous deficiencies that made distribution of the Retiree Plan Settlement funds problematic. Claims themselves often contained one or more errors or omitted key information, for example:

- Claims stated an incorrect or entirely omitted the Retiree's Sears Life Insurance benefit amount;

- Claims did not identify the Retiree entitled to the benefit;

- Claims failed to include any information as to whether a Retiree was alive or deceased;

10

- Claims that did indicate a Retiree was deceased did not include a date of death; and

- Claims that indicated a date of death omitted evidence, such as a death certificate.

21. With the help of Wollmuth and Mulder Law, the Retirees Committee has examined approximately 7,000 filed proofs of claim, roughly 5,400 of which were claims filed by Retirees or survivors ("Claims"), all documentation provided with respect to each such Claim, the Stipulation, Securian Policy records, publicly available documents and published records of death. The review was labor intensive and necessitated because of the deficiencies, but it resulted in some 350 Claims that might qualify for administrative treatment or that had to be further examined in order to eliminate them from participating under the Retiree Plan Settlement. After the culling, Wollmuth and Mulder Law re-examined the smaller pool of Retiree Claims with errors, reached out to claimants via phone and email and provided assistance so that the appropriate claimants could receive their benefits. Moreover, the delay in the Plan's Effective Date and in distributions resulted in many of those Retirees repeatedly inquiring on the status of their potential distributions.

22. Given the age of the policies and the Retirees' ages, it is no surprise that many Retirees, beneficiaries and survivors did not have complete or the most up-to-date information included. In order to make sure that the Debtors pay the correct Retiree, beneficiary or survivor, however, as well as the correct amount on account of Claims in accordance with the Retiree Benefits Order, Wollmuth and Mulder Law were required to contact retirees, search the Securian records, search public records, send emails and make multiple phone calls to determine whether the Claims were entitled to treatment as Gap Claims or were even proper claims at all.

23. Upon information and belief, the work of Wollmuth and Mulder Law was not duplicative of each other and the work of the Plan Administrator and other estate professionals as

Wollmuth coordinated with the estate professionals and its summary work product was turned over and has formed the basis of two objections to claims (ECF 10455, 10456) filed in the cases. As a result of the Firms' services, approximately 270 Claims will be receiving the full amount available under the Retiree Settlement, and an additional $1.3 million will be freed up for other creditors. Moreover, survivors of Retirees that passed away before termination of the life insurance benefit were provided information that allowed them to make claims directly for benefits to Securian. Finally, the remaining 5,000 Claims have been identified as proper and valid Claims held by Retirees that, hopefully, will share as general unsecured creditors in the proceeds generated und10407er the Plan.

24. Absent the Court's budget in the Formation Order, the Court would have simply evaluated the services of the Retirees Committee professionals under the standards of Section 327 of the Bankruptcy Code, the Bankruptcy Rules and the guidelines provided by the Office of the United States Trustee, and, in fact, those requirements must still be satisfied when the Court reviews the applications of the professionals for the committee. Those professionals, however, may now receive remuneration in an amount more consistent with the necessary and beneficial services they provided.

25. It is our understanding that the Plan Administrator does not object to the request. Accordingly, the Retirees Committee respectfully requests that the Court increase the budget originally established in the Formation Order to $350,000.

## **NOTICE**

26. Notice of this Objection has been provided in accordance with the procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures,

12

entered on November 1, 2018 (ECF No. 405) ("Amended Case Management Order").  The Retirees Committee respectfully submits that no further notice is required.

27. No previous request for the relief sought herein has been made by the Retirees Committee to this or any other Court.

WHEREFORE the Retirees Committee respectfully requests entry of the proposed Order granting the relief requested herein and such other and further relief as is just.

New York, New York
June 2, 2022

                                    Respectfully submitted,

                                    By: */s/ James N. Lawlor*
                                        James N. Lawlor

                                    WOLLMUTH MAHER & DEUTSCH LLP
                                    500 Fifth Avenue
                                    New York, New York 10110
                                    P: 212-382-3300
                                    F: 973-741-2398
                                    Telephone: (212) 382-3300
                                    - and -
                                    THE LAW OFFICES OF MICHAEL M. MULDER
                                    1603 Orrington Avenue, Suite 600
                                    Evanston, Illinois 60201
                                    Telephone: 312-263-0272

                                    *Co-Counsel for the Official Committee of Retirees With Life Insurance Benefit*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al*,<br><br>Debtors. | Case No: 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

**ORDER INCREASING THE LIMIT ON FEES OF RETIREES COMMITTEE PROFESSIONALS RETAINED PURSUANT TO 11 U.S.C. § 327(a)**

Upon the motion (the "Motion") dated June 2, 2022 (Dckt. ECF No. _____), of the Official Committee of Retirees With Life Insurance Benefit ("Retirees Committee") of Sears Holdings Corporation and its affiliated debtors, for entry of an order increasing the limit on the fees of Retirees Committee professionals retained pursuant to 11 U.S.C. § 327(a), as previously set forth in the Court's Order dated June 25, 2019 ("Formation Order") (ECF 4357), all as more fully set forth in the Motion; and the Court having considered objections, as well as argument of counsel, if any; and the Court having jurisdiction to consider the Motion and the relief requested therein; and for the reasons set forth on the record of the June 29, 2022 hearing, it appearing that the relief requested by the Motion is necessary and in the best interests of the Debtors, their estates, and creditors; and due notice of the Motion having been served; and after due deliberation and sufficient cause appearing therefore,

**IT IS, HEREBY ORDERED THAT**:

1. The Motion shall be and is hereby granted.

2. The budget set forth in the Formation Order shall be and hereby is amended and increased to $350,000.

3. No further or additional notice of the Motion is required.

Dated: White Plains, New York
_____ \_\_\_, 2022

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE