# EXHIBIT A

**The Final DIP Orders (senior and junior lending) provide as follows**:

**SHLD and Cyrus and Relator Carl Ireland.** Notwithstanding anything to the contrary contained herein (including, but not limited to, paragraphs iv, 13, and 14 hereof), nothing herein, including the Carve-Out, shall be deemed to prime or be otherwise made senior or pari passu to any valid, perfected and non-avoidable security interests or liens held by (i) SHLD Lendco, LLC or Cyrus Capital Partners, L.P. under the IP/Ground Lease Term Loan or (ii) Relator Carl Ireland, Administrator of the Estate of James Garbe, and the other parties to the Garbe settlement agreement sharing in that security interest with Garbe (such security interests and liens the "Specified Security Interests"). All parties' rights to object to the priority, validity, amount, and extent of the Specified Security Interests and the claims secured thereby (and all objections and defenses of the holders of the Specified Security Interests) are hereby fully preserved. All rights and remedies of the Debtors in respect of the Specified Security Interests, including, but not limited to, the right to seek to surcharge and to seek to impose the remedy of marshaling (and, in each case, all objections and defenses of the holders of the Specified Security Interests) are hereby fully preserved. All rights of the holders of the Specified Security Interests to seek relief from the automatic stay of section 362 of the Bankruptcy Code, to seek adequate protection of the Specified Security Interests, and/or other permissible secured creditor rights, including the right to object to any relief sought pursuant to the Debtors' reserved rights, are hereby fully reserved.

D.N. 955, ¶ 65 and D.N. 1436, ¶ 64.

**The Sale Order provides as follows**:

**Mortgage Adequate Protection**. Notwithstanding anything to the contrary contained herein or in the Asset Purchase Agreement or related documents, upon the closing of the Sale Transaction, Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States (the "Mortgagees") as holders of liens on the real property known as Location #8975, Cupey Bajo, San Juan, Puerto Rico (the "Property") shall be entitled to a lien against the sale proceeds of the Property in the same order of priority as existing on the date of entry of this Sale Order and a superpriority administrative expense claim against the Debtors as adequate protection pursuant to sections 361, 363(e), and 507(b) of the Bankruptcy Code arising from the sale of such Property to satisfy any diminution of the value of such replacement lien post-Closing. All parties' rights to object to the priority, validity, amount, and extent of such asserted liens and superpriority claim or the obligations relating thereto are preserved. The Debtors' and Mortgagees' rights as to the amount of the allocation of proceeds from the Sale Transaction to the Property and any valuation of the Property are preserved and any disputes shall be determined by the Bankruptcy Court, upon motion by any of the Debtors or the Mortgagees.

{00330058.1 / 1274-001 }

Sale Order, D.N. 2507, ¶ 71.

**The Confirmation Order provides as follows**:

      65. Relator Carl Ireland, as Administrator of the Estate of James Garbe, and the United States ("Mortgagees') as holders of liens on the real property know as Location #8975. Cupey Bajo, San Juan, Puerto Rico (the "Property") shall continue to have (i) a lien against the sale proceeds of the Property and (ii) a superpriority administrative claim against the Debtors as adequate protection arising from the sale of such Property to satisfy any diminution of value of such replacement lien post-Closing, on the terms and conditions set forth in the Sale Order (the "Sale Order Grants"). In addition to the Sale Order Grants, Mortgagees shall also have a replacement lien against Total Assets as additional adequate protection ("Additional Adequate Protection Replacement Lien"). The Additional Adequate Protection Replacement Lien shall be subject to the Carve-Out, other than as provided for pursuant to the Sale Order Grants. The Debtors' rights to object to the priority, validity, amount, and extent of Mortgagees' initial liens on the Property are preserved, as are the Mortgagees' rights to assert additional amounts due. The Additional Adequate Protection Replacement Lien granted by this Confirmation Order shall be senior to all other liens against the Total Assets and shall not supersede or otherwise modify or diminish the Sale Order Grants. Mortgagees reserve their rights to request that the Court require the Debtors to establish a cash reserve prior to the Effective Date based upon changes in facts and circumstances. The Debtors' and the Creditors' Committee's rights to object to any such request are also reserved.

Confirmation Order, D.N. 5370, ¶ 65.

{00330058.1 / 1274-001 }