**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, NY  10018
212.216.8001
David H. Wander, Esq. (dwander@tarterkrinsky.com)
Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)
*Attorneys for Orient Craft, Ltd.*

Hearing Date and Time:
June 29, 2022, at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sears Holdings Corporation, *et al.*,<br><br>Debtors.[1] | Case No. 18-23538 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered) |

**OBJECTION BY ORIENT CRAFT LIMITED TO MOTION
OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ORDER AUTHORIZING LITIGATION
FUNDING WITH BENCH WALK 21p, L.P. [Doc. 10407]
AND JOINDER TO OBJECTION OF WILMINGTON
TRUST, NATIONAL ASSOCIATION, AS INDENTURE
TRUSTEE AND COLLATERAL AGENT [Doc. 10486]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

1. Orient Craft Limited (**"Orient Craft"**)[2] submits this objection to the motion by the Creditors Committee[3] for an order authorizing a litigation funding arrangement with Bench Walk 21p, L.P. [Doc 10407] (the **"Motion"**), and Orient Craft also joins in and supports the objection to the Motion filed by Wilmington Trust, National Association, as indenture trustee and collateral agent [Doc 10486], and states as follows:

2. The Motion appears to be a blatant breach of fiduciary duties by the Creditors Committee, Akin Gump, and each of the Litigation Designees. The Motion appears to be filed for the sole benefit of Akin Gump and the proposed litigation funder, and it also appears to be completely adverse to the interests of the Debtors' estates and its creditors.

3. Most significantly, the Motion discloses – for the first time – <u>that Akin Gump agreed to a contingency fee arrangement, with an upfront payment of $10 million, to prosecute the Jointly Asserted Causes of Action</u>. *Motion*, ¶ 39. The Motion also seeks to re-write the history of this case and, in particular, the confirmation hearing. *See Motion,* ¶ 2.[4]

4. Discovery is necessary, and is hereby requested by Orient Craft, to provide the Court with a proper record on which the Court should decide the Motion. Until such discovery is completed, the Motion should be adjourned.[5]

---

[2] Orient Craft is an "opt-out" administrative creditor and, thus, may only receive payment on its allowed claim when the Plan becomes effective.

[3] Any capitalized term not defined herein shall have the meaning ascribed to such term in the Motion.

[4] The statement that "[t]he Debtors and the Creditors' Committee have always recognized the paramount role [the Jointly Asserted Causes of Action] would play in ensuring distributions under the Plan" is not only false, but also the opposite of what the Debtors and Creditors' Committee represented to the Court at the confirmation hearing, *i.e.* that recoveries from this litigation were <u>not</u> needed for the Plan to become effective.

[5] Akin Gump and the Litigation Designees should be required to produce all documents relating to the statements in paragraph 39 of the Motion, including all ESI. Any documents subject to a claim of privilege should be reviewed by the Court, *in camera*.

Dated: New York, New York
      June 15, 2022

TARTER KRINSKY & DROGIN LLP

By: /s/ David H. Wander
    David H. Wander
    Alexander R. Tiktin
1350 Broadway
New York, NY  10018
212.557.7200
dwander@tarterkrinsky.com
atiktin@tarterkrinsky.com
*Attorneys for Orient Craft, Ltd.*