```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              :         Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, et al.,                :         Case No. 18-23538 (RDD)
                                                   :
                     Debtors.¹                     :         (Jointly Administered)
------------------------------------------------------------x
```

## ORDER GRANTING DEBTORS'
## FORTY-SIXTH OMNIBUS OBJECTION TO PROOFS OF CLAIM
## (ALLOWING RECENTLY DECEASED CLASS MEMBER CLAIMS TO THE EXTENT
## PROVIDED IN RETIREE BENEFITS ORDER)

Upon the *Debtors' Forty-Sixth Omnibus Objection to Proofs of Claim (Allowing Recently Deceased Class Member Claims)*, dated May 26, 2022 (ECF No. 10455) (the "**Objection**"),² of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to the *Order Authorizing Modification of Retiree Benefits* (ECF No. 5342) (the "**Retiree Benefits Order**") and section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and it appearing that no other or further notice need be provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances; and there being no objections or other responses to the Objection; and no other or further notice or a hearing being required; and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein, in that such relief is consistent with the Retiree Benefits Order and those claimants who claimed amounts in excess of the Allowed Administrative Expense Claims herein have not carried their burden of proof; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted.

2. Pursuant to the Retiree Benefits Order and sections 502 and 507(a) of the Bankruptcy Code and Bankruptcy Rule 3007, each Recently Deceased Class Member Claim listed on **Exhibit 1** annexed hereto is allowed as an administrative expense claim in the chapter 11 case of Sears Roebuck & Co. in the amount indicated in the column labeled "Allowed Administrative Expense Claim" and otherwise disallowed. Pursuant to the Retiree Benefits Order, no other

2

claimants are entitled to share in the Administrative Claims Reserve (as defined in the Retiree Benefits Order).

3.   The Administrative Claims Reserve shall be reduced by the aggregate amount of Allowed Administrative Expense Claims, and, pursuant to the Retiree Benefits Order, any excess amounts in the Administrative Claims Reserve shall be made available for distribution in accordance with the Plan.

4.   The Debtors, the Debtors' claims and noticing agent, Prime Clerk, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.   The terms and conditions of this Order are effective immediately upon entry.

Dated:   June 22, 2022
         White Plains, New York

                                           */s/Robert D. Drain*
                                           HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE