Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(**Admitted pro hac vice*)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**FEE EXAMINER'S REPORT REGARDING REVIEW OF FINAL**
**FEE APPLICATIONS OF WOLLMUTH MAHER & DEUTSCH LLP AND**
**LAW OFFICES OF MICHAEL M. MULDER**

Paul E. Harner, as fee examiner (the "Fee Examiner"), respectfully submits this report (the

"Report") regarding his review of the *Final Fee Application of Wollmuth Maher & Deutsch LLP*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*as Co-Counsel to Official Retirees Committee for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period July 9, 2019 through May 13, 2022* [Docket No. 10452] (the "Wollmuth Application") and the *Final Fee Application of Law Offices of Michael M. Mulder as Co-Counsel to Official Retirees Committee for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period July 9, 2019 through May 13, 2022* [Docket No. 10453] (the "Mulder Application" and together with the Wollmuth Application, the "Applications"). The Applications each seek the allowance of compensation for professional legal services rendered to the Official Committee of Retirees with Life Insurance Benefit (the "Retiree Committee") in the amount of $175,000.00, reflecting a $50,000.00 increase in the cap on fees for services for each professional. In addition to the allowance of compensation, the Wollmoth Application seeks reimbursement for actual and necessary expenses incurred in the aggregate amount of $2,009.47 for the period July 9, 2019 through and including May 13, 2022 (the "Compensation Period"). The Mulder Application does not seek reimbursement for any expenses. In his review of the Applications, the Fee Examiner identified certain entries that would be subject to objection for deficiencies that would be curable through amendment of the fee detail provided. Nonetheless, as a result of the voluntary reduction of fees attributable to the cap on fees and the curable nature of the deficient fee entries, the Fee Examiner does not object to approval of the Applications.

**Background**

1. On October 15, 2018, Sears Holdings Corporation and certain of its affiliates (the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York

2

(the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 22, 2019, the Court entered its *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"). At the direction of the Court, the Office of the United States Trustee appointed the Fee Examiner to monitor the fees and expenses incurred by professionals retained in these chapter 11 cases and to provide periodic reports regarding the fee applications submitted for approval by such professionals, with or without a filed objection.

3. On June 25, 2019, the Court entered the *Order Granting Motion of Retirees Pursuant to Section 1114(d) of the Bankruptcy Code for Appointment of a Committee of Retired Employees* [Docket No. 4357] (the "Retiree Committee Order"). Pursuant to the Retiree Committee Order, the Retiree Committee had a budget of $250,000.00, subject to the ability to seek reasonable increases of the budget from the Court for cause (the "Cap on Fees"). On July 9, 2019, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Retiree Committee [Docket No. 4470].

4. On July 30, 2019, the Retiree Committee filed the *Application of the Official Committee of Retirees With Life Insurance Benefits of the Sears Holdings Corporation, et al. to Retain and Employ Wollmuth Maher & Deutsch LLP as Co-Counsel, Nunc Pro Tunc to July 9, 2019* [Docket 4652] (the "Wollmuth Retention Application") and the *Application of the Official Committee of Retirees with Life Insurance Benefits of the Sears Holdings Corporation, et al. to*

3

*Retain and Employ the Law Offices of Michael M. Mulder as Co-Counsel Nunc Pro Tunc to July 9, 2019* [Docket No. 4653] (the "Mulder Retention Application" and together with the Wollmuth Application, the "Retention Applications"). On September 24, 2019, the Court entered orders approving the Retention Applications. *See* Docket Nos. 5222 & 5223.

5. On May 26, 2022, Wollmuth Maher & Deutsch LLP ("Wollmuth") filed the Wollmuth Application seeking the final approval of payment of $175,000.00 for compensation for legal services rendered to the Retiree Committee and $2,009.47 for reimbursement of expenses incurred during the Compensation Period. The Wollmuth Application attaches invoices for fees for services rendered during the Compensation Period totaling $318,319.77. The Wollmuth Application also requests an increase of the Cap on Fees.

6. Also on May 26, 2022, the Law Offices of Michael M. Mulder ("Mulder") filed the Mulder Application. The Mulder Application seeks the final approval of payment of $175,000.00 for compensation for legal services rendered to the Retiree Committee during the Compensation Period. The Mulder Application attaches invoices for fees for services rendered during the Compensation Period totaling $264,975.00. The Mulder Application also requests an increase of the Cap on Fees.

7. Pursuant to the Fee Examiner Order, the Applications are subject to review by the Fee Examiner.

8. On June 2, 2022, the Retiree Committee filed the *Motion for Order Increasing the Limit on Fees of Retirees Committee Professionals Retained Pursuant to 11 U.S.C. § 327(a)* [Docket No. 10467] (the "Cap Increase Motion"), seeking to increase the Cap on Fees for the Retiree Committee from $250,000.00 to $350,000.00. The Fee Examiner takes no position

regarding the Retiree Committee's requests to increase the Cap on Fees set forth in the Cap Increase Motion and in the Applications.

### Applicable Standards

9. A fee applicant bears the burden of proof on all the elements of a fee application, including establishing that the services provided were necessary and reasonable and that the expenses were necessary, reasonable, and actually incurred.

10. The Fee Examiner evaluated the Applications for compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustees (the "U.S. Trustee Guidelines"), the Amended Guidelines for Fee and Disbursements for Professionals in Southern District of New York Bankruptcy Cases .

### Report

11. The Fee Examiner has completed his review of the Applications and found both Applications to be generally compliant. However, in both Applications, the Fee Examiner identified entries in which the narratives did not identify the recipient or sender of correspondence, contrary to the requirements of the U.S. Trustee Guidelines. For example, many narratives used "team," "Debtors counsel," or other similar terms without identifying specific individuals. However, the Fee Examiner considers entries suffering from these defects to be curable.

12. The Fee Examiner also identified time entries in which timekeepers combined multiple tasks into one time entry, which does not comport with the U.S. Trustee Guidelines. Nonetheless, such defective entries are curable.

13. The Fee Examiner did not identify any expenses subject to possible objection from the total of $2,009.47 in fees requested in the Wollmuth Application.

14. As a result of the Cap on Fees, through the Wollmuth Application, Wollmuth voluntarily reduced its fees by at least $141,310.00 (approximately forty-five percent of the amount reflected in the hourly billing records). Similarly, because of the Cap on Fees, Mulder voluntarily reduced its fees by at least $89,975.00 (approximately thirty-four percent of the amount reflected in the hourly billing records).

15. Given these significant reductions from the actual fees for services provided and the curable nature of the issues identified by the Fee Examiner in the Applications, the Fee Examiner does not object to approval of the Applications.

Dated: June 22, 2022

*/s/ Paul E. Harner*
Paul E. Harner
SHEPPARD, MULLIN, RICHTER, & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 869-0694

*Fee Examiner*

-and-

*/s/ Chantelle D. McClamb*
BALLARD SPAHR LLP
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
919 N. Market Street, 11th Floor
Wilmington, Delaware  19801
Tel: (302) 252-4465
*admitted *pro hac vice*

*Counsel for the Fee Examiner*