PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Robert A. Britton

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

**SUMMARY SHEET TO THE FINAL FEE**
**APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,**
**ATTORNEYS FOR THE DEBTORS FOR THE PERIOD FROM**
**OCTOBER 15, 2018 THROUGH AND INCLUDING JULY 31, 2022**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| *General Information* | |
|---|---|
| Name of Applicant: | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | November 16, 2018, *nunc pro tunc* to October 15, 2018 |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
|---|---|
| Prior Applications: | *First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from October 15, 2018 through and Including February 28, 2019* [Docket No. 3207] |
| | *Second Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from March 1, 2019 through and Including June 30, 2019* [Docket No. 4834] |
| | *Third Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from July 1, 2019 through and Including October 31, 2019* [Docket No. 6225] |
| | *Fourth Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from November 1, 2019 through and Including February 29, 2020* [Docket No. 7820] |
| Total Allowed Fees Paid to Date: | $19,963,138.50 |
| Total Allowed Expenses Paid to Date: | $1,933,866.28 |

| | |
|---|---|
| Total Allowed Fees and Expenses Paid to Date: | $21,897,004.78 |
| Time Period Covered in Final Fee Application: | October 15, 2018 through July 31, 2022 (the "Final Fee Period") |

### Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements

| | |
|---|---|
| Fees Sought for this Final Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $0 |
| Expenses Sought for this Final Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $92,328.96 |
| Total Fees and Expenses Sought for this Final Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $92,328.96 |

### This Final Application

| | |
|---|---|
| Total Hours Billed: | 27,318.4 |
| Total Fees For Which Final Allowance Is Sought: | $20,179,541.00 |
| Total Expenses For Which Final Allowance Is Sought: | $2,027,907.61 |
| Total Fees and Expenses For Which Final Allowance Is Sought: | $22,207,448.61 |
| Amount of Unpaid Fees Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $216,402.50 |
| Amount of Unpaid Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $1,712.37 |

3

| | |
|---|---|
| Total Unpaid Fees and Expense Reimbursement Sought for the Final Fee Period: | $218,114.61 |

**Summary of Rates and Other Related Information for This Final Fee Period**

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $997.75 |
| Blended Rate in this Application for All Timekeepers: | $738.68 |
| Number of Timekeepers Included in this Application: | 100 |
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | 0 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees are within the budgeted range. |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Final Fee Period | 8 |
| Increase in Rates Since Date of Retention: | Billing rates increased as of October 1, 2019, October 1, 2020, and October 1, 2021. |

This is an: ____ monthly ____interim __X__final application

**Summary Fees and Expenses Sought in the Final Fee Period**

| Period Covered | Fee Statement / Application [Docket No. #] | Total Compensation and Expenses Incurred for Period Covered ($) | | Total Amount Previously Requested with Prior Monthly Fee Statement ($) | | Total Amount Paid to Date ($) | | Amounts Requested ($) | Allowance of Amounts Paid |
|---|---|---|---|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** | **Fees** | **Expenses** | | |
| 10/15/2018-02/28/2019 | First Interim Fee Application [Docket No. 3207] | 14,401,338.00 | 288,917.88 | 14,401,338.00 | 288,917.88 | 14,377,232.25 | 288,917.88 | $0.00 | First Order Granting Interim Fee Applications [Docket No. 4409] |
| 03/01/2019-06/30/2019 | Second Interim Fee Application [Docket No. 4834] | 4,973,799.25 | 1,160,821.70 | 4,973,799.25 | 1,160,821.70 | 4,973,799.25 | 1,160,821.70 | $0.00 | Second Order Granting Interim Fee Applications [Docket No. 5507] |
| 07/01/2019-10/31/2019 | Third Interim Fee Application [Docket No. 6225] | 536,326.00 | 276,422.10 | 536,326.00 | 276,422.10 | 536,326.00 | 276,422.10 | $0.00 | Third Order Granting Interim Fee Applications [Docket No. 6811] |
| 11/01/2019-02/29/2020 | Fourth Interim Fee Application [Docket No. 7820] | 75,781.00 | 207,704.60 | 75,781.00 | 207,704.60 | 75,781.00 | 207,704.60 | $0.00 | Fourth Order Granting Interim Fee Applications [Docket No. 8036] |

| Period Covered | Fee Statement / Application [Docket No. #] | Total Compensation and Expenses Incurred for Period Covered ($) | | Total Amount Previously Requested with Prior Monthly Fee Statement ($) | | Total Amount Paid to Date ($) | | Amounts Requested ($) | Allowance of Amounts Paid |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | | |
| 03/01/2020-06/30/2020[1] | Eighteenth Monthly Fee Statement [Docket No. 8321] | $0 | $92,328.96 | $0 | $92,328.96 | $0 | $92,328.96 | $0 | N/A |
| 07/01/2020-07/31/2020 | N/A[2] | $216,402.50 | $1,585.62 | $0 | $0 | $0 | $0 | $217,988.12 | N/A |
| **Total for Final Fee Application** | **03/01/2020-07/31/2022** | **$20,203,646.75** | **$2,027,780.86** | **$19,987,244.25** | **$2,026,195.24** | **$19,963,138.50** | **$2,026,195.24** | **$217,988.12** | |

Summary of Objections to Monthly Fee Statements: <u>None</u>

Compensation Sought in this Application Not Yet Paid: <u>$217,988.12</u>

---

[1] *Eighteenth Monthly Fee Statement of Paul, Weiss, Rifkind Wharton & Garrison LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for Debtors for Period from March 1, 2020 through June 30, 2020* [Docket No. 8321].

[2] Final allowance and payment of these amounts are sought under this Final Fee Application.

## Compensation By Professional
## October 15, 2018 through July 31, 2022[1]

| Name of Professional | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Kelley Cornish | Partner | Bankruptcy | 1984 | 1,560 - 1,650 | 719.2 | 1,106,697.00 |
| Meredith Kane | Partner | Real Estate | 1983 | 1,560 - 1,650 | 2.6 | 4,056.00 |
| Paul Basta | Partner | Bankruptcy | 1993 | 1,560 - 2,025 | 817.00 | 1,276,890.00 |
| Lewis Clayton | Partner | Litigation | 1979 | 1,560 - 2,025 | 516.30 | 808,501.50 |
| Richard Rosen | Partner | Litigation | 1980 | 1,560 | 1.5 | 2,340.00 |
| Susanna Buergel | Partner | Litigation | 2002 | 1,485 | 621.9 | 923,521.50 |
| Manuel Frey | Partner | Corporate | 2000 | 1,455 | 8.2 | 11,931.00 |
| Robert Britton | Partner | Bankruptcy | 2008 | 1,165 - 1,640 | 833.8 | 961,344.75 |
| Jonathan Hurwitz | Counsel | Litigation | 1987 | 1,160 - 1,525 | 1017.5 | 1,183,724.50 |
| Karen King | Counsel | Litigation | 2001 | 1,160 | 312.2 | 362,152.00 |
| Stephen Koo | Counsel | Corporate | 1988 | 1,160 | 34.0 | 39,440.00 |
| Karla Booth | Counsel | Real Estate | 2006 | 1,125 | 19.5 | 21,937.50 |
| Daniel Mason | Counsel | Litigation | 2008 | 1,125 | 5.2 | 5,850.00 |
| Karen Zeituni | Counsel | Bankruptcy | 2010 | 1,525.00 | 9.9 | 15,097.50 |
| **Partners and Counsel Total:** | | | | | **4918.8** | **6,723,483.25** |

| Name of Associate | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Adam Denhoff | Associate | Bankruptcy | 2011 | 1,065 | 1.0 | 1,065.00 |
| Shane Avidan | Associate | Litigation | 2013 | 1,005 - 1,280 | 812.7 | 821,960.00 |
| Anna-Lisa Vanzo | Associate | Litigation | 2016 | 920 | 3.8 | 3,496.00 |
| Emma C. Carlson | Associate | Bankruptcy | 2017 | 835 | 39.3 | 32,815.50 |
| Michael Colarossi | Associate | Bankruptcy | 2017 | 835 | 17.5 | 14,612.50 |
| Julia Maddera | Associate | Litigation | 2018 | 835 | 27.3 | 22,795.50 |
| Felicia Siegel | Associate | Real Estate | 2016 | 835 | 33.7 | 28,139.50 |
| Wendy Wang | Associate | Real Estate | 2018 | 835 | 0.3 | 250.50 |
| Shaina Reiko Rogozen | Associate | Litigation | 2012 | 1,030 | 295.5 | 304,365.00 |
| Paul C. Gross | Associate | Litigation | 2018 | 1,030 | 209.2 | 153,762.00 |
| David M. Fish | Associate | Litigation | 2017 | 835 | 96.1 | 80,243.50 |
| Daniel A. Negless | Associate | Litigation | 2017 | 835 - 955 | 79.0 | 65,965.00 |
| Jonathan Silberstein-Loeb | Associate | Litigation | 2015 | 940 | 665.3 | 626,102.00 |
| Emily M. Hoyle | Associate | Litigation | 2018 | 735 - 880 | 1008.6 | 738,502.75 |
| Nicolas M. Kabat | Associate | Litigation | 2018 | 735 | 40.7 | 29,914.50 |

---

[1]   The hourly billing rates provided in this <u>Exhibit A</u> are the billing rates solely for the hours that the relevant timekeeper billed to this matter during the Final Fee Period and may not reflect such professional's current hourly billing rate.

| Name of Associate | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Jake E. Struebing | Associate | Litigation | 2018 | 735 | 656.0 | 482,160.00 |
| David Giller | Associate | Litigation | 2015 | 940 – 1,020 | 1311.4 | 1,226,042.00 |
| Rachel J. Corrigan | Associate | Litigation | 2019 | 640 | 1177.7 | 753,728.00 |
| Akila V. Sarathy | Associate | Litigation | Not admitted | 640 | 725.2 | 464,128.00 |
| Margaret Sun | Associate | Litigation | 2019 | 640 | 314.4 | 201,216.00 |
| Caitlin J. Toto | Associate | Bankruptcy | 2019 | 640 - 775 | 558.7 | 356,915.00 |
| Spencer E. Young | Associate | Litigation | 2020 | 640 - 1,135 | 266.0 | 181,503.50 |
| Patricia A. Walsh | Associate | Bankruptcy | 2020 | 665 | 48.5 | 32,252.50 |
| Teresa Lii | Associate | Bankruptcy | 2014 | 920 - 980 | 863.6 | 790,689.00 |
| Stephanie P. Lascano | Associate | Bankruptcy | 2020 | 1,040 | 53.0 | 55,120.00 |
| Associate Total: | | | | | 9304.5 | 7,467,743.25 |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Eric Gansman | 315 - 330 | 20.0 | 6,321.00 |
| Michael Johnson | 360 | 0.2 | 72.00 |
| Jennifer Kellner | 315 - 330 | 53.8 | 17,497.50 |
| Brent Beck | 480 | 77.5 | 37,200.00 |
| Rosanna Rossi | 480 | 68.8 | 33,024.00 |
| Wai Leung | 360 - 405 | 0.3 | 117.00 |
| Domhnall O'Donnchadha | 360 | 3.3 | 1,188.00 |
| Claudia Novod | 480 | 35.0 | 16,800.00 |
| Heather Spitalnik | 480 | 7.3 | 3,504.00 |
| Adrian Burke | 480 | 51.3 | 24,624.00 |
| Vincent Todarello | 480 | 53.1 | 25,488.00 |
| Michael Bernfeld | 480 | 45.5 | 21,840.00 |
| Joanie Hecht | 480 | 259.5 | 124,560.00 |
| Madhuri Pavamani | 490 - 510 | 588.8 | 288,664.00 |
| Peter Yoerg | 480 | 406.4 | 195,072.00 |
| Francine Murray | 490 - 510 | 849.9 | 416,491.00 |
| Joseph Samuel | 480 | 345.5 | 165,840.00 |
| Nilda Rivera | 480 | 302.3 | 145,104.00 |
| Binsy Cyriac | 480 | 839.6 | 403,008.00 |
| Ydalim Ramon | 480 | 97.8 | 46,944.00 |
| Destiny Harmon | 480 | 360.9 | 173,232.00 |
| Lisa Johnson | 480 | 752.2 | 361,056.00 |
| Alexandra Stancu | 480 | 313.6 | 150,528.00 |
| William Wolfsheimer | 480 | 326 | 156,480.00 |
| Mark Shapiro | 480 | 612.8 | 294,144.00 |
| Richard Dieguez | 480 | 157.4 | 75,552.00 |
| James Crutchfield | 480 | 394.2 | 189,216.00 |
| Scott Golodner | 480 | 739.5 | 354,960.00 |
| Chaim Rybak | 480 | 374.8 | 179,904.00 |
| Robin Cohen | 480 | 64.2 | 30,816.00 |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Akiva Reich | 480 | 651.5 | 312,720.00 |
| John Rowland | 480 | 511.9 | 245,712.00 |
| Patricia Perez | 480 | 74.8 | 35,904.00 |
| Sergio Herrera | 480 | 520.7 | 249,936.00 |
| Li Zhuang | 480 | 60.4 | 28,992.00 |
| Ye Qing | 480 | 354.3 | 170,064.00 |
| Arianny Mejia | 480 - 495 | 571.7 | 274,470.00 |
| Qing Di | 640 | 21.0 | 13,440.00 |
| Joseph Monzione | 365 - 380 | 234.6 | 86,205.00 |
| Brooke Filler | 365 - 380 | 117.1 | 43,109.00 |
| Zakiya Williams Wells | 315 | 39.4 | 12,411.00 |
| Anna Margolis | 315 | 14.3 | 4,504.50 |
| Rubin Danberg Biggs | 315 | 274.4 | 86,436.00 |
| Sarah Griffin | 315 | 387.0 | 121,905.00 |
| Olivia Irby | 315 | 143.9 | 45,328.50 |
| Robert Graham | 315 | 10.1 | 3,181.50 |
| Frank Eng | 365 - 435 | 197.5 | 72,948.50 |
| Elisabeth Stuveras | 345 | 117.3 | 40,468.50 |
| Frank Oliveras | 345 | 18.8 | 6,486.00 |
| Justin Turnofsky | 345 | 58.6 | 20,217.00 |
| Alan D. Wilbur | 345 - 405 | 362.9 | 125,671.50 |
| Christopher Ho | 345 | 82.2 | 28,359.00 |
| Ai Na Liu | 270 | 28.3 | 7,641.00 |
| David Dames | 295 | 17.0 | 5,015.00 |
| Mary Olsen | 295 | 14.5 | 4,277.50 |
| Christopher Tarrant | 435 | 2.5 | 1,087.50 |
| Alliemarie Schapp | 380 | 4.7 | 1,786.00 |
| Beth Lewitzky | 350 | 0.7 | 245.00 |
| Rebecca Newton | 350 | 0.3 | 105.00 |
| Daniel McLaughlin | 350 | 0.8 | 280.00 |
| Marlven Loreno | 405 | 0.4 | 162.00 |
| **Total Staff Attorneys, Paralegals, and Other Non-Legal Staff:** | | **13,095.10** | **5,988,314.50** |

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners and Counsel | 1,366.90 | 4918.8 | 6,723,483.25 |
| Associates | 802.60 | 9304.5 | 7,467,743.25 |
| Staff Attorneys/Paralegals/Non-Legal Staff | 457.29 | 13095.1 | 5,988,314.50 |
| Blended Attorney Rate | 997.75 | | |
| Blended Rate All Timekeepers | 738.68 | | |
| **Total:** | | **27,318.4** | **20,179,541.00** |

**Aggregate Time Summary By Task Code**
**October 15, 2018 through July 31, 2022**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (701) | 598.5 | 287,275.00 |
| Conflict Matters: General (702) | 489.5 | 419,382.50 |
| Conflict Matters: Investigations & Discovery (703) | 18,233.8 | 11,556,638.00 |
| Conflict Matters: Strategic Advice (704) | 69.8 | 56,810.50 |
| Fee/Employment Applications (Paul, Weiss) (705) | 639.0 | 442,260.50 |
| Fee/Employment Applications (Other) (706) | 221.1 | 216,220.50 |
| Fee/Employment Objections (707) | 2.8 | 2,191.00 |
| Cash Collateral/DIP Issues (708) | 29.9 | 36,545.50 |
| Plan and Disclosure Statement (709) | 666.3 | 756,482.00 |
| Litigation (710) | 4162.8 | 3,834,921.50 |
| Travel Time (712) | 84.6 | 46,973.50 |
| Court Hearings (713) | 340.4 | 431,800.50 |
| Sale Transactions (714) | 1743.7 | 2,047,781.50 |
| Creditor Inquiries (715) | 1.8 | 1,952.50 |
| Corporate Governance (716) | 33.7 | 42,061.50 |
| Other (717) | 0.7 | 245.00 |
| **Total:** | **27,318.4** | **20,179,541.50** |

**Expenses Summary**
**October 15, 2018 through July 31, 2022**

| Expenses Category | Total Expenses ($) |
|---|---|
| Court Costs & Lit Expenses | 255,761.17 |
| Duplicating Expenses | 91,779.88 |
| Professional Services – Electronic Discovery | 1,420,941.18 |
| Information Retrieval Services | 123,294.04 |
| Local Transportation Expenses | 26,311.92 |
| Client Organizational Expenses | 5,064.50 |
| Out-of-Town Travel | 31,303.50 |
| Miscellaneous | 6,604.87 |
| Word Processing | 14,301.25 |
| Overtime Expenses | 25,951.08 |
| Communications | 681.45 |
| Mail and Messengers | 6,338.74 |
| Business Expenses | 19,574.03 |
| **TOTAL** | **$2,027,907.61** |

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Robert A. Britton

*Counsel for the Debtors, Acting at the
Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**FINAL FEE APPLICATION OF
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
<u>PERIOD FROM OCTOBER 15, 2018 THROUGH AND INCLUDING JULY 31, 2022</u>**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), acting at the direction of the Restructuring Sub-Committee, hereby submits its final fee application (the "Final Fee Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the Southern District of New York (the "Local Rules"), for final allowance of compensation for professional service provided in the amount of $20,179,541.00 and reimbursement of actual and necessary expenses in the amount of $2,027,907.61, comprising (a) $19,963,138.50 in allowed fees paid to date and $1,933,866.28 in allowed expenses to date, (b) $92,328.96 in expenses paid pursuant to a monthly fee statement but not yet allowed, (c) $216,402.50 in unpaid fees that have not yet been allowed and $1,712.37 in unpaid expenses that have not yet been allowed, that Paul, Weiss incurred for the period from October 15, 2018 through July 31, 2022 (the "Final Fee Period"). In support of this Final Fee Application, Paul, Weiss submits the declaration of Robert A. Britton, a partner of Paul, Weiss regarding Paul, Weiss's compliance with the Fee Guidelines (defined below) (the "Britton Declaration"), which is attached hereto as Exhibit A. In further support of this Final Fee Application, Paul, Weiss respectfully states as follows:

## Preliminary Statement

1.  Since the commencement of these chapter 11 cases (the "Chapter 11 Cases"), Paul, Weiss professionals were retained to render professional services (i) acting at the direction of the restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee

(the "Restructuring Committee") of the Company's board of directors (the "Board") with respect to certain matters controlled by the Restructuring Sub-Committee (the "RSC Conflict Matters"), including the Debtors' investigation into prepetition related party transactions, and (ii) acting at the direction of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, in connection with all matters in which Weil, Gotshal & Manges LLP ("Weil") could not represent the Debtors due to an actual or perceived conflict of interest (the "Other Conflict Matters" and, together with the RSC Conflict Matters, the "Conflict Matters"). With the advice and assistance of Paul, Weiss, the Restructuring Sub-Committee investigated the legal and factual bases of prepetition related-party transactions, analyzing hundreds of thousands of documents and conducting eleven on-the-record witness interviews. These efforts allowed the Restructuring Sub-Committee to identify substantial claims against ESL Investments, Inc., and others, which were pursued and ultimately settled, subject to Court approval, creating substantial value for the Debtors' estates and its stakeholders. Paul, Weiss respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services Paul, Weiss provided to the Debtors during the Final Fee Period is reasonable and appropriate, commensurate with the scale, nature, and complexity of these Chapter 11 Cases, and should be allowed.

2.      On November 16, 2018, this Court entered the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order"). The Interim Compensation Order provides that when seeking compensation for services rendered, professionals must submit monthly fee statements to certain notice parties. Each person receiving a statement has fifteen (15) days after its receipt to review and object to such monthly fee statements. If no objection is made, the Debtors are authorized to

3

pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "Holdback") and 100% of the charges and disbursements requested. Paul, Weiss has submitted a monthly fee statement for each month of the Final Fee Period in which fees or expenses were paid to Paul, Weiss. In addition to amounts that have been allowed under Interim Fee Applications, Paul, Weiss is also seeking final allowance of $92,328.96 in expenses already paid under a monthly fee statement as well as final allowance of $216,402.50 in fees and $1,712.37 in additional expenses that have not yet been paid.

3.    This Final Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

4.    The Debtors have been given the opportunity to review this Final Fee Application and have approved the compensation and reimbursement of expenses requested herein.

## Jurisdiction and Basis for Relief

5.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.    The Chapter 11 Filings and General Case Background

6.    On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases.

7.    Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of the Local Rules for Southern District of New York*, sworn to on the Petition Date [Docket No. 3] (the "Riecker Declaration").

8.    On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 5370] (the "Confirmation Order"), pursuant to which the Court approved and confirmed the *Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors* [Docket No. 4476] (as amended, supplemented, or modified, the "Plan").

9.    The Debtors have advised Paul, Weiss that, to date, all quarterly fees due to the United States Trustee for the Southern District of New York (the "U.S. Trustee") have been paid.

**B.    The Debtors' Retention of Paul, Weiss**

10.    On November 1, 2018, the Debtors filed an application to employ Paul, Weiss as their attorneys acting at the direction of the Restructuring Sub-Committee [Docket No. 417] (the "Retention Application"). On November 16, 2018, the Court entered an order approving the Retention Application [Docket No. 774] (the "Retention Order").

11.    The Retention Order authorized the Debtors to compensate and reimburse Paul, Weiss, *nunc pro tunc* to the Petition Date, as their attorneys acting at the direction of the Restructuring Sub-Committee in these Chapter 11 Cases. The Retention Order further authorized Paul, Weiss to provide services as described in the Retention Application, including:

(a)    investigating and advising the Restructuring Sub-Committee regarding whether a matter constitutes a RSC Conflict Matter;

(b)    conducting investigations and analyses sufficient to advise the Restructuring Sub-Committee regarding RSC Conflict Matters;

(c)    implementing the directions of the Restructuring Sub-Committee related to RSC Conflict Matters;

(d)    implementing the directions of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, with respect to Other Conflict Matters; and

(e)    rendering services for the Restructuring Sub-Committee and Restructuring Committee including, but not limited to, fact investigation, legal research, briefing, argument, discovery, negotiation, litigation, participation in meetings of the Board and applicable committees thereof, appearance and participation in hearings, and communications and meetings with parties in interest, in each case as it relates to RSC Conflict Matters or Other Conflict Matters.

**C.    Disinterestedness of Paul, Weiss**

12.    To the best of the Debtors' knowledge and as disclosed in the *Declaration of Paul M. Basta in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc

Pro Tunc *to the Petition Date*, attached as <u>Exhibit B</u> to the Retention Application (the "<u>Initial Declaration</u>"), as well as the *First Supplemental Declaration of Paul M. Basta in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 516], the *Second Supplemental Declaration of Paul M. Basta in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 1400], the *Third Supplemental Declaration of Paul M. Basta in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 2738], and the *Statement with Respect to Certain Conflict Matters* [Docket No. 10420] (collectively the "<u>Basta Declarations</u>"), (a) Paul, Weiss is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Paul, Weiss has no connection to the Debtors, their creditors, or other parties in interest, except as may have been disclosed in the Basta Declarations.

13.    Paul, Weiss may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases. In the Basta Declarations, Paul, Weiss disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. In light of the extensive number of the Debtors' creditors and other parties in interest, Paul, Weiss is unable to conclusively identify all potential relationships. To the extent that Paul, Weiss becomes aware of any additional

relationships that may be relevant to Paul, Weiss's representation of the Debtors, Paul, Weiss will promptly file a supplemental declaration.

14.     Paul, Weiss performed the services for which it is seeking compensation at the direction of the Restructuring Sub-Committee and on behalf of the Debtors and their estates, and not on behalf of any other committee, creditor, or other entity.

15.     As previously disclosed in the Initial Declaration, Paul, Weiss received an advanced payment retainer in connection with its engagement in the amount of $250,000, which it applied against its prepetition invoices. Paul, Weiss has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases.

16.     Pursuant to Bankruptcy Rule 2016(b), Paul, Weiss has not shared, nor has Paul, Weiss agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Paul, Weiss, or (b) any compensation another person or party has received or may receive.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

17.     Paul, Weiss seeks final allowance and approval of compensation for professional services performed during the Final Fee Period in the aggregate amount of $20,179,541.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $2,027,907.61. To date, Paul, Weiss has received total payment of $19,963,138.50 for legal services rendered to the Debtors and $2,026,195.24 for related expenses during the Final Fee Period pursuant to the Interim Compensation Order. During the Final Fee Period, Paul, Weiss attorneys and paraprofessionals expended a total of 27318.4 hours in connection with the necessary services performed.

8

18.     The hourly rates set forth in the Initial Declaration are Paul, Weiss's standard hourly rates. These rates are set at a level designed to fairly compensate Paul, Weiss for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis. The hourly rates and corresponding rate structure utilized by Paul, Weiss in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Paul, Weiss for other bankruptcy matters, as well as non-bankruptcy matters. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.

19.     Attached hereto as Exhibit B is a schedule of Paul, Weiss attorneys and paraprofessionals who have performed services for the Debtors during the Final Fee Period, the capacities in which each individual is employed by Paul, Weiss, the department in which the individual practices, the hourly billing rate charged by Paul, Weiss for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith.

20.     Attached hereto as Exhibit C is a summary of Paul, Weiss's time records billed using task codes described below. To provide a meaningful summary of Paul, Weiss's services provided on behalf of the Debtors and their estates, Paul, Weiss has established, in accordance with its internal billing procedures, certain task code categories (each, a "Task Code Category") in connection with these Chapter 11 Cases. Paul, Weiss maintains computerized records of time spent by all Paul, Weiss attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records have been furnished to the Debtors, the Court and the independent fee examiner in the format specified by the Fee Guidelines for each month of the

9

Final Fee Period, each with a statement of the fees and disbursements accrued during the corresponding month.

21.     Attached hereto as <u>Exhibit D</u> is a schedule specifying the categories of expenses for which Paul, Weiss is seeking reimbursement and the total amount for each such expense category. Itemized computer records of such expenses have been provided to the Debtors and the independent fee examiner and filed in conjunction with each monthly fee statement.

22.     Attached hereto as <u>Exhibit E</u> is a summary and comparison of the aggregate blended hourly rates billed by Paul, Weiss New York timekeepers to non-bankruptcy matters during the proceeding rolling twelve-month period year ending July 31, 2022, and the blended hourly rates billed to the Debtors during the Final Fee Period.

23.     Attached hereto as <u>Exhibit F</u> is a budget and staffing plan prepared in connection with Paul, Weiss's representation of the Debtors in these Chapter 11 Cases.

24.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Fee Period, but were not processed prior to the preparation of this Fee Application, Paul, Weiss reserves the right to request additional compensation for such services and reimbursement of such expenses by future application to the Court.

**<u>Summary of Legal Services Rendered During the Final Fee Period</u>**

25.     As discussed above, during the Final Fee Period, Paul, Weiss provided significant and important professional services to the Debtors acting at the direction of the Restructuring Sub-Committee in connection with these Chapter 11 Cases. These services were necessary to address a multitude of critical issues both unique to these Chapter 11 Cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

26.     Below is a more detailed summary of the most significant professional services performed by Paul, Weiss in each Task Code Category, organized in accordance with Paul, Weiss's internal system of matter numbers for these Chapter 11 Cases. The detailed descriptions demonstrate that Paul, Weiss's services to the Debtors were necessary to meet the needs of the Debtors' estates in these Chapter 11 Cases.

**A.     Conflict Matters: Investigations & Discovery [Matter 703]**
Total Fees: $11,556,638.00
Total Hours: 18,233.8

27.     This task code includes time spent by Paul, Weiss attorneys on a multitude of tasks relating to all aspects of the investigation of prepetition related party transactions and related discovery. In particular, this task code includes (a) all aspects of document review, including coordinating document production with various parties and reviewing hundreds of thousands of documents for privilege and responsiveness, transferring data to successor counsel, and responding to inquiries and other matters concerning the same, (b) analyzing the legal and factual bases of potential claims in connection with prepetition related party transactions, (c) researching, drafting, and revising outlines in preparation for the on-the-record witness interviews undertaken as part of the investigation of prepetition related party transactions, (d) preparing for and conducting the aforementioned interviews, (e) preparing witnesses for depositions in connection with the RSC Conflict Matters, and (f) attending in-person and telephonic conferences with various parties, such as the Restructuring Sub-Committee, the Restructuring Committee, the Debtors' other professionals, and the Creditors' Committee, on matters relating to the investigation and the discovery and document transfer.

11

**B.    Plan and Disclosure Statement [Matter 705]**
Total Fees: $756,482.00
Total Hours: 666.3

28.    This task code includes time spent by Paul, Weiss attorneys formulating, drafting, and reviewing the Plan, Disclosure Statement, and various related documents. This task code also includes time spent by Paul, Weiss attorneys assisting the Debtors and Restructuring Sub-Committee in addressing issues with the Plan and confirmation, and in particular, with respect to RSC Conflict Matters. For example, this task code includes time spent by Paul, Weiss professionals (a) participating in multiple conferences with the Debtors' other professionals and the Debtors' key stakeholders regarding the Plan, (b) reviewing and analyzing materials concerning the Plan, confirmation, and related issues, (c) reviewing and analyzing materials concerning Plan-related issues, (d) reviewing and revising multiple drafts of the Plan and Disclosure Statement, and (e) reviewing objections received by the Debtors to the Plan and Disclosure Statement.

**C.    Litigation [Matter 710]**
Total Fees: $3,834,921.50
Total Hours: 4,162.8

29.    This task code includes time spent by Paul, Weiss attorneys primarily in connection with the litigation resulting from the investigation of prepetition related party transactions. In particular, this includes (a) researching, drafting, and editing the complaint and additional work in connection with related documents, including initial disclosures, interrogatories, subpoenas, and discovery requests and responses, (b) reviewing the amended complaint and related pleadings and briefs, (c) preparing for and attending related in-person and telephonic conferences with various parties, including the Restructuring Sub-Committee, the Restructuring Committee, the mediators appointed in these Chapter 11 Cases, the Debtors' other professionals, the Creditors' Committee,

and others to engage in extensive discussions on matters relating to the complaint and amended complaint, (d) researching various litigation matters, including privilege, litigation experts, and foreign service of process, and (e) corresponding with counsel to the Creditors' Committee regarding document-related requests.

### D.    Sale Transactions [Matter 714]
Total Fees: $2,047,781.50
Total Hours: 1,743.7

30.    This task code includes time spent by Paul, Weiss attorneys on various tasks in relation to the sale of substantially all of the Debtors' assets. In particular, this includes (a) the research and analysis of credit bidding issues, (b) attending in-person and telephonic conferences with various parties, such as the Restructuring Committee, the Restructuring Sub-Committee, the Debtors, ESL Investments, Inc., and the Creditors' Committee, to discuss and negotiate the multiple bids submitted by ESL Investments, Inc., or affiliates thereof, to purchase substantially all of the Debtors' assets, (c) preparing for and participating in negotiations in connection with the initial release of certain prepetition claims against ESL Investments, Inc. embodied in that certain Asset Purchase Agreement, dated January 17, 2019 (as amended on February 11, 2019 and as amended or modified from time to time), (d) preparing for and attending the auction to sell substantially all of the Debtors' assets, which includes time spent attending in-person and telephonic conferences with various parties to discuss pertinent case issues, (e) preparing for the hearing to approve the sale of substantially all of the Debtors' assets, which includes time spent researching and reviewing case issues as it pertained to the sale hearing and RSC Conflict Matters, (f) researching, drafting, and revising the *Restructuring Subcommittee's Response to the Objection of the Official Committee of Unsecured Creditors to the Sale of Substantially All of the Debtors' Assets to ESL Investments* [Docket No. 2320], (g) time spent researching and advising the

13

Restructuring Sub-Committee on the implications of the Debtors' sale of Sears Roebuck Acceptance Corporation's medium term notes [Docket No. 642], (h) reviewing and analyzing documents in relation to issues regarding sale dispute issues between the Debtors and Transform Hold Co, and (*i*) attending in-person and telephonic conferences with various parties, such as the Restructuring Sub-Committee and the Creditors' Committee, and the Debtors' other professionals to discuss the same.

**Actual and Necessary Expenses Incurred by Paul, Weiss**

31.     As set forth in Exhibit D attached hereto, Paul, Weiss has incurred a total of $2,027,907.61 in expenses on behalf of the Debtors during the Final Fee Period. These charges are intended to reimburse Paul, Weiss's direct operating costs, which are not incorporated into Paul, Weiss's hourly billing rates. Paul, Weiss charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of this type are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

32.     In compliance with the Fee Guidelines, Paul, Weiss charged $0.10 per page for photocopying. This does not exceed the maximum rate set by the Fee Guidelines.

33.     In addition, due to the location of the Debtors' businesses, creditors, and other parties in interest in relation to Paul, Weiss's offices, frequent multi-party telephone conferences involving numerous parties were required.  Paul, Weiss also incurred data hosting fees for storage of electronic discovery. The disbursements for such services are not included in Paul, Weiss's overhead for the purpose of setting billing rates, and Paul, Weiss has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing

14

professional services were necessary, reasonable, and justifiable under the circumstances to serve the needs of the Debtors in these Chapter 11 Cases.

34.     Among other things, Paul, Weiss ensures that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, Paul, Weiss regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. In that regard, Paul, Weiss has voluntarily waived certain fees and reduced its fees and expenses following regular internal reviews of its bills. In the Final Fee Period, Paul, Weiss voluntarily reduced its fees by $294,012.25 and voluntarily reduced its expenses by $6,497.20. Consequently, Paul, Weiss does not seek payment of such fees or reimbursement of such expenses in this Final Fee Application.

### Paul, Weiss's Requested Compensation and Reimbursement Should Be Allowed

35.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> a.  the time spent on such services;
>
> b.  the rates charged for such services;
>
> c.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

15

      d.   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      e.   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      f.   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36.    Paul, Weiss respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Paul, Weiss further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. Paul, Weiss further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

37.    During the Final Fee Period, Paul, Weiss's hourly billing rates for attorneys ranged from $1,165.00 to $2,025.00 for partners, $1,125.00 to $1,525.00 for counsel, $640.00 to $1,280.00 for associates, $110.00 to $510.00 for staff attorneys and paraprofessionals, and $640.00 to $735.00 for visiting lawyers. These hourly rates and corresponding rate structure utilized by Paul, Weiss in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Paul, Weiss for restructuring, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Paul, Weiss strives to be efficient in the staffing

16

of all matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these Chapter 11 Cases.

38.    Moreover, Paul, Weiss's hourly rates are set at a level designed to compensate Paul, Weiss fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

39.    In sum, Paul, Weiss respectfully submits that the professional services provided by Paul, Weiss on behalf of the Debtors and their estates during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by Paul, Weiss, the nature and extent of Paul, Weiss's services provided, the value of Paul, Weiss's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Paul, Weiss respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights

40.    It is possible that some professional time expended or expenses incurred during the Final Fee Period are not reflected in this Final Fee Application. Paul, Weiss reserves the right to seek payment of such amounts in the future.

### Notice

41.    Notice of this Final Fee Application shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke

Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: harnerp@ballardspahr.com); (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

42.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.


*[Remainder of page intentionally left blank]*

WHEREFORE, Paul, Weiss respectfully requests that the Court enter an order: (a) granting final allowance and approval of compensation for professional services performed during the Final Fee Period in the aggregate amount of $20,179,541.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $2,027,907.61; (b) authorizing and directing the Debtors to remit payment to Paul, Weiss for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: August 9, 2022
New York, New York

/s/ Robert A. Britton
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Robert A. Britton

*Counsel for the Debtors, Acting at the Direction of the Restructuring Sub-Committee*

## Exhibit A

**Britton Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :      **Chapter 11**
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*            :      **Case No. 18-23538 (RDD)**
                                                    :
            **Debtors.**[1]                          :      **(Jointly Administered)**
                                                    :
---------------------------------------------------------------x

## DECLARATION OF ROBERT A. BRITTON
## IN SUPPORT OF THE FINAL FEE APPLICATION OF
## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, ATTORNEYS
## FOR THE DEBTORS, FOR THE PERIOD FROM OCTOBER 15, 2018 THROUGH
## AND INCLUDING JULY 31, 2020

ROBERT A. BRITTON makes this declaration under 28 U.S.C. § 1746:

1.      I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP

("Paul, Weiss"), an international law firm with its principal offices at 1285 Avenue of the

Americas, New York, New York 10019. I am a lead attorney from Paul, Weiss working on the

above-captioned chapter 11 cases (the "Chapter 11 Cases"). I am a member in good standing of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Bar of the State of New York and I have been admitted to practice in the United States District Court for the Southern District of New York.

    2.      I have read the foregoing fee application of Paul, Weiss for the Final Fee Period (the "<u>Fee Application</u>").[2] To the best of my knowledge, information, and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Rule 2016-1 and the Fee Guidelines.

    3.      In connection therewith, I hereby certify that:

    a)      I have read this Fee Application;

    b)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions;

    c)      the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Paul, Weiss and generally accepted by Paul, Weiss's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

    d)      in providing a reimbursable expense, Paul, Weiss does not make a profit on that expense, whether the service is performed by Paul, Weiss in-house or through a third party;

    e)      in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Paul, Weiss and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

    f)      all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

---

[2]    Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Final Fee Application.

4.      Pursuant to Section B(3) of the Local Guidelines, I certify that Paul, Weiss has

provided the U.S. Trustee and the Debtors with a statement of Paul, Weiss's fees and expenses

incurred during the Final Fee Period.

5.      In accordance with the U.S. Trustee's Guidelines, Paul, Weiss responds to the

questions identified therein as follows:

Question 1: Did Paul, Weiss agree to any variations from, or alternatives to, Paul, Weiss's
standard or customary billing rates, fees or terms for services pertaining to this engagement
that were provided during the Final Fee Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Fee Application as compared to the fees budgeted for
the time period covered by the Application are higher by 10% or more, did Paul, Weiss
discuss the reasons for the variation with the client?

Answer: The fees sought for the Final Fee Period do not exceed those budgeted for such
time.

Question 3: Have any of the professionals included in the Application varied their hourly
rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Fee Application include time or fees related to reviewing or
revising time records or preparing, reviewing or revising invoices? If so, please quantify
by hours and fees.

Answer: The Fee Application includes time for fees related to reviewing time records and
preparing or reviewing invoices in connection with the preparation of monthly fee
statements and invoices. The total time expended for such matters during the Final Fee
Period is approximately 200.7 hours included within Task Code 705 and totals
approximately $143,836.00. Paul, Weiss also voluntarily reduced its fees incurred in
connection with, among other things, the review of fee records and responding to the fee
examiner during the Final Fee Period in the amount of $294,012.25.

Question 5: Does the Application include time or fees for reviewing time records to
redact any privileged or other confidential information? If so, please quantify hours and
fees.

Answer: As part of the ordinary review of time records to ensure compliance with the Fee
Guidelines, certain information may be redacted or edited to protect privileged or

3

confidential information.  Any time expended on reviewing and redacting time records for privileged or confidential information is included within Task Code 705 and includes time spent to (i) ensure that time entries comply with the Fee Guidelines and do not disclose privileged or confidential information, (ii) prepare monthly fee statements and begin to prepare the Fee Application, (iii) ensure the adequacy of disclosure regarding activities included in the Fee Application, and (iv) time spent on retention and on review of conflicts checks for parties in interest in these Chapter 11 Cases. As set forth above, the total time expended for such matters during the Fee Period is approximately 200.7 hours included within Task Code 705 and totals approximately $143,836.00. All of these services were necessary components of Paul, Weiss's fee and retention activities.

Question 6: Does the Application include any rate increases since Paul, Weiss's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: Yes. Paul, Weiss's billing rates increased annually on each October 1 within the Final Fee Period. The client agreed when retaining the law firm to accept all future rate increases.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 9, 2022            Respectfully submitted,
New York, New York

                                 /s/ Robert A. Britton
                                 Robert A. Britton

4

**<u>Exhibit B</u>**

**COMPENSATION BY PROFESSIONAL**
**<u>OCTOBER 15, 2018 THROUGH JULY 31, 2022</u>**

## Compensation By Professional
## October 15, 2018 through July 31, 2022[1]

| Name of Professional | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Kelley Cornish | Partner | Bankruptcy | 1984 | 1,560 - 1,650 | 719.2 | 1,106,697.00 |
| Meredith Kane | Partner | Real Estate | 1983 | 1,560 - 1,650 | 2.6 | 4,056.00 |
| Paul Basta | Partner | Bankruptcy | 1993 | 1,560 - 2,025 | 817.00 | 1,276,890.00 |
| Lewis Clayton | Partner | Litigation | 1979 | 1,560 - 2,025 | 516.30 | 808,501.50 |
| Richard Rosen | Partner | Litigation | 1980 | 1,560 | 1.5 | 2,340.00 |
| Susanna Buergel | Partner | Litigation | 2002 | 1,485 | 621.9 | 923,521.50 |
| Manuel Frey | Partner | Corporate | 2000 | 1,455 | 8.2 | 11,931.00 |
| Robert Britton | Partner | Bankruptcy | 2008 | 1,165 - 1,640 | 833.8 | 961,344.75 |
| Jonathan Hurwitz | Counsel | Litigation | 1987 | 1,160 - 1,525 | 1017.5 | 1,183,724.50 |
| Karen King | Counsel | Litigation | 2001 | 1,160 | 312.2 | 362,152.00 |
| Stephen Koo | Counsel | Corporate | 1988 | 1,160 | 34.0 | 39,440.00 |
| Karla Booth | Counsel | Real Estate | 2006 | 1,125 | 19.5 | 21,937.50 |
| Daniel Mason | Counsel | Litigation | 2008 | 1,125 | 5.2 | 5,850.00 |
| Karen Zeituni | Counsel | Bankruptcy | 2010 | 1,525.00 | 9.9 | 15,097.50 |
| Partners and Counsel Total: | | | | | 4918.8 | 6,723,483.25 |

| Name of Associate | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Adam Denhoff | Associate | Bankruptcy | 2011 | 1,065 | 1.0 | 1,065.00 |
| Shane Avidan | Associate | Litigation | 2013 | 1,005 - 1,280 | 812.7 | 821,960.00 |
| Anna-Lisa Vanzo | Associate | Litigation | 2016 | 920 | 3.8 | 3,496.00 |
| Emma C. Carlson | Associate | Bankruptcy | 2017 | 835 | 39.3 | 32,815.50 |
| Michael Colarossi | Associate | Bankruptcy | 2017 | 835 | 17.5 | 14,612.50 |
| Julia Maddera | Associate | Litigation | 2018 | 835 | 27.3 | 22,795.50 |
| Felicia Siegel | Associate | Real Estate | 2016 | 835 | 33.7 | 28,139.50 |
| Wendy Wang | Associate | Real Estate | 2018 | 835 | 0.3 | 250.50 |
| Shaina Reiko Rogozen | Associate | Litigation | 2012 | 1,030 | 295.5 | 304,365.00 |
| Paul C. Gross | Associate | Litigation | 2018 | 1,030 | 209.2 | 153,762.00 |
| David M. Fish | Associate | Litigation | 2017 | 835 | 96.1 | 80,243.50 |
| Daniel A. Negless | Associate | Litigation | 2017 | 835 - 955 | 79.0 | 65,965.00 |
| Jonathan Silberstein-Loeb | Associate | Litigation | 2015 | 940 | 665.3 | 626,102.00 |
| Emily M. Hoyle | Associate | Litigation | 2018 | 735 - 880 | 1008.6 | 738,502.75 |
| Nicolas M. Kabat | Associate | Litigation | 2018 | 735 | 40.7 | 29,914.50 |

[1]   The hourly billing rates provided in this Exhibit A are the billing rates solely for the hours that the relevant timekeeper billed to this matter during the Final Fee Period and may not reflect such professional's current hourly billing rate.

| Name of Associate | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Jake E. Struebing | Associate | Litigation | 2018 | 735 | 656.0 | 482,160.00 |
| David Giller | Associate | Litigation | 2015 | 940 – 1,020 | 1311.4 | 1,226,042.00 |
| Rachel J. Corrigan | Associate | Litigation | 2019 | 640 | 1177.7 | 753,728.00 |
| Akila V. Sarathy | Associate | Litigation | Not admitted | 640 | 725.2 | 464,128.00 |
| Margaret Sun | Associate | Litigation | 2019 | 640 | 314.4 | 201,216.00 |
| Caitlin J. Toto | Associate | Bankruptcy | 2019 | 640 - 775 | 558.7 | 356,915.00 |
| Spencer E. Young | Associate | Litigation | 2020 | 640 - 1,135 | 266.0 | 181,503.50 |
| Patricia A. Walsh | Associate | Bankruptcy | 2020 | 665 | 48.5 | 32,252.50 |
| Teresa Lii | Associate | Bankruptcy | 2014 | 920 - 980 | 863.6 | 790,689.00 |
| Stephanie P. Lascano | Associate | Bankruptcy | 2020 | 1,040 | 53.0 | 55,120.00 |
| **Associate Total:** | | | | | **9304.5** | **7,467,743.25** |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Eric Gansman | 315 - 330 | 20.0 | 6,321.00 |
| Michael Johnson | 360 | 0.2 | 72.00 |
| Jennifer Kellner | 315 - 330 | 53.8 | 17,497.50 |
| Brent Beck | 480 | 77.5 | 37,200.00 |
| Rosanna Rossi | 480 | 68.8 | 33,024.00 |
| Wai Leung | 360 - 405 | 0.3 | 117.00 |
| Domhnall O'Donnchadha | 360 | 3.3 | 1,188.00 |
| Claudia Novod | 480 | 35.0 | 16,800.00 |
| Heather Spitalnik | 480 | 7.3 | 3,504.00 |
| Adrian Burke | 480 | 51.3 | 24,624.00 |
| Vincent Todarello | 480 | 53.1 | 25,488.00 |
| Michael Bernfeld | 480 | 45.5 | 21,840.00 |
| Joanie Hecht | 480 | 259.5 | 124,560.00 |
| Madhuri Pavamani | 490 - 510 | 588.8 | 288,664.00 |
| Peter Yoerg | 480 | 406.4 | 195,072.00 |
| Francine Murray | 490 - 510 | 849.9 | 416,491.00 |
| Joseph Samuel | 480 | 345.5 | 165,840.00 |
| Nilda Rivera | 480 | 302.3 | 145,104.00 |
| Binsy Cyriac | 480 | 839.6 | 403,008.00 |
| Ydalim Ramon | 480 | 97.8 | 46,944.00 |
| Destiny Harmon | 480 | 360.9 | 173,232.00 |
| Lisa Johnson | 480 | 752.2 | 361,056.00 |
| Alexandra Stancu | 480 | 313.6 | 150,528.00 |
| William Wolfsheimer | 480 | 326 | 156,480.00 |
| Mark Shapiro | 480 | 612.8 | 294,144.00 |
| Richard Dieguez | 480 | 157.4 | 75,552.00 |
| James Crutchfield | 480 | 394.2 | 189,216.00 |
| Scott Golodner | 480 | 739.5 | 354,960.00 |
| Chaim Rybak | 480 | 374.8 | 179,904.00 |
| Robin Cohen | 480 | 64.2 | 30,816.00 |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Akiva Reich | 480 | 651.5 | 312,720.00 |
| John Rowland | 480 | 511.9 | 245,712.00 |
| Patricia Perez | 480 | 74.8 | 35,904.00 |
| Sergio Herrera | 480 | 520.7 | 249,936.00 |
| Li Zhuang | 480 | 60.4 | 28,992.00 |
| Ye Qing | 480 | 354.3 | 170,064.00 |
| Arianny Mejia | 480 - 495 | 571.7 | 274,470.00 |
| Qing Di | 640 | 21.0 | 13,440.00 |
| Joseph Monzione | 365 - 380 | 234.6 | 86,205.00 |
| Brooke Filler | 365 - 380 | 117.1 | 43,109.00 |
| Zakiya Williams Wells | 315 | 39.4 | 12,411.00 |
| Anna Margolis | 315 | 14.3 | 4,504.50 |
| Rubin Danberg Biggs | 315 | 274.4 | 86,436.00 |
| Sarah Griffin | 315 | 387.0 | 121,905.00 |
| Olivia Irby | 315 | 143.9 | 45,328.50 |
| Robert Graham | 315 | 10.1 | 3,181.50 |
| Frank Eng | 365 - 435 | 197.5 | 72,948.50 |
| Elisabeth Stuveras | 345 | 117.3 | 40,468.50 |
| Frank Oliveras | 345 | 18.8 | 6,486.00 |
| Justin Turnofsky | 345 | 58.6 | 20,217.00 |
| Alan D. Wilbur | 345 - 405 | 362.9 | 125,671.50 |
| Christopher Ho | 345 | 82.2 | 28,359.00 |
| Ai Na Liu | 270 | 28.3 | 7,641.00 |
| David Dames | 295 | 17.0 | 5,015.00 |
| Mary Olsen | 295 | 14.5 | 4,277.50 |
| Christopher Tarrant | 435 | 2.5 | 1,087.50 |
| Alliemarie Schapp | 380 | 4.7 | 1,786.00 |
| Beth Lewitzky | 350 | 0.7 | 245.00 |
| Rebecca Newton | 350 | 0.3 | 105.00 |
| Daniel McLaughlin | 350 | 0.8 | 280.00 |
| Marlven Loreno | 405 | 0.4 | 162.00 |
| **Total Staff Attorneys, Paralegals, and Other Non-Legal Staff:** | | **13,095.10** | **5,988,314.50** |

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners and Counsel | 1,366.90 | 4918.8 | 6,723,483.25 |
| Associates | 802.60 | 9304.5 | 7,467,743.25 |
| Staff Attorneys/Paralegals/Non-Legal Staff | 457.29 | 13095.1 | 5,988,314.50 |
| Blended Attorney Rate | 997.75 | | |
| Blended Rate All Timekeepers | 738.68 | | |
| **Total** | | **27,318.4** | **20,179,541.00** |

3

**Exhibit C**

**COMPENSATION BY TASK CODE**
**OCTOBER 15, 2018 THROUGH JULY 31, 2022**

**AGGREGATE TIME SUMMARY BY TASK CODE**
**FOR THE PERIOD OCTOBER 15, 2018 THROUGH JULY 31, 2022**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (701) | 598.5 | 287,275.00 |
| Conflict Matters: General (702) | 489.5 | 419,382.50 |
| Conflict Matters: Investigations & Discovery (703) | 18,233.8 | 11,556,638.00 |
| Conflict Matters: Strategic Advice (704) | 69.8 | 56,810.50 |
| Fee/Employment Applications (Paul, Weiss) (705) | 639.0 | 442,260.50 |
| Fee/Employment Applications (Other) (706) | 221.1 | 216,220.50 |
| Fee/Employment Objections (707) | 2.8 | 2,191.00 |
| Cash Collateral/DIP Issues (708) | 29.9 | 36,545.50 |
| Plan and Disclosure Statement (709) | 666.3 | 756,482.00 |
| Litigation (710) | 4162.8 | 3,834,921.50 |
| Travel Time (712) | 84.6 | 46,973.50 |
| Court Hearings (713) | 340.4 | 431,800.50 |
| Sale Transactions (714) | 1743.7 | 2,047,781.50 |
| Creditor Inquiries (715) | 1.8 | 1,952.50 |
| Corporate Governance (716) | 33.7 | 42,061.50 |
| Other (717) | 0.7 | 245.00 |
| **TOTAL** | **27,318.4** | **20,179,541.50** |

**TIME SUMMARY BY TASK CODE[1]**

| Task Code 701 Case Administration | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Paul Basta | Partner | 11.0 | x | 1,560 - 2,025 | = | 19,485.00 |
| Robert Britton | Partner | 10.4 | x | 1,165 - 1,640 | = | 12,128.00 |
| Susanna Buergel | Partner | 0.2 | x | 1,485 | = | 297.00 |
| Kelley Cornish | Partner | 7.7 | x | 1,560 - 1,650 | = | 12,012.00 |
| Jonathan Hurwitz | Counsel | 6.8 | x | 1,160 - 1,525 | = | 10,260.50 |
| Emma C. Carlson | Associate | 12.5 | x | 835 | = | 10,437.50 |
| Michael Colarossi | Associate | 1.0 | x | 835 | = | 835.00 |
| Emily M. Hoyle | Associate | 1.6 | x | 735 - 880 | = | 1,176.00 |
| Teresa Lii | Associate | 20.9 | x | 920 - 980 | = | 19,264.00 |
| Margaret Sun | Associate | 1.6 | x | 640 | = | 1,024.00 |
| Caitlin J. Toto | Associate | 60.9 | x | 640 - 775 | = | 39,003.00 |
| Patricia A. Walsh | Associate | 1.2 | x | 665 | = | 798.00 |
| Madhuri Pavamani | Staff Attorney | 2.3 | x | 490 - 510 | = | 1,127.00 |
| Rubin Danberg Biggs | Paralegal | 23.4 | x | 315 | = | 7,371.00 |
| Brooke Filler | Paralegal | 12.9 | x | 365 - 380 | = | 4,717.50 |
| Sarah Griffin | Paralegal | 100.4 | x | 315 | = | 31,626.00 |
| Joseph Monzione | Paralegal | 227.3 | x | 365 - 380 | = | 83,477.50 |
| Zakiya Williams Wells | Paralegal | 1.7 | x | 315 | = | 535.5 |
| Eric Gansman | Paralegal | 20.0 | x | 315 - 330 | = | 6,321.00 |
| Jennifer Kellner | Paralegal | 10.8 | x | 315 - 330 | = | 3,469.50 |
| Christopher Ho | Paralegal | 2.3 | x | 345 | = | 793.50 |
| Olivia Irby | Paralegal | 29.5 | x | 315 | = | 9,292.50 |
| Ai Na Liu | Paralegal | 10.7 | x | 270 | = | 2,889.00 |
| Christopher Tarrant | Paralegal | 2.5 | x | 435.00 | = | 1,087.50 |
| Alliemarie Schapp | Paralegal | 4.7 | x | 380.00 | = | 1,786.00 |
| Frank Eng | Paralegal | 12.3 | x | 365 - 435 | = | 5,350.50 |
| Marlven Loreno | Paralegal | 0.4 | x | 405.00 | = | 162.00 |
| Wai Leung | Paralegal | 0.2 | x | 360 - 405 | = | 81.00 |
| Alan D. Wilbur | Paralegal | 1.3 | x | 345 - 405 | = | 468.00 |
| **Totals:** | | **598.5** | | | | **287,275.00** |
| Task Code 702 Conflict Matters: General | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Paul Basta | Partner | 3.8 | x | 1,560 - 2,025 | = | 5,928.00 |
| Robert Britton | Partner | 50.6 | x | 1,165 - 1,640 | = | 57,415.00 |
| Susanna Buergel | Partner | 5.7 | x | 1,485 | = | 8,464.50 |
| Kelley Cornish | Partner | 6.5 | x | 1,560 - 1,650 | = | 10,140.00 |

---

[1]    The hourly billing rates provided in this Exhibit C are the billing rates solely for the hours that the relevant timekeeper billed to this matter during the Final Fee Period and may not reflect such professional's current hourly billing rate.

2

| | | | | | | |
|---|---|---|---|---|---|---|
| Shane Avidan | Associate | 4.6 | x | 1,005 - 1,280 | = | 4,623.00 |
| Emma C. Carlson | Associate | 0.3 | x | 835 | = | 250.50 |
| Rachel J. Corrigan | Associate | 3.9 | x | 640 | = | 2,496.00 |
| Emily M. Hoyle | Associate | 8.6 | x | 735 - 880 | = | 6,321.00 |
| Paul C. Gross | Associate | 7.3 | x | 1,030 | = | 5,365.50 |
| Teresa Lii | Associate | 94.0 | x | 920 - 980 | = | 86,480.00 |
| Julia Maddera | Associate | 21.2 | x | 835 | = | 17,702.00 |
| Akila V. Sarathy | Associate | 67.8 | x | 640 | = | 43,392.00 |
| Jake E. Struebing | Associate | 120.9 | x | 735 | = | 88,861.50 |
| Caitlin J. Toto | Associate | 35.2 | x | 640 - 775 | = | 22,528.00 |
| Stephanie P. Lascano | Associate | 53.0 | x | 1,040.00 | = | 55,120.00 |
| Anna-Lisa Vanzo | Associate | 3.8 | x | 920 | = | 3,496.00 |
| Rubin Danberg Biggs | Paralegal | 0.8 | x | 315 | = | 252.00 |
| Frank Eng | Paralegal | 1.5 | x | 365 - 435 | = | 547.50 |
| **Totals:** | | **489.5** | | | | **419,382.50** |
| **Task Code 703 Conflict Matters: Investigations & Discovery** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul Basta | Partner | 314.3 | x | 1,560 - 2,025 | = | 490,308.00 |
| Robert Britton | Partner | 145.2 | x | 1,165 - 1,640 | = | 172,324.00 |
| Susanna Buergel | Partner | 325.6 | x | 1,485 | = | 483,516.00 |
| Lewis Clayton | Partner | 217.9 | x | 1,560 - 2,025 | = | 339,924.00 |
| Kelley Cornish | Partner | 166.7 | x | 1,560 - 1,650 | = | 260,052.00 |
| Karla Booth | Counsel | 0.2 | x | 1,125 | = | 225.00 |
| Jonathan Hurwitz | Counsel | 544.7 | x | 1,160 - 1,525 | = | 631,852.00 |
| Karen King | Counsel | 242.6 | x | 1,160 | = | 281,416.00 |
| Stephen Koo | Counsel | 1.0 | x | 1,160 | = | 1,160.00 |
| Daniel Mason | Counsel | 5.2 | x | 1,125 | = | 5,850.00 |
| Shane Avidan | Associate | 101.3 | x | 1,005 - 1,280 | = | 101,806.50 |
| Emma C. Carlson | Associate | 9.8 | x | 835 | = | 8,183.00 |
| Rachel J. Corrigan | Associate | 742.9 | x | 640 | = | 475,456.00 |
| Adam Denhoff | Associate | 1.0 | x | 1,065 | = | 1,065.00 |
| David Giller | Associate | 678.2 | x | 940 - 1,020 | = | 637,540.00 |
| Emily M. Hoyle | Associate | 600.8 | x | 735 - 880 | = | 441,588.00 |
| Nicolas M. Kabat | Associate | 10.4 | x | 735 | = | 7,644.00 |
| Teresa Lii | Associate | 56.1 | x | 920 - 980 | = | 51,612.00 |
| Shaina Reiko Rogozen | Associate | 295.5 | x | 1,030 | = | 304,365.00 |
| Akila V. Sarathy | Associate | 635.3 | x | 640 | = | 406,592.00 |
| Jonathan Silberstein-Loeb | Associate | 450.2 | x | 940 | = | 423,396.00 |
| Jake E. Struebing | Associate | 463.7 | x | 735 | = | 340,819.50 |
| Caitlin J. Toto | Associate | 37.6 | x | 640 - 775 | = | 24,064.00 |
| Brent Beck | Staff Attorney | 77.5 | x | 480 | = | 37,200.00 |
| Michael Bernfeld | Staff Attorney | 45.2 | x | 480 | = | 21,696.00 |
| Adrian Burke | Staff Attorney | 51.3 | x | 480 | = | 24,624.00 |
| Robin Cohen | Staff Attorney | 64.2 | x | 480 | = | 30,816.00 |
| James Crutchfield | Staff Attorney | 384.2 | x | 480 | = | 184,416.00 |
| Binsy Cyriac | Staff Attorney | 837.9 | x | 480 | = | 402,192.00 |
| Richard Dieguez | Staff Attorney | 157.4 | x | 480 | = | 75,552.00 |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| Scott Golodner | Staff Attorney | 739.2 | x | 480 | = | 354,816.00 |
| Destiny Harmon | Staff Attorney | 360.9 | x | 480 | = | 173,232.00 |
| Joanie Hecht | Staff Attorney | 253.1 | x | 480 | = | 121,488.00 |
| Sergio Herrera | Staff Attorney | 520.7 | x | 480 | = | 249,936.00 |
| Lisa Johnson | Staff Attorney | 752.2 | x | 480 | = | 361,056.00 |
| Arianny Mejia | Staff Attorney | 568.1 | x | 480 - 495 | = | 272,688.00 |
| Francine Murray | Staff Attorney | 849.2 | x | 490 - 510 | = | 416,148.00 |
| Claudia Novod | Staff Attorney | 35.0 | x | 480 | = | 16,800.00 |
| Madhuri Pavamani | Staff Attorney | 527.8 | x | 490 - 510 | = | 258,622.00 |
| Patricia Perez | Staff Attorney | 74.8 | x | 480 | = | 35,904.00 |
| Ye Qing | Staff Attorney | 353.8 | x | 480 | = | 169,824.00 |
| Ydalim Ramon | Staff Attorney | 97.5 | x | 480 | = | 46,800.00 |
| Akiva Reich | Staff Attorney | 651.5 | x | 480 | = | 312,720.00 |
| Nilda Rivera | Staff Attorney | 302.3 | x | 480 | = | 145,104.00 |
| Rosanna Rossi | Staff Attorney | 68.6 | x | 480 | = | 32,928.00 |
| John Rowland | Staff Attorney | 511.9 | x | 480 | = | 245,712.00 |
| Chaim Rybak | Staff Attorney | 374.8 | x | 480 | = | 179,904.00 |
| Joseph Samuel | Staff Attorney | 345.5 | x | 480 | = | 165,840.00 |
| Mark Shapiro | Staff Attorney | 609.0 | x | 480 | = | 292,320.00 |
| Heather Spitalnik | Staff Attorney | 7.2 | x | 480 | = | 3,456.00 |
| Alexandra Stancu | Staff Attorney | 313.6 | x | 480 | = | 150,528.00 |
| Vincent Todarello | Staff Attorney | 52.8 | x | 480 | = | 25,344.00 |
| William Wolfsheimer | Staff Attorney | 325.8 | x | 480 | = | 156,384.00 |
| Peter Yoerg | Staff Attorney | 406.4 | x | 480 | = | 195,072.00 |
| Li Zhuang | Staff Attorney | 60.1 | x | 480 | = | 28,848.00 |
| Qing Di | Visiting Lawyer | 21.0 | x | 640 | = | 13,440.00 |
| Rubin Danberg Biggs | Paralegal | 208.4 | x | 315 | = | 65,646.00 |
| Frank Eng | Paralegal | 179.9 | x | 365 - 435 | = | 65,663.50 |
| Robert Graham | Paralegal | 10.1 | x | 315 | = | 3,181.50 |
| Sarah Griffin | Paralegal | 237.9 | x | 315 | = | 74,938.50 |
| Olivia Irby | Paralegal | 85.8 | x | 315 | = | 27,027.00 |
| Anna Margolis | Paralegal | 14.3 | x | 315 | = | 4,504.50 |
| Christopher Ho | Paralegal | 79.9 | x | 345 | = | 27,565.50 |
| Wai Leung | Paralegal | 0.1 | x | 360 - 405 | = | 36.00 |
| Ai Na Liu | Paralegal | 17.6 | x | 270 | = | 4,752.00 |
| Frank Oliveras | Paralegal | 18.8 | x | 345 | = | 6,486.00 |
| Elisabeth Stuveras | Paralegal | 117.3 | x | 345 | = | 40,468.50 |
| Justin Turnofsky | Paralegal | 58.6 | x | 345 | = | 20,217.00 |
| Alan D. Wilbur | Paralegal | 358.4 | x | 345 - 405 | = | 123,984.00 |
| **Totals:** | | **18,233.8** | | | | **11,556,638.00** |
| **Task Code 704 Conflict Matters: Strategic Advice** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 3.6 | x | 1,165 -  1,640 | = | 4,114.00 |
| Kelley Cornish | Partner | 2.6 | x | 1,560 - 1,650 | = | 4,056.00 |
| Jonathan Hurwitz | Counsel | 5.0 | x | 1,160 - 1,525 | = | 5,800.00 |
| Shane Avidan | Associate | 5.2 | x | 1,005 -  1,280 | = | 5,226.00 |
| Rachel J. Corrigan | Associate | 6.0 | x | 640 | = | 3,840.00 |

| Nicolas M. Kabat | Associate | 30.3 | x | 735 | = | 22,270.50 |
|---|---|---|---|---|---|---|
| Teresa Lii | Associate | 2.0 | x | 920 - 980 | = | 1,840.00 |
| Akila V. Sarathy | Associate | 15.1 | x | 640 | = | 9,664.00 |
| **Totals:** | | **69.8** | | | | **56,810.50** |
| **Task Code 705 Fee/Employment Applications (Paul, Weiss)** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 30.0 | x | 1,165 - 1,640 | = | 34,790.50 |
| Kelley Cornish | Partner | 10.7 | x | 1,560 - 1,650 | = | 16,746.00 |
| Emma C. Carlson | Associate | 5.1 | x | 835 | = | 4,258.50 |
| Paul C. Gross | Associate | 0.8 | x | 1,030 | = | 588.00 |
| Emily M. Hoyle | Associate | 0.5 | x | 735 - 880 | = | 367.50 |
| Teresa Lii | Associate | 185.7 | x | 920 - 980 | = | 171,912.00 |
| Margaret Sun | Associate | 0.6 | x | 640 | = | 384.00 |
| Spencer E. Young | Associate | 0.5 | x | 640 - 1,135 | = | 320.00 |
| Caitlin J. Toto | Associate | 181.9 | x | 640 - 775 | = | 119,170.00 |
| Patricia A. Walsh | Associate | 47.3 | x | 665 | = | 31,454.50 |
| Ye Qing | Staff Attorney | 0.5 | x | 480 | = | 240.00 |
| Ydalim Ramon | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| William Wolfsheimer | Staff Attorney | 0.2 | x | 480 | = | 96.00 |
| Michael Bernfeld | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Binsy Cyriac | Staff Attorney | 0.2 | x | 480 | = | 96.00 |
| Scott Golodner | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Francine Murray | Staff Attorney | 0.7 | x | 490 - 510 | = | 343.00 |
| Rosanna Rossi | Staff Attorney | 0.2 | x | 480 | = | 96.00 |
| Mark Shapiro | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Heather Spitalnik | Staff Attorney | 0.1 | x | 480 | = | 48.00 |
| Vincent Todarello | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Li Zhuang | Staff Attorney | 0.3 | x | 480 | = | 144.00 |
| Brooke Filler | Paralegal | 96.2 | x | 365 - 380 | = | 35,465.50 |
| Jennifer Kellner | Paralegal | 35.0 | x | 315 - 330 | = | 11,508.00 |
| Alan D. Wilbur | Paralegal | 1.7 | x | 345 - 405 | = | 612.00 |
| Joseph Monzione | Paralegal | 6.2 | x | 365 - 380 | = | 2,326.00 |
| Domhnall O'Donnchadha | Paralegal | 3.3 | x | 360 | = | 1,188.00 |
| Rubin Danberg Biggs | Paralegal | 0.5 | x | 315 | = | 157.50 |
| Sarah Griffin | Paralegal | 0.5 | x | 315 | = | 157.50 |
| Zakiya Williams Wells | Paralegal | 28.8 | x | 315 | = | 9,072.00 |
| **Totals:** | | **639.0** | | | | **442,260.50** |
| **Task Code 706 Fee/Employment Applications (Other)** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul Basta | Partner | 1.5 | x | 1,560 - 2,025 | = | 2,340.00 |
| Robert Britton | Partner | 62.0 | x | 1,165 - 1,640 | = | 69,850.00 |
| Kelley Cornish | Partner | 18.7 | x | 1,560 - 1,650 | = | 29,172.00 |
| Emma C. Carlson | Associate | 10.6 | x | 835 | = | 8,851.00 |
| Teresa Lii | Associate | 89.0 | x | 920 - 980 | = | 81,922.00 |
| Caitlin J. Toto | Associate | 35.6 | x | 640 - 775 | = | 22,784.00 |

| | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Brooke Filler | Paralegal | 2.6 | x | 365 - 380 | = | 955.00 |
| Jennifer Kellner | Paralegal | 1.1 | x | 315 - 330 | = | 346.50 |
| **Totals:** | | **221.1** | | | | **216,220.50** |
| **Task Code 707 Fee/Employment Applications (Other)** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 0.6 | x | 1,165 - 1,640 | = | 699.00 |
| Teresa Lii | Associate | 0.3 | x | 920 - 980 | = | 276.00 |
| Caitlin J. Toto | Associate | 1.9 | x | 640 - 775 | = | 1,216.00 |
| **Totals:** | | **2.8** | | | | **2,191.00** |
| **Task Code 708 Cash Collateral/DIP Issues** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Robert Britton | Partner | 18.9 | x | 1,165 - 1,640 | = | 21,262.50 |
| Kelley Cornish | Partner | 8.2 | x | 1,560 - 1,650 | = | 12,792.00 |
| Emma C. Carlson | Associate | 1.0 | x | 835 | = | 835.00 |
| Teresa Lii | Associate | 1.8 | x | 920 - 980 | = | 1,656.00 |
| **Totals:** | | **29.9** | | | | **36,545.50** |
| **Task Code 709 Plan and Disclosure Statement** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul Basta | Partner | 109.7 | x | 1,560 - 2,025 | = | 171,177.00 |
| Robert Britton | Partner | 121.7 | x | 1,165 - 1,640 | = | 141,860.50 |
| Susanna Buergel | Partner | 2.7 | x | 1,485 | = | 4,009.50 |
| Richard Rosen | Partner | 1.5 | x | 1,560 | = | 2,340.00 |
| Lewis Clayton | Partner | 7.6 | x | 1,560 - 2,025 | = | 11,856.00 |
| Kelley Cornish | Partner | 108.7 | x | 1,560 - 1,650 | = | 169,662.00 |
| Jonathan Hurwitz | Counsel | 4.6 | x | 1,160 - 1,525 | = | 5,336.00 |
| Shane Avidan | Associate | 5.2 | x | 1,005 - 1,280 | = | 5,226.00 |
| David Giller | Associate | 8.9 | x | 940 – 1,020 | = | 8,366.00 |
| Paul C. Gross | Associate | 9.1 | x | 1,030 | = | 6,688.50 |
| Teresa Lii | Associate | 175.2 | x | 920 - 980 | = | 161,202.00 |
| Jonathan Silberstein-Loeb | Associate | 3.6 | x | 940 | = | 3,384.00 |
| Spencer E. Young | Associate | 3.3 | x | 640 - 1,135 | = | 2,112.00 |
| Caitlin J. Toto | Associate | 92.6 | x | 640 - 775 | = | 59,264.00 |
| Brooke Filler | Paralegal | 5.0 | x | 365 - 380 | = | 1,825.00 |
| Jennifer Kellner | Paralegal | 6.9 | x | 315 - 330 | = | 2,173.50 |
| **Totals:** | | **666.3** | | | | **756,482.00** |
| **Task Code 710 Litigation** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul Basta | Partner | 41.7 | x | 1,560 - 2,025 | = | 65,052.00 |
| Robert Britton | Partner | 44.4 | x | 1,165 - 1,640 | = | 51,726.00 |
| Susanna Buergel | Partner | 135.4 | x | 1,485 | = | 201,069.00 |
| Lewis Clayton | Partner | 195.8 | x | 1,560 - 2,025 | = | 313,435.50 |
| Kelley Cornish | Partner | 60.3 | x | 1,560 - 1,650 | = | 94,068.00 |

| | | | | | | |
|---|---|---|---|---|---|---:|
| Jonathan Hurwitz | Counsel | 380.2 | x | 1,160 - 1,525 | = | 442,084.00 |
| Karen King | Counsel | 64.7 | x | 1,160 | = | 75,052.00 |
| Stephen Koo | Counsel | 2.5 | x | 1,160 | = | 2,900.00 |
| Karen Zeituni | Counsel | 9.9 | x | 1,525.00 | = | 15,097.50 |
| Shane Avidan | Associate | 596.8 | x | 1,005 - 1,280 | = | 604,980.50 |
| Rachel J. Corrigan | Associate | 396.6 | x | 640 | = | 253,824.00 |
| David Giller | Associate | 498.8 | x | 940 – 1,020 | = | 469,216.00 |
| David M. Fish | Associate | 96.1 | x | 835 | = | 80,243.50 |
| Paul C. Gross | Associate | 131.0 | x | 1,030 | = | 96,285.00 |
| Emily M. Hoyle | Associate | 337.3 | x | 735 - 880 | = | 248,147.50 |
| Teresa Lii | Associate | 56.8 | x | 920 - 980 | = | 52,256.00 |
| Margaret Sun | Associate | 312.2 | x | 640 | = | 199,808.00 |
| Julia Maddera | Associate | 6.1 | x | 835 | = | 5,093.50 |
| Jonathan Silberstein-Loeb | Associate | 207.3 | x | 940 | = | 195,374.00 |
| Spencer E. Young | Associate | 262.2 | x | 640 - 1,135 | = | 179,072.00 |
| Jake E. Struebing | Associate | 39.1 | x | 735 | = | 28,738.50 |
| Daniel A. Negless | Associate | 79.0 | x | 835 - 955 | = | 65,965.00 |
| Caitlin J. Toto | Associate | 48.7 | x | 640 - 775 | = | 31,168.00 |
| James Crutchfield | Staff Attorney | 10.0 | x | 480 | = | 4,800.00 |
| Joanie Hecht | Staff Attorney | 6.4 | x | 480 | = | 3,072.00 |
| Arianny Mejia | Staff Attorney | 3.6 | x | 480 - 495 | = | 1,782.00 |
| Madhuri Pavamani | Staff Attorney | 58.7 | x | 490 - 510 | = | 28,915.00 |
| Mark Shapiro | Staff Attorney | 3.5 | x | 480 | = | 1,680.00 |
| Michael Johnson | Paralegal | 0.2 | x | 360 | = | 72.00 |
| Rubin Danberg Biggs | Paralegal | 19.8 | x | 315 | = | 6,237.00 |
| Zakiya Williams Wells | Paralegal | 7.4 | x | 315 | = | 2,331.00 |
| David Dames | Paralegal | 17.0 | x | 295 | = | 5,015.00 |
| Mary Olsen | Paralegal | 14.5 | x | 295 | = | 4,277.50 |
| Alan D. Wilbur | Paralegal | 1.5 | x | 345 - 405 | = | 607.50 |
| Daniel McLaughlin | Paralegal | 0.8 | x | 350.00 | = | 280.00 |
| Sarah Griffin | Paralegal | 16.5 | x | 315 | = | 5,197.50 |
| **Totals:** | | **4,162.8** | | | | **3,834,922.00** |

| Task Code 712 Travel Time | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---:|
| Robert Britton | Partner | 11.3 | x | 1,165 - 1,640 | = | 6,558.25 |
| Lewis Clayton | Partner | 6.3 | x | 1,560 - 2,025 | = | 4,914.00 |
| Kelley Cornish | Partner | 20.7 | x | 1,560 - 1,650 | = | 16,218.00 |
| David Giller | Associate | 15.0 | x | 940 – 1,020 | = | 7,050.00 |
| Emily M. Hoyle | Associate | 8.3 | x | 735 - 880 | = | 3,050.25 |
| Teresa Lii | Associate | 12.1 | x | 920 - 980 | = | 5,695.00 |
| Caitlin J. Toto | Associate | 10.9 | x | 640 - 775 | = | 3,488.00 |
| **Totals:** | | **84.6** | | | | **46,973.50** |

| Task Code 713 Court Hearings | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---:|
| Paul Basta | Partner | 52.8 | x | 1,560 - 2,025 | = | 82,368.00 |
| Robert Britton | Partner | 49.0 | x | 1,165 - 1,640 | = | 56,839.00 |

| Name | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Susanna Buergel | Partner | 28.8 | x | 1,485 | = | 42,768.00 |
| Lewis Clayton | Partner | 36.2 | x | 1,560 - 2,025 | = | 56,472.00 |
| Kelley Cornish | Partner | 51.8 | x | 1,560 - 1,650 | = | 81,483.00 |
| Jonathan Hurwitz | Counsel | 29.6 | x | 1,160 - 1,525 | = | 34,336.00 |
| Shane Avidan | Associate | 1.5 | x | 1,005 - 1,280 | = | 1,507.50 |
| David Giller | Associate | 9.0 | x | 940 – 1,020 | = | 8,460.00 |
| Teresa Lii | Associate | 55.5 | x | 920 - 980 | = | 51,480.00 |
| Caitlin J. Toto | Associate | 23.8 | x | 640 - 775 | = | 15,286.00 |
| Brooke Filler | Paralegal | 0.4 | x | 365 - 380 | = | 146.00 |
| Joseph Monzione | Paralegal | 0.5 | x | 365 - 380 | = | 182.50 |
| Zakiya Williams Wells | Paralegal | 1.5 | x | 315 | = | 472.50 |
| **Totals:** | | **340.4** | | | | **431,800.50** |
| **Task Code 714 Sale Transactions** | **Title** | **Total Hours** | | **Hourly Rate ($)** | | **Total Compensation ($)** |
| Paul Basta | Partner | 274.4 | x | 1,560 - 2,025 | = | 428,064.00 |
| Robert Britton | Partner | 267.9 | x | 1,165 - 1,640 | = | 311,027.50 |
| Susanna Buergel | Partner | 123.5 | x | 1,485 | = | 183,397.50 |
| Lewis Clayton | Partner | 52.5 | x | 1,560 - 2,025 | = | 81,900.00 |
| Kelley Cornish | Partner | 252.7 | x | 1,560 - 1,650 | = | 394,212.00 |
| Manuel Frey | Partner | 8.2 | x | 1,455 | = | 11,931.00 |
| Meredith Kane | Partner | 2.6 | x | 1,560 - 1,650 | = | 4,056.00 |
| Karla Booth | Counsel | 19.3 | x | 1,125 | = | 21,712.50 |
| Jonathan Hurwitz | Counsel | 46.6 | x | 1,160 - 1,525 | = | 54,056.00 |
| Karen King | Counsel | 4.9 | x | 1,160 | = | 5,684.00 |
| Stephen Koo | Counsel | 30.5 | x | 1,160 | = | 35,380.00 |
| Shane Avidan | Associate | 98.1 | x | 1,005 - 1,280 | = | 98,590.50 |
| Michael Colarossi | Associate | 16.5 | x | 835 | = | 13,777.50 |
| Rachel J. Corrigan | Associate | 28.3 | x | 640 | = | 18,112.00 |
| David Giller | Associate | 101.5 | x | 940 – 1,020 | = | 95,410.00 |
| Paul C. Gross | Associate | 61.0 | x | 1,030 | = | 44,835.00 |
| Emily M. Hoyle | Associate | 51.5 | x | 735 - 880 | = | 37,852.50 |
| Teresa Lii | Associate | 108.9 | x | 920 - 980 | = | 100,188.00 |
| Akila V. Sarathy | Associate | 7.0 | x | 640 | = | 4,480.00 |
| Felicia Siegel | Associate | 33.7 | x | 835 | = | 28,139.50 |
| Jonathan Silberstein-Loeb | Associate | 4.2 | x | 940 | = | 3,948.00 |
| Jake E. Struebing | Associate | 32.3 | x | 735 | = | 23,740.50 |
| Caitlin J. Toto | Associate | 29.6 | x | 640 - 775 | = | 18,944.00 |
| Wendy Wang | Associate | 0.3 | x | 835 | = | 250.50 |
| Binsy Cyriac | Staff Attorney | 1.5 | x | 480 | = | 720.00 |
| Rubin Danberg Biggs | Paralegal | 21.5 | x | 315 | = | 6,772.50 |
| Frank Eng | Paralegal | 3.8 | x | 365 - 435 | = | 1,387.00 |
| Sarah Griffin | Paralegal | 31.7 | x | 315 | = | 9,985.50 |
| Oliva Irby | Paralegal | 28.6 | x | 315 | = | 9,009.00 |
| Joseph Monzione | Paralegal | 0.6 | x | 365 - 380 | = | 219.00 |
| **Totals:** | | **1743.7** | | | | **2,047,781.50** |

| Task Code 715 Creditor Inquiries | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Robert Britton | Partner | 1.3 | x | 1,165 - 1,640 | = | 1,462.50 |
| Teresa Lii | Associate | 0.5 | x | 920 - 980 | = | 490.00 |
| **Totals:** | | **1.8** | | | | **1,952.50** |
| Task Code 716 Corporate Governance | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Paul Basta | Partner | 7.8 | x | 1,560 - 2,025 | = | 12,168.00 |
| Robert Britton | Partner | 16.9 | x | 1,165 - 1,640 | = | 19,288.50 |
| Teresa Lii | Associate | 8.7 | x | 920 - 980 | = | 10,500.00 |
| Rebecca Newton | Paralegal | 0.3 | x | 350.00 | = | 105.00 |
| **Totals:** | | **33.7** | | | | **42,061.50** |
| Task Code 717 Other | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Beth Lewitzky | Paralegal | 0.7 | x | 350.00 | = | 245.00 |
| **Totals:** | | **0.7** | | | | **245.00** |

**<u>Exhibit D</u>**

**<u>EXPENSE SUMMARY</u>**

**EXPENSE SUMMARY FOR THE PERIOD**
**OCTOBER 15, 2018 THROUGH JULY 31, 2022**

| Expenses Category | Total Expenses ($) |
|---|---|
| Court Costs & Lit Expenses | 255,761.17 |
| Duplicating Expenses | 91,779.88 |
| Professional Services – Electronic Discovery | 1,420,941.18 |
| Information Retrieval Services | 123,294.04 |
| Local Transportation Expenses | 26,311.92 |
| Client Organizational Expenses | 5,064.50 |
| Out-of-Town Travel | 31,303.50 |
| Miscellaneous | 6,604.87 |
| Word Processing | 14,301.25 |
| Overtime Expenses | 25,951.08 |
| Communications | 681.45 |
| Mail and Messengers | 6,338.74 |
| Business Expenses | 19,574.03 |
| **TOTAL** | **$2,027,907.61** |

**Exhibit E**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper | Blended Hourly Rate ($) | |
|---|---|---|
| | Billed by Timekeepers in New York in Preceding Year, excluding bankruptcy | Billed in this Final Fee Application |
| Partner | $1,916.16 | $1,447.32 |
| Counsel | $1,285.63 | $1,164.42 |
| Associates | $919.89 | $802.60 |
| Staff Attorneys, Paralegals and other Non-Legal Staff | $377.42 | $457.29 |
| **All timekeepers aggregated** | **$1,058.18** | **$738.68** |

**Exhibit F**

**BUDGET AND STAFFING PLANS**
**OCTOBER 15, 2018 THROUGH JULY 31, 2022**

**First Interim Fee Period**

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| October 2018 | $1,142,712–$1,380,777 | 1,200.00-1,450.00 | Filing/First Days/Deal/DIP Financing/RSC Governance |
|  |  |  |  |
| November 2018 | $2,716,917–$2,910,983 | 3,500.00-3,750.00 | Investigation/Sale Issues |
|  |  |  |  |
| December 2018 | $3,659,561–$3,830,568 | 5,350.00-5,600.00 | Investigation/Sale Issues |
|  |  |  |  |
| January 2019 | $4,502,361–$4,654,480 | 6,000.00-6,250.00 | Investigation/Sale Issues |
|  |  |  |  |
| February 2019 | $2,063,600-$2,251,200 | 2,750.00-3,000.00 | Sale Hearing/Disclosure Statement/Plan |
| **Total:** | **$14,085,150- $15,028,008** | **18,800.00-20,050.00** |  |

**Second Interim Fee Period**

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| March 2019 | $825,440 to $1,013,040 | 1,100.00-1,350.00 | Researching and preparing the Complaint/Reviewing and negotiating Plan and Disclosure Statement |
|  |  |  |  |
| April 2019 | $1,125,600 to $1,313,200 | 1,500.00-1,750.00 | Preparing and filing the Complaint/Reviewing and negotiating Plan |

3

| | | | |
|---|---|---|---|
| | | | and Disclosure Statement |
| | | | |
| May 2019 | $1,313,200 to $1,500,800 | 1,750.00-2,000.00 | Prosecuting Complaint/Reviewing and negotiating Plan and Disclosure Statement/Preparing for Disclosure Statement hearing |
| | | | |
| June 2019 | $1,313,200 to $1,500,800 | 1,750.00-2,000.00 | Prosecuting Complaint/Reviewing and negotiating Plan and Disclosure Statement |
| | | | |
| **Total:** | **$4,577,440 to $5,327,840** | **6,100.00-7,100.00** | |

### Third Interim Fee Period

| | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| July 2019 | $202,079-363,744 | 250-450 | Plan/Investigation |
| | | | |
| August 2019 | $40,416-161,664 | 50-200 | Plan/Investigation |
| | | | |
| September 2019 | $40,416-161,664 | 50-200 | Plan/Investigation |
| | | | |
| October 2019 | $40,416-161,664 | 50-200 | Plan/Investigation |
| **Total:** | **$323,327-848,736** | **400-1,050** | |

### Fourth Interim Fee Period

| | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| November 2019 | $8,445 - $36,595 | 15-65 | Plan/Investigation |
| | | | |
| December 2019 | $8,445 - $36,595 | 15-65 | Plan/Investigation |
| | | | |

| January 2020 | $8,445 - $36,595 | 15-65 | Plan/Investigation |
| | | | |
| February 2020 | $8,445 - $36,595 | 15-65 | Plan/Investigation |
| **Total:** | **$33,780 - $146,380** | **60-260** | |

### Remainder of Final Fee Period (March 1, 2020 through July 31, 2022)

| | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| March 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| April 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| May 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| June 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| July 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| August 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| September 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| October 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| November 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| December 2020 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| January 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| February 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| March 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| April 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |

| May 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
|---|---|---|---|
| | | | |
| June 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| July 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| August 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| September 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| October 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| November 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| December 2021 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| January 2022 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| February 2022 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| March 2022 | $434 - $2,003 | 1-2 | Conflict Issues |
| | | | |
| April 2022 | $160,000 - $221,988 | 107 - 173 | Mediation/Conflict Issues |
| | | | |
| May 2022 | $434 - $2,003 | 1-2 | Mediation/Conflict Issues |
| | | | |
| June 2022 | $434 - $2,003 | 1-2 | Mediation/Conflict Issues |
| | | | |
| July 2022 | $3,264 - $15,000 | 6-13 | Mediation/Conflict Issues |
| | | | |
| **Total:** | **$174,982 - $291,069** | **140 - 240** | |

6

### Staffing Plan

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE ($) |
| --- | --- | --- |
| Partner | 6-10 | 1447.32 |
| Counsel | 4-8 | 1164.42 |
| Sr. Associate (7 or more years since first admission) | 4-8 | 954.60 |
| Associate (4-6 years since first admission) | 9-15 | 747.30 |
| Jr. Associate (1-3 years since first admission) | 4-8 | 653.66 |
| Staff Attorneys, Paralegals & Other Professionals | 45-65 | 457.29 |