YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the
Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**SUMMARY OF FEE APPLICATION OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP, AS CONFLICTS
COUNSEL FOR THE DEBTORS, FOR THE FOURTH INTERIM PERIOD
FROM NOVEMBER 1, 2019 THROUGH JUNE 30, 2022, AND
THE FINAL PERIOD FROM OCTOBER 15, 2018 THOUGH JUNE 30, 2022**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| *General Information* | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Conflicts Counsel for the Debtors |
| Date of Retention: | November 13, 2018, *nunc pro tunc* to October 15, 2018 |
| Prior Applications: | *First Interim Fee Application for the Period From October 15, 2018  to February 28, 2019* [Docket No. 3191] |
| | *Second Interim Fee Application for the Period From March 1, 2019  to June 30, 2019* [Docket No. 4862] |
| | *Third Interim Fee Application for the Period From July 1, 2019 to October 31, 2019* [Docket No. 6226] |
| | *Thirteenth Combined Monthly Fee Statement for the period November 1, 2019 through December 31, 2019* [Docket No. 6813] |

| *Summary of Fees and Expenses Sought for the Final Fee Period* [2] | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $376,759.50 |
| | (This includes $5,000 of estimated fees to be incurred after filing this Final Fee Application) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Fee Period | $3,093.28 |

---

[2] Note: Young Conaway has not filed a separate interim fee application for the period from November 1, 2019 through June 30, 2022, due to the *de minimis* amount of fees incurred for that period and the amounts that would have been incurred to request Court approval of such amounts.  Accordingly, the fees and expenses for this period have not been approved by the Court. This fee application constitutes in part an interim and final request for payment of such fees and expenses.

| | |
|---|---|
| Total Fees and Expenses for Final Fee Period: | $379,852.78 |

### Total Fees and Expenses Allowed Pursuant to Prior Interim Applications (3)

| | |
|---|---|
| Total Allowed Fees Paid to Date Pursuant to Interim Fee Orders: | $362,214.00 |
| Total Allowed Expenses Paid to Date Pursuant to Interim Fee Orders: | $3,011.82 |
| Total Allowed Fees and Expenses Paid to Date Pursuant to Interim fee Orders: | $365,225.20 |

### Total Fees and Expenses Paid Pursuant to Consolidated Monthly Statement

| | |
|---|---|
| Fees Sought for the this Fee Period Already Paid Pursuant to Monthly Fee Statement but Not Yet Allowed (80% of fees for the period November 1, 2019 through December 31, 2019): | $5,797.20 |
| Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statement but Not Yet Allowed (100% of expenses for the period November 1, 2019 through December 31, 2019): | $64.96 |
| Total Fees and Expenses Sought for Final Fee Period Not Yet Paid: | $8,812.66[3] |

### Summary of Rates and Other Related Information for this Compensation Period

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $559.20 |
| Blended Rate in this Application for All Timekeepers: | $518.35 |

---

[3] This amount represents holdback fees of 20% of fees incurred for the Thirteenth Combined Monthly Fee Statement filed on January 31, 2020 [Docket No. 6813], for the period November 1, 2019 through December 31, 2019, in the amount of $1,448.70, 100% of the fees and expenses incurred for the period January 1, 2020 through June 30, 2022 in the amount of $2,363.96, *plus* $5,000 of estimated fees to be incurred subsequent to the filing of this Final Fee Application.

| | |
|---|---|
| Number of Timekeepers Included in this Application: | 17 (14 Attorneys; 3 Paraprofessionals) |
| Number of Attorneys/Law Clerks in this Application Not Included in Staffing Plan Discussed with Client: | None |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Below budget |
| Number of Attorneys/Law Clerks Billing Fewer than 15 Hours to the Case During the Compensation Period: | 8 for the Final Fee Period 2 for this Fee Period |
| Increase in Rates Since Date of Retention: | Yes |

This is a ____monthly ___x___interim __x__ final application

**Summary of Fee Statements**

| Date Filed & ECF No. | Period Covered | Compensation and Expenses Incurred for Period Covered | | Amount Requested in Monthly Fee Statements | | Amounts Paid | | Balance (Fees & Expenses) |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees Paid (100%) | Expenses (100%) | |
| 11/30/2018 ECF No. 950 | 10/15/2018-10/31/2018 | $28,647.00 | $117.90 | $22,917.60 | $117.90 | $28,647.00 | $117.90 | $0.00 |
| 12/28/2018 ECF No. 1447 | 11/1/2018-11/30/2018 | $84,193.00 | $555.20 | $67,354.40 | $555.20 | $84,193.00 | $555.20 | $0.00 |
| 1/30/2019 ECF No. 2195 | 12/1/2018-12/31/2018 | $78,582.50 | $916.78 | $62,866.00 | $574.41[1] | $78,582.50 | $574.41 | $0.00 |
| 2/27/2019 ECF No. 2706 | 1/1/2019-1/31/2019 | $35,037.00 | $103.28 | $28,029.60 | $103.28 | $35,037.00 | $103.28 | $0.00 |
| 3/29/19 ECF No. 2988 | 2/1/2019-2/28/2019 | $13,011.50 | $34.80 | $10,409.20 | $34.80 | $13,011.50 | $34.80 | $0.00 |
| 4/30/19 ECF No. 3441 | 3/1/19-3/31/19 | $12,957.00 | $394.40 | $10,365.60 | $394.40 | $12,957.00 | $394.40 | $0.00 |
| 5/30/19 ECF No. 4077 | 4/1/19-4/30/19 | $50,159.50 | $402.15 | $40,127.60 | $402.15 | $50,159.50 | $402.15 | $0.00 |
| 6/27/19 ECF No. 4397 | 5/1/19 – 5/31/19 | $28,982.00 | $453.30 | $23,185.60 | $453.30 | $28,982.00 | $453.30 | $0.00 |
| 7/26/19 ECF No. 4622 | 6/1/19-6/30/19 | $7,516.00 | $247.67 | $6,012.80 | $247.67 | $7,516.00 | $247.67 | $0.00 |
| 8/29/19 ECF No. 5036 | 7/1/19-7/31/19 | $15,156.00 | $25.21 | $12,124.80 | $25.21 | $15,156.00 | $25.21 | $0.00 |

[1]  This amount reflects a deduction of $342.37 from $679.18 for an erroneous legal research charge included in the third monthly fee statement.

29623270.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9/30/19 ECF No. 5265 | 8/1/19-8/31/19 | $4,158.00 | $33.20 | $3,326.40 | $33.20 | $4,158.00 | $33.20 | $0.00 |
| 12/11/19 ECF No. 6182 | 9/1/19-10/31/19 | $3,814.50 | $70.30 | $3,051.60 | $70.30 | $3,814.50 | $70.30 | $0.00 |
| 1/30/20 ECF No. 6813 | 11/1/19 – 12/31/19 | $7,246.50 | $16.50 | $5,797.20 | $16.50 | $5,797.20 (80%) | $16.50 | $1,448.70 (20% holdback) |
| Fee Statement dated 7/31/22 | 1/1/20 – 6/30/22 | $2,299.00 | $64.96 | $0.00 | $0.00 | $0.00 | $0.00 | $2,363.96 (100% fees and expenses) |
| **Total** | | **$371,759.50** | **$3,435.65** | **$295,568.40** | **$3,028.32** | **$368,011.20** | **$3,028.32** | **$3,812.66** |

Summary of Any Objections to Monthly Fee Statement:    None

Compensation Sought in This Application Not Yet Paid:    <u>$8,812.66</u> [2]

---

[2]  The amount represents 20% holdback fees requested for the Thirteenth Monthly Fee Statement covering the period November 1, 2019 through December 31, 2019 ($1,448.70), 100% of fees and expenses for the fee statement covering the period January 1, 2020 through June 30, 2022 ($2,363.96), *plus* $5,000 of estimated fees to be incurred subsequent to the filing of this Final Fee Application..

29623270.1

## COMPENSATION BY PROFESSIONAL
## <u>OCTOBER 15, 2018 THROUGH JUNE 30, 2022</u>

| Name of Partners and Counsel | Title | Department | Date of First Admission | Hourly Billing Rate ($) | Billed Hours | Compensation ($) |
|---|---|---|---|---|---|---|
| Pauline K. Morgan | Partner | Bankruptcy | 1987 | 920.00; 975.00; 1,025.00 | 93.70 | 88,995.00 |
| Rolin P. Bissell | Partner | Corporate | 1987 | 920.00; 975.00 | 14.40 | 13,275.50 |
| C. Barr Flinn | Partner | Corporate | 1993 | 975.00 | 7.20 | 7,020.00 |
| Craig D. Grear | Partner | Bus. Planning | 1996 | 975.00 | 7.40 | 7,215.00 |
| James P. Hughes, Jr. | Partner | Bus. Planning | 1992 | 975.00 | .40 | 390.00 |
| Norman M. Powell | Partner | Bus. Planning | 1990 | 975.00 | 10.20 | 9,945.00 |
| Ryan M. Bartley | Partner | Bankruptcy | 2007 | 565.00; 685.00 | 141.70 | 83,486.50 |
| Michael S. Neiburg | Partner | Bankruptcy | 2009 | 600.00 | 26.70 | 16,020.00 |
| Travis G. Buchanan | Associate | Bankruptcy | 2011 | 460.00; 530.00 | 105.60 | 50,354.00 |
| James M. Deal | Associate | Corporate | 2015 | 350.00; 385.00 | 63.50 | 23,068.50 |
| Michael A. Laukaitis | Associate | Corporate | 2017 | 300.00 | 6.00 | 1,800.00 |
| Kevin P. Rickert | Associate | Corporate | 2019 | 300.00 | 7.40 | 2,220.00 |
| Jared W. Kochenash | Associate | Bankruptcy | 2018 | 285.00; 325.00 | 115.10 | 33,527.50 |
| Matthew Milana | Law Clerk | Bankruptcy | N/A | 275.00 | 7.70 | 2,117.50 |
| **Total Attorneys** | | | | | **607.00** | **339,434.50** |

| Name of Paralegals and Other Non-Legal Staff | Title | Department | Hourly Billing Rate ($) | Billed Hours | Compensation ($) |
|---|---|---|---|---|---|
| Brenda Walters | Paralegal | Bankruptcy | 295.00; 305.00 | 108.40 | 26,675.00 |
| Debbie Laskin | Paralegal | Bankruptcy | 295.00 | .40 | 118.00 |
| Melissa Romano | Paralegal | Bankruptcy | 285.00 | 1.40 | 5,532.00 |
| **Total Paraprofessionals** | | | | **110.20** | **32,325.00** |

**BLENDED RATES**

| Professionals | Blended Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Partners and Counsel | 750.24 | 301.70 | 226,347.00 |
| Associates | 370.41 | 305.30 | 113,087.50 |
| Paralegals/Non-Legal Staff | 294.00 | 110.20 | 32,325.00 |
| Blended Attorney Rate | 559.20 | | |
| Blended Rate All Timekeepers | 518.35 | | |
| | | **717.20** | **371,759.50** |

**COMPENSATION BY TASK CODE FOR OCTOBER 15, 2018 THROUGH JUNE 30, 2022**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (B001) | | 9,328.00 |
| Court Hearings (B002) | | 10,376.50 |
| Cash Collateral/DIP Financing (B003) | | 3,651.00 |
| Use, Sale or Lease of Property (B006) | | 18,408.50 |
| Claims Analysis, Objections and Resolutions (B007) | | 150,339.00 |
| Meetings (B008) | | $6,057.00 |
| Other Adversary Proceedings (B011) | | 59,392.50 |
| Plan and Disclosure Statement (B012) | | 15,187.50 |
| General Corporate Matters (B014) | | 8,690.00 |
| Retention of Professionals/Fee Issues (B017) | | 52,018.00 |
| Fee Application Preparation (B018) | | 36,871.50 |
| Travel (B019) | | 1,440.00 |
| **TOTAL** | | **371,759.50** |

## EXPENSES SUMMARY FOR OCTOBER 15, 2018 THROUGH JUNE 30, 2022

| Expenses Category | Total Expenses ($) |
|---|---:|
| Courier | 380.00 |
| Docket Retrieval / Search | 88.60 |
| Federal Express | 23.26 |
| Legal Research | 557.38 |
| Postage | 2.35 |
| Reproduction Charges | 1,261.20 |
| Teleconference/Video Conference | 384.49 |
| Travel | 396.00 |
| **TOTAL** | **3,093.28** |

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

## FEE APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP, AS CONFLICTS COUNSEL FOR THE DEBTORS FOR THE FOURTH INTERIM PERIOD FROM NOVEMBER 1, 2019 THROUGH JUNE 30, 2022, AND <u>THE FINAL PERIOD FROM OCTOBER 15, 2018 THOUGH JUNE 30, 2022</u>

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

29623270.1

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Young Conaway Stargatt & Taylor, LLP (the "Firm" or "Young Conaway"), as conflicts counsel to the Debtors (i) acting at the direction of the restructuring sub-committee (the "RSC") of the restructuring committee (the "Restructuring Committee") of the board of directors of Sears Holdings Corporation (the "Board") with respect to all matters that are controlled by the RSC in connection with matters in which Paul, Weiss, Rifkind, Wharton & Garrison ("Paul, Weiss") cannot represent the Debtors due to an actual or perceived conflict of interest (the "RSC Conflict Matters"), including the Debtors' investigation into prepetition related party transactions (the "Transactions"), and (ii) acting at the direction of the Restructuring Committee or the RSC, as the case may be, in connection with all matters in which both Weil, Gotshal, & Manges LLP ("Weil") and Paul, Weiss cannot represent the Debtors due to an actual or perceived conflict of interest ("Other Conflict Matters" and, together with the RSC Conflict Matters, the "Conflict Matters"), hereby submits its fourth interim and final fee application (the "Fee Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the Southern District of New York (the "Local Rules"), for allowance of compensation for professional services provided in the amount of $376,759.50 (inclusive of an estimated $5,000 of fees incurred after filing this Final Fee Application) and reimbursement of actual and necessary expenses in the amount of $3,093.28 that Young Conaway incurred for the period from October 15, 2018 through and including June 30, 2022 (the "Final Fee Period").  In support of this Fee Application, Young Conaway submits the declaration of Pauline K. Morgan, a partner at Young Conaway (the "Morgan Declaration"), which

is attached hereto as <u>Exhibit A</u>.  In further support of this Fee Application, Young Conaway respectfully states as follows:

<b><u>Jurisdiction and Basis for Relief</u></b>

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<b><u>Background</u></b>

**A.      The Chapter 11 Filings and General Case Background**

2.      On October 15, 2018 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.      On October 24, 2018, the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Committee</u>").  No trustee, examiner, or other statutory committee has been appointed in the Chapter 11 Cases.

5.      Information regarding the Debtors' business, their capital and debt structure, and the events leading up to the filing of the Chapter 11 Cases is contained in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (the "<u>Riecker Declaration</u>") [Docket No. 3].

**B.      The Debtors' Retention of Young Conaway**

6.      Sears Holding Corporation and its direct or indirect subsidiaries (collectively the "Company") retained Young Conaway as counsel, pursuant to an engagement letter dated as of October 17, 2018 (the "Engagement Letter"), to serve as counsel for the Debtors, acting through the RSC.  A copy of the Engagement Letter was attached as Exhibit D to the Retention Application (defined below).

7.      On November 1, 2018, the Debtors filed an application to employ Young Conaway as conflicts counsel to the Debtors [Docket No. 419] (the "Retention Application").  On November 13, 2018, the Court entered an order approving the Retention Application [Docket No. 693] (the "Retention Order").

8.      The Retention Order authorized the compensation and reimbursement of Young Conaway, *nunc pro tunc* to the Petition Date, for its services as counsel for the Debtors, acting through the RSC, in these Chapter 11 cases.

**C.      Disinterestedness of Young Conaway**

9.      To the best of the Debtors' knowledge and as disclosed in the (i) *Declaration of Pauline K. Morgan in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc, *to the Petition Date*, attached as Exhibit B to the Retention Application (the "Initial Declaration"), (ii) *First Supplemental Declaration of Pauline K. Morgan in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc, *to the Petition Date* [Docket No. 651] (the "First Supplemental Declaration"), and (iii) *Second Supplemental Declaration of Pauline K. Morgan in*

*Support of Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors and Debtors in Possession, Nunc Pro Tunc to the Petition Date* [Docket No. 1764] (the "<u>Second Supplemental Declaration</u>" and together with the Initial Declaration and the First Supplemental Declaration, the "<u>Morgan Declarations</u>") (a) Young Conaway is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Young Conaway has no connection to the Debtors, their creditors, or other parties in interest, except as may have been disclosed in the Morgan Declarations.

10.     Young Conaway may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases.  In the Morgan Declarations, Young Conaway disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  To the extent that Young Conaway becomes aware of any additional relationships that may be relevant to Young Conaway's representation of the Debtors, Young Conaway will promptly file a supplemental declaration.

11.     Young Conaway performed the services for which it is seeking compensation on behalf of the Debtors, and not on behalf of any creditor, or other entity.

12.     Young Conaway has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases.

13.     Pursuant to Bankruptcy Rule 2016(b), Young Conaway has not shared, nor has Young Conaway agreed to share, (a) any compensation it has received or may receive with another

party or person other than with the partners, counsel, and associates of Young Conaway, or (b) any compensation another person or party has received or may receive.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

14.     This Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) (the "Local Guidelines"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "UST Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

15.     Young Conaway seeks allowance of final compensation for professional services performed during the Final Fee Period in the amount of $371,759.50, plus an estimated $5,000 of fees anticipated to be incurred in connection with this Final Fee Application, and for reimbursement of expenses incurred in connection with the rendition of such services in the amount $3,093.28.  During the Final Fee Period, Young Conaway attorneys and paraprofessionals expended a total of 717.20 hours in connection with the necessary services performed.

16.     On June 18, 2019, the Court entered the Order Granting First Interim Fee Applications [Docket No. 4409], which approved Young Conaway's first interim fee application filed on April 15, 2019 [Docket No. 3191] (the "First Interim Fee Application").

17.     On October 24, 2019, the Court entered the Order Granting the Second Interim Fee Applications [Docket No. 5519], which approved Young Conaway's second interim fee application filed on August 16, 2019 [Docket No. 4862] (the "Second Interim Fee Application").

18.     On January 30, 2020, the Court entered the Order Granting the Third Interim Fee Application [Docket No. 6811], which approved Young Conaway's third interim fee application filed on December 16, 2019 (the "Third Interim Fee Application").

19.     On January 31, 2020, Young Conaway filed its thirteenth monthly fee statement for services rendered and expenses incurred during the period covering November 1, 2019 through and including December 31, 2019 (the "Thirteenth Monthly Fee Statement").

20.     As of the date hereof, Young Conaway has received payment from the Debtors in the aggregate amount of $371,039.52 representing 100% of fees ($362,214.00) and expenses ($3,011.82) incurred during the period from October 15, 2018 through October 31, 2019, and 80% of fees ($5,797.20) and 100% of expenses ($16.50) incurred during the period from November 1, 2019 through December 31, 2019, and 0% of fees and 0% of expenses incurred during the period from January 1, 2020 through June 30, 2022 ($2,363.96).   In accordance with the Interim Compensation Order, $1,448.70 reflecting 20% of the fees requested during the period from November 1, 2019 through December 31, 2019 has been held back from payment pending further Court order.

21.     The fees charged by Young Conaway in these cases were billed in accordance with Young Conaway's existing billing rates and procedures in effect during the Final Fee Period. These rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis.  The hourly rates and corresponding rate structure utilized by Young Conaway in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Young Conaway for other bankruptcy matters, as well as non-bankruptcy matters.  The rates and

rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve significant complexity, high stakes, and severe time pressures.

22.     Attached hereto as Exhibit B is a schedule of Young Conaway attorneys, law clerks, and paraprofessionals who have performed services during the Final Fee Period, the capacities in which each individual is employed by Young Conway, the department in which the individual practices, the hourly billing rates charged by Young Conaway for services performed by such individuals, the number of years during which each attorney has been licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and the amount of fees billed in connection therewith.

23.     Attached hereto as Exhibit C is a summary of Young Conaway's time records billed using task codes described below.   To provide a meaningful summary of Young Conaway's services provided on behalf of the Debtors and their estates, Young Conaway has established, in accordance with its internal billing procedures, certain task code categories (each, a "Task Code Category") for use in these Chapter 11 Cases.  Young Conaway maintains computerized records of time spent by all Young Conaway attorneys and paraprofessionals in connection with these Chapter 11 Cases.  Copies of these computerized records have been filed with the Court and served on the Notice Parties (as defined in the Interim Compensation Order), as exhibits to Young Conaway's Monthly Fee Statements, in accordance with the Interim Compensation Order, and attached hereto as Exhibit G with respect to fees incurred from and after January 1, 2020.

24.     Attached hereto as Exhibit D is a schedule specifying the categories of expenses for which Young Conaway is seeking reimbursement and the total amount for each such expense category during the Final Fee Period.  Itemized computer records of all such expenses have been provided to the Debtors and filed in conjunction with each Monthly Fee Statement.

25.     Attached hereto as <u>Exhibit E</u> is a summary and comparison of the aggregate blended hourly rates billed by Young Conaway timekeepers in comparable practice areas and firm-wide during the proceeding calendar year and the blended hourly rates billed during the Final Fee Period.

26.     Attached hereto as <u>Exhibit F</u> are budget and staffing plans prepared in connection with Young Conaway's representation of the RSC in these Chapter 11 Cases.  The fees Young Conaway seeks for the Final Fee Period are less than the aggregate fees budgeted for the Final Fee Period, *provided* that, because Young Conaway's work largely concluded with the confirmation of the chapter 11 plan in these cases, Young Conaway did not prepare budgets for the quarters following confirmation of the plan. As indicated herein, the amounts incurred from and after the quarter in which the plan was confirmed have been *de minimis*.

27.     Attached as <u>Exhibit G</u> are copies of Young Conaway's Thirteenth Monthly Fee Statement, and invoice dated July 31, 2022 for the period ending June 30, 2022.

### <u>Summary of Legal Services Rendered During the Final Fee Period</u>

28.     During the Final Fee Period, Young Conaway provided significant professional services to the Debtors in connection with these Chapter 11 Cases.

29.     Below is a detailed summary of the most significant professional services performed by Young Conaway in each Task Code Category, organized in accordance with Young Conaway's internal system of matter numbers for these Chapter 11 Cases.

**A.     Case Administration (B001)**
Total Fees: $9,328.00
Total Hours: 16.50

30.     This task code includes time spent by Young Conaway attorneys with respect to ongoing case administration.  This task code also includes time spent on the review and distribution

of documents filed with the Court to the Young Conaway team, as well as the maintenance of case calendars and timelines created for use by Young Conaway attorneys.

**B.      Court Hearings (B002)**
          Total Fees: $10,376.50
          Total Hours: 19.10

31.      This task code includes time spent by Young Conaway attorneys preparing for and attending court hearings.  Only one Young Conway attorney attended any hearings and did so to ensure that the Young Conaway team remained apprised of developments with respect to certain aspects of these Chapter 11 Cases relevant to Young Conaway's work.

**C.      Cash Collateral/DIP (B003)**
          Total Fees: $3,651.00
          Total Hours: 3.90

32.      This task code includes time spent by Young Conaway attorneys providing information to comply with the carve-out reporting requirements in the *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Relief* [Docket No. 955].

**D.      Use, Sale or Lease of Property (B006)**
          Total Fees: $18,408.50
          Total Hours: 23.40

33.      This task code includes time spent by Young Conaway attorneys related to the sale of the Debtors' assets, including credit bidding and the potential releases with respect to the same.

29623270.1                                          10

**E.      Claims Analysis, Objections and Resolutions (B007)**
        Total Fees: $150,339.00
        Total Hours: 301.40

34.      This task code includes time spent by Young Conaway attorneys conducting the factual review and legal analysis of the Transactions for the RSC to assist the RSC in reviewing the proposed sale transaction with Transform Holdco LLC, including with respect to credit bidding and the potential releases with respect to the same. This task code also includes time spent reviewing documents related to the Transactions and assessing the credit bid of obligations arising out of the Transactions and potential claims against insiders with respect to the Transactions. This task code represents the core of the work done by Young Conaway in these Chapter 11 Cases.

**F.      Meetings (B008)**
        Total Fees: $6,057.00
        Total Hours: 8.10

35.      This task code includes time spent by Young Conaway attorneys meeting, both telephonically and in-person, with the RSC and RSC's other professionals, as well as internal meetings among Young Conaway attorneys, where such meetings are not otherwise captured in time entries billed to specific subject matters.

**G.      Other Adversary Proceedings (B011)**
        Total Fees: $59,392.50
        Total Hours: 95.60

36.      This task code includes time spent by Young Conaway in connection with the adversary proceeding commenced by the Debtors against certain former directors and related entities, for which Young Conaway acted as conflict counsel with respect to Defendant Thomas J. Tisch, until the confirmation of the Plan.

**H.      Plan and Disclosure Statement (B012)**
Total Fees: $15,187.50
Total Hours: 15.90

37.      This task code includes time spent by Young Conaway attorneys in connection with reviewing matters in connection with prosecution of the Debtors' Plan, including matters related to the adversary proceeding described under Part E.

**I.      General Corporate (B014)**
Total Fees: $8,690.00
Total Hours: 9.20

38.      This task code includes time spent by Young Conaway attorneys analyzing corporate governance issues under Delaware law.

**J.      Retention of Professionals/Fee Issues (B017)**
Total Fees: $52,018.00
Total Hours: 128.60

39.      This task code includes time spent by Young Conaway attorneys preparing materials for the fee examiner, as well as reviewing and responding to the fee examiner's report on Young Conaway's fees.  This task code also includes time reviewing the proposed  Interim Fee Orders and coordinating with other counsel for the Debtors to ensure that the Interim Fee Orders accurately reported Young Conaway's fees.

**K.      Fee Application Preparation (B018)**
Total Fees: $36,871.50
Total Hours: 93.10

40.      This task code includes time spent preparing and filing Monthly Fee Statements, including reviewing time detail to ensure compliance with the Fee Guidelines and to preserve privilege and confidentiality, and creating tables and summarizing time detail to appropriately disclose compensation and expense reimbursements sought in each Monthly Fee Statement.

**L.**     **Travel (B019)**
Total Fees: $1,440.00
Total Hours: 2.4

41.      This task code includes time spent by Young Conaway attorneys for non-working traveling to and from a discovery conference with respect to the adversary proceeding described under Part G.

42.      The foregoing professional services performed by Young Conaway were necessary and appropriate to executing their role as counsel for the Debtors, acting through the RSC, during the Final Fee Period and were in the best interests of the Debtors and their stakeholders. Compensation of such services is commensurate with the complexity, importance, and the nature of the issues and tasks that were involved.  The professional services were performed skillfully and efficiently.

**<u>Actual and Necessary Expenses Incurred by Young Conaway</u>**

43.      As set forth in <u>Exhibit E</u> attached hereto, Young Conaway has incurred a total of $3,093.28 in expenses during the Final Fee Period.  These charges are intended to reimburse Young Conaway's direct operating costs, which are not incorporated into Young Conaway's hourly billing rates.  Young Conaway charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of this type are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

44.      With respect to photocopying expenses, in compliance with the Fee Guidelines, Young Conaway has charged $0.10 per page.

45.      In addition, during the Final Fee Period, Young Conaway conducted multi-party telephonic conferences on several occasions in the interest of efficient communications with the Debtors and other parties in interest.  The disbursements for such teleconference services are not included in Young Conaway's overhead for the purpose of setting billing rates, and Young Conaway has made every effort to minimize those disbursements in these Chapter 11 Cases.

46.      The actual expenses incurred in providing professional services were necessary, reasonable, and justifiable under the circumstances to serve the needs of the Debtors in these Chapter 11 Cases.  Young Conaway regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.

### **Young Conaway's Requested Compensation and Reimbursement Should be Allowed**

47.      Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

48.     Young Conaway respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates.  Young Conaway further believes that it performed services for the Debtors economically, effectively, and efficiently.  Young Conaway further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

49.     During the Final Fee Period, Young Conaway's hourly billing rates for attorneys ranged from $600.00 to $1,160.00 for partners, $325.00 to $530.00 for associates, and $285.00 to $335.00 for paraprofessionals.  These hourly rates and the corresponding rate structure utilized by Young Conaway in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structures used by Young Conaway for restructuring, bankruptcy, insolvency, and comparable matters, and similar complex corporate, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Young Conaway strives to be efficient in the staffing of all matters.  These rates and rate structure reflect that such matters are typically national in scope and involve considerable complexity, high stakes, and significant time pressures—all of which were present in these Chapter 11 Cases.

50.     Moreover, Young Conaway's hourly rates are set at a level designed to compensate Young Conaway fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the

individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

51.     In sum, Young Conaway respectfully submits that the professional services provided by Young Conaway on behalf of the Debtors during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by Young Conaway professionals, the nature and extent of the services provided, the value of Young Conaway's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors under section 330 of the Bankruptcy Code.  Accordingly, Young Conaway respectfully submits that approval of the compensation sought herein is warranted and should be granted.

## **Reservation of Rights**

52.     It is possible that some professional time expended or expenses incurred during the Final Fee Period are not reflected in this Fee Application.  Young Conaway reserves the right to make further application to this Court for allowance of such fees and expenses incurred during the Final Fee Period but not included herein.

## **Notice**

53.     Pursuant to and in accordance with the Interim Compensation Order, (a) a copy of this Fee Application shall be provided to the Notice Parties as defined and set forth in the Interim Compensation Order and, (b) notice of hearing to consider the Fee Application shall be provided to the Notice Parties, and to those parties who have filed a notice of appearance and request for notice in these chapter 11 cases.  Young Conaway submits that, in light of the nature of the relief requested herein, such notice is sufficient and no other or further notice need be provided.

54.    No previous request for the relief sought herein has been made by Young Conaway to this or any other court other than as set forth above.

WHEREFORE, Young Conaway respectfully requests that the Court enter an order: (a) awarding Young Conaway compensation for professional and paraprofessional services provided during the Final Fee Period in the amount of $371,759.50, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $3,093.28, *plus* an estimate of $5,000 for fees incurred post-filing in connection with approval of this Application; (b) authorizing and directing the Debtors to remit payment to Young Conaway for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

*[Signature page follows]*

Dated:  August 9, 2022

/s/ Pauline K. Morgan
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1270 Avenue of the Americas, Suite 2201
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the
Direction of the Restructuring Sub-Committee*

## EXHIBIT A

**MORGAN DECLARATION**

UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                    :
In re:                              :        Chapter 11
                                    :
SEARS HOLDINGS CORPORATION, *et al.*, :      Case No. 18-23538 (RDD)
                                    :
Debtors.[1]                         :        (Jointly Administered)
                                    :
---------------------------------------------------------------x

### DECLARATION OF PAULINE K. MORGAN IN SUPPORT OF FINAL FEE APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP, AS CONFLICTS COUNSEL FOR THE DEBTORS FOR THE PERIOD FROM OCTOBER 15, 2018 THROUGH JUNE 30, 2022

Pauline K. Morgan, makes this declaration under 28 U.S.C. § 1746 and states:

1.      I am a partner in the firm Young Conaway Stargatt & Taylor, LLP ("Young

Conaway" or the "Firm"), which has offices located at Rockefeller Center, 1270 Avenue of the

Americas, Suite 2201, New York, New York 10020 and additional offices located in the state of

Delaware.  I have been duly admitted to practice in, and am a member in good standing of the bars

of, the States of Delaware, New York, Pennsylvania, and New Jersey, as well as in the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

States Court of Appeals for the Third Circuit and in the United States District Courts for the District

of Delaware, the Southern District of New York, the Eastern, Middle and Western Districts of

Pennsylvania, and the District of New Jersey. I am authorized to make this declaration (the

"Declaration") on behalf of Young Conaway.

2.      I have read the foregoing fee application of Young Conaway for the Final Fee

Period (the "Fee Application").[2] To the best of my knowledge, information, and belief, the

statements contained in the Fee Application are true and correct. In addition, I believe that the Fee

Application complies with Local Rule 2016-1 and the Fee Guidelines.

3.      In connection therewith, I hereby certify that:

a)      I have read this application;

b)      to the best of my knowledge, information, and belief, formed after
        reasonable inquiry, the fees and disbursements sought in the Fee
        Application are permissible under the relevant rules, court orders, and
        Bankruptcy Code provisions;

c)      the fees and disbursements sought in the Fee Application are billed at rates
        customarily employed by Young Conaway and generally accepted by
        Young Conaway's clients. In addition, none of the professionals seeking
        compensation varied their hourly rate based on the geographic location of
        the Debtors' cases;

d)      in providing a reimbursable expense, Young Conaway does not make a
        profit on that expense, whether the service is performed by Young Conaway
        in-house or through a third party;

e)      in accordance with Bankruptcy Rule 2016(a) and section 504 of the
        Bankruptcy Code, no agreement or understanding exists between Young
        Conaway and any other person for the sharing of compensation to be
        received in connection with the above cases except as authorized pursuant
        to the Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

f)      all services for which compensation is sought were professional services on
        behalf of the Debtors and not on behalf of any other person.

---

[2] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Fee Application.

4.      Pursuant to Section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Young Conaway has complied with the provisions requiring Young Conaway to provide the Notice Parties (as defined in the Interim Compensation Order) with a statement of Young Conaway's fees and expenses accrued during the previous month within the timetables set forth in the Interim Compensation Order, except that Young Conaway is including a *de minimis* amount of fees and expense incurred from and after January 1, 2020 in the Final Fee Application that were not previously noticed since the cost of such noticing would have far exceeded the amount requested.

5.      Pursuant to Section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Young Conaway has complied with the provisions requiring Young Conaway to provide the Debtors and the U.S. Trustee with a statement of Young Conaway's fees and expenses accrued during the previous month within the timetables set forth in the Interim Compensation Order, subject to the caveat in the prior paragraph..

6.      Pursuant to Section B(3) of the Local Guidelines, I certify that Young Conaway has provided the Debtors and the U.S. Trustee with statements of Young Conaway's fees and expenses incurred during the Final Fee Period, including all time and expense details for the amounts requested herein.

7.      In accordance with the UST Guidelines, Young Conaway responds to the questions identified therein as follows:

Question 1: Did Young Conaway agree to any variations from, or alternatives to, Young Conaway's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Fee Period?  If so, please explain.

Answer: No.

3

<u>Question 2</u>: If the fees sought in the Fee Application as compared to the fees budgeted for the time period covered by the Fee Application are higher by 10% or more, did Young Conaway discuss the reasons for the variation with the client?

<u>Answer</u>: The fees sought in the Fee Application do not exceed those budgeted for such time.

<u>Question 3</u>: Have any of the professionals included in the Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>: No.

<u>Question 4</u>: Does the Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?  If so, please quantify by hours and fees.

<u>Answer</u>: The Fee Application includes time for fees related to reviewing time records to ensure that appropriate confidences and privileges were protected and preparing or reviewing invoices in connection with the preparation of monthly fee statements and invoices, including the preservation of privilege and confidentiality.  The total time expended in connection with Fee Applications for such matters during the Final Fee Period is approximately 93.10 hours included within Task Code B018 and totals $36,871.50, and I estimate that less than 20% of that time was spent to ensure that confidences and privileges were appropriately protected.

<u>Question 5</u>: Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify hours and fees.

<u>Answer</u>: Yes, see above.

<u>Question 6</u>: Does the Fee Application include any rate increases since Young Conaway's retention in these cases?  If so, did the client review and approve those rate increases in advance?  Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>: Yes.  The Firm's rates for 2018 and 2019 were disclosed and approved by the client.  Only *de minimis* work was performed thereafter.  The client agreed to accept all future rate increases.

8.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Dated:  August 9, 2022                        Respectfully submitted,
            Wilmington, Delaware

                                              *Pauline K. Morgan*
                                              Pauline K. Morgan

**EXHIBIT B**

**COMPENSATION BY PROFESSIONAL**
**OCTOBER 15, 2018 THROUGH JUNE 30, 2022**

| Name of Partners and Counsel | Title | Department | Date of First Admission | Hourly Billing Rate ($) | Billed Hours | Compensation ($) |
|---|---|---|---|---|---|---|
| Pauline K. Morgan | Partner | Bankruptcy | 1987 | 920.00; 975.00; 1,025.00 | 93.70 | 88,995.00 |
| Rolin P. Bissell | Partner | Corporate | 1987 | 920.00; 975.00 | 14.40 | 13,275.50 |
| C. Barr Flinn | Partner | Corporate | 1993 | 975.00 | 7.20 | 7,020.00 |
| Craig D. Grear | Partner | Bus. Planning | 1996 | 975.00 | 7.40 | 7,215.00 |
| James P. Hughes, Jr. | Partner | Bus. Planning | 1992 | 975.00 | .40 | 390.00 |
| Norman M. Powell | Partner | Bus. Planning | 1990 | 975.00 | 10.20 | 9,945.00 |
| Ryan M. Bartley | Partner | Bankruptcy | 2007 | 565.00; 685.00 | 141.70 | 83,486.50 |
| Michael S. Neiburg | Partner | Bankruptcy | 2009 | 600.00 | 26.70 | 16,020.00 |
| Travis G. Buchanan | Associate | Bankruptcy | 2011 | 460.00; 530.00 | 105.60 | 50,354.00 |
| James M. Deal | Associate | Corporate | 2015 | 350.00; 385.00 | 63.50 | 23,068.50 |
| Michael A. Laukaitis | Associate | Corporate | 2017 | 300.00 | 6.00 | 1,800.00 |
| Kevin P. Rickert | Associate | Corporate | 2019 | 300.00 | 7.40 | 2,220.00 |
| Jared W. Kochenash | Associate | Bankruptcy | 2018 | 285.00; 325.00 | 115.10 | 33,527.50 |
| Matthew Milana | Law Clerk | Bankruptcy | N/A | 275.00 | 7.70 | 2,117.50 |
| **Total Attorneys** | | | | | **607.00** | **339,434.50** |

| Name of Paralegals and Other Non-Legal Staff | Title | Department | Hourly Billing Rate ($) | Billed Hours | Compensation ($) |
|---|---|---|---|---|---|
| Brenda Walters | Paralegal | Bankruptcy | 295.00; 305.00 | 108.40 | 26,675.00 |
| Debbie Laskin | Paralegal | Bankruptcy | 295.00 | .40 | 118.00 |
| Melissa Romano | Paralegal | Bankruptcy | 285.00 | 1.40 | 5,532.00 |
| **Total Paraprofessionals** | | | | **110.20** | **32,325.00** |

29623270.1

## **BLENDED RATES**

| Professionals | Blended Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Partners and Counsel | 750.24 | 301.70 | 226,347.00 |
| Associates | 370.41 | 305.30 | 113,087.50 |
| Paralegals/Non-Legal Staff | 294.00 | 110.20 | 32,325.00 |
| Blended Attorney Rate | 559.20 | | |
| Blended Rate All Timekeepers | 518.35 | | |
| | | **717.20** | **371,759.50** |

**EXHIBIT C**

**COMPENSATION BY TASK CODE FOR OCTOBER 15, 2018 THROUGH JUNE 30, 2022**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (B001) | | 9,328.00 |
| Court Hearings (B002) | | 10,376.50 |
| Cash Collateral/DIP Financing (B003) | | 3,651.00 |
| Use, Sale or Lease of Property (B006) | | 18,408.50 |
| Claims Analysis, Objections and Resolutions (B007) | | 150,339.00 |
| Meetings (B008) | | $6,057.00 |
| Other Adversary Proceedings (B011) | | 59,392.50 |
| Plan and Disclosure Statement (B012) | | 15,187.50 |
| General Corporate Matters (B014) | | 8,690.00 |
| Retention of Professionals/Fee Issues (B017) | | 52,018.00 |
| Fee Application Preparation (B018) | | 36,871.50 |
| Travel (B019) | | 1,440.00 |
| **TOTAL** | | **371,759.50** |

**EXHIBIT D**

**EXPENSES SUMMARY FOR**
**OCTOBER 15, 2018 THROUGH JUNE 30, 2022**

| Expenses Category | Total Expenses ($) |
|---|---|
| Courier | 380.00 |
| Docket Retrieval / Search | 88.60 |
| Federal Express | 23.26 |
| Legal Research | 557.38 |
| Postage | 2.35 |
| Reproduction Charges | 1,261.20 |
| Teleconference/Video Conference | 384.49 |
| Travel | 396.00 |
| **TOTAL** | **3,093.28** |

## EXHIBIT E

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES [1]

      Young Conaway's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Young Conaway's hourly rates for bankruptcy services are comparable to the rates charged by the Firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. By way of example, Young Conaway's blended hourly rates for attorneys and paraprofessionals in the Corporate Counseling and Litigation, Business Planning and Tax, and Intellectual Property Litigation sections of the Firm for the prior calendar year were as set forth below. Young Conaway believes that the services performed by those three sections of the Firm are comparable to the services performed in the Bankruptcy and Corporate Restructuring section. Also included below is 2018 blended hourly rate information for all sections of the Firm, excluding the Bankruptcy and Corporate Restructuring section and the Personal Injury and Workers' Compensation section.

| Category of Timekeeper | Blended Hourly Rate | | |
|---|---|---|---|
| | **Billed** In comparable practice areas for preceding calendar year[2] | **Billed** Firm-wide for preceding calendar year[3] | **Billed** This Application |
| Partner | $800 | $667 | $750.24 |
| Counsel | $514 | $465 | $370.41 |
| Associate | $417 | $414 | $294.00 |
| Paralegal | $240 | $195 | $559.20 |
| **Aggregated:** | **$542** | **$487** | **$518.35** |

---

[1]    The majority of the work performed by Young Conaway was in 2018 and 2019.

[2]    This column reflects the blended 2018 rates charge by the firm for complex corporate and litigation matters in the following sections of the firm: Corporate Counseling and Litigation, Business Planning and Tax, and Intellectual Property Litigation.

[3]    This column excludes blended hourly rates for the Bankruptcy and Corporate Restructuring section and the Personal Injury and Workers' Compensation section.

## EXHIBIT F

## BUDGET AND STAFFING PLAN OCTOBER 15, 2018 - FEBRUARY 28, 2019

### Budget

| | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| October 2018 | $75,000 | 150 | Claims analysis |
| | | | |
| November 2018 | $75,000 | 150 | Claims analysis |
| | | | |
| December 2018 | $75,000 | 150 | Claims analysis |
| | | | |
| January 2019 | $75,000 | 150 | Claims analysis |
| | | | |
| February 2019 | $75,000 | 150 | Claims analysis |
| | | | |
| **Total** | **$375,000** | **750** | |

### Primary Attorneys

| Partners |
|---|
| Pauline K. Morgan
Rolin P. Bissell
Ryan M. Bartley |
| **Associates** |
| Travis G. Buchanan
James M. Deal
Jared W. Kochenash |
| **Paralegal** |
| Brenda Walters |

## BUDGET AND STAFFING PLAN MARCH 1, 2019 THROUGH JUNE 30, 2019

### Budget

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| March 2019 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| April 2019 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| May 2019 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| June 2019 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| **Total** | **$375,000** | **750** |  |

### Primary Attorneys

| Partners |
|---|
| Pauline K. Morgan |
| Ryan M. Bartley |
| Michael S. Neiburg |
| **Associates** |
| Travis G. Buchanan |
| James M. Deal |
| Jared W. Kochenash |
| **Paralegal** |
| Brenda Walters |

29623270.1

## BUDGET AND STAFFING PLAN JULY 1, 2019 THROUGH OCTOBER 31, 2019

### Budget

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| July 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| August 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| September 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| October 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| **Total** | **$300,000** | **600** |  |

### Primary Attorneys

| Partners |
|---|
| Pauline K. Morgan
Norman M. Powell
Ryan M. Bartley
Michael S. Neiburg |
| **Associates** |
| Jared W. Kochenash |
| **Paralegal** |
| Brenda Walters |

29623270.1

## BUDGET AND STAFFING PLAN NOVEMBER 1, 2019 THROUGH DECEMBER 31, 2019

### Budget

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| July 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| August 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| September 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| October 2019 | $75,000 | 150 | Claims analysis/Adversary Proceeding |
|  |  |  |  |
| **Total** | **$300,000** | **600** |  |

### Primary Attorneys

| Partners |
|---|
| Pauline K. Morgan |
| C. Barr Flinn |
| Norman M. Powell |
| Ryan M. Bartley |
| Michael S. Neiburg |
| **Associates** |
| Jared W. Kochenash |
| **Paralegal** |
| Brenda Walters |

## **EXHIBIT G**

## **FEE STATEMENT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

**THIRTEENTH CONSOLIDATED MONTHLY FEE STATEMENT**
**OF YOUNG CONAWAY STARGATT & TAYLOR, LLP FOR COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**AS CONFLICTS COUNSEL FOR THE DEBTORS FOR THE PERIOD**
**FROM NOVEMBER 1, 2019 THROUGH DECEMBER 31, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
|---|---|
| Authorized to Provide Professional Services to: | Conflicts Counsel for the Debtors |
| Date of Retention: | November 13, 2018, *nunc pro tunc* to October 15, 2018 |
| Period for which compensation and reimbursement is sought: | November 1, 2019 through December 31, 2019 |
| Monthly Fees Incurred: | $7,246.50 |
| 20% Holdback: | $16.50 |
| Compensation Less 20% Holdback: | $5,797.20 |
| Monthly Expenses Incurred: | $16.50 |
| Total Fees and Expenses Due: | $5,813.70 |

This is a: __X__ monthly _____ interim _____ final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Young Conaway Stargatt & Taylor, LLP ("Young Conaway") hereby submits this consolidated thirteenth monthly fee statement (the "Monthly Fee Statement"), seeking compensation for services rendered and reimbursement of expenses incurred as conflicts counsel to the Debtors for the period from November 1, 2019 through December 31, 2019 (the "Monthly Fee Period"). By this Monthly Fee Statement, Young Conaway seeks payment in the amount of $5,813.70 which is comprised of (i) $5,797.20 which represents eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Monthly Fee Period, and (ii) reimbursement of $16.50, which represents one hundred percent (100%) of actual and necessary expenses incurred in connection with such services.

---

[2]  Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

## Services Rendered and Expenses Incurred

1.      Attached as <u>Exhibit A</u> is a summary of Young Conaway's professionals by individual, setting forth the (i) name, title, and department of each individual who provided services in connection with the Chapter 11 Cases during the Monthly Fee Period, (ii) aggregate hours spent by each individual, (iii) hourly billing rate for each such individual at Young Conaway's billing rates during the Monthly Fee Period, (iv) amount of fees earned by each Young Conaway professional, and (v) the number of years in practice for each attorney.  The blended hourly billing rate of Young Conaway attorneys during the Monthly Fee Period is approximately **$668.22**.  The blended hourly rate of paralegals and other non-legal staff during the Monthly Fee Period is approximately **$295.00**.

2.      Attached as <u>Exhibit B</u> is a summary of the services rendered and compensation sought, by project category, for the Monthly Fee Period.

3.      Attached as <u>Exhibit C</u> is a summary of expenses incurred and reimbursement sought, by expense type, for the Monthly Fee Period.

4.      Attached as <u>Exhibit D</u> is itemized time detail of Young Conaway professionals for the Monthly Fee Period and summary materials related thereto.  The description of the work done by counsel in the time detail may have been edited to protect the confidential and privileged nature of the work completed.

## Notice and Objection Procedures

5.      Notice of this Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email:

18-23538-rdd    Doc 6573    Filed 01/31/20    Entered 01/31/20 16:08:41    Main Document
Pg 48 of 70

ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A.

Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii)

William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street,

Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail:

paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov);

(iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor,

New York, NY 10019 (email: harnerp@ballardspahr.com); (v) counsel to the Official Committee

of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York,

New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff

(email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com);

and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times

Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana

A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email:

george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this Monthly Fee Statement, if any, must be filed with the Court and

served upon the Notice Parties so as to be received no later than **February 18, 2020** (the "Objection

Deadline"), setting forth the nature of the objection and the amount of fees or expenses at issue

(an "Objection").

If no Objections to this Monthly Fee Statement are filed and served as set forth

above, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent

(100%) of the expenses identified herein.

If an Objection to this Monthly Fee Statement is received on or before the Objection

Deadline, the Debtors shall withhold payment of that portion of this Monthly Fee Statement to

which the Objection is directed and promptly pay the remainder of the fees and disbursements in

18-23538-rdd    Doc 6813    Filed 01/31/20    Entered 01/31/20 16:08:41    Main Document
Pg 9 of 19

the percentages set forth above. To the extent such an Objection is not resolved, it shall be

preserved and scheduled for consideration at the next interim fee application hearing to be heard

by the Court.

Dated: January 31, 2020                 /s/ Pauline K. Morgan
                                       YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                       1270 Avenue of the Americas, Suite 2201
                                       New York, New York 10020
                                       Tel: (212) 332-8840
                                       Fax: (212) 332-8855
                                       Pauline K. Morgan
                                       Ryan M. Bartley
                                       Travis Buchanan

                                       *Counsel for the Debtors, Acting at the*
                                       *Direction of the Restructuring Sub-Committee*

18-23538-rdd   Doc 6513   Filed 04/01/20   Entered 04/01/20 16:03:31   Main Document
Pg 9 of 19

**Exhibit A**

**Compensation by Professional**

25969902.1

**SUMMARY OF MONTHLY FEE STATEMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP FOR
SERVICES RENDERED FOR THE PERIOD
FROM NOVEMBER 1, 2019 THROUGH DECEMBER 31, 2019**

| Name of Partners and Counsel | Title | Department | Date of First Admission | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Pauline K. Morgan | Partner | Bankruptcy | 1987 | 975.00 | 1.40 | 1,365.00 |
| Craig D. Grear | Partner | Business Planning | 1996 | 975.00 | 1.40 | 1,365.00 |
| **Total Partners and Counsel:** | | | | | **2.80** | **2,730.00** |

| Name of Associates | Title | Department | Date of First Admission | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Travis G. Buchanan | Associate | Bankruptcy | 2011 | 530.00 | 1.00 | 530.00 |
| Jared W. Kochenash | Associate | Bankruptcy | 2018 | 325.00 | 2.10 | 682.50 |
| **Total Associates:** | | | | | **3.10** | **1,212.50** |

| Name of Paralegals and Other Non-Legal Staff | Title | Department | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Brenda Walters | Paralegal | Bankruptcy | 295.00 | 11.20 | 3,304.00 |
| **Total Paralegals:** | | | | **11.20** | **3,304.00** |

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners | 975.00 | 2.80 | 2,730.00 |
| Associates | 391.12 | 3.10 | 1,212.50 |
| Paralegals/Non-Legal Staff | 295.00 | 11.20 | 3,304.00 |
| **Total Fees Incurred:** | | **17.10** | **7,246.50** |

25969902.1

18-23538-rdd   Doc 6813   Filed 01/31/20   Entered 01/31/20 16:03:31   Main Document
Pg 53 of 70

**Exhibit B**

**Compensation by Task Code**

25969902.1

**AGGREGATE TIME SUMMARY BY TASK CODE**
**FOR THE PERIOD FROM NOVEMBER 1, 2019 THROUGH DECEMBER 31, 2019**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| General Corporate Matters (B014) | 1.60 | 1,560.00 |
| Retention of Professionals/Fee Issues (B012) | .60 | 224.00 |
| Fee Application Preparation (B018) | 14.90 | 5,462.50 |
| **TOTAL** | **17.10** | **7,246.50** |

18-23538-rdd   Doc 6573   Filed 01/31/20   Entered 01/31/20 16:03:31   Main Document
Pg 10 of 19

## Exhibit C

## Expense Summary

25969902.1

18-23538-rdd   Doc 8573   Filed 09/31/20   Entered 09/31/20 16:08:31   Main Document
Pg 55 of 70

**AGGREGATE ITEMIZED DISBURSEMENTS**
**FOR THE PERIOD FROM NOVEMBER 1, 2019 THROUGH DECEMBER 31, 2019**

| Expenses Category | Total Expenses ($) |
|---|---|
| Reproduction Charges | 16.50 |
| **TOTAL** | **16.50** |

18-23538-rdd    Doc 6513    Filed 01/31/20    Entered 01/31/20 16:03:31    Main Document
Pg 12 of 19

**Exhibit D**

**Time Detail**

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

RODNEY SQUARE
1000 NORTH KING STREET
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600                                                                                            (302) 571-1253 FAX
(800) 253-2234 (DE ONLY)                    TAX I.D. NO. 51-0082644                          www.ycst.com

Writer's Direct Dial                                                                                         Writer's E-Mail
(302) 571-6707                                                                                              pmorgan@ycst.com

Sears Holdings Corporation            Invoice Date:                    January 14, 2020
333 Beverly Rd                        Invoice Number:                         50012115
c/o Alan Carr, Director               Matter Number:                      072902.1003
Hoffman Estates, IL 60178

Re:  Debtor Representation
     For Billing Period through December 31, 2019

**CURRENT INVOICE**

| | | |
|---|---|---|
| Professional Services | $ | 7,246.50 |
| Disbursements | $ | 16.50 |
| Total Due This Invoice | $ | 7,263.00 |

| | | | | | |
|---|---|---|---|---|---|
| Sears Holdings Corporation | | | Invoice Date: | | January 14, 2020 |
| For Billing Period through December 31, 2019 | | | Invoice Number: | | 50012115 |
| | | | Matter Number: | | 072902.1003 |

**Time Detail**

| Date | Initials | Description | Task | Hours | Amount |
|------|----------|-------------|------|-------|--------|
| 11/20/19 | PMORG | Review email from K. Descovich re: corporate governance issues | B014 | 0.10 | 97.50 |
| 11/21/19 | CGREA | Review and analyze LLC Agreement of KCD IP, LLC | B014 | 0.50 | 487.50 |
| 11/21/19 | CGREA | Review and analyze options for replacement of member and managers | B014 | 0.60 | 585.00 |
| 11/21/19 | CGREA | Email from K. Descovich re: member withdrawal issues with respect to KCD IP, LLC | B014 | 0.10 | 97.50 |
| 11/21/19 | CGREA | Email to K. Descovich re: replacement of member and managers | B014 | 0.20 | 195.00 |
| 11/21/19 | PMORG | Review Correspondence from C. Grear re: response to corporate governance issues raised by Weil | B014 | 0.10 | 97.50 |
| 12/03/19 | BWALT | Email from/to P. Morgan re: interim fee applications | B017 | 0.10 | 29.50 |
| 12/27/19 | TBUCH | Review notice of fee hearing | B017 | 0.20 | 106.00 |
| 12/30/19 | BWALT | Read emails from P. Morgan, R. Bartley re: draft notice of fee hearing on Jan 28; review notice, and calendar date | B017 | 0.30 | 88.50 |
| 12/03/19 | PMORG | Emails with T. Li and B. Walters re: interim fee application | B018 | 0.10 | 97.50 |
| 12/11/19 | BWALT | Prepare YCST twelfth monthly fee application (consolidated September and October) (1.50); correspondence with P. Morgan, and T. Lii; finalize fee application and coordinate with Paul Weiss filing and service of same (.3) | B018 | 1.80 | 531.00 |
| 12/11/19 | BWALT | Draft YCST third interim fee application | B018 | 1.00 | 295.00 |
| 12/11/19 | JKOCH | Review Young Conaway monthly fee application | B018 | 0.20 | 65.00 |
| 12/11/19 | PMORG | Review YCST fee statement | B018 | 0.10 | 97.50 |
| 12/12/19 | BWALT | Draft YCST's third interim fee application and communications with J. Kochenash, and P. Morgan re: same | B018 | 4.50 | 1,327.50 |
| 12/12/19 | PMORG | Review and revise draft quarterly fee application (.4); call and emails with B. Walters re: revisions to same (.2) | B018 | 0.60 | 585.00 |

Sears Holdings Corporation
For Billing Period through December 31, 2019

|  | Invoice Date: | January 14, 2020 |
| --- | --- | --- |
|  | Invoice Number: | 50012115 |
|  | Matter Number: | 072902.1003 |

| Date | Initials | Description | Task | Hours | Amount |
| --- | --- | --- | --- | --- | --- |
| 12/14/19 | JKOCH | Review third interim fee application | B018 | 1.80 | 585.00 |
| 12/15/19 | JKOCH | Email B. Walters re: third interim fee application | B018 | 0.10 | 32.50 |
| 12/16/19 | BWALT | Revise and finalize YCST's third interim fee application, including communications with T. Buchanan, and P. Morgan; and finalize and coordinate with Paul Weiss re: filing and service of same | B018 | 3.50 | 1,032.50 |
| 12/16/19 | PMORG | Review/finalize quarterly fee application for filing | B018 | 0.30 | 292.50 |
| 12/16/19 | TBUCH | Review and revise third interim fee application | B018 | 0.80 | 424.00 |
| 12/27/19 | PMORG | Review draft notice of fee hearing; emails with R. Bartley re: same | B018 | 0.10 | 97.50 |
|  |  | **Total** |  | **17.10** | **$7,246.50** |

18-23538-rdd   Doc 6513   Filed 01/31/20   Entered 01/31/20 16:03:41   Main Document
Pg 10 of 79

Sears Holdings Corporation

For Billing Period through December 31, 2019

| | |
|---|---|
| Invoice Date: | January 14, 2020 |
| Invoice Number: | 50012115 |
| Matter Number: | 072902.1003 |

**Timekeeper Summary**

| Initials | Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| BWALT | Brenda Walters | Paralegal | 11.20 | 295.00 | 3,304.00 |
| CGREA | Craig D. Grear | Partner | 1.40 | 975.00 | 1,365.00 |
| JKOCH | Jared W. Kochenash | Associate | 2.10 | 325.00 | 682.50 |
| PMORG | Pauline K. Morgan | Partner | 1.40 | 975.00 | 1,365.00 |
| TBUCH | Travis G. Buchanan | Associate | 1.00 | 530.00 | 530.00 |
| **Total** | | | **17.10** | | **$7,246.50** |

| Sears Holdings Corporation | Invoice Date: | January 14, 2020 |
|---|---|---|
| For Billing Period through December 31, 2019 | Invoice Number: | 50012115 |
| | Matter Number: | 072902.1003 |

**Task Summary**

**Task Code:B014**                    **General Corporate Matters**

| **Name** | **Timekeeper Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Craig D. Grear | Partner | 1.40 | 975.00 | 1,365.00 |
| Pauline K. Morgan | Partner | 0.20 | 975.00 | 195.00 |
| **Total** | | **1.60** | | **1,560.00** |

**Task Code:B017**                    **Retention of Professionals/Fee Issues**

| **Name** | **Timekeeper Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Travis G. Buchanan | Associate | 0.20 | 530.00 | 106.00 |
| Brenda Walters | Paralegal | 0.40 | 295.00 | 118.00 |
| **Total** | | **0.60** | | **224.00** |

**Task Code:B018**                    **Fee Application Preparation**

| **Name** | **Timekeeper Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | 1.20 | 975.00 | 1,170.00 |
| Jared W. Kochenash | Associate | 2.10 | 325.00 | 682.50 |
| Travis G. Buchanan | Associate | 0.80 | 530.00 | 424.00 |
| Brenda Walters | Paralegal | 10.80 | 295.00 | 3,186.00 |
| **Total** | | **14.90** | | **5,462.50** |

Sears Holdings Corporation
For Billing Period through December 31, 2019

| | | Invoice Date: | January 14, 2020 |
| | | Invoice Number: | 50012115 |
| | | Matter Number: | 072902.1003 |

**Cost Detail**

| Date | Description | Quantity | Amount |
|------|-------------|----------|--------|
| 11/26/19 | Reproduction Charges | 8.00 | 0.80 |
| 12/09/19 | Reproduction Charges | 86.00 | 8.60 |
| 12/11/19 | Reproduction Charges | 27.00 | 2.70 |
| 12/16/19 | Reproduction Charges | 44.00 | 4.40 |
| | **Total** | | **$16.50** |

18-23538-rdd    Doc 6813    Filed 01/31/20    Entered 01/31/20 16:08:31    Main Document
Pg 19 of 709

Sears Holdings Corporation

For Billing Period through December 31, 2019

| | |
|---|---|
| Invoice Date: | January 14, 2020 |
| Invoice Number: | 50012115 |
| Matter Number: | 072902.1003 |

**Cost Summary**

| **Description** | **Amount** |
|---|---|
| Reproduction Charges | 16.50 |
| **Total** | **$16.50** |

Page Number 7

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

RODNEY SQUARE
1000 NORTH KING STREET
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)

TAX I.D. NO. 51-0082644

(302) 571-1253 FAX
www.ycst.com

Writer's Direct Dial
(302) 571-6707

Writer's E-Mail
pmorgan@ycst.com

| | | |
|---|---|---|
| Sears Holdings Corporation | Invoice Date: | July 31, 2022 |
| 333 Beverly Rd | Invoice Number: | 50035292 |
| c/o Alan Carr, Director | Matter Number: | 072902.1003 |
| Hoffman Estates, IL 60178 | | |

Re:  Debtor Representation
     Billing Period through June 30, 2020

## CURRENT INVOICE

| | | |
|---|---|---|
| Professional Services | $ | 2,299.00 |
| Disbursements | $ | 64.96 |
| Total Due This Invoice | $ | 2,363.96 |

| | | |
|---|---|---|
| Sears Holdings Corporation | Invoice Date: | July 31, 2022 |
| Billing Period through June 30, 2020 | Invoice Number: | 50035292 |
| | Matter Number: | 072902.1003 |

**Time Detail**

| Date | Initials | Description | Task | Hours | Amount |
|---|---|---|---|---|---|
| 01/15/20 | BWALT | Correspondence to Chambers to request authorization for R. Bartley to appear telephonically for the hearing on interim fee scheduled for January 28, 2020 | B002 | 0.20 | 61.00 |
| 01/16/20 | BWALT | Receive approval from Court for telephonic appearance at the interim fee hearing | B002 | 0.10 | 30.50 |
| 01/17/20 | BWALT | Register R. Bartley for telephonic appearance interim fee hearing and forward confirmation | B002 | 0.20 | 61.00 |
| 01/21/20 | BWALT | Email from/to P. Morgan re: fee hearing | B002 | 0.10 | 30.50 |
| 01/24/20 | BWALT | Email to R. Bartley re: preparation for interim fee hearing | B002 | 0.10 | 30.50 |
| 01/28/20 | RBART | Attend Fee hearing | B002 | 0.30 | 205.50 |
| 01/06/20 | PMORG | Review notice of fee hearing and email to R. Bartley re: same | B017 | 0.10 | 102.50 |
| 01/15/20 | BWALT | Review submission of fee applications to debtors, and email to D. Willis re: submission of eleventh monthly fee application | B017 | 0.40 | 122.00 |
| 01/21/20 | PMORG | Emails with Paul, Weiss and YCST teams re: upcoming fee hearing | B017 | 0.10 | 102.50 |
| 01/24/20 | BWALT | Further emails from D. Willis and to R. Bartley, P. Morgan, and D. Willis re: Schedule B to proposed interim fee order | B017 | 0.10 | 30.50 |
| 01/24/20 | BWALT | Review proposed order on third interim fee applications and email to R. Bartley, P. Morgan, and D. Willis re revisions to Schedule A and Schedule B | B017 | 0.60 | 183.00 |
| 01/24/20 | RBART | Correspondence with Weil re: fee order and follow up to team | B017 | 0.10 | 68.50 |
| 01/27/20 | RBART | Correspondence with Weil re: fee order | B017 | 0.30 | 205.50 |
| 04/16/20 | BWALT | Emails with P. Morgan re final fee application | B017 | 0.40 | 122.00 |
| 04/16/20 | PMORG | Emails with R. Britton and YCST team re: ongoing fee app process; Review interim order re: same | B017 | 0.30 | 307.50 |
| 06/15/20 | RBART | Correspondence with D. Willis re: Sears fee holdback reconciliation and release | B017 | 0.20 | 137.00 |

Sears Holdings Corporation
Billing Period through June 30, 2020

| | | Invoice Date: | July 31, 2022 |
| | | Invoice Number: | 50035292 |
| | | Matter Number: | 072902.1003 |

| Date | Initials | Description | Task | Hours | Amount |
|------|----------|-------------|------|-------|--------|
| 01/31/20 | BWALT | Prepare YCST fee application (November and December 2019 (.9); emails with P. Morgan (.1); finalize and coordinate filing and service with Paul Weiss (.3) | B018 | 1.30 | 396.50 |
| 01/31/20 | PMORG | Review November/December fee statement for filing | B018 | 0.10 | 102.50 |
| | | | **Total** | **5.00** | **$2,299.00** |

| | | | | | |
|---|---|---|---|---|---|
| Sears Holdings Corporation | | | Invoice Date: | | July 31, 2022 |
| Billing Period through June 30, 2020 | | | Invoice Number: | | 50035292 |
| | | | Matter Number: | | 072902.1003 |

**Timekeeper Summary**

| Initials | Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| BWALT | Brenda Walters | Paralegal | 3.50 | 305.00 | 1,067.50 |
| PMORG | Pauline K. Morgan | Partner | 0.60 | 1,025.00 | 615.00 |
| RBART | Ryan M. Bartley | Partner | 0.90 | 685.00 | 616.50 |
| **Total** | | | **5.00** | | **$2,299.00** |

| Sears Holdings Corporation | Invoice Date: | July 31, 2022 |
|---|---|---|
| Billing Period through June 30, 2020 | Invoice Number: | 50035292 |
| | Matter Number: | 072902.1003 |

**Task Summary**

**Task Code:B002**          **Court Hearings**

| **Name** | **Timekeeper Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Ryan M. Bartley | Partner | 0.30 | 685.00 | 205.50 |
| Brenda Walters | Paralegal | 0.70 | 305.00 | 213.50 |
| **Total** | | **1.00** | | **419.00** |

**Task Code:B017**          **Retention of Professionals/Fee Issues**

| **Name** | **Timekeeper Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | 0.50 | 1,025.00 | 512.50 |
| Ryan M. Bartley | Partner | 0.60 | 685.00 | 411.00 |
| Brenda Walters | Paralegal | 1.50 | 305.00 | 457.50 |
| **Total** | | **2.60** | | **1,381.00** |

**Task Code:B018**          **Fee Application Preparation**

| **Name** | **Timekeeper Title** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | 0.10 | 1,025.00 | 102.50 |
| Brenda Walters | Paralegal | 1.30 | 305.00 | 396.50 |
| **Total** | | **1.40** | | **499.00** |

Page Number 5

| | |
|---|---|
| Sears Holdings Corporation | Invoice Date:      July 31, 2022 |
| Billing Period through June 30, 2020 | Invoice Number:      50035292 |
| | Matter Number:      072902.1003 |

**Cost Detail**

| **Date** | **Description** | **Quantity** | **Amount** |
|---|---|---|---|
| 01/10/20 | Reproduction Charges | 2.00 | 0.20 |
| 01/29/20 | Teleconference / Video Conference | 1.00 | 51.00 |
| 01/31/20 | Reproduction Charges | 15.00 | 1.50 |
| 02/03/20 | Reproduction Charges | 8.00 | 0.80 |
| 06/10/20 | Federal Express | 1.00 | 11.46 |
| | **Total** | | **$64.96** |

| | |
|---|---|
| Sears Holdings Corporation | Invoice Date: July 31, 2022 |
| Billing Period through June 30, 2020 | Invoice Number: 50035292 |
| | Matter Number: 072902.1003 |

**Cost Summary**

| Description | Amount |
|---|---|
| Federal Express | 11.46 |
| Reproduction Charges | 2.50 |
| Teleconference / Video Conference | 51.00 |
| **Total** | **$64.96** |