Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

Counsel to the Fee Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (SHL) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SUMMARY COVER SHEET FOR TENTH INTERIM AND FINAL JOINT
APPLICATION OF PAUL E. HARNER, AS FEE EXAMINER AND
BALLARD SPAHR LLP, AS COUNSEL TO THE FEE EXAMINER, FOR ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE TENTH INTERIM PERIOD FROM MARCH 1, 2022 THROUGH JUNE 30, 2022
AND THE FINAL PERIOD OF APRIL 22, 2019 THROUGH JUNE 30, 2022**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**[2]

The Fee Examiner is filing this Fee Application consistent with his understanding of the proposed protocol for the filing of interim fee applications and final fee applications through June 30, 2022 as communicated by counsel to the Debtors.  The Fee Examiner has concerns about a process that requires the filing of final fee applications prior to the occurrence of the effective date of the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [Docket No. 4476] while some professionals may continue to incur fees and expenses that are subject to his review according to the terms of the Fee Examiner Order. Moreover, the time to object under the proposed protocol is inconsistent with the terms of the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 5370], and deprives both the Fee Examiner and other creditors and parties in interest with adequate time to prepare and file objections to more than a dozen final fee applications.  Despite the truncated time period, the Fee Examiner continues to engage in good faith discussions with the professionals retained in these cases regarding the magnitude of the fees requested, as highlighted in the multiple and voluminous confidential preliminary reports prepared by the Fee Examiner and shared with the professionals.  Notwithstanding the filing of this application, the Fee Examiner reserves and preserves all rights to prepare and file one or more formal objections to the final fee applications

---

[2] Capitalized terms not otherwise defined in this Preliminary Statement and Reservation of Rights shall have the meanings ascribed to them in the Tenth Interim and Final Joint Application of Paul E. Harner, as Fee Examiner and Ballard Spahr LLP, as Counsel to the Fee Examiner for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred for the Tenth Interim Period from March 1, 2022 Through June 30, 2022 and the Final Period of April 22, 2019 Through June 30, 2022.

2

## *General Information*

| | |
|---|---|
| Name of Applicants: | Paul E. Harner, Fee Examiner<br>Ballard Spahr LLP, Counsel to Fee Examiner |
| Authorized to Provide Professional Services to: | The Fee Examiner |
| Petition Date: | October 15, 2018 |
| Date of Retention: | Order entered April 22, 2019 [Dkt. No. 3307]<br><br>Order entered May 22, 2019 [Dkt. No. 3985], *nunc pro tunc* to April 22, 2019 |
| Prior Applications: | First Interim [Dkt. No. 4844, Filed 8/14/19]; Second Interim: [Dkt. No. 6215, Filed 12/13/19]; Third Interim: [Dkt No. 7862, Filed 4/23/20]; Fourth Interim: [Dkt No. 8399, Filed 8/22/20]; Fifth Interim: [Dkt No. 9191, Filed 12/17/20]; Sixth Interim: [Dkt No. 9420, Filed 4/15/21]; Seventh Interim: [Dkt. No. 9777, Filed 8/27/21]; Eighth Interim [Dkt. No. 10161, Filed 12/15/21]; Ninth Interim [Dkt. No. 10409, Filed 4/25/22] |
| Period for Which Compensation and Reimbursement are Sought: | March 1, 2022 through June 30, 2022 (interim) and April 22, 2019 through June 30, 2022 (final) |

## *Summary of Fees and Expenses Requested for Interim and Final Periods*

| | |
|---|---|
| Amount of Compensation Sought for Interim Period as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $134,808.00<br>Ballard Spahr LLP: $144,043.00<br>**Total: $278,851.00** |
| Amount of Expense Reimbursement Sought for Interim Period as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $0.00<br>Ballard Spahr LLP: $0.00<br>**Total: $0.00** |
| Total Compensation and Expense Reimbursement Requested for Interim Period: | Paul E. Harner, Fee Examiner: $134,808.00<br>Ballard Spahr LLP: $144,043.00<br>**Total: $278,851.00** |

| | |
|---|---|
| Amount of Compensation Sought for Final Period as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $1,412,827.00 Ballard Spahr LLP: $2,210,666.50 **Total: $3,623,493.50** |
| Amount of Expense Reimbursement Sought for Final Period as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $2,326.23 Ballard Spahr LLP: $4,000.81 **Total: $6,327.04** |
| Total Compensation and Expense Reimbursement Requested for Final Period: | Paul E. Harner, Fee Examiner: $1,415,153.23 Ballard Spahr LLP: $2,214,666.81 **Total: $3,629,820.04** |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
|---|---|
| Total Allowed Fees Paid to Date: | $3,075,628.50 |
| Total Allowed Expenses Paid to Date: | $6,215.44 |
| Total Allowed Fees and Expenses Paid to Date: | $3,081,843.94 |

| *Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements* | |
|---|---|
| Fees Sought for this Interim Application Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $98,724.00 |
| Expenses Sought for this Interim Application Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Total Fees and Expenses Sought for this Interim Application Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $98,724.00 |
| Total Fees and Expenses Sought for this Interim Application Period Not Yet Paid: | $180,127.00 |

| *Summary of Rates and Other Related Information for the Tenth Interim Application Period* | |
|---|---|
| Blended Rate in This Application for All Ballard Spahr Attorneys: | $694.02[3] |
| Blended Rate in This Application for All Ballard Spahr Timekeepers: | $685.59[4] |
| Number of Ballard Spahr Timekeepers Included in this Application:[5] | 6 |

---

[3] The Fee Examiner's rate was not included in this calculation.

[4] The Fee Examiner's rate was not included in this calculation.

[5] The Fee Examiner is not included in this figure.

| | |
|---|---|
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees equate with the budget |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Interim Application Period: | 0 |

| **_Summary of Rates and Other Related Information for this Final Application Period_** | |
|---|---|
| Blended Rate in Applications for All Ballard Spahr Attorneys: | $551.52[6] |
| Blended Rate in Applications for All Ballard Spahr Timekeepers: | $531.12[7] |
| Number of Ballard Spahr Timekeepers Included in Applications[8] | 21 |
| Number of Attorneys in Applications Not Included in Staffing Plan Discussed with Client | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees equate with the budget |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Final Application Period | 1 |
| Increase in Rates Since Date of Retention: | January 1, 2020, January 1, 2021, and January 1, 2022 |

**This is an** _____ **Monthly** __X__ **Interim** __X__ **Final Fee Application**

---

[6] The Fee Examiner's rate was not included in this calculation.

[7] The Fee Examiner's rate was not included in this calculation.

[8] The Fee Examiner is not included in this figure.

## SUMMARY OF PRIOR MONTHLY JOINT FEE STATEMENTS

| Date Filed and ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@80%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 5/3/22, ECF No. 10424 | March 1, 2022 to March 30, 2021 | $54,344.00 | $0.00 | $43,475.20 | $0.00 | $43,475.20 | $0.00 | $10,868.80 |
| 5/27/22, ECF No. 10462 | April 1, 2022 to April 30, 2022 | $69,061.00 | $0.00 | $55,248.80 | $0.00 | $55,248.80 | $0.00 | $13,812.20 |
| 7/1/22, ECF No. 10517 | May 1, 2022 to May 31, 2022 | $92,350.50 | $0.00 | $73,880.40 | $0.00 | $0.00 | $0.00 | $92,350.50 |
| 7/27/22, ECF No. 10543 | June 1, 2022 to June 30, 2022 | $63,095.50 | $0.00 | $50,476.40 | $0.00 | $0.00 | $0.00 | $63,095.50 |

**TOTAL**                                                                                      **$180,127.00**

**Summary of Any Objections to Monthly Fee Statements**:  None.

## COMPENSATION OF FEE EXAMINER
## MARCH 1, 2022 THROUGH JUNE 30, 2022

| Timekeeper | Position | Year Admitted to Practice | Rate(s) | Hours | Fees |
|---|---|---|---|---|---|
| Paul E. Harner | Partner | 1988 | $1,640 | 82.20 | $134,808.00 |
| **Total** | | | | **82.20** | **$134,808.00** |

## COMPENSATION OF PROFESSIONALS AND PARAPROFESSIONALS
## MARCH 1, 2022 THROUGH JUNE 30, 2022

| Name of Attorney | Position | Year Admitted to Practice | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Tobey M. Daluz | Partner | 1990 | $1,030 | 37.20 | $38,316.00 |
| Chantelle D. McClamb | Associate | 2011 | $655 | 136.00 | $89,080.00 |
| Margaret Vesper | Associate | 2021 | $470 | 32.10 | $15,087.00 |
| **Total Attorney** | | | | **205.30** | **$142,483.00** |

| Name of Paraprofessional | Title | Rate(s) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Caroline P. Pollard | Paralegal | $350 | 0.80 | $280.00 |
| Kyle Neitzel | Paralegal | $320 | 4.00 | $1,280.00 |
| **Total Paraprofessional** | | | **4.80** | **$1,560.00** |

7

**COMPENSATION BY TASK CODE FOR SERVICES RENDERED BY THE FEE
EXAMINER FOR THE PERIOD MARCH 1, 2022 THROUGH JUNE 30, 2022**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Objections (B170) | 82.20 | $134,808.00 |
| **Total** | **82.20** | **$134,808.00** |

**COMPENSATION BY TASK CODE FOR SERVICES
RENDERED BY PROFESSIONALS AND PARAPROFESSIONALS
FOR THE PERIOD MARCH 1, 2022 THROUGH JUNE 30, 2022**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Applications (B160) | 21.80 | $16,362.50 |
| Fee/Employment Objections (B170) | 188.30 | $127,680.50 |
| **Total** | **210.10** | **$144,043.00** |

**EXPENSE SUMMARY FOR THE FEE EXAMINER
FOR THE PERIOD MARCH 1, 2022 THROUGH JUNE 30, 2022**

| Disbursements | Amount |
|---|---|
| **Total** | **$0.00** |

**EXPENSE SUMMARY FOR PROFESSIONALS AND PARAPROFESSIONALS
FOR THE PERIOD MARCH 1, 2022 THROUGH JUNE 30, 2022**

| Disbursements | Amount |
|---|---|
| **Total** | **$0.00** |

## SUMMARY OF PRIOR INTERIM APPLICATIONS

| Application Title | Date Filed and ECF No. | Period Covered | Requested | | Approved | | Holdback Fees Requested | Signed Order |
|---|---|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees (@80%) | Expenses (@100%) | | |
| First Interim | 8/14/19, ECF No. 4844 | 4/22/19-6/30/19 | $273,435.50 | $1,546.29 | $218,748.40 | $1,546.29 | $54,687.10 | D.I. 5507 10/24/10 |
| Second Interim | 12/13/19, ECF No. 6215 | 7/1/19-10/31/19 | $877,382.00 | $892.33 | $701,905.60 | $892.33 | $175,476.40 | D.I.6811 1/30/20 |
| Third Interim | 4/23/20, ECF No. 7862 | 11/1/19-2/29/20 | $562,951.00 | $2,520.42 | $450,360.80 | $2,520.42 | $112,590.20 | D.I. 8036 6/18/20 |
| Fourth Interim | 8/22/20 ECF No. 8399 | 3/1/20-6/30/20 | $233,796.00 | $160.71 | $187,036.80 | $160.71 | $46,759.20 | D.I. 9009 10/15/20 |
| Fifth Interim | 12/17/20 ECF No. 9191 | 7/1/20-10/31/20 | $348,947.00 | $324.94 | $279,157.60 | $324.94 | $69,789.40 | D.I. 9312 2/23/21 |
| Sixth Interim | 4/15/21 ECF No. 9420 | 11/1/20-2/28/21 | $155,232.00 | $700.75 | $124,185.60 | $700.75 | $31,046.40 | D.I. 9545 6/2/21 |
| Seventh Interim | 8/27/21 ECF No. 9777 | 3/1/21-6/30/21 | $347,092.50 | $70.00 | $277,674.00 | $70.00 | $69,418.50 | D.I. 9862 9/29/21 |
| Eighth Interim | 12/15/21 ECF No. 10161 | 7/1/21-10/31/21 | $276,793.00 | $0.00 | $221,434.00 | $0.00 | $55,358.60 | D.I. 10252 1/21/22 |
| Ninth Interim | 4/25/22 ECF No. 10409 | 11/1/21-2/28/22 | $269,013.50 | $111.60 | $215,210.80 | $111.60 | $53,802.70 | N/A |

**Summary of Any Objections to Interim Applications:  None**.

## COMPENSATION OF FEE EXAMINER
### APRIL 22, 2019 THROUGH JUNE 30, 2022

| Timekeeper | Position | Year Admitted to Practice | Rate(s) | Hours | Fees |
|---|---|---|---|---|---|
| Paul E. Harner | Partner | 1988 | $1,305-$1,640 | 1,000.80 | $1,412,827.00 |
| **Total** | | | | **1,000.80** | **$1,412,827.00** |

## COMPENSATION OF PROFESSIONALS AND PARAPROFESSIONALS
### APRIL 22, 2019 THROUGH JUNE 30, 2022

| Name of Attorney | Position | Year Admitted to Practice | Rate(s) | Hours | Fees |
|---|---|---|---|---|---|
| Vincent J. Marriott, III | Partner | 1982 | $985-$1,085 | 165.60 | $168,921.00 |
| Tobey M. Daluz | Partner | 1990 | $895-$1,030 | 548.30 | $537,252.50 |
| Matthew G. Summers | Partner | 2000 | $725 | 2.90 | $2,102.50 |
| Laurel D. Roglen | Associate | 2012 | $490-$540 | 120.00 | $61,555.00 |
| Chantelle D. McClamb | Associate | 2011 | $445-$655 | 1,401.40 | $716,565.00 |
| Michael G. Greenfield | Associate | 2014 | $445-$495 | 236.20 | $105,304.00 |
| Maya Salah | Associate | 2008 | $415-$465 | 112.70 | $47,310.50 |
| Chad P. Jimenez | Associate | 2016 | $365-$595 | 300.10 | $127,120.00 |
| Priscilla Osei-Bonsu | Associate | 2017 | $400 | 54.50 | $21,800.00 |
| Conor H. Smith | Associate | 2018 | $385 | 49.90 | $19,211.50 |
| Izabella Babchinetskaya | Associate | 2019 | $335-$375 | 26.20 | $9,753.00 |
| Brian N. Kearney | Associate | 2019 | $335 | 481.10 | $161,169.50 |
| Christine Emello | Associate | 2019 | $350 | 22.80 | $7,980.00 |
| Margaret Vesper | Associate | 2021 | $420-$470 | 285.00 | $122,590.00 |
| **Total Attorney** | | | | **3,806.70** | **$2,108,634.50[9]** |

| Name of Paraprofessional | Title | Rate(s) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Caroline P. Pollard | Paralegal | $310-350 | 121.50 | $38,992.00 |
| Kyle Neitzel | Paralegal | $310-320 | 158.20 | $54,744.00 |
| Joseph J. DeForrest | Paralegal | $290 | 0.30 | $87.00 |
| Christopher Lano | Paralegal | $270 | 11.50 | $3,105.00 |
| Marisa Maddox | Paralegal | $270 | 20.90 | $5,643.00 |
| Susan Ambrose | Paralegal | $270 | 16.90 | $4,563.00 |
| Brandon Blessing | Paralegal | $175 | 28.80 | $5,040.00 |
| **Total Paraprofessional** | | | **358.1** | **$112,174.00[10]** |

---

[9] Total hours and fees prior to reductions for non-working travel time.

[10] Total hours and fees prior to adjustment reflecting error in amount of Kyle Neitzel's hourly rate, which was reflected in the total fees requested in the *Twenty-Fourth Joint Monthly Fee Statement* filed on July 1, 2021 [Docket No. 9627].

**COMPENSATION BY TASK CODE FOR SERVICES RENDERED BY THE FEE EXAMINER FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2022**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Applications (B160) | 15.30 | $20,319.00 |
| Fee/Employment Objections (B170) | 985.50 | $1,392,508.00 |
| **Total** | **1000.80** | **$1,412,827.00** |

**COMPENSATION BY TASK CODE FOR SERVICES RENDERED BY PROFESSIONALS AND PARAPROFESSIONALS FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2022**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Applications (B160) | 352.60 | $237,598.50 |
| Fee/Employment Objections (B170) | 3,803.70 | $1,976,147.00 |
| Non-Working Travel (B195) | 8.50 | $7,036.00 |
| **Total** | **4,164.80** | **$2,220,808.50**[11] |

---

[11] Total hours and fees prior to reductions for non-working travel time and prior to adjustment reflecting error in amount of Kyle Neitzel's hourly rate, which was reflected in the total fees requested in the *Twenty-Fourth Joint Monthly Fee Statement* filed on July 1, 2021 [Docket No. 9627].

**EXPENSE SUMMARY FOR THE FEE EXAMINER**
**FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2022**

| Disbursements | Amount |
|---|---|
| Air/Rail Expense | $1,344.00 |
| Business Meals | $386.15 |
| Court Appearance | $0.25 |
| Court Call | $114.00 |
| Delivery Service | $39.38 |
| Outgoing Fax | $0.50 |
| Professional Services | $72.00 |
| Travel Expenses | $369.95 |
| **Total** | **$2,326.23** |

**EXPENSE SUMMARY FOR PROFESSIONALS AND PARAPROFESSIONALS**
**FOR THE PERIOD APRIL 22, 2019 THROUGH JUNE 30, 2022**

| Disbursements | Amount |
|---|---|
| Air/Rail Expense | $705.43 |
| Business Meals | $33.00 |
| Court Call | $636.00 |
| Court Solutions | $280.00 |
| Delivery Service | $409.20 |
| Federal Express | $41.74 |
| Filing Fees | $413.65 |
| Lexis Research | $445.50 |
| Professional Services | $65.00 |
| Transcripts | $184.80 |
| Travel Expenses | $786.49 |
| **Total** | **$4,000.81** |

Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (SHL) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**TENTH INTERIM AND FINAL JOINT APPLICATION OF PAUL E. HARNER, AS FEE EXAMINER AND BALLARD SPAHR LLP, AS COUNSEL TO THE FEE EXAMINER FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE TENTH INTERIM PERIOD FROM MARCH 1, 2022 THROUGH JUNE 30, 2022 AND THE FINAL PERIOD FROM <ins>APRIL 22, 2019 THROUGH JUNE 30, 2022</ins>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Paul E. Harner, as Fee Examiner (the "Fee Examiner"), and Ballard Spahr LLP ("Ballard Spahr"), counsel to the Fee Examiner, hereby submit this tenth interim and final joint fee application (the "Fee Application") pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective November 1, 2013 (the "U.S. Trustee Guidelines"), the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order," and together with the Local Rules, the Local Guidelines, and the U.S. Trustee Guidelines, the "Guidelines") for (i) interim allowance of compensation in the aggregate amount of $278,851.00 for professional services performed for the period from March 1, 2022 through June 30, 2022 (the "Interim Application Period") and (ii) for final allowance of compensation in the aggregate amount of $3,623,493.50 for the period from April 22, 2019 to June 30, 2022 (the "Final Application Period"). In support of this Fee Application, the Fee Examiner and Ballard Spahr submit the certification of Tobey M. Daluz, which is attached hereto as Exhibit A. In further support of this Fee Application, the Fee Examiner and Ballard Spahr respectfully state as follows:

2

## JURISDICTION

1.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.       On October 15, 2018 (the "Petition Date"), each of the above-captioned debtors

and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of

the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No request for the appointment of a trustee or examiner (other than a fee

examiner) has been made in these chapter 11 cases.

3.       On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee")

appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

4.       On November 16, 2018, the Court entered the Interim Compensation Order [Docket

No. 796].

5.       Given the size and complexity of the cases as well as the number of professionals

retained by the Debtors and the Creditors' Committee, on January 3, 2019, the U.S. Trustee filed

the *Motion of United States Trustee for Order Authorizing Appointment of Independent Fee

Examiner* [Docket No. 1470] (the "Fee Examiner Motion") requesting that the Court appoint an

independent fee examiner to provide substantive analysis of the applications for allowance of

compensation and reimbursement of expenses filed by professionals subject to the Interim

Compensation Order (collectively, the "Retained Professionals").

6.    On April 22, 2019, the Court entered the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"), granting the Fee Examiner Motion and directing the appointment of the Fee Examiner.  On May 22, 2019, the Court authorized the Fee Examiner to retain Ballard Spahr as his counsel *nunc pro tunc* to April 22, 2019 [Docket No. 3985] (the "Ballard Spahr Retention Order").  The Fee Examiner Order charged the Fee Examiner with the responsibility of reviewing and assessing all applications filed by Retained Professionals for compliance with the Guidelines.

7.    The Fee Examiner joined the law firm of Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin") as reflected in the *Amended Notice of Appearance and Request for Service of Papers* [Docket No. 9463] filed on May 5, 2021.  Ballard Spahr continues to act as counsel to the Fee Examiner.  The Fee Examiner continues to bill his time in these cases at an hourly rate commensurate with the rate charged when he was with Ballard Spahr.

8.    Since the Petition Date, the Court has authorized the retention of approximately 26 different Retained Professionals whose fee applications are subject to review by the Fee Examiner.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

9.    During the Interim Application Period, the Fee Examiner and Ballard Spahr attorneys and paraprofessionals expended a total of 292.30 hours for which compensation is sought.  The Fee Examiner and Ballard Spahr seek allowance of compensation for the professional services rendered during the Interim Application Period in the amount of $278,851.00 and reimbursement of expenses incurred in connection with the provision of such services in the amount of $0.00.  The Fee Examiner and Ballard Spahr reserve the right to request additional

4

compensation for the Interim Application Period to the extent that time or disbursement charges for services rendered or expenses incurred relate to the Interim Application Period.

10. During the Final Application Period, the Fee Examiner and Ballard Spahr attorneys and paraprofessionals expended a total of 5,165.60 hours for which compensation is sought. The Fee Examiner and Ballard Spahr seek allowance of compensation for the professional services rendered during the Final Application Period in the amount of $3,623,493.50 and reimbursement of expenses incurred in connection with the provision of such services in the amount of $6,327.04. The Fee Examiner and Ballard Spahr reserve the right to request additional compensation for the Final Application Period to the extent that time or disbursement charges for services rendered or expenses incurred relate to the Final Application Period.

11. There is no agreement or understanding between the Fee Examiner and Ballard Spahr and any other person, other than the members of Ballard Spahr, for the sharing of compensation to be received for services rendered in these cases. During the Interim and Final Application Periods, the Fee Examiner and Ballard Spahr received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered during the Interim and Final Application Periods and addressed by this Fee Application (other than those in accordance with the Interim Compensation Order).

12. The fees charged by Ballard Spahr in these cases are billed in accordance with Ballard Spahr's existing billing rates and procedures in effect during the Interim and Final Application Periods. The rates Ballard Spahr charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Ballard Spahr charges for professional and paraprofessional services rendered in comparable bankruptcy and

5

nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

13.     Ballard Spahr maintains computerized records of all time spent by all Ballard Spahr's attorneys and paraprofessionals in connection with its representation of the Fee Examiner. The Fee Examiner and Ballard Spahr have provided itemized time records for professionals and paraprofessionals performing services during the Interim and Final Applications Period to the Notice Parties identified in the Interim Compensation Order by attaching computerized records of time spent to the monthly fee statements filed by the Fee Examiner and Ballard Spahr.  All entries itemized in the Fee Examiner's and Ballard Spahr's time records comply with the requirements set forth in the Guidelines.  Further, all entries itemized in the Fee Examiner's and Ballard Spahr's expense records comply with the requirements set forth in the Guidelines.

14.     Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, attached hereto as Exhibit A is a certification by Tobey M. Daluz, a partner with Ballard Spahr LLP,  regarding compliance with the Guidelines.  Attached hereto as Exhibit B is a summary and comparison of the aggregate blended hourly rates billed by timekeepers in Ballard Spahr's offices in 2020 and the blended hourly rates billed during the Interim Application Period.  A summary of Ballard Spahr's budget and staffing plan are attached hereto as Exhibits C & D. Copies of the Fee Examiner's and Ballard Spahr's detailed time records and out-of-pocket expenses have been previously filed as exhibits to the Fee Examiner's and Ballard Spahr's joint monthly fee statements.

**SUMMARY OF SERVICES PERFORMED BY THE FEE EXAMINER AND
BALLARD SPAHR DURING THE INTERIM AND FINAL APPLICATION PERIODS**

15.     The following is a summary of the services rendered by the Fee Examiner and

Ballard Spahr, broken down by project category.

A.   Fee/Employment Applications (Task Code B160)

     a.   *Interim Application Period: Fees*: $16,362.50; Hours 21.80

     b.   *Final Application Period*: Fees: $237,598.50; Hours 352.60

The Fee Examiner and Ballard Spahr drafted the Fee Examiner and Ballard Spahr's joint

monthly fee applications and interim fee applications and related affidavits, notices, and other

documents.

B.   Fee/Employment Objections (Task Code B170)

     a.   *Interim Application Period: Fees*: $262,488.50; Hours 270.50

     b.   *Final Application Period*: Fees: $1,976,147.00; Hours 3,803.70

The Fee Examiner and Ballard Spahr reviewed several interim or final fee applications,

and other documents relating to the employment and scope of services for each of the Retained

Professionals.  The Fee Examiner and Ballard Spahr prepared both preliminary and supplemental

reports for several Retained Professionals and compiled exhibits of objectionable entries based on

the fee and expense data submitted by the Retained Professionals for review.  The Fee Examiner

and Ballard Spahr continued to meet with representatives of certain of the Retained Professionals

and engaged in discussions regarding the subject matter of the respective report.

C.   Non-working Travel (Task Code B195)

     a.   *Final Application Period*: Fees: $7,036.00; Hours 8.50

## ACTUAL AND NECESSARY DISBURSEMENTS

16.     The Fee Examiner and Ballard Spahr did not incur expenses in connection with providing professional services during the Interim Application Period.

17.     The Fee Examiner and Ballard Spahr disbursed $6,327.04 in expenses incurred in connection with providing professional services during the Final Application Period.  These charges are intended to reimburse the Fee Examiner and Ballard Spahr for direct operating costs, which are not built into their hourly rates.  These expenses are reasonable and necessary and were essential to the provision of services by the Fee Examiner and Ballard Spahr.

18.     Ballard Spahr charges for external services at the provider's cost without markup. The Fee Examiner and Ballard Spahr have made every effort to minimize the disbursements in these chapter 11 cases.

19.     The actual expenses incurred in providing professional services were necessary, reasonable and justifiable under the circumstances to provide the services pursuant to the Fee Examiner Order and the Ballard Spahr Retention Order.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

20.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to
> …[a] professional person, the court shall consider the nature, the extent, and

8

the value of such services, taking into account all relevant factors, including
–

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or
beneficial at the time at which the service was rendered toward the
completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of
time commensurate with the complexity, importance, and nature of
the problem, issue, or task addresses;

(E)    with respect to a professional person, whether the person is board
certified or otherwise has demonstrated skill and expertise in the
bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary
compensation charged by comparably skilled practitioners in cases
other than cases under this title.

11 U.S.C § 330(a)(3).

21.    The Fee Examiner and Ballard Spahr respectfully submit that the services for which
they seek compensation in this Fee Application were necessary and appropriate for the orderly
administration of the estates.  In light of the nature, extent, and value of such services, the Fee
Examiner and Ballard Spahr submit that the compensation request herein is reasonable under the
applicable standards.

22.    The Fee Examiner and Ballard Spahr respectfully request that the Court approve
the compensation for professional services sought in this Fee Application.

23.    In accordance with the U.S. Trustee Guidelines, Ballard Spahr responds to the
questions identified therein as follows:

**Question 1**:  Did Ballard Spahr agree to any variations from, or alternatives to,
Ballard Spahr's standard or customary billing rates, fees or terms for services

9

pertaining to this engagement that were provided during the Fee Period? If so, please explain.

**Answer**: No.

**Question 2**: If the fees sought in the Fee Application as compared to the fees budgeted for the time period covered by the Fee Application are higher by 10% or more, did Ballard Spahr discuss the reasons for the variation with the client?

**Answer**: The fees sought in the Fee Application equate to those budgeted for such time.

**Question 3**: Have any of the professionals included in the Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer**: No.

**Question 4**: Does the Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer**: The Fee Application includes minimal time related to the review and preparation of invoices that were appended to monthly fee statements in accordance with U.S. Trustee Guidelines. The fees incurred reflect only a small percentage of the aggregate time expended in connection with the preparation of monthly fee applications.

**Question 5**: Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer**: No.

**Question 6**: Does the Fee Application include any rate increases since Ballard Spahr's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

**Answer**: Yes. Ballard Spahr increases its billing rates annually effective on January 1 of each year as disclosed in the *Application of Fee Examiner, Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Loan Rules 2014-1 and 2016-1, For the Entry of an Order Authorizing the Retention of Ballard Spahr LLP as Counsel to the Fee Examiner, Nunc Pro Tunc to the Appointment Date* [Docket No. 3682].

10

## NOTICE

24.      Pursuant to the Interim Compensation Order, notice of this Fee Application has been served upon: Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn: Rob Riecker, Luke Valentino, Esq.); Counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Paul Schwartzberg, Esq., and Richard Morrissey, Esq.); Counsel for the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.); Counsel for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.).

## NO PRIOR REQUEST

25.      No prior request for the relief requested herein has been made by the Fee Examiner or Ballard Spahr to this or any other Court.

## CONCLUSION

WHEREFORE, the Fee Examiner and Ballard Spahr respectfully request that the Court enter an order:   (i) approving the interim allowance of $278,851.00, for compensation for professional services rendered by the Fee Examiner and Ballard Spahr during the Interim Application Period; (ii) directing payment by the Debtors of all allowed amounts that remain unpaid, including the holdback totaling $180,127.00; (iii) allowing, authorizing and directing payment of final compensation in the amount of $3,623,493.50 for legal services rendered by the

Fee Examiner and Ballard Spahr during the Final Application Period, (iv) directing all unpaid compensation requested herein be paid to the Fee Examiner and Ballard Spahr, totaling $180,127.00 as of the date hereof, and that such payment be authorized pursuant to the Interim Compensation Order; and (vii) granting such other and further relief as the Court deems just and proper.

Dated: August 9, 2022

/s/ Chantelle D. McClamb
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
*Admitted *pro hac vice*

*Counsel for the Fee Examiner*