**FAEGRE DRINKER BIDDLE & REATH LLP**
James H. Millar, Esq.
Brian P. Morgan, Esq.
1177 Avenue of the Americas, 41st Floor
New York, New York, 10036-2714
Telephone: (212) 248-3184
Facsimile: (212) 248-3141
Email: James.Millar@faegredrinker.com
   Brian.Morgan@faegredrinker.com

*Counsel to Whitebox Multi-Strategy Partners, LP;*
*Whitebox Asymmetric Partners, LP; Hain*
*Capital Investors Master Fund, Ltd. and; Cherokee*
*Debt Acquisition, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**SEARS HOLDINGS CORPORATION,** *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**DECLARATION BY ANDREW THAU IN SUPPORT OF APPLICATION
OF AD HOC GROUP OF ADMIN CLAIMANTS PURSUANT
TO 11 U.S.C. §§ 503(b)(1), 503(b)(3)(D) AND 503(b)(4) FOR ALLOWANCE
AND REIMBURSEMENT OF REASONABLE PROFESSIONAL FEES
AND ACTUAL, NECESSARY EXPENSES IN MAKING A
<u>SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

Andrew Thau, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

1.  I am a Senior Legal Analyst for Whitebox Advisors LLC ("Whitebox"). I submit this declaration in support of the application by Whitebox Multi-Strategy Partners, LP, Whitebox Asymmetric Partners, LP, Hain Capital Investors Master Fund, Ltd., and Cherokee Debt Acquisition, LLC (collectively, the "Ad Hoc Group of Admin Claimants") for entry of an order allowing as an administrative priority claim, and authorizing the Debtors to reimburse, the reasonable fees and expenses incurred by the Ad Hoc Group of Admin Claimants for making a substantial contribution in these chapter 11 cases. I make this declaration based on personal knowledge.

2.  I have nearly 20 years of restructuring experience. After graduating from NYU School of Law in 2003, I worked as a bankruptcy lawyer at Curtis, Mallet-Prevost, Colt & Mosle LLP and Skadden, Arps, Slate, Meager and Flom LLP. I remain a member of the New York State Bar. Since 2010, I have worked in buy-side and sell-side roles focused on distressed investing, including as a senior research analyst at Southpaw Asset Management LP, and as a managing director on Cantor Fitzgerald's High Yield/Distressed Trading Desk. I joined Whitebox in May 2019, and soon thereafter became deeply involved in analyzing our position in Sears administrative expense claims.

3.  The Ad Hoc Group of Admin Claimants is made up of multiple creditors who hold a variety of priority claims classified as section 503(b) claims under the Bankruptcy Code. As of October 1, 2019, immediately prior to the confirmation of the Debtors' Plan, these allowed claims totaled more than $25.4 million, subject to certain reservations. *See* ECF No. 5298.[2]

---

[2] Pursuant to the Administrative Expense Claims Consent Program (the "Admin Claim Consent Program"), the Ad Hoc Group of Admin Claimants agreed to cap their total recovery at 75% of their allowed administrative expense claim. [ECF No. 5298].

4.      On or about July 9, 2019, the Ad Hoc Group of Admin Claimants retained Foley & Lardner LLP ("Foley") to represent the *ad hoc* group of 11 U.S.C. § 503(b)(9) claimants in connection with the Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors [ECF No. 4476] (the "Plan") and its proposed treatment of administrative claims.

5.      From the beginning, the Ad Hoc Group of Admin Claimants sought to be efficient when incurring costs, such as retaining counsel with previous experience in the issues we are likely face.  By July 2019, we were concerned that the Debtors' cases may be administratively insolvent in a downside scenario. In 2018, the Toys "R" Us Inc. bankruptcy case became the largest administratively insolvent retailer bankruptcy in history.  Foley represented the largest ad hoc group of administrative vendors in the Toys "R" Us Inc. bankruptcy and achieved a relatively good result, in the context of what was possible in that case.  As a result, Foley was the rare firm with significant recent experience in the legal, procedural, and operational issues that administrative claimants might face in a retailer bankruptcy with a risk of administrative insolvency, potentially reducing the costs Ad Hoc Group of Admin Claimants would otherwise incur.

6.      Immediately upon being retained, Foley, as counsel for the Ad Hoc Group of Admin Claimants, quickly digested the approximately ten (10) months of pleadings filed in these cases to understand the current state of play and possible avenues for resolution.

7.      In addition, the Ad Hoc Group of Admin Claimants and Ms. Erika Morabito, who led Foley's representation of the Ad Hoc Group of Admin Claimants, immediately began corresponding with the professionals for the Debtor and the Official Committee of Unsecured Creditors (the "Committee") to better understand the operational and legal issues involved so as to understand whether confirmation was achievable and advantageous to all of the Debtors'

stakeholders, or if conversion was a viable alternative. Even then, the Ad Hoc Group of Admin Claimants had volumes of information to review to understand whether confirmation could be followed closely by an effective date or when administrative claims were likely to be paid.

8.  Within several weeks of being retained and after dozens of meetings both over the phone and in-person, the Ad Hoc Group of Admin Claimants, through Foley, sent an administrative claim construct to both the Debtors' and Committee's professionals. This early construct was designed to solve for the following issue: how could the Debtors confirm a plan where there was simply not enough funding to pay all allowed claims in full either on confirmation or upon a near term effective date?

9.  Almost immediately upon providing the construct, the Ad Hoc Group of Admin Claimants was viewed by the Debtors' professionals as the "steering committee" for all administrative claims. We were the most constructive and efficient counterparty with whom the Debtors could negotiate and discuss issues of import to _all_ administrative creditors. Our group was somewhat unique in that we held a critical mass of the administrative claim pool in relatively few entities, and also that even the "business" people in our group were experienced restructuring professionals. In essence, the Ad Hoc Group of Admin Claimants' ability to gather resources in a timely fashion, digest the status of these cases, and negotiate and execute a construct that would provide a reasonable basis to have confirmation tied to an effective date, made it a one-stop shop for the Debtors and Committee to negotiate an acceptable resolution for all of the Debtors' stakeholders.

10. As such, the negotiation over the exact terms of the Admin Claim Consent Program took weeks – or months – to accomplish. Foley spent several days with the Debtors' counsel negotiating the terms of what eventually became the Admin Claim Consent Program.

11. However, because there was no way to know whether a consensual resolution could or would be achieved, the Ad Hoc Group of Admin Claimants had no choice but to dual-track preparing for a contested confirmation hearing in addition to spending considerable resources in understanding the playing field and negotiating a construct for resolving administrative claims. Without an agreed-to resolution with respect to allowance of, treatment of and distribution to administrative claims, the Ad Hoc Group of Admin Claimants was required to spend additional resources to prepare for a contested hearing on confirmation.

12. In this regard, Foley drafted objections to confirmation and pleadings seeking to conserve estate resources, prepared discovery, attended status conferences before the Court, and took the depositions of all of Debtors' confirmation witnesses. The work performed by Foley was extensive and all of it was both necessary and for the benefit of all of the Debtors' administrative claim holders.

13. Further, the Ad Hoc Group of Admin Claimants, either directly or via Foley, when and where appropriate, to coordinate and provide information on the status of both negotiations and litigation to numerous other administrative creditors or, in most cases, their advisors. These discussions were necessary for two purposes; first, it provided a mechanism for consensus building among the Debtors, Committee, and many administrative claim holders; and second, it allowed those administrative creditors that did not have the financial ability to take on this fight to understand the perspective of the Ad Hoc Group of Admin Claimants and the proposals it was supporting so they could be comfortable those proposals would benefit them as well.

14. On the eve of confirmation, the Admin Claim Consent Program was agreed to by and among the Debtors, the Committee and the Ad Hoc Group of Admin Claimants. Each of the key provisions therein was the result of constant attention, negotiation, and feedback by the Ad

Hoc Group of Admin Claimants, all while also preparing for litigation in the event an agreement was not reached.

15. Ms. Morabito appeared at the confirmation hearing on behalf of the Ad Hoc Group of Admin Claimants and advocated in favor of the Admin Claim Consent Program and confirmation of the Plan.

16. The Ad Hoc Group of Admin Claimants continued its work following the confirmation hearing. Given the necessity to retain an Administrative Expense Claims Representative to ensure fairness to the process, the Ad Hoc Group of Admin Claimants took the lead in gathering submissions for the position, and interviewing and selecting the Administrative Expense Claims Representative to work on behalf of all administrative creditors. This was not a small task as several parties engaged in the process and it was important that all were heard. Nevertheless, the Ad Hoc Group of Admin Claimants, at their sole cost and expense, instructed Foley to ensure a fair process so that a consensus could be reached on the appropriate Administrative Claims Representative.

17. The fees and expenses for which reimbursement is requested total $750,000. Summary invoices reflecting such charges are attached hereto as <u>Exhibit A</u>.

18. The Ad Hoc Group of Admin Claimants has paid Foley in excess of $1,141,688.38 on account of such fees and expenses. Of that amount, approximately $833,432.52 was paid by Whitebox Multi-Strategy Partners, LP and/or Whitebox Asymmetric Partners, LP. As set forth below, the amount for which reimbursement is sought does not include fees and expenses incurred by Whitebox and paid to Foley for work performed that uniquely benefited Whitebox.

19. It is my opinion that the fees and expenses of Foley represent reasonable compensation based on the complexity of the issues presented, the time and labor required, the skill necessary and the customary fees charged to clients in bankruptcy and non-bankruptcy cases.

20. It is my understanding that the hourly rates and expense reimbursement policies of Foley are substantially similar to the other professionals involved in these cases. The amount of time spent and level of staffing were tailored to the specific needs and junior lawyers were used when appropriate.

21. The fees and expenses for which reimbursement is sought represent the actual and necessary fees and expenses in connection with the work performed in these cases and only in connection with the work performed that benefited all administrative creditors. In other words, the Ad Hoc Group of Admin Claimants is not seeking fees and expenses incurred for work performed that uniquely benefited individual members of the Ad Hoc Group of Admin Claimants. For example, Whitebox's involvement in these bankruptcy cases predates the formation of the Ad Hoc Group of Admin Claimants and its retention of Foley; Whitebox is not seeking any fees or expenses incurred in connection with its acquisition, transfer or reconciliation of claims.[3]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 10, 2022.

/s/ Andrew Thau
Andrew Thau

---

[3] Indeed, Whitebox had used different counsel when conducting due diligence and negotiating the purchase of its administrative claims against the Debtors.

**EXHIBIT A**



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: August 16, 2019
Invoice No.: ********
Our Ref. No.: 123093-0101

Services through July 31, 2019

| | | |
|---|---|---|
| Amount due for professional services rendered regarding Joint Sears Representation-For Joint Time Only | | $130,118.00 |
| | Total Expenses: | $1,049.76 |
| | **Total Amount Due:** | **$131,167.76** |
| Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy | PORTION (73.00 %) | $95,752.47 |
| Cherokee Debt Acquisition, LLC | PORTION (1.70 %) | $2,229.85 |
| Hain Capital Investors Master Fund, Ltd. | PORTION (25.30 %) | $33,185.44 |

Please reference your account number 123093-0102 and your invoice number ******** with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetricia Partners, LP and Whitebox Multi-Strate
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: September 19, 2019
Invoice No.: 40260559
Our Ref. No.: 123093-0101

Services through August 31, 2019

| | |
|---|---:|
| Amount due for professional services rendered regarding Sears Bankruptcy | $13,211.50 |
| **Amount Due:** | **$13,211.50** |
| Portion of total Ad Hoc Group fees and expenses rendered through August 30, 2019 of 73.00% | $107,959.97 |
| **Total Amount Due** | **$121,171.47** |

**Please reference your account number 123093-0101 and your invoice number 40260559 with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: October 15, 2019
Invoice No.: 40273629
Our Ref. No.: 123093-0101

Services through September 30, 2019

| | | |
|---|---:|---:|
| Amount due for professional services rendered regarding Sears Bankruptcy | | $13,007.00 |
| | Total Expenses: | $324.61 |
| | **Amount Due:** | **$13,331.61** |
| Portion of total Ad Hoc Group fees and expenses rendered through September 30, 2019 of 73.00% | | $319,975.67 |
| | **Total Amount Due** | **$333,307.28** |

Please reference your account number 123093-0101 and your invoice number 40273629 with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: November 15, 2019
Invoice No.: 40288508
Our Ref. No.: 123093-0101

Services through October 31, 2019

| | | |
|---|---:|---:|
| Amount due for professional services rendered regarding Sears Bankruptcy | | $1,955.50 |
| Total Expenses: | | $121.35 |
| **Amount Due:** | | **$2,076.85** |
| Portion of total Ad Hoc Vendor Group fees and expenses rendered through October 31, 2019 of 73.00% | | 131,226.54 |
| | **Total Amount Due:** | **$133,303.39** |

**Please reference your account number 123093-0101 and your invoice number 40288508 with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800


**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: December 9, 2019
Invoice No.: 40299434
Our Ref. No.: 123093-0101

**In view of our fiscal year end, it would be appreciated if you could remit payment by January 27, 2020.**

Services through November 30, 2019

| | | |
|---|---|---|
| Amount due for professional services rendered regarding Sears Bankruptcy | | $136.50 |
| | **Amount Due:** | $136.50 |
| Portion of total Ad Hoc Vendor Group fees and expenses rendered through November 30, 2019 of 73.00% | | $12,676.45 |
| | **Total Amount Due:** | **$12,812.95** |

**Please reference your account number 123093-0101 and your invoice number 40299434 with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: January 9, 2020
Invoice No.: 40317388
Our Ref. No.: 123093-0101

**In view of our fiscal year end, it would be appreciated if you could remit payment by January 27, 2020.**

Services through December 31, 2019

| | | |
|---|---|---|
| Amount due for professional services rendered regarding Joint Sears Representation-For Joint Time Only | | $94,426.50 |
| | Total Expenses: | $186.00 |
| | **Total Amount Due:** | **$94,612.50** |
| Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy | PORTION (73.00 %) | $69,067.13 |
| Cherokee Debt Acquisition, LLC | PORTION (1.70 %) | $1,608.41 |
| Hain Capital Investors Master Fund, Ltd. | PORTION (25.30 %) | $23,936.96 |

**Please reference your account number 123093-0102 and your invoice number ******** with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: February 13, 2020
Invoice No.: 40328712
Our Ref. No.: 123093-0101

Services through January 31, 2020

| | | |
|---|---|---|
| Amount due for professional services rendered regarding Joint Sears Representation-For Joint Time Only | | $58,610.00 |
| | Total Expenses: | $4.40 |
| | **Total Amount Due:** | **$58,614.40** |
| Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy | PORTION (73.00 %) | $42,788.51 |
| Cherokee Debt Acquisition, LLC | PORTION (1.70 %) | $996.44 |
| Hain Capital Investors Master Fund, Ltd. | PORTION (25.30 %) | $14,829.45 |

**Please reference your account number 123093-0102 and your invoice number ******** with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: March 18, 2020
Invoice No.: 40346033
Our Ref. No.: 123093-0102

Services through February 29, 2020

| | | |
|---|---:|---:|
| Amount due for professional services rendered regarding Joint Sears Representation-For Joint Time Only | | $38,201.00 |
| | Total Expenses: | $485.80 |
| | **Total Amount Due:** | **$38,686.80** |
| Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy | PORTION (73.00 %) | $28,241.36 |
| Cherokee Debt Acquisition, LLC | PORTION (1.70 %) | $657.68 |
| Hain Capital Investors Master Fund, Ltd. | PORTION (25.30 %) | $9,787.76 |

**Please reference your account number 123093-0102 and your invoice number ******** with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetricia Partners, LP and Whitebox Multi-Strategy, LP
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: April 30, 2020
Invoice No.: 50010562
Our Ref. No.: 123093-0101

Services through March 31, 2020

| | | |
|---|---|---|
| Amount due for professional services rendered regarding Joint Sears Representation-For Joint Time Only | | $31,619.50 |
| | Total Expenses: | $1,477.31 |
| | **Total Amount Due:** | **$33,096.81** |
| Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy, LP | PORTION (73.00%) | $24,160.68 |
| Cherokee Debt Acquisition, LLC | PORTION (1.70%) | $562.64 |
| Hain Capital Investors Master Fund, Ltd. | PORTION (25.30%) | $8,373.49 |

Please reference your account number 123093-0102 and your invoice number ******** with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.

Federal Employer Number:
39-0473800



**FOLEY & LARDNER LLP**
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
TELEPHONE (202) 672-5300
FACSIMILE (202) 672-5399
WWW.FOLEY.COM

Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy
3033 Excelsior Boulevard, Suite 300
Minneapolis, MN 55416

Date: May 21, 2020
Invoice No.: 50020540
Our Ref. No.: 123093-0101

Services through April 30, 2020

| | |
|---|---|
| Amount due for professional services rendered regarding Joint Sears Representation-For Joint Time Only | $2,169.50 |
| **Total Amount Due:** | **$2,169.50** |
| Whitebox Asymmetric Partners, LP and Whitebox Multi-Strategy, LP    PORTION (73.00%) | $1,583.74 |
| Cherokee Debt Acquisition, LLC    PORTION (1.70%) | $36.88 |
| Hain Capital Investors Master Fund, Ltd.    PORTION (25.30%) | $548.88 |

**Please reference your account number 123093-0102 and your invoice number ******** with your remittance payable to Foley & Lardner LLP. Payment is due promptly upon receipt of our invoice.**

Federal Employer Number:
39-0473800