**FAEGRE DRINKER BIDDLE & REATH LLP**
James H. Millar, Esq.
Brian P. Morgan, Esq.
1177 Avenue of the Americas, 41st Floor
New York, New York, 10036-2714
Telephone: (212) 248-3184
Facsimile: (212) 248-3141
Email: James.Millar@faegredrinker.com
       Brian.Morgan@faegredrinker.com

*Counsel to Whitebox Multi-Strategy Partners, LP; Whitebox Asymmetric Partners, LP; Hain Capital Investors Master Fund, Ltd. and; Cherokee Debt Acquisition, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION BY VLADIMIR JELISAVCIC IN SUPPORT OF APPLICATION OF AD HOC GROUP OF ADMIN CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(1), 503(b)(3)(D) AND 503(b)(4) FOR ALLOWANCE AND REIMBURSEMENT OF REASONABLE PROFESSIONAL FEES AND ACTUAL, NECESSARY EXPENSES IN MAKING A <u>SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

Vladimir Jelisavcic, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

1.    I am a Manager at Cherokee Debt Acquisition, LLC ("Cherokee').  I submit this declaration in support of the application by Whitebox Multi-Strategy Partners, LP, Whitebox Asymmetric Partners, LP, Hain Capital Investors Master Fund, Ltd., and Cherokee Debt Acquisition, LLC (collectively, the "Ad Hoc Group of Admin Claimants") for entry of an order allowing as an administrative priority claim, and authorizing the Debtors to reimburse, the reasonable fees and expenses incurred by the Ad Hoc Group of Admin Claimants for making a substantial contribution in these chapter 11 cases.  I make this declaration based on personal knowledge.

2.    The fees and expenses for which reimbursement is requested total $750,000.  Summary invoices reflecting such charges are attached to the declarations of Andrew Thau and Bryant Oberg, filed herewith, as Exhibit A.

3.    The Ad Hoc Group of Admin Claimants has paid Foley & Lardner LLP ("Foley") approximately $1,141,688.38 on account of such fees and expenses.  Of that amount, approximately $19,408.70 was paid by Cherokee.  As set forth below, the amount for which reimbursement is sought does not include fees and expenses incurred by Cherokee and paid to Foley for work performed that uniquely benefited Cherokee.

4.    It is my opinion that the fees and expenses of Foley represent reasonable compensation based on the complexity of the issues presented, the time and labor required, the skill necessary and the customary fees charged to clients in bankruptcy and non-bankruptcy cases.

5.    It is my understanding that the hourly rates and expense reimbursement policies of Foley are substantially similar to the other professionals involved in these cases.  The amount of

time spent and level of staffing were tailored to the specific needs and junior lawyers were used when appropriate.

6.  The fees and expenses for which reimbursement is sought represent the actual and necessary fees and expenses in connection with the work performed in these cases and only in connection with the work performed that benefited all administrative creditors. In other words, the Ad Hoc Group of Admin Claimants is not seeking fees and expenses incurred for work performed that uniquely benefited individual members of the Ad Hoc Group of Admin Claimants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 10, 2022

*Vladimir Jelisavcic*
Vladimir Jelisavcic