UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| In re: : | |
| : | Chapter 11 Case No. |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] : | 18-23538 (RDD) |
| : | |
| Debtors.   : | (Jointly Administered) |

------------------------------------------------------------X

| | |
|---|---|
| SEARS HOLDINGS CORPORATION, *et al.*, : | |
| : | |
| Plaintiffs,   : | Adv. Pro. No. |
| v.  : | 19-08250 (RDD) |
| : | |
| EDWARD SCOTT "EDDIE" LAMPERT, *et al.*, : | |
| : | |
| Defendants.   : | |

------------------------------------------------------------X

**CYRUS CAPITAL PARTNERS, L.P.'S RESERVATION OF RIGHTS
WITH RESPECT TO THE JOINT MOTION OF DEBTORS AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY
OF AN ORDER APPROVING SETTLEMENT AGREEMENT,
GRANTING CERTAIN RELATED RELIEF AND AUTHORIZING
CERTAIN NONMATERIAL PLAN MODIFICATIONS IN
<u>FURTHERANCE OF THE EFFECTIVE DATE OF THE PLAN</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR — Rover (f/k /a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida :Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc.(1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No, 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Cyrus Capital Partners, L.P. ("Cyrus"), on behalf of its managed funds, hereby submits this reservation of rights (the "Reservation of Rights") with respect to the Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of An Order Approving Settlement Agreement, Granting Certain Related Relief and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan [Dkt. 10566] (the "Motion"), and in support thereof respectfully states as follows:

1. Cyrus supports this Court's approval of the Settlement Agreement.[2] Indeed, Cyrus is a signatory to the Settlement Agreement.

2. Cyrus believes that the compromises embodied in the Settlement Agreement—primarily the dismissal of the Consolidated Adversary Proceeding in exchange for the substantial cash payments to be made to the Debtors' Estates by certain of the Defendants— is a reasonable resolution of a complex and multi-faceted litigation that likely would otherwise span many years, at great expense to many of the constituents. Cyrus also believes that the dismissal (via the Settlement Agreement) of the few claims asserted against Cyrus in that litigation is entirely warranted given the lack of merit in those claims, as established by Cyrus in its motion to dismiss those claims.

3. Cyrus nonetheless submits this Reservation of Rights to make clear that its support for the carefully crafted deal contained within the four corners of the Settlement Agreement does not mean that Cyrus agrees with the broader narrative that the Motion attempts to spin—specifically, that consummation of the Settlement Agreement will create a direct (and immediate) path to distribution of the settlement proceeds that will render the occurrence of the Effective Date of the Plan to be all but a foregone conclusion. The Settlement Agreement should

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

be approved if it stands on its own as a fair and reasonable settlement of the Consolidated Adversary Proceeding issues. Any distribution of Settlement Agreement proceeds is a separate matter, governed by the Plan and all applicable requirements of the Bankruptcy Code.

4.  In short, the Motion touts the Debtors' belief that receipt of the Settlement Amount will provide the Estates with sufficient funds to immediately pay all administrative and other claims that must be paid for the Plan to become effective. While this may be what the Debtors believe (or aspire to), it fails to account for the possibility that Cyrus might prevail, even in part, on the pending appeal (the "Cyrus Appeal") regarding Cyrus's section 507(b) claim, which has been *sub judice* with the United States Court of Appeals for the Second Circuit (the "Second Circuit") since September 24, 2021.[3]

5.  In fairness to the Debtors, both the Settlement Agreement and the Motion acknowledge the pendency of the Appeal. The Settlement Agreement expressly preserves all rights of Cyrus and the Debtors to continue to litigate to finality (including appeals) Cyrus's section 507(b) claims and the Debtors' section 506(c) claims. And the Motion accurately describes the procedural posture of the Cyrus Appeal as it sits pending decision from the Second Circuit.

6.  But the suggestion that approval of the Settlement Agreement will automatically (or even presumptively) unlock an Effective Date that has been nearly three years in the waiting blurs the line between what the Settlement Agreement will accomplish and what the Plan requires before it can become effective. The Settlement Agreement provides for the payment of approximately $180 million into the Debtors' Estates, but it does *not* – indeed cannot – authorize, let alone mandate, distribution of those funds out of the Estates. The Settlement

---

[3] On August 11, 2022, pursuant to Federal Rule of Appellate Procedure 28(j), Cyrus informed the Second Circuit that Debtors had filed the Motion seeking this Court's approval of the Settlement Agreement.

Agreement can bring those funds in, but any subsequent distribution out must be governed by the terms of the Debtors' confirmed Plan.

7.  The Plan unambiguously (and as it must by statute) provides that any allowed section 507(b) claim of Cyrus shall have superpriority status and must be paid in full in order for the Plan to become effective. Plan § 2.5. The Plan also contemplates the establishment of an appropriate Disputed Claims Reserve to protect and provide for any disputed section 507(b) claim that is ultimately allowed by Final Order. *Id.* § 11.4.

8.  If Cyrus is even partly successful on the Cyrus Appeal, it will be entitled to a superpriority administrative claim that must be paid before (a) any other "junior" administrative or other priority claims can be paid, and (b) the Plan shall go effective. Accordingly, should the Debtors propose to declare the Plan to be effective or otherwise make distributions of Settlement Agreement proceeds while the Appeal remains pending, Cyrus intends to seek from this Court a stay of distributions and/or the establishment of an appropriate reserve to account for Cyrus's disputed section 507(b) claim.

9.  Cyrus submits this Reservation of Rights now in abundance of caution and to make plain that while Cyrus supports the Settlement Agreement, it does not support distribution of Estate funds prior to resolution of the Cyrus Appeal or the establishment of an appropriate reserve to account for Cyrus's section 507(b) claim.

Dated: August 23, 2022
      Los Angeles, CA

                                                             Respectfully submitted,

                                                             MILBANK LLP

                                                             By:   */s/ Thomas R. Kreller*
                                                                    Thomas R. Kreller (admitted *pro hac vice*)
                                                                    2029 Century Park East, 33rd Floor

Los Angeles, CA 90067
Tel: (424) 386-4000
Fax: (213) 629-5063
tkreller@milbank.com

Eric R. Reimer (admitted *pro hac* vice)
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax  (212 530-5219
ereimer@milbank.com

Andrew M. Leblanc
1800 K Street NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7500
aleblanc@milbank.com