UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | | CHAPTER 11 |
| KINGDOM SEEKERS INC. ARON GOLDBERGER, | \* | HRG Date August 31, 2022 |
| | \* | at 10:00 am |
| Creditor /Plaintiff, | \* | Case No. 18-23538 |
| | \* | Judge Robert D. Drain |
| vs. | \* | (Jointly Administered) |
| | \* | |
| Sears Holdings Corporation, KMART and Affiliates | \* | |
| | \* | |
| Debtor / Defendant, | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# KINGDOM SEEKERS INC.  (I) OBJECTION TO FINAL FEE APPLICATIONS BY (1) AKIN GUMP HAUER & FIELD LLP [Doc. 10569], AND (3) WEIL, GOTSHAL & MANGES LLP [Doc. 10574]; NOTICE OF HEARING ON INTERIM AND FINAL APPLICATIONS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES ON AUGUST 31, 2022 AT 10:00 A.M.

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Kingdom Seekers Inc. submits this objection to the Final Fee Applications by Akin Gump Hauer & Feld LLP ("Akin") [Doc. 10569]; and (2) Weil Gotshal & Manges LLP [Doc. 10574] ("Weil").

Technically, no further compensation should be paid to Akin or Weil, until, it is agreed Kingdom Seekers Inc. / Aron Goldberger motions are to be technically acknowledged as an unopposed, and agreed to pay creditor first, out of the the said attorneys final fee applications expense budgets if it is identified that (creditor) Kingdom Seekers Inc/ Aron Goldberger hold favor from motions mentioned below.

The said work is about economical work, under foreign policy (§ 304. Cases ancillary to foreign proceedings) motions listed as [Doc. 10487] titled "Motion to be Listed as Priority Debt, Demand Acknowledgement of Employment and Type of Work Performed" (16 pages ) sent by email, and [Doc.10488] "MOTION TO BE LISTED AS A PRIORITY DEBT, DEMAND ACKNOWLEDGEMENT OF EMPLOYMENT AND TYPE OF WORK PERFORMED" (19 pages) sent by certified postal mail. These motions are two different types of documents, not duplicates, filed by the creditor with different Content, due to incorrect dates and missing information. No objections to our, two different motions were serviced to us, Kingdom Seekers Inc./ Aron Goldberger, by Kroll Prime

2

Clerk or the Debtors affiliates, and no explanation was given why, even after , causing failure to properly represent their client "The Debtor", and unreasonable unjust treatment dealings to us the creditors, regarding our claims. Kindly we the creditor are willing to negotiate on our reasonable terms, if it is determined by the judge that the motion status is in our favor, and considered to be unopposed as we have observed it. ((304 (B),(3), (4),(5),(6))

cited; https://uscode.house.gov/download/annualhistoricalarchives/pdf/2004/2004usc11.pdf

"§ 304. Cases ancillary to foreign proceedings (a) A case ancillary to a foreign proceeding is commenced by the filing with the bankruptcy court of a petition under this section by a foreign representative. (b) Subject to the provisions of subsection (c) of this section, if a party in interest does not timely controvert the petition, or after trial, the court may— (1) enjoin the commencement or continuation of— (A) any action against— (i) a debtor with respect to property involved in such foreign proceeding; or (ii) such property; or (B) the enforcement of any judgment against the debtor with respect to such property, or any act or the commencement or continuation of any judicial proceeding to create or enforce a lien against the property of such estate; (2) order turnover of the property of such estate, or the proceeds of such property, to such foreign representative; or (3) order other appropriate relief. (c) In determining whether to grant relief under subsection (b) of this section, the court shall be guided by what will best assure an economical and expeditious administration of such estate, consistent with— (1) just treatment of all holders of claims against or interests in such estate; (2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding; (3) prevention of preferential or fraudulent dispositions of property of such estate; (4) distribution of proceeds of such estate substantially in accordance with the order prescribed by this title; (5) comity; and (6) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns. (Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2560.)

Repetitively, in error, on August 19th, 2022, Phillip Donato of Weil Gotshal & Manges sent all parties involved, including the judges chamber an email with a lengthy message trying to convince us that we the creditors have been responded to, and serviced for their objection as evidence, with three email attachments, one attachment titled as "Affidavit of Service " [Doc. 10506], with a masters service list prepared by the attorney, that does not list us, the creditors on it. In that moment Mr. Donato appeared to be displaying the firm's behavior of not paying attention to detail of their own document verified and approved after being issued to the preparer, and notified by the creditor. Debtors attorney failed to verify if we were

3

serviced properly, to date and still has not acknowledged such, after being notified, by us the

Creditor, in writing.  Mr. Donato stated we were serviced with a document he

provided all within an email. After reading the Affidavit of Service provided by the attorney

he failed to review his own email, and it revealed we were not listed on the Master Service

List issued to us by the attorney, and still has not acknowledged such, and Kroll

Restructuring Administration, shows no evidence of us the creditor being required to be

serviced for the objection known as Doc.10496, objection.  Continuously, the debtors

attorneys kept proving their own selves as responsible for inaccuracy and negligence, not

only in proofing their own  documents sent, but still has not acknowledged their own error

regarding proof of service they've provided to all parties involved after Kingdom Seekers

Inc. / Aron Goldberger, made complaints regarding the matter. We believe we deserve favor

under the court rules, for our work. These errors displays the debtors attorneys unjust

behavioral approach with our works and continue to on delay, and perceive to fraudulently

act and neglect  to review and verify their own statements to be true, and fail to

acknowledge, clarify if they are in error of review of their own documents,

with the attempt to make it the fault of others. In this case the preparer is no longer

responsible.

4

These actions put the debtor at risk, failing to provide proper representation, before making comments about their master list document in error. This work does not deserve compensation in its entirety, before the relief of us, the creditor. The Debtors attorneys being allowed to be compensates before us, the creditor, Kingdom Seekers Inc/ Aron Goldberger would be unjust to paying a Priority debt such as employee work wages, damages, and fraudulent, error filled delays regarding our matters.

This also goes for the objection response we never received through service. After reviewing the objection, never serviced to us, we realized there was no direct responses addressing the content of our motions, which also gives a perception of the creditor, having a form of negligence, delay, and being unopposed, in our motions. Between not being serviced or finding evidence of not being serviced, for our last two motions, or the motions content not being responded to, it is perceived Kingdom Seekers Inc. is unopposed, and kindly ask the judge to rule in our favor, because the debtor performed no work pertaining to servicing or addressing the content of our motions, which is reason for our objection to these Final Fee Applications by Akin Gump Hauer & Feld LLP ("Akin") [Doc. 10569]; and (2) Weil Gotshal & Manges LLP [Doc. 10574] ("Weil"), filed by Garrett A Fail, until it is agreed, we are paid first, out of the debtors attorneys application fee expense budget, we are objecting.There was no content found within the debtors attorney objection challenging our employee wage theft claims addressed, which puts

5

their client at risk. This is negligence to the entire work of the claim. Incapably, "The Debtor's" representation is not ready, willing and able to admit, acknowledge or disclose to their client they cannot execute all their needs of their client they represent, or their highest and best interest, but is making an attempt to be compensated as such throughout their applications of compensation quickly, before any threat of being accused of unmet promises, duties of accountability, and responsibilities are exposed to their client. This is also the purpose of this objection. The defendants attorneys have made no demands of evidence from us, or reasonable responses to challenge, or question the content, and details of our motions, at this time, and want to be paid for their work, before doing so.

### Action

We Kingdom Seekers Inc. object to these Final Fee Applications by Akin Gump Hauer & Feld LLP ("Akin") [Doc. 10569]; and (2) Weil Gotshal & Manges LLP [Doc. 10574] ("Weil"), because they have not completed the work to receive compensation fees, for the time requested, and are fraudulently in favor, by delaying work, and making suggestions of putting off our hearings until October in emails, while being unaware that Kingdom Seekers Inc. was scheduled to be heard on the same date as these fee applications are being heard, they are awaiting to be on August 31st, 2022. This further shows evidence that the Debtors attorneys are unprepared to represent their client in our scheduled hearings, with unawareness that we were on the schedule, but are prepared to be paid. They do not work at the speed needed to resolve matters and use cancellations/ rescheduling, improper service, and filings as time, to delay work, and

6

absorb the majority of the time, for creating expenses, making applications for compensation budgets that should be used for bankruptcy matters in need of resolution. The budget is designed to compensate bankruptcy court matters and attorney fees and other costs, debts priority over fee applications of attorneys. Expenses for attorneys should not be distributed before Kingdom Seekers Inc. employee wage claim and injury (§ 1171. Priority claims) damage claim incurred, due to negligence and delays, hearing is heard, and this objection is verified. The previous objections to interfere with the priority status is unjust. Compensation and options to compensate for Kingdom Seekers Inc/ Aron Goldberger, on work we have completed in its entirety is deserving of recognition of Priority status, favor and compensation. The work performed as an employee wage earner in corporate sales claims# 26517 for $2,500,000.00, and Injury( § 1171. Priority claims) damages in claim #26517 for $5,531,000.00 exceed the amount demanded in the claims, and is simply not in the debtors attorneys, or their clients best interest, to delay and acknowledge Priority Debt Status and pay the amounts demanded any further, as a final resolution, not to be revisited.

 § 1171. Priority claims (a) There shall be paid as an administrative expense any claim of an individual or of the personal representative of a deceased individual against the debtor or the estate, for personal injury to or death of such individual arising out of VerDate 0ct 09 2002 14:41 Jun 07, 2006 Jkt 025005 PO 00000 Frm 00214 Fmt 5800 Sfmt 5800 C:\LRC\WORK\^PDFMAKE\USC11.04 ERIC Page 215 TITLE 11—BANKRUPTCY § 1172 1See References in Text note below. the operation of the debtor or the estate, whether such claim arose before or after the commencement of the case. (b) Any unsecured claim against the debtor that would have been entitled to priority if a receiver in equity of the property of the debtor had been appointed by a Federal court on the date of the order for relief under this title shall be entitled to the same priority in the case under this chapter. (Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2643; Pub. L. 98–353, title III, §522, July 10, 1984, 98 Stat. 388.) Cited: https://uscode.house.gov/download/annualhistoricalarchives/pdf/2004/2004usc11.pdf

We, Kingdom Seekers Inc. respectfully ask the Judge to acknowledge our Priority Debt Status and favor as unopposed in our motions made toward the debtor.  Kingdom Seekers Inc. would like to be recognized through the objection of this application for assisting in directing some funding where it is supposed to go, in these matters and have the judge close with the proposed resolution and make a final decision, in our favor with the information we have provided. Employee Wages and Injury Damages claims (§ 1171. Priority claims)  in our motions are deserving compensation, and should be considered Priority Debt Paid before all other costs and expenses.  The Debtors Attorney seeking out to absorb the compensation budget for funds we deserve, as Priority should be heard and paid before Final Fee Applications by Akin Gump Hauer & Feld LLP ("Akin") [Doc. 10569]; and (2) Weil Gotshal & Manges LLP [Doc. 10574] ("Weil"), and acknowledged this is a valid reason and purpose for our objection request.
.
Aron Goldberger's work, wages and injury compensations has been fraudulently delayed, by the debtor and their representation all alike in the past and present, taking credit, shortcuts of improper filings, and error in expectation of pay, where it is not deserved, and should be dealt with as such. It is old, redundant and repetitive, and calls for change.  The debtors attorneys are incapable and unprepared to compete with us justly to having us having  Priority Debt status, and wish to be compensated  for work they have not performed, in its entirety, with funds we are entitled to, before we are heard and compensated. They  have made plans and arrangements, for  the funds we deserve, and intend to continue and not delay and not pay, like the nature

8

of their client, in the past. The attorneys wish to be compensated fully for worked performed between the time of October 2018 - June 2022 before they perform work within our motion, they deserve no favor in, and before they have completed the work , leaving us at risk of not being paid, due to being delayed, in this area of the case.

**<u>Resolution</u>**

The amount we are demanding the attorneys to pay, will come from their fee application compensation budget they are applying for, being objected to in this objection, after attempting to delay and exhaust fund sources, before we have an opportunity to collect, delaying the opportunity to have our Priority Status determined by the judge, they can be penalized through their fee application budget, after behaving unjustly. The amount we demand from their budget is less than half of the equivalency of their total expenses, combined, which is the amount of $18,343,139.47, and nowhere near the amount of the fees they are charging, between the two applications mentioned.

A fair resolution and offer to lift this objection should be considered along the lines as such, deducting our two claim value totals divided by two evenly, from the two applications named Doc.10569 and 10574. Claim #26517 divided by 2 = $1,250,000.00 and Claim # 26515 divided by 2 = $2,765,000.00. As a resolution the judge or trustee would order Debtor's attorney group to pay creditor Kingdom Seekers Inc./ Aron Goldberger from the two applications [Doc.10569 and 10574] a total of $4,015,500.00 to be deducted from the two applications for compensation,

for being unjust and breaking rules. The Final Fee Applications approval request to Akin Gump Hauer & Feld LLP ("Akin") [Doc. 10569]; and (2) Weil Gotshal & Manges LLP [Doc. 10574] ("Weil") was unfairly arranged to interfere, delay and mislead the court, and creditor known as Kingdom Seekers Inc/ Aron Goldberger. The applications [Doc.10569 and 10574] of the two applications from their fees budgeted to be paid immediately that total out, from the attempt to fraudulently delay to be paid out before a Priority Debt of an Employee Wages, and a person Injured, by the debtor. If all the claims we suspect are proven true, made against the Debtors attorneys are and Debtors and in our favor the costs and damages will exceed way more than the payment demanded we are initially proposing ,and should be considered, determined and settled without delay, so an option of not revisiting the matter can be established, with a swift resolution as such. It is proposed as a resolution that the Debtors attorneys Akin Gump Hauer & Feld LLP ("Akin") [Doc. 10569]; and (2) Weil Gotshal & Manges LLP [Doc. 10574] ("Weil") be objected on the grounds of misleading failing to notify creditor, interfering and delaying motion status requested by debtor, fraudulently delaying hearing dates to be paid first before Priority Status can be issued to an employee demanding compensation for injury by debtor and work wages paid.

## Conclusion

We believe it should be ordered in our favor by the Honorable Judge Drain, if he sees it fit and fair, for Kingdom Seekers Inc/ Aron Goldberger, to obtain compensation from the Debtors Attorneys application fee expenses/ fees applied for, before they are paid, for negligence, delaying status, hearings, misleading service of objections, and blocking compensation pay to a Priority Debt/Waged Employee owed wages and Injury Damages, and attempting to be paid undeservingly before a Priority Debt/Waged Employee, from a budget designated to cover the cost of a Priority Debt/Waged Employee first, and our Injury Damages, before their expenses. \

Dated: Poughkeepsie, New York        */s/ Aron Goldberger*
06/15/2022                                                 Kingdom Seekers Inc.
                                                                     15 S Bridge Street Apt #312
                                                                     Poughkeepsie, NY 12601