| | |
|---|---|
| Erika L. Morabito | Matthew R. Scheck |
| Brittany J. Nelson | Eric M. Kay |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 1300 I Street NW | 51 Madison Avenue, 22nd Floor |
| Suite 900 | New York, New York 10010 |
| Washington, D.C. 20005 | Telephone: (212) 849-7000 |
| Telephone: (202) 538-8000 | Facsimile: (212) 849-7100 |
| Facsimile: (202) 538-8100 | Email: matthewscheck@quinnemanuel.com |
| Email: erikamorabito@quinnemanuel.com | Email: erickay@quinnemanuel.com |

*Counsel to Gary Polkowitz, Administrative Expense Claims Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, ) | |
| ) | Case No. 18-23538 (RDD) |
| Debtors.[1] ) | |
| ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816); The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RESERVATION OF RIGHTS REGARDING PROFESSIONAL'S FINAL FEE APPLICATIONS

Gary Polkowitz, Administrative Expense Claims Representative (the "Admin Representative"), pursuant to Bankruptcy Code sections 330(a) and 331, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, hereby files this reservation of rights with respect to the Final Fee Applications[2] (the "Reservation of Rights") and in support thereof states as follows:[3]

## BACKGROUND

1. The Debtors commenced these chapter 11 cases beginning on October 15, 2018 (and continuing thereafter). The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2. On October 15, 2019, the Court entered the Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief (ECF No. 5370) (the "Confirmation Order"), confirming chapter 11 plan of liquidation (the "Plan") proposed by the Debtors.[4]

3. The Confirmation Order approved the Administrative Expense Claims Consent Program, which provides for, among other things, the appointment of the Admin Representative.[5] The Admin Representative duties include preserving the estate for administrative creditors and carefully reviewing and evaluating any claims (including administrative expense claims) asserted on a case-by-case basis that could impact other administrative creditors.

---

[2] The Final Fee Applications were all filed on August 9, 2022 and August 10, 2022, and are the Kroll Final Fee App, the Akin Final Fee App, the Moritt Final Fee App, the Paul Weiss Final Fee App, the Herrick Final Fee App, the Young Conway Final Fee App, the Weil Final Fee App, the Deloitte Final Fee App, Paul Harner Final Fee App, and the FTI Final Fee App (all as hereafter defined).

[3] This Reservation of Rights incorporates and supplements the Admin Representative's prior reservation of rights filed at led ECF No. 10443.

[4] Capitalized terms used but not defined herein have the meanings in the Confirmation Order and Plan.

[5] *See Notice of Selection of Administrative Expense Claims Representative* (ECF No. 7454).

2

4.   Pursuant to the Plan, all entities seeking an "Allowed Fee Claim" (which would include payments made pursuant to the Final Fee Applications), "shall be paid **in full**, in Cash, by the Debtors or Liquidating Trust, as applicable, in such amounts as are Allowed by the Bankruptcy Court (i) on the date upon which an order relating to any such Allowed Fee Claim is entered or as soon as reasonably practicable thereafter; or (ii) upon such other terms as may be mutually agreed upon between the holder of such an Allowed Fee Claim, the Debtors (subject to the consent of the Creditors' Committee, not to be unreasonably withheld), or the Liquidating Trustee, as applicable, (x) first out of the Carve Out Account; and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holders pursuant to this sentence, from the Net Proceeds of Total Assets." Plan ¶ 2.2(b) (emphasis added). Thus, if granted, there is nothing in the Plan that prohibits the payment of the Final Fee Applications until after the Effective Date of the Plan.

5.   The Effective Date of the Plan has not yet occurred and cannot occur "unless and until all Allowed Administrative Expense Claims are paid either in full as provided for in the Administrative Expense Claims Consent Program or, with respect to the Non-Settled Administrative Expense Claims, the Plan." Conf. Order ¶ 15; *see also* 11 U.S.C. § 1129(a)(9).

6.   To date, all Administrative Expense Claims have not been paid in full. As of the January 2022 status report by the Debtors, there were approximately $53.3 million in remaining Administrative Expense Claims, net of distributions and reserves. *See* Sears Holdings Status Update, January 20, 2022, at 2 (ECF 10240). The Debtors subsequently made a distribution to holders of Settled Administrative Expense Claims in an aggregate amount of $17.7 million. *See Notice Regarding Fourth Distribution Pursuant to Administrative Expense Claims Consent*

3

*Program*, at 2 (ECF 10295). The Admin Representative estimates that there is at least $35 million remaining to be paid to holders of Administrative Expense Claims before the Plan can go effective.

7. On August 9, 2022, the Debtors and the Committee filed the *Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Certain Related Relief and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* (ECF No. 10566) (the "Settlement Motion"), seeking approval of two settlements that will bring "an immediate cash influx of more than $180 million into the Estates no later than 16 days after entry of a final order." Settlement Motion ¶ 4.

8. As the Settlement Motion explained, if the Settlement Motion is approved, "the Debtors believe they will have sufficient funds to complete distributions to holders of Administrative Expense Claims and other claims that must be paid prior to the Effective Date." Settlement Motion ¶ 4.

9. Notwithstanding such a belief, one that is shared by the Admin Representative, there is nothing in the Settlement Motion or Settlement Agreement that sets forth the specific timing of final distributions to holders of Administrative Expense Claims and other claims that must be paid prior to the Effective Date.

## The Final Fee Applications

10. On August 9, 2022, Kroll Restructuring Administration LLC, filed its *Combined Interim and Final Fee Application of Kroll Restructuring Administration LLC, as Administrative Agent to the Debtors, for Allowance of Compensation for Services and Reimbursement of Expenses for (I) the Interim Fee Period from March 1, 2022 through June 30, 2022; and (II) the Final Fee Period from October 15, 2018 through June 30, 2022* (ECF No. 10564) ("Kroll Final Fee App").

4

The Kroll Final Fee App seeks payment of all unpaid fees and expenses from October 15, 2018 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

11. On August 9, 2022, Akin Gump Strauss Hauer & Feld LLP filed its *Eleventh Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of October 24, 2018 through and including June 30, 2022* (ECF No. 10569) ("Akin Final Fee App"). The Akin Final Fee App seeks payment of all unpaid fees and expenses from October 24, 2018 through and including June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

12. On August 9, 2022, Moritt Hock & Hamroff LLP filed its *Final Application for Allowance of Compensation and Reimbursement of Expenses by Moritt Hock & Hamroff LLP as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of January 2, 2020 through September 30, 2021* (ECF No. 10570) ("Moritt Final App"). The Moritt Final App seeks payment of all unpaid fees and expenses from January 2, 2020 through and including September 30, 2021, but does not request any delay in such payments until at least the Effective Date of the Plan.

13. On August 9, 2022, Paul, Weiss, Rifkind, Wharton & Garrison LLP filed its *Final Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors for the Period from October 15, 2018 through and including July 31, 2022* (ECF No. 10571) ("Paul Weiss Final Fee App"). The Paul Weiss Final Fee App seeks payment of all unpaid fees and expenses from October 15, 2018 through and including July 31, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

14. On August 9, 2022, Herrick, Feinstein LLP filed its *Eighth Interim and Final Application of Herrick, Feinstein LLP as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of Period January 2, 2019 through June 30, 2022* (ECF No. 10572) ("Herrick Final App"). The Herrick Eighth Interim and Final App seeks payment of all unpaid fees and expenses from January 2, 2019 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

15. On August 9, 2022, Young Conaway Stargatt & Taylor, LLP filed its *Fee Application of Young Conaway Stargatt & Taylor, LLP, as Conflicts Counsel for the Debtors, for the Fourth Interim Period From November 1, 2019 through June 30, 2022, and the Final Period from October 15, 2018 through June 30, 2022* (ECF No. 10573) ("Young Final Fee App"). The Young Final Fee App seeks payment of all unpaid fees and expenses from October 15, 2018 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

16. On August 9, 2022, Weil, Gotshal & Manges LLP filed its *Eleventh Interim and Final Application of Weil, Gotshal & Manges LLP, as Attorneys for Debtors, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred for (I) the Eleventh Interim Compensation Period of March 1, 2022 through and including June 30, 2022 and (II) the Final Compensation Period of October 15, 2018 through and including June 30, 2022* (ECF No. 10574) ("Weil Final Fee App"). The Weil Final Fee App seeks payment of all unpaid fees and expenses from October 15, 2018 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

17. On August 9, 2022, Deloitte Tax LLP filed its *Final Fee Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Tax Services Provider from October 15, 2018 through June 30, 2022* (ECF No. 10575) ("Deloitte Final Fee App"). The Deloitte Final Fee App seeks payment of all unpaid fees and expenses from October 15, 2018 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

18. On August 9, 2022, Paul E. Harner filed its *Tenth Interim and Final Joint Application of Paul E. Harner, as Fee Examiner and Ballard Spahr LLP, as Counsel to the Fee Examiner, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred for the Tenth Interim Period from March 1, 2022 through June 30, 2022 and the Final Period of April 22, 2019 through June 30, 2022* (ECF No. 10576) ("Harner Final Fee App"). The Harner Final Fee App seeks payment of all unpaid fees and expenses from April 22, 2019 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

19. On August 10, 2022, FTI Consulting, Inc. filed its *Final Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. for Final Allowance of Compensation and Reimbursement of Expenses for the Period from October 25, 2018 through June 30, 2022* (ECF No. 10577) ("FTI Final Fee App"). The FTI Final Fee App seeks payment of all unpaid fees and expenses from October 25, 2018 through June 30, 2022, but does not request any delay in such payments until at least the Effective Date of the Plan.

20. While there is nothing in the Plan that prohibits the Creditors' Committee, the Debtors, or any other professional from filing a final fee application prior to the Effective Date,[6] the Plan certainly does not contemplate that these professionals would file final fee applications prior to the Effective Date. To the contrary, the Plan specifically facilitates the application of final fee applications after the Effective Date. For instance, the Plan provides a mechanism for professionals to estimate their total fees after the Effective Date but prior to the submission of final fee applications (Plan ¶ 2.2(c)) and permits the Committee to stay in existence after the Effective Date "for the purposes of filing and prosecuting any final fee applications and any other matters concerning any Fee Claims held or asserted by any professional …" (Plan ¶ 17.6).

## RESERVATION OF RIGHTS

21. Consistent with his duties, to the extent that Administrative Expense Claims are paid in full, the Admin Representative would not be concerned with the amounts or timing of payments to any of the professionals, including those payments sought in the Final Fee Applications or in any other amounts paid to professionals.[7] However, because the Final Fee Applications have been filed prior to the Effective Date, the Admin Representative respectfully

---

[6] Section 2.2(a) of the Plan provides that "All Entities seeking an award by the Bankruptcy Court of Fee Claims shall file and serve on counsel to (i) the Debtors, (ii) the Creditors' Committee, (iii) the Liquidating Trustee, (iv) the Fee Examiner, and (v) the U.S. Trustee on or before the date that is forty-five (45) days after the Effective Date, their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred from the Commencement Date through the Effective Date. Objections to any Fee Claims must be filed and served on counsel to the Debtors, the Creditors' Committee, the Liquidating Trustee, the Fee Examiner, and the U.S. Trustee, and the requesting party no later than twenty-one (21) calendar days after the filing of the final applications for compensation or reimbursement (unless otherwise agreed by the party requesting compensation of a Fee Claim)."

[7] The Final Fee Applications provide for payment to the respective professionals only through June 30, 2022. There is no mention of how these professionals will be paid for their work from June 30, 2022 through the Effective Date (which is still, of course, uncertain). To the extent that any of the professionals seek fees for this period, the Admin Representative reserves all rights to the extent the Plan has not yet gone Effective.

requests that any payments sought in the Final Fee Applications only be paid after the Effective Date.

22.     Absent the Court specifying the timing of the payments made pursuant to the Final Fee Applications, the payments sought to be authorized by the Final Fee Applications might be made prior to the Effective Date **and** prior to payment for Administrative Claims.  Such a result is untenable given the current continuing uncertainty of when holders of Administrative Claimants will finally be paid all amounts due from the proceeds of the settlement.

23.     This relief is contemplated by the Plan, which specifically provides that, notwithstanding any other provision of the Plan, "any Fee Claims that are authorized to be paid pursuant to any administrative orders entered by the Bankruptcy Court may be paid at the times and in the amounts authorized pursuant to such orders."  Plan ¶ 2.2(b).

24.     This Reservation of Rights is submitted without prejudice to, and with a full reservation of, the Admin Representative rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Reservation of Rights.

Dated: August 26, 2022  /s/Matthew Scheck
      New York, New York  Matthew R. Scheck
Eric Kay
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
erickay@quinnemanuel.com

Erika L. Morabito
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
erikamorabito@quinnemanuel.com

*Counsel to the Administrative Expense Claims Representative*