Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] ) | Case No. 18-23538 (SHL) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**FEE EXAMINER'S STATEMENT REGARDING**
**THE FINAL FEE APPLICATIONS OF RETAINED PROFESSIONALS**

Paul E. Harner, as fee examiner (the "Fee Examiner"), respectfully submits this statement regarding the final applications for allowance of compensation and reimbursement of expenses through June 30, 2022 (the "Final Fee Applications") filed on or before August 9, 2022 by the professionals retained in these chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

11 cases pursuant to sections 105, 327 or 1103 of the Bankruptcy Code (the "Retained Professionals"). In support of this Statement, the Fee Examiner respectfully states as follows:

1. On October 15, 2018, Sears Holdings Corporation and certain of its affiliates (the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On January 3, 2019, the U.S. Trustee filed the *Motion of the United States Trustee for Order Authorizing Appointment of Independent Fee Examiner* [Docket No. 1470] (the "Fee Examiner Motion") requesting that the Court authorize the appointment of an independent fee examiner to provide a substantive analysis of fee requests made by the Retained Professionals. The Fee Examiner Motion noted the challenges of reviewing all of the interim fee applications filed in these chapter 11 cases with the appropriate scrutiny to ensure compliance with applicable requirements, given the number of Retained Professionals and the magnitude of the chapter 11 cases.

3. On April 22, 2019, the Court entered its *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"), granting the Fee Examiner Motion. At the direction of the Court, the U.S. Trustee appointed the Fee Examiner to monitor the fees and expenses incurred by the Retained Professionals in these chapter 11 cases and to provide periodic reports regarding the interim fee applications submitted for approval by the Retained Professionals, with or without a filed objection. By the date that the Court entered the Fee Examiner Order,

16 Retained Professionals had filed their first interim fee applications seeking interim approval of fees and expenses in the aggregate amount of $133,885,602.92.

4.      The Fee Examiner Order imposes upon the Fee Examiner the duty to review the applications for compliance with: (a) sections 328, 329, 330, and 331 of the Bankruptcy Code; (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure; (c) the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796]; (d) Local Bankruptcy Rule 2016-1; (e) Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustees, 28 C.F.R. Part 58, Appendix A and Appendix B; and (f) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. These are referenced collectively herein as the "Fee Guidelines."

5.      Promptly after his appointment, the Fee Examiner contacted the Retained Professionals regarding the protocol for the submission of electronic fee data. Once the Fee Examiner received the electronic fee data, he began evaluating the interim applications for compliance with the Fee Guidelines, including the reasonableness standard under section 330 of the Bankruptcy Code.

6.      After the Fee Examiner's comprehensive review of the interim applications for fees incurred during the first four months of these chapter 11 cases, the Fee Examiner provided the relevant Retained Professionals with detailed confidential reports identifying potential areas of objection to the applications (the "Preliminary Reports"). The Preliminary Reports identified objectionable fees that did not comply with the Fee Guidelines or raised questions of reasonableness, consistent with the scope of the Fee Examiner's appointment and obligations.

7.      Over the course of the three years of his engagement, and pursuant to this Court's orders, the Fee Examiner has engaged in a diligent and thorough review of the applications filed by the Retained

Professionals. Since the beginning of 2019, the Retained Professionals have filed, and the Fee Examiner has reviewed, more than 100 interim and final applications seeking an aggregate amount of $260,027,209.60 in fees and expenses thorough June 30, 2022.

8. In late July 2022, counsel to the Debtors informed the Retained Professionals that they proposed to the Court certain expedited procedures for filing the Final Fee Applications covering the period from the Petition Date through June 30, 2022. Pursuant to the expedited procedures, on August 9, 2022, nine (9) of the Retained Professionals filed their Final Fee Applications for services rendered through June 30, 2022.[2] The Debtors then noticed the hearing on Final Fee Applications for August 31, 2022, and set an objection deadline of August 26, 2022.

9. Although the Fee Examiner expressed substantial concerns regarding this expedited and unusual protocol for the review of, and potential objection to, the Final Fee Applications, he continued to engage in good faith negotiations with the those Retained Professionals whose Final Fee Applications will be heard at the hearing on Final Fee Applications (the "Resolved Professionals")[3] in an attempt to resolve the remaining issues.[4]

---

[2] Alvarez & Marsal North America, LLC filed its Final Fee Application prior to August 9, 2022, but has not yet received final approval. Certain Retained Professionals filed their final fee applications prior to August 9, 2022 and negotiated a resolution with the Fee Examiner. Deloitte Transactions and Business Analytics LLP and Deloitte & Touche LLP each agreed to voluntary reductions based on the resolution of the fees that the Fee Examiner identified as objectionable. *See Fee Examiner's Statement Regarding First Interim Fee Application, Second Interim Fee Application and Third and Final Fee Application of Deloitte Transactions and Business Analytics LLP* [Docket No. 8283] and *Order Granting Final Application of Deloitte & Touche LLP as Independent Auditor and Advisor of the Debtors for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred* [Docket No. 9196]. Other Retained Professionals, including Wachtell, Lipton, Rosen & Katz, Lazard Freres & Co. LLC, Houlihan Lokey Capital, Inc., Wollmuth Maher & Deutsch LLP, and Law Offices of Michael M. Mulder, filed their final fee applications prior to August 9, 2022, and the Fee Examiner did not oppose final approval of those final fee applications.

[3] The Resolved Professionals include Weil, Gotshal & Manges LLP, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Young Conaway Stargatt & Taylor, LLP, Alvarez & Marsal North America, LLC, Deloitte Tax LLP, Kroll Restructuring Administration LLC, Akin Gump Strauss Hauer & Feld LLP, FTI Consulting, Inc., Herrick, Feinstein LLP, and Moritt Hock & Hamroff LLP.

[4] Three of the Retained Professionals, McAndrews, Held and Malloys, Stout Risius Ross, LLC and ASK LLP (for its engagement with the litigation designees) have yet to file final fee applications, but previously filed interim and monthly fee applications. These Retained Professionals are not included in the proposed settlement. Additionally, Acumen Recovery Services, LLC, Katten Muchin Rosenman LLP, and ASK LLP (for its engagement with the Debtors), were retained on a contingency fee basis and did

10. The Fee Examiner is pleased to report to the Court that the potential objections identified by the Fee Examiner relating to the Final Fee Applications have been resolved. Specifically, the Resolved Professionals have agreed to resolutions benefitting the estate, in the aggregate amount of approximately $13.42 million, including the following:

(a) an overall reduction of amounts requested in the Final Fee Applications of $2.93 million, the apportionment of which shall be reflected in an order approving fees on a final basis;

(b) the contribution to the estate of approximately $4 million currently held in escrow for the payment of professional fees;

(c) the contribution by the Resolved Professionals of at least $5.36 million in voluntary postpetition fee reductions; and

(d) approximately $1.13 million in prior fee concessions obtained by the Fee Examiner during the course of these chapter 11 cases.

11. The resolution outlined above will be presented to the Court at the hearing on August 31, 2022 and included in the proposed order submitted to the Court. The Fee Examiner reserves the right to file objections to the final fee application of any Retained Professional that is not a party to the resolution.

Dated: August 26, 2022

/s/ Paul E . Harner
Paul E. Harner
SHEPPARD, MULLIN, RICHTER, & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 869-0694

*Fee Examiner*

---

not file final fee applications. The Fee Examiner has reviewed the contingency fee interim applications that have been filed for compliance with the related retention orders and for reasonableness of expenses and leaves the final approval of the contingency fees to the applicable procedures.

-and-

*/s/ Chantelle D. McClamb*
BALLARD SPAHR LLP
Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4465
*admitted *pro hac vice*

*Counsel for the Fee Examiner*