WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| **Debtors.**[1] | : | |
| | : | **(Jointly Administered)** |

---------------------------------------------------------------x

**NOTICE OF FILING OF REVISED PLAN SUPPLEMENT IN CONNECTION**
**WITH MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN**
**OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE FURTHER NOTICE** that on July 26, 2019, the Debtors filed the *Notice of Filing of Plan Supplement in Connection with Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 4632) (as may be amended, modified, or supplemented from time to time, the "**Plan Supplement**").

**PLEASE TAKE FURTHER NOTICE** that on August 2, 2019, the Debtors filed the *Notice of Filing of Plan Supplement in Connection with Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 4703).

**PLEASE TAKE FURTHER NOTICE** that on October 1, 2019, the Debtors filed the *Notice of Filing of Revised Plan Supplement in Connection with Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (ECF No. 5295).

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file the Plan Supplement, as may be amended, modified, or supplemented from time to time, in connection with the Plan consisting of the following document:

| **Exhibit B** | Revised Liquidating Trust Agreement |
|---|---|

**PLEASE TAKE FURTHER NOTICE that the documents, schedules, and other information contained in the Plan Supplement are integral to and part of the Plan.**

**PLEASE TAKE FURTHER NOTICE** that a changed-pages only redline is attached hereto as **Exhibit 1** reflecting the modifications made to the Liquidating Trust Agreement.

**PLEASE TAKE FURTHER NOTICE** that the Debtors, in accordance with the Plan, reserve the right to amend, modify, or supplement this Plan Supplement through the Effective Date, and any of the schedules, exhibits, and designations contained herein.

WEIL:\98786608\1\73217.0004

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement can be viewed and obtained (a) by accessing the Court's website at www.nysb.uscourts.gov or (b) from the Debtors' claims and noticing agent, Prime Clerk, LLC ("**Prime Clerk**"). In addition, a copy of the Plan Supplement will be provided on request free of charge by contacting Prime Clerk by calling (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international) or emailing https://restructuring.primeclerk.com/sears. Note that a PACER password is needed to access documents on the Court's website.

Dated: August 30, 2022
      New York, New York

                      */s/ Garrett A. Fail*
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York  10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007
                      Ray C. Schrock, P.C.
                      Garrett A. Fail
                      Sunny Singh

                      *Attorneys for Debtors*
                      *and Debtors in Possession*

## **Exhibit B**

**Revised Liquidating Trust Agreement**

WEIL:\98786608\1\73217.0004

**LIQUIDATING TRUST AGREEMENT OF**

**SRZ LIQUIDATING TRUST**

**DATED AS OF [●], 2022**

**BY AND AMONG**

**M3 ADVISORY PARTNERS, LP, AS LIQUIDATING TRUSTEE,**

**[●] AS RESIDENT TRUSTEE and**

**THE DEBTOR PARTIES HERETO**

# Table of Contents

## Article I

## DECLARATION OF TRUST

1.1    Creation of Trust .................................................................................................3
1.2    Purpose of Liquidating Trust ..............................................................................3
1.3    Transfer of Liquidating Trust Assets ..................................................................3
1.4    Appointment and Acceptance of Liquidating Trustee ........................................4
1.5    Liquidation of Liquidating Trust Assets .............................................................5
1.6    No Reversion to Debtors.....................................................................................5
1.7    Incidents of Ownership .......................................................................................5
1.8    Privileges.............................................................................................................6

## Article II

## LIQUIDATING TRUST BENEFICIARIES

2.1    Conflicting Claims ..............................................................................................7
2.2    Rights of Liquidating Trust Beneficiaries...........................................................7
2.3    Evidence of Liquidating Trust Interest ...............................................................8
2.4    Transfers of Liquidating Trust Interests .............................................................8
2.5    Limited Liability .................................................................................................9

## Article III

## DURATION AND TERMINATION OF LIQUIDATING TRUST

3.1    Duration ..............................................................................................................9
3.2    Dissolution of the Liquidating Trust...................................................................9
3.3    Continuance of Liquidating Trust for Winding Up ...........................................10

## Article IV

## ADMINISTRATION OF THE LIQUIDATING TRUST

4.1    Payment of Claims, Expenses and Liabilities....................................................11
4.2    Distributions......................................................................................................11
4.3    Compliance with Laws ......................................................................................18
4.4    Fiscal Year .........................................................................................................19
4.5    Books and Records ............................................................................................19
4.6    Cash Payments...................................................................................................19
4.7    Insurance ...........................................................................................................19
4.8    Reports ...............................................................................................................19

## Article V

## TAX MATTERS

| | | |
|---|---|---|
| 5.1 | Liquidating Trustee's Tax Power for Debtors | 20 |
| 5.2 | Liquidating Trust Assets Treated as Owned by Liquidating Trust Beneficiaries | 20 |
| 5.3 | Liquidating Trust Tax Status | 21 |
| 5.4 | Tax Reporting | 21 |
| 5.5 | Tax Withholdings by Liquidating Trustee | 23 |

## Article VI

## POWERS OF AND LIMITATIONS ON THE LIQUIDATING TRUSTEE

| | | |
|---|---|---|
| 6.1 | Liquidating Trustee | 24 |
| 6.2 | Powers of the Liquidating Trustee | 24 |
| 6.3 | Limitations on Liquidating Trustee | 26 |
| 6.4 | Compensation and Expenses of the Liquidating Trustee | 27 |
| 6.5 | Settlement Procedures | 27 |
| 6.6 | Actions Taken on Other Than a Business Day | 28 |
| 6.7 | Agents, Employees and Professionals | 28 |
| 6.8 | Investment of Liquidating Trust Monies | 28 |
| 6.9 | Termination | 29 |
| 6.10 | Resident Trustee | 29 |
| 6.11 | Fiduciary and Other Duties | 31 |

## Article VII

## SUCCESSOR LIQUIDATING TRUSTEE

| | | |
|---|---|---|
| 7.1 | Resignation | 32 |
| 7.2 | Removal | 32 |
| 7.3 | Effect of Resignation or Removal | 32 |
| 7.4 | Appointment of Successor | 33 |
| 7.5 | Acceptance of Appointment by Successor Liquidating Trustee | 33 |

## Article VIII

## RELIANCE, LIABILITY AND INDEMNIFICATION

| | | |
|---|---|---|
| 8.1 | Reliance by the Liquidating Trustee | 33 |
| 8.2 | Liability to Third Persons | 33 |
| 8.3 | Nonliability of Liquidating Trustee for Acts of Others | 34 |
| 8.4 | Exculpation | 34 |
| 8.5 | Limitation of Liability | 35 |
| 8.6 | Indemnity | 35 |

Article IX

MISCELLANEOUS PROVISIONS

9.1     Governing Law ................................................................................................35
9.2     Jurisdiction.....................................................................................................36
9.3     Severability ....................................................................................................36
9.4     Notices ...........................................................................................................36
9.5     Headings .........................................................................................................37
9.6     Controlling Document ....................................................................................37
9.7     Entire Trust Agreement...................................................................................37
9.8     Cooperation.....................................................................................................37
9.9     Amendment and Waiver .................................................................................37
9.10    Confidentiality ...............................................................................................38
9.11    Meanings of Other Terms ..............................................................................38
9.12    Counterparts....................................................................................................38
9.13    Intention of Parties to Establish Liquidating Trust ...............................38

## LIQUIDATING TRUST AGREEMENT OF SRZ LIQUIDATING TRUST

THIS LIQUIDATING TRUST AGREEMENT OF SRZ LIQUIDATING TRUST, dated as of [●], 2022 (this "Trust Agreement"), is by and among Sears Holdings Corporation, Kmart Holding Corporation, Kmart Operations LLC, Sears Operations LLC, Sears, Roebuck and Co., ServiceLive Inc., SHC Licensed Business LLC, A&E Factory Service, LLC, A&E Home Delivery, LLC, A&E Lawn & Garden, LLC, A&E Signature Service, LLC, FBA Holdings Inc., Innovel Solutions, Inc., Kmart Corporation, MaxServ, Inc., Private Brands, Ltd., Sears Development Co., Sears Holdings Management Corporation, Sears Home & Business Franchises, Inc., Sears Home Improvement Products, Inc., Sears Insurance Services, L.L.C., Sears Procurement Services, Inc., Sears Protection Company, Sears Protection Company (PR) Inc., Sears Roebuck Acceptance Corp., SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.), SYW Relay LLC, Wally Labs LLC, SHC Promotions LLC, Big Beaver of Florida Development, LLC, California Builder Appliances, Inc., Florida Builder Appliances, Inc., KBL Holding Inc., KLC, Inc., Kmart of Michigan, Inc., Kmart of Washington LLC, Kmart Stores of Illinois LLC, Kmart Stores of Texas LLC, MyGofer LLC, Sears Brands Business Unit Corporation, Sears Holdings Publishing Company, LLC, Sears Protection Company (Florida), L.L.C., SHC Desert Springs, LLC, SOE, Inc., StarWest, LLC, STI Merchandising, Inc., Troy Coolidge No. 13, LLC, BlueLight.com, Inc., Sears Brands, L.L.C., Sears Buying Services, Inc., Kmart.com LLC, Sears Brands Management Corporation and SRe Holding Corporation (collectively, the "Debtors"), as debtors and debtors-in-possession, M3 Advisory Partners, LP, formerly known as and retained in the case as M-III Advisory Partners, LP ("M3") (ECF No. 814), as liquidating trustee (together with any successor or additional trustee appointed under the terms of this Trust Agreement, including Section 6.1 of this Trust Agreement, the "Liquidating Trustee"), and [●] as the Delaware resident trustee (together with any successor Delaware resident trustee appointed under the terms of this Trust Agreement, the "Resident Trustee"), of the SRZ Liquidating Trust established pursuant to the Plan (the "Liquidating Trust").[1]

### BACKGROUND

A.    On October 15, 2018, (the "Petition Date") (or, with respect to certain Debtors as applicable, following the Petition Date), each of the Debtors filed a voluntary petition for relief commencing cases under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

B.    On June 28, 2019, the Debtors filed the Plan (ECF No. 4389) and the disclosure statement relating to the Plan (ECF No. 4390) with the Bankruptcy Court,

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated July 9, 2019 (ECF No. 4476), as confirmed (including all exhibits thereto, as the same may be further amended, modified or supplemented from time to time, the "Plan").

as such Plan was modified on July 9, 2019 (as the same was and may be further amended, modified or supplemented thereafter in accordance with its terms and applicable law);

C.      On October 15, 2019, the Bankruptcy Court entered an order confirming the Plan (ECF No. 5370) (the "Confirmation Order");

D.      On August 9, 2022, the Debtors and the Creditors' Committee filed a motion for approval of a settlement agreement concerning, among others, certain of the Jointly Asserted Causes of Action and certain additional matters in connection with the Chapter 11 Cases, as well as the approval of certain modifications to the Plan (ECF No. 10566) (the "Settlement Motion");

E.      On [●], 2022, the Bankruptcy Court entered an order approving the Settlement Motion (ECF No. [●]) (the "Settlement Order");

F.      The Plan provides for, among other things, the creation of a liquidating trust on the Effective Date for the sole purpose of liquidating and administering the Liquidating Trust Assets and making Distributions on account thereof as provided for under the Plan in accordance with section 301.7701-4(d) of the regulations promulgated under the Tax Code (the "Treasury Regulations"), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust;

G.      The Liquidating Trust is intended to qualify as a "liquidating trust" under section 301.7701-4(d) of the Treasury Regulations, and as such, as a "grantor trust" for United States federal income tax purposes with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust (other than with respect to any assets allocable to, or retained on account of, Disputed Claims, which shall be governed by Section 4.2(f) of this Trust Agreement);

H.      [On [●], 2022, the Resident Trustee [and the Liquidating Trustee] executed and filed with the Delaware Secretary of State a Certificate of Trust providing for the formation of a trust formed pursuant to the Trust Act (as defined below)];] [2] [3]

I.      The Liquidating Trust was established and is effective for the benefit of the Liquidating Trust Beneficiaries; and

---

[2]   Note to Draft: It is anticipated that the Trust will be formed on a date prior to the Effective Date of the Plan to allow for administrative actions, and that this Liquidating Trust Agreement will become effective on the Effective Date of the Plan.

[3]   Note to Draft: Every person who is a trustee at the time of the creation of the trust is required to sign the Certificate of Trust. If the trust is formed pursuant to a "short form" trust agreement only the Resident Trustee will be required to sign. Form of trust to be determined by the Debtors and the Creditors' Committee.

J.    The duties and powers of the Liquidating Trustee shall include all powers necessary to implement the Plan and to administer and monetize the Liquidating Trust Assets, including, without limitation, the duties and powers listed in the Plan.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein, the parties hereto hereby amend and restate the Interim Liquidating Trust Agreement in its entirety and agree as follows:

## ARTICLE I

## DECLARATION OF TRUST

1.1    <u>Creation of Trust</u>.  The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order (as modified by the Settlement Order) and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, hereby continue and create the Liquidating Trust, which shall continue to bear the name "SRZ Liquidating Trust."  In connection with the exercise of the Liquidating Trustee's power hereunder, the Liquidating Trustee may use this name or such variation thereof as the Liquidating Trustee sees fit.

1.2    <u>Purpose of Liquidating Trust</u>.  The sole purpose of the Liquidating Trust is to implement the Plan and Confirmation Order (each as modified by the Settlement Order) on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, and to serve as a mechanism for liquidating, converting to Cash and distributing the Liquidating Trust Assets in accordance with Treasury Regulations section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.  The Liquidating Trust shall not be deemed a successor in interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Trust Agreement.

1.3    <u>Transfer of Liquidating Trust Assets</u>.

(a)    On the Effective Date, and in accordance with sections 1123 and 1141 of the Bankruptcy Code and pursuant to the terms of the Plan and the Confirmation Order, all title and interest in all of the Liquidating Trust Assets, which constitute all assets of the Debtors that have not been distributed on or prior to the Effective Date, including without limitation all remaining General Assets, all Causes of Actions, and funds received pursuant to the Settlement Order, as well as the rights and powers of each Debtor in such Liquidating Trust Assets, including, without limitation, all of the Debtors' rights under the Asset Purchase Agreement, shall irrevocably and automatically vest in the Liquidating Trust, free and clear of all liens, Claims, encumbrances and Interests (legal, beneficial or otherwise) for the benefit of the Liquidating Trust Beneficiaries.  Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Debtors shall have no interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust.  Upon delivery of the Liquidating Trust Assets to the Liquidating Trust, the Debtors and their

predecessors, successors and assigns, shall be released from all liability with respect to the delivery thereof and shall have no reversionary or further interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust in accordance with Section 10.3 of the Plan.  Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

        (b)     On the Effective Date, there shall be set aside out of the Liquidating Trust Assets the amount of Cash that was reasonably determined by the Liquidating Trustee to be necessary to fund the activities of the Liquidating Trust (the "Funding").

        (c)     Notwithstanding anything in this Trust Agreement to the contrary, nothing herein shall preclude the Liquidating Trustee from seeking additional financing from sources other than the Liquidating Trust Assets in the discharge of its responsibilities under the Plan, the Confirmation Order and this Trust Agreement.

        (d)     The transfer of the Liquidating Trust Assets shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax, pursuant to section 1146(a) of the Bankruptcy Code.

        (e)     The Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Trust Agreement and any earnings, including interest, on any of the foregoing shall be held and be applied by the Liquidating Trustee in accordance with the terms of this Trust Agreement, the Plan and the Confirmation Order for the benefit of the Liquidating Trust Beneficiaries, and for no other party, subject to the further covenants, conditions and terms set forth in this Trust Agreement.  The Liquidating Trust Assets shall be held in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms of the Plan, the Confirmation Order and this Trust Agreement.

        (f)     The Debtors, the Liquidating Trustee and any party under the control of such parties, hereby agree to execute any documents or other instruments and shall take all other steps as necessary to cause title to the Liquidating Trust Assets to be transferred to the Liquidating Trust in accordance with the Plan, the Confirmation Order and this Trust Agreement.

        1.4    <u>Appointment and Acceptance of Liquidating Trustee</u>.  As set forth in the  Settlement Order, the Litigation Designees (as defined in the Confirmation Order) hereby designate the Liquidating Trustee in connection with the applicable provisions of the Delaware Statutory Trust Act, 12 Del. C. § 3801 *et seq.*, as the same may from time to time be amended, or any successor statute (the "<u>Trust Act</u>") to serve as the initial Liquidating Trustee under the Plan.  The Liquidating Trustee shall be deemed to be appointed pursuant to Bankruptcy Code section 1123(b)(3)(B).  The Liquidating Trustee accepts the Liquidating Trust created by this Trust Agreement in accordance with the terms of the Plan, the Confirmation Order (as modified by the Settlement Order) and this Trust

Agreement and the grant, assignment, transfer, conveyance and delivery to the Liquidating Trust, on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, by the Debtors of all of their respective right, title and interest in the Liquidating Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan and in the Confirmation Order (as modified by the Settlement Order).  The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purpose of the Liquidating Trust and not otherwise.  The Liquidating Trustee shall have the authority to bind the Liquidating Trust within the limitations set forth in this Trust Agreement.  For all purposes hereunder, the Liquidating Trustee shall be acting in the capacity as Liquidating Trustee, and not individually.  The Liquidating Trustee shall have no liability hereunder in its individual capacity.

      1.5   <u>Liquidation of Liquidating Trust Assets</u>.  The Liquidating Trustee shall, in an expeditious but commercially reasonable manner and subject to the provisions of the Plan, the Confirmation Order and the other provisions of this Trust Agreement, liquidate and convert to Cash the Liquidating Trust Assets, make timely Distributions in accordance with the terms of this Trust Agreement, the Plan and the Confirmation Order and not unduly prolong the existence of the Liquidating Trust.  The Liquidating Trustee shall liquidate the Liquidating Trust Assets in an effort to maximize net recoveries and the Liquidating Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of recoveries and the determinations and actions of the Liquidating Trustee shall in all cases be subject to the limitations provided in this Trust Agreement.  Subject to the terms of this Trust Agreement, such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or Causes of Action or through the sale or other disposition of the Liquidating Trust Assets (in whole or in combination, and including the sale of any claims, rights or Causes of Action).  The Liquidating Trustee may incur any reasonable and necessary expenses in connection with the liquidation and conversion of the Liquidating Trust Assets into Cash or in connection with the administration of the Liquidating Trust and, to the extent that any Funding is available, such expenses shall be deducted from the Funding; provided, however, that to the extent that the Funding is insufficient, such expenses shall be deducted from the Liquidating Trust Assets.

      1.6   <u>No Reversion to Debtors</u>.  In no event shall any part of the Liquidating Trust Assets revert to or be distributed to any Debtor.

      1.7   <u>Incidents of Ownership</u>.  Except as provided in <u>Section 1.6</u> of this Trust Agreement, the Liquidating Trust Beneficiaries shall be the sole beneficiaries of the Liquidating Trust and the Liquidating Trust Assets, and the Liquidating Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein, in the Plan and in the Confirmation Order, including those powers set forth in <u>Section 6.2</u> of this Trust Agreement.

1.8    Privileges.

(a)    All attorney-client privileges, work product protections and other privileges, immunities or protections from disclosure (the "Privileges") held by any one or more of the Debtors (including the Restructuring Subcommittee and any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors) and the Creditors' Committee (together the "Privilege Transfer Parties") related in any way to the Liquidating Trust Assets and the purpose of the Liquidating Trust (the "Transferred Privileged Information") are hereby transferred and assigned exclusively to the Liquidating Trust. The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce a privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)    The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidating Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidating Trust and the Liquidating Trust Beneficiaries. The Liquidating Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)    The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Liquidating Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody or control. The Liquidating Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including attorneys, professionals, consultants and experts, and no such person may object to the production to the Liquidating Trust of such Transferred Privileged Information on the basis of a Privilege. Until and unless the Liquidating Trust makes a determination to waive any Privilege with respect to such Transferred Privileged Information, Transferred Privileged Information shall be produced solely to the Liquidating Trust. For the avoidance of doubt, this Subsection is subject in all respects to 1.8(a) of the Trust Agreement.

(d)    Pursuant to, *inter alia*, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidating Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidating Trust, on the other hand, or any of their respective employees, professionals or representatives.

(e)    If a Privilege Transfer Party, the Liquidating Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information. In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Liquidating Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

## ARTICLE II

## LIQUIDATING TRUST BENEFICIARIES

2.1    <u>Conflicting Claims</u>.  If any conflicting claims or demands are made or asserted with respect to a Liquidating Trust Interest, the Liquidating Trustee shall be entitled to refuse to comply with any such conflicting claims or demands. In so refusing, the Liquidating Trustee may elect to make no payment or Distribution with respect to the Liquidating Trust Interest subject to the claims or demands involved, or any part thereof, and the Liquidating Trustee shall promptly refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. In so doing, the Liquidating Trustee shall not be or become liable to any party for its refusal to comply with any of such conflicting claims or demands. The Liquidating Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court (or such other court of proper jurisdiction) or (b) all differences have been resolved by a written agreement among all of such parties and the Liquidating Trustee, which agreement shall include a complete release of the Liquidating Trust and the Liquidating Trustee and its employees, professionals and representatives (the occurrence of either (a) or (b) in this <u>Section 2.1</u> of this Trust Agreement being referred to as a "<u>Dispute Resolution</u>"). Promptly after a Dispute Resolution is reached, the Liquidating Trustee shall transfer the payments and Distributions, if any, in accordance with the terms of such Dispute Resolution. Any payment of any interest or income should be net of any taxes attributable thereto in accordance with <u>Section 5.5</u> of this Trust Agreement.

2.2    <u>Rights of Liquidating Trust Beneficiaries</u>.  Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder according to the terms of its Liquidating Trust Interests. The Liquidating Trust Interests shall not have consent or voting rights or otherwise confer on the Liquidating Trust Beneficiaries any rights similar to the rights of a shareholder of a corporation in respect of any actions taken or to be taken by the Liquidating Trustee in connection with the Liquidating Trust. The interests of a Liquidating Trust Beneficiary are hereby declared and shall be in all respects personal property. Except as expressly provided hereunder, a Liquidating Trust Beneficiary shall have no title to, right to, possession of, management of or control of the Liquidating Trust or the Liquidating Trust Assets or to any right to call for a partition or division of such assets or to require an accounting. No surviving spouse, heir or devisee of any deceased Liquidating Trust Beneficiary shall have

any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to the Liquidating Trust Assets shall be vested exclusively in the Liquidating Trust and the sole interest of the Liquidating Trust Beneficiaries shall be the rights and benefits given to such person under this Trust Agreement, the Confirmation Order and the Plan.

2.3     Evidence of Liquidating Trust Interest. Ownership of a Liquidating Trust Interest will be evidenced by the recording of such ownership in an electronic book-entry system (the "Book Entry System") maintained either by the Liquidating Trust or an agent of the Liquidating Trust. A Liquidating Trust Beneficiary shall be deemed the "holder of record" (hereinafter "holder") of such Liquidating Trust Beneficiary's Liquidating Trust Interest(s) for purposes of all applicable United States federal and state laws, rules and regulations. The Liquidating Trustee shall, upon the written request of a holder of a Liquidating Trust Interest, provide reasonably adequate documentary evidence of such holder's Liquidating Trust Interest, as indicated in the Book Entry System. The expense of providing such documentation shall be borne by the requesting holder. For the avoidance of doubt, ownership of a Liquidating Trust Interest will not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except the Book Entry System.

2.4     Transfers of Liquidating Trust Interests.

(a)     General. Liquidating Trust Interests shall not be transferable or assignable except by will, intestate succession or otherwise by operation of law.

(b)     Book Entry System. Pursuant to the Book Entry System, the Liquidating Trust shall maintain, or cause an agent of the Liquidating Trust (which agent may be the Liquidating Trustee) to maintain, a register (which may be electronic) setting forth the names and addresses of the Liquidating Trust Beneficiaries, and the amount and class (if any) of their Liquidating Trust Interests from time to time. Any transfer or assignment of a Liquidating Trust Interest by will, intestate succession or otherwise by operation of law shall not be effective against or binding upon the Liquidating Trust unless and until such transfer or assignment is recorded in the Book Entry System, which shall be completed as soon as practicable. Subject to Section 2.4(d) of this Trust Agreement, the entries in the Book Entry System shall be conclusive absent manifest error, and the Liquidating Trust and the Liquidating Trustee shall treat each person whose name is recorded in the Book Entry System pursuant to the terms of this Trust Agreement as the owner of Liquidating Trust Interests indicated therein for all purposes of this Trust Agreement, notwithstanding notice to the contrary.

(c)     Registration. If the Liquidating Trustee, upon advice of counsel, determines that any class of Liquidating Trust Interests may be (i) subject to registration pursuant to section 12 or (ii) subject to reporting pursuant to section 15(d) of the Exchange Act, the Liquidating Trustee may pursue relief from such registration by obtaining either an exemptive order, a no-action letter or an interpretive letter from the Securities and Exchange Commission or its staff or, absent its ability to achieve that objective or in lieu thereof, shall register such class pursuant to section 12 of the Exchange

Act (it being understood and agreed that the Liquidating Trustee shall be authorized, among other things, to register such class and to seek relief from one or more of the requirements then applicable subsequent to such registration and to de-register such class). Any fees, costs and expenses that are associated with such application for relief and/or registration expenses shall be deducted from the Funding; provided, however, that to the extent that the Funding is insufficient, such expenses shall be deducted from the Liquidating Trust Assets.

(d) Further Limitations on Transfer. Notwithstanding any other provision in this Trust Agreement to the contrary, the Liquidating Trustee may disregard any purported transfer or assignment of Liquidating Trust Interests by will, intestate succession or otherwise by operation of law if sufficient necessary information (as reasonably determined by the Liquidating Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the Liquidating Trustee.

2.5    Limited Liability. No provision of this Trust Agreement, the Plan or the Confirmation Order (as modified by the Settlement Order), and no mere enumeration herein of the rights or privileges of any Liquidating Trust Beneficiary, shall give rise to any liability of such Liquidating Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, creditors, successors, representatives, employees, or equity interest holders of any Debtor, or by any other person. Liquidating Trust Beneficiaries are deemed to receive the Liquidating Trust Assets in accordance with the provisions of this Trust Agreement, the Plan and the Confirmation Order in exchange for their Allowed Claims without further obligation or liability of any kind, but subject to the provisions of this Trust Agreement.

## ARTICLE III

## DURATION AND TERMINATION OF LIQUIDATING TRUST

3.1    Duration. The Liquidating Trust was formed as of the execution and filing of a Certificate of Trust with the Delaware Secretary of State on [●], 2022 and its existence is intended to continue until such time as its Certificate of Trust has been cancelled by the filing of a certificate of cancellation in accordance with Section **Error! Reference source not found.** of this Trust Agreement.

3.2    Dissolution of the Liquidating Trust.

(a)    The Liquidating Trust shall be dissolved at such time as (i) all of the Liquidating Trust Assets have been distributed pursuant to the Plan and this Trust Agreement, (ii) the Liquidating Trustee determines that the administration of any remaining Liquidating Trust Assets is not likely to yield sufficient additional Liquidating Trust proceeds to justify further pursuit, or (iii) all Distributions required to be made by the Liquidating Trustee, as determined by the Liquidating Trustee, under the Plan and this Trust Agreement have been made; provided, that in no event shall the Liquidating Trust be dissolved later than five (5) years from the creation of such Liquidating Trust pursuant to Section 10.1 of the Plan unless the Bankruptcy Court, upon motion within the six (6) month

period prior to the fifth (5th) anniversary of such creation (or within the six (6) month period prior to the end of any extension period), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Liquidating Trustee that any further extension would not adversely affect the status of the trust as a Liquidating Trust for United States federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.

(b)     If at any time the Liquidating Trustee determines, in reliance upon such professionals as the Liquidating Trust may retain, that the expense of administering the Liquidating Trust so as to make a final Distribution to Liquidating Trust Beneficiaries is likely to exceed the value of the assets remaining in such Liquidating Trust, the Liquidating Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve such Liquidating Trust, (ii) donate any balance to a charitable organization (A) of the type described in section 501(c)(3) of the Tax Code, (B) exempt from United States federal income tax under section 501(a) of the Tax Code, (C) that is not a "private foundation", as defined in section 509(a) of the Tax Code, and (D) that is unrelated to the Debtors, the Liquidating Trust, and any insider of the Liquidating Trustee, and (iii) dissolve the Liquidating Trust.

3.3     <u>Continuance of Liquidating Trust for Winding Up</u>.    After the dissolution of the Liquidating Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully performed.  Upon Distribution of all the Liquidating Trust Assets, the Liquidating Trustee shall retain for a period of six (6) years the books, records, Liquidating Trust Beneficiary lists and files that shall have been delivered to or created by the Liquidating Trustee.  At the Liquidating Trustee's discretion, all of such records and documents may be destroyed at any time following the date that is six (6) years after the final Distribution of the Liquidating Trust Assets, subject to any joint prosecution and common interest agreement(s) to which the Liquidating Trustee or the Liquidating Trust may be party.  Upon the dissolution of the Liquidating Trust and the completion of the winding up of the assets, liabilities and affairs of the Liquidating Trust, the Liquidating Trustee shall (a) notify the Liquidating Trust Beneficiaries, (b) file a certificate of cancellation with the Secretary of State of the State of Delaware to terminate the Liquidating Trust and (c) provide a copy of the evidence of such cancellation to the Resident Trustee, with all costs thereof to be paid from such proceeds of any Funding as are available and, to the extent that the Funding is insufficient, from the Liquidating Trust Assets.  Pursuant to Section 3811(a)(3) of the Trust Act and this Section 3.3, such certificate of cancellation may be signed by the Liquidating Trustee and need not be signed by the Resident Trustee or any other trustee of the Liquidating Trust.

## ARTICLE IV

## ADMINISTRATION OF THE LIQUIDATING TRUST

4.1    <u>Payment of Claims, Expenses and Liabilities</u>.    Subject to the approval of the Bankruptcy Court to the extent contemplated under <u>Section 6.7(b)</u> of this Trust Agreement and except as otherwise expressly provided herein, the Liquidating Trustee shall use the Liquidating Trust Assets (a) to pay reasonable costs and expenses of the Liquidating Trust that are incurred (including any taxes imposed on the Liquidating Trust, the actual reasonable out-of-pocket fees and expenses incurred by Trust Professionals in connection with the administration and liquidation of the Liquidating Trust Assets, as provided in <u>Section 6.7</u> of this Trust Agreement, and the preservation of books and records of the Liquidating Trust); <u>provided</u>, <u>however</u>, that such costs and expenses shall first be deducted from the Funding, (b) to satisfy other obligations or other liabilities incurred or assumed by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order or this Trust Agreement, including fees and costs incurred in connection with the protection, preservation, liquidation and Distribution of the Liquidating Trust Assets and the costs of investigating, prosecuting, resolving and/or settling any Claims, (c) as reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets or (d) to satisfy any other obligations of the Liquidating Trust.

4.2    <u>Distributions</u>.

(a)    <u>Generally</u>.  On or after the Effective Date, the Liquidating Trust (with the assistance of the Disbursing Agent(s) as necessary) shall make Distributions only in accordance with the terms of the Plan, the Confirmation Order and this Trust Agreement to holders of Allowed Claims, net of the Disputed Claims Reserve(s), and only to the extent that the Liquidating Trust has sufficient Liquidating Trust Assets (or income and/or proceeds realized from Liquidating Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order and this Trust Agreement. On an annual basis, the Liquidating Trustee shall make a determination of the amount of Cash available for distribution, which shall include the amount of unrestricted Cash then on hand (including any Cash received from the Debtors on the Effective Date, and treating any permissible investment as Cash for purposes of this Section 4.2 of this Trust Agreement), reduced by any such amounts that the Liquidating Trustee reasonably determines to (A) be necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets pending their liquidation during the term of the Liquidating Trust, (B) be necessary to pay or reserve for reasonably incurred or anticipated expenses (including, but not limited to, any Taxes imposed on or payable by the Debtors or the Liquidating Trust or in respect of the Liquidating Trust Assets), or (C) satisfy or reserve for other liabilities incurred or anticipated by the Liquidating Trust in accordance with the Plan and this Trust Agreement (it being understood that the operation of this proviso could result in there being insufficient funds available to fund an annual distribution). The Liquidating Trustee shall then distribute available Cash, if any, to the holders of Liquidating Trust Interests in accordance with the Plan.

(b)    <u>Payment of Distributions</u>.    Each Liquidating Trust Beneficiary's share of the Liquidating Trust Interests as determined pursuant to the Plan shall be allocated and distributed, and the Liquidating Trust Assets shall be allocated and distributed, in accordance with Article XI of the Plan.

(c)    <u>Holders of Notes</u>.  Notwithstanding any provision of the Plan to the contrary, distributions to holders of any Notes shall be made to or at the direction of each of the applicable Indenture Trustees, each of which will act as Disbursing Agent for distributions to the respective holders of the Notes, as applicable.  The Indenture Trustees shall not incur any liability whatsoever on account of any distributions under the Plan except for their respective gross negligence or willful misconduct.  The Indenture Trustees may transfer or direct the transfer of such distributions directly through the facilities of DTC (whether by means of book-entry exchange, free delivery, or otherwise), and will be entitled to recognize and deal for all purposes under the Plan with the holders of their respective series of Notes, to the extent consistent with the customary practices of DTC. Such distributions shall be subject in all respects to the right of each Indenture Trustee to assert its charging lien against distributions.  All distributions to be made to holders of the Notes shall be distributed through the facilities of DTC, to the extent the distributions are "DTC-eligible," and as provided for under the Indentures, as applicable.  Any distributions that are not "DTC-eligible" shall be made by, or at the direction of, the applicable Indenture Trustee.  Without regard to whether an Indenture Trustee objected to any action or inaction during the pendency of the Chapter 11 Cases, the Liquidating Trust (promptly following the Effective Date) shall pay or reimburse the reasonable fees and reasonable and necessary expenses of any Indenture Trustee incurred in connection with such Trustee's action during the pendency of the Chapter 11 Cases relating to the ordinary course administration in a chapter 11 case, such as facilitating distributions, responding to inquiries, etc.; <u>provided</u>, that such expenses shall not include the fees and expenses of outside counsel in connection with service on the Creditors' Committee.  To the extent that any Funding is available, such expenses shall be deducted from the Funding; <u>provided</u>, <u>however</u>, that to the extent that the Funding is insufficient, such expenses shall be deducted from the Liquidating Trust Assets.

(d)    <u>Date of Distributions</u>.  The initial Distribution shall be made in accordance with Section 11.1 of the Plan.  Further, except as otherwise provided in the Plan, any Distribution and deliveries to be made under the Plan shall (to the extent of available funds) be made on the Effective Date or as otherwise determined in accordance with the Plan, including the treatment provisions of Article IV of the Plan, or as soon as practicable thereafter; <u>provided</u>, that the Liquidating Trustee shall from time to time determine subsequent Distribution Dates as appropriate.  Such subsequent Distribution Dates shall be at least thirty (30) Business Days following the date on which written notice is filed on the docket of the Chapter 11 Cases or otherwise communicated to the holders of Allowed Claims.  In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

(e)      Reserve on Account of Disputed Claims.

(i)      From and after the Effective Date, and until such time as each Disputed Claim has been compromised and settled, estimated by the Bankruptcy Court in an amount constituting the Allowed amount, or Allowed or disallowed by Final Order, the Liquidating Trust shall establish, for the benefit of each holder of a Disputed Claim, the Disputed Claims Reserve consisting of Cash or Liquidating Trust Interests, as applicable, and any dividends, gains or income attributable thereto, in an amount equal to the *Pro Rata* share of distributions that would have been made to the holder of such Disputed Claim if it were an Allowed Claim in an amount equal to the lesser of (i) the liquidated amount set forth in the filed Proof of Claim relating to such Disputed Claim, (ii) the amount in which the Disputed Claim has been estimated by the Bankruptcy Court pursuant to section 502 of the Bankruptcy Code as constituting and representing the maximum amount in which such Claim may ultimately become an Allowed Claim or (iii) such other amount as may be agreed upon by the holder of such Disputed Claim and the Debtors (with the consent of the Creditors' Committee) or the Liquidating Trust, as applicable.  For the avoidance of doubt, any Cash and Liquidating Trust Interests retained and held for the benefit of a holder of a Disputed Claim as part of the Disputed Claims Reserve shall be treated as a payment and reduction on account of such Disputed Claim for purposes of computing any additional amounts to be paid in Cash or distributed in Liquidating Trust Interests in the event the Disputed Claim ultimately becomes an Allowed Claim.  Cash and Liquidating Trust Interests held in the Disputed Claims Reserve (including, with respect to Cash, any earnings that have accrued on such Cash, net of any expenses, including any taxes, relating thereto) shall be retained by the Liquidating Trust for the benefit of holders of Disputed Claims pending determination of their entitlement thereto under the terms of the Plan.  Any Cash and proceeds of the Liquidating Trust Interests shall be either (x) held by the Liquidating Trust in an interest-bearing account or (y) invested in interest-bearing obligations issued by the United States government and guaranteed by the United States government, and having (in either case) a maturity of not more than 30 days.  No payments or distributions shall be made with respect to all or any portion of any Disputed Claim pending the entire resolution thereof by Final Order.  For the avoidance of doubt, Cash held in the Disputed Claims Reserve will (i) be deposited in an interest-bearing account and held in trust, pending distribution by the Liquidating Trust, for the benefit of holders of Allowed Claims, (ii) be accounted for separately and (iii) not constitute property of the Liquidating Trust.  Liquidating Trust Interests held in the Disputed Claims Reserve will (a) be held

in trust, pending distribution by the Liquidating Trust, for the benefit of holders of Allowed Claims, (b) be accounted for separately and (iii) not constitute property of the Liquidating Trust.

(ii) At such time as a Disputed Claim becomes an Allowed Claim, the Liquidating Trustee shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under the Plan (including, with respect to Cash held in the Disputed Claims Reserve, any earnings that have accrued on the amount of Cash so retained, net of any expenses, including any taxes, relating thereto), but only to the extent that such earnings are attributable to the amount of the Allowed Claim.  Such distribution, if any, shall be made as soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing such Disputed Claim becomes a Final Order.  The balance of any Cash and Liquidating Trust Interests previously retained but not distributed to a Disputed Claim holder shall be included in future distributions to holders of Claims in the applicable Class.  Each holder of a Disputed Claim that ultimately becomes an Allowed Claim will be paid (i) first out from the Disputed Claims Reserve and (ii) if the amount available for Distribution pursuant to the foregoing clause (i) is insufficient to remit Distributions required to be made to such holder pursuant to this sentence, such holder shall receive the amount of such insufficiency on the next subsequent Distribution Date(s) from Liquidating Trust Assets.

(iii) If a Disputed Claim is disallowed, in whole or in part, the Liquidating Trustee shall cancel the reserved Liquidating Trust Interests, if applicable, and distribute the Cash held in the Disputed Claims Reserve with respect to such Claim to the holders of Allowed Claims.  The Liquidating Trustee shall distribute any amounts that were reserved for Disputed Claims that do not become Allowed Claims to the holders of the applicable Class of Liquidating Trust Interests. In the event a Liquidating Trust Interest is canceled, such cancellation shall be treated as an additional distribution of the undivided interest in the underlying assets attributable to such canceled Liquidating Trust Interest to the holders of the outstanding Liquidating Trust Interests for United States federal income tax purposes in respect of their previously Allowed Claims.

(iv) Nothing in this Section 4.2(e) of this Trust Agreement shall preclude any holder of a Disputed Claim from seeking, on reasonable notice to the Liquidating Trustee, an order of the Bankruptcy Court in respect of or relating to the amount retained with respect to such holder's Disputed Claim.

(f)  Delivery of Distributions.  Subject to Bankruptcy Rule 9010, Distributions to any holder or permitted designee of an Allowed Claim shall be made to a Disbursing Agent, as applicable, who shall transmit such Distribution to the applicable holders or permitted designees of Allowed Claims on behalf of the Debtors or the Liquidating Trust.  In the event that any Distribution to any holder or permitted designee is returned as undeliverable (see Section 4.2(m) of this Trust Agreement), no further Distributions shall be made to such holder or such permitted designee unless and until the Liquidating Trust is notified in writing of such holder's or permitted designee's, as applicable, then-current address, at which time all currently-due, missed Distributions shall be made to such holder as soon as reasonably practicable thereafter without interest. Nothing herein shall require any Disbursing Agent or the Liquidating Trust to attempt to locate holders or permitted designees, as applicable, of undeliverable Distributions or, if located, assist such holders or permitted designees, as applicable, in complying with Section 11.21 of the Plan.  Notwithstanding any provisions in the Plan or this Trust Agreement to the contrary, all distributions to holders of Claims shall be deemed completed, and the obligations of the Liquidating Trust to make such distributions under the Plan and this Trust Agreement shall be deemed satisfied, when made to the Disbursing Agent by the Liquidating Trust.

(g)  Disbursing Agent.  The Liquidating Trustee shall have the authority to enter into agreements with one or more Disbursing Agents to facilitate the distributions required under the Plan, the Confirmation Order and this Trust Agreement. The Liquidating Trustee may pay to the Disbursing Agent all reasonable and documented fees and expenses of the Disbursing Agent without the need for other approvals, authorizations, actions or consents.  For the avoidance of doubt, the reasonable and documented fees of the Disbursing Agent will be paid by the Liquidating Trustee and will not be deducted from distributions to be made under the Plan to holders of Allowed Claims receiving distributions from the Disbursing Agent.  The Disbursing Agent shall not be required to give any bond or surety or other security for the performance of its duties.  The Liquidating Trustee shall use commercially reasonable efforts to provide the Disbursing Agent (if other than the Debtors or Liquidating Trustee) with the amounts of Claims and the identities and addresses of holders of Claims, in each case, as set forth in the Debtors' books and records.  The Liquidating Trustee shall cooperate in good faith with the applicable Disbursing Agent (if other than the Liquidating Trustee) to comply with the reporting and withholding requirements outlined in Section 11.21 of the Plan.

(h)  Rights and Powers of Disbursing Agent.

(i)  From and after the Effective Date, the Disbursing Agent, solely in its capacity as Disbursing Agent, shall be exculpated by all Entities, including holders of Claims against the Debtors, Liquidating Trust Beneficiaries, and other parties in interest, from any and all Claims, Causes of Action, and other assertions of liability arising out of the discharge of the powers and duties conferred upon such Disbursing Agent by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except for actions or omissions to act

arising out of the gross negligence or willful misconduct, fraud, malpractice, criminal conduct, or *ultra vires* acts of such Disbursing Agent.  No holder of a Claim, Liquidating Trust Beneficiary or other party in interest shall have or pursue any claim or Cause of Action against the Disbursing Agent, solely in its capacity as Disbursing Agent, for making Distributions in accordance with the Plan or for implementing provisions of the Plan, except for actions or omissions to act arising out of the gross negligence or willful misconduct, fraud, malpractice, criminal conduct, or *ultra vires* acts of such Disbursing Agent.

(ii)     The Disbursing Agent shall be empowered to (A) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties hereunder; (B) make all Distributions contemplated hereby; and (C) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions of the Plan and this Trust Agreement.

(i)     <u>Expenses of Disbursing Agent</u>.  Except as otherwise ordered by the Bankruptcy Court, any reasonable and documented fees and expenses incurred by the Disbursing Agent acting in such capacity (including reasonable documented attorneys' fees and expenses) on or after the Effective Date shall be paid in Cash by the Liquidating Trust in the ordinary course of business.

(j)     <u>Expenses of Estate Professionals</u>.  Any actual, reasonable and documented fees and expenses incurred by professional persons retained by the Debtors or Creditors' Committee by an order of the Bankruptcy Court pursuant to sections 327, 328, 363 or 1103 of the Bankruptcy Code (such professionals, the "<u>Estate Professionals</u>") relating to the Estate Causes of Action (including, without limitation, discovery and depositions served by the Liquidating Trust on any Estate Professional) on or after the Effective Date shall be paid in Cash by the Liquidating Trust in the ordinary course of business.  Prior to incurring any expenses reimbursable under this Section, the applicable Estate Professional and the Liquidating Trustee shall agree upon the terms of the reimbursement of such expenses.  To the extent there is any unresolved dispute between any Estate Professional and the Liquidating Trust with respect to the reimbursement of expenses, such dispute shall be resolved by the Bankruptcy Court.

(k)     <u>No Postpetition Interest on Claims</u>.  Except as otherwise provided in the Plan, the Confirmation Order or another order of the Bankruptcy Court or required by the Bankruptcy Code (including postpetition interest in accordance with sections 506(b) and 726(a)(5) of the Bankruptcy Code), interest shall not accrue or be paid on any Claims on or after the Commencement Date; <u>provided</u>, that if interest is payable pursuant to this sentence, interest shall accrue at the federal judgment rate pursuant to 28 U.S.C. section 1961 on a non-compounded basis from the date the obligation underlying the Claim becomes due and is not timely paid through the date of payment.

(l)    <u>Distributions after Effective Date</u>.  Distributions made after the Effective Date to holders of Disputed Claims that are not Allowed Claims as of the Effective Date but which later become Allowed Claims shall be deemed to have been made on the Effective Date.

(m)    <u>Unclaimed Property</u>.    Undeliverable Distributions or unclaimed Distributions shall remain in the possession of the Liquidating Trust until such time as a Distribution becomes deliverable or the holder entitled thereto accepts such Distribution, or such Distribution reverts to the Liquidating Trust, as applicable, and shall not be supplemented with any interest, dividends or other accruals of any kind.  Such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and forfeited at the expiration of six months from the applicable date of Distribution.  After such date all unclaimed property or interest in property shall revert to the Liquidating Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary) for redistribution in accordance with the terms of the Plan, the Confirmation Order and this Trust Agreement, and the Claim of any other holder to such property or interest in property shall be discharged and forever barred.  Nothing herein shall require the Liquidating Trust to attempt to locate any holder of an Allowed Claim.

(n)    <u>Time Bar to Cash Payments</u>.    Checks issued by the Disbursing Agent in respect of Allowed Claims shall be null and void if not negotiated within one hundred and twenty (120) days after the date of issuance thereof.  Thereafter, the amount represented by such voided check shall irrevocably revert to the Liquidating Trust, and any Claim in respect of such voided check shall be discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.  Requests for re-issuance of any check shall be made to the Disbursing Agent by the holder of the Allowed Claim to whom such check was originally issued.

(o)    <u>Manner of Payment under Plan</u>.    Except as otherwise specifically provided in the Plan, at the option of the Liquidating Trustee, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements or customary practices of the Debtors.

(p)    <u>Satisfaction of Claims</u>.    Except as otherwise specifically provided in the Plan, Distributions and deliveries to be made on account of Allowed Claims under the Plan shall be in complete and final satisfaction, settlement, and discharge of and exchange for such Allowed Claims.

(q)    <u>Minimum Cash Distributions</u>.    The Liquidating Trust shall not be required to make a Distribution pursuant to the Plan if the Liquidating Trustee determines that the expense associated with making the Distribution would likely utilize a substantial portion of the amount to be distributed, thus making the Distribution impractical; <u>provided</u>, that if any Distribution is not made pursuant to this <u>Section 4.2</u> of this Trust Agreement, such Distribution shall be added to any subsequent Distribution to be made on behalf of the holder's Allowed Claim.  Cash shall be rounded down to the nearest penny.  DTC shall be considered a single holder for rounding and distribution purposes.

17

(r)   <u>Setoffs and Recoupments</u>.  The Liquidating Trust, or its designee (including the Disbursing Agent) may, but shall not be required to, set off or recoup against any Claim, and any Distribution to be made on account of such Claim, any and all claims, rights, and Causes of Action of any nature whatsoever that the Debtors or the Liquidating Trust may have against the holder of such Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law; <u>provided</u>, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by a Debtor or the Liquidating Trust or its successor of any claims, rights, or Causes of Action that a Debtor or the Liquidating Trust or its successor or assign may possess against the holder of such Claim.

(s)   <u>Allocation of Distributions between Principal and Interest</u>. To the extent that any Allowed Claim entitled to a distribution under the Plan consists of indebtedness and other amounts (such as accrued but unpaid interest thereon), such distribution shall be allocated first to the principal amount of the Claim (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to other such amounts.

(t)   <u>No Distribution in Excess of Amount of Allowed Claim</u>. Except as provided in <u>Section 4.2(k)</u> of this Trust Agreement, no holder of an Allowed Claim shall receive, on account of such Allowed Claim, Distributions in excess of the Allowed amount of such Claim and, by its acceptance of the benefits of this Trust Agreement, any holder of an Allowed Claim who receives distributions in excess of the Allocated Amount of such Claim shall refund such excess promptly upon request of the Liquidating Trustee.

(u)   <u>Distributions Free and Clear</u>.  Except as otherwise provided herein, any Distributions under the Plan shall be free and clear of any Liens, Claims and encumbrances, and no other entity, including the Debtors or the Liquidating Trust shall have any interest, legal, beneficial or otherwise, in Assets transferred pursuant to the Plan.

(v)   <u>Claims Register</u>.  The register of Claims maintained by the Debtors shall remain open after the Effective Date and the Liquidating Trust shall recognize any transfer of Claims at any time thereafter, <u>provided</u> that for purposes of each Distribution, the Liquidating Trust will not recognize any transfer of Claims for such Distribution after the Distribution Record Date relating to such Distribution; and, <u>provided</u>, <u>further</u>, for the avoidance of doubt, all Liquidating Trust Interests shall be non-transferable except as provided in Section 2.4 of this Trust Agreement.  Except as otherwise provided in the Plan, any transfer of a Claim, whether occurring prior to or after the Confirmation Date, shall not affect or alter the classification and treatment of such Claim under the Plan and any such transferred Claim shall be subject to classification and treatment under the Plan as if such Claim was held by the transferor who held such Claim on the Commencement Date.

4.3   <u>Compliance with Laws</u>.   Any and all Distributions of the Liquidating Trust Assets shall be in compliance with applicable laws, including applicable federal and state tax and securities laws.

4.4    <u>Fiscal Year</u>.  Except for the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be the fiscal year.  For the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be such portion of the fiscal year that the Liquidating Trust is in existence.

4.5    <u>Books and Records</u>.  The Liquidating Trust shall retain and preserve the Debtors' books, records and files that shall have been delivered to or created by the Liquidating Trust in accordance with the provisions of <u>Section **Error! Reference source not found.**</u>.  Subject to <u>Section **Error! Reference source not found.**</u> of this Trust Agreement, the Liquidating Trustee shall maintain, in respect of the Liquidating Trust and the Liquidating Trust Beneficiaries and all others to receive Distributions under this Trust Agreement, books and records relating to the assets and the income of the Liquidating Trust and the payment of expenses of, liabilities of, and claims against or assumed by, the Liquidating Trust and the Liquidating Trustee, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Trust Agreement and applicable provisions of law, including applicable tax, securities and other federal and state laws.  Except as otherwise provided herein or in the Plan, nothing in this Trust Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or Distribution out of the Liquidating Trust Assets.  The Liquidating Trust Beneficiaries shall have the right upon thirty (30) days' prior written notice delivered to the Liquidating Trustee to inspect such books and records during normal business hours; <u>provided</u>, that, if so requested, all costs associated with such inspection shall be paid in advance by such requesting Liquidating Trust Beneficiary and such Liquidating Trust Beneficiary shall have entered into a confidentiality agreement reasonably satisfactory in form and substance to the Liquidating Trustee.

4.6    <u>Cash Payments</u>.  All Distributions required to be made to the Liquidating Trust Beneficiaries shall be made in Cash denominated in United States dollars by checks drawn on a domestic bank approved by the Liquidating Trustee or by wire transfer from a domestic bank approved by the Liquidating Trustee; <u>provided</u>, <u>however</u>, that Cash payments to foreign holders of Liquidating Trust Interests may be made, at the option of the Liquidating Trustee, in such funds, at such exchange rates, and by such means as are necessary or customary in a particular foreign jurisdiction.

4.7    <u>Insurance</u>.  The Liquidating Trust shall maintain customary insurance coverage for the protection of the Liquidating Trustee, employees and any such other persons serving as administrators and overseers of the Liquidating Trust on and after the Effective Date.  The Liquidating Trust also may obtain insurance coverage it deems necessary and appropriate with respect to real and personal property that may become Liquidating Trust Assets, if any.

4.8    <u>Reports</u>.

(a)    The Liquidating Trustee shall timely prepare, file and distribute any statements, reports and submissions as may be necessary to cause the

Liquidating Trust and the Liquidating Trustee to be in compliance in all material respects with applicable law.

(b)     Until such time as the Liquidating Trust is dissolved in accordance with this Trust Agreement, the Liquidating Trustee shall file with, or furnish to, as the case may be, the Bankruptcy Court and the Securities and Exchange Commission any required or customary periodic public reports on the status of claims reconciliation and Distributions, which reports may be included in the quarterly reporting required by the U.S. Trustee.

## ARTICLE V

## TAX MATTERS

5.1     <u>Liquidating Trustee's Tax Power for Debtors</u>.

(a)     For all taxable periods ended on or before the dissolution of the Debtors, the Liquidating Trustee shall have full and exclusive authority and responsibility in respect of all taxes of the Debtors (including as the common parent or other agent of any consolidated, combined or unitary tax group of which the Debtors were the agent), to the same extent as if the Liquidating Trustee were the Debtors.  Without limiting the foregoing, each of the Debtors shall execute, on or prior to the Effective Date, a power of attorney authorizing the Liquidating Trustee to correspond with any tax authority on behalf of such Debtor and to sign, collect, negotiate, settle, and administer tax payments and tax returns.

(b)     In furtherance of the transfer of the Liquidating Trust Assets to the Liquidating Trust on the Effective Date, the Liquidating Trust shall be entitled to all tax refunds of the Debtors (and the Liquidating Trust shall bear responsibility for all tax liabilities of the Debtors for taxable periods ended on or before the dissolution of the Debtors, to the extent not discharged by the Plan or provided for payment or otherwise satisfied in the Plan).

(c)     Following the Effective Date, the Liquidating Trustee shall prepare and file (or cause to be prepared and filed), on behalf of the Debtors, all tax returns required to be filed or that the Liquidating Trustee otherwise deems appropriate, including the filing of amended tax returns or requests for refunds for all taxable periods ended on or before the dissolution of the Debtors.

5.2     <u>Liquidating Trust Assets Treated as Owned by Liquidating Trust Beneficiaries</u>.  For all United States federal income tax purposes, all parties (including the Debtors, the Liquidating Trustee, and the Liquidating Trust Beneficiaries) shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as (a) a transfer of the Liquidating Trust Assets (subject to any obligations relating to those assets) directly to the Liquidating Trust Beneficiaries and, to the extent Liquidating Trust Assets are allocable to Disputed Claims, to the Disputed Claims Reserve, followed by (b) the transfer by such beneficiaries to the Liquidating Trust of the Liquidating Trust Assets (other than the

20

Liquidating Trust Assets allocable to the Disputed Claims Reserve) in exchange for Liquidating Trust Interests. Accordingly, the Liquidating Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Disputed Claims Reserve); provided that if any Liquidating Trust Beneficiaries are not considered to receive any Liquidating Trust Assets on the Effective Date based on the fair market value of such assets on such date as determined under Section 5.4(c), such beneficiaries, to the extent permitted by law, shall not be treated as current beneficiaries for United States federal income tax purposes until such time as they are allocated Liquidating Trust taxable income pursuant to Section 5.4(c) herein. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

      5.3    Liquidating Trust Tax Status. For United States federal income tax purposes (and for tax purposes of all state, local and other jurisdictions to the extent applicable), the Liquidating Trust is intended to be treated as a "liquidating trust" under Treasury Regulations section 301.7701-4(d) and, thus, as a grantor trust pursuant to sections 671-677 of the Tax Code, or any successor provisions thereof of which such Liquidating Trust become the grantor (other than in respect of the Disputed Claims Reserve). The Liquidating Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes.

      5.4    Tax Reporting.

      (a)    The Liquidating Trustee shall file tax returns for the Liquidating Trust treating the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Article V. The Liquidating Trustee also will annually send to each holder of a Liquidating Trust Interest that is a current beneficiary for United States federal income tax purposes a separate statement regarding the receipts and expenditures of the Liquidating Trust as relevant for United States federal income tax purposes and will instruct all such holders to use such information in preparing their United States federal income tax returns or to forward the appropriate information to such holder's underlying beneficial holders with instructions to utilize such information in preparing their United States federal income tax returns. To the extent permitted by law, the statements described in the foregoing sentence may be posted on a publicly available website instead of being sent to all relevant holders. The Liquidating Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Liquidating Trust that is required by any governmental unit.

      (b)    As soon as reasonably practicable after Liquidating Trust Assets are transferred to the Liquidating Trust, but in no event later than 120 days thereafter, the Liquidating Trust shall make a good faith valuation of Liquidating Trust Assets and the Liquidating Trustee shall apprise, in writing, the Liquidating Trust Beneficiaries of such valuation. In connection with the preparation of the valuation contemplated hereby and by the Plan, the Liquidating Trust shall be entitled to retain such professionals and advisors as the Liquidating Trust shall determine to be appropriate or necessary, and the Liquidating Trustee shall take such other actions in connection therewith

as it determines to be appropriate or necessary.  Such valuation shall be used consistently by such parties for all United States federal income tax purposes, including for determining tax basis and gain or loss.  The Liquidating Trust shall bear all of the reasonable costs and expenses incurred in connection with determining such value, including the fees and expenses of any professionals retained by the Liquidating Trustee in connection therewith.

(c)    Allocations of Liquidating Trust taxable income among the Liquidating Trust Beneficiaries (other than taxable income allocable to, or retained on account of, the Disputed Claims Reserve) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed Distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the Disputed Claims Reserve) to the holders of the Liquidating Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent Distributions from the Liquidating Trust.  Similarly, taxable loss of the Liquidating Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating Distribution of the remaining Liquidating Trust Assets.  The tax book value of the Liquidating Trust Assets for purposes of this Section 5.4(c) of this Trust Agreement shall equal their fair market value on the Effective Date, or, if later, the date such assets were acquired by the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Tax Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(d)    Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee (i) may timely elect to treat the Disputed Claim Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9, and file such tax returns and pay such taxes as may be required consistent with such treatment, and (ii) to the extent permitted by applicable law, shall report consistently with the foregoing for state and local income tax purposes.  If a "disputed ownership fund" election is made, all parties (including the Liquidating Trustee and the Liquidating Trust Beneficiaries) shall report for United States federal, state and local income tax purposes consistently with the foregoing.

(e)    The Liquidating Trustee shall be responsible for payment, out of the Liquidating Trust Assets, of any taxes imposed on the Liquidating Trust or its assets, including the Disputed Claims Reserve.  More particularly, any taxes imposed on any Disputed Claim Reserve or its assets will be paid out of the assets of the Disputed Claim Reserve (including any Liquidating Trust Assets allocable to Disputed Claims), and netted against any subsequent distributions in respect of the allowance or disallowance of such Claims.  In the event, and to the extent, any Cash in any Disputed Claim Reserve is insufficient to pay the portion of any taxes attributable to taxable income arising from assets of the Disputed Claim Reserve (including any income that may arise upon an actual or constructive distribution of the assets of the reserve in respect of the resolution of

Disputed Claims), assets of the Disputed Claim Reserve (including those otherwise distributable) may be sold to pay such taxes.

(f)    The Liquidating Trustee may request an expedited determination of taxes of the Liquidating Trust, or the Debtors under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Liquidating Trust or the Debtors for all taxable periods through the dissolution of the Liquidating Trust and for all taxable periods of the Debtors ending on or after the Petition Date.

5.5    <u>Tax Withholdings by Liquidating Trustee</u>. The Liquidating Trustee may withhold and pay to the appropriate tax authority all amounts required to be withheld pursuant to the Tax Code or any provision of any foreign, state or local tax law with respect to any payment or Distribution to the holders of Liquidating Trust Interests.  All such amounts withheld and paid to the appropriate tax authority (or placed in escrow pending resolution of the need to withhold) shall be treated as amounts distributed to such holders of Liquidating Trust Interests for all purposes of this Trust Agreement.  The Liquidating Trustee shall be authorized to collect such tax information from the holders of Liquidating Trust Interests (including social security numbers or other tax identification numbers) as in its sole discretion the Liquidating Trustee deems necessary to effectuate the Plan, the Confirmation Order, and this Trust Agreement.  In order to receive Distributions under the Plan, all holders of Liquidating Trust Interests shall be required to identify themselves to the Liquidating Trustee and provide tax information and the specifics of their holdings, to the extent the Liquidating Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the Liquidating Trustee for these purposes. This identification requirement generally applies to all holders, including those who hold their Claims in "street name."  The Liquidating Trustee may refuse to make a Distribution to any holder of a Liquidating Trust Interest that fails to furnish such information in a timely fashion, and until such information is delivered may treat such holder's Liquidating Trust Interests as disputed; <u>provided</u>, <u>however</u>, that, upon the delivery of such information by a holder of a Liquidating Trust Interest, the Liquidating Trustee shall make such Distribution to which the holder of the Liquidating Trust Interest is entitled, without additional interest occasioned by such holder's delay in providing tax information; <u>provided</u>, <u>further</u>, that, if such information is not furnished to the Liquidating Trustee within twelve (12) months of the original request to furnish such information, no further Distributions shall be made to the holder of such Liquidating Trust Interest; <u>provided</u>, <u>further</u>, that, if the Liquidating Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Liquidating Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Liquidating Trustee for such liability (to the extent such amounts were actually distributed to such holder).

## ARTICLE VI

## POWERS OF AND LIMITATIONS ON THE LIQUIDATING TRUSTEE

6.1     Liquidating Trustee.

(a)     The Liquidating Trustee means M3 so long as M3 continues in office, and all other individuals who have been duly elected and qualify as Liquidating Trustee of the Liquidating Trust hereunder pursuant to Section 1.4 of this Trust Agreement or Article VII of this Trust Agreement, but shall not include the Resident Trustee.  Subject to Article VII of this Trust Agreement, the Liquidating Trustee shall hold office until the termination of the Liquidating Trust in accordance with the terms set forth in this Trust Agreement.  References herein to the Liquidating Trustee shall refer to the individual or individuals serving as the Liquidating Trustee solely in its or their capacity as trustees hereunder.

(b)     The Liquidating Trustee will serve on and after the Effective Date in accordance with this Trust Agreement and the Plan.  The Liquidating Trustee shall be appointed as the representative of each of the Debtors' Estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code, subject to the terms of the Plan, the Confirmation Order, and this Trust Agreement.  Notwithstanding anything in the Plan or this Trust Agreement to the contrary, the Liquidating Trustee shall always act consistently with, and not contrary to, the purpose of the Liquidating Trust as set forth in the Plan.

(c)     Subject to Section 6.1(a) of this Trust Agreement and the other express limitations set forth herein, any actions of the Liquidating Trustee contemplated by this Trust Agreement shall be decided and conducted by the Liquidating Trustee.

6.2     Powers of the Liquidating Trustee.

(a)     Pursuant to the terms of the Plan, the Confirmation Order and this Trust Agreement, the Liquidating Trustee shall have all powers necessary to implement the Plan and to administer and monetize the Liquidating Trust Assets at the direction, including the duties and powers set forth in Section 10.7(d) of the Plan.  The Liquidating Trustee will administer the Liquidating Trust in accordance with this Trust Agreement.  The Liquidating Trustee, in its exercise of reasonable business judgment, shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the Liquidating Trust, make timely distributions and not unduly prolong the duration of the Liquidating Trust.  More specifically, the Liquidating Trustee shall have the authority and the right, without the need for Bankruptcy Court approval (unless otherwise indicated), to carry out and implement all provisions of the Plan, including:

(i)     except to the extent Claims have been previously Allowed, control and effectuate the Claims reconciliation process,

including to object to, seek to subordinate, compromise or settle any and all Claims;

(ii)    make Distributions to Holders of Allowed Claims as set forth in, and implement the Wind Down pursuant to, the Plan;

(iii)    determine Distribution Dates, in accordance with the Plan;

(iv)    exercise its reasonable business judgment to direct and control the wind down, liquidation, sale and/or abandoning of the remaining Assets of the Debtors under the Plan and in accordance with applicable law as necessary to maximize Distributions to holders of Allowed Claims;

(v)    prosecute any remaining Causes of Action, including Preserved Causes of Action, on behalf of the Liquidating Trust, elect not to pursue any Causes of Action, and determine whether and when to compromise, settle, abandon, dismiss, or otherwise dispose of any such Causes of Action, as the Liquidating Trustee determines is in the best interests of the Liquidating Trust;

(vi)    retain professionals to assist in performing its duties under the Plan;

(vii)    maintain the books and records and accounts of the Liquidating Trust;

(viii)    invest Cash of the Liquidating Trust including any Cash from Net Proceeds realized from the liquidation of any Assets of the Liquidating Trust, including any Preserved Causes of Action, and any income earned thereon;

(ix)    incur and pay reasonable and necessary expenses in connection with the performance of duties under the Plan, including the reasonable fees and expenses of professionals retained by the Liquidating Trustee and the Estate Professionals;

(x)    subject to the Asset Purchase Agreement, administer each Debtor's tax obligations, including (A) filing tax returns and paying tax obligations, (B) requesting, if necessary, an expedited determination of any unpaid tax liability of each Debtor or its estate under section 505(b) of the Bankruptcy Code for all taxable periods of such Debtor ending after the Commencement Date through the liquidation of such Debtor as determined under applicable tax laws, and (C) representing the interest and account of each Debtor or its estate before any taxing authority in all matters including any action, suit, proceeding or audit;

(xi)    administer the Liquidating Trust's tax obligations, including (A) filing tax returns and paying tax obligations, (B) requesting, if necessary, an expedited determination of any unpaid tax liability of the Liquidating Trust for all taxable periods of the Liquidating Trust through the dissolution of the Liquidating Trust as determined under applicable tax laws, and (C) representing the interest and account of the Liquidating Trust before any taxing authority in all matters including any action, suit, proceeding or audit;

(xii)    prepare and file any and all returns, reports, statements, or disclosures relating to the Debtors and the Liquidating Trust that are required under the Plan, by any governmental unit or applicable law;

(xiii)    prepare and file on behalf of the Debtors and any non-Debtor subsidiaries, certificates of dissolution and any and all other corporate and company documents necessary to effectuate the Wind Down without further action under applicable law, regulation, order, or rule, including any action by the stockholders, members, the board of directors, or board of directors or similar governing body of the Debtors;

(xiv)    maintain such liability insurance for the Liquidating Trustee as the Liquidating Trustee reasonably shall deem to be appropriate;

(xv)    pay statutory fees; and

(xvi)    perform other duties and functions that are consistent with the implementation of the Plan and this Trust Agreement.

(b)    The Liquidating Trustee may serve on the board of directors of any subsidiary of the Liquidating Trust, provided the subsidiary's objective is consistent with that of the Liquidating Trust (i.e., to sell its assets and distribute the proceeds in liquidation).

(c)    Except as otherwise provided in this Trust Agreement, the Liquidating Trustee will not be required to obtain the order or approval of the Bankruptcy Court, or any other court of competent jurisdiction in, or account to the Bankruptcy Court or any other court of competent jurisdiction for, the exercise of any right, power or privilege conferred hereunder. Pursuant to the Plan, the Bankruptcy Court has retained jurisdiction for such purposes and may approve or disapprove any such proposed action upon motion by the Liquidating Trustee.

6.3    <u>Limitations on Liquidating Trustee</u>.  The Liquidating Trustee shall, on behalf of the Liquidating Trust, hold the Liquidating Trust out as a trust in the process of liquidation and not as an investment company.  The Liquidating Trustee shall be

restricted to the liquidation of the Liquidating Trust Assets on behalf, and for the benefit, of the Liquidating Trust Beneficiaries and the Distribution and application of the Liquidating Trust Assets for the purposes set forth in, and the conservation and protection of the Liquidating Trust Assets and the administration thereof in accordance with, the provisions of this Trust Agreement, the Plan and the Confirmation Order, and shall not take any action which will cause the Liquidating Trust to fail to qualify as a "liquidating trust" for the United States federal income tax purposes.

6.4    <u>Compensation and Expenses of the Liquidating Trustee</u>.    The Liquidating Trustee (including the individual(s) serving as or comprising the Liquidating Trustee) shall receive compensation for its actual, reasonable and documented services, to be paid out of the Liquidating Trust Assets, up to a total amount not to exceed $3 million. In addition, the Liquidating Trustee shall be entitled to reimburse itself from the Liquidating Trust Assets on a monthly basis for all actual, reasonable and documented out-of-pocket expenses incurred in the performance of duties in accordance with this Trust Agreement and the Plan.  The compensation of the Liquidating Trustee shall not exceed $3 million unless otherwise modified with the consent of PBGC or upon the provision of reasonable prior notice through the filing of a notice of such proposed modifications with the Bankruptcy Court and the opportunity for any Liquidation Trust Beneficiary to object to such modification.

6.5    <u>Settlement Procedures</u>.    The settlement of any (a) Claim or Preserved Cause of Action for which the Net Proceeds from such settlement are equal or greater than five million dollars ($5,000,000.00) or (b) Intercompany Claims shall be subject to the following procedures; <u>provided</u>, <u>however</u>, that notwithstanding the foregoing, no avoidance action arising under section 547 of the Bankruptcy Code or any comparable "preference" action arising under applicable non-bankruptcy law shall be subject to such procedures:

(a)    the Liquidating Trustee first must determine whether the terms of a proposed settlement are in the best interests of the Liquidating Trust Beneficiaries, in the exercise of its reasonable business judgment;

(b)    following such a determination, the Liquidating Trustee shall file or cause to be filed on the docket of the Chapter 11 Cases written notice of the material terms of the proposed settlement;

(c)    any parties in interest with standing shall have fourteen (14) days to object to any proposed settlement after the filing of such proposed settlement by the Liquidating Trustee;

(d)    if any party in interest with standing imposes an objection to such settlement, a hearing before the Bankruptcy Court shall be scheduled and the Liquidating Trust shall only be permitted to consummate the settlement by a finding by the Court that the terms of the proposed settlement meet the applicable standards set forth in section 363 of the Bankruptcy Code and Bankruptcy Rule 9019; and

(e)    if no party in interest with standing objects to the proposed settlement, the Bankruptcy Court shall be deemed to have approved such settlement pursuant to the applicable standards set forth in section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 and the Liquidating Trust shall be permitted to consummate the settlement.

6.6    Actions Taken on Other Than a Business Day.  In the event that any payment or act under the Plan or this Trust Agreement is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

6.7    Agents, Employees and Professionals.

(a)    The Liquidating Trust may, but shall not be required to, from time to time enter into contracts with, consult with and retain employees, officers and independent contractors, including attorneys, accountants, appraisers, disbursing agents or other parties determined by the Liquidating Trustee to have qualifications necessary or desirable to assist in the proper administration of the Liquidating Trust (collectively, the "Trust Professionals").  None of the professionals that represented parties-in-interest in the Bankruptcy Cases shall be precluded from being engaged by the Liquidating Trust solely on account of their service as a professional for such parties-in-interest prior to the Effective Date.  Following the Effective Date, any Trust Professional may be removed with or without Cause.

(b)    After the Effective Date, Trust Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidating Trustee and PBGC, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of such person, plus an itemized statement of expenses.  In the event of any dispute concerning the entitlement to, or the reasonableness of any compensation and/or expenses of any Trust Professionals, either the Liquidating Trustee, PBGC or the affected party may ask the Bankruptcy Court to resolve the dispute.  The Liquidating Trustee is authorized to pay compensation for services rendered or reimbursement of expenses incurred after the Effective Date in the ordinary course and without the need for Bankruptcy Court approval.

(c)    All payments to Trust Professionals shall be paid out of the Funding or as otherwise determined by the Liquidating Trustee.

6.8    Investment of Liquidating Trust Monies.  The Liquidating Trustee may invest Cash (including any earnings thereon or proceeds therefrom); provided, that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulations section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings or other controlling authorities.  All monies and other assets received by the Liquidating Trustee as Liquidating Trust Assets (including the proceeds thereof as a result of investment in accordance with this Section 6.8 of this Trust Agreement) shall, until distributed or paid over as herein provided, be held

28

in trust for the benefit of the Liquidating Trust Beneficiaries, and shall not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan.

6.9     Termination.   The duties, responsibilities and powers of the Liquidating Trustee shall terminate on the date the Liquidating Trust is wound up and dissolved in accordance with Delaware law pursuant to Section 3.2 of this Trust Agreement, under applicable law in accordance with the Plan, by an order of the Bankruptcy Court or by entry of a final decree closing the Bankruptcy Cases; provided, that Section 8.2 of this Trust Agreement, Section 8.4 of this Trust Agreement, Section 8.5 of this Trust Agreement and Section 8.6 of this Trust Agreement shall survive such termination, dissolution and entry.

6.10    Resident Trustee.

(a)     The Resident Trustee has been appointed and hereby agrees to serve as the trustee of the Liquidating Trust solely for the purpose of complying with the requirement of Section 3807(a) of the Trust Act that the Liquidating Trust have one trustee, which, in the case of a natural person, is a resident of the State of Delaware, or which in all other cases, has its principal place of business in the State of Delaware.  The duties and responsibilities of the Resident Trustee shall be limited solely to (i) accepting legal process served on the Liquidating Trust in the State of Delaware, (ii) the execution of any certificates required to be filed with the office of the Delaware Secretary of State that the Resident Trustee is required to execute under section 3811 of the Trust Act, and (iii) any other duties specifically allocated to the Resident Trustee in this Trust Agreement.  Except as provided in the foregoing sentence, the Resident Trustee shall have no management responsibilities or owe any fiduciary duties to the Liquidating Trust, the Liquidating Trustee, or the Liquidating Trust Beneficiaries.

(b)     By execution of this Agreement, the Resident Trustee accepts the Liquidating Trust created herein.  Except as otherwise expressly required by Section 6.10(a) of this Trust Agreement, the Resident Trustee shall not have any duty or liability with respect to the administration of the Liquidating Trust, the investment of the Liquidating Trust Assets or the Distribution of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries, and no such duties shall be implied.  The Resident Trustee shall not be liable for the acts or omissions of the Liquidating Trustee, nor shall the Resident Trustee be liable for supervising or monitoring the performance of the duties and obligations of the Liquidating Trustee under this Trust Agreement, except as expressly required by Section 6.10(a) of this Trust Agreement.  The Resident Trustee shall not be obligated to give any bond or other security for the performance of any of its duties hereunder.  The Resident Trustee shall not be personally liable under any circumstances, except for its own willful misconduct, bad faith or gross negligence.  Without limiting the foregoing:

(i)     the Resident Trustee shall not be personally liable for any error of judgment made in good faith, except to the extent such error of judgment constitutes willful misconduct, bad faith or gross negligence;

(ii)     no provision of this Trust Agreement shall require the Resident Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder if the Resident Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(iii)     the Resident Trustee shall not be personally liable for the validity or sufficiency of this Trust Agreement or for the due execution of this Trust Agreement by the other parties to this Trust Agreement;

(iv)     the Resident Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect;

(v)     the Resident Trustee may request the Liquidating Trustee to provide a certificate with regard to any fact or matter the manner of ascertainment of which is not specifically prescribed herein, and such certificate shall constitute full protection to the Resident Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon;

(vi)     in the exercise or administration of the Liquidating Trust hereunder, the Resident Trustee (a) may act directly or through agents or attorneys pursuant to agreements entered into with any of them, and (b) may consult with nationally recognized counsel selected by it in good faith and with due care and employed by it, and it shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel; and

(vii)     the Resident Trustee acts solely as Resident Trustee hereunder and not in its individual capacity, and all persons having any claim against the Resident Trustee by reason of the transactions contemplated by this Trust Agreement shall look only to the Liquidating Trust Assets for payment or satisfaction thereof.

(c)     The Resident Trustee shall be entitled to receive compensation out of the Liquidating Trust Assets from the Liquidating Trust for the services that the Resident Trustee performs in accordance with this Trust Agreement in accordance with such fee schedules as shall be agreed from time to time between the Resident Trustee and the Liquidating Trustee.  The Resident Trustee may also consult with counsel (who may be counsel for the Liquidating Trust or for the Resident Trustee) with

respect to those matters that relate to the Resident Trustee's role as the Delaware resident trustee of the Liquidating Trust, and the reasonable legal fees incurred in connection with such consultation shall be reimbursed out of the Liquidating Trust Assets to the Resident Trustee pursuant to this Section 6.10(c) of this Trust Agreement on terms acceptable to the Liquidating Trustee; provided that no such fees shall be reimbursed to the extent that they are incurred as a result of the Resident Trustee's gross negligence, bad faith or willful misconduct.

(d)     The Resident Trustee shall serve for the duration of the Liquidating Trust or until the earlier of (i) the effective date of the Resident Trustee's resignation, or (ii) the effective date of the removal of the Resident Trustee. The Resident Trustee may resign at any time by giving thirty (30) days' written notice to the Liquidating Trustee; provided, however, that such resignation shall not be effective until such time as a successor Resident Trustee has accepted appointment. The Resident Trustee may be removed at any time by the Liquidating Trustee by providing thirty (30) days' written notice to the Resident Trustee; provided, however, such removal shall not be effective until such time as a successor Resident Trustee has accepted appointment. Upon the resignation or removal of the Resident Trustee, the Liquidating Trustee shall appoint a successor Resident Trustee. If no successor Resident Trustee shall have been appointed and shall have accepted such appointment within forty-five (45) days after the giving of such notice of resignation or removal, the Resident Trustee may petition the Bankruptcy Court for the appointment of a successor Resident Trustee. Any successor Resident Trustee appointed pursuant to this Section 6.10(d) of this Trust Agreement shall be eligible to act in such capacity in accordance with this Trust Agreement and, following compliance with this Section 6.10(d) of this Trust Agreement, shall become fully vested with the rights, powers, duties and obligations of its predecessor under this Trust Agreement, with like effect as if originally named as Resident Trustee. Any such successor Resident Trustee shall notify the Resident Trustee of its appointment by providing written notice to the Resident Trustee and upon receipt of such notice, the Resident Trustee shall be discharged of its duties herein.

6.11    Fiduciary and Other Duties. Notwithstanding anything in the Plan or this Trust Agreement to the contrary, the Liquidating Trustee shall always act in the best interests of the Liquidating Trust Beneficiaries and in furtherance of the purpose of the Liquidating Trust as set forth in Section 10.2 of the Plan. The Liquidating Trustee shall have fiduciary duties to the Liquidating Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; provided, however, that the Liquidating Trustee shall not owe fiduciary obligations to any defendants or potential defendants of Preserved Causes of Action in their capacities as such, it being the intent of such fiduciary duties to ensure that the Liquidating Trustee's obligations are to maximize the value of the Liquidating Trust Assets, including the Preserved Causes of Action. Except for obligations expressly imposed on the Liquidating Trustee by this Trust Agreement, to the extent that, at law or in equity, the Liquidating Trustee has duties (including fiduciary duties) to the Liquidating Trust Beneficiaries or to any other person that is a party to or is otherwise bound by this Trust Agreement, such duties are hereby eliminated by this Trust Agreement

to the fullest extent permitted by applicable law; provided, however, that this Trust Agreement does not eliminate the implied contractual covenant of good faith and fair dealing.

## ARTICLE VII

### SUCCESSOR LIQUIDATING TRUSTEE

7.1     Resignation.     The Liquidating Trustee may resign from the Liquidating Trust by filing on the docket of the Chapter 11 Cases a written notice at least sixty (60) days prior to the expected date of resignation.  Such resignation shall become effective on the later to occur of (a) the date specified in such written notice and (b) the effective date of the appointment of a successor Liquidating Trustee in accordance with Section 7.4 of this Trust Agreement and such successor's acceptance of such appointment in accordance with Section 7.5 of this Trust Agreement.

7.2     Removal.  The Liquidating Trustee may be removed at any time for Cause.[4]  Any Liquidating Trust Beneficiary, on notice and hearing before the Bankruptcy Court, may seek removal of the Liquidating Trustee for Cause.  Such removal shall become effective on the date specified in order approval removal by the Bankruptcy Court. Notwithstanding the removal of the Liquidating Trustee pursuant to this Section 7.2, the rights of the resigning Liquidating Trustee under this Trust Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Liquidating Trustee following the effectiveness of such resignation.

7.3     Effect of Resignation or Removal.     The resignation, removal, incompetency, bankruptcy or insolvency of the Liquidating Trustee shall not operate to terminate the Liquidating Trust or to revoke any existing agency created pursuant to the terms of this Trust Agreement, the Plan or the Confirmation Order or invalidate any action theretofore taken by the Liquidating Trustee.  All fees and expenses properly incurred by the Liquidating Trustee prior to the resignation, incompetency or removal of the Liquidating Trustee shall be paid from the Liquidating Trust Assets, unless such fees and expenses are disputed by any Liquidating Trust Beneficiary, in which case the Bankruptcy Court shall resolve the dispute and any disputed fees and expenses of the predecessor Liquidating Trustee that are subsequently allowed by the Bankruptcy Court shall be paid from the Liquidating Trust Assets.  In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall: (x) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Liquidating Trustee or directed by the Bankruptcy Court to effect the termination of such Liquidating Trustee's capacity under this Trust Agreement, (y) promptly deliver to the

---

[4]  "Cause" shall mean: (i) the commission of a crime under the laws of the United States or any State thereof involving fraud, theft, false statements or other similar acts, or the commission of any crime that is a felony (or a comparable classification in a jurisdiction that does not use such terms) under such laws; or (ii) the willful or grossly negligent failure to perform employment-related duties for the Liquidating Trust.

successor Liquidating Trustee all material documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of such Liquidating Trustee and (z) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

7.4    Appointment of Successor.  Upon the resignation or dissolution of the Liquidating Trustee, the Liquidating Trustee shall recommend for appointment by the Bankruptcy Court a successor Liquidating Trustee which is acceptable to PBGC, to be appointed by the Bankruptcy Court.  In the event of the death, resignation, removal, bankruptcy or insolvency of the Liquidating Trustee, the Bankruptcy Court upon request or on its motion shall appoint a successor Liquidating Trustee on an interim or permanent basis.  For the avoidance of doubt, except as set forth in Section 6.2(b) of this Trust Agreement, under no circumstance, shall the successor Liquidating Trustee be a director or officer of any Affiliate of the Liquidating Trust.

7.5    Acceptance of Appointment by Successor Liquidating Trustee.  Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing and, in case of the Liquidating Trustee's resignation, to the resigning Liquidating Trustee. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges of its predecessor in the Liquidating Trust with like effect as if originally named Liquidating Trustee and shall be deemed appointed pursuant to Bankruptcy Code section 1123(b)(3)(B).  The resigning or removed Liquidating Trustee shall duly assign, transfer and deliver to such successor Liquidating Trustee all property and money held by such resigning or removed Liquidating Trustee hereunder and shall, as directed by the Bankruptcy Court or reasonably requested by such successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the trusts herein expressed, all the liabilities, duties, powers, rights, title, discretion and privileges of such resigning or removed Liquidating Trustee.

## ARTICLE VIII

## RELIANCE, LIABILITY AND INDEMNIFICATION

8.1    Reliance by the Liquidating Trustee.  Except as otherwise provided in this Trust Agreement, the Plan or the Confirmation Order, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.

8.2    Liability to Third Persons.  No Liquidating Trust Beneficiary shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Liquidating Trust Assets or the affairs of the Liquidating Trustee. The Liquidating Trustee and the Trust Professionals shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person (including, in the case of

the Liquidating Trustee, to any Trust Professionals retained by the Liquidating Trustee in accordance with this Trust Agreement) in connection with the Liquidating Trust Assets or the affairs of the Liquidating Trust and shall not be liable with respect to any action taken or omitted to be taken in good faith, except for actions and omissions determined by a final order of the Bankruptcy Court to be due to their respective gross negligence, intentional fraud, criminal conduct or willful misconduct, and all such persons shall look solely to the Liquidating Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the Liquidating Trust. Other than as set forth in the Plan or in the Confirmation Order, nothing in this Section 8.2 of this Trust Agreement shall be deemed to release any Liquidating Trust Beneficiary from any actions or omissions occurring prior to the Effective Date.

        8.3     Nonliability of Liquidating Trustee for Acts of Others. Except as provided herein, nothing contained in this Trust Agreement, the Plan or the Confirmation Order shall be deemed to be an assumption by the Liquidating Trustee or the Trust Professionals of any of the liabilities, obligations or duties of the Debtors or shall be deemed to be or contain a covenant or agreement by the Liquidating Trustee to assume or accept any such liability, obligation or duty. Any successor Liquidating Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so. The Liquidating Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. The Liquidating Trustee or any successor Liquidating Trustee shall not be liable for any act or omission of any predecessor Liquidating Trustee, nor have a duty to enforce any claims against any predecessor Liquidating Trustee on account of any such act or omission. No provision of this Trust Agreement shall require the Liquidating Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder if the Liquidating Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it.

        8.4     Exculpation. From and after the Effective Date, the Liquidating Trustee and the Trust Professionals shall be and hereby are exculpated by all Entities, including Liquidating Trust Beneficiaries, holders of Claims, and other parties-in-interest, from any and all claims, Causes Of Action and other assertions of liability arising out of or related to the discharge of their respective powers and duties conferred by the Plan, this Trust Agreement or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law or otherwise, except for actions or omissions to act that are determined by final order of the Bankruptcy Court to have arisen out of their own respective intentional fraud, criminal conduct, gross negligence or willful misconduct. No Liquidating Trust Beneficiary, holder of a Claim or other party-in-interest shall have or be permitted to pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trust, the employees, professionals or representatives of either the Liquidating Trustee or the Liquidating Trust (including the Trust Professionals), for making payments in accordance with, or for implementing, the provisions of the Plan, the Confirmation Order

and this Trust Agreement.  Any action taken or omitted to be taken with the express approval of the Bankruptcy Court, the Liquidating Trustee shall conclusively be deemed not to constitute gross negligence or willful misconduct.

8.5   <u>Limitation of Liability</u>.  The Liquidating Trustee and the Trust Professionals will not be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement or any other matter relating to this Trust Agreement under any circumstances.

8.6   <u>Indemnity</u>.  The Liquidating Trustee (including the individual(s) serving as or comprising the Liquidating Trustee), the employees of the Liquidating Trust and their respective agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives and principals, including the Trust Professionals (collectively, the "<u>Indemnified Parties</u>") shall be indemnified by the Liquidating Trust solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses occurring after the Effective Date, including reasonable attorneys' fees, disbursements and related expenses which the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against one or more of the Indemnified Parties on account of the acts or omissions in their capacity as, or on behalf of, the Liquidating Trustee; <u>provided</u>, <u>however</u>, that the Liquidating Trust shall not be liable to indemnify any Indemnified Party for any act or omission arising out of such Indemnified Party's respective gross negligence, fraud or willful misconduct as determined by a Final Order of the Bankruptcy Court.  Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, except for any actions or omissions arising  from their own respective willful misconduct, fraud or gross negligence; <u>provided</u>, <u>however</u>, that the Indemnified Parties receiving such advances shall repay the amounts so advanced, without interest, to the Liquidating Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this <u>Section 8.6</u> of this Trust Agreement.  The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified.

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

9.1   <u>Governing Law</u>.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent that any document to be entered into in connection herewith provides otherwise, the rights, duties, and obligations arising under this Trust Agreement shall be governed by, and construed and enforced in accordance with, the Bankruptcy Code and, to the extent not inconsistent therewith, the laws of the State of Delaware, without giving effect to principles of conflicts of laws.

9.2     Jurisdiction.  Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust and the Liquidating Trustee, including the administration and activities of the Liquidating Trust and the Liquidating Trustee, and, pursuant to the Plan, the Bankruptcy Court has retained such jurisdiction; provided, however, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction (including the Bankruptcy Court) to prosecute any Claims or Causes of Action assigned to the Liquidating Trust.

9.3     Severability.  In the event any provision of this Trust Agreement or the application thereof to any person or circumstances shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Trust Agreement shall be valid and enforceable to the full extent permitted by law.

9.4     Notices.  Any notice or other communication required or permitted to be made under this Trust Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by email (with receipt acknowledged), or sent by nationally recognized overnight delivery service (with delivery receipt provided):

      (i)     if to the Liquidating Trust, to:

Mohsin Y. Meghji
c/o M3 Advisory Partners, LP
1700 Broadway, 19th Floor
New York, New York 10019
Email: mmeghji@m3-partners.com

with a copy to:

Charles H. F. Garner, Esq.
M3 Advisory Partners, LP
1700 Broadway, 19th Floor
New York, New York 10019
Email: cgarner@m3-partners.com

      (ii)     if to the Resident Trustee, to:

[●]
Email: [●]

with a copy to:

[●]
Attention: [●]
Email: [●]

(iii)    if to any Liquidating Trust Beneficiary, to the last known address of such Liquidating Trust Beneficiary according to the Debtors' Schedules, such Liquidating Trust Beneficiary's proof of claim or the lists of record holders provided to the Liquidating Trustee.

9.5    Headings.  The headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision of this Trust Agreement.

9.6    Controlling Document.  In the event of any conflict between the terms and provisions in the Plan and the terms and provisions in the Disclosure Statement, the Plan Supplement, any other instrument or document created or executed pursuant to the Plan, or any order (other than the Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), the Plan shall govern and control; provided that, in the event of a conflict between this Trust Agreement, on the one hand, and any of the Plan, the Plan Supplement or the Definitive Documents, on the other hand, this Trust Agreement shall govern and control in all respects relating to the Liquidating Trust; provided further that, in the event of a conflict between the Confirmation Order, on the one hand, and any of the Plan, the Plan Supplement (other than as set forth herein with respect to this Trust Agreement), the Definitive Documents, on the other hand, the Confirmation Order shall govern and control in all respects.

9.7    Entire Trust Agreement.  This Trust Agreement (including the recitals and annex hereto), the Plan and the Confirmation Order constitute the entire agreement by and among the parties and supersede all prior and contemporaneous agreements or understandings by and among the parties with respect to the subject matter of this Trust Agreement.

9.8    Cooperation.  Subject to Section 1.8 of this Trust Agreement, from and after the Effective Date, the Debtors', including the Restructuring Subcommittee's, professionals shall promptly upon the request of the Liquidating Trustee (a) turn over or otherwise make available to the Liquidating Trust at no cost to the Liquidating Trust or the Liquidating Trustee, any books and records of the Debtors held by such professionals, and (b) subject to payment of reasonable and documented fees and expenses incurred by such professionals (1) make available information, including electronic records or documents, reasonably required by the Liquidating Trust to carry out its duties hereunder and (2) otherwise reasonably cooperate with the Liquidating Trust in carrying out its duties hereunder, subject, in the case of (a) and (b), to the confidentiality provisions herein to preserve the confidential nature of the Debtors' books and records.

9.9    Amendment and Waiver.  The Liquidating Trustee may, from time to time, modify, supplement, or amend this Trust Agreement but only to clarify any

37

ambiguity or inconsistency, or render the Trust Agreement in compliance with its stated purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment, or distribution of any Liquidating Trust Beneficiary; provided that any such amendment which alters the duties or liabilities of the Resident Trustee shall also require the consent of the Resident Trustee.  Notwithstanding this Section 9.9 of this Trust Agreement, any amendment to this Trust Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with Treasury Regulations section 301.7701-4(d) and Section 1.2 of this Trust Agreement.  The Liquidating Trustee, with the approval of the Bankruptcy Court, may, from time to time, otherwise modify, supplement, or amend this Trust Agreement.

9.10    Confidentiality.  The Liquidating Trustee and each of its employees, members, agents, professionals and advisors, including the Trust Professionals (each a "Confidential Party" and, collectively, the "Confidential Parties") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Debtor to which any of the Liquidating Trust Assets relates; provided, however, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties; or (b) such disclosure is required of the Confidential Parties pursuant to legal process including subpoena or other court order or other applicable laws or regulations; or (c) such disclosure is otherwise expressly contemplated by this Trust Agreement.  In the event that any Confidential Party is requested to divulge confidential information pursuant to this clause (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee to allow sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee in making any such objection, including appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

9.11    Meanings of Other Terms.  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities.  The words herein and words of similar import refer to this Trust Agreement as a whole and not to any particular Article, Section or subdivision of this Trust Agreement.  The term "including" shall mean "including, without limitation."

9.12    Counterparts.  This Trust Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or portable document file (PDF) signature of any party shall be considered to have the same binding legal effect as an original signature.

9.13    Intention of Parties to Establish Liquidating Trust.  This Trust Agreement is intended to create a liquidating trust for United States federal income tax

purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Trust Agreement may be amended to comply with such United States federal income tax laws, which amendments may apply retroactively.

[Signature Page Follows]

**IN WITNESS WHEREOF**; the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

**[SHC]**

By: _____
     Name:
     Title:

**[INSERT SIGNATURE BLOCKS FOR OTHER DEBTORS]**

**M3 ADVISORY PARTNERS, LP, solely in its capacity as Liquidating Trustee and not in any individual capacity**

By: _____
     Name: Mohsin Y. Meghji
     Title:  Managing Partner

 **[[●]**, not in its individual capacity, but solely as Resident Trustee

By: _____
     Name: ]

**<u>Exhibit 1</u>**

**Changed Pages Only Redline**

WEIL:\98786608\1\73217.0004

**AMENDED AND RESTATED LIQUIDATING TRUST AGREEMENT OF**

**SRZ LIQUIDATING TRUST**

**DATED AS OF [  ], 20192022**

**BY AND AMONG**

**[  ]M3 ADVISORY PARTNERS, LP, AS LIQUIDATING TRUSTEE,**

**[  ] AS RESIDENT TRUSTEE and**

**THE DEBTOR PARTIES HERETO**

**Table of Contents**

Article I

DECLARATION OF TRUST

| | | |
|---|---|---|
| 1.1 | Creation of Trust | 3 |
| 1.2 | Purpose of Liquidating Trust | 3 |
| 1.3 | Transfer of Liquidating Trust Assets | 3 |
| 1.4 | Appointment and Acceptance of Liquidating Trustee | ~~5~~4 |
| 1.5 | Liquidation of Liquidating Trust Assets | 5 |
| 1.6 | No Reversion to Debtors | ~~6~~5 |
| 1.7 | Incidents of Ownership | ~~6~~5 |
| 1.8 | Privileges | 6 |

Article II

LIQUIDATING TRUST BENEFICIARIES

| | | |
|---|---|---|
| 2.1 | Conflicting Claims | 7 |
| 2.2 | Rights of Liquidating Trust Beneficiaries | ~~8~~7 |
| 2.3 | Evidence of Liquidating Trust Interest | 8 |
| 2.4 | Transfers of Liquidating Trust Interests | 8 |
| 2.5 | Limited Liability | 9 |

Article III

DURATION AND TERMINATION OF LIQUIDATING TRUST

| | | |
|---|---|---|
| 3.1 | Duration | ~~10~~9 |
| 3.2 | Dissolution of the Liquidating Trust | ~~10~~9 |
| 3.3 | Continuance of Liquidating Trust for Winding Up | ~~11~~10 |

Article IV

ADMINISTRATION OF THE LIQUIDATING TRUST

| | | |
|---|---|---|
| 4.1 | Payment of Claims, Expenses and Liabilities | 11 |
| 4.2 | Distributions | ~~12~~11 |
| 4.3 | Compliance with Laws | ~~19~~18 |
| 4.4 | Fiscal Year | 19 |
| 4.5 | Books and Records | 19 |
| 4.6 | Cash Payments | ~~20~~19 |
| 4.7 | Insurance | ~~20~~19 |
| 4.8 | Reports | ~~20~~19 |

WEIL:\97208898\2\73217.0003

Article V

TAX MATTERS

5.1    Liquidating Trustee's Tax Power for Debtors ................................ ~~21~~20
5.2    Liquidating Trust Assets Treated as Owned by Liquidating Trust
       Beneficiaries ................................................................ ~~22~~20
5.3    Liquidating Trust Tax Status ............................................... ~~22~~21
5.4    Tax Reporting .............................................................. ~~22~~21
5.5    Tax Withholdings by Liquidating Trustee .................................... ~~24~~23

Article VI

POWERS OF AND LIMITATIONS ON THE LIQUIDATING TRUSTEE ~~AND THE LIQUIDATING TRUST BOARD~~

6.1    Liquidating Trustee ....................................................... ~~25~~24
6.2    Powers of the Liquidating Trustee ......................................... ~~26~~24
6.3    Limitations on Liquidating Trustee ........................................ ~~28~~26
6.4    Compensation and Expenses of the Liquidating Trustee ...................... ~~30~~27
6.5    ~~Establishment of Liquidating Trust Board~~ ............................... ~~30~~
6.6~~5~~    Settlement Procedures ................................................. ~~33~~27
6.7~~6~~    Actions Taken on Other Than a Business Day ............................ ~~34~~28
6.8~~7~~    Agents, Employees and Professionals .................................. ~~34~~28
6.9~~8~~    Investment of Liquidating Trust Monies ............................... ~~36~~28
~~6.10~~6.9    Termination ....................................................... ~~36~~29
6.1~~1~~0    Resident Trustee ..................................................... ~~36~~29
6.1~~2~~1    Fiduciary and Other Duties ........................................... ~~39~~31

Article VII

SUCCESSOR LIQUIDATING TRUSTEE

7.1    Resignation ............................................................... ~~39~~32
7.2    Removal ................................................................... ~~39~~32
7.3    Effect of Resignation or Removal .......................................... ~~39~~32
7.4    Appointment of Successor .................................................. ~~40~~33
7.5    Acceptance of Appointment by Successor Liquidating Trustee ................. ~~40~~33

Article VIII

RELIANCE, LIABILITY AND INDEMNIFICATION

8.1    Reliance by the Liquidating Trustee ~~and the Members of the Liquidating Trust Board 41~~ ................................................ 33
8.2    Liability to Third Persons ................................................ ~~41~~33

WEIL:\97208898\2\73217.0003

8.3    Nonliability of Liquidating Trustee ~~and Liquidating Trust Board~~ for Acts
       of Others ............................................................................................ 4134
8.4    Exculpation ......................................................................................... 4234
8.5    Limitation of Liability ........................................................................ 4235
8.6    Indemnity ............................................................................................ 4235

## Article IX

## MISCELLANEOUS PROVISIONS

9.1    Governing Law .................................................................................... 4335
9.2    Jurisdiction ......................................................................................... 4336
9.3    Severability ......................................................................................... 4336
9.4    Notices ................................................................................................ 4436
9.5    Headings .............................................................................................. 4537
9.6    Controlling Document ........................................................................ 4537
9.7    Entire Trust Agreement ..................................................................... 4537
9.8    Cooperation ........................................................................................ 4537
9.9    Amendment and Waiver ..................................................................... 4537
9.10   Confidentiality .................................................................................... 4638
9.11   Meanings of Other Terms .................................................................. 4638
9.12   Counterparts ....................................................................................... 4638
9.13   Intention of Parties to Establish Liquidating Trust ......................... 4638

WEIL:\97208898\2\73217.0003

# ~~AMENDED AND RESTATED~~ LIQUIDATING TRUST AGREEMENT OF SRZ LIQUIDATING TRUST

THIS ~~AMENDED AND RESTATED~~ LIQUIDATING TRUST AGREEMENT OF SRZ LIQUIDATING TRUST, dated as of [   ], ~~2019~~2022 (this "Trust Agreement"), is by and among Sears Holdings Corporation, Kmart Holding Corporation, Kmart Operations LLC, Sears Operations LLC, Sears, Roebuck and Co., ServiceLive Inc., SHC Licensed Business LLC, A&E Factory Service, LLC, A&E Home Delivery, LLC, A&E Lawn & Garden, LLC, A&E Signature Service, LLC, FBA Holdings Inc., Innovel Solutions, Inc., Kmart Corporation, MaxServ, Inc., Private Brands, Ltd., Sears Development Co., Sears Holdings Management Corporation, Sears Home & Business Franchises, Inc., Sears Home Improvement Products, Inc., Sears Insurance Services, L.L.C., Sears Procurement Services, Inc., Sears Protection Company, Sears Protection Company (PR) Inc., Sears Roebuck Acceptance Corp., SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.), SYW Relay LLC, Wally Labs LLC, SHC Promotions LLC, Big Beaver of Florida Development, LLC, California Builder Appliances, Inc., Florida Builder Appliances, Inc., KBL Holding Inc., KLC, Inc., Kmart of Michigan, Inc., Kmart of Washington LLC, Kmart Stores of Illinois LLC, Kmart Stores of Texas LLC, MyGofer LLC, Sears Brands Business Unit Corporation, Sears Holdings Publishing Company, LLC, Sears Protection Company (Florida), L.L.C., SHC Desert Springs, LLC, SOE, Inc., StarWest, LLC, STI Merchandising, Inc., Troy Coolidge No. 13, LLC, BlueLight.com, Inc., Sears Brands, L.L.C., Sears Buying Services, Inc., Kmart.com LLC, Sears Brands Management Corporation and SRe Holding Corporation (collectively, the "Debtors"), as debtors and debtors-in-possession, ~~[   ],~~M3 Advisory Partners, LP, formerly known as and retained in the case as M-III Advisory Partners, LP ("**M3**") (ECF No. 814), as liquidating trustee (together with any successor or additional trustee appointed under the terms of this Trust Agreement, including Section 6.1 of this Trust Agreement, the "Liquidating Trustee"), and [   ] as the Delaware resident trustee (together with any successor Delaware resident trustee appointed under the terms of this Trust Agreement, the "Resident Trustee"), of the SRZ Liquidating Trust established pursuant to the Plan (the "Liquidating Trust").[1]

## BACKGROUND

A.    On October 15, 2018, (the "Petition Date") (or, with respect to certain Debtors as applicable, following the Petition Date), each of the Debtors filed a voluntary petition for relief commencing cases under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated July 9, 2019 (ECF No. 4476), as confirmed (including all exhibits thereto, as the same may be further amended, modified or supplemented from time to time, the "Plan").

WEIL:\97208898\2\73217.0003

B.      On June 28, 2019, the Debtors filed the Plan (ECF No. 4389) and the disclosure statement relating to the Plan (ECF No. 4390) with the Bankruptcy Court, as such Plan was modified on July 9, 2019 (as the same was and may be further amended, modified or supplemented thereafter in accordance with its terms and applicable law);

C.      On August [   ]October 15, 2019, the Bankruptcy Court entered an order confirming the Plan (ECF No. 5370) (the "Confirmation Order");

D.      On August 9, 2022, the Debtors and the Creditors' Committee filed a motion for approval of a settlement agreement concerning, among others, certain of the Jointly Asserted Causes of Action and certain additional matters in connection with the Chapter 11 Cases, as well as the approval of certain modifications to the Plan (ECF No. 10566) (the "Settlement Motion");

E.      On [   ], 2022, the Bankruptcy Court entered an order approving the Settlement Motion (ECF No. [   ]) (the "Settlement Order");

DF.      The Plan provides for, among other things, the creation of a liquidating trust on the Effective Date for the sole purpose of liquidating and administering the Liquidating Trust Assets and making Distributions on account thereof as provided for under the Plan in accordance with section 301.7701-4(d) of the regulations promulgated under the Tax Code (the "Treasury Regulations"), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust;

EG.      The Liquidating Trust is intended to qualify as a "liquidating trust" under section 301.7701-4(d) of the Treasury Regulations, and as such, as a "grantor trust" for United States federal income tax purposes with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust (other than with respect to any assets allocable to, or retained on account of, Disputed Claims, which shall be governed by Section 4.2(f) 4.2(f) of this Trust Agreement);

FH.      [On [   ], 20192022, the Resident Trustee [and the Liquidating Trustee] executed and filed with the Delaware Secretary of State a Certificate of Trust providing for the formation of a trust formed pursuant to the Trust Act (as defined below)] and a trust agreement for the Liquidating Trust, was executed by the Resident Trustee [and the Liquidating Trustee] [on [   ], 2019] (the "Interim Liquidating Trust Agreement");] [2] [3]

---

[2]   Note to Draft: It is anticipated that the Trust will be formed on a date prior to the Effective Date of the Plan to allow for administrative actions, and that this Liquidating Trust Agreement will become effective on the Effective Date of the Plan.

[3]   Note to Draft: Every person who is a trustee at the time of the creation of the trust is required to sign the Certificate of Trust. If the trust is formed pursuant to a "short form" trust agreement only the Resident Trustee will be required to sign. Form of trust to be determined by the Debtors and the Creditors' Committee.

WEIL:\97208898\2\73217.0003

~~G~~I.    The Liquidating Trust was established and is effective for the benefit of the Liquidating Trust Beneficiaries; and

~~H~~J.    The duties and powers of the Liquidating ~~Trust Board and Liquidating~~ Trustee~~, with the approval and/or at the direction of the Liquidating Trust Board,~~ shall include all powers necessary to implement the Plan and to administer and monetize the Liquidating Trust Assets, including, without limitation, the duties and powers listed in the Plan.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein, the parties hereto hereby amend and restate the Interim Liquidating Trust Agreement in its entirety and agree as follows:

## ARTICLE I

## DECLARATION OF TRUST

1.1    <u>Creation of Trust</u>.    The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order <u>(as modified by the Settlement Order)</u> and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, hereby continue and create the Liquidating Trust, which shall continue to bear the name "SRZ Liquidating Trust."  In connection with the exercise of the Liquidating Trustee's power hereunder, the Liquidating Trustee may use this name or such variation thereof ~~(with the approval and/or at the direction of the Liquidation Trust Board)~~ as the Liquidating Trustee sees fit.

1.2    <u>Purpose of Liquidating Trust</u>.    The sole purpose of the Liquidating Trust is to implement the Plan <u>and Confirmation Order (each as modified by the Settlement Order)</u> on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, and to serve as a mechanism for liquidating, converting to Cash and distributing the Liquidating Trust Assets in accordance with Treasury Regulations section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.  The Liquidating Trust shall not be deemed a successor in interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Trust Agreement.

1.3    <u>Transfer of Liquidating Trust Assets</u>.

(a)    On the Effective Date, and in accordance with sections 1123 and 1141 of the Bankruptcy Code and pursuant to the terms of the Plan and the Confirmation Order, all title and interest in all of the Liquidating Trust Assets, which constitute all assets of the Debtors that have not been distributed on or prior to the Effective Date, including without limitation all remaining General Assets, ~~Specified~~<u>all</u> Causes of Action~~s~~ ~~(including, but not limited to, all claims previously asserted in the adversary proceeding captioned~~ *Sears Holdings Corp. v. Lampert*, ~~Adv. Proc. No. 19-~~

3

08250 (RDD) (Bankr. S.D.N.Y.)), and the Credit Bid Release Consideration, and funds received pursuant to the Settlement Order, as well as the rights and powers of each Debtor in such Liquidating Trust Assets, including, without limitation, all of the Debtors' rights under the Asset Purchase Agreement, shall irrevocably and automatically vest in the Liquidating Trust, free and clear of all liens, Claims, encumbrances and Interests (legal, beneficial or otherwise) for the benefit of the Liquidating Trust Beneficiaries. Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Debtors shall have no interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust. Upon delivery of the Liquidating Trust Assets to the Liquidating Trust, the Debtors and their predecessors, successors and assigns, shall be released from all liability with respect to the delivery thereof and shall have no reversionary or further interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust in accordance with Section 10.3 of the Plan. Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

(b) On the Effective Date, there shall be set aside out of the Liquidating Trust Assets the amount of Cash that was reasonably determined by the Debtors and the Creditors' Committee prior to the Effective Date Liquidating Trustee to be necessary to fund the activities of the Liquidating Trust, which amount is anticipated to be approximately twenty-five million dollars ($25,000,000) (the "Funding"); provided, however, that the Funding may be increased from time to time during the term of the Liquidating Trust from the proceeds of the Liquidating Trust Assets or from such other sources as may be determined in the sole discretion of the Liquidating Trust Board. (the "Funding").

(c) On the Effective Date, in accordance with the Plan, the deposit account at Bank of America, N.A. (the "Wind Down Account") shall be held on behalf of the Liquidating Trust. The Wind Down Account and the amounts on deposit in the Wind Down Account shall be available and used only to satisfy wind down costs of the Debtors and the Liquidating Trust and, except as otherwise ordered by the Bankruptcy Court, shall not be subject to any prepetition liens or any liens or superpriority Claims granted under the Final DIP ABL Order, the Confirmation Order or the Plan; provided that any funds remaining in the Wind Down Account at the Closing Date of the Debtors' estates by the Liquidating Trustee shall be distributed as General Assets pursuant to the Plan and the Liquidating Trust Agreement.

(c) (d) Notwithstanding anything in this Trust Agreement to the contrary, nothing herein shall preclude the Liquidating Trustee Board from seeking additional financing from sources other than the Liquidating Trust Assets in the discharge of its responsibilities under the Plan, the Confirmation Order and this Trust Agreement.

(d) (e) The transfer of the Liquidating Trust Assets shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax, pursuant to section 1146(a) of the Bankruptcy Code.

4

(e)    (f) The Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Trust Agreement and any earnings, including interest, on any of the foregoing shall be held and be applied by the Liquidating Trustee in accordance with the terms of this Trust Agreement, the Plan and the Confirmation Order for the benefit of the Liquidating Trust Beneficiaries, and for no other party, subject to the further covenants, conditions and terms set forth in this Trust Agreement. The Liquidating Trust Assets shall be held in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms of the Plan, the Confirmation Order and this Trust Agreement.

(f)    (g) The Debtors, the Liquidating Trustee and the Liquidating Trust Board, and any party under the control of such parties, hereby agree to execute any documents or other instruments and shall take all other steps as necessary to cause title to the Liquidating Trust Assets to be transferred to the Liquidating Trust in accordance with the Plan, the Confirmation Order and this Trust Agreement.

1.4    Appointment and Acceptance of Liquidating Trustee. As set forth in the Plan, the members of the Liquidating Trust Board Settlement Order, the Litigation Designees (as defined in the Confirmation Order) hereby designate the Liquidating Trustee in connection with the applicable provisions of the Delaware Statutory Trust Act, 12 Del. C. § 3801 *et seq.*, as the same may from time to time be amended, or any successor statute (the "Trust Act") to serve as the initial Liquidating Trustee under the Plan. The Liquidating Trustee shall be deemed to be appointed pursuant to Bankruptcy Code section 1123(b)(3)(B). The Liquidating Trustee accepts the Liquidating Trust created by this Trust Agreement in accordance with the terms of the Plan, the Confirmation Order (as modified by the Settlement Order) and this Trust Agreement and the grant, assignment, transfer, conveyance and delivery to the Liquidating Trust, on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, by the Debtors of all of their respective right, title and interest in the Liquidating Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan and in the Confirmation Order (as modified by the Settlement Order). The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purpose of the Liquidating Trust and not otherwise. The Liquidating Trustee, with the approval and/or at the direction of the Liquidating Trust Board, shall have the authority to bind the Liquidating Trust within the limitations set forth in this Trust Agreement, but shall. fFor all purposes hereunder, the Liquidating Trustee shall be acting in the capacity as Liquidating Trustee, and not individually. The Liquidating Trustee shall have no liability hereunder in its individual capacity.

1.5    Liquidation of Liquidating Trust Assets. The Liquidating Trustee shall, in an expeditious but commercially reasonable manner and subject to the provisions of the Plan, the Confirmation Order and the other provisions of this Trust Agreement, liquidate and convert to Cash the Liquidating Trust Assets, make timely Distributions in accordance with the terms of this Trust Agreement, the Plan and the Confirmation Order and not unduly prolong the existence of the Liquidating Trust. The Liquidating Trustee shall, with the approval and/or at the direction of the Liquidating Trust Board, liquidate the Liquidating Trust Assets in an effort to maximize net

WEIL:\97208898\2\73217.0003

recoveries ~~and the Liquidating Trust Board~~ and the Liquidating Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of recoveries and the determinations and actions of the Liquidating ~~Trust Board and the Liquidating~~ Trustee shall in all cases be subject to the limitations provided in this Trust Agreement. Subject to the terms of this Trust Agreement, such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or Causes of Action or through the sale or other disposition of the Liquidating Trust Assets (in whole or in combination, and including the sale of any claims, rights or Causes of Action). The Liquidating Trustee,~~ with the approval and/or at the direction of the Liquidating Trust Board,~~ may incur any reasonable and necessary expenses in connection with the liquidation and conversion of the Liquidating Trust Assets into Cash or in connection with the administration of the Liquidating Trust and, to the extent that any Funding ~~(as defined herein)~~ is available, such expenses shall be deducted from the Funding; provided, however, that to the extent that the Funding is insufficient, such expenses shall be deducted from the Liquidating Trust Assets.

1.6     No Reversion to Debtors. In no event shall any part of the Liquidating Trust Assets revert to or be distributed to any Debtor.

1.7     Incidents of Ownership. Except as provided in Section 1.6 of this Trust Agreement, the Liquidating Trust Beneficiaries shall be the sole beneficiaries of the Liquidating Trust and the Liquidating Trust Assets, and the Liquidating Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein, in the Plan and in the Confirmation Order, including those powers set forth in Section 6.2 of this Trust Agreement.

1.8     Privileges.

(a)     All attorney-client privileges, work product protections and other privileges, immunities or protections from disclosure (the "Privileges") held by any one or more of the Debtors (including the Restructuring Subcommittee and any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors) and the Creditors' Committee (together the "Privilege Transfer Parties") related in any way to the Liquidating Trust Assets and the purpose of the Liquidating Trust (the "Transferred Privileged Information") are hereby transferred and assigned exclusively to the Liquidating Trust~~; provided, however, that the extent of the Debtors' authority to assign Privileges, if any, held by the Related Party Transactions Subcommittee (the "RPT Subcommittee") and the Special Committee created on or about April 28, 2018 (the "Special Committee") shall be subject to later determination. Upon such determination regarding the extent of the Debtors' authority to assign Privileges, if any, held by the RPT Subcommittee and/or the Special Committee, all such Privileges shall be deemed to have transferred as of the Effective Date in accordance with this Section~~. The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce a

6

privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)    The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidating Trust,– consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidating Trust and the Liquidating Trust Beneficiaries.  The Liquidating Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)    The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Liquidating Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody or control.  The Liquidating Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including attorneys, professionals, consultants and experts, and no such person may object to the production to the Liquidating Trust of such Transferred Privileged Information on the basis of a Privilege.  Until and unless the Liquidating Trust makes a determination to waive any Privilege with respect to such Transferred Privileged Information, Transferred Privileged Information shall be produced solely to the Liquidating Trust.  For the avoidance of doubt, this Subsection is subject in all respects to 1.8(a) of the Trust Agreement.

(d)    Pursuant to, *inter alia*, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidating Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidating Trust, on the other hand, or any of their respective employees, professionals or representatives.

(e)    If a Privilege Transfer Party, the Liquidating Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information.  In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Liquidating Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

WEIL:\97208898\2\73217.0003

## ARTICLE II

## LIQUIDATING TRUST BENEFICIARIES

2.1    <u>Conflicting Claims</u>.  If any conflicting claims or demands are made or asserted with respect to a Liquidating Trust Interest, the Liquidating Trustee shall, with the approval and/or at the direction of the Liquidating Trust Board, be entitled to refuse to comply with any such conflicting claims or demands.  In so refusing, the Liquidating Trustee, with the approval and/or at the direction of the Liquidating Trust Board, may elect to make no payment or Distribution with respect to the Liquidating Trust Interest subject to the claims or demands involved, or any part thereof, and the Liquidating Trustee shall promptly refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  In so doing, the Liquidating Trustee shall not be or become liable to any party for its refusal to comply with any of such conflicting claims or demands.  The Liquidating Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court (or such other court of proper jurisdiction) or (b) all differences have been resolved by a written agreement among all of such parties and the Liquidating Trustee (with the approval and/or at the direction of the Liquidating Trust Board), which agreement shall include a complete release of the Liquidating Trust, the Liquidating Trustee and the Liquidating Trustee Boardand its employees, professionals and representatives (the occurrence of either (a) or (b) in this <u>Section 2.1</u> of this Trust Agreement being referred to as a "<u>Dispute Resolution</u>").  Promptly after a Dispute Resolution is reached, the Liquidating Trustee shall transfer the payments and Distributions, if any, in accordance with the terms of such Dispute Resolution.  Any payment of any interest or income should be net of any taxes attributable thereto in accordance with <u>Section 5.5</u> of this Trust Agreement.

2.2    <u>Rights of Liquidating Trust Beneficiaries</u>.  Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder according to the terms of its Liquidating Trust Interests.  The Liquidating Trust Interests shall not have consent or voting rights or otherwise confer on the Liquidating Trust Beneficiaries any rights similar to the rights of a shareholder of a corporation in respect of any actions taken or to be taken by the Liquidating Trust Board and/or the Liquidating Trustee in connection with the Liquidating Trust.  The interests of a Liquidating Trust Beneficiary are hereby declared and shall be in all respects personal property.  Except as expressly provided hereunder, a Liquidating Trust Beneficiary shall have no title to, right to, possession of, management of or control of the Liquidating Trust or the Liquidating Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.  No surviving spouse, heir or devisee of any deceased Liquidating Trust Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to the Liquidating Trust Assets shall be vested exclusively in the Liquidating Trust and the sole interest of the Liquidating Trust Beneficiaries shall be the

WEIL:\97208898\2\73217.0003

rights and benefits given to such person under this Trust Agreement, the Confirmation Order and the Plan.

2.3    Evidence of Liquidating Trust Interest.   Ownership of a Liquidating Trust Interest will be evidenced by the recording of such ownership in an electronic book-entry system (the "Book Entry System") maintained either by the Liquidating Trust or an agent of the Liquidating Trust.  A Liquidating Trust Beneficiary shall be deemed the "holder of record" (hereinafter "holder") of such Liquidating Trust Beneficiary's Liquidating Trust Interest(s) for purposes of all applicable United States federal and state laws, rules and regulations.  The Liquidating Trustee shall, upon the written request of a holder of a Liquidating Trust Interest, provide reasonably adequate documentary evidence of such holder's Liquidating Trust Interest, as indicated in the Book Entry System.  The expense of providing such documentation shall be borne by the requesting holder.  For the avoidance of doubt, ownership of a Liquidating Trust Interest will not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except the Book Entry System.

2.4    Transfers of Liquidating Trust Interests.

(a)    General.   Liquidating Trust Interests shall not be transferable or assignable except by will, intestate succession or otherwise by operation of law.

(b)    Book Entry System.  Pursuant to the Book Entry System, the Liquidating Trust shall maintain, or cause an agent of the Liquidating Trust (which agent may be the Liquidating Trustee) to maintain, a register (which may be electronic) setting forth the names and addresses of the Liquidating Trust Beneficiaries, and the amount and class (if any) of their Liquidating Trust Interests from time to time.  Any transfer or assignment of a Liquidating Trust Interest by will, intestate succession or otherwise by operation of law shall not be effective against or binding upon the Liquidating Trust unless and until such transfer or assignment is recorded in the Book Entry System, which shall be completed as soon as practicable.  Subject to Section 2.4(d) of this Trust Agreement, the entries in the Book Entry System shall be conclusive absent manifest error, and the Liquidating Trust and the Liquidating Trustee shall treat each person whose name is recorded in the Book Entry System pursuant to the terms of this Trust Agreement as the owner of Liquidating Trust Interests indicated therein for all purposes of this Trust Agreement, notwithstanding notice to the contrary.

(c)    Registration.  If the Liquidating Trustee, ~~with the approval of the Liquidating Trust Board and~~ upon advice of counsel, determines that any class of Liquidating Trust Interests may be (i) subject to registration pursuant to section 12 or (ii) subject to reporting pursuant to section 15(d) of the Exchange Act, the Liquidating Trustee may pursue relief from such registration by obtaining either an exemptive order, a no-action letter or an interpretive letter from the Securities and Exchange Commission or its staff or, absent its ability to achieve that objective or in lieu thereof, shall register such class pursuant to section 12 of the Exchange Act (it being understood and agreed that the Liquidating Trustee ~~with the approval of the Liquidating Trust Board~~ shall be

9

WEIL:\97208898\2\73217.0003

authorized, among other things, to register such class and to seek relief from one or more of the requirements then applicable subsequent to such registration and to de-register such class). Any fees, costs and expenses that are associated with such application for relief and/or registration expenses shall be deducted from the Funding; provided, however, that to the extent that the Funding is insufficient, such expenses shall be deducted from the Liquidating Trust Assets.

(d)     Further Limitations on Transfer.   Notwithstanding any other provision in this Trust Agreement to the contrary, the Liquidating Trustee, with the approval of the Liquidating Trust Board, may disregard any purported transfer or assignment of Liquidating Trust Interests by will, intestate succession or otherwise by operation of law if sufficient necessary information (as reasonably determined by the Liquidating Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the Liquidating Trustee.

2.5     Limited Liability.   No provision of this Trust Agreement, the Plan or the Confirmation Order (as modified by the Settlement Order), and no mere enumeration herein of the rights or privileges of any Liquidating Trust Beneficiary, shall give rise to any liability of such Liquidating Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, creditors, successors, representatives, employees, or equity interest holders of any Debtor, or by any other person. Liquidating Trust Beneficiaries are deemed to receive the Liquidating Trust Assets in accordance with the provisions of this Trust Agreement, the Plan and the Confirmation Order in exchange for their Allowed Claims without further obligation or liability of any kind, but subject to the provisions of this Trust Agreement.

## ARTICLE III

## DURATION AND TERMINATION OF LIQUIDATING TRUST

3.1     Duration.   The Liquidating Trust was formed as of the execution and filing of a Certificate of Trust with the Delaware Secretary of State on [   ], 2019 2022 and its existence is intended to continue until such time as its Certificate of Trust has been cancelled by the filing of a certificate of cancellation in accordance with Section 3.3 of this Trust Agreement.

3.2     Dissolution of the Liquidating Trust.

(a)     The Liquidating Trust shall be dissolved at such time as (i) all of the Liquidating Trust Assets have been distributed pursuant to the Plan and this Trust Agreement, (ii) the Liquidating Trust Board or the Liquidating Trustee (with the approval and/or at the direction of the Liquidating Trust Board) determines that the administration of any remaining Liquidating Trust Assets is not likely to yield sufficient additional Liquidating Trust proceeds to justify further pursuit, or (iii) all Distributions required to be made by the Liquidating Trustee, as determined by the Liquidating Trustee with the approval and/or at the direction of the Liquidating Trust Board, under the Plan and this Trust Agreement have been made; provided, that in no event shall the

WEIL:\97208898\2\73217.0003

Liquidating Trust be dissolved later than five (5) years from the creation of such Liquidating Trust pursuant to Section 10.1 of the Plan unless the Bankruptcy Court, upon motion within the six (6) month period prior to the fifth (5th) anniversary of such creation (or within the six (6) month period prior to the end of any extension period), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Liquidating Trustee ~~Board~~ that any further extension would not adversely affect the status of the trust as a Liquidating Trust for United States federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.

(b)    If at any time the Liquidating ~~Trust Board or the Liquidating~~ Trustee ~~(with the approval and/or at the direction of the Liquidating Trust Board)~~ determines, in reliance upon such professionals as the Liquidating Trust may retain, that the expense of administering the Liquidating Trust so as to make a final Distribution to Liquidating Trust Beneficiaries is likely to exceed the value of the assets remaining in such Liquidating Trust, the Liquidating Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve such Liquidating Trust, (ii) donate any balance to a charitable organization (A) of the type described in section 501(c)(3) of the Tax Code, (B) exempt from United States federal income tax under section 501(a) of the Tax Code, (C) that is not a "private foundation", as defined in section 509(a) of the Tax Code, and (D) that is unrelated to the Debtors, the Liquidating Trust, and any insider of the Liquidating Trustee ~~or any member of the Liquidating Trust Board~~, and (iii) dissolve the Liquidating Trust.

3.3    <u>Continuance of Liquidating Trust for Winding Up</u>.  After the dissolution of the Liquidating Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee ~~or the Liquidating Trust Board~~ shall continue to act as such until ~~their~~its duties have been fully performed.  Upon Distribution of all the Liquidating Trust Assets, the Liquidating Trustee shall retain for a period of six (6) years the books, records, Liquidating Trust Beneficiary lists and files that shall have been delivered to or created by the Liquidating Trustee.  At the Liquidating Trustee's discretion, all of such records and documents may be destroyed at any time following the date that is six (6) years after the final Distribution of the Liquidating Trust Assets, subject to any joint prosecution and common interest agreement(s) to which the Liquidating Trustee or the Liquidating Trust may be party.  Upon the dissolution of the Liquidating Trust and the completion of the winding up of the assets, liabilities and affairs of the Liquidating Trust, the Liquidating Trustee shall (a) notify the Liquidating Trust Beneficiaries, (b) file a certificate of cancellation with the Secretary of State of the State of Delaware to terminate the Liquidating Trust and (c) provide a copy of the evidence of such cancellation to the Resident Trustee, with all costs thereof to be paid from such proceeds of any Funding as are available and, to the extent that the Funding is insufficient, from the Liquidating Trust Assets.  Pursuant to Section 3811(a)(3) of the Trust Act and this Section 3.3, such certificate of cancellation may be signed by the Liquidating Trustee and need not be signed by the Resident Trustee or any other trustee of the Liquidating Trust.

WEIL:\97208898\2\73217.0003

# ARTICLE IV

## ADMINISTRATION OF THE LIQUIDATING TRUST

4.1    Payment of Claims, Expenses and Liabilities.    Subject to ~~any Budget (as defined below) from time to time approved by the Liquidating Trust Board in accordance with Section 4.8(b) of this Trust Agreement, and subject to~~ the approval of the Bankruptcy Court to the extent contemplated under Section ~~6.8(c)~~ 6.7(b) of this Trust Agreement and except as otherwise expressly provided herein, the Liquidating Trustee shall use the Liquidating Trust Assets (a) to pay reasonable costs and expenses of the Liquidating Trust that are incurred (including any taxes imposed on the Liquidating Trust, the actual reasonable out-of-pocket fees and expenses incurred by Trust Professionals in connection with the administration and liquidation of the Liquidating Trust Assets, as provided in Section ~~6.8~~ 6.7 of this Trust Agreement, and the preservation of books and records of the Liquidating Trust); provided, however, that such costs and expenses shall first be deducted from the Funding, (b) to satisfy other obligations or other liabilities incurred or assumed by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order or this Trust Agreement, including fees and costs incurred in connection with the protection, preservation, liquidation and Distribution of the Liquidating Trust Assets and the costs of investigating, prosecuting, resolving and/or settling any Claims, (c) as reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets or (d) to satisfy any other obligations of the Liquidating Trust.

4.2    Distributions.

(a)    Generally.    On or after the Effective Date, the Liquidating Trust (with the assistance of the Disbursing Agent(s) as necessary) shall make Distributions only in accordance with the terms of the Plan, the Confirmation Order and this Trust Agreement to holders of Allowed Claims, net of the Disputed Claims Reserve(s), and only to the extent that the Liquidating Trust has sufficient Liquidating Trust Assets (or income and/or proceeds realized from Liquidating Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order and this Trust Agreement. On an annual basis, the Liquidating Trus~~tee~~ ~~Board~~ shall make a determination of the amount of Cash available for distribution, which shall include the amount of unrestricted Cash then on hand (including any Cash received from the Debtors on the Effective Date, and treating any permissible investment as Cash for purposes of this Section ~~4.2~~ 4.2 of this Trust Agreement), reduced by any such amounts that ~~(A) are reasonably~~ the Liquidating Trustee reasonably determines to (A) be necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets pending their liquidation during the term of the Liquidating Trust, (B) ~~are determined to~~ be necessary to pay or reserve for reasonably incurred or anticipated expenses (including, but not limited to, any Taxes imposed on or payable by the Debtors or the Liquidating Trust or in respect of the Liquidating Trust Assets), or (C) ~~are necessary to~~ satisfy or reserve for other liabilities incurred or anticipated by the Liquidating Trust in accordance with the Plan and this Trust Agreement (it being understood that the operation of this proviso could result in there being insufficient funds

WEIL:\97208898\2\73217.0003

available to fund an annual distribution). The Liquidating Trustee, ~~at the direction of and with the approval of the Liquidating Trust Board, but at least annually,~~ shall then distribute available Cash, if any, to the holders of Liquidating Trust Interests in accordance with the Plan.

(b)     <u>Payment of Distributions</u>.    Each Liquidating Trust Beneficiary's share of the Liquidating Trust Interests as determined pursuant to the Plan shall be allocated and distributed, and the Liquidating Trust Assets shall be allocated and distributed, in accordance with Article XI of the Plan.

(c)     <u>Holders of Notes</u>.    Notwithstanding any provision of the Plan to the contrary, distributions to holders of any Notes shall be made to or at the direction of each of the applicable Indenture Trustees, each of which will act as Disbursing Agent for distributions to the respective holders of the Notes, as applicable. The Indenture Trustees shall not incur any liability whatsoever on account of any distributions under the Plan except for <u>their respective</u> gross negligence or willful misconduct.    The Indenture Trustees may transfer or direct the transfer of such distributions directly through the facilities of DTC (whether by means of book-entry exchange, free delivery, or otherwise), and will be entitled to recognize and deal for all purposes under the Plan with the holders of their respective series of Notes, to the extent consistent with the customary practices of DTC.    Such distributions shall be subject in all respects to the right of each Indenture Trustee to assert its charging lien against distributions.    All distributions to be made to holders of the Notes shall be distributed through the facilities of DTC, to the extent the distributions are "DTC-eligible," and as provided for under the Indentures, as applicable.    Any distributions that are not "DTC-eligible" shall be made by, or at the direction of, the applicable Indenture Trustee. ~~As consideration for acting as a Disbursing Agent for the Liquidating Trust, upon receipt of sufficient proceeds from the Preserved Causes of Action for distributions to be made to the holders of General Unsecured Claims, the~~<u>Without regard to whether an</u> Indenture Trustees ~~and the Second Lien Agent shall be reimbursed for the fees and expenses incurred by such parties~~<u>objected to or any action or inaction</u> during the pendency of the Chapter 11 Cases~~; provided, however, that such parties shall not be entitled to reimbursement of any fees and expenses incurred during the Chapter 11 Cases related to objecting to or otherwise challenging the Disclosure Statement, the Plan, the Sale, the Debtors' post-petition financing, the Debtors' use of cash collateral or asserting administrative expense claims (including under section 507(b) of the Bankruptcy Code).~~ <u>, the Liquidating Trust (promptly following the Effective Date) shall pay or reimburse the reasonable fees and reasonable and necessary expenses of any Indenture Trustee incurred in connection with such Trustee's action during the pendency of the Chapter 11 Cases relating to the ordinary course administration in a chapter 11 case, such as facilitating distributions, responding to inquiries, etc.; provided, that such expenses shall not include the fees and expenses of outside counsel in connection with service on the Creditors' Committee.  To the extent that any Funding is available, such expenses shall be deducted from the Funding; provided, however, that to the extent that the Funding is insufficient, such expenses shall be deducted</u> <u>from the Liquidating Trust Assets</u>.

(d)      Date of Distributions.    The initial Distribution shall be made in accordance with Section 11.1 of the Plan.  Further, except as otherwise provided in the Plan, any Distribution and deliveries to be made under the Plan shall (to the extent of available funds) be made on the Effective Date or as otherwise determined in accordance with the Plan, including the treatment provisions of Article IV of the Plan, or as soon as practicable thereafter; provided, that the Liquidating Trustee, with the approval and/or at the direction of the Liquidating Trust Board, shall from time to time (and at least annually) determine subsequent Distribution Dates as appropriate.  Such subsequent Distribution Dates shall be at least thirty (30) Business Days following the date on which written notice is filed on the docket of the Chapter 11 Cases or otherwise communicated to the holders of Allowed Claims.  In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

(e)      Reserve on Account of Disputed Claims.

(i)      From and after the Effective Date, and until such time as each Disputed Claim has been compromised and settled, estimated by the Bankruptcy Court in an amount constituting the Allowed amount, or Allowed or disallowed by Final Order, the Liquidating Trust shall establish, for the benefit of each holder of a Disputed Claim, the Disputed Claims Reserve consisting of Cash or Liquidating Trust Interests, as applicable, and any dividends, gains or income attributable thereto, in an amount equal to the *Pro Rata* share of distributions that would have been made to the holder of such Disputed Claim if it were an Allowed Claim in an amount equal to the lesser of (i) the liquidated amount set forth in the filed Proof of Claim relating to such Disputed Claim, (ii) the amount in which the Disputed Claim has been estimated by the Bankruptcy Court pursuant to section 502 of the Bankruptcy Code as constituting and representing the maximum amount in which such Claim may ultimately become an Allowed Claim or (iii) such other amount as may be agreed upon by the holder of such Disputed Claim and the Debtors (with the consent of the Creditors' Committee) or the Liquidating Trust, as applicable.  For the avoidance of doubt, any Cash and Liquidating Trust Interests retained and held for the benefit of a holder of a Disputed Claim as part of the Disputed Claims Reserve shall be treated as a payment and reduction on account of such Disputed Claim for purposes of computing any additional amounts to be paid in Cash or distributed in Liquidating Trust Interests in the event the Disputed Claim ultimately becomes an Allowed Claim.  Cash and Liquidating Trust Interests held in the Disputed Claims Reserve (including, with respect to Cash, any earnings that have accrued on such Cash, net of any expenses, including any taxes, relating thereto) shall be

14

retained by the Liquidating Trust for the benefit of holders of Disputed Claims pending determination of their entitlement thereto under the terms of the Plan. Any Cash and proceeds of the Liquidating Trust Interests shall be either (x) held by the Liquidating Trust in an interest-bearing account or (y) invested in interest-bearing obligations issued by the United States government and guaranteed by the United States government, and having (in either case) a maturity of not more than 30 days. No payments or distributions shall be made with respect to all or any portion of any Disputed Claim pending the entire resolution thereof by Final Order. For the avoidance of doubt, Cash held in the Disputed Claims Reserve will (i) be deposited in an interest-bearing account and held in trust, pending distribution by the Liquidating Trust, for the benefit of holders of Allowed Claims, (ii) be accounted for separately and (iii) not constitute property of the Liquidating Trust. Liquidating Trust Interests held in the Disputed Claims Reserve will (a) be held in trust, pending distribution by the Liquidating Trust, for the benefit of holders of Allowed Claims, (b) be accounted for separately and (iii) not constitute property of the Liquidating Trust.

(ii) At such time as a Disputed Claim becomes an Allowed Claim, the Liquidating Trustee shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under the Plan (including, with respect to Cash held in the Disputed Claims Reserve, any earnings that have accrued on the amount of Cash so retained, net of any expenses, including any taxes, relating thereto), but only to the extent that such earnings are attributable to the amount of the Allowed Claim. Such distribution, if any, shall be made as soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing such Disputed Claim becomes a Final Order. The balance of any Cash and Liquidating Trust Interests previously retained but not distributed to a Disputed Claim holder shall be included in future distributions to holders of Claims in the applicable Class. Each holder of a Disputed Claim that ultimately becomes an Allowed Claim will be paid (i) first out from the Disputed Claims Reserve and (ii) if the amount available for Distribution pursuant to the foregoing clause (i) is insufficient to remit Distributions required to be made to such holder pursuant to this sentence, such holder shall receive the amount of such insufficiency on the next subsequent Distribution Date(s) from Liquidating Trust Assets.

(iii) If a Disputed Claim is disallowed, in whole or in part, the Liquidating Trustee shall cancel the reserved Liquidating Trust Interests, if applicable, and distribute the Cash held in the

WEIL:\97208898\2\73217.0003

Disputed Claims Reserve with respect to such Claim to the holders of Allowed Claims. The Liquidating Trustee shall distribute any amounts that were reserved for Disputed Claims that do not become Allowed Claims to the holders of the applicable Class of Liquidating Trust Interests. In the event a Liquidating Trust Interest is canceled, such cancellation shall be treated as an additional distribution of the undivided interest in the underlying assets attributable to such canceled Liquidating Trust Interest to the holders of the outstanding Liquidating Trust Interests for United States federal income tax purposes in respect of their previously Allowed Claims.

(iv)     Nothing in this Section 4.2(e) of this Trust Agreement shall preclude any holder of a Disputed Claim from seeking, on reasonable notice to the Liquidating Trustee, an order of the Bankruptcy Court in respect of or relating to the amount retained with respect to such holder's Disputed Claim.

(f)     Delivery of Distributions.     Subject to Bankruptcy Rule 9010, Distributions to any holder or permitted designee of an Allowed Claim shall be made to a Disbursing Agent, as applicable, who shall transmit such Distribution to the applicable holders or permitted designees of Allowed Claims on behalf of the Debtors or the Liquidating Trust. In the event that any Distribution to any holder or permitted designee is returned as undeliverable (see Section 4.2(m) of this Trust Agreement), no further Distributions shall be made to such holder or such permitted designee unless and until the Liquidating Trust is notified in writing of such holder's or permitted designee's, as applicable, then-current address, at which time all currently-due, missed Distributions shall be made to such holder as soon as reasonably practicable thereafter without interest. Nothing herein shall require any Disbursing Agent or the Liquidating Trust to attempt to locate holders or permitted designees, as applicable, of undeliverable Distributions and~~or~~, if located, assist such holders or permitted designees, as applicable, in complying with Section 11.21 of the Plan. Notwithstanding any provisions in the Plan or this Trust Agreement to the contrary, all distributions to holders of Claims shall be deemed completed, and the obligations of the Liquidating Trust to make such distributions under the Plan and this Trust Agreement shall be deemed satisfied, when made to the Disbursing Agent by the Liquidating Trust.

(g)     Disbursing Agent.     The Liquidating Trustee shall have the authority~~, with the approval and/or at the direction of the Liquidating Trust Board,~~ to enter into agreements with one or more Disbursing Agents to facilitate the distributions required under the Plan, the Confirmation Order and this Trust Agreement. The Liquidating Trustee~~, subject to the approval and/or at the direction of the Liquidating Trust Board,~~ may pay to the Disbursing Agent all reasonable and documented fees and expenses of the Disbursing Agent without the need for other approvals, authorizations, actions or consents. For the avoidance of doubt, the reasonable and documented fees of the Disbursing Agent will be paid by the Liquidating Trustee~~, subject to the approval and/or at the direction of the Liquidating Trust Board,~~ and will not be deducted from

WEIL:\97208898\2\73217.0003

distributions to be made under the Plan to holders of Allowed Claims receiving distributions from the Disbursing Agent. The Disbursing Agent shall not be required to give any bond or surety or other security for the performance of its duties. The Liquidating Trustee shall use commercially reasonable efforts to provide the Disbursing Agent (if other than the Debtors or Liquidating Trustee) with the amounts of Claims and the identities and addresses of holders of Claims, in each case, as set forth in the Debtors' books and records. The Liquidating Trustee shall cooperate in good faith with the applicable Disbursing Agent (if other than the Liquidating Trustee) to comply with the reporting and withholding requirements outlined in Section 11.21 of the Plan.

(h)     Rights and Powers of Disbursing Agent.

(i)     From and after the Effective Date, the Disbursing Agent, solely in its capacity as Disbursing Agent, shall be exculpated by all Entities, including holders of Claims against the Debtors, Liquidating Trust Beneficiaries, and other parties in interest, from any and all Claims, Causes of Action, and other assertions of liability arising out of the discharge of the powers and duties conferred upon such Disbursing Agent by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except for actions or omissions to act arising out of the gross negligence or willful misconduct, fraud, malpractice, criminal conduct, or *ultra vires* acts of such Disbursing Agent. No holder of a Claim, a Liquidating Trust Beneficiary or other party in interest shall have or pursue any claim or Cause of Action against the Disbursing Agent, solely in its capacity as Disbursing Agent, for making Distributions in accordance with the Plan or for implementing provisions of the Plan, except for actions or omissions to act arising out of the gross negligence or willful misconduct, fraud, malpractice, criminal conduct, or *ultra vires* acts of such Disbursing Agent.

(ii)     The Disbursing Agent shall be empowered to (A) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties hereunder; (B) make all Distributions contemplated hereby; and (C) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions of the Plan and this Trust Agreement.

(i)     Expenses of Disbursing Agent. Except as otherwise ordered by the Bankruptcy Court, any reasonable and documented fees and expenses incurred by the Disbursing Agent acting in such capacity (including reasonable documented attorneys' fees and expenses) on or after the Effective Date shall be paid in Cash by the Liquidating Trust in the ordinary course of business.

WEIL:\97208898\2\73217.0003

(j)    <u>Expenses of Estate Professionals</u>.  Any actual, reasonable and documented fees and expenses incurred by professional persons retained by the Debtors or Creditors' Committee by an order of the Bankruptcy Court pursuant to sections 327, 328, 363 or 1103 of the Bankruptcy Code (such professionals, the "<u>Estate Professionals</u>") relating to the Estate Causes of Action (including, without limitation, discovery and depositions served by the Liquidating Trust on any Estate Professional) on or after the Effective Date shall be paid in Cash by the Liquidating Trust in the ordinary course of business.  Prior to incurring any expenses reimbursable under this Section, the applicable Estate Professional and the Liquidating Trust<u>ee</u> ~~Board~~ shall agree upon the terms of the reimbursement of such expenses.  To the extent there is any unresolved dispute between any Estate Professional and the Liquidating Trust with respect to the reimbursement of expenses, such dispute shall be resolved by the Bankruptcy Court.

(k)    <u>No Postpetition Interest on Claims</u>.  Except as otherwise provided in the Plan, the Confirmation Order or another order of the Bankruptcy Court or required by the Bankruptcy Code (including postpetition interest in accordance with sections 506(b) and 726(a)(5) of the Bankruptcy Code), interest shall not accrue or be paid on any Claims on or after the Commencement Date; <u>provided</u>, that if interest is payable pursuant to this sentence, interest shall accrue at the federal judgment rate pursuant to 28 U.S.C. section 1961 on a non-compounded basis from the date the obligation underlying the Claim becomes due and is not timely paid through the date of payment.

(l)    <u>Distributions after Effective Date</u>.  Distributions made after the Effective Date to holders of Disputed Claims that are not Allowed Claims as of the Effective Date but which later become Allowed Claims shall be deemed to have been made on the Effective Date.

(m)    <u>Unclaimed Property</u>.   Undeliverable Distributions or unclaimed Distributions shall remain in the possession of the Liquidating Trust until such time as a Distribution becomes deliverable or the holder entitled thereto accepts such Distribution, or such Distribution reverts to the Liquidating Trust, as applicable, and shall not be supplemented with any interest, dividends or other accruals of any kind.  Such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and forfeited at the expiration of six months from the applicable date of Distribution.  After such date all unclaimed property or interest in property shall revert to the Liquidating Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary) for redistribution in accordance with the terms of the Plan, the Confirmation Order and this Trust Agreement, and the Claim of any other holder to such property or interest in property shall be discharged and forever barred.  Nothing herein shall require the Liquidating Trust to attempt to locate any holder of an Allowed Claim.

(n)    <u>Time Bar to Cash Payments</u>.  Checks issued by the Disbursing Agent in respect of Allowed Claims shall be null and void if not negotiated within one hundred and twenty (120) days after the date of issuance thereof.  Thereafter, the amount represented by such voided check shall irrevocably revert to the Liquidating

WEIL:\97208898\2\73217.0003

Trust, and any Claim in respect of such voided check shall be discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary. Requests for re-issuance of any check shall be made to the Disbursing Agent by the holder of the Allowed Claim to whom such check was originally issued.

(o)    <u>Manner of Payment under Plan</u>. Except as otherwise specifically provided in the Plan, at the option of the Liquidating Trustee, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements or customary practices of the Debtors.

(p)    <u>Satisfaction of Claims</u>. Except as otherwise specifically provided in the Plan, Distributions and deliveries to be made on account of Allowed Claims under the Plan shall be in complete and final satisfaction, settlement, and discharge of and exchange for such Allowed Claims.

(q)    <u>Minimum Cash Distributions</u>. The Liquidating Trust shall not be required to make a Distribution pursuant to the Plan if the Liquidating Trust~~ee~~ ~~Board~~ determines that the expense associated with making the Distribution would likely utilize a substantial portion of the amount to be distributed, thus making the Distribution impractical; <u>provided</u>, that if any Distribution is not made pursuant to this <u>Section 4.2</u> of this Trust Agreement, such Distribution shall be added to any subsequent Distribution to be made on behalf of the holder's Allowed Claim. Cash shall be rounded down to the nearest penny. DTC shall be considered a single holder for rounding and distribution purposes.

(r)    <u>Setoffs and Recoupments</u>. The Liquidating Trust, or its designee (including the Disbursing Agent) may, but shall not be required to, set off or recoup against any Claim, and any Distribution to be made on account of such Claim, any and all claims, rights, and Causes of Action of any nature whatsoever that the Debtors or the Liquidating Trust may have against the holder of such Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law; <u>provided</u>, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by a Debtor or the Liquidating Trust or its successor of any claims, rights, or Causes of Action that a Debtor or the Liquidating Trust or its successor or assign may possess against the holder of such Claim.

(s)    <u>Allocation of Distributions between Principal and Interest</u>. To the extent that any Allowed Claim entitled to a distribution under the Plan consists of indebtedness and other amounts (such as accrued but unpaid interest thereon), such distribution shall be allocated first to the principal amount of the Claim (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to other such amounts.

(t)    <u>No Distribution in Excess of Amount of Allowed Claim</u>. Except as provided in <u>Section 4.2(k)</u> of this Trust Agreement, no holder of an Allowed Claim shall receive, on account of such Allowed Claim, Distributions in excess of the Allowed amount of such Claim~~.~~ and, by its acceptance of the benefits of this Trust

WEIL:\97208898\2\73217.0003

Agreement, any holder of an Allowed Claim who receives distributions in excess of the Allocated Amount of such Claim shall refund such excess promptly upon request of the Liquidating Trustee.

(u)     Distributions Free and Clear.  Except as otherwise provided herein, any Distributions under the Plan shall be free and clear of any Liens, Claims and encumbrances, and no other entity, including the Debtors or the Liquidating Trust shall have any interest, legal, beneficial or otherwise, in Assets transferred pursuant to the Plan.

(v)     Claims Register.  The register of Claims maintained by the Debtors shall remain open after the Effective Date and the Liquidating Trust shall recognize any transfer of Claims at any time thereafter, provided that for purposes of each Distribution, the Liquidating Trust will not recognize any transfer of Claims for such Distribution after the Distribution Record Date relating to such Distribution; and, provided, further, for the avoidance of doubt, all Liquidating Trust Interests shall be non-transferable except as provided in Section 2.4 2.4 of this Trust Agreement.  Except as otherwise provided in the Plan, any transfer of a Claim, whether occurring prior to or after the Confirmation Date, shall not affect or alter the classification and treatment of such Claim under the Plan and any such transferred Claim shall be subject to classification and treatment under the Plan as if such Claim was held by the transferor who held such Claim on the Commencement Date.

4.3     Compliance with Laws.  Any and all Distributions of the Liquidating Trust Assets shall be in compliance with applicable laws, including applicable federal and state tax and securities laws.

4.4     Fiscal Year.  Except for the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be the calendar fiscal year. For the first and last years of the term of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be such portion of the calendar fiscal year that the Liquidating Trust is in existence.

4.5     Books and Records.  The Liquidating Trust shall retain and preserve the Debtors' books, records and files that shall have been delivered to or created by the Liquidating Trust in accordance with the provisions of Section 3.3.  Subject to Section 3.3 of this Trust Agreement, the Liquidating Trustee shall maintain, in respect of the Liquidating Trust and the Liquidating Trust Beneficiaries and all others to receive Distributions under this Trust Agreement, books and records relating to the assets and the income of the Liquidating Trust and the payment of expenses of, liabilities of, and claims against or assumed by, the Liquidating Trust and the Liquidating Trustee, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Trust Agreement and applicable provisions of law, including applicable tax, securities and other federal and state laws.  Except as otherwise provided herein or in the Plan, nothing in this Trust Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for

WEIL:\97208898\2\73217.0003

making any payment or Distribution out of the Liquidating Trust Assets. The Liquidating ~~Trustee shall provide any member of the Liquidating Trust Board with access to such books and records during normal business hours as may be requested with reasonable advance notice. The Liquidating Trust~~Trust Beneficiaries shall have the right upon thirty (30) days' prior written notice delivered to the Liquidating Trustee to inspect such books and records during normal business hours; provided, that, if so requested, all costs associated with such inspection shall be paid in advance by such requesting Liquidating Trust Beneficiary and such Liquidating Trust Beneficiary shall have entered into a confidentiality agreement reasonably satisfactory in form and substance to the Liquidating Trustee ~~Board~~.

4.6    Cash Payments. All Distributions required to be made to the Liquidating Trust Beneficiaries shall be made in Cash denominated in United States dollars by checks drawn on a domestic bank approved by the Liquidating Trustee ~~Board~~ or by wire transfer from a domestic bank approved by the Liquidating Trustee ~~Board~~; provided, however, that Cash payments to foreign holders of Liquidating Trust Interests may be made, at the option of the Liquidating Trustee, in such funds ~~as~~, at such exchange rates, and by such means as are necessary or customary in a particular foreign jurisdiction.

4.7    Insurance. The Liquidating Trust shall maintain customary insurance coverage for the protection of the Liquidating Trustee, ~~the members of the Liquidating Trust Board,~~ employees and any such other persons serving as administrators and overseers of the Liquidating Trust on and after the Effective Date. The Liquidating Trust also may obtain insurance coverage it deems necessary and appropriate with respect to real and personal property that may become Liquidating Trust Assets, if any.

4.8    Reports.

(a)    The Liquidating Trustee shall ~~deliver reports to the members of the Liquidating Trust Board not later than forty-five (45) days following the end of each fiscal quarter during the term of the Liquidating Trust. Such reports shall specify in reasonable detail (i) the status of any Causes of Action, Claims and litigation involving the Liquidating Trust or the Liquidating Trust Assets, (ii) the costs and expenses of the Liquidating Trust that are incurred (including any taxes imposed on the Liquidating Trust or actual reasonable out-of-pocket fees and expenses incurred by Trust Professionals in connection with the administration and liquidation of the Liquidating Trust Assets and preservation of books and records as provided in Section 4.5 of this Trust Agreement) during the preceding fiscal quarter and the remaining amount (if any) of the Funding, (iii) the amounts listed in clause (ii) incurred since the Effective Date, (iv) the amount of Cash and other assets received by the Liquidating Trust during the prior fiscal quarter, (v) the aggregate amount of Cash and other assets received by the Liquidating Trust since the Effective Date, (vi) the calculation of the estimated amount of the Cash and other assets to be distributed on the next Distribution Date, including any Cash on hand that is not to be distributed pursuant to Section 4.2(a) of this Trust Agreement, (vii) the aggregate amount of Distributions from the Liquidating Trust to the Liquidating Trust Beneficiaries since the Effective Date, and (viii) such other information~~

21

as the Liquidating Trust Board may request from time to time.  In addition to such quarterly reports, the Liquidating Trustee shall deliver reports to the Liquidating Trust Board not later than the fifth (5th) Business Day of each calendar month during the term of the Liquidating Trust. Such reports shall specify in reasonable detail [ ].  The Liquidating Trustee shall also timely prepare, file and distribute such additionalany statements, reports and submissions (A) as may be necessary to cause the Liquidating Trust and the Liquidating Trustee to be in compliance in all material respects with applicable law or (B) as may be otherwise requested from time to time by the Liquidating Trust Board.

(b) If and as requested or instructed by the Liquidating Trust Board, the Liquidating Trustee shall prepare and submit to the Liquidating Trust Board for approval an annual plan and budget in such detail as is reasonably requested.  Any such annual plan and budget as approved by the Liquidating Trust Board is referred to herein as the "Budget."

(b)     (c) Until such time as the Liquidating Trust is dissolved in accordance with this Trust Agreement, the Liquidating Trustee shall file with, or furnish to, as the case may be, the Bankruptcy Court and the Securities and Exchange Commission any required or customary periodic public reports on the status of claims reconciliation and Distributions, which reports may be included in the quarterly reporting required by the U.S. Trustee.

## ARTICLE V

## TAX MATTERS

### 5.1     Liquidating Trustee's Tax Power for Debtors.

(a)     For all taxable periods ended on or before the dissolution of the Debtors, the Liquidating Trustee shall have full and exclusive authority and responsibility in respect of all taxes of the Debtors (including as the common parent or other agent of any consolidated, combined or unitary tax group of which the Debtors were the agent), to the same extent as if the Liquidating Trustee were the Debtors. Without limiting the foregoing, each of the Debtors shall execute, on or prior to the Effective Date, a power of attorney authorizing the Liquidating Trustee to correspond with any tax authority on behalf of such Debtor and to sign, collect, negotiate, settle, and administer tax payments and tax returns.

(b)     In furtherance of the transfer of the Liquidating Trust Assets to the Liquidating Trust on the Effective Date, the Liquidating Trust shall be entitled to all tax refunds of the Debtors (and the Liquidating Trust shall bear responsibility for all tax liabilities of the Debtors for taxable periods ended on or before the dissolution of the Debtors, to the extent not discharged by the Plan or provided for payment or otherwise satisfied in the Plan).

WEIL:\97208898\2\73217.0003

(c)       Following the Effective Date, the Liquidating Trustee shall prepare and file (or cause to be prepared and filed), on behalf of the Debtors, all tax returns required to be filed or that the Liquidating Trustee otherwise deems appropriate, including the filing of amended tax returns or requests for refunds for all taxable periods ended on or before the dissolution of the Debtors.

5.2       <u>Liquidating Trust Assets Treated as Owned by Liquidating Trust Beneficiaries</u>.  For all United States federal income tax purposes, all parties (including the Debtors, the Liquidating Trustee, and the Liquidating Trust Beneficiaries) shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as (a) a transfer of the Liquidating Trust Assets (subject to any obligations relating to those assets) directly to the Liquidating Trust Beneficiaries and, to the extent Liquidating Trust Assets are allocable to Disputed Claims, to the Disputed Claims Reserve, followed by (b) the transfer by such beneficiaries to the Liquidating Trust of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Disputed Claims Reserve) in exchange for Liquidating Trust Interests.   Accordingly, the Liquidating Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Disputed Claims Reserve); provided that if any Liquidating Trust Beneficiaries are not considered to receive any Liquidating Trust Assets on the Effective Date based on the fair market value of such assets on such date as determined under Section 5.4(c), such beneficiaries, to the extent permitted by law, shall not be treated as current beneficiaries for United States federal income tax purposes until such time as they are allocated Liquidating Trust taxable income pursuant to Section 5.4(c) herein.   The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

5.3       <u>Liquidating Trust Tax Status</u>.  For United States federal income tax purposes (and for tax purposes of all state, local and other jurisdictions to the extent applicable), the Liquidating Trust is intended to be treated as a "liquidating trust" under Treasury Regulations section 301.7701-4(d) and, thus, as a grantor trust pursuant to sections 671-677 of the Tax Code, or any successor provisions thereof of which such Liquidating Trust become the grantor (other than in respect of the Disputed Claims Reserve).  The Liquidating Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes.

5.4       <u>Tax Reporting</u>.

(a)       The Liquidating Trustee shall file tax returns for the Liquidating Trust treating the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this <u>Article V</u>.  The Liquidating Trustee also will annually send to each holder of a Liquidating Trust Interest that is a current beneficiary for United States federal income tax purposes a separate statement regarding the receipts and expenditures of the Liquidating Trust as relevant for United States federal income tax purposes and will instruct all such holders to use such information in preparing their United States federal income tax returns or to forward the appropriate information to such holder's underlying beneficial holders with instructions

WEIL:\97208898\2\73217.0003

to utilize such information in preparing their United States federal income tax returns. To the extent permitted by law, the statements described in the foregoing sentence may be posted on a publicly available website instead of being sent to all relevant holders. The Liquidating Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Liquidating Trust that is required by any governmental unit.

(b)     As soon as reasonably practicable after Liquidating Trust Assets are transferred to the Liquidating Trust, but in no event later than 120 days thereafter, the Liquidating Trust shall make a good faith valuation of Liquidating Trust Assets and the Liquidating Trustee shall apprise, in writing, the Liquidating Trust Beneficiaries of such valuation.  In connection with the preparation of the valuation contemplated hereby and by the Plan, the Liquidating Trust shall be entitled to retain such professionals and advisors as the Liquidating Trust shall determine to be appropriate or necessary, and the Liquidating Trustee shall take such other actions in connection therewith as it determines to be appropriate or necessary, subject to the approval of the Liquidating Trust Board.  Such valuation shall be used consistently by such parties for all United States federal income tax purposes, including for determining tax basis and gain or loss.  The Liquidating Trust shall bear all of the reasonable costs and expenses incurred by the Liquidating Trust Board in connection with determining such value, including the fees and expenses of any professionals retained by the Liquidating Trustee Board in connection therewith.

(c)     Allocations of Liquidating Trust taxable income among the Liquidating Trust Beneficiaries (other than taxable income allocable to, or retained on account of, the Disputed Claims Reserve) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed Distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the Disputed Claims Reserve) to the holders of the Liquidating Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent Distributions from the Liquidating Trust.  Similarly, taxable loss of the Liquidating Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating Distribution of the remaining Liquidating Trust Assets.  The tax book value of the Liquidating Trust Assets for purposes of this Section 5.4(c) of this Trust Agreement shall equal their fair market value on the Effective Date, or, if later, the date such assets were acquired by the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Tax Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(d)     Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee (i) with the approval and/or at the direction of the Liquidating Trust Board, may timely elect to treat the Disputed Claim Reserve as a "disputed ownership fund" governed by Treasury

24

WEIL:\97208898\2\73217.0003

a Liquidating Trust Interest, the Liquidating Trustee shall make such Distribution to which the holder of the Liquidating Trust Interest is entitled, without additional interest occasioned by such holder's delay in providing tax information; provided, further, that, if such information is not furnished to the Liquidating Trustee within twelve (12) months of the original request to furnish such information, no further Distributions shall be made to the holder of such Liquidating Trust Interest; provided, further, that, if the Liquidating Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Liquidating Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Liquidating Trustee for such liability (to the extent such amounts were actually distributed to such holder).

**ARTICLE VI**

**POWERS OF AND LIMITATIONS ON THE LIQUIDATING TRUSTEE ~~AND THE LIQUIDATING TRUST BOARD~~**

6.1 <u>Liquidating Trustee</u>.

(a) The Liquidating Trustee means ~~[ ]~~M3 so long as ~~[he]/[she]~~M3 continues in office, and all other individuals who have been duly elected and qualify as Liquidating Trustee of the Liquidating Trust hereunder pursuant to <u>Section 1.4</u> of this Trust Agreement or <u>Article VII</u> of this Trust Agreement, but shall not include the Resident Trustee. Subject to <u>Article VII</u> of this Trust Agreement, the Liquidating Trustee shall hold office until the termination of the Liquidating Trust in accordance with the terms set forth in this Trust Agreement. References herein to the Liquidating Trustee shall refer to the individual or individuals serving as the Liquidating Trustee solely in its or their capacity as trustees hereunder.

(b) The Liquidating Trustee will serve on and after the Effective Date in accordance with this Trust Agreement and the Plan~~, reporting to, and seeking approval for all non-ministerial decisions from the Liquidating Trust Board and otherwise taking direction from the Liquidating Trust Board~~. The Liquidating Trustee shall be appointed as the representative of each of the Debtors' Estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code, subject to the terms of the Plan, the Confirmation Order, and this Trust Agreement. Notwithstanding anything in the Plan or this Trust Agreement to the contrary, the Liquidating Trustee shall always act consistently with, and not contrary to, the purpose of the Liquidating Trust as set forth in the Plan.

(c) Subject to <u>Section ~~6.1(a)~~ 6.1(a)</u> of this Trust Agreement and the other express limitations set forth herein, any actions of the Liquidating Trustee contemplated by this Trust Agreement shall be decided and conducted by the Liquidating Trustee ~~with the approval and/or at the direction of the Liquidating Trust Board~~.

~~(d) Notwithstanding anything to contrary in the Plan, the Confirmation Order or this Trust Agreement, in the event the Liquidating Trust Board determines not to appoint a Liquidating Trustee, all rights, powers and obligations of the~~

WEIL:\97208898\2\73217.0003

Liquidating Trustee as set forth herein shall be deemed rights, powers and obligations of the Liquidating Trust Board, acting in accordance with Section 6.5(g) of this Trust Agreement; provided, however, that notwithstanding anything contained in this Section 6.1(d) of this Trust Agreement, neither the Liquidating Trust Board nor any member thereof shall be deemed to be, or shall constitute, a trustee of the Liquidating Trust.

6.2    Powers of the Liquidating Trustee.

(a)    Pursuant to the terms of the Plan, the Confirmation Order and this Trust Agreement, the Liquidating Trustee shall have all powers necessary to implement the Plan and to administer and monetize the Liquidating Trust Assets at the direction, under the supervision or with the approval of the Liquidating Trust Board, including the duties and powers set forth in Section 10.7(d) of the Plan. The Liquidating Trustee will administer the Liquidating Trust in accordance with this Trust Agreement. The Liquidating Trustee, subject to the approval and/or at the direction of the Liquidating Trust Board in thein its exercise of the Liquidating Trust Board's reasonable business judgment, shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the Liquidating Trust, make timely distributions and not unduly prolong the duration of the Liquidating Trust. More specifically, the Liquidating Trustee shall have the authority and the right (subject to, in each case, the direction, supervision and approval of the Liquidating Trust Board), without the need for Bankruptcy Court approval (unless otherwise indicated), to carry out and implement all provisions of the Plan, including:

(i)    except to the extent Claims have been previously Allowed, control and effectuate the Claims reconciliation process, including to object to, seek to subordinate, compromise or settle any and all Claims; provided, that the settlement of Specified Causes of Action shall be subject to the procedures set forth in Section 10.8 of the Plan and Section 6.6 of this Trust Agreement;

(ii)    make Distributions to Holders of Allowed Claims as set forth in, and implement the Wind Down pursuant to, the Plan;

(iii)    determine Distribution Dates, in accordance with the Plan;

(iv)    exercise its reasonable business judgment to direct and control the wind down, liquidation, sale and/or abandoning of the remaining Assets of the Debtors under the Plan and in accordance with applicable law as necessary to maximize Distributions to holders of Allowed Claims;

(v)    prosecute any remaining Causes of Action, including Preserved Causes of Action, on behalf of the Liquidating Trust, elect not to pursue any Causes of Action, and determine

27

whether and when to compromise, settle, abandon, dismiss, or otherwise dispose of any such Causes of Action, as the Liquidating Trustee ~~Board~~ determines is in the best interests of the Liquidating Trust;

(vi)    retain professionals to assist in performing its duties under the Plan;

(vii)    maintain the books and records and accounts of the Liquidating Trust;

(viii)    invest Cash of the Liquidating Trust including any Cash from Net Proceeds realized from the liquidation of any Assets of the Liquidating Trust, including any Preserved Causes of Action, and any income earned thereon;

(ix)    incur and pay reasonable and necessary expenses in connection with the performance of duties under the Plan, including the reasonable fees and expenses of professionals retained by the Liquidating Trustee and the Estate Professionals~~, which shall be subject to approval by the Liquidating Trust Board in accordance of Section 4.2(k) of this Trust Agreement~~;

(x)    subject to the Asset Purchase Agreement, administer each Debtor's tax obligations, including (A) filing tax returns and paying tax obligations, (B) requesting, if necessary, an expedited determination of any unpaid tax liability of each Debtor or its estate under section 505(b) of the Bankruptcy Code for all taxable periods of such Debtor ending after the Commencement Date through the liquidation of such Debtor as determined under applicable tax laws, and (C) representing the interest and account of each Debtor or its estate before any taxing authority in all matters including any action, suit, proceeding or audit;

(xi)    administer the Liquidating Trust's tax obligations, including (A) filing tax returns and paying tax obligations, (B) requesting, if necessary, an expedited determination of any unpaid tax liability of the Liquidating Trust for all taxable periods of the Liquidating Trust through the dissolution of the Liquidating Trust as determined under applicable tax laws, and (C) representing the interest and account of the Liquidating Trust before any taxing authority in all matters including any action, suit, proceeding or audit;

(xii)    prepare and file any and all returns, reports, statements, or disclosures relating to the Debtors and the

28

Liquidating Trust that are required under the Plan, by any governmental unit or applicable law;

(xiii)   prepare and file on behalf of the Debtors and any non-Debtor subsidiaries, certificates of dissolution and any and all other corporate and company documents necessary to effectuate the Wind Down without further action under applicable law, regulation, order, or rule, including any action by the stockholders, members, the board of directors, or board of directors or similar governing body of the Debtors;

(xiv)   maintain ~~appropriate~~such liability insurance for the Liquidating Trustee ~~and~~as the Liquidating Truste~~e Board~~reasonably shall deem to be appropriate;

(xv)   pay statutory fees; and

(xvi)   perform other duties and functions that are consistent with the implementation of the Plan and this Trust Agreement ~~and otherwise approved by, or directed by, the Liquidating Trust Board~~.

(b)   ~~Subject to t~~The ~~approval of the~~ Liquidating ~~Trust Board, the Liquidating~~ Trustee may serve on the board of directors of any subsidiary of the Liquidating Trust, provided the subsidiary's objective is consistent with that of the Liquidating Trust (i.e., to sell its assets and distribute the proceeds in liquidation).

(c)   Except as otherwise provided in this Trust Agreement, the Liquidating Trustee will not be required to obtain the order or approval of the Bankruptcy Court, or any other court of competent jurisdiction in, or account to the Bankruptcy Court or any other court of competent jurisdiction for, the exercise of any right, power or privilege conferred hereunder.  Pursuant to the Plan, the Bankruptcy Court has retained jurisdiction for such purposes and may approve or disapprove any such proposed action upon motion by the Liquidating Trustee.

6.3   Limitations on Liquidating Trustee.

~~(a)~~   The Liquidating Trustee shall, on behalf of the Liquidating Trust, hold the Liquidating Trust out as a trust in the process of liquidation and not as an investment company.  The Liquidating Trustee shall be restricted to the liquidation of the Liquidating Trust Assets on behalf, and for the benefit, of the Liquidating Trust Beneficiaries and the Distribution and application of the Liquidating Trust Assets for the purposes set forth in, and the conservation and protection of the Liquidating Trust Assets and the administration thereof in accordance with, the provisions of this Trust Agreement, the Plan and the Confirmation Order, and shall not take any action which will

WEIL:\97208898\2\73217.0003

cause the Liquidating Trust to fail to qualify as a "liquidating trust" for the United States federal income tax purposes.

(b)   Notwithstanding anything in this Trust Agreement to the contrary, the Liquidating Trustee shall submit to the Liquidating Trust Board for approval all non-ministerial decisions, including without limitation the matters set forth in Section 6.5(a) of this Trust Agreement, the following matters and any other matters that require the approval of the Liquidating Trust Board pursuant to the other terms of this Trust Agreement:

(i) any transaction involving the sale, assignment, transfer or abandonment of any Liquidating Trust Asset(s);

(ii) any incurrence of any cost, expense or fee in excess of $[  ] (covering services to be rendered or products utilized by the Liquidating Trustee within a one month period);

(iii) subject to Section 6.8 of this Trust Agreement, any determination to retain Trust Professionals and any compensation arrangements for such Trust Professionals, it being understood that the Liquidating Trust initially intends to engage Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as Primary Trust Litigation Counsel;

(iv) determination of the amount and timing of any Distribution to the Liquidating Trust Beneficiaries;

(v) any determination to initiate, settle or otherwise dispose of lawsuits or proceedings;

(vi) the management of preference and claim reconciliation matters, including any Claims against the ESL Parties;

(vii) determine, resolve and otherwise adjudicate all contingent, unliquidated, and Disputed Claims in the Bankruptcy Court pursuant to Article XII of the Plan;

(viii) at any time request that the Bankruptcy Court estimate any contingent, unliquidated, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, pursuant to Article XII of the Plan;

(ix) the dissolution of the Liquidating Trust; and

(x) submission to the Bankruptcy Court by the Liquidating Trustee of any question or questions regarding any specific action

WEIL:\97208898\2\73217.0003

proposed to be taken by the Liquidating Trustee with respect to this Trust Agreement, the Liquidating Trust or the Liquidating Trust Assets, including the administration and Distribution of the Liquidating Trust Assets and the termination of the Liquidating Trust.

The foregoing shall not limit the Liquidating Trustee's ability to make determinations and take actions regarding compliance with tax withholding requirements (including remittances).

6.4    Compensation and Expenses of the Liquidating Trustee.    The Liquidating Trustee (including the individual(s) serving as or comprising the Liquidating Trustee) shall receive compensation for its actual, reasonable and documented services, to be paid out of the Liquidating Trust Assets, as approved by the Liquidating Trust Board up to a total amount not to exceed $3 million.  In addition, the Liquidating Trustee shall be entitled, with the approval and/or at the direction of the Liquidating Trust Board, to reimburse itself from the Liquidating Trust Assets on a monthly basis for all actual, reasonable and documented out-of-pocket expenses incurred in the performance of duties in accordance with this Trust Agreement and the Plan.   The compensation of the Liquidating Trustee may be modified from time to time by the Liquidating Trust Board; provided that any modification to the compensation of the Liquidating Trustee shall only be made shall not exceed $3 million unless otherwise modified with the consent of PBGC or upon the provision of reasonable prior notice and the opportunity to object to the Liquidation Trust Beneficiaries through the filing of a notice of such proposed modifications with the Bankruptcy Court and the opportunity for any Liquidation Trust Beneficiary to object to such modification.

6.5 Establishment of Liquidating Trust Board.

(a) The "Liquidating Trust Board" means the board appointed in accordance with, and to exercise the duties set forth in, the Plan, the Confirmation Order and this Trust Agreement, which duties shall be (i) instructing and supervising the Liquidating Trustee with respect to its responsibilities under the Plan and reviewing and approving decisions of the Liquidating Trustee as set forth in this Trust Agreement, (ii) reviewing and approving the prosecution of adversary and other proceedings, including approving proposed settlements thereof (including, without limitation, any potential settlements of the Specified Causes of Action in accordance with the Plan), (iii) reviewing and approving objections to and proposed settlements of Disputed Claims, and (iv) performing such other duties as the Liquidating Trust Board determines may be necessary and proper to assist the Liquidating Trustee and the Liquidating Trust's retained professionals.   In its discretion, following the Effective Date, the Liquidating Trust Board may delegate any duties assigned to the Liquidating Trustee to any other committee, entity or individual.   Notwithstanding anything in the Plan or this Trust Agreement to the contrary, the Liquidating Trust Board shall always act consistently with, and not contrary to, the purpose of the Liquidating Trust as set forth in the Plan.

31

(b) The Liquidating Trust Board initially shall comprise five (5) members, of which three (3) shall be selected by the Creditors' Committee (the "Creditors' Committee Members") and two (2) shall be selected by the Debtors (the "Debtor Members"). For the avoidance of doubt, any member who succeeds an initial Creditors' Committee Member shall be considered a Creditors' Committee Member and any member who succeeds an initial Debtor Member shall be considered a Debtor Member. The initial members of the Liquidating Trust Board are as set forth on Annex A hereto. For the avoidance of doubt, no member of the Liquidating Trust Board shall be the Liquidating Trustee.

(e) The authority of the members of the Liquidating Trust Board shall be effective as of the Effective Date and shall remain and continue in full force and effect until the Liquidating Trust is dissolved in accordance with this Trust Agreement. The service of the members of the Liquidating Trust Board shall be subject to the following:

(i) the members of the Liquidating Trust Board shall serve until death or resignation pursuant to clause (ii) below, or removal pursuant to clause (iii) below;

(ii) a member of the Liquidating Trust Board may resign at any time by providing a written notice of resignation to the remaining members of the Liquidating Trust Board. Such resignation shall be effective when a successor is appointed as provided herein;

(iii) a member of the Liquidating Trust Board may be removed for Cause[4] by a majority vote of the other members. Such removal shall be effective immediately upon such vote;

(iv) in the event of a vacancy on the Liquidating Trust Board (whether by removal, death or resignation), a new member of the Liquidating Trust Board shall be appointed to fill such position by a majority of the remaining members of the Liquidating Trust Board; provided that (A) if the vacancy is in respect of a Creditors' Committee Member, then any such majority approving the new member of the Liquidating Trust Board must comprise at least one of the remaining Creditors' Committee Members and (B)

---

[4] "Cause" shall mean: (i) the commission of a crime under the laws of the United States or any State thereof involving fraud, theft, false statements or other similar acts, or the commission of any crime that is a felony (or a comparable classification in a jurisdiction that does not use such terms) under such laws; (ii) the willful or grossly negligent failure to perform employment-related duties for the Liquidating Trust Board; or (iii) the willful or grossly negligent violation of any substantive and material written policy adopted by the Liquidating Trust Board as may be in effect from time to time.

WEIL:\97208898\2\73217.0003

if the vacancy is in respect of a Debtor Member, then any such majority approving the new member of the Liquidating Trust Board must comprise the remaining Debtor Member. The appointment of a successor member of the Liquidating Trust Board shall be evidenced by the filing with the Bankruptcy Court by the Liquidating Trustee of a notice of appointment, which notice shall include the name, address, and telephone number of the successor member of the Liquidating Trust Board; and

(v) immediately upon appointment of any successor member of the Liquidating Trust Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Liquidating Trust Board hereunder shall be vested in and undertaken by the successor member of the Liquidating Trust Board without any further act; and the successor member of the Liquidating Trust Board shall not be liable personally for any act or omission of the predecessor member of the Liquidating Trust Board.

(d) Notwithstanding anything in this Trust Agreement to the contrary, the Liquidating Trust Board shall act in furtherance of the purpose of the Liquidating Trust, and shall not take any action that would cause the Liquidating Trust to fail to qualify as a "liquidating trust" for United States federal income tax purposes.

(e) The Liquidating Trust Board shall hold regular meetings, in person or telephonically, at such time and at such place as shall, from time to time, be determined by the Liquidating Trust Board. A meeting of the Liquidating Trust Board may be called by any member of the Liquidating Trust Board. Written notice of the time and place of meetings of the Liquidating Trust Board shall be given to each member of the Liquidating Trust Board by electronic communication at least two (2) Business Days prior to such meeting.

(f) A quorum for meetings of the Liquidating Trust Board shall consist of (i) any four (4) of the five (5) members of the Liquidating Trust Board then serving or (ii) in the event that any member or members of the Liquidating Trust Board are recused in accordance with the terms of this Trust Agreement, a majority of the non-recused, voting members of the Liquidating Trust Board then serving. In the event that fewer than five (5) members are serving on the Liquidating Trust Board due to vacancy, a quorum for meetings of the Liquidating Trust Board shall be the same proportion of the members then serving as a quorum of the fully constituted Liquidating Trust Board (eighty per cent (80%)) rounded down to the nearest whole person).

(g) Except as expressly provided herein, the affirmative vote of a majority of the Liquidating Trust Board present at a duly called meeting at which a quorum is present shall be the act of the Liquidating Trust Board with respect to any matter that requires the determination, consent, approval or agreement of such board. If an equal number of the non-recused voting members of the Liquidating Trust Board vote

33

WEIL:\97208898\2\73217.0003

for and against a particular matter, the Liquidating Trustee shall only in such circumstances have the authority to cast a vote with respect to such matter. Any or all of the members of the Liquidating Trust Board may participate in a meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any member of the Liquidating Trust Board participating in a meeting by this means is deemed to be present in person at the meeting. In all matters submitted to a vote of the Liquidating Trust Board, each Liquidating Trust Board member shall be entitled to cast one vote, which vote shall be cast personally by such Liquidating Trust Board member. In a matter in which the Liquidating Trustee cannot obtain direction or authority from the Liquidating Trust Board, the Liquidating Trustee may file a motion requesting such direction or authority from the Bankruptcy Court.

(h) Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Liquidating Trust Board shall report to the Liquidating Trust Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member may have with respect to or in connection with such matter or issue). A member who, with respect to a matter or issue, has or who may have a conflict of interest whereby such member's interests are adverse to the interests of the Liquidating Trust (i) shall be deemed to be a "Conflicted Member" who shall not be entitled to vote or take part in any action with respect to such matter or issue, (ii) the vote or action with respect to such matter or issue shall be undertaken only by members of the Liquidating Trust Board who are not Conflicted Members and (iii) notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the members of the Liquidating Trust Board who are not Conflicted Members shall be required to approve of such matter or issue and the same shall be the act of the Liquidating Trust Board.

(i) Any action required or permitted to be taken by the Liquidating Trust Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Liquidating Trust Board as evidenced by one or more written consents describing the action taken, signed by the Liquidating Trust Board and filed with the minutes or proceedings of the Liquidating Trust Board.

(j) Each member of the Liquidating Trust Board shall be entitled to equal compensation as set forth in the attached Annex B from the Liquidating Trust Assets; provided that any modification to the compensation of the Liquidating Trust Board members shall only be made upon the provision of reasonable prior notice and the opportunity to object to the Liquidation Trust Beneficiaries through the filing of a notice of such proposed modifications with the Bankruptcy Court. Any member of the Liquidating Trust Board shall also be reimbursed by the Liquidating Trust from the Liquidating Trust Assets for its actual, reasonable and documented out-of-pocket expenses incurred for serving on such board, in accordance with the Budget (if any).

WEIL:\97208898\2\73217.0003

Except as provided for in this Section 6.5 of this Trust Agreement, the members of the Liquidating Trust Board shall not be entitled to receive any other form of compensation for their services provided as such members.

6.5    6.6 Settlement Procedures.  The settlement of any (a) Specified Cause of Action, (b) other Claim or Cause of Action against the ESL Parties, (c) Claim or Preserved Cause of Action for which the Net Proceeds from such settlement are equal or greater than five million dollars ($5,000,000.00), or (db) Intercompany Claims shall be subject to the following procedures; provided, however, that notwithstanding the foregoing, no avoidance action arising under section 547 of the Bankruptcy Code or any comparable "preference" action arising under applicable non-bankruptcy law shall be subject to such procedures:

    (a)    the Liquidating Trustee Board first must determine whether the terms of a proposed settlement are in the best interests of the Liquidating Trust Beneficiaries, in the exercise of its reasonable business judgment as determined by majority vote;

    (b)    following such a determination by the Liquidating Trust Board, the Liquidating Trustee shall file or cause to be filed on the docket of the Chapter 11 Cases written notice of the material terms of the proposed settlement;

    (c)    any parties in interest with standing shall have fourteen (14) days to object to any proposed settlement after the filing of such proposed settlement by the Liquidating Trustee;

    (d)    if any party in interest with standing imposes an objection to such settlement, a hearing before the Bankruptcy Court shall be scheduled and the Liquidating Trust shall only be permitted to consummate the settlement by a finding by the Court that the terms of the proposed settlement meet the applicable standards set forth in section 363 of the Bankruptcy Code and Bankruptcy Rule 9019; and

    (e)    if no party in interest with standing objects to the proposed settlement, the Bankruptcy Court shall be deemed to have approved such settlement pursuant to the applicable standards set forth in section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 and the Liquidating Trust shall be permitted to consummate the settlement.

6.6    6.7 Actions Taken on Other Than a Business Day.  In the event that any payment or act under the Plan or this Trust Agreement is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

6.7    6.8 Agents, Employees and Professionals.

    (a)    The Liquidating Trust may, but shall not be required to, from time to time enter into contracts with, consult with and retain employees, officers

35

and independent contractors, including attorneys, accountants, appraisers, disbursing agents or other parties determined by the Liquidating Trustee ~~Board~~ to have qualifications necessary or desirable to assist in the proper administration of the Liquidating Trust (collectively, the "Trust Professionals")~~, upon approval by and on such terms as a simple majority of the Liquidating Trust Board deems appropriate; provided, however, that the selection of the initial Liquidating Trustee and the Primary Trust Litigation Counsel shall be determined in accordance with Section 10.7 of the Plan, it being understood that the Liquidating Trust intends to initially engage Akin Gump as Primary Trust Litigation Counsel.   The terms of engagement (including fee arrangements) of any Trust Professionals may not be amended without the prior approval of the Liquidating Trust Board; provided that any modification to the terms of engagement (including fee arrangements) of Primary Trust Litigation Counsel shall only be made upon the provision of reasonable prior notice and the opportunity to object to the Liquidation Trust Beneficiaries through the filing of a notice of such proposed modifications with the Bankruptcy Court~~.   None of the professionals that represented parties-in-interest in the Bankruptcy Cases shall be precluded from being engaged by the Liquidating Trust solely on account of their service as a professional for such parties-in-interest prior to the Effective Date.  Following the Effective Date, any Trust Professional may be removed with or without Cause.

~~(b)  The Primary Trust Litigation Counsel that is appointed in accordance with the terms of the Plan shall be considered a Trust Professional for the purposes of this Trust Agreement.  Notwithstanding Section 6.8(a) of this Trust Agreement, in the event of the resignation, removal, bankruptcy or insolvency of the Primary Trust Litigation Counsel, a vacancy shall be deemed to exist and a successor shall be appointed by the Liquidating Trust Board; provided, that if at least four of the five members (or the same proportion of the members then serving rounded down to the nearest whole person) of the Liquidating Trust Board do not vote for such Primary Litigation Counsel, then any opposing member may file an objection to the selection of Primary Trust Litigation Counsel with the Bankruptcy Court on the grounds that the selection of such Primary Trust Litigation Counsel is not in the best interests of the Liquidating Trust and Liquidating Trust Beneficiaries; provided, further, that any such objecting member of the Liquidating Trust Board shall be entitled to the reimbursement from the Liquidating Trust Assets of reasonable legal fees incurred in connection with the prosecution of any such objection only to the extent such objection is successful.  For the avoidance of doubt, under no circumstance, shall the successor Primary Trust Litigation Counsel be a director or officer of any Affiliate of the Liquidating Trust.~~

(b)   ~~(c)~~ After the Effective Date, Trust Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidating Trustee and ~~the Liquidating Trust Board~~PBGC, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of such person, plus an itemized statement of expenses.  In the event of any dispute concerning the entitlement to, or the reasonableness of any compensation and/or expenses of any Trust Professionals, either the Liquidating Trustee, PBGC or the affected party may ask the Bankruptcy Court to resolve the dispute.  The Liquidating Trustee is authorized to pay compensation for services rendered or reimbursement of expenses

WEIL:\97208898\2\73217.0003

incurred after the Effective Date in the ordinary course and without the need for Bankruptcy Court approval, but subject to the approval and/or at the direction of the Liquidating Trust Board.

(c)    (d) All payments to Trust Professionals shall be paid out of the Funding or as otherwise determined by the Liquidating Trustee Board, subject to the approval and/or at the direction of the Liquidating Trust Board.

6.8    6.9 Investment of Liquidating Trust Monies. The Liquidating Trustee may, with the approval of, or at the direction of, the Liquidating Trust Board, invest Cash (including any earnings thereon or proceeds therefrom); provided, that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulations section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings or other controlling authorities. All monies and other assets received by the Liquidating Trustee as Liquidating Trust Assets (including the proceeds thereof as a result of investment in accordance with this Section 6.9 6.8 of this Trust Agreement) shall, until distributed or paid over as herein provided, be held in trust for the benefit of the Liquidating Trust Beneficiaries, and shall not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan.

6.9    6.10 Termination. The duties, responsibilities and powers of the Liquidating Trustee and the Liquidating Trust Board shall terminate on the date the Liquidating Trust is wound up and dissolved in accordance with Delaware law pursuant to Section 3.2 of this Trust Agreement, under applicable law in accordance with the Plan, by an order of the Bankruptcy Court or by entry of a final decree closing the Bankruptcy Cases; provided, that Section 8.2 of this Trust Agreement, Section 8.4 of this Trust Agreement, Section 8.5 of this Trust Agreement and Section 8.6 of this Trust Agreement shall survive such termination, dissolution and entry.

6.10    6.11 Resident Trustee.

(a)    The Resident Trustee has been appointed and hereby agrees to serve as the trustee of the Liquidating Trust solely for the purpose of complying with the requirement of Section 3807(a) of the Trust Act that the Liquidating Trust have one trustee, which, in the case of a natural person, is a resident of the State of Delaware, or which in all other cases, has its principal place of business in the State of Delaware. The duties and responsibilities of the Resident Trustee shall be limited solely to (i) accepting legal process served on the Liquidating Trust in the State of Delaware, (ii) the execution of any certificates required to be filed with the office of the Delaware Secretary of State that the Resident Trustee is required to execute under section 3811 of the Trust Act, and (iii) any other duties specifically allocated to the Resident Trustee in this Trust Agreement. Except as provided in the foregoing sentence, the Resident Trustee shall have no management responsibilities or owe any fiduciary duties to the Liquidating Trust, the Liquidating Trustee, the Liquidating Trust Board or the Liquidating Trust Beneficiaries.

WEIL:\97208898\2\73217.0003

(b)     By execution of this Agreement, the Resident Trustee accepts the Liquidating Trust created herein.  Except as otherwise expressly required by Section 6.11(a) 6.10(a) of this Trust Agreement, the Resident Trustee shall not have any duty or liability with respect to the administration of the Liquidating Trust, the investment of the Liquidating Trust Assets or the Distribution of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries, and no such duties shall be implied.  The Resident Trustee shall not be liable for the acts or omissions of the Liquidating Trustee or the Liquidating Trust Board, nor shall the Resident Trustee be liable for supervising or monitoring the performance of the duties and obligations of the Liquidating Trustee or the Liquidating Trust Board under this Trust Agreement, except as expressly required by Section 6.11(a) 6.10(a) of this Trust Agreement.  The Resident Trustee shall not be obligated to give any bond or other security for the performance of any of its duties hereunder.  The Resident Trustee shall not be personally liable under any circumstances, except for its own willful misconduct, bad faith or gross negligence.  Without limiting the foregoing:

(i)     the Resident Trustee shall not be personally liable for any error of judgment made in good faith, except to the extent such error of judgment constitutes willful misconduct, bad faith or gross negligence;

(ii)     no provision of this Trust Agreement shall require the Resident Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder if the Resident Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(iii)     the Resident Trustee shall not be personally liable for the validity or sufficiency of this Trust Agreement or for the due execution of this Trust Agreement by the other parties to this Trust Agreement;

(iv)     the Resident Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect;

(v)     the Resident Trustee may request the Liquidating Trustee to provide a certificate with regard to any fact or matter the manner of ascertainment of which is not specifically prescribed herein, and such certificate shall constitute full protection to the Resident Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon;

WEIL:\97208898\2\73217.0003

(vi)    in the exercise or administration of the Liquidating Trust hereunder, the Resident Trustee (a) may act directly or through agents or attorneys pursuant to agreements entered into with any of them, and (b) may consult with nationally recognized counsel selected by it in good faith and with due care and employed by it, and it shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel; and

(vii)    the Resident Trustee acts solely as Resident Trustee hereunder and not in its individual capacity, and all persons having any claim against the Resident Trustee by reason of the transactions contemplated by this Trust Agreement shall look only to the Liquidating Trust Assets for payment or satisfaction thereof.

(c)    The Resident Trustee shall be entitled to receive compensation out of the Liquidating Trust Assets from the Liquidating Trust for the services that the Resident Trustee performs in accordance with this Trust Agreement in accordance with such fee schedules as shall be agreed from time to time ~~by~~between the Resident Trustee and the Liquidating Trus~~tee  Board~~.  The Resident Trustee may also consult with counsel (who may be counsel for the Liquidating Trust or for the Resident Trustee) with respect to those matters that relate to the Resident Trustee's role as the Delaware resident trustee of the Liquidating Trust, and the reasonable legal fees incurred in connection with such consultation shall be reimbursed out of the Liquidating Trust Assets to the Resident Trustee pursuant to this Section ~~6.11(c)~~ 6.10(c) of this Trust Agreement on terms acceptable to the Liquidating Trus~~tee  Board~~; provided that no such fees shall be reimbursed to the extent that they are incurred as a result of the Resident Trustee's gross negligence, bad faith or willful misconduct.

(d)    The Resident Trustee shall serve for the duration of the Liquidating Trust or until the earlier of (i) the effective date of the Resident Trustee's resignation, or (ii) the effective date of the removal of the Resident Trustee.  The Resident Trustee may resign at any time by giving thirty (30) days' written notice to the Liquidating Trustee ~~and the Liquidating Trust Board~~; provided, however, that such resignation shall not be effective until such time as a successor Resident Trustee has accepted appointment.  The Resident Trustee may be removed at any time by the Liquidating Trustee~~, with the approval and/or at the direction of the Liquidating Trust Board,~~ by providing thirty (30) days' written notice to the Resident Trustee; provided, however, such removal shall not be effective until such time as a successor Resident Trustee has accepted appointment.  Upon the resignation or removal of the Resident Trustee, the Liquidating Trustee~~, with the approval and/or at the direction of the Liquidating Trust Board,~~ shall appoint a successor Resident Trustee.  If no successor Resident Trustee shall have been appointed and shall have accepted such appointment within forty-five (45) days after the giving of such notice of resignation or removal, the Resident Trustee may petition the Bankruptcy Court for the appointment of a successor Resident Trustee.  Any successor Resident Trustee appointed pursuant to this Section ~~6.11(d)~~ 6.10(d) of this Trust Agreement shall be eligible to act in such capacity in

WEIL:\97208898\2\73217.0003

accordance with this Trust Agreement and, following compliance with this Section ~~6.11(d)~~ 6.10(d) of this Trust Agreement, shall become fully vested with the rights, powers, duties and obligations of its predecessor under this Trust Agreement, with like effect as if originally named as Resident Trustee.  Any such successor Resident Trustee shall notify the Resident Trustee of its appointment by providing written notice to the Resident Trustee and upon receipt of such notice, the Resident Trustee shall be discharged of its duties herein.

6.11    ~~6.12~~ Fiduciary and Other Duties.  Notwithstanding anything in the Plan or this Trust Agreement to the contrary, the Liquidating Trustee ~~and the members of the Liquidating Trust Board~~ shall always act in the best interests of the Liquidating Trust Beneficiaries and in furtherance of the purpose of the Liquidating Trust as set forth in Section 10.2 of the Plan.  The Liquidating Trustee ~~and the members of the Liquidating Trust Board~~ shall have fiduciary duties to the Liquidating Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; provided, however, that the Liquidating Trustee ~~and the members of the Liquidating Trust Board~~ shall not owe fiduciary obligations to any defendants or potential defendants of Preserved Causes of Action in their capacities as such, it being the intent of such fiduciary duties to ensure that the Liquidating Trustee's ~~and the members' of the Liquidating Trust Board~~ obligations are to maximize the value of the Liquidating Trust Assets, including the Preserved Causes of Action. Except for obligations expressly imposed on the Liquidating Trustee ~~and the Liquidating Trust Board~~ by this Trust Agreement, to the extent that, at law or in equity, the Liquidating Trustee ~~or the Liquidating Trust Board~~ has duties (including fiduciary duties) to the Liquidating Trust Beneficiaries or to any other person that is a party to or is otherwise bound by this Trust Agreement, such duties are hereby eliminated by this Trust Agreement to the fullest extent permitted by applicable law; provided, however, that this Trust Agreement does not eliminate the implied contractual covenant of good faith and fair dealing.

**ARTICLE VII**

**SUCCESSOR LIQUIDATING TRUSTEE**

7.1    Resignation.  The Liquidating Trustee may resign from the Liquidating Trust by ~~giving~~ filing on the docket of the Chapter 11 Cases a written notice at least sixty (60) days prior ~~written notice thereof to each member of the Liquidating Trust Board~~ to the expected date of resignation.  Such resignation shall become effective on the later to occur of (a) the date specified in such written notice and (b) the effective date of the appointment of a successor Liquidating Trustee in accordance with Section 7.4 of this Trust Agreement and such successor's acceptance of such appointment in accordance with Section 7.5 of this Trust Agreement.

7.2    Removal.  The Liquidating Trustee may be removed ~~by the~~ at any time for Cause.[4]  ~~Any~~ Liquidating Trust ~~Board with or without~~ Beneficiary, on notice and

---

[4]    "Cause" shall mean: (i) the commission of a crime under the laws of the United States or any State thereof involving fraud, theft, false statements or other similar acts, or the commission of any crime that

40

hearing before the Bankruptcy Court, may seek removal of the Liquidating Trustee for Cause. Such removal shall become effective on the date specified in ~~such action by the Liquidating Trust Board.~~order approval removal by the Bankruptcy Court. Notwithstanding the removal of the Liquidating Trustee pursuant to this Section 7.2, the rights of the resigning Liquidating Trustee under this Trust Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Liquidating Trustee following the effectiveness of such resignation.

7.3     **Effect of Resignation or Removal**. The resignation, removal, incompetency, bankruptcy or insolvency of the Liquidating Trustee shall not operate to terminate the Liquidating Trust or to revoke any existing agency created pursuant to the terms of this Trust Agreement, the Plan or the Confirmation Order or invalidate any action theretofore taken by the Liquidating Trustee. All fees and expenses properly incurred by the Liquidating Trustee prior to the resignation, incompetency or removal of the Liquidating Trustee shall be paid from the Liquidating Trust Assets, unless such fees and expenses are disputed by ~~the~~any Liquidating Trust ~~Board~~Beneficiary, in which case the Bankruptcy Court shall resolve the dispute and any disputed fees and expenses of the predecessor Liquidating Trustee that are subsequently allowed by the Bankruptcy Court shall be paid from the Liquidating Trust Assets. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall: (x) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the ~~Liquidating Trust Board or the~~ successor Liquidating Trustee or directed by the Bankruptcy Court to effect the termination of such Liquidating Trustee's capacity under this Trust Agreement, (y) promptly deliver to the ~~Liquidating Trust Board and the~~ successor Liquidating Trustee all material documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of such Liquidating Trustee and (z) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

7.4     **Appointment of Successor**. Upon the resignation or dissolution of the Liquidating Trustee, the Liquidating Trustee shall recommend for appointment by the Bankruptcy Court a successor Liquidating Trustee which is acceptable to PBGC, to be appointed by the Bankruptcy Court. In the event of the death, resignation, removal, bankruptcy or insolvency of the Liquidating Trustee, ~~a vacancy shall be deemed to exist and a successor shall be appointed by the Liquidating Trust Board; provided that if at least four of the five members (or the same proportion of the members then serving rounded down to the nearest whole person) of the Liquidating Trust Board do not vote for such Liquidating Trustee, then any opposing member may file an objection to the selection of such Liquidating Trustee with~~ the Bankruptcy Court ~~on the grounds that the selection of such~~upon request or on its motion shall appoint a successor Liquidating

thereof involving fraud, theft, false statements or other similar acts, or the commission of any crime that is a felony (or a comparable classification in a jurisdiction that does not use such terms) under such laws; or (ii) the willful or grossly negligent failure to perform employment-related duties for the Liquidating Trust.

WEIL:\97208898\2\73217.0003

Trustee ~~is not in the best interests of the Liquidating Trust and Liquidating Trust Beneficiaries; provided, further, that any such objecting member of the Liquidating Trust Board shall be entitled to the reimbursement from the Liquidating Trust Assets of reasonable legal fees incurred in connection with the prosecution of any such objection only to the extent such objection is successful~~on an interim or permanent basis. For the avoidance of doubt, except as set forth in <u>Section 6.2(b)</u> of this Trust Agreement, under no circumstance, shall the successor Liquidating Trustee be a director or officer of any Affiliate of the Liquidating Trust.

      7.5    <u>Acceptance of Appointment by Successor Liquidating Trustee</u>. Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing and ~~to the Liquidating Trust Board and~~, in case of the Liquidating Trustee's resignation, to the resigning Liquidating Trustee. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges of its predecessor in the Liquidating Trust with like effect as if originally named Liquidating Trustee and shall be deemed appointed pursuant to Bankruptcy Code section 1123(b)(3)(B). The resigning or removed Liquidating Trustee shall duly assign, transfer and deliver to such successor Liquidating Trustee all property and money held by such resigning or removed Liquidating Trustee hereunder and shall, as directed by the Bankruptcy Court or reasonably requested by such successor Liquidating Trustee ~~or the Liquidating Trust Board~~, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the trusts herein expressed, all the liabilities, duties, powers, rights, title, discretion and privileges of such resigning or removed Liquidating Trustee.

## ARTICLE VIII

## RELIANCE, LIABILITY AND INDEMNIFICATION

      8.1    <u>Reliance by the Liquidating Trustee</u> ~~and the Members of the Liquidating Trust Board~~. Except as otherwise provided in this Trust Agreement, the Plan or the Confirmation Order, the Liquidating Trustee ~~and the members of the Liquidating Trust Board~~ may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Liquidating Trustee ~~and/or the Liquidating Trust Board~~ to be genuine and to have been signed or presented by the proper party or parties.

      8.2    <u>Liability to Third Persons</u>. No Liquidating Trust Beneficiary shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Liquidating Trust Assets or the affairs of the Liquidating Trustee. The Liquidating Trustee, <u>and</u> the Trust Professionals ~~and the members of the Liquidating Trust Board~~ shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person (including, in the case of the Liquidating Trustee ~~and members of the Liquidating Trust Board~~, to any Trust Professionals retained by the Liquidating Trustee in accordance with this Trust Agreement) in connection with the

WEIL:\97208898\2\73217.0003

Liquidating Trust Assets or the affairs of the Liquidating Trust and shall not be liable with respect to any action taken or omitted to be taken in good faith, except for actions and omissions determined by a final order of the Bankruptcy Court to be due to their respective gross negligence, intentional fraud, criminal conduct or willful misconduct, and all such persons shall look solely to the Liquidating Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the Liquidating Trust. Other than as set forth in the Plan or in the Confirmation Order, nothing in this <u>Section 8.2</u> of this Trust Agreement shall be deemed to release any Liquidating Trust Beneficiary from any actions or omissions occurring prior to the Effective Date.

8.3 <u>Nonliability of Liquidating Trustee ~~and Liquidating Trust Board~~ for Acts of Others</u>. Except as provided herein, nothing contained in this Trust Agreement, the Plan or the Confirmation Order shall be deemed to be an assumption by the Liquidating Trustee, ~~the Liquidating Trust Board (or its members) or~~ <u>or</u> the Trust Professionals of any of the liabilities, obligations or duties of the Debtors or shall be deemed to be or contain a covenant or agreement by the Liquidating Trustee to assume or accept any such liability, obligation or duty. Any successor Liquidating Trustee ~~or Liquidating Trust Board member~~ may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so. The Liquidating Trustee ~~and the Liquidating Trust Board members~~ shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. The Liquidating Trustee or any successor Liquidating Trustee ~~and the Liquidating Trust Board members~~ shall not be liable for any act or omission of any predecessor Liquidating Trustee ~~or Liquidating Trust Board member~~, nor have a duty to enforce any claims against any predecessor Liquidating Trustee ~~or Liquidating Trust Board member~~ on account of any such act or omission, ~~unless directed to do so by the Liquidating Trust Board~~. No provision of this Trust Agreement shall require the Liquidating Trustee to expend or risk ~~his~~<u>its</u> personal funds or otherwise incur any financial liability in the performance of ~~his~~<u>its</u> rights or powers hereunder if the Liquidating Trustee has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to ~~him~~<u>it</u>.

8.4 <u>Exculpation</u>. ~~As of~~<u>From and after</u> the Effective Date, the Liquidating Trustee, <u>and</u> the Trust Professionals ~~and the members of the Liquidating Trust Board~~ shall be and hereby are exculpated by all Entities, including Liquidating Trust Beneficiaries, holders of Claims, and other parties-in-interest, from any and all claims, Causes Of Action and other assertions of liability arising out of or related to the discharge of their respective powers and duties conferred by the Plan, this Trust Agreement or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law or otherwise, except for actions or omissions to act that are determined by final order of the Bankruptcy Court to have arisen out of their own respective intentional fraud, criminal conduct, gross negligence or willful misconduct. No Liquidating Trust Beneficiary, holder of a Claim or other party-in-interest shall have

WEIL:\97208898\2\73217.0003

or be permitted to pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trust, the employees, professionals or representatives of either the Liquidating Trustee or the Liquidating Trust (including the Trust Professionals) or the members of the Liquidating Trust Board, for making payments in accordance with, or for implementing, the provisions of the Plan, the Confirmation Order and this Trust Agreement.  Any action taken or omitted to be taken with the express approval of the Bankruptcy Court, the Liquidating Trustee Board shall conclusively be deemed not to constitute gross negligence or willful misconduct; provided, however, that, notwithstanding any provision herein to the contrary, the Liquidating Trustee shall not be obligated to comply with a direction of the Liquidating Trust Board, whether or not express, which would result in a change to the Distribution provisions of this Trust Agreement and the Plan..

       8.5    <u>Limitation of Liability</u>.  The Liquidating Trustee, the members of the Liquidating Trust Board, and the Trust Professionals will not be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement <u>or any other matter relating to this Trust Agreement</u> under any circumstances.

       8.6    <u>Indemnity</u>.  The Liquidating Trustee (including the individual(s) serving as or comprising the Liquidating Trustee), the employees of the Liquidating Trust, the members of the Liquidating Trust Board and their respective agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives and principals, including the Trust Professionals (collectively, the "<u>Indemnified Parties</u>") shall be indemnified by the Liquidating Trust solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses occurring after the Effective Date, including reasonable attorneys' fees, disbursements and related expenses which the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against one or more of the Indemnified Parties on account of the acts or omissions in their capacity as, or on behalf of, the Liquidating Trustee or a member of the Liquidating Trust Board; provided, however, that the Liquidating Trust shall not be liable to indemnify any Indemnified Party for any act or omission arising out of such Indemnified Party's respective gross negligence, fraud or willful misconduct as determined by a Final Order of the Bankruptcy Court. Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, except for any actions or omissions arising  from their own respective willful misconduct, fraud or gross negligence; provided, however, that the Indemnified Parties receiving such advances shall repay the amounts so advanced, without interest, to the Liquidating Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this <u>Section 8.6</u> of this Trust Agreement.  The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified.

44

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

9.1     Governing Law.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent that any document to be entered into in connection herewith provides otherwise, the rights, duties, and obligations arising under this Trust Agreement shall be governed by, and construed and enforced in accordance with, the Bankruptcy Code and, to the extent not inconsistent therewith, the laws of the State of Delaware, without giving effect to principles of conflicts of laws.

9.2     Jurisdiction.  Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, and the Liquidating Trustee and the Liquidating Trust Board, including the administration and activities of the Liquidating Trust, and the Liquidating Trustee and the Liquidating Trust Board, and, pursuant to the Plan, the Bankruptcy Court has retained such jurisdiction; provided, however, that notwithstanding the foregoing, the Liquidating Trustee shall (subject to the approval and/or at the direction of the Liquidating Trust Board) have power and authority to bring any action in any court of competent jurisdiction (including the Bankruptcy Court) to prosecute any Claims or Causes of Action assigned to the Liquidating Trust.

9.3     Severability.  In the event any provision of this Trust Agreement or the application thereof to any person or circumstances shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Trust Agreement shall be valid and enforceable to the full extent permitted by law.

9.4     Notices.  Any notice or other communication required or permitted to be made under this Trust Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by email, facsimile, (with receipt acknowledged), or sent by nationally recognized overnight delivery service or mailed by first-class mail(with delivery receipt provided):

(i)     if to the Liquidating Trust, to:

[  ]
Fax: [  ]
Mohsin Y. Meghji
c/o M3 Advisory Partners, LP
1700 Broadway, 19th Floor
New York, New York 10019
Email: [  ]mmeghji@m3-partners.com

WEIL:\97208898\2\73217.0003

with a copy to:

[   ]
Fax: [   ]
Charles H. F. Garner, Esq.
M3 Advisory Partners, LP
1700 Broadway, 19th Floor
New York, New York 10019
Email: [   ]cgarner@m3-partners.com

(ii)    if to the Resident Trustee, to:

[   ]
Fax: [   ]
Email: [   ]

with a copy to:

[   ]
Attention: [   ]
Facsimile: [   ]
Email: [   ]

(iii) if to members of the Liquidating Trust Board, then to each of:

Patrick J. Bartels
Email: patrick@redanadvisors.com

Alan J. Carr
Email: acarr@drivetrainllc.com

Eugene I. Davis
Email: genedavis@pirinateconsulting.com

William L. Transier
Email: bill@transieradvisors.com

Raphael T. Wallander
Email: rwallander@maxwellbayadvisors.com

(iii)    (iv) if to any Liquidating Trust Beneficiary, to the last known address of such Liquidating Trust Beneficiary according to the Debtors' Schedules, such Liquidating Trust Beneficiary's proof of claim or the lists of record holders provided to the Liquidating Trustee.

46

9.5     <u>Headings</u>.  The headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision of this Trust Agreement.

9.6     <u>Controlling Document</u>.  In the event of any conflict between the terms and provisions in the Plan and the terms and provisions in the Disclosure Statement, the Plan Supplement, any other instrument or document created or executed pursuant to the Plan, or any order (other than the Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), the Plan shall govern and control; <u>provided</u> that, in the event of a conflict between this Trust Agreement, on the one hand, and any of the Plan, the Plan Supplement or the Definitive Documents, on the other hand, this Trust Agreement shall govern and control in all respects relating to the Liquidating Trust; <u>provided</u> <u>further</u> that, in the event of a conflict between the Confirmation Order, on the one hand, and any of the Plan, the Plan Supplement (other than as set forth herein with respect to this Trust Agreement), the Definitive Documents, on the other hand, the Confirmation Order shall govern and control in all respects.

9.7     <u>Entire Trust Agreement</u>.  This Trust Agreement (including the recitals and annex hereto), the Plan and the Confirmation Order constitute the entire agreement by and among the parties and supersede all prior and contemporaneous agreements or understandings by and among the parties with respect to the subject matter of this Trust Agreement.

9.8     <u>Cooperation</u>.  Subject to <u>Section 1.8</u> of this Trust Agreement, from and after the Effective Date, the Debtors', including the Restructuring Subcommittee's, professionals shall promptly upon the request of the Liquidating Trustee ~~and/or members of the Liquidating Trust Board~~ (a) turn over or otherwise make available to the Liquidating Trust at no cost to the Liquidating Trust or the Liquidating Trustee, any books and records of the Debtors held by such professionals,  and (b) subject to payment of reasonable and documented fees and expenses incurred by such professionals (1) make available information, including electronic records or documents, reasonably required by the Liquidating Trust to carry out its duties hereunder and (2) otherwise reasonably cooperate with the Liquidating Trust in carrying out its duties hereunder, subject, in the case of (a) and (b), to the confidentiality provisions herein to preserve the confidential nature of the Debtors' books and records.

9.9     <u>Amendment and Waiver</u>.  ~~Any provision of~~<u>The Liquidating Trustee may, from time to time, modify, supplement, or amend</u> this Trust Agreement~~, including the number of members of the~~ <u>but only to clarify any ambiguity or inconsistency, or render the Trust Agreement in compliance with its stated purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment, or distribution of any</u> Liquidating Trust ~~Board as set forth in Section 6.5(b) of this Trust Agreement and the compensation provided to the members of the Liquidating Trust Board as set forth in Annex B, may be amended or waived only with the consent of all voting, then-existing members of the Liquidating Trust Board~~<u>Beneficiary</u>; <u>provided</u> that any such amendment which alters the duties or liabilities of the Resident Trustee

47

shall also require the consent of the Resident Trustee.  Notwithstanding this <u>Section 9.9</u> of this Trust Agreement, any amendment to this Trust Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with Treasury Regulations section 301.7701-4(d) and <u>Section 1.2</u> of this Trust Agreement.  The Liquidating Trustee, with the approval of the Bankruptcy Court, may, from time to time, otherwise modify, supplement, or amend this Trust Agreement.

   9.10 <u>Confidentiality</u>.  The Liquidating Trustee, each member of the Liquidating Trust Board and each of their respective its employees, members, agents, professionals and advisors, including the Trust Professionals (each a "<u>Confidential Party</u>" and, collectively, the "<u>Confidential Parties</u>") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Debtor to which any of the Liquidating Trust Assets relates; <u>provided</u>, <u>however</u>, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties; or (b) such disclosure is required of the Confidential Parties pursuant to legal process including subpoena or other court order or other applicable laws or regulations; or (c) such disclosure is otherwise expressly contemplated by this Trust Agreement.  In the event that any Confidential Party is requested to divulge confidential information pursuant to this clause (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee (or the Liquidating Trust Board in case the Liquidating Trustee or the Resident Trustee is the disclosing party) to allow sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee (or the Liquidating Trust Board, as applicable) in making any such objection, including appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

   9.11 <u>Meanings of Other Terms</u>.  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities.  The words herein and words of similar import refer to this Trust Agreement as a whole and not to any particular Article, Section or subdivision of this Trust Agreement.  The term "including" shall mean "including, without limitation."

   9.12 <u>Counterparts</u>.  This Trust Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or portable document file (PDF) signature of any party shall be considered to have the same binding legal effect as an original signature.

   9.13 <u>Intention of Parties to Establish Liquidating Trust</u>.  This Trust Agreement is intended to create a liquidating trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all

WEIL:\97208898\2\73217.0003

**IN WITNESS WHEREOF**; the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

**[SHC]**

By: _____
     Name:
     Title:

**[INSERT SIGNATURE BLOCKS FOR OTHER DEBTORS]**

~~**[LIQUIDATING TRUSTEE]**~~

**M3 ADVISORY PARTNERS, LP, solely in its capacity as Liquidating Trustee and not in any individual capacity**

By: _____
     Name: Mohsin Y. Meghji
     Title:  Managing Partner

[[  ], not in its individual capacity, but solely as Resident Trustee

By: _____
     Name: ]

**ANNEX A**
**INITIAL MEMBERS OF THE LIQUIDATING TRUST BOARD**

| | Name | Member |
|---|---|---|
| 1. | Patrick J. Bartels | Creditors' Committee Member |
| 2. | Alan J. Carr | Debtors' Member |
| 3. | Eugene I. Davis | Creditors' Committee Member |
| 4. | William L. Transier | Debtors' Member |
| 5. | Raphael T. Wallander | Creditors' Committee Member |

## ANNEX B
## LIQUIDATING TRUST BOARD MEMBER COMPENSATION

(a) Base Compensation

The annual base compensation of each member of the Liquidating Trust Board shall be $[   ] per member, which amount shall be paid in twelve equal installments on a monthly basis in advance.[5]

(b) Incentive Compensation

[   ][6]

---

[5] Note to Draft: The annual base compensation of each member of the Liquidating Trust Board shall be disclosed prior to the Confirmation Hearing.

[6] Note to Draft: Each member of the Liquidating Trust Board shall be entitled to incentive compensation on terms to be determined. Such terms are to be disclosed prior to the Confirmation Hearing.

WEIL:\97208898\2\73217.0003