**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION, et al.,** | : | **Case No. 18-23538 (RDD)** |
| | : | **(Jointly Administered)** |
| Debtors.[1] | : | |

---------------------------------------------------------------- x

| | | |
|---|---|---|
| Sears Holdings Corp., et al., | : | |
| | : | |
| **Plaintiffs** | : | |
| vs. | : | |
| Edward Scott Lampert, et al., | : | |
| | : | |
| **Defendants.** | : | **Consolidated at** |

---------------------------------------------------------------- x  **Adv. Pro. 19-08250 (RDD)**

| | | |
|---|---|---|
| Sears Holdings Corporation, et al., | : | |
| | : | |
| **Plaintiffs** | : | |
| vs. | : | |
| Andrew H. Tisch, et al., | : | |
| | : | |
| **Defendants.** | : | |

---------------------------------------------------------------- x

## NOTICE OF FILING OF AMENDED PROPOSED
## ORDER APPROVING JOINT MOTION OF DEBTORS
## AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
## ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENTS, GRANTING
## RELATED RELIEF AND AUTHORIZING CERTAIN NONMATERIAL PLAN
## <u>MODIFICATIONS IN FURTHERANCE OF THE EFFECTIVE DATE OF THE PLAN</u>

            **PLEASE TAKE NOTICE** that on August 9, 2022, the Debtors and the Official Committee

of Unsecured Creditors of Sears Holdings Corporation filed the *Joint Motion of Debtors and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California

*Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Certain Related Relief, and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* [Case No. 18-23538, ECF No. 10566; Case No. 19-08250, ECF No. 279] (the "Settlement Motion").[2]

PLEASE TAKE FURTHER NOTICE that attached as Exhibit B to the Settlement Motion was a proposed form of *Order Approving Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Related Relief and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* (the "Original Proposed Order").

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit A** is an amended version of the Original Proposed Order (the "Amended Proposed Order"), which incorporates certain proposed, nonmaterial modifications to the Plan consistent with the terms of the Settlement Agreement and makes certain changes to the Original Proposed Order to reflect informal requests from PBGC.

PLEASE TAKE FURTHER NOTICE that attached hereto as **Exhibit B** is a blackline of the Amended Proposed Order marked against the Original Proposed Order.

---

Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Settlement Motion, the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 5370] or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [ECF No. 5370-1] (the "Plan"), as applicable.

Dated: August 30, 2022
       New York, New York

/s/ *Garrett Fail*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett Fail
Sunny Singh


*Counsel for the Debtors*
*and Debtors in Possession*

/s/ *Ira S. Dizengoff*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier


*Counsel for the Official Committee*
*of Unsecured Creditors*

## **EXHIBIT A**

**Amended Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------  x

In re                                                             :            Chapter 11
                                                                  :
**SEARS HOLDINGS CORPORATION**, *et al.*,       :            **Case No. 18-23538 (RDD)**
                                                                  :            **(Jointly Administered)**
                  Debtors.[1]                                     :
---------------------------------------------------------  x

Sears Holdings Corp., *et al.*                                    :
                                                                  :
                  Plaintiffs                                      :
         vs.                                                      :
Edward Scott Lampert, *et al.*                                    :
                                                                  :
                  Defendants.                                     :            **Consolidated at**
---------------------------------------------------------  x            **Adv. Pro. 19-08250 (RDD)**

Sears Holdings Corporation, *et al.*                             :
                                                                  :
                  Plaintiffs                                      :
         vs.                                                      :
Andrew H. Tisch, *et al.*                                        :
                                                                  :
                  Defendants.                                     :
---------------------------------------------------------  x

## AMENDED ORDER APPROVING JOINT MOTION OF DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENTS, GRANTING RELATED RELIEF AND AUTHORIZING CERTAIN NONMATERIAL PLAN MODIFICATIONS IN FURTHERANCE OF THE EFFECTIVE DATE OF THE PLAN

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

Upon the motion (the "Motion")[2] of the Debtors and the Creditors' Committee, for entry of an order pursuant to sections 105(a), 363, 1127(b) and (c) and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking approval of the Settlement Agreements, the grant of certain related relief and authorization to make the Plan Modifications, having found that the Plan Modifications are not material and do not have an adverse effect on creditors who voted in favor of the Plan; and determining that further disclosure and re-solicitation of votes are not required, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on August 31, 2022 to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, the Estates, their creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or, if not defined in the Motion, in the Settlement Agreement or the Plan, as applicable.

1.      The Motion is granted.  All responses and objections not withdrawn or resolved by this Order are overruled in all respects.

2.      The Settlement Agreement is approved under Bankruptcy Code section 363 and Bankruptcy Rule 9019, and the Debtors, the Restructuring Subcommittee, the Creditors' Committee and the Litigation Designees are authorized to enter into and perform under the Settlement Agreement.

3.      The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate and fully perform under the Settlement Agreement in accordance with this Order, including without limitation to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate and fully perform under the Settlement Agreement in accordance with this Order, including making distributions in accordance with the terms of the Settlement Agreement and the Plan.

4.      The Consolidated Adversary Proceeding is stayed pending the occurrence of the Final Approval Date (as defined in the Settlement Agreement).

5.      The Second Lien Notes Settlement is approved under Bankruptcy Code section 363 and Bankruptcy Rule 9019.  Wilmington Trust shall, as soon as reasonably practicable after the Final Approval Date and upon receipt of the Second Lien Notes Settlement Payment, withdraw its Second Circuit 507(b) Appeal.  As soon as reasonably practicable after the Final Approval Date, the Debtors shall withdraw their claims as against Wilmington Trust in the Section 506(c) Appeal.

6.      The *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 362, 364, and 1142 and Bankruptcy Rules 3020(D), 4001 and 9014 Authorizing Entry by the Debtors' Estates into the Litigation Funding Arrangement*

3

*with Bench Walk 21p, L.P.* [ECF No. 10407] is stayed pending the occurrence of the Final Approval

Date.

7.    The Mediation is continued pending occurrence of the Final Approval Date.

8.    The following modifications to the Plan comply with Bankruptcy Code section

1127 (the "Plan Modifications"):

a.    Upon the effectiveness of the Settlement Agreement, the Litigation Designees and the Debtors' Restructuring Committee and Restructuring Subcommittee will be relieved of any further duties and obligations, such roles will be eliminated and no further compensation will be paid by the Debtors to the Litigation Designees or the members of the Restructuring Committee or Restructuring Subcommittee for the period from and after the effective date of the Settlement Agreement.

b.    All references to the Liquidating Trust Board in the Confirmation Order and Plan shall be deemed deleted or replaced with "Liquidating Trustee" as applicable and as the context requires, and no Liquidating Trust Board will be appointed upon the Effective Date.

c.    In lieu of the Liquidating Trust Board, the Liquidating Trust will be overseen solely by the Liquidating Trustee, who, upon the Effective Date, will have all the same powers, rights and obligations as the Liquidating Trust Board. The Liquidating Trustee will be M3 Advisory Partners, LP, formerly known as and retained in the Chapter 11 Cases as M-III Advisory Partners, LP [ECF No. 814], as selected by the Litigation Designees.

d.    The revised form of Liquidating Trust Agreement, filed at ECF No. 10613, is approved. The notice and reporting provisions in the Liquidating Trust Agreement may be further revised to minimize extraneous administrative costs and burdens and in a manner consistent with the available distributions from the Settlement Agreement.

e.    The last sentence of Section 12.1(a) of the Plan shall be replaced by the following sentence:

(1)    "Any objections to any Administrative Expense Claims, Secured Claims, Other 507(b) Priority Claims, Priority Tax Claims, and Priority Non-Tax Claims shall be served and filed on or before the later of (a) three-hundred and sixty-five (365) days after the Effective Date, and (b) on such later date as ordered by the Bankruptcy Court for cause. Any objections to any General Unsecured Claims and ESL Unsecured Claims shall be served and filed on or before the later of (a) five-hundred and fifty (550) days

4

after the Effective Date, and (b) on such later date as ordered by the Bankruptcy Court for cause."

9.     The Plan, as modified by the Plan Modifications, complies with Bankruptcy Code sections 1122, 1123 and 1129.

10.     Paragraph 16 of the Confirmation Order is hereby revised as follows:

a.     "The Debtors shall cause to be filed on the docket a notice of entry of this Confirmation Order and occurrence of the Effective Date ("the "Effective Date Notice") on the Effective Date or as soon as practicably thereafter.  The Debtors shall cause the Effective Date Notice to be published in The New York Times within seven (7) business days after the Effective Date, or as soon as practicable thereafter."

11.     The Confirmation Order applies to the Plan as modified by this Order.

12.     Any holder of a claim that has accepted the Plan is deemed to have accepted the Plan, as modified, and such creditor shall not have the opportunity to change its previous acceptance.

13.     For the avoidance of doubt, (i) the Plan, Confirmation Order and Liquidating Trust Agreement, as applicable, govern the use and distribution of proceeds from the Settlement Agreement; and (ii) nothing in this Order or the Settlement Agreement shall (x) impair or modify the priority of the PBGC Liquidating Trust Priority Interest under the Plan, the Confirmation Order and the Liquidating Trust Agreement, as applicable; (y) modify, expand, supplement or in any way alter the PBGC Release under Section 15.9(c)(i) of the Plan; or (z) modify, expand, supplement or in any way alter that certain Settlement Agreement, dated as of December 6, 2019, by and between Transform Holdco LLC, Transform SR Brands LLC and the PBGC, as amended by that certain Amendment No. 1 to Settlement Agreement, dated as of December 23, 2019, and as the same may be modified, amended or waived in accordance with its terms.

14.     The following provisions are hereby approved (the "Bar Order"):

5

a.    it is hereby ordered that all Non-Settling Parties are permanently barred, enjoined and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere any claim for non-contractual indemnity, reimbursement, or contribution against any Settling Party, arising out of, based on, or in connection with or related to the claims or allegations set forth in the Actions (collectively, the "Barred Claims").   If a court or tribunal determines that Barred Claims exist that would have given rise to liability of any Settling Party to a Non-Settling Party Person but for this Bar Order, the Non-Settling Parties are also entitled to the judgment reduction provisions set forth herein; and it is further

b.    ordered that in the event any Sears Party (or any Related Parties of any Sears Parties) asserts or continues to assert a claim (a "Sears Plaintiff") against any Non-Settling Party arising out of, based on, or in connection with the claims or allegations set forth in the Actions (such claim, a "Continued Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Continued Action, the Sears Plaintiff shall provide notice of this Bar Order to the court or tribunal presiding over the Continued Action.  Such court or tribunal shall determine whether the Continued Action gives rise to Barred Claims on which Settling Parties would have been liable to the Non-Settling Parties in the absence of this Bar Order.  If the court or tribunal so determines, it shall reduce any Judgment against such Non-Settling Party in an amount equal to (a) the amount of the Judgment against any such Non-Settling Party times (b) the aggregate proportionate share of fault (expressed as a percentage) of the Settling Party or Parties that would have been liable on a Barred Claim in the absence of this Bar Order expressed as a percentage of the aggregate fault of (i) the Non-Settling Party, (ii) such Settling Party or Parties, and (iii) all other persons, parties, or entities determined by such court or tribunal to be liable to the Non-Settling Party in connection with the Continued Action, whether or not such persons, parties, or entities are sued in such Continued Action. Nothing herein shall prejudice or operate to preclude the right of any defendant in such Continued Action to (i) provide notice of this Bar Order to the court or tribunal presiding over the Continued Action at any point or (ii) raise any issues, claims, or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal presiding over the Continued Action at any point in accordance with applicable law or procedure and this Bar Order.  For the avoidance of doubt, nothing herein shall be deemed to entitle a Sears Plaintiff to more than a single satisfaction of the loss or liability; and it is further

c.    ordered that nothing herein shall prejudice or operate to preclude the rights of any Non-Settling Party to assert any claims or causes of action (including, without limitation, any direct or personal claims or causes of action), other than claims for non-contractual indemnity, reimbursement, or contribution

against any Settling Party as set forth above. For the avoidance of doubt, the provisions of this Bar Order, including the judgment reduction provisions set forth herein, shall not apply to (i) any claim for contribution, reimbursement or indemnification that is based on a contract entered into by a Non-Settling Party with a Settling Party providing for such contribution, reimbursement or indemnification by the Settling Party; (ii) any claim for which a court determines joint liability does not exist as a matter of law, equity, or fact as between any Non-Settling Party and any Settling Party; or (iii) any claims for non-contractual indemnity, reimbursement, or contribution asserted with respect to claims or causes of action that are brought by any persons, parties or entities other than a Sears Party (or any Related Party of a Sears Party); and it is further

d.    ordered that if any Sears Plaintiff enters into a settlement with any Non-Settling Party with respect to one or more claims arising out of, based on, or in connection with or related to the claims or allegations set forth in the Actions, then such Sears Plaintiff shall cause to be included, and in all events, the settlement shall be deemed to include, a dismissal, release, and waiver of any Barred Claims with respect to such settlement; and it is further

e.    ordered that each Sears Plaintiff is hereby enjoined and restrained from seeking relief or collecting judgments against any Non-Settling Parties in any manner that fails to conform to the terms of this Bar Order, including, without limitation, the proportionate judgment reduction provision set forth herein; and it is further

f.    ordered that this Court shall retain continuing jurisdiction with respect to all matters concerning this Bar Order, including, without limitation, hearing a petition for relief by a Non-Settling Party or any other party in interest in the event that a court or tribunal presiding over a Continued Action fails to apply the judgment reduction provisions of this Bar Order.

15.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

16.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

7

Dated: _____, 2022
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Blackline of Amended Proposed Order Against Original Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :        **Chapter 11**
                                                             :
**SEARS HOLDINGS CORPORATION,** *et al.*,                    :        **Case No. 18-23538 (RDD)**
                                                             :        **(Jointly Administered)**
              **Debtors.**[1]                                :
------------------------------------------------------------ x
**Sears** ~~Holding~~ **Holdings Corp.,** *et al.*           :
                                                             :
         **Plaintiffs**                                      :
     **vs.**                                                 :
**Edward Scott Lampert,** *et al.*                           :
                                                             :
         **Defendants.**                                     :        **Consolidated at**
------------------------------------------------------------ x        **Adv. Pro. 19-08250 (RDD)**
**Sears Holdings Corporation,** *et al.*                     :
                                                             :
         **Plaintiffs**                                      :
     **vs.**                                                 :
**Andrew H. Tisch,** *et al.*                                :
                                                             :
         **Defendants.**                                     :
------------------------------------------------------------ x

**AMENDED ORDER APPROVING JOINT MOTION OF DEBTORS AND**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENTS, GRANTING**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

**RELATED RELIEF AND AUTHORIZING CERTAIN NONMATERIAL PLAN
MODIFICATIONS IN FURTHERANCE OF THE EFFECTIVE DATE OF THE PLAN**

Upon the motion (the "Motion")[2] of the Debtors and the Creditors' Committee, for entry
of an order pursuant to sections 105(a), 363, 1127(b) and (c) and 1129 of title 11 of the United
States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules") seeking approval of the Settlement Agreements, the grant of
certain related relief and authorization to make the Plan Modifications, having found that the
Plan Modifications are not material and do not have an adverse effect on creditors who voted in
favor of the Plan; and determining that further disclosure and re-solicitation of votes are not
required, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the
Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the
*Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and
consideration of the Motion and the requested relief being a core proceeding pursuant to 28
U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and
1409; and due and proper notice of the relief requested in the Motion having been provided in
accordance with the Amended Case Management Order, and such notice having been adequate
and appropriate under the circumstances, and it appearing that no other or further notice need be
provided; and the Court having held a hearing on August 31, 2022 to consider the relief
requested in the Motion (the "Hearing"); and upon the record of the Hearing, and upon all of the
proceedings had before the Court; and the Court having determined that the legal and factual
bases set forth in the Motion establish just cause for the relief granted herein; and is in the best

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Motion or, if not defined in the Motion, in the Settlement Agreement or the Plan, as applicable.

interests of the Debtors, the Estates, their creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.  All responses and objections not withdrawn or resolved by this Order are overruled in all respects.

2.      The Settlement Agreement is approved under Bankruptcy Code section 363 and Bankruptcy Rule 9019, and the Debtors, the Restructuring Subcommittee, the Creditors' Committee and the Litigation Designees are authorized to enter into and perform under the Settlement Agreement.

3.      The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate and fully perform under the Settlement Agreement in accordance with this Order, including without limitation to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate and fully perform under the Settlement Agreement in accordance with this Order, including making distributions in accordance with the terms of the Settlement Agreement and the Plan.

4.      The Consolidated Adversary Proceeding is stayed pending the occurrence of the Final Approval Date (as defined in the Settlement Agreement).

5.      The Second Lien Notes Settlement is approved under Bankruptcy Code section 363 and Bankruptcy Rule 9019.  Wilmington Trust shall, as soon as reasonably practicable after the Final Approval Date and upon receipt of the Second Lien Notes Settlement Payment, withdraw its Second Circuit 507(b) Appeal.  As soon as reasonably practicable after the Final Approval Date, the Debtors shall withdraw their claims as against Wilmington Trust in the Section 506(c) Appeal.

3

6.    The *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 362, 364, and 1142 and Bankruptcy Rules 3020(D), 4001 and 9014 Authorizing Entry by the Debtors' Estates into the Litigation Funding Arrangement with Bench Walk 21p, L.P.* [ECF No. 10407] is stayed pending the occurrence of the Final Approval Date.

7.    The Mediation is continued pending occurrence of the Final Approval Date.

8.    The following modifications to the Plan ~~Modifications~~ comply with Bankruptcy Code section 1127~~.~~ (the "Plan Modifications"):

a.    Upon the effectiveness of the Settlement Agreement, the Litigation Designees and the Debtors' Restructuring Committee and Restructuring Subcommittee will be relieved of any further duties and obligations, such roles will be eliminated and no further compensation will be paid by the Debtors to the Litigation Designees or the members of the Restructuring Committee or Restructuring Subcommittee for the period from and after the effective date of the Settlement Agreement.

b.    All references to the Liquidating Trust Board in the Confirmation Order and Plan shall be deemed deleted or replaced with "Liquidating Trustee" as applicable and as the context requires, and no Liquidating Trust Board will be appointed upon the Effective Date.

c.    In lieu of the Liquidating Trust Board, the Liquidating Trust will be overseen solely by the Liquidating Trustee, who, upon the Effective Date, will have all the same powers, rights and obligations as the Liquidating Trust Board.  The Liquidating Trustee will be M3 Advisory Partners, LP, formerly known as and retained in the Chapter 11 Cases as M-III Advisory Partners, LP [ECF No. 814], as selected by the Litigation Designees.

d.    The revised form of Liquidating Trust Agreement, filed at ECF No. 10613, is approved.    The notice and reporting provisions in the Liquidating Trust Agreement may be further revised to minimize extraneous administrative costs and burdens and in a manner consistent with the available distributions from the Settlement Agreement.

e.    The last sentence of Section 12.1(a) of the Plan shall be replaced by the following sentence:

(1)    "Any objections to any Administrative Expense Claims, Secured Claims, Other 507(b) Priority Claims, Priority Tax Claims, and

4

Priority Non-Tax Claims shall be served and filed on or before the later of (a) three-hundred and sixty-five (365) days after the Effective Date, and (b) on such later date as ordered by the Bankruptcy Court for cause.    Any objections to any General Unsecured Claims and ESL Unsecured Claims shall be served and filed on or before the later of (a) five-hundred and fifty (550) days after the Effective Date, and (b) on such later date as ordered by the Bankruptcy Court for cause."

9.    The Plan, as modified by the Plan Modifications, complies with Bankruptcy Code sections 1122, 1123 and 1129.

10.    Paragraph 16 of the Confirmation Order is hereby revised as follows:

a.    "The Debtors shall cause to be filed on the docket a notice of entry of this Confirmation Order and occurrence of the Effective Date ("the "Effective Date Notice") on the Effective Date or as soon as practicably thereafter. The Debtors shall cause the Effective Date Notice to be published in The New York Times within seven (7) business days after the Effective Date, or as soon as practicable thereafter."

1011.    The Confirmation Order applies to the Plan as modified by this Order.

1112.    Any holder of a claim that has accepted the Plan is deemed to have accepted the Plan, as modified, and such creditor shall not have the opportunity to change its previous acceptance.

1213.    For the avoidance of doubt, (i) the Plan, Confirmation Order and Liquidating Trust Agreement, as applicable, govern the use and distribution of proceeds from the Settlement Agreement; and (ii) nothing in this Order or the Settlement Agreements impairs or modifiesAgreement shall (x) impair or modify the priority of the PBGC Liquidating Trust Priority Interest under the Plan, the Confirmation Order and the Liquidating Trust Agreement, as applicable.; (y) modify, expand, supplement or in any way alter the PBGC Release under Section 15.9(c)(i) of the Plan; or (z) modify, expand, supplement or in any way alter that certain Settlement Agreement, dated as of December 6, 2019, by and between Transform Holdco LLC,

Transform SR Brands LLC and the PBGC, as amended by that certain Amendment No. 1 to Settlement Agreement, dated as of December 23, 2019, and as the same may be modified, amended or waived in accordance with its terms.

1314.    The following provisions are hereby approved (the "Bar Order"):

a.    it is hereby ordered that all Non-Settling Parties are permanently barred, enjoined and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere any claim for non-contractual indemnity, reimbursement, or contribution against any Settling Party, arising out of, based on, or in connection with or related to the claims or allegations set forth in the Actions (collectively, the "Barred Claims").  If a court or tribunal determines that Barred Claims exist that would have given rise to liability of any Settling Party to a Non-Settling Party Person but for this Bar Order, the Non-Settling Parties are also entitled to the judgment reduction provisions set forth herein; and it is further

b.    ordered that in the event any Sears Party (or any Related Parties of any Sears Parties) asserts or continues to assert a claim (a "Sears Plaintiff") against any Non-Settling Party arising out of, based on, or in connection with the claims or allegations set forth in the Actions (such claim, a "Continued Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Continued Action, the Sears Plaintiff shall provide notice of this Bar Order to the court or tribunal presiding over the Continued Action.  Such court or tribunal shall determine whether the Continued Action gives rise to Barred Claims on which Settling Parties would have been liable to the Non-Settling Parties in the absence of this Bar Order.  If the court or tribunal so determines, it shall reduce any Judgment against such Non-Settling Party in an amount equal to (a) the amount of the Judgment against any such Non-Settling Party times (b) the aggregate proportionate share of fault (expressed as a percentage) of the Settling Party or Parties that would have been liable on a Barred Claim in the absence of this Bar Order expressed as a percentage of the aggregate fault of (i) the Non-Settling Party, (ii) such Settling Party or Parties, and (iii) all other persons, parties, or entities determined by such court or tribunal to be liable to the Non-Settling Party in connection with the Continued Action, whether or not such persons, parties, or entities are sued in such Continued Action.  Nothing herein shall prejudice or operate to preclude the right of any defendant in such Continued Action to (i) provide notice of this Bar Order to the court or tribunal presiding over the Continued Action at any point or (ii) raise any issues, claims, or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal presiding over the Continued Action at any point in accordance

with applicable law or procedure and this Bar Order. For the avoidance of doubt, nothing herein shall be deemed to entitle a Sears Plaintiff to more than a single satisfaction of the loss or liability; and it is further

c.      ordered that nothing herein shall prejudice or operate to preclude the rights of any Non-Settling Party to assert any claims or causes of action (including, without limitation, any direct or personal claims or causes of action), other than claims for non-contractual indemnity, reimbursement, or contribution against any Settling Party as set forth above. For the avoidance of doubt, the provisions of this Bar Order, including the judgment reduction provisions set forth herein, shall not apply to (i) any claim for contribution, reimbursement or indemnification that is based on a contract entered into by a Non-Settling Party with a Settling Party providing for such contribution, reimbursement or indemnification by the Settling Party; (ii) any claim for which a court determines joint liability does not exist as a matter of law, equity, or fact as between any Non-Settling Party and any Settling Party; or (iii) any claims for non-contractual indemnity, reimbursement, or contribution asserted with respect to claims or causes of action that are brought by any persons, parties or entities other than a Sears Party (or any Related Party of a Sears Party); and it is further

d.      ordered that if any Sears Plaintiff enters into a settlement with any Non-Settling Party with respect to one or more claims arising out of, based on, or in connection with or related to the claims or allegations set forth in the Actions, then such Sears Plaintiff shall cause to be included, and in all events, the settlement shall be deemed to include, a dismissal, release, and waiver of any Barred Claims with respect to such settlement; and it is further

e.      ordered that each Sears Plaintiff is hereby enjoined and restrained from seeking relief or collecting judgments against any Non-Settling Parties in any manner that fails to conform to the terms of this Bar Order, including, without limitation, the proportionate judgment reduction provision set forth herein; and it is further

f.      ordered that this Court shall retain continuing jurisdiction with respect to all matters concerning this Bar Order, including, without limitation, hearing a petition for relief by a Non-Settling Party or any other party in interest in the event that a court or tribunal presiding over a Continued Action fails to apply the judgment reduction provisions of this Bar Order.

~~14~~15.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

~~15~~16.   Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

~~16~~17.   The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2022
        White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE