UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors.[1] | |

### ORDER GRANTING APPLICATION OF AD HOC GROUP OF ADMIN CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND (b)(4) FOR ALLOWANCE AND REIMBURSEMENT OF REASONABLE PROFESSIONAL FEES AND ACTUAL, NECESSARY EXPENSES IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES

Upon the application (the "Application")[2] of Whitebox Multi-Strategy Partners, LP, Whitebox Asymmetric Partners, LP, Hain Capital Investors Master Fund, Ltd., and Cherokee Debt Acquisition, LLC (collectively, the "Ad Hoc Group of Admin Claimants") for entry of an order allowing as an administrative priority claim, and authorizing the Debtors to reimburse, the reasonable fees and expenses incurred by the Ad Hoc Group of Admin Claimants in making a substantial contribution in these chapter 11 cases, as more fully set forth in the Application; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order, such notice having been due and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the Application; and upon the record of the hearing held by the Court on the Application on August 31, 2022 (the "Hearing"); and after due deliberation and for the reasons stated in its bench ruling at the Hearing, the Court having determined that the Ad Hoc Group of Admin Claimants carried its burden to establish that it made a substantial contribution in these cases and is entitled to the reimbursement of its actual necessary expenses comprising the reasonable fees and expenses of its counsel in connection therewith under 11 U.S.C. §§ 503(b)(3)(D) and (b)(4); and, as instructed by the Court at the hearing, counsel for the Ad Hoc Group of Admin Claimants having provided the Court with a copy of counsel's contemporaneous time and expense records covering the services and expenses at issue; and, after reviewing such time and expense records, the Court having determined that the amount requested to be paid in the Application and set forth herein satisfies the requirements of 11 U.S.C. § 503(b)(4); and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that

1. The Application is granted.

2. The Ad Hoc Group of Admin Claimants shall have an allowed administrative priority claim under 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) in the aggregate amount of $750,000.00 (the "Substantial Contribution Claim").

3. The Debtors are authorized and directed to pay the Substantial Contribution Claim on the Plan's Effective Date.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: September 1, 2022
White Plains, New York

    /s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE