UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*, : Case No. 18-23538 (RDD)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------x

## ELEVENTH ORDER GRANTING APPLICATIONS OF PROFESSIONALS FOR INTERIM AND FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of each of the applications (each, an "**Application**" and collectively, the "**Applications**") filed by those professionals identified on **Schedule A** and **Schedule B** hereto (each, an "**Applicant**" and collectively, the "**Applicants**") for interim and final allowance of compensation for professional services rendered and expenses incurred during the periods identified on **Schedule A** and **Schedule B**; and the Court having jurisdiction to consider the Applications and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

C.J.); and consideration of the Applications and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Applications and the deadline for filing objections to the relief requested therein having been provided; and upon the responses/objections filed to the Applications, as well as the statement of the Fee Examiner (defined below); and upon the record of the hearing held and rulings given by the Court on the Applications on August 31, 2022, at which the Court found and determined for the reasons stated in its bench ruling that (a) the requests by Wallmuth Maher & Deutsch LLP and the Law Offices of Michael M. Mulder to increase the cap of their allowable fees and expenses should be granted and (b) all of the applicable requirements of sections 327, 328, 330, and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, effective February 5, 2013 (as adopted by General Order M-447), and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) have been satisfied with respect to each of the Applications; and it appearing that the services rendered and expenses incurred by each of the Applicants for which compensation and reimbursement are allowed hereby were actual, reasonable and necessary; and Applicants having agreed to make voluntary reductions reflecting resolutions reached with the Fee Examiner as reflected in Schedule B attached hereto; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  To the extent requested, the Applications are granted on an interim basis under 11 U.S.C. §§ 328 and 331 as set forth on **Schedule A** hereto.

2. The Applications are granted on a final basis under 11 U.S.C. §§ 328 and 330 as set forth in Columns 2 and 4 on **Schedule B** hereto.

3. Unpaid fees and expenses allowed hereby that were incurred by professionals in connection with the prosecution of the Jointly Asserted Causes of Action on behalf of the Litigation Designees shall not be paid until the Effective Date of the Plan.

4. Paul E. Harner's services as independent fee examiner in the Chapter 11 Cases (the "**Fee Examiner**") pursuant to the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* (ECF No. 3307) are hereby concluded. The Fee Examiner shall have no further duties to review fees or expenses incurred after June 30, 2022 by any professionals in the Chapter 11 Cases. Notwithstanding the foregoing, the Fee Examiner and his counsel shall be entitled to seek compensation and reimbursement for fees and expenses incurred by them from and after July 1, 2022. The Fee Examiner shall provide to the Debtors and/or the Liquidating Trustee under the Modified Plan his analysis and any reports regarding fee statements and applications with firms that to date did not submit final fee applications in these Chapter 11 Cases. Such analysis and reports shall continue to be subject to the same confidentiality restrictions, including under Fed. R. Evid. 408, as applied to the Fee Examiner before he provided them to the Debtors and/or the Liquidating Trustee under the Plan.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: September 2, 2022
      White Plains, New York

                                          /s/Robert D. Drain
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE

Schedule A

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al*.

**INTERIM FEE APPLICATIONS**

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC and the Ligation Designees) | August 9, 2022 ECF No. 10569 | 03/01/22 – 06/30/22 | $1,317,087.50 | $1,317,087.50 | $1,317,087.50 | $87,699.63 | $87,699.63 | $87,699.63 |
| Herrick, Feinstein LLP (Special Conflicts Counsel for the UCC) | August 9, 2022 ECF No. 10572 | 03/01/22 – 06/30/22 | $29,355.50 | $29,355.50 | $29,355.50 | $407.10 | $407.10 | $407.10 |
| Kroll Restructuring Administration LLC (Administrative Agent for the Debtors) | August 9, 2022 ECF No. 10564 | 03/01/22 – 06/30/22 | $14,409.42 | $14,409.42 | $14,409.42 | $0.00 | $0.00 | $0.00 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | August 9, 2022 ECF No. 10574 | 03/01/22 – 06/30/22 | $1,179,665.00 | $1,179,665.00 | $1,179,665.00 | $5,628.26 | $5,628.26 | $5,628.26 |
| Paul E. Harner and Ballard Spahr LLP (Fee Examiner and Counsel to the Fee Examiner) | August 9, 2022 ECF No. 10576 | 03/01/22 – 06/30/22 | $278,851.00 | $278,851.00 | $278,851.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL** | | | **$2,819,368.42** | **$2,819,368.42** | **$2,819,368.42** | **$93,734.99** | **$93,734.99** | **$93,734.99** |

Date Order Signed: September 2, 2022
Initials: RDD USBJ

---

[1] Subject to amounts previously paid by the Debtors. Where amounts already paid, as listed in Column 3 of Schedule B, are higher than amounts requested and approved hereby, as listed in Columns 2 and 4 of Schedule B, the Debtors and the relevant professional shall ensure that true-ups are effectuated, including by credits provided to the Debtors for services provided and expenses incurred in periods subsequent to June 30, 2022 and, if necessary disgorgement of fees and expenses already paid.
[2] Id.

**Schedule B**

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al.*

| (1)<br>Applicant | (2)<br>Total Fees Requested[1] | (3)<br>Total Fees Paid | (4)<br>Total Expenses Requested | (5)<br>Total Expenses Paid |
|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld LLP[2] (Counsel for the UCC and the Litigation Designees) | $51,112,603.00 | $43,553,489.30 | $14,241,984.61 | $13,284,730.39 |
| Herrick, Feinstein LLP[3] (Special Conflicts Counsel for the UCC) | $3,710,104.00 | $3,869,802.00 | $384,219.78 | $383,912.68 |
| FTI Consulting, Inc.[4] (Financial Advisor for the UCC) | $10,910,160.75 | $10,935,094.35 | $49,611.98 | $49,360.48 |
| Kroll Restructuring Administration LLC (Administrative Agent for the Debtors) | $690,010.44 | $723,530.59 | $5,824.93 | $5,824.93 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | $84,015,070.75 | $84,027,977.25 | $4,101,084.34 | $4,097,279.48 |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP[5] (Attorneys for the Debtors) | $19,933,106.00 | $19,966,703.50 | $2,027,780.86 | $2,026,195.24 |
| Moritt Hock & Hamroff LLP[6] (Special Conflicts Counsel to the UCC) | $518,727.10 | $518,734.50 | $12,031.22 | $12,023.82 |

---

[1] Reflects voluntary reductions.
[2] Akin Gump Strauss Hauer & Feld LLP's Cumulative Fee Period is October 24, 2018 – June 30, 2022.
[3] Herrick, Feinstein LLP's Cumulative Fee Period is January 2, 2019 – June 30, 2022.
[4] FTI Consulting, Inc.'s Cumulative Fee Period is October 25, 2018 – June 30, 2022.
[5] Paul, Weiss, Rifkind, Wharton & Garrison LLP's Cumulative Fee Period is October 15, 2018 – July 31, 2022.
[6] Moritt Hock & Hamroff LLP's Cumulative Fee Period is January 2, 2020 – September 30, 2021.

| (1) Applicant | (2) Total Fees Requested[1] | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Alvarez & Marsal North America, LLC (Financial Advisors for the Debtors) | $4,043,524.50 | $4,088,746.50 | $25,872.87 | $25,872.87 |
| Paul E. Harner and Ballard Spahr LLP[7] (Fee Examiner and Counsel to the Fee Examiner) | $3,623,493.50 | $3,389,563.30 | $6,327.04 | $6,327.04 |
| Young Conaway Stargatt & Taylor, LLP (Conflicts Counsel for the Debtors) | $368,011.80 | $368,011.80 | $3,028.32 | $3,028.32 |
| Deloitte Tax LLP (Tax Services Providers for the Debtors) | $4,976,045.75 | $4,837,087.55 | $83,323.28 | $83,323.28 |
| Wollmuth Maher & Deutsch LLP[8] (Co-Counsel to Official Retirees Committee) | $175,000.00 | $0.00 | $2,009.47 | $0.00 |
| Law Offices of Michael M. Mulder[9] (Co-Counsel to Official Retirees Committee) | $175,000.00 | $0.00 | $0.00 | $0.00 |

Date Order Signed:  September 2, 2022
Initials: RDD USBJ

---

[7] Paul E. Harner and Ballard Spahr LLP's Cumulative Fee Period is April 22, 2019 – June 30, 2022.
[8] Wollmuth Maher & Deutsch LLP's Cumulative Fee Period is July 9, 2019 – May 13, 2022.
[9] Law Offices of Michael M. Mulder's Cumulative Fee Period is July 9, 2019 – May 13, 2022.