**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                            :    Chapter 11
                                                                 :
**SEARS HOLDINGS CORPORATION**, *et al.*,                        :    Case No. 18-23538 (RDD)
                                                                 :    (Jointly Administered)
    Debtors.[1]                                                  :
---------------------------------------------------------------- x
Sears Holdings Corp., *et al.*,                                  :
                                                                 :
    Plaintiffs                                                   :
    vs.                                                          :
Edward Scott Lampert, *et al.*,                                  :
                                                                 :
    Defendants.                                                  :    Consolidated at
---------------------------------------------------------------- x    Adv. Pro. 19-08250 (RDD)
Sears Holdings Corporation, *et al.*,                            :
                                                                 :
    Plaintiffs                                                   :
    vs.                                                          :
Andrew H. Tisch, *et al.*,                                       :
                                                                 :
    Defendants.                                                  :
---------------------------------------------------------------- x

**NOTICE OF PRESENTMENT IN RESPECT OF**
**ORDER APPROVING JOINT MOTION OF DEBTORS AND**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENTS, GRANTING**
**RELATED RELIEF AND AUTHORIZING CERTAIN NONMATERIAL PLAN**
**MODIFICATIONS IN FURTHERANCE OF THE EFFECTIVE DATE OF THE PLAN**[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839);

**PLEASE TAKE NOTICE THAT** during the hearing held on August 31, 2022, the Court conditionally approved the terms of a settlement among the Debtors, PBGC and Cyrus Capital Partners, L.P., on behalf of itself and its managed funds that will, among other things, enable the Debtors' chapter 11 plan to go effective without delay. The terms are as follows:[3]

a. Notwithstanding any ruling by the Second Circuit or other resolution with respect to the Section 507(b) Appeal (as defined in Section 9(a) of the Settlement Agreement), Cyrus consents to the Effective Date occurring as soon as practicable after the Settlement Effective Date and distributions being made after entry of this Order and pursuant to the Plan, Confirmation Order, Settlement Agreement, and this agreement.

b. Notwithstanding any ruling by the Second Circuit or other resolution with respect to the Section 507(b) Appeal filed by Cyrus, on the Effective Date of the Plan, the Debtors or the Liquidating Trust, as applicable, shall pay $10 million to Cyrus and $10 million to PBGC. Any amounts ultimately owed to Cyrus and PBGC on account of any Allowed Claims (or, as applicable, the PBGC Liquidating Trust Priority Interest) will be reduced by such amounts. For the avoidance of doubt, any Cyrus Allowed 507(b) Claim shall remain senior to the PBGC Liquidating Trust Priority Interest.

c. Notwithstanding anything in the Liquidating Trust Agreement to the contrary, on the Effective Date of the Plan, the Liquidating Trustee shall reserve and restrict an additional $10 million (the "Escrowed Funds") for the sole benefit of Cyrus and/or PBGC pending outcome or settlement of

---

Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] This Notice of Presentment applies solely to the settlement among the Debtors, PBGC and Cyrus Capital Partners, L.P., on behalf of itself and its managed funds, as described herein and in paragraph 14 of the *Order Approving Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Related Relief and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* [ECF No. 10629] (the "Order").

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Settlement Motion, the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* [ECF No. 5370] or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [ECF No. 5370-1] (the "Plan"), as applicable.

the Cyrus's Section 507(b) Appeal. Following a ruling by the Second Circuit on Cyrus's Section 507(b) Appeal or a written agreement among PBGC and Cyrus to proceed earlier, Cyrus and PBGC shall negotiate in good faith regarding the further distribution of any funds available to either Cyrus or PBGC (including, without limitation, the Escrowed Funds) pursuant to the Plan, the Confirmation Order and this Order.

d. Notwithstanding Section 6.11 of the Liquidating Trust Agreement, during the pendency of the Section 506(c) Appeal (as defined in Section 9(a) of the Settlement Agreement) and Cyrus's Section 507(b) Appeal, the Liquidating Trustee shall act as a fiduciary to Cyrus in Cyrus's capacity as a Liquidating Trust Beneficiary.

e. Notwithstanding any term in the Liquidating Trust Agreement to the contrary, after the occurrence of the Effective Date of the Plan and the distributions to Cyrus and PBGC as set forth in paragraph 14(b) above, absent a further agreement by Cyrus and PBGC to the contrary, the Liquidating Trustee shall not distribute any funds to Cyrus, PBGC, or, on account of any Claim that is junior in priority to the PBGC Liquidating Trust Priority Interest, any other Liquidating Trust Beneficiary unless and until the Section 506(c) Appeal and Cyrus's Section 507(b) Appeal are resolved by final, non-appealable orders.

f. Following the Effective Date and pending distribution of all assets in the Liquidating Trust, the Liquidating Trustee shall report monthly to and consult with a representative from each of PBGC and Cyrus on the status of liquidation and any assets that remain available for distribution.

g. Pending final resolution or settlement of the Section 507(b) Appeal and the Section 506(c) Appeal and related litigation, all rights of the Debtors and the Liquidating Trust, Cyrus, and PBGC in connection with such litigation (including any further appeals thereof) are preserved.

h. The definition of Cyrus's Carved-Out Claims in Section 8(b) of the Settlement Agreement is modified such that on the Effective Date, Cyrus Carved-Out Claims shall include only: All rights and claims of Cyrus, the Debtors and the Estates with respect to the pending Section 507(b) Appeal and the pending Section 506(c) Appeal. For the avoidance of doubt, on the Effective Date of the Plan, the release set forth in Section 7(a) of the Settlement Agreement shall apply to and release any rights and claims that the Debtors and the Estates may have against Cyrus or any Related Party of Cyrus based on, relating to, in connection with, or otherwise arising in any matter out of the Bankruptcy Cases (including the auctions of the Medium Term Notes by the Estates during the Bankruptcy Cases) other than all rights and claims of the Debtors and the Estates against Cyrus with respect to the pending Section 507(b) Appeal and the pending Section 506(c) Appeal.

**PLEASE TAKE FURTHER NOTICE** if no objections to the above provisions are filed by **September 12, 2022, at 4:00 pm NY Time**, the terms set forth above and in paragraph 14 of the Order shall be effective immediately. If any objections are filed and are not overruled without a hearing, a hearing to consider the proposed settlement and any objections shall be scheduled for as soon as practicable on or after September 17, 2022.

Dated: September 2, 2022
       New York, New York

| | |
|---|---|
| /s/ *Garrett A. Fail* | /s/ *Ira S. Dizengoff* |
| WEIL, GOTSHAL & MANGES LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
| 767 Fifth Avenue | One Bryant Park |
| New York, New York 10153 | New York, New York 10036 |
| Telephone: (212) 310-8000 | Telephone: (212) 872-1000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 872-1002 |
| Ray C. Schrock, P.C. | Ira S. Dizengoff |
| Garrett A. Fail | Philip C. Dublin |
| Sunny Singh | Sara L. Brauner |
| | Zachary D. Lanier |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |