Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

*Counsel to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET FOR SECOND FINAL JOINT APPLICATION OF PAUL E. HARNER, AS FEE EXAMINER AND BALLARD SPAHR LLP, AS COUNSEL TO THE FEE EXAMINER, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM JULY 1, 2022 THROUGH AUGUST 31, 2022</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| *General Information* | |
|---|---|
| Name of Applicants: | Paul E. Harner, Fee Examiner<br>Ballard Spahr LLP, Counsel to Fee Examiner |
| Authorized to Provide Professional Services to: | The Fee Examiner |
| Petition Date: | October 15, 2018 |
| Date of Retention: | Order entered April 22, 2019 [Dkt. No. 3307]<br><br>Order entered May 22, 2019 [Dkt. No. 3985], *nunc pro tunc* to April 22, 2019 |
| Prior Applications: | First Interim [Dkt. No. 4844, Filed 8/14/19]; Second Interim: [Dkt. No. 6215, Filed 12/13/19]; Third Interim: [Dkt No. 7862, Filed 4/23/20]; Fourth Interim: [Dkt No. 8399, Filed 8/22/20]; Fifth Interim: [Dkt No. 9191, Filed 12/17/20]; Sixth Interim: [Dkt No. 9420, Filed 4/15/21]; Seventh Interim: [Dkt. No. 9777, Filed 8/27/21]; Eighth Interim [Dkt. No. 10161, Filed 12/15/21]; Ninth Interim [Dkt. No. 10409, Filed 4/25/22]; Tenth and Final [Dkt. No. 10576; Filed 8/9/22] |
| Period for Which Compensation and Reimbursement are Sought: | July 1, 2022 through August 31, 2022[2] |

| *Summary of Fees and Expenses Requested* | |
|---|---|
| Amount of Compensation Sought for Application Period as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $149,896.00<br>Ballard Spahr LLP: $234,834.00[3]<br>**Total: $384,730.00** |
| Amount of Expense Reimbursement Sought for Application Period as Actual, Reasonable and Necessary: | Paul E. Harner, Fee Examiner: $0.00<br>Ballard Spahr LLP: $0.00<br>**Total: $0.00** |

---

[2] This Application also seeks reimbursement of estimated fees to be incurred after August 31, 2022.

[3] This amount includes $10,000.00 of estimated fees incurred after August 31, 2022 in connection with the completion of this Fee Application.

| | |
|---|---|
| Total Compensation and Expense Reimbursement Requested for Application Period: | Paul E. Harner, Fee Examiner: $149,896.00 Ballard Spahr LLP: $234,834.00[4] **Total: $384,730.00** |

| ***Total Fees and Expenses Allowed Pursuant to Prior Applications*** | |
|---|---|
| Total Allowed Fees Paid to Date: | $3,075,628.50 |
| Total Allowed Expenses Paid to Date: | $6,215.44 |
| Total Allowed Fees and Expenses Paid to Date: | $3,081,843.94 |

| ***Summary of Rates and Other Related Information*** | |
|---|---|
| Blended Rate in This Application for All Ballard Spahr Attorneys: | $723.77[5] |
| Blended Rate in This Application for All Ballard Spahr Timekeepers: | $713.31[6] |
| Number of Ballard Spahr Timekeepers Included in this Application:[7] | 5 |
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees equate with the budget |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Application Period: | 0 |

**This is an** _____ **Monthly** _____ **Interim** <u>X</u> **Final Fee Application**

---

[4] This amount includes $10,000.00 of estimated fees incurred after August 31, 2022.

[5] The Fee Examiner's rate was not included in this calculation.

[6] The Fee Examiner's rate was not included in this calculation.

[7] The Fee Examiner is not included in this figure.

## TIME SUMMARY FOR FEE EXAMINER

| Timekeeper | Position | Year Admitted to Practice | Rate(s) | Hours | Fees |
|---|---|---|---|---|---|
| Paul E. Harner | Partner | 1988 | $1,640 | 91.40 | $149,896.00 |
| **Total** | | | | **91.40** | **$149,896.00** |

## TIME SUMMARY FOR PROFESSIONALS AND PARAPROFESSIONALS

| Timekeeper | Position | Year Admitted to Practice | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Tobey M. Daluz | Partner | 1990 | $1,030.00 | 79.50 | $81,885.00 |
| Chantelle D. McClamb | Associate | 2011 | $655.00 | 180.20 | $118,031.00 |
| Margaret Vesper | Associate | 2021 | $470.00 | 47.10 | $22,137.00 |
| Caroline Pollard | Paralegal | N/A | $350.00 | 3.10 | $1,085.00 |
| Kyle Neitzel | Paralegal | N/A | $320.00 | 5.30 | $1,696.00 |
| **Total** | | | | **315.20** | **$224,834.00** |

**COMPENSATION BY TASK CODE FOR SERVICES**
**RENDERED BY THE FEE EXAMINER**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Objections (B170) | 91.40 | $149,896.00 |
| **Total** | **91.40** | **$149,896.00** |

**COMPENSATION BY TASK CODE FOR SERVICES**
**RENDERED BY PROFESSIONALS AND PARAPROFESSIONALS**

| Project Category/Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|
| Fee/Employment Applications (B160) | 24.00 | $14,295.00 |
| Fee/Employment Objections (B170) | 291.20 | $210,539.00 |
| **Total** | **315.20** | **$224,834.00** |

## EXPENSE SUMMARY FOR THE FEE EXAMINER

| Disbursements | Amount |
|---|---|
| **Total** | **$0.00** |

## EXPENSE SUMMARY FOR PROFESSIONALS AND PARAPROFESSIONALS

| Disbursements | Amount |
|---|---|
| **Total** | **$0.00** |

Tobey M. Daluz*
Laurel D. Roglen
Chantelle D. McClamb
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Fax: (302) 252-4466
(*Admitted pro hac vice)

Counsel to the Fee Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (SHL) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SECOND FINAL JOINT APPLICATION**
**OF PAUL E. HARNER, AS FEE EXAMINER AND BALLARD SPAHR LLP,**
**AS COUNSEL TO THE FEE EXAMINER, FOR ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM JULY 1, 2022 THROUGH AUGUST 31, 2022**

TO THE HONORABLE SEAN H. LANE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

UNITED STATES BANKRUPTCY JUDGE:

Paul E. Harner, as Fee Examiner (the "Fee Examiner"), and Ballard Spahr LLP ("Ballard Spahr"), counsel to the Fee Examiner, hereby submit this second final joint fee application (the "Fee Application") pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective November 1, 2013 (the "U.S. Trustee Guidelines"), the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order" and together with the Local Rules, the Local Guidelines, and the U.S. Trustee Guidelines, the "Guidelines"), and the *Eleventh Order Granting Applications of Professionals for Interim and Final Allowance of Compensation and Reimbursement of Expenses* [Docket No. 10626] (the "Eleventh Compensation Order") for final allowance of compensation in the aggregate amount of $384,730.00[2] for the period from July 1, 2022 to August 31, 2022 (the "Application Period").  In support of this Fee Application, the Fee Examiner and Ballard Spahr submit the certification of Tobey M. Daluz, which is attached hereto as Exhibit A.  In further support of this Fee Application, the Fee Examiner and Ballard Spahr respectfully state as follows:

---

[2] This amount includes $10,000.00 of estimated fees incurred after August 31, 2022.

## JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On October 15, 2018 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner (other than a fee examiner) has been made in these chapter 11 cases.

3.      On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

4.      On November 16, 2018, the Court entered the Interim Compensation Order [Docket No. 796].

5.      Given the size and complexity of the cases as well as the number of professionals retained by the Debtors and the Creditors' Committee, on January 3, 2019, the U.S. Trustee filed the *Motion of United States Trustee for Order Authorizing Appointment of Independent Fee Examiner* [Docket No. 1470] (the "Fee Examiner Motion") requesting that the Court appoint an independent fee examiner to provide substantive analysis of the applications for allowance of compensation and reimbursement of expenses filed by professionals subject to the Interim Compensation Order (collectively, the "Retained Professionals").

6.      On April 22, 2019, the Court entered the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307] (the "Fee Examiner Order"), granting the Fee Examiner Motion and directing the appointment of the Fee Examiner.  On May 22, 2019, the Court authorized the Fee Examiner to retain Ballard Spahr as his counsel *nunc pro tunc* to April 22, 2019 [Docket No. 3985] (the "Ballard Spahr Retention Order").  The Fee Examiner Order charged the Fee Examiner with the responsibility of reviewing and assessing all applications filed by Retained Professionals for compliance with the Guidelines.

7.      The Fee Examiner joined the law firm of Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin") as reflected in the *Amended Notice of Appearance and Request for Service of Papers* [Docket No. 9463] filed on May 5, 2021.  Ballard Spahr continues to act as counsel to the Fee Examiner.  The Fee Examiner continues to bill his time in these cases at an hourly rate commensurate with the rate charged when he was with Ballard Spahr.

8.      Since the Petition Date, the Court authorized the retention of approximately 26 different Retained Professionals whose fee applications were subject to review by the Fee Examiner.

9.      On September 2, 2022, the Court entered the Eleventh Compensation Order [Docket No. 10626], under which the Court ordered that the Fee Examiner's services were concluded and the Fee Examiner had no further duties to review fees or expenses incurred by Retained Professionals after June 30, 2022.  The Court also authorized the Fee Examiner and Ballard Spahr, as his counsel, to seek compensation for fees and expenses incurred after July 1, 2022.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

10.     During the Application Period, the Fee Examiner and Ballard Spahr attorneys and paraprofessionals expended a total of 406.60 hours for which compensation is sought.  The Fee Examiner and Ballard Spahr seek allowance of compensation for the professional services rendered during the Application Period in the amount of $384,730.00 (inclusive of an estimated $10,000.00 of fees incurred after August 31, 2022 for time incurred in connection with the preparation and filing of this Fee Application) and reimbursement of expenses incurred in connection with the provision of such services in the amount of $0.00.

11.     There is no agreement or understanding between the Fee Examiner and Ballard Spahr and any other person, other than the members of Ballard Spahr, for the sharing of compensation to be received for services rendered in these cases.  During the Application Period, the Fee Examiner and Ballard Spahr received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered during the Application Period and addressed by this Fee Application (other than those in accordance with the Interim Compensation Order and the Eleventh Compensation Order).

12.     The fees charged by Ballard Spahr in these cases are billed in accordance with Ballard Spahr's existing billing rates and procedures in effect during the Application Period.  The rates Ballard Spahr charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Ballard Spahr charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

13.     Ballard Spahr maintains computerized records of all time spent by all Ballard Spahr's attorneys and paraprofessionals in connection with its representation of the Fee Examiner. All entries itemized in the Fee Examiner's and Ballard Spahr's time records comply with the requirements set forth in the Guidelines.  Further, all entries itemized in the Fee Examiner's and Ballard Spahr's expense records comply with the requirements set forth in the Guidelines.

14.     Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, attached hereto as <u>Exhibit A</u> is a certification by Tobey M. Daluz, a partner with Ballard Spahr LLP,  regarding compliance with the Guidelines.  Attached hereto as <u>Exhibit B</u> is a summary and comparison of the aggregate blended hourly rates billed by timekeepers in Ballard Spahr's offices in 2021 and the blended hourly rates billed during the Application Period.  A summary of Ballard Spahr's budget and staffing plan are attached hereto as <u>Exhibits C & D</u>, respectively.

### SUMMARY OF SERVICES PERFORMED BY THE FEE EXAMINER AND BALLARD SPAHR DURING THE APPLICATION PERIOD

15.     The Fee Examiner seeks compensation for professional services rendered and reimbursement of expenses incurred for the Application Period in the amounts set forth below:

| | |
|---|---|
| July Total Fees | $36,900.00 |
| July Total Expenses | $0.00 |
| August Total Fees | $112,996.00 |
| August Total Expenses | $0.00 |
| Total Amount Sought | $149,896.00 |

16.     Ballard Spahr seeks compensation for professional services rendered and reimbursement of expenses incurred for the Application Period in the amounts set forth below:

6

| July Total Fees | $52,175.00 |
|---|---|
| July Total Expenses | $0.00 |
| August Total Fees | $172,659.00 |
| August Total Expenses | $0.00 |
| Total Amount Sought | $224,834.00 |

17.     A detailed statement of hours spent by the Fee Examiner rendering services during between July 1, 2022 and July 31, 2022 is attached hereto as Exhibit E.  A detailed statement of hours spent by the Fee Examiner rendering services during between August 1, 2022 and August 31, 2022 is attached hereto as Exhibit F.

18.     A detailed statement of the hours spent by Ballard Spahr rendering legal services to the Fee Examiner during between July 1, 2022 and July 31, 2022 is attached hereto as Exhibit G.  A detailed statement of the hours spent by Ballard Spahr rendering legal services to the Fee Examiner during between August 1, 2022 and August 31, 2022 is attached hereto as Exhibit H.

## ACTUAL AND NECESSARY DISBURSEMENTS

19.     The Fee Examiner and Ballard Spahr did not incur expenses in connection with providing professional services during the Application Period.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

20.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary

expenses." § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation

and reimbursement:

> In determining the amount of reasonable compensation to be awarded to
> …[a] professional person, the court shall consider the nature, the extent, and
> the value of such services, taking into account all relevant factors, including
> –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of
> the problem, issue, or task addresses;
>
> (E)    with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and expertise in the
> bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this title.

11 U.S.C § 330(a)(3).

21.    The Fee Examiner and Ballard Spahr respectfully submit that the services for which

they seek compensation in this Fee Application were necessary and appropriate for the orderly

administration of the estates.  In late July 2022, counsel to the Debtors informed all retained

professionals that the Debtors proposed to the Court certain expedited procedures for filing the

final fee applications covering the period from the Petition Date through June 30, 2022.  Pursuant

to the expedited procedures, on August 9, 2022, nine (9) of the retained professionals filed their

final fee applications for services rendered through June 30, 2022.

8

22.      Although the Fee Examiner expressed substantial concerns regarding this expedited

and unusual protocol for the review of, and potential objection to, the final fee applications, and

went so far as to draft a comprehensive objection to the procedure and substance of the final fee

applications, he continued to engage in good faith negotiations with all of the retained

professionals in an attempt to resolve the remaining issues.

23.      While the time spent negotiation with the Debtors and other retained professionals

was substantial, the Fee Examiner was able to reach a resolution that benefitted the estate in the

approximate amount of $13.22 million.  In light of the nature, extent, and value of such services,

the Fee Examiner and Ballard Spahr submit that the compensation requested herein is reasonable

under the applicable standards and respectfully request that the Court approve the compensation

for professional services sought in this Fee Application.

24.      In accordance with the U.S. Trustee Guidelines, Ballard Spahr responds to the

questions identified therein as follows:

**Question 1**:  Did Ballard Spahr agree to any variations from, or alternatives to,
Ballard Spahr's standard or customary billing rates, fees or terms for services
pertaining to this engagement that were provided during the Fee Period? If so,
please explain.

**Answer**: No.

**Question 2**:  If the fees sought in the Fee Application as compared to the fees
budgeted for the time period covered by the Fee Application are higher by 10% or
more, did Ballard Spahr discuss the reasons for the variation with the client?

**Answer**: The fees sought in the Fee Application equate to those budgeted for such
time.

**Question 3**:  Have any of the professionals included in the Fee Application varied
their hourly rate based on geographic location of the bankruptcy case?

**Answer**: No.

**Question 4**: Does the Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer**: The Fee Application includes minimal time related to the review and preparation of invoices that were appended to monthly fee statements in accordance with U.S. Trustee Guidelines. The fees incurred reflect only a small percentage of the aggregate time expended in connection with the preparation of monthly fee applications.

**Question 5**: Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer**: No.

**Question 6**: Does the Fee Application include any rate increases since Ballard Spahr's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

**Answer**: Yes. Ballard Spahr increases its billing rates annually effective on January 1 of each year as disclosed in the *Application of Fee Examiner, Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Loan Rules 2014-1 and 2016-1, For the Entry of an Order Authorizing the Retention of Ballard Spahr LLP as Counsel to the Fee Examiner, Nunc Pro Tunc to the Appointment Date* [Docket No. 3682].

## **NOTICE**

25.    Pursuant to the Interim Compensation Order, notice of this Fee Application has been served upon: Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn: Rob Riecker, Luke Valentino, Esq.); Counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Paul Schwartzberg, Esq., and Richard Morrissey, Esq.); Counsel for the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and

Sara Lynne Brauner, Esq.); Counsel for Bank of America, N.A., administrative agent under the

First Lien Credit Facility and the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP,

4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and

George R. Howard, Esq.).

## NO PRIOR REQUEST

26.    No prior request for the relief requested herein has been made by the Fee Examiner

or Ballard Spahr to this or any other Court.

## CONCLUSION

WHEREFORE, the Fee Examiner and Ballard Spahr respectfully request that the Court

enter an order:  (i) allowing, authorizing and directing payment of final compensation in the

amount of $384,730.00 for legal services rendered by the Fee Examiner and Ballard Spahr during

the Application Period, and (ii) granting such other and further relief as the Court deems just and

proper.

Dated: September 22, 2022             */s/ Chantelle D. McClamb*
                                      Tobey M. Daluz*
                                      Laurel D. Roglen
                                      Chantelle D. McClamb
                                      BALLARD SPAHR LLP
                                      919 N. Market Street, 11th Floor
                                      Wilmington, DE 19801
                                      Tel: (302) 252-4465
                                      Fax: (302) 252-4466
                                      *Admitted *pro hac vice*

                                      *Counsel for the Fee Examiner*

11