**Exhibit D**

**Timeline of Most Relevant Events**

**TIMELINE OF MOST RELEVANT EVENTS**[1]

| | |
|---|---|
| **September 20, 2018** | Plaintiff filed the Complaint[2] [Exhibit E] in the State Court. |
| **October 15, 2018** | The Debtors began to file their voluntary petitions for chapter 11 relief in this Court commencing the Bankruptcy Cases and the automatic stay went into effect. |
| **January 9, 2019** | This Court entered the Stay Extension Order [Exhibit B] extending the automatic stay as to, *inter alia*, Plaintiff's claims against Mr. Miguel in the Lawsuit. |
| **January 24, 2019** | The Stay Notice [Exhibit F] was sent to Plaintiff's counsel notifying Plaintiff's counsel of the automatic stay and the Stay Extension Order. |
| **April 25, 2019** | Plaintiff filed the Default Judgment Motion [Exhibit G] against the Default Judgment Defendants, including Mr. Miguel. |
| **May 2, 2019** | The State Court entered the Default Judgment [Exhibit H] against the Default Judgment Defendants, including Mr. Miguel. |
| **August 26, 2020** | Plaintiff's counsel sent the Demand Letter [Exhibit I] to Mr. Miguel, which, *inter alia*, offered to free Mr. Miguel from paying the Default Judgment but only if he did not contact his insurer. |
| **October 9, 2020** | Mr. Miguel and Plaintiff signed the First Settlement Agreement [Exhibit L], pursuant to which Mr. Miguel assigned to Plaintiff certain claims that he may have against ACE American. |
| **March 25, 2021** | Plaintiff and the Debtors entered into the Stay Relief Stipulation [Exhibit O], which, *inter alia*, acknowledged the automatic stay, the Stay Extension Order, and Plaintiff's desire to "resume" the Lawsuit, while granting prospective relief from the stay to allow Plaintiff to continue the Lawsuit solely against the Non-Debtor Defendants, including Mr. Miguel, and any insurer(s), but which did not mention the Default Judgment or First Settlement Agreement. |
| **March 27, 2021** | Plaintiff's counsel sent the Second Settlement Email [Exhibit M] to Mr. Miguel's counsel with the Draft Second Settlement Agreement [Exhibit N] attached, which did not reference the First Settlement Agreement, provided for a $1.5 million confession of judgment, and assigned to Plaintiff certain claims that Mr. Miguel may have against ACE American, which claims had already been assigned to Plaintiff pursuant to the First Settlement Agreement. |
| **April 5, 2021** | This Court entered the Stay Relief Order [ECF No. 9392] approving the Stay Relief Stipulation. |
| **June 23, 2021** | Mr. Miguel signed the Second Settlement Agreement [Exhibit P] which contained the above described terms. |
| **June 25, 2021** | Plaintiff countersigned the Second Settlement Agreement. |
| **June 30, 2021** | Plaintiff filed the Miguel Motion to Vacate [Exhibit Q], dated as of June 24, 2021, seeking to vacate the Default Judgment against Mr. Miguel. |
| **June 30, 2021** | The State Court granted the Miguel Motion to Vacate [Exhibit R]. |
| **July 12, 2021** | Plaintiff filed the Settlement Motion [Exhibit S], dated as of July 6, 2021, in the State Court, seeking approval of the reasonableness of the Second Settlement Agreement. |
| **July 21, 2021** | The State Court entered the Settlement Order [Exhibit U], approving the reasonableness of the Second Settlement Agreement. |
| **September 2, 2021** | The State Court entered the Confession of Judgment Order [Exhibit V] entering judgment against Mr. Miguel in the amount of $1.5 million based on the Second Settlement Agreement. |
| **September 8, 2021** | Plaintiff filed an amended complaint naming ACE American as a defendant in the Lawsuit for the first time. |

---

[1] This timeline was prepared for the convenience of the Court and does not include a complete description of the events identified herein nor all relevant events. Please refer to the Motion for a complete description of the relevant factual background.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Motion of the Chubb Companies for Entry of an Order (I) Ruling that Default Judgment, Settlement Agreements and State Court Orders Are Void Ab Initio Pursuant to 11 U.S.C. §§ 105(a) and 362(a) and Without Effect; and (II) Granting Related Relief*.