## Exhibit J

**Response to Interrogatories**

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

10

11

12

13

14

15

16

| | |
|---|---|
| SHELLEY S. HAWKINS, individually and as assignee of Edwin G. Miguel, <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, a foreign insurer; EDWIN G. MIGUEL; FATEMAH S. ALSUWAIDAN; and DOES AND DOE INSURANCE COMPANIES 1-5, <br><br> Defendants. | Case No: 18-2-08480-31 <br><br> DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL |

17

18

19

Defendant Edwin G. Miguel ("Defendant" or "Miguel") responds to Defendant Ace American Insurance Company's ("Ace") First Requests for Production and Interrogatories to Defendant Edwin Miguel ("Discovery Requests") as follows.

20

### **PREFATORY STATEMENT**

21

22

23

24

Defendant Miguel objects to the introduction/definitions provided to the extent that they increase the obligations of the Miguel to respond to this discovery. Defendant will comply with his obligations under the applicable Civil Rules for Superior Court, and apply the ordinary meaning to the terms used.

25

26

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 1

**MALCOLM LAW FIRM PLLC**
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH: (206) 659-9514 FX: (425) 968-9511

**GENERAL OBJECTIONS**

1.      Defendant objects to the Discovery Requests to the extent they seek to impose duties or obligations beyond the requirements of the Civil Rules or the Local Rules of the Superior Court.

2.      Defendant objects to the Discovery Requests to the extent they are overbroad, vague and ambiguous, unduly burdensome, oppressive and harassing, or not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, and without limitation, Defendant objects to the Discovery Requests to the extent they seek information or documents about matters, time periods, individuals and/or entities not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to the Discovery Requests to the extent they seek to require Defendant to provide information or documents subject to the attorney-client privilege, the work product protection, joint-defense doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.

4.      Defendant objects to the Discovery Requests to the extent they seek confidential personal information about individuals who are not parties to this litigation.

5.      Defendant objects to the Discovery Requests to the extent that they seek information or documents that are not available to Plaintiff, or that are already known to, possessed by, or equally available to Defendant Ace.

6.      Defendant objects to the Discovery Requests to the extent that they call for legal opinions or conclusions.

7.      When Defendant prepared his objections, answers, and responses to the Discovery Requests, he had not yet completed his factual and legal investigation, discovery, or trial preparation.  Defendant will supplement his answers and responses to these Discovery Requests to the extent required by CR 26(e).  These answers and responses also should be deemed

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 2

**MALCOLM LAW FIRM PLLC**
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1
2
supplemented by information or documents that are or become available to the parties as a result
of other discovery, including depositions, in this litigation.

3
4
8.    Defendant objects to the extent these Discovery Requests are vague and
ambiguous.

5
6
7
8
9.    Each of these general objections is hereby specifically incorporated into each of
the specific answers below.  None of the information or documents provided by Defendant in
response to these Discovery Requests should be construed as waiving any of Defendant's general
or specific objections.  Specific objections may be included with each answer or response.

9
10
11
Without waiving the above general objections, Defendant submits the following
objections, answers, and responses to Defendant Ace's Discovery Requests.

12
Dated 12th day of August, 2022.

13
MALCOLM LAW FIRM PLLC

14
15
16
17
18
By:  *s/ Sean B. Malcolm*
    Sean B. Malcolm (WSBA #36245)
    5400 Carillon Pt.
    Kirkland, WA 98033
    Telephone:  (206) 659-9514
    Facsimile:  (425) 968-9511
    E-mail: sean@kirklandtriallawyer.com
Attorneys for Defendant

19
20
21
22
23
24
25
26

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 3

1

## **REQUESTS FOR PRODUCTION**

2

3      **REQUEST FOR PRODUCTION NO. 1:**  All documents relating to the November

4  2016 Accident, including, but not limited to, any medical bills, treatment plans, repair invoices

5  for Edwin Miguel's personal property, and/or any receipts for any other expenses incurred as a

6  result of the November 2016 Accident.

7      **RESPONSE**:

8

9  Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and
unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,
10  and to the extent it seeks disclosure of information that is protected by the attorney-client
11  privilege, work product doctrine, common-interest doctrine, and/or any other applicable
privilege, law, rule, or immunity.  Discovery requests that request the disclosure of "all facts"
12  and/or which request "all documents" supporting factual allegations should be considered to be
overly broad and unduly burdensome.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D.
13  316, 321 (D. Kan. 1998); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998)
14  (court will generally find discovery requests overly broad and unduly burdensome "on their face"
to the extent they ask for "any fact" which supports identified allegations or defenses).  Without
15  waiving and subject to the foregoing objections, Plaintiff responds as follows:  Discovery is
16  ongoing.  This response may be supplemented.

17

18      **REQUEST FOR PRODUCTION NO. 2:**  All documents relating to any

19  communications between you and Sedgwick Claims Management, ESIS, or any other entity

20  representing or purporting to be adjusting the Claim on behalf of Ace American.

21      **RESPONSE**:

22

23  Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and
unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.
24  Without waiving and subject to the foregoing objections, Plaintiff responds as follows:
discovery is ongoing.  This response may be supplemented.
25

26

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 4

**REQUEST FOR PRODUCTION NO. 3:**  All documents relating to any

communications between you and any Sears entity relating to the November 2016 Accident.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.  Without waiving and subject to the foregoing objections, Plaintiff responds as follows:  I gave Sears the lawsuit materials I was served with.  Discovery is ongoing.  This response may be supplemented.  Most of my communications with Sears were verbal.

**REQUEST FOR PRODUCTION NO. 4:**  All documents relating to any

communications between you and Ace American Insurance Company relating to the November

2016 Accident.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and equally available to Defendant Ace as to Miguel.  Without waiving and subject to the foregoing objections, Plaintiff responds as follows:  the documents, if any, are in the possession of Defendant Ace and equally available to Ace.

**REQUEST FOR PRODUCTION NO. 5:**  All documents relating to any

communications between you and any other person relating to the November 2016 Accident.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.  Discovery requests that request the disclosure of "all facts"

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 5

and/or which request "all documents" supporting factual allegations should be considered to be overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (court will generally find discovery requests overly broad and unduly burdensome "on their face" to the extent they ask for "any fact" which supports identified allegations or defenses). Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Discovery is ongoing. This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 6:** All documents sent to or received from Plaintiff or her attorneys relating to the November 2016 Accident.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: I received a copy of a Summons and Complaint and a Subpoena for Deposition Attendance and Production of Materials. Discovery is ongoing. This request may be supplemented.

**REQUEST FOR PRODUCTION NO. 7:** All documents relating to any settlement agreement between you and Plaintiff, including, but not limited to, any correspondence related to negotiating a settlement agreement and any drafts of the settlement agreement.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Discovery is ongoing. This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 8:** All documents relating to any policies of insurance potentially affording liability coverage to you for the November 2016 Accident,

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 6

**MALCOLM LAW FIRM PLLC**
8201 – 164ᵀᴴ AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH: (206) 659-9514 FX: (425) 968-9511

including, but not limited to, any personal automobile insurance you were insured under on November 16, 2016.

**RESPONSE**:

The Ace American Insurance Company policy in the possession of Defendant Ace and equally available to Ace. Discovery is ongoing. This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 9:**  All documents relating to any claims assigned to Plaintiff by you pursuant to the settlement agreement.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:  discovery is ongoing.  This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 10:**  All documents consisting of or relating to any Insurance Fair Conduct Act ("IFCA") notice sent to Ace American Insurance Company.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:  Discovery is ongoing. This response may be supplemented.

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 7

MALCOLM LAW FIRM PLLC
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**REQUEST FOR PRODUCTION NO. 11:** All documents between you and your attorney, Sean Malcolm, including, but not limited to, any fee agreement or engagement letters, and any emails or letters discussing the status or strategy of the lawsuit.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.  Without waiving and subject to the foregoing objections, Plaintiff responds as follows:  this response may be supplemented.

**REQUEST FOR PRODUCTION NO. 12:** All documents consisting of any service of process you received for the original Complaint filed in September 2018.

**RESPONSE**:

I received the original Summons and Complaint.  Discovery is ongoing.  This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 13:**  All documents related to or supporting Plaintiff's claims against Ace American as alleged in the Complaint.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.  Discovery requests that request the disclosure of "all facts" and/or which request "all documents" supporting factual allegations should be considered to be overly broad and unduly burdensome.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (court will generally find discovery requests overly broad and unduly burdensome "on their face" to the extent they ask for "any fact" which supports identified allegations or defenses).  Without

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 8

**MALCOLM LAW FIRM PLLC**
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

waiving and subject to the foregoing objections, Plaintiff responds as follows:  this response may be supplemented.

**REQUEST FOR PRODUCTION NO. 14:**  All documents relating to any emotional distress or non-economic damages suffered by you as a result of the November 2016 Accident or Ace American's claims handling.

**RESPONSE**:

Discovery is ongoing.  This response may be supplemented.

**REQUEST FOR PRODUCTION NO. 15:**  All documents reviewed to prepare a response to any of Ace American's interrogatories.

**RESPONSE**:

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity. Without waiving and subject to the foregoing objections, Plaintiff responds as follows:  none.

**REQUEST FOR PRODUCTION NO. 16:**  All documents referenced in any response to any of Ace American's interrogatories.

**RESPONSE**:

A copy of the lawsuit is in the possession of Ace.

**REQUEST FOR PRODUCTION NO. 17:**  All documents responsive to a request for production or subpoena issued by any other party in the lawsuit.

**RESPONSE**:

None.

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 9

**MALCOLM LAW FIRM PLLC**
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1</u>:**  Describe the actions you took to notify Ace American that you had been served with a copy of the lawsuit.

**<u>RESPONSE</u>**:

I told my previous supervisor at Sears about the collision around 2016, G. Kumar, and then later in 2018 I gave the lawsuit to my supervisor at the time at Sears, Brad Clever so they could pass it on to their insurance.  Then I went to work for Electolux in 2019 and had not heard anything else about the lawsuit until 2019.  Aaron Barber from Sears called me in 2019 to try to get me to come back to Sears and I asked him about the lawsuit and he didn't know anything about it.  I asked him who I should call and he didn't know.

**<u>INTERROGATORY NO. 2</u>:**  Describe the factual circumstances of how you became acquainted with your attorney, Sean Malcolm.

**<u>RESPONSE</u>**:

Defendant objects to this Interrogatory as vague and ambiguous.  Defendant objects to this Interrogatory to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.  Without waiving and subject to the foregoing objections, Defendant responds as follows:  I received a recommendation from Mr. Traverso for a couple of attorneys in the area who may be able to help me with my legal problems relating to my car collision and then I contacted Mr. Malcolm by phone.

**<u>INTERROGATORY NO. 3</u>:**  Describe in detail any attempts made by Plaintiff or her attorney to contact you regarding the November 2016 Accident.

**<u>RESPONSE</u>**:

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 10

**MALCOLM LAW FIRM PLLC**
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Defendant objects to this Interrogatory as vague and ambiguous.  Defendant objects to this Interrogatory to the extent it seeks disclosure of information that is protected by the attorney-client privilege, work product doctrine, common-interest doctrine, and/or any other applicable privilege, law, rule, or immunity.  Without waiving and subject to the foregoing objections, Defendant responds as follows:  I was served with a lawsuit in 2018.  Then sometime later in 2020 I was served with a subpoena and I called Terry Traverso, the attorney for Plaintiff, and that's when I learned that they were pushing forward with legal action against me.

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 11

**MALCOLM LAW FIRM PLLC**
8201 – 164ᵀᴴ Aᵥᴇ NE, Sᴛᴇ. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1

2
The undersigned attorney for Defendant has read the foregoing answers to interrogatories and they are in compliance with CR 26(g).

3
      Answers dated: August 12, 2022.

4
                    MALCOLM LAW FIRM PLLC

5

6
By_____

7
                    Sean B. Malcolm, WSBA #36245
                    Of Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 12

**MALCOLM LAW FIRM PLLC**
8201 – 164ᵀᴴ Aᴠᴇ NE, Sᴛᴇ. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1

2          I declare under penalty of perjury of the laws of the State of Washington that the foregoing
answers to interrogatories and requests for production are true and correct.

3

4

5                                              _____

                                               EDWIN G. MIGUEL

6                                              Dated: _____, 2022.

7                                              Place: Woodinville, Washington

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 13

**MALCOLM LAW FIRM PLLC**
8201 – 164TH AVE NE, STE. 200
REDMOND, WASHINGTON 98052
PH:  (206) 659-9514 FX:  (425) 968-9511

1

**CERTIFICATE OF SERVICE**

2          I declare under penalty of perjury under laws of the State of Washington that I caused a

3    copy of this document to be served upon the following by the method indicated:

4    Terence F. Traverso                          ☐ U.S. Mail
                                                  ☐ Fax
5    Law Offices of Terence F. Traverso, PS       ☐ Legal Messenger
     1408 140th Place NE, Ste. 140                ☒ Electronic Delivery
6    Bellevue, WA  98007                            (e-service)
     Email:  assistant1@traversolaw.com
7        *Attorneys for Plaintiff*

8

9

10   Lloyd Bernstein                              ☐ U.S. Mail
                                                  ☐ Fax
11   Bullivant Houser Bailey PC                   ☐ Legal Messenger
     One SW Columbia St., Ste. 800               ☒ Electronic Delivery
12   Portland, OR 97204                             (e-service)
     Email:  lloyd.bernstein@bullivant.com
13       *Attorneys for Defendant Ace*

14

15

16

17          DATED August 12, 2022 at Kirkland, Washington.

18          _____
            Sean B. Malcolm
19          Kirkland, Washington
            sean@kirklandtriallawyer.com

20

21

22

23

24

25

26

DEFENDANT EDWIN G. MIGUEL'S RESPONSE TO DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION
AND INTERROGATORIES TO DEFENDANT EDWIN MIGUEL - 14