# Exhibit L

## First Settlement Agreement

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| SHELLEY S. HAWKINS,<br><br>Plaintiff<br><br>v.<br><br>A&E FACTORY SERVICE, L.L.C., a Delaware limited liability company; SEARS HOLDINGS MANAGEMENT CORPORATION, a foreign profit corporation; FATEMAH S. ALSUWAIDAN and JOHN DOE ALSUWAIDAN, husband and wife and their marital community; EDWIN G. MIGUEL and JANE DOE MIGUEL, husband and wife and their marital community; and JENNI M. WAKIDA and JOHN DOE WAKIDA, husband and wife and their marital community,<br><br>Defendants | № 18-2-08480-31<br><br>SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS |

## I. PARTIES

The parties to this agreement are Plaintiff Shelley Hawkins and Defendant Edwin G. Miguel ("Defendant Miguel"). The parties do hereby enter into the following Settlement Agreement with Assignments of Rights and Covenants (herein referred to as "Settlement Agreement").

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS - 1

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000072

## II. RECITATIONS

1. **Claim Description.**

This a significant damages case arising from a car crash incident occurring on November 16, 2016 (herein referred to sometimes as "the collision"). As more fully described in the Superior Court's Findings of Facts and Conclusions of Law in Support of Entry of Default and Default Judgment, on November 16, 2016, Defendant Edwin G. Miguel caused the vehicle he was driving to strike another vehicle. This resulted in injury and damages to Plaintiff Shelley Hawkins.

2. **The Insurer's Violations of the Duty of Good Faith and Fair Dealing Owed to Mr. Miguel, Its Unreasonable Denial of the Payment of Benefits, and Other Violations.**

   a. **Applicable Law**

The Washington Insurance Fair Conduct Act (IFCA) provides as follows:

> An insurer engaged in the business of insurance may not unreasonably deny a claim for coverage or payment of benefits to any first party claimant. "First party claimant" has the same meaning as in RCW 48.30.015.

RCW 48.30.010.

Courts generally hold that an insurer may violate IFCA by failing to pay benefits or by making an unreasonably low settlement offer. *Morella v. Safeco Insurance Co.*, No. C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013); *Reverse Now VII, LLC v. Oregon Mutual Ins. Co.*, No. C16-209-MJP, 2018 WL 646880, at *4 (W.D. Wash. Jan. 30, 2018). Reasonableness of an insurer's conduct is judged against the backdrop of what it knew or should have known at the time. *Reverse Now*, 2018 WL 646880, at *4; *Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1108 (W.D. Wash. 2017). "Offering or paying a settlement that is not based on a reasoned evaluation of what the insurer knew or should have known at the time about the insured's claim is an unreasonable denial of coverage under the IFCA." *Wichser v. Safeco Ins. Co.*, No. C15-738 RAJ, 2016 WL 6878906, at *4 (W.D. Wash. Nov. 22, 2016).

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000073

1    Insurers in Washington also owe insureds a duty of good faith and fair dealing, and an
2    insurer's breach of this duty is a tort. *Defendant Ins. Co. of Am. v. Butler*, 823 P.2d 499, 503
3    (Wash. 1992); *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash.
4    2008). An insurer's duty of good faith applies to claims involving either first-party insurance
5    or third-party insurance. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d
6    122, 130, 196 P.3d 664, 668 (2008). A denial of coverage is done in bad faith if it is
7    unreasonable, frivolous, or unfounded. *Overton v. Consolidated Ins. Co.*, 38 P.3d 322, 329-30
8    (Wash. 2002). The duty of good faith also requires an insurance company to give equal
9    consideration to its own interests and the interests of its insured. *Ellwein v. Hartford Accident*
10   *& Indem. Co.*, 15 P.3d 640, 646 (Wash. 2001), *overruled in part on other grounds, Smith v.*
11   *Defendant Ins. Co.*, 78 P.3d 1274, 1278 (Wash. 2003). An insurer has an affirmative duty to
12   make a good faith attempt to settle within the insured's limits of liability. *Hamilton v. State*
13   *Farm*, 83 Wn.2d 787, 523 P.2d 193 (1974). An insurer is liable for damages resulting from a
14   failure to settle within policy limits if that failure is attributable to either bad faith or
15   negligence. *Tyler v. Grange Ins. Ass'n*, 3 Wn. App. 167, 473 P.2d 193 (1970). Negligence in
16   investigation which leads to a mistake in failing to settle constitutes a breach of the insurer's
17   duty to its insured. *Id.*

18   "The flat refusal to negotiate, under circumstances of substantial exposure to liability, a
19   demonstrated receptive climate for settlement, and limited insurance coverage may show lack
20   of good faith as well." *Hamilton v. State Farm*, 83 Wn.2d 787, 794, 523 P.2d 193 (1974),
21   citing *Tyler v. Grange Ins. Ass'n*, 3 Wash.App. 167, 179, 473 P.2d 193 (1970).

22   Single violations of WAC 284-30-330 are a breach of the duty of good faith and fair
23   dealing as a matter of law. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 58 P.3d
24   276 (2002); *Leingang v. Pierce Co. Med. Bureau*, 131 Wn.2d 133, 151, 930 P.2d 288 (1997);
25   WPI 320.06. WAC 284-30-330 includes the following "unfair insurance claims practices":

26
27
28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 3

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000074

**WAC 284-30-330 Specific unfair claims settlement practices defined.**

The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement of claims: . . .

. . .

(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(4) Refusing to pay claims without conducting a reasonable investigation.

. . .

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear. . . .

(7) Compelling insureds to institute or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

(8) Attempting to settle a claim for less than the amount to which a reasonable [person] would have believed he [or she] was entitled by reference to written or printed advertising material accompanying or made part of an application.
. . .

WAC 284-30-330.

"We have long recognized if an insurer acts in bad faith by refusing to effect a settlement for a small sum, an insured can recover from the insurer the amount of a judgment rendered against the insured, even if the judgment exceeds contractual policy limits." *Besel v. Viking Ins. Co. of Wisconsin*, 146 Wash.2d 730, 49 P. 3d 887 (2002), *citing Evans v. Cont'l Cas. Co.*, 40 Wash.2d 614, 245 P.2d 470 (1952).

    b.    **Applicable Facts**

Defendant Miguel is an insured covered for liability under a policy issued by Ace

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 4

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000075

American Insurance Company or other insurer(s) (herein referred to sometimes as "the insurer"). This Settlement Agreement applies to any and all liability insurers who did or might provide coverage to Defendant Miguel arising from the collision.

Plaintiff, through her attorney, went to great lengths to give notice to Defendant Miguel's insurer of her negligence claim for damages and to provide an opportunity to settle the claim fully by agreement and without litigation against Defendant Miguel. For example, before initiating this lawsuit, Plaintiff sent several letters and e-mails to the insurer through its hired claims representatives, and also left multiple voice messages for the claims representative about resolving the claim. Plaintiff's correspondence included detailed letters to the insurer requesting that the insurer resolve the case by agreement and without a lawsuit. These settlement-attempt letters were supported by the usual documents that are customarily accepted in the business of liability insurance claims as adequate to evaluate and settle injury claims. These documents included medical records, medical bills, medical reports, federal income tax records, and other bills or receipts. Defendant's insurer, however, never responded to any of these settlement-attempt letters and phone calls. Despite Plaintiff's many efforts to reach an agreed settlement with Defendant's insurer without litigation, the insurer ignored Plaintiff, did not respond to any of her efforts to settle the claim, did not attempt to settle the claim, and did not attempt to prevent litigation against Defendant Miguel.

The insurer knew or reasonably should have known that its failure to respond to Plaintiff and her attempts to settle the claim would result in litigation against Defendant Miguel. In fact, as an actual and proximate cause of its failure to respond and attempt settlement, the insurer forced Plaintiff to commence litigation against Defendant Miguel.

The insurer also knew or reasonably should have known that litigation against Defendant Miguel would cause a Judgment to be entered against him personally, whether by default or following a trial. The insurer did not attempt to defend Defendant Miguel. An insurer owes a duty to defend the insured that is separate from other duties owed. An insurer

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 5

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000076

must defend if a claim is conceivably covered under the policy. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007). An insurer's duty of good faith is separate from an insurer's duties under the insurance policy, and an insured may maintain a bad faith cause of action even if its insurer owes no duty to indemnify. *See, e.g., Coventry Associates v. American States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933, 936-937 (1998) (involving first-party insurance); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132, 196 P.3d 664, 669 (2008) (involving third-party insurance). In this case, the insurer failed in its duty to defend Defendant Miguel.

As an actual and proximate cause of the insurer's wrongful acts and omissions, a Default Judgment was entered against Defendant Miguel.

### III. PURPOSES OF SETTLEMENT AGREEMENT

Defendant Miguel recognizes and acknowledges that the Washington Superior Court entered a Default Judgment against him as a result of his insurer's wrongful acts and omissions, and that the amount of that Judgment with ongoing interest is approximately $443,323 as of October 2, 2020. Additional post-judgment interest continues to accrue at approximately $2,496 per month.

Defendant Miguel further recognizes and acknowledges that the insurer has not agreed to indemnify him and pay for any part of the Judgment against him, and that Defendant Miguel has no other insurance coverage that might indemnify him and pay for any part of the Judgment, thus leaving Defendant Miguel's personal assets exposed and at risk to execution and collection by Plaintiff. Defendant Miguel wishes to protect his personal assets, credit, credit worthiness, and to avoid filing a bankruptcy due to the Judgment and its ongoing accrual of interest.

Defendant Miguel further acknowledges and warrants that to his knowledge, the insurer has not denied coverage but has fully accepted coverage of Plaintiff's claim herein (but has not accepted the duty to pay the claim) and, further, the insurer has not accepted coverage

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 6

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000077

or defense of the claim under a reservation of rights.

The purposes of, and the consideration for, this Settlement Agreement include but are not limited to the following: (a) to provide for a settlement with prompt payment of the applicable insurance proceeds and other sums to Plaintiff for legal damages she sustained and other sums; (b) to protect Defendant Miguel's personal savings, property, assets, credit, credit worthiness, and reputation; (c) to protect Defendant Miguel from further judgment in favor of Plaintiff such as for ongoing accruing interest; (d) to afford protection to Defendant Miguel from having to make payments and execution on the Judgment against him; and (e) to minimize the costs, delays, stress, and uncertainties of continued litigation and collection proceedings to Defendant Miguel, his financial interests, and to Plaintiff.

## IV. CONSIDERATION FOR SETTLEMENT AGREEMENT

The consideration for this Settlement Agreement is the mutual promises contained herein. There is adequate consideration to support this agreement.

## V. TERMS AND CONDITIONS

The terms and conditions of the Settlement Agreement between the parties are as follows:

A. <u>Assignment or Execution</u>: Defendant Miguel agrees to cooperate with and assign to Plaintiff all rights, privileges, claims, causes or chose of action that he may have against his insurers or affiliated companies, and their agents, including but not limited to Ace American Insurance Company. This assignment includes but is not limited to, all of Defendant Miguel's privileges, protections, claims, causes or chose of actions arising out of the collision, or handling of the claims or suit related thereto, as well as arising out of the insurance contract, obligations, investigation, evaluation, negotiation, defense, settlement, indemnification, along with any claims, cause or chose of actions for breach of the duty of good faith and fair dealing, negligence, malpractice, breach of contract, fiduciary breach, Consumer Protection Act, Washington Insurance Fair Conduct Act, punitive damages, and/or any other claims, *provided*

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 7

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000078

however, that Defendant Miguel specifically reserves to himself claims for damages against the insurer for his personal emotional distress, personal attorneys' fees, personal damages to his credit or reputation, and other non-economic damages which arise from or relate to the assigned causes of action. To the extent any of the above causes or choses of action are not assignable, then those assets are available to Plaintiff for execution.

     B. <u>Covenant Not to Execute or Enforce Judgment:</u>  In exchange for the above consideration, Plaintiff does hereby covenant not to enforce or execute upon the Default Judgment against Defendant Miguel or his personal assets, and Plaintiff covenants to provide, upon request, letters, notice or other documents requested by Defendant Miguel's creditors that all assets and property are not at risk of execution, enforcement or encumbrance. This includes release of any lien on real property that may be created by law from entry of the judgment. Plaintiff agrees not to record this judgment in any land records of Defendant Miguel.

     Notwithstanding the above paragraph, Plaintiff reserves the right to pursue any and all assigned claims and remedies available to Defendant Miguel against the insurer or insurers which insure or might insure Defendant Miguel for Plaintiff's claims arising out of the collision.

     C. <u>RCW 48.30.015 20-day Notice:</u>

     Within five (5) calendar days of a request by Plaintiff, Defendant Miguel shall properly serve a statutory 20-day IFCA notice under RCW 48.30.015 that includes any language preferred by Plaintiff regarding the assigned claims.

     D. <u>Request for Insurer's Claim Files, Records, and Documents:</u>

     To the extent Plaintiff seeks to compel production of the insurer's claim files, records, and other documents or files, Defendant Miguel waives any protections of such requested materials that might exist between him and the insurer on the grounds of insurer work product, attorney work product, attorney-client privilege, or other privileges or protections, and by this

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS - 8

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000079

reference Defendant Miguel hereby instructs the insurer to release all such requested information and documents to Plaintiff within 30 days of its receipt of requests for production of such information (or within 14 days if served with a subpoena).

## VI. INFORMATION TO BE PROVIDED AND COOPERATION IN THE PRESENTATION OF ASSIGNED CLAIMS

Upon request by Plaintiff, Defendant Miguel shall provide a declaration under oath stating the details of his contacts with the insurer and employer following the collision, of what the insurer advised him or failed to advise him regarding his legal liability for the damages caused by the collision, and of other matters relating to the assigned claims that Plaintiff may request.

During the pendency of the assigned claims, Defendant Miguel shall provide information about the assigned claims and respond to the defenses to the assigned claims raised by the insurer. Defendant Miguel shall produce requested documents or other evidence relating to assigned claims, sign and execute such other and further documents as may be necessary to effectuate the purpose of this document, and keep the attorney for Plaintiff advised of his current residential and employment addresses and telephone numbers.

Defendant Miguel shall attend any depositions requested in the assigned claims, whether requested by Plaintiff's attorneys or the attorneys for the insurer.

Defendant Miguel shall testify truthfully about assigned claims throughout the proceedings on the assigned claims, and appear at trial to testify about assigned claims if requested.

Defendant Miguel shall make himself available at such times and places as may reasonably be required in order to permit Plaintiff to pursue the claims herewith assigned.

If Plaintiff believes that Defendant Miguel is not complying with the terms of this Settlement Agreement, Plaintiff shall give reasonable notice and an opportunity to cure to Defendant Miguel. If Defendant Miguel thereafter does not cure, the Plaintiff may submit the issue to Steven Toole, or if he is unable or unwilling to serve, then before Paris Kallas or other

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS - 9

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000080

arbitrator for binding arbitration. If binding arbitration determines that Defendant Miguel has not reasonably complied with the obligations of this section, then Defendant Miguel will be deemed in material breach of this agreement.

## VII. WAIVER OF PRIVILEGES

Defendant Miguel hereby grants to Plaintiff full access to all files and records relating to the investigation, adjusting, and legal defense of Plaintiff's claim against Defendant Miguel, as well as with respect to any claim Defendant Miguel has against the insurer. Defendant Miguel expressly waives and grants to Plaintiff all attorney-client and work product privileges he may have with respect to the investigation, adjusting, and legal defense of Plaintiff's claim against him, or with respect to any claim made by Defendant Miguel in his own right against the insurer.

## VIII. DISCLOSURE OF AGREEMENT TO THIRD PERSONS

This Settlement Agreement may be fully disclosed to the Court, to the insurer, and, if deemed appropriate by the Court, to any jury which shall hear and decide the assigned claims. It is the intent of the parties that the terms of the settlement be clearly set forth and subject to review.

## IX. BINDING NATURE OF AGREEMENT

It is the intent of the parties to enter a binding agreement resolving the legal claims between them arising out of the collision. In the event the parties have a dispute concerning the implementation of this Settlement Agreement or an issue comes up after the execution of this agreement which the parties did not anticipate, then this agreement may be supplemented by agreement of the parties. If the parties are not able to so agree then the dispute or issue may be submitted to Steve Toole, or if he is unable or unwilling to serve, then before Paris Kallas or other arbitrator for binding arbitration, with the arbitration to determine the dispute or issue in a manner consistent with and promoting the operation of this Settlement Agreement.

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS - 10

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000081

```
 1
 2
 3   _____     10.9-2020
 4   Edwin Miguel, Defendant              Date

 5   _____     10.9.2020
 6   Shelley Hawkins, Plaintiff           Date

 7   Approved as to form:
 8
 9   _____     10.9.2020
10   Sean Malcolm, Attorney for           Date
     Defendant Edwin Miguel
11   WSBA #36245

12   Approved as to form:
13                                       10/9/2020
14   _____     Date
     Terence F. Traverso, Attorney for Plaintiff
15   WSBA #21178
16
...
28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 11
```

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

MIGUEL_000082