## <u>Exhibit N</u>

**Draft Second Settlement Agreement**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| SHELLEY S. HAWKINS, | № 18-2-08480-31 |
| Plaintiff | SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS |
| v. | |
| A&E FACTORY SERVICE, L.L.C., a Delaware limited liability company; SEARS HOLDINGS MANAGEMENT CORPORATION, a foreign profit corporation; FATEMAH S. ALSUWAIDAN and JOHN DOE ALSUWAIDAN, husband and wife and their marital community; EDWIN G. MIGUEL and JANE DOE MIGUEL, husband and wife and their marital community; and JENNI M. WAKIDA and JOHN DOE WAKIDA, husband and wife and their marital community, | |
| Defendants | |

## I. PARTIES

The parties to this agreement are Plaintiff Shelley Hawkins and Defendant Edwin G. Miguel ("Defendant Miguel"). The parties do hereby enter into the following Settlement Agreement with Assignments of Rights and Covenants (herein referred to as "Settlement Agreement").

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 1

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

## II. RECITATIONS

1. **Claim Description.**

This lawsuit herein arose from a car crash occurring on November 16, 2016 (herein referred to sometimes as "the collision"). On November 16, 2016, Defendant Edwin G. Miguel caused the vehicle he was driving to strike another vehicle. This collision resulted in substantial injuries and significant damages to Plaintiff Shelley Hawkins.

2. **The Insurer's Violations of the Duty of Good Faith and Fair Dealing Owed to Mr. Miguel, Its Unreasonable Denial of the Payment of Benefits, and Other Violations.**

   a. **Law**

The Washington Insurance Fair Conduct Act (IFCA) provides as follows:

> An insurer engaged in the business of insurance may not unreasonably deny a claim for coverage or payment of benefits to any first party claimant. "First party claimant" has the same meaning as in RCW 48.30.015.

RCW 48.30.010.

Courts generally hold that an insurer may violate IFCA by failing to pay benefits or by making an unreasonably low settlement offer. *Morella v. Safeco Insurance Co.*, No. C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013); *Reverse Now VII, LLC v. Oregon Mutual Ins. Co.*, No. C16-209-MJP, 2018 WL 646880, at *4 (W.D. Wash. Jan. 30, 2018). Reasonableness of an insurer's conduct is judged against the backdrop of what it knew or should have known at the time. *Reverse Now*, 2018 WL 646880, at *4; *Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1108 (W.D. Wash. 2017). "Offering or paying a settlement that is not based on a reasoned evaluation of what the insurer knew or should have known at the time about the insured's claim is an unreasonable denial of coverage under the IFCA." *Wichser v. Safeco Ins. Co.*, No. C15-738 RAJ, 2016 WL 6878906, at *4 (W.D. Wash. Nov. 22, 2016).

Insurers in Washington also owe insureds a duty of good faith and fair dealing, and an insurer's breach of this duty is a tort. *Defendant Ins. Co. of Am. v. Butler*, 823 P.2d 499, 503

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 2

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   (Wash. 1992); *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash.

2   2008).  An insurer's duty of good faith applies to claims involving either first-party insurance

3   or third-party insurance.  *See, e.g., St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d

4   122, 130, 196 P.3d 664, 668 (2008).  A denial of coverage is done in bad faith if it is

5   unreasonable, frivolous, or unfounded.  *Overton v. Consolidated Ins. Co.*, 38 P.3d 322, 329-30

6   (Wash. 2002).  The duty of good faith also requires an insurance company to give equal

7   consideration to its own interests and the interests of its insured.  *Ellwein v. Hartford Accident*

8   *& Indem. Co.*, 15 P.3d 640, 646 (Wash. 2001), *overruled in part on other grounds, Smith v.*

9   *Defendant Ins. Co.*, 78 P.3d 1274, 1278 (Wash. 2003).   An insurer has an affirmative duty to

10  make a good faith attempt to settle within the insured's limits of liability.  *Hamilton v. State*

11  *Farm*, 83 Wn.2d 787, 523 P.2d 193 (1974).  An insurer is liable for damages resulting from a

12  failure to settle within policy limits if that failure is attributable to either bad faith or

13  negligence.  *Tyler v. Grange Ins. Ass'n*, 3 Wn. App. 167, 473 P.2d 193 (1970).  Negligence in

14  investigation which leads to a mistake in failing to settle constitutes a breach of the insurer's

15  duty to its insured.  *Id.*

16          "The flat refusal to negotiate, under circumstances of substantial exposure to liability, a

17  demonstrated receptive climate for settlement, and limited insurance coverage may show lack

18  of good faith as well."  *Hamilton v. State Farm*, 83 Wn.2d 787, 794, 523 P.2d 193 (1974),

19  *citing Tyler v. Grange Ins. Ass'n*, 3 Wash.App. 167, 179, 473 P.2d 193 (1970).

20          Single violations of WAC 284-30-330 are a breach of the duty of good faith and fair

21  dealing as a matter of law.  *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 58 P.3d

22  276 (2002); *Leingang v. Pierce Co. Med. Bureau*, 131 Wn.2d 133, 151, 930 P.2d 288 (1997);

23  WPI 320.06.  WAC 284-30-330 includes the following "unfair insurance claims practices":

24          **WAC 284-30-330 Specific unfair claims settlement practices
            defined.**

25

26          The following are hereby defined as unfair methods of
            competition and unfair or deceptive acts or practices in the
            business of insurance, specifically applicable to the settlement

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
    RIGHTS AND COVENANTS - 3

1    of claims: . . .

2    . . .

3    (2) Failing to acknowledge and act reasonably promptly upon
     communications with respect to claims arising under insurance
4    policies.

5    (3) Failing to adopt and implement reasonable standards for the
     prompt investigation of claims arising under insurance policies.
6
     (4) Refusing to pay claims without conducting a reasonable
7    investigation.

8    . . .

9    (6) Not attempting in good faith to effectuate prompt, fair and
     equitable settlements of claims in which liability has become
10   reasonably clear. . .

11   (7) Compelling insureds to institute or submit to litigation,
     arbitration, or appraisal to recover amounts due under an
12   insurance policy by offering substantially less than the amounts
     ultimately recovered in such actions or proceedings.
13
     (8) Attempting to settle a claim for less than the amount to
14   which a reasonable [person] would have believed he [or she]
     was entitled by reference to written or printed advertising
15   material accompanying or made part of an application.
     . . .
16
     WAC 284-30-330.
17
          "We have long recognized if an insurer acts in bad faith by refusing to effect a
18
     settlement for a small sum, an insured can recover from the insurer the amount of a judgment
19
     rendered against the insured, even if the judgment exceeds contractual policy limits." *Besel v.*
20
     *Viking Ins. Co. of Wisconsin*, 146 Wash.2d 730, 49 P. 3d 887 (2002), *citing Evans v. Cont'l*
21
     *Cas. Co.*, 40 Wash.2d 614, 245 P.2d 470 (1952).
22
          **b.    Facts**
23
          Defendant Miguel is an insured covered for liability under a policy or policies issued
24
     by Ace American Insurance Company, Ace Limited, Chubb, and/or other insurer(s) (herein
25
     collectively referred to sometimes as "the insurer").  This Settlement Agreement applies to any
26
     and all liability insurers who did or might provide coverage to Defendant Miguel arising from
27

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 4

1   the collision.

2       Plaintiff, through her attorney, went to great lengths to give notice to Defendant

3   Miguel's insurer of her negligence claim for damages and to provide an opportunity to settle

4   the claim fully by agreement and without litigation against Defendant Miguel.  For example,

5   before initiating this lawsuit, Plaintiff sent several letters and e-mails to the insurer through its

6   hired claims representatives, and also left multiple voice messages for the claims

7   representative about resolving the claim.  Plaintiff's correspondence included detailed letters

8   to the insurer requesting that the insurer resolve the case by agreement and without a lawsuit.

9   These settlement-attempt letters were supported by the usual documents that are customarily

10   accepted in the business of liability insurance claims as adequate to evaluate and settle injury

11   claims.  These documents included medical records, medical bills, medical reports, federal

12   income tax records, and other bills or receipts.  Despite Plaintiff's efforts to reach an agreed

13   settlement with Defendant's insurer without litigation, the insurer ignored Plaintiff, did not

14   respond to any of her efforts to settle the claim by September 19, 2018, as requested, did not

15   attempt to settle the claim by that date, and did not attempt to prevent litigation against

16   Defendant Miguel.

17       The insurer knew or reasonably should have known that its failure to respond to

18   Plaintiff and her attempts to settle the claim would result in litigation against Defendant

19   Miguel.  In fact, as an actual and proximate cause of its failure to respond and attempt

20   settlement, the insurer forced Plaintiff to commence litigation against Defendant Miguel on or

21   about September 19, 2018.

22       The insurer had actual knowledge that Plaintiff commenced litigation against

23   Defendant Miguel.  The insurer also knew or reasonably should have known that litigation

24   against Defendant Miguel would cause him stress, frustration, fear, mental suffering,

25   embarrassment, effect on credit, a Judgment entered against him personally, and/or other

26   harms.  Despite this knowledge of actual harm it would cause Defendant Miguel, the insurer

27

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 5

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140ᵗʰ Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1  chose not to defend Defendant Miguel in the litigation.  The insurer rejected and refused a

2  tender of defense of the lawsuit.

3         An insurer owes a duty to defend the insured that is separate from other duties owed.

4  An insurer must defend if a claim is conceivably covered under the policy.  *Woo v. Fireman's*

5  *Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007).  An insurer's duty of good faith is separate

6  from an insurer's duties under the insurance policy, and an insured may maintain a bad faith

7  cause of action even if its insurer owes no duty to indemnify.  *See, e.g., Coventry Associates v.*

8  *American States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933, 936-937 (1998) (involving

9  first-party insurance); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132,

10  196 P.3d 664, 669 (2008) (involving third-party insurance).  In this case, the insurer has failed

11  in its duties to indemnify and defend Defendant Miguel.

12      **III.  ADDITIONAL RECITATIONS AND STIPULATED FINDINGS OF FACT**

13         Defendant Miguel further stipulates and agrees to the following facts:

14      1.     That service of the Summons and Complaint for Negligence herein upon

15  Defendants Edwin G. Miguel and Jane Doe Miguel, husband and wife and their marital

16  community, was properly made by personal service on October 10, 2018.

17      2.     That Defendant Miguel has substantially or fully complied with the terms of

18  the insurer's applicable insurance policy, and any noncompliance with any term (and

19  Defendant Miguel is unaware of any noncompliance) has not caused substantial prejudice to

20  the insurer.

21      3.     That no attorney has made a notice of appearance in this action on behalf of

22  Defendant Miguel or served or filed a responsive pleading to Plaintiff's Complaint.

23      4.     That the insurer has not hired an attorney on behalf of Defendant Miguel to

24  defend him in this lawsuit nor has the insurer made any effort to defend or protect Defendant

25  Miguel in this lawsuit.

26      5.     That Defendant Miguel is not a Debtor in Bankruptcy and has never been a

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 6

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1   Debtor in Bankruptcy during the pendency of this lawsuit.

2       6.      That each and all of the allegations set forth in the Plaintiff's Complaint for

3   Negligence herein are true.

4       7.      That no non-party to this litigation contributed to causing the collision or to

5   causing the Plaintiff's damages identified herein.

6       8.      That Plaintiff has not failed to make reasonable efforts to mitigate her damages

7   identified herein.

8       9.      That there are no applicable defenses or avoidances to Plaintiff's claims in this

9   lawsuit, either substantive or procedure, including but not limited to subject matter

10  jurisdiction, personal jurisdiction, insufficient process or service of process, statute of

11  limitations, waiver, Plaintiff's comparative fault, or alternative causes of her damages other

12  than the collision.  Further, the right to assert any affirmative defenses to or avoidances of

13  Plaintiff's claims in this lawsuit are hereby waived.

14      10.     That Defendant Miguel's negligence caused the collision and as a direct and

15  proximate result of Defendant Miguel's negligence, Plaintiff suffered injuries and damages,

16  incurred medical expenses, earnings losses, interest, and past and future non-economic

17  damages for disability, loss/diminishment of the ability and capacity to enjoy life, pain,

18  suffering, and other subjective nonmonetary losses in an amount exceeding $1,500,000.

19          **IV.  PURPOSES OF SETTLEMENT AGREEMENT**

20      Defendant Miguel recognizes and acknowledges that judgment is being sought against

21  him in this action in an amount exceeding $1,500,000, which amount may readily be

22  determined by the nature, extent and severity of the injuries and damages suffered and accrued

23  to date by Plaintiff and into the future, as well as the history of Plaintiff's counsel of obtaining

24  large verdicts of equal or greater amounts in other cases.  Defendant Miguel further recognizes

25  and acknowledges that the insurer has not agreed to defend or indemnify him in this lawsuit,

26  and that Defendant Miguel has no other insurance coverage that might indemnify him and pay

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
    RIGHTS AND COVENANTS - 7

for any part of the judgment Plaintiff seeks against him, whether directly or through joint and several liability, thus leaving Defendant Miguel's personal assets exposed and at risk to execution and collection by Plaintiff.  Defendant Miguel wishes to protect his personal assets, credit, credit worthiness, and to avoid filing a bankruptcy due to a Judgment and ongoing accrual of interest.

Defendant Miguel further acknowledges and warrants that to his knowledge, the insurer has not denied coverage but has fully accepted coverage of Plaintiff's claim herein (but it has not accepted the duties to pay the claim or defend) and, further, the insurer has not accepted coverage or defense of Plaintiff's claim under a reservation of rights.

The purposes of, and the consideration for, this Settlement Agreement include but are not limited to the following:  (a) to provide for a settlement with prompt payment of the applicable insurance proceeds and other sums to Plaintiff for legal damages she sustained and other sums; (b) to protect Defendant Miguel's personal savings, property, assets, credit, credit worthiness, and reputation; (c) to protect Defendant Miguel from judgment in favor of Plaintiff such as for ongoing accruing interest; (d) to afford protection to Defendant Miguel from having to make payments and execution on a Judgment against him; and (e) to minimize the costs, delays, stress, and uncertainties of continued and future litigation and collection proceedings to Defendant Miguel, his financial interests, and to Plaintiff.

### V.  CONSIDERATION FOR SETTLEMENT AGREEMENT

The consideration for this Settlement Agreement is the mutual promises contained herein.  There is adequate consideration to support this agreement.

### VI.  TERMS AND CONDITIONS

The terms and conditions of the Settlement Agreement between the parties are as follows:

A.  <u>Assignment or Execution:</u>  Defendant Miguel agrees to cooperate with and assign to Plaintiff all rights, privileges, claims, causes or chose of action that he may have against his

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 8

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   insurers or affiliated companies, and their employees and agents, including but not limited to

2   Ace American Insurance Company, Ace Limited, Chubb, and any other insurer of Plaintiff's

3   claims against Defendant Miguel.  This assignment includes but is not limited to, all of

4   Defendant Miguel's privileges, protections, claims, causes or chose of actions arising out of

5   the collision, or handling of the claims or suit related thereto, as well as arising out of the

6   insurance contract, obligations, investigation, evaluation, negotiation, defense, settlement,

7   indemnification, along with any claims, cause or chose of actions for breach of the duty of

8   good faith and fair dealing, negligence, malpractice, breach of contract, fiduciary duty breach,

9   violations of the Washington Consumer Protection Act and Insurance Fair Conduct Act, and

10  punitive damages, *provided* however, that Defendant Miguel specifically reserves to himself

11  claims for damages against the insurer for his personal emotional distress, personal attorneys'

12  fees, personal damages to his credit or reputation, and other non-economic damages which

13  arise from or relate to the assigned causes of action.  To the extent any of the above causes or

14  choses of action are not assignable, then those assets are available to Plaintiff for execution.

15      B. <u>Determination of Judgment:</u>  The parties agree to have the full amount of Plaintiff's

16  damages caused by the collision, and judgment for those damages, determined by stipulation

17  and approved as reasonable by the Court.  The parties agree that the reasonable value of the

18  past and future damages sustained by and justly due Plaintiff is $1,500,000 and hereby

19  stipulate to entry of judgment against Defendant Miguel in Plaintiff's favor for that principal

20  amount.  Defendant Miguel and his counsel agree to provide the Court with such evidence,

21  opinion, and support for this determination as may be appropriate at any reasonableness

22  hearing to be conducted with regard to this stipulated amount, and to execute all documents

23  necessary for entry of judgment in this amount.  Plaintiff may require as a condition to this

24  settlement that Defendant Miguel agree in any reasonableness hearing to the settlement's

25  reasonableness in his hearing pleadings and statements to the court.

26      In the event of a reasonableness hearing and the Court does not find the sum of

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
    RIGHTS AND COVENANTS - 9

LAW OFFICES OF
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    $1,500,000 to be reasonable and does not find a lesser amount to be reasonable, then the

2    parties agree to use good faith efforts to reach a stipulated judgment as to the amount of

3    Plaintiff's damages, and to obtain a reasonableness finding of that amount from the Court.  If

4    the parties are unable to reach an agreement on the reasonable amount of Plaintiff's damages

5    within ten (10) days, unless extended by agreement, then the parties agree to submit that issue

6    to arbitration, without further delay or discovery, before Steven Toole, or if he is unable or

7    unwilling to serve, then before Paris Kallas.  Such sum will then be resubmitted for a

8    reasonableness finding by the Court.

9        C.  <u>Interest Rate on Unpaid Amounts of Judgment and Personal Contribution</u>:   It is

10   agreed between the undersigned that interest on the unpaid amounts of this judgment

11   described above in Paragraph B shall accrue compound interest at the current tort judgment

12   rate of 5.25% per annum, compounded annually, beginning the date of this Settlement

13   Agreement indicated below.

14       D.  <u>Covenant Not to Execute or Enforce Judgment:</u>  In exchange for the above

15   consideration, Plaintiff does hereby covenant not to enforce or execute upon any Judgment

16   against Defendant Miguel or his personal assets, and Plaintiff covenants to provide, upon

17   request, letters, notice or other documents requested by Defendant Miguel's creditors that all

18   assets and property are not at risk of execution, enforcement or encumbrance.  This includes

19   release of any lien on real property that may be created by law from entry of any Judgment.

20   Plaintiff agrees not to record this judgment in any land records of Defendant Miguel.

21       Notwithstanding the above paragraph, Plaintiff reserves the right to pursue any and all

22   assigned claims and remedies available to Defendant Miguel against the insurer or insurers

23   which insure or might insure Defendant Miguel for Plaintiff's claims arising out of the

24   collision.

25       E.  <u>RCW 48.30.015 20-day Notice:</u>

26       Defendant Miguel also assigns to Plaintiff herein his right to serve a 20-day IFCA

27

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 10

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  notice upon his insurer(s)s under RCW 48.30.015.  Within five (5) calendar days of a request

2  by Plaintiff, however, Defendant Miguel shall properly serve a statutory 20-day IFCA notice

3  under RCW 48.30.015 that includes any language preferred by Plaintiff regarding the assigned

4  claims.

5        F.  Request for Insurer's Claim Files, Records, and Documents:

6        To the extent Plaintiff seeks to compel production of the insurer's claim files, records,

7  and other documents or files, Defendant Miguel waives any protections of such requested

8  materials that might exist between him and the insurer or the attorneys the insurer hires on the

9  grounds of insurer work product, attorney work product, attorney-client privilege, or other

10  privileges or protections, and by this reference Defendant Miguel hereby instructs the insurer

11  and the attorneys the insurer hires to release all such requested information and documents to

12  Plaintiff within 30 days of its receipt of requests for production of such information (or within

13  14 days if served with a subpoena).

14        G.  Admission of allegations in the Plaintiff's Complaint.  Defendant Miguel admits to

15  the truth of the allegations contained in Plaintiff's Complaint for Negligence and hereby

16  waives any and all available substantive and procedural affirmative defenses that he could

17  have asserted in the litigation, including but not limited to defenses regarding liability,

18  causation of damages, or the amount of damages.

19   **VII.  INFORMATION TO BE PROVIDED AND COOPERATION
20        IN THE PRESENTATION OF ASSIGNED CLAIMS**

21        Upon request by Plaintiff, Defendant Miguel shall provide a declaration under oath

22  stating the details of his contacts with the insurer and employer following the collision, of

23  what the insurer advised him or failed to advise him regarding his legal liability for the

24  damages caused by the collision, and of other matters relating to the assigned claims that

25  Plaintiff may request.

26        During the pendency of the assigned claims, Defendant Miguel shall provide

27  information about the assigned claims and respond to the defenses to the assigned claims

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
    RIGHTS AND COVENANTS - 11

LAW OFFICES OF
**TERENCE F. TRAVERSO, P.S.**
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  raised by the insurer.  Defendant Miguel shall produce requested documents or other evidence

2  relating to assigned claims, sign and execute such other and further documents as may be

3  necessary to effectuate the purpose of this document, and keep the attorney for Plaintiff

4  advised of his current residential and employment addresses and telephone numbers.

5       Defendant Miguel shall attend any depositions requested in the assigned claims,

6  whether requested by Plaintiff's attorneys or the attorneys for the insurer.

7       Defendant Miguel shall testify truthfully about assigned claims throughout the

8  proceedings on the assigned claims, and appear at trial to testify about assigned claims if

9  requested.

10       Defendant Miguel shall make himself available at such times and places as may

11  reasonably be required in order to permit Plaintiff to pursue the claims herewith assigned.

12       If Plaintiff believes that Defendant Miguel is not complying with the terms of this

13  Settlement Agreement, Plaintiff shall give reasonable notice and an opportunity to cure to

14  Defendant Miguel.  If Defendant Miguel thereafter does not cure, the Plaintiff may submit the

15  issue to Steven Toole, or if he is unable or unwilling to serve, then before Paris Kallas or other

16  arbitrator for binding arbitration.  If binding arbitration determines that Defendant Miguel has

17  not reasonably complied with the obligations of this section, then Defendant Miguel will be

18  deemed in material breach of this agreement.

19                 **VIII. WAIVER OF PRIVILEGES**

20       Defendant Miguel hereby grants to Plaintiff full access to all files and records relating

21  to the investigation, adjusting, and legal defense of Plaintiff's claim against Defendant

22  Miguel, as well as with respect to any claim Defendant Miguel has against the insurer.

23  Defendant Miguel expressly waives and grants to Plaintiff all attorney-client and work product

24  privileges he may have with respect to the investigation, adjusting, and legal defense of

25  Plaintiff's claim against him, or with respect to any claim made by Defendant Miguel in his

26  own right against the insurer.

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 12

LAW OFFICES OF
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

## IX.  DISCLOSURE OF AGREEMENT TO THIRD PERSONS

This Settlement Agreement may be fully disclosed to the Court, to the insurer, and, if deemed appropriate by the Court, to any jury which shall hear and decide the assigned claims. It is the intent of the parties that the terms of the settlement be clearly set forth and subject to review.

## X.  BINDING NATURE OF AGREEMENT

It is the intent of the parties to enter a binding agreement resolving the legal claims between them arising out of the collision.  In the event the parties have a dispute concerning the implementation of this Settlement Agreement or an issue comes up after the execution of this agreement which the parties did not anticipate, then this agreement may be supplemented by agreement of the parties.  If the parties are not able to so agree then the dispute or issue may be submitted to Steve Toole, or if he is unable or unwilling to serve, then before Paris Kallas or other arbitrator for binding arbitration, with the arbitration to determine the dispute or issue in a manner consistent with and promoting the operation of this Settlement Agreement.

///
///
///
///
///
///
///
///
///
///
///

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 13

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1

2

## SIGNATURES TO SETTLEMENT AGREEMENT
## WITH ASSIGNMENT OF RIGHTS AND COVENANTS

3

    EDWIN MIGUEL CERTIFIES THAT HE HAS READ THIS AGREEMENT WITH THE ASSISTANCE AND ADVICE OF LEGAL COUNSEL.

4

5

    EDWIN MIGUEL DECLARES UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS IS TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE.

6

7

8

_____

9

Edwin G. Miguel, Defendant

_____

Date

10

_____

City & state where signed

11

12

Approved as to form:

13

14

_____

15

Sean Malcolm, Attorney for
Defendant Edwin Miguel
WSBA #36245

_____

Date

16

17

    SHELLEY HAWKINS DECLARES UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS IS TRUE AND CORRECT TO THE BEST OF HER KNOWLEDGE.

18

19

20

_____

21

Shelley Hawkins, Plaintiff

_____

Date

22

_____

City & state where signed

23

24

Approved as to form:

25

26

_____

Terence F. Traverso, Attorney for Plaintiff
WSBA #21178

_____

Date

27

28

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 14

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     IN AND FOR THE COUNTY OF SNOHOMISH

8

| 9 | SHELLEY S. HAWKINS, | № 18-2-08480-31 |
|---|---|---|
| 10 | Plaintiff | CONFESSION OF JUDGMENT |
| 11 | v. | AGAINST DEFENDANT EDWIN G. MIGUEL |
| 12 | A&E FACTORY SERVICE, | (Clerk's Action Required) |

9    SHELLEY S. HAWKINS,            № 18-2-08480-31

10             Plaintiff              CONFESSION OF JUDGMENT
                                       AGAINST DEFENDANT EDWIN
11             v.                      G. MIGUEL

12   A&E FACTORY SERVICE,            (Clerk's Action Required)
     L.L.C., a Delaware limited liability
13   company; SEARS HOLDINGS
     MANAGEMENT CORPORATION,
14   a foreign profit corporation;
     FATEMAH S. ALSUWAIDAN and
15   JOHN DOE ALSUWAIDAN,
     husband and wife and their marital
16   community; EDWIN G. MIGUEL
     and JANE DOE MIGUEL, husband
17   and wife and their marital
     community; and JENNI M.
18   WAKIDA and JOHN DOE
     WAKIDA, husband and wife and
19   their marital community,

20             Defendants

21   _____

22                    **JUDGMENT SUMMARY**

23       1.  Judgment Creditor:   Shelley S. Hawkins_____

24       2.  Judgment Debtor:    Edwin G. Miguel_____

25       3.  Principal Judgment Amount:  $1,500,000.00_____

26       4.  Other Interest to Date of Judgment: $___Ø_____

27       5.  Attorney Fees: $___Ø_____

28   CONFESSION OF JUDGMENT AGAINST DEFENDANT
     EDWIN G. MIGUEL - 1

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1      6.  Costs: $_____Ø_____

2      7.  Other Recovery Amounts: $_____Ø_____

3      8.  The Principal Judgment Amount shall accrue compound interest at the rate of

4  5.25% per annum, compounded annually.

5      9.  Attorney Fees, Costs and Other Recovery Amounts shall accrue compound interest

6  at the rate of 5.25% per annum, compounded annually.

7      10. Attorney for Judgment Creditor:  Terence F. Traverso (address below)

8      11. Attorney for Judgment Debtor:  N/A

9

10     THIS MATTER came on before the above-entitled court through the Settlement

11  Agreement with Assignment of Rights and Covenants between Plaintiff and Defendant Edwin

12  Miguel and the authorization of Defendant Edwin Miguel.

13                      **Authorization for Entry of Judgment**

14     The Plaintiff and Defendant Edwin Miguel have agreed upon a basis for resolution of

15  Plaintiff's claims against him in this action.  Defendant Edwin Miguel stipulates to entry of

16  judgment against him and in favor of the Plaintiff in the amount of $1,500,000.00, and

17  authorizes the Court to enter judgment against him in that amount in favor of the Plaintiff,

18  with interest to be compounded annually at the current tort judgment rate.  I, Edwin Miguel,

19  authorize entry of judgment against me in these amounts.

20     I Declare under Penalty of Perjury Under the Laws of the State of Washington That the

21  Foregoing Is True and Correct.

22

23     Dated this _____ day of _____, 2021 at _____, Washington.

24

25                                          _____
                                            Defendant Edwin G. Miguel
26

27

28
CONFESSION OF JUDGMENT AGAINST DEFENDANT
EDWIN G. MIGUEL - 2

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140ᵗʰ Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1

## **Order for Entry**

2      The above Confession of Judgment having been presented to the Court for entry in

3  accordance with RCW 4.60.070, the Court having found said Confession of Judgment to be

4  sufficient, now, therefore, it is hereby

5      ORDERED, ADJUDGED AND DECREED that Plaintiff be and hereby is granted

6  judgment against Defendant Edwin Miguel in the principal amount of $1,500,000.00 and

7  without costs or other amounts.  Post-judgment interest shall be compound and accrue

8  annually at the current tort judgment rate of 5.25%.

9

10      DATED this ___ day of _____, 2021.

11

12                                    _____

                                      JUDGE/COURT COMMISSIONER
13

14

15

16  Presented by:

17  Law Offices of Terence F. Traverso, P.S., by

18

19    _s/Terence Traverso_____
    Terence F. Traverso
20    Attorney for Plaintiff
    WSBA #21178
21

22  Copy received; approved as to form and content;
    notice of presentation waived by:
23

24  _____
25  Edwin G. Miguel, Defendant

26

27

28  CONFESSION OF JUDGMENT AGAINST DEFENDANT
    EDWIN G. MIGUEL - 3

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**