## Exhibit S

**Settlement Motion**

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SNOHOMISH COUNTY**

**SHELLEY S. HAWKINS**

Plaintiff/Petitioner(s)

vs.

**A&E FACTORY SERVICE, L.L.C., et al.**

Defendant/Respondent(s)

CASE NO.    **18-2-08480-31**

**CALENDAR NOTE: (NTC)**

**CIVIL MOTIONS – JUDGE'S CALENDAR**
Unless otherwise provided by applicable rule or statute, this form and the motion must be filed with the Clerk not less than five (5) court days preceding the date requested.

**\*\*NOTICE\*\*** Due to the Public Health Emergency and the Emergency Court Operations currently in effect, most hearings are being conducted remotely or without oral argument. For the most current information SEE THE COURT'S EMERGENCY ORDERS at https://www.snohomishcountywa.gov/5643/Emergency-Orders

See page 2 to determine where to note various matters.

| | |
|---|---|
| **A.    PRESIDING JUDGE'S CALENDAR**<br>Monday – Friday at 9:00 a.m./Department as assigned<br>• Most motions are heard without oral argument unless argument is requested by the Court<br>• Return hearings on SAPO/VAPO & ERPO are heard<br>• See page 2 for additional information and requirements | Date requested: _____<br>(mm/dd/yyyy)<br>Nature of hearing: _____<br><br>**CONFIRMATION REQUIRED**<br>www.snohomishcountywa.gov/Confirmations |
| **B.    JUDGE'S CIVIL MOTIONS CALENDAR**<br>Tuesday – Friday at 9:30 a.m./Department as assigned<br>• Heard without oral argument unless oral argument is requested by the Court<br>• See page 2 for additional information and requirements | Date requested:    **July 20, 2021 @ 9:30 A.M.**<br>(mm/dd/yyyy)<br><br>Plaintiff's Motion for Determination of Reasonableness of Settlement<br>Nature of hearing:    Agreement and For Judgment Thereon<br><br>**CONFIRMATION REQUIRED**<br>www.snohomishcountywa.gov/Confirmations |
| **C.    JUDGE'S PERSONAL CALENDAR**<br>(Special set hearings to be heard by a specific Judge)<br>• The hearing date and time must be scheduled through the Judge's law clerk<br>• See information on how to contact the law clerk on page 3 | Date requested: _____<br>(mm/dd/yyyy)<br>Nature of hearing: _____<br><br>(Confirm hearing by calling the Judge's law clerk. See information on how to contact the law clerk on page 2) |

**NOTE:** When picking a hearing date, DO NOT schedule your hearing on a court holiday. A list of court holidays can be found at http://www.snohomishcountywa.gov/354/County-Holidays

Failure to notify the Court of a continuance or strike of a confirmed matter may result in sanctions and/or terms. SCLCR 7.

**This form cannot be used for trial settings.** SCLMAR 2.1 AND SCLCR 40(b).

**CERTIFICATE OF SERVICE BY MAIL:**

I hereby certify that a copy of this document and all documents listed on page 3 were mailed to the parties listed on page 3 on:

Date (mm/dd/yyyy): _____

Printed name: _____

Noted by: _____

Name: Terence Traverso

WSBA # 21178

Attorney for: [X] Plaintiff/Petitioner  [ ] Defendant/Respondent

**FOR SELF-REPRESENTED (PRO SE) PARTIES:**

If service is required, you must also file a RETURN OF SERVICE. Failure to do so may result in your hearing not being heard.

Please check in the Law Library for more information regarding service.

Noted by: [ ] Petitioner  [ ] Respondent

(Printed name)

(Address)

(Phone number)

(Email address)

## WHERE TO NOTE VARIOUS MATTERS DURING THE CORONAVIRUS HEALTH CRISIS:

SEE THE COURT'S EMERGENCY ORDERS AT https://www.snohomishcountywa.gov/5643/Emergency-Orders for the most current information.

**COMMISSIONER CIVIL MOTIONS:** Defaults, discovery motions and enforcement thereof; supplemental proceedings; receiver actions; removal of wills; and motions to amend pleadings will be considered based on written materials submitted and without oral argument unless oral argument is requested by the Court. Residential Unlawful Detainers (not prohibited by Governor's Proclamation) will be heard remotely with oral argument unless a judicial officer indicates oral argument is not needed. See page 3 for instructions on determining whether the hearing is scheduled for oral argument, and if so, how to appear remotely through Zoom. Proposed orders shall be provided to the Court at the time working copies are submitted and in compliance with court rules.

Petitions to Restore Firearms Rights must follow the procedure outlined in the most recent Emergency Order. Only matters not agreed to by the Prosecuting Attorney's Office will be noted for a hearing.

**PRESIDING JUDGE'S MOTION CALENDAR:** Motions for trial continuance; pre-assignment; expedited trial date; and motions regarding timeliness of demand for jury trial will be considered by the Court based on materials submitted and without oral argument unless a judicial officer's law clerk contacts you and requests the parties to appear telephonically. Return hearings on Sexual Assault, Vulnerable Adult, and Extreme Risk protection orders will heard telephonically. If appearing telephonically parties must call the Civil Trial Call phone number 5 minutes before the calendar start time at 425-388-5444, enter conference ID number 7507340 when prompted, remain on the line until your matter is called. Proposed orders shall be provided to the Court by noon one (1) day prior to the hearing.

**RALJ HEARINGS:** RALJ hearings are suspended pending further court order. Ex-parte agreed orders re-setting dates or requesting assignment to a judge may be presented to the criminal hearing judge.

**JUDGE'S CIVIL MOTIONS:** Matters scheduled on this calendar will be considered by the Court based on written materials submitted and without oral argument unless oral argument is requested by the Court. See page 3 for instructions on determining whether the hearing is scheduled for oral argument, and if so, how to appear remotely through Zoom. Prior to the hearing, the law clerk will provide the parties with Zoom call in information and further direction for submitting working copies and proposed orders. All questions related to the Judge's Civil Motions calendar should be directed to the Judge's law clerk. Law clerk contact information is available online at https://www.snohomishcountywa.gov/1345/Judicial-Officers

It is recommended self-represented litigants file an updated Notice of Appearance with your most current contact information. A Notice of Appearance form can be found on the court's website at https://snohomishcountywa.gov/5523/Snohomish-County-Superior-Court-Forms

**JUDGE'S PERSONAL CALENDAR:** All matters specially set on a Judge's personal calendar must be set/confirmed/continued/ stricken through the Judge's law clerk. Adoptions, reasonableness hearings and minor settlements are specially set on the Judge's Civil Motions calendar each Monday and are confirmed through the Civil Motions Judge's law clerk. Judge's law clerk contact information is available online at https://www.snohomishcountywa.gov/1345/Judicial-Officers

**CONFIRMATION NOTES:**  Except for matters set on the Pro Se Dissolution calendar, all matters set on the Judge's Civil Motion Calendar, Presiding Judge's Motion Calendar or Court Commissioner Calendars must be confirmed prior to the hearing.  Motions for Summary Judgment set on the Judge's Civil Motions calendar must be confirmed no later than 12:00 noon three (3) court days prior to the hearing; all other motions set on the above calendars must be confirmed no later than 12:00 noon two (2) court days prior to the hearing.  During the confirmation window, confirmations are accepted for a 24 hour period beginning at 12:01 p.m. When determining your confirmation deadline, do not count weekends or court holidays. Confirmations can be made online at www.snohomishcountywa.gov/Confirmations.  Online confirmations are highly preferred as the confirmation coordinator can respond more efficiently when there are questions or concerns.  If you are unable to access the online confirmations webpage, you may call and leave a message with your name, case name, case number, hearing date and time, name of motion and calendar name at 425-388-3587.  The Coordinator will not confirm receipt of your phone message and may not be able to answer questions by phone.

Please print the names, addresses etc. of all other attorneys in this case and/or all other parties requiring notice.

| | | | |
|---|---|---|---|
| Name: | Sean Malcolm | WSBA#: | 36245 |
| Address: | Malcolm Law Firm, P.L.L.C. | Phone # | 206-659-9514  Ext. |
| | 5400 Carillon Point, Kirkland, WA 98033 | | |

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff  ☒ Respondent/Defendant
                                         Edwin Miguel
☐ Pro Se

| | | | |
|---|---|---|---|
| Name: | Fatemah Alsuwaidan, et ux | WSBA#: | |
| Address: | Last known address: | Phone # | 425-493-9500  Ext. |
| | c/o Stay Bridge Suites | | |
| | 9600 Harbor Place | | |
| | Mukilteo, Washington 98275 | | |

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff  ☒ Respondent/Defendant
☐ Pro Se

| | | | |
|---|---|---|---|
| Name: | | WSBA#: | |
| Address: | | Phone # | Ext. |

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff  ☐ Respondent/Defendant
☐ Pro Se

| | | | |
|---|---|---|---|
| Name: | | WSBA#: | |
| Address: | | Phone # | Ext. |

Attorney for: (CHECK ONE)
☐ Petitioner/Plaintiff  ☐ Respondent/Defendant
☐ Pro Se

List all documents mailed: _____

_____

_____

_____

_____

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

8

9    SHELLEY S. HAWKINS,                    № 18-2-08480-31

10        Plaintiff                        PLAINTIFF'S MOTION FOR
                                          DETERMINATION OF
11            v.                          REASONABLENESS OF
                                          SETTLEMENT AGREEMENT
12   A&E FACTORY SERVICE,                 AND FOR JUDGMENT THEREON
     L.L.C., a Delaware limited liability
13   company; SEARS HOLDINGS
     MANAGEMENT CORPORATION,
14   a foreign profit corporation;
     FATEMAH S. ALSUWAIDAN and
15   JOHN DOE ALSUWAIDAN,
     husband and wife and their marital
16   community; EDWIN G. MIGUEL
     and JANE DOE MIGUEL, husband
17   and wife and their marital
     community; and JENNI M.
18   WAKIDA and JOHN DOE
     WAKIDA, husband and wife and
19   their marital community,

20        Defendants

21

22        COMES NOW the Plaintiff and moves the court as follows:

23                    **I.  RELIEF REQUESTED**

24        Plaintiff Shelley Hawkins requests that the Court issue an order approving the

25   reasonableness of the agreed settlement entered into between Plaintiff and Defendant Edwin

26   Miguel and for entry of stipulated judgment against Defendant Edwin Miguel in that amount.

27

28   PLAINTIFF'S MOTION FOR DETERMINATION OF                    LAW OFFICES OF
     REASONABLENESS OF SETTLEMENT AGREEMENT            TERENCE F. TRAVERSO, P.S.
     AND FOR JUDGMENT THEREON - 1                      1408 140ᵗʰ Place N.E., Suite 140
                                                        Bellevue, Washington 98007
                                                   Phone: (425) 453-0115/Fax: (425) 412-4060

## II. STATEMENT OF FACTS

The Plaintiff's Complaint alleges defendants' negligence in causing motor vehicle collisions on November 16, 2016, that severely injured Plaintiff.[1] Defendant Edwin Miguel was driving a Chevrolet work van when he caused a high-speed crash on Interstate 5. *Exhibit 1, Declaration of Trooper Gavin Cohrs and Police Traffic Collision Report.* Of the remaining originally-named defendants, only Defendants Fatemah S. Alsuwaidan and John Doe Alsuwaidan and Mr. Miguel remain and all other defendants were previously dismissed.

Plaintiff was struck with such force and violence as to cause serious injury. *Exhibit 2, Complaint for Negligence, ¶ 24; Exhibit 3, Declaration of Shelley Hawkins.* The Plaintiff's injuries have caused medical expenses, pain and suffering, and other substantial special and general damages. *Id.* Plaintiff would have sought damages against Mr. Miguel in excess of $1,500,000 if the case were to proceed to trial. *Exhibit 4, Settlement Agreement with Assignment of Rights and Covenants, p. 7* ("The Settlement Agreement").

At the time of the incident, Defendant Miguel was covered under an automobile liability insurance policy issued by Ace American Insurance Company and/or Chubb Insurance. *Exhibit 1.* Plaintiff initiated this action against Mr. Miguel in September 2018. Mr. Miguel's insurer(s) had actual knowledge that Plaintiff commenced this litigation. *Exhibit 4, p. 5.* Mr. Miguel's insurer, however, despite knowledge and actual notice of the litigation, has failed to appear or defend Mr. Miguel since 2018 and, in fact, has never complied with its duty to defend and protect Mr. Miguel. *Id., pp. 5-6.*

Following negotiations, therefore, Plaintiff and Mr. Miguel entered into a Settlement Agreement, the basis of which is described in that document. *Exhibit 4.* Mr. Miguel also provides a proposed consent judgment against him in the amount of $1,500,000. *Exhibit 5, (Proposed) Confession of Judgment Against Defendant Edwin G. Miguel.* This amount is

---

[1] Plaintiff previously joined Jenni Wakida and John Doe Wakida as defendants for a separate incident occurring on January 6, 2017, but later dismissed her action against the Wakidas. That dismissed action is irrelevant to the current proceedings.

PLAINTIFF'S MOTION FOR DETERMINATION OF
REASONABLENESS OF SETTLEMENT AGREEMENT
AND FOR JUDGMENT THEREON - 2

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1405 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   based on Mr. Miguel's agreement that "as a direct and proximate result of Defendant Miguel's

2   negligence, Plaintiff suffered injuries and damages, incurred medical expenses, earnings

3   losses, interest, and past and future non-economic damages for disability, loss/diminishment of

4   the ability and capacity to enjoy life, pain, suffering, and other subjective nonmonetary losses

5   in an amount exceeding $1,500,000." *Exhibit 4, p. 7.* The injuries and their effect on Plaintiff

6   have been serious, profound, and are permanent. *Exhibit 3, Declaration of Shelley Hawkins.*

7   Mr. Miguel acknowledges that no defenses might apply to reduce these damages he caused,

8   including no contributory fault, no non-party fault, and no failure to mitigate damages. *Id., pp.*

9   *7, 11.*

10   In addition to Mr. Miguel's agreement to Plaintiff's damages, the permanent nature of

11   Plaintiff's neck, back and other injuries, and the likelihood of future medical care,

12   complications, and susceptibility of injury, are all supported in a sworn statement from one of

13   Plaintiff's doctors. *Exhibit 6, Declaration of Chris Rivera, D.C.*

14   The Settlement Agreement also includes a covenant by Plaintiff not to execute on the

15   Stipulated Judgment and personal assets of Mr. Miguel. This is substantial consideration

16   supporting the Settlement Agreement because Mr. Miguel has no other insurance coverage that

17   might indemnify him and pay an involuntary judgment, thus leaving his personal assets

18   exposed and subject to execution and liquidation. Defendant Miguel wishes to protect his

19   personal assets, credit, creditworthiness, and to avoid ongoing accrual of interest and the filing

20   of a bankruptcy due to an involuntary judgment entered against him. *Id.* Such concerns also

21   support this motion, and they are more specifically identified in the Settlement Agreement:

22   The purposes of, and the consideration for, this Settlement
     Agreement include but are not limited to the following: (a) to provide for
23   a settlement with prompt payment of the applicable insurance proceeds
     and other sums to Plaintiff for legal damages she sustained and other
24   sums; (b) to protect Defendant Miguel's personal savings, property,
     assets, credit, credit worthiness, and reputation; (c) to protect Defendant
25   Miguel from judgment in favor of Plaintiff such as for ongoing accruing
     interest; (d) to afford protection to Defendant Miguel from having to
26   make payments and execution on a Judgment against him; and (e) to
     minimize the costs, delays, stress, and uncertainties of continued and

27

28   PLAINTIFF'S MOTION FOR DETERMINATION OF
     REASONABLENESS OF SETTLEMENT AGREEMENT
     AND FOR JUDGMENT THEREON - 3

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    future litigation and collection proceedings to Defendant Miguel, his
     financial interests, and to Plaintiff.

2
     *Exhibit 4, p. 8.*
3
                          **III.  STATEMENT OF ISSUES**
4
         Whether the amount of $1,500,000.00 provided by the Settlement Agreement and
5
     Consent Judgment entered into between Plaintiff and Defendant Miguel is reasonable and
6
     whether the Court should enter Judgment against said Defendant.
7
                          **IV.  EVIDENCE RELIED UPON**
8
         Declaration of Plaintiff's Counsel in support of this motion.
9
             1.    Declaration of Trooper Gavin Cohrs and Police Traffic Collision
10
                   Report.
11
             2.    Complaint for Negligence.
12
             3.    Declaration of Shelley Hawkins.
13
             4.    Settlement Agreement with Assignment of Rights and Covenants.
14
             5.    (Proposed) Confession of Judgment Against Defendant Edwin G.
15
                   Miguel.
16
             6.    Declaration of Chris Rivera, D.C.
17
                              **V. AUTHORITY**
18
     **A.    Washington Law Concerning the Reasonableness of Covenant Judgments.**
19
         RCW 4.22.060 provides for a reasonableness hearing in certain circumstances, as
20
     follows:
21
                 **RCW 4.22.060**
22               **Effect of settlement agreement.**

23                   (1) A party prior to entering into a release, covenant not to sue,
                 covenant not to enforce judgment, or similar agreement with a claimant
24               shall give five days' written notice of such intent to all other parties and
                 the court.  The court may for good cause authorize a shorter notice period.
25               The notice shall contain a copy of the proposed agreement.  A hearing
                 shall be held on the issue of the reasonableness of the amount to be paid
26               with all parties afforded an opportunity to present evidence.  A
                 determination by the court that the amount to be paid is reasonable must
27

28   PLAINTIFF'S  MOTION  FOR  DETERMINATION  OF                    **LAW OFFICES OF**
     REASONABLENESS OF SETTLEMENT AGREEMENT                **TERENCE F. TRAVERSO, P.S.**
     AND FOR JUDGMENT THEREON - 4                              1408 140th Place N.E., Suite 140
                                                                 Bellevue, Washington 98007
                                                           Phone: (425) 453-0115/Fax: (425) 412-4060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

be secured.  If an agreement was entered into prior to the filing of the
action, a hearing on the issue of the reasonableness of the amount paid at
the time it was entered into may be held at any time prior to final
judgment upon motion of a party.
          The burden of proof regarding the reasonableness of the
settlement offer shall be on the party requesting the settlement.
          (2) A release, covenant not to sue, covenant not to enforce
judgment, or similar agreement entered into by a claimant and a person
liable discharges that person from all liability for contribution, but it does
not discharge any other persons liable upon the same claim unless it so
provides. However, the claim of the releasing person against other
persons is reduced by the amount paid pursuant to the agreement unless
the amount paid was unreasonable at the time of the agreement in which
case the claim shall be reduced by an amount determined by the court to
be reasonable.
          (3) A determination that the amount paid for a release, covenant
not to sue, covenant not to enforce judgment, or similar agreement was
unreasonable shall not affect the validity of the agreement between the
released and releasing persons nor shall any adjustment be made in the
amount paid between the parties to the agreement.

RCW 4.22.060.  Reasonableness determinations under RCW 4.22.060 are equitable

proceedings without a jury trial right. *Bird v. Best Plumbing,* 175 Wn.2d 756, 287 P.3d 551

(2012)*; Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 159-61, 795 P.2d 1143 (1990).

          Washington courts have held on several occasions that when an insurer, as here, failed

to defend, fails to settle in bad faith, or denies coverage to its insured, the insured may take

reasonable steps to protect himself from a judgment entered against him by entering into a

stipulated judgment and assigning all of his policy rights to the plaintiff in exchange for a

covenant by the plaintiff not to execute the judgment against his personal assets. *Besel v.

Viking Insurance Company*, 146 Wn.2d 730, 49 P.3d 887 (2002); *Evans v. Continental

Casualty Company*, 40 Wn.2d 614, 245 P.2d 470 (1952). *See Truck Ins. Exch. v. VanPort

Homes, Inc.*, 147 Wn.2d 751, 765-66, 58 P.3d 276 (2002) ("We therefore hold that when an

insurer wrongfully refuses to defend, it has voluntarily forfeited its ability to protect itself

against an unfavorable settlement, unless the settlement is the product of fraud or collusion. To

hold otherwise would provide an incentive to an insurer to breach its policy.").

          Washington courts have identified various factors to determine whether such a

covenant judgment (and what is sometimes called a "*Besel* agreement") is reasonable.  In

PLAINTIFF'S  MOTION  FOR  DETERMINATION  OF
REASONABLENESS OF SETTLEMENT AGREEMENT
AND FOR JUDGMENT THEREON - 5

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   *Chaussee v. Maryland Casualty Company*, 60 Wn. App. 504, 803 P.2d 1339 (1991), the

2   Washington Court of Appeals (Division I) adopted the factors approved by the Supreme Court

3   in *Glover v. Tacoma General Hospital*, 98 Wn.2d 708, 717, 658 P.2d 1230 (1983), which

4   identified the factors for determining whether a settlement is reasonable in the context of the

5   contribution provisions of RCW 4.22 et seq.  The *Chaussee* court stated as follows:

6           We believe the factors identified by the Supreme Court in *Glover* would
        logically apply to a determination that settlement was reasonable in the
7       context of a failure to settle claim.  We see little difference between a
        determination of reasonableness in the context of the contribution statute
8       and the present claim.  In both settings similar concerns exist regarding
        the impact of a settlement on other parties and the risk of fraud or
9       collusion.  Because the *Glover* factors address these concerns and will
        likely result in a fair resolution, we hold that these factors should be
10      weighed in determining a reasonable settlement in an action for bad faith.
        A court, using the *Glover* factors, can suitably determine whether a
11      consent judgment is reasonable.

12  *Chaussee*, 60 Wn. App. at 512.  There are nine *Glover* factors the trial court must consider to

13  determine if a settlement is reasonable:

14          (1) [T]he releasing party's damages; (2) the merits of the releasing party's
        liability theory; (3) the merits of the released party's defense theory; (4)
15      the released party's relative fault; (5) the risks and expenses of continued
        litigation; (6) the released party's ability to pay; (7) any evidence of bad
16      faith, collusion, or fraud; (8) the extent of the releasing party's
        investigation and preparation; and (9) the interests of the parties not being
17      released.

18  *Mut. of Enumclaw Ins. Co. v. T & G Constr., Inc.*, 165 Wn.2d 255, 264, 199 P.3d 376 (2008).

19  "No one factor controls and the trial court has the discretion to weigh each case individually."

20  *Chaussee v. Maryland, Cas. Co.*, 60 Wn.App. 504, 512, 803 P.2d 1339, 812 P.2d 487 (1991).

21  **B.      Analysis of the *Glover* Factors.**

22          **1.      Plaintiff's damages.**

23          The Plaintiff sustained significant injuries.  She received a concussion and was found

24  in the E.R. after the crash to have a Glasgow Coma Score of 15, indicating a mild brain injury.

25  *Exhibit 3, Declaration of Shelley Hawkins*, ¶ 2.  After a head CT scan and she reached stable

26  condition, doctors released her from the hospital.  *Id.*  She has continued to have symptoms of

27

28  PLAINTIFF'S MOTION FOR DETERMINATION OF
    REASONABLENESS OF SETTLEMENT AGREEMENT
    AND FOR JUDGMENT THEREON - 6

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   a traumatic brain injury, however, to the present day, which are permanent. *Id.*, ¶ 3.

2   Settlements and jury verdicts of mTBI cases in our area where the plaintiff is fault-free are

3   often in the $1,000,000 to $5,000,000 range. *Declaration of Plaintiff's Counsel.* Plaintiff had

4   additional injuries. The collision also caused her substantial neck and back injuries. *Exhibit 3,*

5   *Declaration of Shelley Hawkins*, ¶ 3.

6          Plaintiff's injuries are continuing and permanent, according to the Declaration of one

7   of her doctors. Dr. Rivera also points to the likelihood of future medical care, complications,

8   and susceptibility to further injury. Plaintiff has summarized in her Declaration the

9   continuing, deleterious effects of her injuries on her life, lifestyle, job, and relationships. As a

10  54-year-old woman, the published insurance tables used in jury trials of this state provide an

11  average life expectancy of another 29.63 years during which Plaintiff will endure these harms.[2]

12         Regarding economic damages, her past income losses alone amount to $125,880 as of

13  May 2019. *Id.*, ¶ 5. Past medical expenses of another $23,137.32, identified in Exhibit 6,

14  were reasonable, necessary and solely caused and related to this collision. Dr. Rivera

15  discussed the need for additional medical care in the future. *Exhibit 6.*

16         Both Plaintiff and Mr. Miguel acknowledge the scope and extent of the damages

17  caused and agree the documentation submitted to the Court conclusively establish that

18  Plaintiff's cumulative damages are likely in excess of $1,500,000.

19         **2.      The merits of plaintiff's liability theory.**

20         Mr. Miguel admits to liability and admits Plaintiff was not a cause of the collision or

21  her own harm. The attached police officer declaration and report further attest to these facts.

22  There is no dispute as to Mr. Miguel's liability. Plaintiff's liability theory against him is

23  undisputed and supported by substantial evidence. Further, to the extent any other entity was

24  at fault, Mr. Miguel is fully liable for that entity's proportionate share of Plaintiff's damages

25

26         [2] The link to the Washington Office of the Insurance Commissioner's life expectancy table is:
    *https://www.insurance.wa.gov/sites/default/files/2017-07/single-life-based-on-2010-us-population-mortality-life-exp*
27  *ectancy-tables-1a-through-1h.pdf*

28  PLAINTIFF'S MOTION FOR DETERMINATION OF
    REASONABLENESS OF SETTLEMENT AGREEMENT
    AND FOR JUDGMENT THEREON - 7

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    under principles of joint and several liability.  *See* RCW 4.22.070(1)(b) (where a plaintiff is

2    fault-free, liability of all defendants against whom judgment is entered shall be joint).

3        **3.    The merits of any defense theory.**

4        Mr. Miguel acknowledges that there are no defense theories asserted, including none

5    involving liability or Plaintiff's damages, nor could any plausibly apply.  *Exhibit 4, Settlement*

6    *Agreement with Assignment of Rights and Covenants, pp. 7, 11.*

7        **4.    Absence of comparative fault.**

8        There is no evidence whatsoever of any comparative fault on the part of the Plaintiff.

9    *Exhibits 1, 4.*  This was a rear-end collision of Plaintiff's car while she was lawfully stopped.

10   Mr. Miguel acknowledges Plaintiff is fault-free.  *Exhibit 4, p. 7.*

11       **5.    The risks and expenses of continued litigation.**

12       The primary risks to Mr. Miguel if the litigation continued would be personal liability,

13   a potential verdict exceeding the agreed judgment amount, and being forced into potential

14   bankruptcy and other adverse financial consequences.  Without this resolution today, Mr.

15   Miguel would also have the specter and stress of an uncertain outcome at trial and how he

16   would pay it.

17       Both Plaintiff and Mr. Miguel also wish to avoid the expense of future trial costs,

18   which could be significant.

19       **6.    Defendant Miguel's ability to pay.**

20       Mr. Miguel has made it clear he does not have any significant assets to satisfy a

21   judgment obtained against him.  Consequently, Plaintiff has agreed, in exchange for the

22   stipulated judgment and assignment of Mr. Miguel's rights against his insurer, not to execute

23   against any personal assets he may have.

24       **7.    Evidence of bad faith, collusion or fraud.**

25       Plaintiff submits that the Settlement Agreement has been negotiated in good faith and

26   with the parties represented by competent counsel.  There is no evidence of bad faith, collusion

27

28   PLAINTIFF'S MOTION FOR DETERMINATION OF
     REASONABLENESS OF SETTLEMENT AGREEMENT
     AND FOR JUDGMENT THEREON - 8

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

<br/>

1  or fraud on the part of Mr. Miguel or Plaintiff.  The agreement is fair and entirely within the

2  ambit our supreme court described in *Besel* and other cases for insureds protecting themselves

3  when their insurer fails to defend them.  Mr. Miguel has been placed in a difficult position by

4  what both he and Plaintiff consider to be his insurer's bad faith refusal to defend this litigation

5  and indemnify him.  Consequently, the Settlement Agreement is in the best interests of both

6  parties.

7        **8.**      **Extent of plaintiff's investigation and preparation of the case.**

8        Plaintiff's counsel has spent almost five years investigating and almost three years

9  litigating the claims alleged in this litigation and pursuing necessary procedural matters on

10  Plaintiff's behalf, as the court file demonstrates.  If necessary, the case would be ready for trial,

11  but Plaintiff's counsel submits that the proposed Settlement Agreement is reasonable and in

12  the interests of all parties.

13        **9.**      **Interests of parties not released.**

14        The only remaining party who has not been dismissed is Defendant Alsuwaidan, who

15  at the time of this motion hearing is in default.  Defendant Alsuwaidan, however, cannot be

16  located and Plaintiff's counsel believes Defendant Alsuwaidan has permanently left the United

17  States and it is unknown in which country she resides.   Defendant Miguel is thus the only

18  defendant effectively remaining in the litigation and approval of the reasonableness of the

19  Settlement Agreement will conclusively terminate this litigation against Defendants Miguel

20  and Alsuwaidan.

21        **10.**    **Attached proposed Settlement Agreement.**

22        A copy of the parties' Settlement Agreement is attached as Exhibit 4.

23  **C.**    **Agreed Accrual of Interest.**

24        The Settlement Agreement properly provides for accrual of interest at the statutory rate

25  of 12% per annum for written contracts, compounded annually:

26          It is agreed between the undersigned that interest on the unpaid amounts
           of this judgment described above in Paragraph B shall accrue compound

27

28  PLAINTIFF'S MOTION FOR DETERMINATION OF REASONABLENESS OF SETTLEMENT AGREEMENT AND FOR JUDGMENT THEREON - 9

1    interest at the rate of 12% per annum, compounded annually, pursuant to
     RCW 4.56.110(1).

2

3    *Exhibit 4., p. 10. See Miller v. Kenny*, 180 Wn. App. 772, 325 P.3d 278 (2014)

4    (acknowledging that a delay in the determination or entry of judgments may be of benefit to a

5    defendant but detrimental to the plaintiff; no error in parties to a covenant judgment agreeing

6    to the 12% rate of interest provided by RCW 4.56.110(1), compounded annually).

7    **D.    Notice to Other Parties and Insurer**.

8        Defendant Alsuwaidan is the only other named defendant who, at the time of this

9    motion, has not been dismissed.  There are no other parties, therefore, other than Defendants

10   Alsuwaidan and Miguel.  Notwithstanding the fact Defendant Alsuwaidan is in default,

11   Plaintiff mailed notice of this motion to her last known address on July 6, 2021.  *See*

12   *(Subjoined) Certificate of Service.*

13       By its clear terms, the reasonable hearing statute requires notice only to "*parties*," not

14   non-parties.  RCW 4.22.060(1).  Therefore, the statute does not require notice to non-party

15   insurance companies.  In any event, our courts have held that notice of a proposed settlement is

16   not required to insurers that have declined the duty to defend, as here.  *See Nautilus v.*

17   *Transamerica*, 13 Wn. App. 345 (1975) (insured party not required to give insurer notice of a

18   proposed settlement after the insurer refused to defend the action upon which the settlement is

19   based); *see also* Harris, WASHINGTON INSURANCE LAW, §16.02 (2020) ("The Supreme Court

20   has also impliedly recognized that no such notice is required.  *Tank v. State Farm Fire & Cas.*

21   *Co.*, 105 Wn.2d 381, 389, 715 P.2d 1133 (1986)").

22                    **VI.  CONCLUSION**

23       Based upon the foregoing, Plaintiff respectfully submits that, upon an evaluation of the

24   factors identified in *Chaussee* and *Glover*, the proposed Settlement Agreement is reasonable

25   and is in the interests of the parties.  Plaintiff thus requests that the Court issue an order

26   approving the reasonableness of the Settlement Agreement and enter the Judgment thereon

27

28   PLAINTIFF'S  MOTION  FOR  DETERMINATION  OF
     REASONABLENESS OF SETTLEMENT AGREEMENT
     AND FOR JUDGMENT THEREON - 10

                              **LAW OFFICES OF**
                         **TERENCE F. TRAVERSO, P.S.**
                         1408 140th Place N.E., Suite 140
                              Bellevue, Washington 98007
                    Phone: (425) 453-0115/Fax: (425) 412-4060

1   against Defendant Miguel in the stipulated amount of $1,500,000.

2

3

4              RESPECTFULLY SUBMITTED this 6th day of July, 2021.

5                                          Law Offices of Terence F. Traverso, P.S., by

6

7

8                                          Terence F. Traverso
                                           WSBA #21178
9                                          Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF'S MOTION FOR DETERMINATION OF                    **LAW OFFICES OF**
     REASONABLENESS OF SETTLEMENT AGREEMENT           **TERENCE F. TRAVERSO, P.S.**
     AND FOR JUDGMENT THEREON - 11                    1408 140th Place N.E., Suite 140
                                                      Bellevue, Washington 98007
                                                      Phone: (425) 453-0115/Fax: (425) 412-4060

1

## CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY under penalty of perjury that on the 6th day of July, 2021, I sent
for delivery a true and correct copy of Calendar Note, Plaintiff's Motion for Determination of

3    Reasonableness of Settlement Agreement and for Judgment Thereon, Declaration of Terence
Traverso in Support of Plaintiff's Motion for Determination of Reasonableness of Settlement

4    Agreement and for Judgment Thereon with supporting documents, and Proposed Order by the
method(s) indicated below, and addressed to the following:

5

6    Defendants Fatemah S. Alsuwaidan and          [X]  U.S. Mail, postage pre-paid
John Doe Alsuwaidan                             [   ]  Legal Messenger
7    c/o Stay Bridge Suites                          [   ]  E-mail
9600 Harbor Place                               [   ]  Hand delivery
8    Mukilteo, Washington 98275                      [   ]  Express delivery
[   ]  Facsimile
9

10

11

12                                          Donna Ziegler

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    PLAINTIFF'S MOTION FOR DETERMINATION OF                    **LAW OFFICES OF**
REASONABLENESS OF SETTLEMENT AGREEMENT             **TERENCE F. TRAVERSO, P.S.**
AND FOR JUDGMENT THEREON - 12                           1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8    IN AND FOR THE COUNTY OF SNOHOMISH

9    SHELLEY S. HAWKINS,                    № 18-2-08480-31

10        Plaintiff                        DECLARATION OF TERENCE
                                           TRAVERSO IN SUPPORT OF
11            v.                           PLAINTIFF'S MOTION FOR
                                           DETERMINATION OF
12   A&E FACTORY SERVICE,                  REASONABLENESS OF
     L.L.C., a Delaware limited liability  SETTLEMENT AGREEMENT
13   company; SEARS HOLDINGS               AND FOR JUDGMENT THEREON
     MANAGEMENT CORPORATION,
14   a foreign profit corporation;
     FATEMAH S. ALSUWAIDAN and
15   JOHN DOE ALSUWAIDAN,
     husband and wife and their marital
16   community; EDWIN G. MIGUEL
     and JANE DOE MIGUEL, husband
17   and wife and their marital
     community; and JENNI M.
18   WAKIDA and JOHN DOE
     WAKIDA, husband and wife and
19   their marital community,

20        Defendants

21

22   I, Terence Traverso, declare as follows:

23       1.     I am the Plaintiff's attorney.  I have personal knowledge of the matters

24   contained herein and I am competent to testify thereto.

25       2.     I have read Plaintiff's Motion for Determination of Reasonableness of

26   Settlement Agreement and for Judgment Thereon and its statements and assertions are true to

27

28   DECLARATION OF TERENCE TRAVERSO IN           **LAW OFFICES OF**
     SUPPORT OF PLAINTIFF'S MOTION FOR        **TERENCE F. TRAVERSO, P.S.**
     DETERMINATION OF REASONABLENESS OF       1408 140ᵗʰ Place N.E., Suite 140
     SETTLEMENT AGREEMENT AND FOR JUDGMENT         Bellevue, Washington 98007
     THEREON - 1                           Phone: (425) 453-0115/Fax: (425) 412-4060

1 | the best of my knowledge.

2 |      3.     Attached to my Declaration is a true and correct copy of the exhibits listed in
3 | the Motion.

4 |      4.     I have been in practice as a licensed attorney since 1991. From 1991-1993, I
5 | had a general civil practice that included various types of litigation and personal injury claims.
6 | Since 1994, my practice has been limited to handling personal injury and personal injury
7 | litigation cases, including wrongful death, medical malpractice cases, traumatic brain injury,
8 | and insurance "bad faith" cases, and the trials of such cases. In 2017, I and my co-counsel
9 | obtained a $131,000,000 verdict for a personal injury client, in what is believed to be the
10 | highest individual jury verdict in Washington history.

11 |      5.     Settlements and jury verdicts of mild traumatic brain injury cases in our area
12 | where the plaintiff is fault-free are often in the $1,000,000 to $5,000,000 range.

13 |      6.     It is my opinion that the agreed settlement of $1,500,000 between the Plaintiff
14 | and Defendant Miguel is reasonable under the *Chausee* and *Glover* factors.

15 |

16 |      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.
17 |

18 |      DATED this 6th day of July, 2021, at Bellevue, Washington.

19 |

20 |

21 | Terence F. Traverso

22 |

23 |

24 |

25 |

26 |

27 |

28 | DECLARATION OF TERENCE TRAVERSO IN SUPPORT OF PLAINTIFF'S MOTION FOR DETERMINATION OF REASONABLENESS OF SETTLEMENT AGREEMENT AND FOR JUDGMENT THEREON - 2

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

# EXHIBIT 1

STATE OF WASHINGTON
**POLICE TRAFFIC COLLISION REPORT**   1591971

REPORT NO. **E614691**   0 7

CASE #

| | | |
|---|---|---|
| INTERSTATE ✓ | CITY STREET | FIRE RELATED |
| STATE ROUTE | OTHER | STOLEN VEHICLE |
| COUNTY RD | PRIVATE WAY | HIT & RUN INVOLVED |

LOCAL AGENCY CODING

TRIBAL RESERVATION

TOTAL # OF UNITS **3**   OBJECT STRUCK

DATE OF COLLISION: M M **11** D D **16** Y Y Y Y **2016**   TIME (2400) **1515**   COUNTY # **31**   MILES   N ☐ E ☐ IN ✓ / S ☐ W ☐ OF ☐   CITY # **0715**

ON (PRIMARY TRAFFIC WAY) **I 5**   INTERSECTION ☐   NON-INTERSECTION ✓   BLOCK NO. ☐   MILE POST ✓   **181** | **00**   0 1

DISTANCE **0** | **20**   MILES ✓ N ✓ E ☐ / FEET ☐ S ☐ W ☐   OF (REFERENCE OR CROSS STREET) **I 5**

**UNIT 01**   MOTOR VEHICLE ✓   PEDAL-CYCLE ☐   DAMAGE THRESHOLD MET YES ✓ NO ☐   PHONE **(646) 463-1266**   0 1

LAST NAME **ALSUWAIDAN**   FIRST NAME **FATEMAH**   MIDDLE INITIAL **S**

STREET NEW ADDRESS

CITY   ST   ZIP   1 2

CDL   RESTRICTIONS   ENDORSEMENTS

DRIVER'S LICENSE #   STATE   SEX **F**   D.O.B. MM/DD/YYYY **4** - **7** - **1985**   1 2

ON DUTY ☐   STATUS   AIRBAG **2**   RESTR. **4**   EJECT **1**   HELMET USE   INJURY CLASS **1**   NATURE OF INJURIES

LICENSE PLATE # **BAK2146**   STATE **WA**   VIN# **2FMPK4J82GBB74127**

TRAILER PLATE #   STATE   TRAILER PLATE #   STATE

VEH. YEAR **2016**   MAKE **FORD**   MODEL **EDGE**   STYLE **UT**   VEHICLE TOWED YES ✓ NO ☐   TOWED BY   GOVT VEHICLE YES ☐ NO ☐   5 1

REGISTERED OWNER INFO. **HOLDING CORP, P**   VEHICLE NO. 1 SHADE IN DAMAGED AREA

LIABILITY INSURANCE IN EFFECT ✓   INSURANCE CO & POLICY # **P.V. HOLDING CORP SELF INSURED S.I.84**   5 1

VEHICLE DAMAGE LOW/HIGH YES ☐ NO ☐   CITATION # **621116115**   CHARGE **FOLLOWING TOO CLOSE**

**UNIT 02**   MOTOR VEHICLE ✓   PEDAL-CYCLE ☐   PEDESTRIAN ☐   PROPERTY OWNER ☐   DAMAGE THRESHOLD MET YES ✓ NO ☐   PHONE **(253) 376-6590**   4

LAST NAME **MIGUEL**   FIRST NAME **EDWIN**   MIDDLE INITIAL **G**

STREET NEW ADDRESS **16101 BOTH EVER HWY  C101**

CITY **MILL CREEK**   ST **WA**   ZIP **980120000**

CDL   RESTRICTIONS   ENDORSEMENTS **L**

DRIVER'S LICENSE # **MIGUEEG288NB**   STATE **WA**   SEX **M**   D.O.B. MM/DD/YYYY **8** - **2** - **1972**

ON DUTY ☐   STATUS   AIRBAG **2**   RESTR. **4**   EJECT **1**   HELMET USE   INJURY CLASS **1**   NATURE OF INJURIES

LICENSE PLATE # **B89630X**   STATE **WA**   VIN# **1GCSGAFX2D1166602**

TRAILER PLATE #   STATE   TRAILER PLATE #   STATE   1

VEH. YEAR **2013**   MAKE **CHEV**   MODEL **G1500**   STYLE **CG**   VEHICLE TOWED YES ☐ NO ☐   TOWED BY   GOVT VEHICLE YES ☐ NO ✓   1

REGISTERED OWNER INFO. **MANAGEMENT LSE, SEARS**   VEHICLE NO. 2 SHADE IN DAMAGED AREA

LIABILITY INSURANCE IN EFFECT ✓   INSURANCE CO & POLICY # **ACE AMERICAN INS ISAH09044188**

VEHICLE DAMAGE LOW/HIGH YES ☐ NO ☐   CITATION # **621116116**   CHARGE **FOLLOWING TOO CLOSE**

OFFICER'S NAME (PRINT) **COHRS, GAVIN**   BADGE OR ID # **583**   AGENCY **WASHINGTON STATE PATROL**

PART **A** 3000-345-155 H (7/00)   PAGE 01 OF **5**

STATE OF WASHINGTON
POLICE TRAFFIC
COLLISION REPORT

1591072

CASE #

REPORT NO. **E614691**

## ADDITIONAL PERSONS INVOLVED (PASSENGERS AND/OR WITNESSES ONLY)

NAME
(LAST, FIRST, MIDDLE INITIAL)  AL-HAMAD, RAKAN S

ADDRESS & PHONE #
(425) 737-4311

| | | | | | | | | | | | | | SEX | M | D.O.B. MM/DD/YYYY | 9 | - | 19 | - | 1974 | NATURE OF INJURIES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

PASSENGER ☑ WITNESS ☐ UNIT # 1 | SEAT POS. 3 | AIRBAG 2 | RESTR. 4 | EJECT 1 | HELMET USE | INJURY CLASS 1

NAME
(LAST, FIRST, MIDDLE INITIAL)

ADDRESS & PHONE #

| | | | | | SEX | D.O.B. MM/DD/YYYY | - | - | NATURE OF INJURIES |
|---|---|---|---|---|---|---|---|---|---|

PASSENGER ☐ WITNESS ☐ UNIT # | SEAT POS. | AIRBAG | RESTR. | EJECT | HELMET USE | INJURY CLASS

NAME
(LAST, FIRST, MIDDLE INITIAL)

ADDRESS & PHONE #

| | | | | | SEX | D.O.B. MM/DD/YYYY | - | - | NATURE OF INJURIES |
|---|---|---|---|---|---|---|---|---|---|

PASSENGER ☐ WITNESS ☐ UNIT # | SEAT POS. | AIRBAG | RESTR. | EJECT | HELMET USE | INJURY CLASS

## DIAGRAM

INDICATE NORTH BY ARROW

Please see subsequent diagram page

## NARRATIVE

Please see subsequent narrative page(s)

I CERTIFY (DECLARE) UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT. (RCW 9A.72.085)

GAVIN COHRS
INVESTIGATING OFFICER'S SIGNATURE

12/2/2016
DATED

UNIT OR DIST. DET

PLACE SIGNED

APPROVED BY  Mosley, Lisa 204

DATE

BADGE OR ID # 583 | ORI # WAWSP0715 | TIME POLICE DISPATCHED 3:18 PM | TIME POLICE ARRIVED 3:25 PM

**PART B** 3000-040-169 R (1/03)

PAGE 2 OF 5

**SUPPLEMENTAL POLICE TRAFFIC COLLISION REPORT**

013197

CASE #

REPORT NO. **E614691**

1 8 27

| COMMERCIAL MOTOR CARRIER | | | | | INTERSTATE | INTRASTATE | |
|---|---|---|---|---|---|---|---|
| UNIT # | USDOT | | ICO # | | VEHICLE TYPE | CARGO BODY TYPE | |
| CARRIER NAME | | | | | | | |
| CARRIER ADDRESS | | | | | | | |
| CITY | | | | ST | ZIP | | |
| NAME SOURCE | # AXLES | GWR | | PLACARD | + | NAME IF NO NUMBER | |

ADDITIONAL UNITS

| UNIT # | 3 | MOTOR VEHICLE ✓ | PEDAL-CYCLE ☐ | PEDESTRIAN ☐ | PROPERTY OWNER ☐ | DAMAGE THRESHOLD MET YES ✓ NO | PHONE (425) 293-2520 |
|---|---|---|---|---|---|---|---|

| LAST NAME | HAWKINS | | FIRST NAME | SHELLEY | | MIDDLE INITIAL | S |
|---|---|---|---|---|---|---|---|

| STREET HWY ADDRESS | 22221 32ND AVE SE |
|---|---|

| CITY | BOTHELL | | ST | WA | ZIP | 980213540 |
|---|---|---|---|---|---|---|

| CDL | | RESTRICTIONS | B | | ENDORSEMENTS | |
|---|---|---|---|---|---|---|

| DRIVER'S LICENSE # | HAWKISS336BH | STATE | WA | SEX | F | D.O.B. MM/DD/YYYY | 1 | - | 8 | - | 1967 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| ON DUTY ☐ | STATUS | AIRBAG | 2 | RESTR. | 4 | EJECT | 1 | HELMET USE | INJURY CLASS | 7 | NATURE OF INJURIES HEADACHE |
|---|---|---|---|---|---|---|---|---|---|---|---|

| LICENSE PLATE # | AWH6448 | STATE | WA | VIN | JTHBW1GG5D2035304 |
|---|---|---|---|---|---|

| TRAILER PLATE # | | STATE | | TRAILER PLATE # | | STATE |
|---|---|---|---|---|---|---|

| VEH. YEAR | 2013 | MAKE | LEXS | MODEL | ES300H | STYLE | 4D | VEHICLE TOWED YES ☐ NO ✓ | TOWED BY | | GOVT VEHICLE YES ☐ NO ✓ |
|---|---|---|---|---|---|---|---|---|---|---|---|

REGISTERED OWNER INFO. HAWKINS, SHELLEY

| LIABILITY INSURANCE IN EFFECT ✓ | INSURANCE CO & POLICY # | STATE FARM 3802339-A18-47B | | | | SHADE IN DAMAGED AREA |
|---|---|---|---|---|---|---|
| VEHICLE IMPOUNDING YES ☐ NO ☐ | CITATION # | | CHARGE | | | |

| UNIT # | | MOTOR VEHICLE ☐ | PEDAL-CYCLE ☐ | PEDESTRIAN ☐ | PROPERTY OWNER ☐ | DAMAGE THRESHOLD MET YES ☐ NO | PHONE |
|---|---|---|---|---|---|---|---|

| LAST NAME | | | FIRST NAME | | | MIDDLE INITIAL | |
|---|---|---|---|---|---|---|---|

| STREET HWY ADDRESS | |
|---|---|

| CITY | | | ST | | ZIP | |
|---|---|---|---|---|---|---|

| CDL | | RESTRICTIONS | | | ENDORSEMENTS | |
|---|---|---|---|---|---|---|

| DRIVER'S LICENSE # | | STATE | | SEX | | D.O.B. MM/DD/YYYY | |
|---|---|---|---|---|---|---|---|

| ON DUTY ☐ | STATUS | AIRBAG | | RESTR. | | EJECT | | HELMET USE | INJURY CLASS | | NATURE OF INJURIES |
|---|---|---|---|---|---|---|---|---|---|---|---|

| LICENSE PLATE # | | STATE | | VIN | |
|---|---|---|---|---|---|

| TRAILER PLATE # | | STATE | | TRAILER PLATE # | | STATE |
|---|---|---|---|---|---|---|

| VEH. YEAR | | MAKE | | MODEL | | STYLE | | VEHICLE TOWED YES ☐ NO ☐ | TOWED BY | | GOVT VEHICLE YES ☐ NO ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|

REGISTERED OWNER INFO.

| LIABILITY INSURANCE IN EFFECT ☐ | INSURANCE CO & POLICY # | | | | | GRADE IN DAMAGED AREA |
|---|---|---|---|---|---|---|
| VEHICLE IMPOUNDING YES ☐ NO ☐ | CITATION # | | CHARGE | | | |

I CERTIFY (DECLARE) UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT. (RCW 9A.72.085)

| GAVIN COHRS | | 12/2/2016 | | |
|---|---|---|---|---|
| INVESTIGATING OFFICER'S SIGNATURE | UNIT OR DIST DET | DATED: | | PLACE SIGNED |

| BADGE OR ID # | 583 | ORI # | WAWSP0715 | APPROVED BY Mosley | DATE | PAGE | 3 | OF | 5 |
|---|---|---|---|---|---|---|---|---|---|

2000-345-013 R (7/03)

Report Number: E614691

## Narrative

VEHICLE #3 WAS SLOWING FOR TRAFFIC IN LANE #2.  VEHICLE #1 WAS BEHIND VEHICLE #3.
VEHICLE #1 COULD NOT STOP IN TIME, STRIKING THE REAR OF VEHICLE #3.  VEHICLE #2
WAS BEHIND VEHICLE #1. VEHICLE #2 COULD NOT STOP IN TIME, STRIKING THE REAR OF
VEHICLE #1. THIS CAUSED A SECONDARY  IMPACT SENDING VEHICLE #1 INTO THE REAR OF
VEHICLE #3.

**Report Number:** E614691



HOV LANE ⇒

LANE 4 ⇒

LANE 3 ⇒

LANE 2 ⇒

LANE 1 ⇒

NORTHBOUND I-5 AT MILEPOST 181

# EXHIBIT 2



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

SHELLEY S. HAWKINS,

Plaintiff

v.

A&E FACTORY SERVICE,
L.L.C., a Delaware limited liability
company; SEARS HOLDINGS
MANAGEMENT CORPORATION,
a foreign profit corporation;
FATEMAH S. ALSUWAIDAN and
JOHN DOE ALSUWAIDAN,
husband and wife and their marital
community; EDWIN G. MIGUEL
and JANE DOE MIGUEL, husband
and wife and their marital
community; and JENNI M.
WAKIDA and JOHN DOE
WAKIDA, husband and wife and
their marital community,

Defendants

№  18-2-08480-31

COMPLAINT FOR NEGLIGENCE

COMES NOW the Plaintiff, through counsel, for causes of action against the

Defendants, and alleges as follows:

I. JURISDICTION

1.   This lawsuit arises out of multiple motor vehicle collisions. All events alleged

herein occurred within the limits of Snohomish County, Washington.

COMPLAINT FOR NEGLIGENCE - 1

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

## II. PARTIES AND VENUE

2.      The Plaintiff is a resident of Snohomish County, Washington.

3.      Upon information and belief, Defendant Fatemah Alsuwaidan was a driver licensed in the State of Washington at all times material hereto.

4.      Upon information and belief, Defendants Fatemah Alsuwaidan and John Doe Alsuwaidan, are believed to be husband and wife and reside, and at all times material hereto have resided, in King County, Washington.  The true name of John Doe Alsuwaidan is unknown to the Plaintiff at this time.  All acts and omissions alleged herein were on behalf of said defendants' marital community.

5.      Upon information and belief, Defendant Edwin G. Miguel was a driver licensed in the State of Washington at all times material hereto.

6.      Upon information and belief, Defendant Edwin G. Miguel resides, and at all times material hereto has resided, in Snohomish County, Washington.

7.      Upon information and belief, Defendant A&E Factory Service, L.L.C. is, and at all times material hereto was, a Delaware corporation doing business in the State of Washington as A&E Factory Service, L.L.C.

8.      Upon information and belief, Defendant Sears Holdings Management LSE is, and at all times material hereto was, a foreign profit corporation doing business in the State of Washington as Sears Holdings Management Corporation.

9.      Upon information and belief, Defendant Jenni M. Wakida was a driver licensed in the State of Washington at all times material hereto.

10.     Upon information and belief, Defendants Jenni M. Wakida and John Doe Wakida, are believed to be husband and wife and reside, and at all times material hereto have resided, in Snohomish County, Washington.  The true name of John Doe Wakida is unknown to the Plaintiff at this time.  All acts and omissions alleged herein were on behalf of said defendants' marital community.

COMPLAINT FOR NEGLIGENCE – 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    11.    Jurisdiction and venue are proper in this Court.

2    III. NOVEMBER 16, 2016, MOTOR VEHICLE COLLISION

3    12.    On November 16, 2016, at the hour of approximately 3:15 p.m., Plaintiff

4    Shelley Hawkins was operating her vehicle in Lynnwood, Washington.

5    13.    At or about this time, Defendant Fatemah Alsuwaidan was driving a vehicle

6    owned by and registered to PV Holding Corporation d/b/a/ Budget Rent A Car System, Inc.

7    14.    At or about this time, Defendant Fatemah Alsuwaidan caused the vehicle she

8    was operating to crash into the vehicle operated by the Plaintiff.

9    15.    Defendant Fatemah Alsuwaidan was negligent in operating her vehicle and her

10    negligence caused the incident described above.

11    16.    At or about this time, Defendant Edwin Miguel was driving a vehicle owned by

12    and registered to Sears Holdings Management LSE.

13    17.    At all times material hereto, Defendant Edwin Miguel was an employee of

14    Defendant A&E Factory Service, L.L.C. and/or Defendant Sears Holding Management LSE

15    and was operating the vehicle while acting within the scope of his employment and/or

16    authority for or on behalf of Defendant A&E Factory Service, L.L.C. and/or Defendant Sears

17    Holding Management LSE as their employee and/or agent.

18    18.    After the above-described collision caused by Defendant Fatemah Alsuwaidan,

19    Defendant Edwin Miguel caused the vehicle he was operating to crash into the Defendant

20    Fatemah Alsuwaidan vehicle, causing Defendant Fatemah Alsuwaidan's vehicle to crash a

21    second time into the Plaintiff's vehicle.

22    19.    Defendant Edwin Miguel and Defendant Fatemah Alsuwaidan were negligent

23    in operating their vehicles and their negligence caused the incident described in the foregoing

24    paragraph.

25    IV. JANUARY 6, 2017, MOTOR VEHICLE COLLISION

26    20.    On January 6, 2017, at the hour of approximately 12:05 p.m., Plaintiff Shelley

27

28    COMPLAINT FOR NEGLIGENCE - 3

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  Hawkins was operating her vehicle in Everett, Washington.

2      21.    At or about this time, Defendant Jenni Wakida was driving a vehicle owned by

3  and registered to herself.

4      22.    At or about this time, Defendant Jenni Wakida caused her vehicle to crash into

5  the vehicle operated by the Plaintiff.

6      23.    Defendant Jenni Wakida was negligent in operating her vehicle and her

7  negligence caused the incident described above.

8                          V. CLAIMS OR CAUSES OF ACTION

9      24.    As a result of all defendants' negligence, the Plaintiff was struck with such

10  force and violence as to cause serious injury. The Plaintiff's injuries have caused medical

11  expenses, pain and suffering, and other special and general damages.

12      25.    One or more of the defendants attributes the cause of some or all of the

13  Plaintiff's alleged damages to other defendants herein.

14                              VI. DEMAND FOR RELIEF

15      The Plaintiff requests that judgment be entered against the Defendants, jointly and

16  severally, as follows:

17      1.    Awarding special damages for expenses, medical costs, and other losses in an

18  amount to be proven at the time of trial;

19      2.    Awarding general damages for pain, suffering, loss of enjoyment of life and

20  other losses in an amount to be proven at the time of trial;

21      3.    Awarding costs incurred in this action including reasonable attorney's fees; and

22      4.    Awarding any further relief that this Court may deem just and proper.

23

24

25

26

27

28  COMPLAINT FOR NEGLIGENCE - 4

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    DATED this 18th day of September, 2018.

2                                    Law Offices of Terence F. Traverso, P.S., by

3

4

5                                    Terence F. Traverso
                                     WSBA #21178
6                                    Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   COMPLAINT FOR NEGLIGENCE - 5

                                                        LAW OFFICES OF
                                              TERENCE F. TRAVERSO, P.S.
                                                1408 140ᵗʰ Place N.E., Suite 140
                                                   Bellevue, Washington 98007
                                          Phone: (425) 453-0115/Fax: (425) 412-4060

# EXHIBIT 3

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

8

| 9   SHELLEY S. HAWKINS, | № 18-2-08480-31 |
|---|---|
| 10   Plaintiff | DECLARATION OF PLAINTIFF SHELLEY HAWKINS |
| 11   v. | |
| 12   A&E FACTORY SERVICE, L.L.C., a Delaware limited liability company; SEARS HOLDINGS MANAGEMENT CORPORATION, a foreign profit corporation; FATEMAH S. ALSUWAIDAN and JOHN DOE ALSUWAIDAN, husband and wife and their marital community; EDWIN G. MIGUEL and JANE DOE MIGUEL, husband and wife and their marital community; and JENNI M. WAKIDA and JOHN DOE WAKIDA, husband and wife and their marital community, | |
| 20   Defendants | |

21

22    I, Shelley Hawkins, make this Declaration based upon personal knowledge and I am

23    competent to testify hereto.

24    1.    Before this November 16, 2016 car crash, I was a very active adult who loved

25    the outdoors and socializing with my friends and family. For example, I had just purchased a

26    high-performance road bike so I could join my husband cycling. We also hiked often

27    throughout the Pacific Northwest. We enjoyed that time as a family. I also had a passion for

28    DECLARATION OF SHELLEY HAWKINS - 1

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    paddle boarding which was relaxing and provided a great core and upper body workout.  The

2    friends I socialized with are also active nature lovers and we spent a lot of time outdoors.  I

3    also loved gardening, planting flowers.  As the mother of a handicapped adult son, I was able

4    to dress and bathe him when he stayed overnight at home.  I am also a licensed real estate

5    broker.  That is my occupation.  Among other tasks, it requires tremendous time driving to

6    meet clients and show properties.  Before the collision, I was able to spend the required time in

7    my car driving.  As a real estate agent, my success is based on my ability to be mobile, get to

8    my clients, and once in their company, present myself as a happy, cheerful professional.

9        2.    All that changed after I was struck from behind in this collision caused by Mr.

10    Miguel.  It was a significant impact.  I did not act negligently or cause the collision in any way.

11    Immediately after it occurred, I was disoriented, in shock, and unable to speak clearly when I

12    called 911.  I believe I sustained a concussion, which I understand is considered by doctors to

13    be a type of brain injury and brain damage.  This is a very serious injury.  I called my husband

14    and he arrived at the scene and I told him that my head was really hurting so he took me to the

15    E.R.  Hospital personnel found me to have a Glasgow Coma Score (GCS) of 15.  A true and

16    correct copy of my E.R. record showing my GCS of 15 following the collision is attached to

17    my declaration as Exhibit A.  According to the Centers for Disease Control, a GCS of 15

18    equates to a mild traumatic brain injury, confirming my own suspicions of a concussion.  A

19    true and correct copy of the CDC's document reflecting this fact is attached to my declaration

20    as Exhibit B and may also be found at the following web link:

21    https://www.cdc.gov/masstrauma/resources/gcs.pdf.  The doctor ordered a CT scan of my

22    brain.  The hospital later discharged me in stable condition.

23        3.    I still suffer from known effects of a TBI, however, such as problems with

24    cognitive functioning, mood changes, and anxiety, which are probably permanent.  In addition

25    to my head injury, the collision also caused neck and back injuries.  The list of spinal injury

26    diagnoses I received include the following:

27

28    DECLARATION OF SHELLEY HAWKINS - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1          Cervicalgia.
         Lumbago with sciatica.
2          Subluxation of cervical vertebrae.
         Subluxation of thoracic vertebrae.
3          Subluxation of lumbar vertebrae.
         Segmental and somatic dysfunction of upper extremity.
4          Sprain of sacroiliac joint.

5 I received extensive medical testing and treatment for those injuries. My back continues to

6 cause me pain and limitations, which are permanent according to my doctor. Also, my back

7 pain has doubled since the date of the collision. The pain is debilitating and has slowed down

8 my life significantly. As examples, it is extremely difficult to do household chores and I have

9 to pay for a house cleaner to do the work I am unable to perform. I am unable to do what used

10 to be simple chores, like bending over to put laundry in the dryer and bend over to feed my

11 dog. I am unable to kneel and do yard work or gardening.

12        4.      I am a fighter and do not give up easily. I have tried to get better and resume

13 my pre-collision life, but I just can't. I try to exercise and keep my strength, but unfortunately,

14 the pain is often unbearable. I am now 54 years of age and I feel like my body has aged 30

15 years due to my injuries. I have an understanding husband but over time, it has affected our

16 marriage and my ability to be intimate. My mornings are slow and I am tenuous because of

17 the pain. My nights are restless, uncomfortable and very difficult to turn in bed. When I wake

18 in the morning I am stiff, sore resulting in difficulty getting dressed. My adult son with

19 cerebral palsy is unable to care for himself and unable to perform daily hygiene tasks. I have

20 provide care for him for the past 30 years, but now, my inability to help him with his daily

21 needs has limited his ability to come and visit with his family.

22        5.      As a real estate broker, I am required to drive daily and this collision has

23 affected me psychologically as well as physically. I now permanently suffer from driving

24 phobia and anxiety. I am fearful and anxious when driving and traveling on the highway. In

25 fact, I rely on my husband to drive me whenever he is available. My back pain is at its worse

26 while seated, which makes the daily driving required of my job to be torturous. I am only

27

28 DECLARATION OF SHELLEY HAWKINS - 3

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   comfortable in a seated position for about three minutes.  In addition, the other portion of my

2   work involves being in front of a computer which makes focusing through the pain difficult.

3   Financially, I reasonably estimate that my inability to perform my job duties has caused past

4   income loss of $125,880 as of May 2019, based on my documented 1099 income.  Attached to

5   my declaration as Exhibit C are true and correct copies of my 2016 and 2017 IRS Form 1099s.

6   I am very concerned about those effects and the impairment on my future earnings, which I

7   had not considered or calculated back in May 2019.

8       6.      At this time, I am unable to do many of the things I enjoy with the people I

9   love.  I am unable to do many physical activities for recreation and home responsibilities.  I am

10  unable to fully care for my handicapped son.  My professional productivity of the job I loved

11  has been impacted.  My relationships with my husband, daughter, and son are strained because

12  I am in constant pain and take my frustrations out on them.  My social life has diminished to

13  almost nothing and it takes a lot of energy to go do anything.  To look back where I was and

14  where my life is physically now, it is very difficult because I have had to accept this now as the

15  norm.  I try to keep it positive, to push forward one day at a time with these injuries that were

16  unnaturally thrust into my life.

17      7.      The non-economic harms I've sustained are much worse than I envisioned in

18  May 2019.  Back then I was still hopeful that my injuries from the crash and their effects

19  would not be as significant going forward and that my pain, suffering, and loss of enjoyment

20  of life would improve more in time.  After another two years-plus since then of no

21  improvement, however, I know now they will not get better or meaningfully improve.  Also,

22  my driving phobia and anxiety have not improved either, along with my TBI.  I am very

23  concerned about the effects on my life, my safety, my relationships, and the rest of my life.  I

24  still have a lot of life left in which I will be forced to deal with my injuries and their significant

25  future economic and non-economic impacts.  These include permanent and/or partial

26  disabilities, pain, suffering, discomfort, inconvenience, and damages for the diminishment/loss

27

28  DECLARATION OF SHELLEY HAWKINS – 4

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   of ability and capacity to enjoy life and its pleasures, and all other subjective nonmonetary

2   losses. I am also aware of my attorney's track record in making substantial recoveries in other

3   personal injury cases exceeding a million dollars, including a recent state-record $131,000,000

4   jury verdict.

5       8.      For all reasons, the amount of agreed, total, past and future damages of

6   $1,500,000 reached with Mr. Miguel is fair and reasonable. I understand Mr. Miguel wishes

7   through our settlement to avoid a higher verdict amount and judgment being entered against

8   him, which he has no ability to pay, execution against his personal assets, and filing a

9   bankruptcy. I also wish these things. This settlement with him was reached in good faith

10  given the foregoing interests, and in light of the risks to him of continuing to trial and his

11  insurer's failure to defend or protect him. There has been no collusion or fraud in reaching it.

12  I ask that the Court approve this reasonable settlement amount.

13

14      I declare under penalty of perjury under the laws of the State of Washington that the

15  foregoing is true and correct to the best of my knowledge.

16

17      DATED this 2 day of July, 2021 at _Bothell_____, Washington.

18

19      Shelley Hawkins

20

21

22

23

24

25

26

27

28  DECLARATION OF SHELLEY HAWKINS - 5

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

# EXHIBIT 4

1

2

3

4

5

6

7          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                   IN AND FOR THE COUNTY OF SNOHOMISH
8

| | |
|---|---|
| 9 SHELLEY S. HAWKINS, | № 18-2-08480-31 |
| 10 Plaintiff | SETTLEMENT AGREEMENT |
| 11 v. | WITH ASSIGNMENT OF RIGHTS AND COVENANTS |
| 12 A&E FACTORY SERVICE, L.L.C., a Delaware limited liability | |
| 13 company; SEARS HOLDINGS MANAGEMENT CORPORATION, | |
| 14 a foreign profit corporation; FATEMAH S. ALSUWAIDAN and | |
| 15 JOHN DOE ALSUWAIDAN, husband and wife and their marital | |
| 16 community; EDWIN G. MIGUEL and JANE DOE MIGUEL, husband | |
| 17 and wife and their marital community; and JENNI M. | |
| 18 WAKIDA and JOHN DOE WAKIDA, husband and wife and | |
| 19 their marital community, | |
| 20 Defendants | |

21

## I. PARTIES

22

23          The parties to this agreement are Plaintiff Shelley Hawkins and Defendant Edwin G.

24   Miguel ("Defendant Miguel"). The parties do hereby enter into the following Settlement

25   Agreement with Assignments of Rights and Covenants (herein referred to as "Settlement

26   Agreement").

27

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 1

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

## II. RECITATIONS

1.    **Claim Description.**

This lawsuit herein arose from a car crash occurring on November 16, 2016 (herein referred to sometimes as "the collision"). On November 16, 2016, Defendant Edwin G. Miguel caused the vehicle he was driving to strike another vehicle. This collision resulted in substantial injuries and significant damages to Plaintiff Shelley Hawkins.

2.    **The Insurer's Violations of the Duty of Good Faith and Fair Dealing Owed to Mr. Miguel, Its Unreasonable Denial of the Payment of Benefits, and Other Violations.**

a.    Law

The Washington Insurance Fair Conduct Act (IFCA) provides as follows:

> An insurer engaged in the business of insurance may not unreasonably deny a claim for coverage or payment of benefits to any first party claimant. "First party claimant" has the same meaning as in RCW 48.30.015.

RCW 48.30.010.

Courts generally hold that an insurer may violate IFCA by failing to pay benefits or by making an unreasonably low settlement offer. *Morella v. Safeco Insurance Co.*, No. C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013); *Reverse Now VII, LLC v. Oregon Mutual Ins. Co.*, No. C16-209-MJP, 2018 WL 646880, at *4 (W.D. Wash. Jan. 30, 2018). Reasonableness of an insurer's conduct is judged against the backdrop of what it knew or should have known at the time. *Reverse Now*, 2018 WL 646880, at *4; *Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1108 (W.D. Wash. 2017). "Offering or paying a settlement that is not based on a reasoned evaluation of what the insurer knew or should have known at the time about the insured's claim is an unreasonable denial of coverage under the IFCA." *Wichser v. Safeco Ins. Co.*, No. C15-738 RAJ, 2016 WL 6878906, at *4 (W.D. Wash. Nov. 22, 2016).

Insurers in Washington also owe insureds a duty of good faith and fair dealing, and an insurer's breach of this duty is a tort. *Defendant Ins. Co. of Am. v. Butler*, 823 P.2d 499, 503

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  (Wash. 1992); *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash.

2  2008).  An insurer's duty of good faith applies to claims involving either first-party insurance

3  or third-party insurance.  *See, e.g., St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d

4  122, 130, 196 P.3d 664, 668 (2008).  A denial of coverage is done in bad faith if it is

5  unreasonable, frivolous, or unfounded.  *Overton v. Consolidated Ins. Co.*, 38 P.3d 322, 329-30

6  (Wash. 2002).  The duty of good faith also requires an insurance company to give equal

7  consideration to its own interests and the interests of its insured.  *Ellwein v. Hartford Accident*

8  *& Indem. Co.*, 15 P.3d 640, 646 (Wash. 2001), *overruled in part on other grounds, Smith v.*

9  *Defendant Ins. Co.*, 78 P.3d 1274, 1278 (Wash. 2003).  An insurer has an affirmative duty to

10  make a good faith attempt to settle within the insured's limits of liability.  *Hamilton v. State*

11  *Farm*, 83 Wn.2d 787, 523 P.2d 193 (1974).  An insurer is liable for damages resulting from a

12  failure to settle within policy limits if that failure is attributable to either bad faith or

13  negligence.  *Tyler v. Grange Ins. Ass'n*, 3 Wn. App. 167, 473 P.2d 193 (1970).  Negligence in

14  investigation which leads to a mistake in failing to settle constitutes a breach of the insurer's

15  duty to its insured.  *Id.*

16  "The flat refusal to negotiate, under circumstances of substantial exposure to liability, a

17  demonstrated receptive climate for settlement, and limited insurance coverage may show lack

18  of good faith as well."  *Hamilton v. State Farm*, 83 Wn.2d 787, 794, 523 P.2d 193 (1974),

19  *citing Tyler v. Grange Ins. Ass'n*, 3 Wash.App. 167, 179, 473 P.2d 193 (1970).

20  Single violations of WAC 284-30-330 are a breach of the duty of good faith and fair

21  dealing as a matter of law.  *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 58 P.3d

22  276 (2002); *Leingang v. Pierce Co. Med. Bureau*, 131 Wn.2d 133, 151, 930 P.2d 288 (1997);

23  WPI 320.06.  WAC 284-30-330 includes the following "unfair insurance claims practices":

24  **WAC 284-30-330 Specific unfair claims settlement practices defined.**

25

26  The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS - 3

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    of claims: . . .

2    . . .

3    (2) Failing to acknowledge and act reasonably promptly upon
     communications with respect to claims arising under insurance
4    policies.

5    (3) Failing to adopt and implement reasonable standards for the
     prompt investigation of claims arising under insurance policies.
6

7    (4) Refusing to pay claims without conducting a reasonable
     investigation.

8    . . .

9    (6) Not attempting in good faith to effectuate prompt, fair and
     equitable settlements of claims in which liability has become
10   reasonably clear. . .

11   (7) Compelling insureds to institute or submit to litigation,
     arbitration, or appraisal to recover amounts due under an
12   insurance policy by offering substantially less than the amounts
     ultimately recovered in such actions or proceedings.
13

14   (8) Attempting to settle a claim for less than the amount to
     which a reasonable [person] would have believed he [or she]
     was entitled by reference to written or printed advertising
15   material accompanying or made part of an application.

16   . . .

     WAC 284-30-330.
17

18        "We have long recognized if an insurer acts in bad faith by refusing to effect a

19   settlement for a small sum, an insured can recover from the insurer the amount of a judgment

20   rendered against the insured, even if the judgment exceeds contractual policy limits." *Besel v.*

21   *Viking Ins. Co. of Wisconsin*, 146 Wash.2d 730, 49 P. 3d 887 (2002), *citing Evans v. Cont'l*

22   *Cas. Co.*, 40 Wash.2d 614, 245 P.2d 470 (1952).

23        **b.    Facts**

24        Defendant Miguel is an insured covered for liability under a policy or policies issued

25   by Ace American Insurance Company, Ace Limited, Chubb, and/or other insurer(s) (herein

26   collectively referred to sometimes as "the insurer"). This Settlement Agreement applies to any

27   and all liability insurers who did or might provide coverage to Defendant Miguel arising from

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 4

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    the collision.

2        Plaintiff, through her attorney, went to great lengths to give notice to Defendant

3    Miguel's insurer of her negligence claim for damages and to provide an opportunity to settle

4    the claim fully by agreement and without litigation against Defendant Miguel. For example,

5    before initiating this lawsuit, Plaintiff sent several letters and e-mails to the insurer through its

6    hired claims representatives, and also left multiple voice messages for the claims

7    representative about resolving the claim. Plaintiff's correspondence included detailed letters

8    to the insurer requesting that the insurer resolve the case by agreement and without a lawsuit.

9    These settlement-attempt letters were supported by the usual documents that are customarily

10    accepted in the business of liability insurance claims as adequate to evaluate and settle injury

11    claims. These documents included medical records, medical bills, medical reports, federal

12    income tax records, and other bills or receipts. Despite Plaintiff's efforts to reach an agreed

13    settlement with Defendant's insurer without litigation, the insurer ignored Plaintiff, did not

14    respond to any of her efforts to settle the claim by September 19, 2018, as requested, did not

15    attempt to settle the claim by that date, and did not attempt to prevent litigation against

16    Defendant Miguel.

17        The insurer knew or reasonably should have known that its failure to respond to

18    Plaintiff and her attempts to settle the claim would result in litigation against Defendant

19    Miguel. In fact, as an actual and proximate cause of its failure to respond and attempt

20    settlement, the insurer forced Plaintiff to commence litigation against Defendant Miguel on or

21    about September 19, 2018.

22        The insurer had actual knowledge that Plaintiff commenced litigation against

23    Defendant Miguel. The insurer also knew or reasonably should have known that litigation

24    against Defendant Miguel would cause him stress, frustration, fear, mental suffering,

25    embarrassment, effect on credit, a Judgment entered against him personally, and/or other

26    harms. Despite this knowledge of actual harm it would cause Defendant Miguel, the insurer

27

28    SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
      RIGHTS AND COVENANTS - 5

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  chose not to defend Defendant Miguel in the litigation. The insurer rejected and refused a

2  tender of defense of the lawsuit.

3        An insurer owes a duty to defend the insured that is separate from other duties owed.

4  An insurer must defend if a claim is conceivably covered under the policy. *Woo v. Fireman's*

5  *Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007). An insurer's duty of good faith is separate

6  from an insurer's duties under the insurance policy, and an insured may maintain a bad faith

7  cause of action even if its insurer owes no duty to indemnify. *See, e.g., Coventry Associates v.*

8  *American States Ins. Co.*, 136 Wn.2d 269, 279, 961 P.2d 933, 936-937 (1998) (involving

9  first-party insurance); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132,

10  196 P.3d 664, 669 (2008) (involving third-party insurance). In this case, the insurer has failed

11  in its duties to indemnify and defend Defendant Miguel.

12        **III. ADDITIONAL RECITATIONS AND STIPULATED FINDINGS OF FACT**

13        Defendant Miguel further stipulates and agrees to the following facts:

14        1.    That service of the Summons and Complaint for Negligence herein upon

15  Defendants Edwin G. Miguel and Jane Doe Miguel, husband and wife and their marital

16  community, was properly made by personal service on October 10, 2018.

17        2.    That Defendant Miguel has substantially or fully complied with the terms of

18  the insurer's applicable insurance policy, and any noncompliance with any term (and

19  Defendant Miguel is unaware of any noncompliance) has not caused substantial prejudice to

20  the insurer.

21        3.    That no attorney has made a notice of appearance in this action on behalf of

22  Defendant Miguel or served or filed a responsive pleading to Plaintiff's Complaint.

23        4.    That the insurer has not hired an attorney on behalf of Defendant Miguel to

24  defend him in this lawsuit nor has the insurer made any effort to defend or protect Defendant

25  Miguel in this lawsuit.

26        5.    That Defendant Miguel is not a Debtor in Bankruptcy and has never been a

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 6

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  Debtor in Bankruptcy during the pendency of this lawsuit.

2      6.      That each and all of the allegations set forth in the Plaintiff's Complaint for

3  Negligence herein are true.

4      7.      That no non-party to this litigation contributed to causing the collision or to

5  causing the Plaintiff's damages identified herein.

6      8.      That Plaintiff has not failed to make reasonable efforts to mitigate her damages

7  identified herein.

8      9.      That there are no applicable defenses or avoidances to Plaintiff's claims in this

9  lawsuit, either substantive or procedure, including but not limited to subject matter

10  jurisdiction, personal jurisdiction, insufficient process or service of process, statute of

11  limitations, waiver, Plaintiff's comparative fault, or alternative causes of her damages other

12  than the collision.  Further, the right to assert any affirmative defenses to or avoidances of

13  Plaintiff's claims in this lawsuit are hereby waived.

14      10.      That Defendant Miguel's negligence caused the collision and as a direct and

15  proximate result of Defendant Miguel's negligence, Plaintiff suffered injuries and damages,

16  incurred medical expenses, earnings losses, interest, and past and future non-economic

17  damages for disability, loss/diminishment of the ability and capacity to enjoy life, pain,

18  suffering, and other subjective nonmonetary losses in an amount exceeding $1,500,000.

19              **IV.  PURPOSES OF SETTLEMENT AGREEMENT**

20          Defendant Miguel recognizes and acknowledges that judgment is being sought against

21  him in this action in an amount exceeding $1,500,000, which amount may readily be

22  determined by the nature, extent and severity of the injuries and damages suffered and accrued

23  to date by Plaintiff and into the future, as well as the history of Plaintiff's counsel of obtaining

24  large verdicts of equal or greater amounts in other cases.  Defendant Miguel further recognizes

25  and acknowledges that the insurer has not agreed to defend or indemnify him in this lawsuit,

26  and that Defendant Miguel has no other insurance coverage that might indemnify him and pay

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 7

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  for any part of the judgment Plaintiff seeks against him, whether directly or through joint and

2  several liability, thus leaving Defendant Miguel's personal assets exposed and at risk to

3  execution and collection by Plaintiff.  Defendant Miguel wishes to protect his personal assets,

4  credit, credit worthiness, and to avoid filing a bankruptcy due to a Judgment and ongoing

5  accrual of interest.

6       Defendant Miguel further acknowledges and warrants that to his knowledge, the

7  insurer has not denied coverage but has fully accepted coverage of Plaintiff's claim herein (but

8  it has not accepted the duties to pay the claim or defend) and, further, the insurer has not

9  accepted coverage or defense of Plaintiff's claim under a reservation of rights.

10       The purposes of, and the consideration for, this Settlement Agreement include but are

11  not limited to the following:  (a) to provide for a settlement with prompt payment of the

12  applicable insurance proceeds and other sums to Plaintiff for legal damages she sustained and

13  other sums; (b) to protect Defendant Miguel's personal savings, property, assets, credit, credit

14  worthiness, and reputation; (c) to protect Defendant Miguel from judgment in favor of

15  Plaintiff such as for ongoing accruing interest; (d) to afford protection to Defendant Miguel

16  from having to make payments and execution on a Judgment against him; and (e) to minimize

17  the costs, delays, stress, and uncertainties of continued and future litigation and collection

18  proceedings to Defendant Miguel, his financial interests, and to Plaintiff.

19  **V. CONSIDERATION FOR SETTLEMENT AGREEMENT**

20       The consideration for this Settlement Agreement is the mutual promises contained

21  herein.  There is adequate consideration to support this agreement.

22  **VI. TERMS AND CONDITIONS**

23       The terms and conditions of the Settlement Agreement between the parties are as

24  follows:

25       A. <u>Assignment or Execution:</u>  Defendant Miguel agrees to cooperate with and assign

26  to Plaintiff all rights, privileges, claims, causes or chose of action that he may have against his

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 8

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    insurers or affiliated companies, and their employees and agents, including but not limited to

2    Ace American Insurance Company, Ace Limited, Chubb, and any other insurer of Plaintiff's

3    claims against Defendant Miguel.  This assignment includes but is not limited to, all of

4    Defendant Miguel's privileges, protections, claims, causes or chose of actions arising out of

5    the collision, or handling of the claims or suit related thereto, as well as arising out of the

6    insurance contract, obligations, investigation, evaluation, negotiation, defense, settlement,

7    indemnification, along with any claims, cause or chose of actions for breach of the duty of

8    good faith and fair dealing, negligence, malpractice, breach of contract, fiduciary duty breach,

9    violations of the Washington Consumer Protection Act and Insurance Fair Conduct Act, and

10   punitive damages, *provided* however, that Defendant Miguel specifically reserves to himself

11   claims for damages against the insurer for his personal emotional distress, personal attorneys'

12   fees, personal damages to his credit or reputation, and other non-economic damages which

13   arise from or relate to the assigned causes of action.  To the extent any of the above causes or

14   choses of action are not assignable, then those assets are available to Plaintiff for execution.

15       B.  Determination of Judgment:  The parties agree to have the full amount of Plaintiff's

16   damages caused by the collision, and judgment for those damages, determined by stipulation

17   and approved as reasonable by the Court.  The parties agree that the reasonable value of the

18   past and future damages sustained by and justly due Plaintiff is $1,500,000 and hereby

19   stipulate to entry of judgment against Defendant Miguel in Plaintiff's favor for that principal

20   amount.  Defendant Miguel and his counsel agree to provide the Court with such evidence,

21   opinion, and support for this determination as may be appropriate at any reasonableness

22   hearing to be conducted with regard to this stipulated amount, and to execute all documents

23   necessary for entry of judgment in this amount.  Plaintiff may require as a condition to this

24   settlement that Defendant Miguel agree in any reasonableness hearing to the settlement's

25   reasonableness in his hearing pleadings and statements to the court.

26       In the event of a reasonableness hearing and the Court does not find the sum of

27

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
     RIGHTS AND COVENANTS - 9

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   $1,500,000 to be reasonable and does not find a lesser amount to be reasonable, then the

2   parties agree to use good faith efforts to reach a stipulated judgment as to the amount of

3   Plaintiff's damages, and to obtain a reasonableness finding of that amount from the Court.  If

4   the parties are unable to reach an agreement on the reasonable amount of Plaintiff's damages

5   within ten (10) days, unless extended by agreement, then the parties agree to submit that issue

6   to arbitration, without further delay or discovery, before Steven Toole, or if he is unable or

7   unwilling to serve, then before Paris Kallas.  Such sum will then be resubmitted for a

8   reasonableness finding by the Court.

9       C.  Interest Rate on Unpaid Amounts of Judgment and Personal Contribution:  It is

10   agreed between the undersigned that interest on the unpaid amounts of this judgment

11   described above in Paragraph B shall accrue compound interest at the rate of 12% per annum,

12   compounded annually, pursuant to RCW 4.56.110(1).

13       D.  Covenant Not to Execute or Enforce Judgment:  In exchange for the above

14   consideration, Plaintiff does hereby covenant not to enforce or execute upon any Judgment

15   against Defendant Miguel or his personal assets, and Plaintiff covenants to provide, upon

16   request, letters, notice or other documents requested by Defendant Miguel's creditors that all

17   assets and property are not at risk of execution, enforcement or encumbrance.  This includes

18   release of any lien on real property that may be created by law from entry of any Judgment.

19   Plaintiff agrees not to record this judgment in any land records of Defendant Miguel.

20       Notwithstanding the above paragraph, Plaintiff reserves the right to pursue any and all

21   assigned claims and remedies available to Defendant Miguel against the insurer or insurers

22   which insure or might insure Defendant Miguel for Plaintiff's claims arising out of the

23   collision.

24       E.  RCW 48.30.015 20-day Notice:

25       Defendant Miguel also assigns to Plaintiff herein his right to serve a 20-day IFCA

26   notice upon his insurer(s)s under RCW 48.30.015.  Within five (5) calendar days of a request

27

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
    RIGHTS AND COVENANTS - 10

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   by Plaintiff, however, Defendant Miguel shall properly serve a statutory 20-day IFCA notice

2   under RCW 48.30.015 that includes any language preferred by Plaintiff regarding the assigned

3   claims.

4       F.  Request for Insurer's Claim Files, Records, and Documents:

5       To the extent Plaintiff seeks to compel production of the insurer's claim files, records,

6   and other documents or files, Defendant Miguel waives any protections of such requested

7   materials that might exist between him and the insurer or the attorneys the insurer hires on the

8   grounds of insurer work product, attorney work product, attorney-client privilege, or other

9   privileges or protections, and by this reference Defendant Miguel hereby instructs the insurer

10  and the attorneys the insurer hires to release all such requested information and documents to

11  Plaintiff within 30 days of its receipt of requests for production of such information (or within

12  14 days if served with a subpoena).

13      G.  Admission of allegations in the Plaintiff's Complaint.  Defendant Miguel admits to

14  the truth of the allegations contained in Plaintiff's Complaint for Negligence and hereby

15  waives any and all available substantive and procedural affirmative defenses that he could

16  have asserted in the litigation, including but not limited to defenses regarding liability,

17  causation of damages, or the amount of damages.

18  
## VII.  INFORMATION TO BE PROVIDED AND COOPERATION IN THE PRESENTATION OF ASSIGNED CLAIMS

19

20      Upon request by Plaintiff, Defendant Miguel shall provide a declaration under oath

21  stating the details of his contacts with the insurer and employer following the collision, of

22  what the insurer advised him or failed to advise him regarding his legal liability for the

23  damages caused by the collision, and of other matters relating to the assigned claims that

24  Plaintiff may request.

25      During the pendency of the assigned claims, Defendant Miguel shall provide

26  information about the assigned claims and respond to the defenses to the assigned claims

27  raised by the insurer.  Defendant Miguel shall produce requested documents or other evidence

28  
SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 11

LAW OFFICES OF
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1  relating to assigned claims, sign and execute such other and further documents as may be

2  necessary to effectuate the purpose of this document, and keep the attorney for Plaintiff

3  advised of his current residential and employment addresses and telephone numbers.

4        Defendant Miguel shall attend any depositions requested in the assigned claims,

5  whether requested by Plaintiff's attorneys or the attorneys for the insurer.

6        Defendant Miguel shall testify truthfully about assigned claims throughout the

7  proceedings on the assigned claims, and appear at trial to testify about assigned claims if

8  requested.

9        Defendant Miguel shall make himself available at such times and places as may

10  reasonably be required in order to permit Plaintiff to pursue the claims herewith assigned.

11        If Plaintiff believes that Defendant Miguel is not complying with the terms of this

12  Settlement Agreement, Plaintiff shall give reasonable notice and an opportunity to cure to

13  Defendant Miguel.  If Defendant Miguel thereafter does not cure, the Plaintiff may submit the

14  issue to Steven Toole, or if he is unable or unwilling to serve, then before Paris Kallas or other

15  arbitrator for binding arbitration.  If binding arbitration determines that Defendant Miguel has

16  not reasonably complied with the obligations of this section, then Defendant Miguel will be

17  deemed in material breach of this agreement.

18  **VIII. WAIVER OF PRIVILEGES**

19        Defendant Miguel hereby grants to Plaintiff full access to all files and records relating

20  to the investigation, adjusting, and legal defense of Plaintiff's claim against Defendant

21  Miguel, as well as with respect to any claim Defendant Miguel has against the insurer.

22  Defendant Miguel expressly waives and grants to Plaintiff all attorney-client and work product

23  privileges he may have with respect to the investigation, adjusting, and legal defense of

24  Plaintiff's claim against him, or with respect to any claim made by Defendant Miguel in his

25  own right against the insurer.

26

27

28  SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 12

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

## IX. DISCLOSURE OF AGREEMENT TO THIRD PERSONS

This Settlement Agreement may be fully disclosed to the Court, to the insurer, and, if deemed appropriate by the Court, to any jury which shall hear and decide the assigned claims. It is the intent of the parties that the terms of the settlement be clearly set forth and subject to review.

## X. BINDING NATURE OF AGREEMENT

It is the intent of the parties to enter a binding agreement resolving the legal claims between them arising out of the collision. In the event the parties have a dispute concerning the implementation of this Settlement Agreement or an issue comes up after the execution of this agreement which the parties did not anticipate, then this agreement may be supplemented by agreement of the parties. If the parties are not able to so agree then the dispute or issue may be submitted to Steve Toole, or if he is unable or unwilling to serve, then before Paris Kallas or other arbitrator for binding arbitration, with the arbitration to determine the dispute or issue in a manner consistent with and promoting the operation of this Settlement Agreement.

## XI. SEVERABILITY

Unenforceability or invalidity of one or more clauses in this Agreement shall not have an effect on any other clause in this Agreement. If it is possible, any unenforceable or invalid clause in this Agreement shall be modified to show the original intention of the parties.

///
///
///
///
///
///
///

SETTLEMENT AGREEMENT WITH ASSIGNMENT OF
RIGHTS AND COVENANTS - 13

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1
2

SIGNATURES TO SETTLEMENT AGREEMENT
WITH ASSIGNMENT OF RIGHTS AND COVENANTS

3      EDWIN MIGUEL CERTIFIES THAT HE HAS READ THIS AGREEMENT WITH
4   THE ASSISTANCE AND ADVICE OF LEGAL COUNSEL.

5      EDWIN MIGUEL DECLARES UNDER PENALTY OF PERJURY UNDER THE
   LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING SETTLEMENT
6   AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS IS TRUE AND
   CORRECT TO THE BEST OF HIS KNOWLEDGE.

7
8
9   _____          6/23/21
   Edwin G. Miguel, Defendant                 Date

10
11                                   WOODINVILLE, WA
                                    City & state where signed

12   Approved as to form:

13
14   _____          6/23/21
   Sean Malcolm, Attorney for                  Date
15   Defendant Edwin Miguel
   WSBA #36245
16
17      SHELLEY HAWKINS DECLARES UNDER PENALTY OF PERJURY UNDER
   THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING
18   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF RIGHTS AND COVENANTS IS
   TRUE AND CORRECT TO THE BEST OF HER KNOWLEDGE.

19
20   _____          6/25/2021
   Shelley Hawkins, Plaintiff                  Date
21
22                                   Bothell, WA.
23                                  City & state where signed

Approved as to form:
24
25
26   _____          6/26/2021
   Terence F. Traverso, Attorney for Plaintiff  Date
27   WSBA #21178

28   SETTLEMENT AGREEMENT WITH ASSIGNMENT OF                LAW OFFICES OF
   RIGHTS AND COVENANTS - 14                        TERENCE F. TRAVERSO, P.S.
                                              1408 140th Place N.E., Suite 140
                                                 Bellevue, Washington 98007
                                           Phone: (425) 453-0115/Fax: (425) 412-4060

# EXHIBIT 5

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
        IN AND FOR THE COUNTY OF SNOHOMISH

8

9    SHELLEY S. HAWKINS,                  № 18-2-08480-31

10         Plaintiff                      CONFESSION OF JUDGMENT
                                          AGAINST DEFENDANT EDWIN
11         v.                             G. MIGUEL

12    A&E FACTORY SERVICE,                (Clerk's Action Required)
      L.L.C., a Delaware limited liability
13    company; SEARS HOLDINGS
      MANAGEMENT CORPORATION,
14    a foreign profit corporation;
      FATEMAH S. ALSUWAIDAN and
15    JOHN DOE ALSUWAIDAN,
      husband and wife and their marital
16    community; EDWIN G. MIGUEL
      and JANE DOE MIGUEL, husband
17    and wife and their marital
      community; and JENNI M.
18    WAKIDA and JOHN DOE
      WAKIDA, husband and wife and
19    their marital community,

20         Defendants

21

22                      **JUDGMENT SUMMARY**

23    1. Judgment Creditor:   Shelley S. Hawkins

24    2. Judgment Debtor:   Edwin G. Miguel

25    3. Principal Judgment Amount:  $1,500,000.00

26    4. Other Interest to Date of Judgment: $   Ø

27    5. Attorney Fees: $   Ø

28    CONFESSION OF JUDGMENT AGAINST DEFENDANT
      EDWIN G. MIGUEL - 1

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

6. Costs: $ _____Ø_____

7. Other Recovery Amounts: $___Ø_____

8. The Principal Judgment Amount shall accrue compound interest at the rate of 12 per annum, compounded annually.

9. Attorney Fees, Costs and Other Recovery Amounts shall accrue compound interest at the rate of 12% per annum, compounded annually.

10. Attorney for Judgment Creditor: Terence F. Traverso (address below)

11. Attorney for Judgment Debtor: N/A

THIS MATTER came on before the above-entitled court through the Settlement Agreement with Assignment of Rights and Covenants between Plaintiff and Defendant Edwin Miguel and the authorization of Defendant Edwin Miguel.

## Authorization for Entry of Judgment

The Plaintiff and Defendant Edwin Miguel have agreed upon a basis for resolution of Plaintiff's claims against him in this action. Defendant Edwin Miguel stipulates to entry of judgment against him and in favor of the Plaintiff in the amount of $1,500,000.00, and authorizes the Court to enter judgment against him in that amount in favor of the Plaintiff, with interest to be compounded annually at 12%. I, Edwin Miguel, authorize entry of judgment against me in these amounts.

I Declare under Penalty of Perjury Under the Laws of the State of Washington That the Foregoing Is True and Correct.

Dated this _____ day of _____, 2021 at _____, Washington.

_____
Defendant Edwin G. Miguel

CONFESSION OF JUDGMENT AGAINST DEFENDANT
EDWIN G. MIGUEL - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    **Order for Entry**

2    The above Confession of Judgment having been presented to the Court for entry in

3    accordance with RCW 4.60.070, the Court having found said Confession of Judgment to be

4    sufficient, now, therefore, it is hereby

5    ORDERED, ADJUDGED AND DECREED that Plaintiff be and hereby is granted

6    judgment against Defendant Edwin Miguel in the principal amount of $1,500,000.00 and

7    without costs or other amounts. Interest shall be compound and accrue annually at the rate of

8    12%.

9

10    DATED this ____ day of _____, 2021.

11

12

13    _____
      JUDGE/COURT COMMISSIONER

14

15

16    Presented by:

17    Law Offices of Terence F. Traverso, P.S., by

18

19    _s/Terence Traverso_____
      Terence F. Traverso

20    Attorney for Plaintiff
      WSBA #21178

21

22    Copy received; approved as to form and content;
      notice of presentation waived by:

23

24

25    _____
      Edwin G. Miguel, Defendant

26

27

28    CONFESSION OF JUDGMENT AGAINST DEFENDANT
      EDWIN G. MIGUEL - 3

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

# EXHIBIT 6

1

2

3

4

5

6

7       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
              IN AND FOR THE COUNTY OF SNOHOMISH

8

9   SHELLEY S. HAWKINS,                    № 18-2-08480-31

10           Plaintiff                     DECLARATION OF CHRIS
                                           RIVERA, D.C.
11             v.

12   A&E FACTORY SERVICE, L.L.C.,
     a Delaware limited liability
13   company; SEARS HOLDINGS
     MANAGEMENT CORPORATION,
14   a foreign profit corporation;
     FATEMAH S. ALSUWAIDAN and
15   JOHN DOE ALSUWAIDAN,
     husband and wife and their marital
16   community; EDWIN G. MIGUEL
     and JANE DOE MIGUEL, husband
17   and wife and their marital
     community; and JENNI M.
18   WAKIDA and JOHN DOE
     WAKIDA, husband and wife and
19   their marital community,

20           Defendants

21

22       I, Chris Rivera, D.C., am a licensed chiropractor and make this Declaration based upon

23   personal knowledge and I am competent to testify hereto. All of my opinions expressed below

24   are made on at least a more-probable-than-not basis.

25       1.    I have provided services to Shelley Hawkins, as a result of injuries she

26   sustained in a motor vehicle accident which occurred on November 16, 2016. To date, Shelley

27   Hawkins has incurred charges totaling $17,111.32 with my office. A correct itemization of

28   DECLARATION OF CHRIS RIVERA, D.C. - 1

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    these charges is attached to my Declaration and incorporated herein by this reference.

2        2.    I have reviewed the medical charges incurred by Shelley Hawkins as a result of

3    injuries she sustained in the above-referenced motor vehicle accident, for treatment or services

4    from Evergreen Emergency Services ($760.00).  Copies of the itemizations I reviewed are

5    attached and incorporated by this reference.

6        3.    I have reviewed the medical charges incurred by Shelley Hawkins as a result of

7    injuries she sustained in the above-referenced motor vehicle accident, for treatment or services

8    from EvergreenHealth Medical Center ($5,266.00).  Copies of the itemizations I reviewed are

9    attached and incorporated by this reference.

10        4.    The medical expenses set forth above were reasonable and necessary for the

11    treatment of injuries sustained by Shelley Hawkins due to the motor vehicle collision on

12    November 16, 2016.

13        5.    It is my opinion that as direct result of the November 16, 2016 motor vehicle

14    collision Shelley Hawkins has suffered permanent injuries and will not regain the full state of

15    health enjoyed prior to the collision.

16        6.    It is my opinion that as a direct result of the  November 16, 2016 motor vehicle

17    collision Shelley Hawkins will likely require future health care for aggravation and/or

18    permanent worsening of these collision-related injuries, will suffer future pain and disability,

19    and is more susceptible to future spinal injuries.

20

21

22

23

24

25

26

27

28    DECLARATION OF CHRIS RIVERA, D.C. - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    I declare under penalty of perjury under the laws of the State of Washington that the

2    foregoing is true and correct to the best of my knowledge.

3    DATED this 23ʳᵈ day of April _____, 2019 at Mill Creek,

4    Washington.

5

6

7    Chris Rivera, D.C

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    DECLARATION OF CHRIS RIVERA, D.O. - 3

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1400 149ᵗʰ Place N.E., Suite 140
Bellevue, Washington 98007
Phone (425) 453-0116/Fax (425) 412-4000

Innovative Chiropractic
1700 132nd St SE Suite C
Mill Creek, WA 98012-5309
425-338-1555
Wednesday September 20, 2017

Patient:   Shelly Hawkins
           22221 32nd  Ave SE
           Bothell, WA 98021

Date range for search: 11/16/2016 - 09/20/2017

| Date | CPT | Description | Amount |
|------|-----|-------------|--------|
| 12/26/16 | 97124 | Massage | 70.00 |
| 11/18/16 | 99203 25 | New Patient Exam Expanded | 150.00 |
| 11/18/16 | 72050 | X-Ray Cervical 4 View | 160.00 |
| 11/18/16 | 72070 | X-Ray Thoracic 2 View | 80.00 |
| 11/18/16 | 72100 | X-Ray Lumbar 2 View | 80.00 |
| 11/21/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 11/21/16 | 98943 | Adjustment Extremity | 30.00 |
| 11/21/16 | 97110 | Therapeutic Exercises | 30.00 |
| 11/21/16 | L0625 NU | Lumbar/ Sacral  Support | 60.00 |
| 11/23/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 11/23/16 | 98943 | Adjustment Extremity | 30.00 |
| 11/23/16 | 97110 | Therapeutic Exercises | 30.00 |
| 11/23/16 | 97530 | Therapeutic Activities | 30.00 |
| 11/25/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 11/25/16 | 98943 | Adjustment Extremity | 30.00 |
| 11/25/16 | 97110 | Therapeutic Exercises | 30.00 |
| 11/25/16 | 29200 | Strapping of the Thorx | 75.00 |
| 11/28/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 11/28/16 | 98943 | Adjustment Extremity | 30.00 |
| 11/28/16 | 97110 | Therapeutic Exercises | 30.00 |
| 11/30/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 11/30/16 | 98943 | Adjustment Extremity | 30.00 |
| 11/30/16 | 97110 | Therapeutic Exercises | 30.00 |
| 11/30/16 | 97530 | Therapeutic Activities | 30.00 |
| 12/01/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/01/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/01/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/06/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/06/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/06/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/06/16 | 97530 | Therapeutic Activities | 30.00 |
| 12/07/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/07/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/07/16 | 97012 | Mechanical Traction | 30.00 |
| 12/07/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/09/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/09/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/09/16 | 97012 | Mechanical Traction | 30.00 |

Page 2  Shelly Hawkins #281

| Date | Code | Description | Amount |
|---|---|---|---|
| 12/09/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/09/16 | 29200 | Strapping of the Thorx | 75.00 |
| 12/12/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/12/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/12/16 | 97012 | Mechanical Traction | 30.00 |
| 12/12/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/14/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/14/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/14/16 | 97012 | Mechanical Traction | 30.00 |
| 12/14/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/14/16 | 97530 | Therapeutic Activities | 30.00 |
| 12/16/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/16/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/16/16 | 97012 | Mechanical Traction | 30.00 |
| 12/16/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/19/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/19/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/19/16 | 97012 | Mechanical Traction | 30.00 |
| 12/19/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/21/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/21/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/21/16 | 97012 | Mechanical Traction | 30.00 |
| 12/21/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/21/16 | 99213 25 | Established Patient Office Visit Expanded | 100.00 |
| 12/21/16 | E0855 NU | Cervical Traction Denne Roll | 60.00 |
| 12/23/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/23/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/23/16 | 97012 | Mechanical Traction | 30.00 |
| 12/23/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/29/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/29/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/29/16 | 97012 | Mechanical Traction | 30.00 |
| 12/29/16 | 97110 | Therapeutic Exercises | 30.00 |
| 12/30/16 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 12/30/16 | 98943 | Adjustment Extremity | 30.00 |
| 12/30/16 | 97012 | Mechanical Traction | 30.00 |
| 12/30/16 | 97110 | Therapeutic Exercises | 30.00 |
| 01/02/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 01/02/17 | 98943 | Adjustment Extremity | 30.00 |
| 01/02/17 | 97012 | Mechanical Traction | 30.00 |
| 01/02/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/03/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 01/03/17 | 98943 | Adjustment Extremity | 30.00 |
| 01/03/17 | 97012 | Mechanical Traction | 30.00 |
| 01/03/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/06/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 01/06/17 | 98943 | Adjustment Extremity | 30.00 |
| 01/06/17 | 97012 | Mechanical Traction | 30.00 |
| 01/06/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/06/17 | 99213 25 | Established Patient Office Visit Expanded | 100.00 |
| 01/06/17 | 72040 | X-Ray Cervical 2/3 View | 80.00 |
| 01/06/17 | 72070 | X-Ray Thoracic 2 View | 80.00 |
| 01/06/17 | 72100 | X-Ray Lumbar 2 View | 80.00 |
| 01/09/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 01/09/17 | 98943 | Adjustment Extremity | 30.00 |
| 01/09/17 | 97012 | Mechanical Traction | 30.00 |
| 01/09/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/10/17 | 98941 | Adjustment 3-4 Areas | 60.00 |

Page 3   Shelly Hawkins #281

| 01/10/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/10/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/10/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/12/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/12/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/12/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/12/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/16/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/16/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/16/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/16/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/18/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/18/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/18/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/18/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/23/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/23/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/23/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/23/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/24/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/24/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/24/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/24/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/27/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/27/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/27/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/27/17 | 97110 | Therapeutic Exercises | 30.00 |
| 01/31/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 01/31/17 | 98943 | Adjustment Extremity  | 30.00 |
| 01/31/17 | 97012 | Mechanical Traction   | 30.00 |
| 01/31/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/02/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/02/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/02/17 | 97012 | Mechanical Traction   | 30.00 |
| 02/02/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/06/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/06/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/06/17 | 97012 | Mechanical Traction   | 30.00 |
| 02/06/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/07/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/07/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/07/17 | 97012 | Mechanical Traction   | 30.00 |
| 02/07/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/08/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/08/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/08/17 | 97012 | Mechanical Traction   | 30.00 |
| 02/08/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/09/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/09/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/09/17 | 97012 | Mechanical Traction   | 30.00 |
| 02/09/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/13/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/13/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/13/17 | 97012 | Mechanical Traction   | 30.00 |
| 02/13/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/15/17 | 98941 | Adjustment 3-4 Areas  | 60.00 |
| 02/15/17 | 98943 | Adjustment Extremity  | 30.00 |
| 02/15/17 | 97012 | Mechanical Traction   | 30.00 |

Page 4   Shelly Hawkins #281

| Date | Code | Description | Amount |
|------|------|-------------|--------|
| 02/15/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/16/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 02/16/17 | 98943 | Adjustment Extremity | 30.00 |
| 02/16/17 | 97012 | Mechanical Traction | 30.00 |
| 02/16/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/16/17 | 99213 25 | Established Patient Office Visit Expanded | 100.00 |
| 02/16/17 | 72050 | X-Ray Cervical 4 View | 160.00 |
| 02/16/17 | 72070 | X-Ray Thoracic 2 View | 80.00 |
| 02/16/17 | 72100 | X-Ray Lumbar 2 View | 80.00 |
| 02/17/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 02/17/17 | 98943 | Adjustment Extremity | 30.00 |
| 02/17/17 | 97012 | Mechanical Traction | 30.00 |
| 02/17/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/20/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 02/20/17 | 98943 | Adjustment Extremity | 30.00 |
| 02/20/17 | 97012 | Mechanical Traction | 30.00 |
| 02/20/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/23/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 02/23/17 | 98943 | Adjustment Extremity | 30.00 |
| 02/23/17 | 97012 | Mechanical Traction | 30.00 |
| 02/23/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/24/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 02/24/17 | 98943 | Adjustment Extremity | 30.00 |
| 02/24/17 | 97012 | Mechanical Traction | 30.00 |
| 02/24/17 | 97110 | Therapeutic Exercises | 30.00 |
| 02/28/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 02/28/17 | 98943 | Adjustment Extremity | 30.00 |
| 02/28/17 | 97012 | Mechanical Traction | 30.00 |
| 02/28/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/02/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/02/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/02/17 | 97012 | Mechanical Traction | 30.00 |
| 03/02/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/06/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/06/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/06/17 | 97012 | Mechanical Traction | 30.00 |
| 03/06/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/10/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/10/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/10/17 | 97012 | Mechanical Traction | 30.00 |
| 03/10/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/13/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/13/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/13/17 | 97012 | Mechanical Traction | 30.00 |
| 03/13/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/15/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/15/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/15/17 | 97012 | Mechanical Traction | 30.00 |
| 03/15/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/16/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/16/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/16/17 | 97012 | Mechanical Traction | 30.00 |
| 03/16/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/23/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/23/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/23/17 | 97012 | Mechanical Traction | 30.00 |
| 03/23/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/27/17 | 98941 | Adjustment 3-4 Areas | 60.00 |

Page 5   Shelly Hawkins #281

| | | | |
|---|---|---|---|
| 03/27/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/27/17 | 97012 | Mechanical Traction | 30.00 |
| 03/27/17 | 97110 | Therapeutic Exercises | 30.00 |
| 03/29/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 03/29/17 | 98943 | Adjustment Extremity | 30.00 |
| 03/29/17 | 97012 | Mechanical Traction | 30.00 |
| 03/29/17 | 97110 | Therapeutic Exercises | 30.00 |
| 04/06/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 04/06/17 | 98943 | Adjustment Extremity | 30.00 |
| 04/06/17 | 97012 | Mechanical Traction | 30.00 |
| 04/06/17 | 97110 | Therapeutic Exercises | 30.00 |
| 04/10/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 04/10/17 | 98943 | Adjustment Extremity | 30.00 |
| 04/10/17 | 97012 | Mechanical Traction | 30.00 |
| 04/10/17 | 97110 | Therapeutic Exercises | 30.00 |
| 04/12/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 04/12/17 | 98943 | Adjustment Extremity | 30.00 |
| 04/17/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 04/17/17 | 98943 | Adjustment Extremity | 30.00 |
| 04/19/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 04/19/17 | 98943 | Adjustment Extremity | 30.00 |
| 04/24/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 04/24/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/04/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 05/04/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/04/17 | 97012 | Mechanical Traction | 30.00 |
| 05/04/17 | 97110 | Therapeutic Exercises | 30.00 |
| 05/12/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 05/12/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/12/17 | 97012 | Mechanical Traction | 30.00 |
| 05/12/17 | 97110 | Therapeutic Exercises | 30.00 |
| 05/17/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 05/17/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/17/17 | 97012 | Mechanical Traction | 30.00 |
| 05/17/17 | 97110 | Therapeutic Exercises | 30.00 |
| 05/24/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 05/24/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/24/17 | 97012 | Mechanical Traction | 30.00 |
| 05/24/17 | 97110 | Therapeutic Exercises | 30.00 |
| 05/25/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 05/25/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/25/17 | 97012 | Mechanical Traction | 30.00 |
| 05/25/17 | 97110 | Therapeutic Exercises | 30.00 |
| 05/31/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 05/31/17 | 98943 | Adjustment Extremity | 30.00 |
| 05/31/17 | 97012 | Mechanical Traction | 30.00 |
| 05/31/17 | 97110 | Therapeutic Exercises | 30.00 |
| 06/02/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 06/02/17 | 98943 | Adjustment Extremity | 30.00 |
| 06/02/17 | 97012 | Mechanical Traction | 30.00 |
| 06/02/17 | 97110 | Therapeutic Exercises | 30.00 |
| 06/05/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 06/05/17 | 98943 | Adjustment Extremity | 30.00 |
| 06/05/17 | 97012 | Mechanical Traction | 30.00 |
| 06/05/17 | 97110 | Therapeutic Exercises | 30.00 |
| 06/06/17 | 98941 | Adjustment 3-4 Areas | 60.00 |
| 06/06/17 | 98943 | Adjustment Extremity | 30.00 |
| 06/06/17 | 97012 | Mechanical Traction | 30.00 |

Page 6   Shelly Hawkins #281

| 06/06/17 | 97110 | | Therapeutic Exercises | 30.00 |
|---|---|---|---|---|
| 06/06/17 | 99213 | 25 | Established Patient Office Visit Expanded | 100.00 |
| 06/13/17 | 98941 | | Adjustment 3-4 Areas | 60.00 |
| 06/13/17 | 98943 | | Adjustment Extremity | 30.00 |
| 06/13/17 | 97012 | | Mechanical Traction | 30.00 |
| 06/13/17 | 97110 | | Therapeutic Exercises | 30.00 |
| 06/30/17 | 98941 | | Adjustment 3-4 Areas | 60.00 |
| 06/30/17 | 98943 | | Adjustment Extremity | 30.00 |
| 06/30/17 | 97012 | | Mechanical Traction | 30.00 |
| 06/30/17 | 97110 | | Therapeutic Exercises | 30.00 |
| 08/09/17 | 99080 | | Clerical Fee/Supplemental Report | 191.32 |
| 11/29/16 | 97124 | | Massage | 120.00 |
| 12/01/16 | 97124 | | Massage | 120.00 |
| 12/07/16 | 97124 | | Massage | 120.00 |
| 12/09/16 | 97124 | | Massage | 120.00 |
| 12/12/16 | 97124 | | Massage | 120.00 |
| 12/16/16 | 97124 | | Massage | 120.00 |
| 12/19/16 | 97124 | | Massage | 120.00 |
| 12/26/16 | 97124 | | Massage | 120.00 |
| 12/30/16 | 97124 | | Massage | 120.00 |
| 01/02/17 | 97124 | | Massage | 120.00 |
| 01/05/17 | 97124 | | Massage | 120.00 |
| 01/09/17 | 97124 | | Massage | 120.00 |
| 01/12/17 | 97124 | | Massage | 120.00 |
| 01/16/17 | 97124 | | Massage | 120.00 |
| 01/18/17 | 97124 | | Massage | 120.00 |
| 01/23/17 | 97124 | | Massage | 120.00 |
| 01/27/17 | 97124 | | Massage | 120.00 |
| 01/31/17 | 97124 | | Massage | 120.00 |
| 02/03/17 | 97124 | | Massage | 120.00 |
| 02/06/17 | 97124 | | Massage | 120.00 |
| 02/09/17 | 97124 | | Massage | 120.00 |
| 02/13/17 | 97124 | | Massage | 120.00 |
| 02/16/17 | 97124 | | Massage | 120.00 |
| 02/24/17 | 97124 | | Massage | 120.00 |
| 02/28/17 | 97124 | | Massage | 120.00 |
| 03/02/17 | 97124 | | Massage | 120.00 |
| 03/06/17 | 97124 | | Massage | 120.00 |
| 03/10/17 | 97124 | | Massage | 120.00 |
| 03/16/17 | 97124 | | Massage | 120.00 |
| 03/23/17 | 97124 | | Massage | 120.00 |
| 03/27/17 | 97124 | | Massage | 120.00 |
| 03/29/17 | 97124 | | Massage | 120.00 |
| 04/10/17 | 97124 | | Massage | 120.00 |
| 04/12/17 | 97124 | | Massage | 120.00 |
| 04/17/17 | 97124 | | Massage | 120.00 |
| 04/24/17 | 97124 | | Massage | 120.00 |
| 05/04/17 | 97124 | | Massage | 120.00 |
| 05/12/17 | 97124 | | Massage | 120.00 |
| 05/17/17 | 97124 | | Massage | 120.00 |
| 05/24/17 | 97124 | | Massage | 120.00 |
| 05/31/17 | 97124 | | Massage | 120.00 |
| 06/06/17 | 97124 | | Massage | 120.00 |
| 06/13/17 | 97124 | | Massage | 120.00 |
| 06/30/17 | 97124 | | Massage | 120.00 |

Total Charges: $17111.32

Page 7   Shelly Hawkins #281

Balance      : $  311.32

73RFECS            9/1/2017 9:32:49 AM    PAGE    2/008    Fax Server

## HEALTH INSURANCE CLAIM FORM
APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

STATE FARM
PO BOX 52299
PHOENIX, AZ  85072

| | |
|---|---|
| 1. MEDICARE  MEDICAID  TRICARE  CHAMPVA  GROUP HEALTH PLAN  FECA BLK LUNG  OTHER | 1a. INSURED'S I.D. NUMBER    (For Program in Item 1)  3802339A1847B |
| 2. PATIENT'S NAME (Last Name, First Name, Middle Initial)  HAWKINS SHELLEY S | 3. PATIENT'S BIRTH DATE  MM 01 DD 08 YY 1967  SEX  F X | 4. INSURED'S NAME (Last Name, First Name, Middle Initial)  HAWKINS SHELLEY S |
| 5. PATIENT'S ADDRESS (No., Street)  22221 32ND AVENUE SE | 6. PATIENT RELATIONSHIP TO INSURED  Self X  Spouse  Child  Other | 7. INSURED'S ADDRESS (No., Street)  22221 32ND AVENUE SE |
| CITY  BOTHELL       STATE  WA | 8. RESERVED FOR NUCC USE | CITY  BOTHELL      STATE  WA |
| ZIP CODE  98021    TELEPHONE (Include Area Code)  ( 425 ) 2932520 | | ZIP CODE  98021    TELEPHONE (Include Area Code)  ( 425 ) 2932520 |
| 9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)  HAWKINS SHELLEY S | 10. IS PATIENT'S CONDITION RELATED TO: | 11. INSURED'S POLICY GROUP OR FECA NUMBER  3802339A1847B /7NUS10 |
| a. OTHER INSURED'S POLICY OR GROUP NUMBER | a. EMPLOYMENT? (Current or Previous)  YES  X NO | a. INSURED'S DATE OF BIRTH  MM 01 DD 08 YY 1967  SEX  M  F X |
| b. RESERVED FOR NUCC USE | b. AUTO ACCIDENT?  YES  X NO  PLACE (State)  WA | b. OTHER CLAIM ID (Designated by NUCC) |
| c. RESERVED FOR NUCC USE | c. OTHER ACCIDENT?  YES  X NO | c. INSURANCE PLAN NAME OR PROGRAM NAME  STATE FARM |
| d. INSURANCE PLAN NAME OR PROGRAM NAME  SELF PAY (U.EM.) | 10d. CLAIM CODES (Designated by NUCC) | d. IS THERE ANOTHER HEALTH BENEFIT PLAN?  YES  X NO  If yes, complete items 9, 9a, and 9d. |

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED  SIGNATURE ON FILE       DATE  11 23 16

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED  SIGNATURE ON FILE

| | |
|---|---|
| 14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)  MM 11 DD 16 YY 2016  QUAL. 439 | 15. OTHER DATE  QUAL.  MM  DD  YY | 16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION  FROM    TO |
| 17. NAME OF REFERRING PROVIDER OR OTHER SOURCE  DN UNGER RANDALL | 17a.  17b. NPI 1144276684 | 18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES  FROM    TO |
| 19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC) | | 20. OUTSIDE LAB?  YES  X NO    $ CHARGES |
| 21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY  Relate A-L to service line below (24E)  ICD Ind. 0  A. S134XXA  B. R51  C.  D.  E.  F.  G. V4352XA  H.  I.  J.  K.  L. | | 22. RESUBMISSION  CODE    ORIGINAL REF. NO.  23. PRIOR AUTHORIZATION NUMBER |

| 24. A. DATE(S) OF SERVICE | | | | | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | | G. DAYS OR UNITS | H. EPSDT Fam Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| From MM 11 | DD 16 | YY 16 | To MM 11 | DD 16 | YY 23 | X | | 99285 | | ABC | 760 | 00 | 1 | | NPI | 1144276684 |
| | | | | | | | | | | | | | | | NPI | |
| | | | | | | | | | | | | | | | NPI | |
| | | | | | | | | | | | | | | | NPI | |
| | | | | | | | | | | | | | | | NPI | |
| | | | | | | | | | | | | | | | NPI | |

| | | | | |
|---|---|---|---|---|
| 25. FEDERAL TAX I.D. NUMBER  91-2149065    SSN  EIN X | 26. PATIENT'S ACCOUNT NO.  2044905EVR0000 | 27. ACCEPT ASSIGNMENT?  YES  X NO | 28. TOTAL CHARGE  $ 760 00 | 29. AMOUNT PAID  $ | 30. Rsvd for NUCC Use |
| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS  I certify that the statements on the reverse apply to this bill and are made a part thereof.)  RANDALL UNGER MD      11 23 16  SIGNED    DATE | 32. SERVICE FACILITY LOCATION INFORMATION  EVERGREEN MEDICAL CENTER  8980 161ST AVE NE STE 200  REDMOND WA 98052-7554  a. 1033174933  b. | | 33. BILLING PROVIDER INFO & PH #  (877) 522-7214  EVERGREEN EMERGENCY SVCS  FILE 50421  LOS ANGELES CA 90074-0421  a. 1619912524  b. | | |

NUCC Instruction Manual available at: www.nucc.org    PLEASE PRINT OR TYPE    APPROVED OMB-0938-1197 FORM 1500 (02-12)

12052016

```
DATE: 08/14/17 @ 1003                    Evergreen Healthcare BAR **LIVE**                              PAGE 1
USER: T-CHALLO                           Bill Transaction Detail for Bill 1
```

```
   st E8006429538                        Guar   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
  .awkins,Shelley S                      Hawkins,Shelley S
22221 32nd Avenue SE                     22221 32nd Avenue SE

Bothall, WA 98021                        Bothall, WA 98021
(425)293-2520 (H)                        (425)293-2520 (H)
```

| Date | Procedure | User | Chg Cat | Description | | Boh Date | Num Journal | Amount |
|------|-----------|------|---------|-------------|-|----------|-------------|--------|
| 11/16/16 | 0351450056 | T-JALOPEZ | 351 | CT HEAD W/O CONTRAST | | 11/16/16 | 160 CERNER | 1501.00 |
| 11/16/16 | 0352453100 | T-JALOPEZ | 352 | CT C-SPINE WITHOUT CONTRAST | | 11/16/16 | 160 CERNER | 1720.00 |
| 11/16/16 | 0450721204 | BHDANE | 450 | ED FACILITY LEVEL 4 | | 11/21/16 | 262 CERNER | 1965.00 |
| 11/21/16 | | BHDANE | | FINAL BILL # 1 CUT | | 11/22/16 | 35 SYSTEM | 5266.00 |
| 11/21/16 | | BHDANE | | FINAL BILL # 1 POSTED | | 11/22/16 | 35 SYSTEM | 5266.00 |
| | | | | Insurance balances | | | | |
| | | | | OISTATEF | 5266.00 | | | |
| | | | | SPSELF | 0.00 | | | |
| 01/04/17 | AOISTATEF | APTEHPORA2 | | State Farm Auto ADJ Adjustment | | 01/04/17 | 70 R/A | -631.92 |
| | | | | to UCRN: EBH55042 | | | | |
| | | | | Insurance balances | | | | |
| | | | | OISTATEF | 4634.08 | | | |
| | | | | SPSELF | 0.00 | | | |
| 01/04/17 | POISTATEF | APTEHPORA2 | | State Farm Auto PMT Payment to | | 01/04/17 | 70 R/A | -4634.08 |
| | | | | UCRN: EBH55042 | | | | |
| | | | | Insurance balances | | | | |
| | | | | OISTATEF | 0.00 | | | |
| | | | | SPSELF | 0.00 | | | |

1
2
3
4
5
6
7          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                IN AND FOR THE COUNTY OF SNOHOMISH
8

9   SHELLEY S. HAWKINS,                          № 18-2-08480-31

10            Plaintiff                          CONFESSION OF JUDGMENT
                                                 AGAINST DEFENDANT EDWIN
11               v.                              G. MIGUEL

12   A&E FACTORY SERVICE,                         (Clerk's Action Required)
     L.L.C., a Delaware limited liability
13   company; SEARS HOLDINGS
     MANAGEMENT CORPORATION,
14   a foreign profit corporation;
     FATEMAH S. ALSUWAIDAN and
15   JOHN DOE ALSUWAIDAN,
     husband and wife and their marital
16   community; EDWIN G. MIGUEL
     and JANE DOE MIGUEL, husband
17   and wife and their marital
     community; and JENNI M.
18   WAKIDA and JOHN DOE
     WAKIDA, husband and wife and
19   their marital community,

20            Defendants

21
                           **JUDGMENT SUMMARY**
22

23      1. Judgment Creditor:   Shelley S. Hawkins

24      2. Judgment Debtor:    Edwin G. Miguel

25      3. Principal Judgment Amount: _$1,500,000.00_

26      4. Other Interest to Date of Judgment: $___Ø___

27      5. Attorney Fees: $___Ø___

28   CONFESSION OF JUDGMENT AGAINST DEFENDANT            **LAW OFFICES OF**
     EDWIN G. MIGUEL - 1                          **TERENCE F. TRAVERSO, P.S.**
                                                  1408 140ᵗʰ Place N.E., Suite 140
                                                  Bellevue, Washington 98007
                                                  Phone: (425) 453-0115/Fax: (425) 412-4060

1    6. Costs: $____Ø_____

2    7. Other Recovery Amounts: $____Ø_____

3    8. The Principal Judgment Amount shall accrue compound interest at the rate of 12 per

4    annum, compounded annually.

5    9. Attorney Fees, Costs and Other Recovery Amounts shall accrue compound interest

6    at the rate of 12% per annum, compounded annually.

7    10. Attorney for Judgment Creditor:  Terence F. Traverso (address below)

8    11. Attorney for Judgment Debtor:  N/A

9

10    THIS MATTER came on before the above-entitled court through the Settlement

11    Agreement with Assignment of Rights and Covenants between Plaintiff and Defendant Edwin

12    Miguel and the authorization of Defendant Edwin Miguel.

13    **Authorization for Entry of Judgment**

14    The Plaintiff and Defendant Edwin Miguel have agreed upon a basis for resolution of

15    Plaintiff's claims against him in this action.  Defendant Edwin Miguel stipulates to entry of

16    judgment against him and in favor of the Plaintiff in the amount of $1,500,000.00, and

17    authorizes the Court to enter judgment against him in that amount in favor of the Plaintiff,

18    with interest to be compounded annually at 12%.  I, Edwin Miguel, authorize entry of

19    judgment against me in these amounts.

20    I Declare under Penalty of Perjury Under the Laws of the State of Washington That the

21    Foregoing Is True and Correct.

22

23    Dated this 23rd day of JUNE, 2021 at WOODINVILLE, Washington.

24

25

26    Defendant Edwin G. Miguel

27

28    CONFESSION OF JUDGMENT AGAINST DEFENDANT
EDWIN G. MIGUEL - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1

## Order for Entry

2    The above Confession of Judgment having been presented to the Court for entry in

3    accordance with RCW 4.60.070, the Court having found said Confession of Judgment to be

4    sufficient, now, therefore, it is hereby

5    ORDERED, ADJUDGED AND DECREED that Plaintiff be and hereby is granted

6    judgment against Defendant Edwin Miguel in the principal amount of $1,500,000.00 and

7    without costs or other amounts.  Interest shall be compound and accrue annually at the rate of

8    12%.

9

10    DATED this ___ day of _____, 2021.

11

12

13                                                    _____
                                                      JUDGE/COURT COMMISSIONER

14

15

16    Presented by:

17    Law Offices of Terence F. Traverso, P.S., by

18

19    s/Terence Traverso
      _____
      Terence F. Traverso
20    Attorney for Plaintiff
      WSBA #21178
21

22    Copy received; approved as to form and content;
      notice of presentation waived by:
23

24

25    _____
      Edwin G. Miguel, Defendant
26

27

28    CONFESSION OF JUDGMENT AGAINST DEFENDANT
      EDWIN G. MIGUEL - 3

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
       IN AND FOR THE COUNTY OF SNOHOMISH

8

9    SHELLEY S. HAWKINS,                        № 18-2-08480-31

10          Plaintiff
                                                 ORDER ON PLAINTIFF'S
11             v.                                 MOTION FOR DETERMINATION
                                                 OF REASONABLENESS OF
12   A&E FACTORY SERVICE,                         SETTLEMENT AGREEMENT
     L.L.C., a Delaware limited liability        AND FOR JUDGMENT THEREON
13   company; SEARS HOLDINGS
     MANAGEMENT CORPORATION,
14   a foreign profit corporation;
     FATEMAH S. ALSUWAIDAN and
15   JOHN DOE ALSUWAIDAN,
     husband and wife and their marital
16   community; EDWIN G. MIGUEL
     and JANE DOE MIGUEL, husband
17   and wife and their marital
     community; and JENNI M.
18   WAKIDA and JOHN DOE
     WAKIDA, husband and wife and
19   their marital community,

20          Defendants

21

22          THIS MATTER having come on for hearing upon Plaintiff's Motion for Determination

23   of Reasonableness of Settlement Agreement and for Judgment Thereon, and the Court, having

24   reviewed the same and being fully advised in the premises, now, therefore,

25          IT IS ORDERED, ADJUDGED AND DECREED that the Court determines that the

26   amount of $1,500,000.00 is a reasonable settlement amount between Plaintiff and Defendant

27   Miguel after consideration of the evidence submitted with this motion, any response by

28   ORDER ON PLAINTIFF'S MOTION FOR                        **LAW OFFICES OF**
     DETERMINATION OF REASONABLENESS OF                **TERENCE F. TRAVERSO, P.S.**
     SETTLEMENT AGREEMENT AND FOR JUDGMENT            1408 140th Place N.E., Suite 140
     THEREON – 1                                         Bellevue, Washington 98007
                                                   Phone: (425) 453-0115/Fax: (425) 412-4060

1    Defendant Miguel, and the *Glover v. Tacoma General Hospital* factors. Accordingly, the

2    Court will separately enter judgment against Defendant Miguel in the reasonable amount of

3    $1,500,000.00.

4

5

6

7        DATED this ___ day of _____, 2021.

8

9

10                                                Judge

11

12

13    Presented by:

14    Law Offices of Terence F. Traverso, P.S., by

15

16

17    Terence F. Traverso
       WSBA #21178
18    Attorney for Plaintiff

19    Approved as to form; copy received;
       notice of presentation waived by:

20    Malcolm Law Firm, P.L.L.C., by

21

22    _____

23    Sean Malcolm
       WSBA #36245
24    Attorney for Defendant Miguel

25

26

27

28    ORDER ON PLAINTIFF'S MOTION FOR
       DETERMINATION OF REASONABLENESS OF
       SETTLEMENT AGREEMENT AND FOR JUDGMENT
       THEREON - 2

LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060