Stout Risius Ross, LLC
One South Wacker Drive, 38th Floor
Chicago, Illinois 60606
Telephone (312) 857-9000
Facsimile: (312) 857-9001

*Real Estate Consultants and Advisors for Debtors
and Debtors in Possession, Acting at the Direction
of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :    Case No. 18-23538 (SHL)
                                          :
          Debtors.¹                       :    (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**SUMMARY SHEET TO THE FINAL FEE**
**APPLICATION OF STOUT RISIUS ROSS, LLC REAL ESTATE**
**CONSULTANT AND ADVISOR FOR THE DEBTORS FOR THE**
**PERIOD FROM NOVEMBER 21, 2018 THROUGH AND INCLUDING JUNE 30, 2019**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| *General Information* | |
| --- | --- |
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
| --- | --- |
| Prior Applications: | *First Interim Fee Application of Stout Risius Ross, LLC Real Estate Consultant and Advisor for the Debtors, for the Period From November 21, 2018 Through and Including February 28, 2019* [Docket No. 3206] |
| | *Second Interim Fee Application of Stout Risius Ross, LLC Real Estate Consultant and Advisor for the Debtors, for the Period From March 1, 2019 Through and Including June 30, 2019* [Docket No. 4835] |
| Total Allowed Fees Paid to Date: | $192,695.50 |
| Total Allowed Expenses Paid to Date: | $   6,960.60 |
| Total Allowed Fees and Expenses Paid to Date: | $199,656.10 |
| Time Period Covered in Final Fee Application: | November 21, 2018 through June 30, 2019 (the "Final Fee Period") |

### *Summary of the Final Fee Period*

| | |
|---|---|
| Total Hours Billed: | 498.80 |
| Total Fees For Which Final Allowance Is Sought: | $192,695.50 |
| Total Expenses For Which Final Allowance Is Sought: | $6,960.60 |
| Total Fees and Expenses For Which Final Allowance Is Sought: | $199,656.10 |
| Amount of Unpaid Fees Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $0.00 |
| Amount of Unpaid Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $0.00 |
| Total Unpaid Fees and Expense Reimbursement Sought for the Final Fee Period: | $0.00 |

### *Summary of Rates and Other Related Information for This Final Fee Period*

| | |
|---|---|
| Blended Rate in this Application for All Professionals: | $400.66 |
| Blended Rate in this Application for All Timekeepers: | $386.32 |
| Number of Timekeepers Included in this Application: | 8 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees are within the budgeted range. |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Final Fee Period | 4 |

Increase in Rates Since Date of Retention:       Billing rates increased as of October 1, 2019, October 1, 2020, and October 1, 2021.

This is an:  ____ monthly ____ interim __X__ final application

**Summary Fees and Expenses in the Final Fee Period**

| Period Covered | Fee Statement / Application [Docket No. #] | Total Compensation and Expenses Incurred for Period Covered ($) | | Total Amount Previously Requested with Prior Monthly Fee Statement ($) | | Total Amount Paid to Date ($) | | Amounts Requested ($) | Allowance of Amounts Paid |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | | |
| 11/21/2018-02/28/2019 | First Interim Fee Application [Docket No. 3206] | $173,291.00 | $6,960.60 | -0- | -0- | $173,291.00 | $6,960.60 | $180,251.60 | $180,251.60 |
| 3/1/2019 – 6/30/2019 | Second Interim Fee Application [Docket No. 4835] | $19,404.50 | $0.00 | $173,291.00 | $6,960.60 | $19,404.50 | $0.00 | $19,404.50 | $19,404.50 |
| **Total for Final Fee Application** | **11/21/2018-06/30/2019** | **$192,695.50** | **$6,960.60** | **$173,291.00** | **$6,964.63** | **$192,695.50** | **$6,960.60** | **$199,656.10** | **$199,656.10** |

Summary of Objections to Monthly Fee Statements: <u>None</u>

Compensation Sought in this Application Not Yet Paid: <u>$0.00</u>

**Compensation By**
**Professional During the Final Fee Period**

| PROFESSIONALS | POSITION | BILLING RATE | TOTAL HOURS | TOTAL FEES ($) |
|---|---|---|---|---|
| Kevin A. Kernen | Managing Director | 505.00 | 230.00 | 116,150.00 |
| Jason J. Krentler | Managing Director | 480.00 | 13.70 | 6,576.00 |
| Joseph L. Torzewski | Managing Director | 490.00 | 62.90 | 30,821.00 |
| Kyle Williams | Ops Director | 300.00 | 10.70 | 3,210.00 |
| Charles Carr | Associate | 230.00 | 156.70 | 36,041.00 |
| Karla Gross | Associate | 225.00 | 0.50 | 112.50 |
| Kerri L. Bonner | Assistant | 90.00 | 15.00 | 1,350.00 |
| Christina Dani | Analyst | 100.00 | 9.30 | 930.00 |
| **Total:** | | | **498.8** | **$192,695.50**[1] |

**Blended Rate:  $386.32**

| SUMMARY OF EXPENSES BY CATEGORY FOR STOUT RISIUS ROSS, LLC November 21, 2018 through February 28, 2019 | |
|---|---|
| **Expense Category** | **Amount ($)** |
| Delivery | 146.00 |
| Meals | 145.22 |
| Mileage | 207.57 |
| Travel | $6,463.81 |
| **Total:** | **$6,960.60**[2] |

---

[1]   The monthly fees previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $175,786.00. Stout's First Interim Fee Application deducted $2,495.00 from such monthly fees to account for inadvertent overcharges relating to non-working travel time billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019.

[2]   The monthly expenses previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $6,964.03. Stout's First Interim Fee Application deducted $4.03 from such monthly expenses to account for inadvertent overcharges relating to overtime meal expenses billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019.

Stout Risius Ross, LLC
One South Wacker Drive, 38th Floor
Chicago, Illinois 60606
Telephone (312) 857-9000
Facsimile: (312) 857-9001

*Real Estate Consultants and Advisors for Debtors*
*and Debtors in Possession, Acting at the Direction*
*of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (SHL)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

**FINAL FEE APPLICATION OF STOUT RISIUS ROSS, LLC**
**REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS FOR THE**
**PERIOD FROM NOVEMBER 21, 2018 THROUGH AND INCLUDING JUNE 30, 2019**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      Stout Risius Ross, LLC ("Stout"), submits its final fee application (the "Final Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for final allowance of compensation for professional services performed by Stout as real estate advisors for Sears Holdings Corporation, and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), acting at the direction of the Restructuring Sub-Committee, for the period commencing November 21, 2018 through and including June 30, 2019.

### Preliminary Statement

Stout's Final Fee Application is submitted in accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order")[2], the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines") and, together with the Local Guidelines, (the "Fee Guidelines").

On November 16, 2018, this Court entered an Interim Compensation Order, which provides that when seeking compensation for services rendered, professionals must submit monthly fee statements to certain notice parties (the "Monthly Fee Statements"). Each person receiving a statement has fifteen (15) days after its receipt to review and object to such monthly fee statements.

---

[2] Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

If no objection is made, the Debtors are authorized to pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "Holdback") and 100% of the charges and disbursements requested. Further, the Interim Compensation Order states that certain professionals shall, commencing with the period ending February 28, 2019 and at four-month intervals thereafter (an "Interim Fee Period"), file an application with the Court (an "Interim Fee Application") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.

Pursuant to the Interim Compensation Order, Stout submitted Monthly Fee Statements and Interim Fee Applications during the period November 21, 2018 through and including June 30. 2019 (the "Final Fee Period"). Stout is now seeking final approval of all of its fees and expenses incurred during the Final Fee Period.

In support of this Final Fee Application, Stout submits the declaration of Kevin A. Kernen, Managing Director at Stout (the "Kernen Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference.

### Jurisdiction and Basis for Relief

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Bankruptcy Rules.

## **Background**

3.      On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4.      No trustee or examiner has been appointed in the Chapter 11 Cases.  An official Committee of Unsecured Creditors (the "Committee") was appointed on October 24, 2018. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

5.      On December 6, 2018, the Debtors' filed the *Application for an Order Authorizing the Retention and Employment of Stout Risius Ross, LLC as Real Estate Consultant and Advisor for the Debtors Nunc Pro Tunc to November 21, 2018* (the "Retention Application") [Docket No. 1073].  On December 26, 2018, the Bankruptcy Court entered the *Order Authorizing the Retention and Employment of Stout Risius Ross, LLC as Real Estate Consultant and Advisor for the Debtors Nunc Pro Tunc to November 21, 2018* (the "Retention Order") [Docket No. 1420], attached hereto as **Exhibit B.**

6.      On April 15, 2019, the *First Interim Fee Application of Stout Risius Ross, LLC, Real Estate Consultant and Advisor for the Debtors, for the Period From November 21, 2018 Through and Including February 28, 2019*, was filed on the docket [Docket No. 3206].

7.      On July 1, 2019, the *First Order Granting Applications of Professionals For Interim Allowance of Compensation and Reimbursement of Expenses* [Docket No. 4409] was approved by the Hon. Robert D. Drain, granting Stout's request for fees, in the amount of

$173,291.00, which amount included Stout's First Interim Holdback, and reimbursement of expenses in the amount of $6,960.60, attached hereto as **Exhibit C**.

8.      On August 14, 2019, the *Second Interim Fee Application of Stout Risius Ross, LLC, Real Estate Consultant and Advisor For the Debtors, For the Period From March 1, 2019 Through and Including June 30, 2019* was filed on the docket [Docket No. 4835].

9.      On October 24, 2019, the *Second Order Granting Applications of Professionals For Interim Allowance of Compensation and Reimbursement of Expenses* [Docket No. 5507], attached hereto as **Exhibit D**, was approved by the Hon. Robert D. Drain, granting Stout's request for fees, in the amount of $19,404.50, which amount included Stout's Second Interim Holdback. No expenses were incurred during this second interim period.

### Summary of Real Estate Consulting Services During the Fee Period

10.      The Debtors selected Stout to provide real estate consulting and advisory services acting solely at the direction of restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee ("the Restructuring Committee") of the Company's board of directors (the "Board of Directors").  As described more fully in its Retention Application, Stout is a leading independent financial advisory firm specializing in real estate investment banking, real estate valuation advisory, and real estate dispute consulting. Stout regularly provides such services in connection with bankruptcy and reorganization matters.  Stout's professionals are currently providing or have provided real estate valuation advisory services to organizations such as financial institutions, pension funds, Fortune 500 corporations, accounting firms, developers, and law firms.

11.      The Debtors selected Stout, in part, because Stout is able to provide the Debtors with the necessary services as detailed in the Retention Application.  Stout has developed the experience, resources, and credentials necessary for addressing a wide range of real estate

valuation issues associated with numerous property types. Stout is well qualified to provide the Debtors' required services in light of its extensive knowledge and expertise with respect to real estate appraisal, valuation and litigation. Stout specializes in real estate valuation services including purchase price allocation, REIT reporting requirements, portfolio appraisals, net asset value analysis, sale-leaseback transaction analysis and purchase/sale advisement, and has performed real estate valuation and consulting services in bankruptcy proceedings.

12.    During the Final Fee Period, Stout, acting at the direction of the Restructuring Sub-Committee, provided real estate consulting and advisory services to the Debtors, as described in more detail in the Monthly Fee Statements. More specifically, Stout provided the Debtors with (a) the evaluation of any real estate valuation issues raised in connection with the Restructuring Sub-Committee conflicts matters investigation (the "<u>Investigation</u>"), including in connection with the Seritage Transaction; (b) reviewing and critiquing the Cushman & Wakefield property level appraisals relating to the Seritage Transaction; (c) assisting in preparation for interviews, examinations and the review of documents and other materials in connection with the Investigation; (d) assisting in the preparation of reports and other documents that may be necessary in connection with the Investigation; and (e) assisting in undertaking any additional tasks or duties that the Restructuring Sub-Committee directed or that counsel determined were necessary and appropriate.

**<u>Actual and Necessary Expenses Incurred by Stout</u>**

13.    During the Final Fee Period, Stout incurred a total of $192,695.50 in fees and $6,960.60 in expenses in providing professional services on behalf of the Debtors. These fees and expenses were reasonable and necessary to perform its real estate consulting services in a timely and efficient manner.

6

## The Requested Compensation Should be Allowed

14.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

15.    In the Final Fee Period, Stout respectfully submits that the services for which it sought compensation and the expenditures for which it sought reimbursement were necessary and beneficial to the preservation and maximization of value of all stakeholders.  The compensation herein was reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

16.     Compensation for the foregoing services was commensurate with the complexity, importance, and the nature and extent of Stout's services provided.  Further, the professional services were performed skillfully and efficiently.

17.     In sum, the services rendered by Stout were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner given the complexity, importance, and the nature and extent of Stout's services provided.  Accordingly, final approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Notice**

18.     Notice of this Final Interim Fee Application shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) Paul E. Harner, Ballard Spahr LLP, the independent fee examiner, 1675 Broadway 19th Floor, New York, NY 10019 (email: arnerp@ballardspahr.com); (v) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (vi) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, One

Manhattan West, New York, NY 10001, <u>Attention</u>: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "<u>Notice Parties</u>").

## NO PRIOR REQUEST

19.      No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, Stout respectfully requests that the Court enter an order: (a) affirming the fees and expenses paid pursuant to the Orders awarding Stout's first and second interim fees on a final basis, and approving Stout's compensation for professional and paraprofessional services provided during the Final Fee Period in the amount of $192,695.50, including holdback and reimbursement of actual, reasonable and necessary expenses incurred in the Final Fee Period in the amount of $6,960.60; and (b) granting such other relief as is appropriate under the circumstances.

Dated: October 11, 2022          */s/ Kevin Kernen*_____
New York, New York               Kevin Kernen
                                 Managing Director
                                 Stout Risius Ross, LLC

                                 *Real Estate Consultants and Advisors to*
                                 *the Debtors and Debtors in Possession*

**Exhibit A**

**Kernan Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                              :        **Chapter 11**
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*            :        **Case No. 18-23538 (SHL)**
                                                    :
          **Debtors.**[1]                           :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

## CERTIFICATION OF KEVIN KERNEN IN SUPPORT OF FINAL APPLICATION OF STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM NOVEMBER 21, 2018 THROUGH AND INCLUDING JUNE 30, 2019

I, Kevin Kernen, hereby certify that:

I am a Managing Director with the applicant firm, Stout Risius Ross, LLC with responsibility for the chapter 11 cases of Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), and compliance with the *Order Authorizing*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

1.      Pursuant to section B(1) of the Local Guidelines, I certify that:

   a.      I have read the Application;

   b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fee and disbursements paid fall within the Local Guidelines;

   c.      the fee and disbursements paid were billed at rates in accordance with those customarily charged by Stout and generally accepted by Stout clients; and

   d.      in providing a reimbursable service, Stout does not make a profit on that service, whether the service is performed by Stout in-house or through a third party.

2.      Pursuant to section B(2) of the Local Guidelines, I certify that Stout has previously provided monthly statements of Stout's fees and disbursements by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the application).

3.      Pursuant to section B(3) of the Local Guidelines, I certify that Stout has provided the U.S. Trustee and the Debtors with a statement of Stout's fees and expenses incurred during each of the Fee Periods.

4.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

2

Dated: October 11, 2022          By:
New York, New York

_/s/ Kevin Kernen_ _____
Kevin Kernen
Managing Director
Stout Risius Ross, LLC

**Exhibit B**

**Order Authorizing the Retention and Employment of Stout Risius Ross, LLC
as Real Estate Consultant and Advisor for the Debtors _Nunc Pro Tunc_ to November 21, 2018**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                    :    Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, *et al.*,      :    Case No. 18-23538 (RDD)
                                          :
Debtors. [1]                              :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
## OF STOUT RISIUS ROSS, LLC AS REAL ESTATE CONSULTANT AND
## ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 21, 2018

Upon the retention application (the "Retention Application") of Sears Holdings

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules of the Southern District of New York (the "Local Rules") for entry of an order

authorizing the Debtors to retain and employ Stout Risius Ross, LLC ( "Stout"), as their real

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

estate consultant and advisor, in accordance with the terms and conditions set forth in that certain

engagement letter dated as of November 21, 2018 attached to the Retention Application as

**Exhibit C** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc*

*pro tunc* to November 21, 2018, all as more fully set forth in the Retention Application; and

upon the Declaration of Kevin Kernen in support of the Retention Application (the "Kernen

Declaration"); and the Court having jurisdiction to consider the Retention Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157(a0-(b) and 1334(b) and the *Amended*

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the relief sought in the Retention Application having been provided,

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and there being no objections to the requested relief;

and no hearing being required under the circumstances; and, based on the representations made

in the Retention Application and in the Kernen Declaration, it appearing that Stout is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as

required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither

represents nor holds an interest adverse to the Debtors or their estates; and the Court having

found and determined that the terms and conditions of Stout's employment, including but not

limited to the fees set forth in the Engagement Letter and summarized in the Retention

Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court

having determined that the legal and factual bases set forth in the Retention Application establish

just cause for the relief granted herein; and the Court having determined that the relief requested

in the Retention Application is in the best interests of the Debtors, their estates, creditors, and all

parties in interest; and upon all of the proceedings had before the Court and after due deliberation

and sufficient cause appearing therefor,

       1.       The Retention Application is granted to the extent set forth herein.

       2.       The Debtors are authorized pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to

employ and retain Stout as real estate consultant and advisor, acting at the direction of the

Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the

terms and conditions set forth in the Engagement Letter, including the Indemnification

Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to

November 21, 2018, and to pay fees and reimburse expenses to Stout on the terms and times set

forth in the Engagement Letter as modified hereby.

       3.       The terms of the Engagement Letter are reasonable terms and conditions

of employment and are approved, as hereinafter modified.

       4.       Notwithstanding anything to the contrary in the Engagement Letter, the

Application, or the Kernen Declaration, to the extent that the Debtors request Stout to perform

any services other than those detailed in the Engagement Letter, the Debtors shall seek further

application for an order of approval by the Court for a supplement to the retention and any

related modifications to the Engagement Letter and such application shall set forth, in addition to

the additional services to be performed, the additional fees sought to be paid.

       5.       Stout shall be compensated and reimbursed for out-of-pocket expenses

pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement

Letter, and all fees and out-of-pocket expense reimbursements to be paid to Stout shall be subject

to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy

Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code,

except as set forth herein. Stout shall be compensated in accordance with this Court's *Order

Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals* [Docket No. 796].

      6.     Stout shall file interim and final fee applications for the allowance of

compensation for services rendered and reimbursement of expenses incurred (including the

reasonable fees, disbursements and other charges of Stout's counsel (which counsel shall not be

required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in

accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the

applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this

Court.

      7.     Notwithstanding anything to the contrary contained herein, the U.S.

Trustee shall have the right to object to Stout's interim and final applications for compensation

and reimbursement of out-of-pocket expenses based on the reasonableness standard in section

330 of the Bankruptcy Code.

      8.     Stout shall include in its fee applications, among other things, time records

setting forth, in summary format, a description of the services rendered by each professional, and

the amount of time spent on each date by each such individual in rendering services on behalf of

the Debtors.

      9.     The Debtors shall be bound by the indemnification, contribution,

reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify

and hold harmless Stout, pursuant to the Engagement Letter, subject, during the pendency of

these Chapter 11 cases, to the following:

(a)      All requests by Stout for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall Stout be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall Stout be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, Stout's own bad-faith, self-dealing, gross negligence, or willful misconduct.

(b)      In the event Stout seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Stout's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.      To the extent that there may be any inconsistency between the terms of the

Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11.      The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order.

12.      Notice of the Retention Application as provided therein shall be deemed

good and sufficient notice of such Retention Application and the requirements of the Local Rules

are satisfied by such notice.

13.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

15. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:  White Plains, New York
        December 26, 2018

                                    /s/ Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**First Order Granting Applications of Professionals**
**For Interim Allowance of Compensation and Reimbursement of Expenses**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                         :

In re                             :        **Chapter 11**

                                           :

**SEARS HOLDINGS CORPORATION,** *et al.*,   :        **Case No. 18-23538 (RDD)**

                                           :

            **Debtors.**[1]             :        **(Jointly Administered)**

                                           :

-----------------------------------------------------------x

### FIRST ORDER GRANTING APPLICATIONS OF PROFESSIONALS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

        Upon consideration of each of the applications (each, an "**Application**" and collectively, the "**Applications**") filed by those professionals identified on **Schedule A** hereto (each, an "**Applicant**" and collectively, the "**Applicants**") under 11 U.S.C. § 331 for interim allowance of compensation for professional services rendered and expenses incurred during the periods identified on **Schedule A**; and the Court having jurisdiction to consider the Applications and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

consideration of the Applications and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Applications and the deadline for

filing objections to the relief requested therein having been provided; and the Court having found

and determined that all of the applicable requirements of sections 327, 328, and 331 of title 11 of

the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1

of the Local Bankruptcy Rules for the Southern District of New York, the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases, effective February 5, 2013 (as adopted by General Order M-447), and the *Order

Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals* (ECF No. 796) have been satisfied with respect to each of the Applications; and it

appearing that the services rendered and expenses incurred by each of the Applicants for which

compensation and reimbursement are allowed hereby were actual, reasonable and necessary; and

after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Applications are granted as set forth on **Schedule A** hereto.

2.      The Debtors are authorized and directed upon entry of this Order to remit

payment to each of the Applicants in the amounts set forth on **Schedule A** hereto less all

amounts previously paid on account of such fees and expenses set forth on **Schedule B**.

3.      Nothing set forth in this Order shall preclude the review of the

Applications by the Court-appointed independent fee examiner in these cases (the "**Fee

Examiner**") contemplated by the *Order Authorizing Appointment of Independent Fee Examiner

Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain*

*Professionals Employed Pursuant to 11 U.S.C. § 327* [Docket No. 3307], and the Fee Examiner

hereby reserves all rights with respect thereto in connection with the approval of any final fee

applications for such professional.

       4.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: June 28, 2019
      White Plains, New York

                        /s/ Robert D. Drain
                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

**Schedule A**

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al*.

### INTERIM FEE APPLICATIONS

| (1)<br>APPLICANT | (2)<br>APPLICATION DATE AND DOCKET NO. | (3)<br>FEE PERIOD | (4)<br>FEES REQUESTED | (5)<br>FEES ALLOWED | (6)<br>FEES TO BE PAID UNDER ORDER[1] | (7)<br>EXPENSES REQUESTED | (8)<br>EXPENSES ALLOWED | (9)<br>EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| McAndrews, Held and Malloy's (IP-Related Services Provider for the Debtors) | April 8, 2019<br>ECF No. 3087 | 10/15/18 - 02/28/19 | $628,967.84 | $628,967.84 | $628,967.84 | $18,288.92 | $18,288.92 | $18,288.92 |
| Wachtell, Lipton, Rosen & Katz (Special Counsel for the Debtors) ("**WLRK**") | April 12, 2019<br>ECF 3185 | 10/15/18 - 03/18/19[3] | $873,185.00 | $873,185.00 | $873,185.00 | $12,832.82 | $12,832.82 | $12,832.82 |
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC) | April 15, 2019<br>ECF No. 3190 | 10/24/18 - 02/28/19 | $20,309,841.00 | $20,309,841.00 | $20,309,841.00 | $1,325,684.75 | $1,325,684.75 | $1,325,684.75 |
| Young Conaway Stargatt & Taylor, LLP (Conflicts Counsel for the Debtors) | April 15, 2019<br>ECF No. 3191 | 10/15/18 - 02/28/19 | $239,471.00 | $239,471.00 | $239,471.00 | $1,385.59 | $1,385.59 | $1,385.59 |

[1] Subject to amounts previously paid by the Debtors.

[2] *Id.*

[3] On March 18, 2019, the Court granted WLRK leave to withdraw as counsel to the Debtors pursuant to the *Order Authorizing Wachtell, Lipton, Rosen & Katz to Withdraw as Special Counsel to the Debtors Pursuant to Local Rule 2090-1* [ECF No. 2860]. In the interest of judicial economy, and as noted in its Application [ECF No. 3185], WLRK submitted its Application as a combined interim and final fee application in order to cover the entirety of WLRK's services on behalf of the Debtors through March 18, 2019. To the extent that WLRK seeks approval of its application as a final—rather than an interim—application, such request shall be considered at a subsequent hearing.

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Houlihan Lokey Capital, Inc. (Investment Banker for the UCC) | April 15, 2019 ECF No. 3194 | 10/29/18 - 02/28/19 | $8,750,000.00 | $8,750,000.00 | $8,750,000.00 | $110,347.94 | $110,347.94 | $110,347.94 |
| FTI Consulting Inc. (Financial Advisor for the UCC) | April 15, 2019 ECF No. 3195 | 10/25/18 - 02/28/19 | $7,460,918.25 | $7,460,918.25 | $7,460,918.25 | $38,344.76 | $38,344.76 | $38,344.76 |
| Prime Clerk LLC (Administrative Agent for the Debtors) | April 15, 2019 ECF No. 3196 | 10/15/18 - 02/28/19 | $981.75 | $981.75 | $981.75 | $0.00 | $0.00 | $0.00 |
| Evercore Group L.L.C. (Investment Banker for the Debtors) | April 15, 2019 ECF No. 3204 | 10/15/18 - 03/14/19 | $1,000,000.00 | $1,000,000.00 | $1,000,000.00 | $17,095.30 | $17,095.30 | $17,095.30 |
| Alvarez & Marsal North America, LLC (Financial Advisors for the Debtors) | April 15, 2019 ECF No. 3205 | 10/15/18 - 02/28/19 | $3,959,349.50 | $3,959,349.50 | $3,959,349.50 | $25,674.97 | $25,674.97 | $25,674.97 |
| Stout Risius Ross, LLC (Real Estate Consultant and Advisor for the Debtors) | April 15, 2019 ECF No. 3206 | 11/21/18 - 02/28/19 | $173,291.00 | $173,291.00 | $173,291.00 | $6,960.60 | $6,960.60 | $6,960.60 |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP (Conflicts Counsel for the Debtors and Counsel for the Restructuring Subcommittee) | April 15, 2019 ECF No. 3207 | 10/15/18 - 02/28/19 | $14,377,232.25 | $14,377,232.25 | $14,377,232.25 | $288,917.88 | $288,917.88 | $288,917.88 |

| (1)<br>APPLICANT | (2)<br>APPLICATION DATE AND DOCKET NO. | (3)<br>FEE PERIOD | (4)<br>FEES REQUESTED | (5)<br>FEES ALLOWED | (6)<br>FEES TO BE PAID UNDER ORDER[1] | (7)<br>EXPENSES REQUESTED | (8)<br>EXPENSES ALLOWED | (9)<br>EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Deloitte Transactions and Business Analytics LLP (Bankruptcy Advisor for the Debtors) | April 15, 2019<br>ECF No. 3213 | 11/01/18 - 02/28/19 | $5,509,852.75 | $5,509,852.75 | $5,509,852.75 | $261,846.10 | $261,846.10 | $261,846.10 |
| Lazard Freres & Co. LLC (Investment Banker for the Debtors) | April 15, 2019<br>ECF No. 3217 | 10/15/18 - 02/28/19 | $20,500,000.00 | $20,500,000.00 | $20,500,000.00 | $11,395.28 | $11,395.28 | $11,395.28 |
| Deloitte Tax LLP (Tax Services Provider for the Debtors) | April 15, 2019<br>ECF No. 3220 | 10/15/18 - 02/28/19 | $3,263,507.00 | $3,263,507.00 | $3,263,507.00 | $70,248.94 | $70,248.94 | $70,248.94 |
| Deloitte & Touche LLP (Independent Auditor and Advisor for the Debtors) | April 15, 2019<br>ECF No. 3223 | 10/15/18 - 02/28/19 | $2,324,770.50 | $2,324,770.50 | $2,324,770.50 | $47,154.66 | $47,154.66 | $47,154.66 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | April 15, 2019<br>ECF No. 3224 | 10/15/18 - 02/28/19 | $40,705,193.75 | $40,705,193.75 | $40,705,193.75 | $1,572,862.82 | $1,572,862.82 | $1,572,862.82 |
| **TOTAL** | | | **$130,076,561.59** | **$130,076,561.59** | **$130,076,561.59** | **$3,809,041.33** | **$3,809,041.33** | **$3,809,041.33** |

Date Order Signed: June 28, 2019

Initials: RDD  USBJ

**Schedule B**

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al.*

| FEE APPLICATION TOTALS | | | | |
|---|---|---|---|---|
| **(1)**<br>**Applicant** | **(2)**<br>**Total Fees Requested** | **(3)**<br>**Total Fees Paid** | **(4)**<br>**Total Expenses Requested** | **(5)**<br>**Total Expenses Paid** |
| McAndrews, Held and Malloy's<br>(IP-Related Services Provider for the Debtors) | $628,967.84 | $503,174.27 | $18,288.92 | $18,288.92 |
| Wachtell, Lipton, Rosen & Katz<br>(Special Counsel for the Debtors) | $873,185.00 | $698,548.00 | $12,832.82 | $12,832.82 |
| Akin Gump Strauss Hauer & Feld LLP.<br>(Counsel for the UCC) | $20,309,841.00 | $16,247,872.80 | $1,325,684.75 | $1,325,684.75 |
| Young Conaway Stargatt & Taylor, LLP<br>(Conflicts Counsel for the Debtors) | $239,471.00 | $191,576.80 | $1,385.59 | $1,385.59 |
| Houlihan Lokey Capital, Inc. (Investment Banker for the UCC) | $8,750,000.00 | $7,000,000.00 | $110,347.94 | $110,347.94 |
| FTI Consulting Inc. (Financial Advisor for the UCC) | $7,460,918.25 | $5,968,734.60 | $38,344.76 | $38,344.76 |

| | FEE APPLICATION TOTALS | | | |
|---|---|---|---|---|
| **(1)** <br> **Applicant** | **(2)** <br> **Total Fees Requested** | **(3)** <br> **Total Fees Paid** | **(4)** <br> **Total Expenses Requested** | **(5)** <br> **Total Expenses Paid** |
| Prime Clerk LLC (Administrative Agent for the Debtors) | $981.75 | $785.40 | $0.00 | $0.00 |
| Evercore Group L.L.C. (Investment Banker for the Debtors) ("**Evercore**") | $1,000,000.00 | $880,000.00[1] | $17,095.30 | $5,244.86 |
| Alvarez & Marsal North America, LLC (Financial Advisors for the Debtors) ("**A&M**") | $3,959,349.50 | $3,167,479.60 | $25,674.97 | $26,315.52[2] |
| Stout Risius Ross, LLC (Real Estate Consultant and Advisor for the Debtors) ("**Stout**") | $173,291.00 | $140,628.80 | $6,960.60 | $6,964.63[3] |

---

[1] Pursuant to the *Modified Order Authorizing the Retention and Employment of Evercore Group L.L.C. as Financial Advisor for The Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 1089] ("**Evercore Retention Order**"), as of the date of entry of the Evercore Retention Order, Evercore was authorized to receive two monthly fee payments, each in the amount of $200,000, and will subsequently receive monthly fee payments in the same amount subject to an 80% holdback.

[2] According to the *First Application of Alvarez and Marsal North America, LLC as Financial Advisors for The Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 15, 2018 Through February 28, 2019* [ECF No. 3205], the total expenses paid in the amount of $26,315.52 includes an inadvertent overcharge of $640.55. A&M has voluntarily reduced the unpaid amount of the total fees and expenses currently sought in its Application by the overcharged amount.

[3] According to the *First Interim Fee Application of Stout Risius Ross, LLC, Real Estate Consultant And Advisor For The Debtors, For The Period From November 21, 2018 Through And Including February 28, 2019* [ECF No. 3206], the total expenses paid in the amount of $6,964.63 includes an inadvertent overcharge of $4.03. Stout has voluntarily reduced the unpaid amount of the total fees and expenses currently sought in its Application by the overcharged amount.

| FEE APPLICATION TOTALS | | | | |
|---|---|---|---|---|
| (1)<br>Applicant | (2)<br>Total Fees Requested | (3)<br>Total Fees Paid | (4)<br>Total Expenses Requested | (5)<br>Total Expenses Paid |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP (Conflicts Counsel for the Debtors and Counsel for the Restructuring Subcommittee) | $14,377,232.25 | $11,521,070.40 | $288,917.88 | $288,917.88 |
| Deloitte Transactions and Business Analytics LLP (Bankruptcy Advisor for the Debtors) | $5,509,852.75 | $4,407,882.20 | $261,846.10 | $261,846.10 |
| Lazard Freres & Co. LLC (Investment Banker for the Debtors) | $20,500,000.00 | $16,440,000.00 | $11,395.28 | $11,395.28 |
| Deloitte Tax LLP (Tax Services Provider for the Debtors) | $3,263,507.00 | $2,613,879.98 | $70,248.94 | $70,248.94 |
| Deloitte & Touche LLP (Independent Auditor and Advisor for the Debtors) | $2,324,770.50 | $1,859,816.40 | $47,154.66 | $47,154.66 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | $40,705,193.75 | $32,564,155.00 | $1,572,862.82 | $1,572,862.82 |

Dated Order Signed: June 28, 2019

Initials: RDD USBJ

**Exhibit D**

**Second Order Granting Applications of Professionals**
**For Interim Allowance of Compensation and Reimbursement of Expenses**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, *et al.*,   :        Case No. 18-23538 (RDD)
                                        :
         Debtors.[1]                    :        (Jointly Administered)
                                        :
----------------------------------------------------------------x

## SECOND ORDER GRANTING APPLICATIONS OF PROFESSIONALS FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon consideration of each of the applications (each, an "**Application**" and collectively, the "**Applications**") filed by those professionals identified on **Schedule A** hereto (each, an "**Applicant**" and collectively, the "**Applicants**") under 11 U.S.C. § 331 and, as applicable 11 U.S.C. § 328(a), for interim allowance of compensation for professional services rendered and reimbursement of expenses incurred during the periods identified on **Schedule A**; and the Court having jurisdiction to consider the Applications and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Applications and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Applications and the deadline for filing objections to the relief requested therein having been provided; and there being no remaining objections to the relief granted herein; and upon the record of the hearing held by the Court on October 23, 2019; and the Court having found and determined that all of the applicable requirements of sections 327, 328, 330, and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, effective February 5, 2013 (as adopted by General Order M-447), and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) have been satisfied with respect to each of the Applications; and it appearing that the services rendered and expenses incurred by each of the Applicants for which compensation and reimbursement are allowed hereby were actual, reasonable and necessary; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Applications are granted as set forth on **<u>Schedule A</u>** hereto.

2.      The Debtors are authorized and directed upon entry of this Order to remit payment to each of the Applicants in the amounts set forth on **<u>Schedule A</u>** hereto less all amounts previously paid on account of such fees and expenses set forth on **<u>Schedule B</u>**; provided, that nothing herein alters the Court's Order confirming the Debtors' chapter 11 plan.

3.      Nothing set forth in this Order shall preclude the review of the Applications

by the Court-appointed independent fee examiner in these cases (the "**Fee Examiner**")

contemplated by the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11*

*U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals*

*Employed Pursuant to 11 U.S.C. § 327* (ECF No. 3307), and the Fee Examiner hereby reserves all

rights with respect thereto in connection with the approval of any final fee applications for such

professional.

4.      This Court shall retain jurisdiction to hear and determine all matters arising

from or related to this Order.


Dated: October 24, 2019
        White Plains, New York


                                /s/Robert D. Drain
                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE

Schedule A

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al.*

**INTERIM FEE APPLICATIONS**

| (1)<br>APPLICANT | (2)<br>APPLICATION DATE AND DOCKET NO. | (3)<br>FEE PERIOD | (4)<br>FEES REQUESTED | (5)<br>FEES ALLOWED | (6)<br>FEES TO BE PAID UNDER ORDER[1] | (7)<br>EXPENSES REQUESTED | (8)<br>EXPENSES ALLOWED | (9)<br>EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld LLP. (Counsel for the UCC) | August 14, 2019<br>ECF No. 4846 | 03/01/19 - 06/30/19 | $5,741,021.50 | $5,741,021.50 | $5,741,021.50 | $817,560.08 | $817,560.08 | $817,560.08 |
| Young Conaway Stargatt & Taylor, LLP (Conflicts Counsel for the Debtors) | August 16, 2019<br>ECF No. 4862 | 03/01/19 - 06/30/19 | $99,614.50 | $99,614.50 | $99,614.50 | $1,497.52 | $1,497.52 | $1,497.52 |
| Houlihan Lokey Capital, Inc. (Investment Banker for the UCC) | August 14, 2019<br>ECF No. 4842 | 03/01/19 - 06/30/19 | $625,000.00 | $625,000.00 | $625,000.00 | $1,169.82 | $1,169.82 | $1,169.82 |
| FTI Consulting Inc. (Financial Advisor for the UCC) | August 14, 2019<br>ECF No. 4841 | 03/01/19 - 06/30/19 | $1,273,385.00 | $1,273,385.00 | $1,273,385.00 | $7,979.71 | $7,979.71 | $7,979.71 |
| Prime Clerk LLC (Administrative Agent for the Debtors) | August 14, 2019<br>ECF No. 4840 | 03/01/19 - 06/30/19 | $30,579.85 | $30,579.85 | $30,579.85 | $0.00 | $0.00 | $0.00 |
| Evercore Group L.L.C. (Investment Banker for the Debtors) | August 14, 2019<br>ECF No. 4837 | 03/15/19 - 07/14/19 | $400,000.00 | $400,000.00 | $400,000.00 | $0.00 | $0.00 | $0.00 |
| Alvarez & Marsal North America, LLC (Financial Advisors for the Debtors) | August 13, 2019<br>ECF No. 4828 | 03/01/19 - 06/30/19 | $103,407.50 | $103,407.50 | $103,407.50 | $146.74 | $146.74 | $146.74 |

---

[1] Subject to amounts previously paid by the Debtors.

[2] *Id.*

| (1) APPLICANT | (2) APPLICATION DATE AND DOCKET NO. | (3) FEE PERIOD | (4) FEES REQUESTED | (5) FEES ALLOWED | (6) FEES TO BE PAID UNDER ORDER[1] | (7) EXPENSES REQUESTED | (8) EXPENSES ALLOWED | (9) EXPENSES TO BE PAID UNDER ORDER[2] |
|---|---|---|---|---|---|---|---|---|
| Stout Risius Ross, LLC (Real Estate Consultant and Advisor for the Debtors) | August 14, 2019 ECF No. 4835 | 03/01/19 - 06/30/19 | $19,404.50 | $19,404.50 | $19,404.50 | $0.00 | $0.00 | $0.00 |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP (Conflicts Counsel for the Debtors and Counsel for the Restructuring Subcommittee) | August 14, 2019 ECF No. 4834 | 03/01/19 - 06/30/19 | $4,973,799.25 | $4,973,799.25 | $4,973,799.25 | $1,160,821.70 | $1,160,821.70 | $1,160,821.70 |
| Deloitte Transactions and Business Analytics LLP (Bankruptcy Advisor for the Debtors) | August 13, 2019 ECF No. 4827 | 03/01/19 - 06/30/19 | $2,177,270.75 | $2,177,270.75 | $2,177,270.75 | $100,390.95 | $100,390.95 | $100,390.95 |
| Deloitte Tax LLP (Tax Services Provider for the Debtors) | August 14, 2019 ECF No. 4848 | 03/01/19 - 06/30/19 | $1,385,726.00 | $1,385,726.00 | $1,385,726.00 | $16,890.59 | $16,890.59 | $16,890.59 |
| Deloitte & Touche LLP (Independent Auditor and Advisor for the Debtors) | August 13, 2019 ECF No. 4826 | 03/01/19 - 06/30/19 | $91,365.50 | $91,365.50 | $91,365.50 | $0.00 | $0.00 | $0.00 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | August 15, 2019 ECF No. 4860 | 03/01/19 - 06/30/19 | $14,004,773.50 | $14,004,773.50 | $14,004,773.50 | $477,595.67 | $477,595.67 | $477,595.67 |
| Paul E. Harner and Ballard Spahr LLP (Fee Examiner and Counsel to the Fee Examiner ) | August 16, 2019 ECF No. 4844 | 04/22/19 - 06/30/19 | $273,435.50 | $273,435.50 | $273,435.50 | $1,546.29 | $1,546.29 | $1,546.29 |
| **TOTAL** | | | **$31,126,783.35** | **$31,126,783.35** | **$31,126,783.35** | **$2,585,599.07** | **$2,585,599.07** | **$2,585,599.07** |

Date Order Signed: October 24, 2019
Initials: RDD USBJ

**Schedule B**

Case No. 18-23538 (RDD)
In re Sears Holdings Corporation, *et al*.

| | | | | |
|---|---|---|---|---|
| **CUMULATIVE FEE APPLICATION TOTALS**<br>**OCTOBER 15, 2018 THROUGH JUNE 30, 2019** | | | | |
| **(1)**<br>**Applicant** | **(2)**<br>**Total Fees Requested** | **(3)**<br>**Total Fees Paid** | **(4)**<br>**Total Expenses Requested** | **(5)**<br>**Total Expenses Paid** |
| Akin Gump Strauss Hauer & Feld LLP.<br>(Counsel for the UCC) | $26,050,862.50 | $24,902,658.20 | $2,143,244.83 | $2,143,244.83 |
| Young Conaway Stargatt & Taylor, LLP<br>(Conflicts Counsel for the Debtors) | $339,085.50 | $319,162.60 | $2,883.11 | $2,883.11 |
| Houlihan Lokey Capital, Inc. (Investment<br>Banker for the UCC) | $9,375,000.00 | $9,250,000.00 | $111,517.76 | $111,517.76 |
| FTI Consulting Inc. (Financial Advisor for<br>the UCC) | $8,734,303.25 | $8,479,626.25 | $46,324.47 | $46,324.47 |
| Prime Clerk LLC (Administrative Agent for<br>the Debtors) | $31,561.60 | $25,445.63 | $0.00 | $0.00 |
| Evercore Group L.L.C. (Investment Banker<br>for the Debtors) ("**Evercore**")[1] | $1,400,000.00 | $1,320,000.00 | $17,095.30 | $17,095.30 |
| Alvarez & Marsal North America, LLC<br>(Financial Advisors for the Debtors)<br>("**A&M**") | $4,062,757.00 | $4,042,075.50 | $25,821.71 | $25,821.71 |

---

[1] The relevant period for Evercore is cumulative from October 15, 2018 through July 14, 2019.

| CUMULATIVE FEE APPLICATION TOTALS | | | | |
| :---: | :---: | :---: | :---: | :---: |
| OCTOBER 15, 2018 THROUGH JUNE 30, 2019 | | | | |
| **(1)**<br>**Applicant** | **(2)**<br>**Total Fees Requested** | **(3)**<br>**Total Fees Paid** | **(4)**<br>**Total Expenses Requested** | **(5)**<br>**Total Expenses Paid** |
| Stout Risius Ross, LLC (Real Estate Consultant and Advisor for the Debtors) ("**Stout**") | $192,695.50 | $188,814.60 | $6,960.60 | $6,960.60 |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP (Conflicts Counsel for the Debtors and Counsel for the Restructuring Subcommittee) | $19,351,031.50 | $18,356,271.65 | $1,449,739.58 | $1,449,739.58 |
| Deloitte Transactions and Business Analytics LLP (Bankruptcy Advisor for the Debtors) | $7,687,123.50 | $7,253,269.35 | $362,237.05 | $362,237.05 |
| Deloitte Tax LLP (Tax Services Provider for the Debtors) | $4,653,049.25 | $4,377,400.05 | $83,323.28 | $83,073.60 |
| Deloitte & Touche LLP (Independent Auditor and Advisor for the Debtors) | $2,416,136.00 | $2,397,862.90 | $47,154.66 | $47,154.66 |
| Weil, Gotshal & Manges LLP (Attorneys for the Debtors) | $54,709,967.25 | $51,916,212.55 | $2,050,458.49 | $2,050,458.49 |
| Paul E. Harner and Ballard Spahr LLP (Fee Examiner and Counsel to the Fee Examiner ) | $273,435.50 | $218,748.40 | $1,546.29 | $1,546.29 |

Date Order Signed: October 24, 2019
Initials: RDD USBJ