## EXHIBIT A

**TRAVERSO DECLARATION**

**THE LAW OFFICES OF TERENCE F. TRAVERSO**

Terence F. Traverso (*admitted pro hac vice*)
1408 140th Place NE, Suite 140
Bellevue, WA 98007
Telephone:  (425) 453-0115
Email:  assistant1@traversolaw.com

*Counsel to Shelley S. Hawkins*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | Case No. 18-23538 (SHL) |
| **Debtors.[1]** | (Jointly Administered) |

**DECLARATION OF TERENCE F. TRAVERSO IN SUPPORT OF OBJECTION OF
SHELLEY S. HAWKINS TO MOTION OF THE CHUBB COMPANIES FOR ENTRY
OF AN ORDER (I) RULING THAT DEFAULT JUDGMENT, SETTLEMENT
AGREEMENTS AND STATE COURT ORDERS ARE EACH VOID AB INITIO
PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) AND WITHOUT EFFECT; AND
(II) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816

Terence F. Traverso, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

1.      I am primary counsel to Shelley S. Hawkins.  I submit this declaration in support of the *Objection of Shelley S. Hawkins to Motion of the Chubb Companies for Entry of an Order (I) Ruling that Default Judgment, Settlement Agreements and State Court Orders are Each Void Ab Initio Pursuant to 11 U.S.C. §§ 105(a) and 362(a) and (II) Granting Related Relief* (the "Objection").  Capitalized terms used herein are intended to have the same meanings ascribed to such terms in the Objection.

2.      On November 16, 2016, Shelley S. Hawkins was involved in a motor vehicle collision in the state of Washington with, among others, non-Debtor defendant Miguel.  The collision left Plaintiff with severe injuries including, among other things, a concussion.  Plaintiff has not yet recovered any amount from any of the parties responsible for her injuries.

3.      In November 2020, I assisted my client in retaining bankruptcy counsel (Deborah Crabbe and Dan Youngblut, who is licensed in New York but practices in Seattle, at Foster Garvey P.C.).  After discussions with bankruptcy counsel regarding the automatic stay and the Stay Extension Order, Hawkins requested that said counsel negotiate a stipulation providing for limited relief from the Stay Extension Order, which was agreed to by the Debtors' counsel.

4.      I have caused motions to be filed vacating any judgments against and dismissing from the Washington Litigation, Sears Holdings Corporation and A&E Factory Service, LLC, which I understand were Debtors in these chapter 11 cases.

5.      Ace American did not appeal or file a motion to reconsider either the order by the Snohomish Court approving the Second Settlement Agreement or the order by the Snohomish Court approving the Confession of Judgment, and did not take any specific action to invalidate or reverse the Snohomish Court's orders.  Ace American has, however, filed an answer to the second

amended complaint in which it denied coverage of the Judgment.  Its answer admitted that Miguel is an "Insured" under the policy and Ace American has not denied in this action that it owed Miguel a duty to defend.

6.      The change in the amount set forth in the Second Settlement Agreement ($1.5 million, from approximately $450,000 in the First Settlement Agreement) is due to a substantial worsening of my client's injuries and updated damages and, in any case, was approved by the Snohomish Court as reasonable under applicable Washington law. Before approving it, the Snohomish Court was aware of the worsening of Ms. Hawkins' injuries and increased damages.

7.      In my experience, "consent judgment" settlement agreements pursuant to which individual defendants assign any "bad faith" claims they may have against their insurers to plaintiffs are not uncommon in tort litigation and are well-established under state law as a permitted settlement vehicle between claimants and insureds.  *See, e.g.*, *Besel v. Viking Ins. Co.*, 146 Wn.2d 730, 49 P.3d 887 (2002).

8.      On or about August 31, 2022, I filed a motion for partial summary judgment in the Washington Litigation.  The motion follows months of intense discovery, motion practice, and ancillary litigation.  It is currently set for hearing in the Snohomish Court on October 21, 2022. On October 10, 2022, Ace American Insurance Company filed a new motion asking the Snohomish Court to stay the motion on grounds contained in and pending its current Bankruptcy Court motion.

9.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of that certain Report and Recommendation entered by Magistrate Judge Brian A. Tsuchida of the United States District Court for the District of Western Washington on January 10, 2022.

10.     Attached hereto as <u>Exhibit B</u> is a true and correct copy of that certain response, dated on or about February 2, 2022, by Ace American to an interrogatory which I caused to be served on Ace American.

11.     Attached hereto as <u>Exhibit C</u> is that certain *Plaintiff's Motion for Partial Summary Judgment Against Ace American Insurance Company*, filed in the Snohomish Court on August 31, 2022.

12.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of that certain *Order on Revision*, entered by the Snohomish Court on October 7, 2022.

13.     Attached as <u>Exhibit E</u> is a true and correct copy of that certain *Defendant Ace American Insurance Company's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint*, filed in the Snohomish Court on September 6, 2022.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Executed on October 14, 2022 at Bellevue, Washington.

Terence F. Traverso, WSBA No. 21178
Primary Counsel to Hawkins

**<u>EXHIBIT A</u>**

**REPORT AND RECOMMENDATION**

1

2

3

4

5          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
6              AT SEATTLE

7  SHELLY S HAWKINS, individually and as
   assignee of Edwin G. Miguel,
8                                              CASE NO. 2:21-cv-01459-RAJ-BAT
                        Plaintiff,
9                                              **REPORT AND**
              v.                               **RECOMMENDATION**
10
   ACE AMERICAN INSURANCE
11 COMPANY, EDWIN G. MIGUEL;
   FATEMAH S. ALSUWAIDAN; DOES
12 AND DOE INSURANCE COMPANIES 1-5,

13                     Defendants.

14        Plaintiff Shelly S. Hawkins moves the Court for an order remanding this case to the

15 Snohomish County Superior Court for lack of federal diversity jurisdiction. Dkt. 12. Defendant

16 Ace American Insurance Company ("Ace American") contends there is complete diversity

17 between the parties who have been validly joined and served, and that the remaining non-diverse

18 defendant has no viable interest in the litigation. Dkt. 15. The undersigned recommends that

19 Plaintiff's motion to remand and for attorney's fees be granted.

20                              BACKGROUND

21        This case arises from a motor vehicle collision on November 16, 2016 in Lynwood,

22 Washington. Plaintiff was driving her vehicle when Defendant Fatemah Alsuwaidan drove her

23 rental car into the back of Plaintiff's vehicle. Defendant Edwin Miguel, who was driving a van

owned by Sears, crashed into Defendant Fatemah Alsuwaidan's vehicle, which then crashed into

REPORT AND RECOMMENDATION - 1

1  Plaintiff's vehicle. Dkt. 6, pp. 3-7; *id.*, p. 86. On September 20, 2018, Plaintiff filed a complaint

2  for negligence in the Snohomish Superior Court against Edwin Miguel; A&E Factory Service or

3  Sears Holding Management (Miguel's employer); and Fatemah Alsuwaidan and her husband.

4  Dkt. 6, pp. 3-7.[1]

5       On January 8, 2019, the Bankruptcy Court overseeing the Chapter 11 reorganization of

6  Sears extended the automatic stay to apply to all defendants in this action. Dkt. 16, Declaration

7  of Lloyd Bernstein, Ex. 1 (Order Extending Automatic Stay to Certain Non-Debtor Parties

8  signed by Judge Robert D. Drain in *In re Sears Holdings Corporation, et al.*, United States

9  Bankruptcy Court for the Southern District of New York Case No. 18-23538 (RDD)).

10       On January 17, 2019, Plaintiff served the Alsuwaidans through the Secretary of State

11  pursuant to RCW 46.64.040, which provides, in pertinent part:

12      [The] operation [of a motor vehicle on the public highways of Washington state
13      by a nonresident] ... shall be a signification of the nonresident's agreement that
    any summons or process against him or her which is served [upon the secretary of
14      state of the state of Washington] shall be of the same legal force and validity as if
    served on the nonresident personally within the state of Washington. Likewise,
15      each resident of this state who, while operating a motor vehicle on the public
    highways of this state, is involved in any accident, collision, or liability and
16      thereafter at any time within the following three years cannot, after a due and
    diligent search, be found in this state appoints the secretary of state of the state of
17      Washington as his or her lawful attorney for service of summons as provided in
    this section for nonresidents.

18       On April 5, 2021, the Bankruptcy Court lifted the automatic stay. Dkt. 16, Bernstein

19  Decl. Ex. 2.

20       On June 23, 2021, Plaintiff settled her claims against Defendant Miguel (the "Settlement

21  Agreement"). Defendant Miguel admitted his negligence caused the collision and Plaintiff's

22

23  [1] Plaintiff also alleged injuries from a second motor vehicle collision which occurred January 6,
2017, involving Jenni Wakida and John Doe Wakida. On May 3, 2019, Plaintiff voluntary
dismissed her claims against the Wakidas. Dkt. 6, pp. 577-579.

REPORT AND RECOMMENDATION - 2

1   injuries and agreed to entry of a judgment against him in favor of Plaintiff in the amount of

2   $1,500,000.00. Dkt. 855-868. Defendant Miguel also assigned to Plaintiff, all his claims against

3   Ace American arising out of the collision and insurance contract, including claims for breach of

4   the duty of good faith and fair dealing, negligence, malpractice, breach of contract, breach of

5   fiduciary duty, and violations of the Washington Consumer Protection Act and Insurance Fair

6   Conduct Act. Dkt. 6, pp. 855-868. Plaintiff and Defendant Miguel contend that Ace American

7   failed to respond to attempts to Plaintiff's attempt to settle and rejected and refused a tender of

8   defense for Defendant Miguel. *Id.*, pp. 791-792.

9       According to the parties' handwritten amendments to the Settlement Agreement, their

10  intent was "that only Hawkins may pursue Miguel's reserved claims for non-economic damages.

11  Miguel reserves no causes of action or pursuable claims." And that "plaintiff shall pay [illegible]

12  to Miguel any such noneconomic damages she recovers"). *Id.*, p. 863. In exchange for the right

13  to pursue all assigned claims and remedies available to Defendant Miguel against Ace American,

14  Plaintiff agreed not to enforce or execute on any judgment against Defendant Miguel or his

15  personal assets. *Id.*, p. 864. On September 1, 2021, a Confession of Judgment was entered in

16  favor of Plaintiff against Defendant Miguel in the principal amount of $1,500,000.00. *Id.*, pp.

17  924-925 (the "Judgment").

18      On July 12, 2021, Plaintiff voluntarily dismissed her claims against A&E Factory Service

19  and Sears Holdings Management. Dkt. 6, pp. 766-767.

20      On September 10, 2021, the Snohomish County Superior Court granted Plaintiff leave to

21  amend her complaint. Dkt. 6, pp. 869-871. The court noted that Defendants Miguel and

22  Alsuwaidan are the only remaining defendants; Defendant Alsuwaidan had never appeared,

23  although "Plaintiff effected valid service of process upon Defendant Alsuwaidan on January 17,

REPORT AND RECOMMENDATION - 3

1  2019"; and Plaintiff is now the assignee of Defendant Miguel's causes of action against Ace

2  American. *Id.*, p. 870. The court granted the motion to amend without notice to Defendant

3  Alsuwaidan due to her failure to appear. *Id.*

4  On September 14, 2021, Plaintiff obtained an Order of Default and Default Judgment

5  against Defendants Alsuwaidan ("Default Judgment"). The state court based the Order of Default

6  on Plaintiff's substituted service of the Alsuwaidans on January 17, 2019, through the

7  Washington Secretary of State, pursuant to RCW Chapter 46.64. Dkt. 6, pp. 873-875 (Findings

8  and Conclusions); pp. 876-877 (Order of Default and Default Judgment). In a January 11, 2019

9  Declaration of Plaintiff's Counsel Regarding Compliance with RCW 46.64.040, counsel detailed

10  his due diligence attempts to locate Defendants Alsuwaidan prior to utilizing the substituted

11  service provisions of RCW 46.64.040. Included in these attempts was hiring a licensed private

12  investigator who determined that Defendant Alsuwaidan is probably from another country and

13  was in Washington visiting or on business at the time of the accident; there was no license

14  number or state of residence on the ticket or accident report; the address noted by the officer for

15  Defendant Alsuwaidan was a hotel address (Stay Bridge Suites in Mukilteo); Defendant

16  Alsuwaidan was driving a rental car; and none of the nationwide, statewide Washington or local

17  databases contained information on Defendant Alsuwaidan. Dkt. 6, pp. 85-86. Default Judgment

18  was entered against Defendants Alsuwaidan in the amount of $280.00. *Id.*

19  On September 15, 2021, Plaintiff filed a "Corrected Amended Complaint" in her

20  individual capacity and as "assignee of Edwin G. Miguel." Dkt. 1-2. Plaintiff alleges "upon

21  information and belief" that Defendants Miguel and Alsuwaidan reside in King County,

22  Washington. Ace American is a Pennsylvania corporation licensed to engage in the insurance

23  business in the State of Washington. *Id.*, p. 2. Plaintiff asserts a claim of negligence against

1  Defendants Miguel and Alsuwaidan, various insurance-based tort claims against Ace American

2  (assigned to her by Defendant Miguel), including violations of the duty of good faith and fair

3  dealing and the Washington Insurance Fair Conduct Act. *Id.*, pp. 9-10.

4  On October 27, 2021, Ace American filed its Notice of Removal, pursuant to 28 U.S.C.

5  §§ 1332(a) and 1441(b). Dkt. 1, p. 3. Ace American asserted that "[c]omplete diversity exists

6  between all known parties who still have an interest in this action." Dkt. 1, p. 3. Ace American

7  did not obtain Defendant Miguel's consent to the removal and he does not consent to removal.

8  Dkt. 12-1, Declaration of Sean Malcolm, ¶¶ 4, 5, 6.

9  On November 24, 2021, Plaintiff filed a motion to remand and seeks attorney fees

10  pursuant to 28 U.S.C. § 1447(c) or sanctions under Rule 11. Dkt. 12. Plaintiff contends that

11  removal is improper because it is "undisputed" that she, Defendant Miguel, and Defendants

12  Alsuwaidan are "all residents of Washington and that these have been original defendants since

13  the time Plaintiff commenced the action in 2018." Dkt. 12, p. 4.

14  <u>DISCUSSION</u>

15  A.  <u>Legal Standard – Motion to Remand</u>

16  "A civil case commenced in state court may, as a general matter, be removed by the

17  defendant to federal district court, if the case could have been brought there originally." *Martin*

18  *v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); see 28 U.S.C. § 1441(a). An action is

19  removable to a federal court only if it might have been brought there originally. 28 U.S.C. §

20  1441(a). If at the time a defendant seeks to remove an action to federal court, there is complete

21  diversity among the parties and the matter in controversy is in excess of $75,000.00, the

22  requirements for removal have been met. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).

23  "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from

1   each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

2           In addition to the complete diversity requirement, the removing defendants must obtain

3   the consent of all defendants, with the exception of nominal parties (28 U.S.C. § 1446(b); *see*

4   *also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir.1986)) and parties who are

5   fraudulently joined. *Hewitt*, 798 F.2d at 1232; *see also Emrich v. Touche Ross & Co.*, 846 F.2d

6   1190, 1193 (9th Cir.1988). A defendant is a nominal party where his role is limited to that of a

7   stakeholder or depositary. *Hewitt*, 798 F.2d at 1233.

8           The Court must "strictly construe the removal statute against removal jurisdiction," so

9   that any doubt as to the right of removal is resolved in favor of remanding the case to state court.

10  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to

11  demonstrate removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.*

12  *Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus*, 980 F.2d at 567).

13  B.      Plaintiff's Motion to Remand

14          Plaintiff urges that removal is improper because it is "undisputed" that she, Defendant

15  Miguel, and Defendants Alsuwaidan are "all residents of Washington and that these have been

16  original defendants since the time Plaintiff commenced the action in 2018." Dkt. 12, p. 4. At the

17  outset, the Court notes that the operative complaint is Plaintiff's Corrected Amended Complaint

18  filed on September 15, 2021 – the first pleading in which Plaintiff named Ace American and the

19  first pleading "from which it may first be ascertained that the case is one which is or has become

20  removable." *See* 28 U.S.C. § 1446(b)(3).

21          1)      Defendants Alsuwaidan

22          In its Notice of Removal, Ace American does not assert that Defendant Alsuwaidan is a

23  diverse defendant but rather, asserts that "Defendant Alsuwaidan is also believed to be a resident

1   of Washington." Dkt. 1, p. 4. Ace American argues that Defendant Alsuwaidan is not a party in

2   interest for purposes of determining diversity because the September 14, 2021 Default Judgment

3   entered against her "is a final determination of her rights." Dkt. 1, p. 4. Ace American relies on

4   *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004) for the proposition that

5   settlement and dismissal of a diversity-destroying party cures the jurisdictional defect originally

6   caused by such party.

7          *Grupo* does not support Ace American's position as the cure to the jurisdictional defect in

8   *Grupo* "arose not from a change in the parties to the action, but from a change in the citizenship

9   of a continuing party." *Id.* at 575-76. Here, there was no change in citizenship of a continuing

10  party. Moreover, as discussed below, the "conversion [of a nonremovable case] can only be

11  accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is

12  not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of

13  the party or of parties defendant." *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th

14  Cir.1978). The Alsuwaidan Defendants have not been dismissed from this action.

15         Pursuant to Washington Superior Court Rule CR 54(b), a judgment against one party or

16  upon one claim (in cases involving multiple claims or parties) is not final unless the court makes

17  "an express determination in the judgment, supported by written findings, that there is no just

18  reason for delay and upon an express direction for the entry of judgment." In the absence of such

19  findings, any order which "adjudicates fewer than all the claims or the rights and liabilities of

20  fewer than all the parties shall not terminate the action as to any of the claims or parties, and the

21  order … is subject to revision at any time before the entry of judgment adjudicating all the

22  claims and the rights and liabilities of all the parties." The Snohomish County Superior Court

23  made no such express determination when it entered the Default Judgment. Dkt. 6, pp. 876-77.

Additionally, and for the first time in its opposition to the Motion to Remand, Ace American argues that the Alsuwaidan Defendants are diverse parties who were not validly served and are, therefore, not parties who needed to consent to removal. Ace American contends that Plaintiff's service of the Alsuwaidans is void as a matter of law because it occurred during the automatic bankruptcy stay and that Plaintiff was aware that Defendant Fatemah Alsuwaidan is "probably from another country" based on the findings of the private investigator engaged in attempting to locate the Alsuwaidans for service. Dkt. 15, p. 7; *see also* Dkt. 6, pp. 85-86*.* The Court need not address the merits of these arguments as they are not timely.

A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446(b).  The notice of removal cannot be amended to add new bases for removal after the thirty-day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir.2000); *Satcher v. Stanislaus,* 2020 WL 885768 (W.D. Wash. 2020) (citing *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) and *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013)). Thus, the court does not consider the merits of these newly asserted grounds.

Because the state court record reflects that Defendants Alsuwaidan were validly served and remain parties in this action, their joinder or consent to the removal of the action was required. §1446(b)(2)(a); *See Hewitt,* 798 F.2d at 1232 (In a case involving multiple defendants, "[a]ll defendants must join in a removal petition.") Ace American's Notice of Removal fails to sufficiently identify the diversity citizenship of the Alsuwaidans and therefore, Plaintiff's motion to remand should be granted. *See e.g.*, *Paris v. Michael Aram, Inc*., 2018 WL 501560, at *1-*2

1    (C.D. Cal. Jan 22, 2018) (finding that diversity was not established when notice of removal

2    alleged only that plaintiff was "residing" and working in California); *Kanter v. Warner-Lambert*

3    *Co.*, 52 F.Supp. 2d 1126 (N.D. Cal. 1999), *aff'd*, 265 F.3d 853 (9th. Cir. 2001) (motion to

4    remand granted because notice of removal failed to allege citizenship of defendants).

5            2)    <u>Defendant Miguel</u>

6            It is not disputed that Defendant Miguel was served with the Corrected Amended

7    Complaint, that he is a resident of the State of Washington, and that he did not consent to

8    removal. In its Notice of Removal, Ace American contends that Defendant Miguel is not a party

9    in interest for purposes of determining diversity because the Settlement Agreement and

10   Judgment entered in the state court action is "a final determination of his rights." Dkt. 1, pp. 3-4.

11           Defendant Miguel has not been dismissed from the Snohomish County lawsuit and

12   Plaintiff asserts a claim of negligence against him in her Corrected Amended Complaint.

13   However, relying on the "voluntary-involuntary rule," Ace American argues that a formal

14   dismissal of Defendant Miguel from the Snohomish County lawsuit is not required because

15   Plaintiff effectively abandoned her claims against Defendant Miguel through settlement and

16   agreement not to enforce the judgment.

17           Two principles are relevant to this issue. First, that the existence of federal jurisdiction is

18   to be determined solely by an examination of the plaintiff's case, without recourse to the

19   defendant's pleadings. *Self*, 588 F.2d at 657 (internal citations omitted). Second, that a suit must

20   remain in state court unless a "voluntary" act of plaintiff brings about a change that renders the

21   case removable, i.e., the "voluntary-involuntary" rule. *Id.* at 657-658 (citing *Powers v.*

22   *Chesapeake & O. Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898) and other cases in the

23   development of the rule).  As explained by the Supreme Court in *Great Northern Ry v.*

REPORT AND RECOMMENDATION - 9

*Alexander,* 246 U.S. 276, 281-82, 38 S.Ct. 237, 62 L.Ed. 713 (1918):

> The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, In invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

Here, there is no allegation or evidence of a fraudulent purpose to defeat removal. Ace American's contention is that by settling with Defendant Edwin Miguel and entering a judgment against him, Plaintiff resolved all her negligence claims against him and there are no claims left for her to pursue against him. Alternatively, Ace American argues that Defendant Miguel's consent to removal was not required because his interests are aligned with those of Plaintiff.

In the Ninth Circuit, a suit not removable when first filed in state court only becomes removable by a plaintiff's voluntary act. *Self*, 588 F.2d at 657-60. *Accord Harris v. Moore*, No C16-1683-JLR, 2017 WL 3288559 at *3 (W.D. Wash. Mar. 1, 2017). In *Self*, the Ninth Circuit concluded that even a final judgment in favor of the non-diverse defendant did not provide grounds for the diverse defendant to remove the action. *Self,* 588 F.2d at 660. This Court has consistently stated that "[i]t is well-settled that 'settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action.'" *Stroman v. State Farm Fire & Cas. Co.*, No. C18-1297-RAJ, 2019 WL 1760588 at *2 (W.D. Wash. Apr. 22, 2019) (quoting *Bishop v. Ride the Ducks Int'l*, LLC, C18-1319-JCC, 2018 WL 5046050 at *2 (W.D. Wash. Oct. 17, 2018) (cited source omitted)). Despite this authority, Ace American argues that adherence to *Self* would be misplaced in this situation, where the Plaintiff has effectively eliminated Defendant Miguel "with no remaining stake in the current litigation." Dkt. 15, p. 18.

REPORT AND RECOMMENDATION - 10

1   In *Stroman* and *Bishop*, this Court was tasked with determining whether bad faith

2 justifying removal existed where, more than a year after the filing of the complaint, the case had

3 been dismissed by a state court following settlement and removed. *See*, *e.g.*, *Stroman*, 2019 WL

4 1760588 at *2-3; *Bishop*, 2018 WL 5046050 at *1-2. The Court also recognized the need for

5 dismissal of the non-diverse defendant by the state court prior to removal. *See Stroman*, 2019

6 WL 1760588 at *2 (stating that, "even if [a] settlement agreement [had been] negotiated prior to

7 the one-year cut off date, diversity jurisdiction would not be established until [the non-diverse

8 defendant] was actually dismissed."); *Bishop*, 2018 WL 5046050 at *2 ("But 'settlement with a

9 non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed

10 from the action.'") (quoting *Dunkin v. A.W. Chesterton Co.*, C10-458, 2010 WL 1038200 at *2-3

11 (N.D. Cal. Mar. 19, 2010) (finding "settlement is insufficient to confer removal jurisdiction

12 where the formal dismissal of the non-diverse defendant has not yet been entered" by the state

13 court) (citing *Self*, 588 F.2d at 659)). *See also Price, as Trustee of Vivian Price Family Trust v.*

14 *AMCO Insurance Company*, 2017 WL 4511062, *2 (E.D. Cal. October 10, 2017) ("Although the

15 decision in *Self* does not definitively answer the question now before this court, it provides

16 strong support for the conclusion that removal is improper until and unless the non-diverse

17 defendant has been formally dismissed from the action.") (citing to several district courts within

18 the Ninth Circuit which have ruled accordingly).

19   Based on the foregoing, the undersigned concludes that removal jurisdiction was not

20 conferred in this case upon the Settlement and Judgment.

21   Ace American also argues that Defendant Miguel's consent or joinder in the removal was

22 not required as his interests are aligned with Plaintiff's. "If the interests of a party named as a

23 defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named

REPORT AND RECOMMENDATION - 11

defendant must be realigned as a plaintiff for jurisdictional purposes." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987)

Even if Defendant Miguel were realigned as a plaintiff for jurisdictional purposes, there remains a lack of diversity jurisdiction because Washington residents would still be on both sides of the case (Plaintiff/Miguel and Defendant Alsuwaidan). Moreover, the Court is not convinced that Defendant Miguel is a nominal defendant. Plaintiff has affirmatively stated a cause of action against him, and he has not been dismissed from the state court action. Thus, he is more than just a depositary but is a party to whom liability may attach.[2]

For the reasons stated herein and consistent with the directive to strictly construe the removal statute against removal, the undersigned concludes that this case should be remanded as Ace American has failed to establish complete diversity, depriving this Court of jurisdiction and invalidating its attempt to remove this matter to federal court.

C.      Attorneys' Fees and Costs

Plaintiff moves this Court for "sanctions against Ace American under Fed. R. Civ. P. 11, and/or reasonable attorney's fees incurred in filing this motion pursuant to 28 U.S.C. § 1447(c)."

The removal statute authorizes an award of attorney's fees when the court remands a case as the result of improper removal. 28 U.S.C. § 1447(c). Fees are appropriate when removal lacks "an objectively reasonable basis." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id*. Rather, the court

---

[2] Ace American's contention that Defendant Miguel's interests are in complete alignment with those of the Plaintiff is also diminished by its allegations that the Settlement and Judgment are void or voidable. *See* Dkt. 10, ¶¶ 8.9, 8.10, 8.11, 8.12.

REPORT AND RECOMMENDATION - 12

1   must determine whether the defendant's arguments supporting removal were "clearly

2   foreclosed." *Id*. at 1065-66.

3          The undersigned finds that Plaintiff's motion for costs and expenses, including attorneys'

4   fees should be granted. Such an award is appropriate here as the Court has found no tangible

5   support for Ace American's position. Established Ninth Circuit authority supports the conclusion

6   that removal is improper until and unless the non-diverse defendant has been formally dismissed.

7   Additionally, Ace American sought to rely on untimely assertions of additional grounds for

8   removal in its opposition.

9                              OBJECTIONS AND APPEAL

10         This Report and Recommendation is not an appealable order. Therefore, a notice of

11  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

12  assigned District Judge enters a judgment in the case. Objections, however, may be filed and

13  served upon all parties no later than **January 24, 2022**. The Clerk should note the matter for

14  **January 26, 2022**, as ready for the District Judge's consideration if no objection is filed. If

15  objections are filed, any response is due within 14 days after being served with the objections. A

16  party filing an objection must note the matter for the Court's consideration 14 days from the date

17  the objection is filed and served. The matter will then be ready for the Court's consideration on

18  the date the response is due. Objections and responses shall not exceed seven (7) pages. The

19  failure to timely object may affect the right to appeal.

20         DATED this 10th day of January, 2022.

21

22

23                                          BRIAN A. TSUCHIDA
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION - 13

1

2

3

4

5                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE
6

7  SHELLY S HAWKINS, individually and as
   assignee of Edwin G. Miguel,

8                          Plaintiff,              CASE NO. 2:21-cv-01459-RAJ-BAT

9          v.                                      **ORDER OF REMAND**

10 ACE AMERICAN INSURANCE
   COMPANY, EDWIN G. MIGUEL;
11 FATEMAH S. ALSUWAIDAN; DOES
   AND DOE INSURANCE COMPANIES 1-5
12
                         Defendants.
13
           Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida,
14
   United States Magistrate Judge, any objections or responses to that, and the remaining record,
15
   the Court finds and **ORDERS**:
16
           (1)     The Court **ADOPTS** the Report and Recommendation;
17
           (2)     The Court **GRANTS** Plaintiff's Motion to Remand (Dkt. 12);
18
           (3)     Plaintiff shall submit a motion and declaration detailing her reasonable attorneys'
19
   fees and costs incurred in prosecuting her motion to remand no later than seven (7) days from the
20
   entry of this Order;
21
           (4)     Ace American Insurance Company may, but is not required to, file a responsive
22
   brief not to exceed three (3) pages no later than ten (10) days from the date of this Order;
23

ORDER OF REMAND - 1

1       (5)      Except for the Court's determination of reasonable attorneys' fees and costs

2    pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are **REMANDED** to the

3    Superior Court for Snohomish County, Washington;

4       (6)      The Clerk shall copies of this order to all counsel of record for all parties;

5       (7)      Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the Order

6    of Remand and the record herein, to the Clerk for the Superior Court for Snohomish County,

7    Washington;

8       (8)      Except for their briefs regarding attorneys' fees and costs, the parties shall file

9    nothing further in this matter, and instead are instructed to seek any further relief to which they

10    are entitled from the courts of the State of Washington, as may be appropriate in due course; and

11       (9)      The Clerk shall **CLOSE** this case.

12       DATED this _____ day of _____, 2022.

13

                                 _____

14                               RICHARD A. JONES
                               United States District Court Judge

15

16

17

18

19

20

21

22

23

ORDER OF REMAND - 2

## **EXHIBIT B**

### **INTERROGATORY NO. 7**

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHELLEY S. HAWKINS, individually and
as assignee of Edwin G. Miguel,

               Plaintiff,

    v.

ACE AMERICAN INSURANCE
COMPANY, a foreign insurer; EDWIN G.
MIGUEL; FATEMAH S. ALSUWAIDAN;
and DOES AND DOE INSURANCE
COMPANIES 1-5,

               Defendants.

Case No.: 2:21-cv-01459-RAJ-BAT

DEFENDANT ACE AMERICAN
INSURANCE COMPANY'S RESPONSES
TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION

Defendant Ace American Insurance Company ("Ace") responds to Plaintiff's First

Interrogatories and Requests for Production as follows:

## GENERAL RESPONSE AND OBJECTIONS

    1.    Ace objects to the extent these Interrogatories or Requests seek information or

documents not discoverable under the Federal Rules of Civil Procedure or seek to impose

obligations not expressly provided for under the Federal Rules of Civil Procedure,

specifically including, but not limited to, the instructions regarding identifying and producing

documents protected from disclosure, as well as improper implications that the Requests are

"continuing" to any extent beyond the scope of FRCP 26(e).

DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION

PAGE 1

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

1  existed from the time Ace received an insurance claim for the loss at issue and the time of the

2  filing this lawsuit, but this production must be subject to a stipulated and entered protective

3  order.

4

5  INTERROGATORY NO. 6: State in detail any and all attempts you allege you made

6  before June 23, 2021, to defend Defendant Edwin Miguel against Plaintiff's claims in this

7  lawsuit, including the dates of each such attempt and identities of all people with knowledge

8  of your alleged attempts.

9  RESPONSE: Ace was unaware that Plaintiff had served Defendant Edwin Miguel and

10 only became aware of a claim. On information and belief, Edwin Miguel did not ever

11 provide notice of the suit to Ace, or any of its claims managers. As a result, Ace was without

12 information sufficient to form a belief that any defense obligation was owed. Once Ace

13 became aware that the action was pending against Edwin Miguel, it assigned defense counsel

14 who filed an appearance on behalf of Edwin Miguel, A&E Factory Service LLC, and Sears

15 Management Holding Corporation. On information and belief, Edwin Miguel's personal

16 counsel thereafter instructed appointed defense counsel to withdraw from the defense of

17 Edwin Miguel.

18

19 REQUEST FOR PRODUCTION NO. 13: Please produce all documents regarding or

20 related to your response to Interrogatory No. 6.

21 RESPONSE: In response to Request for Production No. 13, Ace incorporates and

22 restates its response to Request for Production No. 6.

23

24 INTERROGATORY NO. 7: State in detail all reasons why no insurance defense

25 counsel retained by you appeared in Plaintiff's lawsuit against Defendant Edwin Miguel

26 before June 23, 2021, including the identities of all people with knowledge of such reasons.

DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION

PAGE 10    **Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1    <u>RESPONSE</u>: Ace objects to Interrogatory No. 7 as an overbroad and unduly

2    burdensome request.  An interrogatory should not require Ace to provide a narrative account

3    of its defense against Plaintiff's lawsuit.  Indiscriminate interrogatories like this one,

4    sometimes called "blockbuster" interrogatories, do not comport with the just, speedy, and

5    inexpensive determination of the action, and they conflict with the purpose of the discovery

6    rules. Notwithstanding these objections, Ace notes that Defendant Edwin Miguel did not at

7    any time tender the lawsuit to Ace, nor did it provide notice to Ace that he had been served

8    with the lawsuit. Ace additionally notes that it was relying on communications from the

9    insureds' appointed defense counsel  in believing that Plaintiff did not file the Complaint

10    against any of Ace's insureds.

11    Because the identities of individuals requested by Interrogatory No. 7 may be

12    determined by examining, auditing, compiling, abstracting, or summarizing Ace's claim file,

13    and the burden of deriving or ascertaining the answer will be substantially the same for either

14    party, no further response is merited pursuant to FRCP 33(d).

15

16    <u>REQUEST FOR PRODUCTION NO. 14</u>: Please produce all documents regarding or

17    related to your response to Interrogatory No. 7.

18    <u>RESPONSE</u>: In response to Request for Production No. 14, Ace incorporates and

19    restates its response to Request for Production No. 6.

20

21    <u>INTERROGATORY NO. 8</u>: For each allegation in Plaintiff's Complaint that you

22    deny, state in detail and identify all facts, opinions, people and documents that support each

23    denial.

24    <u>RESPONSE</u>: Ace objects to Interrogatory No. 8 as an overbroad and unduly

25    burdensome request.  Ace further objects to Interrogatory No. 8 as impermissibly seeking

26    information or documents protected by the attorney client and/or work product privileges.

DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION

PAGE 11    **Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1  REQUEST FOR PRODUCTION NO. 16: Please produce all documents responsive to

2  Interrogatory No. 9.

3  RESPONSE: In response to Request for Production No. 16, Ace incorporates and

4  restates its response to Request for Production No. 6. Ace further notes that it has already

5  provided a copy of the underlying case file, which is currently on file with the Court.

6

7  INTERROGATORY NO. 10: Identify your current banks, bank routing numbers, and

8  bank account numbers containing funds for the payment of claims against your insureds.

9  RESPONSE: Ace objects to Interrogatory No. 10 the grounds that it is not relevant to

10  any of the claims or defenses in the action, and the information sought by Interrogatory No.

11  10 is not reasonably calculated to lead to discoverable evidence. Ace further objects on the

12  grounds that Plaintiff's Interrogatory No. 10 seeks confidential and proprietary information.

13

14  DATED:  February 2, 2022

15  BULLIVANT HOUSER BAILEY PC

16
17
18
19  By _____
20  Lloyd Bernstein, WSBA #46244
   E-mail:   lloyd.bernstein@bullivant.com
   John A. Bennett, WSBA #33214
21  E-mail:   john.bennett@bullivant.com

22  Attorneys for Defendant ACE American
   Insurance Company
23

24  4855-1112-2946.1

25

26

DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION

PAGE 13

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

## **EXHIBIT C**

**PARTIAL SUMMARY JUDGMENT MOTION**

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     IN AND FOR THE COUNTY OF SNOHOMISH

8

9    SHELLEY S. HAWKINS,                          № 18-2-08480-31
     individually and as assignee of
10   Edwin G. Miguel,                             PLAINTIFF'S MOTION FOR
                                                  PARTIAL SUMMARY
11        Plaintiff                               JUDGMENT AGAINST
                                                  DEFENDANT ACE AMERICAN
12        v.                                      INSURANCE COMPANY

13   ACE AMERICAN INSURANCE
     COMPANY, a foreign insurer;
14   EDWIN G. MIGUEL; FATEMAH
     S. ALSUWAIDAN; and DOES
15   AND DOE INSURANCE
     COMPANIES 1-5,
16
          Defendants
17

18        COMES NOW the Plaintiff and moves the Court as follows:

19                              **I. INTRODUCTION**

20        This action against Defendant Ace American Insurance Company ("Ace American")

21   arises from its failure to defend its insured, Defendant Edwin Miguel, from Plaintiff's

22   negligence claim in this lawsuit, or even appoint an attorney to defend him in the litigation.

23   As a result, an undefended and at-risk Mr. Miguel agreed to a consent judgment in Plaintiff's

24   favor of $1,500,000 plus accrual of interest (which settlement the Court approved in a

25   reasonableness hearing) and assignment to Plaintiff of his "bad faith" claims against Ace

26   American, in exchange for Plaintiff's covenant not to execute against his personal assets.  Ace

27

28   PLAINTIFF'S  MOTION  FOR  PARTIAL  SUMMARY              **LAW OFFICES OF**
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN           **TERENCE F. TRAVERSO, P.S.**
     INSURANCE COMPANY - 1                               **1408 140ᵗʰ Place N.E., Suite 140**
                                                            **Bellevue, Washington 98007**
                                              **Phone: (425) 453-0115/Fax: (425) 412-4060**

1  American's admits that Plaintiff's claims against Miguel were covered under the policy, but

2  Ace American now refuses to pay the judgment and is, apparently, denying coverage of the

3  judgment.

4      The Plaintiff now moves for partial summary judgment on Plaintiff's declaratory relief

5  action against Ace American establishing its insurance coverage of the Plaintiff's judgment

6  against Miguel, striking Ace American's affirmative defenses, and for entry of judgment

7  against Ace American on the amount of the underlying judgment against Miguel plus interest,

8  attorneys fees, and costs.  Further, because of Ace American's refusals to defend Miguel and

9  pay the judgment, Plaintiff requests entry of a summary judgment on the Insurance Fair

10  Conduct and duty of good faith claims, and on the breach of contract claim.

11                              **II. FACTS**

12      This case originally arose from a motor vehicle collision that occurred on November

13  16, 2016.  Defendant Edwin Miguel and Defendant Fatemah S. Alsuwaidan were negligent in

14  operating their vehicles.  Plaintiff Shelley Hawkins was injured in the crash.

15      In its Answer to the Complaint, Ace American admitted that Defendant Miguel was

16  involved in this collision with Plaintiff and that at the time, he was driving a cargo van

17  registered to Sears Management LSE.  *Exhibit 1, Corrected Amended Complaint for*

18  *Negligence, Violations of the Washington Insurance Fair Conduct Act and the Duty of Good*

19  *Faith and Fair Dealing, Breach of Contract, and Other Claims, ¶ 3.4; Exhibit 2, Defendant*

20  *Ace American Insurance Company's Answer and Affirmative Defenses to Plaintiff's Corrected*

21  *Amended Complaint, ¶ 3.4.*  Ace American issued insurance policy number ISA H09044188

22  to Sears Holdings Corporation (the "Policy") with a policy period that included the date of the

23  subject collision.  *Exhibits 1 and 2, ¶ 2.4.*

24      Ace American further admitted that it deemed Defendant Miguel to be an "Insured"

25  under the Policy.  *Id., ¶ 3.11.*  In addition to treating Defendant Miguel as an Insured under the

26  policy, <u>Ace American further admitted in its Answer that it extended liability coverage under</u>

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
   JUDGMENT AGAINST DEFENDANT ACE AMERICAN
   INSURANCE COMPANY - 2

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1  the policy for Plaintiff's claims made against Miguel, including the claims made "in this

2  lawsuit." *Exhibits 1 and 2, ¶¶ 3.23, 3.27.*

3         The Policy's Business Auto Coverage Form identifies both Ace American's duty to

4  indemnify and its duty to defend an "Insured" like Mr. Miguel:

5              **SECTION II – COVERED AUTOS LIABILITY
                 COVERAGE**

6
7              **A. Coverage**

8              We will pay all sums an "insured" legally must pay as
               damages because of "bodily injury" or "property
9              damage" to which this insurance applies, caused by
               an "accident" and resulting from the ownership,
10             maintenance or use of a covered "auto".

11             . . .

12             We have the right and duty to defend any "insured"
               against a "suit" asking for such damages or a
13             "covered pollution cost or expense". However, we
               have no duty to defend any "insured" against a "suit"
14             seeking damages for "bodily injury" or "property
               damage" or a "covered pollution cost or expense" to
15             which this insurance does not apply. We may
               investigate and settle any claim or "suit" as we
16             consider appropriate. Our duty to defend or settle
               ends when the Covered Autos Liability Coverage Limit
17             of Insurance has been exhausted by payment of
               judgments or settlements.

18             . . .

19  *Exhibit 3, Excerpts of The Policy, Bates p. POLICY000061* (underline added).  The Covered

20  Autos Liability Coverage Limit of Insurance is $5,000,000.  *Id., Bates p. POLICY000041.*  In

21  addition to these policy limits, the contract provides for payment of all interest on any

22  judgment against the insured and all court costs.  *Id., Bates p. POLICY000062.*

23         Ace American assigned the handling of this covered claim to Sedgwick Claims

24  Management Services, Inc. ("Sedgwick").  *Exhibits 1 and 2, ¶ 3.19.*  On **January 15, 2018**,

25  Ace American's assigned claims adjuster at Sedgwick sent a letter to Plaintiff's counsel.

26  *Exhibit 4, Letter from Janet Cozzone/Sedgwick dated January 15, 2018.*  In this letter, Ms.

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 3

1   Cozzone instructed Plaintiff's counsel to "direct all correspondence and telephone calls"

2   concerning the claim to her. *Id.* The letter also clarified that Sedgwick was working as Ace

3   American's agent and managing the claim on Ace American's behalf: "Sedgwick manages

4   claims for Ace American Insurance Company on behalf of Sears Holdings Company." *Id.*

5       On **January 29, 2018**, Plaintiff's counsel sent Sedgwick a settlement demand package

6   that included a CD containing Plaintiff's medical records and federal tax records documenting

7   her injuries and income loss from the collision. *Exhibit 5, Letter from Plaintiff's Counsel to*

8   *Janet Cozzone/Sedgwick dated January 29, 2018.* Ace American admits Plaintiff provided

9   Sedgwick with documentation of her damages. *Exhibits 1 and 2, ¶ 3.29.*

10      On **April 25, 2018**, Plaintiff's counsel emailed Ms. Cozzone and Sedgwick

11  supplemental settlement demand documents in support of the claim. *Exhibit 6, Email from*

12  *Plaintiff's Counsel to Janet Cozzone/Sedgwick dated April 25, 2018.*

13      On **September 20, 2018**, Plaintiff filed this personal injury action for negligence

14  against Defendants Miguel, A&E Factory Service, L.L.C., Sears Holdings Management

15  Corporation, and the other individual defendants.[1] *Exhibit 7, [Original] Complaint for*

16  *Negligence.* Both the case caption and the body of this original Complaint clearly identified

17  that Plaintiff had commended this action against Defendant Miguel individually, in addition to

18  A&E Factory Service, L.L.C., and Sears Holdings Management Corporation. *Id.*

19      On **October 10, 2018**, Plaintiff served copies of the Summons and Complaint upon

20  Defendant Miguel. *Exhibit 8, Declaration of Service of Summons and Complaint Upon*

21  *Defendant Edwin Miguel.*

22      As of **October 30, 2018**, the 20-day period in which Defendant Miguel was required to

23  answer the Complaint expired. CR 12(a)(1). After this date, therefore, Defendant Miguel was

24

25

26      [1] Plaintiff had originally named A&E Factory Service, L.L.C., Sears Holdings Management Corporation, and
    Jenni M. Wakida and John Doe Wakida as parties defendant, but Plaintiff later dismissed these parties and the case
    caption was amended to remove their names. Specifically, the Court dismissed Defendants Wakida on May 3, 2019,
27  and dismissed A&E Factory Service, L.L.C., and Sears Holdings Management Corporation on July 15, 2021.

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 4

1    immediately at risk of a default judgment due to the failure to appear and defend. *Id.; CR*

2    *54(a)(1), (b).*  The court file and docket show no attorney filed a notice of appearance on

3    Miguel's behalf within this period.  In addition, no attorney served Plaintiff's counsel with any

4    appearance on Miguel's behalf.[2] *Declaration of Plaintiff's Counsel.*

5        Ace American admits it was aware of the original Complaint as of January 1, 2021.

6    *Exhibits 1 and 2, ¶ 3.32.*  According to its claim file documents produced in discovery,

7    however, *Ace American and Sedgwick had actual notice of this lawsuit as early as November*

8    *2018,* including the facts that Plaintiff had commenced this lawsuit and that she completed

9    service of process upon Defendant Miguel.  On **November 9, 2018**, the regional claims

10   manager for Sears forwarded an email to two Sedgwick employees attaching copies of the

11   Summons and Complaint to Ms. Cozzone.  *Exhibit 9, Emails Involving Patricia Glaub and*

12   *Sedgwick Employees, dated November 9-13, 2018.*  This email had the subject line of

13   "MIGUEL EDWIN Loss Date 11/16/2016 served papers." *Id.*  The message was sent with

14   "Importance: High." *Id.*  One of the emails contained within this thread sent to Sedgwick

15   showed Mr. Miguel provided notice that he had been served: "A tech on Brads [sic] team was

16   served paper for an accident he was involved in over a year ago.  His van was pushed into the

17   vehicle in front of him." *Id.*  On **November 12, 2018**, Ms. Glaub sent the email to Ms.

18   Cozzone. *Id.*  On **November 13, 2018**, Ms. Cozzone forwarded the Summons and Complaint

19   to a fifth person at Sedgwick, "supervisor" Thomas Leith. *Id.*

20       As of **June 23, 2021**, 31 months later, the court file and docket again show no attorney

21   filed a notice of appearance on Miguel's behalf within this period, nor did any attorney serve

22   Plaintiff's counsel with an appearance on Miguel's behalf.  *Declaration of Plaintiff's Counsel.*

23   As of that date, Ace American continued in its refusal to provide Miguel any defense to

24

25

26   ───────────────

27        [2] Defense counsel first appeared for Defendant Miguel *nearly three years later*, on July 19, 2021.  *Exhibit 10, Notice of Appearance.*  This appearance by attorneys at Williams Kastner & Gibbs, however, was too late.  It was four weeks after an undefended Mr. Miguel sought to protect himself from Plaintiff's lawsuit by signing both the Confession of Judgment and the binding Settlement Agreement With Assignment of Rights and Covenants against Ace American.

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN
     INSURANCE COMPANY - 5

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1    Plaintiff's litigation at any time. *Id.*

2          On **June 23, 2021**, therefore, Mr. Miguel exercised his right to protect himself from

3    Plaintiff's claims upon an insurer's failure to defend, by signing a Settlement Agreement with

4    Assignment of Rights and Covenants (hereafter, the "Settlement Agreement"). *Exhibit 1,*

5    *Corrected Amended Complaint for Negligence, Violations of the Washington Insurance Fair*

6    *Conduct Act and the Duty of Good Faith and Fair Dealing, Breach of Contract, and Other*

7    *Claims, ¶ 3.38, Exh. B, p. 14.* The only reason Miguel did so was "[a]s a result of Defendant

8    Ace American Insurance Company's failure or refusal to provide a litigation defense and the

9    risks this created for Defendant Edwin Miguel," *exhibit 1, ¶ 3.38,* "thus leaving Defendant

10   Miguel's personal assets exposed and at risk to execution and collection by Plaintiff.

11   Defendant Miguel wishes to protect his personal assets, credit, credit worthiness, and to avoid

12   filing a bankruptcy due to a Judgment and ongoing accrual of interest." *Exhibit 1, Exh. B,*

13   *Settlement Agreement, p. 8.*

14          Under the Settlement Agreement, Miguel agreed to entry of a consent judgment in

15   Plaintiff's favor in the principal amount of $1,500,000, with accrual of interest at 12 percent,

16   compounded annually, subject to this Court's approval in a reasonableness hearing. *Id., pp. 9-*

17   *10.* Miguel also assigned his claims of insurance bad faith and any other causes of action

18   against Ace American to Plaintiff. *Id., pp. 8-9.* In exchange, Plaintiff agreed not to execute

19   against Miguel's personal assets and agreed instead to limit her recovery, if any, to the

20   assigned claims against Ace American. *Id., p. 10.* This Settlement Agreement was expressly

21   made "binding" upon Mr. Miguel. *Id., p. 13.*

22          Also on **June 23, 2021,** Miguel signed the Confession of Judgment in the principal

23   amount of $1,500,000, with interest to accrue at 12 percent, compounded annually. *Exhibit*

24   *14, Confession of Judgment Against Defendant Edwin G. Miguel.*

25          Miguel certified in the Settlement Agreement under penalty of perjury that as of **June**

26   **23, 2021**, Ace American had not denied coverage of Plaintiff's claims, yet the company never

27

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN
     INSURANCE COMPANY - 6

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1    accepted the duties of indemnification or to provide him a litigation defense (despite Ace

2    American being actually aware of the litigation for nearly three years):

3              Defendant Miguel further acknowledges and warrants that to his
          knowledge, the insurer has not denied coverage but has fully accepted
4          coverage of Plaintiff's claim herein (but it has not accepted the duties to
          pay the claim or defend) and, further, the insurer has not accepted
5          coverage or defense of Plaintiff's claim under a reservation of rights.

6    *Id., Settlement Agreement, p. 9.*

7              On **June 25, 2021**, Plaintiff signed the Settlement Agreement, completing this binding

8    agreement with Miguel. *Id., p. 14.*

9              On **July 6, 2021**, Plaintiff filed the Motion for Determination of Reasonableness of

10   Settlement Agreement and for Judgment Thereon, setting a motion hearing date of July 20,

11   2021. *Exhibit 11, Calendar Note for Plaintiff's Motion for Determination of Reasonableness*

12   *of Settlement Agreement and for Judgment Thereon.* The Plaintiff's motion highlighted,

13   discussed, and proved application of the *Glover*[3] factors the Court was required to consider to

14   determine if a settlement is reasonable, including proof that the settlement was not reached in

15   bad faith or through collusion and fraud, such as the following discussion:

16                        **7.    Evidence of bad faith, collusion or fraud.**

17              Plaintiff submits that the Settlement Agreement has been
          negotiated in good faith and with the parties represented by competent
18         counsel. There is no evidence of bad faith, collusion or fraud on the part
          of Mr. Miguel or Plaintiff. The agreement is fair and entirely within the
19         ambit our supreme court described in *Besel* and other cases for insureds
          protecting themselves when their insurer fails to defend them. Mr.
20         Miguel has been placed in a difficult position by what both he and
          Plaintiff consider to be his insurer's bad faith refusal to defend this
21         litigation and indemnify him. Consequently, the Settlement Agreement is
          in the best interests of both parties.

22
     *Id., Plaintiff's Motion for Determination of Reasonableness of Settlement Agreement and for*
23
     *Judgment Thereon.*
24

25              [3] In *Chaussee v. Maryland Casualty Company*, 60 Wn. App. 504, 803 P.2d 1339 (1991), the Washington Court
26   of Appeals adopted the factors approved by the supreme court in *Glover v. Tacoma General Hospital*, 98 Wn.2d 708,
     717, 658 P.2d 1230 (1983), which identified the factors for determining whether a settlement is reasonable in the context
27   of the contribution provisions of RCW 4.22 et seq.

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY              **LAW OFFICES OF**
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN        **TERENCE F. TRAVERSO, P.S.**
     INSURANCE COMPANY - 7                              1408 140th Place N.E., Suite 140
                                                        Bellevue, Washington 98007
                                                   Phone: (425) 453-0115/Fax: (425) 412-4060

1    On **July 16, 2021**, the court rule's deadline for responding to Plaintiff's motion for

2  settlement approval passed.  *SCLCR 6(d)(1).*  No objection to Plaintiff's motion was filed or

3  served, and the motion was thus unopposed.  *Declaration of Plaintiff's Counsel.*

4    On **July 19, 2021**, an attorney from the law firm of Williams Kastner & Gibbs, Tyler

5  Hermsen, served a Notice of Appearance on behalf of Miguel and (dismissed defendants)

6  A&E Factory Service, L.L.C., and Sears Holdings Management Corporation. *Exhibit 10,*

7  *Notice of Appearance.*

8    On **July 20, 2021**, the Court signed an order granting the pending motion for

9  settlement approval, determining that $1,500,000 was a reasonable settlement amount and

10 ordered judgment in that principal amount entered against Miguel with interest at 12 percent,

11 compounded annually.  *Exhibit 12, Order on Plaintiff's Motion for Determination of*

12 *Reasonableness of Settlement Agreement and for Judgment Thereon, signed July 20, 2021.*

13 The order expressly stated that the Court considered application of the *Glover* factors

14 (including the absence of collusion or fraud) in finding the settlement reasonable.  *Id.*

15    On **July 20, 2021**, the Court emailed a copy of this reasonableness order to Mr.

16 Hermsen at Williams Kastner & Gibbs.  *Exhibit 13, Email from Superior Court to Tyler*

17 *Hermsen, Esq., dated July 20, 2021.*

18    On **August 12, 2021**, personal counsel for Mr. Miguel, Sean Malcolm, sent Ace

19 American the 20-day notice-to-cure mandated under the Insurance Fair Conduct Act, RCW

20 48.30.015(1)(a), before filing suit.  *Exhibit 15, IFCA Notice to Cure Letter dated August 12,*

21 *2021.*  This notice was served, as required, upon the insurer and the state Insurance

22 Commissioner.  *Id.*; *RCW 48.30.015(8)(a).*

23    On **September 1, 2021**, as provided by the July 21st Order for Judgment, the Court

24 signed Miguel's Confession of Judgment in the principal amount of $1,500,000, with interest

25 to accrue at 12 percent, compounded annually.  *Exhibit 14, Confession of Judgment Against*

26 *Defendant Edwin G. Miguel.*

27

28 PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT ACE AMERICAN
INSURANCE COMPANY - 8

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    On **September 8, 2021**, Plaintiff filed an amended Complaint by which she repeated

2  her state law claims of negligence against both Defendants Miguel and Alsuwaidan. *Exhibit*

3  *1.*  In addition, Plaintiff joined Ace American as a party defendant and asserted Miguel's

4  assigned claims as his assignee, including violations of the duty of good faith and fair dealing

5  and the Washington Insurance Fair Conduct Act, and breach of contract. *Id.*

6    Despite actual knowledge of the Settlement Agreement, consent judgment, and Order

7  of Reasonableness, Ace American never filed a motion for reconsideration or other motion

8  attacking these orders and judgment, nor did it seek appellate review. *Declaration of*

9  *Plaintiff's Counsel.*

10    On **October 27, 2021**, Ace American instead filed a Notice of Removal with the

11  Court, resulting in temporary removal of the action to the U.S. District Court for Western

12  Washington.

13    On **November 11, 2021**, Ace American filed an Answer to the Complaint.  *Exhibit 2,*

14  *Defendant Ace American Insurance Company's Answer and Affirmative Defenses to Plaintiff's*

15  *Corrected Amended Complaint.*  In its Answer, Ace American apparently denied coverage of

16  Plaintiff's claim and judgment against Miguel and asserted denial of coverage as an

17  affirmative defense, among other alleged defenses. *Id., ¶¶ 8.5, 8.6.*

18    On **December 3, 2021**, Defendant Miguel's personal attorney emailed another demand

19  to Ace American to pay the outstanding judgment against Miguel plus the accrued interest.

20  *Exhibit 16, Email from Defendant Miguel's counsel dated December 3, 2021.*

21    As of the date of this motion, Ace American has not paid any part of the judgment.

22  *Declaration of Plaintiff's Counsel.*

23    When later asked in discovery for any explanation or justification for its refusal to

24  defend Miguel, Ace American only objected and made a general reference to "Ace's claim

25  file." Ace American, however, *did not identify any actual facts or documents in discovery*

26  *justifying its failure to defend*:

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT ACE AMERICAN INSURANCE COMPANY - 9

**LAW OFFICES OF TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1

2

3

       <u>INTERROGATORY NO. 7:</u>  State in detail all reasons why no insurance defense counsel retained by you appeared in Plaintiff's lawsuit against Defendant Edwin Miguel before June 23, 2021, including the identities of all people with knowledge of such reasons.

4

5

6

7

8

9

10

11

12

       <u>RESPONSE:</u> Ace objects to Interrogatory No. 7 as an overbroad and unduly burdensome request. An interrogatory should not require Ace to provide a narrative account of its defense against Plaintiff's lawsuit. Indiscriminate interrogatories like this one, sometimes called "blockbuster" interrogatories, do not comport with the just, speedy, and inexpensive determination of the action, and they conflict with the purpose of the discovery rules. Notwithstanding these objections, Ace notes that Defendant Edwin Miguel did not at any time tender the lawsuit to Ace, nor did it provide notice to Ace that he had been served with the lawsuit. Ace additionally notes that it was relying on communications from the insureds' appointed defense counsel in believing that Plaintiff did not file the Complaint against any of Ace's insureds.  Because the identities of individuals requested by Interrogatory No. 7 may be determined by examining, auditing, compiling, abstracting, or summarizing Ace's claim file, and the burden of deriving or ascertaining the answer will be substantially the same for either party, no further response is merited pursuant to FRCP 33(d).

13

14

15

16

17

*Exhibit 17, Defendant Ace American's Responses to Plaintiff's Interrogatory Nos. 4, 7, 8, and 9, and Requests for Production 6, 7, 9, 14 and 15, dated February 2, 2022.*  Further, Ace's claim file referred to its foregoing response contains <u>no</u> valid legal excuse for failing to defend Mr. Miguel prior to the June 23rd settlement agreement and assignment. *Declaration of Plaintiff's Counsel.*

18

19

20

21

       Likewise, <u>Ace American identified no facts in its discovery responses supporting a denial of coverage or *any* asserted affirmative defenses.</u>  *Id.*  <u>This includes **no** "facts, opinions, people, and documents" supporting affirmative defenses, as required by Interrogatory No. 9 if any such evidence had existed.</u>  *Id.*

22

23

24

25

26

27

       Additionally, Plaintiff's Interrogatory No. 4 and Request for Production 7 requested any and all oral and written communications between Ace American and Mr. Miguel. *Id.* Nowhere in its claim file documents Bates labeled as ACE000001-000499, however, is there any notice to Miguel that Ace American is denying coverage of Plaintiff's claims and judgment against him or discussing said claims and judgment. *Declaration of Plaintiff's Counsel.* This absence of any actual coverage denial is consistent with Mr. Miguel's sworn

28

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1  statement in the Settlement Agreement that Ace American had not sent him a written (or oral)

2  notice of any coverage denial. *Exhibit 1, Corrected Amended Complaint for Negligence,*

3  *Violations of the Washington Insurance Fair Conduct Act and the Duty of Good Faith and*

4  *Fair Dealing, Breach of Contract, and Other Claims, Exh. B, p. 9.*

5        On **June 22, 2022**, the U.S. District Court granted Plaintiff's Motion to Remand,

6  returning the action back to this Court. *Exhibit 18, Order Adopting Report and*

7  *Recommendation*.  The Court also ordered Ace American to pay Plaintiff's attorney fees and

8  costs under 28 U.S.C. § 1447(c) associated with the frivolous removal. *Id.*

9        On **August 26, 2022**, Plaintiff filed her Second Amended Complaint, adding a

10  declaratory judgment action against Ace American and seeking a determination of insurance

11  coverage of Plaintiff's claims and judgment against Miguel.

12        Additional facts are set forth below.

13             **III.  STATEMENT OF ISSUES**

14        1.     Should partial summary judgment be entered against Defendant Ace American

15  on Plaintiff's declaratory judgment action with a resulting judgment entered against Ace

16  American for the underlying consent judgment amount plus accrued interest to date, where

17  Plaintiff's claim and judgment against Miguel are covered under the policy as a matter of law

18  and the Court determined the judgment amount to be reasonable?

19        2.     Should partial summary judgment be entered against Defendant Ace American

20  on Plaintiff's breach of contract action, where Ace American had actual notice of this lawsuit

21  in November 2018, has never denied the claim was covered, and never denied it was required

22  to provide Miguel a timely defense, yet Ace American nevertheless refused to defend Miguel

23  before he entered into the Settlement Agreement and consent judgment in June 2021?

24        3.     Should partial summary judgment be entered against Ace American on

25  Plaintiff's Insurance Fair Conduct Act claim because there is no genuine issue of material fact

26  that Ace American unreasonably denied coverage or the payment of benefits in refusing

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT ACE AMERICAN
INSURANCE COMPANY - 11

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1   demands to pay the underlying judgment?

2        4.      Should partial summary judgment be entered against Ace American on

3   Plaintiff's claim of violation of the duty of good faith and fair dealing where Ace American's

4   violation of insurance regulations are *per se* violations of this duty and, in any event, Ace

5   American's conduct in refusing to defend Miguel and to pay the underlying judgment was

6   unreasonable, frivolous or unfounded?

7        5.      Should the Court strike Ace American's affirmative defenses given there is no

8   evidence creating a genuine issue of material fact regarding them, and even if Ace American

9   could raise a material fact issue, the doctrine of coverage by estoppel applies to bar the

10  assertion of defenses?

11       6.      Should the Court enter an order of reasonable attorney fees and costs against

12  Ace American incurred because it refused to defend, or refused to pay the justified action or

13  claim of its insured, as required by IFCA and *Olympic Steamship Co. v. Centennial Ins. Co.*,

14  117 Wn. 2d 37, 52, 811 P.2d 673 (1991), and determine in a later hearing the matter of

15  trebling actual damages under IFCA?

16              **IV.  EVIDENCE RELIED UPON**

17  This motion is based upon the following evidence:

18  Declaration of Plaintiff's Counsel.

19       1.      Amended Complaint for Negligence, Violations of the Washington

20  Insurance Fair Conduct Act and the Duty of Good Faith and Fair Dealing, Breach of

21  Contract, and Other Claims.

22       2.      Defendant Ace American Insurance Company's Answer and

23  Affirmative Defenses to Plaintiff's Corrected Amended Complaint.

24       3.      Excerpts of The Insurance Policy.

25       4.      Letter from Janet Cozzone/Sedgwick dated January 15, 2018.

26       5.      Letter from Plaintiff's Counsel to Janet Cozzone/Sedgwick dated

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 12

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1    January 29, 2018.

2        6.        Email from Plaintiff's Counsel to Janet Cozzone/Sedgwick dated April

3    25, 2018.

4        7.        [Original] Complaint for Negligence.

5        8.        Declaration of Service of Summons and Complaint Upon Defendant

6    Edwin Miguel.

7        9.        Emails Involving Patricia Glaub and Sedgwick Employees, dated

8    November 9-13, 2018.

9        10.        Notice of Appearance.

10        11.        Calendar Note; Plaintiff's Motion for Determination of Reasonableness

11    of Settlement Agreement and for Judgment Thereon

12        12.        Order on Plaintiff's Motion for Determination of Reasonableness of

13    Settlement Agreement and for Judgment Thereon, signed July 20, 2021.

14        13.        Email from Superior Court to Tyler Hermsen, Esq., dated July 20, 2021.

15        14.        Confession of Judgment Against Defendant Edwin G. Miguel.

16        15.        IFCA Notice to Cure Letter dated August 12, 2021.

17        16.        Email from Defendant Miguel's counsel dated December 3, 2021.

18        17.        Defendant Ace American's Responses to Plaintiff's Interrogatory Nos.

19    4, 7, 8, and 9, and Requests for Production 6, 7, 9, 14 and 15, dated February 2, 2022.

20        18.        Order Adopting Report and Recommendation.

21        **V. <u>SUMMARY JUDGMENT STANDARDS</u>**

22    Summary judgment shall be entered if:

23        the pleadings, depositions, answers to interrogatories, and
          admissions on file, together with affidavits, if any, show that
24        there is no genuine issue as to any material fact and that the
          moving party is entitled to a judgment as a matter of law.
25
    Civil Rule 56(c); *Swanson v. Liquid Air Corp.,* 118 Wash. 2d 512, 518, 826 P.2d 664 (1992).
26
    A material fact on summary judgment is one upon which the outcome of the litigation
27

28    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 13

1    depends, in whole or in part. *Lamon v. McDonnell Douglas Corp.,* 91 Wash. 2d 343, 349, 588

2    P.2d 1346 (1979).

3        The nonmoving party cannot simply rest upon the allegations in his pleadings, but

4    must affirmatively set forth the factual evidence he relies upon. *Johnson v. Schafer*, 110

5    Wash. 2d 546, 548, 756 P.2d 134 (1988).  Likewise, the nonmoving party may not rely on

6    having its affidavits believed at face value, but must show specific facts that sufficiently rebut

7    the moving party's contentions. *Seven Gables Corp. v. MGM/UA Entertainment Co.*, 106

8    Wash. 2d 1, 13, 721 P.2d 1 (1986).  This affirmative showing of specific facts must consist of

9    "such facts as would be admissible in evidence." CR 56(e).  *Accord Dunlap*, 105 Wash. 2d at

10   535 ("A court cannot consider inadmissible evidence when ruling on a motion for summary

11   judgment").  Finally, there must be sufficient facts produced from which a jury could find that

12   each element of the claim exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 2490 (1986);

13   *Guntheroth v. Rodaway*, 107 Wash. 2d 170, 175, 727 P.2d 982 (1986).  Absent this showing

14   of specific admissible facts sufficient to support a jury finding as to affirmative defenses,

15   Plaintiff is entitled to summary judgment.

16       Regarding affirmative defenses, because Ace American has the burden of proof on

17   defenses it is required to produce evidence in response to this summary judgment motion

18   sufficient to establish genuine issues of material fact.  Both the U.S. and Washington supreme

19   courts have noted that on summary judgment where the other party has the burden of proof,

20       The moving [party] may meet the initial burden by "'showing'--that is,
         pointing out to the district court--that there is an absence of evidence to
21       support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477
         U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).
22

23   *Young v. Key Pharmaceuticals, Inc.*, 112 Wash.2d 216, 226, 770 P.2d 182 (1989).  Plaintiff

     invokes the provisions of *Young* in this motion.
24

25              **VI.  <u>APPLICABLE INSURANCE LAW STANDARDS.</u>**

26       **A.      <u>Interpretation of insurance policies.</u>**

27       The interpretation of an insurance policy is a question of law for the court to decide.

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN
     INSURANCE COMPANY - 14

1   *Wright v. Safeco Ins. Co. of America*, 124 Wn.App. 263, 271, 109 P.3d 1 (2004);

2   *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 665, 15 P.3d 115 (2000). In

3   interpreting a policy, the court will consider the policy as a whole and give it a "fair,

4   reasonable, and sensible construction as would be given to the contract by the average person

5   purchasing insurance." *Weyerhaeuser*, 142 Wn.2d at 666. When the policy language is clear

6   and unambiguous, the court will enforce it as written. The court will not modify the contract

7   or create an ambiguity where none exists. *Quadrant Corp. v. Am. States Ins.*, 154 Wn.2d 165,

8   171 (2005).

9          In Washington, the courts follow a two-step process to determine whether there is

10  coverage. First, the insured must show the loss is of the type covered under the policy.

11  Second, and only if the insured makes such a showing, the insurer must establish that the loss

12  falls within an exclusion. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 731

13  (1992).

14         The burden is on the insurer to prove a loss is not covered by the policy. It has long

15  been the law that once a prima facie case of coverage is made under the provisions of the

16  policy, the burden shifts to the insurer to prove it is not covered because of an exclusionary

17  provision. *Public Employees Mut. Ins. Co. v. Rash*, 48 Wn.App. 701, 703, 740 P.2d 370

18  (1987); *Bosko v. Pitts & Still, Inc.*, 75 Wn.2d 856, 861, 454 P. 2d 229 (1969); *Labberton v.

19  General Cas. Co. of America*, 53 Wn.2d 180, 186, 332 P.2d 250 (1958); *Hill v. Great N. Life

20  Ins. Co.*, 186 Wash. 167, 57 P.2d 405 (1936).

21         **B.      An insurer's duty to defend.**

22         An insurer owes a duty to defend the insured that is separate from other duties owed.

23  An insurer's duty of good faith is separate from an insurer's duties under the insurance policy,

24  and an insured may maintain a bad faith cause of action even if its insurer owes no duty to

25  indemnify. *See, e.g., Coventry Associates v. American States Ins. Co.*, 136 Wn.2d 269, 279,

26  961 P.2d 933, 936-937 (1998) (involving first-party insurance); *St. Paul Fire & Marine Ins.*

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 15

1    *Co. v. Onvia, Inc.*, 165 Wn.2d 122, 132, 196 P.3d 664, 669 (2008) (involving third-party

2    insurance).

3         An insurer must defend if a claim is conceivably covered under the policy. *Woo v.*

4    *Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007). Our supreme court

5    summarized this broad duty as follows:

6         **The duty to defend arises whenever a lawsuit is filed against the**
         **insured alleging facts and circumstances arguably covered by the**
7         **policy.** The duty to defend is "one of the main benefits of the insurance
         contract." *Butler*, 118 Wn.2d at 392. Although an insurer has a broad
8         duty to defend, alleged claims which are clearly not covered by the
         policy relieve the insurer of its duty. *State Farm Gen. Ins. Co. v.*
9         *Emerson*, 102 Wn.2d 477, 486, 687 P.2d 1139 (1984). "The key
         consideration in determining whether the duty to defend has been
10         invoked is whether the allegation, if proven true, would render [the
         insurer] liable to pay out on the policy. It is not the other way around."
11         *Farmers Ins. Co. v. Romas*, 88 Wn. App. 801, 808, 947 P.2d 754 (1997).

12    *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561, 951 P.2d 1124 (1998) (bolding added).

13         The supreme court explained the duty further:

14         . . . An insurer may not put its own interests ahead of its insured's. *Mut. of*
         *Enumclaw Ins. Co. v. TG Constr., Inc.*, 165 Wn.2d 255, 269, 199 P.3d
15         376 (2008) (citing *Butler*, 118 Wn.2d at 389). **To that end, it must**
         **defend until it is clear that the claim is not covered.** The entitlement to
16         a defense may prove to be of greater benefit to the insured than
         indemnity. *Truck Ins. Exch.*, 147 Wn.2d at 765.

17
         The insurer is entitled to investigate the facts and dispute the insured's
18         interpretation of the law, but if there is any reasonable interpretation of
         the facts or the law that could result in coverage, the insurer must defend.
19         Id. at 760 ("Only if the alleged claim is clearly not covered by the policy
         is the insurer relieved of its duty to defend." (citing Kirk v. Mt. Airy Ins.
20         Co., 134 Wn.2d 558, 561, 951 P.2d 1124 (1998))). . . .

21    *Am. Best Food,. Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 405, 229 P.3d 693 (2010) (bolding

22    added).

23    C.    **Under recent case law, the insurer is liable for the amount of a consent**
         **judgment that the court has deemed reasonable, even without wrongful**
24         **insurer conduct or bad faith.**

25         Because of older appellate decisions (discussed below), many mistakenly believe

26    today that a consent judgment is not binding on an insurer unless the insurer acted in bad faith.

27

28    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN
     INSURANCE COMPANY - 16

1   But in *Mut. of Enumclaw Ins. Co. v. T&G Constr., Inc.*, 165 Wn.2d 255, 264, 199 P.3d 376

2   (2008), the supreme court held that a good faith settlement and judgment determined to be

3   reasonable by the trial court does, in fact, establish the fact of liability and the presumptive

4   amount of damages, even in the absence of an insurer's bad faith. *Id.* at 267. The effect of the

5   foregoing decision is that an insurer is required to cover a covenant judgment approved

6   through a reasonableness determination, even without bad faith.

7          **D.      Under prior case law, the insurer is liable for the amount of the judgment
                     following a wrongful refusal to defend, even without bad faith.**

8
          Prior to the 2008 decision in *Mutual of Enumclaw,* however, insurers were still liable
9
    for a consent judgment where they wrongfully refused to defend their insureds. An insured
10
    may protect himself and independently negotiate a settlement if his insurer wrongfully refuses
11
    to defend or acts in bad faith. The insurer is liable for the settlement to the extent the
12
    settlement is reasonable. *Besel v. Viking Ins. Co. of Wis.*, 146 Wn.2d 730, 736, 49 P.3d 887
13
    (2002). These types of a settlement agreements are called covenant judgments. Covenant
14
    judgments typically involve three features: "(1) a stipulated or consent judgment between the
15
    plaintiff and insured, (2) a plaintiff's covenant not to execute on that judgment against the
16
    insured, and (3) an assignment to the plaintiff of the insured's coverage and bad faith claims
17
    against the insurer." *Bird v. Best Plumbing Grp., LLC*, 175 Wn.2d 756, 764-65, 287 P.3d 551
18
    (2012). Reasonableness hearings under RCW 4.22.060 will apply to covenant judgments.
19
    *Bird*, 175 Wn.2d at 767; RCW 4.22.060(1). "If the amount of the covenant judgment is
20
    deemed reasonable . . . , it becomes the presumptive measure of damages in a later bad faith
21
    action against the insurer." *Bird*, 175 Wn.2d at 765. *See Truck Ins. Exch. v. VanPort Homes,*
22
    *Inc.*, 147 Wn.2d 751, 765-66, 58 P.3d 276 (2002) (When an insurer wrongfully refuses to
23
    defend, it has voluntarily forfeited its ability to protect itself against an unfavorable settlement,
24
    unless the settlement is the product of fraud or collusion. "To hold otherwise would provide
25
    an incentive to an insurer to breach its policy.").
26
          A *bad faith* refusal to defend, however, is not required for the insurer to be liable for
27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 17

1  the consent judgment.  "Insurance companies that wrongfully refuse to defend are generally

2  liable for the amount of the judgment entered in the underlying action."  *Greer v.*

3  *Northwestern Nat'l Ins. Co.*, 109 Wn.2d 191, 202-04 (1987), *citing Waite v. Aetna Cas. Sur.*

4  *Co.,* 77 Wn.2d 850, 856, 467 P.2d 847 (1970); *Bosko v. Pitts Still, Inc.,* 75 Wn.2d 856, 867,

5  454 P.2d 229 (1969).  This is true for breach of contract including breach of the duty to

6  defend, <u>regardless</u> of whether the coverage denial or refusal to defend was in bad faith.  *Greer*,

7  109 Wn. 2d at 202.  A wrongful refusal to defend under the contract, therefore, is sufficient,

8  even if that refusal is not "unreasonable, frivolous or unfounded."

9      E.    <u>**When an insurer acts in bad faith, though, it is estopped from denying**</u>
<u>**coverage.**</u>

10

11          Refusing to defend in bad faith still has relevance to paying covenant judgments.  For

example, insurers are estopped from denying coverage and asserting defenses where they act

12

in bad faith.  *Kirk, supra,* 134 Wn.2d at 564.  Relying on *Safeco Ins. v. Butler*, the *Kirk* court

13
held this includes bad faith in failure-to-defend cases:

14

15          When the insurer breaches the duty to defend in bad faith, the insurer
should be held liable not only in contract for the cost of the defense, but

16  also should be estopped from asserting the claim is outside the scope of
the contract and, accordingly, that there is no coverage.  The coverage by

17  estoppel remedy creates a strong incentive for the insurer to act in good
faith, and protects the insured against the insurer's bad faith conduct.

18  *Butler*, 118 Wn.2d at 394.

*Kirk* at 564.

19

20                          **VII. <u>ARGUMENT</u>**

21      A.    <u>**Ace American is obligated to pay the consent judgment because Plaintiff's**</u>
<u>**claim is covered and the Court deemed the settlement amount to be**</u>

22  <u>**reasonable.  Plaintiff does not need to show any wrongful conduct, breach**</u>
<u>**of contract, or bad faith for the insurer to be obligated to pay the**</u>

23  <u>**judgment.**</u>

24      *Mut. of Enumclaw Ins. Co. v. T&G Constr., Inc.,* 165 Wn.2d 255, 199 P.3d 376 (2008),

25  requires Ace American to pay this judgment, even in the absence of wrongful conduct or bad

faith.  An insurer is liable for the amount of a judgment approved by the court as reasonable,

26
even without bad faith.  In that case the supreme court clarified that a reasonableness

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT ACE AMERICAN
INSURANCE COMPANY - 18

                                    **LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1    determination by a trial court "establishes the fact of liability and the presumptive amount of

2    damages in the absence of an insurer's bad faith." *Id.* at 267.

3         Mutual of Enumclaw ("MOE") insured T&G.  T&G did the construction work on a

4    condo.  When the condo sued for defective construction, MOE defended T&G under a

5    reservation of rights.  MOE believed only "spot" repairs costing $300,000 were necessary.

6    The condo believed the building had to be completely stripped and re-sided.  After denial of

7    its summary judgment motion on a procedural defense, T&G entered into a $3,300,000

8    stipulated judgment with the standard assignment of claims and covenant not to execute.  At

9    the reasonableness hearing, MOE said the settlement wasn't reasonable because, among other

10    things, T&G had a good procedural defense.  The court nevertheless found the settlement

11    agreement was reasonable.  In the subsequent coverage action, the trial court ruled against

12    MOE, relying heavily on the results of the reasonableness hearing.  The court of appeals

13    reversed.  The supreme court, however, agreed with the trial court in all material respects,

14    holding an insurer is bound by a reasonableness determination even without a wrongful denial

15    or bad faith.  *Id.*  It based its holding on the premise that an insurer is generally bound by the

16    findings, conclusions, and judgment entered in a suit against the tortfeasor when it has notice

17    and an opportunity to intervene.  *Id.*  Other cases are in accord.  *See Public Utility District No.*

18    *1 v. International Insurance Co.*, 124 Wn.2d 789, 805, 881 P.2d 1020 (1994) (in order to

19    recover a third-party settlement payment from its insurer, an insured is required only to show

20    the underlying claim is covered by the policy).

21        **B.**    **<u>Ace American has never denied it was required to defend Miguel, proving</u>**

22    **<u>breach of contract as a matter of law.  Because Ace American's refusal to</u>**
**<u>defend breached the contract, it is obligated to indemnify Miguel and pay</u>**
**<u>the judgment regardless of whether the refusal to defend was in bad faith.</u>**

23

24         The duty to defend is separate from the duty to indemnify/pay the judgment against

25    Miguel.  Regarding its contract obligation to provide a defense, Ace American does not

26    dispute that it extended coverage of Plaintiff's claims under the policy.  *Exhibits 1 and 2, ¶¶*

27    *3.23, 3.27.*  These admissions in its Answer operate as judicial admissions and are dispositive

28    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT ACE AMERICAN
INSURANCE COMPANY - 19

1   of the duty to defend questions.  <u>Because it admitted coverage existed for the claims "in this</u>

2   <u>lawsuit," as a matter of law Ace American was required to defend Miguel under the policy's</u>

3   <u>terms.</u>  *Exhibits 1 and 2, ¶¶ 3.23, 3.27.*  The Insuring Agreement required Ace American to

4   defend Miguel beginning in 2018, well before he entered the binding Settlement Agreement

5   on June 23, 2021.  <u>Ace American has never denied the claim was covered, nor has it denied it</u>

6   <u>was required to provide Miguel a timely defense.</u>  *Exhibits 1 and 16.*  Moreover, it has never

7   communicated to Miguel that it denied coverage or denied its duty to defend, as required by

8   WAC 284-30-380(1) if there was such a denial.

9        Because there was coverage and, therefore, the corresponding duty to defend, Ace

10  American's refusal to defend Miguel was wrongful and constituted a breach of contract.  As

11  shown above, Ace American had actual knowledge of this lawsuit against Miguel as early as

12  November 9, 2018.  Further, Ace American admitted in its Answer it "was aware of the

13  original Complaint as of January 1, 2021 . . ."  *Exhibit 2, ¶ 3.32.*  Despite this knowledge, Ace

14  American did nothing to defend Miguel.  Its interrogatory answers failed to provide any

15  explanation justifying its failure to defend.  Ace American has admitted to material facts

16  (actual knowledge of suit) showing it breached the contract long before June 2021.  Our

17  appellate decisions thus permitted Miguel to enter the covenant agreement and consent

18  judgment on June 23, 2021, in this situation.  *Besel, Greer*.  The Court deemed the amount

19  reasonable.  Ace American is now required to pay the judgment, regardless of bad faith.

20  *Greer*, *Waite, Bosko.*

21       Indeed, Ace American could not deny application of the policy's clear Insuring

22  Agreement providing liability coverage of Plaintiff's claims, and thus the duty to defend.

23  *Exhibit 3, Excerpts of The Policy, Bates p. POLICY000061.*  Washington courts read

24  insurance-policy contracts through the eyes of the average person.  *See National Union Fire*

25  *Ins. Co. v. Zuver*, 110 Wn.2d 207, 750 P.2d 1247, 1248 (1988) ("[I]t is a rule of

26  insurance-contract construction that an insurance policy must have meaning to lay persons

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 20

1   who at their peril may be legally bound or held to understand the nature and extent of its

2   coverage."). The average person is assumed to understand the meaning of clearly drafted

3   policy provisions: "If the language of the policy is clear and unambiguous, the court may not

4   modify the contract or create an ambiguity where none exists." *Id.* Undefined exclusionary

5   terms will be given their "plain, ordinary, and popular" meaning. *Lynott v. Nat'l Union Fire*

6   *Ins. Co. of Pittsburgh*, 123 Wn.2d 678, 691, 871 P.2d 146 (1994). Insurers cannot avoid the

7   consequences if their "own definition fails to address a proposition adequately." *Getz v.*

8   *Progressive Specialty Ins. Co.*, 106 Wn. App. 184, 190, 22 P.3d 835 (2001).

9        The Court, therefore, should issue a declaration of coverage and enter judgment

10   against Ace American.

11       **C.      Ace American violated the general duty of good faith and fair dealing**.

12       Insurers in Washington owe insureds a duty of good faith and fair dealing, and an

13   insurer's breach of this duty is a tort. *Defendant Ins. Co. of Am. v. Butler*, 823 P.2d 499, 503

14   (Wash. 1992); *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash.

15   2008). An insurer's duty of good faith applies to claims involving either first-party insurance

16   or third-party insurance. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d

17   122, 130, 196 P.3d 664, 668 (2008). A denial of coverage is done in bad faith if it is

18   unreasonable, frivolous, or unfounded. *Overton v. Consolidated Ins. Co.*, 145 Wn.2d 417, 38

19   P.3d 322 (2002). This same standard applies in the failure-to-defend context: "An insurer acts

20   in bad faith if its breach of the duty to defend was unreasonable, frivolous, or unfounded."

21   *Am. Best Food,. Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 412, 229 P.3d 693 (2010).

22       The duty of good faith also requires an insurance company to give equal consideration

23   to its own interests and the interests of its insured. *Ellwein v. Hartford Accident & Indem.*

24   *Co.*, 15 P.3d 640, 646 (Wash. 2001), *overruled in part on other grounds, Smith v. Defendant*

25   *Ins. Co.*, 78 P.3d 1274, 1278 (Wash. 2003).

26       Single violations of insurance regulations are, by themselves, separate breaches of the

27

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT ACE AMERICAN
INSURANCE COMPANY - 21

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
1408 140th Place N.E., Suite 140
Bellevue, Washington 98007
Phone: (425) 453-0115/Fax: (425) 412-4060

1    duty of good faith and fair dealing as a matter of law.  *Truck Ins. Exch. v. Vanport Homes,*

2    *Inc.*, 147 Wn.2d 751, 58 P.3d 276 (2002); *Leingang v. Pierce Co. Med. Bureau*, 131 Wn.2d

3    133, 151, 930 P.2d 288 (1997); WPI 320.06.  Regulations promulgated by the insurance

4    commissioner include the following:

5    **WAC 284-30-330 Specific unfair claims settlement practices defined.**

6

7    The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement

8    of claims: . . .

9    . . .

10   (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance

11   policies.

12   (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

13

14   (4) Refusing to pay claims without conducting a reasonable investigation.

15   . . .

16   (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become

17   reasonably clear. . .

18   (7) Compelling insureds to institute or submit to litigation, arbitration, or appraisal to recover amounts due under an

19   insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

20   . . .

21

22   (13) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable

23   law for denial of a claim or for the offer of a compromise settlement.

24   . . .

25   *WAC 284-30-330.*  Similar to WAC 284-30-330(13), another regulation provides that insurers

26   must notify insureds of the specific policy grounds for a coverage denial, in writing, and

27

28     **LAW OFFICES OF TERENCE F. TRAVERSO, P.S.** 1408 140th Place N.E., Suite 140 Bellevue, Washington 98007 Phone: (425) 453-0115/Fax: (425) 412-4060

1   within 15 days:

2        (1) Within fifteen working days after receipt by the insurer of fully
         completed and executed proofs of loss, the insurer must notify the first
3        party claimant whether the claim has been accepted or denied. ***The
         insurer must not deny a claim on the grounds of a specific policy***
4        ***provision, condition, or exclusion unless reference to the specific***
         ***provision, condition, or exclusion is included in the denial. The denial***
5        ***must be given to the claimant in writing*** and the claim file of the insurer
         must contain a copy of the denial.

6   *WAC 284-30-380(1)* (emphasis added).

7        Here, __*Ace American's refusal to defend Miguel for nearly three years after*__

8   __*admitting it had actual notice of the lawsuit (including the proven receipt of the Summons*__

9   __*and Complaint found in its claim file) is nothing short of shocking and meets the standard*__

10  __*of unreasonable, frivolous, and/or unfounded conduct.*__  In addition, Ace American's acts

11  and omissions can be seen as violating multiple insurance regulations.

12        **D.** __**Ace American violated the Insurance Fair Conduct Act.**__

13        **1.** **IFCA provides for recovery of actual damages, which include at a**
                 **minimum the wrongfully withheld policy benefits.**
14

15        The Washington Insurance Fair Conduct Act (IFCA), Referendum 67, was codified

16  after voter approval at RCW 48.30.015(1)–(8) and at RCW 48.30.010(7).  IFCA provides, in

17  pertinent part:

18        (1)  Any first party claimant to a policy of insurance who is
         unreasonably denied a claim for coverage or payment of
19       benefits by an insurer may bring an action in the superior court
         of this state to recover the actual damages sustained, together
20       with the costs of the action, including reasonable attorney fees
         and litigation costs, as set forth in subsection (3) of this section.
21
    RCW 48.30.015(1).
22

23        Courts generally hold that an insurer may violate IFCA by failing to pay benefits or

24  by making an unreasonably low settlement offer.  *Morella v. Safeco Insurance Co.*, No.

25  C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013); *Reverse Now VII, LLC*

26  *v. Oregon Mutual Ins. Co.*, No. C16-209-MJP, 2018 WL 646880, at *4 (W.D. Wash. Jan. 30,

27  2018).

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY          **LAW OFFICES OF**
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN        **TERENCE F. TRAVERSO, P.S.**
    INSURANCE COMPANY - 23                         **1408 140th Place N.E., Suite 140**
                                                   **Bellevue, Washington 98007**
                                                   **Phone: (425) 453-0115/Fax: (425) 412-4060**

1    Here, there is no legitimate dispute that Ace American unreasonably denied coverage

2  or the payment of benefits in refusing demands to pay the consent judgment.  At the absolute

3  latest, Ace American should have paid the judgment by the end of the 20-day period to cure

4  that IFCA provides pre-suit.  The insurer's IFCA violation entitles Plaintiff to actual

5  damages.

6    "Actual damages" under IFCA begin with the wrongfully withheld policy benefits.

7  The statute itself does not define actual damages, but it is clear that actual damages include,

8  first, the amount of the claim which was unreasonably denied.  In a certification order, United

9  States District Judge Robert S. Lasnik asked the Supreme Court of Washington to define

10  actual damages under IFCA.  In his discussion, Judge Lasnik said there was little doubt that

11  the amount of the covered claim was actual damages:

12    It seems clear that, had Morella filed suit seeking both a benefits
     determination and relief under IFCA upon receipt of Defendant' s
13    lowball offer of $1,500, his "actual damages" in that combined
     action would likely have been the amount of benefits awarded -
14    $62,000.

15  *Morella v. Safeco Ins. Co.,* case 2:12-cv-00672-RSL Dkt. 33, Page 9 of 11.  *Morella* was

16  settled by the parties before the supreme court heard the case.  Other courts, however, have

17  ruled IFCA damages include the withheld benefits, such as *Dees v. Allstate* and *Tavakoli v.*

18  *Allstate:*

19    By the plain language of the statute "[a]ny first-party insured 'who
     is unreasonably denied a claim for coverage or payment of
20    benefits,' can sue to recover 'the actual damages sustained . . . .'"
     *Tavakoli v. Allstate Prop. and Casualty Ins. Co.*, 2012 WL
21    6677766, at *9 (W.D. Wash. Dec. 21, 2012) (quoting RCW
     48.30.015(1)).  **The actual damages sustained from an**
22    **'unreasonbl[e] deni[al]' of benefits necessarily include (but are**
     **not necessarily limited to) the benefits that were unreasonably**
23    **denied."** *Id.*  Thus, an IFCA claimant can recover policy benefits,
     subject to the policy's limits and other applicable terms and
24    conditions.

25  *Dees v. Allstate*, Case 2:12-cv-00483-JLR Document 64 Filed 03/21/13 Page 20 of 21

26  (bolding added).

27

28  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
    JUDGMENT AGAINST DEFENDANT ACE AMERICAN
    INSURANCE COMPANY - 24

1    That IFCA's actual damages should include the withheld policy benefits is the only

2    interpretation that would give effect to the legislature's and Washington voters' obvious

3    intention of discouraging insurers' unreasonable denial of benefits and the unfair claims

4    settlement practices in WAC 284-30-330.  Any other interpretation would allow insurers to

5    escape this mandate simply by paying the ultimate trial or arbitration award after they

6    unreasonably deny the payment of benefits, make no offer, and compel the insured to litigate.

7    **2.    The withheld policy benefits should be trebled pursuant to RCW 48.30.015(2), to punish and deter the insurer.**

8

9    IFCA provides that the actual damages may be increased by up to three times upon an

10   unreasonable denial of coverage, an unreasonable denial of the payment of benefits, or a

11   violation of WAC 284-30-330 or WAC 284-30-380.  RCW 48.30.015(2); *Perez-Crisantos v.*

12   *State Farm Fire & Casualty Co.*, 187 Wn.2d 669, 389 P.3d 476 (2017).  Trebling is decided

13   by the Court, not the jury.  RCW 48.30.015(2).

14   The Court should treble the actual damages here.  If IFCA stands for anything, it

15   stands for the proposition that Washington voters wish to punish and deter improper insurer

16   conduct in order to protect insureds.  The only way to punish and deter an insurance company

17   is through monetary penalties like IFCA's treble damages provision.  Imposing such

18   exemplary damages expresses the clearly-stated intention of Washington voters.

19   **E.    The Court Should Strike Affirmative Defenses.**

20   There is no genuine fact issue about the affirmative defenses asserted in Ace

21   American's Answer.  This is borne out by the evidence in this motion, including the insurer's

22   own lack of facts and documents supporting defenses in its interrogatory responses.  Pursuant

23   to *Young v. Key Pharmaceuticals, Inc.*, 112 Wash.2d 216, 226, 770 P.2d 182 (1989),  Plaintiff

24   points to the lack of <u>any</u> evidence in the record supporting defenses.

25   In any event, Ace American's bad faith conduct provides coverage by estoppel

26   regardless of any facts supporting affirmative defenses.  Its breach of the duty to defend

27   Miguel was "unreasonable, frivolous, or unfounded," and thus in bad faith.  *Am. Best Food,.*

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT ACE AMERICAN INSURANCE COMPANY - 25

1   *Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 412, 229 P.3d 693 (2010).

2         Moreover, if it is denying coverage, Ace American violated WAC 284-30-330(13) and

3   WAC 284-30-380 by not providing timely, detailed notification of the denial to Miguel,

4   constituting *per se* violations of the duty of good faith.

5         Ace American thus committed bad faith in separate and different ways.  Under the

6   principle of coverage by estoppel, Ace American is thus estopped from asserting the

7   Plaintiff's claim is outside the scope of the contract and other defenses that there is no

8   coverage.  *Kirk* at 564; *Butler*, 118 Wn.2d at 394.  Regardless of alleged facts supporting

9   coverage defenses, therefore, the Court must strike the defenses anyway.

10         **F.    Amount of judgment and interest.**

11              1.    Pre-judgment interest calculation.

12         Settlements by insureds of covered claims are deemed "liquidated," thus requiring

13   insurers to pay prejudgment interest thereon.  *Public Utility District No. 1 v. International*

14   *Insurance Co.*, 124 Wn.2d 789, 805, 881 P.2d 1020 (1994).  Plaintiff and Miguel agreed to a

15   covenant settlement in which prejudgment interest would accrue on the judgment at 12

16   percent, compounded annually.  Miguel signed this agreement and Confession of Judgment on

17   June 23, 2021, and the Court entered it on September 1, 2021.  *Exhibit 14, Confession of*

18   *Judgment Against Defendant Edwin G. Miguel.*  This means the $180,000 in annual interest

19   since September 1, 2021, compounded and was added to the principal on September 1, 2022.

20   This brought the amount owed as of September 1, 2022, to $1,680,000.  $1,680,000 now

21   accrues monthly interest at 1 percent (12% divided by 12 months), or $16,800 per month.  As

22   of October 1, 2022, therefore, the amount of principal and interest owed totals **$1,696,800.**

23              2.    Post-Judgment Interest.

24         By statute, the post-judgment interest rate on this covered contract claim and its

25   prejudgment interest is also 12 percent.  *See* RCW 19.52.010 (providing for 12 percent annual

26   interest rate on the forbearance of money, in the absence of other written agreement).

27

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANT ACE AMERICAN
INSURANCE COMPANY - 26

**LAW OFFICES OF
TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1    Interest on the IFCA enhanced damages should accrue at the current interest rate for

2    tort judgments.  RCW 4.56.110(3)(b).

3        **G.    Reasonable attorney fees and costs.**

4        Plaintiff is entitled to an award of reasonable attorney fees and expenses under

5    *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn. 2d 37, 811 P.2d 673 (1991), which

6    stands for the proposition that when insureds are forced to file suit to obtain the benefit of

7    their insurance contract, they are entitled to recover reasonable attorney's fees.  *See id.*, 117

8    Wn. 2d at 52 ("We also extend the right of an insured to recoup attorney fees that it incurs

9    because an insurer refuses to defend or pay the justified action or claim of the insured,

10   regardless of whether a lawsuit is filed against the insured.").  Ace American's misconduct

11   also triggers the mandatory imposition of attorney fees and other costs under IFCA (RCW

12   48.30.015(3)).  Plaintiff requests that the determination of attorney fees be conducted in a

13   later hearing and supported by a fee affidavit.

14              **VIII.  CONCLUSION**

15       The purpose of insurance is to insure.  Based on the foregoing law and evidence, this

16   case compels a finding in favor of coverage.  Ace American should be required to pay the

17   judgment because Plaintiff's claim against Miguel is admittedly covered under the policy's

18   terms and the Court already deemed that judgment amount to be reasonable.  No showing of

19   insurer wrongful conduct or bad faith is required to apply the duty to indemnify, per the

20   policy's terms.

21       There was no collusion or fraud, as shown by the Court's order on the reasonableness

22   hearing.  Indeed, Mr. Miguel was well within his rights to protect himself by entering this

23   agreement after his insurer abandoned him without explanation and left him to fend for

24   himself in defense of Plaintiff's substantial damages claim.

25       Ace American's claim file and Answer confirm it received the Complaint and notice

26   of this lawsuit in 2018, and that it had actual notice for years that Miguel was being sued

27

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN
     INSURANCE COMPANY - 27

**LAW OFFICES OF**
**TERENCE F. TRAVERSO, P.S.**
**1408 140th Place N.E., Suite 140**
**Bellevue, Washington 98007**
**Phone: (425) 453-0115/Fax: (425) 412-4060**

1   before he entered the covenant judgment.  There is no legitimate dispute that the insurer's

2   inexcusable conduct and failure to pay the judgment constitute a breach of contract and

3   violations of IFCA and the duty of good faith.

4          The Court thus should grant Plaintiff's motion in its entirety.

5

6

            RESPECTFULLY SUBMITTED this 31st day of August, 2022.

7

                                         Law Offices of Terence F. Traverso, P.S., by

8

9

10                                        Terence F. Traverso
                                          WSBA #21178
11                                        Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY                    **LAW OFFICES OF**
     JUDGMENT AGAINST DEFENDANT ACE AMERICAN            **TERENCE F. TRAVERSO, P.S.**
     INSURANCE COMPANY - 28                             1408 140th Place N.E., Suite 140
                                                           Bellevue, Washington 98007
                                                    Phone: (425) 453-0115/Fax: (425) 412-4060

# **EXHIBIT D**

## **SNOHOMISH COURT OCTOBER 7, 2022 ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

SUPERIOR COURT OF WASHINGTON
IN AND FOR SNOHOMISH COUNTY

| | |
|---|---|
| Shelley S Hawkins, | **NO. 18-2-08480-31** |
| Plaintiffs, | |
| vs. | |
| | ORDER ON REVISION |
| Ace American Insurance Co. et al, | |
| Defendants. | **Clerk's Action Required** |

THIS Matter having come before the court on October 5, 2022, for oral argument on motion for revision of the Commissioner's ruling on plaintiff's motion for a protective order, and the court having reviewed the record before the Commissioner and having considered the arguments and briefing of the parties, the court now renders the following decision GRANTING the MOTION FOR REVISION.

FINDINGS, CONCLUSIONS, AND DECISIONS

To summarize the relevant procedural history, this matter began with a collision in November of 2016 involving three cars. Plaintiff, Shelly Hawkins, was rear-ended by defendant Alsuwaidan. Moments later, defendant Miguel – driving his Sears work van – rear ended defendant Alsuwaidan, causing Alsuwaidan's vehicle to again strike defendant Hawkins vehicle. At the time of the accident, defendant Miguel was contractually insured by the policies of his employers (A&E / Sears) through defendant Ace American Insurance Company [*hereinafter*, AAIC].

ORDER ON REVISION - 1

1       In 2018, plaintiff filed a personal injury suit for negligence against A&E Factory

2 Service, LLC [*hereinafter*, A&E], Sears Holding Management Corporation [*hereinafter*,

3 Sears], and defendants Miguel and Alsuwaidan.  Defendant AAIC was aware of

4 plaintiff's claim – and by extension, the likelihood of a lawsuit absent a settlement – but

5 AAIC failed to ensure that defendant Miguel was provided counsel to represent him

6 when the lawsuit was filed (*see* AAIC Answer, paragraphs 3.11, 3.12, 3.13, 3.23 and

7 3.25 ("[AAIC] further admits it attempted to appoint defense counsel for Edwin Miguel in

8 December of 2018…but was informed by defense counsel that suit was not filed against

9 Edwin Miguel." But AAIC acknowledges active settlement communication between

10 plaintiff and its settlement agent beginning in November of 2017, and Miguel had an

11 assigned claim number with the AAIC settlement agency by January of 2018. And the

12 docket reflects that this suit was properly filed and served in September of 2018.

13       Neither A&E, defendant Miguel, nor defendant Alsuwaidan answered the

14 complaint and plaintiff motioned for and received orders of default against them.  The

15 findings and conclusion associated with the default judgment were entered on May 2,

16 2019, by the Court Commissioner, and the default award was entered at $399,297.32;

17 this included $23,137.32 for medical bills, $125,880.00 in lost wages, $100,000 for past

18 non-economic damages, and $150,000 for future non-economic damages.

19       On October 7, 2020, plaintiff moved the court to set aside the default judgment

20 against defendant A&E.  Plaintiff asserted in their motion that they had learned that

21 defendant A&E had filed for bankruptcy between the time the suit was filed and the

22 entry of the default judgment.  As defendant A&E was under bankruptcy protection at

23 the time the default judgment was entered, plaintiff asserted the default order should be

24

1  vacated.  On October 7, 2020, the default order against defendant A&E was vacated.

2  The default order against defendant Miguel remained undisturbed.

3          In April of 2021, the Bankruptcy Court lifted its stay.

4          On June 30, 2021, plaintiff's counsel filed a motion to vacate the default order

5  against defendant Miguel, asserting that "good cause exists for setting" the order aside.

6  The order setting aside the default judgment against defendant Miguel was signed and

7  entered that day.

8          On July 12, 2021, a motion for an RCW 4.22.060 determination of

9  reasonableness of a proposed settlement & judgement thereon was filed by plaintiff.

10 The motion asked the court to consider an order approving the reasonableness of a

11 $1.5 million dollar settlement that had been agreed upon between plaintiff and

12 defendant Miguel.  Plaintiff's motion was supported by memorandum[1] of law, by an

13 affidavit of counsel, a declaration from the State Trooper who investigated the accident

14 and the accompanying collision report, the complaint, a declaration from plaintiff, the

15 proposed settlement agreement, and a declaration from plaintiff's Chiropractor.

16 The declaration of plaintiff's counsel plainly asserted that "Mr. Miguel has made it clear

17 he does not have any significant assets to satisfy a judgment obtained against him.

18 Consequently, plaintiff has agreed, in exchange for the stipulated judgment and

19 assignment of Mr. Miguel's rights against his insurer, to not execute any personal

20 assets he may have."  Plaintiff's counsel further asserted that, "Mr. Miguel has been

21

22 [1] The memorandum identified and included a discussion of the *Chaussee* factors that must be considered in
   determining reasonableness: (1) The releasing party's damages; (2) the merits of the releasing party's liability
23 theory; (3) the merits of the released party's defense theory; (4) the released party's relative fault; (5) the risks and
   expenses of continue litigation; (6) the released party's ability to pay; (7) any evidence of bad faith, collusion, or
   fraud; (8) the extent of the releasing party's investigation and preparation; and (9) the interest of the parties not
24 being released.

ORDER ON REVISION - 3

1    placed in a difficult position by what both he and the Plaintiff consider to be his insurer's

2    bad faith refusal to defend this litigation and indemnify him.  Consequently, the

3    settlement agreement is in the interests of both parties."

4          The settlement agreement itself is clear in regard to the purpose and the benefit

5    of the settlement, and it was entered into with defendant Miguel and the assistance of

6    his attorney, Sean Malcom, who interlineated some provisions in the proposed

7    settlement before it was finalized.

8          On July 15, 2021, attorney Malcom filed a response on behalf of defendant

9    Miguel asserting that defendant Miguel did not oppose the motion for determination of

10   reasonableness and for judgment.

11         On July 15, 2021, plaintiff voluntarily dismissed defendants A&E and Sears from

12   the suit.

13         On July 19, 2021, presumably at the request of AAIC, Attorney Tyler Hermsen

14   filed a notice of appearance on behalf of A&E, Sears, Alsuwaidan, and defendant

15   Miguel.  A&E and Sears had been dismissed from the action four days before, and

16   defendant Miguel was being represented by attorney Malcom.

17         On July 20, 2021, Judge Farris determined the settlement was reasonable and

18   entered a CR 54(b) order approving it and finalizing the judgment.

19         On September 2, 2021, a confession of judgment against defendant Miguel was

20   filed by the plaintiff, including an authorization for entry of judgment signed by defendant

21   Miguel, and approved for entry by Judge Farris.

22         Though aware of Judge Farris's consideration of the matter and subsequent

23   ruling, AAIC did not seek to intervene in the reasonableness decision, nor to challenge

24

ORDER ON REVISION - 4

1  the reasonableness finding in reconsideration or by way of any other manner of review.

2  The consequence of this is that the procedural bar to litigating any aspect of that

3  judgment is, at this point, very considerable.

4          On September 15, 2021, plaintiff filed an amended complaint adding AAIC and

5  alleging various insurance-based tort claims and violations of RCW 48.30 against them

6  on behalf of defendant Miguel, as his assignee; plaintiff amended the complaint a

7  second time in on August 26, 2022, adding a claim for declaratory relief.

8          On October 27, 2021, AAIC sought removal of the suit to Federal Court.

9          On June 22, 2022, US District Court Judge Richard Jones signed an order

10  denying AAIC's removal motion and remanding the case to Snohomish County for all

11  further proceedings.

12          On August 26, 2022, plaintiff filed a second amended complaint.

13          On September 6, 2022, defendant AAIC answered the second amended

14  information and asserted several affirmative defenses, including an affirmative defense

15  that "the stipulated judgment and settlement is the product of fraud and/or collusion."

16          The action before the commissioner that is the subject of this motion begin when

17  defendant AAIC issued notice of its intent to depose plaintiff, and plaintiff filed a motion

18  with the commissioner for a protective order to strike the deposition notice pursuant to

19  CR 26(c) on grounds that plaintiff had no relevant testimonial information to provide as

20  the personal injury claims were resolved at this stage by the judgment order entered

21  against defendant Miguel.

22          Defendant AAIC countered that the information regarding plaintiff's injury as it

23  relates to the settlement amount was information critical to their affirmative defense of

24

ORDER ON REVISION - 5

1  fraud and collusion.  Defendant AAIC's theory on this point is that plaintiff's settlement

2  with defendant Miguel is unreasonable (overvalued), and that defendant Miguel agreed

3  to an unreasonable settlement only because defendant Miguel knew it would release

4  him from any actual personal liability per the terms of the settlement. Defendant AAIC

5  sought to depose plaintiff regarding her injuries presumably so that defendant AAIC

6  could make its own assessment that it was over-valued and use that assessment in its

7  fraud/collusion defense.

8       The Commissioner held in a limited way for defendant AAIC, allowing the

9  deposition to go forward, but finding, "The deposition of Ms. Hawkins shall be limited to

10  damages and injuries sustained in the motor vehicle collision with Mr. Miguel."

11  Plaintiff now brings this motion for revision of the Commissioner's ruling allowing the

12  deposition to proceed on a limited basis.

13       The central issue here is whether the scope of Judge Farris's reasonableness

14  determination that now exists as a final judgment precludes AAIC's discovery efforts as

15  moot.

16       Absent some successful attack re-opening the final judgment against defendant

17  Miguel, that judgment prohibits AAIC from relitigating the unchallenged damage award

18  against defendant Miguel; the damage award owed to plaintiff is $1,500,000; it is not

19  open to re-litigation through civil discovery unless it is overturned.

20       That damage amount also serves to set the presumptive amount for damages if

21  a bad faith claim is proven against defendant AAIC. The $1,500,000 value of the

22  covenant judgment is the presumptive low-end measure of defendant AAIC's harm

23  caused if bad faith is found against them. *See* <u>Gosney v. Fireman's Fund Insurance</u>

24

1    Co., 3 Wash.App.2d 828 (2018) (As our Supreme Court stated, "[T]here is no factual

2    determination to be made on damages in a later bad faith claim, at least not with

3    respect to the covenant judgment.  Rather, the role of the jury is to 'make a factual

4    determination of an insured's bad faith damages *other than and in addition* to the

5    covenant judgment.' (internal citations omitted)."

6         Here, by seeking this deposition of plaintiff, defendant AAIC wants to investigate

7    the underlying medical injury and treatment issues to determine if those issues justify

8    the $1,500,000 covenant judgment.  Presumably, if AAIC determines that the award

9    "should have been" less, AAIC would seek to use their conclusion of over-valuation as

10   evidence to support a claim of fraud or collusion defense of the bad faith claim and its

11   presumptive damage award.

12        On this point, this court holds that defendant AAIC cannot relitigate the

13   reasonableness of the covenant judgment.  The reasonableness of that award was

14   found after proper consideration by Judge Farris based on RCW 4.22.060 and the

15   associated factors for consideration informed by caselaw for that analysis.  Defendant

16   AAIC did not challenge the court's reasonableness finding regarding the $1,500,000

17   through intervention in the action, nor by motion for reconsideration following the

18   hearing, nor through any other avenue of review.  Absent an overturning of that final

19   judgment, there exists no relevance to the information they seek by plaintiff Hawkins

20   deposition that would offer a defense to the claim of bad faith against AAIC.

21        In this case, therefore, the unchallenged finding of reasonableness is binding on

22   the parties; a deposition of plaintiff Hawkins to inquire of her injuries and medical

23   treatment could not produce relevant information.  The valuation of the settlement, as it

24

1    was deemed reasonable by Judge Farris, cannot be considered the product/evidence of

2    fraud or collusion in defense of a bad faith claim when the unchallenged

3    reasonableness finding is shrouded in the finality of a CR 54(b) judgment order.

4        Lastly, it must be noted that there is also no evidence that AAIC competently and

5    timely provided defendant Miguel with legal representation such that he may have been

6    disinclined to pursue or accept a covenant judgment. AAIC failed in this regard at their

7    peril: "It is well established that where an insurer has a duty to defend an action and the

8    insurer refuses to defend, the insurer is bound by the decision of the trial court

9    regarding issues necessarily decided in the litigation." Truck Ins. Exchange v. Vanport

10   Homes, Inc., 147 Wn.2d 751 (2002).  AAIC cannot now seek to challenge the

11   reasonableness of the final judgment of defendant Miguel's settlement on the collateral

12   theory that doing so is necessary to defend against a bad faith claim which focuses on

13   the actions of AAIC in discharging their policy obligations, and not on the negligence

14   claim for injury.

15       For these reasons, AAIC is procedurally barred from challenging the

16   reasonableness of the settlement as it relates to damage valuation, and this conclusion

17   thereby renders irrelevant and unnecessary, under CR 26, a deposition of plaintiff

18   regarding their damages and injuries sustained in the collision.

19       THEREFORE, based on above findings and conclusions,

20       IT IS HEREBY ORDERED that the plaintiff's motion for revision is granted

21   pursuant to RCW 2.24.050,

22   AND

23

24

ORDER ON REVISION - 8

1   A protective order barring defendant AAIC from deposing plaintiff regarding damages

2   and injuries sustained in the collision is approved pursuant to CR 26(c)(1) and as it is

3   not relevant as required by CR 26(b)(1).

4           DATED: <u>OCTOBER 7, 2022</u>

5                                                        _____

6                                                        Judge Jon T. Scott

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**<u>EXHIBIT E</u>**

**ACE AMERICAN ANSWER (SEPTEMBER 6, 2022) TO AMENDED COMPLAINT**

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

9

10  SHELLEY S. HAWKINS, individually and
    as assignee of Edwin G. Miguel,                    No.: 18-2-08480-31

11                  Plaintiff,                          DEFENDANT ACE AMERICAN
                                                        INSURANCE COMPANY'S ANSWER
12          v.                                          AND AFFIRMATIVE DEFENSES TO
                                                        PLAINTIFF'S SECOND AMENDED
13  ACE AMERICAN INSURANCE                              COMPLAINT
    COMPANY, a foreign insurer; EDWIN G.
14  MIGUEL; FATEMAH S. ALSUWAIDAN;
    and DOES AND DOE INSURANCE
15  COMPANIES 1-5,

16                  Defendants.

17

18          Defendant ACE American Insurance Company ("ACE American") provides the

19  following Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for

20  Negligence, Violations of the Washington Insurance Fair Conduct Act and the Duty of Good

21  Faith and Fair Dealing, Breach of Contract, and Other Claims (the "Second Amended

22  Complaint"):

23                          I.  **JURISDICTION**

24          1.1     On information and belief, ACE American admits that the underlying car

25  accident occurred within the limits of Snohomish County, Washington. ACE American is

26  without information sufficient to form a belief as to the remaining allegations in paragraph

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND          PAGE 1          **Bullivant|Houser|Bailey PC**
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED                   One SW Columbia Street, Suite 800
COMPLAINT                                                            Portland, Oregon  97204-4022
                                                                     Telephone: 503.228.6351

1  1.1 of the Second Amended Complaint. To the extent that a further response is required,

2  ACE American denies all remaining allegations in paragraph 1.1 of the Second Amended

3  Complaint.

4  ## II. PARTIES AND VENUE

5      2.1    On information and belief, ACE American admits the allegations in paragraph

6  2.1 of the Second Amended Complaint.

7      2.2    ACE American is without information sufficient to form a belief as to the

8  allegations in paragraph 2.2 of the Second Amended Complaint. To the extent that a further

9  response is required, ACE American denies the allegations in paragraph 2.2 of the Second

10 Amended Complaint.

11     2.3    ACE American is without information sufficient to form a belief as to the

12 allegations in paragraph 2.3 of the Second Amended Complaint. To the extent that a further

13 response is required, ACE American denies the allegations in paragraph 2.3 of the Second

14 Amended Complaint.

15     2.4    ACE American admits that it is an insurance company authorized to transact

16 business in the State of Washington. ACE American further admits that it is incorporated in

17 the Commonwealth of Pennsylvania with a principal place of business in Philadelphia,

18 Pennsylvania, and admits that it issued Policy No. ISA H09044188 to Sears Holdings

19 Corporation with a policy period of August 1, 2016 to August 1, 2017 (the "Policy"). Except

20 as expressly admitted, ACE American denies all remaining allegations in paragraph 2.4 of

21 the Second Amended Complaint.

22     2.5    ACE American admits that it issued the Policy to Sears Holdings Corporation.

23 ACE American further admits that service was effectuated by serving a copy of the Second

24 Amended Complaint on the Washington Insurance Commissioner. Except as expressly

25 admitted, ACE American denies all remaining allegations in paragraph 2.5 of the Second

26 Amended Complaint.

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 2

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

1       2.6     ACE American is without information sufficient to form a belief as to the

2   allegations in paragraph 2.6 of the Second Amended Complaint. To the extent that a further

3   response is required, ACE American denies the allegations in paragraph 2.6 of the Second

4   Amended Complaint.

5       2.7     ACE American admits the allegations in paragraph 2.7 of the Second

6   Amended Complaint.

7   

### III.  <u>FACTS</u>

8       3.1     On information and belief, ACE American admits the allegations in paragraph

9   3.1 of the Second Amended Complaint.

10      3.2     ACE American is without information sufficient to form a belief as to the

11  allegations in paragraph 3.2 of the Second Amended Complaint. To the extent that a further

12  response is required, ACE American denies the allegations in paragraph 3.2 of the Second

13  Amended Complaint.

14      3.3     On information and belief, ACE American admits that Fatemah Alsuwaidan

15  was involved in a car accident with Plaintiff on November 16, 2016. ACE American is

16  without information sufficient to form a belief as to the remaining allegations in paragraph

17  3.3 of the Second Amended Complaint. To the extent that a further response is required,

18  ACE American denies the allegations in paragraph 3.3 of the Second Amended Complaint.

19      3.4     On information and belief, ACE American admits that Edwin Miguel was

20  involved in a car accident with Plaintiff on November 16, 2016, and that at the time of the

21  accident he was driving a 2013 Chevrolet G1500 cargo van registered to Sears Management

22  LSE, bearing VIN number 1GCSGAFX2D1166602. ACE American is without information

23  sufficient to form a belief as to the remaining allegations in paragraph 3.4 of the Second

24  Amended Complaint. To the extent that a further response is required, ACE American denies

25  the remaining allegations in paragraph 3.4 of the Second Amended Complaint.

26  /// 

---

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 3

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1        3.5    On information and belief, ACE American admits that Defendant Edwin

2   Miguel was an employee of a Sears entity covered by the Policy. ACE American is without

3   information sufficient to form a belief as to the remaining allegations in paragraph 3.5 of the

4   Second Amended Complaint. To the extent that a further response is required, ACE

5   American denies the allegations in paragraph 3.5 of the Second Amended Complaint.

6        3.6    On information and belief, ACE American admits that both Fatemah

7   Alsuwaidan and Edwin Miguel were involved in a car accident with Plaintiff. ACE American

8   further admits that Defendant Fatemah Alsuwaidan rear ended Plaintiff, and that Defendant

9   Edwin Miguel's vehicle made a secondary impact with Defendant Fatemah Alsuwaidan's

10  vehicle causing it to collide again with Plaintiff's vehicle. ACE American is without

11  information sufficient to form a belief as to the remaining allegations in paragraph 3.6 of the

12  Second Amended Complaint. To the extent that a further response is required, ACE

13  American denies the remaining allegations in paragraph 3.6 of the Second Amended

14  Complaint.

15       3.7    Paragraph 3.7 of the Second Amended Complaint is a legal conclusion to

16  which no response is required. To the extent that further response is required, ACE American

17  denies the allegations in paragraph 3.7 of the Second Amended Complaint.

18       3.8    ACE American admits that it issued the Policy to Sears Holdings Corporation

19  and further admits that the Policy speaks for itself. ACE American is currently without

20  knowledge sufficient to form a belief as to the remaining allegations in paragraph 3.8 of the

21  Second Amended Complaint. To the extent further response is required, ACE American

22  denies the remaining allegations in paragraph 3.8 of the Second Amended Complaint.

23       3.9    ACE American admits that it issued the Policy to Sears Holdings Corporation.

24  ACE American is currently without knowledge sufficient to form a belief as to the remaining

25  allegations in paragraph 3.9 of the Second Amended Complaint. To the extent further

26  / / /

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND       PAGE 4
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1    response is required, ACE American denies the remaining allegations in paragraph 3.9 of the

2    Second Amended Complaint.

3        3.10    ACE American is without information sufficient to form a belief as to the

4    allegations in paragraph 3.10 of the Second Amended Complaint. To the extent that a further

5    response is required, ACE American denies the allegations in paragraph 3.10 of the Second

6    Amended Complaint.

7        3.11    ACE American admits that based on the information provided at the time of

8    the accident that Edwin Miguel was an insured under the Policy. Except as admitted ACE

9    American denies all remaining allegations in paragraph 3.11 of the Second Amended

10    Complaint.

11        3.12    ACE American admits that the Policy speaks for itself. Except as admitted,

12    ACE American denies all remaining allegations in paragraph 3.12 in the Second Amended

13    Complaint.

14        3.13    In response to the allegations in paragraph 3.13 of the Second Amended

15    Complaint, ACE American incorporates its response to paragraph 3.12 as set out above.

16    Except as admitted, ACE American denies all remaining allegations in paragraph 3.13 of the

17    Second Amended Complaint.

18        3.14    In response to the allegations in paragraph 3.14 of the Second Amended

19    Complaint, ACE American incorporates its response to paragraph 3.12 as set out above.

20    Except as admitted, ACE American denies all remaining allegations in paragraph 3.14 of the

21    Second Amended Complaint.

22        3.15    ACE American denies the allegations in paragraph 3.15 of the Second

23    Amended Complaint.

24        3.16    On information and belief, ACE American admits, based on the information

25    currently available to it, that Defendant Edwin Miguel was an insured under the Policy at the

26    time of the collision. However, ACE American is without information sufficient to form a

1  belief as to what Plaintiff means by the phrase "at all material times." Except as admitted

2  ACE American denies all remaining allegations in paragraph 3.16 of the Complaint.

3      3.17    ACE American admits that Edwin Miguel was named as a defendant in the

4  underlying action, and that it received notice of the suit. ACE American further admits that

5  when it attempted to appoint defense counsel, it was informed by appointed defense counsel

6  that suit had only been served, but not filed. ACE American further admits that shortly after

7  the filing of the complaint, and before Plaintiff sought a default judgment against Defendant

8  Edwin Miguel, the United States Bankruptcy Court for the Southern District of New York

9  (the "Bankruptcy Court") issued an order specifically staying the claims against Edwin

10  Miguel in the lawsuit. Appointed defense counsel sent a copy of the order to Plaintiff's

11  counsel. Despite this, and, upon information and belief, in violation of the bankruptcy stay,

12  Plaintiff's counsel continued to pursue claims against Defendant Edwin Miguel and obtained

13  a default judgment against Edwin Miguel. The Bankruptcy Court lifted its stay on April 5,

14  2021, which allowed the case to proceed in state court. At this time, Edwin Miguel did not

15  inform ACE American that he had been contacted by Plaintiff's counsel, that there was a

16  default order entered against him, or that he was attempting to negotiate a settlement with

17  Plaintiff. Thereafter, and without consulting with ACE American, Edwin Miguel entered into

18  a settlement agreement permitting Plaintiff to execute a judgment against Edwin Miguel for

19  $1,500,000. Except as admitted, ACE American denies all remaining allegations in

20  paragraph 3.17 of the Second Amended Complaint.

21      3.18    In response to the allegations in paragraph 3.18 of the Second Amended

22  Complaint, ACE American incorporates its response to paragraph 3.17 as set out above.

23  Except as admitted, ACE American denies all remaining allegations in paragraph 3.18 of the

24  Second Amended Complaint.

25      3.19    ACE American admits that the claim arising from Plaintiff's car accident was

26  initially assigned to Sedgwick Claims Management Services, Inc. ("Sedgwick"). Except as

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

admitted, ACE American denies all remaining allegations in paragraph 3.19 of the Second Amended Complaint.

3.20    In response to the allegations in paragraph 3.20 of the Second Amended Complaint, ACE American incorporates and restates its response to paragraph 3.19 as set out above. Except as admitted, ACE American denies all remaining allegations in paragraph 3.20 of the Second Amended Complaint.

3.21    ACE American admits that that the letter speaks for itself. Except as admitted, ACE American denies all remaining allegations in paragraph 3.21 of the Second Amended Complaint.

3.22    On information and belief, ACE American admits that counsel for Plaintiff sent six letters between November 6, 2017 to April 25, 2018 to Sedgwick relating to the accident. On information and belief, ACE American, or the claims handlers assigned to the claim (Sedgwick and later ESIS), did not receive any further correspondence from Plaintiff's counsel relating to the accident after April 25, 2018. Except as admitted, ACE American denies all remaining allegations in paragraph 3.22 of the Second Amended Complaint.

3.23    ACE American admits that based on the information provided at the time of the accident that it considered Defendant Edwin Miguel an insured under the Policy and extended liability coverage for the claims made against Defendant Edwin Miguel in the lawsuit. Except as admitted ACE American denies all remaining allegations in paragraph 3.23 of the Second Amended Complaint.

3.24    In response to the allegations in paragraph 3.24 of the Second Amended Complaint, ACE American incorporates its response to paragraph 3.23 as set out above. Except as admitted, ACE American denies all remaining allegations in paragraph 3.24 of the Second Amended Complaint.

3.25    ACE American admits that prior to August 1, 2021, and before the Superior Court approved the settlement agreement and judgment between Plaintiff and Defendant

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 7

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1  Edwin Miguel, it had not determined that Plaintiff's claim was "not covered by a policy of

2  insurance it issued." ACE American further admits it attempted to appoint defense counsel

3  for Edwin Miguel in December 2018. Initially, however, ACE American's claims handler

4  was informed by defense counsel that suit was not filed against Edwin Miguel. ACE

5  American further admits that it attempted to appoint counsel again in July of 2021, however,

6  personal counsel for Edwin Miguel demanded that ACE American's appointed defense

7  counsel withdraw. Except as admitted ACE American denies all remaining allegations in

8  paragraph 3.25 of the Second Amended Complaint.

9      3.26    ACE American admits that prior to September 1, 2021, and before the

10 Superior Court approved the settlement agreement and judgment between Plaintiff and

11 Edwin Miguel, it attempted to appoint defense counsel for Edwin Miguel. On information

12 and belief, personal counsel for Edwin Miguel demanded that ACE American's appointed

13 defense counsel withdraw. Except as admitted ACE American denies all remaining

14 allegations in paragraph 3.26 of the Second Amended Complaint.

15     3.27    ACE American denies that before September 1, 2021, it had determined

16 liability for the accident. However, based on the information provided at the time of the

17 accident, ACE American considered Edwin Miguel an insured under the Policy and extended

18 liability coverage for the claims made against Edwin Miguel in the lawsuit. ACE American

19 thereafter attempted to appoint defense counsel as described in paragraph 3.25 above. Except

20 as admitted, ACE American denies all remaining allegations in paragraph 3.27 of the Second

21 Amended Complaint.

22     3.28    ACE American denies the allegations in paragraph 3.28 of the Second

23 Amended Complaint.

24     3.29    ACE American admits that Plaintiff provided some documentation to

25 Sedgwick concerning her alleged damages. ACE American is without information to form a

26 belief as to the remaining allegations in paragraph 3.29. To the extent that a further response

1  is required, ACE American denies the remaining allegations in paragraph 3.29 of the Second

2  Amended Complaint.

3        3.30    ACE American denies the allegations in paragraph 3.30 of the Second

4  Amended Complaint.

5        3.31    ACE American admits the allegations in paragraph 3.31 of the Second

6  Amended Complaint.

7        3.32    ACE American admits that it was aware of the original complaint as of

8  January 1, 2021. However, as described above in paragraph 3.25, ACE American, relying on

9  representations from defense counsel, believed that no suit had been filed. Except as

10  admitted, ACE American denies all remaining allegations in paragraph 3.32 of the Second

11  Amended Complaint.

12        3.33    In response to the allegations in paragraph 3.33 of the Second Amended

13  Complaint, ACE American incorporates its response to paragraph 3.32 as set out above.

14  Except as admitted, ACE American denies all remaining allegations in paragraph 3.33 of the

15  Second Amended Complaint.

16        3.34    In response to the allegations in paragraph 3.34, ACE American incorporates

17  its response to paragraph 3.25 as set out above. Except as admitted, ACE American denies all

18  remaining allegations in paragraph 3.34 of the Second Amended Complaint.

19        3.35    ACE American denies the allegations in paragraph 3.35 of the Second

20  Amended Complaint.

21        3.36    ACE American denies the allegations in paragraph 3.36 of the Second

22  Amended Complaint.

23        3.37    ACE American denies the allegations in paragraph 3.37 of the Second

24  Amended Complaint.

25  / / /

26  / / /

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 9

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1    3.38    ACE American admits that the settlement agreement speaks for itself. Except

2  as admitted, ACE American denies the allegations in paragraph 3.38 of the Second Amended

3  Complaint.

4    3.39    Paragraph 3.39 of the Second Amended Complaint is a legal conclusion to

5  which no response is required. To the extent that further response is required, ACE American

6  admits that the settlement agreement speaks for itself and denies all remaining allegations in

7  paragraph 3.39 of the Second Amended Complaint.

8    3.40    ACE American admits that the Superior Court's Order on Plaintiff's Motion

9  for Determination of Reasonableness of Settlement Agreement and for Judgment Thereon

10  signed by Judge Anna Farris on July 20, 2021, speaks for itself. Except as admitted, ACE

11  American denies the allegations in paragraph 3.40 of the Second Amended Complaint.

12    3.41    ACE American admits that the Judgment against Edwin Miguel entered by the

13  Superior Court on September 1, 2021, speaks for itself. Except as admitted, ACE American

14  denies the allegations in paragraph 3.41 of the Second Amended Complaint.

15    3.42    To the extent that ACE American did not receive notice in compliance with

16  RCW 48.30.015, ACE American denies the allegations in paragraph 3.42 of the Second

17  Amended Complaint. To the extent that such notice was sent, ACE American admits that the

18  notice speaks for itself. Except as admitted, ACE American denies all remaining allegations

19  in paragraph 3.42 in the Second Amended Complaint.

20    3.43    To the extent that ACE American did not receive notice in compliance with

21  RCW 48.30.015, ACE American denies the allegations in paragraph 3.43 of the Second

22  Amended Complaint.

23    3.44    ACE American denies that it has an obligation to pay the unreasonable

24  judgment entered against Edwin Miguel that it contends, upon information and belief, is a

25  result of collusion. ACE American, therefore, denies the allegations in paragraph 3.44 of the

26  Second Amended Complaint.

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 10

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1    3.45    ACE American denies the allegations in paragraph 3.45 of the Second
2 Amended Complaint.

3    3.46    ACE American admits that it timely filed and served its Answer and
4 Affirmative Defenses to Plaintiff's Corrected Amended Complaint and that the Answer and
5 Affirmative Defenses to Plaintiff's Corrected Amended Complaint speaks for itself. Except
6 as admitted, ACE American denies all remaining allegations in paragraph 3.46 of the Second
7 Amended Complaint.

8    3.47    ACE American admits its Answer and Affirmative Defenses to Plaintiff's
9 Corrected Amended Complaint speaks for itself. Except as admitted, ACE American denies
10 all remaining allegations in paragraph 3.47 of the Second Amended Complaint.

11    3.48    ACE American admits that its Answer and Affirmative Defenses speaks for
12 itself but denies that its answer constituted a coverage denial. Except as admitted, ACE
13 American denies all the remaining allegations in paragraph 3.48 of the Second Amended
14 Complaint.

15    3.49    ACE American denies that the Policy provides coverage for the full amount of
16 the Judgment which was put into place as a result of collusion between Plaintiff and Edwin
17 Miguel. Except as admitted, ACE American denies all remaining allegations in paragraph
18 3.49 of the Second Amended Complaint.

19    **IV.  NEGLIGENCE CLAIM AGAINST DEFENDANTS**
20    **MIGUEL AND ALSUWAIDAN**

21    4.1    In response to paragraph 4.1 of the Second Amended Complaint, ACE
22 American incorporates its responses to paragraphs 1.1 through 3.49 as set out above.

23    4.2    Paragraph 4.2 of the Second Amended Complaint is a legal conclusion to
24 which no response is required. To the extent that further response is required, ACE American
25 denies the allegations in paragraph 4.2 of the Second Amended Complaint.
26 / / /

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND               PAGE 11          **Bullivant|Houser|Bailey PC**
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED                         One SW Columbia Street, Suite 800
COMPLAINT                                                                  Portland, Oregon  97204-4022
                                                                           Telephone: 503.228.6351

## V.  CLAIMS AGAINST DEFENDANT ACE AMERICAN INSURANCE COMPANY

5.1     In response to paragraph 5.1 of the Second Amended Complaint, ACE American incorporates its responses to paragraphs 1.1 through 4.2 as set out above.

5.2     ACE American denies the allegations in paragraph 5.2 of the Second Amended Complaint.

5.3     ACE American denies the allegations in paragraph 5.3 of the Second Amended Complaint.

5.4     ACE American denies the allegations in paragraph 5.4 of the Second Amended Complaint.

5.5     ACE American denies the allegations in paragraph 5.5 of the Second Amended Complaint.

5.6     ACE American denies the allegations in paragraph 5.6 of the Second Amended Complaint, and specifically also denies that Plaintiff is entitled to declaratory relief including an "order of coverage and an entry of judgment" against ACE American.

## VI.  NOTICE REGARDING PUNITIVE DAMAGES

6.1     ACE American denies the allegations in paragraph 6.1 of the Second Amended Complaint and specifically denies that Plaintiff is entitled to any punitive damages.

## VII.  DEMAND FOR RELIEF

7.1     ACE American denies that Plaintiff is entitled to any of the relief sought in paragraphs 1 through 8 of her Demand for Relief.

## VIII.  ACE AMERICAN'S AFFIRMATIVE DEFENSES

8.1     ACE American asserts the following affirmative defenses and, in so doing, does not assume any evidentiary burdens other than those imposed by law:

8.2     Plaintiff lacks standing to assert some, or all of the relief sought in the Second Amended Complaint.

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

PAGE 12

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

8.3     There is no independent cause of action for violation of, or private enforcement of, the WAC insurance handling regulations, absent application of some other statute. Accordingly, Plaintiff has failed to state a claim upon which relief can be given.

8.4     To the extent that ACE American was not properly served with the notice required by RCW 48.30.015, Plaintiff's claims under Washington's Insurance Fair Conduct Act must be dismissed.

8.5     By failing to notify ACE American that Plaintiff has entered a default judgment against him for $400,752.37; that he had been directly contacted by Plaintiff's counsel regarding the lawsuit; that he and Plaintiff intended to enter into a settlement agreement and covenant judgment with Plaintiff for $1,500,000; or that the Court was convening a reasonableness hearing regarding the settlement on July 20, 2021, Edwin Miguel failed to comply with the Policy's and his common law cooperation obligations to the prejudice of ACE American.

8.6     Edwin Miguel was required to cooperate with ACE American in the defense against the lawsuit. Edwin Miguel further violated the cooperation clause by refusing to accept the counsel ACE American appointed to defend him in July 2021 and by insisting that ACE American's appointed defense counsel immediately withdraw. Such acts forfeited coverage for the damages sought by Plaintiff as assignee of Edwin Miguel's claims against ACE American.

8.7     Plaintiff should be estopped to assert claims in excess of the damages originally awarded by the Superior Court totaling $400,752.37, by the Judgment entered against Edwin Miguel on May 2, 2019.

8.8     Plaintiff unconscionably continued to pursue litigation against Edwin Miguel, an unrepresented individual, despite the issuance of a valid bankruptcy stay. Accordingly, the settlement agreement and subsequent stipulated judgment entered into, under threat of

/ / /

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 13

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

1 | collecting against Edwin Miguel's personal assets, are invalid, unenforceable, and/or must be
2 | unwound.

3 |      8.9    The purported covenant judgment between Plaintiff and Edwin Miguel is not
4 | enforceable because it failed to comply with Washington state and federal law.

5 |      8.10   Plaintiff and Edwin Miguel violated ACE American's right to due process by
6 | failing to provide ACE American with notice and the opportunity to be heard before the
7 | settlement agreement was signed or the covenant judgment against Edwin Miguel was
8 | entered. Neither Plaintiff nor Edwin Miguel provided ACE American with notice that
9 | Plaintiff and Edwin Miguel were entering into a settlement agreement and stipulated
10 | judgment. In fact, Plaintiff was only willing to negotiate a settlement with Edwin Miguel if
11 | he agreed to *not* make any contact with ACE American.

12 |      8.10   The stipulated judgment and settlement agreement is the product of fraud
13 | and/or collusion.

14 |      8.11   To the extent that the stipulated judgement is not found to be void, ACE
15 | American's liability is limited to the extent that the amount of the settlement is found to be
16 | reasonable and paid in good faith.

17 |      8.12   The equitable doctrine of unclean hands bars all or parts of Plaintiff's claims.

18 |      8.13   Plaintiff failed to mitigate her damages by failing to recover any significant
19 | amount from Fatemah Alsuwaidan, the party who initially rear-ended Plaintiff causing some,
20 | if not all, of her injury.

21 | ### IX.  ACE AMERICAN'S RESERVATION OF RIGHTS

22 |      ACE American reserves the right to assert other affirmative defenses, counterclaims,
23 | cross claims, and third-party claims, as appropriate.

24 | ### X.  ACE AMERICAN'S JURY TRIAL DEMAND

25 |      ACE American demands a trial by jury.

26 |

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 14

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

# XI.  PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Second Amended Complaint and having reserved the right to assert affirmative defenses, ACE American prays for:

A.    an entry of a judgment in its favor, dismissing Plaintiff's claims with prejudice;

B.    for costs and disbursements incurred herein; and

C.    for such other relief deemed just or equitable by the Court.

DATED:  September 6, 2022

BULLIVANT HOUSER BAILEY PC

By  s/ Lloyd Bernstein
Lloyd Bernstein, WSBA #46244

Attorneys for Defendant Ace American Insurance Company

4872-0430-9552.2

ACE AMERICAN INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

PAGE 15

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I caused to be served the foregoing

DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER AND

AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT on

the following parties at the following addresses:

| | |
|---|---|
| Terence F. Traverso<br>Law Offices of Terence F. Traverso, PS<br>1408 140th Place NE, Ste. 140<br>Bellevue, WA  98007<br>Email:  assistant1@traversolaw.com<br>  *Attorneys for Plaintiff* | ☒  U.S. Postal Service, ordinary first class mail<br>☐  U.S. Postal Service, certified or registered mail, return receipt requested<br>☐  E-Filing<br>☐  E-Service<br>☐  Hand Delivery<br>☒  Other (specify)  <u>Email</u> |
| Sean B. Malcolm<br>Malcolm Law Firm PLLC<br>8201 164th Ave. NE, Ste. 200<br>Redmond, WA  98052-7615<br>Email: sean@kirklandtriallawyer.com<br>  *Attorney for Defendant Edwin G. Miguel* | ☒  U.S. Postal Service, ordinary first class mail<br>☐  U.S. Postal Service, certified or registered mail, return receipt requested<br>☐  E-Filing<br>☐  E-Service<br>☐  Hand Delivery<br>☒  Other (specify)  Email |

s/ Mary Brown
Mary Brown

4872-0430-9552.2

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351