UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 18-23538-shl

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

SEARS HOLDINGS CORPORATION, et al.,

Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court

300 Quarropas Street, Room 248

White Plains, NY 10601

October 25, 2022

2:08 PM

B E F O R E :

HON SEAN H. LANE

U.S. BANKRUPTCY JUDGE

ECRO: A. VARGAS

HEARING re Doc. #10618 Motion for Omnibus Objection to Claim(s) / Debtors' Forth-Eighth Omnibus Objection to Proofs of Claim (Reclassify Claims)

HEARING re Doc. #10619 Motion for Omnibus Objection to Claim(s) / Debtors' Forth-Ninth Omnibus Objection to Proofs of Claim (Reclassify Claims)

HEARING re Doc. #10620 Motion for Omnibus Objection to Claim(s) / Debtors' Fiftieth Omnibus Objection to Proofs of Claim (Reclassify Claims)

Transcribed by: Sonya Ledanski Hyde

A P P E A R A N C E S :

WEIL, GOTSHAL & MANGES, LLP

Attorneys for the Debtor

767 Fifth Avenue

New York, NY 10153

BY: PHILIP DIDONATO (TELEPHONICALLY)

GARRETT A. FAIL (TELEPHONICALLY)

QUINN EMANUEL URQUHART SULLIVAN, LLP

Attorney on behalf of Admin Expense Claim Rep

1300 I Street, NW, Suite 900

Washington, DC 20005

BY: ERIKA L. MORABITO

AKIN GUMP STRAUSS HAUER & FELD LLP

Attorney for Official Committee of Unsecured Creditors

Bank of America Tower

1 Bryant Park

New York, NY 10036

BY: JOSEPH SZYDLO

ALSO PRESENT TELEPHONICALLY:

DAN YOUNGBLUT

P R O C E E D I N G S

THE COURT: Good afternoon. This is Judge Sean Lane in the United States Bankruptcy Court for the Southern District of New York, and we're here this afternoon for hearing in Sears Holding Corporation Chapter 11 case. And the matters that are on, or the subject of a notice of agenda of matters that was filed with the docket, docket number 10687. So, we'll start as we always do by getting appearances, so let me find out who's here on behalf of the confirmed debtor.

MR. FAIL: Good morning -- or good afternoon, Your Honor. Garrett Fail, Weil, Gotshal & Manges on behalf of the debtors, here with my colleague virtually, Phil DiDonato.

THE COURT: All right.

MR. FAIL: And I believe Mr. (William Murphy), from M3 is also on the line, although it -- he might be (indiscernible).

THE COURT: All right, well let me find -- that's a good segway to find out who else is here, who wishes to make an appearance at this time. All right, the silence is deafening, so Mr. Fail, I think you may have the podium all to yourself.

MR. FAIL: Thanks very much, and thanks for taking the time this afternoon to fit us into your calendar, and

welcome to the Sears docket. By way of background, you may know, Your Honor, we filed these cases over four years ago on October 15th, 2018. At the time, Sears and Kmart and our affiliates had about 700 stores and 68,000 employees. The company entered with a goal of selling substantially all of the debtor's assets as a going concern on an expedited timeline.

In February of 2019, on that fast timeline, the debtors closed a sale of substantially all of their assets. The debtors quickly pivoted to negotiating with constituents and working to formulate a Chapter 11 plan. The Chapter 11 was confirmed on the one-year mark on October 15th, 2019, and since that time, Judge, the debtors have been working to reconcile the administrative secured and priority claims that were asserted against them, make payments on administrative claims that haven't been paid prior to the confirmation, and pursue avoidance actions to increase recoveries that would be available for distribution.

And the regular litigations that were commenced and pursued by constituents that were set up, it was essentially a creditor's committee counsel, and Trustees that were set up to pursue other litigation against the insiders and other parties. Ultimately, in September of this year a short while ago, Judge (Drain) entered an order approving a settlement -- a global settlement that brought

into the debtor's estates approximately 180 million dollars and will allow the Chapter 11 plan to go effective.

We filed a notice, I think earlier this month estimating that the effective date would occur around the end of this month. And what's before you today, Your Honor mentioned the agenda that was filed at docket 10687, our number of omnibus objections that help clear the path to reduce reserves in a disputed claims reserve for claims that were filed asserting administrative secured priority claims but that aren't entitled to such relief. I can say, you know, I wish I could say that this -- these were the last, Judge, that we'll bring before you. I would note that they're uncontested today, wherever there was a response where parties felt that they wanted to be heard, we pulled them from the order and we'll set a hearing date at a time that works with Your Honor's calendar, and we'll be efficient as we've tried to be to include them and kind of address them all together.

We -- the omnibus objections before you today have a common theme. In general, they're all claims filed by individuals. These individuals typically also asserted claims relating to retiree life insurance. Earlier in the Chapter 11 case, Judge (Drain) approved a settlement agreement pursuant to 1114 that set aside a certain amount of funds to be allocated for certain plan participants that

passed within a certain period of time. There was a retiree committee formed, professionals engaged that did a very thorough review of all of the claims that had been asserted.

Judge (Drain) entered an order on the 46th omnibus objection allowing approximately 260, 270 claims that will share in distribution on the effective date -- on or about the effective date in those proceeds. Judge (Drain) also entered an order, the 47th omnibus objection disallowing a large number of participants claims that, you know, were not entitled to priority pursuant to the retiree settlement or otherwise.

We thought we had captured them all, but in, you know, being very thorough and scrubbing the claims register and dockets, we've uncovered additional claims that had been asserted but that not entitled to priority amounts. There are three objections before you today, the debtor's 48th, 49th, and 50th. As I mentioned, we filed certificates of no objections, we had heard from a large number of these parties, so we know that the motions have probably been served, and we request that Your Honor enter an order granting the objections to make clear that there's no reserve that needs to be held for admin secured priority asserted claims.

We'll probably be filing some other objections to do some cleanup in the future, once the plan goes effective

there are other provisions that will address claims filed against multiple debtors for the same amount, so we've kind of eliminated the need to burden the Court's time. That, but there may be some additional dupes -- duplicates or other things that we'll do some cleanup with you, and then kind of as a preview of other things to come, there have been a number of motions or objections where the debtors held back going forward to kind of pursue as liquidity was tight, and the future of the cases were, you know, not determined.

Now that you know, in following the hopefully upcoming effective date, we can help clear the rest of the docket for you, and we'll work with your chambers to schedule some matters including those that are pro se and others that kind of have just been held in advance will continue, obviously, to consider the cost benefit and work additionally for the benefit of the remaining stakeholders. But we hope that you know, we hope to close out the matter before you as quickly as we can.

THE COURT: All right.

MR. FAIL: I'm obviously happy to answer any questions (indiscernible).

THE COURT: So, I just wanted to clarify a couple things for the record, and the -- at there -- clarify maybe an overstatement, because they're in the motion, but just as

the new person to this particular party, so to speak. So, in identifying the treatment of these individuals versus -- as compared to other individuals for purposes of the settlement dealing with retiree benefits, it sounds like there was consultation with the retiring committee and its counsel to essentially prop -- to get a -- come up with an appropriate list and figure out who should be having what claims, and that this objection is an outgrowth of those conversations and that due diligence?

MR. FAIL: Correct, Your Honor.

THE COURT: All right. And I didn't see a declaration, and I assume that's because the things that you're relying on are part of the record of these cases, and I can -- people say I can take judicial notice of the docket, but it's part of the case. So, and I assume that's why there's no declaration, because the settlement and the provisions that you recount are all part of that record.

MR. FAIL: That is correct, Judge, and in connection with the earlier objections, the Council for the Retiree Committee did file a declaration. Subsequently, he filed a final fee application in connection with, you know, kind of trying to get to clear things off of the docket. You know, we didn't want to go back and burden him again, we relied on that and consulted with -- yeah.

THE COURT: All right. So, I know I said that

there seems to be (indiscernible) on more than one basis to expunge these claims and these claims objections and one is that, consistent with the settlement and how things are being treated in the settlement, and the second is that there's no other basis for priority treatment of any of these individual's claims. And so, for purposes of belt and suspenders, on that second part I assume you're in a position to just make a proffer that, having reviewed the claims that were filed for these individuals who were the subject of the current objections, the current claims objections, that there's no other basis that's been presented that entitles them to priority treatment.

MR. FAIL: Yes, Your Honor. Correct.

THE COURT: All right. Just -- it's a bit of belt and suspenders, like I said, there's more than one basis for the claim objection here, but just to sort of have those both squared away and all right. And so, with that evidentiary proffer, I'm happy to grant all of these claims objections as have been revised. It sounds like certain names have come off the list consistent with your discussions with people as being claims that should be reclassified because they're not entitled to priority secured or administrative treatment consistent with the settlement and the alternative.

And in addition, that they are not (indiscernible)

based on your proffer of reviewing the claims with the Retiree Committee and its counsel. So, I'm happy to grant the objections and I guess we have a hearing on November 3rd, I wasn't sure if the debtors are participating in that hearing or not, or if that's other parties. I know there was -- it's a stay violation -- a motion, I believe.

MR. FAIL: There is a hearing, and we could add one item if -- we have one item that we can move forward with, I think that's a pro se matter that's been lingering on the docket if Your Honor has time, we can schedule -- we can add that one to the calendar if not, there's no emergency rush with it. We can defer.

THE COURT: If you could do it the way that everybody's got notice and so they can participate, yeah, I'm happy with adding that to the calendar, just reach out to (Missy Banks) to do that, but if everybody's ready to go and has notice of it and is -- has an ability to move forward with it, that's fine with me.

MR. FAIL: Excellent. We appreciate that, Judge. Thank you.

THE COURT: Absolutely. With that, anything else that we need to address here today?

MR. FAIL: No, Your Honor that's the agenda.

THE COURT: All right, thank you very much. Good to see you. Be well and looking forward to seeing you soon.

MR. FAIL: Same Judge. Thank you. Bye bye.

(Whereupon these proceedings were concluded at 2:21 PM)

I N D E X

RULINGS

| | Page | Line |
|---|---|---|
| Claims Objections GRANTED | 11 | 18 |

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

Sonya M. Ledanski Hyde

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: October 26, 2022