# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                      :    Chapter 11
                                                           :
SEARS HOLDINGS CORPORATION, *et al.*,    :    Case No. 18-23538 (SHL)
                                                           :
Debtors.[1]                                           :    (Jointly Administered)
                                                           :
------------------------------------------------------------x

**ORDER APPROVING MOTION OF THE CHUBB COMPANIES
FOR ENTRY OF AN ORDER (I) RULING THAT DEFAULT JUDGMENT,
SETTLEMENT AGREEMENTS AND STATE COURT ORDERS ARE VOID
PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) AND WITHOUT EFFECT;
AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Chubb Companies for Entry of an Order (I) Ruling that Default Judgment, Settlement Agreements and State Court Orders Are Void Pursuant to 11 U.S.C. §§ 105(a) and 362(a) and Without Effect; and (II) Granting Related Relief* (the "**Motion**");[2] and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided, and it appearing that no other or further notice need be provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405]; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and all objections (if any) to the Motion having been withdrawn or overruled on the merits; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      Plaintiff violated the automatic stay set forth in 11 U.S.C. § 362(a) and this Court's Stay Extension Order dated January 19, 2019 (defined in the Motion as the "Stay Extension Order"), extending the automatic stay to Mr. Miguel [Doc. No. 1528], by seeking, obtaining, and attempting to enforce the Findings of Facts and Conclusions of Law in Support of Entry of Default and Default Judgment dated and filed in the State Court on May 2, 2019 (defined in the Motion and herein as the "Default Judgment") against Edwin Miguel;

2. Plaintiff violated the automatic stay set forth in 11 U.S.C. § 362(a) and this Court's Stay Extension Order extending the automatic stay to Mr. Miguel by seeking and entering into the following two Settlement Agreements based, in whole or in part, on the Default Judgment (defined in the Motion and herein as the "Settlement Agreements"):

    i. Settlement Agreement With Assignments of Rights and Covenants between Shelley Hawkins and Edwin G. Miguel dated October 9, 2020;

    ii. Settlement Agreement With Assignments of Rights and Covenants between Shelley Hawkins and Edwin G. Miguel dated June 25, 2021 and filed with the State Court on July 12, 2021; and

3. Plaintiff violated the automatic stay set forth in 11 U.S.C. § 362(a) and this Court's Stay Extension Order extending the automatic stay to Mr. Miguel by seeking and obtaining the following two orders from the State Court based, in whole or in part, on the Default Judgment (defined in the Motion and herein as the "State Court Orders"):

    i. Order on Plaintiff's Motion for Determination of Reasonableness of Settlement Agreement and for Judgment Thereon entered by the State Court on July 21, 2021; and

    ii. Confession of Judgment Against Defendant Edwin G. Miguel dated June 23, 2021 and entered by the State Court on September 2, 2021.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Default Judgment is hereby ruled to be void *ab initio* and without effect pursuant to 11 U.S.C. §§ 105(a) and 362(a) as a violation of the automatic stay and the Stay Extension Order.

3. The Settlement Agreements and the State Court Orders are each based, in whole or in part, upon the void Default Judgment and are hereby ruled to each be void *ab initio* and without effect pursuant to 11 U.S.C. §§ 105(a) and 362(a) as violations of the automatic stay and the Stay Extension Order.

4.  The terms and conditions of this Order are effective immediately upon entry, its provisions shall be self-executing and shall not be stayed on any basis.

5.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2022
       White Plains, New York

                                                           _____
                                                           THE HONORABLE SEAN H. LANE
                                                           UNITED STATES BANKRUPTCY JUDGE