UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 18-23538 (SHL)

Jointly Administered

## MEMORANDUM OF DECISION AND ORDER

Before the Court is the *Motion to Be Listed as a Priority Debt, Demand Acknowledgement of Employment and Type of Work Performed* [ECF No. 10487] (the "Motion"), filed *pro se* by Kingdom Seekers Inc. ("Kingdom Seekers") and Aron Goldberger ("Goldberger," and together with Kingdom Seekers, the "Movants") in the above-captioned cases of Sears Holdings Corporation and its related debtor entities (collectively, the "Debtors").[1]

The Movants have a prior history in these cases. On October 19, 2021, the Debtors filed their *Thirty-Sixth Omnibus Objection to Proofs of Claim (Reclassifying Claims)* [ECF No. 9975] (the "Claims Objection"), requesting the reclassification of the Movants' proofs of claim number 26515 and 26517 (together, the "Claims")[2] from priority status to general unsecured status. The Claims Objection argued that: (a) the Claims were not secured by a valid lien on property of the Debtors' estates, and (b) the Claims did not otherwise satisfy the requirements for administrative expense or statutory priority under Sections 503(b) and 507(a) of the Bankruptcy Code. The Movants filed the *Creditors Response to the Debtors' Thirty-Sixth Omnibus-Objection to Claims* [ECF No. 10031] (the "Response"), opposing the relief sought in the Claims Objection. On

---

[1] On July 2, 2022, the above-captioned cases were reassigned to Judge Sean H. Lane. *See Notice of Case Reassignment* [ECF No. 10516].

[2] Claim No. 26515 was asserted against Debtor Kmart Corporation and Claim No. 26517 against Debtor Sears Holdings Corporation.

November 10, 2021, the Court held a hearing on the Claims Objection, during which the Court granted the relief requested by the Debtors. *See* Hr'g Tr. 58:5-59:21 (Nov. 10, 2021) [ECF No. 10084]. The Movants did not appear at the hearing. *See id.* The Court subsequently entered the *Order Granting Debtors' Objection to Proofs of Claim Numbers 26515 and 26517 (Kingdom Seekers, Inc.)* [ECF No. 10088] (the "Reclassification Order"), which reclassified the Claims in their entirety as general unsecured claims.

The Movants did not file an appeal of the Reclassification Order. Instead, the Movants submitted a letter to the Court providing what they characterized as evidence of judgements and security interests based on work and commissions that they claimed were owed to them by the Debtors. *See Letter*, dated December 9, 2021 [ECF No. 10145] (the "Letter"). The Letter requested that the Court rule the Claims had priority and administrative expense status pursuant to Sections 507(a)(2) and 507(a)(1) of the Bankruptcy Code. *See id.* The Court construed the Letter as a motion to reconsider the Reclassification Order and denied this request, stating that the Movants had not met the standard under Rule 60(b) of the Federal Rules of Civil Procedure because they did not assert mistake, inadvertence, surprise or excusable neglect and offered no new evidence to satisfy the requirements of Rule 60(b)(2) and did not state a legally supportable basis for reconsideration under Rule 60(b)(3)-(6). *See Order Denying Motion for Reconsideration* at 3 [ECF No. 10254] (the "Reconsideration Order"). The Court noted that the Letter simply repeated arguments that were already raised in their Response to the Claims Objection. *See id*. The Court also found that the Letter provided further support for the objection asserted in the Claims Objection that "the Claims arose, if at all, years before the bankruptcy petition date" and thus were not entitled to administrative expense or priority status and were not secured by a lien." *Id.*

The Movants have now filed the instant Motion, in which they request the Court list the Claims as priority debts of the Debtors. The Motion alleges, among other things, alleges wage theft on the part of Sears and an assault by one of the Debtors' employees. *See generally* Motion at 3-4, 7. The Motion also discusses the Movants' background in commercial real estate, ongoing business projects and financial hardships. *See generally* Motion at 5-10. These are issues raised in the Movants' prior filings. *See generally* Claims No. 26515 and 26517, together with attachments; Movants' Response at 2-3; Letter at 1-2, together with attachments. As the Motion seeks the same relief previously addressed in the Reclassification Order and the Reconsideration Order, the Court construes the Motion as a request for reconsideration of the Court's prior order denying reconsideration and of the original Reclassification Order.

Two rules are often cited when reconsideration of a Court's prior decision is sought. The first is Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e).[3] The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision." *In Design v. Lauren Knitwear Corp.*, 1992 WL 42911, at *1 (S.D.N.Y. Feb. 24, 1992) (citing *Morser v. AT & T Information Systems,* 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Travelers Insurance Co. v. Buffalo Reinsurance Co.,* 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

---

[3]    Rule 59(e) is made applicable to this matter by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

3

Such a request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners,* 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)). Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" *Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). "Arguments raised for the first time on a motion for reconsideration are therefore untimely." *Cruz*, 2006 WL 547681, at *1 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)). "[I]t is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously "overlooked" by the court.'" *In Design*, 1992 WL 42911, at *1 (quoting *Consolidated Gold Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.,* 169 F.R.D. 680, 685 (M.D. Fla. 1996)). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

The second rule often cited in these situations is Rule 60(b) of the Federal Rules of Civil Procedure,[4] which lists six grounds upon which a court may relieve a party from a final judgment, order or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[4] Rule 60(b) is made applicable to this matter by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

4

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of proof on a Rule 60(b) motion is on the movant and is "properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002). When determining Rule 60(b) motions, courts "balance fairness considerations present in a particular case against the policy favoring the finality of judgments." *Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). "In no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

The Movants' Motion fails to meet the standards provided for in Rules 59(e) and 60(b). The Movants' Motion raises neither new matters nor controlling decisions that the Court overlooked that would have materially influenced its prior decisions regarding the Claims, as required under Rule 59(e). Nor have the Movants asserted a mistake, inadvertence, surprise or excusable neglect as required under Rule 60(b)(1), offered new evidence to satisfy the requirements of Rule 60(b)(2), or provided a legally supportable basis for reconsideration under Rule 60(b)(3) through 60(b)(6).[5] As such, the Court finds that the Movants have not met the

---

[5] Rule 60(b)(6) grants authority to do so for "any other reason that justifies relief" (Fed. R. Civ. P. 60(b)), and only applies "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" and "there are extraordinary circumstances justifying relief." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)).

5

burden necessary for reconsideration of either the Reclassification Order or the Reconsideration Order. The Motion is therefore denied. The Debtors are directed to serve a copy of this Memorandum of Decision and Order on the Movants by overnight mail and file proof of such service on the Case Management/Electronic Case Filing Docket.

**IT IS SO ORDERED.**

Date:   White Plains, New York
        November 3, 2022

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE

**COPIES TO:**

By U.S. Mail:

Kingdom Seekers Inc./Aron Goldberger
15 S. Bridge Street, Suite 312
Poughkeepsie, N.Y. 12601

By Electronic Mail:

kingdomseekersinc2020@gmail.com