Hearing Date and Time: January 19, 2023 at 2:00 p.m. (Eastern Time)
Objection Date and Time: January 12, 2023 at 4:00 p.m. (Eastern Time)

FRANKGECKER LLP
1327 West Washington Blvd. Suite 5G-H
Chicago, IL 60607
Telephone: (312)276-1400
Facsimile: (312) 276-0035
Joseph D. Frank (admitted pro hac vice)
Jeremy C. Kleinman (admitted pro hac vice)
jfrank@fgllp.com
jkleinman@fgllp.com

*Attorneys for Jones Lang LaSalle Americas, Inc. and
JLL Valuation & Advisory Services, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re                                                     :
                                                          :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                 :
                                                          :    **Case No. 18-23538 (SHL)**
                                                          :
             Debtors.[1]                                  :    **(Jointly Administered)**
-----------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of Applicant: | Jones Lang LaSalle Americas, Inc., and JLL Valuation & Advisory Services, LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Order Authorizing Employment | December 21, 2018 (effective November 5, 2018) |
| Period for Which Compensation is Sought: | November 5, 2018 through December 31, 2021 |
| Amount of Fees Sought: | $2,768,759.63 |
| Amount of Expense Reimbursement Sought: | $44,846.51 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred thus far in this case is: $2,809,817.60.

**FIRST AND FINAL APPLICATION OF JONES LANG LASALLE
AMERICAS, INC. AND JLL VALUATION & ADVISORY SERVICES,
LLC FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS DEBTORS' REAL ESTATE ADVISORS FROM
NOVEMBER 5, 2018 THROUGH DECEMBER 31, 2021**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Jones Lang LaSalle Americas, Inc. (" **Americas**") and JLL Valuation & Advisory Services, LLC ("**VAS**" and, together with Americas, "**JLL**") submits this First and Final Application (the "**Application**"), pursuant to 11 U.S.C. §§ 328 and 330, requesting: (i) final allowance of compensation of $2,768,759.63 for professional services rendered by JLL as real estate advisors to Sears Holding Corporation ("**SHC**") and its related debtor entities (collectively, with SHC, the "**Debtors**") during the period from November 5, 2018 through December 31, 2021 (the "**Application Period**"), and reimbursement of expenses totaling $44,846.51 incurred in connection with those services; and (ii) payment of $3,788.54 for reimbursement of expenses not previously reimbursed. In support of its Application, JLL states as follows:

## Jurisdiction

1. This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced in this court (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors

operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

4. On December 6, 2018, the Debtors filed their Application for Authority to Retain and Employ Jones Lang LaSalle Americas, Inc. and JLL Valuation & Advisory Services, LLC as their Real Estate Advisor, Effective as of November 5, 2018 [Docket No. 1081] (the "**Retention Application**"). As set forth in the Retention Application, the Debtors sought authority to retain JLL to provide real estate advisory and marketing services to the Debtors with respect to the Debtors' unexpired leases and fee-owned properties, and to provide additional appraisal and valuation services with respect to several of those assets.

5. The economic terms of JLL's proposed retention were summarized in the Retention Application and set forth in the (i) Real Estate Advisory Services Agreement between Americas and SHC, effective as of November 5, 2018 (the "**Non-Core Asset Agreement**"); (ii) Real Estate Advisory Services Agreement between Americas and SHC, effective as of November 26, 2018 (the "**Global Real Property Agreement**"); and (iii) the Valuation and Advisory Services Agreement, dated as of November 28, 2018 (the "**Appraisal Agreement**" and, together with the Non-Core Asset Agreement and the Global Real Property Agreement, the "**Engagement Agreements**"), attached to the Retention Application as Exhibits A, B and C, respectively.

6. On December 21, 2018, the Bankruptcy Court approved JLL's retention, entering its Order Authorizing the Retention and Employment of Jones Lang LaSalle Americas, Inc. and JLL Valuation and Advisory Services, LLC as the Debtors' Real Estate Advisor, Effective as of

November 5, 2018 [Docket No. 1390] (the **Retention Order**"). A copy of the Retention Order is attached hereto as **Exhibit A**.

## The Services Rendered

7. During the Application Period, JLL assisted the Debtors by appraising their owned and leased real estate assets, marketing those assets for sale (both individually and as part of a going concern sale), and completing the sale of certain of those marketed assets. These services helped the Debtors to maximize the value of their real estate assets for the benefit of their creditors. Specifically, the services JLL provided to the Debtors included:

- appraising over 500 properties, representing a combination of the Debtors' fee and leasehold interests, that the Debtors identified for potential sale pursuant to the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816];

- assisting the Debtors' development of disposition and marketing strategies for each location;

- coordinating the marketing and sale of the Debtors' owned and leased real estate assets; and

- providing expert witness services relating to the Debtors' motion to sell their operating assets as a going concern, including reviewing and analyzing the expert report proffered by the Creditors' Committee, preparing a rebuttal declaration regarding the value of the properties at issue and testifying at the hearing on the motion. [*see* Docket No. 2342].

**The Compensation Structure For the Services Rendered by JLL**

8. The Retention Order authorized JLL's retention pursuant to the terms of the Engagement Agreements and approved the compensation structure set forth in those agreements pursuant to section 328 of the Bankruptcy Code. *See* Retention Order, ¶ 4.

9. As set forth in the Engagement Agreements, the Debtors agreed to compensate JLL for the services it provided through a combination of start-up fees, monthly service fees, per-property appraisal fees, and commissions from the sale of specific real estate assets. As discussed in the Retention Application, these fee structures are utilized by JLL in the ordinary course of engagements both inside and outside of bankruptcy cases. *See* Retention Application, ¶¶ 18-19, Ex. D, ¶ 16. With few exceptions (such as expert witness engagements), JLL does not typically charge for the services of its real estate professionals on an hourly basis and does not record the time spent by its professionals on each task performed. *Id.* at ¶ 19, Ex. D, ¶ 17.

10. In addition, as set forth in the Non-Core Asset Agreement and the Global Real Property Agreement, the Debtors agreed to reimburse JLL for reasonable out-of-pocket expenses incurred as part of performing the services contemplated in those agreements, subject to a $20,000 cap on the expenses incurred under each Engagement Agreement. *Id.* at Exhibits A (at internal Exhibit B) and B (at internal Exhibit C).

11. The Retention Order provided JLL with a mechanism to receive interim compensation and expense reimbursement due under the Engagement Agreements for services rendered without further order of this court. Specifically, the Retention Order contemplated that JLL would provide its invoices to the Debtors, the Creditors' Committee, the U.S. Trustee, and the Debtors' primary DIP lenders (the "Lenders"). Unless any of those parties disputed an invoice within 15 days, the Debtors were authorized to pay the amounts due. *Id.* at ¶ 5. Pursuant to the

Retention Order, any disputed amounts would be reserved for determination by the Bankruptcy Court. In addition, the Retention Order states "JLL shall file a final fee application with a summary of fees earned and expenses incurred along with a summary of the fees and expenses that have been paid." *Id.* at ¶ 7.

## Summary of the Fees And Expenses Incurred and Paid

12.  During the Application Period, JLL issued the following invoices for services rendered and expenses incurred (collectively, the "**Invoices**") to the Debtors, the U.S. Trustee, the Creditors' Committee, and the Lenders (collectively, the "**Notice Parties**"):

| Date of Invoice | JLL Entity | Description of Services | Professional Fees | Expenses | Amount Paid |
|---|---|---|---|---|---|
| 11/30/2018 | VAS | Appraisal services on 25 Phase 1 and 2 properties. | $93,500.00 | $0.00 | $93,500.00 |
| 11/30/2018 | VAS | Appraisal services on 21 Phase 2 properties. | $42,000.00 | $0.00 | $42,000.00 |
| 12/31/2018 | Americas | Nov. (prorated) and Dec. 2018 monthly advisory fees for services on non-core GOB properties ($60,667.00) and sale process ($116,667.00); $3,000 website setup fee.[2] | $180,334.00 | $13,301.89 (outside counsel legal fees, and overtime expenses) | $193,635.89 |
| 1/17/2019 | VAS | Appraisal services on | $1,262,000.00 | $0.00 | $1,262,000.00 |

---

[2] Exhibit B to the Non-Core Asset Agreement authorizes set up fees of up to $20,000 for a dedicated project marketing website, with an ongoing monthly fee of $2,500.00.

| Date of Invoice | JLL Entity | Description of Services | Professional Fees | Expenses | Amount Paid |
|---|---|---|---|---|---|
| | | roughly 430 properties. | | | |
| 1/25/2019 | Americas | Jan. 2019 monthly advisory fees for services on non-core GOB properties ($32,500) and the real estate sale process ($100,000); $1,500 in additional website set up fees. | $134,000.00 | $12,009.97 (temporary staff and overtime expenses) | $146,009.97 |
| 2/15/2019 | VAS | Additional services of JLL valuation professional Michael Welch assisting the Debtors on evidentiary hearing as to approval of going concern sale (billed hourly). | $73,125.00 | $4,846.51 (travel expenses relating to in-court testimony) | $77,971.51 |
| 2/15/2019 | VAS | Appraisal services on 51 additional properties. | $153,000.00 | $0.00 | $153,000.00 |
| 2/28/2019 | Americas | Feb. 2019 monthly advisory fees for services on non-core GOB properties ($32,500) and real estate sale process ($100,000). | $132,500.00 | $4,453.60 (temporary staff expenses) | $136,953.60 |

| Date of Invoice | JLL Entity | Description of Services | Professional Fees | Expenses | Amount Paid |
|---|---|---|---|---|---|
| 3/1/2019 | Americas | March 2019 monthly advisory fees. | $32,500.00 | $5,860.00 (temporary staff expenses) | $38,360.00 |
| 5/1/2019 | Americas | April 2019 monthly advisory fees. | $32,500.00 | $586.00 (temporary staff expenses) | $33,086.00 |
| TOTAL | | | $2,135,459.00 | $41,057.97 | $2,176,516.97 |

Copies of the Invoices are attached hereto as **Group Exhibit B**.

13.     The May 1, 2019 Invoice superseded a prior invoice issued by JLL that included a request for reimbursement of approximately $4,600 in additional temporary staff expenses. After the Debtors asserted an informal objection, JLL agreed to reduce those expenses to $586 as an accommodation to the Debtors. The Notice Parties did not otherwise object to any of the compensation or reimbursement sought in the Invoices.

14.     Pursuant to the terms of the Global Real Property Agreement, JLL also earned commissions at a rate of 0.5% in connection with the sale of leases and real property owned by the Debtors that were excluded from the sale of their assets as a going concern. *See* Retention Application, Ex. B (at internal Exhibit C). During the Application Period, JLL assisted the Debtors with the sale of 14 commercial properties, earning commissions totaling $626,975.63. Among these 14 properties, 13 were sold pursuant to the Bankruptcy Court's Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments [Docket No. 856] (the "De Minimis Sales Order"). (*See* Docket Nos. 1785, 2360, 2652, 2946, 3086, 3216, 4600, 5052, 6106, 6188, 9174 and 9770). The final transaction, involving property in Clarksville, Tennessee, was approved by an order approving a stipulation that approved the

transaction between the Debtor, a non-debtor affiliate and the purchaser (see Docket No. 2702). In addition, JLL facilitated an assignment of leases in Riverside, California, for which JLL earned a commission of $6,325 (see Docket No. 3983). A list of each transaction for which JLL earned a commission, stating the square footage of the subject property and the commission earned by JLL, is attached hereto as **Exhibit C**. Each of the commissions listed on Exhibit C was paid to JLL either at closing from the sale proceeds or separately by the Debtors.

15. The professional services for which JLL requests final allowance of compensation were rendered in connection with the Debtors' bankruptcy cases and were performed for the benefit of the Debtors and not for or on behalf of any other person or entity. These services were necessary to the Debtors' efforts to maximize the value of their assets and beneficial to the Debtors, their estates, creditors, and other parties in interest. Similarly, the expenses for which JLL seeks or has sought reimbursement and final allowance were necessarily incurred in connection with those services rendered by JLL to the Debtors.

16. JLL has also incurred legal expenses, owed to JLL's outside bankruptcy counsel, FrankGecker LLP, for services rendered in connection with the preparation of this Application. As of the date of this Application, those expenses total $8,590.00 split evenly between Americas and VAS. JLL intends to pay these amounts when due in the ordinary course of business. As set forth in the Non-Core Asset Agreement and the Global Real Property Agreement, JLL is entitled to the reimbursement of expenses incurred in connection with the services being rendered, including attorneys' fees, subject to a cap under each Engagement Agreement of $20,000. As set forth above, JLL has been reimbursed for expenses arising under the Non-Core Asset Agreement and the

Global Real Property Agreement in the aggregate amount of $36,211.46.[3] JLL seeks reimbursement of attorneys' fees totaling $3,788.54 (the amount available under the aggregate $40,000 cap) as part of this Application.

17. JLL has received no payment and no promise of payment in connection with this bankruptcy case from any source other than the Debtors for the professional services referenced above. In addition, other than as permitted under section 504(b)(1) of the Bankruptcy Code, there is no agreement or understanding between JLL and any other person or entity for the sharing of compensation that has been received or is to be received.

18. No previous request for the relief sought in this Application has been made by JLL to this or any other court.

### Notice

19. Notice of this Application will be provided to the Debtors, the Creditors' Committee, the U.S. Trustee, the court-appointed fee examiner and the liquidating trustee appointed pursuant to the Plan. JLL respectfully submits that no further notice is required.

WHEREFORE, JLL respectfully requests that this Court enter an order: (i) allowing on a final basis, compensation totaling $2,768,759.63 and reimbursement of expenses totaling $44,846.51; (ii) authorizing payment of previously unpaid expense reimbursements totaling $3,788.54; and (iii) granting such other and further relief as is just.

Dated: December 13, 2022
Chicago, Illinois

                                */s/ Joseph D. Frank*
                                *FRANKGECKER LLP*
                                *1327 West Washington Blvd., Suite 5G-H*
                                *Chicago, Illinois 60607*

---

[3] The travel expenses incurred by Mr. Welch arise under the Appraisal Agreement.

                Telephone: (312) 276-1400
                Facsimile: (312) 276-0035
                Joseph D. Frank
                Jeremy C. Kleinman
                jfrank@fgllp.com
                jkleinman@fgllp.com

                *Attorneys for Jones Lang LaSalle Americas, Inc. and JLL Valuation & Advisory Services, LLC*