PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Robert A. Britton

*Counsel for the Former Restructuring Sub-Committee of the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
|  |  |
|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (SHL)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**SUMMARY SHEET TO THE SECOND FINAL FEE**
**APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,**
**ATTORNEYS FOR THE DEBTORS, FOR THE PERIOD FROM**
**AUGUST 1, 2022 THROUGH AND INCLUDING OCTOBER 29, 2022**

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

| *General Information* | |
|---|---|
| Name of Applicant: | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | November 16, 2018, *nunc pro tunc* to October 15, 2018 |

| *Total Fees and Expenses Allowed Pursuant to Prior Applications* | |
|---|---|
| Prior Applications: | *First Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from October 15, 2018 Through and Including February 28, 2019* [Docket No. 3207] (the "<u>First Interim Fee Application</u>") |
| | *Second Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from March 1, 2019 Through and Including June 30, 2019* [Docket No. 4834] (the "<u>Second Interim Fee Application</u>") |
| | *Third Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from July 1, 2019 Through and Including October 31, 2019* [Docket No. 6225] (the "<u>Third Interim Fee Application</u>") |
| | *Fourth Interim Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from November 1, 2019 Through and Including February 29, 2020* [Docket No. 7820] (the "<u>Fourth Interim Fee Application</u>") |

| | |
|---|---|
| | *Final Fee Application of Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attorneys for the Debtors and Debtors in Possession for the Period from October 15, 2018 Through and Including July 31, 2022* [Docket No. 10571] (the "First Final Fee Application") |
| Total Allowed Fees Paid to Date: | $19,963,138.50 |
| Total Allowed Expenses Paid to Date: | $1,933,866.28 |
| Total Allowed Fees and Expenses Paid to Date: | $21,897,004.78 |
| Time Period Covered in Second Final Fee Application: | August 1, 2022 through October 29, 2022 (the "Second Final Fee Period") |
| ***This Second Final Application*** | |
| Total Hours Billed: | 61.6 |
| Total Fees For Which Final Allowance Is Sought: | $60,539.50 |
| Total Expenses For Which Final Allowance Is Sought: | $312.91 |
| Total Fees and Expenses For Which Final Allowance Is Sought: | $60,852.41 |
| Amount of Unpaid Fees Sought as Actual, Reasonable, and Necessary for the Second Final Fee Period: | $60,539.50 |
| Amount of Unpaid Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Second Final Fee Period: | $312.91 |
| Total Unpaid Fees and Expense Reimbursement Sought for the Second Final Fee Period: | $60,852.41 |

| *Summary of Rates and Other Related Information for This Second Final Fee Period* | |
| --- | --- |
| Blended Rate in this Second Final Fee Application for All Attorneys: | $1,209.37 |
| Blended Rate in this Second Final Fee Application for All Timekeepers: | $982.78 |
| Number of Timekeepers Included in This Second Final Fee Application: | 6 |
| Number of Attorneys in This Second Final; Fee Application Not Included in Staffing Plan Discussed with Client: | 0 |
| Difference Between Fees Budgeted and Compensation Sought for This Period: | Fees are within the budgeted range. |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Second Final Fee Period[2] | 3 |
| Increase in Rates Since Date of Retention: | Billing rates increased as of October 1, 2019, October 1, 2020, October 1, 2021, and October 1, 2022. |

This is a:  ____ monthly  ____interim   X  final application

---

[2]    All three professionals billed more than 15 hours during the course of the Chapter 11 Cases.

## Summary of Prior Fee Applications

| Period Covered | Fee Statement / Application [Docket No. #] | Total Amounts Requested for Period Covered ($) | | Total Allowed Amount Paid to Date ($) | | Unpaid Amounts Requested Pursuant to This Second Final Fee Application ($) | Allowance of Amounts Paid |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | | |
| 10/15/2018-02/28/2019 | First Interim Fee Application [Docket No. 3207] | 14,401,338.00 | 288,917.88 | 14,377,232.25 | 288,917.88 | $0.00 | First Order Granting Interim Fee Applications [Docket No. 4409] |
| 03/01/2019-06/30/2019 | Second Interim Fee Application [Docket No. 4834] | 4,973,799.25 | 1,160,821.70 | 4,973,799.25 | 1,160,821.70 | $0.00 | Second Order Granting Interim Fee Applications [Docket No. 5507] |
| 07/01/2019-10/31/2019 | Third Interim Fee Application [Docket No. 6225] | 536,326.00 | 276,422.10 | 536,326.00 | 276,422.10 | $0.00 | Third Order Granting Interim Fee Applications [Docket No. 6811] |
| 11/01/2019-02/29/2020 | Fourth Interim Fee Application [Docket No. 7820] | 75,781.00 | 207,704.60 | 75,781.00 | 207,704.60 | $0.00 | Fourth Order Granting Interim Fee Applications [Docket No. 8036] |
| 10/15/2018-07/31/2022 | First Final Fee Application [Docket No. 10571] | $20,179,541.00 | $2,027,907.61 | $19,963,138.50 | $2,026,195.24 | $0.00[1] | Eleventh Order Granting Interim and Final Fee Applications [Docket No. 10626] |

---

[1]    In accordance with the agreement reached with Paul E. Harner, as fee examiner, to resolve his potential objection to the First Final Fee Application, Paul, Weiss agreed to reduce its fees and expenses by $244,726.50 (the "Fee Reduction Amount"). *See Fee Examiner's Statement Regarding the Final Fee Applications of Retained Professionals* [Docket No. 10608]. Paul, Weiss applied the Fee Reduction Amount to the $216,402.50 of unpaid fees and $1,712.37 of unpaid expenses for which Paul, Weiss sought allowance and payment under the First Final Fee Application, resulting in a total write-off of $218,114.87.

| Period Covered | Fee Statement / Application [Docket No. #] | Total Amounts Requested for Period Covered ($) | | Total Allowed Amount Paid to Date ($) | | Unpaid Amounts Requested Pursuant to This Second Final Fee Application ($) | Allowance of Amounts Paid |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | | |
| 08/01/2022-10/29/2022 | N/A | $60,539.50[2] | $312.91 | $0 | $0 | $60,852.41 | N/A[3] |
| Total for Duration of Chapter 11 Cases | 10/15/2018-10/29/2022 | $20,240,080.50 | $2,028,220.52 | $39,926,277.00 | $3,960,061.52 | $60,852.41 | |

Summary of Objections to Monthly Fee Statements: <u>None</u>

Total Compensation and Reimbursement Sought in this Application Not Yet Paid: <u>$60,852.41</u>

---

[2]   The $60,539.50 for which Paul, Weiss seeks allowance and payment under this Second Final Fee Application is net of a reduction $26,611.63, which is the amount remaining to reach the Fee Reduction Amount after accounting for the $218,114.87 write-off under the First Final Fee Application.

[3]   Final allowance and payment of these amounts are sought under this Second Final Fee Application.

**Compensation By Professional**
**August 1, 2022 Through October 29, 2022**

| Name of Professional | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Kelley Cornish | Partner | Bankruptcy | 1984 | 2,025 | 0.8 | 1,620.00 |
| Paul Basta | Partner | Bankruptcy | 1993 | 2,025 | 0.5 | 1,012.50 |
| Robert Britton | Partner | Bankruptcy | 2008 | 1,640 – 1,815 | 9.1 | 14,959.00 |
| Partners and Counsel Total: | | | | | 10.4 | 17,591.50 |

| Name of Associate | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Stephanie P. Lascano | Associate | Bankruptcy | 2020 | 1,040 – 1,225 | 33.1 | 35,016.00 |
| Associate Total: | | | | | 33.1 | 35,016.00 |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Julia Hossain | 380 | 1.1 | 418.00 |
| Marguerite Melvin | 435 – 470 | 17.0 | 7,514.00 |
| Total Staff Attorneys, Paralegals, and Other Non-Legal Staff: | | 18.10 | 7,932.00 |

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners and Counsel | 1,691.49 | 10.4 | 17,591.50 |
| Associates | 1,057.89 | 33.1 | 35,016.00 |
| Staff Attorneys/Paralegals/Non-Legal Staff | 438.23 | 18.1 | 7,932.00 |
| Blended Attorney Rate | 1,209.37 | | |
| Blended Rate All Timekeepers | 982.78 | | |
| Total: | | 61.6 | 60,539.50 |

**Aggregate Time Summary By Task Code**
**August 1, 2022 Through October 29, 2022**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (701) | 2.4 | 2,742.50 |
| Conflict Matters: General (702) | 33.1 | 35,016.00 |
| Conflict Matters: Investigations & Discovery (703) | 8.3 | 13,647.00 |
| Fee/Employment Applications (Other) (706) | 17.0 | 7,514.00 |
| Litigation (710) | 0.8 | 1,620.00 |
| **Total:** | **61.6** | **60,539.50** |

**Expenses Summary**
**August 1, 2022 Through October 29, 2022**

| Expenses Category | Total Expenses ($) |
|---|---|
| Duplicating Expenses | 16.70 |
| Information Retrieval Services | 255.66 |
| Overtime Expenses | 40.55 |
| **TOTAL** | **312.91** |

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Robert A. Britton

*Counsel for the Former Restructuring Sub-Committee of the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (SHL)** |
|  | : |  |
| **Debtors.** [1] | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**SECOND FINAL FEE APPLICATION OF**
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,**
**ATTORNEYS FOR THE DEBTORS, FOR THE PERIOD FROM**
**AUGUST 1, 2022 THROUGH AND INCLUDING OCTOBER 29, 2022**

---

[1]    The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), attorneys for the former

Restructuring Sub-Committee of the debtors and debtors in possession (collectively, the

"Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby submits its second final

fee application (this "Second Final Fee Application"), pursuant to sections 330 and 331 of title 11

of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local

Rules for the Southern District of New York (the "Local Rules"), for final allowance of

compensation for professional service provided in the amount of $60,539.50 and reimbursement

of actual and necessary expenses in the amount of $312.91, each comprising unpaid fees or

expenses, as applicable, that have not yet been allowed and that Paul, Weiss incurred for the period

from August 1, 2022 through October 29, 2022 (the "Second Final Fee Period"). In support of this

Second Final Fee Application, Paul, Weiss submits the declaration of Robert A. Britton, a partner

of Paul, Weiss regarding Paul, Weiss's compliance with the Fee Guidelines (defined below)

(the "Britton Declaration"), which is attached hereto as Exhibit A. In further support of this Second

Final Fee Application, Paul, Weiss respectfully states as follows:

**Jurisdiction and Basis for Relief**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2

## Background

### A.    The Chapter 11 Filings and General Case Background

2.      On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' Chapter 11 Cases were jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors managed and operated their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code through October 29, 2022 (the "Effective Date") of the Plan (as defined below). On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner was appointed in the Chapter 11 Cases.

3.      Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the disclosure statement filed with the Plan.

4.      On November 16, 2018, this Court entered the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (the "Interim Compensation Order").

5.      On October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 5370] (the "Confirmation Order"), pursuant to which the Court approved and confirmed the *Debtors' Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and Its Affiliated Debtors* [Docket No. 4476] (as amended, supplemented, or modified, the "Plan").

3

6.      On September 2, 2022, the Court entered the *Order Granting Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Related Relief, and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* [Docket No. 10629] (the settlement contemplated thereby, the "Global Settlement").

7.      On October 29, 2022, all conditions precedent to the Effective Date of the Plan were satisfied or waived in accordance with the Plan and the Plan was substantially consummated. On October 31, 2022, the Debtors filed the *Notice of Occurrence of Effective Date* [Docket No. 10693].

8.      Paul, Weiss has previously filed, and the Court has approved, four interim applications for compensation and reimbursement for the periods from the Petition Date through February 29, 2020.  The Court approved fees and expenses for such periods on a final basis by order dated September 2, 2022.

**B.      The Debtors' Retention of Paul, Weiss**

9.      Since the Petition Date, Paul, Weiss professionals were retained to render professional services (i) acting at the direction of the restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee (the "Restructuring Committee") of the Company's board of directors (the "Board") with respect to certain matters controlled by the Restructuring Sub-Committee (the "RSC Conflict Matters"), including the Debtors' investigation into prepetition related party transactions, and (ii) acting at the direction of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, in connection with all matters in which Weil, Gotshal & Manges LLP ("Weil") could not represent the Debtors

due to an actual or perceived conflict of interest (the "Other Conflict Matters" and, together with the RSC Conflict Matters, the "Conflict Matters").

10.    On November 1, 2018, the Debtors filed an application to employ Paul, Weiss as their attorneys acting at the direction of the Restructuring Sub-Committee [Docket No. 417] (the "Retention Application"). On November 16, 2018, the Court entered an order approving the Retention Application [Docket No. 774] (the "Retention Order").

11.    The Retention Order authorized the Debtors to compensate and reimburse Paul, Weiss, *nunc pro tunc* to the Petition Date, as their attorneys acting at the direction of the Restructuring Sub-Committee in the Chapter 11 Cases. The Retention Order further authorized Paul, Weiss to provide services as described in the Retention Application, including:

(a)    investigating and advising the Restructuring Sub-Committee regarding whether a matter constitutes a RSC Conflict Matter;

(b)    conducting investigations and analyses sufficient to advise the Restructuring Sub-Committee regarding RSC Conflict Matters;

(c)    implementing the directions of the Restructuring Sub-Committee related to RSC Conflict Matters;

(d)    implementing the directions of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, with respect to Other Conflict Matters; and

(e)    rendering services for the Restructuring Sub-Committee and Restructuring Committee including, but not limited to, fact investigation, legal research, briefing, argument, discovery, negotiation, litigation, participation in meetings of the Board and applicable committees thereof, appearance and participation in hearings, and communications and meetings with parties in interest, in each case as it relates to RSC Conflict Matters or Other Conflict Matters.

12.    With the advice and assistance of Paul, Weiss, the Restructuring Sub-Committee investigated the legal and factual bases of prepetition related-party transactions, analyzing hundreds of thousands of documents and conducting eleven on-the-record witness interviews.

These efforts allowed the Restructuring Sub-Committee to identify substantial claims against ESL Investments, Inc., and others, which were pursued and ultimately settled, creating substantial value for the Debtors' estates and its stakeholders. Paul, Weiss respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services Paul, Weiss provided to the Debtors during the Second Final Fee Period is reasonable and appropriate, commensurate with the scale, nature, and complexity of the Chapter 11 Cases, and should be allowed.

**C.      Disinterestedness of Paul, Weiss**

13.    To the best of the Debtors' knowledge and as disclosed in the *Declaration of Paul M. Basta in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date*, attached as Exhibit B to the Retention Application (the "Initial Declaration"), as well as the *First Supplemental Declaration of Paul M. Basta in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 516], the *Second Supplemental Declaration of Paul M. Basta in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 1400], the *Third Supplemental Declaration of Paul M. Basta in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 2738], and the *Statement with Respect to Certain Conflict Matters* [Docket No. 10420] (collectively the "Basta Declarations"), (a) Paul, Weiss is a "disinterested person" within

6

the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Paul, Weiss has no connection to the Debtors, their creditors, or other parties in interest, except as may have been disclosed in the Basta Declarations.

14.     Paul, Weiss may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtors in the Chapter 11 Cases. In the Basta Declarations, Paul, Weiss disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. In light of the extensive number of the Debtors' creditors and other parties in interest, Paul, Weiss is unable to conclusively identify all potential relationships. To the extent that Paul, Weiss becomes aware of any additional relationships that may be relevant to Paul, Weiss's representation of the Debtors, Paul, Weiss will promptly file a supplemental declaration.

15.     Paul, Weiss performed the services for which it is seeking compensation at the direction of the Restructuring Sub-Committee and on behalf of the Debtors and their estates, and not on behalf of any other committee, creditor, or other entity.

16.     As previously disclosed in the Initial Declaration, Paul, Weiss received an advanced payment retainer in connection with its engagement in the amount of $250,000, which it applied against its prepetition invoices. Paul, Weiss has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with the Chapter 11 Cases.

17.     Pursuant to Bankruptcy Rule 2016(b), Paul, Weiss has not shared, nor has Paul, Weiss agreed to share, (a) any compensation it has received or may receive with another party or

7

person other than with the partners, counsel, and associates of Paul, Weiss, or (b) any

compensation another person or party has received or may receive.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

18.     This Second Final Fee Application has been prepared in accordance with the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) (the "Local

Guidelines"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,

effective November 1, 2013 (the "UST Guidelines," and, together with the Local Guidelines, the

"Fee Guidelines").

19.     Paul, Weiss seeks final allowance and approval of compensation for professional

services performed during the Second Final Fee Period in the aggregate amount of $60,539.50 and

for reimbursement of expenses incurred in connection with the rendition of such services in the

aggregate amount of $312.91. During the Second Final Fee Period, Paul, Weiss attorneys and

paraprofessionals expended a total of 61.6 hours in connection with the necessary services

performed. Paul, Weiss has not received payment for any fees or expenses incurred during the

Second Final Fee Period. During the First Final Fee Period, Paul, Weiss received total payments

of $19,963,138.50 for legal services rendered to the Debtors and $2,026,195.24 for related

expenses pursuant to the Interim Compensation Order.

20.     The hourly rates set forth in the Initial Declaration are Paul, Weiss's standard

hourly rates. These rates are set at a level designed to fairly compensate Paul, Weiss for the work

of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised

on an annual basis. The hourly rates and corresponding rate structure utilized by Paul, Weiss in

the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by

Paul, Weiss for other bankruptcy matters, as well as non-bankruptcy matters. The rates and rate

structure reflect that such restructuring and other complex matters typically are national in scope

and typically involve great complexity, high stakes, and severe time pressures.

21.    Attached hereto as Exhibit B is a schedule of Paul, Weiss attorneys and

paraprofessionals who have performed services for the Debtors during the Second Final Fee

Period, the capacities in which each individual is employed by Paul, Weiss, the department in

which the individual practices, the hourly billing rate charged by Paul, Weiss for services

performed by such individuals, the year in which each attorney was first licensed to practice law,

where applicable, and the aggregate number of hours expended in this matter and fees billed in

connection therewith.

22.    Attached hereto as Exhibit C is a summary of Paul, Weiss's time records billed

using task codes described below. To provide a meaningful summary of Paul, Weiss's services

provided on behalf of the Debtors and their estates, Paul, Weiss has established, in accordance

with its internal billing procedures, certain task code categories (each, a "Task Code Category")

in connection with the Chapter 11 Cases. Paul, Weiss maintains computerized records of time

spent by all Paul, Weiss attorneys and paraprofessionals in connection with the Chapter 11 Cases.

23.    Attached hereto as Exhibit D is a schedule specifying the categories of expenses

for which Paul, Weiss is seeking reimbursement and the total amount for each such expense

category. Itemized computer records of such expenses have been provided to the Debtors and the

independent fee examiner and filed in conjunction with each monthly fee statement.

24.     Attached hereto as <u>Exhibit E</u> is a summary and comparison of the aggregate blended hourly rates billed by Paul, Weiss New York timekeepers to non-bankruptcy matters during the preceding rolling twelve-month period year ending October 29, 2022, and the blended hourly rates billed to the Debtors during the Second Final Fee Period.

25.     Attached hereto as <u>Exhibit F</u> is a budget and staffing plan prepared in connection with Paul, Weiss's representation of the Debtors in the Chapter 11 Cases.

26.     Attached hereto as <u>Exhibit G</u> are Paul, Weiss's detailed time records for professional services performed during the Second Final Fee Period.

27.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Second Final Fee Period, but were not processed prior to the preparation of this Fee Application, Paul, Weiss reserves the right to request additional compensation for such services and reimbursement of such expenses.

<u>**Summary of Legal Services Rendered During the Second Final Fee Period**</u>

28.     As discussed above, during the Second Final Fee Period, Paul, Weiss provided significant and important professional services to the Debtors acting at the direction of the Restructuring Sub-Committee in connection with the Chapter 11 Cases. These services were necessary to address a multitude of critical issues both unique to the Chapter 11 Cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

29.     Below is a more detailed summary of the most significant professional services performed by Paul, Weiss, organized in accordance with Paul, Weiss's internal system of matter numbers for the Chapter 11 Cases. The detailed descriptions demonstrate that Paul, Weiss's services to the Debtors were necessary to meet the needs of the Debtors' estates in the Chapter 11 Cases.

A.    **Conflict Matters: General [Matter 702]**
Total Fees: $35,016.00
Total Hours: 33.1

30.    This task code includes time spent by Paul, Weiss attorneys on a multitude of tasks relating to Conflict Matters on behalf of the Restructuring Sub-Committee. In particular, this task code includes time spent (a) reviewing draft agreements, pleadings, forms of order, and other documentation in connection with the Global Settlement, (b) analyzing such documentation and any legal issues presented thereby, (c) advising the Restructuring Sub-Committee with respect to the Global Settlement, and (c) conducting virtual meetings and telephonic conferences with other parties, such as the Restructuring Sub-Committee and the Debtors' other professionals, in relation to the Conflict Matters.

### Actual and Necessary Expenses Incurred by Paul, Weiss

31.    As set forth in Exhibit D attached hereto, Paul, Weiss has incurred a total of $312.91 in expenses on behalf of the Debtors during the Second Final Fee Period. These charges are intended to reimburse Paul, Weiss's direct operating costs, which are not incorporated into Paul, Weiss's hourly billing rates. Paul, Weiss charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of this type are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. In compliance with the Fee Guidelines, Paul, Weiss charged $0.10 per page for photocopying. This does not exceed the maximum rate set by the Fee Guidelines.

32.    Paul, Weiss has made every effort to minimize its disbursements in the Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justifiable under the circumstances to serve the needs of the Debtors in the Chapter 11 Cases.

11

Among other things, Paul, Weiss ensures that all overtime meals are reasonable and appropriate expenses for which to seek reimbursement. Specifically, Paul, Weiss regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.

### **Paul, Weiss's Requested Compensation and Reimbursement Should Be Allowed**

33.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> a.  the time spent on such services;
>
> b.  the rates charged for such services;
>
> c.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> d.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> e.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> f.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

12

34.    Paul, Weiss respectfully submits that the services for which it seeks compensation in this Second Final Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Paul, Weiss further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. Paul, Weiss further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

35.    During the Second Final Fee Period, Paul, Weiss's hourly billing rates for attorneys ranged from $1,530.00 to $2,175.00 for partners, $1,525 to $1,650.00 for counsel, $735.00 to $1,380.00 for associates, $135.00 to $625.00 for staff attorneys and paraprofessionals, and $735.00 to $825.00 for visiting lawyers. These hourly rates and corresponding rate structure utilized by Paul, Weiss in the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Paul, Weiss for restructuring, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Paul, Weiss strives to be efficient in the staffing of all matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in the Chapter 11 Cases.

36.    Moreover, Paul, Weiss's hourly rates are set at a level designed to compensate Paul, Weiss fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals

13

assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

37.    In sum, Paul, Weiss respectfully submits that the professional services provided by Paul, Weiss on behalf of the Debtors and their estates during the Chapter 11 Cases were necessary and appropriate given the complexity of the Chapter 11 Cases, the time expended by Paul, Weiss, the nature and extent of Paul, Weiss's services provided, the value of Paul, Weiss's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Paul, Weiss respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## Reservation of Rights

38.    It is possible that some professional time expended or expenses incurred during the Second Final Fee Period are not reflected in this Second Final Fee Application. Paul, Weiss reserves the right to seek payment of such amounts in the future.

## Notice

39.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [Docket No. 405]. The Debtors respectfully submit that no further notice is required.

40.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

14

WHEREFORE, Paul, Weiss respectfully requests that the Court enter an order: (a) granting final allowance and approval of compensation for professional services performed during the Second Final Fee Period in the aggregate amount of $60,539.50 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $312.91; (b) authorizing and directing the Debtors to remit payment to Paul, Weiss for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: December 13, 2022
New York, New York

*/s/ Robert A. Britton*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Robert A. Britton

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

## Exhibit A

**Britton Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                          :        **Chapter 11**
                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*        :        **Case No. 18-23538 (SHL)**
                                                :
            **Debtors.**[1]                     :        **(Jointly Administered)**
                                                :
-------------------------------------------------------------------x

**DECLARATION OF ROBERT A. BRITTON
IN SUPPORT OF THE SECOND FINAL FEE APPLICATION OF
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP,
ATTORNEYS FOR THE DEBTORS, FOR THE PERIOD FROM
AUGUST 1, 2022 THROUGH AND INCLUDING OCTOBER 29, 2022**

ROBERT A. BRITTON makes this declaration under 28 U.S.C. § 1746:

1.      I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP

("Paul, Weiss"), an international law firm with its principal offices at 1285 Avenue of the

Americas, New York, New York 10019. I am a lead attorney from Paul, Weiss working on the

above-captioned chapter 11 cases (the "Chapter 11 Cases"). I am a member in good standing of

---

[1]    The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart
Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774);
A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E
Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation
(9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings
Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement
Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears
Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp.
(0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big
Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder
Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of
Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer
LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554);
Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616);
StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc.
(7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed
Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe
Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700
Broadway, 19th Floor, New York, NY 10019.

the Bar of the State of New York and I have been admitted to practice in the United States District

Court for the Southern District of New York.

2.      I have read the foregoing fee application of Paul, Weiss for the Second Final Fee

Period (the "<u>Fee Application</u>").[2] To the best of my knowledge, information, and belief, the

statements contained in the Fee Application are true and correct. In addition, I believe that the Fee

Application complies with Local Rule 2016-1 and the Fee Guidelines.

3.      In connection therewith, I hereby certify that:

    a)      I have read this Fee Application;

    b)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions;

    c)      the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Paul, Weiss and generally accepted by Paul, Weiss's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

    d)      in providing a reimbursable expense, Paul, Weiss does not make a profit on that expense, whether the service is performed by Paul, Weiss in-house or through a third party;

    e)      in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Paul, Weiss and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

    f)      all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

---

[2]    Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Fee Application.

4.      Pursuant to Section B(3) of the Local Guidelines, I certify that Paul, Weiss has

provided the U.S. Trustee and the Debtors with a statement of Paul, Weiss's fees and expenses

incurred during the Second Final Fee Period.

5.      In accordance with the U.S. Trustee's Guidelines, Paul, Weiss responds to the

questions identified therein as follows:

Question 1: Did Paul, Weiss agree to any variations from, or alternatives to, Paul, Weiss's
standard or customary billing rates, fees or terms for services pertaining to this engagement
that were provided during the Second Final Fee Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Fee Application as compared to the fees budgeted for
the time period covered by the Application are higher by 10% or more, did Paul, Weiss
discuss the reasons for the variation with the client?

Answer: The fees sought for the Second Final Fee Period do not exceed those budgeted
for such time.

Question 3: Have any of the professionals included in the Application varied their hourly
rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Fee Application include time or fees related to reviewing or
revising time records or preparing, reviewing or revising invoices? If so, please quantify
by hours and fees.

Answer: The Fee Application includes time for fees related to reviewing time records and
preparing or reviewing invoices in connection with the preparation of monthly fee
statements and invoices. The total time expended for such matters during the Second
Final Fee Period is approximately 17 hours included within Task Code 706 and totals
approximately $7,514.00.

Question 5: Does the Application include time or fees for reviewing time records to
redact any privileged or other confidential information? If so, please quantify hours and
fees.

Answer: As part of the ordinary review of time records to ensure compliance with the Fee
Guidelines, certain information may be redacted or edited to protect privileged or
confidential information.  Any time expended on reviewing and redacting time records
for privileged or confidential information is included within Task Code 706 and includes

time spent to (i) ensure that time entries comply with the Fee Guidelines and do not disclose privileged or confidential information, (ii) prepare monthly fee statements and begin to prepare the Fee Application, (iii) ensure the adequacy of disclosure regarding activities included in the Fee Application, and (iv) time spent on retention and on review of conflicts checks for parties in interest in the Chapter 11 Cases. As set forth above, the total time expended for such matters during the Fee Period is approximately 17 hours included within Task Code 706 and totals approximately $7,514.00. All of these services were necessary components of Paul, Weiss's fee and retention activities.

<u>Question 6</u>: Does the Application include any rate increases since Paul, Weiss's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>: Yes. Paul, Weiss's billing rates increased annually on each October 1 during the Chapter 11 Cases. The client agreed when retaining the law firm to accept all future rate increases.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.


Dated: December 13, 2022          Respectfully submitted,
New York, New York

                                  */s/ Robert A. Britton*
                                  Robert A. Britton

4

**<u>Exhibit B</u>**

**COMPENSATION BY PROFESSIONAL**
**<u>AUGUST 1, 2022 THROUGH OCTOBER 29, 2022</u>**

### Compensation By Professional
### August 1, 2022 Through October 29, 2022[1]

| Name of Professional | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Kelley Cornish | Partner | Restructuring | 1984 | 2,025 | 0.8 | 1,620.00 |
| Paul Basta | Partner | Restructuring | 1993 | 2,025 | 0.5 | 1,012.50 |
| Robert Britton | Partner | Restructuring | 2008 | 1,640 – 1,815 | 9.1 | 14,959.00 |
| Partners and Counsel Total: | | | | | 10.4 | 17,591.50 |

| Name of Associate | Title | Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Stephanie P. Lascano | Associate | Restructuring | 2020 | 1,040 – 1,225 | 33.1 | 35,016.00 |
| Associate Total: | | | | | 33.1 | 35,016.00 |

| Name of Staff Attorneys, Paralegals, and Other Non-Legal Staff | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Julia Hossain | 380 | 1.1 | 418.00 |
| Marguerite Melvin | 435 – 470 | 17.0 | 7,514.00 |
| Total Staff Attorneys, Paralegals, and Other Non-Legal Staff: | | 18.10 | 7,932.00 |

| PROFESSIONALS | BLENDED RATE ($) | TOTAL BILLED HOURS | TOTAL COMPENSATION ($) |
|---|---|---|---|
| Partners and Counsel | 1,691.49 | 10.4 | 17,591.50 |
| Associates | 1,057.89 | 33.1 | 35,016.00 |
| Staff Attorneys/Paralegals/Non-Legal Staff | 438.23 | 18.1 | 7,932.00 |
| Blended Attorney Rate | 1,209.37 | | |
| Blended Rate All Timekeepers | 982.78 | | |
| Total: | | 61.6 | 60,539.50 |

---

[1]    The hourly billing rates provided in this Exhibit B are the billing rates solely for the hours that the relevant timekeeper billed to this matter during the Second Final Fee Period and may not reflect such professional's current hourly billing rate.

## **Exhibit C**

**COMPENSATION BY TASK CODE**
**AUGUST 1, 2022 THROUGH OCTOBER 29, 2022**

**Aggregate Time Summary By Task Code**
**<u>August 1, 2022 Through October 29, 2022</u>**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (701) | 2.4 | 2,742.50 |
| Conflict Matters: General (702) | 33.1 | 35,016.00 |
| Conflict Matters: Investigations & Discovery (703) | 8.3 | 13,647.00 |
| Fee/Employment Applications (Other) (706) | 17.0 | 7,514.00 |
| Litigation (710) | 0.8 | 1,620.00 |
| **Total:** | **61.6** | **60,539.50** |

**TIME SUMMARY BY TASK CODE[1]**

| Task Code 701 Case Administration | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Paul Basta | Partner | 0.5 | x | 2,025 | = | 1,012.50 |
| Robert Britton | Partner | 0.8 | x | 1,640 – 1,815 | = | 1,312.00 |
| Julia Hossain | Paralegal | 1.1 | x | 380 | = | 418.00 |
| **Totals:** | | **2.4** | | | | **2,742.50** |
| Task Code 702 Conflict Matters: General | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Stephanie P. Lascano | Associate | 33.1 | x | 1,040 – 1,225 | = | 35,016.00 |
| **Totals:** | | **33.1** | | | | **35,016.00** |
| Task Code 703 Conflict Matters: Investigations & Discovery | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Robert Britton | Partner | 8.3 | x | 1,640 – 1,815 | = | 13,647.00 |
| **Totals:** | | **8.3** | | | | **13,647.00** |
| Task Code 706 Fee/Employment Applications (Other) | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Marguerite Melvin | Paralegal | 17.0 | x | 435 – 470 | = | 7,514.00 |
| **Totals:** | | **17.0** | | | | **7,514.00** |
| Task Code 710 Litigation | Title | Total Hours | | Hourly Rate ($) | | Total Compensation ($) |
| Kelley Cornish | Partner | 0.8 | x | 2,025 | = | 1,620.00 |
| **Totals:** | | **0.8** | | | | **1,620.00** |

[1]    The hourly billing rates provided in this Exhibit C are the billing rates solely for the hours that the relevant timekeeper billed to this matter during the Final Fee Period and may not reflect such professional's current hourly billing rate.

**Exhibit D**

**EXPENSE SUMMARY**

**Expenses Summary**
**August 1, 2022 Through October 29, 2022**

| Expenses Category | Total Expenses ($) |
|---|---|
| Duplicating Expenses | 16.70 |
| Information Retrieval Services | 255.66 |
| Overtime Expenses | 40.55 |
| **TOTAL** | **312.91** |

**Exhibit E**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper | Blended Hourly Rate ($) | |
|---|---|---|
| | Billed by Timekeepers in New York in Preceding Year, excluding bankruptcy | Billed in this Second Final Fee Application |
| Partner | $1,890.33 | $1,691.49 |
| Counsel | $1,310.62 | N/A |
| Associates | $928.99 | $1,057.89 |
| Staff Attorneys, Paralegals and other Non-Legal Staff | $385.36 | 438.23 |
| **All timekeepers aggregated** | **$1,060.84** | **$982.78** |

**Exhibit F**

**BUDGET AND STAFFING PLAN**
**AUGUST 1, 2022 THROUGH OCTOBER 29, 2022**

| | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| August 2022 | $37,345 - $44,225 | 38-45 | Conflict Issues |
| | | | |
| September 2022 | $11,793 - $16,707 | 12-17 | Fee Applications |
| | | | |
| October 2022 | $4,913.90 - $6,879 | 5-7 | Conflict Issues |
| | | | |
| **Total:** | **$54,053 - $67,811** | **55 - 69** | |

3

**Staffing Plan**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE ($) |
|---|---|---|
| Partner | 2-3 | 1,925.83 |
| Counsel | 0 | N/A |
| Sr. Associate (7 or more years since first admission) | 0 | N/A |
| Associate (4-6 years since first admission) | 0 | N/A |
| Jr. Associate (1-3 years since first admission) | 1-2 | 1,132.50 |
| Staff Attorneys, Paralegals & Other Professionals | 1-2 | 416.25 |

## **Exhibit G**

## **TIME RECORDS**

**Client: 022429 Sears Holdings Corporation**                                    **Date: 12/13/2022**

**Matter: 00002 In re Sears Holdings Corporation, et. al.**

### TIME SUMMARY

| Name | Dept | Title | Oldest Entry | Latest Entry | Hours | Amount |
|------|------|-------|--------------|--------------|-------|--------|
| Basta, Paul M. | Rstr | Partner | 08/08/22 | 08/08/22 | 0.50 | 1,012.50 |
| Britton, Robert | Rstr | Partner | 08/07/22 | 10/07/22 | 9.10 | 14,959.00 |
| Cornish, Kelley A | Rstr | Partner | 08/05/22 | 08/05/22 | 0.80 | 1,620.00 |
| Lascano, Stephanie P. | Rstr | Associate | 08/04/22 | 10/11/22 | 33.10 | 35,016.00 |
| Non-Legal Support | | | | | 18.10 | 7,932.00 |
| | | | | **TOTAL** | **61.60** | **$60,539.50** |

### TIME DETAIL

| Name | Dept | Title | Date | Description | Hours |
|------|------|-------|------|-------------|-------|
| Lascano, Stephanie P. | Rstr | Associate | 08/04/22 | Drafted Paul, Weiss final fee application. | 1.20 |
| Hossain, Julia | | Paralegal | 08/05/22 | Prepared interim fee applications, interim fee orders, as well as 18 monthly fee statements for review by S. Lascano. | 0.50 |
| Cornish, Kelley A | Rstr | Partner | 08/05/22 | Reviewed Settlement Agreement (.7); correspondence with Paul, Weiss team concerning same (.1). | 0.80 |
| Lascano, Stephanie P. | Rstr | Associate | 08/06/22 | Drafted Paul, Weiss final fee application. | 8.30 |
| Lascano, Stephanie P. | Rstr | Associate | 08/07/22 | Drafted Paul, Weiss final fee application (5.9); drafted RSC resolutions concerning Settlement Agreement and related documents (.7); drafted RSC presentation concerning Settlement Agreement and related documents (1.6); call with R. Britton concerning RSC meeting (.2). | 8.40 |
| Britton, Robert | Rstr | Partner | 08/07/22 | Reviewed and revised Paul, Weiss final fee application (.5); call with S. Lascano concerning RSC meeting (.2). | 0.70 |
| Hossain, Julia | | Paralegal | 08/22/22 | Prepared Settlement Agreement in connection with RSC meeting presentation. | 0.30 |
| Britton, Robert | Rstr | Partner | 08/08/22 | Attended and participated in RSC meeting (.8); prepared materials for the same (.3). | 1.10 |
| Lascano, Stephanie P. | Rstr | Associate | 08/08/22 | Correspondence to R. Britton and Paul, Weiss team concerning RSC meeting materials and related workstreams (.2); revised same; prepared for presentation at RSC meeting (2.1); attended and participated in RSC meeting (.8); finalized fee application for filing (.7); correspondence with Paul, Weiss team concerning same (.1). | 3.90 |
| Basta, Paul M. | Rstr | Partner | 08/22/22 | Attended and participated in RSC meeting (partial). | 0.50 |
| Hossain, Julia | | Paralegal | 08/09/22 | Filed final professional fee applications for Paul, Weiss and Young Conaway. | 0.30 |
| Britton, Robert | Rstr | Partner | 08/09/22 | Review of documentation related to Settlement Agreement (.5); correspondence w/ Paul, Weiss team concerning the same (.1). | 0.60 |
| Lascano, Stephanie P. | Rstr | Associate | 08/09/22 | Drafted RSC meeting minutes; correspondence w/ R. Britton re same; finalized fee application for filing; correspondence w/ PW paralegal team re same; correspondence w/ YCST team re same; t/c w/ Ryan (YCST) re matter updates and timeline. | 2.10 |

**Client: 022429 Sears Holdings Corporation**                                    **Date: 12/13/2022**

**Matter: 00002 In re Sears Holdings Corporation, et. al.**

| Name | Dept | Title | Date | Description | Hours |
|------|------|-------|------|-------------|-------|
| Britton, Robert | Rstr | Partner | 08/16/22 | Correspondence with S. Lascano concerning settlement issues (.3); correspondence with G. Fail (Weil) concerning same (.2) | 0.50 |
| Britton, Robert | Rstr | Partner | 08/23/22 | Correspondence with P. Basta concerning settlement issues. | 0.30 |
| Lascano, Stephanie P. | Rstr | Associate | 08/23/22 | Reviewed write-off amounts. | 0.10 |
| Britton, Robert | Rstr | Partner | 08/29/22 | Correspondence w/ Weil concerning Settlement Agreement issues (.2); analyzed final fee order (.3). | 0.50 |
| Lascano, Stephanie P. | Rstr | Associate | 08/29/22 | Correspondence w/ Weil concerning hearing and Settlement Agreement issues. | 0.40 |
| Britton, Robert | Rstr | Partner | 08/30/22 | Prepared for hearing concerning final fee applications and Settlement Agreement (.2); correspondence with Paul, Weiss team concerning same (.1). | 0.30 |
| Lascano, Stephanie P. | Rstr | Associate | 08/30/22 | Prepared for hearing concerning final fee applications and Settlement Agreement. | 0.40 |
| Britton, Robert | Rstr | Partner | 08/31/22 | Prepared for hearing concerning final fee applications and Settlement Agreement (.4); attended same (4.1); correspondence with P. Basta concerning same (.1); call with S. Lascano concerning Paul, Weiss final fee application (.1). | 4.70 |
| Lascano, Stephanie P. | Rstr | Associate | 08/31/22 | Attended hearing concerning final fee applications and Settlement Agreement (4.1); call with R. Britton concerning Paul, Weiss final fee application (.1). | 4.20 |
| Melvin, Marguerite | Corp | Paralegal | 09/02/22 | Research concerning precedent fee application for Stout Risius Ross, LLC (.8); organization of same (.2). | 1.00 |
| Melvin, Marguerite | Corp | Paralegal | 09/07/22 | Review precedent Stout fee application orders (.4); correspondence to S. Lascano concerning same (.1). | 0.50 |
| Melvin, Marguerite | Corp | Paralegal | 09/13/22 | Drafted Stout final fee application. | 4.90 |
| Melvin, Marguerite | Corp | Paralegal | 09/14/22 | Revised Stout final fee application and attention to calculations included in same. | 3.50 |
| Melvin, Marguerite | Corp | Paralegal | 09/15/22 | Meeting with M. Tattnall to review the Stout draft final fee application (.5); revise the same (.5); provide draft to S. Lascano to review (.2). | 1.20 |
| Melvin, Marguerite | Corp | Paralegal | 09/23/22 | Revise draft final fee application for Stout Risius Ross, LLC. | 1.00 |
| Melvin, Marguerite | Corp | Paralegal | 09/27/22 | Review S. Lascano's comments regarding Stout's final fee application and incorporate comments into the final draft. | 1.50 |
| Lascano, Stephanie P. | Rstr | Associate | 09/27/22 | Review and comment on Stout final fee application. | 0.90 |
| Britton, Robert | Rstr | Partner | 09/29/22 | Review Stout final fee application. | 0.20 |
| Melvin, Marguerite | Corp | Paralegal | 10/03/22 | Draft a Notice of Hearing for Stout's final fee application. | 1.00 |
| Melvin, Marguerite | Corp | Paralegal | 10/04/22 | Draft a notice of hearing for Stout's final fee application (.6); review, update and format Stout's final fee application (.5); correspondence to S. Lascano concerning the same (.1). | 1.20 |
| Lascano, Stephanie P. | Rstr | Associate | 10/04/22 | Correspondence with M. Melvin concerning Stout's final fee app and ancillary filings. | 0.30 |

**Client: 022429 Sears Holdings Corporation**                                    **Date: 12/13/2022**

**Matter: 00002 In re Sears Holdings Corporation, et. al.**

| Name | Dept | Title | Date | Description | Hours |
|------|------|-------|------|-------------|-------|
| Britton, Robert | Rstr | Partner | 10/06/22 | Correspondence with S. Lascano re Stout's final fee application. | 0.10 |
| Lascano, Stephanie P. | Rstr | Associate | 10/06/22 | Correspondence with R. Britton re Stout's final fee application. | 0.10 |
| Britton, Robert | Rstr | Partner | 10/07/22 | Correspondence with S. Lascano re Stout's final fee application. | 0.10 |
| Lascano, Stephanie P. | Rstr | Associate | 10/07/22 | Reviewed and revised Stout final fee application and notice (1.1); correspondence with Stout and PW team concerning the same (.1). | 1.20 |
| Melvin, Marguerite | Corp | Paralegal | 10/10/22 | Finalized Stout's final fee application for filing. | 0.30 |
| Lascano, Stephanie P. | Rstr | Associate | 10/10/22 | Review Stout's final fee application. | 0.40 |
| Lascano, Stephanie P. | Rstr | Associate | 10/11/22 | Finalized Stout's final fee application for filing (1.0); correspondence with PW team and Stout concerning same (.1); correspondence with Weil concerning emergence fee estimates (.1). | 1.20 |
| Melvin, Marguerite | Corp | Paralegal | 10/11/22 | Prepare and file Stout final fee application and notice of hearing. | 0.70 |
| Melvin, Marguerite | Corp | Paralegal | 10/12/22 | Coordinate service of Stout's final fee application and notice of hearing regarding the same with Kroll. | 0.20 |
| **TOTAL** | | | | | **61.60** |