HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith
Christopher Carty

*Special Conflicts Counsel to the Official Committee of
Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

In re:                                                  :        Chapter 11
                                                        :
SEARS HOLDINGS CORPORATION, *et al.*,                   :        Case No. 18-23538 (RDD)
                                                        :
          Debtors[1]                                    :        (Jointly Administered)
                                                        :
                                                        :
-------------------------------------------------------------- x

**COVER SHEET FOR FINAL APPLICATION OF HERRICK, FEINSTEIN LLP AS**
**SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD OF JULY 1, 2022 THROUGH AUGUST 31, 2022**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | Herrick, Feinstein LLP ("Herrick") |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors and the Litigation Designees[2] |
| Petition Date: | October 15, 2018 |
| Date of Retention: | March 22, 2019 *nunc pro tunc* to January 2, 2019 |
| Prior Applications: | 8 |
| **Summary of Fees and Expenses to be Approved in this Application[3]** | |
| Period Covered by this Application: | July 1, 2022 through and including August 31, 2022 (the "Compensation Period") |
| Amount of Compensation to be Approved as Actual, Reasonable and Necessary for the Compensation Period: | $78,748.00 |
| Amount of Expense Reimbursement to be Approved as Actual, Reasonable and Necessary for the Compensation Period: | $463.20 |
| Total Compensation and Expenses Requested be Approved for the Compensation Period: | $79,211.20 |
| **Summary of Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Total Compensation Approved by Final Order to Date: | $3,710,104.00 |

---

[2] As described further herein, in addition to its role as special conflicts counsel to the Creditors' Committee in connection with an investigation into the MTN Transactions (as defined herein), Herrick has been retained to serve as special conflicts counsel to act on behalf of the Litigation Designees to investigate, commence, prosecute and otherwise litigate certain matters in connection with the Jointly Asserted Causes of Action. *See Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief*, dated October 15, 2019 [ECF No. 5370] (the "Confirmation Order") ¶ 22 ("In addition, without further order of this Court, the Litigation Designees may retain such additional professionals or consultants (including attorneys, accountants, appraisers, financial advisors, expert witnesses or other parties determined by the Initial Litigation Designees to have qualifications necessary or desirable to assist in the investigation, prosecution and/or settlement of the Jointly Asserted Causes of Action) . . . .").

[3] Pursuant to the Global Fee Settlement (as defined below), Herrick agreed to reduce its fees by $200,000.00, including by waiving fees not yet collected. Consequently, we are not seeking approval of $79,211.20, but will not collect those amounts from the Debtors' estates.

| | |
|---|---|
| Total Expenses Approved by Final Order to Date: | $384,219.78 |
| Total Compensation and Expenses Approved by Final Order to Date: | $4,094,323.78 |
| Total Allowed Compensation Paid to Date: | $3,869,802.00 |
| Total Allowed Expenses Paid to Date | $383,912.68 |
| Total Allowed Compensation and Expenses Paid to Date: | $4,253,714.68 |
| *Summary of Fees and Expenses to be Approved in this Application* | |
| Blended Rate in this Application for All Attorneys: | $854.78 |
| Blended Rate in this Application for All Timekeepers: | $815.20 |
| Number of Timekeepers Included in this Application During the Compensation Period: | 7 (5 attorneys; 2 paraprofessionals) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 2 |
| Increase in Rates Since Date of Retention: | 3[4] |
| Interim or Final Application: | Final |

### SUMMARY OF MONTHLY FEE STATEMENTS FOR COMPENSATION PERIOD

| DATE FILED | ECF NO. | PERIOD COVERED | FEES TO BE APPROVED | EXPENSES TO BE APPROVED | FEES PAID | EXPENSES PAID |
|---|---|---|---|---|---|---|
| 10/31/2022 | 10694 | 7/1/2022 - 8/31/2022 | 78,748.00 | $463.20 | $0.00 | $0.00 |

---

[4] Herrick increased its rates on January 1, 2022, consistent with its customary practice and as disclosed in the Herrick Retention Application (as defined herein).

<u>Summary of Any Objections to Monthly Fee Statements</u>: None

<u>Compensation and Expenses Sought to be Approved in This Application Not Yet Paid During the Compensation Period</u>: $79,211.20

**COMPENSATION BY PROFESSIONALS**
**(JULY 1, 2022 THROUGH AUGUST 31, 2022)**

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate 2022 | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Carty, Christopher | Partner | Restructuring & Finance Litigation | 2010 | $925.00 | 34.60 | $32,005.00 |
| O'Donnell, Sean | Partner | Restructuring & Finance Litigation | 1998 | $1,125.00 | 15.5 | $17,437.50 |
| Kolb, Kyle J. | Partner | Restructuring & Finance Litigation | 2012 | $715.00 | 23.7 | $16,945.50 |
| Smith, Steven | Partner | Restructuring & Finance Litigation | 2001 | $850.00 | 2.9 | $2,465.00 |
| Ginzburg, Rachel | Associate | Restructuring & Finance Litigation | 2017 | $550.00 | 10.8 | $5,940.00 |
| Poretsky, Larisa | Paralegal | Restructuring & Finance Litigation | N/A | $455.00 | 4.8 | $2,184.00 |
| Schepp, Linda | Paralegal | Restructuring & Finance Litigation | N/A | $410.00 | 3.9 | $1,599.00 |
| Ezoory, Max | Managing Attorney | Managing Attorney | 2019 | $430 | 0.4 | $172.00 |

## TOTAL FEES FOR THE COMPENSATION PERIOD
## (JULY 1, 2022 THROUGH AUGUST 31, 2022)

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $897.69 | 76.70 | $68,853.00 |
| Associate | $550.00 | 10.8 | $5,940.00 |
| Paraprofessionals | $434.62 | 9.1 | $3,955.00 |
| **Blended Attorney Rate** | **$854.78** | | |
| **Blended Rate for All Timekeepers** | **$815.20** | | |
| **Total Fees Incurred** | | **96.6** | **$78,748.00** |

## TOTAL BY TASK CODE FOR THE COMPENSATION PERIOD
## (JULY 1, 2022 THROUGH AUGUST 31, 2022)

| TASK CODE[5] | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| Fee/Employment Applications - B160 | 71.00 | $54,979.50 |
| Contested Matters - B190 | 17.20 | $14,596.50 |
| Case Administration - B110 | 8.4 | $9,172.00 |
| **Total** | **96.60** | **$78,748.00** |

---

[5] The fees related to task codes B160 and B190 are Herrick's fees attributable to the services it performs as counsel to the Creditors' Committee in connection with the Chapter 11 Cases, and such fees are paid out of the Debtors' carve-out account. Pursuant to the terms of the Plan and Confirmation Order, however, Herrick's fees and expenses attributable to the services it performs in connection with the Jointly Asserted Causes of Action are paid out of a segregated account established to provide initial funding for such litigation. *See* Confirmation Order ¶ 52(d). During the Compensation Period, Herrick incurred no fees and expenses related to the Jointly Asserted Causes of Action.

**EXPENSE SUMMARY FOR THE COMPENSATION PERIOD**
**(JULY 1, 2022 THROUGH AUGUST 31, 2022)**

| Description | Amount billed |
|---|---|
| Online Research | $20.70 |
| Pacer Charges | $16.50 |
| E-Discovery Data Hosting Minimum Charge | $300.00 |
| Duplication | $126.00 |
| **Total** | **$463.20** |

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith
Christopher Carty

*Special Conflicts Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
|  | : |  |
| Debtors[1] | : | (Jointly Administered) |
|  | : |  |
|  | : |  |
|  | : |  |
----------------------------------------------------------------- x

### FINAL APPLICATION OF HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 1, 2022 THROUGH AUGUST 31, 2022

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Herrick Feinstein LLP ("Herrick"), special conflicts counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Sears Holding Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby respectfully submits this application (the "Application"),[2] pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting final allowance of compensation for services rendered to the Creditors' Committee and the Litigation Designees by Herrick in the amount of $78,748.00 and for reimbursement of expenses incurred in connection therewith in the amount of $463.20. In support of this Application, Herrick respectfully submits the declaration of Stephen B. Selbst, a partner at Herrick (the "Selbst Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference into this Application. In further support of this Application, Herrick respectfully represents as follows.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1. This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief*, dated October 15, 2019 [ECF No. 5370] (the "Confirmation Order") or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* [ECF No. 4476] (the "Plan"), as applicable.

Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

## **BACKGROUND**

### A.      **The Debtors' Chapter 11 Cases**

4.      On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Chapter 11 Cases are jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      On October 24, 2018 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102(a). *Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 276].

6.      On October 15, 2019, the Court entered the Confirmation Order confirming the Plan.[3] On October 29, 2022, all conditions precedent to the Effective Date of the Plan were

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the disclosure statement or Plan, as applicable.

3

satisfied or waived in accordance with the Plan and the Plan was substantially consummated. On

October 31, 2022, the Debtors filed the *Notice of Occurrence of Effective Date* [ECF No. 10693].

**B.      Herrick's Role as Special Conflicts Counsel in Connection with an Investigation of the MTN Transactions**

7.      On November 9, 2018, the Debtors filed an emergency motion [ECF No. 642] (the

"Sale Motion"), seeking to monetize certain Medium-Term Notes Series B (the "MTNs") issued

by Debtor Sears Roebuck Acceptance Corp. ("SRAC") (collectively, the "MTN Transactions") in

advance of an auction (the "CDS Auction") to be conducted by the International Swaps and

Derivatives Association ("ISDA"). The value of the MTNs spiked temporarily because of the

demand for qualifying SRAC obligations to tender into the CDS Auction. *See* Sale Motion ¶ 11.

The Debtors sought to capitalize on this opportunity and engaged Jefferies LLC to manage and

conduct the sale process for the MTNs. On November 15, 2018, the Court granted the relief

requested by the Sale Motion and entered an order approving the sale of the MTNs [ECF No. 826]

(the "Sale Order").

8.      On January 2, 2019, the Creditors' Committee selected Herrick as its special

conflicts counsel in connection with the Chapter 11 Cases in order to investigate the MTN

Transactions. On February 13, 2019, the Creditors' Committee filed its application to retain and

employ Herrick as its special conflicts counsel [ECF No. 2574] (the "Herrick Retention

Application"), which application was authorized by an order of this Court dated March 21, 2019

[ECF No. 2936] (the "Herrick Retention Order").

9.      The Herrick Retention Order authorizes the Creditors' Committee to retain and

employ Herrick in accordance with Herrick's normal hourly rates and disbursement policies, *nunc*

*pro tunc* to January 2, 2019, all as contemplated by the Herrick Retention Application.

Specifically, the Herrick Retention Order authorizes Herrick to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

10.     On January 12, 2019, Herrick, on behalf of the Creditors' Committee, filed a motion pursuant to Bankruptcy Rule 2004 [ECF No. 1557] seeking to examine certain CDS participants who were either involved with the MTN Transactions or who opposed the sale of the MTNs. On February 15, 2019, the Court entered the *Order Pursuant To Bankruptcy Code Sections 105 And 1103 And Federal Rules Of Bankruptcy Procedure 2004 And 9016 Authorizing The Examination Of The CDS Participants* [ECF No. 2628] (the "Rule 2004 Order"). Herrick served as the Creditors' Committee special counsel with respect to the investigation authorized by the Rule 2004 Order (the "Rule 2004 Investigation").

## C.     Herrick's Role as Special Conflicts Counsel in Connection with Certain of the Jointly Asserted Causes of Action

11.     On October 15, 2019, the Court entered the Confirmation Order [ECF No. 5370] approving the Plan. Pursuant to the Confirmation Order, the Creditors' Committee was granted joint standing with the Debtors to commence, prosecute, settle, and otherwise dispose of the: (i) Specified Causes of Action; (ii) other Preserved Causes of Action against the ESL Parties; (iii) all claims and causes of action asserted in the pending adversary proceeding captioned *Sears Holdings Corp. v. Lampert*, Adv. Pro. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "Adversary Proceeding") and any other claims or causes of action ancillary thereto; and (iv) claims or causes of action against insurance carriers related to coverage for claims asserted in the Adversary Proceeding (the foregoing referred to collectively as the "Jointly Asserted Causes of Action").

12.     Herrick served as special conflicts counsel in connection with certain matters related to the Jointly Asserted Causes of Action, as overseen by the Litigation Designees.[4]

**D.    The Global Settlement**

13.     On September 2, 2022, the Court entered the *Order Granting Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Related Relief, and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* [ECF No. 10629] (the "Global Settlement Order" and the settlement approved thereunder, the "Global Settlement"). The Global Settlement resolved the Rule 2004 Investigation and the Adversary Proceeding.

**E.    The Final Fee Order and Monthly Fee Statements Filed During the Compensation Period[5]**

14.     Between May 14, 2020 and August 9, 2022, Herrick filed eight interim applications for compensation and reimbursement for the periods from the Petition Date through June 30, 2022. *See* ECF Nos. 7958, 8374, 9179, 9410, 9741, 10156, 10396, 10572. On August 9, 2022, Herrick filed its *Eighth Interim And Final Application Of Herrick, Feinstein LLP As Special Conflicts Counsel To The Official Committee Of Unsecured Creditors For Allowance Of Compensation For Services Rendered And Reimbursement Of Expenses For The Period Of Period January 2, 2019 Through June 30, 2022* [ECF No. 10572] (the "Final Fee Application"), seeking approval of

---

[4] Consistent with the terms of the Confirmation Order, which authorizes the Litigation Designees to retain additional attorneys in connection with prosecution of the Adversary Proceeding without further order of the Court, *see* Confirmation Order ¶ 22, Herrick has been retained as special conflicts counsel in connection with certain conflict matters related to the Jointly Asserted Causes of Action.

[5] Herrick's fees and expenses attributable to the services it performs as counsel to the Creditors' Committee in connection with the Chapter 11 Cases were paid out of the Debtors' carve-out account. Pursuant to the terms of the Plan and Confirmation Order, however, Herrick's fees and expenses attributable to the services it performs in connection with the Jointly Asserted Causes of Action are paid out of a segregated account established to provide initial funding for such litigation. *See* Confirmation Order ¶ 52(d). During the Compensation Period, Herrick incurred no fees and expenses related to the Jointly Asserted Causes of Action.

$29,762.60 fees and $407.00 expenses incurred from the Petition Date through June 30, 2022 on a final basis.

15.     On September 2, 2022, the Court entered the *Eleventh Order Granting Applications Of Professionals For Interim And Final Allowance Of Compensation And Reimbursement Of Expenses* [ECF No. 10626] (the "Final Fee Order"), approving the Final Fee Application. The Final Fee Order reflects a negotiated settlement between various estate professionals, including Herrick, and the Fee Examiner of potential objections to those professionals' final fee applications (the "Global Fee Settlement"). *See Fee Examiner's Statement Regarding The Final Fee Applications Of Retained Professionals* [ECF No. 10608]. Pursuant to the Global Fee Settlement, Herrick agreed to reduce its requested fees by $200,000.00, including by foregoing collection of $40,609.10 and waiving the amounts that were outstanding as of the Final Fee Application and the amounts requested for approval in this Application.

16.     On October 31, 2022, Herrick filed and served the *Thirty First Monthly Fee Statement of Herrick, Feinstein LLP for Professional Services Rendered and Disbursements Incurred as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period of July 1, 2022 Through August 31, 2022* [ECF No. 10694] (the "Thirty-Second Monthly Fee Statement" and together with the above-defined Monthly Fee Statements, the "Monthly Fee Statements"), pursuant to which Herrick incurred $78,748.00 in fees and $463.20 in expenses.[6] Herrick did not receive any objections to the Thirty-Second Monthly Fee Statement. While Herrick seeks approval of these amounts through this Application, pursuant to the Global Fee Settlement, Herrick will not seek payment of these amounts.

---

[6] This filing was erroneously labeled as the Thirty First Monthly Fee Statement.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

17.     By this Application, Herrick respectfully requests final allowance of compensation for professional services rendered to the Creditors' Committee during the Compensation Period in the amount of $78,748.00 and expense reimbursements of $436.20. During the Compensation Period, Herrick attorneys and paraprofessionals expended a total of 96.6 hours for which compensation is sought.

18.     Pursuant to this Application, Herrick seeks final approval (but not payment, pursuant to the Global Fee Settlement) of fees and expenses that were requested pursuant to the Monthly Fee Statements. A monthly summary of amounts billed by Herrick during the Compensation Period and paid as of the date of this Application is set forth in the following chart:

| DATE FILED | ECF NO. | PERIOD COVERED | FEES TO BE APPROVED | EXPENSES TO BE APPROVED | FEES PAID | EXPENSES PAID |
|---|---|---|---|---|---|---|
| 10/31/2022 | 10694 | 7/1/2022 - 8/31/2022 | $78,748.00 | $463.20 | $0.00 | $0.00 |

19.     The fees charged by Herrick in the Chapter 11 Cases are billed in accordance with Herrick's existing billing rates and procedures in effect during the Compensation Period. The rates Herrick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Herrick charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation is annexed hereto as **Exhibit B**.

8

20.     Herrick maintains computerized records of the time spent by all Herrick professionals and paraprofessionals in connection with its representation of the Creditors' Committee in the Chapter 11 Cases. A summary of compensation by timekeeper for the Compensation Period are annexed hereto as **Exhibit C**, respectively, and a summary of fees by task code for the Compensation Period is annexed hereto as **Exhibit D**, respectively. The itemized time records for Herrick professionals and paraprofessionals performing services for the Creditors' Committee during the Compensation Period have been filed and served in the Monthly Fee Statements in accordance with the Interim Compensation Order, and are annexed hereto as **Exhibit E**.

21.     Herrick also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary of the categories of expenses and amounts for which reimbursement is requested for the Compensation Period is annexed hereto as **Exhibit F**, respectively, and a detailed itemization of expenses for the Compensation Period is annexed as **Exhibit G**.

## SUMMARY OF SERVICES PERFORMED BY HERRICK DURING THE COMPENSATION PERIOD

22.     The services provided by Herrick during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Creditors' Committee and the Litigation Designees, and commensurate with the complexity and significance of the matter. The variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Creditors' Committee's and the Litigation Designees' needs and the interests of the Debtors' unsecured creditors required the expenditure of significant time by Herrick professionals and paraprofessionals from numerous legal disciplines during the Compensation Period.

9

23.     The following is a summary of the professional services rendered by Herrick during the Compensation Period. This summary is organized in accordance with the ABA Bankruptcy Code Set, commonly used in bankruptcy matters. In classifying services into task codes, Herrick attempted to place the services performed in the category that most closely related to the services provided. The below does not include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

24.     Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed. Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Creditors' Committee and the Litigation Designees, as well as to identify some of the matters and issues that Herrick was required to address during the Compensation Period.

**B110 - CASE ADMINISTRATION**

| Total Hours | Fees |
|:---:|:---:|
| 8.40 | $9,712.00 |

25.     This category includes time spent by Herrick professionals and paraprofessional performing various administrative services in order to represent the Creditors' Committee effectively and efficiently, including preparing for and attending the hearing regarding the Final Fee Application.

26.     Herrick believes it was able to address all issues relating to case administration that have arisen during the pendency of the Chapter 11 Cases and the Adversary Proceeding in an effective and efficient manner.

**B160 - FEE/EMPLOYMENT APPLICATIONS**

| Total Hours | Fees |
|:---:|:---:|
| 71.00 | $54,979.50 |

10

27.     This category includes the time spent by Herrick professionals and paraprofessionals (i) reviewing the Interim Compensation Order, the U.S. Trustee Guidelines and the Local Guidelines regarding allowable fees and expenses; (ii) reviewing Herrick invoices for privileged or confidential information and for compliance with the U.S. Trustee Guidelines; and (iii) preparing and drafting, *inter alia*: (a) the Final Fee Application; and (b) the Monthly Fee Statements. This category also includes the time spent by Herrick professionals preparing for, and attending, the hearings on the Interim Fee Applications and the Final Fee Application.

28.     Pursuant to the Interim Compensation Order, each of the Monthly Fee Statements contained a list of individuals who rendered services to the Creditors' Committee and/or the Litigation Designees during the relevant compensation period, information as to each individual's title, billing rate and hours worked, and a comprehensive breakdown of the fees incurred, and disbursements expended. To minimize costs in connection with this time-intensive process, Herrick relied on paraprofessionals to prepare the initial drafts of the Final Fee Application and the Monthly Fee Statements, thereby limiting the time spent by attorneys on the review of fees, where reasonably practicable.

## B190 - CONTESTED MATTERS (EXCLU. ASSUMPTION/REJECTION)

| Total Hours | Fees |
|:---:|:---:|
| 17.20 | $14,596.50 |

29.     This category includes time spent by Herrick professionals and paraprofessionals in connection with their role as Special Conflicts Counsel to the Creditors' Committee, pursuant to the Herrick Retention Order.

30.     In furtherance of the Rule 2004 Order, during the Compensation Period, Herrick professionals and paraprofessionals, among other things: (i) conferring with counsel to the

11

Creditors' Committee and opposing counsel regarding the Global Settlement; (ii) attending hearings regarding the Global Settlement; and (iii) negotiating the *Order Granting Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Related Relief, and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* [ECF No. 10629] with counsel for various parties-in-interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

31.    Herrick seeks allowance of reimbursement of expenses in the amount of $436.20 for expenses incurred during the Compensation Period in the course of providing professional services to the Creditors' Committee. Herrick's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, as it relates to computerized research, Herrick believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Herrick in-house or through a third party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, court costs, transcript fees, discovery and temporary legal staffing services, travel, and clerk fees.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

32.    Bankruptcy Code section 330 provides, in relevant part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See* 11 U.S.C. § 330(a)(1). In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;

12

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

33.    The clear Congressional intent and policy expressed in Bankruptcy Code section 330 is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 850 (3d. Cir.1994) (citations and internal quotations omitted) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

34.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989)). The "lodestar method" of

13

calculating the reasonable fee contemplates "the number of hours reasonably expended . . .
multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983);
*Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002*); Perdue v. Kenny A*., 130 S.Ct. 1662, 1672
(2010); *In re Drexel Burnham Lambert Grp., Inc*., 133 B.R. 13 (Bankr. S.D.N.Y. 1991). The
factors set forth in *Johnson* and *In re First Colonial Corp. of Am*., 544 F.2d 1291, 1298-99 (5th
Cir. 1977) have been adopted by most courts.[7] *See In re Nine Assocs., Inc*., 76 B.R. 943, 945
(S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc*., 61 B.R.
210, 212-13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. App'x 626, 629
(2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9]
(Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading
cases to be considered in determining a reasonable allowance of compensation").

35.    Herrick respectfully submits that a consideration of these factors should result in
the Court's allowance of the full compensation sought in this Application.

a.    <u>Time and Labor Required</u>. Herrick billed a total of 87.4 hours of
professional services and 8.7 hours of paraprofessional and other non-legal
services during the Compensation Period. As evidenced by this Application,
Herrick professionals and paraprofessionals worked diligently and
efficiently without unnecessary duplication of efforts throughout the
Compensation Period. Herrick's representation of the Creditors' Committee
and Litigation Designees has required it to balance the need to provide
quality services with the need to represent these parties in an effective,
efficient and timely manner. Herrick respectfully submits that the hours
spent were reasonable given the size and complexity of the Chapter 11
Cases, the significant legal issues raised, and the numerous pleadings filed
in the Chapter 11 Cases.

b.    <u>Novelty and Difficulty of the Questions</u>. Herrick tasked knowledgeable
attorneys to research, analyze and provide advice on difficult and complex
bankruptcy, litigation, finance and other issues. As further described herein,

---

[7] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*,
with the *First Colonial* Court adding the factor of the "spirit of economy," which was later rejected by Congress. *See
Stroock & Stroock & Lawan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398,
1403 (11th Cir. 1997).

Herrick's skilled teams assisted the Creditors' Committee in evaluating, among other things, the bases for various claims against certain CDS Participants in connection with the Rule 2004 Investigation and assisted the Litigation Designees in connection with the claims and causes of action subject to the First Amended Adversary Complaint.

c.     <u>Skill Requisite to Perform the Legal Services Properly</u>. Herrick believes that its recognized expertise in the area of bankruptcy litigation and corporate restructuring, its ability to draw from highly experienced professionals in other areas of Herrick's practice and its creative approach to the resolution of issues has benefited the Debtors, the Creditors' Committee and the Litigation Designees. Due to the nature and complexity of the legal issues Herrick was retained to investigate and/or prosecute in the Chapter 11 Cases, Herrick was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation, finance and corporate transaction matters. Additionally, Herrick's strong working relationship with the Creditors' Committee's other legal and financial advisors as well as the legal and financial advisors to other parties in interest enabled Herrick to work with such advisors towards a swift, consensual resolution of many of the salient issues in the Rule 2004 Investigation and the Jointly Asserted Causes of Action.

d.     <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>. Although Herrick's representation of the Creditors' Committee and the Litigation Designees did not preclude its acceptance of new clients, the demands for immediate and substantive action in connection with the Rule 2004 Investigation and the Jointly Asserted Causes of Action imposed significant burdens on Herrick professionals and paraprofessionals working concurrently on other matters.

e.     <u>Customary Fee</u>. The rates Herrick charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Herrick charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters. Herrick's fee structure also is equivalent to the fee structure used by Herrick for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. Herrick's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.     <u>Whether the Fee Is Fixed or Contingent</u>. Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered

15

and the results obtained. The contingency of full and actual compensation to Herrick increased the risk Herrick was assuming by representing the Creditors' Committee and Litigation Designees as special conflicts counsel in the Chapter 11 Cases.

g.    <u>Time Limitations Imposed by the Client or Other Circumstances</u>. As previously set forth herein, Herrick was required to attend to certain issues arising in the Rule 2004 Investigation and Jointly Asserted Causes of Action under compressed timelines. The tremendous efforts of Herrick professionals and paraprofessionals in completing this work permitted the Creditors' Committee and Litigation Designees to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.    <u>Amount Involved and Results Obtained</u>. Herrick professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Compensation Period, and as described in the summary of services herein, Herrick was instrumental in maximizing value for the benefit of unsecured creditors. In particular, Herrick's efforts in connection with, among other things, the Rule 2004 Investigation and the Jointly Asserted Causes of Action, effectively maximized the potential assets available for distribution to unsecured creditors. Herrick respectfully submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of unsecured creditors as more fully described in the summary of services.

i.    <u>Experience, Reputation and Ability of Attorneys</u>. Attorneys in Herrick's Finance Litigation & Restructuring group are consistently recognized as leading attorneys in the field of bankruptcy and bankruptcy related litigation as well as creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code. During the Compensation Period, Herrick solicited the skill and expertise of its attorneys, a number of which have practiced law for over 20 years in a number of jurisdictions and legal disciplines. Herrick attorneys have actively represented creditors and creditors' committees, as well as other parties in interest, in a number of the nation's largest chapter 11 cases, including *In re The Weinstein Company Holdings, In re Blackhawk Mining, Inc., In re Whiting Petroleum Corp., In re Boston Generating, LLC, In re Toys "R" Us, Inc., In re GMX Resources, Inc., In re Energy Future Holdings Corp., In re Dynegy Holdings, LLC, In re Edison Mission Energy, Inc., In re Loehmann's Holdings, Inc., In re Global Aviation Holdings, Inc., In re Anderson News, LLC, In re Trico Marine Services, In re American Safety Razor, In re Visteon Corp., In re ATX Communications, Inc., In re Global Crossing, In re Exide Communications, Loral Space and Communications and In re X0 Communications, Inc.*, and many others. Herrick's extensive experience enables it to perform the services described herein competently and expeditiously.

j.      "Undesirability" of the Cases. This factor is not applicable to the Chapter 11 Cases.

k.      Nature and Length of Professional Relationship. Herrick has been rendering professional services to the Creditors' Committee since it was selected as counsel to the Creditors' Committee on January 2, 2019.

36.     For the reasons set forth above, the services rendered by Herrick were necessary and beneficial to the Creditors' Committee and the Litigation Designees and consistently performed in a timely manner. The compensation sought in this Application is reasonable in light of the value of such services to the Creditors' Committee, the Litigation Designees and all unsecured creditors, Herrick's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled practitioners at Herrick. Accordingly, Herrick respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

37.     No agreement or understanding exists between Herrick and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases. Except for the filing of the prior Interim Fee Applications and the Monthly Fee Statements, no prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

**ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

38.     The following is provided in response to the request for additional information set forth in ¶ C.5. of the U.S. Trustee Guidelines.

| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. |
|---|---|
| Response: | No. |

17

| **Question**: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
|---|---|
| Response: | Not applicable. |
| **Question**: | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. |
| Response: | No. |
| **Question**: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. |
| Response: | See above. |
| **Question**: | If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? |
| Response: | Herrick disclosed to the Creditors' Committee the hourly rates charged at the time of its retention. Herrick increased its rates on January 1, 2022, consistent with its customary practice and as disclosed in the Herrick Retention Application (as defined herein). |

## RESERVATION OF RIGHTS

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Herrick reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## CONCLUSION

**WHEREFORE**, Herrick respectfully requests final allowance of fees in the amount of

$78,48.00 as compensation for professional services rendered and the sum of $436.20 as

reimbursement of actual necessary costs and expenses.


Dated: New York, New York
December 14, 2022                              HERRICK, FEINSTEIN LLP

By: */s/ Stephen B. Selbst*
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith
Christopher Carty
Two Park Avenue
New York, NY 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Email: sodonnell@herrick.com
        sselbst@herrick.com
        ssmith@herrick.com
        ccarty@herrick.com

*Special Conflicts Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

`

**EXHIBIT A**

**CERTIFICATION OF STEPHEN B. SELBST**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:                                                    :        Chapter 11
                                                          :
SEARS HOLDINGS CORPORATION, *et al.*,                     :        Case No. 18-23538 (RDD)
                                                          :
               Debtors[1]                                 :        (Jointly Administered)
                                                          :
                                                          :
                                                          :
------------------------------------------------------------- x

**CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE
FINAL FEE APPLICATION OF HERRICK, FEINSTEIN LLP AS SPECIAL
CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
JULY 1, 2022 THROUGH AUGUST 31, 2022**

I, Stephen B. Selbst, hereby certify that:[2]

1.       I am a partner with Herrick, a law firm with its main office located at 2 Park

Avenue, New York, New York. Herrick is special conflicts counsel to the Creditors' Committee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Application.

of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") and also serves, pursuant to the Confirmation Order, as special conflicts counsel in connection with certain conflicts matters relating to the Adversary Proceeding.

2.    In accordance with the Fee Guidelines, this certification is made with respect to the Application, for interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

(a)    I have read the Application;

(b)    to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

(c)    the fees and disbursements sought are billed at rates in accordance with those customarily charged by Herrick and generally accepted by Herrick's clients; and

(d)    in providing a reimbursable service, Herrick does not make a profit on that service, whether the service is performed by Herrick in-house or through a third party.

4.    In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Herrick has complied with those provisions requiring it to provide the Debtors and the Creditors' Committee with a statement of Herrick's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.[3]

5.    In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Creditors' Committee are each being provided with a copy of the Application.

---

[3] We have been sending Herrick's weekly accrual information to M-III Partners, L.P., the Debtors' restructuring advisors, since the Summer of 2019, on a weekly basis or as soon thereafter as was reasonably practicable.

Dated: New York, New York                          By: _/s/ Stephen B. Selbst_____
      December 14, 2022                                    Stephen B. Selbst

## **EXHIBIT B**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE DURING THE COMPENSATION PERIOD (JULY 1, 2022 THROUGH AUGUST 31, 2022)**

| Blended Hourly Rates | | |
|---|---|---|
| **Category of Timekeeper** | **Billed by Herrick Timekeepers for Preceding Year**[16] | **Billed in this Application** |
| Partners | $836.49 | $897.69 |
| Associates | $430.00 | $897.69 |
| Paraprofessionals | $431.00 | $434.83 |
| **All Timekeepers Aggregated** | **$539.72** | |

---

[16] Consistent with the U.S. Trustee Guidelines, this **Exhibit B** discloses the average hourly rate for the aggregate of all timekeepers in the domestic offices of Herrick, segregated by category. This data is based on Herrick's prior completed fiscal year.

**EXHIBIT C**

**SUMMARY OF COMPENSATION BY TIMEKEEPER FOR THE COMPENSATION PERIOD**

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate 2022 | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Carty, Christopher | Partner | Restructuring & Finance Litigation | 2010 | $925.00 | 34.60 | $32,005.00 |
| O'Donnell, Sean | Partner | Restructuring & Finance Litigation | 1998 | $1,125.00 | 15.5 | $17,437.50 |
| Kolb, Kyle J. | Partner | Restructuring & Finance Litigation | 2012 | $715.00 | 23.7 | $16,945.50 |
| Smith, Steven | Partner | Restructuring & Finance Litigation | 2001 | $850.00 | 2.9 | $2,465.00 |
| Ginzburg, Rachel | Associate | Restructuring & Finance Litigation | 2017 | $550.00 | 10.8 | $5,940.00 |
| Poretsky, Larisa | Paralegal | Restructuring & Finance Litigation | N/A | $455.00 | 4.8 | $2,184.00 |
| Schepp, Linda | Paralegal | Restructuring & Finance Litigation | N/A | $410.00 | 3.9 | $1,599.00 |
| Ezoory, Max | Managing Attorney | Managing Attorney | 2019 | $430 | 0.4 | $172.00 |

# **EXHIBIT D**

**SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS
AND FEES FOR THE COMPENSATION PERIOD**

| Task Code[17] | Task Code Category | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|---|
| B110 | Case Administration | 20-30 | $15,000 - $30,000 | 8.4 | $9,172.00 |
| B160 | Fee/Employment Applications | 75-100 | $50,000 – $75,000 | 71.00 | $54,979.50 |
| B190 | Contested Matters | 15 – 25 | $10,000 – $22,500 | 17.20 | $14,596.50 |
| **TOTAL** | | **110 - 155** | **$75,000 - $127,500** | **96.6** | **$78,748.00** |

[17] The fees related to task codes B160 and B190 are Herrick's fees attributable to the services it performs as counsel to the Creditors' Committee in connection with the Chapter 11 Cases, and such fees are paid out of the Debtors' carve-out account. Pursuant to the terms of the Plan and Confirmation Order, however, Herrick's fees and expenses attributable to the services it performs in connection with the Jointly Asserted Causes of Action are paid out of a segregated account established to provide initial funding for such litigation. *See* Confirmation Order ¶ 52(d). During the Compensation Period, Herrick incurred no fees and expenses related to the Jointly Asserted Causes of Action.

## EXHIBIT E

**DETAILED TIME RECORDS FOR THE FINAL COMPENSATION PERIOD**



Official Committee of Unsecured Creditors of Sears Holdings

Attn: Ron Tucker

225 W. Washington Street

Indianapolis, IN 46204

October 31, 2022

Invoice Number: 572708

Matter Number: 19609.0001

Tax ID:        1662

Re:  **Sears Bankruptcy**

| | |
|---|---:|
| Fees for legal services rendered through September 30, 2022 | $78,748.00 |
| Expenses posted through September 30, 2022 | 463.20 |
| **TOTAL** | **$79,211.20** |

## INVOICE PAYMENT IS DUE UPON RECEIPT. THANK YOU.

Kindly return this page with your **check payment** to:

Herrick, Feinstein LLP
Attn: Billing Department
2 Park Avenue
New York, NY 10016

Send **wire or ACH payments** to:

Citibank, N.A.
ABA Number:        0089
Account Number:        6165
SWIFT #:        US33

**Credit card payments:**

www.herrickpay.com
*URL/link redirects to our processor SlimCD*

*Please note as of September 1, 2022 there will be a **2.45%** surcharge on all credit card payments.*

HERRICK, FEINSTEIN LLP ● Two Park Avenue ● New York, NY 10016 ● Phone: 212.592.1400 ● Fax: 212.592.1500



Invoice Number: 572708
Matter Number: 19609.0001
Page: 2

**LEGAL SERVICES RENDERED:**

| DATE | NAME | TASK CODE | NARRATIVE | HOURS |
|------|------|-----------|-----------|-------|
| 07/25/22 | C. Carty | B160 | Correspondence re status update and final fee application. | 0.50 |
| 07/25/22 | K. Kolb | B160 | Prepare final fee applications. | 0.20 |
| 07/26/22 | K. Kolb | B160 | Confer with expert regarding fee application. | 0.10 |
| 07/29/22 | C. Carty | B160 | Analyze issues related to final fee application. | 0.50 |
| 07/29/22 | L. Poretsky | B160 | Revise, redact, assemble, finalize and e-file 30th monthly fee statement | 0.90 |
| 07/29/22 | L. Poretsky | B160 | Prepare and submit request for service of 30th fee statement to PrimeClerk and circulate filed copy to the team | 0.40 |
| 08/01/22 | C. Carty | B160 | Analyze status of payments for purpose of draft final fee application. | 0.50 |
| 08/01/22 | K. Kolb | B160 | Attend to initial figures and drafting of fee application. | 1.10 |
| 08/02/22 | C. Carty | B160 | Coordinate drafting of final fee application. | 1.20 |
| 08/02/22 | K. Kolb | B160 | Revise final fee application. | 2.40 |
| 08/02/22 | R. Ginzburg | B160 | Confer with K. Kolb regarding final fee application. | 0.10 |
| 08/02/22 | R. Ginzburg | B160 | Work on final fee application. | 1.30 |
| 08/03/22 | R. Ginzburg | B160 | Review interim fee applications in preparation for preparing final fee application and send same to K. Kolb. | 1.50 |
| 08/04/22 | C. Carty | B160 | Review and revise draft final fee application. | 2.20 |
| 08/04/22 | K. Kolb | B160 | Further revisions and review of final fee application materials. Discuss with C. Carty and V. Martinez. | 5.90 |
| 08/04/22 | R. Ginzburg | B160 | Confer with K. Kolb regarding fee application charts. | 0.20 |
| 08/04/22 | R. Ginzburg | B160 | Confer with K. Kolb regarding monthly fee statements. | 0.10 |
| 08/04/22 | R. Ginzburg | B160 | Confer with K. Kolb regarding question with respect to blended rates for fee application. | 0.40 |
| 08/05/22 | C. Carty | B160 | Revise and finalize draft of final fee application for client review and approval. | 5.20 |
| 08/05/22 | K. Kolb | B160 | Revise final fee application and confirm supporting calculations. | 5.30 |
| 08/05/22 | R. Ginzburg | B160 | Review e-mails with Prime Clerk regarding affidavit of service. | 0.10 |
| 08/05/22 | R. Ginzburg | B160 | Review and revise final fee application. | 1.00 |
| 08/07/22 | K. Kolb | B160 | Review and confirm exhibits to fee application. | 0.60 |
| 08/08/22 | C. Carty | B160 | Revise sections of final fee application. | 1.40 |



Invoice Number: 572708
Matter Number: 19609.0001
Page: 3

| Date | Name | Task Code | Narrative | Hours |
|---|---|---|---|---|
| 08/08/22 | K. Kolb | B160 | Finalize fee application. | 1.90 |
| 08/08/22 | R. Ginzburg | B160 | Confer with K. Kolb regarding finalizing final fee application. | 0.10 |
| 08/08/22 | L. Poretsky | B160 | Conference call with Kyle Kolb to discuss final fee application | 0.40 |
| 08/09/22 | C. Carty | B190 | Review and analyze joint motion to approve settlement of adversary proceeding. | 1.50 |
| 08/09/22 | K. Kolb | B160 | Final revisions to fee application. Analyze settlement terms. | 1.60 |
| 08/09/22 | L. Poretsky | B160 | Assist in preparation of final fee application for filing, redact exhibits to comply with bankruptcy court rules | 1.10 |
| 08/09/22 | L. Poretsky | B160 | Revise, assemble, finalize and e-file final fee application | 1.40 |
| 08/09/22 | L. Poretsky | B160 | Prepare filed final fee application for service and submit to PrimeClerk with instructions. | 0.60 |
| 08/16/22 | C. Carty | B160 | Review and analyze letter from fee examiner and respond to same. | 0.80 |
| 08/16/22 | S. Smith | B160 | Review docket and emails for correspondence from Fee Examiner. | 0.30 |
| 08/17/22 | C. Carty | B160 | Review and analyze fee examiner preliminary report in preparation for hearing on final fee applications. | 2.50 |
| 08/17/22 | K. Kolb | B190 | Review Sears fee examiner report in preparation for hearing on final fee applications. | 0.20 |
| 08/17/22 | S. Smith | B160 | Review correspondence from fee examiner and lated pleadings and discussions. | 0.80 |
| 08/18/22 | C. Carty | B160 | Analyze fee examiner report in preparation for hearing on final fee applications. | 1.50 |
| 08/18/22 | K. Kolb | B190 | Sears fee examiner report. | 0.30 |
| 08/18/22 | S. Smith | B160 | Analyze issues related to fee examiner report in preparation for hearing on final fee applications. | 0.80 |
| 08/18/22 | R. Ginzburg | B160 | Confer with S. Smith regarding fee examiner preliminary report. | 0.20 |
| 08/18/22 | L. Schepp | B190 | Confirm batches reviewed by Herrick to support fees filing. | 1.60 |
| 08/19/22 | C. Carty | B160 | Analyze responses to fee examiner preliminary report. | 1.10 |
| 08/19/22 | S. Smith | B160 | Discussions with R. Ginzburg re fee app challenges. | 0.60 |
| 08/19/22 | R. Ginzburg | B160 | Review and analyze US Trustee Guidelines and case law regarding fee examiner's letter. | 2.00 |
| 08/19/22 | R. Ginzburg | B160 | Confer with S. Smith regarding issues for call with fee examiner. | 0.10 |
| 08/19/22 | L. Schepp | B190 | Update document review chart to indicate batches reviewed and confirm totals for use in fees filings. | 2.30 |
| 08/22/22 | C. Carty | B160 | Prepare responses to fee examiner preliminary report. | 1.20 |



Invoice Number: 572708
Matter Number: 19609.0001
Page: 4

| DATE | NAME | TASK CODE | NARRATIVE | HOURS |
|------|------|-----------|-----------|-------|
| 08/22/22 | C. Carty | B160 | Participate in call with fee examiner and his counsel concerning preliminary report and prepare for same. | 0.60 |
| 08/22/22 | K. Kolb | B160 | Further review of examiner report and related research. | 0.60 |
| 08/22/22 | K. Kolb | B160 | Attend call with Fee Examiner with C. Carty and R. Ginzburg. | 0.80 |
| 08/22/22 | K. Kolb | B160 | Draft bullets for fee examiner regarding document review scope. | 0.50 |
| 08/22/22 | S. Smith | B160 | Review RG's revised memo to Carty and follow up email consideration. | 0.40 |
| 08/22/22 | R. Ginzburg | B160 | Call with fee examiner, fee examiner counsel, K. Kolb, and C. Carty regarding objections to fee applications. | 0.70 |
| 08/22/22 | R. Ginzburg | B160 | Call with K. Kolb and C. Carty regarding letter to fee examiner. | 0.10 |
| 08/22/22 | R. Ginzburg | B160 | Draft letter responding to Fee Examiner's Preliminary Report. | 1.50 |
| 08/22/22 | R. Ginzburg | B160 | Draft calculations for call with fee examiner and send to C. Carty. | 0.50 |
| 08/22/22 | R. Ginzburg | B160 | Revise calculations for conversation with fee examiner and confer with C. Carty regarding same. | 0.20 |
| 08/22/22 | R. Ginzburg | B160 | Prepare for call with fee examiner. | 0.40 |
| 08/23/22 | C. Carty | B160 | Review and revise draft response to fee examiner preliminary report. | 3.20 |
| 08/23/22 | K. Kolb | B160 | Continued drafting of bullets for use in fee examiner discussions regarding document review process. | 0.60 |
| 08/23/22 | K. Kolb | B160 | Revise response letter to fee examiner in preparation for hearing on final fee applications. | 0.50 |
| 08/23/22 | S. O'Donnell | B160 | Calls/emails re Sears fees in preparation for hearing on global settlement | 3.50 |
| 08/23/22 | R. Ginzburg | B160 | Review revised version to preliminary report and provide comments. | 0.30 |
| 08/24/22 | C. Carty | B160 | Analyze issues related to fee examiner potential objection to Herrick fees and draft summary of same. | 3.10 |
| 08/24/22 | K. Kolb | B160 | Draft timeline of MTN investigation in preparation for hearing on global settlement. | 1.10 |
| 08/25/22 | S. O'Donnell | B190 | Confer re fee objection in preparation for hearing on final fee applications (1.3); outline MTN investigation presentation in preparation for hearing on global settlement (2.7). | 4.00 |
| 08/26/22 | C. Carty | B160 | Review and analyze fee examiner statement re final fee applications. | 0.30 |
| 08/29/22 | S. O'Donnell | B110 | Confer w/ Akin re misc. matters; coordinate prep for hearing. | 1.00 |



Invoice Number: 572708
Matter Number: 19609.0001
Page: 5

| Date | Name | Task Code | Narrative | Hours |
|---|---|---|---|---|
| 08/30/22 | C. Carty | B190 | Prepare for hearing on joint motion to approve settlement and final fee applications. | 2.30 |
| 08/30/22 | C. Carty | B190 | Call with counsel to Debtors, UCC, Cyrus, and PGBC regarding PGBC, Cyrus, Estate settlement and revised order. | 0.50 |
| 08/30/22 | C. Carty | B190 | Review and provide comments to revised order incorporating PGBC, Cyrus, Estate settlement (0.8, 0.2). | 1.00 |
| 08/30/22 | S. O'Donnell | B110 | Prep for hearing; confer re releases and filings. | 2.00 |
| 08/31/22 | C. Carty | B190 | Prepare for hearing on joint settlement of insider transfer litigation and final fee applications (1.0); attend hearing on joint settlement of insider transfer litigation and final fee applications (2.5). | 3.50 |
| 08/31/22 | S. O'Donnell | B110 | Prep and attend court hearing; f/up calls/emails re same; confer re language | 5.00 |

**TOTAL**    **$78,576.00**

### LEGAL SERVICES SUMMARY

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| C. Carty | 34.60 | 925.00 | 32,005.00 |
| R. Ginzburg | 10.80 | 550.00 | 5,940.00 |
| K. Kolb | 23.70 | 715.00 | 16,945.50 |
| S. O'Donnell | 15.50 | 1,125.00 | 17,437.50 |
| L. Poretsky | 4.80 | 455.00 | 2,184.00 |
| L. Schepp | 3.90 | 410.00 | 1,599.00 |
| S. Smith | 2.90 | 850.00 | 2,465.00 |
| **TOTAL** | **96.20** | | **$78,576.00** |

**MANAGING ATTORNEY'S OFFICE**

| | |
|---|---|
| Electronic/Paper Filing | 172.00 |
| **TOTAL** | **$172.00** |

**TOTAL LEGAL SERVICES**    **$78,748.00**

**DISBURSEMENTS:**



Invoice Number: 572708
Matter Number: 19609.0001
Page: 6

|  | AMOUNT |
|---|---|
| Duplication | 126.00 |
| E-Discovery Data Hosting | 300.00 |
| Online Research | 20.70 |
| Pacer Charges | 16.50 |
| TOTAL: | $463.20 |

**TASK SUMMARY**

| Task Code | Task Description | Hours | Amount |
|---|---|---|---|
| B110 | Case Administration | 8.40 | 9,172.00 |
| B160 | Fee/Employment Applications | 71.00 | 54,979.50 |
| B190 | Other Contested Matters | 17.20 | 14,596.50 |
| **TOTALS** | | **96.60** | **$78,748.00** |

# **EXHIBIT F**

## **SUMMARY OF EXPENSES BY CATEGORY FOR THE COMPENSATION PERIOD**

| Description | Amount billed |
|---|---|
| Online Research | $20.70 |
| Pacer Charges | $16.50 |
| E-Discovery Data Hosting Minimum Charge | $300.00 |
| Duplication | $126.00 |
| **Total** | **$463.20** |

## **EXHIBIT G**

**ITEMIZED EXPENSES FOR THE COMPENSATION PERIOD**

| Bill Number: 572708 | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| Client/Matter Filter: Official Committee of Unsecured Creditor (19609) Sears Bankruptcy (0001) | | | | | | | |
| Client/Matter | Transaction Date | Disb Code | Narrative | Bill Number | Billed Quantity | Billed Amount $463.20 | Bill Date |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 7/31/2022 | E-Discovery Data Hosting Minimum Charge (115) | Sears Bankruptcy UCC - Rule 2004 MTN | 572708 | 1.00 | $100.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 7/7/2022 | Pacer charges (074) | Vendor: Pacer Service Center; Invoice#: 2560425-Q22022; Date: 7/7/2022 | 572708 | 1.00 | $16.50 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 100.00 | $18.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 0.00 | $0.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 100.00 | $18.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 0.00 | $0.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 100.00 | $18.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 0.00 | $0.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 100.00 | $18.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 0.00 | $0.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 77.00 | $13.86 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 0.00 | $0.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 100.00 | $18.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/9/2022 | e-Copy (Scan) (067) | e-Copy (Scan) | 572708 | 0.00 | $0.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/17/2022 | Printing (080) | Printing | 572708 | 123.00 | $22.14 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 8/31/2022 | E-Discovery Data Hosting Minimum Charge (115) | Sears Bankruptcy UCC - Rule 2004 MTN | 572708 | 1.00 | $100.00 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 9/1/2022 | Online research - West (075) | Vendor: West Group - GSI Payment Center-Westlaw; Invoice#: 846952475; Date: 9/1/2022 | 572708 | 1.00 | $20.70 | 10/31/2022 |
| Official Committee of Unsecured Creditor (19609) / Sears Bankruptcy (0001) | 9/30/2022 | E-Discovery Data Hosting Minimum Charge (115) | Sears Bankruptcy UCC - Rule 2004 MTN | 572708 | 1.00 | $100.00 | 10/31/2022 |