AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier

*Counsel to the Official Committee of Unsecured
Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, et al., | : | Case No. 18-23538 (SHL) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

-------------------------------------------------------------x

**SUMMARY SHEET FOR FINAL FEE APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD OF JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

| General Information | |
|---|---|
| Name of Applicant: | Akin Gump Strauss Hauer & Feld LLP ("Akin Gump")[2] |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors and the Litigation Designees[3] |
| Petition Date: | October 15, 2018 |
| Retention Date: | December 10, 2018, *nunc pro tunc* to October 24, 2018 |
| Prior Applications: | 11 |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by the Application: | July 1, 2022 through and including October 31, 2022 (the "Compensation Period")[4] |

| *Compensation & Expenses Sought for Services Performed on Behalf of the Creditors' Committee in Connection with the Chapter 11 Cases* | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $292,976.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $0 |

| *Compensation & Expenses Sought for Services Performed on Behalf of the Litigation Designees in Connection with the Jointly Asserted Causes of Action* | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $503,579.00 |

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application, the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief*, dated October 15, 2019 [ECF No. 5370] (the "Confirmation Order") or the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated October 15, 2019 [ECF No. 5370-1] (the "Plan"), as applicable.

[3] As described further herein, pursuant to the Confirmation Order and effective during the Compensation Period, Akin Gump served as "primary litigation counsel to act on behalf of the Litigation Designees to investigate, commence, prosecute and otherwise litigate the Jointly Asserted Causes of Action" in addition to its role as counsel to the Creditors' Committee. *See* Confirmation Order ¶ 22. To facilitate review of Akin Gump's fees attributable to its role as Primary Trust Litigation Counsel following entry of the Confirmation Order, a separate task code (Task Code 20) contains all such work.

[4] This Application covers only the period of July 1, 2022 through October 31, 2022 and supplements the Akin Gump's final fee application filed on August 9, 2022 [ECF No. 10569], which was approved on September 2, 2022 [ECF No. 10628].

| | |
|---|---|
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $136,158.93 |

| *Total Compensation & Expenses Sought for Services Performed on Behalf of the Creditors' Committee and the Litigation Designees in Connection with the Chapter 11 Cases and the Jointly Asserted Causes of Action* | |
|---|---|
| Total Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $796,555.00 |
| Total Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $136,158.93 |
| Total Compensation and Expenses Requested for the Compensation Period: | $932,713.93[5] |

| **Summary of Fees and Expenses Allowed Pursuant to Prior Applications** | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Compensation and Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | $51,683,872.20[6] |
| Total Allowed Expenses Paid to Date: | $14,343,822.00 |
| Total Allowed Compensation and Expenses Paid to Date: | $66,027,694.20 |

---

[5] As disclosed to the Court at the August 31, 2022 hearing, Akin Gump agreed to a $1 million reduction to its fees incurred in connection with the prosecution of the Jointly Asserted Causes of Action, which reduction was applied ratably against Akin Gump's monthly fee statements for the period from June 2020 through and including August 2022. In connection therewith, Akin Gump reduced its fees for the months of July and August of 2022 by $32,158.06 and $42,829.05, respectively. Accordingly, notwithstanding anything herein to the contrary, Akin Gump is not requesting payment of such amounts.

[6] Specifically, Akin Gump has received $34,420,127.00 in respect of fees incurred in connection with Akin Gump's representation of the Creditors' Committee and $17,263,745.20 in respect of fees incurred in connection with the prosecution of the Jointly Asserted Causes of Action.

| *Summary of Fees, Professionals, Rates and Budget in this Application* | |
|---|---|
| Compensation Sought in the Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (80% of Fees): | $496,282.09 |
| Expenses Sought in the Application Already Paid Pursuant to the Compensation Order But Not Yet Allowed (100% of Expenses): | $101,837.39 |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $598,119.48 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $334,594.45[7] |
| Voluntary Fee Waiver and Expense Reduction in this Compensation Period: | $104,832.16[8] |
| *Summary of Fees and Expenses Sought in this Application* | |
| Blended Rate in this Application for All Attorneys: | $1,303.71 |
| Blended Rate in this Application for All Timekeepers: | $1,283.94 |
| Number of Timekeepers Included in this Application: | 9 (8 attorneys; 1 paraprofessionals and other non-legal staff) |

---

[7] As disclosed to the Court at the August 31, 2022 hearing, Akin Gump agreed to a $1 million reduction to its fees incurred in connection with the prosecution of the Jointly Asserted Causes of Action, which reduction was applied ratably against Akin Gump's monthly fee statements for the period from June 2020 through and including August 2022. In connection therewith, Akin Gump reduced its fees for the months of July and August of 2022 by $32,158.06 and $42,829.05, respectively. Accordingly, notwithstanding anything herein to the contrary, Akin Gump is not requesting payment of such amounts.

[8] Akin Gump voluntarily reduced its fees and expenses prior to the filing of the applicable Monthly Fee Statement by the following amounts: (a) $101,283.00 for fee reductions and (b) $3,549.16 for expense reductions. The voluntary fee reductions relate to, among other things: (i) fees incurred by professionals or paraprofessionals for attending meetings, conferences or hearings at which their presence was not essential to the issues or matters addressed therein; (ii) duplicative work or work performed by professionals or paraprofessionals billing a *de minimis* amount of time to the Chapter 11 Cases during the applicable period; and (iii) fees incurred in connection with certain administrative tasks. Consequently, Akin Gump does not seek payment of these fees and expenses in this Application. For the avoidance of doubt, these voluntary reductions are in addition to the $74,987.11 in fee reductions that Akin Gump applied to its invoices for the months of July and August of 2022 subsequent to the filing thereof.

| | |
|---|---|
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 3 |
| Increase in Rates Since Date of Retention: | 4 |
| Interim or Final Application: | Final |

## SUMMARY OF MONTHLY FEE STATEMENTS

| Date Filed | ECF No. | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|---|
| 10/06/22 | 10657 | 07/01/22 – 07/31/22 | $238,046.00 (80% of $297,557.50) | $2,679.76 | $205,887.94 | $2,679.76 |
| 10/13/22 | 10675 | 08/01/22 – 08/31/22 | $317,036.80 (80% of $396,296.00) | $99,157.63 | $274,207.75 | $99,157.63 |
| 10/24/22 | 10688 | 09/01/22 – 09/30/22 | $29,940.40 (80% of $37,425.50) | $1,959.03 | $16,186.40 | $0.00 |
| 3/31/22 | 10385 | 10/01/22 – 10/31/22 | $132,284.40 (80% of $165,355.50) | $7,557.16 | $0.00 | $0.00 |

Summary of Any Objections to Monthly Fee Statements:  None

Compensation and Expenses Sought in This Application Not Yet Paid:  $334,594.45[9]

---

[9] As disclosed to the Court at the August 31, 2022 hearing, Akin Gump agreed to a $1 million reduction to its fees incurred in connection with the prosecution of the Jointly Asserted Causes of Action, which reduction was applied ratably against Akin Gump's monthly fee statements for the period from June 2020 through and including August 2022.  In connection therewith, Akin Gump reduced its fees for the months of July and August of 2022 by $32,158.06 and $42,829.05, respectively.  Accordingly, notwithstanding anything herein to the contrary, Akin Gump is not requesting payment of such amounts.

## COMPENSATION BY PROFESSIONAL
### JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022

| Name of Professional | Position | Department | Office | Year of Admission | 2022 Rate | Total Hours | Total Amount |
|---|---|---|---|---|---|---|---|
| Brauner, Sara L. | Partner | Financial Restructuring | NY | 2011 | $1,400.00 | 290.50 | $406,700.00 |
| Dizengoff, Ira S. | Partner | Financial Restructuring | NY | 1993 | $1,775.00 | 43.90 | $77,922.50 |
| Chapman, Dean L. | Partner | Litigation | NY | 2009 | $1,400.00 | 72.30 | $101,220.00 |
| Zensky, David M. | Partner | Litigation | NY | 1988 | $1,775.00 | 2.10 | $3,727.50 |
| Williams, Josh | Partner | Tax | NY | 2004 | $1,435.00 | 6.20 | $8,897.00 |
| Lanier, Zachary D. | Counsel | Financial Restructuring | DA | 2017 | $1,095.00 | 55.80 | $61,101.00 |
| Szydlo, Joseph E. | Associate | Financial Restructuring | NY | 2019 | $965.00 | 129.80 | $125,257.00 |
| Praestholm, Amanda | Associate | Litigation | NY | 2017 | $925.00 | 5.00 | $4,700.00 |
| Krasa, Dagmara | Paralegal | Financial Restructuring | NY | N/A | $475.00 | 14.80 | $7,030.00 |

**TOTAL FEES**
**JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $1,442.09 | 415.00 | $598,467.00 |
| Senior Counsel / Counsel | $1,095.00 | 55.80 | $61,101.00 |
| Associates | $964.07 | 134.80 | $129,957.00 |
| Paraprofessionals and Other Non-Legal Staff | $475.00 | 14.80 | $7,030.00 |
| **Blended Attorney Rate** | **$1,303.71** | | |
| **Blended Rate for All Timekeepers** | **$1,283.94** | | |
| **Total Fees Incurred** | | **620.40** | **$796,555.00** |

## COMPENSATION BY PROJECT CATEGORY
### JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022

| Task Code | Project Category | Total Hours Billed | Total Amount |
|---|---|---|---|
| 2 | Case Administration | -- | -- |
| 3 | Akin Gump Fee Application/Monthly Billing Reports | 118.60 | $119,707.00 |
| 4 | Analysis of Other Professionals Fee Applications/Reports | 6.00 | $6,975.50 |
| 5 | Review/Preparation of Schedules, Statements | -- | -- |
| 6 | Retention of Professionals | -- | -- |
| 7 | Creditors Committee Matters/Meetings (including 341 Meetings) | 16.40 | $21,676.00 |
| 8 | Hearings and Court Matters/Court Preparation | 38.50 | $54,606.50 |
| 9 | Financial Reports and Analysis | -- | -- |
| 10 | DIP, Cash Collateral Usage, Adequate Protection and Exit Financing | 3.30 | $3,717.00 |
| 11 | Executory Contract/Lease Issues | -- | -- |
| 12 | General Claims Analysis/Claims Objections | -- | -- |
| 13 | Analysis of Pre-Petition Transactions | -- | -- |
| 14 | Insurance Issues | -- | -- |
| 15 | Secured Creditors Issues/Communications/Meetings | 3.60 | $4,300.50 |
| 16 | Automatic Stay Issues | -- | -- |
| 17 | General Litigation Matters/Adversary Proceedings | -- | -- |
| 18 | Tax Issues | -- | -- |
| 19 | Labor Issues/Employee Benefits | -- | -- |
| 20 | Jointly Asserted Causes of Action | 374.10 | $503,579.00 |

| Task Code | Project Category | Total Hours Billed | Total Amount |
|---|---|---|---|
| 21 | Exclusivity | -- | -- |
| 22 | Disclosure Statement/Solicitation/Plan/Confirmation | 56.70 | $77,980.50 |
| 23 | Asset Dispositions/363 Asset Sales | 3.20 | $4,013.00 |
| 24 | Real Estate Issues | -- | -- |
| 25 | Travel Time | -- | -- |
| 26 | Securities Law Issues | -- | -- |
| 27 | Environmental | -- | -- |
| 28 | General Corporate Matters | -- | -- |
| 29 | Intercompany Claims/Intercompany Transactions/Cash Management | -- | -- |
| 30 | Customer, Supplier and Vendor Issues (including Critical Vendors) | -- | -- |
| 31 | Business Operations | -- | -- |
| **Total** | | **620.40** | **$796,555.00** |

x

**EXPENSE SUMMARY**
**JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022[10]**

| Disbursement Activity | Amount |
|---|---|
| Computerized Legal Research - Lexis - in contract 30% discount | $145.55 |
| Computerized Legal Research - Westlaw - in contract 30% discount | $4,640.76 |
| Computerized Legal Research - Westlaw - out of contract | -- |
| Computerized Legal Research - Courtlink - in contract 50% discount | $1,494.95 |
| Computerized Legal Research - Other | $1,174.19 |
| Color Copy | -- |
| Courier Service/Messenger Service - Off Site | -- |
| Document Retrieval | -- |
| Duplication - In House | -- |
| Duplication - Off Site | -- |
| Filing Fees | -- |
| Imaging/Computerized Litigation Support | -- |
| Meals - Overtime | $20.00 |
| Meals - Business | -- |
| Meals (100%) | -- |
| Miscellaneous | -- |
| Office Supplies – Printing | -- |
| Overtime - Admin Staff | -- |
| Postage | -- |

---

[10] The expenses incurred during the Compensation Period include, among other thing, $128,240.23 relating to the payment of professional fees and expenses incurred by Lighthouse Global (f/k/a H5), Akin Gump's document management and e-discovery provider.

| Disbursement Activity | Amount |
|---|---|
| Professional Fees - Consultant Fees | $31,255.65 |
| Professional Fees - Legal | -- |
| Professional Fees - Misc. | $96,984.58 |
| Professional Fees - Process Server | -- |
| Research | -- |
| Telephone - Long Distance | -- |
| Transcripts | $230.40 |
| Travel - Airfare | -- |
| Travel - Ground Transportation | -- |
| Travel - Lodging (Hotel, Apt, Other) | -- |
| Local Transportation - Overtime | $212.85 |
| **Total** | **$136,158.93** |

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier

*Counsel to the Official Committee of Unsecured
Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, et al., | : | Case No. 18-23538 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

---------------------------------------------------------------x

**FINAL FEE APPLICATION OF AKIN GUMP STRAUSS
HAUER & FELD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD OF JULY 1, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corpora-tion (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signa-ture Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Cor-poration (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Mer-chandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits this final fee application (the "Application"),[2] pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting final allowance of compensation for services rendered to the Creditors' Committee and the Litigation Designees for the period of July 1, 2022 through and including October 31, 2022 (the "Compensation Period") and for reimbursement of expenses incurred in connection therewith. In support of this Application, Akin Gump submits the declaration of Philip C. Dublin, a partner at Akin Gump, which declaration is attached hereto as **Exhibit A** and incorporated by reference into this Application. In further support of this Application, Akin Gump respectfully represents as follows.

## **INTRODUCTION**

1.      By this Application, Akin Gump seeks (i) final allowance of compensation for the professional services rendered by Akin Gump during the Compensation Period in the amount of $796,555.00,[3] representing 605.60 hours of professional services and 14.80 hours of

---

[2] This Application covers only the period of July 1, 2022 through October 31, 2022 and supplements Akin Gump's final fee application filed on August 9, 2022 [ECF No. 10569], which was approved on September 2, 2022 [ECF No. 10628].

[3] As disclosed to the Court at the August 31, 2022 hearing, Akin Gump agreed to a $1 million reduction to its fees incurred in connection with the prosecution of the Jointly Asserted Causes of Action, which reduction was applied ratably against Akin Gump's monthly fee statements for the period from June 2020 through and including August 2022. In connection therewith, Akin Gump reduced its fees for the months of July and August of 2022 by $32,158.06 and $42,829.05, respectively. Accordingly, notwithstanding anything herein to the contrary, Akin Gump is not requesting payment of such amounts.

paraprofessional and other non-legal services and (ii) reimbursement of actual and necessary expenses incurred by Akin Gump during the Compensation Period in the amount of $136,158.93.[4]

2.     This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated November 16, 2018 [ECF No. 796] (the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines") and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

3.     The Chair (as defined herein) of the Creditors' Committee has been given the opportunity to review this Application and has approved the compensation and reimbursement of expenses requested herein.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

---

[4] The expenses incurred during the Compensation Period include, among other things, $128,240.23 relating to the payment of professional fees and expenses incurred by Lighthouse Global (f/k/a H5), Akin Gump's document management and e-discovery provider.

## BACKGROUND

A.    **The Debtors' Chapter 11 Cases**

7.    On October 15, 2018, and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  During the Compensation Period, the Debtors continued to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' chapter 11 cases (the "Chapter 11 Cases") were jointly administered for procedural purposes only.  No trustee or examiner was appointed in the Chapter 11 Cases.

8.    On October 24, 2018 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102(a).  *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 276].  During the Compensation Period, the Creditors' Committee comprised seven members.[5]  Simon Property Group, L.P. served as chair of the Creditors' Committee (the "Chair").

9.    On October 15, 2019, the Court entered the Confirmation Order confirming the Plan.

10.    On September 2, 2022, the Court entered the *Order Granting Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Certain Related Relief and Authorizing Certain Nonmaterial*

---

[5] During the Compensation Period, the following entities comprised the Creditors' Committee:  (i) The Bank of New York Mellon Trust Company, N.A. as Indenture Trustee; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A.; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group, L.P.; and (vii) Winiadaewoo Electronics America, Inc.  *See Amended Notice of Appointment of Official Committee of Unsecured Creditors*, dated March 31, 2020 [ECF No. 7539].

*Plan Modifications in Furtherance of the Effective Date of the Plan* [ECF No. 10629] (the "Global Settlement Order" and the settlement approved thereunder, the "Global Settlement").

11.    On October 29, 2022, all conditions precedent to the Effective Date of the Plan were satisfied or waived in accordance with the Plan and the Effective Date of the Plan occurred.[6] On October 31, 2022, the Debtors filed the *Notice of Occurrence of Effective Date* [ECF No. 10693].

**B.    Retention of Akin Gump**

12.    On the Formation Date, the Creditors' Committee selected Akin Gump as its legal counsel.  On November 28, 2018, the Creditors' Committee filed its application to retain and employ Akin Gump as counsel to the Creditors' Committee [ECF No. 923] (the "Akin Retention Application"), which application was authorized by an order of this Court dated December 10, 2018 [ECF No. 1107] (the "Akin Retention Order").[7]

13.    The Akin Retention Order authorized the Creditors' Committee to retain and employ Akin Gump as its counsel in the Chapter 11 Cases in accordance with Akin Gump's normal hourly rates and disbursement policies, *nunc pro tunc* to October 24, 2018, all as contemplated by the Akin Retention Application.  Specifically, the Akin Retention Order authorized Akin Gump to be compensated on an hourly basis during the Compensation Period and to be reimbursed for actual and necessary out-of-pocket expenses.

---

[6] The Plan provides that the Creditors' Committee dissolves on the Effective Date other than "for the purposes of filing and prosecuting any final fee applications and any other matters concerning any Fee Claims held or asserted by any professional or any appeals of the Confirmation Order."  Plan Art. 17.6.  Moreover, "[t]he Debtors or the Liquidating Trust, as applicable, shall not be responsible for paying the fees or expenses incurred by the members of or advisors to the Creditors' Committee after the Effective Date, except for the fees and expenses incurred by the professionals to the Creditors' Committee in connection with any matters concerning any Fee Claims or any appeals of the Confirmation Order.  *Id.*

[7] The Creditors' Committee selected FTI Consulting, Inc. ("FTI") to serve as its financial advisor and Houlihan Lokey Capital, Inc. ("Houlihan") to serve as its investment banker on October 25, 2019 and October 29, 2019, respectively. The orders authorizing the retention of FTI [ECF No. 1325] and Houlihan [ECF No. 1326] were entered on December 19, 2018.

14.    On October 15, 2019, the Court entered the Confirmation Order [ECF No. 5370] approving the Plan.  Pursuant to the Confirmation Order, the Creditors' Committee was granted joint standing with the Debtors to commence, prosecute, settle and otherwise dispose of the: (i) Specified Causes of Action; (ii) other Preserved Causes of Action against the ESL parties; (iii) all claims and causes of action asserted in Insider Action (as defined herein) and any other claims or causes of action ancillary thereto; and (iv) claims or causes of action against insurance carriers related to coverage for claims asserted in the Insider Action (the foregoing referred to collectively as the "Jointly Asserted Causes of Action").  During the Compensation Period, the Jointly Asserted Causes of Action were overseen by designees (the "Litigation Designees"). Pursuant to the Confirmation Order, during the Compensation Period, Akin Gump served as "primary litigation counsel to act on behalf of the Litigation Designees to investigate, commence, prosecute and otherwise litigate the Jointly Asserted Causes of Action."  *See* Confirmation Order ¶ 22. The Confirmation Order authorized Akin Gump to be compensated during the Compensation Period on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses in connection with its work as Primary Trust Litigation Counsel.[8]  *Id.*

## C.    Prior Fee Applications and Fee Statements Filed During the Compensation Period

15.    On August 9, 2022 Akin Gump filed and served the *Eleventh Interim and Final Fee Application of Akin Gump Strauss Hauer & Feld LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period of October 24, 2018 Through and Including June 30, 2022* [ECF No.

---

[8] Akin Gump's fees and expenses attributable to the services it performed as counsel to the Creditors' Committee in connection with the Chapter 11 Cases have been paid out of the Debtors' carve-out account.  Pursuant to the terms of the Plan and Confirmation Order, however, Akin Gump's fees and expenses attributable to the services it performed as Primary Trust Litigation Counsel—as well as the fees and expenses of other professionals retained in connection with the Jointly Asserted Causes of Action—have been paid out of a segregated account established to provide initial funding for such litigation (the "Litigation Funding Account").  *See* Confirmation Order ¶ 52(d).

10569] (the "Eleventh Interim and Final Fee Application").[9]  Pursuant to the Eleventh Interim and

Final Fee Application, Akin Gump requested (i) interim allowance of fees in the amount of

$1,317,087.50 and reimbursement of expenses in the amount of $87,783.93 for the period from

March 1, 2022 through and including June 30, 2022 and (ii) final allowance of fees in the amount

of $52,112,603.00 and reimbursement of expenses in the amount of $14,241,984.61 for the period

from October 24, 2018 through and including June 30, 2022.  On September 2, 2022, the Court

entered an order approving the Eleventh Interim and Final Fee Application [ECF No. 10626] (the

"Eleventh Interim and Final Fee Order").

16.    On October 6, 2022, Akin Gump filed and served the *Forty-Sixth Monthly Fee
Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and
Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the
Period of July 1, 2022 Through July 31, 2022* [ECF No. 10657] (the "Forty-Sixth Monthly Fee
Statement"),[10] pursuant to which Akin Gump sought payment of (i) $238,046.00 (80% of

$297,557.50) as compensation for professional services rendered and (ii) $2,679.76 for

reimbursement of expenses.  Akin Gump did not receive any objections to the Forty-Sixth Monthly

Fee Statement and received payment of $205,887.94 in fees and $2,679.76 in expenses in respect

thereof on November 3, 2022 and December 9, 2022.

17.    On October 13, 2022, Akin Gump filed and served the *Forty-Seventh Monthly Fee
Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and
Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the
Period of August 1, 2022 Through August 31, 2022* [ECF No. 10675] (the "Forty-Seventh Monthly

---

[9] A copy of the Eleventh Interim and Final Fee Application can be accessed at:
https://restructuring.ra.kroll.com/sears/Home-DownloadPDF?id1=MTM0MTMyNg==&id2=-1.
[10] A copy of the Forty-Sixth Monthly Fee Statement can be accessed at:
https://restructuring.ra.kroll.com/sears/Home-DownloadPDF?id1=MTM0ODMxNw==&id2=-1.

Fee Statement"),[11] pursuant to which Akin Gump sought payment of (i) $317,036.80 (80% of $396,296.00) as compensation for professional services rendered and (ii) $99,157.63 for reimbursement of expenses.  Akin Gump did not receive any objections to the Forty-Seventh Monthly Fee Statement and received payment of $274,207.75 in fees and $99,157.63 in expenses in respect thereof on November 3, 2022 and December 9, 2022.

18.    On October 24, 2022 Akin Gump filed and served the *Forty-Eighth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of September 1, 2022 Through September 30, 2022* [ECF No. 10688] (the "Forty-Eighth Monthly Fee Statement"),[12] pursuant to which Akin Gump sought payment of (i) $29,940.40 (80% of $37,425.50) as compensation for professional services rendered and (ii) $1,959.03 for reimbursement of expenses.  Akin Gump did not receive any objections to the Forty-Eighth Monthly Fee Statement and received payment of $16,186.40 in fees and $0.00 in expenses in respect thereof on November 3, 2022 and December 9, 2022.

19.    On December 2, 2022, Akin Gump filed and served the *Forty-Ninth Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Disbursements Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of October 1, 2022 Through October 31, 2022* [ECF No. 10749] (the "Forty-Ninth Monthly Fee Statement"),[13] pursuant to which Akin Gump sought payment of (i) $52,220.80 (80% of $65,276.00) as compensation for professional services rendered and (ii) $32,362.51 for

---

[11] A copy of the Forty-Seventh Monthly Fee Statement can be accessed at:
https://restructuring.ra.kroll.com/sears/Home-DownloadPDF?id1=MTM0ODk0OQ==&id2=-1.
[12] A copy of the Forty-Eighth Monthly Fee Statement can be accessed at:
https://restructuring.ra.kroll.com/sears/Home-DownloadPDF?id1=MTM0OTgwMQ==&id2=-1.
[13] A copy of the Forty-Ninth Monthly Fee Statement can be accessed at:
https://restructuring.ra.kroll.com/sears/Home-DownloadPDF?id1=MTM1NDAyNw==&id2=-1

reimbursement of expenses.  As of the date hereof, Akin Gump has not received any objections to the Forty-Ninth Monthly Fee Statement.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

20.    By this Application, Akin Gump requests final allowance of compensation for professional services rendered during the Compensation Period in the amount of $796,555.00[14] and expense reimbursements of $136,158.93.[15]  During the Compensation Period, Akin Gump professionals and paraprofessionals expended a total of 620.40 hours for which compensation is sought.

21.    The fees charged by Akin Gump during the Compensation Period were billed in accordance with Akin Gump's existing billing rates and procedures in effect during the Compensation Period.  The rates Akin Gump charged for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Akin Gump charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

---

[14] As disclosed to the Court at the August 31, 2022 hearing, Akin Gump agreed to a $1 million reduction to its fees incurred in connection with the prosecution of the Jointly Asserted Causes of Action, which reduction was applied ratably against Akin Gump's monthly fee statements for the period from June 2020 through and including August 2022.  In connection therewith, Akin Gump reduced its fees for the months of July and August of 2022 by $32,158.06 and $42,829.05, respectively.  Accordingly, notwithstanding anything herein to the contrary, Akin Gump is not requesting payment of such amounts.

[15] Akin Gump voluntarily reduced its fees and expenses prior to the filing of the applicable Monthly Fee Statement by the following amounts: (a) $101,283.00 for fee reductions and (b) $3,549.16 for expense reductions.  The voluntary fee reductions relate to, among other things: (i) fees incurred by professionals or paraprofessionals for attending meetings, conferences or hearings at which their presence was not essential to the issues or matters addressed therein; (ii) duplicative work or work performed by professionals or paraprofessionals billing a *de minimis* amount of time to the Chapter 11 Cases during the applicable period; and (iii) fees incurred in connection with certain administrative tasks.  Consequently, Akin Gump does not seek payment of these fees and expenses in this Application.

22.     Akin Gump maintains computerized records of the time spent by all Akin Gump professionals and paraprofessionals in connection with the Chapter 11 Cases.  A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of fees by task code is attached hereto in **Exhibit D**.  The itemized time records for Akin Gump professionals and paraprofessionals performing services during the Compensation Period have been filed and served in the Monthly Fee Statements in accordance with the Interim Compensation Order.

23.     Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

24.     Akin Gump's staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

**SUMMARY OF SERVICES PERFORMED BY
AKIN GUMP DURING THE COMPENSATION PERIOD**

25.     The services provided by Akin Gump during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Creditors' Committee and/or the Litigation Designees and commensurate with the complexity and significance of this matter.

26.     The following is a summary of the professional services rendered by Akin Gump during the Compensation Period.  This summary is organized in accordance with Akin Gump's internal system of task codes established at the outset of the Chapter 11 Cases based on the Fee Guidelines.  In classifying services into task codes, Akin Gump attempted to place the services performed in the category that most closely related to the services provided.  The below does not

10

include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

27.    Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that Akin Gump was required to address during the Compensation Period.

**A.    Akin Gump Fee Application/Monthly Billing Reports (Task Code 3)**

| Total Hours | Fees |
|:---:|:---:|
| 118.60 | $119,707.00 |

28.    This category includes time spent by Akin Gump professionals and paraprofessionals preparing and drafting the Eleventh Interim and then the comprehensive and lengthy Final Fee Application filed on August 9, 2022, as well as each of the Monthly Fee Statements for this Compensation Period and responding to all inquiries and requests regarding the foregoing.  Pursuant to the Interim Compensation Order, the Eleventh Interim and Final Fee Application and the Monthly Fee Statements contained a list of individuals who rendered services to the Creditors' Committee during the relevant compensation period, information as to each individual's title, billing rate and hours worked and a comprehensive breakdown of the fees incurred and disbursements expended.  To minimize costs in connection with this time-intensive process, Akin Gump relied on paraprofessionals to prepare the initial drafts of the Eleventh Interim and Final Fee Application and Monthly Fee Statements, thereby limiting the time spent by professionals on the review of fees, where reasonably practicable.

**B.    Court Hearings (Task Code 8)**

| Total Hours | Fees |
|:---:|:---:|
| 38.50 | $54,606.50 |

29.    This category includes time spent by Akin Gump professionals and paraprofessionals in connection with Court hearings and status conferences held during the Compensation Period.   Most significantly, during the Compensation Period, Akin Gump professionals prepared for and participated in a hearing (the "Global Settlement Hearing") on August 31, 2022, after which the Court entered the Global Settlement Order and the Eleventh Interim and Final Fee Order.

30.    In preparing for the Global Settlement Hearing, Akin Gump professionals reviewed and analyzed all issues, applicable pleadings, declarations and applications filed with the Court, including any objections and responses thereto, discussed with the Debtors' advisors and other relevant parties the relief requested and asserted the Creditors' Committee's and the Litigation Designee's position, as applicable, both prior to and during the Global Settlement Hearing.   In addition, following the Global Settlement Hearing, Akin Gump provided the Creditors' Committee and the Litigation Designees with updates and analyses of the results thereof.

**C.    Jointly Asserted Causes of Action (Task Code 20)[16]**

| Total Hours | Fees |
|:---:|:---:|
| 374.10 | $503,579.00 |

31.    This category includes time spent by Akin Gump professionals and paraprofessionals in connection with Akin Gump's role as Primary Trust Litigation Counsel to the Litigation Designees, including its efforts to finalize the terms of, and implement, the Global

---

[16] As described further herein, pursuant to the Confirmation Order and during the Compensation Period, Akin Gump served as Primary Trust Litigation Counsel in addition to its role as counsel to the Creditors' Committee.  *See* Confirmation Order ¶ 22.  To facilitate review of Akin Gump's fees attributable to its role as counsel to the Litigation Designees following entry of the Confirmation Order, this task code (Task Code 20) contains all such work.

Settlement that resolved, among other things, the Jointly Asserted Causes of Action, which comprised any and all claims and causes of action asserted in the adversary proceedings captioned *Sears Holdings Corp. v. Lampert*, Case No. 19-08250 (RDD) (Bankr. S.D.N.Y.) (the "Insider Action") and *Sears Holdings Corp. v. Tisch*, Case No. 20-07007 (RDD) (Bankr. S.D.N.Y.) (the "Public Shareholder Action" and, together with the Insider Action, the "Consolidated Adversary Proceeding"). The Global Settlement was reached through a Court-ordered mediation process (the "Mediation") that began in April 2022 [Case No. 19-08250, ECF No. 270], and which included the Debtors, the Litigation Designees, the defendants in the Insider Action, the Admin Representative and certain D&O insurance carriers (collectively, the "Mediation Parties").

32.    Ultimately, through the Mediation, the terms of the Global Settlement were finalized and, on August 9, 2022, the Debtors and the Creditors' Committee filed the *Joint Motion of Debtors and Official Committee of Unsecured Creditors for Entry of an Order Approving Settlement Agreements, Granting Certain Related Relief and Authorizing Certain Nonmaterial Plan Modifications in Furtherance of the Effective Date of the Plan* [ECF No. 10566] (the "Global Settlement Motion"). On August 10, 2022, the Debtors and the Creditors' Committee filed the Executed Settlement Agreement [ECF No. 10579] (the "Global Settlement Agreement") entered into by and among the Mediation Parties. During the Compensation Period, Akin Gump professionals worked closely with counsel to the Debtors to prepare the Global Settlement Motion and negotiate the terms of the Global Settlement Agreement with the Debtors and the other Mediation Parties. On August 30, 2022 and August 31, 2022, Akin Gump professionals filed revised proposed orders to approve the Global Settlement Motion [ECF Nos. 10614, 10622], which reflected certain revisions and additional agreements among the Mediation Parties. On September 2, 2022, the Court entered the Global Settlement Order [ECF No. 10629].

33.     On September 19, 2022, the Final Approval Date (as defined in the Global Settlement Agreement) occurred; and, thereafter, the Debtors' estates received the Settlement Amount (as defined in the Global Settlement Agreement). In accordance with the Global Settlement Agreement, Akin Gump professionals prepared and filed various stipulations to dismiss the Consolidated Adversary Proceeding voluntarily [Adv. Proc. No. 19-08250, ECF Nos. 299, 300, 301, 302] (the "Stipulations of Dismissal").[17] On October 18, 2022, the Court approved the Stipulations of Dismissal [Adv. Pro. No. 19-08250; ECF Nos. 303, 304]. On November 2, 2022, Akin Gump professionals prepared and filed a stipulation to dismiss the Creditors' Committee's appeal of the Court's denial of a surcharge against collateral held by the Second Lien Parties under Bankruptcy Code section 506(c) [Case No. 7:19-cv-8237-UA; ECF No. 19] (the "506(c) Stipulation of Dismissal"). On November 3, 2022, the District Court for the Southern District of New York approved the 506(c) Stipulation of Dismissal. Finally, on November 3, 2022, Akin Gump professionals prepared and filed the *Notice of Withdrawal Regarding Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 362, 364 and 1142 and Bankruptcy Rules 3020(D), 4001 and 9014 Authorizing Entry by the Debtors' Estates into the Litigation Funding Arrangement with Bench Walk 21p, L.P.* [ECF No. 10707], which withdrew the litigation funding motion filed by the Creditors' Committee in the Chapter 11 Cases.

---

[17] The Stipulation of Dismissal with respect to the Public Shareholder Action dismissed such action solely with respect to the defendants that were party to the Global Settlement Agreement [Adv. Pro. No. 19-08250; ECF No. 300]. Subsequently, the plaintiffs in the Public Shareholder Action filed notices of dismissal, pursuant to which the plaintiffs dismissed the Public Shareholder Action with respect to the remaining defendants [Adv. Pro. No. 19-08250; ECF Nos. 301, 302].

**D.      Disclosure Statement/Solicitation/Plan/Confirmation (Task Code 22)**

| Total Hours | Fees |
|:---:|:---:|
| 56.70 | $77,980.50 |

34.      This category includes time spent during the Compensation Period addressing emergence-related items, including certain modifications to the Plan (as memorialized in the Global Settlement Order) and the Liquidating Trust Agreement [ECF Nos. 10613, 10630] and coordinating with the Debtors' advisors regarding the occurrence of the Effective Date.   In connection with the foregoing, Akin Gump attorneys analyzed open issues relating to the Effective Date and the contemplated distributions under the Plan, reviewed and analyzed the Plan and the Confirmation Order and discussed the same with the Debtors, the Creditors' Committee, the Litigation Designees and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

35.      Akin Gump seeks allowance of reimbursement of expenses in the amount of $136,158.93 for expenses incurred during the Compensation Period in the course of providing professional services to the Creditors' Committee and the Litigation Designees.  Akin Gump's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, as it relates to computerized research, Akin Gump believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Akin Gump in-house or through a third party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, court costs, transcript fees, discovery and temporary legal staffing services, travel and clerk fees.

**FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES**

36.    Bankruptcy Code section 330 provides, in relevant part, that the Court may award

to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See*

11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the
> court shall consider the nature, the extent, and the value of such services,
> taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of,
> or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed; and
>
> (E)    with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and
> experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonably based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

37.    The clear congressional intent and policy expressed in Bankruptcy Code section

330 is to provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.  *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R.

13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court,

establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal

specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994) (citations and

16

internal quotations omitted) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

38.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) have been adopted by most courts.[18] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

39.    Akin Gump respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

---

[18] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

a. <u>Time and Labor Required</u>.  Akin Gump billed a total of 605.60 hours of professional services and 14.80 hours of paraprofessional and other non-legal services during the Compensation Period.  As evidenced by this Application, Akin Gump professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Compensation Period.  This is particularly true when considering the nature and complexity of the issues that arose in the Chapter 11 Cases, including those pertaining to the negotiation of the Global Settlement Agreement and the occurrence of the Effective Date of the Plan.  Akin Gump's representation of the Creditors' Committee and the Litigation Designees has required it to balance the need to provide quality services with the need to act quickly and represent these parties in an effective, efficient and timely manner.  Akin Gump submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases and the significant legal issues raised.

b. <u>Novelty and Difficulty of the Questions</u>.  Akin Gump tasked knowledgeable professionals to research, analyze and provide advice on difficult and complex bankruptcy and litigation issues.  Notably, and as further described herein, Akin Gump's skilled teams assisted the Creditors' Committee and Litigation Designees in, among other things, negotiating with the other Mediation Parties the terms of the Global Settlement Agreement, which resolved a number of pending disputes that had prolonged these Chapter 11 Cases, and analyzing issues relating to the Effective Date of the Plan.

c. <u>Skill Requisite to Perform the Legal Services Properly</u>.  Akin Gump believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Akin Gump's practice and its creative approach to the resolution of issues has contributed to the successful administration of the Chapter 11 Cases and benefited the Debtors, the Creditors' Committee and the Litigation Designees.  Due to the nature and complexity of the legal issues presented in the Chapter 11 Cases, Akin Gump was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy and litigation matters.  Additionally, Akin Gump's strong working relationship with the legal and financial advisors to other parties in interest enabled Akin Gump to work with such advisors towards a swift, consensual resolution of many of the salient issues in the Chapter 11 Cases.

d. <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>.  Due to the size of Akin Gump's financial restructuring and litigation departments, Akin Gump's representation of the Creditors' Committee and the Litigation Designees did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Akin Gump professionals and paraprofessionals working concurrently on other matters.

e. <u>Customary Fee</u>.  The rates Akin Gump charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates

Akin Gump charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters. Akin Gump's fee structure also is equivalent to the fee structure used by Akin Gump for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. Akin Gump's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.   <u>Whether the Fee Is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court, and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Akin Gump increased the risk Akin Gump was assuming by representing the Creditors' Committee and the Litigation Designees in the Chapter 11 Cases.

g.   <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  As previously set forth herein, Akin Gump was required to attend to certain issues arising in the Chapter 11 Cases under compressed timelines. The tremendous efforts of Akin Gump professionals and paraprofessionals in completing this work permitted the Creditors' Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.   <u>Amount Involved and Results Obtained</u>.  Throughout the Chapter 11 Cases, Akin Gump professionals and paraprofessionals worked diligently to bring additional value into the Debtors' estates, including through the vigorous prosecution of the Jointly Asserted Causes of Action. As described herein, during the Compensation Period, the Litigation Designees, with the assistance of Akin Gump, participated in the Mediation that resulted in the Global Settlement and a cash influx of more than $180 million to the Debtors' estates. The Global Settlement resolved the Consolidated Adversary Proceeding and reduced the remaining open issues in the Chapter 11 Cases. Ultimately, through the Global Settlement, the Debtors were able to substantially consummate the Plan. Akin Gump, in its roles as counsel to the Litigation Designees and the Creditors' Committee, was instrumental in bringing about this result, resolving the long-running Chapter 11 Cases and ensuring distributions to creditors. Accordingly, Akin Gump submits that the fees requested in this Application are reasonable and appropriate when considering the results that were obtained, as more fully described in the summary of services.

i.   <u>Experience, Reputation and Ability of Attorneys</u>.  Akin Gump is an international law firm that consistently is recognized as a top tier law firm in the field of creditors' rights, business reorganizations and liquidations under

chapter 11 of the Bankruptcy Code.  During the Compensation Period, Akin Gump solicited the skill and expertise of its attorneys, a number of which have practiced law for over 20 years in a number of jurisdictions and legal disciplines.  Akin Gump attorneys have actively represented creditors and creditors' committees, as well as other parties in interest, in a number of the nation's largest chapter 11 cases, including *In re Pipeline Health System, LLC, In re Endo Int'l plc, In re TPC Group Inc., In re Honx, Inc., In re In re Strike, LLC, In re Mallinckrodt plc, In re Global Eagle Entertainment, Inc., In re BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.), In re Diamond Offshore Drilling, Inc., In re Purdue Pharma L.P., In re Nine West Holdings, Inc., In re iHeartMedia, Inc., In re Cumulus Media Inc., In re Avaya Inc., In re Chassix Holdings, Inc., In re Energy Future Holdings Corp., In re Dynegy Holdings, LLC, In re Nortel Networks Inc., In re Lightsquared Inc., In re Longview Power, LLC, In re Eastman Kodak Company, In re Cal Dive International, Inc., In re Washington Mutual Inc., In re NII Holdings, Inc., In re MPM Silicones, LLC, In re Overseas Shipholding Group, Inc., In re QCE Finance LLC, In re Residential Capital, LLC, In re Solutia, Inc., In re WorldCom, Inc., In re XO Communications, Inc., In re Tower Automotive LLC, In re VeraSun Energy Corp.,* and many others.  Akin Gump's extensive experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of corporate reorganization, Akin Gump has called upon the expertise of its partners and associates in other practice areas to perform the wide-ranging scope of the legal work necessitated by the Chapter 11 Cases, as described above.

j.    <u>"Undesirability" of the Cases</u>.  This factor is not applicable to the Chapter 11 Cases.

k.    <u>Nature and Length of Professional Relationship</u>.  Akin Gump rendered professional services to the Creditors' Committee since it was selected as counsel to the Creditors' Committee on October 24, 2018.  In addition, pursuant to the Confirmation Order and effective as of the date thereof, Akin Gump rendered professional services to the Litigation Designees in connection with the Jointly Asserted Causes of Action.

40.    For the reasons set forth above, the services rendered by Akin Gump were necessary and beneficial to the Creditors' Committee and the Litigation Designees and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Creditors' Committee, the Litigation Designees and all unsecured creditors, Akin Gump's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation

charged by comparably skilled practitioners at Akin Gump.  Accordingly, Akin Gump respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

41.    No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases.  No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

## **ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

42.    The following is provided in response to the request for additional information set forth in ¶ C.5. of the U.S. Trustee Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:    No.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response:    Yes.  During the Compensation Period, 22.70 hours and $24,662.50 in fees were spent reviewing time records for compliance with the Fee Guidelines.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:   See above.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:   Akin Gump disclosed to the Creditors' Committee the hourly rates charged at the time of its retention and the hourly rates to be charged beginning in January 2022 in the 2022 Rates Supplemental Declaration, which the Creditors' Committee agreed to.

## RESERVATION OF RIGHTS

43.   To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Akin Gump reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## CONCLUSION

WHEREFORE, Akin Gump respectfully requests: (i) final allowance of compensation for professional services rendered during the Compensation Period in the amount of $796,555.00 and expense reimbursement in the amount of $136,158.93 without prejudice to Akin Gump's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (ii) such other and further relief as the Court deems just, proper and equitable.

Dated:  December 14, 2022
       New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By:  */s/  Philip C. Dublin*
Ira S. Dizengoff
Philip C. Dublin
Sara L. Brauner
Zachary D. Lanier
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
pdublin@akingump.com
sbrauner@akingump.com
zlanier@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of
Sears Holdings Corporation, et al.*

**<u>EXHIBIT A</u>**

**CERTIFICATION OF PHILIP C. DUBLIN**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:                                            :        Chapter 11

                                                  :

SEARS HOLDINGS CORPORATION, et al.                :        Case No. 18-23538 (RDD)

                                                  :

                                                  :        (Jointly Administered)

                          Debtors.[1]             :

---------------------------------------------------------------x

## CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE FINAL FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF NOVEMBER 1, 2021 THROUGH AND INCLUDING FEBRUARY 28, 2022

I, Philip C. Dublin, hereby certify that:

1.      I am a partner with Akin Gump,[2] with responsibility for the Chapter 11 Cases of the

above-captioned Debtors.  During the Compensation Period, Akin Gump served as counsel to

Creditors' Committee of Sears Holdings Corporation and its affiliated debtors and debtors in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Application.

possession (collectively, the "Debtors").  During the Compensation Period, Akin Gump also served as Primary Trust Litigation Counsel to the Litigation Designees pursuant to the Confirmation Order.

2.       In accordance with the Fee Guidelines, this certification is made with respect to the Application, for final allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

3.       In respect of section B.1 of the Local Guidelines, I certify that:

    (a)       I have read the Application;

    (b)       to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

    (c)       the fees and disbursements sought are billed at rates in accordance with those customarily charged by Akin Gump and generally accepted by Akin Gump's clients; and

    (d)       in providing a reimbursable service, Akin Gump does not make a profit on that service, whether the service is performed by Akin Gump in-house or through a third party.

4.       In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Akin Gump has complied with those provisions requiring it to provide the Debtors and the Creditors' Committee with a statement of Akin Gump's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.

5.       In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Creditors' Committee are each being provided with a copy of the Application.

2

Dated: December 14, 2022                          By: */s/  Philip C. Dublin*
New York, New York                                   Philip C. Dublin

**<u>EXHIBIT B</u>**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

| Blended Hourly Rates | | |
|---|---|---|
| **Category of Timekeeper** | **Billed by NY Offices for Preceding Year[1]** | **Billed in this Application** |
| Partner | $1,326.60 | $1,442.09 |
| Senior Counsel and Counsel | $1,000.68 | $1,095.00 |
| Associate | $728.08 | $964.07 |
| Legal Assistant | $332.18 | $475.00 |
| **All Timekeepers Aggregated** | **$992.90** | **$1,283.94** |

---

[1] Consistent with the U.S. Trustee Guidelines, this **Exhibit B** discloses the blended hourly rate for the aggregate of all timekeepers in the domestic offices of Akin Gump in which timekeepers collectively billed more than 10% of the hours to these cases during the Compensation Period (*i.e.*, the New York office), segregated by category, and excluding all data from timekeepers practicing primarily in the financial restructuring group.  This data is based on information from a rolling 12-month year ending October 31, 2022.

**<u>EXHIBIT C</u>**

**SUMMARY OF COMPENSATION BY TIMEKEEPER**

| Name of Professional | Position | Department | Office | Year of Admission | 2022 Rate | Total Hours | Total Amount |
|---|---|---|---|---|---|---|---|
| Brauner, Sara L. | Partner | Financial Restructuring | NY | 2011 | $1,400.00 | 290.50 | $406,700.00 |
| Dizengoff, Ira S. | Partner | Financial Restructuring | NY | 1993 | $1,775.00 | 43.90 | $77,922.50 |
| Chapman, Dean L. | Partner | Litigation | NY | 2009 | $1,400.00 | 72.30 | $101,220.00 |
| Zensky, David M. | Partner | Litigation | NY | 1988 | $1,775.00 | 2.10 | $3,727.50 |
| Williams, Josh | Partner | Tax | NY | 2004 | $1,435.00 | 6.20 | $8,897.00 |
| Lanier, Zachary D. | Counsel | Financial Restructuring | DA | 2017 | $1,095.00 | 55.80 | $61,101.00 |
| Szydlo, Joseph E. | Associate | Financial Restructuring | NY | 2019 | $965.00 | 129.80 | $125,257.00 |
| Praestholm, Amanda | Associate | Litigation | NY | 2017 | $925.00 | 5.00 | $4,700.00 |
| Krasa, Dagmara | Paralegal | Financial Restructuring | NY | N/A | $475.00 | 14.80 | $7,030.00 |

## <u>EXHIBIT D</u>

**SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS
AND FEES**

| Task Code | Task Code Category | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|---|
| 2 | General Case Administration | 0 | $0.00 | -- | -- |
| 3 | Akin Gump Fee Application/Monthly Billing Reports | 75 – 150 | $90,000.00 – $175,000.00 | 118.60 | $119,707.00 |
| 4 | Analysis of Other Professionals' Fee Applications/Reports | 5 – 10 | $5,000.00 – $10,000.00 | 6.00 | $6,975.50 |
| 5 | Review/Preparation of Schedules, Statements | 0 | $0.00 | -- | -- |
| 6 | Retention of Professionals | 0 | $0.00 | -- | -- |
| 7 | Creditor Committee matters/Meetings (including 341 meetings) | 10 – 20 | $12,000.00 – $25,000.00 | 16.40 | $21,676.00 |
| 8 | Court Hearings | 20 – 50 | $15,000.00 – $75,000.00 | 38.50 | $54,606.50 |
| 9 | Financial Reports and Analysis | 0 | $0.00 | -- | -- |
| 10 | DIP, Cash Collateral Usage and Exit Financing | 10 - 20 | $15,000.00 – $30,000.00 | 3.30 | $3,717.00 |
| 11 | Executory Contracts/Lease Issues | 0 | $0.00 | -- | -- |
| 12 | General Claims Analysis/Claims Objections | 0 | $0.00 | -- | -- |
| 13 | Analysis of Pre-Petition Transactions | 0 | $0.00 | -- | -- |
| 14 | Insurance Issues | 0 | $0.00 | -- | -- |

| Task Code | Task Code Category | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|---|
| 15 | Secured Creditors Issues /Communications/ Meetings | 5 – 10 | $7,500.00 – $15,000.00 | 3.60 | $4,300.50 |
| 16 | Automatic Stay Issues | 0 | $0.00 | -- | -- |
| 17 | General Litigation Matters/Adversary Proceedings | 0 | $0.00 | -- | -- |
| 18 | Tax Issues | 0 | $0.00 | -- | -- |
| 19 | Labor Issues/Employee Benefits | 0 | $0.00 | -- | -- |
| 20 | Jointly Asserted Causes of Action | 250 – 500 | $300,000.00 - $750,000.00 | 374.10 | $503,579.00 |
| 21 | Exclusivity | 0 | $0.00 | -- | -- |
| 22 | Disclosure Statement/ Solicitation/Plan/ Confirmation | 20 – 75 | $25,000.00 – $125,000.00 | 56.70 | $77,980.50 |
| 23 | Asset Dispositions/363 Asset Sales | 5 – 20 | $7,500.00 – $25,000.00 | 3.20 | $4,013.00 |
| 24 | Real Estate Issues | 0 | $0.00 | -- | -- |
| 25 | Travel Time | 0 | $0.00 | -- | -- |
| 28 | General Corporate Matters | 0 | $0.00 | -- | -- |
| 29 | Intercompany Claims/ Intercompany Transactions/Cash Management | 0 | $0.00 | -- | -- |

| Task Code | Task Code Category | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|---|
| 30 | Customer, Supplier, and Vendor Issues (including Critical Vendor issues) | 0 | $0.00 | -- | -- |
| 31 | Business Operations | 0 | $0.00 | -- | -- |
| **TOTAL** | | **400 – 855** | **$477,000.00 - $1,230,000.00** | **620.40** | **$796,555.00** |

## **EXHIBIT E**

**SUMMARY OF EXPENSES BY CATEGORY**

| Disbursement Activity | Amount[1] |
|---|---|
| Computerized Legal Research - Lexis - in contract 30% discount | $145.55 |
| Computerized Legal Research - Westlaw - in contract 30% discount | $4,640.76 |
| Computerized Legal Research - Westlaw - out of contract | -- |
| Computerized Legal Research - Courtlink - in contract 50% discount | $1,494.95 |
| Computerized Legal Research - Other | $1,174.19 |
| Color Copy | -- |
| Courier Service/Messenger Service - Off Site | -- |
| Document Retrieval | -- |
| Duplication - In House | -- |
| Duplication - Off Site | -- |
| Filing Fees | -- |
| Imaging/Computerized Litigation Support | -- |
| Meals - Overtime | $20.00 |
| Meals - Business | -- |
| Meals (100%) | -- |
| Miscellaneous | -- |
| Office Supplies – Printing | -- |
| Overtime - Admin Staff | -- |
| Postage | -- |
| Professional Fees - Consultant Fees | $31,255.65 |
| Professional Fees - Legal | -- |
| Professional Fees - Misc. | $96,984.58 |

---

[1] The expenses incurred during the Compensation Period include, among other thing, $128,240.23 relating to the payment of professional fees and expenses incurred by Lighthouse Global (f/k/a H5), Akin Gump's document management and e-discovery provider.

| Disbursement Activity | Amount[1] |
| --- | --- |
| Professional Fees - Process Server | -- |
| Research | -- |
| Telephone - Long Distance | -- |
| Transcripts | $230.40 |
| Travel - Airfare | -- |
| Travel - Ground Transportation | -- |
| Travel - Lodging (Hotel, Apt, Other) | -- |
| Local Transportation - Overtime | $212.85 |
| **Total** | **$136,158.93** |

## EXHIBIT F

## STAFFING PLAN

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Compensation Period | Average Hourly Rate |
|---|---|---|
| Partner | 5 | $1,557.00 |
| Senior Counsel and Counsel | 1 | $1,095.00 |
| Associate | 2 | $945.00 |
| Paralegals & Non-Legal Staff | 2 | $450.00 |