**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | |
| | : | |
| SEARS HOLDING CORPORATION et al | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**ORDER**

   **AND NOW**, this _____ day of _____, 2022 upon consideration of
Movant, Nationwide General Insurance Company a/s/o Norman and Debra Dawkins's, Motion to
Lift the Automatic Stay of Proceedings against Defendant Sears Home Improvement Products in
*Nationwide General Insurance Company a/s/o Norman and Debra Dawkins v. Sears Home
Improvement Products, Inc. et al.,* Case No GD-17-009962, Inc., it is hereby **ORDERED** and
**DECREED** that the Motion is **GRANTED** and that the afoementioned subrogation action may
proceed against Defendant Sears Home Improvement Products, Inc. in the aforementioned matter.


                                        BY THE COURT:


                                        _____
                                                                         J.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : CHAPTER 11 |
| | : |
| | : |
| SEARS HOLDING CORPORATION et al | : Case No. 18-23538 (RDD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

**MOTION OF MOVANT, NATIONWIDE GENERAL INSURANCE COMPANY, FOR**
**RELIEF FROM AUTOMATIC  STAY OF PROCEEDINGS**

Movant, Nationwide General Insurance Company a/s/o Norma and Debra Dawkins, files

the following motion for relief from automatic stay of proceedings and avers as follows:

**BACKGROUND**

1.       Movant filed a subrogation action on or about July 18, 2017 in Allegheny County,

*Nationwide General Insurance Company a/s/o Norman and Debra Dawkins v. Sears Home*

*Improvement Products, Inc.,* Case No. GD-17-009962 ("Nationwide's subrogation matter"),

alleging that its insureds, Norman Debra Dawkins, sustained fire damage to their home located at

400 Bark Street in Pittsburgh, Pennsylvania due to Defendants' negligence. See Complaint as

Exhibit "A."

2.       In May 2014, the Dawkinses retained Sears Home Improvement Products, Inc.

("Sears Home") to perform work on the roof.  Sears Home requested the Dawkinses to contact

DIRECTV to temporarily remove the satellite dish on the roof to enable it to perform its roof work.

3.       After the satellite dish was removed by DirectSat USA, LLC ("DirectSat"), Sears

Home installed the new roof, and DirectSat reinstalled the satellite dish.

4.       On or about September 10, 2015, a fire occurred at the Dawkinses' house.  Damage

2

to the property included the roof, garage, stairs, bathrooms, storage area, kitchen, dining room, hallway, living room, and bedrooms.  Upon information and belief, the cause of the failure was overhead Duquesne Power and Light ("Duquesne Light") power lines being in contact with the DIRECTV equipment, which energized the roof's aluminum overhang and roof structure, causing ignition.

5.      Movant Nationwide General Insurance Company ("Nationwide"), filed the underlying subrogation action against Sears Home Improvement Products, Inc. and DirectSat to recover property damage payments made to its insureds.  A copy of the complaint is attached as Exhibit "A."  Subsequently, DirectSat joined Duquesne Light as an additional defendant.  A copy of the joinder complaint is attached as Exhibit "B."

6.      On or about October 19, 2018, Defendant Sears Home filed for Chapter 11 Bankruptcy, which stayed the underlying action as to Defendant Sears Home.

7.      Nationwide now requests this Honorable Court to grant its relief from the automatic stay provisions of section 362 of the Bankruptcy Code (11 U.S.C. § 362) for the purpose of moving forward with this action to determine the liability of, and to collect from non-debtor, Sears Home's liability insurance carrier.

8.      There has been no prior request of the relief sought in this Motion to this Court or any other court.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

10.     Venue is proper under 28 U.S.C.§§ 1408 and 1409.

**BASIS FOR RELIEF**

11.     Pursuant to Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as an automatic stay of judicial proceedings against the debtor, in order to give the debtor "a short respite from creditors' demands" and "the opportunity to develop and implement plans to right his financial affairs." *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002) (internal quotation marks imitted).

12.     Relief from the automatic stay may be granted "for cause" after notice and a hearing 11 U.S.C. § 362(d)(1).

13.     The movant bears the initial burden to show cause exists for relief from this stay. Once he does so, the burden shifts to the debtor to show the absence of cause. *See In re Keene Corp.*, 171 B.R. 180, 182 (Bankr. S.D.N.Y. 1994); *In re Kolnberger*, 603 B.R. 253, 268 (Bankr. E.D.N.Y. 2019).

14.     Although the Bankruptcy Code does not define the meaning of the phrase "for cause," courts examine twelve factors outlined *In re Sonnax Indus,. Inc. v. Tri Component Prods. Corp.*, 907 F2d 1280, 1286 (2d Cir. 1990) to determine whether to lift or modify the stay.

15.     These twelve factors include the following:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on

the parties and the balance of harms.

*Id.*

16.    "Not every one of these factors will be relevant in every case." *Bogdanovich*, 292

F.3d at 110; *see also In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) ("Only those

factors relevant to a particular case need be considered, and the Court need not assign them equal

weight.") (internal citation omitted).  The decision whether to lift or modify the stay is committed

to the discretion of the bankruptcy judge and depends upon the facts underlying the motion. *See*

*Sonnax*, 907 F.2d at 1286; *Bogdanovich*, 292 F.3d at 110.

17.    Here, *Sonnax* factors two, six, seven, ten, eleven, and twelve are relevant and weigh

in favor of granting Nationwide's motion.

18.    Nationwide's seek relief from the automatic stay for the purpose of moving forward

with its subrogation action to determine the liability of, and to collect from the non-debtor, Sears

Home's liability insurance carrier.

19.    Sears Home liability insurance carrier is a non-debtor third party to whom the

automatic stay is not applicable. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,

491 B.R. 27, 36 (S.D.N.Y. 2013), *aff'd sub nom.*, *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d

199 (2d Cir. 2014) ("[T]he automatic stay protects only the debtor, property of the debtor or

property of the estate, not non-debtor parties or their property.") (internal quotation marks

omitted); *Cousins Int'l Food, Corp.*, 565 B.R. 450, 460 (1st Cir. B.A.P. 2017) (automatic stay did

not apply to company that purchased substantially all of debtor's assets in a § 363 sale).   20.

20.    Courts in the Second Circuit only apply the automatic stay to a non-debtor in

extraordinary circumstances, where there will be an immediate adverse economic consequence for

the debtor's estate. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 292, 287-88 (2d Cir. 2003); *New*

*Jersey Carpenters Health Fund v. Royal Bank of Scotland Group*, PLC, 564 B.R. 192,194 (S.D.N.Y. 2016). No such circumstances exist here.

21.     If the instant Motion is granted, Nationwide intend to pursue the non-debtor, Sears Home's liability insurance carrier, not Sears itself, in addition to pursuing other Defendants, like DirectSat.

22.     *Sonnax* factors two, six, and seven accordingly support granting the Motion.

23.     Movant's requested relief would not interfere with the bankruptcy case or prejudice the interests of other Sears creditors because Nationwide merely wants to determine the liability of Sears Home and to collect from debtor Sears Home's liability insurance carrier.

24.     The tenth *Sonnax* factor considers whether the interests of judicial economy and the expeditious and economical resolution of litigation would be served by lifting or modifying the stay, and the eleventh *Sonnax* factor considers whether the parties are ready for trial in the other proceeding. *Sonnax*, 907 F.2d at 1286. Judicial economy and expeditious and economical resolution of litigation would be served by lifting the stay, as the Nationwide subrogation matter stems from a 2015 incident.

25.     Nationwide's action was commenced July 13, 2017 and was at an relatively advanced stage when Sears filed for bankruptcy. The damages were complete and summarized, discovery responses had been exchanged, and there have been depositions.  At the time of Sears' bankruptcy filing, the parties were in the process of conducting depositions.  Upon completion of depositions, the case would be ready for trial or other disposition.

26.     Further, due to the substantial amount of filings in the Court to Common Pleas of Allegheny County, Pennsylvania, judicial economy would be served by permitting the Nationwide subrogation matter to be resolved in Allegheny County, Pennsylvania.

27.     *Sonnax* factors ten and eleven thus support granting the Motion. See *In re Ice Cream Liquidation*, Inc., 281 B.R. 154, 166-67 (Bankr.D.Conn.2002) (where action had been ongoing in state court for several years, *Sonnax* factors ten and eleven support lifting of the automatic stay)

28.     The twelfth *Sonnax* factor considers the impact of the automatic stay on the parties and the balance of harms. *Sonnax*, 907 F.2d at 1286.

29.     Movanat's interests would be unfairly prejudiced if it is prevented or further hindered by the automatic stay from pursuing subrogation against DirectSat and Sears Home.

30.     The Debtors' interests, on the other hand, would *not* be harmed as a result of the relief sought. Movant's pursuit of claims against the Sears Home insurance carrier would not result in undue hardship for Sears, interfere with Sears' reorganization plan, or burden the estate with additional costs.

31.     "Relief from the automatic stay may be tailored to the particular circumstances." *In re Taub*, 438 B.R. 39, 46 (Bankr. E.D.N.Y. 2010). Here, the balance of harms weighs strongly in favor of modifying the automatic stay to permit Nationwide to move forward with its subrogation matter.

## **NOTICE**

32.     Notice of this Motion will be provided in accordance with the procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures (EDF No. 405). Movant respectfully submits that no further notice is required.

## **NO PRIOR REQUEST**

33.     No prior request of the relief sought in this Motion has been made to this Court or any other court.

34.     In this case, in the interest of judicial economy and the speedy and economical resolution of litigation, coupled with the negative impact of the stay on Nationwide, the stay should be lifted. There remains no reason for the Nationwide subrogatoin matter to be stayed.  The parties have an interest in obtaining a resolution of the subrogation matter. Nationwide's interests would be unfairly prejudiced if it was prevented or further hindered by the automatic stay from pursuing the subrogation claim. Moreover, Nationwide's request for relief would not interfere with the bankruptcy case or prejudice the interests of other Sears creditors.

## CONCLUSION

For the above reasons, Nationwide General Insurance Company a/s/o Norman and Debra Dawkins respectfully requests entry of an Order lifting the automatic stay.


Date:     December 15, 2022                          Respectfully submitted,


_____
Angelo Capalbo, Esquire
Law Office of Charles F. Harms Jr.
990 Stewart Avenue, Suite 400
Garden City, NY 11530
Ph: 516-493-4523
Attorney for Movant
Nationwide General Insurance Company
a/s/o Norman and Debra Dawkins

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | |
| | : | |
| SEARS HOLDING CORPORATION et al | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

## <u>CERTIFICATION OF SERVICE</u>

I , Angelo Capalbo, Esquire, do here certify that service of a true and correct copy of the

Motion to Lift the Automatic Stay of Proceedings was made on the 15th day of December,

2022, to all parties and/or counsel by E-filing.

_____
Angelo Capalbo, Esquire
Law Office of Charles F. Harms Jr.
990 Stewart Avenue, Suite 400
Garden City, NY 11530
Ph: 516-493-4523
Attorney for Movant
Nationwide General Insurance Company
a/s/o Norman and Debra Dawkins