**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY as subrogee of Norman and Debra Dawkins<br>One West Nationwide Boulevard<br>Columbus, Ohio 43215 | CIVIL DIVISION |
| Plaintiff, | CASE NO. |
| v. | **COMPLAINT** |
| DIRECTSAT USA, LLC<br>479 Shoemaker Road, Suite 106<br>King of Prussia, Pennsylvania 19406<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808 | Filed on Behalf of:<br>NATIONWIDE GENERAL INSURANCE COMPANY |
| and | Counsel for Plaintiff:<br>John P. Encarnacion<br>PA I.D. # 83990 |
| SEARS HOME IMPROVEMENT PRODUCTS, INC.<br>3333 Beverly Road, D768<br>Hoffman Estates, Illinois 60179<br>c/o CT Corporation System<br>208 South La Salle Street, Suite 814<br>Chicago, Illinois 60604 | 1601 Market Street, Suite 1040<br>Philadelphia, PA 19103<br>(215) 762-9432<br>john.encarnacion@nationwide.com |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

**NOTICE TO PLEAD:**

TO DEFENDANT:
YOU ARE HEREBY NOTICED TO PLEAD
TO THE ATTACHED COMPLAINT WITHIN
TWENTY (20) DAYS FROM SERVICE
HEREOF OR A DEFAULT JUDGMENT
MAY BE ENTERED AGAINST YOU.

_(signature)_

—————————————————
Attorney for Plaintiff

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY as subrogee of Norman and Debra Dawkins<br>One West Nationwide Boulevard<br>Columbus, Ohio 43215 | CIVIL DIVISION |
| Plaintiff, | CASE NO. |
| v. | **COMPLAINT** |
| DIRECTSAT USA, LLC<br>479 Shoemaker Road, Suite 106<br>King of Prussia, Pennsylvania 19406 | |
| and | |
| SEARS HOME IMPROVEMENT PRODUCTS, INC.<br>3333 Beverly Road, D768<br>Hoffman Estates, Illinois 60179 | |
| Defendants. | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you a judgement. may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyer Referral Service
The Allegheny County Bar Association
920 City-Council Building
414 Grant Street
Pittsburgh, PA 15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY as subrogee of Norman and Debra Dawkins<br>One West Nationwide Boulevard<br>Columbus, Ohio 43215 | CIVIL DIVISION |
| Plaintiff, | CASE NO. |
| v. | **COMPLAINT** |
| DIRECTSAT USA, LLC<br>479 Shoemaker Road, Suite 106<br>King of Prussia, Pennsylvania 19406 | |
| and | |
| SEARS HOME IMPROVEMENT PRODUCTS, INC.<br>3333 Beverly Road, D768<br>Hoffman Estates, Illinois 60179 | |
| Defendants. | |

<u>**COMPLAINT**</u>

Plaintiff Nationwide General Insurance Company as subrogee of Norman and Debra Dawkins, by and through its counsel, respectfully submits this Complaint against Defendants DirectSAT USA, LLC and Sears Home Improvement Products, Inc., averring in support thereof as follows:

**PARTIES**

1.      Plaintiff Nationwide General Insurance Company ("Nationwide") is an Ohio corporation, with its principal place of business at One West Nationwide Boulevard, Columbus, Ohio.  At all times relevant, Nationwide was duly authorized to engage in the business of issuing policies of insurance throughout the United States, including the Commonwealth of Pennsylvania.

2.      Upon information and belief, Defendant DirectSat USA, LLC ("DirectSat") is a Delaware Limited Liability Company, with its principal place of business at 479 Shoemaker Road, Suite 106, King of Prussia, Pennsylvania 19406.  At all times relevant, DirectSat was an authorized installation and service provider for DIRECTV throughout Pennsylvania, including Allegheny County.

3.      Upon information and belief, Defendant Sears Home Improvement Products, Inc. ("Sears Home") is a Pennsylvania Corporation, with its principal place of business located at 3333 Beverly Road, D768, Hoffman Estates, Illinois 60179.  At all times relevant, Sears Home was engaged in the business of providing repair, maintenance, and home improvement services, such as roofing, including in Allegheny County.

4.      Nationwide issued an insurance policy, No. 54 37 HP 427472 (the "Policy"), to Norman and Debra Dawkins (collectively, the "Dawkinses").  The policy provided property insurance coverage for Dawkins' property located at 400 Bark Street, Pittsburgh, Pennsylvania.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 42 Pa. Stat. Ann. § 931.

6.      Venue is proper in Allegheny County pursuant to Rules 2103 and 2179 of the Pennsylvania Rules of Civil Procedure.   Defendants regularly conduct business in Allegheny County, and Allegheny County is where the cause of action arose.

### GENERAL AVERMENTS

7.      In May 2014, the Dawkinses retained Sears Home to install a new roof at their home located at 400 Bark Street, Pittsburgh, Pennsylvania.  The job number was 17160171.  A copy of an invoice or estimate for the work cannot be located by Plaintiff or the Dawkinses in their records, as it was likely lost during damage to the house.  Upon information and belief, Sears

-2-

Home has possession of a copy of the documents, which would set forth the terms of the home improvement work.

8.      As of May 2014, the Dawkinses had satellite television service with DIRECTV. Upon information and belief, Sears Home requested the Dawkinses to contact DIRECTV to temporarily remove the satellite dish on the roof.

9.      The Dawkinses called DIRECTV, and, upon information and belief, DirectSat, as an authorized service provider for DIRECTV, removed the Dawkinses' satellite dish.

10.     Sears Home installed the new roof, and at some point during the process, DirectSat reinstalled the satellite dish.

11.     In or about August 2014, the Dawkinses canceled their service with DIRECTV. DirectSat, however, did not remove the satellite dish from the Dawkinses' roof.

12.     On or about September 10, 2015, a fire occurred at the Dawkinses' house.  Damage to the property included the roof, garage, stairs, bathrooms, storage area, kitchen, dining room, hallway, living room, and bedrooms.  Upon information and belief, the cause of the failure was overhead Duquesne Light power lines being in contact with the DIRECTV equipment, which energized the roof's aluminum overhang and roof structure, causing ignition.

13.     The Dawkinses submitted a claim to Nationwide for the damages sustained to the property.  Nationwide honored their claim, making payments in the amount of $134,387.71, while the Dawkinses incurred a deductible of $1,000.00, for total damages of $135,387.71. Pursuant to the insurance policy and through the equitable right of subrogation, Nationwide is subrogated to the Dawkinses' rights and claims against the parties whose actions caused the loss.

## COUNT I:
## NEGLIGENCE VS. DIRECTSAT USA, LLC

14.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs

one through thirteen as though fully set forth herein an at length.

15.    DirectSat owed a duty of care to the Dawkinses to properly remove, reinstall, and

service the satellite dish in the Dawkinses' property.

16.    DirectSat, directly and by and through its employees, agents, servants,

subcontractors and/or workmen, breached its duty of care owed to the Dawkinses in one or more

of the following ways:

      a.      failing to properly remove and reinstall the satellite dish in
            the Dawkinses' home;

      b.      reinstalling the satellite dish in a manner that DirectSat
            knew or reasonably should have known created an
            unreasonable risk of harm;

      c.      failing to properly reinstall the satellite dish to prevent it
            from causing a fire and damaging the Dawkinses' property;

      d.      mounting the satellite dish too close to the power lines,
            which caused the power lines to contact the satellite dish
            and energize the roof structure;

      e.      failing to maintain proper minimum clearance between the
            satellite dish and the power lines;

      f.      failing to remove the satellite dish after the Dawkinses
            ceased their service with DIRECTV;

      g.      failing to select competent and skilled employees to
            perform the work;

      h.      failing to properly supervise its agents, servants, workman
            and/or employees in the performance of their work;

      i.      failing to apply to the work the degree of skill that would
            ordinarily and customarily be brought to such work by
            competent and skilled servicemen and/or contractors in and

about the relevant community; and

j.      failing to use due care under the circumstances.

17.     DirectSat's negligence was a direct and proximate cause of the fire and the resulting damage.

18.     DirectSat is liable for all damages to the Dawkinses' property that were caused by the loss and paid by Nationwide.

WHEREFORE, Plaintiff demands judgment against Defendant DirectSat USA, LLC for damages totaling $135,387.71, together with interest, costs of suit, and such other relief the court may deem appropriate.

## COUNT II:
### NEGLIGENCE VS. SEARS HOME IMPROVEMENT PRODUCTS, INC.

19.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through eighteen as though fully set forth herein an at length.

20.     Sears Home owed a duty of care to the Dawkinses to properly replace the roof in the Dawkinses' property.

21.     Sears Home, directly and by and through its employees, agents, servants, subcontractors and/or workmen, breached its duty of care owed to the Dawkinses in one or more of the following ways:

    a.      failing to properly replace the roof in the Dawkinses'
            home;

    b.      replacing the roof in a manner that DirectSat knew or
            reasonably should have known created an unreasonable risk
            of harm;

    c.      failing to properly replace the roof to prevent it from
            causing a fire and damaging the Dawkinses' property;

    d.      performing work on the roof that caused a change in the
            manner in which the satellite dish could be reinstalled on

-5-

the roof;

    e.    failing to maintain proper minimum clearance between the satellite dish and any conductive items on the roof;

    f.    failing to select competent and skilled employees to perform the work;

    g.    failing to properly supervise its agents, servants, workman and/or employees in the performance of their work;

    h.    failing to apply to the work the degree of skill that would ordinarily and customarily be brought to such work by competent and skilled servicemen and/or contractors in and about the relevant community; and

    i.    failing to use due care under the circumstances.

22.    Sears Home's negligence was a direct and proximate cause of the fire and the resulting damage.

23.    Sears Home is liable for all damages to the Dawkinses' property that were caused by the loss and paid by Nationwide.

WHEREFORE, Plaintiff demands judgment against Defendant Sears Home Improvement Products, Inc. for damages totaling $135,387.71, together with interest, costs of suit, and such other relief the court may deem appropriate.

## COUNT III:
## BREACH OF CONTRACT VS. SEARS HOME IMPROVEMENT PRODUCTS, INC.

24.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through twenty-three as though fully set forth herein an at length.

25.    The Dawkinses entered into an agreement with Sears Home for Sears Home to replace the roof.

26.    An expressed and/or implied term of the agreement was that Sears Home would exercise reasonable skill and due care in replacing the roof in the Dawkinses' property.

27.    Through its failure to properly replace the roof, including performing work that caused a change in the manner in which the satellite dish could be reinstalled in the Dawkinses' property, detailed in Count I, Sears Home failed to exercise reasonable skill and due care, thereby breaching the contract.

28.    Sears Home's breach of contract was the direct and proximate cause of the damages to the Dawkinses' property.

29.    Sears Home is liable for all damages to the Dawkinses' property that were caused by the loss and paid by Nationwide.

WHEREFORE, Plaintiff demands judgment against Defendant Sears Home Improvement Products, Inc. for damages totaling $135,387.71, together with interest, costs of suit, and such other relief the court may deem appropriate.

Respectfully Submitted,

Date: 7/13/17

John P. Encarnacion, Esquire
PA I.D. # 83990

1601 Market Street, Suite 1040
Philadelphia, PA  19103-7395
(215) 762-9432
john.encarnacion@nationwide.com

Attorneys for Plaintiff
Nationwide General Insurance Company
a/s/o Norman and Debra Dawkins

## VERIFICATION

I, Lori Kraft, representative of Nationwide General Insurance Company, verify that the facts set forth in the foregoing **CIVIL COMPLAINT**, are true and correct to the best of my knowledge, information and belief. I understand that any false statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
Lori Kraft
Nationwide General Insurance Company

Dated: