DEC 0 4 2017

# NAULTY, SCARICAMAZZA & McDEVITT, LLC

ANGELO L. SCARICAMAZZA, JR.
FRANCIS T. MCDEVITT*
WILLIAM G. CILINGIN
GERARD X. SMITH*
GARY V. GITTLEMAN
JOSEPH A. BREYMEIER*
RONALD P. BARTASH*
ROBERT E. DILLON
MELISSA A. SCHWARTZ*
THOMAS A. MCCORMACK*
THOMAS M. SAVON*
KENNETH S. FAIR*
JENNIFER M. GANLEY*
CHRISTINE R. GUILIANO*
ANN LONGO*
ALESSANDRA CARRAFIELLO*
JOHN F. MCGREEVEY *
HOLLY L. KENDORSKI *
MICHAEL J. FOLLETT *-
DANIELLE M. IMPELLIZERI *
AMANDA T. EARLEY*
ROBERT A. MORTON IV *
STEPHEN J. MCCLOSKEY*-
RICHARD SANTOSUSSO*
LOUIS B. STEVENS
JERRY H. YANG*-
KAMELA DEVOLE*

*ALSO MEMBER OF NJ BAR
+ALSO MEMBER OF D.C. BAR
- ALSO MEMBER OF DE BAR
–ALSO MEMBER OF NY BAR

**ATTORNEYS AT LAW**

SUITE 750
ONE PENN CENTER AT
SUBURBAN STATION
1617 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103

(215) 568-5116
FAX (215) 568-2077

WWW.NAULTY.COM

JOHN F. NAULTY
(1942-1993)

851 ROUTE 73 NORTH
SUITE A
MARLTON, NEW JERSEY 08053
(856) 985-2005
FAX (856) 985-1963

8 WEST SECOND STREET
MEDIA, PENNSYLVANIA 19063
(610) 565-6999
FAX (610) 565-8668

BRANDYWINE EXECUTIVE CENTER
1521CONCORD PIKE
SUITE301
WILMINGTON, DELAWARE 19801
(302) 824-7074
FAX (302) 299-1084

SANDRA C. HYMOWITZ +
DANIELLE DIAMBROSIO RUIZ
CHARLES AUSTERMUHL *
Of Counsel

November 28, 2017

Direct E-Mail:
jbreymeier@naulty.com

<u>*VIA E-MAIL: www.pittsburghsubpoena.com*</u>

Pittsburgh Subpoena
606 Grant Street
USS Tower 660
Pittsburgh, PA 15219

    **RE:**   **Nationwide General Insurance Company as Subrogee of Norman and Debra
Dawkins v. DirectSat USA, LLC
D/L:  9/10/15
Our File Number:  Z256-33036**

Dear Sir/Madam:

    I have enclosed Defendant, DirectSat USA, LLC's Joinder Complaint against Additional
Defendant, Duquesne Power and Light in connection with the above-captioned matter.

    Kindly obtain service of process upon the Additional Defendant at the following location:

           ***Duquesne Power and Light***
           ***411 Seventh Avenue***
           ***Pittsburgh, PA 15219***

    Once the Additional Defendant is served, kindly provide Proof of Service so I may file same
with the Court.

    If you have any questions or concerns, please feel free to contact me.

November 28, 2017
Page #2

Thank you for your professional courtesy and cooperation in this regard.

Very truly yours,

JOSEPH A. BREYMEIER

JAB/cbc
Enclosure

cc:    Jason H. Peck, Esquire
       John P. Encarnacion, Esquire
       Joseph L. Luvara, Esquire

**Cullen, Cathy**

| | |
|---|---|
| **From:** | webmaster.pro@county.allegheny.pa.us |
| **Sent:** | Tuesday, November 28, 2017 9:51 AM |
| **To:** | Breymeier, Joe; Cullen, Cathy |
| **Cc:** | promail@county.allegheny.pa.us |
| **Subject:** | Dockets approved confirmation CaseID :GD-17-009962 |

11/28/2017 . Please be advised that the following dockets have been accepted as a filing by the Allegheny County Civil/Family Division.
  Production case nbr:GD-17-009962
  Description:Nationwide General Ins Co. vs DirectSat USA etal
  Status:Approved.

  Docket details are as follows:
  Case ID:GD-17-009962
  Docket Type:CJOIN
  Sequence nbr:19
  Amount:$35.00
(There will be an additional 4% service charge on all Credit Card e-filings by the merchant card provider)
  Client ID:Z256-33036
  Company ID:0

Filing Date:11/21/2017 10:59:36 AM
  Filing Time:10:49:36


Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

1

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s) | CIVIL DIVISION |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, as Subrogee of Norman and Debra Dawkins | **Case Number :** GD - 17 - 009962 |
| | **Type of pleading :** Joinder Complaint |
| | **Code and Classification :** _____ |
| | **Filed on behalf of** Defendant, DirectSat USA, LLC |
| | (Name of the filing party) |
| **Vs** | ☑ Counsel of Record |
| **Defendant(s)** DIRECTSAT USA, LLC and SEARS HOME IMPROVEMENT PRODUCTS, INC. | ☐ Individual, If Pro Se |
| | Name, Address and Telephone Number : Joseph A. Breymeier, Esquire 1617 John F. Kennedy Blvd. 750 One Penn Center Philadelphia, PA 19103 (215) 568-5116 email: jbreymeier@naulty.com |
| | Attorney's State ID : 55976 |
| | Attorney's Firm ID : _____ |

GD-17-009962

[cover]

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY as Subrogee of Norman and Debra Dawkins | CIVIL DIVISION |
| | NO. GD-17-009962 |
| vs | |
| DIRECTSAT USA, LLC and SEARS HOME IMPROVEMENT PRODUCTS, INC. | **JOINDER COMPLAINT** |
| vs | |
| DUQUESNE POWER AND LIGHT 411 Seventh Avenue Pittsburgh, PA 15219 | |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action with TWENTY (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you a Judgment, may be entered againt yu by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyer Referral Service
The Allegheny County Bar Association
920 City-Council Building
414 Grant Street
Pittsburgh, PA 15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY as Subrogee of Norman and Debra Dawkins | CIVIL DIVISION |
| | NO. GD-17-009962 |
| vs | |
| DIRECTSAT USA, LLC and SEARS HOME IMPROVEMENT PRODUCTS, INC. | **JOINDER COMPLAINT** |
| vs | |
| DUQUESNE POWER AND LIGHT 411 Seventh Avenue Pittsburgh, PA 15219 | |

**DEFENDANT DIRECTSAT USA, LLC'S JOINDER COMPLAINT AGAINST
PROPOSED ADDITIONAL DEFENDANT, DUQUESNE POWER AND LIGHT**

Defendant, DirectSat USA, LLC ("Moving Defendant"), by and through its undersigned counsel, hereby files its Joinder Complaint against Additional Defendant, Duquesne Power and Light, and avers as follows.

1.      Plaintiff, Nationwide General Insurance Company as Subrogee of Norman and Debra Dawkins, initiated this case by way of Civil Action - Complaint on or about July 13, 2017. *(A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A").*

2.      Moving Defendant timely filed its Answer with New Matter on or about August 22, 2017. *(A true and correct copy of Moving Defendant's Answer with New Matter is attached hereto as Exhibit "B").*

3.      Based upon reasonable belief, Third Party Defendant, Duquesne Power and Light, is a Pennsylvania company/corporation/partnership/sole business with a principal place of business located at 411

Seventh Avenue - Pittsburgh, Pennsylvania 15219.

4.    In its Complaint, the Plaintiff is alleging, *inter alia,* that Mr. and Mrs. Dawkins sustained significant property damage to their home when a power line owned and/or operated by Duquesne Power and Light struck a satellite dish attached to the residence. *Exhibit A* at ¶ 12.

5.    Without admitting same, Moving Defendant incorporates by reference herein, the allegations set forth in Plaintiff's Complaint as if same are set forth more fully herein at length.

6.    The alleged incident referred to in the Plaintiff's Complaint, the facts of which are specifically denied by Moving Defendant, if determined to actually have occurred, was not the result of a lack of due care or negligence on the part of Moving Defendant but rather, due to the negligence, carelessness and/or recklessness of Additional Defendant, Duquesne Power and Light.

7.    If this action should proceed to trial, it is believed and therefore averred, that Duquesne Power and Light is either solely negligent for Plaintiff's alleged damages or liable over to Moving Defendant by way of contribution and/or indemnity, contractually and/or otherwise, as well as attorney's fees and costs.

8.    Moving Defendant joins Duquesne Power and Light to protect its right to contribution and/or indemnification in the event it is determined that Additional Defendant is liable over to Moving Defendant.

9.    In the event the allegations in Plaintiff's Complaint are proven at trial, then Duquesne Power and Light is solely liable, jointly and severally liable, or liable over to Moving Defendant in contribution and/or indemnity for, the causes of action set forth in Plaintiffs' Complaint and/or the cause of action set forth above.

**WHEREFORE,** Moving Defendant, DirectSat USA, LLC, demands that Additional Defendant, Duquesne Power and Light, be judged solely liable, jointly and/or severally liable, or liable over to Moving Defendant by way of contribution and/or indemnity, together with counsel fees and costs.

## COUNT I - NEGLIGENCE
### DEFENDANT, DIRECTSAT USA, LLC
### vs.
### ADDITIONAL DEFENDANT, DUQUESNE POWER AND LIGHT

10.    Moving Defendant, DirectSat USA, LLC, hereby incorporates by reference its allegations contained in Paragraphs 1  through 9 as if same were more fully set forth at length herein.

-- 2 --

11. The subject accident was caused solely by the negligent, careless or reckless acts and/or omissions of Additional Defendant, Duquesne Power and Light, and/or by its agents, servants, workmen, and/or employees who were working within the course and scope of their employment.

12. The negligence and carelessness of Additional Defendant, Duquesne Power and Light, consisted of the following:

    a.    Failing to properly and/or adequately inspect and/or maintain its power lines in the vicinity of the accident;

    b.    Failing to properly and/or adequately warn persons, including Mr. And Mrs. Dawkins, of the dangerous and/or hazardous condition of the power lines;

    c.    Failing to repair, renew, renovate or reconstruct the power lines when Moving Defendant knew and/or should have known of the dangerous and/or hazardous condition of such power lines;

    d.    Failing to properly and/or adequately, train, manage and/or supervise their agents, servants, workmen, and/or employees;

    e.    Permitting dangerous, defective and/or hazardous power lines to exist where the accident occurred;

    f.    Allowing a dangerous and/or hazardous condition to occur and/or continue to exist at the subject premises;

    g.    Failing to properly maintain safety at the subject premises;

    h.    Creating unreasonably dangerous and/or hazardous conditions at the subject premises;

    i.    Failing to provide adequate warning of the unreasonable dangerous and/or hazardous condition(s) at the subject premises;

    j.    Failing to warn Mr. and Mrs. Dawkins and/or others similarly situated of the dangerous and/or hazardous condition(s) at the subject premises;

    k.    Failing to eliminate and/or otherwise correct unreasonably dangerous and/or hazardous condition(s), which constituted a risk to persons such as Mr. and Mrs.

-- 3 --

Dawkins at the subject premises;

l.    Causing, increasing and/or enhancing the dangers and/or hazards associated with the power lines at the subject premises; and

m.    Failing to perform its electricity and/or power supply functions in a manner that would eliminate the hazard to homeowners such as Mr. and Mrs. Dawkins.

13.    In the event the allegations in Plaintiff's Complaint are proven at trial, then Additional Defendant, Duquesne Power and Light, is solely liable to the Plaintiff, jointly and severally liable with Moving Defendant, DirectSat USA, LLC, or liable over to Moving Defendant in contribution and/or indemnity for, the causes of action set forth in Plaintiff's Complaint and/or the cause of action set forth above.

**WHEREFORE**, Moving Defendant, DirectSat USA, LLC, demands that Additional Defendant, Duquesne Power and Light, be judged solely liable, jointly and/or severally liable, or liable over to Moving Defendant by way of contribution and/or indemnity, together with counsel fees and costs.

NAULTY, SCARICAMAZZA & McDEVITT, LLC.

BY:

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant,
DirectSat USA, LLC
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA  19103
(215) 568-5116

-- 4 --

## VERIFICATION

I, JOSEPH A. BREYMEIER, ESQUIRE, hereby verify that I am the attorney for the

Defendant herein and that the facts set forth in the foregoing *Joinder Complaint* are true and correct

to the best of my knowledge, information and belief. I understand that false statements herein are

made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

JOSEPH A. BREYMEIER, ESQUIRE

D:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT.PDF

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

NATIONWIDE GENERAL INSURANCE
COMPANY as subrogee of Norman and Debra
Dawkins
One West Nationwide Boulevard
Columbus, Ohio 43215

        Plaintiff,

      v.

DIRECTSAT USA, LLC
479 Shoemaker Road, Suite 106
King of Prussia, Pennsylvania 19406
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

        and

SEARS HOME IMPROVEMENT
PRODUCTS, INC.
3333 Beverly Road, D768
Hoffman Estates, Illinois 60179
c/o CT Corporation System
208 South La Salle Street, Suite 814
Chicago, Illinois 60604

        Defendants.

CIVIL DIVISION

CASE NO. *GD-17-009962*

**COMPLAINT**

Filed on Behalf of:
NATIONWIDE GENERAL INSURANCE
COMPANY

Counsel for Plaintiff:
John P. Encarnacion
PA I.D. # 83990

1601 Market Street, Suite 1040
Philadelphia, PA 19103
(215) 762-9432
john.encarnacion@nationwide.com

**JURY TRIAL DEMANDED**

**NOTICE TO PLEAD:**

TO DEFENDANT:
YOU ARE HEREBY NOTICED TO PLEAD
TO THE ATTACHED COMPLAINT WITHIN
TWENTY (20) DAYS FROM SERVICE
HEREOF OR A DEFAULT JUDGMENT
MAY BE ENTERED AGAINST YOU.

_____
Attorney for Plaintiff

EXHIBIT
*A*

ALL-STATE LEGAL®

):\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT.PDF

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

NATIONWIDE GENERAL INSURANCE      CIVIL DIVISION
COMPANY as subrogee of Norman and Debra
Dawkins
One West Nationwide Boulevard
Columbus, Ohio 43215

     Plaintiff,

       CASE NO.

       COMPLAINT

     v.

DIRECTSAT USA, LLC
479 Shoemaker Road, Suite 106
King of Prussia, Pennsylvania 19406

     and

SEARS HOME IMPROVEMENT
PRODUCTS, INC.
3333 Beverly Road, D768
Hoffman Estates, Illinois 60179

     Defendants.

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you a judgement. may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyer Referral Service
The Allegheny County Bar Association
920 City-Council Building
414 Grant Street
Pittsburgh, PA 15219
(412) 261-5555

D:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT.PDF

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

NATIONWIDE GENERAL INSURANCE                    CIVIL DIVISION
COMPANY as subrogee of Norman and Debra
Dawkins
One West Nationwide Boulevard
Columbus, Ohio 43215

        Plaintiff,                    CASE NO.

         v.                    COMPLAINT

DIRECTSAT USA, LLC
479 Shoemaker Road, Suite 106
King of Prussia, Pennsylvania 19406

       and

SEARS HOME IMPROVEMENT
PRODUCTS, INC.
3333 Beverly Road, D768
Hoffman Estates, Illinois 60179

        Defendants.

## COMPLAINT

Plaintiff Nationwide General Insurance Company as subrogee of Norman and Debra

Dawkins, by and through its counsel, respectfully submits this Complaint against Defendants

DirectSAT USA, LLC and Sears Home Improvement Products, Inc., averring in support thereof

as follows:

### PARTIES

1.    Plaintiff Nationwide General Insurance Company ("Nationwide") is an Ohio

corporation, with its principal place of business at One West Nationwide Boulevard, Columbus,

Ohio. At all times relevant, Nationwide was duly authorized to engage in the business of issuing

policies of insurance throughout the United States, including the Commonwealth of Pennsylvania.

2.   Upon information and belief, Defendant DirectSat USA, LLC ("DirectSat") is a Delaware Limited Liability Company, with its principal place of business at 479 Shoemaker Road, Suite 106, King of Prussia, Pennsylvania 19406. At all times relevant, DirectSat was an authorized installation and service provider for DIRECTV throughout Pennsylvania, including Allegheny County.

3.   Upon information and belief, Defendant Sears Home Improvement Products, Inc. ("Sears Home") is a Pennsylvania Corporation, with its principal place of business located at 3333 Beverly Road, D768, Hoffman Estates, Illinois 60179. At all times relevant, Sears Home was engaged in the business of providing repair, maintenance, and home improvement services, such as roofing, including in Allegheny County.

4.   Nationwide issued an insurance policy, No. 54 37 HP 427472 (the "Policy"), to Norman and Debra Dawkins (collectively, the "Dawkinses"). The policy provided property insurance coverage for Dawkins' property located at 400 Bark Street, Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction of this action pursuant to 42 Pa. Stat. Ann. § 931.

6.   Venue is proper in Allegheny County pursuant to Rules 2103 and 2179 of the Pennsylvania Rules of Civil Procedure. Defendants regularly conduct business in Allegheny County, and Allegheny County is where the cause of action arose.

## GENERAL AVERMENTS

7.   In May 2014, the Dawkinses retained Sears Home to install a new roof at their home located at 400 Bark Street, Pittsburgh, Pennsylvania. The job number was 17160171. A copy of an invoice or estimate for the work cannot be located by Plaintiff or the Dawkinses in their records, as it was likely lost during damage to the house. Upon information and belief, Sears

-2-

D:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT.PDF

Home has possession of a copy of the documents, which would set forth the terms of the home improvement work.

8.    As of May 2014, the Dawkinses had satellite television service with DIRECTV. Upon information and belief, Sears Home requested the Dawkinses to contact DIRECTV to temporarily remove the satellite dish on the roof.

9.    The Dawkinses called DIRECTV, and, upon information and belief, DirectSat, as an authorized service provider for DIRECTV, removed the Dawkinses' satellite dish.

10.    Sears Home installed the new roof, and at some point during the process, DirectSat reinstalled the satellite dish.

11.    In or about August 2014, the Dawkinses canceled their service with DIRECTV. DirectSat, however, did not remove the satellite dish from the Dawkinses' roof.

12.    On or about September 10, 2015, a fire occurred at the Dawkinses' house. Damage to the property included the roof, garage, stairs, bathrooms, storage area, kitchen, dining room, hallway, living room, and bedrooms.  Upon information and belief, the cause of the failure was overhead Duquesne Light power lines being in contact with the DIRECTV equipment, which energized the roof's aluminum overhang and roof structure, causing ignition.

13.    The Dawkinses submitted a claim to Nationwide for the damages sustained to the property.  Nationwide honored their claim, making payments in the amount of $134,387.71, while the Dawkinses incurred a deductible of $1,000.00, for total damages of $135,387.71. Pursuant to the insurance policy and through the equitable right of subrogation, Nationwide is subrogated to the Dawkinses' rights and claims against the parties whose actions caused the loss.

-3-

## COUNT I:
## NEGLIGENCE VS. DIRECTSAT USA, LLC

14.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through thirteen as though fully set forth herein an at length.

15.    DirectSat owed a duty of care to the Dawkinses to properly remove, reinstall, and service the satellite dish in the Dawkinses' property.

16.    DirectSat, directly and by and through its employees, agents, servants, subcontractors and/or workmen, breached its duty of care owed to the Dawkinses in one or more of the following ways:

a.    failing to properly remove and reinstall the satellite dish in the Dawkinses' home;

b.    reinstalling the satellite dish in a manner that DirectSat knew or reasonably should have known created an unreasonable risk of harm;

c.    failing to properly reinstall the satellite dish to prevent it from causing a fire and damaging the Dawkinses' property;

d.    mounting the satellite dish too close to the power lines, which caused the power lines to contact the satellite dish and energize the roof structure;

e.    failing to maintain proper minimum clearance between the satellite dish and the power lines;

f.    failing to remove the satellite dish after the Dawkinses ceased their service with DIRECTV;

g.    failing to select competent and skilled employees to perform the work;

h.    failing to properly supervise its agents, servants, workman and/or employees in the performance of their work;

i.    failing to apply to the work the degree of skill that would ordinarily and customarily be brought to such work by competent and skilled servicemen and/or contractors in and

-4-

about the relevant community; and

j.    failing to use due care under the circumstances.

17.    DirectSat's negligence was a direct and proximate cause of the fire and the
resulting damage.

18.    DirectSat is liable for all damages to the Dawkinses' property that were caused by
the loss and paid by Nationwide.

WHEREFORE, Plaintiff demands judgment against Defendant DirectSat USA, LLC for
damages totaling $135,387.71, together with interest, costs of suit, and such other relief the court
may deem appropriate.

## COUNT II:
## NEGLIGENCE VS. SEARS HOME IMPROVEMENT PRODUCTS, INC.

19.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs
one through eighteen as though fully set forth herein an at length.

20.    Sears Home owed a duty of care to the Dawkinses to properly replace the roof in
the Dawkinses' property.

21.    Sears Home, directly and by and through its employees, agents, servants,
subcontractors and/or workmen, breached its duty of care owed to the Dawkinses in one or more
of the following ways:

a.    failing to properly replace the roof in the Dawkinses'
      home;

b.    replacing the roof in a manner that DirectSat knew or
      reasonably should have known created an unreasonable risk
      of harm;

c.    failing to properly replace the roof to prevent it from
      causing a fire and damaging the Dawkinses' property;

d.    performing work on the roof that caused a change in the
      manner in which the satellite dish could be reinstalled on

-5-

D:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT .PDF

the roof;

e. failing to maintain proper minimum clearance between the satellite dish and any conductive items on the roof;

f. failing to select competent and skilled employees to perform the work;

g. failing to properly supervise its agents, servants, workman and/or employees in the performance of their work;

h. failing to apply to the work the degree of skill that would ordinarily and customarily be brought to such work by competent and skilled servicemen and/or contractors in and about the relevant community; and

i. failing to use due care under the circumstances.

22.   Sears Home's negligence was a direct and proximate cause of the fire and the resulting damage.

23.   Sears Home is liable for all damages to the Dawkinses' property that were caused by the loss and paid by Nationwide.

WHEREFORE, Plaintiff demands judgment against Defendant Sears Home Improvement Products, Inc. for damages totaling $135,387.71, together with interest, costs of suit, and such other relief the court may deem appropriate.

## COUNT III:
## BREACH OF CONTRACT VS. SEARS HOME IMPROVEMENT PRODUCTS, INC.

24.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs one through twenty-three as though fully set forth herein an at length.

25.   The Dawkinses entered into an agreement with Sears Home for Sears Home to replace the roof.

26.   An expressed and/or implied term of the agreement was that Sears Home would exercise reasonable skill and due care in replacing the roof in the Dawkinses' property.

-6-

27.    Through its failure to properly replace the roof, including performing work that caused a change in the manner in which the satellite dish could be reinstalled in the Dawkinses' property, detailed in Count I, Sears Home failed to exercise reasonable skill and due care, thereby breaching the contract.

28.    Sears Home's breach of contract was the direct and proximate cause of the damages to the Dawkinses' property.

29.    Sears Home is liable for all damages to the Dawkinses' property that were caused by the loss and paid by Nationwide.

WHEREFORE, Plaintiff demands judgment against Defendant Sears Home Improvement Products, Inc. for damages totaling $135,387.71, together with interest, costs of suit, and such other relief the court may deem appropriate.

Respectfully Submitted,

Date: 7/13/17

John P. Encarnacion, Esquire
PA I.D. # 83990

1601 Market Street, Suite 1040
Philadelphia, PA 19103-7395
(215) 762-9432
john.encarnacion@nationwide.com

Attorneys for Plaintiff
Nationwide General Insurance Company
a/s/o Norman and Debra Dawkins

-7-

C:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT.PDF

## VERIFICATION

I, Lori Kraft, representative of Nationwide General Insurance Company, verify that the facts set forth in the foregoing **CIVIL COMPLAINT**, are true and correct to the best of my knowledge, information and belief. I understand that any false statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_Lori Kraft_
Lori Kraft
Nationwide General Insurance Company

Dated:

-8-

C:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. DIRECTSAT Com...

Allegheny County                                                    https://dcr.alleghenycounty.us/Civil/PublicSearchByCaseNumber.aspx?C...

New Search   Sheriff History   Docket Report   Account Information

| GD-17-009962 | | Nationwide General Ins Co. vs DirectSet USA etal |
|---|---|---|
| Filing Date: | 07/13/2017 | Case Type: | Other Tort |
| Filing Time: | 04:42:21 | Court Type: | General Docket |
| Related Cases: | | | |
| | | Current Status: | Complaint |
| Consolidated Cases: | | | |
| | | Jury Requested: | J |
| Judge: | | | |
| Amount In Dispute: | $ 135387.71 | | |

Collapse All

**▼ Parties**                                                                                     Count : 4

--Litigants--

Search

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Nationwide General Insurance Company | | | Plaintiff | One West Nationwide Blvd. Columbus OH 43215 | | John P Encarnacion |
| Sears Home Improvement Products Incorporated | | | Defendant | 208 South LaSalle Street Suite 814 Chicago IL 60604 | | |
| DirectSet USA LLC | | | Defendant | 251 Little Falls Drive Wilmington DE 19808 | | |

Showing 1 to 3 of 3 rows

--Attorney--

Search

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Encarnacion | John | P | Plaintiff's Attorney | 1601 Market Street Suite 1040 Philadelphia PA 19103 | |

Showing 1 to 1 of 1 rows

--Non Litigants--

Search

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| | | | No matching records found | | |

**▼ Docket Entries**                                                                             Count : 1

Search

| Filing Date | Docket Type | Docket Text | Filing Party | Document |
|---|---|---|---|---|
| 7/13/2017 | Complaint | | Nationwide General Insurance Company | Document 1 |

Showing 1 to 1 of 1 rows

D:\PrintImageBundler\Temp\729018\Originals\DAWKINS VS. JOHNSON Complaint
Allegheny County
https://dor.alleghenycounty.us/Civil/PublicSearchByCaseNumber.aspx?C...

**— Event Schedule**    Count : 0

Search

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|---|---|---|---|
| | | No matching records found | |

**— Services**

Search

| Doc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|
| | | | No matching records found | | | | |

Collapse All

7014 0510 0001 1798 2798

LAW OFFICES
1601 Market Street, Suite 1040
Philadelphia, PA 19103

DIRECTSAT USA, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

D:\PrintImageBundler\Temp\729018\Originals\400 BARK ST. DAWKINS FIRE REPORT DS-PITTSBURGH 40 of 40 2015.PDF

FIU-1-A 

### CITY OF PITTSBURGH
### FIRE INVESTIGATION UNIT
### PRELIMINARY FIRE INVESTIGATION REPORT

| | |
|---|---|
| CASE FILE #: A-15-380 | |
| POLICE CCR #: 172004 | |
| FIRE CCR #: 34004 | |

| | | | |
|---|---|---|---|
| **FIRE DATE:** 9/10/15 | **TIME OF ALARM: 0616 HOURS** | **NEIGHBORHOOD:** Perry-South | **CENSUS #: 2614** |

**REQUEST FOR INVESTIGATION BY:** Marks,Michael    **TITLE: BATALLION CHIEF**

**INVESTIGATION DATE:** 9/10/15    **TIME NOTIFIED:** 0632 HOURS    **TIME ON SCENE:** 0637 HOURS

**DATE/TIME SCENE COMPLETED:** 9/10/15@0930hrs    **SCENE RELEASED TO:** Dawkins,Norman&Debra

**TYPE OF STRUCTURE:** RESIDENTIAL (A)    **WEATHER:** RAIN / MILD / 65-70 °F

**DESCRIPTION/CONSTRUCTION OF STRUCTURE:** one story ranch, gable roof, asphalt shingles on gable roof, platform frame with brick veneer

**OCCUPANT:** Dawkins,Norman&Debra /Moody,Brandon    **PHONE:** 412-901-8801

**ADDRESS:** 400 Bark St.,Pgh.,PA15214

**OWNER:** Dawkins,Norman&Debra    **PHONE:** 412-901-8801

**ADDRESS:** 400 Bark St.,Pgh.,PA15214

**DEATH:** ☐ YES ☒ NO    **INJURIES:** ☐ YES ☒ NO    **SMOKE DETECTORS:** ☒ YES ☐ NO ☐ UNKNOWN

**FIRE CAUSE:** ☒ ACCIDENTAL ☐ INCENDIARY ☐ NATURAL ☐ UNDETERMINED ☐ UNDER INVESTIGATION

**PHOTOGRAPHS TAKEN:** ☐ 35MM ☒ DIGITAL ☐ VIDEO    **SKETCH MADE:** ☐ YES ☒ NO

**CANINE TEAM USED:** ☐ YES ☒ NO    **EVIDENCE REMOVED FROM SCENE:** ☐ YES ☒ NO

**DAMAGE ESTIMATE:** $25,000.00    **INSURANCE:** ☒ YES ☐ NO ☐ UNKNOWN

**LEVEL OF ORIGIN:** roof    **ROOM OF ORIGIN:** porch roof    **AREA OF ORIGIN:** flashing

**HEAT OF IGNITION:** electric arc    **FIRST MATERIAL IGNITED:** ordinary combustibles

**MAIN AVENUES OF FIRE SPREAD:** Horizontal then vertical

**STATUS OF INVESTIGATION:** ☒ UNFOUNDED ☐ CLEARED BY ARREST ☐ UNDER INVESTIGATION

**FIRE ZONE:** 1-22    **FIRST ARRIVING / RESPONDING UNIT:** PE#38

**FIRE OFFICIAL IN CHARGE:** Marks,Michael    **TITLE:** BATALLION CHIEF    **UNIT #:** 4031

**POLICE ZONE:** 1    **PHONE:** 412-323-7201

**POLICE OFFICIAL IN CHARGE:** Burns    **TITLE:** DETECTIVE    **UNIT #:** 38413

**FIRE INVESTIGATION TEAM:** Burns/Rutkowski    **TITLE:** Fire Investigators

**SUPPORT PERSONNEL:**

Capt.R.P.Rutkowski    Capt.R.P.Rutkowski

**REVIEWED BY:** _(signature)_    **APPROVED BY:** _(signature)_

D:\PrintImageBundler\Temp\729018\Originals\400 BARK ST.-DAWKINS FIRE REPORT-DS-PITTSBURGH-9-2015.PDF

**NFIRS -2 Fire**

**A**

| FDID * | State * | Incident Date * (MM DD YYYY) | Station | Incident Number * | Exposure * | |
|---|---|---|---|---|---|---|
| 02231 | PA | 09 10 2015 | 38 | 15-1071169 | 000 | ☐ Delete ☐ Change ☐ No Activity |

## B Property Details

**B1** 0001 ☐ Not Residential
Estimated Number of residential living units in building of origin whether or not all units became involved

**B2** 001 ☐ Buildings not involved
Number of buildings involved

**B3** ☐ None
Acres burned (outside fires) ☐ Less than one acre

## C On-Site Materials ☐ None or Products

Complete if there were any significant amounts of commercial, industrial, energy or agricultural products or materials on the property, whether or not they became involved

Enter up to three codes. Check one or more boxes for each code entered.

On-site material (1)
1 ☐ Bulk storage or warehousing
2 ☐ Processing or manufacturing
3 ☐ Packaged goods for sale
4 ☐ Repair or service

On-site material (2)
1 ☐ Bulk storage or warehousing
2 ☐ Processing or manufacturing
3 ☐ Packaged goods for sale
4 ☐ Repair or service

On-site material (3)
1 ☐ Bulk storage or warehousing
2 ☐ Processing or manufacturing
3 ☐ Packaged goods for sale
4 ☐ Repair or service

## D Ignition

**D1** 74 Attic: vacant, crawl
Area of fire origin *

**D2** UU Undetermined
Heat source *

**D3** UU Undetermined
Item first ignited * 1 ☐ Check box if fire spread was confined to object of origin

**D4**
Type of material first ignited — Required only if item first ignited code is 00 or <70

## E1 Cause of Ignition

☐ Check box if this is an exposure report. Skip to section G

1 ☐ Intentional
2 ☐ Unintentional
3 ☐ Failure of equipment or heat source
4 ☐ Act of nature
5 ☒ Cause under investigation
U ☐ Cause undetermined after investigation

## E2 Factors Contributing To Ignition

☒ None
UU Undetermined
Factor Contributing To Ignition (1)

Factor Contributing To Ignition (2)

## E3 Human Factors Contributing To Ignition

Check all applicable boxes ☒ None
1 ☐ Asleep
2 ☐ Possibly impaired by alcohol or drugs
3 ☐ Unattended person
4 ☐ Possibly mental disabled
5 ☐ Physically Disabled
6 ☐ Multiple persons involved
7 ☐ Age was a factor

Estimated age of person onvolved

1 ☐ Male 2 ☐ Female

## F1 Equipment Involved In Ignition

☐ None If Equipment was not involved, Skip to Section G

Equipment Involved
Brand
Model
Serial #
Year

## F2 Equipment Power

Equipment Power Source

## F3 Equipment Portability

1 ☐ Portable
2 ☐ Stationary

Portable equipment normally can be moved by one person, is designed to be use in multiple locations, and requires no tools to install.

## G Fire Suppression Factors

Enter up to three codes. ☐ None

Fire suppression factor (1)
Fire suppression factor (2)
Fire suppression factor (3)

## H1 Mobile Property Involved

☐ None
1 ☐ Not involved in ignition, but burned
2 ☐ Involved in ignition, but did not burn
3 ☐ Involved in ignition and burned

## H2 Mobile Property Type & Make

Mobile property type
Mobile property make
Mobile property model
Year
License Plate Number
State
VIN Number

## Local Use

☐ Pre-Fire Plan Available
Some of the information presented in this report may be based upon reports from other Agencies
☐ Arson report attached
☐ Police report attached
☐ Coroner report attached
☐ Other reports attached

NFIRS-2 Revision 01/19/99

:\PrintImageBundler\Temp\729018\Originals\400 BARK ST.-DAWKINS FIRE REPORT-DS-PITTSBURGH-9-2015.PDF

NFIRS-3 Structure Fire

**I1 Structure Type ***
If Fire was in enclosed building or a portable/mobile structure complete the rest of this form
1 [X] Enclosed Building
2 [ ] Portable/mobile structure
3 [ ] Open structure
4 [ ] Air supported structure
5 [ ] Tent
6 [ ] Open platform (e.g. piers)
7 [ ] Underground structure (work areas)
8 [ ] Connective structure (e.g. fences)
0 [ ] Other type of structure

**I2 Building Status ***
1 [ ] Under construction
2 [X] Occupied & operating
3 [ ] Idle, not routinely used
4 [ ] Under major renovation
5 [ ] Vacant and secured
6 [ ] Vacant and unsecured
7 [ ] Being demolished
0 [ ] Other
U [ ] Undetermined

**I3 Building * Height**
Count the ROOF as part of the highest story
002 Total number of stories at or above grade
___ Total number of stories below grade

**I4 Main Floor Size ***
___ , 001 , 014 Total square feet
OR
___ , 039 BY ___ , 026
Lenght in feet Width in feet

**J1 Fire Origin ***
002 Story of fire origin
[ ] Below Grade

**J2 Fire Spread ***
1 [ ] Confined to object of origin
2 [ ] Confined to room of origin
3 [X] Confined to floor of origin
4 [ ] Confined to building of origin
5 [ ] Beyond building of origin

**J3 Number of Stories Damaged By Flame**
Count the ROOF as part of the highest story
___ Number of stories w/ minor damage (1 to 24% flame damage)
___ Number of stories w/ significant damage (25 to 49% flame damage)
___ Number of stories w/ heavy damage (50 to 74% flame damage)
___ Number of stories w/ extreme damage (75 to 100% flame damage)

**K Material Contributing Most To Flame Spread**
[ ] Check if no flame spread OR same as material first ignited OR unable to determine — Skip To Section L
K1 ___ ___ Item contributing most to flame spread
K2 ___ ___ Type of material contributing most of flame spread — Required only if item contributing code is 00 or<70

**L1 Presence of Detectors ***
(In area of the fire)
N [ ] None Present — Skip to section M
1 [ ] Present
U [X] Undetermined

**L2 Detector Type**
1 [ ] Smoke
2 [ ] Heat
3 [ ] Combination smoke - heat
4 [ ] Sprinkler, water flow detection
5 [ ] More than 1 type present
0 [ ] Other ______
U [ ] Undetermined

**L3 Detector Power Supply**
1 [ ] Battery only
2 [ ] Hardwire only
3 [ ] Plug in
4 [ ] Hardwire with battery
5 [ ] Plug in with battery
6 [ ] Mechanical
7 [ ] Multple detectors & power supplies
0 [ ] Other ______
U [ ] Undetermined

**L4 Detector Operation**
1 [ ] Fire too small to activate
2 [ ] Operated (Complete Section L5)
3 [ ] Failed to Operate (Complete Section L6)
U [ ] Undetermined

**L5 Detector Effectiveness**
Required if detector operated
1 [ ] Alerted Occupants, occupants responded
2 [ ] Occupants failed to respond
3 [ ] There were no occupants
4 [ ] Failed to alert occupants
U [ ] Undetermined

**L6 Detector Failure Reason**
Required if detector failed to operate
1 [ ] Power failure, shutoff or disconnect
2 [ ] Improper installation or placement
3 [ ] Defective
4 [ ] Lack of maintenance, includes cleaning
5 [ ] Battery missing or disconnected
6 [ ] Battery discharged or dead
0 [ ] Other ______
U [ ] Undetermined

**M1 Presence of Automatic Extinguishment System ***
N [X] None Present
1 [ ] Present — Complete rest of Section M

**M2 Type of Automatic Extinguishment System ***
Required if fire was within designed range of AES
1 [ ] Wet pipe sprinkler
2 [ ] Dry pipe sprinkler
3 [ ] Other sprinkler system
4 [ ] Dry chemical system
5 [ ] Foam system
6 [ ] Halogen type system
7 [ ] Carbon dioxide ($CO_2$) system
0 [ ] Other special hazard system
U [ ] Undetermined

**M3 Automatic Extinguishment System Operation**
Required if fire was within designed range
1 [ ] Operated & effective (Go to M4)
2 [ ] Operated & not effective (M4)
3 [ ] Fire too small to activate
4 [ ] Failed to operate (Go to M5)
0 [ ] Other
U [ ] Undetermined

**M4 Number of Sprinkler Heads Operating**
Required if system operated
___ Number of sprinkler heads operating

**M5 Automatic Extinguishment System Failure Reason**
Required if system failed
1 [ ] System shut off
2 [ ] Not enough agent discharged
3 [ ] Agent discharged but did not reach fire
4 [ ] Wrong type of system
5 [ ] Fire not in area protected
6 [ ] System components damaged
7 [ ] Lack of maintenance
8 [ ] Manual Intervention
0 [ ] Other ______
U [ ] Undetermined

NFIRS-3 Revision 01/19/99

X:\Printing\eBundler\Temp\72801B\Original\6400 BARK ST-DAWKINS FIRE REPORT-DS-PITTSBURGH-9-2015.PDF

**A** FDID 02231 PA 09 10 2015 Station 38 15-1071169 000

**B** Location
- ☒ Street address
- ☐ Intersection
- ☐ In front of
- ☐ Rear of
- ☐ Adjacent to
- ☐ Directions

Number/Milepost 400 Street prefix BARK ST PGH

City Pittsburgh

**C** Incident Type
- 111 Building fire

**D** Aid Given or Received
- 1 ☐ Mutual aid received
- 2 ☐ Automatic aid recv.
- 3 ☐ Mutual aid given
- 4 ☐ Automatic aid given
- 5 ☒ Other aid given
- N ☒ None

**E** Actions Taken
- 11 Extinguishment by fire
- 12 Salvage & overhaul

**F** Completed Modules
- ☒ Fire-2
- ☒ Structure-3
- ☐ Civil Fire Cas.-4
- ☐ Fire Serv. Cas.-5
- ☐ EMS-6
- ☐ HazMat-7
- ☐ Wildland Fire-8
- ☐ Apparatus-9
- ☐ Personnel-10
- ☐ Arson-11

**G** Property Use
Structures
- 131 ☐ Church, place of worship
- 161 ☐ Restaurant or cafeteria
- 162 ☐ Bar/tavern or nightclub
- 213 ☐ Elementary school or kindergarten
- 215 ☐ High school or junior high
- 241 ☐ College, adult education
- 311 ☐ Care facility for the aged
- 331 ☐ Hospital

Outside
- 124 ☐ Playground or park
- 655 ☐ Crops or orchard
- 669 ☐ Forest (timberland)
- 807 ☐ Outdoor storage area
- 919 ☐ Dump or sanitary landfill
- 931 ☐ Open land or field

**H1 Casualties** ☒ None
Deaths Injuries

**H2** Detector
1 ☐ Detector alerted occupants
2 ☐ Detector did not alert them

**H3** Hazardous Materials Release
- N ☒ None
- 1 ☐ Natural Gas
- 2 ☐ Propane gas
- 3 ☐ Gasoline: vehicle fuel tank or portable container
- 4 ☐ Kerosene: fuel burning equipment or portable storage
- 5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable container
- 6 ☐ Household solvents: home/office spill, cleanup only
- 7 ☐ Motor oil: from engine or portable container
- 8 ☐ Paint: from paint cans totaling < 55 gallons
- 0 ☐ Other

**G1** Resources ☒
Apparatus 0008 Personnel 0024

**E1** Dates & Times
Alarm Month 09 Day 10 Year 2015 Hr Min Sec 06:16:56
Arrival 09 10 2015 06:21:16
Last Unit Cleared 09 10 2015 07:30:09

**E3** Special Studies

**I** Mixed Use Property
- NN Not Mixed
- 10 ☐ Assembly use
- 20 ☐ Education use
- 33 ☐ Medical use
- 40 ☐ Residential use
- 51 ☐ Row of stores
- 53 ☐ Enclosed mall
- 58 ☐ Bus. & Residential
- 59 ☐ Office use
- 60 ☐ Industrial use
- 63 ☐ Military use
- 65 ☐ Farm use
- 00 ☐ Other mixed use

**G2** Estimated Dollar Losses & Values
Losses: Required for all fires if known. Optional for non fires.
- Property $ 005 000
- Contents $ 001 000

Pre-Incident Value: Optional
- Property $
- Contents $

NFIRS-1 Revision 03/11/99

Page 18

r:\PrintImageBundler\Temp\729018\Originals\400 BARK ST.-DAWKINS FIRE REPORT-DS-PITTSBURGH-92015.PDF

## K1  Person/Entity Involved

| 412 | – | 322 | – | 1544 |

Business name (if applicable)          Area Code    Phone Number

[X] Check This Box if same address as incident location. Then skip the three duplicate address lines.

First Name: **Norman**   MI   Last Name: **Dawkins**   Suffix

Number: **400**   Prefix   Street or Highway: **BARK ST, PGH**   Street Type   Suffix

Post Office Box          Apt./Suite/Room   City: **Pittsburgh**

State: **PA**   Zip Code: **15214** –

[ ] More people involved? Check this box and attach Supplemental Forms (NFIRS-1S) as necessary

## K2  Owner

[ ] Same as person involved? Then check this box and skip the rest of this section.

Business name (if Applicable)          Area Code   Phone Number
– –

[ ] Check this box if same address as incident location. Then skip the three duplicate address lines.

Mr.,Ms., Mrs.   First Name   MI   Last Name   Suffix

Number   Prefix   Street or Highway   Street Type   Suffix

Post Office Box          Apt./Suite/Room   City

State   Zip Code –

## L  Remarks

Arrived on scene of a reported structure fire, smoke showing from the roof line of a two story brick house (39' x 26'), no flames. FF Story took a hydrant. FF Evans and Walker flaked out the 3 section preconnect per my order. Spoke with a man exiting the structure who said there was another man inside, that man exited the building shortly afterward and I informed dispatch that all occupants had exited the building. I entered the building and checked the first and second floors for fire, none found. I asked the occupant if there was a was to the attic, he informed me there was a door inside the closet behind the front door. We removed items from the closet and could see flames in the attic crawl space. I directed FF Evans to start an attack while ff Walker and myself donned our SCBA masks. FF Evans made good progress then myself and FF Walker entered the attic crawl space and extinguished the remainder of the fire. A scan with the TIC proved there were no other hot spots. Assisted with overhaul then picked up our equipment, all items were accounted for. Went back to the station for clean up and crew change.

## L  Authorization

| 2805 | BAUER, MICHAEL J | LT | EN38 | 09 | 13 | 2015 |
| Officer in charge ID | Signature | Position or rank | Assignment | Month | Day | Year |

Check Box if [X] same as Officer in charge.

| 2805 | BAUER, MICHAEL J | LT | EN38 | 09 | 13 | 2015 |
| Member making report ID | Signature | Position or rank | Assignment | Month | Day | Year |

):\PrintImageBundler\Temp\729018\Originals\400 BARK ST.-HAWKINS Fire Reports - Pgs 30 of 40-2015.PDF

| 02231 | PA | MM 9 | DD 10 | YYYY 2015 | 38 | 15-1071169 | 000 | Complete Narrative |
|---|---|---|---|---|---|---|---|---|
| FDID ★ | State ★ | Incident Date | | ★ | Station | Incident Number ★ | Exposure ★ | |

**Narrative:**

Arrived on scene of a reported structure fire, smoke showing from the roof line of a  two
story brick house  (39' x 26'), no flames.  FF Story took a hydrant.  FF Evans and Walker
flaked out the 3 section preconnect per my order.  Spoke with a man exiting the structure who
said there was another man inside, that man exited the building shortly afterward and I
informed dispatch that all occupants had exited the building.  I entered the building and
checked the first and second floors for fire, none found.  I asked the occupant if there was
a was to the attic, he informed me there was a door inside the closet behind the front door.
We removed items from the closet and could see flames in the attic crawl space.  I directed
FF Evans to start an attack while ff Walker and myself donned our SCBA masks.  FF Evans made
good progress then myself and FF Walker entered the attic crawl space and extinguished the
remainder of the fire.  A scan with the TIC proved there were no other hot spots.  Assisted
with overhaul then picked up our equipment, all items were accounted for.  Went back to the
station for clean up and crew change.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s) | CIVIL DIVISION |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY as Subrogee of Norman and Debra Dawkins | **Case Number :** GD -17 -009962 |
| | **Type of pleading :** Answer and New Matter and New Matter Pursuant to Pa. R.C.P. 1031.1 |
| | **Code and Classification :** _____ |
| **Vs** | **Filed on behalf of** Defendant, DirectSat USA, LLC |
| **Defendant(s)** DIRECTSAT USA, LLC and SEARS HOME IMPROVEMENT PRODUCTS, INC. | (Name of the filing party) |
| | ☑ Counsel of Record ☐ Individual, If Pro Se |
| | **Name, Address and Telephone Number :** Joseph A. Breymeier, Esquire 1617 John F. Kennedy Blvd. 750 One Penn Center Philadelphia, PA 19103 (215) 568-5116 email: jbreymeier@naulty.com |
| | **Attorney's State ID :** 55976 |
| | **Attorney's Firm ID :** _____ |

GD-17-009962

EXHIBIT
B

[cover]

To the herein: *Plaintiffs or Defendants*
You are hereby notified to plead
to the enclosed within twenty (20)
days of service thereof or a default
judgment may be entered.

*Joseph A. Breymeier*

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

NATIONWIDE GENERAL INSURANCE
COMPANY as Subrogee of Norman and Debra
Dawkins

vs

DIRECTSAT USA, LLC and SEARS HOME
IMPROVEMENT PRODUCTS, INC.

CIVIL DIVISION

NO. GD-17-009962

JURY TRIAL DEMANDED
BY DEFENDANT and
12 JURORS REQUESTED

**DEFENDANT, DIRECTSAT USA, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT
WITH NEW MATTER AND NEW
MATTER PURSUANT TO PA. R.C.P.
1031.1**

1.    Denied. After reasonable investigation, answering defendant is unable to ascertain the truth or falsity of the averments contained in this paragraph. Strict proof thereof is demanded at time of trial.

2.    Admitted.

3.    Denied. After reasonable investigation, answering defendant is unable to ascertain the truth or falsity of the averments contained in this paragraph. Strict proof thereof is demanded at time of trial.

4.    Denied. After reasonable investigation, answering defendant is unable to ascertain the truth or falsity of the averments contained in this paragraph. Strict proof thereof is demanded at time trial.

## JURISDICTION AND VENUE

5.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

6.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

## GENERAL AVERMENTS

7.    Denied. After reasonable investigation, answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

8.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies that as of May, 2014, the Dawkinses had satellite television service with DIRECTV. The remaining averments contained in this paragraph are denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

9.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies that Dawkinses called answering defendant and, upon information and belief, answering defendant, DirectSat, and/or DIRECTV, removed the Dawkinses' satellite dish as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

10.    Admitted.

-- 2 --

11.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

12.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies that the cause of the fire was overhead Duquesne Light power lines being in contact with the DIRECTV equipment, which energized the roof's aluminum overhand and roof structure, causing ignition, as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

13.    Denied. After reasonable investigation, answering defendant is unable to ascertain the truth or falsity of the averments contained in this paragraph. Strict proof thereof is demanded at time of trial.

## COUNT I
## NEGLIGENCE VS. DIRECTSAT USA, LLC

14.    Answering defendant incorporates by reference herein its answers to paragraphs 1 through 13 of plaintiff's Complaint as if same are set forth more fully herein at length.

15.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies that it owed a duty of care to the Dawkinses to remove, reinstall and service the satellite dish in the Dawkinses' property as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

16.    Denied. The averments contained in this paragraph constitute conclusions of law to which

-- 3 --

no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies that answering defendant and/or its employees, agents, servants, subcontractors and/or workmen, breached any duty of care owed to the Dawkinses as set forth in plaintiff's Complaint. Moreover, answering defendant further specifically denies it:

 a.  failed to properly remove and reinstall the satellite dish in the Dawkinses' home;

 b.  reinstalled the satellite dish in a manner that DirectSat knew or reasonably should have known created an unreasonable risk of harm;

 c.  failed to properly reinstall the satellite dish to prevent it from causing a fire and damaging the Dawkinses' property;

 d.  mounted the satellite dish too close to the power lines, which caused the power lines to contact the satellite dish and energize the roof structure;

 e.  failed to maintain proper minimum clearance between the satellite dish and the power lines;

 f.  failed to remove the satellite dish after the Dawkinses ceased their service with DIRECTV;

 g.  failed to select competent and skilled employees to perform the work;

 h.  failed to properly supervise its agents, servants, workmen and/or employees in the performance of their work;

 i.  failed to apply to the work the degree of skill that would ordinarily and customarily be brought to such work by competent and skilled servicemen and/or contractors in and about the relevant community; and

 j.  failed to use due care under the circumstances.

The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

 17.  Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent and/or was the direct and/or proximate cause of the fire which resulted in alleged damages as set forth in plaintiff's

-- 4 --

Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

18.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it is liable for any and all damages to the Dawkinses' property that were caused by the loss and paid by Nationwide as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendant, DirectSat USA, LLC , demands that plaintiff's Complaint be denied and dismissed and that Judgment be entered in favor of defendant, DirectSat USA, LLC, together with costs and attorney's fees.

## COUNT II
## NEGLIGENCE VS. SEARS HOME IMPROVEMENT PRODUCTS, INC.

19.    Answering defendant incorporates by reference herein its answers to paragraphs 1 through 18 of plaintiff's Complaint as if same are set forth more fully herein at length.

20.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

21.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

22.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

23.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendant, DirectSat USA, LLC, demands that plaintiff's Complaint be denied and dismissed and that Judgment be entered in favor of defendant, DirectSat USA, LLC, together with costs and

attorney's fees.

## COUNT III
## BREACH OF CONTRACT VS. SEARS HOME IMPROVEMENT PRODUCTS, INC.

24.    Answering defendant incorporates by reference herein its answers to paragraphs 1 through 23 of plaintiff's Complaint as if same are set forth more fully herein at length.

25.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

26.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

27.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

28.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

29.    Denied. After reasonable investigation answering defendant is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendant, DirectSat USA, LLC, demands that plaintiff's Complaint be denied and dismissed and that Judgment be entered in favor of defendant, DirectSat USA, LLC, together with costs and attorney's fees.

## NEW MATTER

30.    Plaintiffs right of recovery may be reduced or barred by the applicable provisions of the Pennsylvania Comparative Negligence Act.

31.    Plaintiff may assume the risk of the damages allegedly sustained as set forth in Plaintiff's Complaint.

32.    Plaintiff's claims are barred by the applicable Statute of Limitations the applicable provisions of which are incorporated herein by reference.

33.    Plaintiff's claims are barred by the Doctrine of Estoppel and Laches.

-- 6 --

34.     Plaintiff's claims are barred by the Doctrine of the Assumption of the Risk.

35.     The alleged damages sustained by the Plaintiff was caused by persons, parties or entities other than this Defendant, including any of its agents, servants and/or employees, and over whom this Defendant has/had no control.

36.     The occurrence referred to in the Plaintiff's Complaint was due to the negligence and carelessness of other persons or entities, including their agents, servants and/or employees, who are or are not parties to the herein suit.

37.     The damages allegedly sustained by the Plaintiff were not proximately caused by this Defendant.

38.     Answering Defendant did not make any express or implied warranties, nor did it breach any express or implied warranties.

39.     Plaintiff failed to give timely notice of any alleged breach of warranty, either express or implied, and assuming that said did exist, all claims for breach of warranty are barred.

40.     The alleged defective product was not manufactured, produced, distributed and/or sold by this Defendant, including any of its agents, servants and/or employees.

41.     If at the time of trial it is established that Answering Defendant designed, manufactured, assembled, marketed or sold any product referred to in the Plaintiff's Complaint, then said product was in an altered or substantially different condition from when it left the control of Answering Defendant thereby releasing Answering Defendant of any and all liability.

42.     If it is established at the time of trial that any product described in Plaintiff's Complaint as designed, manufactured, assembled, marketed or sold by Answering Defendant, then said product was misused or abused by the Plaintiff or others which misuse and/or abuse was the proximate cause of the Plaintiff's damages.

43.     The sole and proximate cause of any damages allegedly suffered by the Plaintiff was his failure to properly and adequately apprise himself of the construction of the product in question, the condition of the product in question and any warnings and/or instructions regarding its use.

44.     Answering Defendant hereby gives notice that it intends to rely upon such other and further

-- 7 --

affirmative defenses as may become available or apparent during the discovery proceedings and up to and including trial of this matter, and hereby to so reserve and therefore, assert any such affirmative defenses as well as any of the affirmative defenses that have been asserted by the co-defendant or any other parties to this action, which are incorporated herein by reference as though set forth more fully herein at length.

WHEREFORE, Defendant, DirectSat USA, LLC, demands Plaintiff's Complaint be denied and dismissed with prejudice and that Judgment be entered in favor of Answering Defendant together with costs and attorney's fees.

### NEW MATTER CROSSCLAIM PURSUANT TO PA. R.C.P. 1031.1 AGAINST CO-DEFENDANT, SEARS HOME IMPROVEMENT PRODUCTS, INC.

38.    If the allegations contained in the Plaintiff's Complaint are proven at the time of trial, and liability is found against Answering Defendant, any and all such liability being specifically denied, then Answering Defendant asserts that co-defendant, Sears Home Improvement Products, Inc., are alone liable to the plaintiff, jointly and severally liable to the plaintiff, or liable over to Answering Defendant by way of contribution and/or indemnity.

WHEREFORE, Answering Defendant, demands judgment in its favor and against co-defendant, Sears Home Improvement Products, Inc.

NAULTY, SCARICAMAZZA & McDEVITT, LLC.

BY:

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant,
DirectSat USA, LLC
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA  19103
(215) 568-5116

-- 8 --

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

NATIONWIDE GENERAL INSURANCE
COMPANY as Subrogee of Norman and Debra
Dawkins

       vs

DIRECTSAT USA, LLC and SEARS HOME
IMPROVEMENT PRODUCTS, INC.

CIVIL DIVISION

NO. GD-17-009962

**CERTIFICATION OF SERVICE**

**CERTIFICATION OF SERVICE**

I, JOSEPH A. BREYMEIER, Esquire, hereby certify that on Tuesday, August 22, 2017, I served a

copy of the *Entry of Appearance* on counsel for Plaintiff and/or all parties of record, via U.S. Mail, First

Class, postage prepaid, addressed as follows:

*John P. Encarnacion, Esquire*
*1601 Market Street*
*Suite 1040*
*Philadelphia, PA 19103*

NAULTY, SCARICAMAZZA & McDEVITT, LLC

BY: _Joseph a. Breymeier_ _____
JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant,
DirectSat USA, LLC
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA 19103
(215) 568-5116

DATED: August 22, 2017

## VERIFICATION

I, Dan Davis hereby verify that I am the Regional Training Manager for Defendant, DirectSat USA, LLC, verify that the facts set forth in the foregoing *Answer to Plaintiffs' Complaint with New Matter and New Matter Crossclaim* are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

DAN DAVIS

Nationwide v. DirectSat USA, LLC, et al
Our File No. Z256-33036