ASK LLP
Joseph L. Steinfeld, Jr.
Kara E. Casteel
2600 Eagan Woods Drive, Suite 400
Saint Paul, MN  55121
Telephone: (651) 406-9665
Email: kcasteel@askllp.com

Edward E. Neiger
Marianna Udem
60 East 42nd Street
New York, NY 10065
Telephone: (212) 267-7342
Email: eneiger@askllp.com

*Counsel for Sears Holdings Corporation and*
*its debtor affiliates, as debtors and debtors in possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**FINAL APPLICATION OF ASK LLP AS COUNSEL TO THE**
**LITIGATION DESIGNEES FOR ALLOWANCE OF COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD**
**FROM APRIL 1, 2019 THROUGH OCTOBER 31, 2022**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | ASK LLP |
| Authorized to Provide Professional Services to: | The Litigation Designees |
| Date of Retention: | June 26, 2019 nunc pro tunc to April 1, 2019 as to retention as special avoidance action counsel to the Debtors; September 22, 2020 as to retention as counsel to the Litigation Designees for the Jointly Asserted Causes of Action[2] |
| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Prior Applications | First Interim Report of ASK LLP For Allowance of Compensation and Reimbursement of Expenses as Counsel To The Litigation Designees For The Period Of September 22, 2020 Through February 28, 2021 Docket Index: 9623 |
| | Second Interim Report of ASK LLP For Allowance of Compensation and Reimbursement of Expenses as Counsel To The Litigation Designees For The Period Of March 1, 2021 Through June 30, 2021 Docket Index: 9675 |
| | Third Interim Report of ASK LLP For Allowance of Compensation and Reimbursement of Expenses as Counsel To The Litigation Designees For The Period Of July 1, 2021 Through October 31, 2021 Docket Index: 10144 |
| | Fourth And Final Interim Report of ASK LLP For Allowance of Compensation and Reimbursement of Expenses As Counsel To The Litigation Designees For The Period of November 1, 2021 Through October 31, 2022 Docket Index: 10697 |
| Total Allowed Fees Paid to Date: | $225,536.20 |

[2] The Jointly Asserted Causes of Action are those actions defined in paragraph 17 of the Confirmation Order. For the avoidance of doubt, this Application only covers professional services and necessary expenses incurred in providing services related to the "Public Shareholder Action," originally filed as Adv. No. 20-07007 and later consolidated with the "Insider Action" at Adv. No. 19-08250. As noted above, ASK LLP also was separately retained nunc pro tunc on April 1, 2019 by the Debtors to perform contingency-fee services involving the prosecution of avoidance actions. ASK LLP will separately file a final fee application for those services.

| | |
|---|---|
| Total Allowed Expenses Paid to Date: | $36,582.70 |
| Total Allowed Fees and Expenses Paid to Date: | $262,115.90 |
| Time Period Covered in Final Fee Application: | April 1, 2019 through October 31, 2022 |
| **This Final Application** | |
| Total Hours Billed: | 337.89 |
| Total Fees For Which Final Allowance is Sought: | $226,251.70 |
| Total Expenses For Which Final Allowance Is Sought: | $36,582.70 |
| Total Fees and Expenses For Which Final Allowance Is Sought: | $262,834.40 |
| Amount of Unpaid Fees Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $718.50 |
| Amount of Unpaid Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Fee Period: | $0.00 |
| Total Unpaid Fees and Expense Reimbursement Sought for the Final Fee Period: | $718.50 |
| **Summary of Rates and Other Related Information for This Final Fee Period** | |
| Blended Rate in this Application for All Attorneys: | $662.50 |
| Blended Rate in this Application for All Timekeepers: | $469.44 |
| Number of Timekeepers Included in this Application: | 8 |
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | 0 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees are within budgeted range |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Final Fee Period | 0 |
| Increase in Rates Since Date of Retention: | No |

This is the <u>Final Fee Application</u> filed by ASK LLP in these Chapter 11 cases for services performed for the Litigation Designees.

3

Dated: January 6, 2023

**ASK LLP**

*/s/ Kara E. Casteel*
Kara E. Casteel
Joseph L. Steinfeld, Jr.
2600 Eagan Woods Drive, Suite 400
Saint Paul, MN  55121
Telephone: (651) 406-9665
Email: kcasteel@askllp.com

*-and-*

Edward E. Neiger, Esq.
60 East 42nd Street
New York, NY 10065
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel for Sears Holdings Corporation, and its debtor affiliates, debtors and debtors in possession*

Summary Fees and Expenses Sought in the Final Fee Period

| Period Covered | Fee Statement/ Application [Docket No. #] | Total Compensation and Expenses Incurred for Period Covered ($) | | Total Amount Previously Requests with Prior Monthly Fee Statement ($) | | Total Amount Paid to Date | | Amounts Requested | Allowance of Amounts Paid |
|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | | |
| 9/22/2020 through 2/28/2021 | 6/30/2021 Docket No. 9623 | $166,529.20 | $7,955.86 | $166,529.20 | $7,955.86 | $166,529.20 | $7,995.86 | $0 | Order Granting First Interim Report of ASK [Docket No. 9690] |
| 3/1/2021 through 6/30/2021 | 7/26/2021 Docket No. 9675 | $48,165.00 | $23,065.30 | $48,165.00 | $23,065.30 | $169,223.36 | $11,121.26 | $0 | Order Granting Second Interim Report of ASK [Docket No. 9849] |
| 7/1/2021 through 10/31/2021 | 12/10/2021 Docket No. 10144 | $3,592.50 | $5,502.80 | $3,592.50 | $5,502.80 | $169,223.36 | $11,121.26 | $718.50 | Order Granting Third Interim Report of ASK [Docket No. N/A, pending Court entry] |
| 11/1/2021 through 10/31/2022 | 11/3/2022 Docket No. 10697 | $7,965.00 | $18.741 | $7,965.00 | $18.741 | $169,223.36 | $11,121.26 | $0 | Order Granting Fourth Interim Report of ASK [Docket No. 10761] |

- **Compensation Sought in this Application Not Yet Paid: $715.80**

**Compensation By Professional**
**April 1, 2010 through October 31, 2022**

| Name of Professional | Title | Department | Year Admitted | Hourly Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Joesph L. Steinfeld, Jr. | Partner | Bankruptcy | 1996 | $800.00 | 28.69 | $22,946.60 |
| Kara E. Casteel | Partner | Bankruptcy | 2008 | $675.00 | 190.80 | $128,722.50 |
| Richard J. Reding | Partner | Bankruptcy | 2009 | $675.00 | 59.60 | $40,230.00 |
| Victoria M. Manfredonia | Associate | Bankruptcy | 2021 | $500 | 23 | $11,500.00 |

| Name of Staff | Hourly Billing Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Victoria M. Manfredonia* | $300.00 | 8.50 | $2,550.00 |
| Laurie N.P. Miskowiec | $300.00 | 14.75 | $4,425.00 |
| Jennifer A. Hepola | $300.00 | 35.25 | $10,575.00 |
| Jean M. Esslinger | $300.00 | 15.80 | $4,740.00 |
| Andrew S. Thibodeau | $350.00 | 1.50 | $562.60 |

| Professionals | Blended Rates | Total Billed Hours | Total Compensation |
|---|---|---|---|
| Attorneys | $662.50 | **302.09** | **$203,399.10** |
| Staff | $310.00 | **75.80** | **$22,852.60** |
| Blended Rate All Timekeepers | $469.44 | | |
| **Totals** | | **377.89** | **$226,251.70** |

\* Rate prior to bar admission

1

**Aggregate Time Summary By Task Code**
**April 1, 2019 through October 31, 2022**

| Project Category | Total Hours | Total Fee(s) |
|---|---|---|
| Plan and Prepare For (A101) | 38.40 | $26,420.00 |
| Research (A102) | 60.55 | $30,552.50 |
| Draft/Revise (A103) | 104.63 | $60,002.50 |
| Review/Analyze (A104) | 51.67 | $35,770.80 |
| Communicate (in firm) (A105) | 3.55 | $2,508.80 |
| Communicate (with client) (A106) | 2.00 | $1,350.00 |
| Communicate (with outside counsel) (A107) | 26.20 | $17,617.50 |
| Communicate (other external) (A108) | 32.12 | $22,180.80 |
| Appear for/Attend (A109) | 12.20 | $8,860.00 |
| Mange data/Files (A110) | 45.37 | $20,378.80 |
| Other (A111) | 1.20 | $610.00 |
|  |  |  |
| **Total** |  | $226,251.70 |

**Expense Summary**
**April 1, 2019 through October 31, 2022**

| EXPENSES | AMOUNT |
|---|---|
| Copies | $649.50 |
| Electronic Research | $8,416.08 |
| Courier Services | $437.40 |
| Long Distance Telephone Charges | $139.02 |
| Postage | $771.90 |
| Foreign Service | $25,328.80 |
| Court Fees | $840.00 |
| **Total** | **$36,582.70** |

ASK LLP
Joseph L. Steinfeld, Jr.
Kara E. Casteel
2600 Eagan Woods Drive, Suite 400
Saint Paul, MN  55121
Telephone: (651) 406-9665
Email: kcasteel@askllp.com

Edward E. Neiger
Marianna Udem
60 East 42nd Street
New York, NY 10065
Telephone: (212) 267-7342
Email: eneiger@askllp.com

*Counsel for Sears Holdings Corporation and*
 *its debtor affiliates, as debtors and debtors in possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (SHL) |
| Debtors.[3] | (Jointly Administered) |

**FINAL APPLICATION OF ASK LLP FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES AS**
**COUNSEL TO THE LITIGATION DESIGNEES FOR THE PERIOD OF**
**APRIL 1, 2019 THROUGH OCTOBER 31, 2022**

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

ASK LLP (the "Applicant" or "ASK"), counsel to the Litigation Designees,[4] hereby submits its final application for compensation (the "Final Application"), pursuant to Sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for the final allowance of compensation for professional services provided in the amount of $226,251.70 and reimbursement of actual and necessary expenses in the amount of $36,528.70 that ASK LLP incurred for the period from April 1, 2019 through October 31, 2022 (the "Final Fee Period").[5] In support of this Final Fee Application, ASK LLP submits the declaration of Kara E. Casteel, a partner of ASK LLP regarding ASK LLP's compliance with the Fee Guidelines (defined below) (the "Casteel Declaration"), which is attached hereto as **Exhibit A**. In further support of this Final Fee Application, ASK LLP respectfully states as follows:

## PRELIMINARY STATEMENT

1.      On September 22, 2020, the Litigation Designees, on behalf of the Estates, retained ASK LLP to pursue certain claims against Sears Holdings public shareholders who benefitted from transactions related to (i) the 2014 spin-off of Lands' End, Inc. to Sears Holdings

---

[4] Pursuant to the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors and (II) Granting Related Relief* (the "Confirmation Order") [ECF No. 529], the Litigation Designees shall comprise (a) Patrick J. Bartels, (b) Eugene I. Davis, and (c) Raphael T. Wallander, as the Creditors' Committee's designees, and (x) Alan J. Carr and (y) William L. Transier, as the Debtors' designees, which designees shall become the initial members of the Liquidating Trust Board upon the Effective Date pursuant to Section 10.6(a) of the Plan.

[5] For the avoidance of doubt, this Application only covers professional services and necessary expenses incurred in providing the Litigation Designees services related to the Jointly Asserted Causes of Action, which are comprised of the "Public Shareholder Action," originally filed as Adv. No. 20-07007 and later consolidated with the "Insider Action" at Adv. No. 19-08250. Information about the Jointly Asserted Causes of Action can be found in the 9019 motion filed in Case No. 18-23538 at ECF No. 10566. ASK LLP was also separately retained by the Debtors to perform contingency-fee services involving the prosecution of avoidance actions. ASK LLP will separately file a final fee application for services related to avoidance action work.

Corp.'s shareholders and (ii) the 2015 issuance of subscription rights to Sears Holdings' shareholders to purchase shares of Seritage Growth Properties, Inc. at a specified price. The Litigation Designees previously filed a complaint asserting claims and causes of action against certain insider defendants in *Sears Holdings Corp. v. Lampert*, Adv. No. 19-08250 (the "Insider Action").[6] On October 15, 2020, ASK filed an adversary complaint in the *Sears Holding Corp. v. Tisch,* Adv. No. 20-07007 (the "Public Shareholder Action") against 139 public shareholders of Sears Holdings, each of whom, individually or collectively with affiliates, received in excess of $2 million in benefits from either or both of the Lands' End spin-off and Seritage rights offering transaction. On January 19, 2021, the Public Shareholder defendants filed numerous motions to dismiss. On February 19, 2021, the Creditors' Committee, on behalf of the Estates, filed its opposition brief. The Public Shareholder defendants filed reply briefs on March 5, 2021, and the Court heard oral argument on the Public Shareholder defendants' motions to dismiss on March 12, 2021. The Insider and Public Shareholder actions were consolidated by the Court, and a scheduling order was issued with a timeline for discovery once the Court issued a decision on the pending motions in both actions. Ultimately, the Public Shareholder Action was settled as part of a settlement encompassing the Jointed Asserted Causes of Action and certain additional matters in connection with the Chapter 11 Cases. (*See* Case No. 18-23538, ECF No. 10566). The Court approved the settlement on September 2, 2022 (ECF No. 10629). Shortly thereafter, the Plan went effective. (*See* ECF No. 10693). ASK submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services ASK LLP provided the Litigation Designees concerning the Public Shareholder Action is reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and

---

[6] The Creditors' Committee hired Akin Gump Strauss Hauer & Fled LLP to provide professional services related to the Insider Shareholder Action.

should be allowed.

2.     On November 16, 2018, this Court entered the Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 796] (the "Interim Compensation Order"). The Interim Compensation Order provides that when seeking compensation for services rendered, professionals must submit monthly fee statements to certain notice parties. Each person receiving a statement has fifteen (15) days after its receipt to review and object to such monthly fee statements. If no objection is made, the Debtors are authorized to pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "Holdback") and 100% of the charges and disbursements requested. ASK LLP has submitted a monthly fee statement for each month of the Final Fee Period in which fees or expenses were paid to ASK LLP.

## JURISDICTION AND BASIS FOR RELIEF

3.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5.     On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the

4

Bankruptcy Code (the "Committee"). No trustee, examiner, or other statutory committee has been appointed in the Chapter 11 Cases.

6.      October 15, 2019, the Court entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors and (II) Granting Related Relief* (the "Plan;" such order, the "Confirmation Order"). [ECF Nos. 4476 and 5370, respectively]. The effective date of the Plan occurred October 29, 2022 (the "Effective Date") [ECF No. 10693].

7.      Information regarding the Debtors' business, their capital and debt structure, and the events leading up to the filing of the Chapter 11 Cases is contained in the Declaration of Robert A. Riecker (the "Riecker Declaration") [Docket No. 3].

**RETENTION OF ASK**

8.      On June 6, 2019, the Debtors filed an application for the retention of ASK as special avoidance action counsel to pursue causes of action under chapter 5 of the Bankruptcy Code on behalf of the Debtors' estates (the "Retention Application"). [ECF No. 4136]. Joseph L. Steinfeld, Jr. provided a declaration for ASK's retention in the application and, given the limited scope of ASK's engagement, conducted a preliminary and focused conflicts search of 1) the avoidance action targets and 2) each Debtor entity. The Court entered the order authorizing ASK's employment as special avoidance action counsel on June 27, 2019 [ECF No. 4373]. Pursuant to the order authorizing ASK's employment as special avoidance action counsel, ASK is paid for its contingency fee engagement only on recoveries obtained.

9.      On October 15, 2019, the Court entered the Confirmation Order which, among other things, granted the Creditors' Committee joint standing with the Debtors to prosecute the Jointly Asserted Causes of Action, subject to the oversight of the Litigation Designees, which designees shall become the initial members of the Liquidating Trust Board upon the effective

5

date of the Plan. The Confirmation Order also provided that, upon the effective date of the plan, the Liquidating Trust Assets, which include causes of action under chapter 5 of the Bankruptcy Code, shall vest in the Liquidating Trust.

10.     Litigation Designees thereafter requested that ASK provide legal services on an hourly basis to the Litigation Designees in connection with the prosecution of the Jointly Asserted Causes of Action. The Litigation Designees' request was in accordance with the Confirmation Order, which provides that "without further order of this Court, the Litigation Designees may retain such additional professionals or consultants (including attorneys, accountants, appraisers, financial advisors, expert witnesses or other parties determined by the Initial Litigation Designees to have qualifications necessary or desirable to assist in the investigation, prosecution, and/or settlement of the Jointly Asserted Causes of Action) (collectively with Akin Gump, the 'Litigation Professionals').

11.     On October 14, 2020, the *Declaration of Disinterestedness of Joseph L. Steinfeld, Jr. in Support of Employment of ASK LLP* (the "Shareholder Litigation Declaration") [ECF No. 8975] was filed in support of the Ligation Designees' retention of ASK in connection with the prosecution of the Jointly Asserted Causes of Action. Although the Confirmation Order provided that the Litigation Designees could retain professionals without further Court order, the Shareholder Litigation Declaration was filed to provide additional conflict checks in light of ASK's expanded representation in the cases. The Shareholder Litigation Declaration also provided the hourly rates of the professionals providing services in connection with the Jointly Asserted Causes of Action.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

12.     The Final Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447, dated January 29, 2013 (the "Local Guidelines"), the United States Trustee Fee Guidelines – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines", and together with the Local Guidelines, the "Guidelines") and the Interim Compensation Procedures. Pursuant to the Local Guidelines, a certification of Kara E. Casteel regarding compliance with the same is filed concurrently herewith.

13.     ASK seeks final allowance of its fees for professional services rendered during the Final Fee Period in the amount of $226,251.70 and approval of expense reimbursement in the amount of $36,582.70 (the "Final Fees").

14.     There is no agreement or understanding between ASK and any other person, other than members of ASK, for the sharing of compensation to be received for services rendered to the Debtors in connection with these Chapter 11 Cases.

15.     Attached hereto as **Exhibit B** is a schedule of ASK LLP attorneys and paraprofessionals who have performed services for the Litigation Designees during the Final Fee Period, the capacities in which each individual is employed by ASK LLP, the department in which the individual practices, the hourly billing rate charged by ASK LLP for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith.

16.    Attached hereto as **Exhibit C** is a summary of ASK LLP's time records billed using task codes described below. To provide a meaningful summary of ASK LLP's services provided on behalf of the Debtors and their estates, ASK LLP has established, in accordance with its internal billing procedures, certain task code categories (each, a "Task Code Category") in connection with these Chapter 11 Cases. ASK LLP maintains computerized records of time spent by all ASK LLP attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records have been furnished to the Debtors and the Court in the format specified by the Fee Guidelines for each month of the Final Fee Period, each with a statement of the fees and disbursements accrued during the corresponding month.

17.    Attached hereto as **Exhibit D** is a schedule specifying the categories of expenses for which ASK LLP is seeking reimbursement and the total amount for each such expense category. Itemized computer records of such expenses have been provided to the Debtors and filed in conjunction with each monthly fee statement.

18.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Fee Period, but were not processed prior to the preparation of this Fee Application, ASK LLP reserves the right to request additional compensation for such services and reimbursement of such expenses by future application to the Court.

## SUMMARY OF LEGAL SERVICES RENNDERED DURING THE FINAL FEE PERIOD

19.    During the Final Fee Period, ASK LLP provided professional services to the Litigation Designees in connection with these Chapter 11 Cases.

8

20.     Below is a detailed summary of the most significant professional services performed by ASK LLP in each Task Code Category, organized in accordance with ASK LLP's internal system of matter numbers for these Chapter 11 Cases.

**A. Plan and Prepare for (A101)**
Total Fees: $26,420.00
Total Hours: 38.4

21.     This task code includes attorney time preparing for court appearances and reviewing filings in connection with the same.

**B. Research (A102)**
Total Fees: $30,552.50
Total Hours: 60.55

22.     This task code includes legal research and defendant entity research.

**C. Draft/Revise (A103)**
Total Fees: $60,002.50
Total Hours:104.63

23.     This task code includes drafting legal documents such as stipulations, motions, responses and replies to motions, fee applications, notices of dismissal, and letters to the Court.

**D. Review/Analyze (A104)**
Total Fees: $35,770.80
Total Hours: 51.67

24.     This task code includes reviewing documents including documents in the Insider Shareholder Action, briefs/motions, responses to briefs, data underlying Exhibit A to the Complaint, and documents produced pursuant to certain subpoenas.

**E. Communicate (in firm) (A105)**
Total Fees: $2,508.80
Total Hours: 3.55

25.     This task code includes time spent by ASK LLP attorneys meeting telephonically and in-person, where such meetings are not otherwise captured in time entries billed to specific subject matters.

### F.  Communicate (with client) (A106)
Total Fees: $1,350.00
Total Hours: 2

26.     This task code includes time spent by ASK LLP attorneys communicating with the client via email and telephonically, where such meetings are not otherwise captured in time entries billed to specific subject matters.

### G.  Communicate (with outside counsel) (A107)
Total Fees: $17,617.50
Total Hours: 26.2

27.     This task code includes spent by ASK LLP attorneys communicating with counsel representing defendants and other interested parties in the Consolidated Action.

### H.  Communicate (other external) (A108)
Total Fees: $22,180.80
Total Hours: 32.12

28.     This task code includes ASK LLP attorneys communicating with the certain co-counsel and conflicts counsel via email and telephonically, where such meetings are not otherwise captured in time entries billed to specific subject matters.

### I.  Appear for/Attend (A109)
Total Fees: $8,860.00
Total Hours: 12.2

29.     This task code includes attending and participating, whether telephonically or via video conference, at court hearings.

### J.  Mange data/File (A110)
Total Fees: $20,378.80
Total Hours: 45.37

10

30.     This task code includes reviewing and updating internal ASK records on defendants, including service status, updating counsel records, and response deadlines.

**K.  Other (A111)**
Total Fees: $610.00
Total Hours: 1.2

31.     This task code includes other administerial items not otherwise captured in time entries billed to specific subject matters.

## <u>ALLOWANCE OF COMPENSATION</u>

**A.  ASK's Fee Request is Reasonable and Should be Granted**

32.     Section 330 of the Bankruptcy Code authorizes a bankruptcy court to award an attorney reasonable compensation for actual, necessary services rendered. 11 U.S.C. § 330(a)(1). The criteria for measuring "reasonable compensation" begins with the factors set out under section 330(a)(3) of the Bankruptcy Code. To determine the amount of "reasonable compensation," the Court must consider the nature, the extent and the value of the services rendered by the professional, taking into account all relevant factors, which may include:

(a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary and beneficial towards the completion of the bankruptcy case;

(d)     whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)     whether the professional has demonstrated skill and experience in the bankruptcy field; and

(f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

*See* 11 U.S.C. § 330(a)(3).

33.    As the Second Circuit has held, "the first step in the calculation of reasonable attorney's fees is the determination of the so-called 'lodestar' amount. The lodestar amount represents the number of hours reasonably worked on a case multiplied by the reasonable hourly rate." *Wells v. Bowen*, 855 F.2d 37, 43 (2d Cir. 1988) (citations omitted). "The 'lodestar' includes 'most, if not all' of the factors relevant to determining a reasonable fee," (*see Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)), including the "novelty and complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the representation are presumably fully reflected in the lodestar amount. *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).

34.    As part of the Court's assessment of attorneys' fees under section 330, the Court must also consider whether the services rendered by the professional were necessary and beneficial towards the completion of the bankruptcy case at the time at which the service was rendered. *See* 11 U.S.C. § 330(a)(3). Consistent with that directive, the Court's objective inquiry must necessarily be based upon the services that a reasonable lawyer would have performed under the same circumstances at that time. *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996)). "[T]he Court should not invoke perfect hindsight" and the appropriate perspective is one that is "prospective" and hours "should be disallowed only where a Court is convinced it is readily apparent that no reasonable attorney should have undertaken that activity

12

or project or where the time devoted was excessive." *In re Cenargo Int'l, PLC*, 294 B.R. 571, 595-96 (Bankr. S.D.N.Y. 2003).

35.    ASK believes that the services rendered for the Litigation Designees were performed economically, effectively, and efficiently and the results obtained were of great benefit not only to the Litigation Designees, but also to the Debtors' unsecured creditors as a whole.  ASK further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Litigation Designees, the Debtors, and the Creditors' Committee.

36.    Based on the foregoing, ASK submits that considering (a) the time and labor required of ASK; (b) the skill required of ASK to perform the services involved; (c) ASK's customary fees for such work; (d) ASK's experience, reputation and ability; (e) the awards under similar circumstances; and (f) the results obtained, the compensation sought in this Final Application is fair and reasonable.

**B.  ASK's Expenses Should be Reimbursed in Full**

37.    Section 330 of the Bankruptcy Code authorizes reimbursement of attorneys for actual and necessary expenses.  11 U.S.C. § 330(a)(1)(B).  Expenses are considered "actual" if they are in fact incurred (*see In re S.T.N. Enter., Inc.*, 70 B.R. 823, 834 (Bankr. D. Vt. 1987)), and are considered necessary where they were "reasonably needed to accomplish proper representation of the client." *In re Pacific Express, Inc.*, 56 B.R. 859, 865 (Bankr. E.D.Cal.1985); *In re American Preferred Prescription, Inc.*, 218 B.R. 680, 686-87 (Bankr. E.D.N.Y.1998) (holding that an expense is necessary if incurred to accomplish proper representation).

38.     As with requests for compensation, the Court should consider whether the expenses were necessary to the administration of the estate, beneficial to the estate at the time they were incurred and reasonably likely to benefit the estate.  *See* 11 U.S.C. § 330(a)(1).  In making that determination, the Court should apply an objective standard.

39.     Moreover, the U.S. Trustee Guidelines identify several factors as indicative of the reasonableness of expenses, including whether the expense is economical rather than extravagant; whether it is customarily charged to the firm's non-bankruptcy clients; whether the firm has provided a detailed itemization; whether the firm has pro-rated expenses between the estate and other cases where appropriate; and whether expenses are limited to the actual cost incurred.

40.     The actual and necessary expenses incurred by ASK in connection with the Chapter 11 Cases case are reasonable in light of the services rendered as described herein. ASK's fee structure is based upon the practice of charging its clients separately for out-of-pocket disbursements directly applicable to a particular matter and such disbursements are not figured into its hourly time charges for the rendition of professional services by attorneys.

41.     In the ordinary course of business, ASK charges its clients for the actual cost of the expenses. ASK also passes along any corporate or volume discounts that ASK has negotiated with outside vendors on behalf of its clients, including the Litigation Designees.  The expenses for which reimbursement is sought meet the criteria of section 330 and the U.S. Trustee Guidelines, and accordingly, ASK submits that it may be reimbursed in full.

14

## RESERVATION OF RIGHTS

42.     It is possible that some professional time expended or expenses incurred during the Final Fee Period are not referenced in this Final Fee Application. ASK LLP reserved the right to seek payment of such amounts in the future.

## NOTICE

43.     Notice of this Final Fee Application shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (v) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

44.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## CONCLUSION

WHEREFORE, ASK respectfully requests that the Court enter an order: (i) granting the Final Application in its entirety, (ii) awarding ASK the final allowance of fees for the Final Fee Period in the amount of $226,251.70 and reimbursement of expenses in the amount of $36,582.70 for a total award of $262,834.40, and (iii) granting such other relief as is just and proper.

Dated: January 6, 2023                    **ASK LLP**

*/s/ Kara E. Casteel*
Kara E. Casteel
Joseph L. Steinfeld, Jr.
2600 Eagan Woods Drive, Suite 400
Saint Paul, MN  55121
Telephone: (651) 406-9665
Email: kcasteel@askllp.com

*-and-*

Edward E. Neiger, Esq.
60 East 42nd Street
New York, NY 10065
Telephone: (212) 267-7342
Fax: (212) 918-3427

**<u>Exhibit A</u>**

**Casteel Declaration**

ASK LLP
Joseph L. Steinfeld, Jr.
Kara E. Casteel
2600 Eagan Woods Drive, Suite 400
Saint Paul, MN 55121
Telephone: (651) 406-9665
Email: kcasteel@askllp.com

Edward E. Neiger
Marianna Udem
60 East 42nd Street
New York, NY 10065
Telephone: (212) 267-7342
Email: eneiger@askllp.com

*Counsel for Sears Holdings Corporation and*
*its debtor affiliates, as debtors and debtors in possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No. 18-23538 (SHL) |
| Debtors.[7] | (Jointly Administered) |

---

[7] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DECLARATION OF KARA E. CASTEEL
IN SUPPORT OF THE FINAL APPLICATION OF ASK LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
COUNSEL TO THE LITIGATION DESIGNEES FOR THE PERIOD OF
APRIL 1, 2019 THROUGH OCTOBER 31, 2022**

KARA E. CASTEEL makes this declaration under 28 U.S.C. § 1746:

1.      I am a partner in the firm ASK LLP which has an office located at 2600 Eagan

Woods Drive, Suite 400, St. Paul, Minnesota, 55121. I am a member in good standing of the bar

of Minnesota. I have been duly admitted to practice in the State of Minnesota, District of

Minnesota, and the U.S. Court of Appeals for the Third Circuit, and a I am authorized to make

this declaration (the "Declaration") on behalf of ASK LLP.

2.      I have read the foregoing fee application of ASK LLP for the Final Fee Period

(the "Fee Application"). To the best of my knowledge, information, and belief, the statements

contained in the Fee Application are true and correct. In addition, I believe that the Fee

Application complies with Local Rule 2016-1 and the Fee Guidelines.

3.      In connection therewith, I hereby certify that:

a) I have read this application;

b) to the best of my knowledge, information, and belief, formed after reasonable
inquiry, the fees and disbursements sought in the Fee Application are permissible
under the relevant rules, court orders, and Bankruptcy Code provisions;

c) the fees and disbursements sought in the Fee Application are billed at rates
customarily employed by ASK LLP and generally accepted by
ASK LLP's clients. In addition, none of the professionals seeking
compensation varied their hourly rate based on the geographic location of
the Debtors' cases;

d) in providing a reimbursable expense, ASK LLP does not make a
profit on that expense, whether the service is performed by ASK LLP
in-house or through a third party;

19

e) in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between ASK LLP and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

f) all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

4. Pursuant to Section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that ASK LLP has complied with the provisions requiring ASK LLP to provide the Debtors and the U.S. Trustee with a statement of ASK LLP's fees and expenses accrued during the previous month, although such statements were not always provided with the exact timetables set forth in the Interim Compensation Order.

5. Pursuant to Section B(3) of the Local Guidelines, I certify that ASK LLP has provided the Debtors and the U.S. Trustee with statements of ASK LLP's fees and expenses incurred during the Final Fee Period, including all time and expense details for the amounts requested herein.

6. In accordance with the UST Guidelines, ASK LLP responds to the questions identified therein as follows:

Question 1: Did ASK LLP agree to any variations from, or alternatives to, ASK LLP's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Fee Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Fee Application as compared to the fees budgeted for the time period covered by the Fee Application are higher by 10% or more, did ASK LLP discuss the reasons for the variation with the client?

Answer: The fees sought in the Fee Application do not exceed those budgeted for such time.

Question 3: Have any of the professionals included in the Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer: No.

Question 5: Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6: Does the Fee Application include any rate increases since ASK LLP's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: No.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.


Dated: January 6, 2023                    **ASK LLP**

                                          */s/ Kara E. Casteel*
                                          Kara E. Casteel
                                          Joseph L. Steinfeld, Jr.
                                          2600 Eagan Woods Drive, Suite 400
                                          Saint Paul, MN  55121
                                          Telephone: (651) 406-9665
                                          Email: kcasteel@askllp.com

**Exhibit B**

**Compensation by Professional**
**<u>April 1, 2019 through October 31, 2022</u>**

| Name of Professional | Title | Department | Year Admitted | Hourly Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|
| Joesph L. Steinfeld, Jr. | Partner | Bankruptcy | 1996 | $800.00 | 28.69 | $22,946.60 |
| Kara E. Casteel | Partner | Bankruptcy | 2008 | $675.00 | 190.80 | $128,722.50 |
| Richard J. Reding | Partner | Bankruptcy | 2009 | $675.00 | 59.60 | $40,230.00 |
| Victoria M. Manfredonia | Associate | Bankruptcy | 2021 | $500 | 23 | $11,500.00 |

| Name of Staff | Hourly Billing Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Victoria M. Manfredonia | $300.00 | 8.50 | $2,550.00 |
| Laurie N.P. Miskowiec | $300.00 | 14.75 | $4,425.00 |
| Jennifer A. Hepola | $300.00 | 35.25 | $10,575.00 |
| Jean M. Esslinger | $300.00 | 15.80 | $4,740.00 |
| Andrew S. Thibodeau | $350.00 | 1.50 | $562.60 |

| Professionals | Blended Rates | Total Billed Hours | Total Compensation |
|---|---|---|---|
| Attorneys | $662.50 | **302.09** | **$203,399.10** |
| Staff | $310.00 | **75.80** | **$22,852.60** |
| Blended Rate All Timekeepers | $469.44 | | |
| Totals | | **377.89** | **$226,251.70** |

**Exhibit C**

**Compensation by Task Code**
**April 1, 2019 through October 31, 2022**

| Project Category | Total Hours | Total Fee(s) |
|---|---|---|
| Plan and Prepare For (A101) | 38.40 | $26,420.00 |
| Research (A102) | 60.55 | $30,552.50 |
| Draft/Revise (A103) | 104.63 | $60,002.50 |
| Review/Analyze (A104) | 51.67 | $35,770.80 |
| Communicate (in firm) (A105) | 3.55 | $2,508.80 |
| Communicate (with client) (A106) | 2.00 | $1,350.00 |
| Communicate (with outside counsel) (A107) | 26.20 | $17,617.50 |
| Communicate (other external) (A108) | 32.12 | $22,180.80 |
| Appear for/Attend (A109) | 12.20 | $8,860.00 |
| Mange data/Files (A110) | 45.37 | $20,378.80 |
| Other (A111) | 1.20 | $610.00 |
|  |  |  |
| **Total** |  | $226,251.70 |

**Exhibit D**

**Expense Summary**

| EXPENSES | AMOUNT |
|---|---|
| Copies | $649.50 |
| Electronic Research | $8,416.08 |
| Courier Services | $437.40 |
| Long Distance Telephone Charges | $139.02 |
| Postage | $771.90 |
| Foreign Service | $25,328.80 |
| Court Fees | $840.00 |
| **Total** | **$36,582.70** |