UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re

SEARS HOLDING CORPORATION, *et al.,*

              Debtor
--------------------------------------------------------X

**NOTICE OF MOTION**

Case No.:  18-23538 RDD

       PLEASE TAKE NOTICE that, upon the annexed Declaration of Kenneth E. Mangano and the exhibits annexed thereto, and upon all pleadings and proceedings heretofore had herein, claimants, SONIA VARGAS ("VARGAS") will move this Court before the Honorable Justice Robert D. Drain at the United States District Court for the Southern District, located at 300 Quarropas Street, White Plains, NY  10601, on February 22, 2023 at  2:00 p.m., for an Order, pursuant to the provisions of 11 U.S.C. Section 362, Local Bankruptcy Rules of the United States District Court, Southern District, lifting the automatic stay of his personal injury action against Debtor, SEARS HOLDING CORPORATION, *et al.,*  now pending in the Supreme Court of the State of New York, County of Suffolk,  together with such other and further relief as this Court deems just, equitable and proper.

       PLEASE TAKE NOTICE, that answering papers shall be served by February 15, 2023.

       PLEASE TAKE FURTHER NOTICE, that reply papers, if any, shall be served by February 20, 2023.

DATED:      HAUPPAUGE, NEW YORK
              January 12, 2023

                    Respectfully submitted,
                    Ferro, Kuba, Mangano, P.C.,

                    By:_____
                    Kenneth E. Mangano, Esq.
                    Attorneys for Sonia Vargas

825 Veterans Highway
Hauppauge, New York 11788
(631) 581-9494
Our File No. P15431-15

TO:

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Ray C. Schrock, P.C.
Jacqueline Marcus
Garret A. Fail
Sunny Singh
*Attorneys for Debtors*
*And Debtors in Possession*

GRUVMAN, GIORDANO & GLAWS, LLP
*Attorneys for Defendant*
*KMART CORPORATION*
61 Broadway, Suite 2235
New York, New York 10006
(212) 269-2353

LAW OFFICE OF KEITH J. CONWAY
*Attorney for Defendant*
*ELIAS PROPERTIES BABYLON LLC*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 845-2600

MAZZARA & SMALL, P.C.
*Attorney for Defendant*
*Geiger's Landscaping i/s/h/a*
*Greg Geiger's Landscaping and Snow Removal*
1698 Roosevelt Avenue
Bohemia, New York 11716
(631) 360-0600

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re                                                    Chapter 11

SEARS HOLDING CORPORATION, *et al.,*                     Case No.: 18-23538 RDD


        Debtor
--------------------------------------------------------X

### MOTION- DECLARATION TO LIFT AUTOMATIC STAY

Pursuant to the provisions of 11 U.S.C. Section 362, Local Bankruptcy Rules of the United

States District Court, Southern District, SONIA VARGAS ("VARGAS") respectfully moves this

Honorable Court for an Order lifting the automatic stay of her personal injury action against Debtor,

SEARS HOLDING CORPORATION, ("SEARS") now pending in the Supreme Court of the State

of Suffolk, captioned *SONIA VARGAS vs. KMART CORPORATION, ELIAS PROPERTIES*

*BABYLON, LLC AND GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL,* and bearing

index number 611547/17 ("the state court action"). KMART CORPORATION is a subsidiary

company of SEARS HOLDING CORPORATION. In support of this motion, VARGAS states by

her attorneys FERRO, KUBA, MANGANO PC, by KENNETH E. MANGANO, that SEARS, via

KMART, has insurance coverage in the amount of $5,000,000.00 which is available to cover

plaintiff's claims in the State Court action, and that relief from the stay will not prejudicially impact

the debtor or the bankruptcy estate, as VARGAS will limit any recovery against SEARS and KMART

in the state court action to the foregoing available insurance coverage.

3

## **RELEVANT BACKGROUND FACTS**

The Supreme Court action is one for serious and permanent personal injuries sustained on February 23, 2015 by the plaintiff, SONIA VARGAS who was on the premise of 1000 Montauk Highway, West Babylon, New York 11704, which was owned by Elias Properties Babylon and leased by KMART CORPORATION. The Supreme Court action was commenced by electronic filing on June 20, 2017 (a copy of the e-filed Summons and Complaint in the State Court action is annexed hereto as **Exhibit "A"**). After proceeding with litigation and the discovery process for over a year, this office was informed on October 17, 2018 by counsel for KMART in the State Court action that the Supreme Court action was automatically stayed when debtor, SEARS filed its voluntary Petition for Bankruptcy pursuant to 11 U.S.C. Section 362 on October 15, 2018. A copy of the Petition and Automatic Stay is annexed hereto as **Exhibit "B"**.

At the time of the accident, KMART was insured under an insurance policy issued by Sedgwick Claims Management Services Inc., with limits of $5,000,000.00 for each loss. Annexed hereto as **Exhibit "C"** is the disclosure received from counsel for KMART. VARGAS agrees to pursue only the foregoing available insurance coverage of KMART and will not pursue or be entitled to recovery from the debtor's estate or personal assets thereof to the extent that any judgment, assessment, and/or recovery against KMART or SEARS in the State Action exceeds said available coverage. In the event a judgment, assessment, and/or recovery is entered or obtained in favor of VARGAS in the State Court action, VARGAS agrees and shall recover from KMART only from and up to the policy limits of said policy's proceeds in satisfaction of any judgment, assessment, and/or recovery against VARGAS in the State Court action; nor shall VARGAS attempt to enforce all or any part of said judgment, assessment, and/or recovery against KMART or SEARS in the State Court

4

action in excess of these policy limits of said policy's proceeds, or recover all or any part of said judgment, assessment, and/or recovery in the State Court action from the personal assets of KMART or SEARS. By reason of the foregoing, KMART'S total exposure is limited to the extent of these policy limits. For these reasons, and the judicial economy that will be served by reducing VARGAS'S claim to a liquidated sum, movants herein respectfully request that the Court lift the automatic stay with regard to the State Court action, and allow VARGAS to pursue her claims against KMART in the State Court action limited solely to obtaining a judgment, assessment, and/or recovery in the State Court action in an amount not in excess of the policy limits of the foregoing available insurance coverage and/or proceeds of said policy.

## ARGUMENT

U.S.C. Section 362(d)(1) provides that the "Court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay for cause." Further, "actions which are only remotely related to the case under Title 11 or which involve the rights of third parties often will be permitted to proceed in another forum." 2 Collier on Bankruptcy Section 362.07[3]. The test for whether a stay should be lifted to permit state court actions to proceed involves consideration of the following factors: (a) whether great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the state proceedings; (b) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor of permitting proceedings to go forward; and (c) whether the non-debtor party has a likelihood of prevailing on the merits. See, In Re Pro Football Weekly, Inc., 60 B.R. 824, 826 (D. N.E. Ill. 1986); In Re Salisbury, 123 B.R. 913,915 (S.D. Ala. 1990); In Re Bock Laundry Machine Co., 37 B.R. 564,566 (Bankr. N.D. Ohio 1984). Here each of these factors favors VARGAS. In

addition, "a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but [rather, a decision to lift the stay is merely] a determination that [their] claim is sufficiently plausible to allow its prosecution elsewhere." Grella v. Salem Five Cent Savings Bank, 42 F.3d 26,34 (1994).

In the first instance, continuation of VARGAS'S claims in the State Court action will not result in any prejudice or hardship to the debtor or the bankruptcy estate. It will not diminish the estate of the debtor because the debtor's $5,000,000.00 of available insurance covers both the defense of the claim and covered damages.

On the other hand, VARGAS has already suffered significant harm and physical injury as a result of the debtor's alleged negligence and will be further prejudiced by awaiting resolution of the debtor's bankruptcy petition before proceeding for recovery against the foregoing insurance available to debtor. Furthermore, the rights and responsibilities of the non-debtor defendants in the Supreme Court action can be adjudicated therein but would not be addressed in the Bankruptcy forum. Therefore, since the relief from the stay will have no effect on the bankruptcy estate, VARGAS'S application should be granted.

In addition, resolving the personal injury action will have the added advantage of quantifying or liquidating VARGAS'S claims. To the extent that any verdict or judgment against KMART in the state court action exceeds KMART'S available insurance coverage, VARGAS agrees not to pursue KMART'S or SEAR'S personal estate or assets. Therefore, there could be no prejudice to the debtor by lifting the stay. There is irreparable prejudice to VARGAS on the other hand, if she is denied her right to pursue her claims of serious injuries in the state court action. Finally, KMART nor SEARS

has any equity in the subject insurance policy, and thus the policy is not needed for an effective

reorganization.

Wherefore, VARGAS respectfully request that this Honorable Court:

1. Grant this motion to lift the automatic stay;
2. Allow VARGAS to proceed with his personal injury and derivative claims action in state court against the debtor, KMART and SEARS;
3. Grant such other and further relief as this Court deems just and necessary.

DATED:        Hauppauge, New York
              January 4, 2023

                                        Respectfully submitted,
                                        Ferro, Kuba, Mangano P.C.,


                                        By: _____
                                        Kenneth E. Mangano, Esq.
                                        Ferro, Kuba, Mangano P.C.,
                                        Attorneys for SONIA VARGAS
                                        825 Veterans Highway
                                        Hauppauge, New York 11788
                                        (631) 581-9494
                                        Our File No. P15431-15




TO:
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Ray C. Schrock, P.C.
        Jacqueline Marcus
        Garret A. Fail
        Sunny Singh
        *Attorneys for Debtors*
        *And Debtors in Possession*


        GRUVMAN, GIORDANO & GLAWS, LLP
        *Attorneys for Defendant*

7

*KMART CORPORATION*
61 Broadway, Suite 2235
New York, New York 10006
(212) 269-2353

LAW OFFICE OF KEITH J. CONWAY
*Attorney for Defendant*
*ELIAS PROPERTIES BABYLON LLC*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 845-2600

MAZZARA & SMALL, P.C.
*Attorney for Defendant*
*Geiger's Landscaping i/s/h/a*
*Greg Geiger's Landscaping and Snow Removal*
1698 Roosevelt Avenue
Bohemia, New York 11716
(631) 360-0600

# EXHIBIT A



# NYSCEF - Suffolk County Supreme Court

# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases.  The NYSCEF site has received your electronically filed document(s) for:

### SONIA VARGAS - v. - KMART CORPORATION et al

### Index Number NOT assigned

### Assigned Judge: None Recorded

## Documents Received on    06/20/2017 09:48 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:    **REBECCA JEANNE FORTNEY**

Phone #:                          E-mail Address:    **rfortney@ferrokuba.com**

Fax #:                             Work Address:      **424 West 33 Street**
**New York, NY 10001**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 06/20/2017 09:48 AM :

**FORTNEY, REBECCA JEANNE - rfortney@ferrokuba.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Judith A. Pascale, Suffolk County Clerk -**
**http://www.suffolkcountyny.gov/Departments/CountyClerk/EfilingNotice.aspx**
Phone: 631-852-2000    Fax: 631-852-3016 (fax)    Website:
http://www.suffolkcountyny.gov/Departments/CountyClerk/EfilingNotice.aspx

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No.:

**SUMMONS**

SONIA VARGAS,

        Plaintiff,

-against-

KMART CORPORATION, ELIAS PROPERTIES
BABYLON, LLC and GREG GEIGER'S LANDSCAPING
AND SNOW REMOVAL,

        Defendants.

Plaintiff designates Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
1472 Denver Avenue
Bay Shore, NY 11706

County of Suffolk

**To the above named Defendants:**

       **You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance on the Plaintiff's attorneys within twenty days after the service of this
summons, exclusive of the day of service, where service is made by delivery upon you
personally within the state, or, within 30 days after completion of service where service is
made in any other manner. In case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:  Hauppauge, New York
      June 19, 2017

                            Ferro, Kuba, Mangano, Sklyar, P.C.
                            Attorneys for Plaintiff

                            MICHAEL N. MANOLAKIS, ESQ.
                            321 Broadway, Suite 400
                            New York, NY 10004
                            212-244-7676
                            Our File No. P15431-15

TO:

K-Mart
Ct Corporation System
111 Eighth Avenue NY, NY 10011

ELIAS PROPERTIES BABYLON, LLC
500 N. Broadway
Jericho, New York 11753

Greg Geiger's Landscaping and Snow Removal
211 Handsome Avenue
Sayville, NY 11782-2920

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

_____

SONIA VARGAS,                                                    Index No.:

        Plaintiff,                                          **VERIFIED COMPLAINT**

-against-

KMART CORPORATION, ELIAS PROPERTIES
BABYLON, LLC and GREG GEIGER'S LANDSCAPING
AND SNOW REMOVAL,

        Defendants.

_____

      Plaintiff, by his/her attorneys, **Ferro, Kuba, Mangano, Sklyar, P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

      1.    At the time of the commencement of this action, Plaintiff SONIA G. VARGAS, resided in the County of Suffolk, State of New York.

      2.    That the cause of action alleged herein arose in the County of Suffolk, City and State of New York.

      3.    At the time of the commencement of this action, the Defendant KMART CORPORATION was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      4.    At the time of the commencement of this action, the Defendant KMART CORPORATION was and still is a foreign corporation duly authorized to do business in the State of New York.

      5.    At the time of commencement of this action, the Defendant ELIAS PROPERTIES BABYLON, LLC maintained its principal place of business in the County of Suffolk, State of New York.

6.      At the time of the commencement of this action, the Defendant ELIAS PROPERTIES BABYLON, LLC was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      At the time of the commencement of this action, the Defendant ELIAS PROPERTIES BABYLON, LLC was and still is a foreign corporation duly authorized to do business in the State of New York.

8.      At the time of commencement of this action, the Defendant ELIAS PROPERTIES BABYLON, LLC maintained its principal place of business in the County of Suffolk, State of New York.

9.      At the time of the commencement of this action, the Defendant GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.      At the time of the commencement of this action, the Defendant GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL was and still is a foreign corporation duly authorized to do business in the State of New York.

11.      At the time of the commencement of this action, the Defendant GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL maintained its principal place of business in the County of Suffolk, State of New York.

12.      On February 23, 2015, and at all times herein mentioned, a premises existed in the County of Suffolk, City and State of New York with the address of, 1000 Montauk Highway, West Babylon, New York 11704.

13.      On February 23, 2015, and at all times herein mentioned, the aforesaid premises were owned by Defendant, KMART CORPORATION.

4

14.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were operated by Defendant, KMART CORPORATION.

15.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were maintained by Defendant, KMART CORPORATION.

16.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were controlled by Defendant, KMART CORPORATION.

17.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were repaired by Defendant, KMART CORPORATION.

18.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were managed by Defendant, KMART CORPORATION.

19.    On February 23, 2015, and at all times herein mentioned, it was the duty of Defendant, KMART CORPORATION to maintain the premises at 1000 Montauk Highway, West Babylon, New York 11704, in the County of Suffolk, State of New York, in a reasonably safe condition.

20.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were owned by Defendant, ELIAS PROPERTIES BABYLON, LLC.

21.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were operated by Defendant, ELIAS PROPERTIES BABYLON, LLC.

22.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were maintained by Defendant, ELIAS PROPERTIES BABYLON, LLC.

23.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were controlled by Defendant, ELIAS PROPERTIES BABYLON, LLC.

24.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were repaired by Defendant, ELIAS PROPERTIES BABYLON, LLC.

5

25.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were managed by Defendant, ELIAS PROPERTIES BABYLON, LLC.

26.    On February 23, 2015, and at all times herein mentioned, it was the duty of Defendant, ELIAS PROPERTIES BABYLON, LLC to maintain the premises at 1000 Montauk Highway, West Babylon, New York 11704, in the County of Suffolk, State of New York, in a reasonably safe condition.

27.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were owned by Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL.

28.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were operated by Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL.

29.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were maintained by Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL.

30.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were controlled by Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL.

31.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were repaired by Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL.

32.    On February 23, 2015, and at all times herein mentioned, the aforesaid premises were managed by Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL.

33.    On February 23, 2015, and at all times herein mentioned, it was the duty of Defendant, GREG GEIGER'S LANDSCAPING AND SNOW REMOVAL to maintain the premises at 1000 Montauk Highway, West Babylon, New York 11704, in the County of Suffolk, State of New York, in a reasonably safe condition.

34.    On February 23, 2015, Plaintiff SONIA G. VARGAS was lawfully on the aforesaid premises.

35.    On February 23, 2015, Plaintiff SONIA G. VARGAS was a lawful pedestrian at the above-mentioned location.

36.    On February 23, 2015, while Plaintiff was lawfully at the aforesaid location, Plaintiff was caused to slip and/or trip and fall and sustain severe and permanent injuries.

37.    The above mentioned occurrence and the results thereof were caused by the negligence of Defendants and/or said Defendant's servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the receiving  area in the rear of the subject building, more specifically near the gas area; Defendants were careless, reckless, and negligent in the care and maintenance of the receiving  area in the rear of the subject building, more specifically near the gas area in that they negligently failed to clear, sand or otherwise remove the ice and snow from said area; in failing to apply sand, salt, or any deicing agent to the aforesaid area to treat ice conditions; that they knew or should have known that the ice and snow was potentially dangerous; in acting with reckless disregard for the safety of others in failing to provide an alternate pathway and/or walkway which was clear of ice and snow, in causing, allowing and permitting said area at the place above-mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a broken, defective, cracked, uneven, irregular, unlevel, slippery, dangerous and/or hazardous condition existing thereat; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the

7

7 of 10

aforesaid area in a reasonably safe and proper condition in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said location; in causing allowing and permitting the existence of a condition which constituted a trap nuisance, menace and danger to lawful pedestrians; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous conditions; in failing to give Plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above aforesaid area to be and remain in said condition for an unreasonable length of time, resulting in a hazard to Plaintiff and other; in failing to take suitable and proper precautions for the safety of persons on and using aforesaid area.

38.    That, upon information and belief, Defendants KMART CORPORATION, ELIAS PROPERTIES BABYLON, LLC and Greg Geiger's Landscaping and Snow Removal had actual and constructive notice of this defective condition.

39.    That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

40.    That because of the above stated premises, Plaintiff Sonia G. Vargas was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

41.    That by reason of the foregoing, Plaintiff, SONIA G. VARGAS was damaged in an amount in excess of the jurisdictional limits of the lower courts.

**WHEREFORE**, Plaintiff SONIA G. VARGAS demands judgment against the Defendants in an amount in excess of the jurisdictional limits of the lower courts, together with costs and disbursements of this action.

Yours, etc.

Ferro, Kuba, Mangano, Sklyar, P.C.
Attorneys for Plaintiff

MICHAEL N. MANOLAKIS, ESQ.
321 Broadway, Suite 400
New York, NY 10004
212-244-7676
Our File No. P15431-15

STATE OF NEW YORK    )

                     : ss.:

COUNTY OF SUFFOLK    )

Michael N. Manolakis, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff in the action within; that deponent has read the foregoing SUMMONS and COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff and is made by deponent is that plaintiff(s) is/are not presently in the county where the attorneys for the plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

MICHAEL N. MANOLAKIS, ESQ.

# EXHIBIT B

YSCEF DOC. NO. 27                                                                RECEIVED NYSCEF: 10/17/201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
SONIA VARGAS,

                    Plaintiff,

              -against-

KMART CORPORATION, ELIAS PROPERTIES
BABYLON, LLC and GREG GEIGER'S
LANDSCAPING AND SNOW REMOVAL,

                    Defendants.
------------------------------------------------------------------------X

**INDEX No.:** 611547/2017

**NOTICE OF
BANKRUPTCY FILING
AND IMPOSITION OF
AUTOMATIC STAY**

       PLEASE TAKE NOTICE that on October 15, 2018, (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") each commenced a voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*) (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered under Case No. 18-23538 (RDD) (the "**Bankruptcy Cases**"). A copy of the applicable Sears, Roebuck and Co. chapter 11 petition is attached hereto as **Exhibit A**.

       PLEASE BE ADVISED that pursuant to section 362(a) of the Bankruptcy Code (the "**Automatic Stay**"), the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim

against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). Accordingly, the ~~above-captioned matter has been automatically stayed pursuant to section 362(a) of the~~ Bankruptcy Code.

PLEASE BE FURTHER ADVISED that any action taken against the Debtors without obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio* and may result in a finding of contempt for violation of the Automatic Stay. The Debtors reserve and retain their statutory right to seek relief in the Bankruptcy Court from any action by Plaintiff(s) or any judgment, order, or ruling entered in violation of the Automatic Stay.

In the event the Court or any parties have questions regarding the Chapter 11 Cases, please contact counsel for the Debtors:

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310 8007
Ray C. Schrock P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

Dated: October 17, 2018

By: Charles T. Glaws
**GRUVMAN, GIORDANO & GLAWS, LLP**
Attorneys for Defendant, Kmart Corporation
61 Broadway, Suite 2235
New York, New York 10006
(212) 269-2353

YSCEF DOC. NO. 27                                          RECEIVED NYSCEF: 10/17/201

## AFFIRMATION OF SERVICE VIA E-FILING AND MAIL

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK )

Charles T. Glaws, an attorney duly licensed to practice law in the State of New York affirms and says: I am not a party to this action, I am over eighteen (18) years of age, and I am a resident of the State of New Jersey.  On October 17, 2018, I served the within **NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY** by depositing a true copy in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name below:

TO:   FERRO, KUBA, MANGANO, SKLYAR, P.C.
      Attention: Michael N. Manoklakis, Esq.
      Attorneys for Plaintiff Sonia Vargas
      321 Broadway, Suite 400
      New York, New York 10004
      (212) 244 – 7676
      File No.: P15431-15

      LAW OFFICE OF KEITH J. CONWAY
      Attention: Marjorie M. McAteer, Esq.
      Attorneys for Defendants
      Elias Properties Babylon, LLC
      58 South Service Road, Suite 350
      Melville, New York 11747
      (631) 845-2600
      F: (866) 947-4239

      MAZZARA & SMALL, P.C.
      Attorneys for Defendant
      Geiger's Landscaping i/s/h/a
      Greg Geiger's Landscaping
      and Snow Removal

YSCEF DOC. NO. 27

RECEIVED NYSCEF: 10/17/201

1698 Roosevelt Avenue
Bohemia, New York 11716
(631) 360-0600

Charles T. Glaws

YSCEF DOC. NO. 27                                                    RECEIVED NYSCEF: 10/17/201

EXHIBIT "A"

Fill in this information to identify the case

United States Bankruptcy Court for the:

Southern _____ District of  New York

Case number (*if known*): _____    Chapter   11

☐   Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case
number (if known).  For more Information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1.  **Debtor's name**                 Sears, Roebuck and Co.

2.  **All other names debtor used**   See Schedule 1
    **in the last 8 years**
    Include any assumed names, trade
    names, and *doing business as*
    names

3.  **Debtor's federal Employer**
    **Identification Number (EIN)**   36-1750680

4.  **Debtor's**    Principal place of business                    Mailing address, if different from principal place of business
    **address**
        3333          Beverly Road
        Number        Street                                       Number          Street

                                                                   P.O. Box

        Hoffman Estates    Illinois    60179
        City               State       ZIP Code                    City            State           ZIP Code
                                                                   Location of principal assets, if different from principal place
                                                                   of business

        Cook County
        County                                                     Number          Street


                                                                   City            State           ZIP Code

5.  **Debtor's website (URL)**        www.searsholdings.com

6.  **Type of debtor**            ☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
                                  ☐  Partnership (excluding LLP)
                                  ☐  Other. Specify: _____

YSCEF DOC. NO. 27
18-23537-rdd    Doc 1    Filed 10/15/18    Entered 10/15/18 00:57:49    Main Document    RECEIVED NYSCEF: 10/17/201
Debtor    Sears, Roebuck and Co.    Pg 2 of 18    Case number (if known)
          Name

**7.   Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above  Retail

B. Check all that apply:

☐ Tax-entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes .

   SIC Code 5311 (NAICS Code 4521)

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

Check one:

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11, Check all that apply:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
     insiders or affiliates) are less than $2,566,050 (amount subject to adjustment
     on 4/01/19 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the
     debtor is a small business debtor, attach the most recent balance sheet,
     statement of operations, cash-flow statement, and federal income tax return or
     if all of these documents do not exist, follow the procedure in 11 U.S.C. §
     1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of
     creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with
     the Securities and Exchange Commission according to § 13 or 15(d) of the
     Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for
     Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A)
     with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of
     1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____     Case number _____
                                   MM / DD / YYYY

         District _____ When _____     Case number _____
                                   MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See Schedule 2         Relationship   See Schedule 2
         District   See Schedule 2         When           See Schedule 2
         Case number, if known _____                MM / DD / YYYY

Official Form 201                 Voluntary Petition for Non-Individuals Filing for Bankruptcy                 Page 2
WEIL:\96066940\11\73217\0003

YSCEF DOC. NO. 27                                                                    RECEIVED NYSCEF: 10/17/201

18-23537-rdd    Doc 1    Filed 10/15/18    Entered 10/15/18 00:57:49    Main Document
Pg 3 of 18

| 11. Why is the case filed in this district? | Check all that apply: |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? 

_____
Number        Street

_____
City        State        ZIP Code

Is the property insured?

☐ No
☐ Yes. Insurance agency _____
Contact Name _____
Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor   Sears, Roebuck and Co.                                    Case number (if known)
        Name

| Request for Relief, Declaration, and Signatures |
|---|

WARNING – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

  ☑ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

  ☑ I have been authorized to file this petition on behalf of the debtor.

  ☑ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

  I declare under penalty of perjury that the foregoing is true and correct.

Executed on   October 15, 2018
                 MM / DD / YYYY

✗   /s/ Robert A. Riecker                    Robert A. Riecker
    Signature of authorized representative of debtor      Printed name

    Chief Financial Officer
    Title

**18. Signature of attorney**

✗   /s/ Jacqueline Marcus            Date   October 15, 2018
    Signature of attorney for debtor                MM / DD / YYYY

    Jacqueline Marcus
    Printed Name

    Weil, Gotshal & Manges LLP
    Firm Name

    767 Fifth Avenue
    Number        Street

    New York            New York        10153
    City                   State          ZIP Code

    (212) 310-8000           jacqueline.marcus@weil.com
    Contact phone             Email address

    1867746               New York
    Bar Number            State

## Schedule 1

## All Other Names Used By the Debtor or its Affiliates in the Last 8 Years

| | |
|---|---|
| A&E Factory Service | Kmart Pharmacies of Minnesota, Inc. |
| Accents for Less | Kmart Pharmacies, Inc. |
| American Siding & Deck, Inc. | Kmart Properties, Inc. |
| American Windows & Sash, Inc. | Kmart Stores of Indiana, Inc. |
| Appliance Liquidators | Kmart Stores of TNCP, Inc. |
| Austin Technology Center | KMI, Inc. |
| Bath and Kitchen Elegance | Koolvent Aluminum Products, Inc. |
| Bath and Kitchen Elegance of the Desert | Kresge - Kmart Limited |
| Big Beaver of Caguas Development Corporation | Little Caesars |
| Big Beaver of Caguas Development Corporation II | Max Acquisition Delaware Inc. |
| Big Kmart | McKids |
| Big Kmart (#3680) | McKids The Store |
| Central Wholesale Appliance Supply, Inc. | McPhail's Appliances |
| Chantell Marketing | MetaScale Technologies India Private Limited |
| Circle of Beauty Inc. | Monark |
| Delver | Monark Holdings Inc. |
| Delver.com | Monark of California |
| Designer Depot | Monark Premium Appliance Co. |
| Eblon Technologies India Private Limited | Monark Premium Appliance Co. of Arizona |
| Evoke Productions | Monark Premium Appliance Co. of California |
| FitStudio by Sears | MXSV, Inc. |
| Florida Builder Appliances, Inc. | NTB - National Tire and Battery |
| Garment Rack | NTB-National Tire & Battery |
| HDC Holding Company of Delaware, Inc. | PMB, Inc. |
| HO. Tampa Development Co. | Prairie Buck I, Inc. |
| HO. Tysons Office Investment Co. | Prairie Buck II, Inc. |
| ILJ, Inc. | Private Brands, Ltd. |
| JAF, Inc. | Relay LLC |
| KC Kelley Group | San Diego Appliance Sales |
| Kenmore Direct | Sears |
| Kids Stockroom | Sears #1284 |
| Kmart | Sears Acquisition Corp. |
| Kmart Acquisition Corp. | Sears Auto Center |
| Kmart Apparel Corp. | Sears Auto Center #6582 |
| Kmart Apparel Fashions Corp. | Sears Auto Centers |
| Kmart Apparel Leasing Corp. | Sears Carpet and Upholstery Care, Inc. |
| Kmart Apparel Service of Atlanta Corp. | Sears Essentials |
| Kmart Apparel Service of Des Plaines Corp. | Sears Grand |
| Kmart Apparel Service of Sunnyvale Corp. | Sears Grand #1673 |
| Kmart Corporation | Sears Holdings Management Corporation |
| Kmart Enterprises, Inc. | Sears Home Appliance Showrooms |
| Kmart Far East Limited | Sears Home Improvement Products (South), Inc. |
| Kmart Financing I | Sears Home Services |
| Kmart Global Sourcing Ltd. | Sears Home&Life |
| Kmart Holding Company | Sears Lessee Operations, LLC |
| Kmart Holdings, Inc. | Sears Logistics Services |
| Kmart Lessee Operations, LLC | Sears Logistics Services, Inc. |
| Kmart Management Corporation | Sears Merchandise Group |
| Kmart Michigan Property Services, L.L.C. | Sears Merchandise Group, Inc. |
| Kmart of Amsterdam, NY Distribution Center, Inc. | Sears New York Insurance Agency |
| Kmart of Pennsylvania LP | Sears Oklahoma Insurance Agency |

WEIL:\96066949\1\73217.0003

## Schedule 1

### All Other Names Used By the Debtor or its Affiliates in the Last 8 Years

| | |
|---|---|
| Sears Protection Company Inc. | The Annexx Restaurant |
| Sears Protection Company, Inc. | The Great Indoors |
| Sears Technology Services LLC | Tire Property Holding, Inc, |
| Sears, Roebuck de Mexico, S.A. de C.V. | Tri-Valley Crossings |
| Sears, Wishbook, Inc. | Troy CMBS Property, L.L.C. |
| ServiceLive Direct | Westar Kitchen & Bath LLC |
| SHMC, Inc. | Westar Kitchen and Bath |
| Shop Your Way Local, LLC | Westar Kitchen and Bath, LLC |
| shopyourway.com | Western Bluelight.com LLC |
| Sourcing and Technical Services, Inc. | WestStar Kitchen and Bath |
| SRC O.P. LLC | WestStar Kitchen and Bath LLC |
| SRC Real Estate (TX), LLC | Continental Carpet Cleaning, Inc. |
| Standards of Excellence | Sears Carpet and Upholstery Care, Inc. |
| Standards of Excellence Outlet Store | Print Procurement Company, LLC |
| Super K | Print Production Company, LLC |
| Super Kmart | Relay LLC |
| SUPER KMART CENTER | Shop Your Way Local, LLC |
| Super Kmart Center | Sears New York Insurance Agency |
| Texas Bluelight.com Inc. | Sears Oklahoma Insurance Agency |

Schedule 1                                                                                  Page 2

WEIL \96066949\1\73217.0003

**Schedule 2**

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the under the case number assigned to the chapter 11 case of Sears Holdings Corporation.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Sears, Roebuck and Co. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Holding Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Operations LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Operations LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| ServiceLive, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Factory Service, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Home Delivery, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Lawn & Garden, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Signature Service, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| FBA Holdings Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Innovel Solutions, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| MaxServ, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Private Brands, Ltd. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Development Co. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Management Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home & Business Franchises, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home Improvement Products, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Insurance Services, L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Procurement Services, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (PR) Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Roebuck Acceptance Corp. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears, Roebuck de Puerto Rico, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |

WEIL:\96066949\1\73217 0003

## Schedule 2

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| SYW Relay LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Wally Labs LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Big Beaver of Florida Development, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| California Builder Appliances, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Florida Builder Appliances, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| KBL Holding Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| KLC, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Michigan, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Washington LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Illinois LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Texas LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| MyGofer LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Business Unit Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Publishing Company, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (Florida), L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| SHC Desert Springs, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| SOE, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| StarWest, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| STI Merchandising, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Troy Coolidge No. 13, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| BlueLight.com, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands, L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Buying Services, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart.com LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Management Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |

WEIL:\96066949\1\73217.0003

ACTION BY
WRITTEN CONSENT OF
THE GOVERNING BODIES
OF

KMART HOLDING CORPORATION
KMART OPERATIONS LLC
SEARS OPERATIONS LLC
SEARS, ROEBUCK AND CO.
SERVICELIVE, INC.
A&E FACTORY SERVICE, LLC
A&E HOME DELIVERY, LLC
A&E LAWN & GARDEN, LLC
A&E SIGNATURE SERVICE, LLC
FBA HOLDINGS INC.
INNOVEL SOLUTIONS, INC.
KMART CORPORATION
MAXSERV, INC.
PRIVATE BRANDS, LTD.
SEARS DEVELOPMENT CO.
SEARS HOLDINGS MANAGEMENT CORPORATION
SEARS HOME & BUSINESS FRANCHISES, INC.
SEARS HOME IMPROVEMENT PRODUCTS, INC.
SEARS INSURANCE SERVICES, L.L.C.
SEARS PROCUREMENT SERVICES, INC.
SEARS PROTECTION COMPANY
SEARS PROTECTION COMPANY (PR), INC.
SEARS ROEBUCK ACCEPTANCE CORP.
SEARS, ROEBUCK DE PUERTO RICO, INC.
SYW RELAY LLC
WALLY LABS LLC
BIG BEAVER OF FLORIDA DEVELOPMENT, LLC
CALIFORNIA BUILDER APPLIANCES, INC.
FLORIDA BUILDER APPLIANCES, INC.
KBL HOLDING INC.
KLC, INC.
KMART OF MICHIGAN, INC.
KMART OF WASHINGTON LLC
KMART STORES OF ILLINOIS LLC
KMART STORES OF TEXAS LLC
MYGOFER LLC
SEARS BRANDS BUSINESS UNIT CORPORATION
SEARS HOLDINGS PUBLISHING COMPANY, LLC
SEARS PROTECTION COMPANY (FLORIDA), L.L.C.
SHC DESERT SPRINGS, LLC
SOE, INC.
STARWEST, LLC
STI MERCHANDISING, INC.
TROY COOLIDGE NO. 13, LLC
BLUELIGHT.COM, INC.
SEARS BRANDS, L.L.C.

YSCEF DOC. NO. 27                                                           RECEIVED NYSCEF: 10/17/201

## SEARS BUYING SERVICES, INC.
## KMART.COM LLC
## SEARS BRANDS MANAGEMENT CORPORATION

October 14, 2018

The required members of the board of directors, the required managers, the sole member, the sole manager, or the sole director, as the case may be (as applicable, the "Governing Body"), of each of the entities referenced above (each, a "Company" and collectively, the "Companies"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) of the Delaware Limited Liability Company Act, Section 708(b) of the New York Business Corporation Law, Section 525 of the Michigan Business Corporation Act, Section 608.4231 of the Florida Limited Liability Company Act, Section 15-1(d) of the Illinois Limited Liability Company Act, the Washington Limited Liability Company Act, Section 6.201 of the Texas Business Organizations Code, Section 1727(b) of the Pennsylvania Business Corporation Law, and Section 8.45 of the Illinois Business Corporation Act of 1983 the following resolutions and each and every action effected thereby.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument.

WHEREAS, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company;

WHEREAS, the board of directors (the "Holdings Board") of Sears Holdings Corporation ("Holdings") has determined that it is desirable and in the best interests of Holdings, its creditors, and other parties in interest, for Holdings to file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to enter into, obtain loans and consummate the transactions under the DIP ABL Financing Documents, as a Borrower (in each case as defined below); and

WHEREAS, the Restructuring Committee of the Holdings Board has determined that it is desirable and in the best interests of Holdings, its creditors, and other parties in interest, to enter into, obtain loans and consummate the transactions under the Junior DIP Financing Documents, as a Borrower (in each case as defined below); and

WHEREAS, each Governing Body desires to approve the following resolutions.

Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the Bankruptcy Code; and be it further

RESOLVED, that any officer of any of such Company or the sole manager of such Company, as applicable (each, an "Authorized Person"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file and perform, in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with such Company's chapter 11 case (each, a "Chapter 11 Case") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Company's Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

### Debtor-in-Possession Financing

RESOLVED, that in connection with the Chapter 11 Case, it is in the best interest of (i) in the case of each of Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart") to enter into and obtain loans and (ii) in the case of the Guarantors (as defined in the DIP ABL Term Sheet (as defined below)) to guarantee such loans, and consummate the transactions under that certain senior secured superpriority priming debtor-in-possession asset-based credit facility in an aggregate principal amount of $1.875 billion (the "DIP ABL Loan"), representing an increase of $300 million from the existing facility, on terms set forth on the term sheet attached hereto as Exhibit A (the "DIP ABL Term Sheet"). The DIP ABL Loan, will be evidenced by such Term Sheet, and upon entry of the final order approving, among other things, such Company's entry into the DIP ABL Loan, a senior secured superpriority priming debtor-in-possession asset-based credit agreement, in each case to be entered into by and among, Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart", together with SRAC, the "DIP ABL Borrowers"), and Holdings and the other Loan Parties (as defined in the DIP ABL Term Sheet (other than the DIP ABL Borrowers) as guarantors (the "Guarantors"), the lenders from time to time party thereto (the "DIP ABL Lenders"), and Bank of America, N.A., as administrative agent for the DIP ABL Lenders (in such capacity and together with its successors, the "DIP ABL Agent") (together with the Exhibits and Schedules annexed thereto, the "DIP ABL Loan Credit Agreement" and together with the DIP Loan Documents (as defined in the Dip ABL Loan Term Sheet), the "DIP ABL Financing Documents"), in each case subject to approval of the United States Bankruptcy Court for the Southern District of New York which is necessary and appropriate to the conduct of the business of such Company; and be it further

RESOLVED, that the form, terms and provisions of (i) the DIP ABL Term Sheet, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case, substantially consistent with the DIP ABL Term Sheet, which has been presented to the Board and (ii) any and all of the other documents, agreements (including the DIP ABL Credit Agreement and the other DIP Loan Documents), including, without limitation, any guarantee and security agreement, letters,

notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP ABL Loan and the performance of obligations thereunder, including the borrowings, guarantees, granting of security and pledging of collateral contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP ABL Term Sheet and DIP ABL Credit Agreement, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP ABL Agent or required by the DIP ABL Term Sheet, including the DIP ABL Credit Agreement; and be it further

RESOLVED, that such Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP ABL Financing Documents including the borrowing and reborrowing of loans, guaranteeing of obligations of the Borrowers, granting of security thereunder and the pledging of collateral; and be it further

RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of such Company as collateral pursuant to the DIP ABL Financing Documents to secure all of the obligations and liabilities of such Company thereunder to the respective lenders and agents under the DIP ABL Financing Documents, and to authorize, execute, verify, file and/or deliver to the DIP ABL Agent, on behalf of such Company, all agreements, documents and instruments required by the respective lenders and agents under the DIP ABL Financing Documents in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person, in connection with the DIP Financing, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of such Company as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of such Company in the Chapter 11 Case and any of such Company's affiliates who may also, concurrently with such Company's petition, file for relief under the Bankruptcy Code; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP ABL Term Sheet, DIP ABL Credit Agreement or any of the other DIP ABL Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP ABL Term Sheet, the DIP ABL Credit Agreement and/or any of the DIP ABL Financing Documents, in each case consistent with the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

YSCEF DOC. NO. 27                                                                          RECEIVED NYSCEF: 10/17/201

**Retention of Advisors**

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of M-III Advisory Partners, LP, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as financial advisor for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Lazard Freres & Company, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as investment banker for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of DLA Piper LLP, located at 500 Eighth Street, NW, Washington, DC 20004, is hereby retained to provide such Company with additional real estate and advisory services in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Prime Clerk, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with such Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case; and be it further

**Ratification**

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer, any director, or any member of each Company in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

RESOLVED, that, with respect to each Company, each Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized in the name and on behalf of such Company, to take all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

       RESOLVED, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of any Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

*[Signature Page Follows]*

6

18-23538-shl    Doc 10777    Filed 01/12/23    Entered 01/12/23 11:26:22    Main Document
Pg 41 of 53

YSCEF DOC. NO. 27
18-23537-rdd    Doc 1    Filed 10/15/18    Entered 10/15/18 00:57:49    Main Document    RECEIVED NYSCEF: 10/17/201
Pg 15 of 18

**Fill in this information to identify the case:**

Debtor name: Sears, Roebuck and Co.

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Pension Benefit Guaranty Corporation Attn.: Office of the Chief Counsel 1200 K Street, N.W., Suite 300 Washington District of Columbia 20005 | Attn.: Office of the Chief Counsel Phone: 202-326-4110 Facsimile: 202-326-4114 Email: | Pension Benefits | | | | Unknown |
| 2 | SRAC Medium Term Notes c/o BNY Midwest Trust Company Attn.: President or General Counsel 101 Barclay St., Floor 8W, New York, New York 10286 | Attn.: President or General Counsel Phone: 312-294-5200 Facsimile: Email: | Unsecured Notes | | | | $7,311,000,000.00 |
| 3 | Holdings Unsecured Notes (8.00%) c/o Computershare Trust Company, N.A. Attn.: President or General Counsel 250 Royall Street Canton, Massachusetts 02021 | Attn.: President or General Counsel Phone: 781-575-2000 Facsimile: 781-575-4210 Email: | Unsecured Notes | | | | $411,000,000.00 |
| 4 | Holdings Unsecured PIK Notes (8.00%) c/o Computershare Trust Company, N.A. Attn.: President or General Counsel 250 Royall Street Canton, Massachusetts 02021 | Attn.: President or General Counsel Phone: 781-575-2000 Facsimile: 781-575-4210 Email: | Unsecured Notes | | | | $222,600,000.00 |
| 5 | SRAC Unsecured Notes c/o The Chase Manhattan Bank, N.A. Attn.: Corporate Trust Department 4 Chase MetroTech Center, 3rd Floor Brooklyn, New York 11245 | Attn.: Corporate Trust Department Phone: Facsimile: Email: | Unsecured Notes | | | | $185,600,000.00 |
| 6 | SRAC Unsecured PIK Notes c/o BNY Midwest Trust Company Attn.: President or General Counsel 101 Barclay Street, Floor 8W New York, New York 10286 | Attn.: President or General Counsel Phone: 312-294-5200 Facsimile: Email: | Unsecured Notes | | | | $167,900,000.00 |

YSCEF DOC. NO. 27                                                    RECEIVED NYSCEF: 10/17/201

18-23537-rdd    Doc 1    Filed 10/15/18    Entered 10/15/18 00:57:49    Main Document
Pg 16 of 18

| Debtor | Sears, Roebuck and Co. | | | Case number (if known) | | |
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 7   Whirlpool Corporation Attn.: President or General Counsel 2000 North M-63 Benton Harbor, Michigan 49022 | Attn.: President or General Counsel Phone: 269-923-5000 Facsimile: 269-923-3722 Email: | Trade Payable | | | | $23,409,729.00 |
| 8   Frigidaire Company c/o Electrolux Attn.: President or General Counsel P.O. Box 2638 Carol Stream, Illinois 60132-2638 | Attn.: President or General Counsel Phone: 786-388-6400 Facsimile: Email: | Trade Payable | | | | $18,617,186.00 |
| 9   Winia Daewoo Electronics America Attn.: President or General Counsel 65 Challenger Road, Suite 360 Ridgefield Park, New Jersey  07660 | Attn.: President or General Counsel Phone: 877-393-7823 Facsimile: Email: | Trade Payable | | | | $15,180,156.00 |
| 10  Cardinal Health Attn.: President or General Counsel 7000 Cardinal Place Dublin, Ohio 43017 | Attn.: President or General Counsel Phone: 614-757-5000 Facsimile: Email: | Trade Payable | | | | $13,877,913.00 |
| 11  Icon Health and Fitness Inc. Attn.: President or General Counsel 1500 South 1000 West Logan, Utah 84321 | Attn.: President or General Counsel Phone: 877-993-7999 Facsimile: 435-750-5238 Email: | Trade Payable | | | | $12,102,200.00 |
| 12  HK Greatstar Int'l Co. Ltd. Attn.: President or General Counsel Rm 35, 4/F., Po Yip Building 23 Hing Yip Street, Kwun Tong, Kowloon, Hong Kong | Attn.: President or General Counsel Phone: 852 2110 4002 Facsimile: 852 3585 6687 Email: | Trade Payable | | | | $10,354,683.00 |
| 13  Samsung Electronics America HA Attn.: President or General Counsel 85 Challenger Road, 7th Floor Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel Phone: 201-229-4000 Facsimile: 201-229-4029 Email: | Trade Payable | | | | $8,054,247.00 |
| 14  Apex Tool International LLC Attn.: President or General Counsel 910 Ridgebrook Road, Suite 200 Sparks, Maryland 21152 | Attn.: President or General Counsel Phone: 410-773-7800 Facsimile: 800-234-0472 Email: | Trade Payable | | | | $6,605,582.00 |
| 15  Black & Decker US Inc. c/o Stanley Black & Decker Attn.: President or General Counsel 1000 Stanley Drive New Britain, Connecticut 06053 | Attn.: President or General Counsel Phone: Facsimile: Email: | Trade Payable | | | | $5,893,734.00 |
| 16  Eastern Prime Textile Limited Attn.: President or General Counsel Unit F10/F, King Win FTY Building No. 65-67 King Yip Street, Kwun Tong, Kowloon, Hong Kong | Attn.: President or General Counsel Phone: 852 21918293 Facsimile: 852 27939353 Email: | Trade Payable | | | | $5,761,992.00 |
| 17  Winners Industry Company Limited Attn.: President or General Counsel Unit A, Wah Lung Building 49-53 Wang Lung Street,Tsuen wan, New Territories, Hong Kong | Attn.: President or General Counsel Phone: 86 769 83213399 Facsimile: 86 769 83213177 Email: | Trade Payable | | | | $5,359,201.00 |

WEIL:\96066949\1\73217.0003

YSCEF DOC. NO. 27
RECEIVED NYSCEF: 10/17/201

| Debtor | Sears, Roebuck and Co. | | | Case number (if known) | |
| | Name | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Tata Consultancy Services Ltd. Attn.: President or General Counsel 379 Thornal Street, 4th Floor Edison, New Jersey 08837 | Attn.: President or General Counsel Phone: 732-590-2600 Facsimile: Email: | Trade Payable | | | | $5,333,545.00 |
| 19 | Active Media Services Inc. Attn.: President or General Counsel 1 Blue Hill Plaza Pearl River, New York 10965 | Attn.: President or General Counsel Phone: 845-735-1700 Facsimile: 845-735-0717 Email: | Trade Payable | | | | $5,192,874.00 |
| 20 | Automotive Rentals Inc. Attn.: President or General Counsel 4001 Leadenhall Road Mount Laurel, New Jersey 08054-4611 | Attn.: President or General Counsel Phone: Facsimile: Email: | Trade Payable | | | | $4,830,313.00 |

18-23538-shl   Doc 10777   Filed 01/12/23   Entered 01/12/23 11:26:22   Main Document
Pg 44 of 53
YSCEF DOC. NO. 27
18-23537-rdd   Doc 1   Filed 10/15/18   Entered 10/15/18 00:57:49   Main Document
Pg 18 of 18
RECEIVED NYSCEF: 10/17/201

**Fill in this information to identify the case:**

Debtor name: Sears, Roebuck and Co.

United States Bankruptcy Court  for the:  Southern  District of  New York
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  October 15, 2018                X   /s/ Robert A. Riecker
MM / DD / YYYY                                      Signature of individual signing on behalf of debtor

                                                              Robert A. Riecker
                                                              Printed name

                                                              Chief Financial Officer
                                                              Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

WEIL:\96066940\1\73217.0003

# EXHIBIT  C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
SONIA VARGAS,

                     Plaintiff,

              -against-

KMART CORPORATION, ELIAS PROPERTIES
BABYLON, LLC and GREG GEIGER'S
LANDSCAPING AND SNOW REMOVAL,

                  Defendants.
-----------------------------------------------------------------------X

INDEX NO.: 611547/2017

**RESPONSE TO
OMNIBUS DISCOVERY
DEMANDS**

    Defendant Kmart Corporation (hereinafter "Kmart" or "defendant"), by their attorneys Gruvman, Giordano & Glaws, LLP, hereby respond to Plaintiff's Demand for Discovery and Inspection, as follows:

### GENERAL OBJECTIONS

    Each and every demand for discovery propounded by plaintiff(s) is responded to by defendant subject to the following general objections.

1. Answering defendants object to each and every demand to the extent it calls for the production of documents and/or information prepared for or generated in anticipation of litigation or which reflects attorney-client privileged or attorney work-product materials or confidential communications.

2. Answering defendants object to each and every demand to the extent it seeks discovery of information not relevant to the issues in the litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Answering defendants object to each and every demand to the extent it is vague or overly broad.

4. Answering defendants object to each and every demand to the extent it is burdensome or oppressive and that (a) it is repetitious of discovery already provided, (b) it seeks information already in plaintiffs possession or is known or readily available to the plaintiff from sources other than defendant, or (c) it is impossible to respond in any reasonable manner or amount of time.

5. Answering defendants object to each and every demand to the extent it seeks disclosure of opinions, mental impressions, conclusions or legal theories of defendant(s) or their representative.

6. Answering defendants object to each and every demand to the extent it requires production of documents or information beyond its custody, control or possession.

7. The documents produced in response are based on information adduced to date in connection with this action. Since discovery is not yet completed, the responses herein are not intended to be all-inclusive nor meant to imply the non-existence of other documents in support of the responses given.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to the foregoing general objections which are hereby incorporated by reference in each of the following responses, Defendants, by their attorneys *Gruvman, Giordano & Glaws, LLP*, respond as follows:

## INSURANCE INFORMATION

Sedgwick Claims Management Services Inc. administers the liability claims for defendant Kmart. The information on the policy is as follows: effective date of the applicable policy was August 01, 2014, administered by ACE with the limit of liability in the amount of five million dollars ($5,000,000.00).

## LEASE AGREEMENT

Attached hereto as Exhibit "A," please find the lease agreement effective on the day of the subject incident. Also, please find attached hereto as Exhibit "B" a copy of the contract between Kmart Corporation and Greg Geiger's Landscaping and Snow Removal.

## WITNESSES

Defendants are unaware of any witnesses to the incident described in the Complaint, or to the plaintiff's subsequent injuries. Defendants will continue to perform a

diligent search for information responsive to this demand and will exchange the same upon its discovery.

## ACCIDENT/INCIDENT REPORTS

Defendants are not in possession of any accident or incident reports with regard to the alleged occurrence.

## PARTY STATEMENTS:

Defendants are unaware of any statements made by any adverse party with regard to the subject incident other than those that may be contained in the plaintiff's medical records and/or reports.

## PHOTOGRAPHS/VIDEO:

Attached hereto as Exhibit "C" please find a copy of a photograph of the subject area.

## EXPERT INFORMATION:

Defendants have not yet retained an expert. If and when an expert is retained, information regarding same will be provided pursuant to C.P.L.R. § 3101(d).

**PLEASE TAKE NOTICE** that the defendants reserve the right to supplement, modify and/or change the discovery information herein based upon receipt of any additional information as well as continued investigation in this matter.


Dated:      New York, New York
            May 15, 2018

Charles T. Glaws
**GRUVMAN, GIORDANO & GLAWS, LLP**
Attorneys for Defendant
Kmart Corporation
61 Broadway, Suite 2235
New York, New York 10006
(212) 269-2353

TO:    FERRO, KUBA, MANGANO, SKLYAR, P.C.
       Attention: Michael N. Manoklakis, Esq.
       Attorneys for Plaintiff Sonia Vargas
       321 Broadway, Suite 400
       New York, New York 10004
       (212) 244 – 7676
       File No.: P15431-15

       LAW OFFICE OF KEITH J. CONWAY
       Attention: Marjorie M. McAteer, Esq.
       Attorneys for Defendants
       Elias Properties Babylon, LLC
       58 South Service Road, Suite 350
       Melville, New York 11747
       (212) 845-2600
       F: (866) 947-4239

       MAZZARA & SMALL, P.C.
       Attorneys for Defendant
       Geiger's Landscaping i/s/h/a
       Greg Geiger's Landscaping
       and Snow Removal
       1698 Roosevelt Avenue
       Bohemia, New York 11716
       (631) 360-0600

## AFFIRMATION OF SERVICE VIA MAIL

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK )

Charles T. Glaws, an attorney duly licensed to practice law in the State of New York affirms under penalty of perjury and says: I am not a party to this action, I am over eighteen (18) years of age, and I am a resident of the State of New Jersey. On May 15, 2018, I served the within **RESPONSE TO OMNIBUS DISCOVERY DEMANDS** by depositing a true copy in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name below:

TO:   FERRO, KUBA, MANGANO, SKLYAR, P.C.
      Attention: Michael N. Manoklakis, Esq.
      Attorneys for Plaintiff Sonia Vargas
      321 Broadway, Suite 400
      New York, New York 10004
      (212) 244 – 7676
      File No.: P15431-15

      LAW OFFICE OF KEITH J. CONWAY
      Attention: Marjorie M. McAteer, Esq.
      Attorneys for Defendants
      Elias Properties Babylon, LLC
      58 South Service Road, Suite 350
      Melville, New York 11747
      (212) 845-2600
      F: (866) 947-4239

      MAZZARA & SMALL, P.C.
      Attorneys for Defendant
      Geiger's Landscaping i/s/h/a
      Greg Geiger's Landscaping
      and Snow Removal

1698 Roosevelt Avenue
Bohemia, New York 11716
(631) 360-0600

Charles T. Glaws

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK
COUNTY OF SUFFOLK            SS.:

       Kristin Calzadilla-Rauss being duly sworn, deposes and says:

       I am over 18 years of age, I am not a party to the action, and I reside in Suffolk County in the State of New York.

       I served a true copy of the annexed

### NOTICE OF MOTION, MOTION - DECLARATION TO LIFT AUTOMATIC STAY, AND EXHIBITS

on January 12, 2023

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Debtors and Debtors in Possession*
767 Fifth Avenue
New York, New York 10153

GRUVMAN, GIORDANO & GLAWS, LLP
*Attorneys for Defendant KMART CORPORATION*
61 Broadway, Suite 2235
New York, New York 10006

LAW OFFICE OF KEITH J. CONWAY
*Attorney for Defendant ELIAS PROPERTIES BABYLON LLC*
58 South Service Road, Suite 250
Melville, New York 11747

MAZZARA & SMALL, P.C.
*Attorney for Defendant Geiger's Landscaping i/s/h/a*
*Greg Geiger's Landscaping and Snow Removal*
1698 Roosevelt Avenue
Bohemia, New York 11716

                                  Kristin Calzadilla-Rauss

Sworn to before me on January 12, 2023

_____
Notary Public

Ivanne Calzadilla
Notary Public, State of New York
No. 01CA4809324
Qualified in Suffolk County
Commission Expires on 06/30/2018