Objection Deadline: March 10, 2023 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: March 29, 2023 at 11:00 a.m. (Prevailing Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Thomas S. Kessler, Esq.

*Attorneys for Transform Holdco LLC and
Transform SR Brands LLC*

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538-SHL<br><br>Jointly Administered |

## NOTICE OF TRANSFORM HOLDCO LLC AND
## TRANSFORM SR BRANDS LLC'S MOTION TO ENFORCE ORDER

**PLEASE TAKE NOTICE** that on March 3, 2023, Transform Holdco LLC and

Transform SR Brands LLC (together, "Transform") filed the *Motion to Enforce Order (I)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

*Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the relief requested in the Motion will be **conducted through Zoom** before The Honorable Sean H. Lane, United States Bankruptcy Judge, on **March 29, 2023 at 11:00 a.m. (Prevailing Eastern Time)** (the "Hearing"). Parties wishing to participate at the Hearing are required to register their appearance by 4:00 PM on March 28, 2023 at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Instructions for using Zoom for Government are available on the Bankruptcy Court's website at http://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court by March 10, 2023 at 4:00 p.m. (Prevailing Eastern Time) (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties-in-interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, ECF No. 405, entered on November 1, 2018 (the "**Amended Case Management Order**").

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights. Please read the pleadings carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Pleadings and may enter orders granting the relief requested.

Dated: March 3, 2023
New York, New York

*/s/ Thomas S. Kessler*
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Thomas S. Kessler, Esq.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC and Transform SR Brands LLC*

**Objection Deadline: March 10, 2023 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: March 29, 2023 at 11:00 a.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
Thomas S. Kessler, Esq.

*Attorneys for Transform Holdco LLC and*
*Transform SR Brands LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538-SHL |
| Debtors. | Jointly Administered |

**MOTION TO ENFORCE ORDER (I) APPROVING THE ASSET
PURCHASE AGREEMENT AMONG SELLERS AND BUYER, (II) AUTHORIZING
THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND
LEASES IN CONNECTION THEREWITH AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

Transform Holdco LLC and Transform SR Brands LLC (together, "Transform") hereby submit this motion to enforce (the "Motion to Enforce") this Court's *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*, ECF No. 2507 (the "Sale Order"), which approved the sale of certain assets of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). In this Motion to Enforce, Transform seeks to enforce the Sale Order and enjoin Robert L. Janega, individually and as the independent administrator of the estate of John R. Janega, and Pamela Janega (the "Janega Plaintiffs") from pursuing or otherwise asserting successor liability claims against Transform in the action captioned *Robert Janega, Pamela Janega v. Electrolux Home Products, Inc. et al.*, Case No. 2021 L 006219 (Ill. Cir. Ct. Cook County 2021) (the "Janega Action"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1.     This Court's Sale Order is unambiguous: Transform is not subject to successor liability with respect to the operation of the Debtors' pre-sale business. The broad protections that this Court afforded Transform against successor liability claims were crucial to the sale of the Debtors' assets, which would not have proceeded at all absent these protections.

2.     The premise of the Janega Action threatens not only this Court's core powers to order relief pursuant to its own terms, it also undermines a basic principle of the Bankruptcy Code to maximize the benefits afforded to all stakeholders. To permit this abrogation of the clear safeguards that formed an integral part of Transform's purchase of the Debtor's assets would upset the well-established commercial and legal understanding that buyers and sellers may

2

rely on "free and clear" clauses to protect against successor liabilities. The Janega Plaintiffs have brought products liability, negligence, and property damage claims against several defendants, including one of the Debtors and Transform. They maintain that Transform should be liable as a successor to the Debtors and therefore responsible for alleged injuries arising from a product purchased nearly a decade before Transform ever came into existence. And they seek to engage in extensive discovery regarding this issue despite the Sale Order's unequivocal determination that Transform is not the Debtors' successor (which renders any discovery irrelevant).

3. Importantly, the Janega Action presents a threshold matter of law that does not require this Court—or the Illinois Court—to consider the merits of the Janega Plaintiffs' claims. The unequivocal terms of the Sale Order begin and end this inquiry. Transform accordingly files this Motion to Enforce in order to ensure that the Janega Action cannot proceed on the basis of a successor liability theory against Transform, and to avoid engaging in costly, unnecessary discovery.

**FACTUAL BACKGROUND**

**I.    TRANSFORM ACQUIRES THE DEBTORS' ASSETS THROUGH SALE OLDER**

4. Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 14, 2019, the Debtors conducted an auction for the sale of all or substantially all of their assets, and the bid put forth by Transform Holdco LLC ("Holdco") was selected as the winner. *See Notice of Successful Bidder and Sale Hearing* ("Sale Hearing Notice"), ECF No. 1730. Holdco is the ultimate and parent entity of Transform SR Brands LLC. Notice of the sale, including "(i) a complete list and general description of the

3

Assets (subject to modification at any Auction); (ii) the date, time, and place of the (x) Auction and (y) Sale Hearing; (z) Sale Objection Deadlines; and (aa) the procedures for filing Sale Objections," was provided to all known creditors and published on the public Prime Clerk website. *Order Approving Global Bidding Procedures and Granting Related Relief*, ECF No. 816 ¶¶ 23–27; Sale Hearing Notice. With respect to unknown creditors, "a notice containing the results of the Auction was published on the Prime Clerk website on January 18, 2019." Sale Order ¶ P (citing Sale Hearing Notice). The Court found that "due, proper, timely, adequate, and sufficient notice of the Sale Motion, the Bidding Procedures (including the bidding process and the deadline for submitting bids and the Auction), the Sale Hearing, the Sale Transaction, the proposed Sale Order attached to the Asset Purchase Agreement, and the other relief requested in the Sale Motion was provided by the Debtors" and that "such notice was good, sufficient, and appropriate under the particular circumstances." *Id*.

5. After a lengthy, contested sale hearing, the Court approved the proposed sale transaction on February 7, 2019 and entered the Sale Order on February 8, 2019. *See* Sale Order. The Sale Order approved the sale of substantially all of the Debtors' assets to Holdco and its Affiliated Designees (together, "Buyer") free and clear of all Claims (as defined in the Sale Order) pursuant to that certain Asset Purchase Agreement attached as Exhibit B thereto (the "Purchase Agreement"). *See* Sale Order ¶¶ 19–24; Purchase Agreement, §§ 2.1, 2.4; *see also* Purchase Agreement, Preamble (defining "Buyer" as "Transform Holdco LLC, a Delaware Limited Liability Company [] together with any applicable Affiliated Designee"). The Purchase Agreement defines "Affiliate" as an entity "directly or indirectly . . . controlled by" another entity through "ownership of voting securities," "contract," or "otherwise" and defines an "Affiliated Designee" as an affiliate to whom Holdco assigns "all or any part of its rights or

4

obligations." Purchase Agreement §§ 1.1, 13.6. Transform SR Brands LLC is an Affiliate Designee of Holdco, so the protections of the Sale Order and Purchase Agreement—including protections against successor liability—also apply to it.

6. In the Sale Order, this Court found that the sale and transfer "will not subject the Buyer . . . to any liability (including any successor liability) under any laws, including any bulk-transfer laws, or any theory of successor or transferee liability . . . *de facto* merger or substantial continuity or similar theories, with respect to the operation of the Debtors' business prior to the Closing." Sale Order ¶ M. Further, the Court determined unequivocally that "the Buyer is not and shall not be deemed a successor to the Debtors or their respective estates [and] Buyer's acquisition of the Acquired Assets . . . shall be free and clear of any 'successor liability' claims of any nature whatsoever." *Id*.

7. In fact, the Court held that the protection from successor liability was integral to the economics of the sale transaction when it determined that:

> The total consideration to be provided under the Asset Purchase Agreement reflects the Buyer's reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the Acquired Assets owned by the Debtors free and clear of all Claims (including, without limitation, any potential derivative, vicarious, transferee or successor liability claims).

Sale Order ¶ T. Moreover, the Court found that the "Buyer would not purchase the Acquired Assets but for the protections against any claims based upon 'successor liability' theories as specified herein." Sale Order ¶ M. Therefore, this Court determined that the Buyer had relied on these protections not only when formulating and electing to close on its bid, but also when deciding whether to pursue a bid at all.

8.   In furtherance of this finding, the Sale Order explicitly stated, more than once, that the Buyer was not inheriting any successor liability from the Debtors as a result of its purchase. For example, the Sale Order stated that:

> the Buyer Related Parties and their successors and *assigns* shall have no liability for any Claim against the Debtors or the Debtors' estates or Excluded Liabilities, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee, successor, alter ego, or otherwise . . . including Claims or Excluded Liabilities arising under, without limitation . . . any common law doctrine of *de facto* merger or successor or transferee liability, successor-in-interest liability theory or any other theory of or related to successor liability.

Sale Order ¶ 22 (emphasis added). In addition, the Sale Order provided that, by virtue of the sale transaction, the Buyer and its "affiliates, successors and assigns shall not be deemed or considered to: (i) be a legal successor, or otherwise be deemed a successor to any of the Debtors." *Id.* ¶ 27. The Sale Order also provided that the Court retained "exclusive jurisdiction" to "interpret, enforce, and implement" this Order. *Id.* ¶ 58.

## II.   THE JANEGA COMPLAINT AND ACTION

9.   On June 16, 2021, the Janega Plaintiffs filed a complaint (the "Complaint") in the Circuit Court of Cook County (the "Illinois Court") against Electrolux Home Products, Inc.; Sears, Roebuck and Co.; Transform Holdco LLC; and Transform SR Brands LLC (collectively, the "Janega Action Defendants"). Metzger Decl.[2], Ex. 1. The Janega Plaintiffs alleged that Robert Janega purchased an Electrolux dryer in 2008 from a store operated by the Debtors called The Great Indoors, and that on August 4, 2019 that dryer ignited due to an allegedly defective design, causing a fire that led to John Janega's death. *Id.* ¶¶ 11–19. The Janega Plaintiffs

---

[2]   *Declaration of Jessica Metzger in Connection With Transform's Motion to Enforce Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* ("Metzger Declaration"), filed concurrently herewith.

6

alleged that Transform is liable for claims of products liability, negligence, and property damage, all under a theory of successor liability. *Id.*

10. On October 12, 2022, the Illinois Court entered a case management order establishing a case schedule, including discovery deadlines throughout 2023. Metzger Decl., Ex. 2. On November 4, 2022, Transform moved to dismiss the Janega Plaintiffs' complaint ("Transform's Motion to Dismiss"), arguing that the Janega Plaintiffs' only theory of liability against Transform (successor liability) was unavailing as a matter of law given the Sale Order's determination that Transform purchased the Debtors' assets free and clear of all liabilities, including the Janega Plaintiffs' claims. Metzger Decl., Ex. 3. On November 14, 2022, the Illinois Court entered an order finding that discovery was necessary regarding the Janega Plaintiffs' successor liability theory and staying consideration of Transform's Motion to Dismiss pending such discovery. Metzger Decl., Ex. 4.

11. In November and December 2022, the Janega Plaintiffs served on Transform two sets of interrogatories and requests for production (collectively, the "Discovery Requests"). Metzger Decl., Exs. 5–8. The Discovery Requests are not limited to the issue of Transform's successor liability in the Janega Action, but extend to a wide array of extraneous topics. *See id.* For example, one request seeks "Any and all agreements related to Your purchase of any assets from Sears." Metzger Decl., Ex. 7 ¶ 3. Other requests seek vendor supply agreements and/or contracts between Transform and Electrolux dating back to 1995, and records such as "documents relating to any inspection, service, repair, maintenance, and/or reconditioning of the subject dryer by Transform Holdco LLC (or [Transform's] predecessor companies) and/or anyone on Transform Holdco LLC's behalf." Metzger Decl., Ex. 5 ¶¶ 11, 13, 17.[3]

---

[3] Transform has not responded to the Discovery Requests and intends to seek a stay of discovery against it in the Janega Action pending the Court's determination on this Motion.

7

## JURISDICTION

12. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) to interpret and enforce the Sale Order, and to grant the relief requested in this Motion. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (stating that the Bankruptcy Court plainly has jurisdiction to interpret and enforce its prior orders); *In re Millennium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005) ("Bankruptcy courts retain jurisdiction to enforce and interpret their own orders"). In addition, the Sale Order explicitly provides that "the Court shall retain exclusive jurisdiction to . . . interpret, enforce, and implement" this Order. Sale Order ¶ 58. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## ARGUMENT

13. The Janega Action seeks to hold Transform liable, exclusively on a theory of successor liability, for alleged products liability, negligence, and property damage claims related to a product purchased from the Debtors more than a decade prior to the entry of the Sale Order. The Janega Action, together with the Janega Plaintiffs' broad pursuit of discovery from Transform, is prohibited by the "free and clear" injunctive provisions in the Sale Order. *See e.g.*, *In re Motors Liquidation Co.*, 514 B.R. 377, 383 (Bankr. S.D.N.Y. 2014) (finding that plaintiffs' claims in connection with vehicle manufactured before a sale pursuant to section 363 of the Bankruptcy Code were barred by the provisions of the sale order precluding successor liability).

14. The Sale Order and Purchase Agreement provide broad protections to Transform that its purchase of the Debtors' assets is free and clear of any and all liens, claims, and encumbrances—including successor liability claims. Sale Order ¶¶ M, T, 22, 27; Purchase Agreement, §§ 2.1, 2.4. These protections are consistent with the underlying policy goals supporting the "free and clear" protections under section 363 of the Bankruptcy Code as well as

8

case law in this circuit. *See, e.g.*, *In re Grumman Olson Indus., Inc.*, 467 B.R. 694, 702–03 (S.D.N.Y. 2012) (noting that courts in the Second Circuit read § 363(f) broadly); *Douglas v. Stamco*, 363 F. App'x 100, 102–03 (2d Cir. 2010) (explaining that "the potential chilling effect of allowing a tort claim subsequent to [a free and clear] sale would run counter to a core aim of the Bankruptcy Code, which is to maximize the value of the assets and thereby maximize potential recovery to the creditors").

15. Moreover, courts in this and other circuits have recognized that successor liability claims qualify as "claims" under the "free and clear" protections of section 363(f), *see In Matter of Motors Liquidation Co.*, 829 F.3d 135, 155–56 (2d Cir. 2016) (holding that bankruptcy courts may approve a sale of estate property "free and clear" of successor liability claims pursuant to section 363(f) of the Bankruptcy Code where such claims "flow from the debtor's ownership of the sold assets" and qualify as "claims" under Chapter 11) (citing *In re Trans World Airlines, Inc.*, 322 F.3d 283, 289 (3d Cir. 2003)), and have acknowledged that, as they did here, successor liability protections help debtors maximize the value of their assets, to the benefit of all parties in interest. *See e.g.*, *Douglas v. Stamco*, 363 F. App'x 100, 102–03 (2d Cir. 2010); *Volvo White Truck Corp. v. Chambersburg Beverage Inc. (In re the White Motor Credit Corp.)*, 75 B.R. 944, 951 (Bankr. N.D. Ohio 1897) ("The successor liability specter would chill and deleteriously affect sales of corporate assets, forcing debtors to accept less on sales to compensate for this potential liability. This negative effect on sales would only benefit product liability claimants, thereby subverting specific statutory priorities established by the Bankruptcy Code."). Indeed, this Court found that Transform would not have entered into the sale transaction without protections from successor liability claims. *See* Sale Order ¶¶ M, T. To allow the Janega Action and related discovery to continue against Transform on the basis of any successor liability theory

9

would contravene the plain language of the Sale Order, the Purchase Agreement, and the policy goals underlying the protections of section 363(f).

16. On the face of the Complaint, the Janega Plaintiffs' theory of liability against Transform is entirely based on successor liability (although, as noted above, the discovery propounded by the Janega Plaintiffs on Transform seeks information and documents beyond the narrower successor liability issue). The Janega Plaintiffs alleged that they purchased the dryer at issue more than ten years prior to the Petition Date and that the dryer contained a latent defect at the time of purchase. *See* Metzger Decl., Ex. 1. The case law in this Circuit is clear that a section 363 purchaser is not liable for claims arising from post-sale injuries arising from products purchased prepetition. *See In Matter of Motors Liquidation Co.*, 829 F.3d at 156; *see also In re Old Carco LLC*, 492 B.R. 392, 403 (Bankr. S.D.N.Y. 2013) (finding that "free and clear" provision in sale order barred automobile purchasers' design defect claims because they "had a pre-petition relationship with [the debtor when they purchased the automobiles prior to the sale order], and the design flaws . . . existed pre-petition"). The Janega Plaintiffs' claims are squarely barred under this established standard.[4]

17. It also is clear from the record that the Janega Plaintiffs are bound by the terms of the Sale Order. Subject to the confines of adequate notice (which the Court found occurred) the Sale Order is binding on all creditors, known or unknown. *See* Sale Order ¶ R; *see also In re Chemtura Corp.*, 505 B.R. 427 (S.D.N.Y. 2014) (finding publication notice sufficient to bind claimants to discharge injunction in Bankruptcy Court's bar date order). "An 'unknown' creditor

---

[4] The Janega Plaintiffs have sought additional discovery on, *inter alia*, the issue of successor liability. None of the requested discovery will cure the threshold, outcome-determinative issue: the *legal* conclusion established by *this* Court's order that Transform acquired the relevant assets of Debtors with *no* successor or derivative liability means that the Janega Plaintiffs have no actionable claim against Transform. *See* Sale Order ¶¶ 23, 27. This is not a factual dispute that discovery could help decipher—this is an issue of law. Accordingly, continuation of discovery on the issue of successor liability constitutes an improper collateral attack on the Court's findings.

10

is one whose interests 'are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" *In re Chemtura Corp.*, 2016 WL 11651714, at *12 (Bankr. S.D.N.Y. Nov. 23, 2016) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)). There is nothing in the Complaint to suggest that the Debtors were aware of the Janega Plaintiffs' contingent claim at the Petition Date or prior to the entry of the Sale Order. "To comport with due process . . . an unknown creditor is entitled to only constructive notice." *In re Motors Liquidation Co.*, 599 B.R. 706, 714 (S.D.N.Y. 2019); *see also In Matter of Motors Liquidation Co.*, 829 F.3d at 159. This Court has already determined that the publication notice provided of the Sale Order was proper and adequate here, which the Court has already found to be "good, sufficient, and appropriate." Sale Order ¶ P.[5]

18.  To be clear, Transform makes no arguments on the merits of the Janega Plaintiffs' alleged claims, and this Court need not pass judgment on them. However, for Transform to have to continue to litigate the Janega Action, including but not limited to complying with interrogatories and document requests, would be a costly and time-consuming endeavor, and a waste of judicial resources, as the claims are clearly barred by the Sale Order, Purchase Agreement, and section 363 of the Bankruptcy Code. Indeed, Transform's responding to *any* of the propounded discovery in the Janega Action is in conflict with the "free and clear" provisions in the Court's Sale Order.

---

[5] In a prior dispute between a putative tort plaintiff and Transform concerning the enforceability of the Sale Order, *see* ECF No. 9647, the plaintiff identified two prepetition litigations concerning Electrolux dryers, including one in which Sears Holding Corporation was named as a defendant. *See* ECF No. 9845 ¶¶ 9–10. Neither of these cases provide a reasoned basis for finding that the Debtors were obligated to undertake extensive, individualized notice to anyone who conceivably purchased a similar product. The record of that litigation fails to demonstrate that the Debtors were required to provide all Sears customers with individualized notice and, although the plaintiff in that dispute initially requested discovery, no such discovery was ever served.

11

## **CONCLUSION**

19.   Transform makes a straightforward request of this Court to enforce the unambiguous terms of its prior Sale Order with respect to actions based on successor liability. As such, Transform respectfully requests that this Court issue an order enjoining the Janega Plaintiffs from pursing, asserting, or taking any other action in furtherance of any claims against Transform and any of its affiliates, successors and assigns to the extent such claims are premised on successor liability or any similar theory of liability, including, without limitation, engaging in further discovery in support thereof.

Dated:  March 3, 2023  
         New York, New York

*/s/ Thomas S. Kessler*  
Sean A. O'Neal, Esq.  
Luke A. Barefoot, Esq.  
Thomas S. Kessler, Esq.  
CLEARY GOTTLIEB STEEN & HAMILTON LLP  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999  

*Attorneys for Transform Holdco LLC and Transform SR Brands LLC*

## EXHIBIT A

<u>Proposed Order</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al*,[1] | Case No. 18-23538-SHL |
| Debtors. | Jointly Administered |

## ORDER ENFORCING THE ORDER (I) APPROVING THE ASSET PURCHASE AGREEMENT AMONG SELLERS AND BUYER, (II) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND LEASES IN CONNECTION THEREWITH AND (IV) GRANTING RELATED RELIEF

Upon Transform's *Motion to Enforce Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

*Granting Related Relief*, ECF No. \_\_\_\_ (the "Motion to Enforce")[2] in the above-captioned proceeding; and the Court having considered the Motion to Enforce, the *Declaration of Jessica Metzger in Connection With Transform's Motion to Enforce Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief,* ECF No. \_\_\_\_; and the Court having jurisdiction to consider the Motion to Enforce and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and notice of the Motion to Enforce having been given in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and the Court having held a hearing to consider the Motion to Enforce at which time all interested parties were offered the opportunity to be heard with respect to the Motion to Enforce (the "Hearing"); and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND ORDERED THAT**:

1.  For the reasons set forth on the record at the Hearing, the Motion to Enforce is GRANTED as set forth herein.

2.  This Court's *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Enforce.

2

*Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief*, ECF No. 2507 (the "Sale Order"), remains in full force and effect. All parties are ordered to comply with the provisions of the Sale Order.

3. Pursuant to the unambiguous terms of the Sale Order, neither Transform Holdco LLC nor Transform SR Brands LLC (together, "Transform") is a legal successor and cannot be otherwise deemed to be a successor to any of the Debtors.

4. Robert L. Janega, individually and as the independent administrator of the estate of John R. Janega, and Pamela Janega are hereby enjoined from pursuing, asserting or taking any other action in furtherance of any claims against Transform and any of its affiliates, successors and assigns to the extent such claims are premised on successor liability or any similar theory of liability. For the avoidance of doubt, this includes engaging in further discovery in furtherance of successor liability claims in connection with the action captioned *Robert Janega, Pamela Janega v. Electrolux Home Products, Inc. et al.*, Case No. 2021 L 006219 (Ill. Cir. Ct. Cook County 2021).

5. The Court retains exclusive jurisdiction to interpret and enforce this Order.

Dated: _____, 2023
White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge

3