**Exhibit 3**

FILED DATE: 11/4/2022 11:15 AM   2021L006219

FILED
11/4/2022 11:15 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006219
Calendar, C
20181270

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT L. JANEGA, Individually, and as Administrator of the Estate of John R. Janega, Deceased, and Pamela Janega, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ELECTROLUX HOME PRODUCTS, INC., a foreign corporation; SEARS, ROEBUCK AND CO., a corporation; SEARS HOLDINGS MANAGEMENT CORPORATION, a foreign corporation; TRANSFORM SR BRANDS LLC, a foreign corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 21 L 006219

## DEFENDANT TRANSFORM SR BRANDS LLC'S MOTION TO DISMISS

NOW COMES the Defendant **TRANSFORM SR BRANDS LLC** (hereinafter "Transform") and through its attorneys, O'Hagan Meyer LLC, and for its Motion to Dismiss pursuant to 735 ILCS 5/2-619(a)(9), states as follows:

### INTRODUCTION

Plaintiff brings the present product liability claim involving a dryer purchased and installed in 2008. (Exhibit A, Plaintiff's Complaint, Paragraph 11). Plaintiff alleges that the dryer caused a fire in August 2019 and now brings suit against various Defendants alleging *inter alia* that they negligently designed, manufactured, or sold the product at-issue.

Plaintiff's suit against Transform is based *solely* on a theory of successor liability arising from the actions of Sears, Roebuck and Co ("Sears") which is currently in bankruptcy proceedings in the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") styled *In re Sears Holdings Corporation, et. al*., Case No. 18-23538 (RDD) (as jointly

1

FILED DATE: 11/4/2022 11:15 AM    2021L006219

administered, the "Chapter 11 Cases"). Specifically, Plaintiff alleges that Sears participated in the

above negligent acts and that Transform is liable as a successor after it acquired certain assets free

and clear of all liens, claims, and encumbrances in Sears' pending Chapter 11 Cases. (Exhibit A,

Counts VI through X). However, such claims are unfounded and Plaintiff cannot possibly recover

on this theory because the Bankruptcy Court which approved the asset sale specifically found that

there would be no future successor liability against Transform arising from the acquisition of

Sears' assets. (Exhibit B, Order (I) Approving the Asset Purchase Agreement Among Sellers and

Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims,

Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain

Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief, ECF

Doc. No. 2507 under Case No. 18-23538 (RDD)) (hereinafter the "Sale Order").

Plaintiff's Complaint should be dismissed pursuant to 735 ILCS 5/2-619(a)(9) because

Transform did not exist until 2019 and recovery is sought solely on a successor liability theory –

a theory which fails as Transform did not assume any of the relevant liabilities of Sears which

form the basis of the present lawsuit. [NTD – I don't think we want to concede that a ruling on

that would necessarily be determinative here – there could be particular noticing issues that would

distinguish the cases]

## PROCEDURAL BACKGROUND RE: BANKRUPTCY PROCEEDINGS

1.      Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter,

various Sears and certain of its affiliates ("the Debtors") filed voluntary petitions for relief under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases

are jointly administered under Case No. 18-23538 (RDD) pending in the Bankruptcy Court.

FILED DATE: 11/4/2022 11:15 AM    2021L006219

2.      Transform Holdco LLC[1] was not created until September 28, 2018. Transform SR Brands, LLC is a subsidiary of Transform Holdco and was not created until January 23, 2019.

3.      On January 14, 2019, the Debtors conducted an auction for the sale of all or substantially all of their assets, and the bid put forth by Transform Holdco LLC ("Holdco") was selected as the winner. (Notice of Successful Bidder and Sale Hearing, ECF Doc No. 1730 under Case No. 18-235388 (RDD)).

4.      After a long and contested sale hearing, the Bankruptcy Court approved the proposed sale transaction on or about February 7, 2019 and entered the Sale Order on February 8, 2019. (Exhibit B, Sale Order). The Sale Order approved the sale of substantially all of the Debtors' assets to Holdco and its Affiliated Designees, as defined therein, (together, "Buyer") free and clear of all Claims (as defined in the Sale Order)[2] pursuant to that certain Asset Purchase Agreement attached as Exhibit B thereto (the "Purchase Agreement"). (Exhibit B, Sale Order Paragraphs 19–24; Purchase Agreement, §§ 2.1, 2.4; *see also* Purchase Agreement, Preamble (defining "Buyer" as "Transform Holdco LLC, a Delaware Limited Liability Company [] together with any applicable Affiliated Designee"). The Purchase Agreement defines "Affiliate" as an entity "directly or indirectly … controlled by" another entity through "ownership of voting securities," "contract," or "otherwise" and defines an "Affiliated Designee" as an affiliate to whom Holdco assigns "all or any part of its rights or obligations." Purchase Agreement §§ 1.1, 13.6. Since

---

[1] Transform SR LLC, Transform KM LLC, Transform SR Holdings LLC, and Transform SR Holding Management LLC are subsidiaries of Transform Holdco LLC. https://www.sec.gov/Archives/edgar/data/1548309/000154830919000045/sho8k-031819.htm

[2] The Sale Order's definition of "Claims" is incredibly broad and goes on for over a page.  In relevant part, it includes "any derivative, vicarious, transferee or successor liability claims, alter ego claims, *de facto* merger claims, rights or causes of action… whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether known or unknown."

Transform is an Affiliate Designee of Holdco, the protections of the Sale Order and Purchase Agreement — including protections against successor liability — also apply to it.

5.        In the Sale Order, the Bankruptcy Court found that the sale and transfer "will not subject the Buyer … to any liability (including any successor liability) under any laws, including any bulk-transfer laws, or any theory of successor or transferee liability … *de facto* merger or substantial continuity or similar theories, with respect to the operation of the Debtors' business prior to the Closing." (Exhibit B, Sale Order, Paragraph M). Further, the Court determined unequivocally that "the Buyer is not and shall not be deemed a successor to the Debtors or their respective estates [and] Buyer's acquisition of the Acquired Assets … shall be free and clear of any 'successor liability' claims of any nature whatsoever." *Id.*

6.        In fact, the Court held that the protection from successor liability was integral to the economics of the sale transaction when it determined that:

> The total consideration to be provided under the Asset Purchase Agreement reflects the Buyer's reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the Acquired Assets owned by the Debtors free and clear of all Claims (including, without limitation, any potential derivative, vicarious, transferee or successor liability claims).

(Exhibit B, Sale Order, Paragraph T).

7.        Moreover, the Court found that the "Buyer would not purchase the Acquired Assets but for the protections against any claims based on 'successor liability' theories as specified herein." (Exhibit B, Sale Order, Paragraph M). Therefore, the Bankruptcy Court determined that the Buyer had relied on these protections not only when formulating and electing to close on its bid, but also when deciding whether to pursue a bid at all.

FILED DATE: 11/4/2022 11:15 AM   2021L006219

FILED DATE: 11/4/2022 11:15 AM    2021L006219

8.      In furtherance of this finding, the Sale Order explicitly stated, more than once, that the Buyer was not inheriting any successor liability from the Debtors as a result of its purchase. For example, the Sale Order stated:

> the Buyer Related Parties and their successors and *assigns* shall have no liability for any Claim against the Debtors or the Debtors' estates or Excluded Liabilities, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee, successor, alter ego, or otherwise … including Claims or Excluded Liabilities arising under, without limitation … any common law doctrine of *de facto* merger or successor or transferee liability, successor-in-interest liability theory or any other theory of or related to successor liability.

(Exhibit B, Sale Order, Paragraph 22) (emphasis added). In addition, the Sale Order provided that, by virtue of the sale transaction, the Buyer and its "affiliates, successors and assigns shall not be deemed or considered to (i) be a legal successor, or otherwise be deemed a successor to any of the Debtors." (Exhibit B, Sale Order, Paragraph 27). The Sale Order also provided that the Court retained "exclusive jurisdiction" to "interpret, enforce, and implement" the Order. (Exhibit B, Sale Order, Paragraph 58).

9.      As of the date of this filing, the Chapter 11 Cases are on-going.

## STANDARD OF LAW

A motion to dismiss based on section 2–619 motion admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim. *Schusse v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 334 Ill. App. 3d 960, 963 (1st Dist. 2002). The primary purpose of section 2–619 of the Code of Civil Procedure is to obtain at the outset of a legal action a summary disposition of issues of law or of easily proved facts. *Cioni v. Gearhart*, 201 Ill. App. 3d 853, 856, 559 N.E.2d 494, 496 (1990). Section 619(a)(9) requires

FILED DATE: 11/4/2022 11:15 AM    2021L006219

dismissal when the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim.

## ARGUMENT

**I.      Plaintiff's Complaint should be dismissed as the Sale Order bars successor liability recovery.**

Plaintiff's Complaint against Transform arises solely through a theory of successor liability. Paragraph 33 of Plaintiff's complaint cites as the only reason:

> 33.      By virtue of certain transactions in furtherance of the Chapter 11 reorganization plan of Defendants, Sears and Sears Holdings Corporation, Defendants, Transform Holdco and/or Transform SR may be or will become successors in interest to Sears with respect to the claims asserted herein.

In fact, no other theory of liability can even be possible since the subject dryer was designed, manufactured, sold, and installed prior to 2018, and Transform did not even exist at that time. Nonetheless, Plaintiff's successor liability theory fails as a matter of law based on the plain language and findings of the Sale Order.

Again, the Bankruptcy Court has found that there shall be no successor or other derivative liability arising from Transform's purchase of Sears assets. (Exhibit B, Sale Order, Paragraphs M, T, 22). Plaintiff's attempt to hold Transform liable under a successor liability theory is therefore plainly contrary to the findings of the Sale Order and cannot succeed. *See e.g.*, *In re Motors Liquidation Co.*, 514 B.R. 377, 383 (Bankr. S.D.N.Y. 2014) (finding that plaintiffs' claims in connection with vehicle manufactured before a sale pursuant to Section 363 of the Bankruptcy Code were barred by the provisions of the sale order precluding successor liability).

From a policy perspective, Bankruptcy Courts often acknowledge the way successor liability protections help debtors maximize the value of their assets, to the benefit of all parties in interest. *See e.g.*, *Douglas v. Stamco*, 363 Fed. Appx. 100, 102–03 (2d Cir. 2010) ("[T]o the extent that the 'free and clear' nature of the sale (as provided for in the Asset Purchase Agreement ('APA') and § 363(f)) was a crucial inducement in the sale's successful transaction, it is evident that the potential chilling effect of allowing a tort claim subsequent to the sale would run counter to a core aim of the Bankruptcy Code, which is to maximize the value of the assets and thereby maximize potential recovery to the creditors.") (footnote omitted); *Volvo White Truck Corp. v. Chambersburg Beverage Inc. (In re the White Motor Credit Corp.)*, 75 B.R. 944, 951 (Bankr. N.D. Ohio 1897) ("The successor liability specter would chill and deleteriously affect sales of corporate assets, forcing debtors to accept less on sales to compensate for this potential liability. This negative effect on sales would only benefit product liability claimants, thereby subverting specific statutory priorities established by the Bankruptcy Code.").

To allow the present action to continue against Transform on the basis of successor liability would contravene this policy goal as well as the express orders of the Bankruptcy Court. Again, the Bankruptcy Court found that Transform *would not have even entered into the sale transaction* without protections from successor liability claims. (Exhibit B, Sale Order, Paragraphs M, T). In other words, the lack of any potential successor liability was a critical element of the asset sale and recognized as such in the Sale Order.

Based on these factors, there is no reasonable possibility that Plaintiff could prevail on his theory of successor liability and Transform should be dismissed as the Sale Order precludes any finding of liability on the part of Transform. Plaintiff's attempt to bypass the clear findings of the

7

FILED DATE: 11/4/2022 11:15 AM    2021L006219

FILED DATE: 11/4/2022 11:15 AM    2021L006219

Sale Order and artificially manufacture successor liability is patently improper and should be rejected by this Court.

WHEREFORE, Defendant, **TRANSFORM SR BRANDS LLC**, requests that this Court dismiss Transform SR Brands LLC, and for all other relief it deems reasonable and necessary.


O'HAGAN MEYER, LLC



By:    s/ Lucas Sun
          One of the Attorneys for Defendant
          Transform SR Brands LLC

James P. Balog, Esq.
Lucas Sun, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
312-422-6100
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com