**Exhibit 6**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT L. JANEGA, Individually, and as Administrator of the Estate of John R. Janega, Deceased, and Pamela Janega, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| ELECTROLUX HOME PRODUCTS, INC., a foreign corporation, et al. | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |
| UNITED SERVICES AUTOMOBILE ASSOC. as subrogee of MARK L. STEHLING, | ) ) ) ) |
| Intervening Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) |
| Defendant. | ) |

No. 2021L006219

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
ADDRESSED TO TRANSFORM HOLDCO LLC**

Pursuant to Illinois Supreme Court Rules, you are hereby requested to respond to the following Interrogatories within twenty-eight (28) days of the date of service hereof and supplemented thereafter in accordance with the Illinois Supreme Court Rules.

**Definitions and Instructions**

**A. Definitions**

1. **Document** – When used in these interrogatories, the term "document" shall be construed in its broadest sense so as to include recorded information in any form, and shall include without limitation, both an original and any non-identical copy, writing, any printed or graphic representation, catalogue, circular, advertisement, brochure, label, manual, report, letter, drawing, sketch, note, and memorandum. The term "document" shall also include any information stored in, maintained on, or accessible through computers, disk drives, or other limitation program files, data files and data compilations from which information can be obtained (translated, if necessary,

by you, into a reasonably useable form), together with the codes or programming instructions and other materials necessary to understand and to use such systems.

2. **Government Agency** – When used in these interrogatories, the term "governmental agency" shall mean any local, state, or federal agency or organization whatsoever, or anyone acting on their behalf, including without limitation, fire department, police department, fire marshal, Consumer Product Safety Commission, or other local, state or federal agency.

3. **Identify/Identity** – When used in these interrogatories, the term "identify" or "identity" when used in connection with a person, shall mean that you provide the full name, business and home addresses, business and home telephone numbers, employer, date of birth, and social security number. When used in connection with a document, the term "identify" or "identity" shall mean that you provide either the document itself, or the following:

    a. date(s) the document was generated,

    b. identity of the author(s) of the document,

    c. description of the document (e.g., letter, deed, memorandum, etc.),

    d. identity of any indicated recipient(s) of the document,

    e. identity of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure, and

    f. subject matter of the document.

4. **Fire** – When used in these interrogatories, the term "fire" shall mean the fire referred to in the Complaint in this matter, which gives rise to Plaintiffs' claims.

5. **Incident** – When used in these interrogatories, the term "incident" or "incidents" shall mean the incident that gave rise to this cause of action as more fully described in the Complaint and alleged in the Complaint to have been caused by the Electrolux's dryer.

6. **Person** – When used in these interrogatories, the term "person" includes any individual, partnership, corporation, or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state, or federal government, their agencies or political subdivisions, and any court or governmental agency. The singular shall include the plural, and the male shall include the female.

7. **Photograph** – When used in these interrogatories, the term "photograph" shall mean any visual photographic or electronic reproduction of any type "whatsoever", including without limitation, negatives, slides, photographs, motion pictures, films, videotapes, and computer graphics files. When copies of photographs are provided, you shall produce (at the expense of these plaintiffs) unretouched (or otherwise modified by electronic or photographic means) full-frame 5 inch by 7 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative. When copies of all videotapes are provided, you shall produce (at the expense of these plaintiffs) an unretouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

8. **Subject Dryer** – When used in these interrogatories, the term "subject dryer" shall mean the dryer alleged by Plaintiffs to be defective which caused or contributed to the fire, and shall include, without limitation, the product itself, any component parts, whether or not contained within the product, and any associated wiring or other related items.

9. **Substantially Similar Dryers** – When used in these interrogatories, the term "Substantially Similar Dryers" shall mean all Electrolux gas and electric ball hitch clothes dryers designed, manufactured and/or distributed by Defendant and/or its predecessor companies.

10. **Subject Property** – When used in these interrogatories, the term "Subject Property" shall mean the property at which the incident described in Plaintiffs' Complaint occurred, including without limitation any buildings or other improvements.

11. **Transform Holdco LLC, You**, **and Your** – When used in these requests for production, the terms "Transform Holdco," "You," and "Your" shall mean Transform Holdco LLC, its predecessors and successors in interest, its present and former officers, directors and employees, its parent, subsidiaries, divisions, entities, and affiliated companies, and its attorneys, representatives, agents and all other persons acting or authorized to act on its behalf, including third-party entities.

12. **Electrolux** – When used in these interrogatories, the terms "Electrolux," shall mean Electrolux Home Products, Inc., Electrolux North America and Electrolux AB, their predecessors and successors in interest, their present and former officers, directors and employees, their parents, subsidiaries, divisions, entities, and affiliated companies, and their attorneys, representatives, agents and all other persons acting or authorized to act on their behalf, including third-party entities.

13. "**Electrolux Ball Hitch Clothes Dryers**" – When used in these interrogatories, the term "Electrolux Ball Hitch Clothes Dryers" shall mean and include all **gas** and **electric** clothes dryers designed, manufactured and distributed by Electrolux Home Products, Inc. at its Webster City, Iowa facility between 1995 and 2011.

14. "**Electrolux Bulkhead Clothes Dryers**" – When used in these interrogatories, the term "Electrolux Bulkhead Clothes Dryers" shall mean and include all **gas** and **electric** clothes dryers designed, manufactured and distributed by Electrolux Home Products, Inc. at its Juarez, Mexico facility from 2008 to the present.

### B. Instructions

1. Your answers to these interrogatories shall be served within the time frame provided by the Illinois Supreme Court Rules.

2. If you refuse to respond to any of these interrogatories, or to produce any document, on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

    a.    date(s) the document was generated,

    b.    identity of the author(s) of the document,

    c.    description of the document (e.g., letter, deed, memorandum, etc.),

    d.    identity of any indicated recipient(s) of the document,

    e.    identity of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,

    f.    subject matter of the document,

   g.  basis for claiming privilege or exemption from discovery, and

   h.  all facts upon which you rely to support your claim or privilege or exemption from discovery.

  3.  In the event you object to any interrogatory in whole or in part, state in complete detail in your answer the nature of your objection, and comply with any part of the interrogatory to which you do not object.

  4.  These interrogatories require you to provide information within your possession, custody, or control, and within the possession, custody, or control of anyone over whom you have control, including without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, or independent adjusting company.

  5.  These interrogatories are continuing in character so as to require you to promptly supplement your answers if you obtain further or different information or documents after serving your answers, in accordance with the Illinois Supreme Court Rules.

## **INTERROGATORIES**

  1.  Did You (or Your predecessor companies) assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the subject dryer, as defined above? If so, explain in detail which of these activities You (or Your predecessor companies) did, and what the activities entailed.

**ANSWER:**

  2.  Please identify the date that You (or Your predecessor companies) sold and/or installed the subject dryer.

**ANSWER:**

  3.  State whether the subject dryer was ever serviced, maintained, repaired and/or reconditioned by You (or Your predecessor companies) or by anyone on Your (or Your predecessor companies') behalf. If so, describe the service, maintenance, repair and/or recondition history of the dryer.

**ANSWER:**

   4. Identify the name of all databases, software programs, websites, electronic addresses, or other Internet-based locations where You (or Your predecessor companies) store, maintain and/or keep warranty and/or service information related to clothes dryers designed and manufactured by Electrolux.

**ANSWER:**

   5. Describe in complete detail how You (or Your predecessor companies) communicate (or communicated) warranty, technical and/or field service information to Electrolux about clothes dryers designed and manufactured by Electrolux.

**ANSWER:**

   6. Identify all warranty claims presented to You (or Your predecessor companies), Your (or Your predecessor companies') independent subcontractors and/or Your (or Your predecessor companies') licensees as a result of, or allegedly as a result of, any condition believed by You (or Your predecessor companies) or reported to You (or Your predecessor companies) to have been related, directly or indirectly, to the accumulation of lint within the cabinet of clothes dryers designed and manufactured by Electrolux since 1995, and describe all action, if any, taken by You (or Your predecessor companies), Your (or Your predecessor companies') independent subcontractors and/or Your (or Your predecessor companies') licensees to identify the root cause of and/or to repair or remedy the underlying condition that resulted in any such warranty claim.

**ANSWER:**

   7. Identify and describe all information You (or Your predecessor companies) record concerning warranty claims related to clothes dryers designed and manufactured by Electrolux, the manner in which You (or Your predecessor companies) record that information, whether and, if so, how the character of information recorded or method of recording has changed since 1995, all efforts by You (or Your predecessor companies) to communicate the information recorded regarding warranty claims to Electrolux and the substance, date, mode and manner of communication about warranty claims by You (or Your predecessor companies) to Electrolux since 1995.

**ANSWER:**

8. Identify the person or persons with most knowledge from Transform Holdco LLC and/or anyone on its behalf regarding the number of insurance claims, consumer complaints, subrogation demands, complaints or notices received by Transform Holdco LLC (or Your predecessor companies), and any of Transform Holdco LLC's (or Your predecessor companies') agents, representatives, claims companies, distributors or third party agencies, pertaining to or relating to fires originating in/at clothes dryers designed and manufactured by Electrolux from 2000 to the present.

**ANSWER:**

9. Identify the number of lawsuits, insurance claims, claims, subrogation notices and/or incident reports received by You (or Your predecessor companies) and any of Your (or Your predecessor companies') agents, representatives, claims companies, distributors or third party agencies alleging that lint was ignited by the dryers' heat source (i.e., the electric coils or gas burner) in clothes dryers designed and manufactured by Electrolux and sold by You from 2000 to the present.

**ANSWER:**

10. Identify the number of lawsuits, insurance claims, claims, subrogation notices and/or incident reports received by Transform Holdco LLC (or Your predecessor companies) and any of Transform Holdco LLC's (or Your predecessor companies') agents, representatives, claims companies, distributors or third party agencies alleging that a fire originated in an Electrolux ball hitch style clothes dryer sold by You from 2000 to the present.

**ANSWER:**

11. Identify the number of lawsuits, insurance claims, claims, subrogation notices and/or incident reports received by Transform Holdco LLC (or Your predecessor companies) and any of Transform Holdco LLC's (or Your predecessor companies') agents, representatives, claims companies, distributors or third party agencies alleging that a fire originated in an Electrolux bulkhead style clothes dryer sold by You (or Your predecessor companies) from 2000 to the present.

**ANSWER:**

12. Did You (or Your predecessor companies) perform any life testing, reliability testing, quality control testing, abuse testing or Design Failure Mode and Effects Analysis (DFMEA) and/or any other similar design review or risk analysis on ball hitch style clothes dryers designed and manufactured by Electrolux from 2000 to the present.

**ANSWER:**

13. Have You (or Your predecessor companies) conducted, directly or indirectly, a hazard analysis with regard to clothes dryers designed and manufactured by Electrolux? If so, describe the hazard analysis performed, identify the date(s) of performance, identify the person(s) responsible for designing and/or implementing the hazard analysis, describe the results and/or conclusions derived therefrom and identify all records related thereto.

**ANSWER:**

14. Identify whether You (or Your predecessor companies) have ever sold flexible foil venting for use with automated clothes dryers at any time and, if so, identify when You (or Your predecessor companies) discontinued the sale of flexible foil venting and why.

**ANSWER:**

15. Identify and describe all education, training and/or experience required by You (or Your predecessor companies) and/or Electrolux of Your (or Your predecessor companies') employees, independent subcontractors and/or licensees prior to performing any installation, inspection, maintenance and/or repair of clothes dryers designed and manufactured by Electrolux on Your (or Your predecessor companies') behalf and, to the extent any such requirements have changed since 1995, identify all changes and indicate the date any such changes were implemented by You (or Your predecessor companies).

**ANSWER:**

16. Identify and describe all of Your (or Your predecessor companies') policies (formal or informal; written or unwritten) related to the installation of clothes dryers designed and manufactured by Electrolux that have existed or have been implemented by You (or Your predecessor companies) since 1995, all steps taken by You (or Your predecessor companies) to train, educate and/or otherwise communicate those policies to Your (or Your predecessor companies') employees, independent subcontractors and/or licensees and any qualitative assessment procedure or program designed, intended, implemented and/or performed by You (or Your predecessor companies) to assure compliance and/or execution of any such policies.

**ANSWER:**

17. Has Electrolux ever alleged and/or communicated to You (or Your predecessor companies) that a fire in an Electrolux ball hitch clothes dryer was caused, in whole or in part, by the improper and/or unsafe installation of a clothes dryer by You (or Your predecessor companies), Your (or Your predecessor companies') independent subcontractor(s) and/or Your (or Your predecessor companies') licensee(s)? If so, identify all of the incidents that Electrolux has alleged were caused by Your (or Your predecessor companies') improper and/or unsafe installation of a clothes dryer and whether You (or Your predecessor companies) admitted or denied Electrolux's allegation(s).

**ANSWER:**

18. Do You (or Your predecessor companies) have or have You (or Your predecessor companies) ever had any control, input and/or influence over the design of clothes dryers manufactured by Electrolux, including the selection of plastic components used by Electrolux in the construction of a clothes dryer? If so, describe the control, input and/or influence You (or Your predecessor companies) have or had, when You (or Your predecessor companies) first acquired such control, input and/or influence and the extent to which You (or Your predecessor companies) have exercised such control, input and/or influence since 1995.

**ANSWER:**

19. Have You (or Your predecessor companies) ever reported a fire in a clothes dryer designed and manufactured by Electrolux to the United States Consumer Product Safety Commission ("CPSC") or demanded that Electrolux report a fire in a clothes dryer designed and

manufactured by Electrolux to the CPSC? If so, identify incidents/fires reported and/or that You (or Your predecessor companies) demanded to be reported to the CPSC and identify and describe all related documents exchanged and/or communications that occurred by and between You (or Your predecessor companies), the CPSC and/or Electrolux.

**ANSWER:**

20. Have You (or Your predecessor companies), anyone acting on Your (or Your predecessor companies') behalf or any third party ever conducted testing, experiments and/or studies to determine where lint accumulates internally in clothes dryers designed and manufactured by Electrolux and which hazards, if any, such lint accumulation presents to the appliances or their users? If so, identify and describe all testing, experiments and/or studies and the conclusions reached by or communicated to You (or Your predecessor companies) as result thereof.

**ANSWER:**

21. Have You (or Your predecessor companies) had any communications with the United States Consumer Product Safety Commission ("CPSC") regarding fires in Electrolux ball hitch clothes dryers. If so, identify and describe all the communications that occurred by and between You (or Your predecessor companies) and the CPSC.

**ANSWER:**

                Respectfully submitted,

**BY:** <u>*Mark V. Ferrante*</u>
      Mark V. Ferrante, Esquire
      Law Offices of Mark V. Ferrante
      221 North La Salle Street, Suite 1500
      Chicago, IL  60601
      (312) 578-0303
      Facsimile:  (312) 578-9707
      Email:  mvf@ferrantelaw.com
      Attorney No. 15175

**BY:** <u>*W. Gregory Aimonette*</u>
      W. Gregory Aimonette, Esquire
      Clausen Miller, P.C.
      10 South La Salle Street
      Chicago, IL  60603
      (312) 855-10103
      Facsimile:  (312) 606-7777
      Email:  waimonette@clausen.com
      Attorney No. 901181

**BY:** <u>*Raymond E. Mack*</u>
      Raymond E. Mack, Esquire
      PA ID No.: 91815 (*Pro Hac Vice*)
      Patrick A. Hughes, Esquire
      PA ID No.: 91415 (*Pro Hac Vice*)
      Andrew G. Hunt, Esquire
      PA ID No.: 320749 (*Pro Hac Vice*)
      de LUCA LEVINE LLC
      501 East Germantown Pike, 3rd Floor
      East Norriton, PA  19401
      Telephone:  (215) 383-0081
      Fax:  (215) 383-0082
      E-Mail:  rmack@delucalevine.com
              phughes@delucalevine.com

Dated:  <u>November 3, 2022</u>

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT L. JANEGA, Individually, and as Administrator of the Estate of John R. Janega, Deceased, and Pamela Janega, <br><br> Plaintiffs, <br><br> vs. <br><br> ELECTROLUX HOME PRODUCTS, INC., a foreign corporation, et al. <br><br> Defendants. <br> _____ <br><br> UNITED SERVICES AUTOMOBILE ASSOC. as subrogee of MARK L. STEHLING, <br><br> Intervening Plaintiff, <br><br> vs. <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 2021L006219 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiffs' First Set of Interrogatories Addressed to Defendant TRANSFORM HOLDCO LLC was duly served on November 3, 2022, upon the following via e-mail as follows:

James R. Shultz, Esquire  jay.shultz@tuckerellis.com
Nathan T. Newman, Esquire  nathan.newman@tuckerellis.com
Dina Lupancu, Esquire  dina.lupancu@tuckerellis.com
Tucker Ellis LLP
233 South Wacker Drive, Suite 6950
Chicago, IL  60606

Frederick William Bode, III, Esquire   rbode@dmclaw.com
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA  15222
*Attorneys for Defendant,*
*Electrolux Home Products, Inc., Sears Roebuck & Co., Sears Holding Management Corporation*

Lucas Sun, Esquire  lsun@ohaganmeyer.com
O'Hagan Meyer, LLC
One E. Wacker Drive, Suite 3400
Chicago, IL  60601
*Attorneys for Defendants,*
*Transform SR Brands LLC and Transform Holdco LLC*

Mark V. Ferrante, Esquire   mvf@ferrantelaw.com
Law Offices of Mark V. Ferrante
221 North La Salle Street, Suite 1500
Chicago, IL  60601

W. Gregory Aimonette, Esquire   waimonette@clausen.com
Clausen Miller, P.C.
10 South La Salle Street
Chicago, IL  60603
*Attorneys for Plaintiffs*

Russell M. Barnett, Esquire   rbarnett@rmblawfirm.com
Russell M. Barnett & Associates, LLC
400 South County Farm Road, Suite 200
Wheaton, IL  60887
*Attorneys for Intervening Plaintiff,*
*United Services Automobile Association as subrogee of Mark L. Stehling*

                                          *s/ Patrick A. Hughes*
                                          Patrick A. Hughes, Esquire