Michael Wachs
325 Buffalo Ave
Lindenhurst, NY, 11757
mikewachs@msn.com
Tel 516-669-6279
Pro se

Hearing Date and Time:

Related to Docs. 872, 892, 1730, 2355-1, 2356, 2886, 3276, 5370, 5370-1, 9788, 9987, 10566, 10613, 10629

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              Case No. 18-23538 (SHL)

Sears Holdings Corporation, et al.,                 Chapter 11

                        Debtors.                    (Jointly Administered)

**MICHAEL WACHS' MOTION INFORMING SRZ LIQUIDATING TRUST OF THE EXPIRATION OF THE DEADLINE TO PUBLISH THE GOOD FAITH VALUATION, REQUEST THAT THEY FILE AN EXTENSION OF THE SAME, AND NOTICE THAT THE DEFAULT HAS BEEN WITHDRAWN FOR THE 10/15/2018 BONDS (CUSIP 812350AE6) AND THE 12/15/2019 BONDS (CUSIP 812350AF3)**

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

1. My name is Michael Wachs I am a Liquidating Trust beneficiary with standing to file this Motion and Notice. I personally hold over fifty thousand shares of Common Stock and $2 million in face value of the 10/15/2018 Bonds and 12/15/2019 Bonds.

2. The purpose of this motion is to:

   a. Inform the Court and SRZ Liquidating Trust (the "Trust"), as well as other parties in interest, of the expiration of a court-ordered deadline which passed on or about March 15, 2023.

   b. Request that the Liquidating Trustee file a motion asking for an extension of such

        deadline, and/or publish an update of their progress toward the valuation of the Liquidating Trust assets.

    c. Request that the Trustee confirm who will be making payments to bondholders, as the bonds are worth par and Liquidating Trust beneficiaries have been receiving conflicting information as to who will be disbursing the payments to bondholders.

## Chapter 11 Liquidating Plan Becomes Effective

3. On October 15, 2019, the Court confirmed the Debtors' Modified Second Amended Joint Chapter 11 Plan (the "Plan"). This plan became effective on or about October 29, 2022, and pursuant to that plan as amended, the remaining assets of the debtors are to be transferred to the Liquidating Trust. [1]

4. Upon information and belief, the assets of the Liquidating Trust were transferred to the Liquidating Trust on or about November 15, 2022

5. According to the Plan and the Trust, the assets being transferred to the Liquidating Trust consist of all remaining assets of the debtors, including the debtors' rights in the Asset Purchase Agreement (The "Agreement"). The Declaration of Trust section of the Agreement reads in part:

*"On the Effective Date, and in accordance with sections 1123 and 1141 of the Bankruptcy Code and pursuant to the terms of the Plan and the Confirmation Order, all title and interest in all of the Liquidating Trust Assets, which constitute all assets of the Debtors that have not been distributed on or prior to the Effective Date, including without limitation all remaining General Assets and funds received pursuant to the Settlement Order, as well as the rights and powers of each Debtor in such Liquidating Trust Assets, including, without limitation, all of the Debtors' rights under the Asset Purchase Agreement, shall irrevocably and automatically*

---

1—see Plan, Article X.3

*vest in the Liquidating Trust, free and clear of all liens, Claims, encumbrances and Interests (legal, beneficial or otherwise) for the benefit of the Liquidating Trust Beneficiaries..."?*[2]

### Date to Publish the Good Faith Valuation

6. The Trust Agreement requires that a good faith valuation of Trust assets be published to the Trust beneficiaries as soon as reasonably practicable. The Declaration of Trust reads in part: "As soon as reasonably practicable after Liquidating Trust Assets are transferred to the Liquidating Trust, but in no event later than 120 days thereafter, the Liquidating Trust shall make a good faith valuation of Liquidating Trust Assets and the Liquidating Trustee shall apprise, in writing, the Liquidating Trust Beneficiaries of such valuation." [3]

7. Discounting holidays, the date to publish the valuation of the assets in the Liquidating Trust expired on or about March 1st, 2023. It is possible that the Liquidating Trustee is unaware of this court-ordered deadline, as this is a large and complex case with over 10,000 documents and many moving parts.

### Correspondence from Liquidating Trust Employees and Brokerages

8. Because the Trust has yet to publish on their website or issue a press release, or otherwise apprise all parties in interest at the same time and in a uniform manner, upon information and belief, beneficiaries are inquiring with their brokerages and with various Liquidating Trust employees. The information they receive, if they are responded to, is incomplete and often unintentionally inaccurate. To be clear, Liquidating Trust employees are not intentionally providing misinformation or incomplete information.

9. For at least the last 45 days, beneficiaries have reported that employees at the Liquidating Trust have responded to the email messages and phone calls of some, but not others.

10. Some of these email responses have been posted on various online stock forums such as StockTwits.com and SeekingAlpha.com, and others.

---

[2] See Document 10613, pages 56-57  [3] See Document 10613, pages 21-22

11. Some of these email responses allege that general unsecured creditors are not Liquidating Trust beneficiaries. This is in direct conflict with the Plan documents and with orders of this Court.[4]

12. Other email responses allege that the Liquidating Trust has no significant assets left for distribution to bondholders and/or general unsecured creditors and that unsecured creditors have no path to recovery.

13. However, the Liquidating Trust cannot speak on behalf of the Bond Indenture Trustees, as the Liquidating Trust is not responsible for any payments or disbursements to noteholders or bondholders. The Plan says that the Bond Indenture Trustees, through the DTC, will provide distributions to noteholders. The relevant section of the plan reads in part:

*"Notwithstanding any provision of the Plan to the contrary, distributions to holders of any Notes shall be made to or at the direction of each of the applicable Indenture Trustees each of which will act as Disbursing Agent for distributions to the respective holders of Notes as applicable..."*[5]

14. Because Sears Holdings bonds are still trading, it is unfair that some bondholders do not receive email responses, and those who do, receive incomplete or inaccurate information, while others, who do not initiate contact, are apprised of nothing. This practice is unfair in general, as all Liquidating Trust beneficiaries should be on even ground and receive non-public information at the same time and in the same manner.

---

[4] See Document 5370-1 pages 11-12 under section 1.106 Liquidating Trust Beneficiaries, and section 1.108 Liquidating Trust Interests; See also Document 3276, page 57, 1.76 "General Unsecured Claim"
[5] See Document 10613, pages 21-22

**Settlement of Billions of Dollars in Lawsuits and Claims**

15. It is very likely that there would not be any significant assets in the Liquidating Trust, were it not for the successful negotiation and settlement of lawsuits and claims totaling multi-billions of dollars over the past 48 months, as outlined in the order[6] summarizing these settlements.[7]

16. As a result of resolving these extensive legal battles, there are substantial assets at the Trust.

**Sears' 368(a)(1)(G) Tax Reorganization (the "G Reorganization")**

17.. The liquidation of Sears Holdings and transfer of the debtors' assets to Transform Holdco qualified as one or more reorganizations under section 368(a) of the IRS tax code.[8]

18. This type of tax reorganization[9] requires that a distribution be made to former creditors of Sears Holdings, pursuant to Section 354 of the code.[10]

19. A target in a G Reorganization must satisfy a "distribution requirement", pursuant to which it distributes the consideration received in the G Reorganization. In this case, the target was Sears Holdings Corporation, and the acquiring organization is ESL as Parent and Transform Holdco as the acquiring subsidiary.

---

[6] See Documents 10566 and 10629

[7] For example, the PBGC claim was reduced from roughly $1.7 billion to roughly $900 million, and the case was substantively consolidated pursuant to the Plan Settlement. See Document 10566, page 19

[8] See Document 1730, page 69, section 2.12(a) Tax Reorganization; see also Introduction to Taxable and Tax-Free Mergers and Acquisitions by Samuel C. Thompson, Jr. "Introduction to 368 Acquisitive Reorganizations," pages 106-119

[9] See Mergers, Acquisitions and Tender Offers Law and Strategies by Professor Samuel C. Thompson Jr., Chapter 16:15, "The G Reorganization and the Acquisition of the Bankrupt Sears"

[10] See Document 1730, page 32, under "Distribution Requirement."

### SRZ Liquidating Trust Has Over $5 Billion in Cash/Assets Against Unsecured Bond Debt of Less Than $750 Million and PBGC Debt of Less Than $900 Million[11]

20. Although the Plan says, "Distributions to junior classes will only be made if senior classes are satisfied (or adequately reserved for),"[12] all senior classes have been paid, and/or rolled over or subordinated.[13] Therefore, this condition has been satisfied.

21. The *first* source of recovery for general unsecured creditors, including bondholders, is the subordination of the $2 billion in senior secured debt owned by ESL, and the contribution of the same, of which $1.3 billion was credit bid. According to a declaration filed by Kunal Kamlani, this subordination creates a recovery for unsecured creditors.[14]

22. The *second* source of recovery for general unsecured creditors, including unsecured bondholders, is the $3.9 billion[15] in previously unencumbered assets securing the Junior DIP loan of $350 million. Of these assets, at least $1 billion was obtained from the sale of Innovel Solutions to Costco.[16]

23. The *third* source of recovery for general unsecured creditors is the tax refund of $900 million due from the IRS for the tax credit of the same amount.[17]

---

[11] 15 See Document 872, Annex 1, page 39, Prepetition Indebtedness table
[12] 16 See Document 3276, page 15
[13] 17 See Document 2355-1, page 621; Document 2886, pages 40-41; Document 9788, page 23; and Document 9987, page 20
[14] 18 See Document 2356, page 6 at 13; see also Document 892 page 20
[15] 19 See Document 2886 pages 194-196
[16] 20 See Transform Press Release dated March 17, 2020; See Also Document 1436 pages 22-23 explaining that the debtors and their estates are deemed to be express third party beneficiaries to the remaining assets. 17-See Document 20, page 4, "The Debtors' Tax Attributes"

24. The *fourth* source of recovery for general unsecured creditors is from the sale of the inventory at the 410 stores that were liquidated. The inventory that was sold at these stores had a book value of at least $1.657 billion.[18]

25. The *fifth* source of recovery is from the surplus proceeds generated from the going-concern business. Transform has been essentially debt free since March 17, 2020, with just a small amount of real estate debt ($175 million).[19]

**Withdrawal of the Default Notice of the 10/15/2018 Bonds and 12/15/2019 Bonds**[20]

26. I have received notice from my broker, Morgan Stanley, that default was withdrawn on these Sears Holdings bonds on or about the second business day after the Effective Date (November 2nd, 2022). Notice was sent from Morgan Stanley/E-Trade informing bondholders that the 10/15/2018 Bonds and 12/15/2019 Bonds were no longer in default.

**Prayer for Relief**

I, Michael Wachs, respectfully request that the Liquidating Trust:

a. Provide the valuation of the Liquidating Trust assets to all beneficiaries and parties in interest at the same time and in the same manner.

b. File a motion asking for an extension of the deadline to publish a valuation of the assets in the Liquidating Trust, and/or publish an update of their progress toward the valuation of the assets in the Liquidating Trust.

c. Confirm if the Liquidating Trust is making distributions to bondholders, or if the Bond Indenture Trustees will be making those distributions.

Dated: March 20, 2023

By: /s/ Michael Wachs
325 Buffalo Avenue
Lindenhurst, NY, 11757
(516) 669-6279
mikewachs@msn.com
Pro se

---

[18] See Document 1730, page 10(b) "Inventory and Receivables" [19] See Transform Press Release dated March 17, 2020  [20] These bonds also have dates of 10/15/2048 CUSIP 812350AE6 and 12/15/2049 CUSIP 812350AF3

I certify that copies of this motion were mailed to the following:

M3 Partners
130 West 42" Street 17" Floor
New York, New York 10036
Attn: Kunal S. Kamlani

Sunny Singh, Esq
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, N.Y. 10153

Jared R. Friedmann, Esq
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, N.Y. 10153

Phil DiDonato, Esq
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, N.Y.

Garret A. Fail, Esq
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, N.Y. 10153

Computershare Trust Company, N.A.

250 Royal Street

Canton, MA 02021

(781) 575-4210 Fax

Bond Indenture Trustee/12/15/2019 Unsecured 8% Notes

_____

Michael Wachs

325 Buffalo Ave

Lindenhurst, NY, 11757

mikewachs@msn.com

(516) 669-6279