UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    :
                                                         :         Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                    :
                                                         :         Case No. 18-23538 (SHL)
                                                         :
                  Debtors.[1]                            :         (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
### (CHUBB COMPANIES)

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among SRZ Liquidating Trust (the "**Liquidating Trust**") as successor in interest to Sears, Roebuck and Co. ("**Sears**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and ACE American Insurance Company and its U.S.-based affiliates and successors, (collectively, the "**Chubb Companies**"). The Liquidating Trust and the Chubb

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, LP, 1700 Broadway, 19th Floor, New York, NY 10019.

Companies collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. The Debtors' confirmed chapter 11 plan (ECF No. 5293) (the "**Plan**")[2] became effective on October 29, 2022 (the "**Plan Effective Date**"), and the Plan has been substantially consummated. *See* Notice of the Occurrence of Effective Date (ECF No. 10693).

C. On the Plan Effective Date, the permanent injunction set forth in section 15.8 of the Plan (the "**Plan Injunction**") became effective.

D. The Debtors maintain general liability insurance with the Chubb Companies, including Policy No. G71097614 (together with any applicable excess and umbrella policies, the "**Chubb Policies**").

E. On August 5, 2020, Robert Gonzalez (the "**Claimant**") commenced an action styled *Robert Gonzalez v. Westfield, LLC, et al.* in the Superior Court of California, Country of San Diego, (Case No. 37-2020-00027308) (the "**Action**"), seeking damages from defendants Westfield, LLC, Brookfield Properties Retail Inc., and Sears arising from a fall near an escalator in a Sears store on August 4, 2018.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Confirmation Order or the Plan, as applicable.

F. On February 7, 2022 the Chubb Companies accepted tender of defense of the Action from certain of the non-Debtor defendants named in the Action.

G. On September 22, 2022, the Claimant executed that certain Conditional Settlement Agreement and Release (the "**Settlement Agreement**"), which provides for, among other things, payment of $50,000 to Claimant from the Released Parties' insurer (the "**Settlement Amount**") in full and final resolution of any and all claims arising out of the Action, and a release of the Released Parties.[3]

H. Chubb Companies have agreed to satisfy the Settlement Amount solely from available coverage under the Chubb Policies.

I. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Plan Injunction and the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**"), each if and to the extent applicable, for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, AND IT SHALL BE ORDERED THAT:**

1. This Stipulation shall be effective upon the date the order approving this Stipulation becomes a final, non-appealable order that is not subject to an appeal (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay and Plan Injunction, each if and to the extent applicable, shall be modified solely to the extent necessary to permit the Chubb Companies to make the payment required by the Settlement Agreement and apply any available proceeds

---

[3] The Settlement Agreement defines "Released Parties" as RPI Carlsbad, LP, Rouse Properties, LLC, Brookfield Properties LLC, ACE American Insurance Company, Sears Holdings Corporation, TransformCo, Westfield, LLC, Sears Roebuck and Co., its owners, as well as its former and current employees, independent contractors and insurer.

3

under the Chubb Policies to satisfy the Settlement Amount to the extent of available insurance coverage.  Under no circumstances shall the Chubb Companies be entitled to recover from the Liquidating Trust or any of the Debtors' estates directly; *provided*, that the Automatic Stay and Plan Injunction shall be modified only to the extent all costs and expenses associated with such relief are covered by the Chubb Companies; *provided further*, that all other provisions of the Automatic Stay, and all other terms and conditions of the Plan, shall remain in full force and effect. For the avoidance of doubt, the Automatic Stay and Plan Injunction, if and to the extent applicable, shall both remain in place with respect to the Action to the extent the Liquidating Trust is required to incur any legal fees or expenses, or bear any cost in connection with defending the Action or any payments required by the Settlement Agreement.

3. Nothing contained herein shall be construed as a waiver by the Liquidating Trust or any of the Debtors of their right to object to any and all proofs of claim relating to the Action or any other pending prepetition action to which the Debtors are a party that may be filed by the Claimant in the Chapter 11 Cases.

4. The limited relief set forth herein shall not be construed as an admission of liability by the Liquidating Trust, the Debtors, or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Action or any other matter.

5. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements, including the Chubb Policies; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers, including the Chubb Companies; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, including the Chubb Policies, or to otherwise assert any defenses

4

to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claim(s).

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

11. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

5

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: March 21, 2023 | Dated: March 21, 2023 |
| By: */s/ Garrett A. Fail* <br> Ray C. Schrock, P.C. <br> Garrett A. Fail <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 | By: */s/ Catherine B. Heitzenrater* <br> Wendy M. Simkulak <br> Catherine B. Heitzenrater <br> DUANE MORRIS LLP <br> 30 South 17th Street <br> Philadelphia, PA 19103-4196 <br> Telephone: (215) 979-1000 <br> Facsimile: (215) 979-1020 |
| *Attorneys for the Liquidating Trustee* | *Attorneys for the Chubb Companies* |

**SO ORDERED**

Dated: April 13, 2023
      White Plains, New York

                                  */s/ Sean H. Lane*
                                  THE HONORABLE SEAN H. LANE
                                  UNITED STATES BANKRUPTCY JUDGE