WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION** | : | Case No. 18-23538 (SHL) |
| | : | |
| **Liquidating Debtor.**[1] | : | |

---------------------------------------------------------------x

## LIQUIDATING TRUSTEE'S RESPONSE TO MOTION OF ERIC L. MOORE

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

The Liquidating Trustee, as successor-in-interest to the debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully submits this response to the motion filed by Eric L. Moore (the "**Movant**") (ECF No. 10810) (the "**Motion**"), and respectfully represent as follows:

1.  Beginning on October 15, 2018, and continuing thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors were authorized to continue to operate their business and

---

[1] On January 11, 2023, the Court entered the *Order (I) Entering Final Decree Closing Certain of the Chapter 11 Cases and (II) Granting Related Relief* (ECF No. 10776), closing the affiliated chapter 11 cases and directing that all motions, notices and other pleadings relating to any of the affiliated debtors be filed in this case. The location of the Liquidating Trust is c/o M3 Advisory Partners, LP, 1700 Broadway, 19th Floor, New York, New York 10019.

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 15, 2019, the Court confirmed the *Modified Second Amended Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF No. 5370). On September 2, 2022, the Court entered the *Order Approving Joint Motion of Debtors and Official Committee of Unsecured Creditors For Entry Of An Order Approving Settlement Agreements, Granting Related Relief And Authorizing Certain Nonmaterial Plan Modifications In Furtherance Of The Effective Date Of The Plan* (ECF No. 10629) (the "**Global Settlement Order**"). The Debtors' chapter 11 plan (the "**Plan**") became effective on October 29, 2022, and the Plan has been substantially consummated. *See Notice of the Occurrence of Effective Date* (ECF No. 10693).[2]

3. The Motion should be denied. It purports to inform the Court and the Liquidating Trustee of a reporting deadline, requests that the Liquidating Trustee seek an extension of that deadline, and requests that the Liquidating Trustee confirm who the Disbursing Agent will be for distributions the Movant expects to be made to general unsecured bondholders. *See* Motion ¶ 3. The Motion is premised on the incorrect assumptions that (i) the Movant is a current beneficiary of the Liquidating Trust and that the Liquidating Trust therefore has an obligation to report to the Movant a good faith valuation of Liquidating Trust Assets by March 1, 2023, and (ii) the Liquidating Trust is prepared to make a distribution to general unsecured creditors. As was set forth on the record at various points during this case, the sole current beneficiary of the Liquidating Trust is the PBGC, which at the Effective Date was owed a

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the confirmation order or the Plan, as applicable.

priority claim of $97.5 million, and which is currently owed $77.5 million that must be paid in full before any general unsecured claims are entitled to a distribution under the Plan. The Global Settlement Order authorized the Liquidating Trustee to modify the reporting obligations set forth in the Liquidating Trust (and cited by the Movant) in the interest of minimizing extraneous costs that would be incurred by treating contingent general unsecured creditors as current beneficiaries of the Liquidating Trust. The Global Settlement Order provided:

> The notice and reporting provisions in the Liquidating Trust Agreement may be further revised to minimize extraneous administrative costs and burdens and in a manner consistent with the available distributions from the Settlement Agreement to be made pursuant to the Plan and Confirmation Order until the Effective Date, and thereafter under the Liquidating Trust Agreement.

Global Settlement Order, ¶ 8(d).[3] To date, more than 23,000 general unsecured claims with an aggregate claim amount of over $25.0 billion have been scheduled and filed and none has been reconciled. Neither the Debtors nor the Liquidating Trustee could accurately allocate—or even approximate—the share of General Unsecured Liquidating Trust Interests that any general unsecured creditor may be entitled to. And the cost of providing notice would quickly dissipate the Liquidating Trust's assets.

4.  To provide parties in interest in the chapter 11 case, including all general unsecured creditors, updates on the progress of the Liquidating Trust, the Bankruptcy Court proposed the Liquidating Trustee file semi-annually a simplified update report. *In re Sears*

---

[3] For this reason, Section 3.12(b) of the Liquidating Trust Agreement provides: "If at any time the Liquidating Trustee determines, in reliance upon such professionals as the Liquidating Trust may retain, that the expense of administering the Liquidating Trust so as to make a final Distribution to Liquidating Trust Beneficiaries is likely to exceed the value of the assets remaining in such Liquidating Trust, the Liquidating Trustee may apply to the Bankruptcy Court for authority to … (ii) donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from United States federal income tax under section 501(a) of the IRC, (C) not a "private foundation", as defined in section 509(a) of the IRC, and (D) that is unrelated to the Debtors, the Liquidating Trust, and any insider of the Liquidating Trustee or any member of the Liquidating Trust Board, and (iii) dissolve the Liquidating Trust." Article X.12(g) of the Plan contains substantially similar language.

3

*Holdings Corp., et al.* (Case No. 18-23538), Hr'g Tr. 74:22-75:25 (Bankr. S.D.N.Y. Aug. 31, 2022). To date, the Liquidating Trustee has reported regularly to both the PBGC and Cyrus in compliance with its obligations under the Liquidating Trust Agreement and the Global Settlement Order. The Liquidating Trustee intends to file its first semiannual report in the coming weeks. No further reporting obligations are required or appropriate.

5.   The Liquidating Trustee hereby reserves the right to object further to the Motion and any claim described in the Motion on any ground, and to amend, modify, and/or supplement this response as necessary.

WHEREFORE the Liquidating Trustee requests that the Court deny the Motion.

Dated: April 13, 2023
         New York, New York

                                            */s/ Garrett A. Fail*
                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York  10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007
                                            Ray C. Schrock, P.C.
                                            Garrett A. Fail

                                            *Attorneys for the Liquidating Trustee*