**SWARTZ & SWARTZ, P.C.**
10 Marshall Street
Boston, MA 02108
(617) 742-1900

*Returnable 6/9/2023 at 2:00 PM.*

FILED
U.S. BANKRUPTCY COURT
2023 MAY 22 P 3: 44
S.D. OF N.Y.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re: Sears, Roebuck and Co. | ) ) ) ) ) |

Chapter 11

Case No.: 18-23538-shl

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Cerci Hernandez and Jorge Hernandez ("Movants"), by and through counsel, hereby move this honorable Court for an order granting relief from the automatic stay in the present matter, to permit the movants to proceed with their District Court action against Sears, Roebuck, and Co. ("Debtor"), pending in the United States District Court for the District of Massachusetts, Civil Action Number: 1:18-CV-10872-RGS. In particular, the movants request that this Court modify the automatic stay for the limited purpose of allowing the movants to establish the amount of their claim against the Debtor in the District Court proceeding, and to seek recovery from the Debtor's liability insurers of any judgement entered in favor of the movants.

### I. JURISDICTION

This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This motion is brought pursuant to 11 U.S.C. § 362(d) and the Federal Rules of Bankruptcy Procedure 4001 and 9014.

### II. BACKGROUND

Movants, Cerci and Jorge Hernandez, reside at 50 Lenox Street, Brockton, in Plymouth County, Massachusetts. On December 8, 2014, Ms. Hernandez was at her mother's house

preparing food on the kitchen stove which was of the "Kenmore" brand. The Kenmore brand stove was placed in the stream of commerce by the Debtor. Mrs. Hernandez placed oil in a frying pan, put the pan on a burner, and turned the stove on to a medium/high heat. During the process of frying food, the Kenmore stove improperly overheated and the oil in the frying pan suddenly became engulfed in fire. Mrs. Hernandez, in shock, grabbed the pan and attempted to throw it outside into the snow. However, during this process, a significant amount of flaming oil spilt onto Mrs. Hernandez's body thereby causing first, second, and third degree burns to her right arm, right leg, and right breast. Additionally, Mrs. Hernandez suffered bleeding, infection, graft loss, damage to underlying structures, and required injection to skin lesions. Mrs. Hernandez was also diagnosed with Post Traumatic Stress Disorder and suffers from severe anxiety, mood disorder, depression, fatigue, along with nightmares leading to lack of sleep, panic attacks, and intermittent flash backs, related to her burn injury. The extent of Mrs. Hernandez's injury also caused movant, Jorge Hernandez to lose the love, companionship, and consortium of his wife.

As a direct and proximate result of the injuries suffered by the Movants, an action was commenced in Plymouth County Superior Court of the State of Massachusetts for personal injury damages, pre-bankruptcy petition, on May 26, 2017 against the Debtor and against the movant's mother, Dorothy Harris. Dorothy Harris passed away during the state court proceedings, and the case was subsequently removed to the United States District Court for the District of Massachusetts, Civil Action Number: 1:18-CV-10872-RGS. Jurisdiction and venue are appropriate in such Court.

The Debtor filed its voluntary petition for relief in this Court under Chapter 11 of Title 11 of the United States Code on October 15, 2018. Creditors Cerci Hernandez and Jose Hernandez

believe that the entire exposure of the Debtor in the pending District Court action is covered by insurance issued to the Debtor. The duration and limits of such policy will be obtainable through the process of discovery in the District Court Action.

### III. ARGUMENT

Under section 362(d)(1) of the Bankruptcy Code, the Court may grant relief from the automatic stay for "cause' upon request of a party in interest. See 11 U.S.C. § 362(d) (1). Where a party seeks stay relief to commence or continue litigation in another forum, the Bankruptcy Court must weigh the request against the following factors in determining if "cause" exists:

1.) Whether relief would result in a partial or complete resolution of the issues;

2.) Lack of any connection with or interference with the bankruptcy case;

3.) Whether the other proceeding involves the debtor as a fiduciary;

4.) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

5.) Whether the debtor's insurer has assumed full responsibility for defending it;

6.) Whether the action primarily involves third parties;

7.) Whether litigation in another forum would prejudice the interest of the creditors;

8.) Whether the judgment claim arising from the other action is subject to equitable subordination;

9.) Whether movant's success in the other proceeding would result in judicial lien avoidable by the debtor;

10.) The interests of judicial economy and the expeditious and economical resolution of litigation

11.) Whether the parties are ready for trial in other proceeding; and

12.) Impact of the stay on the parties and balance of harms.

Sonnax Industries, Inc. v. Tri Component Products Corp (In Re Sonnax Industries, Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990); Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142-143 (2d Cir. 1999); In re New York Medical Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

However, not all factors will be relevant in every case and Courts only consider those factors which are relevant. In re Mazzeo, 167 F.3d at 142-143; In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). Additionally, each element does not need to be accorded equal weight. In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994); In re Touloumis 170 B.R. at 828. Further, this Court has considered the afformentioned Sonax factors when deciding whether "cause" existed to lift an automatic stay where the creditors wished to pursue proceeds available under the debtor's liability insurance in a state court action. See In re New York Medical Group, P.C., 265 B.R. at 413.

In this case, several factors are relevant and all weigh heavily in favor of lifting the stay for the limited purpose of allowing the movants to establish the amount of their claim against the debtor in the District Court proceedings, based on a state law claim, and to seek recovery from the debtor's liability insurers of any judgement entered in favor of the Movants.

A. **LIFTING THE STAY TO ALLOW THE DISTRICT COURT MATTERS TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTOR AND THE MOVANTS AND WILL NOT INTERFERE WITH THE BANKRUPTCY ESTATE (FACTORS ONE AND TWO)**

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issues that exist between the Movants and the Debtors are the personal injury claim. If the Court lifts the stay and allows the Movants to proceed with their personal injury claims to conclusion ,the relationship between the Movants and the Debtor will be over. Thus, the first factor favors lifting the stay.

Whether the district court proceedings are connected with or will interfere with the bankruptcy case also supports lifting the stay. In this case, the Movant seeks to liquidate his claims in the United States District Court for the District of Massachusetts in order to recover under applicable insurance policies held by the Debtor. Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant. In re Peterson, 116 B.R. 247, 250-51 (D. Cob. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to go forward." In re Memorial Corp, 382 B.R. 652, 689 (Bankr. D. Del. 2008). Where, as here there creditors are not seeking to recover from the estate assets, but rather from available insurance proceeds, there is no basis for continuing the automatic stay. See In re Grace Industries, Inc., 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006).

**B.     THE DEBTOR'S INSURANCE CARRIER HAS ASSUMED RESPONSIBILITY FOR DEFENDING THE MASSACHUSETTS STATE LAW CLAIMS (FACTOR FIVE)**

The next relevant factor is whether a debtor's insurance carrier has responsibility for defending the state law claims. If so, then lifting the stay to allow the state law claims to be litigated in district court would not prejudice the debtors.

The Movants believe the debtor has insurance coverage for the claims which are subject of the District Court litigation. The effective dates and limitations of such policies may be obtained through the process of discovery in the District Court litigation. By virtue of the insurance coverage, a modification or termination of the automatic stay to permit the Pending District Court Action to proceed to judgement and collection against the insurer would not have an impact on the bankruptcy estate. The insurance proceeds necessary to pay the claim are not

the property of the Bankruptcy Estate and the Debtor does not have any equity in such insurance proceeds. See, In re New York Medical Group, at 415 ( holding that "collecting a judgment from available insurers will not prejudice the estate"). Accordingly, the movants are also requesting that the stay be lifted to collect any judgement against the Debtor's insurance carrier rather than the bankruptcy estate.

C. **LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS (FACTOR SEVEN)**

Another factor that supports granting the motion to lift the stay is that the claims based on Massachusetts Law will not prejudice interests of any other creditors. Movant will collect any judgement against the Debtor solely from applicable insurance proceeds. Thus, the other creditors in the bankruptcy action will not be harmed by granting the motion because the Movant will not enforce any judgement directly against the Debtor or its estate. In re G.S. Distribution. Inc., 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting stay because movant would not be able to enforce judgment without permission of bankruptcy court).

D. **THE INTERESTS OF JUDICIAL ECONOMY AND THE EXPEDITIOUS AND ECONOMICAL RESOLUTION OF LITIGATION SUPPORT LIFTING THE AUTOMATIC STAY (FACTOR TEN)**

The interests of judicial economy and expeditious and economical resolution of the litigation lie in allowing the action to proceed in Massachusetts rather than forcing the Movants to proceed in two separate actions, one against the Debtor and Massachusetts and one against the Debtor in New York. See, e.g., In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992) (holding "if the stay is not lifted, Movants will have to try the same facts twice, once against the other defendants in the District Court and a second time against the Debtor in the Bankruptcy

Court. Multiplicity of suits involving unnecessary time and expense on the part of Movants should be avoided").

E. **CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANTS THAT FAR OUTWEIGH ANY HARDSHIPS ON THE DEBTORS (FACTOR TWELVE)**

The final factor examines whether maintaining the automatic stay will cause the Movant a greater hardship than the Debtor would suffer if the Court lifted the stay. In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (Bankr. N.D. Ill. 1986); In re Peterson, 116 B.R. at 250. Here, the automatic stay is causing significant hardship to the Movant with no corresponding benefit to the Debtors. The Movants' products liability action covered under the insurance policies provisions are in an indefinite state of uncertainty because of the automatic stay. If the automatic stay is not lifted, Movant will have to wait an extraordinarily long time to resolve his state law claims in District Court. The Movants have no adequate remedy or protection to redress their injuries except to proceed in the pending tort action against the Debtor. Jessie v. Honosky (In re Honosky), 6 B.R. 667 (Bankr. S.D. W.V. 1980) (holding "were this Court not to lift the stay to permit the plaintiff to proceed against the Debtor, she would be effectively precluded from any recovery for her alleged injuries").

The indefinite delay creates enormous hardships for the Movants, particularly of a financial nature. Several Courts have "attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships." In re Bock Laundry Machine Co., 37 B.R. 564 566 (Bankr. N.D. Ohio 1984); In re 15375 Memorial Corp., 382 B.R. at 690.

**F.    THE BANKRUPTCY COURT DOES NOT HAVE JURISDICTION TO ENTER FINAL JUDGEMENT AND ORDERS IN THE CASE AFFECTED BY THE AUTOMATIC STAY**

Pursuant to Section 157(b)(2)(O) of Title 28, personal injury tort claims are specifically excluded from the list of core proceedings in which the Bankruptcy Court can enter final judgements and orders. Thus, Bankruptcy Courts cannot liquidate or estimate contingent or unliquidated damages in personal injury torts or wrongful death claims. Further, the Movants have demanded a jury trial in the State Court proceeding and subsequent District Court proceeding. The Movants do not consent to a jury trial in this court.

## IV.    CONCLUSION

Pursuant to the Local Rules for the Southern District of New York, because there are no novel issues of law presented herein the Movants have sufficiently specified the applicable rules and statutory provisions upon which they are predicated and the legal authorities that support the requested relief herein, the movants ask this Honorable Court to waive the requirement that the Movants file an additional memorandum in support of this Motion. Further, no previous Motion for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Movants respectfully request that this Court enter an order granting relief from the automatic stay imposed by 11 U.S.C. §362 and permit the Movants to proceed in the Massachusetts District Court products liability claim against any insurance coverage afforded under the policies issued on behalf of the Debtors, Sears Roebuck and Co.

*(Signature Page and Certificate of Service to follow)*

|  |  |
|---|---|
|  | The Plaintiffs,<br>By Their Attorney, |
| Dated: May 16, 2023 | */s/ David P. Angueira, Esq.*<br>David P. Angueira, BBO# 019610<br>Swartz & Swartz<br>10 Marshall Street<br>Boston, MA 02108<br>Phone: (617) 742-1900 |

## CERTIFICATE OF SERVICE

I, David P. Angueira, do hereby certify that on May 16, 2023, a true and correct copy of the foregoing Motion was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

|  |  |
|---|---|
| Dated: May 16, 2023 | */s/ David P. Angueira, Esq.*<br>David P. Angueira, BBO# 019610<br>Swartz & Swartz<br>10 Marshall Street<br>Boston, MA 02108<br>Phone: (617) 742-1900 |

**SWARTZ & SWARTZ, P.C.**
10 Marshall Street
Boston, MA 02108
(617) 742-1900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re: Sears, Roebuck and Co. | ) ) ) ) ) ) Chapter 11<br><br>Case No.: 18-23538-shl |

**NOTICE OF HEARING ON MOTION OF CERCI AND JORGE HERNANDEZ FOR AN ORDER**
**GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that a Motion, dated June 9, 2023 ("Motion"), of Cerci and Jorge Hernandez ("Movants"), for an Order, pursuant to Section 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6004, granting relief from the automatic stay to allow Movants to continue their pre-petition products liability action to determine the liability, if any, of Sears, Roebuck, and Co. (the "Debtor") for injuries suffered by Movants, liquidate any amount determined to be owed by the Debtor to Movants, obtain a judgment for any such amount and permit execution on any such judgment against Debtor's insurance carriers or their successors, shall be considered at a hearing to be held before The Honorable , United States Bankruptcy Judge, in Room \_\_\_\_\_, of the United States Bankruptcy Court for the Southern District of New York, 1 Bowling Green, New York, New York 10004 (the

"Bankruptcy Court"), on June 9, 2023 at 2:00 p.m. (New York City Time), or as soon thereafter as counsel may be heard;

***PLEASE TAKE FURTHER NOTICE*** that responses or objections, if any, to the relief requested in the Motion, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (General Order M-399 and the User's Manual for the Electronic Case Filing System can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format ("PDF"), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-399 and upon the Debtor through their general counsel, Johnathan F. Tabasky, Manning Gross & Massenburg LLP 125 High Street, 6th Floor, Oliver Street Tower, Boston, MA 02110; and any person, or counsel if retained, appointed pursuant to 28 U.S.C. § 1104, so as to be actually received by not later than 5:00 p.m. (New York City Time), on _____, \_\_\_\_, 2023.

Dated: May 16, 2023

The Plaintiffs,
By Their Attorney,

*/s/ David P. Angueira, Esq.*
David P. Angueira, BBO# 019610
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
Phone: (617) 742-1900

**SWARTZ & SWARTZ, P.C.**
10 Marshall Street
Boston, MA 02108
(617) 742-1900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                         )
                                         )       Chapter 11
In Re: Sears, Roebuck and Co.            )
                                         )       Case No.: 18-23538-shl
                                         )
_____)

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURUSANT TO SECTION 362 (D) OF THE BANKRUPTCY CODE

Upon consideration of the Motion for Relief from the Automatic Stay, dated _____ ___, 2023. ("Motion"), of Cerci and Jorge Hernandez ("Movants"), for an Order, pursuant to section 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6004, granting relief from the automatic stay to allow Movants to continue his pre-petition products liability action to determine the liability if any, of Sears, Roebuck and Co. (the "Debtor") for injuries suffered by the Movants, liquidate any amount determined to be owed by the Debtor to the Movants, obtain a judgment for any such amount and permit execution on any such judgment against the Debtor's insurance carriers or their successors; and it further appearing that the Court has jurisdiction to consider the Motion; and it appearing that due

notice of the Motion has been given and no further notice need be given; and upon the proceedings before the Court and good and sufficient cause appearing, it is hereby;

**ORDERED** that the motion is granted and the automatic stay is lifted to permit the action pending in the United States District Court for the District of Massachusetts, Civil Action No.: 1:18-CV-10872-RGS, to continue to determine the liability, if any of the Debtor for the injuries alleged by the Movants, to liquidate the amount, if any, determined to be owed by the Debtor to the Movants and to obtain a judgement for any such amount.

**IT IS FURTHER ORDERED** that the automatic stay is lifted to permit the Movants to execute on any such judgement against the Debtor's insurers or their successors

Dated: New York, New York

_____, \_\_\_\_, 2023

_____
The Honorable _____
United States Bankruptcy Judge
Southern District of New York