UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                     :

In re                                :         Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,   :         Case No. 18-23538 (SHL)

Liquidating Debtors.[1]             :

------------------------------------------------------------x

**ORDER GRANTING DEBTORS' EIGHTEENTH
OMNIBUS OBJECTION TO PROOFS OF CLAIM OR BALLOTS
(REDUCE OR RECLASSIFY CLAIMS/BALLOTS) AS TO CLAIMS 20119 AND 20121**

Upon consideration of the *Debtors' Eighteenth Omnibus Objection to Proofs of Claim or Ballots (Reduce or Reclassify Claims/Ballots)*, filed April 22, 2020 (the "**Objection**"),[2] filed by Sears Holdings Corporation and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 502 and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order, seeking to, among other things, seeking to reclassify proofs of claim numbered 20119 and 20121 (together, the "**Claims**") filed by the Puerto Rico Electric Power Authority ("**PREPA**") against, respectively, Debtors Kmart Corporation and Sears, Roebuck de Puerto Rico, Inc., in the amount of $530,672.70, which PREPA asserted as being entitled to administrative priority claims for unpaid electricity expenses incurred prior to the Debtors' filing for bankruptcy; and upon consideration of the response to the Objection [ECF No. 7985] filed by PREPA on May 27, 2020 and reply [ECF No. 10168] filed by the Debtors on

---

[1] On January 11, 2023, the Court entered the *Order (I) Entering Final Decree Closing Certain of the Chapter 11 Cases and (II) Granting Related Relief* (ECF No. 10776), closing the affiliated chapter 11 cases and directing that all motions, notices and other pleadings relating to any of the affiliated debtors be filed in this case. The location of the Liquidating Trust is c/o M3 Advisory Partners, LP, 1700 Broadway, 19th Floor, New York, New York 10019.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

December 16, 2021; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection, it appearing that no other or further notice need be provided under the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances; and whereas for the reasons set forth in the Court's May 15, 2023 *Memorandum of Decision* [ECF No. 10846], the legal and factual bases set forth in the Objection and the Debtors' reply as to the Claims establish good and sufficient cause for the relief granted herein; now, therefore

**IT IS HEREBY ORDERED THAT:**

1. The Objection to the Claims is granted.

2. Pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the Claims are hereby reclassified to general unsecured claims.

3. The Liquidating Trustee, as successor-in-interest to the Debtors, the claims and noticing agent, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order

4. The terms and conditions of this Order are effective immediately upon entry.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: May 30, 2023
       White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

WEIL:\99171330\2\99980.0025