**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

In re                                              :       **CHAPTER 11**
                                                   :
**SEARS HOLDINGS CORPORATION**, *et al.*,          :       **Case No. 18-23538 (SHL)**
                                                   :
    **Liquidating Debtors.**[1]                    :       **(Jointly Administered)**
                                                   :
                                                   :

———————————————————————x

## AGREED ORDER RESOLVING CLAIMS AND RELATED ISSUES

        **WHEREAS**, on February 9, 2021, the above-captioned debtors filed the *Debtors'*

*Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims)* (the **"Objection"**)

seeking to disallow and expunge, among others, proofs of claims numbered 24733 and 24734 (the

**"LeBaron Claims"**), which asserted a claim entitled to administrative priority in the amount of

$70,614.31.

        **WHEREAS**, on March 3, 2021 and May 27 2021, Mr. LeBaron filed, in response

to the Objection, the *Objection to Debtors' Twenty-Third Omnibus Objection to Proofs of Claim*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is c/o M-III Partners, L.P., 1700 Broadway, 19th Floor, New York, NY 10019.

*(No Liability Claims)* (ECF No. 9366) and *Opposition to Debtors Twenty-Third Omnibus Objection to Proofs of Claim (No Liability Claims) (Regarding Claim Nos. 24733 and 24734)* (ECF No. 9359).

**WHEREAS**, on November 9, 2021, the Debtors filed the *Reply to Debtors' Supplemental Objection and Reply in Support of (A) Debtors' Twenty-First Omnibus Objection to Proofs of Claim and (B) Debtors' Twenty-Third Omnibus Objection to Proofs of Claim* (ECF No. 10059).

**WHEREAS**, on November 10, 2021, the Court held a hearing in connection with the Objection and the LeBaron Claims.

**WHEREAS**, on March 21, 2022, Mr. LeBaron filed the *Response to the Court, Request Assist with Communicating with Debtor, Good Cause for Approval of Reasonable Neglect Excusable Neglect Docket* (ECF No. 10362) and the *Objection to Motion / Request for USBK 362 and Protections Claimed in Calif Labor Board Case to Avoid Prosecution Willful and Negligent Misrepresentation* (ECF No. 10790, together with ECF Nos. 9366, 9359 and 10362, the "**LeBaron Responses**").

**WHEREAS**, Mr. LeBaron has sent a high volume of emails to the Court and the Debtors' counsel regarding, among other things, the LeBaron Claims, and the Debtors and Mr. LeBaron dispute the validity of the LeBaron Claims.

**WHEREAS**, in order to fully resolve the LeBaron Claims and all matters before this Court and all matters pending in other forums and any potential claims by Mr. LeBaron against the Debtors and the Liquidating Trust, the Liquidating Trustee and Mr. LeBaron hereby agree to the following settlement (the "**Settlement**"):

1.      The Liquidating Trust shall pay Mr. LeBaron a settlement amount of $12,000.00 (the "**Settlement Amount**") in full and final satisfaction of any amounts the Debtors or the Liquidating Trust may owe Mr. LeBaron.

2.      The Settlement Amount shall be paid to Mr. LeBaron within three (3) business days from the Court's entry of an order approving this Settlement (the "**Settlement Effective Date**") and shall be mailed by check to the following address:

> 217 E. Acacia Street
> Apartment A
> Brea, CA 92821

3.      Upon the Settlement Effective Date, all other claims asserted by Mr. LeBaron asserted against the Debtors in the above-captioned chapter 11 cases shall be disallowed and expunged in their entirety.

4.      Upon the Settlement Effective Date, the Responses and the Objection shall be deemed resolved and settled.

5.      Upon the Settlement Effective Date, Mr. LeBaron shall have waived and released any and all other claims it may have against the Debtors, Liquidating Trustee or their counsel or advisors, and is forever barred, estopped, and permanently enjoined from asserting any claim or taking any action in any forum against the Debtors, Liquidating Trustee or their counsel or advisors, other than for payment of the Settlement Amount.

6.      This Settlement shall not affect any claims that Mr. Lebaron may have against Transform Holdco LLC or Transform SR Brands LLC.

7.      The Liquidating Trustee, the claims and noticing agent, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

8.     The terms and conditions of this Settlement are effective immediately upon signing.

_Beau LeBaron_    8/22/23
Beau LeBaron

_Garrett A. Fail_    8/22/23
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
*Attorney for Liquidating Trustee*

Dated:   August 28, 2023   , 2023
        White Plains, New York

                        /s/ Sean H. Lane
                        HONORABLE SEAN H. LANE
                        UNITED STATES BANKRUPTCY JUDGE