**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | |
| | : | **Case No. 18-23538 (SHL)** |
| | : | |
| **Liquidating Debtors.**[1] | : | |

# STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM THE PLAN INJUNCTION

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among the SRZ Liquidating Trust (the "**Liquidating Trust**") on behalf of Sears Brands Management Corporation, Sears, Roebuck & Co., and Sears Holdings Management Corporation (collectively, the "**Sears Defendants**") and Kristan Vega (the "**Plaintiff**"). The Liquidating Trust and the Plaintiff collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates, including the Sears Defendants, (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On October 15, 2019, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered the *Order (I) Confirming Modified Second Amended Joint Chapter 11 Plan Of Sears Holdings Corporation And Its Affiliated Debtors And*

[1] On January 11, 2023, the Court entered the *Order (I) Entering Final Decree Closing Certain of the Chapter 11 Cases and (II) Granting Related Relief* (ECF No. 10776), closing the affiliated chapter 11 cases and directing that all motions, notices and other pleadings relating to any of the affiliated debtors be filed in this case. The location of the Liquidating Trust is c/o M3 Advisory Partners, LP, 1700 Broadway, 19th Floor, New York, New York 10019.

*(II) Granting Related Relief* (ECF No. 5370) (the "**Confirmation Order**") confirming the *Second Amended Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (ECF. No. 4476) (including any exhibits and schedules thereto and as may be further amended, supplemented, or modified, the "**Plan**").[2]

C. On October 29, 2022, all conditions precedent to the Effective Date (as defined in the Plan) of the Plan were satisfied or waived in accordance with the Plan and the Plan was substantially consummated. Accordingly, October 29, 2022 is the Effective Date of the Plan. As of the Effective Date, the permanent injunction set forth in Section 15.8 of the Plan (the "**Plan Injunction**") is now in place.

D. On November 2, 2017, Plaintiff commenced a civil action in the Superior Court for the State of California, and currently pending in the District Court for the Northern District of California, with the case caption, *Kristan Vega v. Craftsman, et al.* (Case No. RG17881316) (the "**Action**"). The Action names each of the Sears Defendants and Rexon Industrial Corp. Ltd. ("**Rexon**"), among others, as defendants.

E. Pursuant to an indemnity contract (the "**Indemnity Contract**") between Sears and Rexon, Sears tendered a request for defense of the Action to Rexon.[3] Rexon accepted the tender of Sears' defense in the Action.

F. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Plan Injunction and, to the extent applicable, the automatic stay pursuant to section 362 of the

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.

[3] Plaintiff has agreed to the terms of a Confidentiality Order/Agreement proposed by Rexon pursuant to Federal Rule of Civil Procedure 26(c), which prevents Plaintiffs and the Debtors from attaching the Indemnity Contract as an exhibit to this Stipulation.

Bankruptcy Code (the "**Automatic Stay**"), for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Plan Injunction and Automatic Stay shall be modified strictly pursuant to and in accordance with the terms of paragraphs 3-5 herein; provided, that all other provisions of the Plan Injunction and Automatic Stay, including, without limitation, those provisions prohibiting the Plaintiff from any act to collect, assess, or recover a claim (as defined in section 101 of the Bankruptcy Code) from the Liquidating Trust, or the respective estates and/or assets or property of or any of the Debtors, including the Sears Defendants (as defined in section 541 of the Bankruptcy Code) (a "**Prepetition Claim**"), shall remain in full force and effect.

3. The Plan Injunction and Automatic Stay shall be modified solely to the extent necessary to both (i) permit the Plaintiff to continue to prosecute the Action and, to the extent granted, to obtain recovery from (a) Rexon, (b) the insurance proceeds of Rexon's insurer(s), to the extent such proceeds are determined to be available, (c) the Sears Defendants, but solely to the extent to which the Sears Defendants are entitled to indemnity from Rexon and/or its insurer(s) or by any other defendant in the Action or the insurer(s) for any other defendant in the Action or (d) or any defendant in the Action other than the Sears Defendants, and (ii) permit the Plaintiff to continue to prosecute the Action to the extent all costs and expenses associated with defending the Action and satisfying any judgments are covered and/or payable by Rexon and/or any other defendant other than the Sears Defendants and or any applicable insurance coverage. Plaintiff

shall not be entitled to recover from the Liquidating Trust or the Debtors directly while pursuing a recovery in the Action.

4. The Liquidating Trust and the Debtors shall have no responsibility or liability for either (i) any insurer's denial of coverage or refusal to defend or (ii) the refusal to defend of Rexon or any other defendant in the Action, including in the event of a default or default judgment, other than as set forth elsewhere herein. If a default judgment is entered against the Sears Debtors in the Action, Plaintiff shall not enforce any such judgment against the Sears Debtors.

5. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by the Plaintiff against any of the Debtors' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Plaintiff's claims.

6. Nothing in this Stipulation or in the proceedings that take place as a result of the relief provided herein shall, or shall be deemed to, affect the Debtors' rights with respect to (i) coverage under any applicable insurance policies, or (ii) any claims or defenses that have been or may be asserted in the Action or any other litigation or contested matter, all of which rights are expressly reserved.

7. To the extent applicable, the Plan Injunction and the Automatic Stay are hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Plaintiff's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

8. The limited relief set forth herein shall not be construed as an admission of liability by the Liquidating Trust, the Debtor Defendants, or any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the Action or any other matter.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: March 27, 2026

By: */s/ Garrett A. Fail*
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for*
*SRZ Liquidating Trust*

Dated: March 27, 2026

By: */s/ Demián I. Oksenendler*
Demián I. Oksenendler
Oksenendler Law
601 Montgomery Street (St. 1208)
San Francisco, CA 94111
Phone: (415) 733-1050
Fax: (415) 434-4810

*Attorney for Plaintiff*

**So Ordered:**

Dated: April 30, 2026
White Plains, New York

***/s/ Sean H. Lane***
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE