**Presentment Date and Time: August 4, 2026 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: August 3, 2026 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): To Be Determined**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for*
*SRZ Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (SHL)** |
| **Liquidating Debtor.**[1] | : | |

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM THE PLAN INJUNCTION**

**PLEASE TAKE NOTICE** that the SRZ Liquidating Trust, as successor-in-interest to the debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Granting Limited Relief from the Plan Injunction* (the "**Stipulation**") to the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York (the "**Bankruptcy Court**"), for signature on **August 4, 2026 at 10:00 a.m. (Prevailing Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation is served and filed together with proof of service with the Clerk of the Court, and a

[1] On January 11, 2023, the Court entered the *Order (I) Entering Final Decree Closing Certain of the Chapter 11 Cases and (II) Granting Related Relief* (ECF No. 10776), closing the affiliated chapter 11 cases and directing that all motions, notices and other pleadings relating to any of the affiliated debtors be filed in this case. The location of the Liquidating Trust is c/o M3 Advisory Partners, LP, 1700 Broadway, 19th Floor, New York, New York 10019.

courtesy copy is delivered to the undersigned and to the chambers of the Honorable Sean H. Lane, so as to be received by **August 3, 2026 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Stipulation, a hearing will be held on a date **to be determined** (the "**Hearing**") to consider the Stipulation before the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: July 27, 2026
New York, New York

*/s/ Garrett A. Fail*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for*
*SRZ Liquidating Trust*

# **Exhibit A**

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | |
| | : | **Case No. 18-23538 (SHL)** |
| | : | |
| **Liquidating Debtors.**[1] | : | |

**STIPULATION, AGREEMENT, AND ORDER**
**GRANTING LIMITED RELIEF FROM THE PLAN INJUNCTION**
**(AMY LOTT)**

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among (i) SRZ Liquidating Trust (the "**Liquidating Trust**") as successor in interest to Sears, Roebuck and Co. ("**SRC**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and (ii) Amy Lott (the "**Claimant**"). The Liquidating Trust and the Claimant collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On October 15, 2018 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

[1] On January 11, 2023, the Court entered the *Order (I) Entering Final Decree Closing Certain of the Chapter 11 Cases and (II) Granting Related Relief* (ECF No. 10776), closing the affiliated chapter 11 cases and directing that all motions, notices and other pleadings relating to any of the affiliated debtors be filed in this case. The location of the Liquidating Trust is c/o M3 Advisory Partners, LP, 1700 Broadway, 19th Floor, New York, New York 10019.

B. The Debtors' confirmed chapter 11 plan (ECF No. 5293) (the "**Plan**") became effective on October 29, 2022 (the "**Effective Date**"), and the Plan has been substantially consummated. *See* Notice of the Occurrence of Effective Date (ECF No. 10693).

C. As of the Effective Date, the permanent injunction set forth in Section 15.8 of the Plan (the "**Plan Injunction**") is now in place.

D. The Debtors maintained an automobile liability insurance policy issued by ACE American Insurance Company (together with its U.S.-based affiliates and successors the "**Chubb Companies**"), bearing Policy No. ISA H0882101A, with a policy period covering August 1, 2014 through August 1, 2015 (together with any applicable excess and umbrella policies, the "**Chubb Policies**").

E. On May 15, 2017, Amy Lott commenced an action styled *Amy M. Lott v. Joseph Davis, Carl E. Purdum, Jr., et al.* in the Circuit Court of Forrest County, Mississippi (Civil Action No. H17-0091) (the "**Action**"), seeking damages allegedly arising from a March 14, 2015 motor vehicle accident with defendant Carl E. Purdum, Jr., who was allegedly operating his vehicle during the course and scope of his employment with SRC.

F. On May 12, 2026, the Claimant filed a Motion for Relief from the Automatic Stay (ECF No. 11034) seeking to continue the Action and recover solely from applicable insurance proceeds.

G. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Plan Injunction and the automatic stay pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**"), each if and to the extent applicable, for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall be effective upon the date the order approving this Stipulation becomes a final, non-appealable order that is not subject to an appeal (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay and Plan Injunction, each if and to the extent applicable, shall be modified to the extent necessary to (i) permit the Claimant to continue the Action solely to recover from (a) any available insurance proceeds under the Chubb Policies or any other applicable insurance policy of the Debtors, in each case, to the extent set forth herein and solely to the extent there are no costs and expenses to the Liquidating Trust associated with such relief, (b) any other defendant in the Action other than the Debtors, or (c) the insurers for any other defendant in the Action other than the Debtors and (ii) to permit the Chubb Companies to administer, handle, defend, settle, and/or pay the Action (including all costs related thereto) and apply any available proceeds under the Chubb Policies to satisfy any settlement or judgment in the Action to the extent of available insurance coverage; *provided*, that notwithstanding the foregoing, the Automatic Stay and Plan Injunction shall be modified only to the extent all costs and expenses to the Liquidating Trust associated with such relief are covered by the Chubb Policies, or any other insurance policy (including insurance held by any non-Debtor defendant) or by any other non-Debtor defendant in the Action; *provided further*, that all other provisions of the Plan Injunction and the Automatic Stay, and all other terms and conditions of the Plan, shall remain in full force and effect. For the avoidance of doubt, the Automatic Stay and Plan Injunction, if and to the extent applicable, shall both remain in place with respect to the Action to the extent the Liquidating Trust is required to incur any legal fees or expenses, or bear any cost in connection with defending the Action or any payments required by a settlement or judgment.

3. Upon entry of this Stipulation by the Bankruptcy Court, the Claimant shall promptly, and in any event, within five (5) business days, withdraw the *Motion for Relief from the Automatic Stay* (ECF No. 11034) with prejudice.

4. Nothing contained herein shall be construed as a waiver by the Liquidating Trust or any of the Debtors of their right to object to any and all proofs of claim relating to the Action or any other pending prepetition action to which the Debtors are a party that may be filed by the Claimant in the Chapter 11 Cases.

5. The limited relief set forth herein shall not be construed as an admission of liability by the Liquidating Trust, the Debtors, or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Action or any other matter.

6. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements, including the Chubb Policies; (ii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers, including the Chubb Companies; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy, including the Chubb Policies, or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Claimant's claim(s).

7. To the extent applicable, the Plan Injunction and the Automatic Stay are hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to Plaintiff's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties hereto be charged.

11. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective immediately and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

13. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: July 27, 2026
By: /s/ Garrett A. Fail
*Attorneys for the SRZ Liquidating Trust*
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Dated: July 27, 2026
By: /s/ Raju Aundre Branson
*Attorney for the Claimant*
Raju Aundre Branson
SCHWARTZ & ASSOCIATES, P.A.
162 East Amite Street
Jackson, Mississippi 39207
Telephone: (601) 988-8888
Facsimile: (601) 353-0217

**So Ordered:**

Dated: ____________, 2026
White Plains, New York

______________________________________
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE